# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

**IN RE: GOOGLE ANTITRUST LITIGATION**                    MDL No. 2981

## TRANSFER ORDER

**Before the Panel:**[*]  Plaintiff in one action (*Paige*) moves under 28 U.S.C. § 1407 to centralize this litigation in the District of the District of Columbia. This litigation currently consists of ten actions pending in two districts, as listed on Schedules A and B.  Nine actions are in the Northern District of California, and one is in the District of the District of Columbia.  Since the filing of the motion, the Panel has been notified of nine related actions.[1]  Google LLC, Alphabet Inc., and four subsidiaries[2] are the defendants in this litigation (together, "Google").

The actions allege that Google has engaged in a course of anticompetitive conduct, including monopolization, in violation of federal and state antitrust laws.  The nine actions listed on Schedule A, which are pending in California and the District of Columbia, involve Google's alleged monopolization of the market for distribution of applications ("apps") to Android mobile device users through the Google Play Store.[3]  The action listed on Schedule B, pending in California, concerns Google's alleged conduct in the market for online display advertising services, which involves the process of placing ads on web pages (*In re Google Digital Advertising*, or the "advertising action").

### I.

Plaintiffs in five potential tag-along actions support centralization of all ten actions on the motion in the District of the District of Columbia.  Defendant Google and plaintiffs in six consumer actions support some form of an MDL limited to the Google Play Store actions in the Northern

---

[*]     One or more Panel members who could be members of the putative classes in this litigation have renounced their participation in the classes and have participated in this decision.

[1]     The related actions are pending in the Northern District of California, the District of the District of Columbia, the Southern District of Mississippi, the Eastern District of Missouri, and the Eastern District of Virginia.  These and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1 and 7.2.

[2]     Google Ireland Limited; Google Commerce Limited; Google Asia Pacific Pte. Limited; and Google Payment Corp.

[3]     The Google Play Store actions consist of six putative class actions on behalf of consumers; two putative class actions on behalf of app developers; and an individual app developer action.

District of California.  More specifically, defendant Google supports centralization of the Google Play consumer actions in the Northern District of California and does not oppose inclusion of the Google Play app developer actions; however, Google seeks exclusion of the advertising action from any MDL.[4]  The consumer plaintiffs in five actions on the motion and one potential tag-along action support centralization only of the Google Play consumer actions in the Northern District of California.  Plaintiffs in the app developer and advertising actions oppose centralization and, in the alternative, request the Northern District of California and exclusion of the advertising action.

In support of centralization of all actions on the motion, movant and various potential tag-along plaintiffs argue that all actions (1) involve a course of interrelated anticompetitive conduct, including monopolization, in violation of Section 2 of the Sherman Act; (2) focus on the conduct of a single firm; and (3) are off-shoots of the *United States v. Google* enforcement action brought by the U.S. Department of Justice and numerous state attorneys general.[5]  They further argue that centralization is thus necessary to prevent duplicative discovery and ensure consistent rulings, though acknowledging that the enforcement action is not subject to centralization under Section 1407(g).  Defendant Google and plaintiffs supporting an MDL limited to Google Play Store actions argue that this subset of actions presents common factual questions involving Google's alleged monopolization of the market for distribution of apps to Android mobile device users and thus warrants centralization.  But they, along with plaintiffs opposing centralization, seek exclusion of the advertising action, arguing principally that the advertising action involves a different alleged relevant market – online display advertising services, in contrast to app distribution – and fundamentally different kinds of alleged anticompetitive conduct.[6]  They also contend that the core factual questions in the actions on the motion do not overlap with those in *United States v. Google*, which concerns Google's conduct in the separate markets for general search services, search advertising, and general search text advertising.

After careful review of the record, we have determined that centralization only of the Google Play Store actions is warranted.  The complaints in the advertising action, the Google Play Store actions, and the governmental enforcement action purportedly linking all actions show that they plainly involve different relevant markets and that the alleged anticompetitive conduct differs substantially.  Additionally, the putative class in the advertising action presents no overlap at all with any of the Google Play Store actions.  These differences likely would prevent achieving any

---

[4]     Google initially opposed centralization in favor of Section 1404 transfer to address the overlap in the Google Play Store actions, but at all times has acknowledged that the Google Play Store actions present common factual issues.  Google subsequently changed its position, as summarized above, after potential tag-along actions were filed in multiple districts.

