**Pages 1 - 15**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable James Donato, Judge

IN RE: GOOGLE PLAYSTORE    )
ANTITRUST LITIGATION.      )
                           )   **NO. 21-md-02981 JD**
                           )
                           )

San Francisco, California
Thursday, February 18, 2021

**TRANSCRIPT OF ZOOM WEBINAR PROCEEDINGS**

**APPEARANCES VIA ZOOM**:

For Plaintiff Consolidated Consumer Class:

> BARTLIT BECK LLP
> 1801 Wewetta Street - Suite 1200
> Denver, Colorado  80202
> **BY:  KARMA M. GIULIANELLI, ATTORNEY AT LAW**

> KAPLAN FOX & KILSHEIMER LLP
> 850 Third Avenue
> New York, New York  10022
> **BY:  HAE SUNG NAM, ATTORNEY AT LAW**

For Plaintiff:

> MILBERG PHILLIPS GROSSMAN LLP
> 100 Garden City Plaza - Suite 500
> Garden City, New York  11530
> **BY:  MS. PEGGY WEDGWORTH, ATTORNEY AT LAW**

**(APPEARANCES CONTINUED ON THE FOLLOWING PAGE)**

Reported By:      Marla F. Knox, RPR, RMR, CRR
                  United States Official Court Reporter

1  **APPEARANCES VIA ZOOM:   (CONT'D)**

2  For Plaintiff Epic Games:

3                        CRAVATH SWAINE AND MOORE LLP
                         825 Eighth Avenue
4                        New York, New York   10019
                    BY:  **YONATAN EVEN, ATTORNEY AT LAW**
5
   For Developer Class:
6                        HAUSFELD LLP
                         1700 K Street NW - Suite 650
7                        Washington, D.C.   20006
                    BY:  **MELINDA R. COOLIDGE, ATTORNEY AT LAW**
8
                         SPERLING & SLATER P.C.
9                        55 W. Monroe Street - Suite 3200
                         Chicago, Illinois   60603
10                   BY:  **EAMON P. KELLY, ATTORNEY AT LAW**

11                       HAGENS BERMAN SOBOL SHAPIRO LLP
                         1301 Second Avenue - Suite 2000
12                       Seattle, Washington   98101
                    BY:  **STEVE W. BERMAN, ATTORNEY AT LAW**
13
   For Defendants:
14                       MORGAN, LEWIS & BOCKIUS LLP
                         One Market - Spear Street Tower
15                       San Francisco, California   94105
                    BY:  **BRIAN C. ROCCA, ATTORNEY AT LAW**
16

17

18

19

20

21

22

23

24

25

|   |   |   |
|---|---|---|
| 1 | **Thursday - February 18, 2021** | **10:42 a.m.** |

2                    P R O C E E D I N G S

3                           ---oOo---

4         **THE CLERK:** Calling multi-district litigation 21-2981,

5    In Re: Google Play Store Antitrust Litigation.

6         Counsel for the Plaintiff, Peggy Wedgworth.

7         **MS. WEDGWORTH:** Yes.  Peggy Wedgworth here.

8         **THE CLERK:** Yonatan Evan.

9         **MR. EVEN:** Yes, good afternoon.  Yonatan Even for Epic

10   Games.

11        **THE CLERK:** Karma -- I'm not even going to try your

12   last name.

13        **MS. GIULIANELLI:** We will get a few hearings in.

14   Karma Giulianelli -- like three girls' names, Julie and

15   Ellie -- for the Plaintiff consolidated consumer class.

16        **THE CLERK:** Thank you.  Hae Sung Nam.

17        **MS. NAM:** Hi, Hae Sung Nam with the consumer class.

18        **THE CLERK:** Steve Berman.

19        **MR. BERMAN:** Good afternoon, Your Honor, Steve Berman

20   for the developer class.

21        **THE CLERK:** Melinda Coolidge.

22        **MS. COOLIDGE:** Good morning, Melinda Coolidge for the

23   developer class as well.

24        **THE CLERK:** And Eamon Kelly.

25        **MR. KELLY:** Eamon kelly also with the developer class.

