Brian C. Rocca, Bar No. 221576
brian.rocca@morganlewis.com
Sujal J. Shah, Bar No. 215230
sujal.shah@morganlewis.com
Michelle Park Chiu, Bar No. 248421
michelle.chiu@morganlewis.com
Minna Lo Naranjo, Bar No. 259005
minna.naranjo@morganlewis.com
Rishi P. Satia, Bar No. 301958
rishi.satia@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Telephone: (415) 442-1000
Facsimile:  (415) 442-1001

Richard S. Taffet, *pro hac vice*
richard.taffet@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
101 Park Avenue
New York, NY  10178-0060
Telephone: (212) 309-6000
Facsimile: (212) 309-6001

Willard K. Tom, *pro hac vice*
willard.tom@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
1111 Pennsylvania Avenue, NW
Washington, D.C.  20004-2541
Telephone: (202) 739-3000
Facsimile: (202) 739-3001

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| EPIC GAMES, INC.,<br>　　　　Plaintiff,<br>vs.<br>GOOGLE LLC et al.,<br>　　　　Defendants. | Case No. 3:20-cv-05671-JD |
| IN RE GOOGLE PLAY DEVELOPER ANTITRUST LITIGATION | Case No. 3:20-cv-05792-JD<br><br>**REPLY TO DEVELOPER PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS DEVELOPERS' CLAIM FOR DAMAGES**<br><br>Judge:　　　Hon. James Donato<br>Courtroom:　11, 19th Floor<br>Date:　　　　February 18, 2021<br>Time:　　　　10:00 a.m. |

Morgan, Lewis &
Bockius LLP
Attorneys at Law
San Francisco

Case Nos. 3:20-cv-05671-JD; 3:20-cv-05792-JD
REPLY TO DEVELOPER PLAINTIFFS' OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS  DEVELOPERS' CLAIM FOR DAMAGES

In their opposition ("Damages Opp.") to Google's Motion to Dismiss Developers' Claim for Damages ("Damages MTD"), Developer Plaintiffs concede they do not seek lost profits damages. Damages Opp. at 5. Instead, they insist they are not limited to seeking lost profit damages, and may seek overcharge damages as direct purchasers of distribution services or, alternatively, "underpayment" damages as direct sellers. *Id*. at 2-5. Under *Apple v. Pepper*, 139 S.Ct. 1514 (2019) ("*Apple*"), they are wrong on both counts. Developer Plaintiffs' arguments seriously misread and mischaracterize the Supreme Court's decision in *Apple*, and would subject Google to duplicative claims to a common fund—damages based on an alleged overcharge on Google's 30% service fee—by Developer Plaintiffs and Consumer Plaintiffs. The Supreme Court expressly stated that an app store defendant should not be subject to this type of duplicative recovery. Given Developer Plaintiffs' concession that they have not brought a claim for lost profits, their damages claims should be dismissed so the parties can avoid needless discovery and expert analysis of an improper damages theory.[1]

## I.  ARGUMENT

In *Apple*, the Supreme Court held that consumers were direct purchasers and could seek overcharge damages when (1) consumers pay Apple directly for apps purchased in its app store, (2) developers set the price for those apps, and (3) Apple collects a service fee, or commission, on each sale before remitting the balance to the developer. 139 S.Ct. at 1519-20. The Supreme Court also rejected Apple's argument that allowing consumers to sue for damages would subject Apple to duplicative recovery if developers also sued. *Id.* at 1525. The Supreme Court held that consumers would be entitled to the "*full amount*" of any alleged overcharge and compared Apple being subject to multiple suits to that of a "bottleneck … retailer who is both a monopolist and a monopsonist" that "may be liable to different classes of plaintiffs—both to downstream consumers and upstream suppliers." *Id.* (emphasis in original). In this situation, "upstream app developers" could sue "on a monopsony theory" but would be pursuing a "fundamentally

---

[1] Contrary to Developer Plaintiffs assertion (Damages Opp. at 1), nothing in Google's motion limited its arguments to the claims brought under the Sherman Act, and its motion applies equally to the Cartwright Act. *See generally* Damages MTD.

