| | |
|---|---|
| Karma M. Giulianelli (SBN 184175)<br>karma.giulianelli@bartlitbeck.com<br>**BARTLIT BECK LLP**<br>1801 Wewetta St., Suite 1200<br>Denver, Colorado 80202<br>Telephone: (303) 592-3100 | Paul J. Riehle (SBN 115199)<br>paul.riehle@faegredrinker.com<br>**FAEGRE DRINKER BIDDLE & REATH LLP**<br>Four Embarcadero Center, 27th Floor<br>San Francisco, CA 94111<br>Telephone: (415) 591-7500 |
| Hae Sung Nam (*pro hac vice*)<br>hnam@kaplanfox.com<br>**KAPLAN FOX & KILSHEIMER LLP**<br>850 Third Avenue<br>New York, NY 10022<br>Tel.: (212) 687-1980 | Christine A. Varney (*pro hac vice*)<br>cvarney@cravath.com<br>**CRAVATH, SWAINE & MOORE LLP**<br>825 Eighth Avenue<br>New York, New York 10019<br>Telephone: (212) 474-1000 |
| *Co-Lead Counsel for the Proposed Class in In re Google Play Consumer Antitrust Litigation* | *Counsel for Plaintiff Epic Games, Inc. in Epic Games, Inc. v. Google LLC et al.* |
| Steve W. Berman (*pro hac vice*)<br>steve@hbsslaw.com<br>**HAGENS BERMAN SOBOL SHAPIRO LLP**<br>1301 Second Ave., Suite 2000<br>Seattle, WA 98101<br>Telephone: (206) 623-7292 | Brian C. Rocca (SBN 221576)<br>brian.rocca@morganlewis.com<br>**MORGAN, LEWIS & BOCKIUS LLP**<br>One Market, Spear Street Tower<br>San Francisco, CA 94105-1596<br>Telephone: (415) 442-1000 |
| *Co-Lead Counsel for the Proposed Class in In re Google Play Developer Antitrust Litigation and Attorneys for Pure Sweat Basketball, Inc.* | Daniel M. Petrocelli, Bar No. 97802<br>dpetrocelli@omm.com<br>**O'MELVENY & MYERS LLP**<br>1999 Avenue of the Stars, 7th Fl.<br>Los Angeles, CA 90067-6035<br>Telephone: (310) 553-6700 |
| Bonny E. Sweeney (SBN 176174)<br>bsweeney@hausfeld.com<br>**HAUSFELD LLP**<br>600 Montgomery Street, Suite 3200<br>San Francisco, CA 94104<br>Telephone: (415) 633-1908 | *Counsel for Defendants Google LLC et al.* |
| *Co-Lead Counsel for the Proposed Class in In re Google Play Developer Antitrust Litigation and Attorneys for Peekya App Services, Inc.* | |

[Additional counsel appear on signature page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION**<br><br>THIS DOCUMENT RELATES TO:<br><br>*Epic Games Inc. v. Google LLC et al.*, Case No. 3:20-cv-05671-JD<br><br>*In re Google Play Consumer Antitrust Litigation*, Case No. 3:20-cv-05761-JD<br><br>*In re Google Play Developer Antitrust Litigation*, Case No. 3:20-cv-05792-JD | Case No. 3:21-md-02981-JD<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date: May 13, 2021<br>Time: 10:00 a.m.<br>Courtroom: 11, 19th Floor (via Zoom)<br>Judge: Hon. James Donato |

Pursuant to this Court's Order dated April 2, 2021 (MDL ECF No. 18), the parties in the above-captioned MDL action ("the Parties"), by and through their undersigned counsel, submit this Joint Statement.

## I. CASE STATUS SUMMARY

**Google's Motion to Dismiss**.  Google's motion to dismiss is fully briefed and, per the Court's direction, the Parties have filed the briefing on the MDL docket.  MDL ECF, Nos. 21-24.  The Court previously indicated that the motion would be set for a hearing in late June or early July.  The Parties respectfully request that the Court set the motion for hearing, at its convenience.

**Scheduling Order**.  The Parties previously submitted to the Court a joint proposed scheduling order on November 6, 2020.  See *Epic Games Inc. v. Google LLC et al.*, Case No. 3:20-cv-05671-JD ("*Epic Action*"), ECF No. 87; *In re Google Play Consumer Antitrust Litigation*, Case No. 3:20-cv-05761-JD ("*Consumer Action*"), ECF No. 71; *In re Google Play Developer Antitrust Litigation*, Case No. 3:20-cv-05792-JD ("*Developer Action*"), ECF No. 68 (collectively, the "Actions").  Developer Plaintiffs, Consumer Plaintiffs, and Google request an opportunity to address modification of the proposed class certification deadlines (described further below).

