1  Laurence D. King (SBN 206423)
   Kathleen A. Herkenhoff (SBN 168562)
2  **KAPLAN FOX & KILSHEIMER LLP**
   1999 Harrison Street, Suite 1560
3  Oakland, CA 94612
   Telephone:  415-772-4700
4  Facsimile:   415-772-4707
   Emails: *lking@kaplanfox.com*
5           *kherkenhoff@kaplanfox.com*

6  [Additional Counsel on Signature Page]

7  *Counsel for Movant Stadium Capital LLC and Proposed*
   *Lead Counsel for the Proposed Class*
8

9  **UNITED STATES DISTRICT COURT**
   **NORTHERN DISTRICT OF CALIFORNIA**
10

11 | ASIF MEHEDI, Individually and on Behalf of All Others Similarly Situated, | Case No.: 5:21-cv-06374-BLF |
   | --- | --- |
12 | | **CLASS ACTION** |
13 | Plaintiff, | |
   | v. | **NOTICE OF MOTION, MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF STADIUM CAPITAL LLC'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL** |
14 | | |
15 | VIEW, INC. f/k/a CF FINANCE ACQUISITION CORP. II, RAO MULPURI, and VIDUL PRAKASH, | |
16 | | |
17 | Defendants. | |
   | | Judge: Hon. Beth L. Freeman |
18 | | Courtroom: 3, 5th Floor |
   | | Date: January 6, 2022 |
19 | | Time: 9:00 a.m. |

**NOTICE OF MOTION AND MOTION**

TO:   ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD

PLEASE TAKE NOTICE that on January 6, 2022 at 9:00 a.m., or as soon thereafter as set by the Court, in Courtroom 3 of the San Jose Courthouse, 280 South 1st Street, 5th Floor, San Jose, California 95113, the Honorable Beth Freeman presiding, movant Stadium Capital LLC ("Stadium Capital") will, and hereby does, respectfully move this Court, under the Federal Rules of Civil Procedure ("Rule") and Section 21D of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u-4, as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA") for an order: (1) appointing Stadium Capital as lead plaintiff in the above-captioned action (the "Action") for a putative class of all persons or entities that purchased or otherwise acquired View, Inc. ("View" or the "Company") f/k/a CF Finance Acquisition Corp. II ("CF II") securities between November 30, 2020 and August 16, 2021, inclusive (the "Class Period") (the "Class"); (2) approving Stadium Capital's selection of Kaplan Fox & Kilsheimer LLP ("Kaplan Fox") as Lead Counsel; and (3) granting such other relief as the Court may deem just and proper.

This motion is made on the grounds that Stadium Capital believes that it is the "most adequate plaintiff" possessing claims arising out of the Exchange Act for the Class. 15 U.S.C. § 78u-4(a)(3)(B). In addition, Stadium Capital meets the requirements of Rule 23 because its claims are typical of the claims of members of the Class and Stadium Capital will fairly and adequately represent the Class. Finally, Stadium Capital has selected and retained Kaplan Fox to serve as lead counsel, a law firm with substantial experience in prosecuting complex securities class actions. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).

The motion is based on this notice of motion, the supporting memorandum of points and authorities, the Declaration of Laurence D. King in Support of Stadium Capital's Motion Appointment as Lead Plaintiff and Approval of Lead Counsel, dated October 18, 2021 ("King Decl."), the pleadings and other files and records in this Action, and upon such other written or oral argument as may be presented to the Court.

# **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ................................................................................................................ ii

STATEMENT OF ISSUES TO BE DECIDED ................................................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES ...................................................................... 1

I. INTRODUCTION ....................................................................................................................... 1

II. SUMMARY OF THE ACTION ................................................................................................. 2

III. ARGUMENT ............................................................................................................................... 3

    A. Legal Standards and Procedures for Appointment of Lead Plaintiff and Lead Counsel ............................................................................................................................ 3

    B. Stadium Capital is the Most Adequate Plaintiff ......................................................... 4

        1. Stadium Capital has the Largest Financial Interest ..................................... 4

        2. Stadium Capital Satisfies Rule 23 .................................................................. 5

            a. Stadium Capital's Claims are Typical ............................................... 6

            b. Stadium Capital is Adequate ............................................................. 6

            c. This Court Should Approve Stadium Capital's Selection of Counsel ............................................................................................... 7

IV. CONCLUSION ............................................................................................................................ 8

