Karma M. Giulianelli (SBN 184175)
karma.giulianelli@bartlitbeck.com
**BARTLIT BECK LLP**
1801 Wewetta St., Suite 1200
Denver, Colorado 80202
Telephone: (303) 592-3100

Hae Sung Nam (*pro hac vice*)
hnam@kaplanfox.com
**KAPLAN FOX & KILSHEIMER LLP**
850 Third Avenue
New York, NY 10022
Tel.: (212) 687-1980

*Co-Lead Counsel for the Proposed Class in In re Google Play Consumer Antitrust Litigation*

Steve W. Berman (*pro hac vice*)
steve@hbsslaw.com
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1301 Second Ave., Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292

*Co-Lead Counsel for the Proposed Class in In re Google Play Developer Antitrust Litigation and Attorneys for Pure Sweat Basketball, Inc.*

Bonny E. Sweeney (SBN 176174)
bsweeney@hausfeld.com
**HAUSFELD LLP**
600 Montgomery Street, Suite 3200
San Francisco, CA 94104
Telephone: (415) 633-1908

*Co-Lead Counsel for the Proposed Class in In re Google Play Developer Antitrust Litigation and Attorneys for Peekya App Services, Inc.*

[Additional counsel appear on signature page]

Paul J. Riehle (SBN 115199)
paul.riehle@faegredrinker.com
**FAEGRE DRINKER BIDDLE & REATH LLP**
Four Embarcadero Center, 27th Floor
San Francisco, CA 94111
Telephone: (415) 591-7500

Christine A. Varney (*pro hac vice*)
cvarney@cravath.com
**CRAVATH, SWAINE & MOORE LLP**
825 Eighth Avenue
New York, New York 10019
Telephone: (212) 474-1000

*Counsel for Plaintiff Epic Games, Inc. in Epic Games, Inc. v. Google LLC et al.*

Brian C. Rocca (SBN 221576)
brian.rocca@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Telephone: (415) 442-1000

Daniel M. Petrocelli (SBN 97802)
dpetrocelli@omm.com
**O'MELVENY & MYERS LLP**
1999 Avenue of the Stars
Los Angeles, CA 90067-6035
Telephone: (310) 553-6700

Ian Simmons (*pro hac vice*)
isimmons@omm.com
**O'MELVENY & MYERS LLP**
1625 Eye Street, NW
Washington, DC 20006
Telephone: (202) 383-5300

*Counsel for Defendants Google LLC et al.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION**<br><br>THIS DOCUMENT RELATES TO:<br><br>*Epic Games Inc. v. Google LLC et al.*, Case No. 3:20-cv-05671-JD<br><br>*In re Google Play Consumer Antitrust Litigation*, Case No. 3:20-cv-05761-JD<br><br>*In re Google Play Developer Antitrust Litigation*, Case No. 3:20-cv-05792-JD | Case No. 3:21-md-02981-JD<br><br>**STIPULATION AND [PROPOSED] ORDER REGARDING EXPERT STIPULATION**<br><br>Judge:  Hon. James Donato |

Upon the agreement of the parties in the above-captioned actions (the "Parties", and each individually, a "Party") regarding the scope of disclosures and discovery relating to all experts (testifying and non-testifying), the Court enters this Order:

1.    Except as specifically set forth and/or modified herein, the Parties shall comply with all of the requirements of Federal Rule of Civil Procedure 26 with regard to the scope of disclosures and discovery relating to all experts.

2.    Any expert retained in connection with the above-captioned actions shall be provided with a copy of this Order.

3.    The Parties agree that the only disclosures relating to retained experts (testifying and non-testifying) and consultants in the above-captioned actions shall be those pertaining only to testifying experts, resulting from and as required by Federal Rule of Civil Procedure 26(a)(2) as modified or limited by this Order.

4.    For purposes both of the disclosure requirement agreed at Paragraph 3 above and also for purposes of discovery relating to experts, the term "considered" as used in Federal Rule of Civil Procedure 26(a)(2)(B)(ii) and 26(b)(4)(C)(ii) shall be interpreted as "relied upon."

