Karma M. Giulianelli (SBN 184175)
karma.giulianelli@bartlitbeck.com
**BARTLIT BECK LLP**
1801 Wewatta St., Suite 1200
Denver, Colorado 80202
Telephone: (303) 592-3100

Hae Sung Nam (*pro hac* vice)
hnam@kaplanfox.com
**KAPLAN FOX & KILSHEIMER LLP**
850 Third Avenue
New York, NY 10022
Telephone: (212) 687-1980

*Co-Lead Counsel for the Proposed Class in In re Google Play Consumer Antitrust Litigation*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **IN RE GOOGLE PLAY CONSUMER ANTITRUST LITIGATION**<br><br>RELATED ACTIONS:<br><br>*Epic Games Inc. v. Google LLC et al.*, Case No. 3:20-cv-05671-JD<br><br>*In re Google Play Developer Antitrust Litigation*, Case No. 3:20-cv-05792-JD<br><br>*State of Utah, et. al., v. Google LLC, et. al.*, Case No. 3:21-cv-05227-JD | No. 3:20-CV-05761-JD<br><br>**DECLARATION OF KARMA M. GIULIANELLI IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL AND NOTICE OF LODGING PURSUANT TO CIVIL LOCAL RULE 79-5**<br><br>Judge: Hon. James Donato |

I, Karma M. Giulianelli, declare as follows:

1. I am an attorney duly admitted to practice in the State of California and before this Court. I am a partner at Bartlit Beck LLP, Co-Lead Counsel for the Proposed Class in this action. I make this declaration in support of Plaintiffs' Administrative Motion to File Documents Under Seal and Notice of Lodging pursuant to Civil Local Rule 79-5. The facts set forth herein are within my personal knowledge and if called as a witness, I could and would competently testify to them.

2. Pursuant to §§ 2.2, 2.8, and 5.2 of the parties' Stipulated Protective Order ("Protective Order") (Dkt. 34), a party may designate as "Confidential" or "Highly Confidential" information that qualifies for protection under the terms of those sections. Pursuant to §§ 7.2 and 7.3 of the Protective Order, disclosure of such information may be allowed only to the categories of persons and under the conditions described in those sections of the Protective Order, which includes the Court.

3. In their Consolidated First Amended Complaint ("FAC"), Plaintiffs have included references or quotations from materials that Defendant Google has designated as "Confidential" or "Highly Confidential" under the terms of the Protective Order. Accordingly, Plaintiffs seek to file the unredacted FAC under seal initially, and together with the accompanying motion, give Google notice of lodging the same pursuant to Civil Local Rule 79-5.

4. The redacted, public version of the FAC is attached as **Exhibit 1**, and the unredacted version of the FAC is attached as **Exhibit 2**. The specific portions of the FAC that are redacted in the public version are highlighted in yellow in the unredacted version, and contain references to the confidential material as follows:

| FAC Paragraph | Corresponding Page and Line Number(s) |
|---|---|
| ¶ 17 | 5:13-14, excluding "Internally, Google freely admits that its" and "and is an" |
| ¶ 17 n. 1 | 5:26, excluding "what it has internally called its" and "fee. As of July 1, 2021, Google allowed developers to register" |
| ¶ 50 | 12:24, excluding "utilize a pre-installed app store to purchase and download apps. Indeed, only" and "of active android" |
| ¶ 76 | 17:28, excluding "Android app store, except the Google Play Store, is pre-installed on more than" and "of Android"<br>18:3, excluding "comes pre-installed on no more than" and "of Android mobile devices" |
| ¶ 82 | 19:4-5, excluding "Store generated revenues of," "accounting for over," and "percent of the company's total revenue in that year of" |
| ¶ 84 | 19:22-25, excluding "(emphasis added)" |
| ¶ 85 | 19:27-20:9, excluding "important applications," and "In short, Google would hobble Galaxy as a potential competitor." |
| ¶ 86 | 20:10-15, excluding "The plan specifically called for Google to" and "allowing" |
| ¶ 87 | 20:19-22, excluding "In return for Samsung agreeing" |
| ¶ 88 | 20:23-26, excluding "The Galaxy Store" |
| ¶ 89 | 21:2-8, excluding "restrictive OEM agreements alone," "While the vast majority of developers have no such choice," and "Those incentives have ensured not only" |
| ¶ 105 | 24:16-18, excluding "2009, Google told a major OEM that" and "(internal quotes in original)" |

