UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Civil Minutes

Date: July 22, 2021            Judge: Hon. James Donato

Time: 34 Minutes

Case No.     **3:21-md-02981-JD**
Case Name    **In re Google Play Store Antitrust Litigation**

Attorney(s) for Plaintiff(s):    Karma Giulianelli/Hae Sung Nam/Elizabeth C. Pritzker/
                                   Gary Bornstein/Yonatan Even/Ted Wojcik/Paula Blizzard/
                                   Melinda Coolidge
Attorney(s) for Defendant(s):   Brian Rocca/Daniel Petrocelli

Court Reporter: Debra Pas

Deputy Clerk: Lisa Clark

PROCEEDINGS

Status Conference -- Held (by remote access)

NOTES AND ORDERS

The Court welcomes the State, Commonwealth, and District plaintiffs to the Northern District of California. It discusses the case with all parties, including counsel for the State of California in the newest MDL member case, *State of Utah et al. v. Google LLC et al.*, No. 21-cv-05227-JD.

I. CASE SCHEDULE

The parties will jointly file by August 13, 2021, a new proposed case schedule, with attention to these additional issues:

- The parties should designate a regular Thursday (*e.g.*, the third Thursday) for the monthly status conferences. The parties may request to cancel any status conferences they think are not necessary. Parties may attend the conferences by proxy, but each proxy must have full decision-making authority for the party it is appearing for.

- The schedule should include proposals for *Daubert*/expert hot tub proceedings as discussed. *See* Dkt. No. 39.

1

- For trial, counsel in the cases originating outside this District should advise the Court of their position on a waiver of remand under *Lexecon Inc. v. Milberg Weiss*, 523 U.S. 26 (1998). The parties should advise the Court on the continued feasibility of the April 2022 trial date. They should also discuss and respond to the Court's proposal of one consolidated trial on liability, to be followed as warranted by one or more trials damages. The goal is to avoid trying the same liability questions more than once. The Court intends to have a firm trial plan in place by September 2021.

As the Court hopes it made clear, a jury trial is the paramount mechanism for dispute resolution in our federal judicial system. To that end, as a general organizing principle, the Court intends to first utilize a jury as the finder of fact for issues common to the legal and equitable claims. *See Tull v. United States*, 481 U.S. 412, 425 (1987); Fed. R. Civ. P. 39. The Court would then take up equitable claims after the jury verdict. *See Dairy Queen, Inc. v. Wood,* 369 U.S. 469, 479 (1962); *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 510 (1959). To the extent an equitable claim is independent of the legal claims, that would also be taken up by the Court after the jury verdict. *See Dollar Sys., Inc. v. Avcar Leasing Sys., Inc.*, 890 F.2d 165, 170-71 (9th Cir. 1989). Put plainly, a jury trial will always precede, and likely constrain, a bench trial on equitable claims.

## II. PROPOSED COMPLAINT REDACTIONS

Plaintiffs in the *Utah* action, No. 21-5227, filed a redacted complaint but failed to file an administrative motion to seal that attaches an unredacted version of the complaint. The Consumer Plaintiffs and Developer Plaintiffs failed to file redacted versions of their amended complaints as separate documents on the ECF docket. These filing shortfalls should be corrected promptly.

For all four complaints (*Utah* complaint; Consumer Plaintiffs' amended complaint; Developer Plaintiffs' amended complaint; and Epic's amended complaint), Google will file by August 5, 2021, an omnibus response on the proposed sealing. Google is advised that for any portions of the complaints for which Google requests sealing, it will need to make a persuasive showing that sealing is appropriate under the governing standards. Complaints are foundational case documents to which the public has a strong right of access, especially in a case such as this one.

## III. GOOGLE'S RESPONSE TO COMPLAINTS

Google need not file responses to the Consumer Plaintiffs' amended complaint, Developer Plaintiffs' amended complaint, Epic's amended complaint, or the *Utah* complaint other than its forthcoming motions to dismiss. The schedule for those motions to dismiss should be included in the parties' proposed global case schedule.

### IV.   EPIC'S REQUEST TO INCREASE NUMBER OF IN-HOUSE COUNSEL WHO MAY REVIEW "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" DOCUMENTS

Epic requests to increase by one (to a total of three) the number of Designated House Counsel who may review "Highly Confidential -- Attorneys' Eyes Only" documents pursuant to §7.3(b) of the Stipulated Protective Order, Dkt. No. 34.  Google objects to the request.

Epic and Google are directed to further meet and confer.  If they are unable to reach an agreement, they may file a joint statement by July 29, 2021, requesting the Court's resolution of the issue.  The statement should include the volume of documents that have been designated "Highly Confidential" thus far, and a detailed explanation of why the two Designated House Counsel are not enough for Epic.