| | |
|---|---|
| Brian C. Rocca, Bar No. 221576<br>brian.rocca@morganlewis.com<br>Sujal J. Shah, Bar No. 215230<br>sujal.shah@morganlewis.com<br>Michelle Park Chiu, Bar No. 248421<br>michelle.chiu@morganlewis.com<br>Minna Lo Naranjo, Bar No. 259005<br>minna.naranjo@morganlewis.com<br>Rishi P. Satia, Bar No. 301958<br>rishi.satia@morganlewis.com<br>**MORGAN, LEWIS & BOCKIUS LLP**<br>One Market, Spear Street Tower<br>San Francisco, CA 94105-1596<br>Telephone: (415) 442-1000<br>Facsimile:  (415) 442-1001<br><br>Richard S. Taffet, *pro hac vice*<br>richard.taffet@morganlewis.com<br>**MORGAN, LEWIS & BOCKIUS LLP**<br>101 Park Avenue<br>New York, NY  10178-0060<br>Telephone: (212) 309-6000<br>Facsimile: (212) 309-6001<br><br>Willard K. Tom, *pro hac vice*<br>willard.tom@morganlewis.com<br>**MORGAN, LEWIS & BOCKIUS LLP**<br>1111 Pennsylvania Avenue, NW<br>Washington, D.C.  20004-2541<br>Telephone: (202) 739-3000<br>Facsimile: (202) 739-3001 | Daniel M. Petrocelli, Bar No. 97802<br>dpetrocelli@omm.com<br>**O'MELVENY & MYERS LLP**<br>1999 Avenue of the Stars, 7th Fl.<br>Los Angeles, CA 90067-6035<br>Telephone: (310) 553-6700<br><br>Ian Simmons, *pro hac vice*<br>isimmons@omm.com<br>Benjamin G. Bradshaw, Bar No. 189925<br>bbradshaw@omm.com<br>**O'MELVENY & MYERS LLP**<br>1625 Eye Street, NW<br>Washington, DC 20006-4001<br>Telephone: (202) 383-5106<br>Facsimile: (202) 383-5414<br><br>E. Clay Marquez, Bar No. 268424<br>emarquez@omm.com<br>**O'MELVENY & MYERS LLP**<br>Two Embarcadero Center, 28th Floor<br>San Francisco, CA 94111<br>Telephone: (415) 984-8700<br>Facsimile: (415) 984-8701<br><br>Stephen J. McIntyre, Bar No. 274481<br>smcintyre@omm.com<br>**O'MELVENY & MYERS LLP**<br>400 South Hope Street, 18th Floor<br>Los Angeles, CA  90071-2899<br>Telephone: (213) 430-6000<br>Facsimile: (213) 430-6407 |

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION**<br><br>THIS DOCUMENT RELATES TO:<br><br>*Epic Games, Inc. v. Google LLC*, Case No. 3:20-cv-05671-JD<br><br>*In re Google Play Consumer Antitrust Litigation*, Case No. 3:20-cv-05761-JD<br><br>*In re Google Play Developer Antitrust Litigation*, Case No. 3:20-cv-05792-JD<br><br>*Utah v. Google LLC*, Case No. 3:21-cv-05227-JD | Case No. 3:21-md-02981-JD<br><br>**ADMINISTRATIVE MOTION IN RESPONSE TO MOTIONS TO SEAL PORTIONS OF COMPLAINTS**<br><br>Judge James Donato |

## I. INTRODUCTION

Google is mindful of the Court's guidance about sealing motions and has taken a targeted approach to this submission to permit necessary access to Court records while protecting highly sensitive information where there is a compelling need to do so. The grounds for sealing are set forth in the accompanying Declaration of Andrew Rope ("Rope Declaration").

The confidential and highly sensitive information subject to sealing is contained in the four main complaints that comprise this Multi-District Litigation (MDL) proceeding. Defendants Google LLC et al. therefore request that the Court issue an administrative order authorizing the sealing of *limited* portions of the complaints that contain Google's confidential and commercially sensitive information sourced from internal, non-public Google documents. Google has carefully reviewed the complaints and seeks to seal only specific portions that disclose non-public information that, if made public, would competitively harm Google and/or third parties. Consistent with the Court's admonition, Google is not contesting the unsealing of close to half of the allegations that the plaintiffs have submitted under seal in redacted form to date.

## II. LEGAL STANDARD

Local Rule 79-5 provides that documents, or portions thereof, may be sealed if a party "establishes that the documents, or portions thereof, are privileged, protectable as a trade secret, or otherwise entitled to protection under the law." Civ. L. R. 79-5(b).

