Brian C. Rocca, S.B #221576
brian.rocca@morganlewis.com
Sujal J. Shah, S.B #215230
sujal.shah@morganlewis.com
Michelle Park Chiu, S.B #248421
michelle.chiu@morganlewis.com
Minna Lo Naranjo, S.B #259005
minna.naranjo@morganlewis.com
Rishi P. Satia, S.B #301958
rishi.satia@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
One Market, Spear Street Tower
San Francisco, CA 94105
Telephone: (415) 442-1000
Facsimile: (415) 422-1001

Richard S. Taffet, *pro hac vice*
richard.taffet@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
101 Park Avenue
New York, NY 10178
Telephone: (212) 309-6000
Facsimile: (212) 309-6001

Daniel M. Petrocelli, S.B. #97802
dpetrocelli@omm.com
Stephen J. McIntyre, S.B. #274481
smcintyre@omm.com
**O'MELVENY & MYERS LLP**
1999 Avenue of the Stars
Los Angeles, California  90067
Telephone: (310) 553-6700
Facsimile: (310) 246-6779

Ian Simmons, *pro hac vice*
isimmons@omm.com
Benjamin G. Bradshaw, S.B. #189925
bbradshaw@omm.com
**O'MELVENY & MYERS LLP**
1625 Eye Street, NW
Washington, DC 20006
Telephone: (202) 383-5300
Facsimile: (202) 383-5414

*Attorneys for Defendants Google LLC, et al.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION**<br><br>THIS DOCUMENT RELATES TO:<br><br>*In re Google Play Consumer Antitrust Litigation*, Case No. 3:20-cv-05761-JD<br><br>*In re Google Play Developer Antitrust Litigation*, Case No. 3:20-cv-05792-JD<br><br>*State of Utah, et al. v. Google LLC, et al.*, Case No. 3:21-cv-05227-JD | Case No. 3:21-md-02981-JD<br><br>**DECLARATION OF BRIAN C. ROCCA IN SUPPORT OF:**<br><br>**DEFENDANTS' EMERGENCY MOTION TO STAY;**<br><br>**STIPULATION AND [PROPOSED] ORDER SHORTENING TIME PER LOCAL RULE 6-2(a); and**<br><br>**RENEWED APPLICATION TO SEAL**<br><br>Place:  Courtroom 11, 19th Floor<br>Judge:  Hon. James Donato |

Case Nos. 3:21-md-02981-JD; 3:20-cv-05761-JD;
3:20-cv-05792-JD; 3:21-cv-05227-JD

DECLARATION OF BRIAN C. ROCCA

**DECLARATION OF BRIAN C. ROCCA**

I, Brian C. Rocca, declare as follows:

1. I am an attorney admitted to practice law in California and before this Court. I am a partner at Morgan, Lewis & Bockius LLP, counsel of record for Defendants Google LLC, Google Payment Corp., Google Ireland Limited, Google Commerce Ltd., and Google Asia Pacific Pte. Ltd. (collectively, "Google") in the above-captioned matter. I submit this declaration in support of Google's: Emergency Motion to Stay; the parties' Stipulation and Proposed Order Shortening Time Per Local Rule 6-2(a); and Renewed Application to Seal. Except as otherwise stated, all of the facts set forth herein are known to me personally, and, if called as a witness, I could and would testify competently to them.

2. On August 5, 2021, Google filed a request to seal certain portions of the four complaints in this MDL. *See* Case No. 21-md-02981-JD ("MDL"), Dkt. 74. In accordance with Local Rules, Google submitted a 31-page declaration that addressed on an item-by-item basis the specific information subject to seal, and the reasons for the sealing. *Id*. Google also submitted redacted versions of the exhibits to the supporting declaration. MDL Dkts. 74-3, 74-5, 74-7, 7-9. Google was selective in its request. It agreed to seek sealing for approximately half of the material that had been provisionally sealed by Plaintiffs. MDL Dkt. 74.

3. On August 10, 2021, Epic filed a response to Google's submission. MDL Dkt. 75. Google responded and objected to the response on August 11, 2021. MDL Dkt No. 76. In that response, Google requested leave to file additional information if the Court required more detail in connection with the sealing request:

> Mr. Rope's declaration comports with Local Rule 79-5 and the practice in this District, but, if the Court believes that Google should support its request with either a supplemental declaration or additional detail in support of its sealing request, Google can provide such additional support and requests leave to do so.

4. On August 18, 2021 at 5:06 p.m., this Court issued an Order re Sealing of Complaints (the "August 18 Order"), denying in its entirety Google's motion to seal portions of

the four separate complaints in the MDL, and directing Plaintiffs to file unredacted versions of their complaints within seven days, or no later than August 25, 2021.  MDL Dkt. 79.

5. In light of the directive that Plaintiffs should file the unredacted complaints *within seven days*, I immediately attempted to make contact with counsel for Plaintiffs by telephone and email to request their agreement to hold off on filing unredacted versions of their complaint to provide Google with a fair opportunity to seek relief from the order.

6. Over the course of the next two hours, I was able to make contact with counsel for each of the Plaintiff-groups, and I specifically requested that Plaintiffs temporarily hold their unredacted complaints in abeyance.  I made it clear that Google intended to seek emergency relief and needed an opportunity to prepare and file emergency motion papers.  At the suggestion of counsel for the States, a call was scheduled on August 19 at 9:30 a.m. Pacific.

7. On August 19, I participated in a call with counsel for all Plaintiffs.  I again stated Google's intention to file that same day an emergency request to stay the August 18 Order to provide Google with an opportunity to file a renewed request to seal in response to the August 18 Order, and, alternatively, to seek review at the Ninth Circuit.

