UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re Google Play Store Antitrust Litigation | Case No. 21-md-02981-JD<br><br>**ORDER RE MOTION TO STAY AND RENEWED APPLICATION TO SEAL** |

In a prior order, the Court denied the Google defendants' request to seal portions of the four complaints, which would have limited the public's right of access to the court proceedings in this high-profile multidistrict antitrust litigation. Dkt. No. 79. The reasons for the denial were straightforward. "[J]udicial records are public documents almost by definition, and the public is entitled to access by default." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (citation omitted); *see also Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (when considering a request to seal, "we start with a strong presumption in favor of access to court records.") (quotation omitted). As the party seeking to seal the complaints, Google had "the burden of overcoming this strong presumption by meeting the 'compelling reasons' standard." *Kamakana*, 447 F.3d at 1178 (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)); *see also Center for Auto Safety*, 809 F.3d at 1098 (our precedent presumes that the "'compelling reasons' standard applies to *most* judicial records.") (quoting *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677-78 (9th Cir. 2009)) (emphasis added in *Center for Auto Safety*).

To seal portions of the complaints -- the documents that are the heart of this, and every, lawsuit -- Google was required to "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure."

*Kamakana*, 447 F.3d at 1178-79 (cleaned up); *see also Pintos*, 605 F.3d at 678-79 (same); *Johnstech Int'l Corp. v. JF Microtechnology SDN BHD*, No. 14-cv-02864-JD, 2016 WL 4091388, at *1 (N.D. Cal. Aug. 2, 2016) (party must provide "specific, individualized reasons for the sealing"). Conclusory statements by a party about potential harm from public disclosure, or mere hypothesis or conjecture, will not do. *Kamakana*, 447 F.3d at 1179; *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995). The fact that the parties may have designated a document as confidential under a stipulated protective order is also not enough to justify sealing. "Such blanket orders" are inherently overbroad and do not provide the "particularized showing" required to seal any individual court record. *See San Jose Mercury News, Inc. v. United States District Court*, 187 F.3d 1096, 1103 (9th Cir. 1999). In addition, different interests are at stake with the right of access to court records than with the production of documents during discovery. *See Kamakana*, 447 F.3d at 1180.

Google had an ample opportunity to demonstrate a compelling reason for sealing, and squandered it. The governing standards summarized here have been well-established for many years, and our District's local rules clearly state the procedures for Google to follow in making its case. *See* Civil L.R. 79-5. Even so, Google presented nothing but generic and boilerplate statements for its sealing requests. It gestured at its internal confidentiality practices as a ground for sealing, which was nothing more than an *ipse dixit* rationale. *See* Dkt. No. 79 at 2. It mentioned the protective orders entered in the litigation as a basis, but that carried little weight. *See id* and *supra*. The "factual showing" it proffered was a declaration by a "Senior Legal Project Manager" at Google stating that the disclosure of "non-public information" could, "[i]f revealed to competitors and potential business counterparties, . . . disadvantage Google in marketing and in negotiations." Dkt. No. 74-1. This was literally all Google said with respect to meeting the requirement of a specific factual demonstration of a compelling reason, and it repeated the same statement over 140 times in the declaration, without any further commentary or evidence. *Id*. Overall, Google made no showing whatsoever that might have favored keeping portions of the complaints secret, and its "failure to meet that burden means that the default posture of public access prevails." *Kamakana*, 447 F.3d at 1182.

2

1   Consequently, Google's sealing requests were denied. Dkt. No. 79. Pursuant to Civil
2   Local Rule 79-5(f), the Court directed the plaintiff groups to file unredacted versions of their
3   respective complaints on ECF within 7 days of the order, namely by August 25, 2021. *Id*. at 3.
4   Epic beat that deadline and filed its unredacted complaint on August 19, 2021. Dkt. Nos. 81, 82.
5   The other three plaintiff groups apparently agreed to hold off on filing their unredacted complaints
6   at Google's request. Dkt. No. 84-1 ¶¶ 8-11. On August 20, 2021, Google filed an "Emergency
7   Motion to Stay the Court's August 18, 2021 Order," Dkt. No. 83, as well as a "Renewed
8   Application to Seal," Dkt. No. 85.

