| | |
|---|---|
| Brian C. Rocca, S.B. #221576<br>brian.rocca@morganlewis.com<br>Sujal J. Shah, S.B. #215230<br>sujal.shah@morganlewis.com<br>Michelle Park Chiu, S.B. #248421<br>michelle.chiu@morganlewis.com<br>Minna Lo Naranjo, S.B. #259005<br>minna.naranjo@morganlewis.com<br>Rishi P. Satia, S.B. #301958<br>rishi.satia@morganlewis.com<br>**MORGAN, LEWIS & BOCKIUS LLP**<br>One Market, Spear Street Tower<br>San Francisco, CA 94105<br>Telephone: (415) 442-1000<br><br>Richard S. Taffet, *pro hac vice*<br>richard.taffet@morganlewis.com<br>**MORGAN, LEWIS & BOCKIUS LLP**<br>101 Park Avenue<br>New York, NY 10178<br>Telephone: (212) 309-6000<br><br>Ian Simmons, *pro hac vice*<br>isimmons@omm.com<br>Benjamin G. Bradshaw, S.B. #189925<br>bbradshaw@omm.com<br>**O'MELVENY & MYERS LLP**<br>1625 Eye Street, NW<br>Washington, DC 20006<br>Telephone: (202) 383-5300<br><br>*Attorneys for Defendants* | Glenn D. Pomerantz, S.B. #112503<br>glenn.pomerantz@mto.com<br>Kuruvilla Olasa, S.B. #281509<br>kuruvilla.olasa@mto.com<br>**MUNGER, TOLLES & OLSON LLP**<br>350 South Grand Avenue, Fiftieth Floor<br>Los Angeles, California 90071<br>Telephone: (213) 683-9100<br><br>Kyle W. Mach, S.B. #282090<br>kyle.mach@mto.com<br>Justin P. Raphael, S.B. #292380<br>justin.raphael@mto.com<br>Emily C. Curran-Huberty, S.B. #293065<br>emily.curran-huberty@mto.com<br>**MUNGER, TOLLES & OLSON LLP**<br>560 Mission Street, Twenty Seventh Floor<br>San Francisco, California 94105<br>Telephone: (415) 512-4000<br><br>Jonathan I. Kravis, *pro hac vice*<br>jonathan.kravis@mto.com<br>**MUNGER, TOLLES & OLSON LLP**<br>601 Massachusetts Avenue NW, Suite 500E<br>Washington, D.C. 20001<br>Telephone: (202) 220-1100<br><br>Daniel M. Petrocelli, S.B. #97802<br>dpetrocelli@omm.com<br>Stephen J. McIntyre, S.B. #274481<br>smcintyre@omm.com<br>**O'MELVENY & MYERS LLP**<br>1999 Avenue of the Stars<br>Los Angeles, California 90067<br>Telephone: (310) 553-6700 |

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION**<br><br>THIS DOCUMENT RELATES TO:<br><br>*Epic Games, Inc. v. Google LLC*, Case No. 3:20-cv-05671-JD | Case No. 3:21-md-02981-JD<br><br>**DEFENDANTS' ADMINISTRATIVE MOTION TO SEAL PORTIONS OF THEIR ANSWER, DEFENSES, AND COUNTERCLAIMS TO EPIC GAMES, INC.'S FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF**<br><br>Judge James Donato |

Pursuant to Civil Local Rules 7-11, 79-5(c), 79-5(d) and 79-5(e), Defendants Google LLC, Google Ireland Limited, Google Commerce Ltd., Google Asia Pacific Pte. Ltd., and Google Payment Corp. (collectively, "Google") respectfully submit this Administrative Motion to Seal Portions of Their Answer, Defenses, and Counterclaims to Epic Games, Inc.'s ("Epic") First Amended Complaint for Injunctive Relief ("Motion to Seal") that are sourced from documents that Epic has designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" pursuant to the Protective Order entered by the Court, ECF No. 143. A redacted version of Google's Answer, Defenses, and Counterclaims to Epic's First Amended Complaint for Injunctive Relief has been filed in accordance with the Local Rules.

Subsection (e) of Civil Local Rule 79-5 sets forth procedures that apply when a party seeks to file information designated as confidential by an opposing party. Under subsection (e), the submitting party's "declaration in support of the Administrative Motion to File Under Seal must identify the document or portions thereof which contain the designated confidential material and identify the party that has designated the material as confidential ('the Designating Party')." Pursuant to subsection (e)(1), the Designating Party has four days to file a declaration establishing that all of the designated material is "sealable."

Civil Local Rule 79-5 provides that documents, or portions thereof, may be sealed if a party establishes that the documents are privileged, protectable as a trade secret, or otherwise entitled to protection under the law. A "strong presumption" of access to judicial records applies to dispositive pleadings, and a party seeking to seal those records must show "compelling reasons." *Primus Grp., Inc. v. Inst. for Env't Health, Inc.*, 395 F. Supp. 3d 1243, 1267 (N.D. Cal. 2019) (citations omitted). Compelling reasons justifying the sealing of court records generally exist "when such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release

trade secrets." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (internal quotation marks omitted). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

As described in the accompanying Declaration of Ian Simmons in support of Google's Motion to Seal, Google seeks to file the following confidential information under seal:

| Portion Containing Designated Information | Designating Party |
|---|---|
| Counterclaim ¶ 25 | Epic |
| Counterclaim ¶ 29 | Epic |
| Counterclaim ¶ 34 | Epic |
| Counterclaim ¶ 36 | Epic |
| Counterclaim ¶ 40 | Epic |
| Counterclaim ¶ 43 | Epic |
| Counterclaim ¶ 72 | Epic |

Google takes no position on whether the materials identified in this table are privileged, protectable as a trade secret, or otherwise entitled to protection under the law, as required for material to be sealable under Civil Local Rule 79-5(b). Google has requested to seal this information to comply with Civil Local Rule 79-5(e) and to give Plaintiff the opportunity to argue the merits of this issue. Google respectfully requests leave to file a written response in opposition to any submission from Epic seeking to seal portions of Google's Answer, Defenses, and Counterclaims to Epic Games, Inc.'s First Amended Complaint for Injunctive Relief.

Respectfully submitted,

Dated: October 11, 2021

          **O'MELVENY & MYERS LLP**
          Ian Simmons (*pro hac vice*[1])
          Daniel M. Petrocelli
          Benjamin G. Bradshaw
          Stephen J. McIntyre

          By:    /s/ *Ian Simmons*
                     Ian Simmons

          **MORGAN, LEWIS & BOCKIUS LLP**
          Brian C. Rocca
          Sujal J. Shah
          Michelle Park Chiu
          Minna L. Naranjo
          Rishi P. Satia

          By:    /s/ *Brian C. Rocca*
                     Brian C. Rocca

          **MUNGER, TOLLES & OLSON LLP**
          Glenn D. Pomerantz
          Kuruvilla Olasa
          Kyle W. Mach
          Justin P. Raphael
          Emily C. Curran-Huberty
          Jonathan I. Kravis

          By:    /s/ *Glenn D. Pomerantz*
                     Glenn D. Pomerantz

          *Counsel for Defendants*

---

[1] *Pro hac vice* pending in Case No. 3:21-md-02981-JD.

**ECF ATTESTATION**

I hereby attest that concurrence in the filing of this document has been obtained from each of the other signatories hereto.

Dated: October 11, 2021

By: /s/ *Ian Simmons*
Ian Simmons