Brian C. Rocca, S.B. #221576
brian.rocca@morganlewis.com
Sujal J. Shah, S.B. #215230
sujal.shah@morganlewis.com
Michelle Park Chiu, S.B. #248421
michelle.chiu@morganlewis.com
Minna Lo Naranjo, S.B. #259005
minna.naranjo@morganlewis.com
Rishi P. Satia, S.B. #301958
rishi.satia@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
One Market, Spear Street Tower
San Francisco, CA 94105
Telephone: (415) 442-1000

Richard S. Taffet, *pro hac vice*
richard.taffet@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
101 Park Avenue
New York, NY 10178
Telephone: (212) 309-6000

Ian Simmons, *pro hac vice*
isimmons@omm.com
Benjamin G. Bradshaw, S.B. #189925
bbradshaw@omm.com
**O'MELVENY & MYERS LLP**
1625 Eye Street, NW
Washington, DC 20006
Telephone: (202) 383-5300

*Attorneys for Defendants*

Glenn D. Pomerantz, S.B. #112503
glenn.pomerantz@mto.com
Kuruvilla Olasa, S.B. #281509
kuruvilla.olasa@mto.com
**MUNGER, TOLLES & OLSON LLP**
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071
Telephone: (213) 683-9100

Kyle W. Mach, S.B. #282090
kyle.mach@mto.com
Justin P. Raphael, S.B. #292380
justin.raphael@mto.com
Emily C. Curran-Huberty, S.B. #293065
emily.curran-huberty@mto.com
Marianna Y. Mao, S.B. #318070
marianna.mao@mto.com
**MUNGER, TOLLES & OLSON LLP**
560 Mission Street, Twenty Seventh Floor
San Francisco, California 94105
Telephone: (415) 512-4000

Jonathan I. Kravis, *pro hac vice*
jonathan.kravis@mto.com
**MUNGER, TOLLES & OLSON LLP**
601 Massachusetts Avenue NW, Suite 500E
Washington, D.C. 20001
Telephone: (202) 220-1100

Daniel M. Petrocelli, S.B. #97802
dpetrocelli@omm.com
Stephen J. McIntyre, S.B. #274481
smcintyre@omm.com
**O'MELVENY & MYERS LLP**
1999 Avenue of the Stars
Los Angeles, California 90067
Telephone: (310) 553-6700

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION**<br><br>THIS DOCUMENT RELATES TO:<br><br>*In re Google Play Developer Antitrust Litigation*, Case No. 3:20-cv-05792-JD | Case No. 3:21-md-02981-JD<br><br>**DEFENDANTS' ANSWERS AND DEFENSES TO DEVELOPER PLAINTIFFS' FIRST AMENDED COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

1

**INTRODUCTION**

2    Defendants Google LLC, Google Ireland Limited, Google Commerce Ltd., Google Asia

3 Pacific Pte. Ltd., and Google Payment Corp. (collectively "Google") answer Developer Class

4 Plaintiffs' First Amended Complaint, through its undersigned counsel, as set forth below.

5    Android, Google's open-source mobile operating system ("OS"), is a critical source of

6 competition against other operating systems, such as Apple's iOS.  This competition has brought

7 tremendous benefits to developers and users.  By providing Android to smartphone manufacturers

8 for free, Google has expanded access to smartphones and the marketplace for mobile apps,

9 creating enormous incentives for developers to invest in apps that make virtually every sector of

10 the American economy more efficient, affordable and accessible for users.  These benefits have

11 typically come at little or no cost to manufacturers, developers, or users.  For example, Google

12 provides developers with e-learning opportunities, free tools for developers to effectively build

13 apps for Android devices, testing and monitoring tools, discoverability, and a global digital

14 payment infrastructure to enable developers to transact with users using the most effective

15 payment methods regardless of where the developers or users are located.

16    Google also offers an app store, Google Play, which works on Android.  But unlike

17 competitors like Apple, Google does not require Android users or developers to use Google Play

18 in order to download, install, or distribute apps on Android.  Rather, Google gives app developers

19 and smartphone consumers more openness and choice than any other major competitor.  Most

20 Android phones in and outside the United States come preloaded with more than one app store,

21 and consumers can download apps directly from a developer's website if they choose via

22 sideloading.  Developers can also directly reach users through web apps—a distribution channel

23 that Android and Google's Chrome web browser embrace.  Consumers and developers don't ***have***

24 to use Google Play, they ***choose*** to use it when given a choice among Android app stores and

25 distribution channels.  Google supports that choice through Android itself, Google Play's policies,

26 and Google's agreements with developers and device manufacturers.

27

28

ANSWERS AND DEFENSES TO DEVELOPERS' FIRST AMENDED COMPLAINT
Case Nos. 3:20-cv-05792-JD; 3:21-md-02981-JD

1

**<u>RESPONSE TO NUMBERED PARAGRAPHS</u>**

2          The section headings in the Complaint do not require a response. To the extent that the

3   section headings contain allegations requiring a response, Google denies all such allegations.

4          1.          Defendants Google LLC, Google Ireland Limited, Google Commerce Ltd., Google

5   Asia Pacific Pte. Ltd., and Google Payment Corp. (collectively "Google") deny the allegations in

6   Paragraph 1, except admits that native applications ("apps") increase the enjoyment of

7   smartphones and tablets and that many developers invest in creating useful apps.  Google

8   respectfully refers the Court to the cited documents for a complete and accurate statement of their

9   contents.

10         2.          Google denies the allegations in Paragraph 2, and respectfully refers the Court to

11  the cited documents for a complete and accurate statement of their contents.

12         3.          Google denies the allegations in Paragraph 3, except admits that Plaintiffs purport

13  to bring claims under the Sherman Act and under California law.

14         4.          Google denies the allegations in Paragraph 4, and respectfully refers the Court to

15  the cited documents for a complete and accurate statement of their contents.

16         5.          Google denies the allegations in Paragraph 5.

17         6.          Google denies the allegations in Paragraph 6, except admits that one or more

18  defendants have entered into agreements called Mobile Application and Distribution Agreements

19  ("MADAs") with some OEM partners, and respectfully refers the Court to the cited documents

20  for a complete and accurate statement of their contents.

21         7.          Google denies the allegations in Paragraph 7, and respectfully refers the Court to

22  the cited documents for a complete and accurate statement of their contents.

23         8.          Google denies the allegations in Paragraph 8, and respectfully refers the Court to

24  the cited documents for a complete and accurate statement of their contents.

25         9.          Google denies the allegations in Paragraph 9, and respectfully refers the Court to

26  the cited documents for a complete and accurate statement of their contents.

27         10.         Google denies the allegations in Paragraph 10.

