Paul J. Riehle (SBN 115199)
paul.riehle@faegredrinker.com
**FAEGRE DRINKER BIDDLE & REATH LLP**
Four Embarcadero Center
San Francisco, California 94111
Telephone: (415) 591-7500
Facsimile: (415) 591-7510

Christine A. Varney (*pro hac vice*)
cvarney@cravath.com
Katherine B. Forrest (*pro hac vice*)
kforrest@cravath.com
Gary A. Bornstein (*pro hac vice*)
gbornstein@cravath.com
Timothy G. Cameron (*pro hac vice*)
tcameron@cravath.com
Yonatan Even (*pro hac vice*)
yeven@cravath.com
Lauren A. Moskowitz (*pro hac vice*)
lmoskowitz@cravath.com
Justin C. Clarke (*pro hac vice*)
jcclarke@cravath.com
M. Brent Byars (*pro hac vice*)
mbyars@cravath.com
**CRAVATH, SWAINE & MOORE LLP**
825 Eighth Avenue
New York, New York 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

*Attorneys for Plaintiff Epic Games, Inc.*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| EPIC GAMES, INC.,<br><br>                               Plaintiff,<br><br>v.<br><br>GOOGLE LLC et al.,<br><br>                               Defendants. | Case No. 3:20-CV-05671-JD<br><br>**EPIC GAMES, INC'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED** |

1    Pursuant to Civil Local Rules 7-11 and 79-5, Plaintiff Epic Games, Inc. ("Epic") hereby

2    moves the Court to issue an administrative order on the filing under seal of certain portions of

3    Epic's <u>Answer and Affirmative Defenses to Google's Counterclaims</u> ("Epic's Answer").  A

4    public redacted version of Epic's Answer has been filed in accordance with this Court's Local

5    Rules.

6    Subsection (f) of Civil Local Rule 79-5 sets forth procedures that apply when a party

7    seeks to file information designated as confidential by the opposing party.  Under

8    subsection (f)(1), the Filing Party's Administrative Motion to Consider Whether Another

9    Party's Material Should Be Sealed "must identify each document or portions thereof for which

10   sealing is sought".  Pursuant to subsection (f)(3) of Local Rule 79-5, the Designating Party then

11   has 7 days to file a declaration establishing that all of the designated material is "sealable"

12   according to the standards set out in subsection (c)(1), after which any party may respond

13   within 4 days, pursuant to subsection (f)(4).  Civil Local Rule 79-5 provides that documents, or

14   portions thereof, may be sealed if a party makes "a specific statement of the applicable legal

15   standard <u>and</u> the reasons for keeping a document under seal, including an explanation of (i) the

16   legitimate private or public interests that warrant sealing; (ii) the injury that will result if

17   sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient".  Civ.

18   L.R. 79-5(c)(1) (emphasis in original).  "[A] strong presumption of access to judicial records

19   applies fully to dispositive pleadings" and "'compelling reasons' must be shown to seal judicial

20   records attached to a dispositive motion".  *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d

21   1172, 1179 (9th Cir. 2006) (citations omitted).  A request to seal all or part of an Answer must

22   meet the "compelling reasons" standard and not the "good cause" standard" for sealing.  *See*

23   *Hyosung (America), Inc. v. Hantle, Inc.*, 2011 WL 5520961 at *3 (N.D. Cal. Nov. 14, 2011)

24   (denying a defendant's motion to seal his Answer and applying the "compelling reasons"

25   standard); *Delfino Green & Green v. Workers Compansation Sols., LLC,* 2015 WL 4235356, at

26   *2 (N.D. Cal. July 13, 2015) (applying "compelling reasons" standard in evaluating request to

27   seal an Answer).  Compelling reasons justifying the sealing of court records generally exist

28

1   "when such court files might have become a vehicle for improper purposes, such as the use of

2   records to gratify private spite, promote public scandal, circulate libelous statements, or release

3   trade secrets". *Kamakana*, 447 F.3d at 1179 (internal quotation marks omitted).  However,

4   "[t]he mere fact that the production of records may lead to a litigant's embarrassment,

5   incrimination, or exposure to further litigation will not, without more, compel the court to seal

6   its records". *Id.*  Moreover, "[t]he fact that the parties may have designated a document as

7   confidential under a stipulated protective order is also not enough to justify sealing." *In re*

8   *Google Play Store Antitrust Litig.*, 2021 WL 4190165 (N.D. Cal. Aug. 25, 2021) (Donato, J.).

9       Epic's Answer contains portions that are sourced from documents that Defendants

10  Google LLC, Google Ireland Limited, Google Commerce Limited, Google Asia Pacific Pte.

11  Limited, and Google Payment Corp. (collectively, "Google") have designated as

12  "CONFIDENTIAL" pursuant to the Protective Order entered by the Court, ECF No. 189.

13  Those portions are identified in the Declaration of M. Brent Byars submitted herewith and

14  highlighted in the under seal version of Epic's Answer.

15

16   Dated: November 1, 2021                CRAVATH, SWAINE & MOORE LLP

17                                          Christine Varney
                                            Katherine B. Forrest
18                                          Gary A. Bornstein
                                            Timothy G. Cameron
19                                          Yonatan Even
                                            Lauren A. Moskowitz
20                                          Justin C. Clarke
                                            M. Brent Byars
21

22                                          Respectfully submitted,

23                                          By:    */s/ M. Brent Byars*
                                                   M. Brent Byars
24
                                            *Attorneys for Plaintiff Epic Games, Inc.*
25

26

27

28