Steve W. Berman (*pro hac vice*)
steve@hbsslaw.com
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1301 Second Ave., Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292

Eamon P. Kelly (*pro hac vice*)
ekelly@sperling-law.com
**SPERLING & SLATER P.C.**
55 W. Monroe, Suite 3200
Chicago, IL 60603
Telephone: 312-641-3200

*Co-Lead Counsel for the Proposed Class in In re Google Play Developer Antitrust Litigation and Attorneys for Pure Sweat Basketball, Inc.*

Bonny E. Sweeney (SBN 176174)
bsweeney@hausfeld.com
**HAUSFELD LLP**
600 Montgomery Street, Suite 3200
San Francisco, CA 94111
Telephone: (415) 633-1908

*Co-Lead Counsel for the Proposed Class in In re Google Play Developer Antitrust Litigation and Attorneys for Peekya App Services, Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE GOOGLE PLAY DEVELOPER ANTITRUST LITIGATION** | Case No. 3:20-cv-05792-JD <br><br> **DEVELOPER PLAINTIFFS' MOTION FOR LEAVE TO AMEND PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 15(A)(2) AND 21** <br><br> Date: TBD <br> Time: TBD <br> Courtroom: 11, 19th Floor <br> Judge: Hon. James Donato |

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that on January 13, 2022 at 10:00 a.m., or as soon thereafter as the matter can be heard by the above-titled court, in the courtroom of the Honorable James Donato located at the Phillip Burton Federal Building and United States Courthouse, Courtroom 11, 19th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102, Developer Plaintiffs will move the Court, pursuant to Federal Rules of Civil Procedure 15 and/or 21, for an order permitting Developer Plaintiffs to further amend their consolidated complaint. Developer Plaintiffs' Motion is based on this Notice and Motion, the Memorandum of Points and Authorities in Support of Motion, the complete records and files of this action, all other matters of which the Court may take judicial notice, and any other such evidence and oral argument as may be made at the hearing of this matter.

Dated: December 6, 2021          Respectfully submitted,

By *s/ Bonny E. Sweeney*
   Bonny E. Sweeney (SBN 176174)
   Kyle Geoffrey Bates (SBN 299114)
   **HAUSFELD LLP**
   600 Montgomery Street, Suite 3200
   San Francisco, CA 94111
   Telephone: (415) 633-1908 (main)
   Telephone: (415) 633-1953 (direct)
   Facsimile:  (415) 358-4980
   bsweeney@hausfeld.com
   kbates@hausfeld.com

   Melinda R. Coolidge (*pro hac vice*)
   **HAUSFELD LLP**
   1700 K Street, NW, Suite 650
   Washington, DC 20006
   Telephone: (202) 540-7200 (main)
   Telephone: (202) 540-7144 (direct)
   Facsimile:  (202) 540-7201
   mcoolidge@hausfeld.com

DEVELOPER PLAINTIFFS' MOTION FOR LEAVE TO AMEND PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 15(A)(2) AND 21
CASE NO. 3:20-cv-05792-JD

Katie R. Beran (*pro hac vice*)
Yelena W. Dewald (*pro hac vice*)
Daniel Kees (*pro hac vice*)
**HAUSFELD LLP**
325 Chestnut Street, Suite 900
Philadelphia, PA 19106
Telephone: (215) 985-3270 (main)
Telephone: (267) 702-3215 (direct)
Facsimile:  (215) 985-3271
kberan@hausfeld.com
ydewald@hausfeld.com
dkees@hausfeld.com

Scott A. Martin (*pro hac vice*)
Irving Scher (*pro hac vice*)
**HAUSFELD LLP**
33 Whitehall Street, 14th Floor
New York, NY 10004
Telephone: (646) 357-1100 (main)
Telephone: (646) 357-1195 (direct)
Facsimile:  (212) 202-4322
smartin@hausfeld.com
ischer@hausfeld.com


HAGENS BERMAN SOBOL SHAPIRO LLP

By ___*/s/ Steve W. Berman*_____
    Steve W. Berman (*pro hac vice*)
Robert F. Lopez (*pro hac vice*)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594
steve@hbsslaw.com
robl@hbsslaw.com

