1   Karma M. Giulianelli (SBN 184175)
    karma.giulianelli@bartlitbeck.com
2   **BARTLIT BECK LLP**
    1801 Wewetta St., Suite 1200
3   Denver, Colorado 80202
    Telephone: (303) 592-3100
4
    Hae Sung Nam (*pro hac vice*)
5   hnam@kaplanfox.com
    **KAPLAN FOX & KILSHEIMER LLP**
6   850 Third Avenue
    New York, NY 10022
7   Telephone.: (212) 687-1980

8   *Co-Lead Counsel for the Proposed Class in In
    re Google Play Consumer Antitrust Litigation*

9   Steve W. Berman (*pro hac vice*)
    steve@hbsslaw.com
10  **HAGENS BERMAN SOBOL SHAPIRO
    LLP**
11  1301 Second Ave., Suite 2000
    Seattle, WA 98101
12  Telephone: (206) 623-7292

13  Eamon P. Kelly (*pro hac vice*)
    ekelly@sperling-law.com
14  **SPERLING & SLATER P.C.**
    55 W. Monroe, Suite 3200
15  Chicago, IL 60603
    Telephone: (312) 641-3200
16
    *Co-Lead Counsel for the Proposed Class in In
17  re Google Play Developer Antitrust Litigation
    and Attorneys for Pure Sweat Basketball, Inc.*
18
    Bonny E. Sweeney (SBN 176174)
19  bsweeney@hausfeld.com
    **HAUSFELD LLP**
20  600 Montgomery Street, Suite 3200
    San Francisco, CA 94104
21  Telephone: (415) 633-1908

22  *Co-Lead Counsel for the Proposed Class in In
    re Google Play Developer Antitrust Litigation
23  and Attorneys for Peekya App Services, Inc.*

24  [Additional counsel appear on signature page]

    Paul J. Riehle (SBN 115199)
    paul.riehle@faegredrinker.com
    **FAEGRE DRINKER BIDDLE & REATH
    LLP**
    Four Embarcadero Center, 27th Floor
    San Francisco, CA 94111
    Telephone: (415) 591-7500

    Christine A. Varney (*pro hac vice*)
    cvarney@cravath.com
    **CRAVATH, SWAINE & MOORE LLP**
    825 Eighth Avenue
    New York, New York 10019
    Telephone: (212) 474-1000

    *Counsel for Plaintiff Epic Games, Inc. in
    Epic Games, Inc. v. Google LLC et al.*

    Brendan P. Glackin (SBN 199643)
    bglackin@agutah.gov
    **OFFICE OF THE UTAH ATTORNEY
    GENERAL**
    160 E 300 S, 5th Floor
    PO Box 140872
    Salt Lake City, UT 84114-0872
    Telephone: (801) 366-0260

    *Counsel for Utah*

    Glenn D. Pomerantz (SBN 112503)
    glenn.pomerantz@mto.com
    **MUNGER, TOLLES & OLSON LLP**
    350 South Grand Avenue, Fiftieth Floor
    Los Angeles, California 90071
    Telephone: (213) 683-9100

    Brian C. Rocca (SBN 221576)
    brian.rocca@morganlewis.com
    **MORGAN, LEWIS & BOCKIUS LLP**
    One Market, Spear Street Tower
    San Francisco, CA 94105-1596
    Telephone: (415) 442-1000

    Daniel M. Petrocelli, Bar No. 97802
    dpetrocelli@omm.com
    **O'MELVENY & MYERS LLP**
    1999 Avenue of the Stars, 7th Fl.
    Los Angeles, CA 90067-6035
    Telephone: (310) 553-6700

    *Counsel for Defendants Google LLC et al.*

25
26
27
28

-1-
STIPULATION AND [PROPOSED] DEPOSITION PROTOCOL ORDER
Case Nos. 3:21-md-02981-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:20-cv-05792-JD; 3:21-cv-05227-JD

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION** | Case No. 3:21-md-02981-JD |
| THIS DOCUMENT RELATES TO: | **STIPULATION AND [PROPOSED] DEPOSITION PROTOCOL ORDER** |
| *Epic Games Inc. v. Google LLC et al.*, Case No. 3:20-cv-05671-JD | Judge:  Hon. James Donato |
| *In re Google Play Consumer Antitrust Litigation*, Case No. 3:20-cv-05761-JD | |
| *In re Google Play Developer Antitrust Litigation*, Case No. 3:20-cv-05792-JD | |
| *State of Utah et al. v. Google LLC et al.*, Case No. 3:21-cv-05227-JD | |

