# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

## Civil Minutes

Date:  December 16, 2021            Judge:  Hon. James Donato

Time:  36 Minutes

Case No.    **3:21-md-02981-JD**
Case Name    **In re: Google Play Store Antitrust Litigation**

Attorney(s) for Plaintiff(s):    Lauren A. Moskowitz/Hae Sung Nam/Melinda Coolidge/
    Brendan P. Glackin/Eamon Kelly/Karma Giulianelli/
    Ben Harrington
Attorney(s) for Defendant(s):    Glenn Pomerantz/Brian Rocca/Benjamin Bradshaw

Court Reporter:  Debra Pas

Deputy Clerk:  Lisa Clark

## PROCEEDINGS

Status Conference -- Held (by remote access)

## NOTES AND ORDERS

The Consumer Plaintiffs' and Developer Plaintiffs' motions for leave to amend, Dkt. Nos. 152, 170, are granted.  Dkt. No. 159 at 3-4.  Consumer Plaintiffs and Developer Plaintiffs are directed to file their amended complaints as separate entries on ECF.  Google's request for an extension of time to answer the amended complaints is granted, and the parties are directed to work out a new deadline in January 2022.

The parties' joint request to extend case deadlines is approved in concept, but the parties are directed to meet and confer and submit a revised proposed schedule by January 14, 2022.  The current proposal, Dkt. No. 159, Ex. A, is unworkable in a number of respects.

- The concurrent expert proceedings for class certification and summary judgment should be set to precede the motion hearing dates.  The parties should be advised that separate filings will be required for the concurrent expert proceedings, *e.g.*, a joint statement prepared by the experts on their top areas of disagreement.

- There should be a two-month gap at a minimum between the dispositive motion hearing and the final pretrial conference.

1

For the document preservation issues raised by the joint status conference statement, plaintiffs may serve interrogatories (which will not count toward their limit) by December 22, 2021, which track the requests plaintiffs set out at pages 8-9 of the joint statement. Dkt. No. 159. Google is directed to answer the interrogatories by January 7, 2021. Google may also serve interrogatories on plaintiffs under the same terms for any document preservation issues it wishes to raise.

For the 30(b)(6) deposition topics issue, multiple lawyers on plaintiffs' side may not ask questions about the same topics, but plaintiffs are free to craft their approach to the "10 topics per plaintiff group" authorized by the Court however they wish.

For the privilege log issue and other discovery issues in the joint statement, the parties are directed to further meet and confer, and to submit discovery dispute letters on any specific issues they are not able to resolve. As a guiding rule, the parties may raise high-level, thematic and/or global discovery issues in their status conference statements, but specific discovery issues should be raised using the discovery dispute letter process.

For the parties' revised case schedule, they may propose to move the trial date as discussed on the record. The January 14, 2022 submission should also include the parties' proposal for a global trial structure for the member cases here. As the Court stated, the goal should be to first have a single jury trial on the core antitrust issues that are common to all cases, with the trial to begin no later than November 28 in 2022 or sometime in the first quarter of 2023.