Brian C. Rocca, S.B. #221576
brian.rocca@morganlewis.com
Sujal J. Shah, S.B. #215230
sujal.shah@morganlewis.com
Michelle Park Chiu, S.B. #248421
michelle.chiu@morganlewis.com
Minna Lo Naranjo, S.B. #259005
minna.naranjo@morganlewis.com
Rishi P. Satia, S.B. #301958
rishi.satia@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
One Market, Spear Street Tower
San Francisco, CA 94105
Telephone: (415) 442-1000

Richard S. Taffet, *pro hac vice*
richard.taffet@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
101 Park Avenue
New York, NY 10178
Telephone: (212) 309-6000

Ian Simmons, *pro hac vice*
isimmons@omm.com
Benjamin G. Bradshaw, S.B. #189925
bbradshaw@omm.com
**O'MELVENY & MYERS LLP**
1625 Eye Street, NW
Washington, DC 20006
Telephone: (202) 383-5300

*Attorneys for Defendants*

Glenn D. Pomerantz, S.B. #112503
glenn.pomerantz@mto.com
Kuruvilla Olasa, S.B. #281509
kuruvilla.olasa@mto.com
**MUNGER, TOLLES & OLSON LLP**
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071
Telephone: (213) 683-9100

Kyle W. Mach, S.B. #282090
kyle.mach@mto.com
Justin P. Raphael, S.B. #292380
justin.raphael@mto.com
Emily C. Curran-Huberty, S.B. #293065
emily.curran-huberty@mto.com
**MUNGER, TOLLES & OLSON LLP**
560 Mission Street, Twenty Seventh Floor
San Francisco, California 94105
Telephone: (415) 512-4000

Jonathan I. Kravis, *pro hac vice*
jonathan.kravis@mto.com
**MUNGER, TOLLES & OLSON LLP**
601 Massachusetts Avenue NW, Suite 500E
Washington, D.C. 20001
Telephone: (202) 220-1100

Daniel M. Petrocelli, S.B. #97802
dpetrocelli@omm.com
Stephen J. McIntyre, S.B. #274481
smcintyre@omm.com
**O'MELVENY & MYERS LLP**
1999 Avenue of the Stars
Los Angeles, California 90067
Telephone: (310) 553-6700

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE GOOGLE PLAY CONSUMER ANTITRUST LITIGATION**<br><br>THIS DOCUMENT RELATES TO:<br><br>*In re Google Play Consumer Antitrust Litigation*, Case No. 3:20-cv-05761-JD | Case No. 3:21-md-02981-JD<br><br>**DEFENDANTS' ANSWERS AND DEFENSES TO CONSUMER PLAINTIFFS' SECOND AMENDED COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

**INTRODUCTION**

Defendants Google LLC, Google Ireland Limited, Google Commerce Ltd., Google Asia Pacific Pte Ltd., and Google Payment Corp. (collectively "Google") answer Consumer Plaintiffs' Consolidated Second Amended Class Action Complaint ("Complaint"), through its undersigned counsel, as set forth below.

Android, Google's open-source mobile operating system ("OS"), is a critical source of competition against other operating systems, such as Apple's iOS.  This competition has brought tremendous benefits to developers and users.  By providing Android to smartphone manufacturers for free, Google has expanded access to smartphones and the marketplace for mobile apps, creating enormous incentives for developers to invest in apps that make virtually every sector of the American economy more efficient, affordable and accessible for users.  These benefits have typically come at little or no cost to manufacturers, developers, or users.

Google also offers an app store, Google Play, which works on Android.  But Google does not require Android users or developers to use Google Play in order to download, install, or distribute apps on Android.  Rather, Google gives app developers and smartphone consumers more openness and choice than any other major competitor.  Most Android phones in and outside the United States come preloaded with more than one app store, and consumers can download apps directly from a developer's website if they choose via sideloading.  Developers can also directly reach users through web apps—a distribution channel that Android and Google's Chrome web browser embrace.  Consumers and developers don't ***have*** to use Google Play; they ***choose*** to use it when given a choice among Android app stores and distribution channels.  Google supports that choice through Android itself, Google Play's policies, and Google's agreements with developers and device manufacturers.

**RESPONSE TO NUMBERED PARAGRAPHS**

The section headings in the Complaint do not require a response.  To the extent that the section headings contain allegations requiring a response, Google denies all such allegations.

1.       Defendants Google LLC, Google Ireland Limited, Google Commerce Ltd., Google Asia Pacific Pte. Ltd., and Google Payment Corp. (collectively "Google") deny the allegations in

Paragraph 1, except admit that consumers and businesses rely on mobile devices, mobile devices require an operating system, and one or more defendants license Android OS to original equipment manufacturers ("OEMs").

2.    Google admits that apps allow users to add features to their devices designed to serve their needs and interests and that access to a variety of apps is valuable to consumers, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 2.

3.    Google denies the allegations in Paragraph 3.

4.    Google denies the allegations in Paragraph 4, except admits that the Google Play Store is an online platform where app developers can make their apps available for download by Android users.  Google further admits that the Google Play Store was previously known as the Android Marketplace.

5.    Google denies the allegations in Paragraph 5.

6.    Google denies the allegations in Paragraph 6.

7.    Google denies the allegations in Paragraph 7, except admits that one or more defendants license Android to OEMs and provides OEMs with the option of preloading a suite of apps known as Google Mobile Services ("GMS").  Google further admits that GMS includes proprietary apps such as Google's search app, Chrome, YouTube, Google Maps, and Google Play.

8.    Google denies the allegations in Paragraph 8, except admits that each of the defendants, except Google Payment Corp., is a party to a Google Play Developer Distribution Agreement ("DDA"), to which document Google refers the Court for a complete and accurate statement of its contents.

9.    Google denies the allegations in Paragraph 9.

10.    Google denies the allegations in Paragraph 10, except admits that in certain instances sideloaded apps do not automatically update in the background on the Android operating system.

11.    Google denies the allegations in Paragraph 11.

12. Google denies the allegations in Paragraph 12.

13. Google denies the allegations in Paragraph 13, except admits that once an app is downloaded to a user's device, the developer may offer in-app content or digital products for purchase, including but not limited to accessories, upgrades, advertisement-free app usage, and subscriptions.

14. Google denies the allegations in Paragraph 14, and respectfully refers to the Court to the cited document for a complete and accurate statement of its contents.

15. Google denies the allegations in Paragraph 15.

16. Google denies the allegations in Paragraph 16, and respectfully refers to the Court to the cited document for a complete and accurate statement of its contents.

