1    Paul J. Riehle (SBN 115199)
     paul.riehle@faegredrinker.com
2    **FAEGRE DRINKER BIDDLE & REATH LLP**
     Four Embarcadero Center
3    San Francisco, California 94111
     Telephone:  (415) 591-7500
4    Facsimile:  (415) 591-7510

5    Christine A. Varney (*pro hac vice*)
     cvarney@cravath.com
6    Katherine B. Forrest (*pro hac vice*)
     kforrest@cravath.com
7    Gary A. Bornstein (*pro hac vice*)
     gbornstein@cravath.com
8    Timothy G. Cameron (*pro hac vice*)
     tcameron@cravath.com
9    Yonatan Even (*pro hac vice*)
     yeven@cravath.com
10   Lauren A. Moskowitz (*pro hac vice*)
     lmoskowitz@cravath.com
11   Vanessa A. Lavely (*pro hac vice* forthcoming)
     vlavely@cravath.com
12   M. Brent Byars (*pro hac vice*)
     mbyars@cravath.com
13   **CRAVATH, SWAINE & MOORE LLP**
     825 Eighth Avenue
14   New York, New York 10019
     Telephone:  (212) 474-1000
15   Facsimile:  (212) 474-3700

16   *Attorneys for Plaintiff Epic Games, Inc.*

17

18              **UNITED STATES DISTRICT COURT**

19             **NORTHERN DISTRICT OF CALIFORNIA**

20                **SAN FRANCISCO DIVISION**

21

| 22  23 | **IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION** | Case No. 3:20-cv-05671-JD Case No. 3:21-md-02981-JD |
|---|---|---|
| 24 | THIS DOCUMENT RELATES TO: | **PLAINTIFF EPIC GAMES, INC.'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED** |
| 25  26 | *Epic Games, Inc. v. Google LLC et al.*, Case No. 3:20-cv-05671-JD | |

27

28

1    Pursuant to Civil Local Rules 7-11 and 79-5, Plaintiff Epic Games, Inc. ("Epic") hereby

2 moves the Court to issue an administrative order on the filing under seal of certain portions of

3 Epic's Notice of Motion and Motion for a Preliminary Injunction ("Epic's Motion"), the

4 Declaration of Steven Tadelis ("Tadelis Declaration"), and the Declaration of Lauren A.

5 Moskowitz ("Moskowitz Declaration") along with its accompanying exhibits ("Exhibits").

6 Public redacted versions of Epic's Motion, the Tadelis Declaration, the Moskowitz Declaration

7 and its Exhibits have been filed in accordance with this Court's Local Rules.

8    Subsection (f) of Civil Local Rule 79-5 sets forth procedures that apply when a party (the

9 "Filing Party") seeks to file information designated as confidential by another party or non-party

10 (the "Designating Party").  Under subsection (f)(1), the Filing Party's Administrative Motion to

11 Consider Whether Another Party's Material Should Be Sealed "must identify each document or

12 portions thereof for which sealing is sought".  Pursuant to subsection (f)(3) of Local Rule 79-5,

13 the Designating Party then has seven days to file a declaration establishing that all of the

14 designated material is "sealable" according to the standards set out in subsection (c)(1), after

15 which any party may respond within four days, pursuant to subsection (f)(4).  Civil Local Rule

16 79-5 provides that documents, or portions thereof, may be sealed if a party makes "a specific

17 statement of the applicable legal standard and the reasons for keeping a document under seal,

18 including an explanation of (i) the legitimate private or public interests that warrant sealing;

19 (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to

20 sealing is not sufficient".  Civ. L.R. 79-5(c)(1).  A request to seal all or part of a motion for a

21 preliminary injunction must meet the "compelling reasons" standard, where that motion is "more

22 than tangentially related to the merits of the case".  *Ctr. for Auto Safety v. Chrysler Grp., LLC*,

23 809 F.3d 1092, 1097, 1102 (9th Cir. 2016) (remanding to lower court to apply "compelling

24 reasons" standard in evaluating party's request to seal preliminary injunction motion).  Under the

25 compelling reasons standard, "[t]he mere fact that the production of records may lead to a

26 litigant's embarrassment, incrimination, or exposure to further litigation will not, without more,

27 compel the court to seal its records".  *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172,

28

1    1179 (9th Cir. 2006).  Moreover, "[t]he fact that the parties may have designated a document as

2    confidential under a stipulated protective order is also not enough to justify sealing."  *In re*

3    *Google Play Store Antitrust Litig.*, 2021 WL 4190165, at *1 (N.D. Cal. Aug. 25, 2021).

4          Epic's Motion, the Tadelis Declaration, the Moskowitz Declaration and its Exhibits

5    contain information that is sourced from documents that Defendants Google LLC, Google

6    Ireland Limited, Google Commerce Limited, Google Asia Pacific Pte. Limited, and Google

7    Payment Corp. (collectively, "Google") have designated as "CONFIDENTIAL", "HIGHLY

8    CONFIDENTIAL – ATTORNEYS' EYES ONLY", or "NON-PARTY HIGHLY

9    CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" under the operative Protective Orders

10    entered by the Court, Case No. 3:21-md-02981-JD, ECF Nos. 123, 154 and 170 ("Protective

11    Orders").  Epic's Motion, the Tadelis Declaration, the Moskowitz Declaration and its Exhibits

12    also contain information that is sourced from documents that non-parties Activision Blizzard,

13    Inc., Amazon.com, Inc., and Samsung Electronics America, Inc. have designated as "NON-

14    PARTY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" pursuant to the

15    Protective Orders.  Those portions are identified in the Declaration of Yonatan Even submitted

16    herewith and highlighted in the under seal version of Epic's Motion, the Tadelis Declaration, the

17    Moskowitz Declaration and its Exhibits.

18

19

20

21

22

23

24

25

26

27

28

Dated: April 28, 2022

Respectfully submitted,

By: _____
Lauren A. Moskowitz

**FAEGRE DRINKER BIDDLE & REATH
LLP**

Paul J. Riehle
paul.riehle@faegredrinker.com

Four Embarcadero Center
San Francisco, California 94111
Telephone:  (415) 591-7500
Facsimile:  (415) 591-7510

**CRAVATH, SWAINE & MOORE LLP**

Christine A. Varney (*pro hac vice*)
cvarney@cravath.com
Katherine B. Forrest (*pro hac vice*)
kforrest@cravath.com
Gary A. Bornstein (*pro hac vice*)
gbornstein@cravath.com
Timothy G. Cameron (*pro hac vice*)
tcameron@cravath.com
Yonatan Even (*pro hac vice*)
yeven@cravath.com
Lauren A. Moskowitz (*pro hac vice*)
lmoskowitz@cravath.com
Vanessa A. Lavely (*pro hac vice* forthcoming)
vlavely@cravath.com
M. Brent Byars (*pro hac vice*)
mbyars@cravath.com

825 Eighth Avenue
New York, New York 10019
Telephone:  (212) 474-1000
Facsimile:  (212) 474-3700

*Attorneys for Plaintiff Epic Games, Inc.*