1
2
3
4
5
6
7
8
9

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

10

**IN RE GOOGLE PLAY STORE**
**ANTITRUST LITIGATION**

Case No. 3:21-md-02981-JD

11

THIS DOCUMENT RELATES TO:

**STIPULATED ~~[PROPOSED]~~**
**THIRD AMENDED PROTECTIVE**
**ORDER**

12
13

*Match Group, LLC et al. v. Google LLC et al.*,
Case No. 3:22-cv-02746-JD

Judge: Hon. James Donato

14

*Epic Games Inc. v. Google LLC et al.*, Case
No. 3:20-cv-05671-JD

15
16

*In re Google Play Consumer Antitrust*
*Litigation*, Case No. 3:20-cv-05761-JD

17

*In re Google Play Developer Antitrust*
*Litigation*, Case No. 3:20-cv-05792-JD

18
19

*State of Utah et al. v. Google LLC et al.*, Case
No. 3:21-cv-05227-JD

20
21
22
23
24
25
26
27
28

1

## 1.   **PURPOSES AND LIMITATIONS**

2

Disclosure and discovery activity in this action are likely to involve production of

3

confidential, proprietary, or private information for which special protection from public

4

disclosure and from use for any purpose other than prosecuting this litigation may be warranted.

5

On October 22, 2021, the Court entered a Stipulated Amended Protective Order in Case

6

No. 3:21-md-02981-JD, Dkt. No. 123, approving Dkt. No. 116, Case No. 3:20-cv-05671-JD,

7

Dkt. No. 189, approving Dkt. No. 184; Case No. 3:20-cv-05761-JD, Dkt. No. 223, approving

8

Dkt. No. 218; Case No. 3:20-cv-05792- JD, Dkt. No. 162, approving Dkt. No. 157, Case No.

9

3:21-cv-05227-JD, Dkt. No. 185, approving Dkt. No. 176 (the "Amended Protective Order").

10

On the same day, the Court also entered a Stipulated Amended Supplemental Protective Order

11

Governing Production of Protected Non-Party Materials in Case No. 3:21-md-02981-JD, Dkt.

12

No. 124, approving Dkt. No. 117, Case No. 3:20-cv-05671-JD, Dkt. No. 190, approving Dkt.

13

No. 185; Case No. 3:20-cv-05761-JD, Dkt. No. 224, approving Dkt. No. 219; Case No. 3:20-

14

cv-05792- JD, Dkt. No. 163, approving Dkt. No. 158, Case No. 3:21-cv-05227-JD, Dkt. No.

15

186, approving Dkt. No. 177 (the "Amended Non-Party Protective Order"). On December 20,

16

2021, the Court entered a Stipulated Second Amended Protective Order in Case No. 3:21-md-

17

02981-JD, Dkt. No. 170, approving Dkt. No. 154; Case No. 3:20-cv-05671-JD, Dkt. No. 203,

18

approving Dkt. No. 199; Case No. 3:20-cv-05761-JD, Dkt. No. 239, approving Dkt. No. 232;

19

Case No. 3:20-cv-05792- JD, Dkt. No. 177, approving Dkt. No. 168, Case No. 3:21-cv-05227-

20

JD, Dkt. No. 204, approving Dkt. No. 198 (the "Second Amended Protective Order.").

21

Since that time, Match Group, LLC; Humor Rainbow, Inc.; PlentyofFish Media ULC;

22

and People Media, Inc., filed a complaint on May 9, 2022, in Case No. 3:22-cv-02746-JD,

23

which has been related to the above matters.  They too consent to the terms of the Second

24

Amended Protective Order.

25

Accordingly, the Parties hereby stipulate to and petition the Court to enter the following

26

Stipulated Third Amended Protective Order ("Protective Order"). The Parties acknowledge that

27

this Order does not confer blanket protections on all disclosures or responses to discovery and

28

Case Nos.:  3:21-md-02981-JD; 3:20-cv-
05671-JD; 3:20-cv-05761-JD; 3:20-cv-05792-
JD; 3:21-cv-05227-JD; 3:22-cv-02746-JD
STIPULATED [PROPOSED] THIRD AMENDED PROTECTIVE ORDER

that the protection it affords from public disclosure and use extends only to the limited

information or items that are entitled to confidential treatment under the applicable legal

principles. The Parties further acknowledge, as set forth in Section 14.4, below, that this

Protective Order does not entitle them to file confidential information under seal; Civil Local

Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied

when a Party seeks permission from the Court to file material under seal.

