**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **IN RE GOOGLE PLAY CONSUMER ANTITRUST LITIGATION**<br><br>RELATED ACTIONS:<br><br>*Epic Games Inc. v. Google LLC et al.*, Case No. 3:20-cv-05671-JD<br><br>*In re Google Play Developer Antitrust Litigation*, Case No. 3:20-cv-05792-JD<br><br>*State of Utah, et al., v. Google LLC, et al.*, Case No. 3:21-cv-05227-JD<br><br>*Match Group, LLC, et. al. v. Google LLC, et al.*, Case No. 3:22-cv-02746-JD | No: 3:20-cv-05761-JD<br><br>**[PROPOSED] ORDER GRANTING CONSUMER PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**<br><br>Hearing Date: August 4, 2022<br>Hearing Time: 10:00 a.m.<br>Courtroom: Courtroom 11, 19th Floor<br>Judge: The Honorable James Donato |

Before the Court is the Motion for Class Certification filed by Consumer Plaintiffs (the "Motion") on May 26, 2022. The Court, having reviewed the Motion and accompanying memoranda, declarations and exhibits in support, any opposition thereto, and the arguments of counsel and the parties at the hearing held on August 4, 2022 (the "Hearing"), hereby **ORDERS** that the Motion is **GRANTED**. The Court makes the following findings and determinations as required by Rule 23 of the Federal Rules of Civil Procedure:

1. Pursuant to Rule 23(c)(1)(B) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), the Fed. R. Civ. P. Rule 23(b)(3) Class, referred to in the Motion as the "Multistate Damages Class", is defined as follows:

> **RULE 23(b)(3) MULTISTATE DAMAGES CLASS:**
>
> All persons in the following U.S. states and territories:
>
> Alabama, Georgia, Hawaii, Illinois, Kansas, Maine, Michigan, Ohio, Pennsylvania, South Carolina, Wisconsin, Wyoming, American Samoa, Guam, Northern Mariana Islands, Puerto Rico, and the U.S. Virgin Islands who paid for an app through the Google Play Store or paid for in-app digital content (including subscriptions or ad-free versions of apps) through Google Play Billing on or after August 16, 2016, to the present.

2. Pursuant to Fed. R. Civ. P. Rule 23(c)(1)(B), the Fed. R. Civ. P. Rule 23(b)(2) Class, referred to in the Motion as the "Multistate Injunctive Relief Class," is defined as follows:

> **RULE 23(b)(2) MULTISTATE INJUNCTIVE RELIEF CLASS:**
>
> All persons in the following U.S. states and territories:
>
> Alabama, Georgia, Hawaii, Illinois, Kansas, Maine, Michigan, Ohio, Pennsylvania, South Carolina, Wisconsin, Wyoming, American Samoa, Guam, Northern Mariana Islands, Puerto Rico, and the U.S. Virgin Islands who currently own a mobile phone or tablet with an authorized and preinstalled version of Google's Android OS capable of accessing the Google Play Store.

3. The Multistate Damages Class and the Multistate Injunctive Relief Class are collectively referred to herein as the "Classes." Excluded from both Classes are Defendants[1] and

---

[1] "Defendants" as used herein has the same meaning as set forth in the Consolidated Second Amended Class Action Complaint (the "Complaint") on file in the above-captioned action (the "Action"). As used herein, "Google" refers collectively to the Defendants. As used herein, the term "App" includes an app paid for through the Google Play Store and "In-App Content" is in-
*Footnote continued on next page*

their officers, directors, employees, and successors; any person or entity who has (or had during the class period) a controlling interest in any Defendant; any affiliate, legal representative, heir, or assign of any Defendant and any person acting on behalf of any Defendant; any judicial officer presiding over this action and the members of those officers' immediate families and judicial staffs, all governments and their agencies; and any juror assigned to this Action.

4. **Numerosity**: The Classes are so numerous and geographically dispersed that joinder of all members is impracticable. *See* Fed. R. Civ. P. 23(a)(1). According to transaction data from Google, the Classes contain tens of millions of members, which suffices for numerosity. The Court finds that numerosity pursuant to Fed. R. Civ. P. 23(a)(1) is satisfied as to each of the Classes.

