| | |
|---|---|
| Brian C. Rocca, Bar No. 221576<br>brian.rocca@morganlewis.com<br>Sujal J. Shah, Bar No. 215230<br>sujal.shah@morganlewis.com<br>Michelle Park Chiu, Bar No. 248421<br>michelle.chiu@morganlewis.com<br>Minna Lo Naranjo, Bar No. 259005<br>minna.naranjo@morganlewis.com<br>Rishi P. Satia, Bar No. 301958<br>rishi.satia@morganlewis.com<br>**MORGAN, LEWIS & BOCKIUS LLP**<br>One Market, Spear Street Tower<br>San Francisco, CA 94105-1596<br>Telephone: (415) 442-1000<br>Facsimile:  (415) 442-1001<br><br>Richard S. Taffet, *pro hac vice*<br>richard.taffet@morganlewis.com<br>**MORGAN, LEWIS & BOCKIUS LLP**<br>101 Park Avenue<br>New York, NY  10178-0060<br>Telephone: (212) 309-6000<br>Facsimile: (212) 309-6001<br><br>Ian Simmons, *pro hac vice*<br>isimmons@omm.com<br>Benjamin G. Bradshaw, Bar No. 189925<br>bbradshaw@omm.com<br>**O'MELVENY & MYERS LLP**<br>1625 Eye Street, NW<br>Washington, DC 20006-4001<br>Telephone: (202) 383-5106<br>Facsimile: (202) 383-5414<br><br>Daniel M. Petrocelli, Bar No. 97802<br>dpetrocelli@omm.com<br>Stephen J. McIntyre, Bar No. 274481<br>smcintyre@omm.com<br>**O'MELVENY & MYERS LLP**<br>1999 Avenue of the Stars, 7th Fl.<br>Los Angeles, CA 90067-6035<br>Telephone: (310) 553-6700<br><br>*Attorneys for Defendants* | Glenn D. Pomerantz, Bar No. 112503<br>glenn.pomerantz@mto.com<br>Kuruvilla Olasa, Bar No. 281509<br>kuruvilla.olasa@mto.com<br>**MUNGER, TOLLES & OLSON LLP**<br>350 South Grand Avenue, Fiftieth Floor<br>Los Angeles, California 90071<br>Telephone: (213) 683-9100<br><br>Kyle W. Mach, Bar No. 282090<br>kyle.mach@mto.com<br>Justin P. Raphael, Bar No. 292380<br>justin.raphael@mto.com<br>Emily C. Curran-Huberty, Bar No. 293065<br>emily.curran-huberty@mto.com<br>**MUNGER, TOLLES & OLSON LLP**<br>560 Mission Street, Twenty Seventh Fl.<br>San Francisco, California 94105<br>Telephone: (415) 512-4000<br><br>Jonathan I. Kravis, pro hac vice<br>jonathan.kravis@mto.com<br>**MUNGER, TOLLES & OLSON LLP**<br>601 Massachusetts Ave. NW, Ste 500E<br>Washington, D.C. 20001<br>Telephone: (202) 220-1100<br><br>Neal Kumar Katyal, *pro hac vice*<br>neal.katyal@hoganlovells.com<br>Jessica K. Ellsworth, *pro hac vice*<br>jessica.ellsworth@hoganlovells.com<br>**HOGAN LOVELLS US LLP**<br>555 Thirteenth Street NW<br>Washington, DC 20004<br>Telephone: (202) 637-5600 |

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

---

| | |
|---|---|
| **IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION**<br><br>THIS DOCUMENT RELATES TO:<br><br>*In re Google Play Consumer Antitrust Litigation*, Case No. 3:20-cv-05761-JD | Case No. 3:21-md-02981-JD<br><br>**DECLARATION OF MICHELLE M. BURTIS, PH.D., IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' CLASS CERTIFICATION MOTION**<br><br>Judge:  Hon. James Donato |

**TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:**

I, Michelle M. Burtis, Ph.D., declare as follows:

1. I am a Senior Consultant at Charles River Associates, an economic and finance consulting firm with offices in the United States as well as internationally. I have a Ph.D. in Economics from the University of Texas at Austin and have published in the field of economics. I have personal knowledge of the matters stated in this declaration. I would competently testify to them as a witness.

2. I was asked by counsel for the Defendants Google LLC, Google Ireland Ltd., Google Commerce Ltd., Google Asia Pacific Pte. Ltd and Google Payment Corp. (collectively, "Google") to review and respond to the opinions offered in the expert report of Dr. Hal J. Singer, in which Dr. Singer asserts that Plaintiffs can determine the fact of antitrust injury and measure alleged damages using common evidence and common methodology for all proposed consumer class members, as well as to address economic considerations regarding whether doing so is possible.

3. On March 31, 2022, I submitted an expert report, which responds to the Class Certification Report of Hal J. Singer, Ph.D., dated February 28, 2022 ("Singer Rep.").

4. In Dr. Singer's report, Dr. Singer examined a proposed class comprised of Google Play consumers in the United States. *See, e.g.*, Singer Rep. ¶ 274, Table 11, Appx. 6. My report also addressed a proposed class of Google Play consumers in the United States.

5. On May 26, 2022, Consumer Plaintiffs filed their motion for class certification motion, seeking to certify a narrower proposed class than the one analyzed by Dr. Singer and myself. Nothing about this narrower class causes me to change any of my opinions.

6. Counsel for Google asked me to revise certain exhibits to my report that describe the consumer class to reflect the narrower proposed class. The revised exhibits do not cause me to change any of my opinions. These revised exhibits are being presented for the purpose of accuracy and to aid the Court.

1    7.   Attached hereto as **Exhibit A** is a true and correct copy of a revised version of
2 Ex. 20 to my report ("Rev. Ex. 20").
3    8.   Attached hereto as **Exhibit B** is a true and correct copy of a revised version of
4 Ex. 21 to my report ("Rev. Ex. 21").
5    9.   Attached hereto as **Exhibit C** is a true and correct copy of a revised version of
6 Ex. 23 to my report ("Rev. Ex. 23").
7    10.  Attached hereto as **Exhibit D** is a true and correct copy of a revised version of
8 Ex. 24 to my report ("Rev. Ex. 24").
9    I declare under penalty of perjury that the foregoing is true and correct.  Executed on this
10 22nd day of June, 2022 in Washington, D.C.

_____
                                      Michelle M. Burtis, Ph.D.