# EXHIBIT A

| | |
|---|---|
| Brian C. Rocca, S.B. #221576 | Glenn D. Pomerantz, S.B. #112503 |
| brian.rocca@morganlewis.com | glenn.pomerantz@mto.com |
| Sujal J. Shah, S.B. #215230 | Kuruvilla Olasa, S.B. #281509 |
| sujal.shah@morganlewis.com | kuruvilla.olasa@mto.com |
| Michelle Park Chiu, S.B. #248421 | **MUNGER, TOLLES & OLSON LLP** |
| michelle.chiu@morganlewis.com | 350 South Grand Avenue, Fiftieth Floor |
| Minna Lo Naranjo, S.B. #259005 | Los Angeles, California 90071 |
| minna.naranjo@morganlewis.com | Telephone: (213) 683-9100 |
| Rishi P. Satia, S.B. #301958 | |
| rishi.satia@morganlewis.com | Kyle W. Mach, S.B. #282090 |
| **MORGAN, LEWIS & BOCKIUS LLP** | kyle.mach@mto.com |
| One Market, Spear Street Tower | Justin P. Raphael, S.B. #292380 |
| San Francisco, CA 94105 | justin.raphael@mto.com |
| Telephone: (415) 442-1000 | Emily C. Curran-Huberty, S.B. #293065 |
| | emily.curran-huberty@mto.com |
| Richard S. Taffet, *pro hac vice* | **MUNGER, TOLLES & OLSON LLP** |
| richard.taffet@morganlewis.com | 560 Mission Street, Twenty Seventh Floor |
| **MORGAN, LEWIS & BOCKIUS LLP** | San Francisco, California 94105 |
| 101 Park Avenue, New York, NY 10178 | Telephone: (415) 512-4000 |
| Telephone: (212) 309-6000 | |
| | Jonathan I. Kravis, *pro hac vice* |
| Ian Simmons, *pro hac vice* | jonathan.kravis@mto.com |
| isimmons@omm.com | **MUNGER, TOLLES & OLSON LLP** |
| Benjamin G. Bradshaw, S.B. #189925 | 601 Massachusetts Avenue NW, Suite 500E |
| bbradshaw@omm.com | Washington, D.C. 20001 |
| **O'MELVENY & MYERS LLP** | Telephone: (202) 220-1100 |
| 1625 Eye Street, NW Washington, DC 20006 | |
| Telephone: (202) 383-5300 | Daniel M. Petrocelli, S.B. #97802 |
| | dpetrocelli@omm.com |
| *Counsel for Defendants* | Stephen J. McIntyre, S.B. #274481 |
| | smcintyre@omm.com |
| | **O'MELVENY & MYERS LLP** |
| | 1999 Avenue of the Stars |
| | Los Angeles, California 90067 |
| | Telephone: (310) 553-6700 |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE GOOGLE PLAY CONSUMER ANTITRUST LITIGATION** | Case No. 3:21-md-02981-JD |
| THIS DOCUMENT RELATES TO: | **DEFENDANTS' [PROPOSED] RESPONSE TO NOTICE OF FILING OF CORRECTED PROPOSED ORDER GRANTING CONSUMER PLAINTIFFS' MOTION FOR CLASS CERTIFICATION** |
| *In re Google Play Consumer Antitrust Litigation*, Case No. 3:20-cv-05761-JD | |
| | Date:    August 4, 2022 |
| | Time:   10:00 a.m. |
| | Judge: Hon. James Donato |
| | Courtroom: 11, 19th Floor, 450 Golden Gate Ave, San Francisco, California, 94102 |

