**STATE OF UTAH**
OFFICE OF THE ATTORNEY GENERAL



**SEAN D. REYES**
ATTORNEY GENERAL

| Spencer E. Austin | Daniel Burton | Ric Cantrell | Melissa A. Holyoak | Brian L. Tarbet |
|---|---|---|---|---|
| Chief Criminal Deputy | General Counsel | Chief of Staff | Solicitor General | Chief Civil Deputy |

August 3, 2022

<u>*In re: Google Play Store Antitrust Litigation*, No. 3:21-md-02981-JD (N.D. Cal.);
*State of Utah, et al. v. Google LLC et al.*, No. 3:21-cv-05227-JD (N.D. Cal.); *In re
Google Play Consumer Antitrust Litigation*, No. 3:20-cv-05761-JD (N.D. Cal.)</u>

<u>VIA ECF</u>

Hon. James Donato
United States District Judge

Your Honor:

      The Plaintiff States and Consumers in the above-captioned actions have a discovery and scheduling matter they wish to raise with the Court. Specifically, States and Consumers respectfully request a one-month extension of the fact discovery cut-off (August 8) and expert report (August 15) deadlines. In order to preserve the existing times to complete various events in the case, States and Consumers suggest the Court should adjust the entire case schedule by one month, including the trial date. A draft schedule outlining the effect of granting this request is appended to this correspondence as Exhibit A.

      The States and Consumers request the extension for two primary reasons. First, despite their best efforts, the parties have yet to schedule a number of depositions that have been subpoenaed or noticed. While the parties have been taking depositions virtually every week, several have needed to be rescheduled due to conflicts and health issues and plaintiffs are awaiting dates for a few depositions. While issues may arise that might require a handful of depositions to spill over even beyond the new deadline, the bulk of these depositions ought to be completed within an additional thirty days. Plaintiff States and Consumers and Google agree that the additional thirty days, if allowed, could not be used to issue additional written

discovery, or to notice new depositions of witnesses that are not identified prior to August 8, the existing fact discovery cut-off (this is putting aside the issue of any Match-specific discovery, which is a separate issue).

Second, the States and Consumers would benefit from additional time to complete their expert reports. This partly has to do with the state of fact discovery: The fact that several important depositions have not yet been completed means that, absent an extension, certain aspects of the record might not be addressed by plaintiffs' experts until their reply reports. Extending the expert deadline will ameliorate this issue to a significant degree. States and Consumers also need additional time because of the voluminous nature of the transactional data in this case, encompassing billions of Play Store transactions. Simply compiling the results of a requested data analysis takes several days of computer processing time. This has unexpectedly delayed the States' completion of their expert damages analysis.

We have met and conferred with all parties regarding this request, and have shared this letter in advance of filing it.

Google does not oppose moving the schedule as proposed by States and Consumers, provided that all of the dates in the current schedule move by equivalent amounts. In other words, Google has requested that any adjustment to the schedule not impact the number of days or weeks between filings and hearings under the current schedule. Google has further requested that neither side issue any new written discovery and/or subpoenas during the fact discovery extension period (putting aside the issue of Match). The States and Consumers have agreed to these conditions.

Plaintiff Epic Games, Inc. submits the following position: Epic does not object to a one-month extension of interim calendar dates. Epic agrees with Google, the States, and Consumers that neither side may issue any written discovery and/or subpoenas during the fact discovery extension period; specifically, discovery as to Epic should be closed as of August 8, 2022, with the exception of certain depositions already agreed to take place after the close of fact discovery. If an extension of interim deadlines cannot be achieved without a corresponding extension of the trial date, Epic opposes any such extension. The April 3, 2023 trial date is already more than two years from the initial case management conference and is the second extension of the trial date. Given the injunctive relief sought by Epic and its ongoing injury, Epic would suffer prejudice if its claims were tried any later than the current trial date.

The States and Consumers will be prepared to address this issue at this Thursday's class certification hearing, if that is convenient for the Court, or in any other way or format the Court would like.[1]

                      Respectfully,

                      /s/ Brendan Glackin
                      Brendan Glackin
                      Special Assistant Attorney General
                      UTAH OFFICE OF THE ATTORNEY GENERAL
                      (415) 956-1000
                      bglackin@agutah.gov

---

[1] We believed a letter would be the most efficient and appropriate way to raise the matter with the Court. If the Court would prefer a motion pursuant to Local Rule 6-3 instead, we would be happy to proceed in that fashion, and would apologize for misunderstanding the correct procedure.

**Exhibit A**

| Event | Deadline | Revised Deadline |
|---|---|---|
| Fact discovery cut-off | August 8, 2022 | September 6, 2022 |
| Plaintiffs' merits expert reports | August 15, 2022 | September 12, 2022 |
| Google's merits expert reports | September 19, 2022 | October 17, 2022 |
| Plaintiffs' merits expert rebuttal reports | October 17, 2022 | November 14, 2022 |
| Merits experts discovery cut-off | November 7, 2022 | December 5, 2022 |
| Last day to file dispositive and *Daubert* motions | November 10, 2022 | December 8, 2022 |
| Dispositive and *Daubert* motion responses | December 8, 2022 | January 5, 2023 |
| Dispositive and *Daubert* motion replies | December 29, 2022 | January 26, 2023 |
| Joint submission for merits experts' concurrent expert proceeding | December 30, 2022 | January 27, 2023 |
| Concurrent expert proceeding for merits experts | January 5, 2023 (Tue), at 2:00 p.m. | February 2, 2023 at 2:00 p.m. |
| Dispositive motion hearing | January 19, 2023, at 10:00 a.m. | February 16, 2023 at 10:00am |
| Final pretrial conference | March 16, 2023, at 1:30 p.m. | April 13, 2023 at 1:30pm |
| Jury Trial | April 3, 2023, at 9:00 a.m. | May 1, 2023 at 9:00am |