MUNGER, TOLLES & OLSON LLP
350 SOUTH GRAND AVENUE 50TH FLOOR
LOS ANGELES, CALIFORNIA 90071-3426
TELEPHONE (213) 683-9100
FACSIMILE (213) 687-3702

August 3, 2022

Writer's Direct Contact
(213) 683-9530
(213) 683-5130 FAX
Kuruvilla.Olasa@mto.com

**VIA CM/ECF**

The Honorable James Donato, U.S. District Judge
U.S. District Court, Northern District of California
450 Golden Gate Ave
San Francisco, CA 94102

Re:   *In re: Google Play Store Antitrust Litigation*, Case No. 3:21-md-02981-JD
*Match Group, LLC et al. v. Google LLC et al.*, Case No. 3:22-cv-02746-JD

To The Honorable James Donato:

Google submits this statement in response to Plaintiff Match Group's request to modify the case schedule with two inconsistent proposals: (1) a primary request for a separate Match-specific trial in 2024 along with a seven month extension to fact discovery for the Match action only and (2) an "alternative" request for a three month extension to fact discovery for all parties.

Consistent with Google's response to the State AGs and Consumer Plaintiffs' request for a one-month extension, Google does not oppose Match Group's "alternative" proposal for a three-month extension to fact discovery, so long as that extension: (1) preserves a single trial for all Plaintiffs, (2) provides at least as much time between interim pre-trial and trial deadlines as the existing schedule, and (3) with respect to fact discovery, permits the parties to *complete* discovery already underway but does not permit new rounds of discovery at this late stage.

By contrast, Google opposes Match Group's primary proposal for a separate trial against Google in 2024 and extended discovery through March 2023. Match Group contends that, because it entered the case on May 9, 2022, it is entitled to significantly more time for fact discovery. But Match Group's decision to sit on the sidelines was its own tactical choice. Discovery in this case has revealed that Match Group has been preparing its antitrust theories since at least 2020—even before the first Google Play Store lawsuit was filed—and has worked behind the scenes with State AGs to advance those theories. Given Match Group's tactical decision to stay on the sidelines and allow others to litigate, it is entirely reasonable to expect it to rely on the extensive discovery record already amassed by the other Plaintiffs, including the State AGs. Indeed, Match's own letter reveals the sheer scope and volume of that discovery.

Moreover, Match Group has known about the current case schedule—and the August 8 fact discovery deadline—since it joined this case, and it previously indicated its commitment to meeting this schedule. Now, mere days before the fact discovery deadline, and despite this Court's previous instructions concerning coordinated trial scheduling, Match Group proposes that it should have its own, separate trial against Google in *2024*, and that fact discovery for Match Group should continue until *March 2023*. The Court has unequivocally rejected the concept of multiple trials, and should do so again:

MUNGER, TOLLES & OLSON LLP

August 3, 2022
Page 2

> Now, [Epic] brought the exactly same antitrust claims that every other plaintiff brought.  Why would I ever try that separately?  What if the jury in your case said no, there had been no antitrust violation?  And then Google has to go through it again as if that never happened?  That doesn't make any sense.  That's the whole point of what I'm talking about.  We're not going to do that.  All right?  We're not going to have people going off on core coordinated antitrust issues as if the other person in the room doesn't exist.  That was the message from last time.  So, please, put that out of your mind.  That's not going to happen.

Hr'g Tr. 21:9-19 (Dec. 16, 2021), No. 21-md-02981-JD (N.D. Cal.).

Moreover, when Match Group entered this litigation it sought a Temporary Restraining Order and Preliminary Injunction to prevent Google from removing Match Group apps from the Google Play Store for Match Group's intentional breach of Google's Developer Distribution Agreement and related policies.  Recognizing that addressing Match Group's motion would disrupt the existing, carefully constructed case schedule, the Court strongly encouraged the parties to reach a temporary accord pending trial.  Hr'g. Tr. 5:5-19, 15:14-25, (May 12, 2022), No. 21-md-02981-JD (N.D. Cal.) ("Work something out so that we can keep our schedule.  That's my main priority.").  Google did exactly that.  Google's agreement to temporarily allow Match Group's apps to remain on the Google Play Store was premised, among other things, on Match Group participating in the existing case schedule and making certain escrow payments, among other commitments.