[5]     *See United States v. Google LLC*, C.A. No. 20-3010 (D.D.C. filed Oct. 20, 2020).  The motion for centralization originally requested inclusion of *United States v. Google*, but movant later withdrew this request "in recognition of Section 1407(g)," which prohibits transfer of "any action in which the United States is a complainant arising under the antitrust laws."

[6]     They assert, *inter alia*, that the advertising action rests on allegations involving anticompetitive acquisitions in the online advertising space and anticompetitive conduct in the auction system for online advertising, none of which are involved in the Google Play Store actions.

meaningful efficiencies in discovery and pretrial motions based on the involvement of the same company even if there is some overlap in the factual background from which the actions arise.

On the basis of the papers filed and the hearing session held,[7] we find that the nine actions concerning the Google Play Store, as listed on Schedule A, involve common questions of fact, and that centralization in the Northern District of California will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation.  The actions present common factual questions concerning Google's alleged monopolization of the market for distribution of apps to Android mobile device users through the Google Play Store.[8]  The majority of the actions additionally involve the market for processing payments for Android mobile app digital content.  Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings, including with respect to class certification and *Daubert* motions; and conserve the resources of the parties, their counsel, and the judiciary.

III.

We conclude that the Northern District of California is the appropriate transferee district for this litigation.  Eight actions on the motion involving the Google Play Store and four potential tag-along actions are pending in this district.  Google has its headquarters in this district, and represents that the vast majority of employees who are part of the Google Play organization in the U.S. are located there.  Thus, the primary witnesses and documentary evidence on the common factual issues likely will be located in this district.  Judge James Donato presides over all related actions in this district and is familiar with the issues in this litigation.  He is an experienced transferee judge with the willingness and ability to manage this litigation. We are confident that he will steer this litigation on a prudent course.

IT IS THEREFORE ORDERED that the action listed on Schedule A and pending outside the Northern District of California is transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable James Donato for coordinated or consolidated pretrial proceedings.

IT IS FURTHER ORDERED that transfer of the action listed on Schedule B is denied.

IT IS FURTHER ORDERED that MDL No. 2981 is renamed *In re: Google Play Store Antitrust Litigation.*

---

[7]     In light of the concerns about the spread of COVID-19 virus (coronavirus), the Panel heard oral argument by videoconference at its hearing session of January 28, 2021.  *See* Suppl. Notice of Hearing Session, MDL No. 2981 (J.P.M.L. Jan. 11, 2021), ECF No. 70.

[8]     Plaintiffs in certain Google Play consumer actions make the conclusory assertion that the MDL should be limited to consumer actions and, in effect, exclude the app developer actions, even though both types of actions are nearly identical with respect to their central claim – Google's alleged monopolization of the Android app distribution market.  We see no reason to limit the MDL in this manner, especially given the overlap in discovery and pretrial motions that the parties have described in the Panel briefing.

-4-

PANEL ON MULTIDISTRICT LITIGATION

_____

Karen K. Caldwell
Chair

| | |
|---|---|
| Catherine D. Perry | Nathaniel M. Gorton |
| Matthew F. Kennelly | David C. Norton |
| Roger T. Benitez | Dale A. Kimba |

**IN RE: GOOGLE ANTITRUST LITIGATION**                    MDL No. 2981

## SCHEDULE A

<u>Northern District of California</u>

EPIC GAMES, INC. v. GOOGLE LLC, ET AL., C.A. No. 3:20-05671
IN RE GOOGLE PLAY CONSUMER ANTITRUST LITIGATION,
 C.A. No. 3:20-05761
IN RE GOOGLE PLAY DEVELOPER ANTITRUST LITIGATION,
 C.A. No. 3:20-05792
PEEKYA SERVICES, INC. v. GOOGLE LLC, ET AL., C.A. No. 3:20-06772
BENTLEY, ET AL. v. GOOGLE LLC, ET AL., C.A. No. 3:20-07079
MCNAMARA v. GOOGLE LLC, ET AL., C.A. No. 3:20-07361
HERRERA v. GOOGLE LLC, C.A. No. 3:20-07365
CARROLL v. GOOGLE LLC, C.A. No. 3:20-07379

<u>District of District of Columbia</u>

PAIGE v. GOOGLE LLC, ET AL., C.A. No. 1:20-03158

**IN RE: GOOGLE ANTITRUST LITIGATION**                    MDL No. 2981

## SCHEDULE B

<u>Northern District of California</u>

IN RE GOOGLE DIGITAL ADVERTISING ANTITRUST LITIGATION,
    C.A. No. 5:20-03556