1            **THE CLERK:**  Counsel for the Defendant.
2            **MR. ROCCA:**  Hello, Your Honor, it is Brian Rocca from
3     Morgan Lewis representing the Google Defendants.
4            **THE COURT:**  Okay.
5         We are now an MDL which is great.  It makes my life
6     easier.
7         So what we need to do is -- we are not going to go back to
8     step zero, but we have got six new people -- six new cases
9     joining by my count from District of Columbia, Mississippi,
10    Virginia and Missouri.
11        And we are not going to go back to step zero.  We are
12    going to step one, which is we are going to have an organizing
13    day.
14        Now, I will spell all this out in a minute order or
15    something else.  But just going forward now, everything you-all
16    file, one has -- one version -- one copy has to be filed in the
17    MDL.  Okay.
18        So everything you file, one has to go in the MDL.  And
19    then one goes in your specific underlying case.  That's it.
20    Okay, so just your case.
21        The consumers file something, they will file it just in
22    the consumer case and in the MDL not in the developer case.
23    And that goes true for everything else.
24        And, you know, of course, Epic will file everything in its
25    case and the MDL, and that's how we will do it.

1        Please be careful about that because it's going to be --
2    it is going to create a problem if that doesn't work out.
3        Now, the second thing is I want to coordinate all of the
4    pleading motion processes.
5        Now, I am going to ask you-all -- and you are all
6    experienced, capable lawyers.  You-all get together and come up
7    with a plan on how to do this.
8        Let me tell you what I would like.  Ideally, I would like
9    to have one maybe omnibus brief on all of the antitrust issues
10   from the Defendants' side, okay.
11       There are -- you know, likely to be highly overlapping and
12   possibly even identical; okay.
13       And then I want one omnibus brief in response from all the
14   Defendants cutting across all three of the subcategories in the
15   MDL.
16       I think you can do that.  But just talk it through.  And
17   if there is some good reason why that doesn't work, you can
18   tell me.  But that's where I would like to end up.
19       Then -- and this is what I have done in my other MDL
20   cases.  It has worked out very, very well; namely, being an
21   antitrust case, this is right on point.
22       To the extent any of the individual Plaintiffs have unique
23   issues or Google has a unique defense to certain categories --
24   say, the consumer versus the developer Plaintiffs -- you can
25   file a short supplementary brief, you know, addressing those

1   issues.  Okay.
2        So it will be one large brief and then little satellite
3   briefs that do not replicate anything in the omnibus papers,
4   okay; but just adds the extra 10 or 15 percent that is unique
5   to that particular space of cases or context of cases.
6        All right.  So, first, is that concept clear?  I think it
7   is.  But is anybody choking on the concept?
8                          (No response.)
9        **THE COURT:**  Good.  Okay.  So I'm going to put it in
10  your hands and let you solve it.
11       This is what judges do.  I have set the goal, and you-all
12  work out the details and make it happen.
13       And then I want it all in one day.  All right.  It makes
14  no sense to have serial motion to dismisses.
15       So we will schedule it.  We will have one Motion To
16  Dismiss day and that's going to be the other target.  So pick a
17  date for that.  It should be -- you know, give yourselves some
18  time here.
19       You are probably looking at a date, I'm guessing, in May
20  or June.  That should be all right.  If you want to do it
21  after, that's fine.  But, you know, I wouldn't do it too much
22  earlier than that unless there is a very good reason for it.
23       The next issue is -- I don't know the answer to this, but
24  I would like to know with six new cases arriving -- if anybody
25  feels a need to amend the current complaints, you should decide

1  that soon and let me know.
2      All right.  It's all up to you.  You-all on the
3  Plaintiffs' side, reach out to your new friends who are just
4  walking onto the bus and see what they want to do.
5      And if you need -- if you feel a need to amend, tell
6  Mr. Rocca, and work out some kind of a schedule.  Just send it
7  to me as a proposal.  And please try to do that -- I -- you
8  should figure that out within the next week.  All right.
9      I don't want to get this hung up too long.  So within a
10 week from today figure out whether you-all on the Plaintiffs'
11 side want to amend anything.
12     If you do, call Mr. Rocca and work out a schedule.  And it
13 should be fine with me.  I probably won't have anything to say
14 about it.  Just make sure everybody on the parties' side is all
15 set for that.  Okay.
16     So I think that's really all I wanted to do.  I mean, you
17 have a lot to do.  Those are all the talking points I had for
18 today.
19     Does anybody want to raise anything else?  We are just
20 having an organizing meeting.  So anything, anything you want.
21         **MS. NAM:**  Your Honor, Hae Sung Nam with the consumer
22 cases.  The transferred cases are basically consumer cases.
23         **THE COURT:**  I was wondering about it.  So all six of
24 them are?
25         **MS. NAM:**  Yeah.  So the complaints there are nearly