Morgan, Lewis &
Bockius LLP
Attorneys at Law
San Francisco

1   Case Nos. 3:20-cv-05671-JD; 3:20-cv-05792-JD
REPLY TO DEVELOPER PLAINTIFFS' OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS  DEVELOPERS' CLAIM FOR DAMAGES

different theor[y] of harm" and "seek lost profits that they could have earned in a competitive retail market." *Id.*

Developer Plaintiffs' first response is that because they allege they are direct purchasers, and *Apple* allows direct purchasers to sue for overcharges, there is no problem. Damages Opp. at 2. However, *Apple* resolved this precise question. Developer Plaintiffs' Complaint alleges (1) consumers "tender … payments to Google" for apps and in-app content sold "through the Google Play store" (2) developers set the price for apps and in-app content, and (3) Google collects a service fee, or commission, on each sale before remitting the balance to the developer. *See* Damages MTD at 1-2. *Apple* holds that based on these allegations, consumers are direct purchasers that pay the allegedly supracompetitive service fee. *See Apple*, 139 S.Ct. at 1520. Developer Plaintiffs' conclusory allegations that they are direct purchasers cannot override the actual *facts* alleged in their Complaint (*see* PSB Complaint ¶¶2, 14, 58), which mirror the facts alleged in *Apple*, where the Supreme Court viewed developers as "upstream suppliers" that would need to pursue a monopsony theory against Google relying on a "fundamentally different theor[y] of harm," and "seek lost profits that they could have earned in a competitive retail market." *Apple*, 139 S.Ct. at 1525. Otherwise, both developers and consumers could claim they were direct purchasers that paid the supracompetitive service fee, and were thus overcharged, subjecting Google to duplicative alleged overcharge damages claims.

Developer Plaintiffs fall back on their alternative monopsony theory, but claim they can pursue "underpayment" damages rather than seek lost profits. Damages Opp. at 3. The problem is that Developer Plaintiffs would still be asserting a dueling claim to the same common fund— the alleged overcharge on Google's 30% service fee—the *same* theory of harm that consumers are pursuing. *Apple* held this is not permitted. Given the allegations in the Complaint, which repeatedly allege that Google's 30% service fee is too high (*see, e.g.*, PSB ¶¶35, 59-60), any "underpayment" damages would necessarily be based on the percentage split—30% service fee, 70% "payment" to app developers—on app and in-app sales made through Google Play. Because of this percentage split, any purported overcharge on the service fee to consumers can be relabeled as an underpayment to developers, and vice-versa. Doing so, however, does nothing to

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2   Case Nos. 3:20-cv-05671-JD; 3:20-cv-05792-JD
REPLY TO DEVELOPER PLAINTIFFS' OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS DEVELOPERS' CLAIM FOR DAMAGES

address the fact that both Developer Plaintiffs and Consumer Plaintiffs are asserting claims to the same pool of alleged damages based on the same theory harm—an alleged supracompetitive service fee—instead of relying on "fundamentally different theories of harm and [] not assert[ing] claims to a 'common fund.'"  *Apple*, 139 S.Ct. at 1525.  Developer Plaintiffs' references to buyer cartel cases where the plaintiff was able to recover damages for underpayments, Damages Opp. at 3, are therefore inapposite.  Those cases did not address a situation where both downstream buyers alleging monopolization and upstream sellers alleging monopsonization lay claim to the same alleged pool of damages.  In that scenario, *Apple* controls, and holds that the seller can only bring a claim for lost profits.  *Apple*, 139 S.Ct. at 1525.

Lastly, Developer Plaintiffs argue there is no risk of duplicative damages because "developers' recovery of damages based on supracompetitive commissions would not duplicate any recovery by consumers because consumers' damages would not be based on commission overcharges," but proof that "Google abusively charge anticompetitive prices for apps (and in-app products)."  Damages Opp. at 5.  That defies both the allegations in Developer Plaintiffs' Complaint and logic.  The argument ignores allegations in the Complaint that *developers*, not Google, sets the price for apps and in-app products.  PSB ¶57.  Google only sets the service fee, so consumers' damages based on overpaying for apps and in-app products are *necessarily* based on an alleged overcharge on the service fee.  Developer Plaintiffs also make the broad assertion that *Apple* does not preclude overcharge or underpayment damages.  Damages Opp. at 4-5.  But that ignores the reasoning and holding in *Apple* as applied to Developer Plaintiffs' allegations.  By limiting developers to lost profits, the Supreme Court reaffirmed that an antitrust defendant should not be subject to duplicative damages.  Allowing Developer Plaintiffs to seek overcharge or underpayment damages based on Google's 30% fee would render that precedent a nullity.

Developer Plaintiffs concede they have not brought claims for lost profits.  Their damages claim should be dismissed.

Morgan, Lewis & Bockius LLP
Attorneys at Law
San Francisco

3   Case Nos. 3:20-cv-05671-JD; 3:20-cv-05792-JD
REPLY TO DEVELOPER PLAINTIFFS' OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS DEVELOPERS' CLAIM FOR DAMAGES

| | |
|---|---|
| Dated: January 20, 2021 | MORGAN, LEWIS & BOCKIUS LLP |
| | By: */s/ Brian C. Rocca* |
| | Brian C. Rocca<br>*Attorneys for Defendants* |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4   Case Nos. 3:20-cv-05671-JD; 3:20-cv-05792-JD
REPLY TO DEVELOPER PLAINTIFFS' OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS DEVELOPERS' CLAIM FOR DAMAGES