**Class Certification.**  The Parties have made significant progress on the scope of Google's forthcoming production of what Google represents will be a large volume of transactional data.  Google estimates that the data will be produced in June.  In addition, analyzing and understanding this data (and deposing necessary witnesses) for class certification will take substantial time.  Google also anticipates that additional data relating to transactions in the second half of 2021 will be relevant to class certification issues and Google intends to rely on such data.  In light of that timing, Developer Plaintiffs, Consumer Plaintiffs, and Google agree that the proposed August 2021 class certification schedule is no longer realistic.  Developer Plaintiffs, Consumer Plaintiffs, and Google wish to move this case forward as efficiently as possible, and so propose to provide an update as to a realistic class certification deadline after

1  Developers and Consumer Plaintiffs have received and have had the opportunity to review the
2  data.
3         **Epic's Position on Scheduling**.  Epic respectfully requests that, if the Court
4  extends or modifies the class certification schedule, all other deadlines included in the stipulated
5  schedule previously submitted by the Parties remain unchanged.  *See Epic Action*, ECF No. 87.
6  Epic's *Fortnite* game remains unavailable on the Google Play Store.  And, Google has blocked
7  Epic from becoming a competing source of app distribution in the Android ecosystem.
8  Therefore, Epic respectfully requests that the existing stipulated schedule be maintained for its
9  case against Google.
10        **Google's Position on Scheduling**.  Google is mindful of the Court's comments at
11 the last status conference suggesting that the Court is facing scheduling challenges due to the
12 COVID backlog (and Google further understands that scheduling challenges are pervasive across
13 most courts for the same reason).  In light of these circumstances, Google believes it is
14 appropriate to seek further guidance from the Court on what the Parties realistically may expect
15 with respect to the schedule.  Google remains committed to the target date for substantial
16 production of party documents in June.  However, there are many issues that may potentially
17 impact the broader case schedule.  Google's motion to dismiss, which raises threshold challenges
18 and may impact case deadlines (e.g., if amendment is permitted), will not be heard until late June
19 or early July, per the Court's prior guidance.  In addition, while third party discovery has
20 commenced, negotiations over the scope and content of the third parties' responses take time to
21 complete.  Moreover, any harm Epic claims it suffered is of its own doing.  Epic has admitted
22 that it planned its intentional violation of Google Play policies well in advance of filing this
23 lawsuit and was aware of the potential consequences.  In any case, any suggestion that the
24 schedule should be dictated by *Fortnite's* unavailability on Google Play is unsupported, as Epic
25 distributes *Fortnite* through a multitude of channels, including Sony PlayStation, Microsoft
26 Xbox, Nintendo Switch, and PCs, and on Android devices through the Samsung Galaxy Store
27
28

and direct distribution from Epic's website.  These circumstances refute Epic's demand for a speedy trial.

        **Discovery Issues.**  The Parties have met and conferred at length on a number of outstanding discovery issues.  The Parties seek the Court's guidance on the following issues:

    A.    <u>*Callsome* Litigation Documents:</u>  Plaintiffs filed a letter on May 4, 2021 raising a discovery dispute.  MDL ECF No. 27.  Google requests an opportunity to submit a written response pursuant to the Court's Standing Order.

    B.    <u>Google House Judiciary Investigation:</u>  During the Parties' most recent case management conference on April 1, the Court ordered Google to "produce to plaintiffs all relevant documents that were produced by Google to the House Judiciary Committee".  MDL ECF No. 18.

        a.  **Plaintiffs' Position:**  Plaintiffs (who did not believe a linear review for relevance was necessary or what the Court envisioned) raise the issue here in the event Google fails to produce a substantial number of the total documents previously produced to the House Judiciary Committee.

        b.  **Google's Position:**  There is no dispute; no further Court action is required.  As ordered, Google is preparing a production of all relevant documents contained in productions to the House Judiciary Committee and anticipates a substantial percentage of those documents will be ready in advance of May 13, 2021.  Only a small fraction of the House Judiciary Committee proceedings was relevant to Android and even less so Google Play, as evidenced by the fact that only 8 pages of the over 400-page report published by the House Judiciary Committee covered those topics.  Google has repeatedly confirmed—and does so again here—that it

                will comply with the Court's order and produce all relevant documents from its productions to the House Judiciary Committee.