# **TABLE OF AUTHORITIES**

Page

**Cases**

*Ali v. Intel Corp.*,
   No. 18-cv-00507-YGR, 2018 WL 2412111 (N.D. Cal. May 29, 2018) ........................................ 4

*Cohen v. U.S. Dist. Court for N. Dist. of Cal.*,
   586 F.3d 703 (9th Cir. 2009) ........................................................................................................ 7

*Deinnocentis v. Dropbox, Inc.*,
   No. 19-CV-06348-BLF, 2020 WL 264408 (N.D. Cal. Jan. 16, 2020) ................................ 4, 5, 6

*Hanlon v. Chrysler Corp.*,
   150 F.3d 1011 (9th Cir. 1998) ...................................................................................................... 6

*Hanon v. Dataproducts Corp.*,
   976 F.2d 497 (9th Cir. 1992) ........................................................................................................ 6

*Hodges v. Akeena Solar, Inc.*,
   263 F.R.D. 528 (N.D. Cal. 2009) .................................................................................................. 4

*In re Cavanaugh*,
   306 F.3d 726 (9th Cir. 2002) ............................................................................................ 1, 4, 5, 7

*In re Cloudera, Inc. Sec. Litig.*,
   No. 19-CV-03221-LHK, 2019 WL 6842021 (N.D. Cal. Dec. 16, 2019) ..................................... 4

*Luna v. Marvell Tech. Grp. Ltd*,
   No. 15-cv-05447-RMW, 2016 WL 469422  (N.D. Cal. Feb. 8, 2016) ......................................... 6

*Richardson v. TVIA, Inc.*,
   No. 06-cv-06304-RMW, 2007 WL 1129344 (N.D. Cal. Apr. 16, 2007) ................................. 5, 6

*Shenwick v. Twitter, Inc.*,
   No. 16-cv-05314-JST, 2016 WL 10672428 (N.D. Cal. Dec. 22, 2016) ....................................... 4

*Siegall v. Tibco Software, Inc.*, No. C,
   No. 05-cv-02146-SBA, 2006 WL 1050173 (N.D. Cal. Feb. 24, 2006) ........................................ 5

*Staton v. Boeing Co.*,
   327 F.3d 938 (9th Cir. 2003) ........................................................................................................ 6

*Wong v. Arlo Techs., Inc.*,
   No. 19-cv-00372-BLF, 2019 WL 2010706 (N.D. Cal. May 6, 2019) .......................................... 4

*Z-Seven Fund, Inc. v. Motorcar Parts & Accessories*,
   231 F.3d 1215 (9th Cir. 2000) ................................................................................................. 1, 4

**Statutes**

15 U.S.C. § 78j(b) ............................................................................................................................. 1

15 U.S.C. § 78t(a) ............................................................................................................................. 1

15 U.S.C. § 78u-4(a)(1) .................................................................................................................... 3

15 U.S.C. § 78u-4(a)(3)(A)(i) ....................................................................................................... 2, 3

15 U.S.C. § 78u-4(a)(3)(A)(i)(II) ..................................................................................................... 4

15 U.S.C. § 78u-4(a)(3)(B) ............................................................................................................... 1

15 U.S.C. § 78u-4(a)(3)(B)(i) ....................................................................................................... 1, 3

15 U.S.C. § 78u-4(a)(3)(B)(iii) ......................................................................................................... 4

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) ..................................................................................................... 4

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb) .............................................................................................. 1

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc) ............................................................................................... 5

15 U.S.C. § 78u-4(a)(3)(B)(v) ...................................................................................................... 1, 7

**Rules**

Fed. R. Civ. P. 23 ..................................................................................................................... 1, 4, 5

Fed. R. Civ. P. 23(a) ..................................................................................................................... 5, 6

Fed. R. Civ. P. 23(a)(3) .................................................................................................................... 6

**Regulations**

17 C.F.R. § 240.10b-5 ...................................................................................................................... 1

**STATEMENT OF ISSUES TO BE DECIDED**

1. Whether Stadium Capital should be appointed Lead Plaintiff.

2. Whether the Court should approve Stadium Capital's selection of Kaplan Fox as Lead Counsel.

**MEMORANDUM OF POINTS AND AUTHORITIES**

Stadium Capital respectfully submits this memorandum of law in support of its motion for: (1) appointment as Lead Plaintiff for the Class, pursuant to Section 21D of the Exchange Act, 15 U.S.C. § 78u-4(a)(3)(B), as amended by the PSLRA; (2) approval of its selection of Kaplan Fox as Lead Counsel for the Class; and (3) such other relief as the Court may deem just and proper. Stadium Capital believes that it has the largest financial interest in the outcome of this litigation and is thus presumptively entitled to be appointed Lead Plaintiff for the Class and to have its selection of counsel approved. *See* 15 U.S.C. §§ 78u-4(a)(3)(B)(iii)(I)(bb) and 78u-4(a)(3)(B)(v); *Z-Seven Fund, Inc. v. Motorcar Parts & Accessories*, 231 F.3d 1215, 1217 (9th Cir. 2000); *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002).