5.    Unless relied upon by a testifying expert as a basis for his or her opinion(s) expressed in final expert reports, declarations or other testimony in this litigation, the following categories of information, whether in documents,  communications, or other forms, shall not be discoverable:

    a.    The content of communications between a testifying expert and his or her staff;

    b.    The content of communications between, on the one hand, a testifying expert and his or her staff and, on the other hand, any other non-testifying experts or consultants and their staff;

    c.    The content of communications between, on the one hand, a testifying expert and his or her staff, and, on the other hand, the Party or Parties who retained that expert;

d.      The content of communications between, on the one hand, a testifying expert and his or her staff, and, on the other hand, any other testifying experts and their staff retained by the same Party or Parties; and

e.      Work product prepared by or at the direction of a testifying expert, other than a testifying expert's final report or declaration submitted in this litigation (including, but not limited to, notes, outlines, memoranda, research and analyses), as well as communications regarding that work product with that testifying expert's staff or any other non-testifying experts or consultants.

6.      The Parties shall not be obliged to include documents encompassed within the scope of Paragraph 5 above on any privilege log.

7.      Within three calendar days of service of an expert report, declaration, or affidavit, the Party or Parties submitting such report, declaration, or affidavit shall produce all the data, documents, and other information relied upon by the expert witness as a basis for the expert witness's opinion(s).  Data, documents, and other information relied upon by an expert witness shall include, but are  not limited to, all data, spreadsheets (including formulas embedded in spreadsheet cells, if applicable),   statistical analyses, regression analyses, input and output files for each program or computer code, programs, computer code, and other sources,  reports, schedules, literature, or websites.  A detailed readme file that explains (1) each of the source input files and Bates-numbered data files to be included in each specific folder of the backup production and (2) the specific order to run each program or computer code shall also be produced.  Bates numbered documents previously produced by any Party and documents that are publicly available need not be produced, but a list of any such documents identified by Bates number (and, for publicly available documents, the location where such materials can be located) shall be included with the information relied upon by the expert.  Neither Party needs to produce programs or software that (i) are publicly available at reasonable cost and within a reasonable time and (ii) are not practicable to copy, as long as the Party or Parties offering the expert's

STIPULATION AND [PROPOSED] ORDER GRANTING EXPERT STIPULATION
Case Nos. 3:21-md-02981-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:20-cv-05792-JD

1   opinion provide timely and reasonable access and instructions for purposes of replication or

2   analysis of disclosed results.  Documents that are publicly available must be identified but need

3   not be produced absent specific request.  Documents and data should be produced electronically

4   (via email or storage device such as hard drive or thumb drive) where appropriate.

5          8.      The production of information relied upon shall be sufficient for the opposing

6   Parties and experts to reconstruct and verify the expert's work, calculations, and analyses, and

7   shall include any instructions and guides necessary to assist in that effort.  The producing Party

8   also shall promptly answer reasonable technical inquiries about data, programs, or code prior to

9   the expert's deposition.

10          9.      Without prejudice to a party's rights under Federal Rule of Civil Procedure

11  26(b)(4)(D)(i) and (ii), all work product prepared by or at the direction of an expert or consultant

12  who is not expected to be called as a witness at trial (including, but not limited to, notes, outlines,

13  memoranda, reports, drafts, research and analyses), as well as communications by or among such

14  non-testifying experts or consultants or their staffs, shall not be discoverable through any means.

15          10.     Nothing in this Order shall limit or waive any Party's rights to object for any

16  reason to the admission of any opposing Party's expert testimony into evidence or to the

17  qualification of any person to serve as an expert witness.

18          11.     The requirements of Federal Rule of Civil Procedure 26(b)(4)(E) shall not apply in

19  this litigation.

20          12.     This Order may be amended only by a subsequent written stipulation among the

21  Parties or upon order of the Court.

22

23

24

25

26

27

28

STIPULATION AND [PROPOSED] ORDER GRANTING EXPERT STIPULATION
Case Nos. 3:21-md-02981-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:20-cv-05792-JD

1    **IT IS SO STIPULATED.**

2

3    Dated:  July 9, 2021                          CRAVATH, SWAINE & MOORE LLP
                                                        Christine Varney (*pro hac vice*)
4                                                       Katherine B. Forrest (*pro hac vice*)
                                                        Darin P. McAtee (*pro hac vice*)
5                                                       Gary A. Bornstein (*pro hac vice*)
                                                        Timothy G. Cameron (*pro hac vice*)
6                                                       Yonatan Even (*pro hac vice*)
                                                        Lauren A. Moskowitz (*pro hac vice*)
7                                                       Omid H. Nasab (*pro hac vice*)
                                                        Justin C. Clarke (*pro hac vice*)
8                                                       M. Brent Byars (*pro hac vice*)