| FAC Paragraph | Corresponding Page and Line Number(s) |
|---|---|
| ¶ 106 | 24:19-23, excluding "A more recent internal planning memorandum" |
| ¶ 109 | 25:11, excluding "mobile device. Android OEMs must further pre-install up to" and "mandatory Google apps and locate"<br>25:13-16, excluding "mobile device that otherwise could be occupied by competing app stores or other services" |
| ¶ 110 | 25:18-21, excluding "for flexibility" |
| ¶ 111 | 25:24-26, excluding "Google has noted" |
| ¶ 113 | 26:8, excluding "placement, something that Google currently forbids. Google's contracts, covering over" and "of" |
| ¶ 115 | 26:24-27:2, excluding "restrictions. For instance, in 2014," |
| ¶¶ 116-17 | 27:3-14 |
| ¶ 118 | 27:15-16, excluding "So, Google updated its DDA and altered Section"<br>27:19-21, excluding "devices outside of Google Play." |
| ¶ 119 | 27:22-24, excluding "At the same time," |
| ¶ 120 | 27:26-28:2, excluding "choice of applications that an OEM preloads or installs on a device. For instance," |
| ¶ 121 | 28:4-8, excluding "For instance, when" |
| ¶ 123 | 28:16-26, excluding "any Google apps or products" |
| ¶ 128 | 29:17-22 |
| ¶ 129 | 29:23-28, excluding "Indeed," |
| ¶ 130 | 30:1-5 |
| ¶ 131 | 30:9-10, excluding "in a 2014 presentation," |
| ¶ 132 | 30:14-15 |

| FAC Paragraph | Corresponding Page and Line Number(s) |
|---|---|
| ¶ 133 | 30:16-19 |
| ¶ 134 | 30:21-23, excluding "Amazon, Google noted in an internal strategy document that it would respond by" |
| ¶ 135 | 30:24-31:3 |
| ¶ 136 | 31:4-7, excluding "Discovery is ongoing. Though Google's internal documents show that over," "it remains to be seen exactly how many OEMs have entered," and "Google's intent, however, is clear:" |
| ¶ 137 | 31:11-17, excluding "mobile network operator agreements. As candidly described by a Google employee:" |
| ¶ 138 | 31:19-20, excluding "per year by 2023" |
| ¶ 144 | 32:18-25, excluding "In 2014," |
| ¶ 154 | 35:3-5 |
| ¶ 155 | 35:8, excluding "Google's internal documents, a full" and "of devices worldwide maintain the default setting" |
| ¶ 156 | 35:12, excluding "has intentionally created" and "for installing apps from what it deemed 'unknown" |
| ¶ 158 | 36:3-11, excluding "security theatre. Google internal documents explain that tagging an app as 'unknown'" |
| ¶ 159 | 36:14-18, excluding "Google recognized that," and "By 2016, Google had," |
| ¶ 160 | 36:19-28, excluding "In 2017, Google also discussed additional ways to," and "That same year," |
| ¶ 185 | 42:8-14, excluding "In addition," and "The ability to choose a non-Google payments system for in-app transactions could |

| FAC Paragraph | Corresponding Page and Line Number(s) |
|---|---|
| | save a developer, and hence consumers, tens of millions of dollars. Indeed," |
| ¶ 187 | 42:24-27 |
| ¶ 193 | 44:7, excluding "processing. For example, the 30% commission is far higher than the" and "revenue share that Google" |
| ¶ 194 | 44:11-13, excluding "Google's internal documents recognize that" |
| ¶ 195 | 44:14-15, excluding "In fact, internally," |

5. At this time, Plaintiffs take no position on whether all referenced material warrants sealing, but nonetheless submit their request to seal and the notice of lodging the unredacted version of the FAC in compliance with the Protective Order and Civil Local Rule 79-5.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on this 21st day of July, 2021 at Denver, Colorado.

*/s/ Karma M. Giulianelli*