While courts apply a "strong presumption in favor of access" to court records, "[i]n general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to ... release trade secrets." *Kamakana v. City and Cty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (*quoting Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). Sealing can be justified to prevent judicial documents from being used as business information that might harm a litigant's competitive standing. *In re High-Tech Employee Antitrust Litig.*, No. 11–CV–02509–LHK, 2013 WL 163779, at *1 (N.D. Cal. Jan. 15, 2013). Sealing is also warranted "when a court record might be used to 'gratify private spite or

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

Case Nos. 3:21-md-02981-JD;
3:20-cv-05671-JD; 3:20-cv-05761-JD;
3:20-cv-05792-JD; 3:21-cv-05227-JD

ADMINISTRATIVE MOTION IN RESPONSE TO MOTIONS TO SEAL PORTIONS OF COMPLAINTS

promote public scandal,' to circulate 'libelous' statements, or 'as sources of business information that might harm a litigant's competitive standing.'" *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (*quoting Nixon* at 598-99).

The Court further may properly limit disclosure of trade secrets "or other confidential research, development, or commercial information." Fed. R. Civ. Proc. 26(c)(1)(G); *Nutratech, Inc. v. Syntech (SSPF) Int'l, Inc.*, 242 F.R.D. 552, 555 n.4 (C.D. Cal. 2007) (customer/supplier lists and sales and revenue information qualify as "confidential commercial information"); *see also Apple Inc. v. Psystar Corp.*, 658 F3d 1150, 1162 (9th Cir. 2011) (safeguarding trade secrets overcomes presumption against sealing order).

### III.    ARGUMENT

Google seeks to maintain under seal only limited and narrow portions of the voluminous allegations in the complaints. Google does not even seek to seal approximately half of the information the plaintiffs have currently redacted.[1] The select information Google seeks to seal is the type that the Ninth Circuit has held to properly be kept under seal. *In re Elec. Arts, Inc.*, 298 F. App'x 568 (9th Cir. 2008), held that "commercially sensitive information" such as "pricing terms, royalty rates, and guaranteed minimum payment terms" are sealable even during trial, much less in an unsworn complaint. *Id*. at 569; *see also Apple, Inc. v. Samsung Elecs. Co.*, No. 11-CV-01846-LHK, 2013 WL 5693759, at *2 (N.D. Cal. Oct. 15, 2013) (same); *Sun Microsystems Inc. v. Network Appliance*, No. C–08–01641–EDL, 2009 WL 5125817, at *9 (N.D. Cal Dec. 21, 2009) (sealing confidential business information, which if disclosed could cause harm to the parties). This information retains independent economic value from not being generally known to, and not being readily ascertainable through proper means to the general public. 18 U.S.C. § 1839(3)(B).

If disclosed, the information Google seeks to keep under seal would cause it competitive and commercial harm because it would provide competitors and actual or potential counterparties insights into Google's business that they would not otherwise have, and could disadvantage

---

[1] Google reserves all rights to seek further sealing of the underlying documents that Plaintiffs selectively quote in their Complaints and will, if necessary, address such further sealing at the appropriate time.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

Case Nos. 3:21-md-02981-JD;
3:20-cv-05671-JD; 3:20-cv-05761-JD;
3:20-cv-05792-JD; 3:21-cv-05227-JD

ADMINISTRATIVE MOTION IN RESPONSE TO MOTIONS TO SEAL PORTIONS OF COMPLAINTS

Google in future negotiations with potential counter-parties and customers. *See Nixon*, 435 U.S. at 598 ("[C]ourts have refused to permit their files to serve as … sources of business information that might harm a litigant's competitive standing"); *In re Elec. Arts, Inc.*, 298 Fed. App'x at 569-70.

As detailed in the attached Rope Declaration, select portions of the complaints are sealable because they contain information relating to confidential business strategies, confidential discussions and terms of agreements with third-parties, and exceptionally sensitive commercial information that might harm Google's competitive standing. Controlling authorities, the Federal Rules, and the Local Rules provide that these portions of the complaints should properly be redacted and sealed.

**IV.   CONCLUSION**

For the foregoing reasons, Google respectfully requests that this Court keep the portions of the Complaints identified in the Rope Declaration and the accompanying Proposed Order under seal.

Dated: August 5, 2021                                    MORGAN, LEWIS & BOCKIUS LLP

By: */s/ Geoffrey T. Holtz*

GEOFFREY T. HOLTZ
*Attorneys for Defendants*

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

Case Nos. 3:21-md-02981-JD;
3:20-cv-05671-JD; 3:20-cv-05761-JD;
3:20-cv-05792-JD; 3:21-cv-05227-JD

ADMINISTRATIVE MOTION IN RESPONSE TO MOTIONS TO SEAL PORTIONS OF COMPLAINTS