8. I asked each counsel for their agreement to temporarily hold their unredacted complaints in abeyance so Google had an opportunity to maintain the status quo and avoid irreparable harm.  Counsel for the Consumer Plaintiffs, the Developer Plaintiffs, and the State Attorneys General each preliminarily indicated that the request was reasonable, suggested they were inclined to accommodate it, and agreed to promptly confer with their co-counsel and report back to me.  Counsel for the States requested that I send a follow-up email after the conference so he could share it with his colleagues.  Counsel for Epic acknowledged the request, advised they would speak to their client, but did not provide a definitive answer about whether Epic would refrain from filing its unredacted complaint while Google sought emergency relief.

9. Shortly after the call, I sent the following email:

> Thank you for joining the call this morning.  As discussed, Google is requesting your agreement to not file the unredacted complaints any earlier than you are required to file, in order to give Google [] an opportunity to file emergency papers with the Court seeking a temporary stay of the sealing order and to allow time for the Court to consider that request.  The stay is

> intended to avoid irreparable harm and to maintain the status quo to provide Google with an opportunity to present a renewed motion to seal in light of the Court's order, or, alternatively, an appeal to the Ninth Circuit.  As I advised, we are preparing the emergency papers, and we request your agreement to Google's request to shorten time, so that the papers can be considered before the complaints are refiled in unredacted form on the docket.  Thank you.

10. On August 19, 2021, almost simultaneous with my sending the above email, and without prior warning, Epic proceeded to file its unredacted First Amended Complaint.  There were over six days remaining on the Court's deadline to file the complaint.

11. Soon after Epic filed its complaint, counsel for each of the Developers, Consumers and States replied to my email and confirmed that, despite Epic's decision to file, they would agree to hold off on the filing of their complaint to permit Google time to file the motion to stay.

12. On August 20, 2021, Google filed an Emergency Motion to Stay the Court's August 18, 2021 Order (the "Motion for Stay") and a Renewed Application to Seal.

13. As Google explains in the Motion for Stay, if the Court's August 18 Order is not stayed, the Consumer Plaintiffs, the Developer Plaintiffs, and the States will be required to file unredacted complaints by August 25, 2021, before Google is able to pursue available relief in connection with the August 18 Order.  The public disclosure of highly sensitive and confidential business information would cause irreparable harm to Google's position in the marketplace by making available to Google's competitors and counterparties nonpublic material concerning Google's business dealings and strategies.

14. Under the default timeline provided in the Local Rules, it would take approximately 35 days for Google's Motion to Stay to be fully briefed and heard.  *See* N.D. Cal. L.R. 7-2(a).  In other words, the Plaintiffs' deadline for filing unredacted complaints would come and go before the Motion to Stay would be ripe for this Court's decision.  The filing of unredacted complaints would effectually render the Renewed Application to Seal moot, depriving Google of its ability to seek relief from the August 18 Order.

15. In accordance with Local Rule 6-2(a)(2), this is the first request to shorten time filed in this MDL.  Attached as Exhibit A is a listing of prior extensions of time in the MDL.

16. Because the Order is separate from and does not affect the merits of the case, the

requested time modification would have no effect on the case schedule.

17. Before filing the Motion to Stay, Google sought and obtained a stipulation to the requested time change. On August 19, counsel for the Developer Plaintiffs, the Consumer Plaintiffs, and the State Attorneys General agreed to Google's request to shorten time, as follows:

> <u>Aug. 20 by 1 p.m. PT</u>: Google files motion to stay
> <u>Aug. 23</u>: Plaintiffs file responses, if any, to the motion to stay
> <u>Aug. 24</u>: Google files a reply, if any, in support of the motion to stay
> <u>Aug. 25</u>: Court hears argument on motion to stay, if necessary

18. The schedule is shortened to accommodate the briefing in advance of the expiration of the seven days from the Court's August 18 Order.

19. On August 20, 2021, Google is filing a Renewed Application to Seal, supported by the Declaration of Christian Cramer. Exhibits A, B, and C to the Cramer Declaration will be filed under seal; those exhibits highlight for the Court the materials that Google seeks to seal in its Renewed Application. To avoid waiver of its appellate rights with respect to the prior sealing request and subsequent order (MDL Dkts. 74, 79), Google is unable to submit at this time redacted versions of Exhibits A, B, and C (on the public docket), because doing so would reveal certain information that may be subject to appeal. Upon the Court's order on Google's Renewed Application to Seal, Google's counsel will promptly meet and confer with counsel for the Developer Plaintiffs, the Consumer Plaintiffs, and the State Attorneys General, regarding the filing of redacted versions of the Exhibits on the public dockets.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on August 20, 2021 in San Francisco, CA.

                                                                                                 /s/ Brian C. Rocca
                                                                                                  Brian C. Rocca

# EXHIBIT A

## PREVIOUS TIME MODIFICATIONS

| Date | Dkt. No. (Case No.) | Description |
| --- | --- | --- |
| September 10, 2020 | 37 (3:20-cv-05792-JD) | Stipulation regarding extension of time for defendants to respond to developer class complaint from September 11, 2020 to October 26, 2020. |
| September 14, 2020 | 32 (3:20-cv-05761-JD) | Stipulation regarding extension of time for defendants to respond to consumer class complaint from September 29, 2020 to October 26, 2021. |
| September 17, 2020 | 49 (3:20-cv-05671-JD) | Stipulation regarding extension of time for defendants to respond to Epic Games, Inc. complaint from September 25, 2020 to October 26, 2021. |
| August 17, 2021 | 78 (3:21-md-02981-JD) | Order establishing the parties' jointly proposed schedule for Google's motion to dismiss Plaintiffs amended complaints. |