Google's request for a do-over is misdirected in several respects. To start, Google cannot credibly claim surprise or lack of a fair chance to address the sealing standards. The salient case law and local rules have been on the books for a good while, and Google is represented here by two top-tier law firms with ample resources to get a proper sealing request on file. In addition, the Court expressly cautioned at a status conference that any requests to keep complaint allegations sealed from the public would be closely scrutinized. *See* Dkt. No. 67 ("Google is advised that for any portions of the complaints for which Google requests sealing, it will need to make a persuasive showing that sealing is appropriate under the governing standards. Complaints are foundational case documents to which the public has a strong right of access, especially in a case such as this one."). In these circumstances, Google's plea for a break because this was the "first sealing exercise" in the litigation, Dkt. No. 85 at 2, is unpersuasive.

So too for Google's effort to pass the buck for its shortfall to the Court. Google hedged its original requests with the statement that "if the Court believes that Google should support its request with either a supplemental declaration or additional detail in support of its sealing request, Google can provide such additional support and requests leave to do so." Dkt. No. 161 at 2; Dkt. No. 83-1 ¶ 3; Dkt. No. 84-1 ¶ 3. This fundamentally misunderstands federal motion practice. The Court does not review a party's motion papers and offer coaching pointers for a second round of briefs. The burden is on the party to make its case in the first instance, as it sees fit. That is all the more true in the sealing context, where the "judge need not document compelling reasons to

3

unseal; rather the proponent of sealing bears the burden with respect to sealing." *Kamakana*, 447 F.3d at 1182.

Google is also less than forthright in characterizing the present motion as a "renewed" application. There is no basis for that in the federal procedural rules. In effect, Google seeks reconsideration of the prior order without owning up to the standards that govern reconsideration, starting with the requirement that a party must request leave to file such a motion. *See* Civil L.R. 7-9(a) ("No party may notice a motion for reconsideration without first obtaining leave of Court to file the motion."). Nor did Google make any effort to demonstrate the existence of new facts or law, or the other circumstances that might warrant reconsideration. *See id.* 7-9(b).

Altogether, Google has not established any reason to disturb the Court's prior order. Even so, purely in the interest of keeping this litigation on track, the Court has reviewed the "renewed application," Dkt. No. 85, which is directed to the complaints other than Epic's, which was more circumspect about Google's information. The Court also reviewed the declaration of a Finance Director for Google, LLC, Dkt. No. 85-1. These filings are more detailed in describing the material Google is seeking to seal, and the reasons why Google believes each item should be sealed. *Id*. None of this is new information, and should have been presented in the original request.

Most of the "renewed" sealing requests are still inappropriate. Google has met its burden only for a small subset of the sealing requests. The Court's rulings are stated in the attached chart. *See* Ex. A. The Court granted sealing for specific deal terms that might be used against Google in other negotiations and deals. The Court declined to seal information outside this specific category of sensitive information because Google did not demonstrate a plausible risk to its business from publication. For example, Google did not present facts establishing that disclosure of profits and revenues from portions of its business would cause it commercial harm. Google may be uncomfortable that the public will see this data, but "a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1179 (citation omitted).

4

1   The Consumer Plaintiffs, Developer Plaintiffs, and Plaintiff States are directed to file
2 revised redacted versions of their complaints which comport with this order within 7 days from the
3 date of this order.  Civil L.R. 79-5(f)(3).
4   This resolves Google's renewed application to seal.  Dkt. No. 85.  Google's motion for a
5 stay, Dkt. No. 83, and the stipulated request for an order shortening time for that motion, Dkt.
6 No. 84, are terminated.
7   **IT IS SO ORDERED.**
8 Dated:  August 25, 2021