28

ANSWERS AND DEFENSES TO DEVELOPERS' FIRST AMENDED COMPLAINT
Case Nos. 3:20-cv-05792-JD; 3:21-md-02981-JD

11.     Google denies the allegations in Paragraph 11, and respectfully refers the Court to the cited documents for a complete and accurate statement of their contents.

12.     Google denies the allegations in Paragraph 12, and respectfully refers the Court to the cited documents for a complete and accurate statement of their contents.

13.     Google denies the allegations in Paragraph 13, and avers that multiple app stores and access points to apps exist, as users can and do multi-home in accessing apps.

14.     Google denies the allegations in Paragraph 14, and respectfully refers the Court to the cited documents for a complete and accurate statement of their contents.  Google admits that one or more defendants receive a payment for in-app purchases with respect to apps distributed through Google Play, and charges up to 30% as a service fee.  Google avers that beginning on January 1, 2018, the service fee on subscriptions with respect to apps distributed through Google Play was reduced from 30% to 15% in the second year.  Google further avers that beginning on July 1, 2021, the service fee was reduced to 15% for the first $1 million of revenue on digital goods or services every developer earns each year.

15.     Google denies the allegations in Paragraph 15, except admits that one or more defendants receive a payment for in-app purchases with respect to apps distributed through Google Play, and charge up to 30% as a service fee.  Google avers that beginning on January 1, 2018, the service fee on subscriptions was reduced from 30% to 15% in the second year.  Google further avers that beginning on July 1, 2021, the service fee was reduced to 15% for the first $1 million of revenue on digital goods or services every developer earns each year.

16.     Google denies the allegations in Paragraph 16, except admits that one or more defendants receive a payment for in-app purchases with respect to apps distributed through Google Play, and charge up to 30% as a service fee.  Google avers that beginning on January 1, 2018, the service fee on subscriptions was reduced from 30% to 15% in the second year.  Google further avers that beginning on July 1, 2021, the service fee was reduced to 15% for the first $1 million of revenue on digital goods or services every developer earns each year.

17.     Google denies the allegations in Paragraph 17.

18.     Google denies the allegations in Paragraph 18, and respectfully refers the Court to the cited documents for a complete and accurate statement of their contents.

19.     Google denies the allegations in Paragraph 19, except admits that one or more defendants operate the Chrome Web Store and that the Chrome Web Store faces competition, and respectfully refers the Court to the cited documents for a complete and accurate statement of their contents.  Google is without knowledge or information sufficient to form a belief as to the truth of the allegations about Epic's service fee on the Epic Games Store.

20.     Google denies the allegations in Paragraph 20.

21.     Google denies the allegations in Paragraph 21.

22.     Google denies the allegations in Paragraph 22.

23.     Google denies the allegations in Paragraph 23, except admits that Plaintiffs seek monetary compensation and injunctive relief from this Court.

24.     The allegations in Paragraph 24 are legal conclusions not subject to admission or denial.  To the extent a response is required, Google denies the allegations in Paragraph 24, except admits that the Court has subject matter jurisdiction over this action.

25.     The allegations in Paragraph 25 are legal conclusions not subject to admission or denial.  To the extent a response is required, Google does not dispute—for purposes of this action only—the personal jurisdiction of this Court, but Google otherwise denies the allegations in Paragraph 25.

26.     The allegations in Paragraph 26 are legal conclusions not subject to admission or denial.  To the extent a response is required, Google denies the allegations in Paragraph 26, except admits that—for purposes of this action only—venue is proper in this District. Google respectfully refers the Court to the cited documents for a complete and accurate statement of their contents.

27.     The allegations in Paragraph 27 are legal conclusions not subject to admission or denial.  To the extent a response is required, Google denies the allegations in Paragraph 27.

28.     Google admits that Pure Sweat Basketball Inc. is an Illinois corporation and purports to maintain its principal place of business in Crystal Lake, Illinois, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 28.

29.     Google denies the allegations in Paragraph 29.

30.     Google admits that Peekya App Services, Inc. is a Florida corporation and purports to maintain its principal place of business in Sarasota, Florida, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 30.

31.     Google denies the allegations in Paragraph 31, except admits that Google LLC is a Delaware limited liability company with its principal place of business in Mountain View, California, and that Google LLC is a party to the Google Play Developer Distribution Agreement. Google respectfully refers the Court to the cited documents for a complete and accurate statement of their contents.

32.     Google denies the allegations in Paragraph 32, except admits that Google Ireland Limited is organized under the laws of Ireland with its principal place of business in Dublin, Ireland, is a subsidiary of Google LLC, and is a party to the Google Play Developer Distribution Agreement.

33.     Google denies the allegations in Paragraph 33, except admits that Google Commerce Ltd. is organized under the laws of Ireland with its principal place of business in Dublin, Ireland, and is a party to the Google Play Developer Distribution Agreement.

34.     Google denies the allegations in Paragraph 34, except admits that Google Asia Pacific Pte. Ltd. is organized under the laws of Singapore with its principal place of business in Mapletree Business City, Singapore, and is a party to the Google Play Developer Distribution Agreement.

35.     Google denies the allegations in Paragraph 39, except admits that Google Payment Corp. is a Delaware corporation with its principal place of business in Mountain View, California and is a subsidiary of Google LLC.

ANSWERS AND DEFENSES TO DEVELOPERS' FIRST AMENDED COMPLAINT
Case Nos. 3:20-cv-05792-JD; 3:21-md-02981-JD

1        36.      Google denies the allegations in Paragraph 36.

2        37.      Google denies the allegations in Paragraph 37, except admits that Google Play has

3    certain minimum price limits for app developers who choose to distribute paid apps, in-app

4    products, and subscriptions on the Google Play Store.

5        38.      Google admits the allegations in Paragraph 38.

6        39.      Google admits the allegations in Paragraph 39.

7        40.      Google admits the allegation in Paragraph 40 that smart mobile OSs include the

8    listed features, but denies the allegation to the extent it implies that these features are not found in

9    desktop or laptop computer OSs.

10       41.      Google denies the allegations in Paragraph 41.

11       42.      Google denies the allegations in Paragraph 42, and respectfully refers the Court to

12   the cited documents for a complete and accurate statement of their contents.

13       43.      Google denies the allegations in paragraph 43.

14       44.      Google denies the allegations in paragraph 44, except is without knowledge or

15   information sufficient to form a belief as to the truth of the allegations in Paragraph 44 about

16   Apple.

17       45.      Google denies the allegations in paragraph 45, except admits that most mobile

18   device manufacturers do not develop their own OSs.  Google is without knowledge or

19   information sufficient to form a belief as to the truth of the allegations in Paragraph 45 about

20   Apple.

21       46.      Google denies the allegations in paragraph 46, except that Google is without

22   knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph

23   46 about Apple.

24       47.      Google is without knowledge or information sufficient to form a belief as to the

25   truth of the allegations in Paragraph 47 about Apple, and respectfully refers the Court to the cited

26   documents for a complete and accurate statement of their contents.