Ben M. Harrington (SBN 313877)
Benjamin J. Siegel (SBN 256260)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
benh@hbsslaw.com
bens@hbsslaw.com

2

By *__/s/ Eamon P. Kelly__*

Eamon P. Kelly (*pro hac vice*)
Joseph M. Vanek (*pro hac vice*)
Alberto Rodriguez (*pro hac vice*)
**SPERLING & SLATER, P.C.**
55 W. Monroe Street, 32nd Floor
Chicago, IL 60603
Telephone: (312) 676-5845
Facsimile: (312) 641-6492
jvanek@sperling-law.com
ekelly@sperling-law.com
arodriguez@sperling-law.com

Raymond Witt (*pro hac vice*)
**THE LEWIS FIRM PLLC**
1300 I Street NW, Suite 400E
Washington, DC 20005
Tel.: (202) 355-8895
Fax: (888) 430-6695
rwitt@lewis-firm.com

*Interim Co-Lead Class Counsel*

1

**RELIEF REQUESTED**

2        Pursuant to Federal Rules of Civil Procedure 15(a)(2) and 21, Developer Plaintiffs seek

3   leave to file the accompanying Second Amended Consolidated Class Action Complaint.

4

**ISSUE PRESENTED**

5        Whether this Court should permit Developer Plaintiffs to add LittleHoots LLC as an

6   additional plaintiff and putative class representative, narrow the proposed class definition, and

7   update certain allegations, when these amendments will not prejudice any party and do not result

8   from undue delay, bad faith, pleading inadequacies, or futile intentions.

9

**MEMORANDUM OF POINTS AND AUTHORITIES**

10  **I.      Introduction**

11       Pursuant to Federal Rules of Civil Procedure 15(a)(2) and/or 21, Developer Plaintiffs

12  seek leave to add LittleHoots LLC as a plaintiff and putative class representative, narrow the

13  proposed class definition, and to update certain allegations as reflected in Developer Plaintiffs'

14  Second Amended Consolidated Class Action Complaint.[1]  Developer Plaintiffs' present

15  amendment is timely under the Court's MDL Scheduling Order (MDL Dkt. No. 122)[2] entered on

16  October 22, 2021, which sets a December 3, 2021 deadline for adding parties and amending

17  pleadings.  All Parties, including Defendants, have had sufficient notice that Developer Plaintiffs

18  may amend their complaint.

19       The timing of Developer Plaintiffs' amendment, as provided for by the Court's scheduling

20  order, is also consistent with the aims of Rule 15 and does not prejudice any party.  LittleHoots's

21  claims are substantively identical to those asserted by Developers and other Plaintiffs since the

22  inception of this litigation.  The narrower class definition proposed in Developer Plaintiffs' Second

23  Amended Consolidated Class Action Complaint, and the other updates, streamline and clarify

24  Developer Plaintiffs' allegations without introducing new issues.  Discovery also remains ongoing;

25

26  [1] A redline of the changes between Developer Plaintiffs' First Amended Consolidated Class Action Complaint (Dev. Ps Dkt. No. 128-4) and Developer Plaintiffs' Second Amended Consolidated Class Action Complaint is attached hereto as Exhibit 1.

27  [2] References herein to the relevant dockets in this MDL will either be to the Developer Plaintiffs' docket (3:20-cv-05792-JD) (Dev. Ps Dkt.) or to the MDL docket (3:21-md-02981-JD) (MDL Dkt.).

4

1    no Plaintiffs have been deposed, only one Google witness has been deposed, and no Parties have

2    made expert disclosures. Class certification briefing, dispositive motions, and trial are all months

3    away, and Defendants have more than enough time to conduct any necessary investigation relating

4    to the substance of Developer Plaintiffs' amendment.[3]

5         There is also no evidence that Developer Plaintiffs' amendment is unduly delayed,

6    motivated by bad faith, required to remedy pleading inadequacies or futile.  Indeed, and as

7    discussed above, Developer Plaintiffs have met the deadline set by the Scheduling Order for

8    adding parties and amending pleadings (MDL Dkt. No. 122).  Moreover, leave to amend under

9    Rule 15(a)(2) should be freely given when justice so requires, while Rule 21 permits the addition

10   of parties on just terms.  Under the circumstances here, either Rule justifies an order permitting