WHEREAS, Epic Games, Inc. ("Epic") in *Epic Games, Inc. v. Google LLC*, No. 3:20-cv-5671-JD (N.D.Ca.); the Consumer Plaintiffs ("Consumer Plaintiffs") in *In re Google Play Consumer Antitrust Litigation*, No. 3:20-cv-5761-JD (N.D.Ca.); the Developer Plaintiffs ("Developer Plaintiffs") in *In re Google Play Developer Antitrust Litigation*, No. 3:20-cv-5792-JD (N.D.Ca.); State Attorneys General ("State AGs") in *State of Utah, et al. v. Google LLC*, No. 3:21-cv-05227 (N.D.Ca.) (collectively, "Plaintiffs"); and the defendants Google, LLC, Google Ireland Limited, Google Commerce Limited, Google Asia Pacific Pte. Limited, Google Payment Corp., and Alphabet Inc. (collectively, "Defendants" or "Google", and together with Plaintiffs, the "Parties") have been ordered to "coordinate discovery efforts to the fullest extent reasonably possible to minimize expense and facilitate the orderly and efficient progress of the Related Actions." (ECF No. 89);

WHEREAS, the Parties have negotiated a deposition protocol to govern the taking of depositions in this multi-district litigation;

WHEREAS, pursuant to Federal Rule of Civil Procedure 29(a) and (b), the parties may stipulate that "a deposition may be taken before any person, at any time or place, on any notice, and in the manner specified—in which event it may be used in the same way as any other deposition; and [] other procedures governing or limiting discovery be modified";

WHEREAS, pursuant to Federal Rule of Civil Procedure 30(b)(4) "[t]he parties may stipulate . . . that a deposition be taken by telephone or other remote means";

WHEREAS, due to the COVID-19 pandemic, conducting a traditional in-person deposition may present significant health risks for one or more reasonably necessary participants in, and attendees of, a deposition noticed in this action;

WHEREAS, the Parties have agreed that it may be preferable to conduct some depositions either wholly or partially remotely, and have agreed upon the means by which they will conduct the Remote Depositions and intend to memorialize their agreement;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between the Parties, that Depositions shall proceed subject to the following rules and procedures.

**DEFINITIONS**

1. "Court Reporter" shall mean the individual designated by the Court Reporting Agency to administer, record, and transcribe the Deposition.

2. "Court Reporting Agency" shall mean the court reporting company selected for the Deposition.

3. "Defending Attorney" shall mean any attorney representing the Witness at the Deposition.

4. "Deposition" shall mean a deposition conducted pursuant to Federal Rule of Civil Procedure ("Rule") 30 or pursuant to subpoena under Rule 45, regardless of whether it is conducted as an In-Person Deposition or as a Remote Deposition.

5. "In-Person Deposition" shall mean any Deposition in which the Witness, Questioning Attorney, Defending Attorney, Court Reporter, and Videographer are all physically present in the same room at the time of the Deposition.

6. "Noticed Party" shall mean any Witness, Party or Third Party that is the recipient of a notice of Deposition.

7. "Noticing Attorney" shall mean any attorney listed below the signature block of the deposition notice corresponding to the Deposition to which these rules and procedures apply, and/or any individual affiliated with that attorney's law firm or State AG office and authorized by that law firm or State AG office to communicate about matters relating to the Deposition.

8. "Operator" shall mean the individual designated by the Court Reporting Agency or the Noticing Attorney to provide remote technological support to all Participants during the Remote Deposition.

9. "Participant" shall mean the Witness; any person providing technical support to the Witness; the Questioning Attorney(s); the Defending Attorney(s); Party Attorneys or client representatives appearing on behalf of one of the Parties; paralegals, staff, or other individuals providing support to the attorneys or, if an expert, the Witness; the Court Reporter; the Videographer; and the Operator.

10. "Party Attorney" shall mean any attorney other than the Defending Attorney or a Questioning Attorney who represents one of the Parties at a Deposition.

11. "Plaintiff" or "Plaintiffs" refers to the Consumer Plaintiffs, Developer Plaintiffs, Epic and State AGs; and "Plaintiff Group" refers to each of the Consumer Plaintiffs, Developer Plaintiffs, Epic and State AGs.

12. "Questioning Attorney" shall mean the attorney(s) who questions the Witness during the Deposition for the purpose of eliciting sworn testimony.