17. Google denies the allegations in Paragraph 17, and respectfully refers the Court to the cited documents for a complete and accurate statement of their contents, except admits that one or more defendants receive a payment for in-app purchases with respect to apps distributed through Google Play, and charge up to 30% as a service fee.  Google avers that beginning on January 1, 2018, the service fee on subscriptions with respect to apps distributed through Google Play was reduced from 30% to 15% in the second year, and that as of January 1, 2022, the service fee on such subscriptions is 15% from day one of the subscription.  Google further avers that beginning on July 1, 2021, the service fee was reduced to 15% for the first $1 million of developer earnings on digital goods or services every developer earns each year.

18. Google denies the allegations in Paragraph 18.

19. Google denies the allegations in Paragraph 19.

20. Google denies the allegations in Paragraph 20.

21. Google denies the allegations in Paragraph 21.

22. Google denies the allegations in Paragraph 22.

23. Google admits that Ms. Carr purports to maintain certain claims on behalf of a purported class for alleged violations of the federal antitrust laws, California's Cartwright Act (Cal. Bus. & Prof. Code §§ 16700 et seq.) (the "Cartwright Act") and California's Unfair Competition Law (Cal. Bus. & Prof. Code §§ 17200, et seq.) (the "UCL").  Google further states

1    that it is without knowledge or information sufficient to form a belief as to the truth of the

2    remaining allegations in Paragraph 23.

3         24.    Google admits that Mr. Egerter purports to maintain certain claims on behalf of a

4    purported class for alleged violations of the federal antitrust laws, California's Cartwright Act and

5    California's UCL.  Google further states that it is without knowledge or information sufficient to

6    form a belief as to the truth of the remaining allegations in Paragraph 24.

7         25.    Google admits that Mr. Palmer purports to maintain certain claims on behalf of a

8    purported class for alleged violations of the federal antitrust laws, California's Cartwright Act and

9    California's UCL.  Google further states that it is without knowledge or information sufficient to

10   form a belief as to the truth of the remaining allegations in Paragraph 25.

11        26.    Google admits that Ms. Moglia purports to maintain certain claims on behalf of a

12   purported class for alleged violations of the federal antitrust laws, California's Cartwright Act and

13   California's UCL.  Google further states that it is without knowledge or information sufficient to

14   form a belief as to the truth of the remaining allegations in Paragraph 26.

15        27.    Google admits that Mr. Atkinson purports to maintain certain claims on behalf of a

16   purported class for alleged violations of the federal antitrust laws, California's Cartwright Act and

17   California's UCL.  Google further states that it is without knowledge or information sufficient to

18   form a belief as to the truth of the remaining allegations in Paragraph 27.

19        28.    Google admits that Mr. Iwamoto purports to maintain certain claims on behalf of a

20   purported class for alleged violations of the federal antitrust laws, California's Cartwright Act and

21   California's UCL.  Google further states that it is without knowledge or information sufficient to

22   form a belief as to the truth of the remaining allegations in Paragraph 28.

23        29.    Google admits that Ms. Silver purports to maintain certain claims on behalf of a

24   purported class for alleged violations of the federal antitrust laws, California's Cartwright Act and

25   California's UCL.  Google further states that it is without knowledge or information sufficient to

26   form a belief as to the truth of the remaining allegations in Paragraph 29.

27        30.    Google denies the allegations in Paragraph 30, except to the extent that Paragraph

28   30 states legal conclusions to which no response is required.  Google avers that consumers may

purchase applications from the Google Play Store and may pay for certain in-app content through Google Play Billing.  Google further refers the Court to Defendants' Motion to Dismiss Developers' Claim For Damages (ECF No. 91-1) for a complete and accurate statement of its contents.

31.     Google denies the allegations in Paragraph 31, except to the extent that Paragraph 29 states legal conclusions to which no response is required.

32.     Google denies the allegations in Paragraph 32, except admits that Google LLC is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business in Mountain View, California, and that Google LLC is a party to the DDA.  Google further admits that Google LLC is a subsidiary of XXVI Holdings Inc., which is a Delaware corporation and a subsidiary of Alphabet Inc.  Google further admits that Alphabet Inc. is a publicly traded company that is incorporated and existing under the laws of the State of Delaware and that maintains its principal executive offices in Mountain View, California.

33.     Google denies the allegations in Paragraph 33, except admits that Google Ireland Limited is organized under the laws of Ireland with its principal place of business in Dublin, Ireland, is a subsidiary of Google LLC, and is a party to the DDA.

34.     Google denies the allegations in Paragraph 34, except admits that Google Commerce Ltd. is organized under the laws of Ireland with its principal place of business in Dublin, Ireland and is a party to the DDA.

35.     Google denies the allegations in Paragraph 35, except admits that Google Asia Pacific Pte. Ltd. is organized under the laws of Singapore with its principal place of business in Mapletree Business City, Singapore and is a party to the DDA.

36.     Google denies the allegations in Paragraph 36, except admits that Google Payment Corp. is a Delaware corporation with its principal place of business in Mountain View, California and is a subsidiary of Google LLC.

37.     The allegations in Paragraph 37 are legal conclusions not subject to admission or denial.  To the extent a response is required, Google does not dispute subject matter jurisdiction.

38.     The allegations in Paragraph 38 are legal conclusions not subject to admission or denial.  To the extent a response is required, Google does not dispute—for purposes of this action only—the personal jurisdiction of this Court, but Google otherwise denies the allegations in Paragraph 36.

39.     The allegations in Paragraph 39 are legal conclusions not subject to admission or denial.  To the extent a response is required, Google does not dispute—for purposes of this action only—the venue of this action, but Google otherwise denies the allegations in Paragraph 39.

40.     The allegations in Paragraph 40 are legal conclusions not subject to admission or denial.  To the extent a response is required, Google does not dispute—for purposes of this action only—the venue of this action or the personal jurisdiction of this Court, but Google otherwise denies the allegations in Paragraph 40.

41.     Google denies the allegations in Paragraph 41.

42.     Google denies the allegations in Paragraph 42, except admits that many currently available mobile devices utilize operating systems that include touch commands, a graphical user interface, cellular and Wi-Fi connectivity, GPS positioning, and/or mobile apps.

43.     Google denies the allegations in Paragraph 43, except admits that many currently available mobile devices require an operating system.

44.     Google denies the allegations in Paragraph 44, except admits that an OS may serve basic functions for mobile device users, may provide a software development platform for app developers, and contains code, including APIs; and that developers may write apps that run on an OS and/or are compatible with other apps or platforms.