**2.** **DEFINITIONS**

2.1     <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of

information or items under this Order.

2.2     <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is

generated, stored or maintained) or tangible things that qualify for protection under Federal Rule

of Civil Procedure 26(c).

2.3     <u>Counsel (without qualifier)</u>: State AGO Attorneys, Outside Counsel of Record,

and House Counsel (as well as their support staff).

2.4     <u>Designated House Counsel</u>: For each Party, up to two House Counsel who may be

provided access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in

this matter.

2.5     <u>Designating Party</u>: a Party or Non-Party that designates information or items that it

produces in disclosures or in responses to discovery as "CONFIDENTIAL," "HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "NON-PARTY HIGHLY

CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" (as defined in the Amended Non-

Party Protective Order).

2.6     <u>Disclosure or Discovery Material</u>: all items or information, regardless of the

medium or manner in which it is generated, stored, or maintained (including, among other things,

testimony, transcripts, and tangible things), that are produced or generated in disclosures or

responses to discovery in this matter.

Case Nos.: 3:21-md-02981-JD; 3:20-cv-05671-
JD; 3:20-cv-05761-JD; 3:20-cv-05792-JD; 3:21-
cv-05227-JD; 3:22-cv-02746-JD
STIPULATED [PROPOSED] THIRD AMENDED PROTECTIVE ORDER

2.7     Expert: a person with specialized knowledge or experience in a matter pertinent to the Litigation who:  (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action; (2) is not a current employee or current business consultant of a Party or of a Party's competitor, or otherwise currently involved in competitive decision-making for a Party or a Party's competitor; (3) has not, within the 12 months preceding the entry of this Protective Order, been an employee or business consultant of a Party or a Party's competitor, or otherwise been involved in competitive decision-making for a Party or a Party's competitor; and (4) at the time of retention, is not anticipated to become an employee or business consultant of a Party or a Party's competitor, or to be otherwise involved in competitive decision-making for a Party or a Party's competitor.  If, while this action is pending, a Party learns that any of its retained experts or consultants as defined herein is anticipating to become, or has become, an employee or business consultant of a Party or a Party's competitor, or otherwise involved in competitive decision-making for a Party or a Party's competitor, the Party learning such information shall promptly disclose the information to the other Parties.

2.8     "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.9     House Counsel: attorneys who are members in good standing of at least one state bar, who are employees of a Party, or a Party's affiliate, and who have responsibility for managing this action. House Counsel does not include Outside Counsel of Record, any other outside counsel, or State AGO Attorneys.

2.10     Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11    Outside Counsel of Record: attorneys who are not employees of a Party but are retained to represent or advise a Party and have appeared in this action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

2.12    Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, Outside Counsel of Record (and their support staffs), and State AGO Attorneys.

2.13    Plaintiff States or States: states, commonwealths, territories, or districts within the United States that are plaintiffs in the action styled *State of Utah, et al. v. Google LLC, et al.*, No. 3:21-cv-05227-JD.

2.14    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.15    Professional Vendors: persons or entities who are not employees of a Party but are retained to provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, reviewing or retrieving documents or data in any form or medium and their employees and subcontractors).

2.16    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," that is designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or that is designated under the Amended Non-Party Protective Order as "NON-PARTY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY."

2.17    Receiving Party: a Party that receives Disclosure or Discovery Material.

2.18    State AGO Attorneys: attorneys employed by the Plaintiff States' attorneys general offices (including retained attorneys and contract attorneys), as well as their support staff, where the attorneys and support staff have access to internal State attorneys general office information technology systems in the ordinary course of their employment responsibilities and have been informed of their obligations to comply with this agreement. The obligation to inform

1  support staff is met once a state AGO attorney informs a supervising member of the support staff

2  about the obligations of this agreement.

3  **3.    SCOPE**

4        The protections conferred by this Stipulation and Order cover not only Protected

5  Material (as defined above), but also (1) any information copied or extracted from Protected

6  Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any

7  testimony, conversations, or presentations by Parties or their Counsel that might reveal

8  Protected Material. However, the protections conferred by this Stipulation and Order do not

9  cover the following information: (a) any information that is in the public domain at the time of

10  disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a

11  Receiving Party as a result of publication not involving a violation of this Order, including

12  becoming part of the public record through trial or otherwise; and (b) any information known to

13  the Receiving Party prior to the disclosure or obtained by the Receiving Party after the

14  disclosure from a source who obtained the information lawfully and under no obligation of

15  confidentiality to the Designating Party. In addition, nothing in this Protective Order alters the

16  rights and obligations of the parties under the confidentiality agreements or other protective

17  orders pursuant to which some Defendants produced documents in response to civil

18  investigative demands by certain States, except as modified by the Stipulation and Order re:

19  Documents Google Produced to the States in Response to Civil Investigative Demands (Case

20  3:21-md-02981, Dkt. #109).  Any use of Protected Material at trial shall be governed by a

21  separate agreement or order.