5. **Commonality**: The Court finds that there are many questions of law and fact that are common to each of the Classes, including whether Defendants engaged in anticompetitive conduct under federal antitrust laws and California law, thereby causing members of the Classes to pay higher prices for Apps and/or In-App Content and limiting their choices on their Devices. As set forth in the Motion, common questions of law and fact include, but are not limited to: (a) whether Google has monopoly power in the Android App Distribution Market and the In-App Aftermarket[2]; (b) whether Google's contractual restrictions on manufacturers, carriers, and developers are unreasonable restraints on trade; and (c) whether Google's practices impacted members of the Classes in the form of supra-competitive prices paid by consumers. The Action asserts counts for violations of Sections 1 and 2 of the Sherman Act (15 U.S.C. § 1 and § 2), violations of the Cartwright Act (Cal. Bus. & Prof. Code §16700 *et seq*.), and violations of California's Unfair Competition Law (Cal. Bus. & Prof. Code §17200 *et seq*.). Issues in the Action that are common to all members of the Classes include whether Google violated the aforementioned laws and whether the members of the Classes are entitled to monetary and/or injunctive relief based on such violations. For reasons set forth herein and during the Hearing, the Court finds that commonality pursuant to Fed. Civ. P. 23(a)(2) is satisfied for each of the Classes.

---

app digital content (including subscriptions or ad-free versions of apps) purchased through Google Play Billing on or after August 16, 2016, to the present. As used herein, the term "Device" means a mobile phone or tablet with an authorized and preinstalled version of Google's Android OS capable of accessing the Google Play Store.

[2] The terms Android App Distribution Market and In-App Aftermarket have the same meaning as set forth in the Class Certification Report of Hal J. Singer, PH.D., submitted with the Motion.

1       6.      **Typicality**: The Consumer Plaintiffs named in the Complaint in this Action are: Mary Carr, Daniel Egerter, Zack Palmer, Serina Moglia, Matthew Atkinson, and Alex Iwamoto. The Consumer Plaintiffs are hereby appointed as representatives of each of the Classes for the following reasons:  First, the Consumer Plaintiffs' claims are typical of the claims of other putative members of the Classes because they stem from the same course of conduct that forms the basis of the claims of the Classes and are based on the same legal and remedial theories.  Specifically, the Consumer Plaintiffs and all members of the proposed Classes will seek to prove anticompetitive conduct and that consumers paid inflated prices for Apps and/or In-App Content as a result of Google's conduct. There is evidence submitted with the Motion that all of the Consumer Plaintiffs purchased one or more Apps and/or In-App Content during the period from August 16, 2016 to the present.  For reasons set forth herein and during the Hearing, the Court finds that typicality of the Consumer Plaintiffs within the meaning of Fed. R. Civ. P. Rule 23(a)(3) is satisfied as to each of the Classes.

        7.      **Adequacy**: The Court determines that, consistent with Fed. R. Civ. P. 23(a)(4), the named Consumer Plaintiffs will fairly and adequately protect the interests of the Classes.  The interests of the Consumer Plaintiffs are aligned with those of the absent members of the Classes in proving liability and establishing damages, as well as in seeking injunctive relief.  As established in the Motion, each of the Consumer Plaintiffs has participated in discovery, demonstrated familiarity with the claims asserted in the Action, and are represented by counsel, including Co-Lead Interim Class Counsel, who have vigorously prosecuted the Action to date, all being factors demonstrating their adequacy to continue to litigate the claims on behalf of the Classes.  There are no conflicts that have been presented to the Court that prevent the appointment of the Consumer Plaintiffs as representatives of the Classes, nor their counsel as Class Counsel.  For reasons set forth herein and during the Hearing on the Motion, the Court finds that adequacy of the Consumer Plaintiffs and proposed Class Counsel pursuant to Fed. Civ. P. 23(a)(4) is satisfied.