1  Under the guise of correcting a "drafting error," Consumer Class Plaintiffs have filed a so-
2  called "Corrected" Proposed Order, MDL ECF 304, seeking to modify and expand the definition
3  of the proposed damages and injunctive relief classes that Plaintiffs defined in their class
4  certification motion.  In their motion papers—their Notice of Motion, Memorandum of Law and
5  Proposed Order—Plaintiffs expressly limited the proposed classes to consumers residing in states
6  that have not filed suit against Google in this MDL ("Non-Plaintiff States").  MDL ECF 251.  That
7  choice followed from Class Counsel's improper Joint Prosecution Agreement ("JPA") with the
8  states that have asserted *parens patriae* claims in this MDL (the "Plaintiff States").  With the JPA,
9  Class Counsel agreed to forgo seeking certification of a class of consumers residing in those
10 Plaintiff States.  By excluding consumers residing in the Plaintiff States from the proposed classes,
11 Plaintiffs excluded four of their clients who are named plaintiffs.  Plaintiffs now seek to expand
12 the proposed classes to include those four named plaintiffs.  Even with Plaintiffs' modified class
13 definitions, the Court should deny class certification for the numerous reasons identified in
14 Google's opposition.  But Plaintiffs' unauthorized filing also reinforces one of the many reasons
15 why class certification should be denied:  Class Counsel are inadequate.

16 This is the latest move in Plaintiffs' shell game with the definition of the proposed classes.
17 It confirms that Class Counsel are inadequate because (among other things) their unprecedented
18 JPA with the Plaintiff States creates dual loyalties to the proposed class and to the four individual
19 plaintiffs.  As Google explained in its opposition, Class Counsel's simultaneous representation of
20 the four individual named plaintiffs residing in Plaintiff States and the proposed classes of
21 consumers residing in Non-Plaintiff States creates an improper conflict.  Opp. at 23 (citing *Lou v.*
22 *Ma Labs., Inc.*, 2014 WL 68605, at *2 (N.D. Cal. 2014)).

23 Class Counsel cannot cure the conflict by appending their four individual clients to
24 proposed classes that would not otherwise include them.  The four individual plaintiffs residing in
25 Plaintiff States cannot represent the proposed classes of Plaintiffs residing in Non-Plaintiff States
26 because they are not part of those classes.  Plaintiffs cite no authority that the rule that class
27 representatives must be part of the class can be evaded by simply defining a class to include
28 representatives who otherwise would not be part of it.  Permitting Plaintiffs to do so here would be

especially improper because the pendency of the Plaintiff States' claims gives the four named individual plaintiffs different incentives than the consumers comprising the rest of the class who reside in Non-Plaintiff States that are not pursuing claims against Google. In short, the "Corrected" Proposed Order highlights rather than remedies the inadequacy problems Google explained in its opposition.

The Court should not consider the "Corrected" Proposed Order for any other purpose. Plaintiffs have not sought leave to file a new motion for class certification two months after the deadline, more than a month after Google filed its opposition and just one week before the hearing on that motion, which deprives Google of a fair opportunity to contest Class Plaintiffs' newly expanded class definitions. Nor can Plaintiffs show good cause to seek a do-over of their decision to limit the classes they proposed in their moving papers. The Court should reject the "Corrected" Proposed Order and deny class certification.

## BACKGROUND

Consumer Plaintiffs' operative complaint at the time of the class certification motion named six class representatives: Mary Carr of New York, Daniel Egerter of California, Zack Palmer of Massachusetts, Serina Moglia of New York, Matthew Atkinson of Wisconsin, and Alex Iwamoto of Georgia. MDL ECF 172 ¶¶ 23-28. The complaint alleges that those individual named plaintiffs seek to represent a nationwide class of consumers of the Google Play Store. *Id.* at ¶31. Despite the nationwide class allegations in the Complaint, Class Counsel and the Plaintiff States apparently struck a deal to narrow the proposed class in a novel "Joint Prosecution Agreement" ("JPA"). MDL ECF 251-2. The JPA provides that "Class Counsel will not make a procedural motion for class certification of a class or classes that includes consumers" residing in Plaintiff States. *Id.* at 2. However, the JPA permits Class Counsel to apply for fees out of any recovery by the Plaintiff States for consumers whom Class Counsel do not represent. Opp. at 22.