In any event, Google has worked hard to accommodate Match Group's entry into this litigation, including by seeking only targeted discovery from Match Group and by working expeditiously to produce supplemental Match Group-specific documents.  In light of those efforts and the extensive record already available to Match Group, Match Group cannot justify an additional *seven months* for fact discovery on Match Group-specific issues and a separate trial.

Dated:  August 3, 2022                                  Respectfully submitted,


                                                        By:  */s/ Kuruvilla Olasa*
                                                             Kuruvilla Olasa


                                                        Glenn D. Pomerantz, S.B. #112503
                                                        glenn.pomerantz@mto.com
                                                        Kuruvilla Olasa, S.B. #281509
                                                        kuruvilla.olasa@mto.com
                                                        **MUNGER, TOLLES & OLSON LLP**

MUNGER, TOLLES & OLSON LLP

August 3, 2022
Page 3

    350 South Grand Avenue, Fiftieth Floor
    Los Angeles, California 90071
    Telephone: (213) 683-9100

    Kyle W. Mach, S.B. #282090
    kyle.mach@mto.com
    Justin P. Raphael, S.B. #292380
    justin.raphael@mto.com
    Emily C. Curran-Huberty, S.B. #293065
    emily.curran-huberty@mto.com
    **MUNGER, TOLLES & OLSON LLP**
    560 Mission Street, Twenty Seventh Floor
    San Francisco, California 94105
    Telephone: (415) 512-4000

    Jonathan I. Kravis, *pro hac vice*
    jonathan.kravis@mto.com
    **MUNGER, TOLLES & OLSON LLP**
    601 Massachusetts Avenue NW, Suite
    500E Washington, D.C. 20001
    Telephone: (202) 220-1100

    Brian C. Rocca, S.B #221576
    brian.rocca@morganlewis.com
    Sujal J. Shah, S.B #215230
    sujal.shah@morganlewis.com
    Michelle Park Chiu, S.B #248421
    michelle.chiu@morganlewis.com
    Minna Lo Naranjo, S.B #259005
    minna.naranjo@morganlewis.com
    Rishi P. Satia, S.B #301958
    rishi.satia@morganlewis.com
    **MORGAN, LEWIS & BOCKIUS LLP**
    One Market, Spear Street Tower
    San Francisco, CA 94105
    Telephone: (415) 442-1000
    Facsimile: (415) 422-1001

MUNGER, TOLLES & OLSON LLP

August 3, 2022
Page 4

    Richard S. Taffet, *pro hac vice*
    richard.taffet@morganlewis.com
    **MORGAN, LEWIS & BOCKIUS LLP**
    101 Park Avenue
    New York, NY 10178
    Telephone: (212) 309-6000
    Facsimile: (212) 309-6001

    Daniel M. Petrocelli, S.B. #97802
    dpetrocelli@omm.com
    Stephen J. McIntyre, S.B. #274481
    smcintyre@omm.com
    **O'MELVENY & MYERS LLP**
    1999 Avenue of the Stars Los Angeles,
    California 90067
    Telephone: (310) 553-6700
    Facsimile: (310) 246-6779

    Ian Simmons, *pro hac vice*
    isimmons@omm.com
    Benjamin G. Bradshaw, S.B. #189925
    bbradshaw@omm.com
    **O'MELVENY & MYERS LLP**
    1625 Eye Street, NW
    Washington, DC 20006
    Telephone: (202) 383-5300
    Facsimile: (202) 383-5414

    Neal Kumar Katyal, *pro hac vice*
    neal.katyal@hoganlovells.com
    Jessica L. Ellsworth, *pro hac vice*
    jessica.ellsworth@hoganlovells.com
    **HOGAN LOVELLS US LLP**
    555 Thirteenth Street, NW
    Washington, D.C. 20004
    Telephone: (202) 637-5600
    Facsimile: (202) 637-5910

    *Counsel for Defendants*

MUNGER, TOLLES & OLSON LLP

August 3, 2022
Page 5

## Certificate Pursuant to Local Rule 5-1(h)(3)

I, Kuruvilla Olasa, am the ECF User whose credentials are being used to file Letter from Kuruvilla Olasa to Hon. James Donato re: Case Schedule, dated August 3, 2022. In compliance with Local Rule 5-1(h)(3), I hereby attest that counsel for Defendants have concurred in this filing.

Dated: August 3, 2022

                                               By: */s/ Kuruvilla Olasa*
                                                         Kuruvilla Olasa