1  identical factually, legal theory wise and for remedy.
2      So we think that -- you know, we think it makes sense for
3  these cases to be consolidated consistent with the Court's
4  consolidation order entered on November 20th.
5      And in that -- based on that, we don't -- you know, we
6  have discussed it.  And at this point we don't think that there
7  is a need to amend or file a new consolidated complaint.
8      **THE COURT:**  All right.  So you talked to the Counsel
9  on all those new cases, all six of them; and they agree to
10 that?
11     **MS. NAM:**  We haven't conferred with all of them, but
12 we have conferred with some.
13     **THE COURT:**  I will feel better -- please ask
14 everybody.
15     **MS. NAM:**  Okay.
16     **THE COURT:**  And, you know, the one thing about MDLs
17 that I'm very cautious about is people coming late should not
18 just be preempted from everything.
19     So I want you to check with them and see what they would
20 like.  And you have a week.  Should be plenty of time.  Sounds
21 like you are already halfway through.
22     So just file a statement within, you know, a week from
23 today saying that you do or do not propose to amend the
24 consumer consolidated complaint.  That would be great.
25     Okay.  Anyone else?

1      **MR. EVEN:**  One other thing, Your Honor -- Yanaton Even
2  for Epic Games -- is that we have a pending scheduling order
3  before Your Honor.  And we can certainly wait for the six new
4  cases and ask them what their opinion is about that scheduling
5  order.
6      But all the parties that are in this case have stipulated
7  to that schedule, and we have now asked again in the recent
8  joint statement to enter that.
9      So we can wait the week or not wait the week, but we think
10 that given that these cases are essentially copycat cases of
11 the cases that are already here, that would make sense to
12 govern the entire MDL.
13     **THE COURT:**  That's fine with me.  I do want to wait
14 for a week.  It sounds like there won't be any surprises, but
15 it is seven more days.
16     So let's just do that.  And if it turns out that the
17 consumer complaint is going to stand as is, I will promptly
18 issue the scheduling order.
19     **MS. GIULIANELLI:**  Your Honor, this is Karma
20 Giulianelli for the consumer class on the schedule.
21     We agree that it should be entered pending, you know, any
22 issues with the new cases in a week.
23     However, we do want to point out that the proposed
24 schedule -- particularly with respect to class certification --
25 really depends on our ability -- to me it depends on our

1  ability to get some substantial discovery with respect to
2  transaction --
3      **THE COURT:**  Well, let me just jump in.  Nothing is
4  being stayed.  Knock yourselves out.  I mean, there is no stay
5  order.
6      I haven't -- and there is no automatic -- I mean, there is
7  nothing bar -- tying your hands.  I mean, you should all be
8  churning and burning here.  You don't need me to say "yes."
9      You have the right under the rules, and I didn't stay
10 anything.  So if you are not acting, that's on you.  Don't wait
11 on me.
12     Scheduling orders come like snowflakes.  They shouldn't
13 hold you up while you are driving.  Just go.  Do your thing,
14 yeah.
15     **MS. GIULIANELLI:**  We understand that, and we have been
16 meeting and conferring a lot with Google.
17     We don't have any issues that are ripe right now, but we
18 did want top point out that we have been meeting and
19 conferring; and we have a lot of outstanding requests regularly
20 on a way to obtain the substantial -- you know, the
21 transactional data that we need.
22     And if we end up needing assistance with the Court, we
23 will come to the Court in the near future.  But we have been
24 moving it a long pretty quickly to get the data.
25     We are just pointing out we still don't have it, and

1   that's the only caveat.
2           **THE COURT:**  Okay.  If you have problems, send me a
3   discovery letter.
4        Now, please, follow my format.  It is just a three-page
5   letter -- nothing else -- and the relevant requests.  That is
6   it.  No e-mails, no declarations.
7        You know, I won't take the letter if it doesn't fit the
8   format.  So take that to heart.
9        You know, as I said before, I keep these things; and I
10  solve them usually within two or three weeks.  So there won't
11  be anything held up.  Okay.  Anybody else on anything?
12          **MR. ROCCA:**  Your Honor, it is Brian Rocca.
13       I just want to make it clear to the Court and Counsel that
14  Google is very willing to meet and confer in good faith on the
15  schedule.
16       If Plaintiffs' Counsel has any concern about any
17  particular deadline, we are all ears and eager to meet and
18  confer on that.
19          **THE COURT:**  Okay.  And I thought you-all agreed on the
20  schedule.  So I'm not sure -- are you talking about production
21  schedules or what are you talking about?
22          **MR. ROCCA:**  Well, we do agree that there is a schedule
23  that has been stipulated to.  But my understanding for
24  Ms. Giulianelli -- I think I got the name right, Karma -- is
25  she is maybe raising some concerns about the schedule.