    C.    <u>Epic Impulse Buying Documents</u>:  The Court also ordered Epic at the previous conference to "search for and produce to Google documents related to excessive video gaming and impulse buying."  As Epic has informed Google, Epic is running all of Google's proposed search strings on this topic and will be producing these documents to Google.

**Court's Prior Orders.**  For purposes of housekeeping, the Parties request that the Court adopt the following orders as governing the MDL:

    A.    Protective Order (*Epic Action*, ECF No. 106-1; *Consumer Action*, ECF No. 109-1; *Developer Action*, ECF No. 76-1);

    B.    ESI Order (*Epic Action*, ECF No. 88; *Consumer Action*, ECF No. 72; *Developer Action*, ECF No. 69); and

    C.    Discovery Coordination Order (*Epic Action*, ECF No. 89; *Consumer Action*, ECF No. 73; *Developer Action*, ECF No. 70).

| | | |
|---|---|---|
| Dated: May 6, 2021 | | CRAVATH, SWAINE & MOORE LLP |
| | |    Christine Varney (*pro hac vice*) |
| | |    Katherine B. Forrest (*pro hac vice*) |
| | |    Gary A. Bornstein (*pro hac vice*) |
| | |    Yonatan Even (*pro hac vice*) |
| | |    Lauren A. Moskowitz (*pro hac vice*) |
| | |    M. Brent Byars (*pro hac vice*) |

FAEGRE DRINKER BIDDLE & REATH LLP
   Paul J. Riehle (SBN 115199)

Respectfully submitted,

By:   /s/ *Yonatan Even*
       Yonatan Even

*Counsel for Plaintiff Epic Games, Inc.*

Dated: May 6, 2021

BARTLIT BECK LLP
   Karma M. Giulianelli

KAPLAN FOX & KILSHEIMER LLP
   Hae Sung Nam

Respectfully submitted,

By:   /s/ *Karma M. Giulianelli*
       Karma M. Giulianelli

*Co-Lead Counsel for the Proposed Class in In re Google Play Consumer Antitrust Litigation*

| | | |
|---|---|---|
| Dated: May 6, 2021 | | PRITZKER LEVINE LLP |
| | | Elizabeth C. Pritzker |

Respectfully submitted,

By:   /s/ *Elizabeth C. Pritzker*
      Elizabeth C. Pritzker

*Liaison Counsel for the Proposed Class in In re Google Play Consumer Antitrust Litigation*

Dated: May 6, 2021            HAGENS BERMAN SOBOL SHAPIRO LLP
      Steve W. Berman
      Robert F. Lopez
      Benjamin J. Siegel

SPERLING & SLATER PC
      Joseph M. Vanek
      Eamon P. Kelly
      Alberto Rodriguez

Respectfully submitted,

By:   /s/ *Steve W. Berman*
      Steve W. Berman

*Co-Lead Interim Class Counsel for the Developer Class and Attorneys for Plaintiff Pure Sweat Basketball*

| | |
|---|---|
| Dated: May 6, 2021 | HAUSFELD LLP<br>Bonny E. Sweeney<br>Melinda R. Coolidge<br>Katie R. Beran<br>Scott A. Martin<br>Irving Scher<br><br>Respectfully submitted,<br><br>By:  /s/ *Bonny E. Sweeney*<br>        Bonny E. Sweeney<br><br>*Co-Lead Interim Class Counsel for the Developer Class and Attorneys for Plaintiff Peekya App Services, Inc.* |
| Dated: May 6, 2021 | MORGAN, LEWIS & BOCKIUS LLP<br>Brian C. Rocca<br>Sujal J. Shah<br>Michelle Park Chiu<br>Minna L. Naranjo<br>Rishi P. Satia<br><br>Respectfully submitted,<br><br>By:  /s/ *Brian C. Rocca*<br>        Brian C. Rocca<br><br>*Counsel for Defendants Google LLC et al.* |

Dated: May 6, 2021

O'MELVENY & MYERS LLP
Daniel M. Petrocelli
Ian Simmons
Benjamin G. Bradshaw
E. Clay Marquez
Stephen J. McIntyre

Respectfully submitted,

By: /s/ *Daniel M. Petrocelli*
Daniel M. Petrocelli

*Counsel for Defendants Google LLC et al.*

## E-FILING ATTESTATION

I, Brian C. Rocca, am the ECF User whose ID and password are being used to file this document. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that each of the signatories identified above has concurred in this filing.

*/s/ Brian C. Rocca*
Brian C. Rocca