**I.   INTRODUCTION**

This Action is brought pursuant to Sections 10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§ 78j(b) and 78t(a), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, against View, Rao Mulpuri ("Mulpuri"), and Vidul Prakash ("Prakash") (collectively, the "Defendants") for violations of the federal securities laws relating to the Company's alleged false and misleading statements throughout the Class Period.

Pursuant to the PSLRA, this Court must appoint the member or members of the class "most capable of adequately representing the interests of class members" to serve as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i). Stadium Capital believes that it is the movant with the largest financial interest that otherwise meets the applicable requirements under Rule 23.

Stadium Capital respectfully requests that the Court approve Kaplan Fox as Lead Counsel for the Class. *See* § III.C.2.c., *infra*; 15 U.S.C. § 78u-4(a)(3)(B)(v) ("the most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class").

## II. SUMMARY OF THE ACTION

On August 18, 2021, the Action was filed and notice was published to class members on *Business Wire*, as required by 15 U.S.C. § 78u-4(a)(3)(A)(i) of the Exchange Act (the "Notice"). *See* King Decl., Exh. 1. The Notice advised purchasers of View securities of the existence of a lawsuit against Defendants and the nature of Defendants' statements, omissions and conduct that allegedly damaged investors. *Id.* The Notice further advised class members of their right to move the Court to be appointed Lead Plaintiff within 60 days of the publication of the Notice. *Id.*

As alleged in the Action, View is a technology company that manufactures smart building products that are purportedly designed to improve people's health, productivity, and experience while reducing energy consumption. *See* Compl., ¶ 2. Its primary product is a proprietary electrochromic or "smart" glass panel that, in combination with the Company's proprietary network and software, intelligently adjusts in response to the sun by tinting from clear to dark states, thereby reducing heat and glare. *Id.*

According to the Action, CF II was a special purpose acquisition company formed for the purpose of effecting a merger, capital stock exchange, asset acquisition, stock purchase, reorganization, or similar business combination with one or more businesses. *Id.* ¶ 3. On March 8, 2021, CF II and View combined via a Business Combination with View as the surviving, public entity. *Id.* ¶ 4.

As alleged in the Action, on August 16, 2021, after the market closed, View announced that it "began an independent investigation concerning the adequacy of the company's previously disclosed warranty accrual." *Id.* ¶ 5. On this news, the Company's share price fell $1.26, or over 24%, to close at $3.92 per share on August 17, 2021, on unusually heavy trading volume. *Id.* ¶ 6.

The Action alleges that throughout the Class Period, Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, Defendants failed to disclose to investors: (1) that View had not properly accrued warranty costs related to its product; (2) that there was a material weakness in View's internal controls over accounting and financial reporting related to warranty accrual; (3) that, as a result, the Company's financial results for prior periods were

misstated; and (4) that, as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis. *Id*. at ¶ 7.

## III.   ARGUMENT

### A.   Legal Standards and Procedures for Appointment of Lead Plaintiff and Lead Counsel

The PSLRA sets forth the procedure for the selection of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  15 U.S.C. §§ 78u-4(a)(1) and 78u-4(a)(3)(B)(i).  Specifically, within 20 days after the date on which a class action is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class –

> (I)   of the pendency of the action, the claims asserted therein, and the purported class period; and
>
> (II)  that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

15 U.S.C. § 78u-4(a)(3)(A)(i).

Further, the PSLRA directs the Court to consider any motions by plaintiffs or purported class members to serve as lead plaintiff in response to any such notice within 90 days after the date of publication of the notice, or as soon as practicable after the Court decides any pending motion to consolidate any actions asserting substantially the same claim or claims.  15 U.S.C. § 78u-4(a)(3)(B)(i).