9                                                    FAEGRE DRINKER BIDDLE & REATH LLP
                                                        Paul J. Riehle (SBN 115199)
10

11                                                   Respectfully submitted,

12                                                   By:    /s/  Yonatan Even
                                                              Yonatan Even
13

14                                                          *Counsel for Plaintiff Epic Games, Inc.*

15

16   Dated:  July 9, 2021                          BARTLIT BECK LLP
                                                        Karma M. Giulianelli
17
                                                     KAPLAN FOX & KILSHEIMER LLP
18                                                      Hae Sung Nam

19

20                                                   Respectfully submitted,

21                                                   By:    /s/  Karma M. Giulianelli
                                                              Karma M. Giulianelli
22

23                                                          *Co-Lead Counsel  for the Proposed Class in
                                                            In re Google Play Consumer Antitrust
24                                                          Litigation*

25

26

27

28

STIPULATION AND [PROPOSED] ORDER GRANTING EXPERT STIPULATION
Case Nos. 3:21-md-02981-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:20-cv-05792-JD

Dated:  July 9, 2021                    PRITZKER LEVINE LLP
                                             Elizabeth C. Pritzker

                                        Respectfully submitted,

                                        By:   /s/  Elizabeth C. Pritzker
                                                  Elizabeth C. Pritzker

                                        *Liaison Counsel  for the Proposed Class in*
                                        *In re Google Play Consumer Antitrust*
                                        *Litigation*

Dated:  July 9, 2021                    HAGENS BERMAN SOBOL SHAPIRO LLP
                                             Steve W. Berman
                                             Robert F. Lopez
                                             Benjamin J. Siegel

                                        SPERLING & SLATER PC
                                             Joseph M. Vanek
                                             Eamon P. Kelly
                                             Alberto Rodriguez

                                        Respectfully submitted,

                                        By:   /s/  Steve W. Berman
                                                  Steve W. Berman

                                        *Co-Lead Interim Class Counsel for the*
                                        *Developer Class and Attorneys for Plaintiff*
                                        *Pure Sweat Basketball*

STIPULATION AND [PROPOSED] ORDER GRANTING EXPERT STIPULATION
Case Nos. 3:21-md-02981-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:20-cv-05792-JD

Dated:  July 9, 2021                         HAUSFELD LLP
                                             Bonny E. Sweeney
                                             Melinda R. Coolidge
                                             Katie R. Beran
                                             Scott A. Martin
                                             Irving Scher


                                             Respectfully submitted,

                                             By:    /s/  Bonny E. Sweeney
                                                    Bonny E. Sweeney

                                             *Co-Lead Interim Class Counsel for the
                                             Developer Class and Attorneys for Plaintiff
                                             Peekya App Services, Inc.*

Dated:  July 9, 2021                         MORGAN, LEWIS & BOCKIUS LLP
                                             Brian C. Rocca
                                             Sujal J. Shah
                                             Minna L. Naranjo
                                             Rishi P. Satia
                                             Michelle Park Chiu

                                             O'MELVENY & MYERS LLP
                                             Daniel M. Petrocelli
                                             Ian Simmons
                                             Benjamin G. Bradshaw
                                             Stephen J. McIntyre

                                             Respectfully submitted,

                                             By:    /s/  Daniel M. Petrocelli
                                                    Daniel M. Petrocelli

                                             *Counsel for Defendants Google LLC et al.*

STIPULATION AND [PROPOSED] ORDER GRANTING EXPERT STIPULATION
Case Nos. 3:21-md-02981-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:20-cv-05792-JD

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **E-FILING ATTESTATION**

   I, Daniel M. Petrocelli, am the ECF User whose ID and password are being used to file this document.  In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that each of the signatories identified above has concurred in this filing.


      /s/  Daniel M. Petrocelli

      Daniel M. Petrocelli


      * * *

STIPULATION AND [PROPOSED] ORDER GRANTING EXPERT STIPULATION
Case Nos. 3:21-md-02981-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:20-cv-05792-JD

1    **PURSUANT TO STIPULATION, IT IS SO ORDERED**

2

3    DATED: _____    _____

4                                      HON. JAMES DONATO

5                                      United States District Court Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION AND [PROPOSED] ORDER GRANTING EXPERT STIPULATION
Case Nos. 3:21-md-02981-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:20-cv-05792-JD