JAMES DONATO
United States District Judge

**Exhibit A to Order re Motion to Stay and Renewed Application to Seal**

| Document | Information sought to be sealed | Google's Proffered Reason for Sealing | Ruling |
|---|---|---|---|
| **STATE ATTORNEY GENERALS' COMPLAINT** ||||
| *Utah v. Google LLC*, Case No. 3:21-cv-05227-JD, ECF 1 (Ex. A to Cramer Decl.) | Paragraph 183, page 59, line 18 (between "made up" and "of overall" on line 19), and line 19 (beginning after "totaled some") to the end of the paragraph. | Contains non-public financial revenue and revenue ratio information about individual Google business lines which, if revealed to competitors or counterparties, could cause competitive harm to Google, and which could also cause confusion for investors. (*see* Cramer Decl., ¶ 8). | **Denied**. |
| *Utah v. Google LLC*, Case No. 3:21-cv-05227-JD, ECF 1 (Ex. A to Cramer Decl.) | Paragraph 186, page 60, line 14 (between "collected" and "in overall"), line 14 (between "booked" and "in 'Gross Profit'"), line 15 (between "and" and "in 'Operating Income'"), and line 15 (between "over" and "that combines"). | Contains non-public information regarding revenue and profit margins for individual Google business lines which, if revealed to competitors or counterparties, could cause competitive harm to Google, and which could also cause confusion for investors. (*see* Cramer Decl., ¶ 9). | **Denied**. |
| *Utah v. Google LLC*, Case No. 3:21-cv-05227-JD, ECF 1 (Ex. A to Cramer Decl.) | Paragraph 111, page 39, line 1 (beginning after "stated that") to the end of the sentence on line 2 (ending before "One key"), line 3 (beginning after "was") to the end of the sentence on line 3 | Contains non-public information regarding confidential business strategies with respect to potential contractual counterparties and, in particular, specific proposed terms of a contract with a | **Granted in part**. The proposed language at lines 4-5 may be sealed. The public release of these specific proposed terms of a contract could place Google in a diminished bargaining position in future negotiations with |

| Document | Information sought to be sealed | Google's Proffered Reason for Sealing | Ruling |
|---|---|---|---|
| | (ending before "In response"), and line 4 (beginning after "among other things, to" to the end of the sentence on line 5, excluding "(emphasis in original)." | business counterparty which, if revealed to competitors or counterparties, could cause competitive harm to Google. (*see* Cramer Decl., ¶ 10). | potential customers and competitors, thereby causing significant harm to Google's competitive standing. |
| *Utah v. Google LLC*, Case No. 3:21-cv-05227-JD, ECF 1 (Ex. A to Cramer Decl.) | Paragraph 129, page 43, line 20 (after "approximately") to the end of the sentence on line 21. | Contains non-public information regarding spend data for individual Google business lines and initiatives which, if revealed to competitors or counterparties, could cause competitive harm to Google. (*see* Cramer Decl., ¶ 11). | **Denied**. |
| *Utah v. Google LLC*, Case No. 3:21-cv-05227-JD, ECF 1 (Ex. A to Cramer Decl.) | Paragraph 132, page 44, line 22 (between "primarily" and "as a solution"). | Contains non-public information revealing the counterparties to confidential contractual arrangements with Google which, if revealed to competitors or counterparties, could cause competitive harm to both Google and the third parties. (*see* Cramer Decl., ¶ 12). | **Denied**. |
| *Utah v. Google LLC*, Case No. 3:21-cv-05227-JD, | Paragraph 136, page 46, line 16 (beginning after "would") to line 17 (ending before "At"), line 24 | Contains non-public information regarding a confidential business strategy and terms offered during | **Granted in part**. The proposed language at line 24 may be sealed because it reveals a specific term proposed to a contractual |