27

28

ANSWERS AND DEFENSES TO DEVELOPERS' FIRST AMENDED COMPLAINT
Case Nos. 3:20-cv-05792-JD; 3:21-md-02981-JD

1   48.     Google denies the allegations in Paragraph 48, and respectfully refers the Court to

2   the cited documents for a complete and accurate statement of their contents.

3   49.     Google denies the allegations in Paragraph 49.

4   50.     Google denies the allegations in Paragraph 50, and respectfully refers the Court to

5   the cited documents for a complete and accurate statement of their contents.

6   51.     Google denies the allegations in Paragraph 51.

7   52.     Google denies the allegations in Paragraph 52, except admits one or more

8   defendants have entered into agreements with OEMs.  Google respectfully refers the Court to the

9   cited documents for a complete and accurate statement of their contents.

10   53.     Google admits that it "wants to put Android in as many hands as possible."

11   Google is without knowledge or information sufficient to form a belief as to the truth of the

12   allegations in Paragraph 53 about Apple.  Google denies the remaining allegations in Paragraph

13   53, and respectfully refers the Court to the cited documents for a complete and accurate statement

14   of their contents.

15   54.     Google admits the allegations in Paragraph 54, and respectfully refers the Court to

16   the cited documents for a complete and accurate statement of their contents.

17   55.     Google admits the allegations in Paragraph 55, and respectfully refers the Court to

18   the cited documents for a complete and accurate statement of their contents.

19   56.     Google denies the allegations in Paragraph 56, except admits that developers are

20   generally required to enter into the Google Play Developer Distribution Agreement ("DDA") to

21   distribute apps through Google Play.  Google respectfully refers the Court to the cited documents

22   for a complete and accurate statement of their contents.

23   57.     Google denies the allegations in Paragraph 57, except admits that developers set

24   prices for the products sold in the Google Play Store.  Google also admits that Google Play

25   currently allows a price range of USD $0.99 to $400 for paid apps and in-app products sold in the

26   United States, and a price range of INR 10.00 to 26,000.00 for paid apps and in-app products sold

27   in India.  Google respectfully refers to the cited documents for a complete and accurate statement

28

ANSWERS AND DEFENSES TO DEVELOPERS' FIRST AMENDED COMPLAINT
Case Nos. 3:20-cv-05792-JD; 3:21-md-02981-JD

1    of their contents.

2        58.     Google denies the allegations in Paragraph 58, except admits that Android users

3 download and install Android-compatible mobile apps through the Google Play Store, and

4 respectfully refers to the cited documents for a complete and accurate statement of their contents.

5        59.     Google denies the allegations in Paragraph 59.

6        60.     Google denies the allegations in Paragraph 60.

7        61.     Google denies the allegations in Paragraph 61, and respectfully refers the Court to

8 the cited documents for a complete and accurate statement of their contents.

9        62.     Google denies the allegations in Paragraph 62, and respectfully refers the Court to

10 the cited documents for a complete and accurate statement of their contents.

11        63.     Google denies the allegations in Paragraph 63, except admits that one or more

12 defendants have entered into agreements with OEMs, and respectfully refers the Court to the cited

13 documents for a complete and accurate statement of their contents.

14        64.     Google denies the allegations in Paragraph 64, except admits that one or more

15 defendants have entered into agreements with OEMs, and respectfully refers to the cited

16 documents for a complete and accurate statement of their contents.

17        65.     Google denies the allegations in Paragraph 65, except admits that one or more

18 defendants have optional revenue-sharing and various license agreements with OEMs, and

19 respectfully refers the Court to the cited documents for a complete and accurate statement of their

20 contents.

21        66.     Google denies the allegations in Paragraph 66, and respectfully refers the Court to

22 the cited documents for a complete and accurate statement of their contents.

23        67.     Google denies the allegations in Paragraph 67, and respectfully refers the Court to

24 the cited documents for a complete and accurate statement of their contents.

25        68.     Google denies the allegations in Paragraph 68, and respectfully refers the Court to

26 the cited documents for a complete and accurate statement of their contents.

27

28

ANSWERS AND DEFENSES TO DEVELOPERS' FIRST AMENDED COMPLAINT
Case Nos. 3:20-cv-05792-JD; 3:21-md-02981-JD

69.    Google denies the allegations in Paragraph 69, and respectfully refers the Court to the cited documents for a complete and accurate statement of their contents.

70.    Google denies the allegations in Paragraph 70, and respectfully refers the Court to the cited documents for a complete and accurate statement of their contents.

71.    Google denies the allegations in Paragraph 71, and respectfully refers the Court to the cited documents for a complete and accurate statement of their contents.

72.    Google denies the allegations in Paragraph 72, except admits that Google Play Services includes a set of APIs that allow apps to integrate with other apps and with Google services.  Google respectfully refers the Court to the cited documents for a complete and accurate statement of their contents.

73.    Google denies the allegations in Paragraph 73, and respectfully refers the Court to the cited documents for a complete and accurate statement of their contents.

74.    Google denies the allegations in Paragraph 74, except admits that Google Play and Google Play Services are offered together in order to ensure that apps function properly.

75.    Google denies the allegations in Paragraph 75, except admits that one or more defendants have optional revenue sharing agreements with OEMs and phone carriers, and respectfully refers the Court to the cited documents for a complete and accurate statement of their contents.

76.    Google denies the allegations in Paragraph 76, except admits that one or more defendants have entered into agreements with phone carriers, and respectfully refers the Court to the cited documents for a complete and accurate statement of their contents.

77.    Google denies the allegations in Paragraph 77, and respectfully refers the Court to the cited documents for a complete and accurate statement of their contents.

78.    Google denies the allegations in Paragraph 78, except admits that DDA, Section 4.5 states, "You may not use Google Play to distribute or make available any Product that has a purpose that facilitates the distribution of software applications and games for use on Android devices outside of Google Play."

- 10 -

79.     Google denies the allegations in Paragraph 79, except admits that developers are generally required to enter into the DDA to distribute apps through Google Play and that each of the defendants, except Google Payment Corp., is a party to the DDA.  Google respectfully refers the Court to the cited documents for a complete and accurate statement of their contents.

80.     Google denies the allegations in Paragraph 80, except admits that DDA, Section 4.5 states, "You may not use Google Play to distribute or make available any Product that has a purpose that facilitates the distribution of software applications and games for use on Android devices outside of Google Play."  Google respectfully refers the Court to the cited documents for a complete and accurate statement of their contents.

81.     Google denies the allegations in Paragraph 81, except admits that one or more defendants have been a party to DDAs since at least 2009 and respectfully refers the Court to the cited documents for a complete and accurate statement of their contents.

82.     Google denies the allegations in Paragraph 82, and respectfully refers the Court to the cited documents for a complete and accurate statement of their contents.