11   Developer Plaintiffs to amend.

12   **II.    Factual and Procedural Background**

13        Developer Plaintiffs filed their Consolidated Class Action Complaint on October 21,

14   2020.  Dev. Ps Dkt. No. 56.  Developer Plaintiffs' complaint alleged violations of the Sherman

15   and Clayton Acts, the Cartwright Act (Cal. Bus. & Profs. Code §§ 16700 *et seq.*), and

16   California's Unfair Competition Law (Cal. Bus. & Profs. Code §§ 17200 *et seq.*).  Developer

17   Plaintiffs filed their First Amended Consolidated Class Action Complaint on July 21, 2021,

18   alleging violations of the same statutes.  Dev. Ps Dkt. No. 128.  Developer Plaintiffs and the

19   members of the putative class are all app developers that sold Android OS apps or in-app

20   products (including subscriptions) in or via the Google Play store.  Developer Plaintiffs allege

21   that Google improperly acquired and maintained monopolies in the markets for distribution of

22   Android apps and for in-app payment processing for digital products.

23        In discovery Developer Plaintiffs have learned more about Google's conduct as concerns

24   their claims.  Google has produced over 2.3 million documents, including over 776,000

25

26   ─────────────────────────
     [3] Notwithstanding this amendment, Developer Plaintiffs expressly reserve the right to seek leave on an appropriate
     showing to make further amendments to the complaint or add parties, for example to the extent future rulings or
27   developments in this case—including at class certification—warrant amendments.

DEVELOPER PLAINTIFFS' MOTION FOR LEAVE TO AMEND PURSUANT TO FEDERAL RULES
OF CIVIL PROCEDURE 15(A)(2) AND 21
CASE NO. 3:20-cv-05792-JD

1   documents from Google's responses to the States' civil investigative demands that were just

2   produced in mid-October.

3       On October 22, 2021, the Court entered the MDL Scheduling Order after considering the

4   Parties' Joint Statement re: Case Schedule. (MDL Dkt. No. 122).  The MDL Scheduling Order

5   provides that any Party may amend its pleadings, including by adding new parties, by December

6   3, 2021.  Consistent with this schedule, Developer Plaintiffs seek leave to amend their complaint

7   and add a party.[4]

8   **III.**     **Argument**

9       **A.**     **Developer Plaintiffs Should Be Granted Leave To Amend.**

10       A liberal standard governs a party's right to amend.  Leave to amend under Rule 15(a)(2)

11   should be "freely given" and the "Ninth Circuit has directed district courts to apply the rule

12   favoring amendments to pleadings with 'extreme liberality.'" *Whelan v. Miles Indus.*, No. C-11-

13   02146 EDL, 2012 WL 12920688, at *3 (N.D. Cal. Sept. 12, 2012) (quoting *DCD Programs, Ltd.*

14   *v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987)).

15       Courts consider five factors when evaluating a motion for leave to amend: (1) whether

16   the movant unduly delayed in bringing the motion; (2) evidence of bad faith or dilatory motive

17   by the movant; (3) a movant's repeated failure to cure deficiencies by previous amendments; (4)

18   prejudice to the opposing party; and (5) futility of the amendment. *Griggs v. Pace Am. Grp. Inc.*,

19   170 F.3d 877, 880 (9th Cir. 1999).  Of these, the "predominating factor is the resulting prejudice

20   to the opposing party."  *Braun v. Norton*, No. C-05-03777-MJJ, 2006 WL 8459605, at *2 (N.D.

21   Cal. Jan. 27, 2006); *see also Yucesoy v. Uber Techs., Inc.*, No. C-15-0262 EMC, 2015 WL

22   4571547, at *2 (N.D. Cal July 28, 2015) ("the crucial factor is the resulting prejudice to the

23   opposing party." (internal quotations omitted)).[5]

---

24

25   [4] Developer Plaintiffs filed their Second Amended Consolidated Class Action Complaint and requisite sealing papers on December 3, 2021.  This Motion is filed following a further colloquy with Google regarding the same.