13. "Remote Deposition" shall mean any Deposition in which the Witness, Questioning Attorney, Defending Attorney, Court Reporter, and Videographer are all in separate physical locations at the time of the Deposition.

14. "Remote Deposition Exhibit Platform" shall mean the software application provided by the Court Reporting Agency to display exhibits during the Deposition.

15. "Remote Deposition Video Platform" shall mean the videoconferencing service platform provided by the Court Reporting Agency to host the Deposition.

16. "Third Party" shall mean any entity or its directors, officers, or employees who is not a named Plaintiff or Defendant and who receives a subpoena to testify at a Deposition under Rule 45 (excluding former employees of Google or Epic).

17. "Videographer" shall mean the individual designated by the Court Reporting Agency or the Remote Deposition Video Platform to record the Deposition by videographic means, including by recording the live stream of any Remote Deposition.

18. "Witness" shall mean the individual who gives sworn testimony on the record during the Deposition, including any expert Witness.

## SCOPE OF THE DEPOSITION PROTOCOL

19. Except as specifically provided herein, this Deposition Protocol shall govern all discovery depositions of Party and non-party Witnesses (including Depositions of Fed. R. Civ. P. 30(b)(6) ("Rule 30(b)(6)" Witnesses)), taken in the Related Actions.

20. This Protocol incorporates the provisions in the Court's Standing Order for Discovery in Civil Cases Before Judge Donato ("Standing Order") and does not modify the governing rules for the taking of depositions imposed by the Federal Rules of Civil Procedure or the Federal Rules of

Evidence except to the extent those rules are specifically modified by the Standing Order or herein.

**DEPOSITION LIMITATIONS**

21. Absent good cause, the Plaintiffs shall be limited to a total of thirty-five (35) depositions of the current and former employees of Google.  Absent good cause, Google shall be limited to a total of thirty-five (35) depositions of the Plaintiffs, except no more than twenty (20) of these depositions may be of the current and former employees of Epic. The following depositions shall not count against the aforementioned limits:

    (i)      Depositions of Third Parties.  For avoidance of doubt, depositions of absent class members as well as depositions of current or former employees of any state agency, municipality, or public entity other than the State AGs themselves are Third Party Depositions while depositions of former Google or Epic employees are not Third Party Depositions;

    (ii)     Depositions taken pursuant to Rule 30(b)(6) where the Witness was not also noticed for deposition pursuant to Rule 30(b)(1);

    (iii)    Depositions of class representatives not named as of the date of this agreement; and

    (iv)    Depositions pursuant to Paragraph 22.

This protocol does not waive any Party's right to object to any particular deposition or 30(b)(6) topic.

22. The Parties agree that any individual identified by any opposing Party as a trial witness who has not already been deposed shall be made available for Deposition by the opposing Party reasonably in advance of trial.

23. Where a Witness's documents have been produced timely consistent with the principles outlined in Paragraph 40 below, the presumptive rule shall be that except by consent of the deponent or, where there is no such consent, upon Court order for good cause shown, the Deposition of any Witness in his or her personal capacity shall be taken only once.

24. Each Plaintiff Group may designate up to ten (10) topics for Rule 30(b)(6) examinations, as stated in the Court's Standing Order.  Google may designate up to 10 topics for each Plaintiff Group.  Pursuant to Paragraph 4 of the Coordination Order, the default time limit for Depositions noticed by more than one Party is ten (10) hours, irrespective of whether the witness is testifying personally or as a Rule 30(b)(6) designee, or both.  Consistent with the extent that any Party believes that a different limit should apply for any particular Deposition, the Party can initiate a meet and confer discussion about the appropriate limit for that particular Deposition, and, if necessary, may seek relief from the Court.

25. To ensure adequate witness preparation, the Party noticing a Rule 30(b)(6) deposition must designate the topics for examination no less than 21 court days before the deposition date.  The Party noticed for a Rule 30(b)(6) deposition must identify the individual designated to testify on its behalf and the topics on which such individual is designated to testify no later than fourteen (14) days prior to the commencement of the deposition.

**ALLOCATION OF DEPOSITION TIME**

26. The Parties will notice Rule 30(b)(6) Depositions so as to allow the Parties to coordinate the timing of the Depositions of a corporate representative designated under Rule 30(b)(6) and the Deposition of that individual as a fact Witness under Rule 30(b)(1).