45.     Google denies the allegations in Paragraph 45.

46.     Google denies the allegations in paragraph 46, except admits that most mobile device manufacturers do not develop their own OSs.

47.     Google denies the allegations in Paragraph 45 to the extent they imply the existence of a Licensable Mobile Operating System Market.  Google admits that Google Android OS, "Tizen mobile OS," and Windows Phone OS are mobile operating systems, and that "Apple's

1    iOS is a broadly-used mobile OS in the United States."  Google is without knowledge or

2    information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 45.

3           48.     Google denies the allegations in Paragraph 48.

4           49.     Google denies the allegations in Paragraph 49.

5           50.     Google denies the allegations in Paragraph 50.

6           51.     Google denies the allegations in Paragraph 51, except admits that the "direct

7    downloading of apps" is "sometimes called 'sideloading'" and avers that multiple app stores and

8    access points to apps exist, as users can and do multi-home in accessing apps.

9           52.     Google denies the allegations in Paragraph 52.

10          53.     Google denies the allegations in Paragraph 53, except admits that "[a]pp stores

11   allow consumers to use their mobile device to browse, search for, access reviews on, purchase (if

12   necessary), download, and install mobile apps."

13          54.     Google denies the allegations in Paragraph 54.

14          55.     Google denies the allegations in Paragraph 55.

15          56.     Google denies the allegations in Paragraph 56.

16          57.     Google denies the allegations in Paragraph 57.

17          58.     Google denies the allegations in Paragraph 58.

18          59.     Google denies the allegations in Paragraph 59.

19          60.     Google admits that developers may offer products within an app, but is without

20   knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph

21   60.

22          61.     Google denies the allegations in Paragraph 61.

23          62.     Google denies the allegations in Paragraph 62.

24          63.     Google denies the allegations in Paragraph 63.

25          64.     Google denies the allegations in Paragraph 64, and respectfully refers the Court to

26   the cited documents for a complete and accurate statement of their contents.  Google is without

27   knowledge or information sufficient to form a belief as to the truth of the allegations relating to

28   what developers could allegedly do with other payment systems.

65.     Google denies the allegations in Paragraph 65, and is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61 concerning developers' alleged need for "the ability to offer efficient and seamless purchases within their applications."

66.     Google denies the allegations in Paragraph 66.

67.     Google denies the allegations in Paragraph 67.

68.     Google denies the allegations in Paragraph 68, except admits that Google LLC acquired Android in 2005, that Android is an open source operating system "available for anyone to view, download, modify, enhance and redistribute," and that Android enables developers to have "an open and unobstructed environment to make their content available."  Google respectfully refers the Court to the cited documents for a complete and accurate statement of their contents.

69.     Google denies the allegations in Paragraph 69.

70.     Google denies the allegations in Paragraph 70.

71.     Google denies the allegations in Paragraph 71.

72.     Google denies the allegations in Paragraph 72.

73.     Google denies the allegations in Paragraph 73, except admits that OEMs may select an OS for devices they manufacture and ensuring compatibility between mobile devices and OS may require some time and investment.

74.     Google denies the allegations in Paragraph 74, and respectfully refers the Court to the cited documents for a complete and accurate statement of their contents.

75.     Google denies the allegations in Paragraph 75.

76.     Google denies the allegations in Paragraph 76, and is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76 regarding what OEMs have acknowledged concerning OSs.

77.     Google denies the allegations in Paragraph 77, and respectfully refers the Court to the cited documents for a complete and accurate statement of their contents.

78.     Google denies the allegations in Paragraph 78.

79.     Google denies the allegations in Paragraph 79.

80.     Google denies the allegations in Paragraph 80.

81.     Google denies the allegations in Paragraph 81.

82.     Google denies the allegations in Paragraph 82, except admits that Google Play offers over 3 million apps, and that the large number of apps available through Google Play attracts users, as well as developers who choose to offer apps on Google Play because of the benefit of free distribution and discoverability that Google Play provides.

83.     Google denies the allegations in Paragraph 83, except admits that the large number of apps available through Google Play attracts users, as well as developers, who choose to offer apps on Google Play because of the benefit of free distribution and discoverability that Google Play provides.

84.     Google denies the allegations in Paragraph 84.

85.     Google denies the allegations in Paragraph 85, and is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 85 about Microsoft's and Epic's terms and offerings and refers the Court to the referenced announcement for a full and complete statement of its contents.

86.     Google denies the allegations in Paragraph 86, except admits that Alphabet Inc.'s total revenue for 2020 was $182 billion.

87.     Google denies the allegations in Paragraph 87, except admits that many devices carry more than one store, including the Samsung Galaxy Store, in addition to Google Play.

88.     Google denies the allegations in Paragraph 88, except admits that one or more defendants have agreements called Mobile Application and Distribution Agreements ("MADAs") with some OEM partners, and respectfully refers the Court to the cited documents for a complete and accurate statement of their contents.

89.     Google denies the allegations in Paragraph 89, except admits that the Samsung Galaxy Store is a competitor of the Google Play Store, and respectfully refers the Court to the cited documents for a complete and accurate statement of their contents.

90. Google denies the allegations in Paragraph 90, and respectfully refers the Court to the cited documents for a complete and accurate statement of their contents.

91. Google denies the allegations in Paragraph 91, and respectfully refers the Court to the cited documents for a complete and accurate statement of their contents.

92. Google denies the allegations in Paragraph 92, and respectfully refers the Court to the cited documents for a complete and accurate statement of their contents.

93. Google denies the allegations in Paragraph 93, and respectfully refers the Court to the cited documents for a complete and accurate statement of their contents.

94. Google denies the allegations in Paragraph 94.

95. Google denies the allegations in Paragraph 95, except admits that the Samsung Galaxy Store is a competitor of the Google Play Store.

96. Google denies the allegations in Paragraph 96.

97. Google denies the allegations in Paragraph 97, and avers that evidence shows that users can and do switch and multi-home among and between mobile and nonmobile ecosystems, including between Android and iOS.

98. Google denies the allegations in Paragraph 98.

99. Google denies the allegations in Paragraph 99.

100. Google denies the allegations in Paragraph 100.

101. Google admits that mobile apps expand the utility of mobile devices, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 101.

102. Google denies the allegations in Paragraph 102, except admits that "mobile apps can be browsed, purchased (if necessary), and downloaded" on the Google Play Store.

103. Google denies the allegations in Paragraph 103.

104. Google admits the allegations in Paragraph 104, and respectfully refers the Court to the cited documents for a complete and accurate statement of their contents.

105. Google denies the allegations in Paragraph 105, and respectfully refers the Court to the cited documents for a complete and accurate statement of their contents.