22  **4.    DURATION**

23        Even after final disposition of this Litigation, the confidentiality obligations imposed by

24  this Order shall remain in effect until a Designating Party agrees otherwise in writing or a Court

25  order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all

26  claims and defenses in this action, with or without prejudice; or (2) entry of a final judgment

27

28
Case Nos.: 3:21-md-02981-JD; 3:20-cv-05671-
JD; 3:20-cv-05761-JD; 3:20-cv-05792-JD; 3:21-
cv-05227-JD; 3:22-cv-02746-JD

STIPULATED [PROPOSED] THIRD AMENDED PROTECTIVE ORDER

herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.      DESIGNATING PROTECTED MATERIAL**

5.1      <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. At the reasonable request of any Party, the Designating Party must designate for protection, in a specific document or set of documents, only those parts that qualify for protection under this Order, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other Parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2      <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)      <u>for information in documentary form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing

1   Party affix the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS'

2   EYES ONLY," or "NON-PARTY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES

3   ONLY" to each page that contains protected material.

4          A Party or Non-Party that makes original documents or materials available for inspection

5   need not designate them for protection until after the inspecting Party has indicated which

6   material it would like copied and produced. During the inspection and before the designation, all

7   of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL –

8   ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants

9   copied and produced, the Producing Party must determine which documents, or portions thereof,

10  qualify for protection under this Order. Then, before producing the specified documents, the

11  Producing Party must affix the appropriate legend ("CONFIDENTIAL," "HIGHLY

12  CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "NON-PARTY HIGHLY

13  CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY") to each page that contains Protected

14  Material.

15          (b)      for testimony given in deposition or in other pretrial or trial proceedings,

16  that the Designating Party identify on the record, before the close of the deposition, hearing, or

17  other proceeding, all protected testimony and specify the level of protection being asserted. When

18  it is impractical to identify separately each portion of testimony that is entitled to protection and it

19  appears that substantial portions of the testimony may qualify for protection, the Designating

20  Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded)

21  a right to have up to 21 days after the transcript of the proceedings becomes available to identify

22  the specific portions of the testimony as to which protection is sought and to specify the level of

23  protection being asserted. Only those portions of the testimony that are appropriately designated

24  for protection within the 21 days shall be covered by the provisions of this Third Amended

25  Protective Order. Alternatively, a Designating Party may specify, at the deposition or up to 21

26  days afterwards if that period is properly invoked, that the entire transcript shall be treated as

27

28

"CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "NON-PARTY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY."

The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "NON-PARTY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c)     for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "NON-PARTY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY."  If affixing the appropriate legend on a container is not feasible, the Designating Party shall find another means to identify the information, for example through a cover letter or other communication.

5.3     Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a

designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1      <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the Litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2      <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3      <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without Court intervention, the Challenging Party shall file and serve a motion to re-designate or de-designate under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 14

days of the Parties agreeing that the meet and confer process will not resolve their dispute. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other Parties) may expose the Challenging Party to sanctions. All Parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation until the Court rules on the challenge.

## 7.     ACCESS TO AND USE OF PROTECTED MATERIAL

7.1     <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this Litigation, and such Protected Material shall not be used for any other business purpose, in connection with any other legal proceeding, or for any other purpose whatsoever. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.[1] When the litigation has been terminated, a Receiving Party must comply with the provisions of section 15 below (FINAL DISPOSITION).