        8.      **Predominance/Superiority:** Pursuant to Fed. R. Civ. P. 23(b)(3), the Court finds that common questions of law and fact predominate over questions affecting only individual members. The classwide claims, issues and defenses in the Action are subject to generalized proof,

and they will predominate over those issues that are subject to only individualized proof. Each of the Consumer Plaintiffs and members of the Classes are alleged to have paid more for Apps and/or In-App Content than they would have otherwise paid but for Google's alleged misconduct. Pursuant to Rule 23(b)(3), the Court determines that a class action is superior to other available methods for the fair and efficient adjudication of this Action. It is desirable, for purposes of judicial litigation and efficiency, to concentrate the claims of the Classes in a single action. The Court further finds that litigating this Action on a class basis is manageable. In contrast, it would waste judicial and litigant resources to force each member of the Classes to prove the same allegations in possibly thousands of separate trials. Further, if the class mechanism were not available, some members of the Classes may have claims that are too small to justify the high costs of complex litigation. For reasons set forth herein and during the Hearing, the proposed certification of the Multistate Damages Class satisfies the standards for predominance and superiority pursuant to Fed. R. Civ. P. 23(b)(3).

9. **Injunctive Relief**: Pursuant to Fed. R. Civ. P. Rule 23(b)(2), the Court also finds that Google has "acted or refused to act on grounds that apply generally" to the Classes. For reasons set forth herein and during the August 4, 2022 Hearing, the proposed certification of the Multistate Injunctive Relief Class satisfies the standards for Fed. R. Civ. P. 23(b)(2).

10. **Class Counsel**: On December 16, 2020, the Court appointed Karma M. Giulianelli of Bartlit Beck LLP and Hae Sung Nam of Kaplan Fox & Kilsheimer LLP as Co-Lead Interim Class Counsel for the Consumer Plaintiffs pursuant to Fed. R. Civ. P. 23(g)(3). ECF No. 128. In granting the Motion that appoints Co-Lead Interim Class Counsel, and their respective law firms, as Class Counsel, the Court has considered Co-Lead Interim Class Counsel's extensive experience in antitrust cases and knowledge of antitrust law and the claims asserted herein, as documented in the resumes submitted with the Motion, and based on this Court's oversight of the work of Co-Lead Interim Class Counsel during the litigation of the Action to date. Co-Lead Interim Class Counsel, and their law firms, have been effective in organizing and prosecuting the Action, and in investigating and in identifying the claims in the Action. The Court is also satisfied, based on the declarations submitted in support of the Motion, that Co-Lead Interim Class Counsel and their

respective firms have adequate resources to represent the Classes.  Accordingly, the Court finds that Co-Lead Interim Class Counsel have met the factors set forth in Rule 23(g)(1)(A) for appointment as Class Counsel and is satisfied that they will fairly and adequately represent the interests of the Classes.

**ACCORDINGLY, IT IS HEREBY FURTHER ORDERED THAT** this Court:

(1) certifies this action as a Rule 23(b)(3) class as to the Multistate Damages Class;

(2) certifies a Rule 23(b)(2) class as to the Multistate Injunctive Relief Class;

(3) appoints Consumer Plaintiffs Mary Carr, Daniel Egerter, Zack Palmer, Serina Moglia, Matthew Atkinson, and Alex Iwamoto as representatives of each of the Classes;

(4) appoints Karma M. Giulianelli of Bartlit Beck LLP and Hae Sung Nam of Kaplan Fox & Kilsheimer LLP as Co-Lead Class Counsel for each of the Classes ("Co-Lead Class Counsel" or "Class Counsel");

(5) Class Counsel shall, within 30 days of entry of this Order, submit for the Court's consideration a class notice program and proposed forms of notice; and

(6) This Order may be modified before entry of final judgment in this Action as permitted in Fed. R. Civ. P. 23.

**IT IS SO ORDERED**.

DATED: _____   _____
HONORABLE JAMES DONATO
UNITED STATES DISTRICT JUDGE