Consumer Plaintiffs filed their class certification motion on May 26, 2022. Consistent with the JPA, in multiple places, Plaintiffs' motion papers clearly excluded consumers residing in Plaintiff States from the proposed classes—including Plaintiffs Carr, Egerter, Palmer, and Moglia, who reside in Plaintiff States New York, California, and Massachusetts. Plaintiffs' Notice of

Motion indicated that they were seeking certification of classes consisting of "persons in the following U.S. states and territories": "Alabama, Georgia, Hawaii, Illinois, Kansas, Maine, Michigan, Ohio, Pennsylvania, South Carolina, Texas, Wisconsin, Wyoming, American Samoa, Guam, Northern Mariana Islands, Puerto Rico, and the U.S. Virgin Islands." Mot. at i. Those are the Non-Plaintiff States. Plaintiffs' Proposed Order identified classes limited to persons in those Non-Plaintiff States. MDL ECF 251-19. Plaintiffs' Memorandum of Law explained that Class Counsel and the Plaintiff States "agreed in the Joint Prosecution Agreement that class certification would be sought *only* for consumers in states, districts and territories that have not asserted a *parens patriae* claim in this action." Mot. at 3 (emphasis added).

In its June 23, 2022 opposition, Google explained that because Class Counsel had excluded from the proposed classes the four named individual plaintiffs residing in Plaintiff States, Class Counsel are simultaneously representing a proposed class and individual plaintiffs with overlapping claims, which creates an improper conflict. Opp. at 23. On July 28, 2022, Plaintiffs filed a "Corrected Proposed Order" seeking to change their motion papers and add the four individual named plaintiffs residing in the Plaintiff States—Carr, Egerter, Palmer, and Moglia—to the proposed classes of consumers in the Non-Plaintiff States. Plaintiffs did not explain why these four individuals should be part of the proposed classes when their only apparent connection to the rest of those classes is that they are Class Counsel's clients.

**RESPONSE**

The Court should not consider Plaintiffs' "Corrected" Proposed Order as anything more than further evidence that Class Counsel are inadequate.

Plaintiffs should not be permitted to redefine the proposed classes one week before the class certification hearing and without any notice to Google, which opposed the class certification motion based on the proposed classes that Plaintiffs defined in their moving papers. The deadline for Plaintiffs' motion for class certification was May 26, 2022, but they did not submit their request to alter and expand the proposed class until July 28, 2022. Plaintiffs did not seek the Court's leave and cannot show good cause for their untimely request. *See* Local Rule 7-3(d); Fed. R. Civ. P. 16(b)(4). Plaintiffs' assertion that excluding the four individual named plaintiffs

residing in the Plaintiff States from the class was a mere "drafting error," MDL ECF 304 at 1, is not credible in light of the following facts: (1) Plaintiffs did not identify this supposed error when Google's opposition identified Class Counsel's conflict; (2) Plaintiffs' class certification brief plainly represented "that class certification would be sought *only* for consumers" in Non-Plaintiff States, Mot. at 3 (emphasis added); (3) Class Counsel's novel JPA included the same limitations on the proposed classes that Plaintiffs included in their motion papers, MDL ECF 251-2 at 2; and (4) Plaintiffs' Notice of Motion included the same class definition that they claim was a "drafting error" in their original proposed order. In fact, Plaintiffs have not attempted to correct their Notice of Motion, so their "Corrected" Proposed Order is inconsistent with the class certification motion pending before the Court. The "Corrected" Order should be rejected for that reason alone.

The only relevance of Plaintiffs' "Corrected" Proposed Order is to confirm that Class Counsel are inadequate because of their unprecedented JPA and their simultaneous representation of individuals and a proposed class with overlapping claims. The four individual named plaintiffs residing in Plaintiff States could not represent a class of consumers residing in Non-Plaintiff States. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 348 (2011) ("a class representative must be part of the class") (quotations omitted). Plaintiffs cannot end-run the problem by simply tacking on four individuals who do not satisfy Plaintiffs' own putative class definition. Plaintiffs cite no precedent for certifying a class of people that consists of a defined group and a handful of proposed class representatives who are not part of that defined group.