1      I just want to make it clear that although we stipulated,
2 if any Counsel wants to talk about that before the Court enters
3 an order, we are prepared to do that over the next week or
4 sooner.
5          **THE COURT:**  Mr. Even, I thought you were all locked
6 in.  Isn't that what you told me?
7          **MR. EVEN:**  I believe we are locked in.  I think that
8 (inaudible) indicates -- I believe, Ms. Giulianelli -- I will
9 let her speak for herself.
10     I think the concern is about the production schedule, not
11 the schedule before us.  And that's why we will need to come to
12 Your Honor with a letter if that arises and becomes a real
13 issue.
14         **THE COURT:**  Ms. Giulianelli, I mean, that's -- to be
15 candid, I thought you were starting to blame me for not having
16 a schedule order.
17     And you cleverly and properly changed the tack of your
18 ship after I expressed my views to raise concerns about
19 production.
20     So it is all on Mr. Rocca, not me.  You-all work it out.
21 Just send me a letter if you have got a problem.  That's all
22 you have got to do.
23     And then, look, I know you probably don't know this; and
24 this is just out of my own curiosity.  I'm assuming this is it
25 now for the cases.

1    It seems to me that, you know, you-all probably would know
2    if anybody else is going to file or if anything else is coming
3    in.  Is that your sense, Ms. Giulianelli?
4         **MS. GIULIANELLI:**  That is our sense.  We are not aware
5    of anything else.  And given the timeframe of which the MDL
6    was -- the motions were pending, we don't anticipate
7    anything -- we don't anticipate anything else, and we are ready
8    to go forward as quickly as possible.
9         **THE COURT:**  Great.  All right.
10                       (No response.)
11        **THE COURT:**  Nope.  Okay.  Oh, one other thing.
12   I can't remember whether we discussed this last time.  I
13   think we did, but I just didn't look it up.  Did we set regular
14   meetings for you-all to just come in and have a presumptive
15   status conference date?
16   I do this in larger cases routinely.  It is actually quite
17   productive.  I'm guessing from your expressions that I didn't
18   do this, but I typically would propose is that every 30 days we
19   just have a date.  It is on the calendar.  And anything that
20   comes up, we can talk about it.
21   I mean, not for motions.  All right.  We are not -- this
22   is not an opportunity to have sort of an informal oral motion
23   practice.  But, you know, how are things going.  I can often
24   solve discovery issues where you can raise any pressing
25   problems that are on the horizon that you would like me to talk

about, help you with.  Whatever you want.

Okay.  So I'm going to -- and then if you don't want to do it, that's fine.  You-all just get together and say:  We have nothing to talk about with the Judge.  And you just send me a little note on the ECF and we cancel it.

It is entirely up to you.  I'm going to do that.  We will have our next -- about 30 days from now -- probably in April -- we will have the initial sort of 30-day meeting in April.  And we will see how that goes.

If it turns out you don't need them, we might make it once a quarter.  And I really -- I can't imagine we will need them in less than 30-day intervals.  But we will start with 30 days and we can see how it goes and you can stretch it out.

All right.  How does that sound?  Everybody okay with that?  Mr. Rocca?

**MR. ROCCA:**  Sounds great, Your Honor.

**THE COURT:**  Plaintiffs, everybody is good with that?  All right.

(No response.)

**THE COURT:**  Somebody just vanished.  Okay.

All right.  That's what we will do.  Anything else?  Last call?  Nothing.

**MR. EVEN:**  One quick thing, Your Honor.  How would Your Honor like us to report back in a week?  Would you like another joint statement?

1           **THE COURT:** Yes, just file a short joint statement.
2   And when we have our 30 days, just one week before file a joint
3   statement saying here are the things we would like to discuss.
4           I will say in my other cases there has been a little bit
5   of admission creep where people wait until they show up and
6   then start talking to me about things.
7           It is very helpful -- and a requirement -- that I know at
8   least a couple days in advance, so I have a chance to be aware
9   of what is happening and maybe formulate some initial thoughts
10  or discussion points or questions at least -- at very minimum
11  formulate questions.
12          So do your best one week before our regular status
13  conferences, file a short statement saying:  We don't want to
14  have it or here are the issues that we would like to discuss
15  with the Court.
16          Okay.  All right.  Great.  Okay.  Thanks very much.
17          **MS. GIULIANELLI:** Thank you, Your Honor.
18          **MR. EVEN:** Thank you, Your Honor.
19          **MR. ROCCA:** Thank you, Your Honor.
20              (Proceedings adjourned at 10:58 a.m.)
21                          ---oOo---

### **CERTIFICATE OF REPORTER**

We certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

DATE:    Monday, February 22, 2021

_/s/ Marla Knox_____

Marla F. Knox, RPR, CRR
U.S. Court Reporter