Under the relevant sections of the Exchange Act, the Court "shall" appoint the "most adequate plaintiff," and is to presume that the most adequate plaintiff is the person or group of persons which:

> (aa)  has either filed the complaint or made a motion in response to a notice. . .;

|   |   |   |
|---|---|---|
| | (bb) | in the determination of the court, has the largest financial interest in the relief sought by the class; and |
| | (cc) | otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. |

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

On August 18, 2021, this Action was filed and notice was published to class members on *Business Wire*. *See* King Decl., Exh. 1.[1] The time period in which class members may move to be appointed lead plaintiff in this case expires on October 18, 2021. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II); *see also* Civ. L.R. 23-1(b). Pursuant to the PSLRA's provisions, and within the requisite time frame after publication of the required notice, Stadium Capital timely moved this Court to be appointed Lead Plaintiff on behalf of the Class.

Under the relevant sections of the Exchange Act, a rebuttable presumption exists whereby the plaintiff with the largest financial interest in the litigation and who otherwise satisfies the requirements of Rule 23 is presumed to be the most adequate plaintiff to lead the action. 15 U.S.C. § 78u-4(a)(3)(B)(iii); *Cavanaugh*, 306 F.3d at 729-30; *see also Z-Seven Fund, Inc.*, 231 F.3d at 1217; *Deinnocentis v. Dropbox, Inc.*, No. 19-CV-06348-BLF, 2020 WL 264408, at *3 (N.D. Cal. Jan. 16, 2020) (Freeman, J.); *In re Cloudera, Inc. Sec. Litig.*, No. 19-CV-03221-LHK, 2019 WL 6842021, at *2-3 (N.D. Cal. Dec. 16, 2019); *Wong v. Arlo Techs., Inc.*, No. 19-cv-00372-BLF, 2019 WL 2010706, at *2 (N.D. Cal. May 6, 2019); *Ali v. Intel Corp.*, No. 18-cv-00507-YGR, 2018 WL 2412111, at *2 (N.D. Cal. May 29, 2018); *Shenwick v. Twitter, Inc.*, No. 16-cv-05314-JST, 2016 WL 10672428, at *1 (N.D. Cal. Dec. 22, 2016).

**B.     Stadium Capital is the Most Adequate Plaintiff**

**1.     Stadium Capital has the Largest Financial Interest**

Stadium Capital suffered substantial losses of approximately $330,010 as a result of expending $3,642,869 to purchase 426,235 shares of View securities at artificially inflated prices

---

[1] Online wire services like *Business Wire* are suitable vehicles for meeting the statutory requirement that notice be published "in a widely circulated national business-oriented publication or wire service." *See Hodges v. Akeena Solar, Inc.*, 263 F.R.D. 528, 531 (N.D. Cal. 2009) (quoting *Cavanaugh*, 306 F.3d at 729).

during the Class Period. *See* King Decl., Exhs. 2, 3. During the Class Period Stadium Capital purchased 60,000 net shares and had net expenditures of $583,845. *Id*. Stadium Capital is not aware of any other movant with a larger financial interest, believes it has the largest financial interest of any lead plaintiff movant, and therefore believes it is presumptively entitled to appointment as Lead Plaintiff.

### 2. Stadium Capital Satisfies Rule 23

The PSLRA provides that the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied:

(1) the class is so numerous that joinder of all members is impracticable;

(2) there are questions of law or fact common to the class;

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

(4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification, only two – typicality and adequacy – directly address the personal characteristics of the class representatives. *Siegall v. Tibco Software, Inc.*, No. 05-cv-02146-SBA, 2006 WL 1050173, at *5 (N.D. Cal. Feb. 24, 2006) ("In the context of determining the appropriate lead plaintiff, the requirements of 'typicality' and adequacy of representation are key factors.") (citations omitted). Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a) and defer examination of the remaining requirements until the appointed lead plaintiff moves for class certification. *See Cavanaugh*, 306 F.3d at 730; *Richardson v. TVIA, Inc.*, No. 06-cv-06304-RMW, 2007 WL 1129344, at *4 (N.D. Cal. Apr. 16, 2007); *Dropbox*, 2020 WL 264408, at

*4. As detailed below, Stadium Capital satisfies the typicality and adequacy requirements of Rule 23(a), thereby justifying its appointment as Lead Plaintiff on behalf of the Class.

### a.  Stadium Capital's Claims are Typical

Under Rule 23(a)(3), "[t]he test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (internal citation and quotation omitted); *see also Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998) ("[R]epresentative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical."); *Dropbox*, 2020 WL 264408, at *4; *Richardson*, 2007 WL 1129344, at *4.