| Document | Information sought to be sealed | Google's Proffered Reason for Sealing | Ruling |
|---|---|---|---|
| ECF 1 (Ex. A to Cramer Decl.) | (beginning after "using a") to line 25 (ending before "(Google offered"), and line 25 (beginning after "Samsung would") to the end of the paragraph on line 26. | negotiations with a potential contractual counterparty which, if revealed to competitors or counterparties, could cause competitive harm to Google. (*see* Cramer Decl., ¶ 13) | counterparty, which could cause significant harm to Google's competitive standing. |
| *Utah v. Google LLC*, Case No. 3:21-cv-05227-JD, ECF 1 (Ex. A to Cramer Decl.) | Paragraph 136, page 46, line 12 (between "up to" and "in return"). | Contains non-public information regarding a confidential business strategy and terms offered during negotiations with a potential contractual counterparty which, if revealed to competitors or counterparties, could cause competitive harm to Google. (*see* Cramer Decl., ¶ 14). | **Granted**. The proposed language may be sealed because it reveals a specific term proposed to a contractual counterparty, which could cause significant harm to Google's competitive standing. |
| *Utah v. Google LLC*, Case No. 3:21-cv-05227-JD, ECF 1 (Ex. A to Cramer Decl.) | Paragraph 137, page 47, line 15 (between "proposed the" and "were too low"). | Contains non-public information regarding terms offered during negotiations with a potential contractual counterparty which, if revealed to competitors or counterparties, could cause competitive harm to both Google and the third party. (*see* Cramer Decl., ¶ 15). | **Granted**. The proposed language may be sealed because it reveals a specific term proposed to a contractual counterparty, which could cause significant harm to Google's competitive standing. |

| Document | Information sought to be sealed | Google's Proffered Reason for Sealing | Ruling |
|---|---|---|---|
| *Utah v. Google LLC*, Case No. 3:21-cv-05227-JD, ECF 1 (Ex. A to Cramer Decl.) | Paragraph 139, page 48, line 7 (beginning after "According to Google, the") to line 9 at the end of the sentence. | Contains non-public information regarding terms offered during negotiations with a potential contractual counterparty which, if revealed to competitors or counterparties, could cause competitive harm to both Google and the third party. (*see* Cramer Decl., ¶ 16). | **Granted**. The proposed language may be sealed because it reveals specific terms proposed to a contractual counterparty, which could cause significant harm to Google's competitive standing. |
| *Utah v. Google LLC*, Case No. 3:21-cv-05227-JD, ECF 1 (Ex. A to Cramer Decl.) | Paragraph 140, page 48, line 10 (beginning at the start of the paragraph and ending before "was the offer"), line 11 (starting after "revenues for") to line 12 at the end of the sentence (ending before "That proposal"). | Contains non-public information regarding a confidential business strategy and terms offered during negotiations with a potential contractual counterparty which, if revealed to competitors or counterparties, could cause competitive harm to Google. (*see* Cramer Decl., ¶ 17). | **Granted in part**. The proposed language at lines 11-12 may be sealed because it reveals specific terms proposed to a contractual counterparty, which could cause significant harm to Google's competitive standing. |
| *Utah v. Google LLC*, Case No. 3:21-cv-05227-JD, ECF 1 (Ex. A to Cramer Decl.) | Paragraph 141, page 48, line 15 (beginning at the start of the paragraph and ending at "also included"), line 15 (beginning after "to provide a" and ending at "to Samsung"), line 16 (beginning after "use to") to line 17 (ending at "would include"), line 17 (beginning | Contains non-public information regarding a confidential business strategy and terms offered during negotiations with a potential contractual counterparty which, if revealed to competitors or counterparties, could cause competitive | **Granted in part**. The proposed language at line 15 (beginning after "to provide a" and ending at "to Samsung"), and at lines 16 through 19, may be sealed because it reveals specific terms proposed to a contractual counterparty, which could cause significant harm to Google's competitive standing. |