83.     Google denies the allegations in Paragraph 83, and respectfully refers the Court to the cited documents for a complete and accurate statement of their contents.

84.     Google denies the allegations in Paragraph 84.

85.     Google denies the allegations in Paragraph 85, and respectfully refers the Court to the cited documents for a complete and accurate statement of their contents.

86.     Google denies the allegations in Paragraph 86, and respectfully refers the Court to the cited documents for a complete and accurate statement of their content.

87.     Google denies the allegations in Paragraph 87, and respectfully refers the Court to the referenced documents for a complete and accurate statement of their contents, except admits that Google Play offers over 3 million apps, and that the large number of apps available through Google Play attracts users, as well as developers who choose to offer apps on Google Play because of the benefit of discoverability that Google Play provides.

88.     Google denies the allegations in Paragraph 88, and respectfully refers the Court to the cited documents for a complete and accurate statement of their contents.

89.     Google denies the allegations in Paragraph 89, and respectfully refers the Court to the cited documents for a complete and accurate statement of their contents.

90.     Google denies the allegations in Paragraph 90, and respectfully refers the Court to the cited documents for a complete and accurate statement of their contents.

91.     Google denies the allegations in Paragraph 91, and respectfully refers the Court to the cited documents for a complete and accurate statement of their contents.

92.     Google denies the allegations in Paragraph 92, except admits that OEMs frequently pre-install their own app stores on Android smartphones running Google Mobile Services, including on the default home screen.

93.     Google denies the allegations in Paragraph 93, except admits that one or more defendants have entered into revenue sharing agreements with Samsung, and respectfully refers the Court to the cited documents for a complete and accurate statement of their contents.

94.     Google denies the allegations in Paragraph 94, and respectfully refers the Court to the cited documents for a complete and accurate statement of their contents.

95.     Google denies the allegations in Paragraph 95.

96.     Google is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 96, and respectfully refers the Court to the cited documents for a complete and accurate statement of their contents.

97.     Google denies the allegations in Paragraph 97 and is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 97 about Amazon's app store.

98.     Google denies the allegations in Paragraph 98, and respectfully refers the Court to the cited documents for a complete and accurate statement of their contents.

99.     Google denies the allegations in Paragraph 99.

100.    Google denies the allegations in Paragraph 100.

1      101.    Google denies the allegations in Paragraph 101.

2      102.    Google denies the allegations in Paragraph 102, and respectfully refers the Court

3  to the cited documents for a complete and accurate statement of their contents.  Google also avers

4  that evidence shows that users can and do switch and multi-home among and between mobile and

5  nonmobile ecosystems, including between Android and iOS.

6      103.    Google denies the allegations in Paragraph 103, and respectfully refers the Court

7  to the cited documents for a complete and accurate statement of their contents.

8      104.    Google denies the allegations in Paragraph 104, and respectfully refers the Court

9  to the cited documents for a complete and accurate statement of their contents.

10     105.    Google denies the allegations in Paragraph 105.

11     106.    Google denies the allegations in Paragraph 106, and respectfully refers the Court

12  to the cited documents for a complete and accurate statement of their contents.  Google admits

13  that mobile manufacturers have a choice whether to enter into a MADA to distribute devices with

14  proprietary Google apps, including the Google Play Store, and that these agreements contain

15  various provisions regarding placement of certain Google apps for the initial out-of-the-box

16  settings, though the specific terms have changed over time.

17     107.    Google denies the allegations in Paragraph 107, and respectfully refers the Court

18  to the cited documents for a complete and accurate statement of their contents.

19     108.    Google denies the allegations in Paragraph 108, and respectfully refers the Court

20  to the cited documents for a complete and accurate statement of their contents.

21     109.    Google denies the allegations in Paragraph 109, and respectfully refers the Court

22  to the cited documents for a complete and accurate statement of their contents.

23     110.    Google denies the allegations in Paragraph 110, except admits that one or more

24  defendants offer a Premier Device Program.  Google respectfully refers the Court to the cited

25  documents for a complete and accurate statement of their contents.

26     111.    Google denies the allegations in Paragraph 111, and respectfully refers the Court

27  to the cited documents for a complete and accurate statement of their contents.

28

- 13 -

112.    Google denies the allegations in Paragraph 112, and respectfully refers the Court to the cited documents for a complete and accurate statement of their contents.

113.    Google denies the allegations in Paragraph 113, and respectfully refers the Court to the cited documents for a complete and accurate statement of their contents.  Google is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 113 regarding what OnePlus told Epic.

114.    Google denies the allegations in Paragraph 114, and is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 114 regarding what LG told Epic.

115.    Google denies the allegations in Paragraph 115, and respectfully refers the Court to the cited documents for a complete and accurate statement of their contents.

116.    Google denies the allegations in Paragraph 116, and respectfully refers the Court to the cited documents for a complete and accurate statement of their contents.

117.    Google denies the allegations in Paragraph 117, and respectfully refers the Court to the cited documents for a complete and accurate statement of their contents.

118.    Google denies the allegations in Paragraph 118.

119.    Google denies the allegations in Paragraph 119, except admits that in certain instances sideloaded apps do not automatically update in the background on the Android operating system.

120.    Google denies the allegations in Paragraph 120.

121.    Google denies the allegations in Paragraph 121, and respectfully refers the Court to the cited documents for a complete and accurate statement of their contents.

122.    Google denies the allegations in Paragraph 122.

123.    Google denies the allegations in Paragraph 123.

124.    Google denies the allegations in Paragraph 124.

125.    Google denies the allegations in Paragraph 125, except is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Amazon's

- 14 -

Appstore, and respectfully refers the Court to the cited documents for a complete and accurate statement of their contents.

126.    Google denies the allegations in Paragraph 126.

127.    Google denies the allegations in Paragraph 127, and respectfully refers the Court to the language contained in the screenshot in Paragraph 127 for a complete and accurate statement of its contents.

128.    Google denies the allegations in Paragraph 128, except admits that starting with Android O, users were able authorize installs from one source at a time. Google respectfully refers the Court to the cited documents for a complete and accurate statement of their contents.

129.    Google denies the allegations in Paragraph 129, and respectfully refers the Court to the cited documents for a complete and accurate statement of their contents.

130.    Google denies the allegations in Paragraph 130, and respectfully refers the Court to the cited documents for a complete and accurate statement of their contents.

131.    Google denies the allegations in Paragraph 131, and is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 131 about the contents of an independent study.

132.    Google denies the allegations in Paragraph 132, and respectfully refers the Court to the cited documents for a complete and accurate statement of their contents.

133.    Google denies the allegations in Paragraph 133, and respectfully refers the Court to the cited documents for a complete and accurate statement of their contents.

134.    Google denies the allegations in Paragraph 134, and respectfully refers the Court to the cited documents for a complete and accurate statement of their contents.