26   [5] *See also Whelan*, 2012 WL 12920688, at *3 ("prejudice is the critical factor in considering motions for leave to amend.") "Absent prejudice, or a strong showing of any of the remaining [] factors, there exists a presumption under

27   Rule 15(a) in favor of granting leave to amend." *Braun*, 2006 WL 8459605, at *2 (quoting *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003)) (emphasis in original); *see also Bradley v. T-Mobile US, Inc*., No. 17-cv-07232-BLF, 2019 WL 2358972 at *2 (N.D. Cal. June 4, 2019) (same).

DEVELOPER PLAINTIFFS' MOTION FOR LEAVE TO AMEND PURSUANT TO FEDERAL RULES
OF CIVIL PROCEDURE 15(A)(2) AND 21
CASE NO. 3:20-cv-05792-JD

1          **1.    No Party Will Be Prejudiced By Developer Plaintiffs' Amendment.**

2          As discussed above, the scope of Developer Plaintiffs' amendment is modest and will

3    have the overall effect of streamlining and focusing Developer Plaintiffs' claims, which inures to

4    the benefit of Plaintiffs and Defendants alike.  Developer Plaintiffs simply seek to add an

5    additional plaintiff, LittleHoots, narrow the proposed class definition (to developers who paid

6    commissions exceeding 15%), and to update certain allegations.  Discovery is in its early stages,

7    and the amendment will not enlarge or otherwise change Developers' core theories of the case.

8    Indeed, LittleHoots, the plaintiff Developers seek to add as a class representative, was already a

9    member of the putative class.  And LittleHoots's circumstances and claims are essentially

10   identical to those of the existing plaintiffs and putative class members.

11         Defendants can likewise claim no prejudice from the *narrower* class definition Developer

12   Plaintiffs have proposed, and the other updated allegations do not change the essential substance

13   of Developer Plaintiffs' allegations.  Accordingly, whether viewed individually or collectively,

14   no prejudice will result from the amendments Developer Plaintiffs propose.  *See McConnell v.*

15   *Red Robin Int'l, Inc.*, No. C 11-03026 (WHA), 2012 WL 1357616 at *2-3 (N.D. Cal. Apr. 17,

16   2012) (no prejudice where proposed plaintiff was already a class member); *Whelan*, 2012 WL

17   12920688 at *3-4 (permitting new named plaintiffs because, among other reasons, limited

18   discovery required was not prejudicial).

19         Furthermore, the prejudice that Rule 15 seeks to guard against is the kind that would

20   result from an unfair change in tactics or theories midway through litigation.  *See Braun*, 2006

21   WL 8459605, at *4 (internal quotations omitted); s*ee also In re Facebook Priv. Litig.*, No. 10-cv-

22   02389 (RMW), 2015 WL 2453734, at *5 (N.D. Cal. May 22, 2015) (no prejudice when

23   additional plaintiffs are "not seeking new categories of avenues of discovery.").  No such

24   difficulties exist here given the stage of the case and modest scope of Developer Plaintiffs'

25   amendments.  Developer Plaintiffs should be granted leave to amend.

26

27

---

DEVELOPER PLAINTIFFS' MOTION FOR LEAVE TO AMEND PURSUANT TO FEDERAL RULES
OF CIVIL PROCEDURE 15(A)(2) AND 21
CASE NO. 3:20-cv-05792-JD

2.     **The Remaining Rule 15(a)(2) Factors Support Leave to Amend.**

The additional factors relevant to Rule 15(a)(2) also favor leave to amend.  Developer Plaintiffs did not delay in seeking this amendment. *Griggs*, 170 F.3d at 880.  As discussed above, the Court's MDL Scheduling Order entered in October 2021 explicitly contemplated the current deadline by which any party could amend their pleadings and/or add new parties.  Defendants have thus been on notice since that time that amendments may be made at this stage of the case, and the Court's schedule provides adequate time for Defendants to investigate Developers' amended claims and prepare for trial.  As discussed above, Developer Plaintiffs' revised allegations will not prejudice Google because they serve to more narrowly focus Developer Plaintiffs' allegations.  If anything, these amendments will make it easier for Google to address Developers' operative claims.