27. As to all Depositions noticed by any of the Plaintiffs, including Rule 30(b)(6) Depositions, Plaintiffs' counsel shall confer before the Deposition to allocate examination time among any Plaintiffs' counsel intending to participate and ask questions at the Deposition.

28. To the extent Plaintiffs or Defendants cross-notice a Third Party for Deposition, the Noticing and Cross-Noticing Attorneys will meet and confer to allocate the Deposition time of the Third Party.  Parties may not cross-notice a Deposition solely for purposes of depriving the original Noticing Attorney of examination time.  The Parties agree to collectively request ten (10) total hours of deposition time for any cross-noticed Third Party deposition.

## NOTICE, SCHEDULING AND LOCATION OF DEPOSITIONS

29. Counsel will consult with one another to coordinate, to the extent practicable, all noticing and taking of Depositions consistent with the Court's requirements as stated in the Standing Order. Counsel shall not unilaterally take steps to schedule and notice a Party Deposition without consulting in advance with counsel for the Witness or the Party that is the current or former employer of the Witness. The preceding sentence shall not apply to subpoenas served on Third Parties not yet known to be represented by counsel, except insofar as the Third Party is a former employee of a party.

30. Absent good cause, the Noticed Party shall respond to a request for a Deposition date with proposed Deposition dates within ten (10) days of the date the request was made. No later than fourteen (14) days prior to the deposition date, the Noticed Party shall inform the Noticing Party whether the deposition will be conducted in one (1) day or two (2) consecutive days. The Parties agree to use their best efforts to complete each Deposition in a single day, if reasonably possible to complete the full deposition in one day.

31. The Parties shall meet and confer in good faith concerning the date, location and manner of the Deposition.

32. Unless the Parties otherwise agree or by Court order, Depositions shall be conducted in a manner and location convenient for the Witness. Among other things, the Parties agree that no Witness shall be required to attend a deposition in person if they object to in person participation in light of the COVID-19 pandemic.

33. Unless otherwise agreed or by Court order, no Depositions may be scheduled on the dates of Court hearings in the above-captioned matter, or on federal, state, or religious holidays.

34. Unless otherwise agreed or by Court order, Depositions shall take place on a weekday and presumptively start at 9:00 a.m. in the local time zone of where the Witness is sitting for the Deposition.

35. Unless otherwise agreed or by Court order and subject to exceptions expressly stated herein, all Participants attending an In-Person Deposition at the physical location where the In-Person

Deposition is located must be fully vaccinated.  The term "fully vaccinated," as used in this paragraph, should be interpreted consistent with guidance issued by the Centers for Disease Control and Prevention.  Upon request, a Participant shall provide proof of vaccination to the Court Reporter.  If a Participant would like to attend but has not been fully vaccinated for medical reasons, based on the advice of a medical professional, that Participant should notify all Parties well in advance of the Deposition, so the Parties can discuss whether there are potential accommodations to which all Parties could agree, which would allow that Participant to safely attend in person.  The Parties agree to negotiate in good faith modifications to this paragraph should circumstances regarding the COVID-19 pandemic change.

36. If the Noticed Party objects to the date of the noticed Deposition, counsel for the Noticed Party will negotiate in good faith with the Noticing Attorney and undertake reasonable efforts to determine a date and time for the Deposition that is agreeable to both the Noticing Attorney and the Noticed Party.

37. A Party issuing a Deposition subpoena to a Third Party may specify a proposed "placeholder" date for the Deposition in the subpoena, but must then meet and confer with counsel for the Third Party (if known) and the other Parties in the litigation in an effort to agree on a date and time for the Deposition.  The Noticing Attorney, any other Party issuing a cross-subpoena to the same Third Party, and the Witness (or counsel for the Witness) shall negotiate in good faith and undertake reasonable efforts to find an agreeable date for the Deposition.  A Party issuing a Deposition subpoena to a Third Party shall also provide the Third Party a copy of the Protective Orders applicable in this MDL.

38. A Noticed Party receiving notice of a Deposition pursuant to Rule 30(b)(6) will have ten (10) calendar days from the date of receipt to object to the notice and any topics for examination.  The Noticing Attorney and Noticed Party will work in good faith, and meet and confer within seven (7) days upon receipt of any objections to attempt to resolve such objections.

39. The Parties will use their best efforts to make available their respective former employees whose Depositions have been noticed without requiring a subpoena.  If a Party is unable to produce a

former employee without a subpoena, it shall promptly notify the Noticing Attorney so the Noticing Attorney may issue a subpoena and shall provide the Noticing Attorney with the last known contact information for the former employee or former employee's counsel (if known).