106.     Google admits the allegations in Paragraph 106, and respectfully refers the Court to the cited documents for a complete and accurate statement of their contents.

107.     Google admits the allegations in Paragraph 107, and respectfully refers the Court to the cited documents for a complete and accurate statement of their contents.

108.     Google denies the allegations in Paragraph 108.

109.     Google denies the allegations in Paragraph 109, and respectfully refers the Court to the cited document for a complete and accurate statement of its contents.

110.     Google denies the allegations in Paragraph 110, and respectfully refers the Court to the cited documents for a complete and accurate statement of their contents.

111.     Google denies the allegations in Paragraph 111.

112.     Google denies the allegations in Paragraph 112.

113.     Google denies the allegations in Paragraph 113, and respectfully refers the Court to the cited documents for a complete and accurate statement of their contents, except admits that mobile manufacturers have a choice whether to enter into a MADA to distribute devices with proprietary Google apps, including the Google Play Store, and that these agreements contain various provisions regarding placement of certain Google apps for the initial out-of-the-box settings, though the specific terms have changed over time.

114.     Google denies the allegations in Paragraph 114, and respectfully refers the Court to the cited documents for a complete and accurate statement of their contents.

115.     Google denies the allegations in Paragraph 115, and respectfully refers the Court to the cited documents for a complete and accurate statement of their contents.

116.     Google denies the allegations in Paragraph 116.

117.     Google denies the allegations in Paragraph 117.

118.     Google denies the allegations in Paragraph 118, and respectfully refers the Court to the cited documents for a complete and accurate statement of their contents.

119.     Google denies the allegations in Paragraph 119, and is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 119 regarding

Kakao.  Google respectfully refers the Court to the cited documents for a complete and accurate statement of their contents.

120.    Google denies the allegations in Paragraph 120, and respectfully refers the Court to the cited documents for a complete and accurate statement of their contents.

121.    Google denies the allegations in Paragraph 121, and respectfully refers the Court to the cited documents for a complete and accurate statement of their contents.

122.    Google denies the allegations in Paragraph 122, except admits that DDA, Section 4.5 states, "You may not use Google Play to distribute or make available any Product that has a purpose that facilitates the distribution of software applications and games for use on Android devices outside of Google Play."  Google respectfully refers the Court to the cited documents for a complete and accurate statement of their contents.

123.    Google denies the allegations in Paragraph 123, and respectfully refers the Court to the cited documents for a complete and accurate statement of their contents.

124.    Google denies the allegations in Paragraph 124, and respectfully refers the Court to the cited documents for a complete and accurate statement of their contents.

125.    Google denies the allegations in Paragraph 125, respectfully refers the Court to the cited documents for a complete and accurate statement of their contents, and is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 125 regarding what OnePlus told Epic.

126.    Google denies the allegations in Paragraph 126, and respectfully refers the Court to the cited documents for a complete and accurate statement of their contents.

127.    Google denies the allegations in Paragraph 127, and respectfully refers the Court to the cited documents for a complete and accurate statement of their contents.

128.    Google denies the allegations in Paragraph 128, and respectfully refers the Court to the cited documents for a complete and accurate statement of their contents.

129.    Google denies the allegations in Paragraph 129, and respectfully refers the Court to the cited documents for a complete and accurate statement of their contents.

130.    Google denies the allegations in Paragraph 130.

131.    Google denies the allegations in Paragraph 131, except admits that one or more defendants have optional revenue sharing agreements with OEMs, and respectfully refers the Court to the cited documents for a complete and accurate statement of their contents.

132.    Google denies the allegations in Paragraph 132, and respectfully refers the Court to the cited documents for a complete and accurate statement of their contents.

133.    Google denies the allegations in Paragraph 133, and respectfully refers the Court to the cited documents for a complete and accurate statement of their contents.

134.    Google denies the allegations in Paragraph 134, and respectfully refers the Court to the cited documents for a complete and accurate statement of their contents.

135.    Google denies the allegations in Paragraph 135, and respectfully refers the Court to the cited documents for a complete and accurate statement of their contents.

136.    Google denies the allegations in Paragraph 136, and respectfully refers the Court to the cited documents for a complete and accurate statement of their contents.

137.    Google denies the allegations in Paragraph 137, and respectfully refers the Court to the cited documents for a complete and accurate statement of their contents.

138.    Google denies the allegations in Paragraph 138, and respectfully refers the Court to the cited documents for a complete and accurate statement of their contents.

139.    Google denies the allegations in Paragraph 139, except admits that one or more defendants offer a Premier Device Program.  Google respectfully refers the Court to the cited documents for a complete and accurate statement of their contents.

140.    Google denies the allegations in Paragraph 140, except admits that discovery is ongoing, and respectfully refers the Court to the cited documents for a complete and accurate statement of their contents.

141.    Google denies the allegations in Paragraph 141, and respectfully refers the Court to the cited documents for a complete and accurate statement of their contents.

142.    Google denies the allegations in Paragraph 142, and respectfully refers the Court to the cited documents for a complete and accurate statement of their contents.

143.    Google denies the allegations in Paragraph 143.

1       144.    Google denies the allegations in Paragraph 144.

2       145.    Google denies the allegations in Paragraph 145, except admits that DDA, Section

3    4.5 states, "You may not use Google Play to distribute or make available any Product that has a

4    purpose that facilitates the distribution of software applications and games for use on Android

5    devices outside of Google Play."  Google respectfully refers the Court to the cited documents for

6    a complete and accurate statement of their contents.

7       146.    Google denies the allegations in Paragraph 146, except admits that developers are

8    generally required to enter into the DDA to distribute apps through Google Play.  Google

9    respectfully refers the Court to the cited documents for a complete and accurate statement of their

10   contents.

11      147.    Google denies the allegations in Paragraph 147, except admits that DDA, Section

12   4.5 states, "You may not use Google Play to distribute or make available any Product that has a

13   purpose that facilitates the distribution of software applications and games for use on Android

14   devices outside of Google Play."  Google respectfully refers the Court to the cited documents for

15   a complete and accurate statement of their contents.

16      148.    Google denies the allegations in Paragraph 148, except admits that the Amazon

17   Appstore was removed from Google Play.

18      149.    Google denies the allegations in Paragraph 149, and respectfully refers the Court

19   to the cited documents for a complete and accurate statement of their contents.

20      150.    Google denies the allegations in Paragraph 150, and respectfully refers the Court

21   to the cited documents for a complete and accurate statement of their contents.