The parties understand that some of the State AGO Attorneys prosecuting this matter are also prosecuting antitrust enforcement actions against some Defendants in other venues.  Nothing in this Order or the Stipulated Supplemental Protective Order Governing Production of Protected Non-Party Materials (Case No. 3:21-md-02981-JD (N.D. Cal.), ECF No. 44), including as amended, precludes State AGO Attorneys with access to information subject to this Protective

---

[1] In the event a Non-Party witness is authorized to receive Protected Material that is to be used during his/her deposition but is represented by an attorney not authorized under this Order to receive such Protected Material, the attorney must provide prior to commencement of the deposition an executed "Acknowledgment and Agreement to Be Bound" in the form attached hereto as Exhibit A. In the event such attorney declines to sign the "Acknowledgment and Agreement to Be Bound" prior to the examination, the Parties, by their attorneys, shall jointly seek a protective order from the Court prohibiting the attorney from disclosing Protected Material in order for the deposition to proceed.

Order from prosecuting such other actions, so long as they comply with their obligations under this Protective Order and any protective orders or confidentiality agreements governing such other actions.  To prevent inadvertent disclosure, Discovery Materials produced to States in this case will be housed in a separate database only accessed by State AGO Attorney.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)     the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(b)     State AGO Attorneys who have appeared on behalf of Plaintiff States in this litigation, who are actively prosecuting the Litigation, or to whom it is reasonably necessary to disclose the information for purposes of this litigation; State AGO Attorneys who have appeared will maintain a list of Attorneys as well as supervisors of support staff subject to this section;

(c)     the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary because they either have responsibility for making decisions dealing directly with the litigation in this action or are assisting outside counsel in preparation for proceedings in this action, and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

1    (e)    the Court and its personnel;

2    (f)    stenographic reporters, videographers and their respective staff,

3  professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably

4  necessary for this Litigation and who have signed the "Acknowledgment and Agreement to Be

5  Bound" (Exhibit A);

6    (g)    during their depositions, witnesses in the action that are not otherwise

7  authorized to receive CONFIDENTIAL Information pursuant to Section 7.2(a)-(f) or (h)-(i) to

8  whom disclosure is reasonably necessary and who have signed the "Acknowledgment and

9  Agreement to Be Bound" (Exhibit A), unless the Designating Party objects to such disclosure or

10  except as otherwise ordered by the Court. Receiving Parties shall give the Designating Party

11  reasonable notice if they expect to provide a witness, during a deposition, with Protected Material

12  pursuant to this Section 7.2(g).  Pages of transcribed deposition testimony or exhibits to

13  depositions that reveal Protected Material must be separately bound by the court reporter and may

14  not be disclosed to anyone except as permitted under this Order.

15    (h)    the author or recipient of a document containing the information or a

16  custodian or other person who otherwise possessed or knew the information; and

17    (i)    any current employee of the Designating Party.

18    7.3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

19  Information or Items. Unless otherwise ordered by the Court or permitted in writing by the

20  Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY

21  CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

22    (a)    the Receiving Party's Outside Counsel of Record in this action, as well as

23  employees of Outside Counsel of Record to whom it is reasonably necessary to disclose the

24  information for this Litigation and who have signed the "Acknowledgment and Agreement to Be

25  Bound" (Exhibit A);

26

27

28

Case Nos.: 3:21-md-02981-JD; 3:20-cv-05671-
JD; 3:20-cv-05761-JD; 3:20-cv-05792-JD; 3:21-
cv-05227-JD; 3:22-cv-02746-JD
STIPULATED [PROPOSED] THIRD AMENDED PROTECTIVE ORDER

(b)     State AGO Attorneys who have appeared on behalf of Plaintiff States in this Litigation, who are actively prosecuting the Litigation, or to whom it is reasonably necessary to disclose the information for purposes of this Litigation; State AGO Attorneys who have appeared will maintain a list of Attorneys as well as supervisors of support staff subject to this section;

(c)     Designated House Counsel of the Receiving Party (i) who has no involvement in competitive decision-making, (ii) to whom disclosure is reasonably necessary for this litigation, (iii) who has signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A, and (iv) as to whom, at least 14 days prior to the disclosure of any "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" information, the Party that seeks to disclose to Designated House Counsel has disclosed to the Designating Party (1) the full name of the Designated House Counsel and the city and state of his or her primary place of work, and (2) the Designated House Counsel's current and reasonably foreseeable future primary job duties and responsibilities in sufficient detail to determine if House Counsel is involved, or may become involved, in any competitive decision-making.  If a Party objects to the Designated House Counsel, that Party must do so in writing within 14 days of the identification of the Designated House Counsel. The Parties shall meet and confer to try to resolve the matter by agreement within seven days of any such written objection. If no agreement is reached, the Designating Party may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) objecting to the disclosure. For the avoidance of doubt, if the Designating Party has moved the Court to object to the disclosure, no disclosure shall be made until the Court has ruled on such objection.  Documents designated as HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY may only be transmitted to Designated House Counsel through a password-protected Secured File Transfer Protocol (SFTP), and the Designated House Counsel must download and store such documents in a secure location that cannot be accessed by others, and shall delete them within 14 days after receipt.  Additional acceptable forms of disclosure of

HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY documents include:  in-person meetings where the documents remain in the possession of Outside Counsel; screen-sharing technology; or through a document review platform with printing and downloading disabled. Notwithstanding the foregoing, summaries, memoranda, drafts, briefs, court filings, expert reports, outlines, and other attorney work product containing HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY Information may be transmitted to Designated House Counsel via corporate/firm e-mail accounts; provided, however, exhibits to the foregoing that are HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY documents may not be transmitted via e-mail.

(d)     Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation and (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e)     the Court and its personnel;

(f)     stenographic reporters, videographers and their respective staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(g)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(h)     any current employee of the Designating Party.

7.4     ***Purposefully Left Blank.***

**8.     *Purposefully left blank*.**

**9.     <u>SOURCE CODE</u>**

(a)     To the extent the production of source code becomes necessary, the Parties reserve their rights to modify this order as necessary to protect such materials and information, and the Parties shall meet and confer in good faith regarding such modifications.  No Party will

1   be required to produce source code until modifications to this order relating to the protection of

2   source code have been entered by the Court.

3   **10.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN
            OTHER LITIGATION**

4          If a Party is served with a subpoena issued by a court, arbitral, administrative, or

5   legislative body, or with a court order issued in other Litigation that compels disclosure of any

6   information or items designated in this action as "CONFIDENTIAL," "HIGHLY

7   CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "NON-PARTY HIGHLY

8   CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" that Party must:

9          (a)      promptly notify in writing the Designating Party. Such notification shall

10  include a copy of the subpoena or court order;

11         (b)      promptly notify in writing the person who caused the subpoena or order to

12  issue in the other Litigation that some or all of the material covered by the subpoena or order is

13  subject to this Protective Order. Such notification shall include a copy of this Stipulated

14  Protective Order; and

15         (c)      cooperate with respect to all reasonable procedures sought to be pursued by

16  the Designating Party whose Protected Material may be affected.[2]

17         If the Designating Party timely[3] seeks a protective order, the Party served with the

18  subpoena or court order shall not produce any information designated in this action as

19  "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "NON-

20  PARTY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" before a

21  determination by the court or other tribunal from which the subpoena or order issued, unless the

22  Party has obtained the Designating Party's permission. The Designating Party shall bear the

23  _____

24  [2] The purpose of imposing these duties is to alert the interested parties to the existence of this
    Order and to afford the Designating Party in this case an opportunity to try to protect its

25  confidentiality interests in the court or other tribunal from which the subpoena or order issued.
    [3] The Designating Party shall have at least 14 days from the service of the notification pursuant to

26  Section 10(a) to seek a protective order, unless a shorter period applies under the rules of the
    Court or other tribunal from which the subpoena or order issued, in which case such rules shall

27  apply.

28                                                  Case Nos.: 3:21-md-02981-JD; 3:20-cv-05671-
                                                    JD; 3:20-cv-05761-JD; 3:20-cv-05792-JD; 3:21-
                                                    cv-05227-JD; 3:22-cv-02746-JD
           STIPULATED [PROPOSED] THIRD AMENDED PROTECTIVE ORDER

burden and expense of seeking protection in that court or other tribunal of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court or tribunal with appropriate jurisdiction.

10.1    If, under any Freedom of Information Act, public records statute, or other relevant law, any Protected Material is subject to any form of compulsory process in a Plaintiff State or is demanded from a Plaintiff State, such State shall notify in writing the Designating Party whose Protected Material may be affected within 10 business days of receiving the process or demand. The State shall not produce the Protected Material in response to such compulsory process or public records request unless the State deems that it is required by law to do so and provides 10 business days' notice of its intent to do so to the Designating Party, unless a statute, court order, or another public adjudicatory body requires that the State produce the Protected Material in a shorter time frame, in which case the State will provide notice to the Designating Party as early as reasonably practicable before the expiration of that shorter time frame. However, if a State denies a public records or similar request and the denial is not challenged, the State does not need to provide notice pursuant to this paragraph. If Protected Material is requested for disclosure under a state's public records act or the equivalent, this Order prohibits disclosure to the extent the state's public records act or the equivalent provides an exception for disclosure of information that is (a) protected by court order or (b) gathered by the State in connection with investigating or prosecuting potential civil or criminal violations of federal or state law.  Nothing contained herein shall alter or limit the obligations of a State that may be imposed by statute or court order regarding the disclosure of documents and information supplied to the State.