Plaintiffs' attempt to define such a class raises serious questions about whether the class is being defined in the best interests of its members. Plaintiffs argued in their reply that the four individual named plaintiffs residing in the Plaintiff States "have, in essence, opted out of the States' action to serve as class representatives." Reply at 15. However, Plaintiffs cite no evidence in the record that these four individual named plaintiffs actually have waived their ability to obtain any portion of any recovery by the Plaintiff States. If the four individual named plaintiffs residing in the Plaintiff States remain eligible to obtain relief from any recovery obtained by the Plaintiff States, then it is improper to join them to the originally proposed classes. Any ability of the four individual named plaintiffs to recover via the Plaintiff States' action if the proposed class did not

prevail would give them incentives to take risks in litigating this action.  Consumers in the Non-Plaintiff States lack those incentives because they will not obtain any portion of any recovery by the Plaintiff States.

On the other hand, if the four individual named plaintiffs residing in the Plaintiff States have, in fact, waived their right to obtain anything from any amount recovered by the Plaintiff States, then that would cast doubt on the propriety of Plaintiffs' new request:  why have four of Class Counsel's clients forgone the benefit of litigation by their Attorneys General in order to join a class of consumers in states where they do not live?  Plaintiffs' "Corrected" Proposed Order does not answer that question or explain how this would be in the best interests of the class or of the four individual named plaintiffs who also are Class Counsel's clients.  Class Counsel's silence speaks volumes about how the JPA and their dual loyalties undermine their adequacy.

## CONCLUSION

The Court should not consider Plaintiffs' "Corrected" Proposed Order for any purpose other than as further evidence that Class Counsel are inadequate.

Respectfully Submitted,

DATED: August 2, 2022

By: /s/ *Justin P. Raphael*
Justin P. Raphael

Glenn D. Pomerantz, S.B. #112503
glenn.pomerantz@mto.com
Kuruvilla Olasa, S.B. #281509
kuruvilla.olasa@mto.com
**MUNGER, TOLLES & OLSON LLP**
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071
Telephone: (213) 683-9100

Kyle W. Mach, S.B. #282090
kyle.mach@mto.com
Justin P. Raphael, S.B. #292380
justin.raphael@mto.com
Emily C. Curran-Huberty, S.B. #293065
emily.curran-huberty@mto.com
**MUNGER, TOLLES & OLSON LLP**
560 Mission Street, Twenty Seventh Floor
San Francisco, California 94105
Telephone: (415) 512-4000

Jonathan I. Kravis, *pro hac vice*
jonathan.kravis@mto.com
**MUNGER, TOLLES & OLSON LLP**
601 Massachusetts Avenue NW, Suite 500E
Washington, D.C. 20001
Telephone: (202) 220-1100

Ian Simmons, *pro hac vice*
isimmons@omm.com
Benjamin G. Bradshaw, S.B. #189925
bbradshaw@omm.com
**O'MELVENY & MYERS LLP**
1625 Eye Street, NW
Washington, DC 20006
Telephone: (202) 383-5300
Facsimile: (202) 383-5414

Brian C. Rocca, S.B #221576
brian.rocca@morganlewis.com
Sujal J. Shah, S.B #215230
sujal.shah@morganlewis.com
Michelle Park Chiu, S.B #248421
michelle.chiu@morganlewis.com
Minna Lo Naranjo, S.B #259005
minna.naranjo@morganlewis.com
Rishi P. Satia, S.B #301958
rishi.satia@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
One Market, Spear Street Tower
San Francisco, CA 94105
Telephone: (415) 442-1000
Facsimile: (415) 422-1001

Richard S. Taffet, *pro hac vice*
richard.taffet@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
101 Park Avenue
New York, NY 10178
Telephone: (212) 309-6000
Facsimile: (212) 309-6001

*Counsel for Defendants Google LLC, et al.*