The claims asserted by Stadium Capital are based on the same legal theory and arise out of the same course of events as the other purported Class members' claims. Stadium Capital purchased View securities, as did each member of the Class, at prices artificially inflated or otherwise manipulated by Defendants' untrue statements of material fact and material omissions and were damaged thereby. Thus, Stadium Capital satisfies the typicality requirement of Rule 23(a).

### b.  Stadium Capital is Adequate

The adequacy requirement of Rule 23(a) is met when the prospective lead plaintiff has selected qualified, experienced counsel and there are no "conflicts between the representative and class interests." *Richardson*, 2007 WL 1129344, at *4; *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003); *Luna v. Marvell Tech. Grp. Ltd*, No. 15-cv-05447-RMW, 2016 WL 469422, at *3 (N.D. Cal. Feb. 8, 2016). Here, Stadium Capital's interests are clearly aligned with the members of the proposed Class, and there is no evidence of any antagonism between Stadium Capital's interests and those of the proposed Class. As detailed above, Stadium Capital's claims raise similar questions of law and fact as claims of the members of the Class, and Stadium Capital's claims are typical of the members of the Class.

Further, Stadium Capital has amply demonstrated its adequacy and willingness to serve as and assume lead plaintiff responsibilities. The signed Certification of Stadium Capital evidences its understanding of the duties it owes to the Class and its commitment to monitor this class action. *See* King Decl., Exh. 2. This evidence demonstrates that Stadium Capital accepts the fiduciary obligations it will assume if appointed lead plaintiff in this action.

Finally, Stadium Capital has selected Kaplan Fox – counsel highly experienced in prosecuting complex securities class actions – to represent it. *See* King Decl., Exh. 4. The close alignment of interests between Stadium Capital and other members of the Class, and its strong desire to prosecute this action on behalf of the Class, provide ample reason to grant Stadium Capital's motion for appointment as Lead Plaintiff on behalf of the Class. Accordingly, Stadium Capital satisfies the prerequisites for appointment as Lead Plaintiff pursuant to the Exchange Act.

### c. This Court Should Approve Stadium Capital's Selection of Counsel

The Exchange Act vests authority in the lead plaintiff to select and retain lead counsel, subject only to court approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Cavanaugh*, 306 F.3d at 732 n.11. Thus, "if the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice." *Cohen v. U.S. Dist. Court for N. Dist. of Cal.*, 586 F.3d 703, 712 (9th Cir. 2009) (citation omitted). Stadium Capital has retained Kaplan Fox to file a lead plaintiff motion, a consolidated complaint, and to serve as Lead Counsel to pursue this litigation on behalf of itself and the proposed Class. Kaplan Fox possesses extensive experience in the area of securities litigation and has successfully prosecuted numerous securities class actions on behalf of injured investors. *See* King Decl., Exh. 4. Thus, the Court may be assured that, in the event the instant motion is granted, the members of the Class will receive the highest caliber of legal representation available.

## IV. CONCLUSION

For all of the foregoing reasons, Stadium Capital respectfully requests that the Court: (1) appoint it as Lead Plaintiff; (2) approve its choice of Kaplan Fox as Lead Counsel; and (3) grant such other relief as the Court may deem just and proper.

Respectfully submitted,

**KAPLAN FOX & KILSHEIMER LLP**

DATED: October 18, 2021         By:   /s/ *Laurence D. King*
                                            Laurence D. King

Laurence D. King (SBN 206423)
Kathleen A. Herkenhoff (SBN 168562)
1999 Harrison Street, Suite 1560
Oakland, CA 94612
Telephone: 415-772-4700
Facsimile: 415-772-4707
*lking@kaplanfox.com*
*kherkenhoff@kaplanfox.com*

**KAPLAN FOX & KILSHEIMER LLP**
Frederic S. Fox (*pro hac vice* to be filed)
Donald R. Hall (*pro hac vice* to be filed)
Jason A. Uris (*pro hac vice* to be filed)
850 Third Avenue
New York, NY 10022
Telephone: 212-687-1980
Facsimile: 212-687-7714
*ffox@kaplanfox.com*
*dhall@kaplanfox.com*
*juris@kaplanfox.com*

*Counsel for Movant Stadium Capital LLC and Proposed Lead Counsel for the Proposed Class*