| Document | Information sought to be sealed | Google's Proffered Reason for Sealing | Ruling |
|---|---|---|---|
| | after "the following") to the end of the sentence on line 19 (ending before "Any app"). | harm to Google. (*see* Cramer Decl., ¶ 18). | |
| *Utah v. Google LLC*, Case No. 3:21-cv-05227-JD, ECF 1 (Ex. A to Cramer Decl.) | Paragraph 148, page 51, figure 5 (names of contractual counterparties). | Contains non-public information revealing the counterparties to confidential contractual arrangements with Google which, if revealed to competitors or counterparties, could cause competitive harm to both Google and the third parties. (*see* Cramer Decl., ¶ 19). | **Denied**. |
| *Utah v. Google LLC*, Case No. 3:21-cv-05227-JD, ECF 1 (Ex. A to Cramer Decl.) | Paragraph 149, page 51, line 20 (between "developer" and "from following"). | Contains non-public information regarding an agreement between Google and a third party which, if revealed to competitors or counterparties, could cause competitive harm to both Google and the third party. (*see* Cramer Decl., ¶ 20). | **Denied**. |
| *Utah v. Google LLC*, Case No. 3:21-cv-05227-JD, ECF 1 (Ex. A | Paragraph 192, page 61, line 14 (between "suggested that a" and "commission"). | Contains non-public information regarding confidential business strategies with respect to pricing decisions which, if revealed to competitors or | **Denied**. |

| Document | Information sought to be sealed | Google's Proffered Reason for Sealing | Ruling |
|---|---|---|---|
| to Cramer Decl.) | | counterparties, could cause competitive harm to Google. (*see* Cramer Decl., ¶ 21). | |
| **DEVELOPERS' FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT** | | | |
| *In re Google Play Developer Antitrust Litigation*, Case No. 3:20-cv-05792-JD, ECF 129 (Ex. B to Cramer Decl.) | Paragraph 86, page 29, line 4 (between "Samsung made" and "in revenue"), line 5 (between "Google had made" and "in sales"), and line 6 (between "Store had a" and "share of") | Contains non-public information regarding Play revenue data as well as Google's estimate of a competitor's revenue which, if revealed to competitors or counterparties, could cause competitive harm to both Google and the third party, and which could also cause confusion for investors. (*see* Cramer Decl., ¶ 23). | **Denied**. |
| *In re Google Play Developer Antitrust Litigation*, Case No. 3:20-cv-05792-JD, ECF 129 (Ex. B to Cramer Decl.) | Paragraph 170, page 60, line 15 (from beginning of line to before "and today") and line 16 (between "at just" and "On another occasion"). | Contains non-public information regarding Play costs which, if revealed to competitors or counterparties, could cause competitive harm to Google, and which could also cause confusion for investors. (*see* Cramer Decl., ¶ 24). | **Denied**. |

| Document | Information sought to be sealed | Google's Proffered Reason for Sealing | Ruling |
|---|---|---|---|
| *In re Google Play Developer Antitrust Litigation*, Case No. 3:20-cv-05792-JD, ECF 129 (Ex. B to Cramer Decl.) | Paragraph 176, page 61, line 23 (between "scale at" and "people in"), line 24 (between "larger at" and "Revenue per head"), and line 25 (between "gone from" and "-- but the way"). | Contains non-public information regarding revenues and headcount for individual Google business lines which, if revealed to competitors or counterparties, could cause competitive harm to Google, and which could also cause confusion for investors. (*see* Cramer Decl., ¶ 25). | **Denied**. |
| *In re Google Play Developer Antitrust Litigation*, Case No. 3:20-cv-05792-JD, ECF 129 (Ex. B to Cramer Decl.) | Paragraph 180, page 62, footnote 122, line 26 beginning after "figures are" and ending before "as noted," and line 26.5 after "processing costs at" to the end of the sentence. | Contains non-public information regarding costs which, if revealed to competitors or counterparties, could cause competitive harm to Google, and which could also cause confusion for investors. (*see* Cramer Decl., ¶ 26). | **Denied**. |
| *In re Google Play Developer Antitrust Litigation*, Case No. 3:20-cv-05792-JD, ECF 129 (Ex. B to Cramer Decl.) | Paragraph 197, page 67, line 24 (beginning after "noted above") to the end of the sentence on line 26 (ending before "These companies"). | Contains non-public information regarding costs which, if revealed to competitors or counterparties, could cause competitive harm to Google, and which could also cause confusion for investors. (*see* Cramer Decl., ¶ 27). | **Denied**. |