135.    Google denies the allegations in Paragraph 135, and respectfully refers the Court to the cited documents for a complete and accurate statement of their contents.

136.    Google denies the allegations in Paragraph 136, except admits the existence of the "Verify Apps" feature, and respectfully refers the Court to the cited documents for a complete and accurate statement of their contents.

ANSWERS AND DEFENSES TO DEVELOPERS' FIRST AMENDED COMPLAINT
Case Nos. 3:20-cv-05792-JD; 3:21-md-02981-JD

137.    Google denies the allegations in Paragraph 137, and respectfully refers the Court to the cited documents for a complete and accurate statement of their contents.

138.    Google denies the allegations in Paragraph 138.

139.    Google denies the allegations in Paragraph 139, and respectfully refers the Court to the cited documents for a complete and accurate statement of their contents.

140.    Google denies the allegations in Paragraph 140, except admits that in certain instances sideloaded apps do not automatically update in the background on the Android operating system.  Google respectfully refers the Court to the cited documents for a complete and accurate statement of their contents.

141.    Google denies the allegations in Paragraph 141.

142.    Google denies the allegations in Paragraph 142, and respectfully refers the Court to the cited documents for a complete and accurate statement of their contents.

143.    Google denies the allegations in Paragraph 143.

144.    Google denies the allegations in Paragraph 144.

145.    Google denies the allegations in Paragraph 145.

146.    Google denies the allegations in Paragraph 146, and respectfully refers the Court to the cited documents for a complete and accurate statement of their contents.

147.    Google denies the allegations in Paragraph 147, and respectfully refers the Court to the cited documents for a complete and accurate statement of their contents.

148.    Google denies the allegations in Paragraph 148.

149.    Google denies the allegations in Paragraph 149.

150.    Google denies the allegations in Paragraph 150, and respectfully refers the Court to the cited documents for a complete and accurate statement of their contents.

151.    Google denies the allegations in Paragraph 151, and respectfully refers the Court to the cited documents for a complete and accurate statement of their contents.

152.    Google denies the allegations in Paragraph 152.

- 16 -

153.     Google denies the allegations in Paragraph 153, and respectfully refers the Court to the cited documents for a complete and accurate statement of their contents.

154.     Google denies the allegations in Paragraph 154. and respectfully refers the Court to the cited documents for a complete and accurate statement of their contents.

155.     Google denies the allegations in Paragraph 155, and respectfully refers the Court to the cited documents for a complete and accurate statement of their contents.

156.     Google denies the allegations in Paragraph 156, and respectfully refers the Court to the cited documents for a complete and accurate statement of their contents.

157.     Google denies the allegations in Paragraph 157.

158.     Google denies the allegations in Paragraph 158.

159.     Google denies the allegations in Paragraph 159.

160.     Google denies the allegations in Paragraph 160, and respectfully refers the Court to the cited documents for a complete and accurate statement of their contents.  Google is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 160 about Amazon Underground.

161.     Google denies the allegations in Paragraph 161, and respectfully refers the Court to the cited documents for a complete and accurate statement of their contents.  Google is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 161 about Amazon Underground.

162.     Google denies the allegations in Paragraph 162, and respectfully refers the Court to the cited documents for a complete and accurate statement of their contents.  Google is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 162 about Amazon's Fire smartphone and Amazon Underground.

163.     Google denies the allegations in Paragraph 163, except admits that Minecraft was priced at $6.99 on Google Play on August 15, 2020, and is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 163 about the Amazon Coins program.

ANSWERS AND DEFENSES TO DEVELOPERS' FIRST AMENDED COMPLAINT
Case Nos. 3:20-cv-05792-JD; 3:21-md-02981-JD

164.   Google denies the allegations in Paragraph 164.

165.   Google denies the allegations in Paragraph 165.

166.   Google denies the allegations in Paragraph 166.

167.   Google denies the allegations in Paragraph 167.

168.   Google denies the allegations in Paragraph 168.

169.   Google denies the allegations in Paragraph 169, and respectfully refers the Court to the cited documents for a complete and accurate statement of their contents.

170.   Google denies the allegations in Paragraph 170, and respectfully refers the Court to the cited documents for a complete and accurate statement of their contents.

171.   Google denies the allegations in Paragraph 171, except admits that, beginning in 2018, a 15% service fee was offered for subscriptions.

172.   Google denies the allegations in Paragraph 172.

173.   Google denies the allegations in Paragraph 173.

174.   Google denies the allegations in Paragraph 174, and respectfully refers the Court to the cited documents for a complete and accurate statement of their contents.

175.   Google denies the allegations in Paragraph 175, and respectfully refers the Court to the cited documents for a complete and accurate statement of their contents.

176.   Google denies the allegations in Paragraph 176, and respectfully refers the Court to the cited documents for a complete and accurate statement of their contents.

177.   Google denies the allegations in Paragraph 177, and is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 177 about Epic's service fee, and respectfully refers the Court to the cited documents for a complete and accurate statement of their contents.

178.   Google denies the allegations in Paragraph 178, and is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 178 about comments from Epic's CEO.

179.   Google denies the allegations in Paragraph 179.

ANSWERS AND DEFENSES TO DEVELOPERS' FIRST AMENDED COMPLAINT
Case Nos. 3:20-cv-05792-JD; 3:21-md-02981-JD

180.     Google denies the allegations in Paragraph 180, except admits that one or more defendants receive a payment for in-app purchases, and have charged up to 30% as a service fee. Google avers that beginning on January 1, 2018, the service fee on subscriptions was reduced from 30% to 15% in the second year.  Google further avers that beginning on July 1, 2021, the service fee was reduced to 15% for the first $1 million of revenue on digital goods or services every developer earns each year.  Google is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 180 about comments from Epic's CEO.

181.     Google denies the allegations in Paragraph 181, except admits that on August 13, 2020, Epic breached the DDA between Epic and Google LLC, Google Ireland Limited, Google Commerce Ltd., and Google Asia Pacific Pte. Ltd., dated June 12, 2020, and that Fortnite was removed from Google Play on August 13, 2020 as a result of Epic's breach of the terms of its contract with Google.  Google avers that Epic's deception and fraud were planned and executed over a period of many months.  Google further avers that Fortnite users can continue accessing Fortnite using their existing accounts through channels other than Google Play.

182.     Google denies the allegations in Paragraph 182, except admits that one or more defendants operate the Chrome Web Store and that the Chrome Web Store faces competition, and respectfully refers the Court to the cited documents for a complete and accurate statement of their contents.

183.     Google denies the allegations in Paragraph 183, and respectfully refers the Court to the cited documents for a complete and accurate statement of their contents.