This lack of prejudice trumps any minor inconvenience allegedly caused by amendment. *See Kormylo v. Forever Resorts, LLC*, No. 13cv511 JM (WVG), 2015 WL 5944064, at *6 (S.D. Cal. Oct. 13, 2015) (allowing amendment where delay did not prejudice defendants).  There is also no evidence that Developer Plaintiffs are acting in bad faith or with a dilatory motive. *Griggs*, 170 F.3d at 880.  The addition of LittleHoots and updated allegations do not materially impact the scope, timing or substance of this litigation.  Therefore, this factor also supports leave to amend.

Finally, Developer Plaintiffs' proposed amendment is not the result of failure or futility. *Griggs*, 170 F.3d at 880.  Google did not move to dismiss Developer Plaintiffs' prior pleadings, and there has been no Order from this Court rejecting any of Developer Plaintiffs' allegations.  Thus, the present amendments do not reflect any failure in Developer Plaintiffs' case, much less an incurable one.  LittleHoots is also a proper plaintiff because it both distributes its app through Google Play and offers paid subscription plans (in-app digital products) through its app.  LittleHoots is a member of the proposed class.  Developer Plaintiffs' remaining amendments enhance and clarify viable allegations of antitrust injury.  They are not futile.

In summary, all factors that courts consider under a Rule 15(a)(2) analysis support

8

1  granting Developer Plaintiffs leave to file their Second Amended Consolidated Class Action

2  Complaint.

3  **B.       The Addition of LittleHoots Is Further Authorized Under Rule 21.**

4  Federal Rule of Civil Procedure 21 "allows parties to amend their pleadings by adding

5  new parties but only with leave of court." *Harper*, 2005 WL 8173082, at *2.  Rule 21 provides:

6  "On motion or on its own, the court may at any time, on just terms, add or drop a party." F ed. R.

7  Civ. P. 21.  For the same reasons amendment is appropriate under Rule 15(a), "just terms" exist

8  to add LittleHoots to Developer Plaintiffs' Second Amended Consolidated Class Action

9  Complaint.  No party would be prejudiced by the amendment.  LittleHoots's claims are

10  essentially identical to those alleged by Developers since this litigation began and, thus, naming

11  LittleHoots as a putative class representatives would not expand the breadth or complexity of this

12  case.  Developers' amendment will have no discernable impact on the timing or progression of

13  this lawsuit, particularly considering discovery is ongoing, depositions have only just begun, no

14  significant motion practice has occurred, and trial is not scheduled until fall 2022.  Defendants

15  cannot plausibly assert any reason why they would be harmed if LittleHoots was added.  For

16  these reasons, even if Developer Plaintiffs' amendment were not authorized under Rule 15(a)(2),

17  the Court should nevertheless exercise its discretion under Rule 21 and add LittleHoots as a

18  plaintiff and putative class representative.

19  **IV.     Conclusion**

20  For the foregoing reasons, Developer Plaintiffs' amendment is necessary and appropriate.

21  No prejudice will result and, indeed, Developer Plaintiffs' amendment was explicitly

22  contemplated by the MDL Scheduling Order entered by the Court in October 2021.  Developer

23  Plaintiffs' amendment is therefore appropriate under both Rules 15(a) and 21.  For these reasons,

24  and as discussed more fully herein, the Court should grant Developer Plaintiffs' Motion.

25

26

27

1    Dated: December 6, 2021                    Respectfully submitted,

2                                               By *s/ Bonny E. Sweeney*
3                                                    Bonny E. Sweeney (SBN 176174)
                                                Kyle Geoffrey Bates (SBN 299114)
4                                               **HAUSFELD LLP**
                                                600 Montgomery Street, Suite 3200
5                                               San Francisco, CA 94111
                                                Telephone: (415) 633-1908 (main)
6                                               Telephone: (415) 633-1953 (direct)
7                                               Facsimile:  (415) 358-4980
                                                bsweeney@hausfeld.com
8                                               kbates@hausfeld.com

9                                               Melinda R. Coolidge (*pro hac vice*)
10                                              **HAUSFELD LLP**
                                                1700 K Street, NW, Suite 650
11                                              Washington, DC 20006
                                                Telephone: (202) 540-7200 (main)
12                                              Telephone: (202) 540-7144 (direct)
                                                Facsimile:  (202) 540-7201
13                                              mcoolidge@hausfeld.com