40. The Parties will ensure that document production for each Witness (meaning those documents for which the Witness is the custodian) is substantially completed at least seven (7) days ahead of the scheduled Deposition of that Witness.  The Noticing Attorney shall have the right to reopen the deposition in the event that a substantial amount of documents for any given Witness are produced within five (5) days of, or any time after, the date of the deposition and the delay in producing documents causes material prejudice to the Noticing Attorney's ability to question the Witness about the late-produced material.  In addition, if the State AGs do not receive the complete MDL productions from Google at least twenty-one (21) days ahead of the scheduled Deposition of any Witness, then no depositions shall proceed absent agreement from the State AGs that they will not seek to reopen any deposition in light of the MDL productions.

## DEPOSITION CONDUCT

41. The Court Reporter or Videographer shall maintain a total running time for actual Deposition testimony to record how much time is taken in each deposition by each Party.

42. An objection by one Party during a Deposition qualifies as, and preserves, an objection by all Parties.

## NUMBERING OF DEPOSITION EXHIBITS

43. Each document marked for identification at a Deposition shall be numbered with an exhibit number.

44. The Parties will undertake best efforts to sequentially number all Deposition exhibits by side, with Plaintiffs using the format PX#### for exhibits they introduce, and Google using the format DX#### for exhibits it introduces.  If possible, each new exhibit shall be given the next available number.  If it is not possible to do so (as, for example, when multiple Depositions are conducted on the same day), then the Parties shall break the sequence and use higher numbers to avoid duplication.

45. The index of exhibits annexed to each Deposition transcript shall contain the document production (Bates) number, the exhibit number for each exhibit marked for identification at the deposition, and each exhibit referenced in the Deposition.

### IN-PERSON DEPOSITION EXHIBITS

46. For an In-Person Deposition, a Party may utilize electronic exhibits so long as the Party provides reasonable notice to the Witness and its counsel, arranges for the technology to permit presentment of the electronic exhibit at the In-Person Deposition to all Parties, and, prior to questioning the Witness about the electronic exhibit, provides all Parties a copy of the electronic exhibit through the Remote Deposition Exhibit Platform in accordance with the terms of the Stipulated Protective Order, ECF No. 34; the Stipulated Supplemental Protective Order Governing Production of Protected Non-Party Materials, ECF No. 44; and any further additional supplemental or amended protective orders entered by the Court in this case (the "Protective Orders").

47. With respect to any hard-copy exhibit used in an In-Person Deposition, unless otherwise agreed by the Parties planning to attend the In-Person Deposition, the Party offering an exhibit during examination shall make reasonable efforts to make available sufficient hard copies of each exhibit to In-Person Participants.

48. To facilitate the provision of exhibits, each Party should notify the Noticing Attorneys of the anticipated number and identities of attendees, and also whether any such attendee intends to appear remotely via Remote Deposition Video Platform technology, or simply telephonically, at least two (2) business days before the Deposition.

49. After the Deposition is concluded, the Questioning Attorney will ensure that any remaining copies of hard copy exhibits are removed from the room and handled consistent with the Protective Order.

**COURT REPORTER, VIDEOGRAPHER, AND OPERATOR FOR REMOTE DEPOSITIONS**

50. Pursuant to Rule 30(b)(5), Remote Depositions will be conducted before a Court Reporter who shall have all of the authority of an officer appointed or authorized under Rule 28 to take Depositions.

51. The Court Reporter may administer the oath or affirmation to the Witness through the Remote Deposition Video Platform from a different physical location than the Witness, and such oath or affirmation shall be deemed valid and effective pursuant to applicable law to the same extent as if the oath or affirmation had been delivered in the physical presence of the Witness (even if the Court Reporter is not a notary public in the state where the Witness is located).

52. The Noticing Attorney shall ask the Court Reporting Agency, the Remote Deposition Video Platform, or the Remote Deposition Exhibit Platform to designate an Operator to assist the Participants with any technical issues that may arise during the Remote Deposition.

**REMOTE DEPOSITION PLATFORMS**

53. Remote Depositions shall be conducted using the Remote Deposition Video and Exhibit Platforms and shall be accessed only through a secured connection to protect confidential information.  However, at the election of the party noticing the deposition, hard copies of the expected deposition exhibits may be provided to the witness prior to the deposition to facilitate the efficient taking of the deposition.  Where hard copies of exhibits are provided prior to a deposition, the hard copy exhibits shall not be viewed until authorized by the Questioning Attorney.