22      151.    Google denies the allegations in Paragraph 151, except admits that developers are

23   generally required to enter into the DDA to distribute apps through Google Play.  Google

24   respectfully refers the Court to the cited documents for a complete and accurate statement of their

25   contents.

26      152.    Google denies the allegations in Paragraph 152.

27

28

153.    Google denies the allegations in Paragraph 153, except admits that one or more defendants offer an App Campaigns program, and respectfully refers the Court to the cited documents for a complete and accurate statement of their contents.

154.    Google denies the allegations in Paragraph 154.

155.    Google denies the allegations in Paragraph 155.

156.    Google denies the allegations in Paragraph 156, except admits that one or more defendants offer an Advanced Protection Program, but avers that the Advanced Protection Program is optional and that users can choose whether to enroll in it.

157.    Google denies the allegations in Paragraph 157, except admits that users can sideload other apps and app stores on Android, that those app stores are subject to notifications regarding sideloading, and that Aptoide was flagged as "harmful."

158.    Google denies the allegations in Paragraph 158, and respectfully refers the Court to the cited documents for a complete and accurate statement of their contents.

159.    Google denies the allegations in Paragraph 159, and respectfully refers the Court to the cited documents for a complete and accurate statement of their contents.

160.    Google denies the allegations in Paragraph 160, except admits that in certain instances sideloaded apps do not automatically update in the background on the Android OS. Google respectfully refers the Court to the cited documents for a complete and accurate statement of their contents.

161.    Google denies the allegations in Paragraph 161, except admits that in certain instances sideloaded apps do not automatically update in the background on the Android OS. Google respectfully refers the Court to the cited documents for a complete and accurate statement of their contents.

162.    Google denies the allegations in Paragraph 162, and respectfully refers the Court to the cited documents for a complete and accurate statement of their contents.

163.    Google denies the allegations in Paragraph 163, and respectfully refers the Court to the cited documents for a complete and accurate statement of their contents.

164.    Google denies the allegations in Paragraph 164, and respectfully refers the Court to the cited documents for a complete and accurate statement of their contents.

165.    Google denies the allegations in Paragraph 165, and is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 165regarding PC users' behavior.

166.    Google denies the allegations in Paragraph 166.

167.    Google denies the allegations in Paragraph 167.

168.    Google denies the allegations in Paragraph 168.

169.    Google denies the allegations in Paragraph 169.

170.    Google denies the allegations in Paragraph 170.

171.    Google denies the allegations in Paragraph 171.

172.    Google denies the allegations in Paragraph 172.

173.    Google denies the allegations in Paragraph 173.

174.    Google denies the allegations in Paragraph 174.

175.    Google denies the allegations in Paragraph 175.

176.    Google denies the allegations in Paragraph 176.

177.    Google admits the allegations in Paragraph 177, except as to the last sentence. Google avers that app developers who sell digital content have available to them a variety of options to process consumers' purchases.

178.    Google denies the allegations in Paragraph 178.

179.    Google denies the allegations in Paragraph 179.

180.    Google denies the allegations in Paragraph 180.

181.    Google denies the allegations in Paragraph 181, and respectfully refers the Court to the cited documents for a complete and accurate statement of their contents.

182.    Google denies the allegations in Paragraph 182.

183.    Google denies the allegations in Paragraph 183, and respectfully refers the Court to the cited documents for a complete and accurate statement of their contents.

184.     Google denies the allegations in Paragraph 184, and respectfully refers the Court to the cited documents for a complete and accurate statement of their contents.

185.     Google denies the allegations in Paragraph 185, and respectfully refers the Court to the cited document for a complete and accurate statement of its contents.

186.     Google denies the allegations in Paragraph 186.

187.     Google denies the allegations in Paragraph 187.

188.     Google denies the allegations in Paragraph 188.  To the extent Paragraph 184 characterizes Epic's claims, no response is required.

189.     Google denies the allegations in Paragraph 189, and is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 189 regarding Epic and Coda Payments.

190.     Google denies the allegations in Paragraph 190, and is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 186 regarding Codashop.

191.     Google denies the allegations in Paragraph 191, except admits that Netflix, Spotify, and Tinder are popular apps that offer subscription services.

192.     Google denies the allegations in Paragraph 192.

193.     Google denies the allegations in Paragraph 193, and respectfully refers the Court to the cited documents for a complete and accurate statement of their contents.

194.     Google denies the allegations in Paragraph 194, and respectfully refers the Court to the cited documents for a complete and accurate statement of their contents.

195.     Google denies the allegations in Paragraph 195.

196.     Google denies the allegations in Paragraph 196.

197.     Google denies the allegations in Paragraph 197, and respectfully refers the Court to the cited documents for a complete and accurate statement of their contents.

198.     Google denies the allegations in Paragraph 198.

199.     Google denies the allegations in Paragraph 199, and respectfully refers the Court to the cited documents for a complete and accurate statement of their contents.

1    200.    Google denies the allegations in Paragraph 200.

2    201.    Google denies the allegations in Paragraph 201.

3    202.    Google denies the allegations in Paragraph 202.

4    203.    Google denies the allegations in Paragraph 203.

5    204.    Google denies the allegations in Paragraph 204.

6    205.    Google denies the allegations in Paragraph 205.

7    206.    Google denies the allegations in Paragraph 206.

8    207.    Google denies the allegations in Paragraph 207.

9    208.    Google denies the allegations in Paragraph 208.

10    209.    Google denies the allegations in Paragraph 209.

11    210.    Google denies the allegations in Paragraph 210.

12    211.    Google denies the allegations in Paragraph 211, and is without knowledge or

13    information sufficient to form a belief as to the truth of the allegations in Paragraph 207 regarding

14    the actions of Plaintiffs and unnamed class members.

15    212.    Google denies the allegations in Paragraph 212.

16    213.    Google denies the allegations in Paragraph 213.  To the extent Paragraph 209

17    contains Plaintiffs' characterization of their own claims, no response is required.

18    214.    Google denies the allegations in Paragraph 214.  To the extent Paragraph 210

19    contains Plaintiffs' characterization of their own claims, no response is required.

20    215.    The allegations in Paragraph 215 are legal conclusions not subject to admission or

21    denial.  To the extent a response is required, Google denies the allegations in Paragraph 215.

22    216.    The allegations in Paragraph 216 are legal conclusions not subject to admission or

23    denial.  To the extent a response is required, Google denies the allegations in Paragraph 216.

24    217.    The allegations in Paragraph 217 are legal conclusions not subject to admission or

25    denial.  To the extent a response is required, Google denies the allegations in Paragraph 217.

26    218.    The allegations in Paragraph 218 are legal conclusions not subject to admission or

27    denial.  To the extent a response is required, Google denies the allegations in Paragraph 218.