## 11.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)    The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "NON-PARTY HIGHLY CONFIDENTIAL – OUTSIDE

1   COUNSEL EYES ONLY." Such information produced by Non-Parties in connection with this

2   litigation is protected by the remedies and relief provided by this Order. Nothing in these

3   provisions should be construed as prohibiting a Non-Party from seeking additional protections.

4              (b)      In the event that a Party is required, by a valid discovery request, to

5   produce a Non-Party's confidential information in its possession, and the Party is subject to an

6   agreement with the Non-Party not to produce the Non-Party's confidential information, then the

7   Party shall:

8                        1.       promptly notify in writing the Requesting Party and the Non-Party

9   that some or all of the information requested is subject to a confidentiality agreement with a Non-

10  Party;

11                       2.       promptly provide the Non-Party with a copy of the Stipulated

12  Protective Order in this Litigation, the relevant discovery request(s), and a reasonably specific

13  description of the information requested; and

14                       3.       make the information requested available for inspection by the

15  Non-Party.

16             (c)      If the Non-Party fails to object or seek a protective order from this Court

17  within 14 days of receiving the notice and accompanying information, the Receiving Party may

18  produce the Non-Party's confidential information responsive to the discovery request. If the Non-

19  Party timely objects or seeks a protective order, the Receiving Party shall not produce any

20  information in its possession or control that is subject to the confidentiality agreement with the

21  Non-Party before a determination by the Court.[4] Absent a Court order to the contrary, the Non-

22  Party shall bear the burden and expense of seeking protection in this Court of its Protected

23  Material.

24

25

---

26  [4] The purpose of this provision is to alert the interested parties to the existence of confidentiality
    rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality
27  interests in this court.

28                                    Case Nos.: 3:21-md-02981-JD; 3:20-cv-05671-
                                       JD; 3:20-cv-05761-JD; 3:20-cv-05792-JD; 3:21-
                                       cv-05227-JD; 3:22-cv-02746-JD
                    STIPULATED [PROPOSED] THIRD AMENDED PROTECTIVE ORDER

**12.** **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

Unauthorized or inadvertent disclosure shall not change the confidentiality designation status of any disclosed material or waive the right to maintain the disclosed material as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "NON-PARTY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY."  In addition, for the avoidance of doubt, if Protected Material is disclosed to any person or in any circumstance not authorized under this Order, the Designating Party reserves all rights to seek further appropriate relief from the Court.

**13.** **PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), the production of a privileged or work-product-protected document is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. For example, the mere production of privileged or work-product-protected documents in this case as part of a mass production is not itself a waiver in this case or any other federal or state proceeding.

1    **14.    <u>MISCELLANEOUS</u>**

2        14.1    <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to

3    seek its modification by the Court in the future. Furthermore, without application to the Court,

4    any party that is a beneficiary of the protections of this Order may enter a written agreement

5    releasing any other party hereto from one or more requirements of this Order even if the conduct

6    subject to the release would otherwise violate the terms herein.

7        14.2    <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Order no Party

8    waives any right it otherwise would have to object to disclosing or producing any information or

9    item on any ground not addressed in this Order. Similarly, no Party waives any right to object on

10   any ground to use in evidence of any of the material covered by this Order.

11       14.3    <u>Export Control.</u> Disclosure of Protected Material shall be subject to all applicable

12   laws and regulations relating to the export of technical data contained in such Protected Material,

13   including the release of such technical data to foreign persons or nationals in the United States or

14   elsewhere. Upon notice that a Party seeks to remove certain Protected Material from the United

15   States, the Producing Party shall be responsible for identifying any such controlled technical data,

16   and the Receiving Party shall take measures necessary to ensure compliance.

17       14.4    <u>Filing Protected Material</u>. Without written permission from the Designating Party

18   or a Court order secured after appropriate notice to all interested persons, a Party may not file in

19   the public record in this action any Protected Material. A Party that seeks to file under seal any

20   Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed

21   under seal pursuant to a Court order authorizing the sealing of the specific Protected Material at

22   issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request

23   establishing that the Protected Material at issue is privileged, protectable as a trade secret, or

24   otherwise entitled to protection under the law. If a Receiving Party's request to file Protected

25   Material under seal pursuant to Civil Local Rule 79-5(e) is denied by the Court, then the

26   Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule

27   79-5(e)(2) unless otherwise instructed by the Court.