| Document | Information sought to be sealed | Google's Proffered Reason for Sealing | Ruling |
|---|---|---|---|
| *In re Google Play Developer Antitrust Litigation*, Case No. 3:20-cv-05792-JD, ECF 129 (Ex. B to Cramer Decl.) | Page 26, footnote 63, line 23 (between "between" and "and"), line 23.5 (after "Google") to line 24 (before "Google"), line 24 (after "will pay") to line 24.5 (before "to"), line 25.5 (between "from the" and "that"). | Contains non-public information regarding a confidential agreement with a counterparty which, if revealed to competitors or counterparties, could cause competitive harm to both Google and the third party. (*see* Cramer Decl., ¶ 28). | **Granted**. The proposed language may be sealed because it reveals specific terms with a contractual counterparty, which could cause significant harm to Google's competitive standing. |
| *In re Google Play Developer Antitrust Litigation*, Case No. 3:20-cv-05792-JD, ECF 129 (Ex. B to Cramer Decl.) | Paragraph 77, page 26, line 11 (beginning after "approximately" and ending before "The numbers"). | Contains non-public information regarding confidential business strategies and the terms of confidential agreements with counterparties which, if revealed to competitors or counterparties, could cause competitive harm to both Google and the third parties. (*see* Cramer Decl., ¶ 29). | **Denied**. |
| *In re Google Play Developer Antitrust Litigation*, Case No. 3:20-cv-05792-JD, ECF 129 (Ex. B to Cramer Decl.) | Paragraph 93, page 31, line 16 (between "Samsung" and "including"). | Contains non-public information regarding a confidential agreement with a counterparty which, if revealed to competitors or counterparties, could cause competitive harm to both Google and the third party. (*see* Cramer Decl., ¶ 30). | **Denied**. |

| Document | Information sought to be sealed | Google's Proffered Reason for Sealing | Ruling |
|---|---|---|---|
| *In re Google Play Developer Antitrust Litigation*, Case No. 3:20-cv-05792-JD, ECF 129 (Ex. B to Cramer Decl.) | Paragraph 174, page 61, line 14 (between "set at" and "But for"). | Contains non-public information regarding pricing which, if revealed to competitors or counterparties, could cause competitive harm to Google. (*see* Cramer Decl., ¶ 31). | **Denied**. |
| **CONSUMERS' FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT** | | | |
| *In re Google Play Consumer Antitrust Litigation*, Case No. 3:20-cv-05761-JD, ECF 132 (Ex. C to Cramer Decl.) | Paragraph 82, page 19, line 4 (between "revenues of" and "accounting") and line 4 (between "for over" and "percent"). | Contains non-public information regarding revenue for an individual Google business line which, if revealed to competitors or counterparties, could cause competitive harm to Google, and which could also cause confusion for investors. (*see* Cramer Decl., ¶ 33). | **Denied**. |
| *In re Google Play Consumer Antitrust Litigation*, Case No. 3:20-cv-05761-JD, ECF 132 (Ex. C to Cramer Decl.) | Paragraph 88, page 20, line 25 (between "made around" and "in revenue") and line 26 (between "made around" and "in sales"). | Contains non-public information regarding Play revenue data as well as Google's estimate of a competitor's revenue which, if revealed to competitors or counterparties, could cause competitive harm to Google, and which could also cause confusion for | **Denied**. |

| Document | Information sought to be sealed | Google's Proffered Reason for Sealing | Ruling |
|---|---|---|---|
| | | investors. (*see* Cramer Decl., ¶ 34). | |
| *In re Google Play Consumer Antitrust Litigation*, Case No. 3:20-cv-05761-JD, ECF 132 (Ex. C to Cramer Decl.) | Paragraph 138, page 31, line 19 (between "more than" and "per year"). | Contains non-public information regarding costs for individual Google business lines which, if revealed to competitors or counterparties, could cause competitive harm to Google, and which could also cause confusion for investors. (*see* Cramer Decl., ¶ 35). | **Denied**. |
| *In re Google Play Consumer Antitrust Litigation*, Case No. 3:20-cv-05761-JD, ECF 132 (Ex. C to Cramer Decl.) | Paragraph 193, page 44, line 7 (between "than the" and "revenue share"). | Contains non-public information regarding costs and profit margins for an individual Google business line which, if revealed to competitors or counterparties, could cause competitive harm to Google, and which could also cause confusion for investors. (*see* Cramer Decl., ¶ 36). | **Denied**. |