184.     Google denies the allegations in Paragraph 184.

185.     Google denies the allegations in Paragraph 185.

186.     Google is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 186.

187.     Google denies the allegations in Paragraph 187.

188.     Google denies the allegations in Paragraph 188.

189.     Google denies the allegations in Paragraph 189, except admits that Google users use Google Play Billing for purchases through Google Play with some exceptions, including purchasing physical goods and purchasing digital content elsewhere that is consumed within the app.

190.     Google denies the allegations in Paragraph 190.

191.     Google denies the allegations in Paragraph 191, except admits that developers are generally required to enter into the DDA to distribute apps through Google Play.  Google respectfully refers the Court to the cited documents for a complete and accurate statement of their contents.

192.     Google denies the allegations in Paragraph 192, and respectfully refers the Court to the cited documents for a complete and accurate statement of their contents.

193.     Google denies the allegations in Paragraph 193, and respectfully refers the Court to the cited documents for a complete and accurate statement of their contents.

194.     Google denies the allegations in Paragraph 194, and respectfully refers the Court to the cited documents for a complete and accurate statement of their contents.

195.     Google denies the allegations in Paragraph 195.

196.     Google denies the allegations in Paragraph 196.

197.     Google denies the allegations in Paragraph 197.

198.     Google denies the allegations in Paragraph 198.

199.     Google denies the allegations in Paragraph 199.

200.     Google denies the allegations in Paragraph 200.

201.     Google denies the allegations in Paragraph 201, except admits that one or more defendants or Google LLC subsidiaries earns revenues through displaying advertising they sell on third-party sites; ads on preinstalled apps; ads within the Play Store; and AdMob.

202.     Google denies the allegations in Paragraph 202.

203.     Google denies the allegations in Paragraph 203.

204.     Google denies the allegations in Paragraph 204.

1    205.    Google denies the allegations in Paragraph 205.

2    206.    Google denies the allegations in Paragraph 206.

3    207.    Google denies the allegations in Paragraph 207.

4    208.    Google denies the allegations in Paragraph 208, and is without knowledge or

5    information sufficient to form a belief as to the truth of the allegations in Paragraph 208 about

6    "Paysafecards."

7    209.    Google denies the allegations in Paragraph 209.

8    210.    Google denies the allegations in Paragraph 210.

9    211.    Google denies the allegations in Paragraph 211.

10    212.    Google denies the allegations in Paragraph 212.

11    213.    Google denies the allegations in Paragraph 213.

12    214.    Google denies the allegations in Paragraph 214.

13    215.    Google denies the allegations in Paragraph 215, except admits it engages in

14    interstate commerce.

15    216.    Google denies the allegations in Paragraph 216 and respectfully refers the Court to

16    the referenced documents for a complete and accurate statement of their contents.

17    217.    Google denies the allegations in Paragraph 217.

18    218.    Google denies the allegations in Paragraph 218.

19    219.    Google denies the allegations in Paragraph 219.

20    220.    Google denies the allegations in Paragraph 220.  Google avers that the allegations

21    in the fourth and fifth sentences are legal conclusions not subject to admission or denial.  To the

22    extent a response is required, Google admits that U.S. app developers are permitted to sell apps

23    via Google Play to non-U.S. users.

24    221.    Google denies the allegations in Paragraph 221.

25    222.    Google denies the allegations in Paragraph 222.

26    223.    Google denies the allegations in Paragraph 223.

27    224.    Google denies the allegations in Paragraph 224.

28

ANSWERS AND DEFENSES TO DEVELOPERS' FIRST AMENDED COMPLAINT
Case Nos. 3:20-cv-05792-JD; 3:21-md-02981-JD

1    225.    Google denies the allegations in Paragraph 225.

2    226.    Google denies the allegations in Paragraph 226, except admits Google Play

3    competes with Apple's App Store.

4    227.    Google denies the allegations in Paragraph 227, except admits that Google Play

5    Billing is required for in-app purchases of digital content on apps distributed through the Google

6    Play Store.

7    228.    Google denies the allegations in Paragraph 228.

8    229.    Google denies the allegations in Paragraph 229.

9    230.    Google denies the allegations in Paragraph 230.

10   231.    Google denies the allegations in Paragraph 231.  Google avers that the allegations

11   in the fourth and fifth sentences are legal conclusions not subject to admission or denial.  To the

12   extent a response is required, Google admits that U.S. app developers are permitted to sell apps

13   via Google Play to non-U.S. users.

14   232.    Google denies the allegations in Paragraph 232.

15   233.    Google denies the allegations in Paragraph 233.

16   234.    Google denies the allegation in Paragraph 234.  To the extent Paragraph 234

17   contains Plaintiffs' characterization of their own claims, no response is required.

18   235.    Google denies the allegation in Paragraph 235.  To the extent Paragraph 235

19   contains Plaintiffs' characterization of their own claims, no response is required.

20   236.    The allegations in Paragraph 236 are legal conclusions not subject to admission or

21   denial.  To the extent a response is required, Google denies the allegations in Paragraph 236.

22   237.    The allegations in Paragraph 237 are legal conclusions not subject to admission or

23   denial.  To the extent a response is required, Google denies the allegations in Paragraph 237.

24   238.    The allegations in Paragraph 238 are legal conclusions not subject to admission or

25   denial.  To the extent a response is required, Google denies the allegations in Paragraph 238.

26   239.    The allegations in Paragraph 239 are legal conclusions not subject to admission or

27   denial.  To the extent a response is required, Google denies the allegations in Paragraph 239.

28

240.    The allegations in Paragraph 240 are legal conclusions not subject to admission or denial.  To the extent a response is required, Google denies the allegations in Paragraph 240.

241.    The allegations in Paragraph 241 are legal conclusions not subject to admission or denial.  To the extent a response is required, Google denies the allegations in Paragraph 241.

242.    The allegations in Paragraph 242 are legal conclusions not subject to admission or denial.  To the extent a response is required, Google denies the allegations in Paragraph 242.

243.    Google denies the allegations in Paragraph 243 and respectfully refers the Court to the cited documents for a complete and accurate statement of their contents.  To the extent Paragraph 243 contains Plaintiffs' characterization of their own claims, no response is required.

244.    Google denies the allegations in Paragraph 244, except admits that Google LLC and Google Payment Corp. maintain their headquarters in California.  To the extent Paragraph 244 contains Plaintiffs' characterization of their own claims, no response is required.

245.    Google reasserts and hereby incorporates by reference its responses to each Paragraph of Plaintiffs' Amended Complaint, as though fully set forth herein.

246.    Google denies the allegation in Paragraph 246.  To the extent Paragraph 246 contains Plaintiffs' characterization of their own claims, no response is required.