14                                              Katie R. Beran (*pro hac vice*)
15                                              Yelena W. Dewald (*pro hac vice*)
                                                Daniel Kees (*pro hac vice*)
16                                              **HAUSFELD LLP**
17                                              325 Chestnut Street, Suite 900
                                                Philadelphia, PA 19106
18                                              Telephone: (215) 985-3270 (main)
                                                Telephone: (267) 702-3215 (direct)
19                                              Facsimile:  (215) 985-3271
                                                kberan@hausfeld.com
20                                              ydewald@hausfeld.com
                                                dkees@hausfeld.com
21
22                                              Scott A. Martin (*pro hac vice*)
                                                Irving Scher (*pro hac vice*)
23                                              **HAUSFELD LLP**
                                                33 Whitehall Street, 14th Floor
24                                              New York, NY 10004
                                                Telephone: (646) 357-1100 (main)
25                                              Telephone: (646) 357-1195 (direct)
26                                              Facsimile: (212) 202-4322
                                                smartin@hausfeld.com
27                                              ischer@hausfeld.com

DEVELOPER PLAINTIFFS' MOTION FOR LEAVE TO AMEND PURSUANT TO FEDERAL RULES
OF CIVIL PROCEDURE 15(A)(2) AND 21
CASE NO. 3:20-cv-05792-JD

1

2                                          HAGENS BERMAN SOBOL SHAPIRO LLP

3                                          By ____/s/ Steve W. Berman_____
                                               Steve W. Berman (*pro hac vice*)
4                                          Robert F. Lopez (*pro hac vice*)
                                           **HAGENS BERMAN SOBOL SHAPIRO LLP**
5                                          1301 Second Avenue, Suite 2000
                                           Seattle, WA 98101
6                                          Telephone: (206) 623-7292
                                           Facsimile:  (206) 623-0594
7                                          steve@hbsslaw.com
8                                          robl@hbsslaw.com

9                                          Ben M. Harrington (SBN 313877)
                                           Benjamin J. Siegel (SBN 256260)
10                                         **HAGENS BERMAN SOBOL SHAPIRO LLP**
11                                         715 Hearst Avenue, Suite 202
                                           Berkeley, CA 94710
12                                         Telephone: (510) 725-3000
                                           Facsimile: (510) 725-3001
13                                         bens@hbsslaw.com
14                                         benh@hbsslaw.com

15                                         By ____/s/ Eamon P. Kelly_____
                                               Eamon P. Kelly (*pro hac vice*)
16                                         Joseph M. Vanek (*pro hac vice*)
                                           Alberto Rodriguez (*pro hac vice*)
17                                         **SPERLING & SLATER, P.C.**
18                                         55 W. Monroe Street, 32nd Floor
                                           Chicago, IL 60603
19                                         Telephone: (312) 676-5845
                                           Facsimile: (312) 641-6492
20                                         jvanek@sperling-law.com
                                           ekelly@sperling-law.com
21                                         arodriguez@sperling-law.com

22                                         Raymond Witt (*pro hac vice*)
23                                         **THE LEWIS FIRM PLLC**
                                           1300 I Street NW, Suite 400E
24                                         Washington, DC 20005
                                           Tel.: (202) 355-8895
25                                         Fax: (888) 430-6695
                                           rwitt@lewis-firm.com
26

27                                         *Interim Co-Lead Class Counsel*

11

DEVELOPER PLAINTIFFS' MOTION FOR LEAVE TO AMEND PURSUANT TO FEDERAL RULES
OF CIVIL PROCEDURE 15(A)(2) AND 21
CASE NO. 3:20-cv-05792-JD

**CERTIFICATE OF SERVICE**

I hereby certify that on December 6, 2021, I electronically filed the foregoing document using the CM/ECF system, which will send notification of such filing to all counsel of record registered in the CM/ECF system.

Dated: December 6, 2021                                   */s/ Bonny E. Sweeney*

Bonny E. Sweeney

DEVELOPER PLAINTIFFS' MOTION FOR LEAVE TO AMEND PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 15(A)(2) AND 21
CASE NO. 3:20-cv-05792-JD