54. In order to facilitate reliable use of the Remote Deposition Video and Exhibit Platforms, each Participant shall be responsible for acquiring, maintaining, and utilizing computer, audio, and video equipment necessary to conduct the Remote Deposition.  The Parties shall work collaboratively and in good faith with the Remote Deposition Video and Exhibit Platforms to assess each Witness's technological capabilities and to troubleshoot any issues in advance of the Remote Deposition so any adjustments can be made, including conducting training sessions separately for a Participant.

55. All private chat features on the Remote Deposition Video and Exhibit Platforms shall be disabled.

### ACCESS TO REMOTE DEPOSITION PLATFORM

56. At least five (5) business days prior to each Remote Deposition, a Defending Attorney shall provide the Noticing Attorney(s) with the names and e-mail address(es) of the Witness and the Attorney for the Witness.  If the Witness has no Defending Attorney, a Noticing Attorney shall gather the Witness's name and e-mail address.

57. At least two (2) business days prior to each Remote Deposition, a Noticing Attorney shall provide, or shall cause the Remote Deposition Video and Exhibit Platform(s) to provide, to the Defending Attorney(s) all details necessary to gain access to each Remote Deposition, including but not limited to any web addresses, login credentials, and hardware and software requirements.

### CONDUCT OF THE REMOTE DEPOSITION

58. The Witness must be the only person in the room during the time he or she is testifying on the record.  In the case that another person enters the room during the time the Witness is testifying on the record, the Witness must disclose that a person has entered and disclose the identity of such person.  The Witness shall request that the person leave the room immediately.  From the beginning of the time that another person is in the room with the Witness, the time on the record will be stopped and the Questioning Attorney will pause questioning until the Witness confirms that he or she is the only person in the room.

59. All Participants must identify themselves on the record, either when the Remote Deposition commences or as soon as practicable if arriving late.

60. The Witness, Questioning Attorney, and Defending Attorney shall be visible through the Remote Deposition Video Platform while on the record throughout the Remote Deposition. The Court Reporter and Videographer may also appear on camera as appropriate to facilitate the Remote Deposition.

61. In order to minimize background noise, the Operator may, at his or her discretion, or at the direction of the Court Reporter, mute individual Participants' lines when those Participants are not speaking, except that in no event shall the Operator mute the Court Reporter's, Questioning Attorney's, Witness's, or Defending Attorney's line while the Remote Deposition is being conducted.  Participants who have been muted shall retain the ability to unmute themselves during times when they desire to speak on the record.

62. The Questioning Attorney(s) shall use the Remote Deposition Exhibit Platform to mark and publish all exhibits that are used during the Remote Deposition.  This may be accomplished through the use of a technician provided by the vendor.  Prior to the Deposition, the Questioning Attorney(s) may, if feasible, convert intended exhibits to Portable Document Format ("PDF") in order to allow them to be stamped using the Remote Deposition Platform, provided that such conversion does not alter in any way the content of the exhibits.  The Questioning Attorney(s) shall confirm that the Witness and Defending Attorney can access each published exhibit prior to questioning the Witness about that exhibit.  To this end, the Witness will be provided the ability to download the exhibit through the Remote Deposition Exhibit Platform and will have the opportunity to review it on his or her own screen.  Exhibits marked and shown to the Witness using the Remote Deposition Exhibit Platform shall be attached to the Deposition record to the same extent as if the exhibits were physically marked and shown to the Witness.

63. Except as otherwise provided in this Order, no Participant shall permit anyone who is not a Participant to hear or view the Remote Deposition while it is being conducted.

64. The Parties agree to work collaboratively to address, troubleshoot, and make such provisions as are reasonable under the circumstances to resolve any technical issues that arise during the Remote Deposition.

    a. If a technical issue prevents the Questioning Attorney, Defending Attorney, or Witness from speaking to other Participants, the Remote Deposition shall be deemed "off the record" from that time until the issue is resolved.

b.  If the Questioning Attorney, Defending Attorney, or Witness becomes disconnected from the Remote Deposition Video Platform or the Remote Deposition Exhibit Platform during the Remote Deposition, the Remote Deposition shall be suspended until the matter is resolved to the satisfaction of each Party.

c.  If a technical issue prevents any Participant from being able to see or hear one or more of the other Participants clearly or to access published exhibits either electronically or in hard copy, the Court Reporter shall, at the request of the Participant encountering such technical issue, suspend the Remote Deposition after any pending question is answered until the technical issue is resolved.  Any time spent addressing technical issues will count as "off the record" time and shall not count against any time limit.