28

219.    The allegations in Paragraph 219 are legal conclusions not subject to admission or denial.  To the extent a response is required, Google denies the allegations in Paragraph 219.

220.    The allegations in Paragraph 220 are legal conclusions not subject to admission or denial.  To the extent Paragraph 220 contains Plaintiffs' characterization of their own claims, no response is required.  To the extent a response is required, Google denies the allegations in Paragraph 220.

221.    Google reasserts and hereby incorporates by reference its responses to each Paragraph of Plaintiffs' Complaint, as though fully set forth herein.

222.    Google denies the allegations in Paragraph 222, except to the extent that Paragraph 218 states legal conclusions to which no response is required.

223.    Google denies the allegations in Paragraph 223.

224.    Google denies the allegations in Paragraph 224.

225.    Google denies the allegations in Paragraph 225.

226.    Google denies the allegations in Paragraph 226, except admits that it engages in interstate and foreign commerce.

227.    Google denies the allegations in Paragraph 227.

228.    Google denies the allegations in Paragraph 228.

229.    Google denies the allegations in Paragraph 229.

230.    Google denies the allegations in Paragraph 230.

231.    Google reasserts and hereby incorporates by reference its responses to each Paragraph of Plaintiffs' Complaint, as though fully set forth herein.

232.    Google denies the allegations in Paragraph 232, except to the extent that Paragraph 228 states legal conclusions to which no response is required.

233.    Google denies the allegations in Paragraph 233, except admits that one or more of the defendants have entered into agreements with some OEMs.

234.    Google denies the allegations in Paragraph 234.

235.    Google denies the allegations in Paragraph 235, except admits that it engages in interstate and foreign commerce.

1      236.    Google denies the allegations in Paragraph 236.

2      237.    Google denies the allegations in Paragraph 237.

3      238.    Google denies the allegations in Paragraph 238.

4      239.    Google reasserts and hereby incorporates by reference its responses to each

5   Paragraph of Plaintiffs' Complaint, as though fully set forth herein.

6      240.    Google denies the allegations in Paragraph 240, except to the extent that Paragraph

7   236 states legal conclusions to which no response is required.

8      241.    Google denies the allegations in Paragraph 241.

9      242.    Google denies the allegations in Paragraph 242, and respectfully refers the Court

10  to the cited documents for a complete and accurate statement of their contents.

11     243.    Google denies the allegations in Paragraph 243.

12     244.    Google denies the allegations in Paragraph 244, except admits that it engages in

13  interstate and foreign commerce.

14     245.    Google denies the allegations in Paragraph 245.

15     246.    Google denies the allegations in Paragraph 246.

16     247.    Google denies the allegations in Paragraph 247.

17     248.    Google reasserts and hereby incorporates by reference its responses to each

18  Paragraph of Plaintiffs' Complaint, as though fully set forth herein.

19     249.    Google denies the allegations in Paragraph 249, except to the extent that Paragraph

20  249 states legal conclusions to which no response is required.

21     250.    Google denies the allegations in Paragraph 250.

22     251.    Google denies the allegations in Paragraph 251.

23     252.    Google denies the allegations in Paragraph 252, and respectfully refers the Court

24  to the cited documents for a complete and accurate statement of their contents.

25     253.    Google denies the allegations in Paragraph 253.

26     254.    Google denies the allegations in Paragraph 254, except admits it engages in

27  interstate and foreign commerce.

28     255.    Google denies the allegations in Paragraph 255.

256.    Google denies the allegations in Paragraph 256.

257.    Google denies the allegations in Paragraph 257.

258.    Google denies the allegations in Paragraph 258.

259.    Google reasserts and hereby incorporates by reference its responses to each Paragraph of Plaintiffs' Complaint, as though fully set forth herein.

260.    Google denies the allegations in Paragraph 260, except to the extent that Paragraph 260 states legal conclusions to which no response is required.

261.    Google denies the allegations in Paragraph 261, and respectfully refers the Court to the cited documents for a complete and accurate statement of their contents.

262.    Google denies the allegations in Paragraph 262, and respectfully refers the Court to the cited document for a complete and accurate statement of its contents.

263.    Google denies the allegations in Paragraph 263, and respectfully refers the Court to the cited documents for a complete and accurate statement of their contents.

264.    Google denies the allegations in Paragraph 264.

265.    Google denies the allegations in Paragraph 265, except admits that it engages in interstate and foreign commerce.

266.    Google denies the allegations in Paragraph 266.

267.    Google denies the allegations in Paragraph 267.

268.    Google denies the allegations in Paragraph 268.

269.    Google reasserts and hereby incorporates by reference its responses to each Paragraph of Plaintiffs' Complaint, as though fully set forth herein.

270.    Google denies the allegations in Paragraph 270, except to the extent that Paragraph 266 states legal conclusions to which no response is required.

271.    Google denies the allegations in Paragraph 271, and respectfully refers the Court to the cited documents for a complete and accurate statement of their contents.

272.    Google denies the allegations in Paragraph 272.

273.    Google denies the allegations in Paragraph 273.

274.    Google denies the allegations in Paragraph 274.

1    275.    Google denies the allegations in Paragraph 275.

2    276.    Google denies the allegations in Paragraph 276.

3    277.    Google denies the allegations in Paragraph 277.

4    278.    Google denies the allegations in Paragraph 278.

5    279.    Google denies the allegations in Paragraph 279.

6    280.    Google denies the allegations in Paragraph 280, and respectfully refers the Court

7    to the cited documents for a complete and accurate statement of their contents.

8    281.    Google denies the allegations in Paragraph 281, except to the extent that Paragraph

9    277 states or incorporates legal conclusions to which no response is required.

10   282.    Google reasserts and hereby incorporates by reference its responses to each

11   Paragraph of Plaintiffs' Amended Complaint, as though fully set forth herein.

12   283.    Google denies the allegations in Paragraph 283, except to the extent that Paragraph

13   283 states legal conclusions to which no response is required.

14   284.    The allegations in Paragraph 284 are legal conclusions not subject to admission or

15   denial.  To the extent a response is required, Google denies the allegations in Paragraph 284.

16   285.    Google denies the allegations in Paragraph 285.

17   286.    Google denies the allegations in Paragraph 286, and respectfully refers the Court

18   to the cited documents for a complete and accurate statement of their contents.

19   287.    Google denies the allegations in Paragraph 287.

20   288.    Google denies the allegations in Paragraph 288, except to the extent that Paragraph

21   284 states legal conclusions to which no response is required.