28                                    Case Nos.: 3:21-md-02981-JD; 3:20-cv-05671-
                                      JD; 3:20-cv-05761-JD; 3:20-cv-05792-JD; 3:21-
                                      cv-05227-JD; 3:22-cv-02746-JD
                 STIPULATED [PROPOSED] THIRD AMENDED PROTECTIVE ORDER

14.5     <u>Agreement Upon Execution</u>. Each of the Parties agrees to be bound by the terms of this Order as of the date counsel for such party executes this Stipulated Protective Order, even if prior to entry of this Order by the Court.

**15.    <u>FINAL DISPOSITION</u>**

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motions and trial briefs (including all supporting and opposing papers and exhibits thereto), written discovery requests and responses (and exhibits thereto), deposition transcripts (and exhibits thereto), trial transcripts, and exhibits offered or introduced into evidence at any hearing or trial, and their attorney work product which refers or is related to any "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "NON-PARTY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" information for archival purposes only. Any such archival copies that contain or constitute Protected Material remain subject to this Order as set forth in Section 4 (DURATION). Notwithstanding the foregoing in this Paragraph 15, the Plaintiff States agree to return, destroy, or maintain all Protected Material in accordance with this Agreement subject to any restrictions contained in any of the States' document retention laws or policies.

Case Nos.: 3:21-md-02981-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:20-cv-05792-JD; 3:21-cv-05227-JD; 3:22-cv-02746-JD
STIPULATED [PROPOSED] THIRD AMENDED PROTECTIVE ORDER

1    Dated: May 20, 2022        CRAVATH, SWAINE & MOORE LLP
                             Christine Varney *(pro hac vice)*

2                             Katherine B. Forrest *(pro hac vice)*
                            Darin P. McAtee *(pro hac vice)*

3                             Gary A. Bornstein *(pro hac vice)*
                            Timothy G. Cameron *(pro hac vice)*

4                             Yonatan Even *(pro hac vice)*
                            Lauren A. Moskowitz *(pro hac vice)*

5                             Omid H. Nasab *(pro hac vice)*
                            Justin C. Clarke *(pro hac vice)*

6                             M. Brent Byars *(pro hac vice)*

7                         FAEGRE DRINKER BIDDLE & REATH LLP
                            Paul J. Riehle (SBN 115199)

8

9                         Respectfully submitted,

10                         By:    */s/ Lauren A. Moskowitz*
                                Lauren A. Moskowitz

11                              *Counsel for Plaintiff Epic Games, Inc.*

12

13    Dated: May 20, 2022        BARTLIT BECK LLP
                            Karma M. Giulianelli

14                         KAPLAN FOX & KILSHEIMER LLP
                            Hae Sung Nam

15

16                         Respectfully submitted,

17                         By:    */s/ Karma Giulianelli*
                                Karma M. Giulianelli

18

19                         *Co-Lead Counsel for the Proposed Class in*
                        *In re Google Play Consumer Antitrust*

20                         *Litigation*

21    Dated:  May 20, 2022      PRITZKER LEVINE LLP
                            Elizabeth C. Pritzker

22

23                         Respectfully submitted,

24                         By:    */s/ Elizabeth Pritzker*
                                Elizabeth C. Pritzker

25                         *Liaison Counsel for the Proposed Class in*
                        *In re Google Play Consumer Antitrust*

26                         *Litigation*

27

28                          Case Nos.: 3:21-md-02981-JD; 3:20-cv-05671-
                            JD; 3:20-cv-05761-JD; 3:20-cv-05792-JD; 3:21-
                            cv-05227-JD; 3:22-cv-02746-JD
             STIPULATED [PROPOSED] THIRD AMENDED PROTECTIVE ORDER

1   Dated: May 20, 2022

HAGENS BERMAN SOBOL SHAPIRO LLP
2                                          Steve W. Berman
                                           Robert F. Lopez
3                                          Benjamin J. Siegel

4                                          SPERLING & SLATER PC
                                           Joseph M. Vanek
                                           Eamon P. Kelly
5                                          Alberto Rodriguez