| Document | Information sought to be sealed | Google's Proffered Reason for Sealing | Ruling |
|---|---|---|---|
| *In re Google Play Consumer Antitrust Litigation*, Case No. 3:20-cv-05761-JD, ECF 132 (Ex. C to Cramer Decl.) | Paragraph 87, page 20, line 20 (between "among other things" and "as well"), and line 20 (beginning after "as well as") to the end of the paragraph on line 22. | Contains non-public information regarding confidential business strategies with respect to potential contractual counterparties and, in particular, specific proposed terms of a contract with a business counterparty which, if revealed to competitors or counterparties, could cause competitive harm to both Google and third parties. (*see* Cramer Decl., ¶ 37). | **Granted**.  The proposed language may be sealed because it reveals specific terms proposed to a contractual counterparty, which could cause significant harm to Google's competitive standing. |
| *In re Google Play Consumer Antitrust Litigation*, Case No. 3:20-cv-05761-JD, ECF 132 (Ex. C to Cramer Decl.) | Paragraph 109, page 25, line 13 (beginning after "services") to the end of line 16. | Contains non-public information regarding the terms of confidential agreements with counterparties which, if revealed to competitors or counterparties, could cause competitive harm to both Google and the third parties. (*see* Cramer Decl., ¶ 38). | **Denied**. |

| Document | Information sought to be sealed | Google's Proffered Reason for Sealing | Ruling |
|---|---|---|---|
| *In re Google Play Consumer Antitrust Litigation*, Case No. 3:20-cv-05761-JD, ECF 132 (Ex. C to Cramer Decl.) | Paragraph 129, page 29, line 23 (between "Agreement with" and the end of the paragraph). | Contains non-public information regarding the terms of a confidential agreement with a counterparty which, if revealed to competitors or counterparties, could cause competitive harm to both Google and the third party. (*see* Cramer Decl., ¶ 39). | **Granted in part**. The identity of the contract counterparty may be sealed, because the disclosure could cause significant harm to Google's competitive standing. |
| *In re Google Play Consumer Antitrust Litigation*, Case No. 3:20-cv-05761-JD, ECF 132 (Ex. C to Cramer Decl.) | Paragraph 134, page 30, line 22 (between "up to" and "of Play") and line 22 (between "up to" and "by 2023"). | Contains confidential negotiations with counterparties which, if revealed to competitors or counterparties, could cause competitive harm to both Google and the third parties. (*see* Cramer Decl., ¶ 40). | **Denied**. |
| *In re Google Play Consumer Antitrust Litigation*, Case No. 3:20-cv-05761-JD, ECF 132 (Ex. C to Cramer Decl.) | Paragraph 187, page 42, line 24 (beginning at "In particular") to the end of the sentence. | Contains non-public information regarding terms offered during negotiations with a potential contractual counterparty which, if revealed to competitors or counterparties, could cause competitive harm to both Google and the third party. (*see* Cramer Decl., ¶ 41). | **Denied**. |

| Document | Information sought to be sealed | Google's Proffered Reason for Sealing | Ruling |
|---|---|---|---|
| *In re Google Play Consumer Antitrust Litigation*, Case No. 3:20-cv-05761-JD, ECF 132 (Ex. C to Cramer Decl.) | Paragraph 85, page 20, line 5 (between "represented a potential" and "annual revenue") and line 6 (between "[l]oss [of]" and "of revenue"). | Contains non-public financial projections which, if revealed to competitors or counterparties, could cause competitive harm to Google. (*see* Cramer Decl., ¶ 42). | **Denied**. |