247.    Google denies the allegations in Paragraph 247.

248.    Google denies the allegations in Paragraph 248.

249.    Google denies the allegations in Paragraph 249.

250.    Google denies the allegations in Paragraph 250.

251.    Google denies the allegations in Paragraph 251.

252.    Google denies the allegations in Paragraph 252.

253.    Google denies the allegations in Paragraph 253.

254.    Google denies the allegations in Paragraph 254.

255.    Google denies the allegations in Paragraph 255.

256.    Google denies the allegations in Paragraph 256.

ANSWERS AND DEFENSES TO DEVELOPERS' FIRST AMENDED COMPLAINT
Case Nos. 3:20-cv-05792-JD; 3:21-md-02981-JD

257.     Google reasserts and hereby incorporates by reference its responses to each Paragraph of Plaintiffs' Amended Complaint, as though fully set forth herein.

258.     Google denies the allegation in Paragraph 258.  To the extent Paragraph 258 contains Plaintiffs' characterization of their own claims, no response is required.

259.     Google denies the allegations in Paragraph 259.

260.     Google denies the allegations in Paragraph 260.

261.     Google denies the allegations in Paragraph 261.

262.     Google denies the allegations in Paragraph 262.

263.     Google denies the allegations in Paragraph 263.

264.     Google denies the allegations in Paragraph 264.

265.     Google denies the allegations in Paragraph 265.

266.     Google denies the allegations in Paragraph 266.

267.     Google denies the allegations in Paragraph 267.

268.     Google reasserts and hereby incorporates by reference its responses to each Paragraph of Plaintiffs' Amended Complaint, as though fully set forth herein.

269.     Google denies the allegation in Paragraph 269.  To the extent Paragraph 269 contains Plaintiffs' characterization of their own claims, no response is required.

270.     Google denies the allegations in Paragraph 270.

271.     Google denies the allegations in Paragraph 271.

272.     Google denies the allegations in Paragraph 272.

273.     Google denies the allegations in Paragraph 273.

274.     Google denies the allegations in Paragraph 274.

275.     Google denies the allegations in Paragraph 275.

276.     Google denies the allegations in Paragraph 276.

277.     Google denies the allegations in Paragraph 277.

278.     Google denies the allegations in Paragraph 278.

279.    Google reasserts and hereby incorporates by reference its responses to each Paragraph of Plaintiffs' Amended Complaint, as though fully set forth herein.

280.    Google denies the allegation in Paragraph 280.  To the extent Paragraph 280 contains Plaintiffs' characterization of their own claims, no response is required.

281.    Google denies the allegations in Paragraph 281.

282.    Google denies the allegations in Paragraph 282.

283.    Google denies the allegations in Paragraph 283.

284.    Google denies the allegations in Paragraph 284.

285.    Google denies the allegations in Paragraph 285.

286.    Google denies the allegations in Paragraph 286.

287.    Google denies the allegations in Paragraph 287.

288.    Google denies the allegations in Paragraph 288.

289.    Google denies the allegations in Paragraph 289.

290.    Google reasserts and hereby incorporates by reference its responses to each Paragraph of Plaintiffs' Amended Complaint, as though fully set forth herein.

291.    Google denies the allegation in Paragraph 291.

292.    Google denies the allegation in Paragraph 292.

293.    Google denies the allegations in Paragraph 293, and respectfully refers the Court to the cited documents for a complete and accurate statement of their contents.

294.    Google denies the allegations in Paragraph 294.

295.    Google denies the allegations in Paragraph 295.

296.    Google denies the allegations in Paragraph 296.

297.    Google denies the allegations in Paragraph 297.

298.    Google denies the allegations in Paragraph 298.

299.    Google reasserts and hereby incorporates by reference its responses to each Paragraph of Plaintiffs' Amended Complaint, as though fully set forth herein.

300.    Google denies the allegations in Paragraph 300.

1    301.    Google denies the allegations in Paragraph 301.

2    302.    Google denies the allegations in Paragraph 302.

3    303.    Google denies the allegations in Paragraph 303.

4    304.    Google denies the allegations in Paragraph 304.

5    305.    Google denies the allegations in Paragraph 305.

6    306.    Google denies the allegations in Paragraph 306.

7    307.    Google denies the allegations in Paragraph 307.

8    308.    Google denies the allegations in Paragraph 308.

9    309.    Google denies the allegations in Paragraph 309.

10    310.    Google reasserts and hereby incorporates by reference its responses to each

11   Paragraph of Plaintiffs' Amended Complaint, as though fully set forth herein.

12    311.    Google denies the allegation in Paragraph 311.  To the extent Paragraph 311

13   contains Plaintiffs' characterization of their own claims, no response is required.

14    312.    The allegations in Paragraph 312 are legal conclusions not subject to admission or

15   denial.  To the extent a response is required, Google denies the allegations in Paragraph 312.

16    313.    Google denies the allegations in Paragraph 313.

17    314.    Google denies the allegations in Paragraph 314.

18    315.    Google denies the allegations in Paragraph 315.

19    316.    Google denies the allegations in Paragraph 316.

20    317.    Google denies the allegations in Paragraph 317.

21    318.    Google denies the allegations in Paragraph 318.

22    319.    Google denies the allegations in Paragraph 319.

23    320.    Google denies the allegations in Paragraph 320.

24    321.    Google denies the allegations in Paragraph 321.

25    322.    Google denies the allegations in Paragraph 322.

26    323.    Google reasserts and hereby incorporates by reference its responses to each

27   Paragraph of Plaintiff's Amended Complaint, as though fully set forth herein.

28

ANSWERS AND DEFENSES TO DEVELOPERS' FIRST AMENDED COMPLAINT
Case Nos. 3:20-cv-05792-JD; 3:21-md-02981-JD

1    324.    Google denies the allegations in Paragraph 324.

2    325.    The allegations in Paragraph 325 are legal conclusions not subject to admission or

3    denial.  To the extent a response is required, Google denies the allegations in Paragraph 325.

4    326.    Google denies the allegations in Paragraph 326.

5    327.    Google denies the allegations in Paragraph 327.

6    328.    Google denies the allegations in Paragraph 328.

7    329.    Google denies the allegations in Paragraph 329, and respectfully refers the Court

8    to the cited documents for a complete and accurate statement of their contents.

9    330.    Google denies the allegations in Paragraph 330.

10   331.    Google denies the allegations in Paragraph 331.

11   332.    Google denies the allegations in Paragraph 332.

12   333.    Google denies the allegations in Paragraph 333.

13   334.    Google reasserts and hereby incorporates by reference its responses to each

14   Paragraph of Plaintiffs' Amended Complaint, as though fully set forth herein.

15   335.    Google denies the allegations in Paragraph 335.

16   336.    The allegations in Paragraph 336 are legal conclusions not subject to admission or

17   denial.  To the extent a response is required, Google denies the allegations in Paragraph 336.

18   337.    Google denies the allegations in Paragraph 337.

19   338.    Google denies the allegations in Paragraph 338.

20   339.    Google denies the allegations in Paragraph 339.