65. No Participant shall communicate or attempt to communicate with the Witness while the Remote Deposition is on the record through any means other than the Remote Deposition Video and Exhibit Platforms, except that the Videographer or Operator may communicate with the Witness to resolve technical issues through means other than the Remote Deposition Video and Exhibit Platforms.  The Defending Attorney may participate in any such communication. Nothing in this Order prevents the Witness from seeking advice regarding the application of a privilege or immunity from testifying during the course of a Remote Deposition.  Nothing in this Order prevents the Defending Attorney from initiating a private communication off the record with the Witness for the purpose of determining whether a privilege or immunity should be asserted, provided the Defending Attorney first states the Defending Attorney's intention on the record before initiating such communication.

66. Witnesses will be instructed by counsel, before the Remote Deposition, that they may not privately use or consult any means of communications while on the record during the Remote Deposition (other than audio and video communications used to conduct the Remote Deposition itself), including without limitation electronic communications (*e.g.*, email, text, social media) and other communications (*e.g.*, phone).

67. The Witness, absent a special need, will not have access to or use of the Realtime feed from the Court Reporter at any time during the Remote Deposition.

### CONFIDENTIALITY

68. In the event that (i) a document produced and designated by a Party or Non-Party as "Confidential", "Highly Confidential" or "Non-Party Highly Confidential" is used as an exhibit in a Deposition and (ii) Counsel for the Party or Non-Party is not present at the Deposition, the Parties agree that the exhibit remains designated "Confidential", "Highly Confidential" or "Non-Party Highly Confidential" and that any testimony concerning the exhibit shall be deemed to have been designated in writing as "Confidential", "Highly Confidential" or "Non-Party Highly Confidential".

69. The Parties incorporate paragraph 5.2(b) of the Stipulated Protective Order, ECF No. 34, by reference as if fully stated herein.

70. The Witness, Court Reporting Agency, the Court Reporter, the Operator, and the Videographer shall sign Exhibit A to the Stipulated Protective Order, dated May 12, 2021.

### USE OF DEPOSITIONS

71. Unless otherwise ordered by the Court, Depositions taken by any Party pursuant to this Order may be made available and used in all Related Actions (*i.e.*, all actions currently transferred or transferred in the future for coordination with Case No. 3:21-MD-02981-JD in the Northern District of California) for any purpose permitted under the Federal Rules of Civil Procedure, including any brief, hearing or trial.  However, nothing in this agreement is intended to permit the use or admissibility of evidence that would otherwise be inadmissible under the applicable rules of evidence or other evidentiary law or rule.

### MISCELLANEOUS PROVISIONS

72. The Parties shall bear their own costs in obtaining a transcript or video of the Deposition.

73. If the Parties agree to conduct a Remote Deposition, then, unless otherwise agreed, the standard costs for use of a Remote Deposition Video Platform and a Remote Deposition Exhibit Platform shall be shared by the Parties.

74. Deposition notices shall have the legal effect of a deposition notice in all Related Actions, except that nothing in this provision shall be interpreted as altering the number of depositions allowed in Paragraph 21.

75. Where a Witness is represented by counsel who does not already represent a party to the above-referenced litigation (*e.g.*, a Third Party or a present or former employee of a Plaintiff or Defendant with separate counsel), then the Noticing Attorney shall provide a copy of this Order to the Witness's counsel along with the Deposition subpoena or notice.

76. A Party Attorney is responsible for ensuring that participants affiliated with the Party have received a copy of this Order or are otherwise made aware of its relevant contents.  A Noticing Attorney shall provide this Order to any Participants unaffiliated with a Party at least three (3) business days prior to the Deposition or as soon as practicable upon receiving the Participants' names and email addresses from the Defending Attorney.