22   289.    Google denies the allegations in Paragraph 289, except to the extent that Paragraph

23   285 states legal conclusions to which no response is required.

24   290.    Google denies the allegations in Paragraph 290.

25   291.    Google reasserts and hereby incorporates by reference its responses to each

26   Paragraph of Plaintiffs' Amended Complaint, as though fully set forth herein.

27   292.    Google denies the allegations in Paragraph 292, except to the extent that Paragraph

28   292 states legal conclusions to which no response is required.

293. The allegations in Paragraph 293 are legal conclusions not subject to admission or denial. To the extent a response is required, Google denies the allegations in Paragraph 293.

294. Google denies the allegations in Paragraph 294.

295. Google denies the allegations in Paragraph 295, and respectfully refers the Court to the cited documents for a complete and accurate statement of their contents.

296. Google denies the allegations in Paragraph 296, and respectfully refers the Court to the cited documents for a complete and accurate statement of their contents.

297. Google denies the allegations in Paragraph 297.

298. Google denies the allegations in Paragraph 298.

299. Google denies the allegations in Paragraph 299, except to the extent that Paragraph 299 states legal conclusions to which no response is required.

300. Google denies the allegations in Paragraph 300, except to the extent that Paragraph 300 states legal conclusions to which no response is required.

301. Google denies the allegations in Paragraph 301.

302. Google reasserts and hereby incorporates by reference its responses to each Paragraph of Plaintiffs' Amended Complaint, as though fully set forth herein.

303. Google denies the allegations in Paragraph 303, except to the extent that Paragraph 299 states legal conclusions to which no response is required.

304. The allegations in Paragraph 304 are legal conclusions not subject to admission or denial. To the extent a response is required, Google denies the allegations in Paragraph 300.

305. Google denies the allegations in Paragraph 305.

306. Google denies the allegations in Paragraph 306.

307. Google denies the allegations in Paragraph 307, and respectfully refers the Court to the cited documents for a complete and accurate statement of their contents.

308. Google denies the allegations in Paragraph 308, and respectfully refers the Court to the cited documents for a complete and accurate statement of their contents.

309. Google denies the allegations in Paragraph 309.

310. Google denies the allegations in Paragraph 310.

311.     Google denies the allegations in Paragraph 311, except to the extent that Paragraph 311 states legal conclusions to which no response is required.

312.     Google denies the allegations in Paragraph 312, except to the extent that Paragraph 308 states legal conclusions to which no response is required.

313.     Google denies the allegations in Paragraph 313.

314.     Google reasserts and hereby incorporates by reference its responses to each Paragraph of Plaintiffs' Amended Complaint, as though fully set forth herein.

315.     Google denies the allegations in Paragraph 315, except to the extent that Paragraph 315 states legal conclusions to which no response is required.

316.     The allegations in Paragraph 316 are legal conclusions not subject to admission or denial.  To the extent a response is required, Google denies the allegations in Paragraph 316.

317.     The allegations in Paragraph 317 are legal conclusions not subject to admission or denial.  To the extent a response is required, Google denies the allegations in Paragraph 317.

318.     Google denies the allegations in Paragraph 318, and respectfully refers the Court to the cited documents for a complete and accurate statement of their contents.

319.     Google denies the allegations in Paragraph 319.

320.     Google denies the allegations in Paragraph 320.

321.     Google denies the allegations in Paragraph 321.

322.     Google denies the allegations in Paragraph 322.

323.     Google denies the allegations in Paragraph 323.

324.     Google denies the allegations in Paragraph 324, except to the extent that Paragraph 324 states legal conclusions to which no response is required.

325.     Google denies the allegations in Paragraph 325.

326.     Google denies the allegations in Paragraph 326, except to the extent that Paragraph 322 states legal conclusions to which no response is required.

327.     Google denies the allegations in Paragraph 327, except to the extent that Paragraph 327 states legal conclusions to which no response is required.

328.     Google denies the allegations in Paragraph 328.

329.    Google reasserts and hereby incorporates by reference its responses to each Paragraph of Plaintiffs' Complaint, as though fully set forth herein.

330.    The allegations in Paragraph 330 are legal conclusions not subject to admission or denial.  To the extent a response is required, Google denies the allegations in Paragraph 330.

331.    Google denies the allegations in Paragraph 331, except to the extent that Paragraph 331 states legal conclusions to which no response is required.

332.    Google denies the allegations in Paragraph 332, except to the extent that Paragraph 332 states legal conclusions to which no response is required.

333.    Google denies the allegations in Paragraph 333, except to the extent that Paragraph 333 states legal conclusions to which no response is required.

334.    Google denies the allegations in Paragraph 334, except to the extent that Paragraph 334 states legal conclusions to which no response is required.

335.    Google denies the allegations in Paragraph 335, except to the extent that Paragraph 331 states legal conclusions to which no response is required.

336.    The allegations in Paragraph 336 are legal conclusions not subject to admission or denial.  To the extent a response is required, Google denies the allegations in Paragraph 336.

337.    The allegations in Paragraph 337 are legal conclusions not subject to admission or denial.  To the extent a response is required, Google denies the allegations in Paragraph 337.

338.    Google denies the allegations in Paragraph 338, except to the extent that Paragraph 338 states legal conclusions to which no response is required.

339.    Google denies the allegations in Paragraph 339.

340.    Google denies the allegations in Paragraph 340, except to the extent that Paragraph 340 states legal conclusions to which no response is required.

341.    Google denies the allegations in Paragraph 341, except to the extent that Paragraph 341 states legal conclusions to which no response is required.

342.    The allegations in Paragraph 342 are legal conclusions not subject to admission or denial.  To the extent a response is required, Google denies the allegations in Paragraph 342.

343.    Google denies the allegations in Paragraph 343, and respectfully refers the Court to the cited documents for a complete and accurate statement of their contents.

344.    Google denies the allegations in Paragraph 344, and respectfully refers the Court to the cited documents for a complete and accurate statement of their contents.

345.    Google denies the allegations in Paragraph 345, and respectfully refers the Court to the cited documents for a complete and accurate statement of their contents.

346.    Google denies the allegations in Paragraph 346, and respectfully refers the Court to the cited documents for a complete and accurate statement of their contents.

347.    Google denies the allegations in Paragraph 347.

348.    Google denies the allegations in Paragraph 348.

349.    Google denies the allegations in Paragraph 349, except to the extent that Paragraph 349 states legal conclusions to which no response is required.

350.    Google denies the allegations in Paragraph 350, except to the extent that Paragraph 350 states legal conclusions to which no response is required.