6

7                                          Respectfully submitted,

8                                          By:   */s/ Steve Berman*
                                                 Steve W. Berman

9                                                *Co-Lead Interim Class Counsel for the*
                                                 *Developer Class and Attorneys for Plaintiff*
10                                               *Pure Sweat Basketball*

11

12   Dated: May 20, 2022

HAUSFELD LLP
                                           Bonny E. Sweeney
13                                         Melinda R. Coolidge
                                           Katie R. Beran
14                                         Scott A. Martin
                                           Irving Scher
15

16                                         Respectfully submitted,

17                                         By:   */s/ Bonny Sweeney*
                                                 Bonny E. Sweeney
18
                                                 *Co-Lead Interim Class Counsel for the*
19                                               *Developer Class and Attorneys for Plaintiff*
                                                 *Peekya App Services, Inc.*
20

21   Dated: May 20, 2022

OFFICE OF THE UTAH ATTORNEY
                                           GENERAL
22                                         Brendan P. Glackin

23
                                           Respectfully submitted,
24

25

26

27

28                                         Case Nos.: 3:21-md-02981-JD; 3:20-cv-05671-
                                           JD; 3:20-cv-05761-JD; 3:20-cv-05792-JD; 3:21-
                                           cv-05227-JD; 3:22-cv-02746-JD

STIPULATED [PROPOSED] THIRD AMENDED PROTECTIVE ORDER

By:   */s/ Brendan P. Glackin*
        Brendan P. Glackin
*Counsel for Utah and the Plaintiff States*

Dated: May 20, 2022

HUESTON HENNIGAN LLP
   John C. Hueston
   Douglas J. Dixon
   Joseph A. Reiter
   Michael K. Acquah
   William M. Larsen
   Julia L. Haines

Respectfully submitted,

By:   */s/ Douglas J. Dixon*
        Douglas J. Dixon
*Counsel for Match Group, LLC; Humor Rainbow, Inc.; PlentyofFish Media ULC; and People Media, Inc.*

Dated:  May 20, 2022

MORGAN, LEWIS & BOCKIUS LLP
   Brian C. Rocca
   Sujal J. Shah
   Michelle Park Chiu
   Minna L. Naranjo
   Rishi P. Satia

Respectfully submitted,

By:   */s/ Brian Rocca*
        Brian C. Rocca

*Counsel for Defendants Google LLC et al.*

1   Dated: May 20, 2022            O'MELVENY & MYERS LLP

Daniel M. Petrocelli

2                          Ian Simmons

Benjamin G. Bradshaw

3                          E. Clay Marquez

Stephen J. McIntyre

4

5                          Respectfully submitted,

6

7                          By:   */s/ Daniel Petrocelli*

Daniel M. Petrocelli

8                          *Counsel for Defendants Google LLC et al.*

9

10

11  Dated: May 20, 2022            MUNGER, TOLLES & OLSON LLP

Glenn D. Pomerantz

12                         Kuruvilla Olasa

Emily C. Curran-Huberty

13                        Jonathan I. Kravis

Justin P. Raphael

14                        Kyle W. Mach

15                        Respectfully submitted,

16

17                        By:   */s/ Glenn Pomerantz*

Glenn D. Pomerantz

18

*Counsel for Defendants Google LLC et al. in In re Google Play Consumer Antitrust Litig.; In re Google Play Developer Antitrust Litig.; Epic Games, Inc. v. Google LLC et al.; State of Utah et al. v. Google LLC et al.*

19

20

21                             **<u>ORDER</u>**

22       Pursuant to stipulation, it is so ordered, except that in those cases where the stipulated protective order conflicts with the Court's standing orders (e.g., with respect to the filing of discovery motions), the Court's standing orders will control.

23

24

25

26  DATED:  May 25, 2022        _____

HON. JAMES DONATO

United States District Judge

27

28                            Case Nos.: 3:21-md-02981-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:20-cv-05792-JD; 3:21-cv-05227-JD; 3:22-cv-02746-JD

STIPULATED [PROPOSED] THIRD AMENDED PROTECTIVE ORDER

<u>EXHIBIT A</u>

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of _____ **[insert formal name of the case and the number and initials assigned to it by the court]**. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____
           [printed name]

Signature: _____
           [signature]

Case Nos.: 3:21-md-02981-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:20-cv-05792-JD; 3:21-cv-05227-JD; 3:22-cv-02746-JD

STIPULATED [PROPOSED] THIRD AMENDED PROTECTIVE ORDER