21   340.    Google denies the allegations in Paragraph 340.

22   341.    Google denies the allegations in Paragraph 341.

23   342.    Google denies the allegations in Paragraph 342.

24   343.    Google denies the allegations in Paragraph 343.

25   344.    Google denies the allegations in Paragraph 344.

26   345.    Google denies the allegations in Paragraph 345.

27   **Answer to Plaintiffs' Prayer for Relief:**  To the extent that an answer is required to the

28

ANSWERS AND DEFENSES TO DEVELOPERS' FIRST AMENDED COMPLAINT
Case Nos. 3:20-cv-05792-JD; 3:21-md-02981-JD

Prayer for Relief, Google denies the allegations contained therein.  Google further states that Plaintiffs are not entitled to any remedies sought in the Complaint.

**Answer to Plaintiffs' Demand for a Jury Trial:**  Google admits that Plaintiffs seek trial by jury on issues so triable.

## AFFIRMATIVE OR ALTERNATIVE DEFENSES

In addition to the reasons stated above, Plaintiffs are not entitled to relief, and Google is entitled to judgment in its favor and against Plaintiffs, on the basis of the following Affirmative or Alternative Defenses, pleaded in the alternative to the extent they may be found to be inconsistent.  In asserting these defenses, Google does not assume the burden of proof on any issue that would otherwise rest on Plaintiff.  Further, Google reserves all affirmative defenses under Federal Rule of Civil Procedure 8(c) and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and further factual investigation in this case.

### First Defense

### (Failure to State a Cause of Action)

The Complaint fails to state a claim upon which relief can be granted.

### Second Defense

### (Legitimate Business Justifications)

Any and all of Google's actions alleged by Plaintiffs were lawful, justified, procompetitive, and carried out in Google's legitimate business interests and constitute bona fide competitive activity, the benefits of which significantly outweigh any alleged anticompetitive effects.

### Third Defense

### (Relief Contrary to Public Interest, Inequitable, Impractical, and Unworkable)

The relief sought by Plaintiffs would be contrary to the public interest, harm consumers, and is otherwise inequitable, impractical, and unworkable.

ANSWERS AND DEFENSES TO DEVELOPERS' FIRST AMENDED COMPLAINT
Case Nos. 3:20-cv-05792-JD; 3:21-md-02981-JD

**Fourth Defense**

**(International Comity)**

Plaintiffs' claims are barred, in whole or in part, by the doctrine of international comity, insofar as Plaintiffs seek injunctive relief affecting transactions and conduct occurring outside U.S. jurisdiction.

**Fifth Defense**

**(Failure to Join an Indispensable Party)**

The Complaint fails to join necessary and indispensable parties, including, but not limited to, consumers and developers of apps distributed for free on Google Play.

**Sixth Defense**

**(Foreign Trade Antitrust Improvements Act)**

Plaintiffs' claims are barred, in whole or in part, by the Foreign Trade Antitrust Improvements Act, 15 U.S.C. § 6a, insofar as Plaintiffs make claims concerning transactions or alleged conduct involving trade or commerce with foreign nations outside U.S. jurisdiction.

**Seventh Defense**

**(*Noerr-Pennington* Doctrine)**

Plaintiffs' causes of action are barred, in whole or in part, by the *Noerr-Pennington* doctrine.

**Eighth Defense**

**(Mitigation of Damages)**

Plaintiffs' claims are barred, in whole or in part, by their failure to mitigate damages, if any.

**Ninth Defense**

**(Lack of Standing – Indirect Purchasers)**

Each of Plaintiffs' claims or causes of action are barred, wholly or in part, to the extent that they did not transact directly with Google on the Play Store, because they are indirect

ANSWERS AND DEFENSES TO DEVELOPERS' FIRST AMENDED COMPLAINT
Case Nos. 3:20-cv-05792-JD; 3:21-md-02981-JD

1    purchasers and barred from maintaining an action under state and federal antitrust laws from

2    seeking injuries in that capacity.

3                                        **Tenth Defense**

4                                          **(Estoppel)**

5            Plaintiffs' claims are barred, in whole or in part, by the doctrine of estoppel.

6                                       **Eleventh Defense**

7                                   **(Statute of Limitations)**

8            Plaintiffs' claims are barred in whole or in part by the statute of limitations applicable to

9    their respective claims.

10                                       **Twelfth Defense**

11                                 **(Dormant Commerce Clause)**

12           Plaintiffs' claims are barred in whole or in part by the Dormant Commerce Clause.

13                             **RESERVATION OF DEFENSES**

14           Google reserves the right to assert additional defenses when it determines the particulars

15   of Plaintiffs' claims, which are not apparent on the face of the Amended Complaint.  Google

16   reserves the right to amend this Answer to add, delete, or modify defenses based upon legal

17   theories that may be or will be divulged through clarification of Plaintiffs' Complaint, through

18   discovery, or through further legal analysis of Plaintiffs' position in this litigation.

19                                     **JURY DEMAND**

20           Google demands a trial by jury on all issues so triable.

21   Respectfully submitted,
     Dated: October 11, 2021                    **O'MELVENY & MYERS LLP**
22                                              Ian Simmons (*pro hac vice*[1])
                                                Daniel M. Petrocelli
23                                              Benjamin G. Bradshaw
                                                Stephen J. McIntyre
24
                                                Respectfully submitted,
25
                                                By:    */s/ Ian Simmons*_____
26                                                     Ian Simmons

27   _____

28   [1] *Pro hac vice* pending in Case No. 3:21-md-02981-JD.

ANSWERS AND DEFENSES TO DEVELOPERS' FIRST AMENDED COMPLAINT
Case Nos. 3:20-cv-05792-JD; 3:21-md-02981-JD

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**MORGAN, LEWIS & BOCKIUS LLP**
Brian C. Rocca
Richard S. Taffet
Sujal J. Shah
Michelle Park Chiu
Minna Lo Naranjo
Rishi P. Satia

Respectfully submitted,

By:     /s/ *Brian C. Rocca*
           Brian C. Rocca


**MUNGER, TOLLES & OLSON LLP**
Glenn D. Pomerantz
Kuruvilla Olasa
Kyle W. Mach
Justin P. Raphael
Emily C. Curran-Huberty
Jonathan I. Kravis
Marianna Y. Mao


By:     /s/ Glenn D. Pomerantz
           Glenn D. Pomerantz

*Counsel for Defendants*

- 31 -

1

## ECF ATTESTATION

2

I hereby attest that concurrence in the filing of this document has been obtained from each

3

of the other signatories hereto.

4

5

Dated: October 11, 2021

By:     /s/ *Ian Simmons*_____
                Ian Simmons

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ANSWERS AND DEFENSES TO DEVELOPERS' FIRST AMENDED COMPLAINT
Case Nos. 3:20-cv-05792-JD; 3:21-md-02981-JD