77. The Parties may modify these procedures as appropriate by mutual agreement and reserve their rights to seek reasonable modifications of these procedures as appropriate in individual instances.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated:  December 9, 2021

CRAVATH, SWAINE & MOORE LLP
   Christine Varney *(pro hac vice)*
   Katherine B. Forrest *(pro hac vice)*
   Darin P. McAtee *(pro hac vice)*
   Gary A. Bornstein *(pro hac vice)*
   Timothy G. Cameron *(pro hac vice)*
   Yonatan Even *(pro hac vice)*
   Lauren A. Moskowitz *(pro hac vice)*
   Omid H. Nasab *(pro hac vice)*
   Justin C. Clarke *(pro hac vice)*
   M. Brent Byars *(pro hac vice)*

FAEGRE DRINKER BIDDLE & REATH LLP
   Paul J. Riehle (SBN 115199)

Respectfully submitted,

By:   */s/ Yonatan Even*
      Yonatan Even

      *Counsel for Plaintiff Epic Games, Inc.*

Dated:  December 9, 2021

BARTLIT BECK LLP
   Karma M. Giulianelli

KAPLAN FOX & KILSHEIMER LLP
   Hae Sung Nam

      Respectfully submitted,

By:   */s/ Karma M. Giulianelli*
      Karma M. Giulianelli

      *Co-Lead Counsel for the Proposed Class in In re Google Play Consumer Antitrust Litigation*

Dated:  December 9, 2021

PRITZKER LEVINE LLP
    Elizabeth C. Pritzker

Respectfully submitted,

By:   */s/ Elizabeth C. Pritzker*
      Elizabeth C. Pritzker

      *Liaison Counsel for the Proposed Class in*
      *In re Google Play Consumer Antitrust*
      *Litigation*

Dated:  December 9, 2021

HAGENS BERMAN SOBOL SHAPIRO LLP
    Steve W. Berman
    Robert F. Lopez
    Benjamin J. Siegel

SPERLING & SLATER PC
    Joseph M. Vanek
    Eamon P. Kelly
    Alberto Rodriguez

Respectfully submitted,

By:   */s/ Steve W. Berman*
      Steve W. Berman

      *Co-Lead Interim Class Counsel for the*
      *Developer Class and Attorneys for Plaintiff*
      *Pure Sweat Basketball*

Dated:  December 9, 2021

HAUSFELD LLP
Bonny E. Sweeney
Melinda R. Coolidge
Katie R. Beran
Scott A. Martin
Irving Scher

Respectfully submitted,

By:    */s/ Bonny E. Sweeney*
       Bonny E. Sweeney

*Co-Lead Interim Class Counsel for the*
*Developer Class and Attorneys for Plaintiff*
*Peekya App Services, Inc.*

Dated:  December 9, 2021

OFFICE OF THE UTAH ATTORNEY
GENERAL
Brendan P. Glackin

Respectfully submitted,

By:    */s/ Brendan P. Glackin*
       Brendan P. Glackin

*Counsel for Utah*

Dated:  December 9, 2021

MORGAN, LEWIS & BOCKIUS LLP
Brian C. Rocca
Sujal J. Shah
Michelle Park Chiu
Minna L. Naranjo
Rishi P. Satia

Respectfully submitted,

By:    */s/ Brian C. Rocca*
       Brian C. Rocca

*Counsel for Defendants Google LLC et al.*

1    Dated:  December 9, 2021              O'MELVENY & MYERS LLP
                                              Daniel M. Petrocelli
2                                             Ian Simmons
                                              Benjamin G. Bradshaw
3                                             Stephen J. McIntyre

4

5                                         Respectfully submitted,

6
                                          By:    /s/ Daniel M. Petrocelli
7                                                Daniel M. Petrocelli

8                                         *Counsel for Defendants Google LLC et al.*

9

10   Dated:  December 9, 2021              MUNGER, TOLLES & OLSON LLP
                                              Glenn D. Pomerantz
11                                            Kyle W. Mach
                                              Kuruvilla Olasa
12                                            Justin P. Raphael
                                              Emily C. Curran-Huberty
13                                            Jonathan I. Kravis
                                              Marianna Y. Mao
14

15

16                                        Respectfully submitted,

17
                                          By:    /s/ Glenn D. Pomerantz
18                                               Glenn D. Pomerantz

19                                        *Counsel for Defendants Google LLC et al.*

20

21   **PURSUANT TO STIPULATION, IT IS SO ORDERED.**

22

23   DATED: _____        _____
                                          HON. JAMES DONATO
24                                        United States District Judge

25

26

27

28
                                          -21-

1

**E-FILING ATTESTATION**

2

        I, Yonatan Even, am the ECF User whose ID and password are being used to file this

3

document.  In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that each of the signatories

4

identified above has concurred in this filing.

5

6

7                                                           */s/ Yonatan Even*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28