351.    Google denies the allegations in Paragraph 351.

352.    Google denies the allegations in Paragraph 352.

353.    Google denies the allegations in Paragraph 353.

354.    Google denies the allegations in Paragraph 354, except to the extent that Paragraph 354 states legal conclusions to which no response is required.

355.    Google denies the allegations in Paragraph 355, and respectfully refers the Court to the cited documents for a complete and accurate statement of their contents.

356.    Google denies the allegations in Paragraph 356.

357.    Google denies the allegations in Paragraph 357.

358.    Google denies the allegations in Paragraph 358, except to the extent that Paragraph 358 states legal conclusions to which no response is required.

359.    Google denies the allegations in Paragraph 359.

360.    Google denies the allegations in Paragraph 360, except to the extent that Paragraph 360 states legal conclusions to which no response is required.

361.    Google denies the allegations in Paragraph 361, except to the extent that Paragraph 361 states legal conclusions to which no response is required.

362.    Google denies the allegations in Paragraph 362, except to the extent that Paragraph 362 states legal conclusions to which no response is required.

**Answer to Plaintiffs' Prayer for Relief:**  To the extent that an answer is required to the Prayer for Relief, Google denies the allegations contained therein.  Google further states that Plaintiffs are not entitled to any remedies sought in the Complaint.

**Answer to Plaintiffs' Demand for a Jury Trial:**  Google admits that Plaintiffs seek trial by jury on issues so triable.

## AFFIRMATIVE OR ALTERNATIVE DEFENSES

In addition to the reasons stated above, Plaintiffs are not entitled to relief, and Google is entitled to judgment in its favor and against Plaintiffs, on the basis of the following Affirmative or Alternative Defenses, pleaded in the alternative to the extent they may be found to be inconsistent.  Google further states that Plaintiffs are not entitled to injunctive relief, including any injunctive relief that is worldwide in scope.  In asserting these defenses, Google does not assume the burden of proof on any issue that would otherwise rest on Plaintiffs.  Further, Google reserves all affirmative defenses under Federal Rule of Civil Procedure 8(c) and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and further factual investigation in this case.

### First Defense

### (Failure to State a Cause of Action)

The Complaint fails to state a claim upon which relief can be granted.

### Second Defense

### (Legitimate Business Justifications)

Any and all of Google's actions alleged by Plaintiffs were lawful, justified, procompetitive, and carried out in Google's legitimate business interests and constitute bona fide competitive activity, the benefits of which significantly outweigh any alleged anticompetitive effects.

**Third Defense**

**(Relief Contrary to Public Interest, Inequitable, Impractical, and Unworkable)**

The relief sought by Plaintiffs would be contrary to the public interest, harm consumers, and is otherwise inequitable, impractical, and unworkable.

**Fourth Defense**

**(International Comity)**

Plaintiffs' claims are barred, in whole or in part, by the doctrine of international comity, insofar as Plaintiffs seek injunctive relief affecting transactions and conduct occurring outside U.S. jurisdiction.

**Fifth Defense**

**(Failure to Join an Indispensable Party)**

The Complaint fails to join necessary and indispensable parties, including, but not limited to, consumers and developers of apps distributed for free on Google Play.

**Sixth Defense**

**(Foreign Trade Antitrust Improvements Act)**

Plaintiffs' claims are barred, in whole or in part, by the Foreign Trade Antitrust Improvements Act, 15 U.S.C. § 6a, insofar as Plaintiffs make claims concerning transactions or alleged conduct involving trade or commerce with foreign nations outside U.S. jurisdiction.

**Seventh Defense**

**(*Noerr-Pennington* Doctrine)**

Plaintiffs' causes of action are barred, in whole or in part, by the *Noerr-Pennington* doctrine.

**Eighth Defense**

**(Mitigation of Damages)**

Plaintiffs' claims are barred, in whole or in part, by their failure to mitigate damages, if any.

1

**Ninth Defense**

2

**(Lack of Standing - Indirect Purchasers)**

3        Each of Plaintiffs' claims or causes of action are barred, in whole or in part, to the extent

4    that they did not transact directly with Google on the Play Store, because they are indirect

5    purchasers and barred from maintaining an action under state and federal antitrust laws from

6    seeking injuries in that capacity.

7

**Tenth Defense**

8

**(Statute of Limitations)**

9        Plaintiffs' claims are barred, in whole or in part, by the statute of limitations applicable to

10   their respective claims.

11

**Eleventh Defense**

12

**(Dormant Commerce Clause)**

13       Plaintiffs' claims are barred, in whole or in part, by the Dormant Commerce Clause.

14

**RESERVATION OF DEFENSES**

15       Google reserves the right to assert additional defenses when it determines the particulars

16   of Plaintiffs' claims, which are not apparent from the face of the Complaint.  Google reserves the

17   right to amend this Answer to add, delete, or modify defenses based upon legal theories that may

18   be or will be divulged through clarification of Plaintiffs' Complaint, through discovery, or

19   through further legal analysis of Plaintiffs' position in this litigation.

20

**JURY DEMAND**

21       Google demands a trial by jury on all issues so triable.

22

23

24

25

26

27

28

1    Respectfully submitted,

2    Dated: January 14, 2022

3                                          **O'MELVENY & MYERS LLP**
                                           Ian Simmons
4                                          Daniel M. Petrocelli
                                           Benjamin G. Bradshaw
5                                          Stephen J. McIntyre

6                                          By:      /s/ *Ian Simmons*
7                                                   Ian Simmons

8                                          **MORGAN, LEWIS & BOCKIUS LLP**
                                           Brian C. Rocca
9                                          Sujal J. Shah
                                           Michelle Park Chiu
10                                         Minna L. Naranjo
                                           Rishi P. Satia
11
                                           By:      /s/ *Brian C. Rocca*
12                                                  Brian C. Rocca

13                                         **MUNGER, TOLLES & OLSON LLP**
                                           Glenn D. Pomerantz
14                                         Kuruvilla Olasa
                                           Kyle W. Mach
15                                         Justin P. Raphael
                                           Emily C. Curran-Huberty
16                                         Jonathan I. Kravis

17                                         By:      /s/ *Glenn D. Pomerantz*
18                                                  Glenn D. Pomerantz

19                                         *Counsel for Defendants*

20

21

22

23

24

25

26

27

28

ANSWERS AND DEFENSES TO CONSUMERS' SECOND AMENDED COMPLAINT

## ECF ATTESTATION

I hereby attest that concurrence in the filing of this document has been obtained from each of the other signatories hereto.

Dated: January 14, 2022

By:     /s/ *Marianna Y. Mao*
        Marianna Y. Mao