Karma M. Giulianelli (SBN 184175)
**BARTLIT BECK LLP**
1801 Wewatta St., Suite 1200
Denver, CO 80202
Telephone: (303) 592-3100
Facsimile: (303) 592-3140
karma.giulianelli@bartlitbeck.com

Hae Sung Nam (*pro hac vice*)
**KAPLAN FOX & KILSHEIMER LLP**
850 Third Avenue
New York, NY 10022
Telephone: (212) 687-1980
Facsimile: (212) 687-7715
hnam@kaplanfox.com

*Interim Co-Lead Counsel for the Proposed Class*

[Additional Counsel on Signature Page]

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE GOOGLE PLAY CONSUMER ANTITRUST LITIGATION** | No. 3:20-CV-05761-JD |
| RELATED ACTIONS: | **CONSUMER PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO FILE RESPONSE TO NOTICE OF FILING OF CORRECTED PROPOSED ORDER AND ADMINISTRATIVE MOTION TO STRIKE UNAUTHORIZED SUR-REPLY** |
| *Epic Games Inc. v. Google LLC et al.*, Case No. 3:20-cv-05671-JD | |
| *In re Google Play Developer Antitrust Litigation*, Case No. 3:20-cv-05792-JD | |
| *State of Utah, et. al., v. Google LLC, et. al.*, Case No. 3:21-cv-05227-JD | |
| *Match Group, LLC et al. v. Google LLC et al.*, Case No. 3:22-cv-02746-JD | Hearing Date: August 4, 2022<br>Hearing Time: 10:00 a.m.<br>Courtroom: Courtroom 11, 19th Floor<br>Judge: The Honorable James Donato |

Consumer Plaintiffs[1] file this Opposition to Google's Motion for Leave to File Response to Notice of Filing of Corrected Proposed Order Granting Consumer Plaintiffs' Motion for Class Certification (MDL ECF No. 306, the "Motion") and attached Response (MDL ECF No. 306-1, the "Proposed Response"). Consumer Plaintiffs oppose the Motion, which seeks to circumvent the Court-ordered briefing schedule, and respectfully move the Court for an order striking the Proposed Response, which amounts to an unauthorized sur-reply.

### A.     Google's filing is impermissible under this Court's Rules.

The Court's rule on post-reply briefing is clear: Per paragraph 15 of this Court's Standing Order for Civil Cases, "Sur-replies are not permitted." The Standing Order further cites Civil Local Rule 7-3(d), which defines the two limited circumstances in this District in which a party is permitted as of right to file supplemental material post-reply.[2] Google does not fit within either.

### B.     Consumer Plaintiffs' corrected proposed order caused no prejudice.

The mere submission of a corrected proposed order, with no new argument or citation to authority, does not give rise to and has not caused Google any prejudice.

Consumer Plaintiffs' intentions in moving for class certification were clear. The Notice of Motion identified the six movants, and made clear that they moved the Court "***on behalf of themselves and all others similarly situated.***" MDL ECF No. 251, Notice of Motion and Motion for Class Certification, at i (emphasis added). The next paragraph included the request to be appointed as class representatives. *Id.* At no point in the motion filing did Consumer Plaintiffs state that any of the named plaintiffs would abandon the claims they were already asserting. Based on the submission *in toto* and Consumer Plaintiffs' participation throughout this litigation, there could be no confusion as to their intention to represent the class and prosecute their claims as class members.

Google's sole argument on Consumer Plaintiffs' adequacy or typicality in its opposition was a single paragraph supported by a single footnote, asserting that four of the six named plaintiffs

---

[1] "Consumer Plaintiffs" as used herein are Mary Carr, Daniel Egerter, Zack Palmer, Serina Moglia, Matthew Atkinson, and Alex Iwamoto.

[2] The two exceptions are an "Objection to Reply Evidence" when the moving party submits new evidence on reply, and a "Statement of Recent Decision" when a relevant judicial opinion issues after the submitting party's last briefing deadline.

"cannot serve as class representatives" due to their states of residence. MDL ECF No. 273 at 23, fn.17. As set forth in Consumer Plaintiffs' reply, Google is wrong. MDL ECF No. 289 at 15.

Nevertheless, Consumer Plaintiffs recognized that on a strict literalist reading, the class definition as articulated in the proposed order could be interpreted as not including certain of the named plaintiffs. Accordingly, Consumer Plaintiffs filed a corrected proposed order on Thursday, July 28—a full week before the hearing on the motion—to rectify this ambiguity. Google wildly condemns the Consumer Plaintiffs' explanation as "not credible." Proposed Response 4. But what is truly incredible is Google's attempt to manufacture a conflict, on the eve of the class certification hearing, by feigning surprise that Consumer Plaintiffs do in fact intend to become members of the class in line with their vigorous participation in the lawsuit and service on behalf of the class over the past two years.

Tellingly, the bulk of Google's improper brief is directed not at the limited correction to the class definition, but rather to the Plaintiffs' arguments on reply. All of Google's arguments regarding adequacy could have, and should have, been made in its opposition; indeed, many of them were made. Google fails to identify any way in which its arguments would have been different had Consumer Plaintiffs filed the corrected version of the proposed order earlier.

**C.     The Court has broad discretion under Rule 23 to frame class certification.**

It is well established that the trial court is entrusted with broad discretion to certify classes in the interests of justice under Federal Rule of Civil Procedure 23(c)(1). *See* 3 *Newberg on Class Actions* § 7:27 (Every circuit permits courts to modify a proposed class definition in their discretion; "Indeed, several circuits have held that a court should alter the class definition in lieu of rejecting class certification."); *Mazur v. eBay,* 257 F.R.D. 563 (N.D. Cal. 2009) (recognizing courts' inherent power to modify proposed class definitions); *Petersen v. Alaska Comm. System,* Case No. 3:12-cv-00090-TMB, 2019 WL 6331355 at *2 (D. Alaska Nov. 26, 2019) ("District courts have broad authority to amend, modify, or withdraw certification during the course of class litigation."). Empowered with such broad discretion, the Court is free to consider or ignore proposed orders submitted by the parties as it deems appropriate. Litigants are not entitled to impose their own limits on how courts define a class.

Also contrary to law is the notion that the Court somehow must deny class certification due to the daylight Google claims to identify between the notice of motion and the corrected proposed order. Proposed Response 4. Federal courts do not require additional process or decide major motions based on such technicalities. *See* Fed. R. Civ. P. 1 (The Federal Rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.").

### D.     Google has not identified any conflict whatsoever.

Google fails to identify any true conflict and falls well short of pointing to a structural defect undermining "equity within the class" as discussed in such authority as *Ortiz v. Fibreboard*, 527 U.S. 815 (1999). The interests of all the relevant stakeholders are perfectly aligned behind the common mission of maximizing total recovery from Google for its conduct.

Pressed to identify a conflict, Google is reduced to sheer speculation:

*First,* Google suggests that adequacy is not satisfied because the JPA between Consumer Plaintiffs and the States "creates dual loyalties to the proposed class and to the four individual plaintiffs." Proposed Response 1. Nonsense. The appointment of class counsel always entails dual representation of the absent class members alongside the named plaintiffs appointed to represent the class. The question is whether members of the class or classes have interests that are antagonistic to each other. 7A Charles Alan Wright et al., *Federal Practice and Procedure* § 1768 (3d ed. 2011). That is not the case here. Class Counsel are highly experienced at handling such work and adept at crafting representation agreements that make clear that would-be class representatives must prioritize the best interests of the class as a whole. The arrangements track the relationship among appointed class counsel, the class representatives, and the absent class members that is present in every other class action case.

*Second,* Google suggests that the "four individual plaintiffs residing in Plaintiff States cannot represent the proposed classes of Plaintiffs residing in Non-Plaintiff States because they are not part of those classes." Proposed Response 1. Google's argument ignores that the named plaintiffs seek to continue from within the class in the role they have already performed admirably, representing the same consumers and asserting the same claims they have been pursuing since

inception, which predated the States' entry by 11 months. Google's argument also appears to reach inappropriately for the cover of indirect purchaser caselaw that is wholly inapplicable here because the Plaintiffs are direct purchasers under *Apple v. Pepper,* 139 S.Ct. 1514 (2018). And in any case, Google cannot displace the reality that there is nothing novel about a class representative representing consumers in other states under federal antitrust law or California's Cartwright Act.[3]

Google does not argue that any of the six named plaintiffs is atypical, nor could it, given that all proposed class members were injured in the same way and are asserting the same claims. Google has also not challenged any aspect of their service on behalf of the class to date. Each made relevant purchases, has actively participated in discovery, has demonstrated familiarity with the nature of the action, has reviewed the various pleadings, has cooperated in answering Google's persistent and at times invasive discovery requests, and has sat for a full day deposition. All six therefore deserve appointment as class representatives. And to the extent that the Consumer Plaintiffs and States are in the same trial, the testimony of six of Google's customers from a variety of backgrounds and diverse geographies will be of benefit to the jury in understanding the fullness of the nationwide effect of Google's conduct.

Moreover, should the Court deem it prudent to limit eligibility for service as class representatives to only those claimants residing in the 17 jurisdictions listed in the proposed class definitions, the Court could appoint Mr. Iwamoto, who resides in Georgia, and Mr. Atkinson, who resides in Wisconsin, and adopt the formulation in the original version of the proposed order.

*Third,* Google asserts, but does not show, that "the pendency of the Plaintiff States' claims gives the four named individual plaintiffs different incentives than the consumers comprising the rest of the class who reside in Non-Plaintiff States that are not pursuing claims against Google." Proposed Response 1-2. Google later clarifies the only difference is that the four named plaintiffs who reside in states covered by the States' action may be able to obtain recovery even if the Consumer Plaintiffs' class case is unsuccessful, and therefore may have greater "incentives to take risks in litigating this action." *Id.* 4-5. This distinction too does not create a true conflict because the interests of all named plaintiffs remain aligned behind the goal of maximizing total recovery.

---

[3] See MDL ECF No. 172, Consol. 2d Am. Class Action, Cplt,., at ¶ 280 (Under Google's terms of service "California law will govern all disputes . . . .").

And to be sure, "[t]he mere potential for a conflict of interest in not sufficient to defeat class certification," and certification should not be denied "on the basis of speculative conflicts." *In re Online DVD Rental Antitrust Litig.*, No. M 09-2029 PJH, 2010 WL 5396064, at *4 (N.D. Cal. Dec. 23, 2010) (*quoting Cummings v. Connell*, 316 F.3d 886, 896 (9th Cir. 2003)).

Defendants' reliance on *Lou v. Ma Laboratories,* No. C 12–05409 WHA, 2014 WL 68605 (N.D. Cal. Jan 8, 2014), is misplaced. There, Judge Alsup found counsel inadequate because they brought a class case on behalf of one set of plaintiffs and then sought certification in a second case on behalf of a different group of plaintiffs over the same conduct. Here there is no effort by any counsel to "simultaneously represent a class and prosecute either individual or class claims against the same defendants in a different proceeding," *id.* *2, because there is only one proceeding. The class representatives are merely seeking the Court's confirmation that they may continue in the representative role they have already fulfilled throughout the pendency of this single action.

Google's citation of *Wal-Mart v. Dukes,* 564 U.S. 338 (2011), for the basic premise that "a class representative must be part of the class," is mystifying. That is the outcome Consumer Plaintiffs have always sought here, and the intended result of the proposed order as corrected.

### E. Google's attempt to speak for class members is inappropriate.

Google, like every other litigant, is not entitled to select the law firms and plaintiffs who will play the role of its opponents and pursue redress for its misconduct. Consequently, its pronouncement that the mere filing of a corrected proposed order "raises serious questions about whether the class is being defined in the best interests of its members" is not well taken. Should the Court certify the class, a notice will issue in due course, and any class member with a concern to raise will have the opportunity to do so.

Accordingly, Consumer Plaintiffs respectfully request that the Court deny Google's motion for leave, and strike its improper sur-reply.

Respectfully submitted,

By: */s/ Karma M. Giulianelli*
**BARTLIT BECK LLP**
Karma M. Giulianelli (SBN 184175)
Glen E. Summers (SBN 176402)
Jameson R. Jones (pro hac vice)
1801 Wewatta St., Suite 1200
Denver, CO 80202
Telephone: (303) 592-3100
Facsimile: (303) 592-3140
karma.giulianelli@bartlitbeck.com
glen.summers@bartlitbeck.com
jameson.jones@bartlitbeck.com

**BARTLIT BECK LLP**
John Byars (pro hac vice)
Lee Mason (pro hac vice)
54 W. Hubbard St., Suite 300
Chicago, IL 60654
Telephone: (312) 494-4400
Facsimile: (312) 494-4440
john.byars@bartlitbeck.com
lee.mason@bartlitbeck.com

**KOREIN TILLERY, LLC**
George A. Zelcs (pro hac vice)
Randall Ewing, Jr. (pro hac vice)
205 North Michigan, Suite 1950
Chicago, IL 60601
Telephone: (312) 641-9750
Facsimile: (312) 641-9751
gzelcs@koreintillery.com
rewing@koreintillery.com

Stephen M. Tillery (pro hac vice)
Michael E. Klenov (SBN 277028)
Carol O'Keefe (pro hac vice)
505 North 7th Street, Suite 3600
St. Louis, MO 63101
Telephone: (314) 241-4844
Facsimile: (314) 241-3525
stillery@koreintillery.com
mklenov@koreintillery.com
cokeefe@koreintillery.com

By: */s/ Hae Sung Nam*
**KAPLAN FOX & KILSHEIMER LLP**
Hae Sung Nam (pro hac vice)
Robert N. Kaplan (pro hac vice)
Frederic S. Fox (pro hac vice)
Donald R. Hall (pro hac vice)
Aaron L. Schwartz (pro hac vice)
850 Third Avenue
New York, NY 10022
Tel.: (212) 687-1980
Fax: (212) 687-7715
hnam@kaplanfox.com
rkaplan@kaplanfox.com
ffox@kaplanfox.com
dhall@kaplanfox.com
aschwartz@kaplanfox.com

**KAPLAN FOX & KILSHEIMER LLP**
Laurence D. King (SBN 206423)
Kathleen A. Herkenhoff (SBN 168562)
1999 Harrison Street, Suite 1560
Oakland, CA 94612
Telephone: 415-772-4700
Facsimile: 415-772-4707
lking@kaplanfox.com
kherkenhoff@kaplanfox.com

**PRITZKER LEVINE, LLP**
Elizabeth C. Pritzker (SBN 146267)
Bethany Caracuzzo (SBN 190687)
Caroline Corbitt (SBN 305492)
1900 Powell Street, Suite 450
Emeryville, CA 94608
Telephone: (415) 805-8532
Facsimile: (415) 366-6110
ecp@pritzkerlevine.com
bc@pritzkerlevine.com
ccc@pritzkerlevine.com

| COTCHETT, PITRE & MCCARTHY, LLP | MILBERG PHILLIPS GROSSMAN LLP |
|---|---|
| Nanci E. Nishimura (SBN 152621) | Peggy J. Wedgworth (pro hac vice) |
| Adam J. Zapala (SBN 245748) | Robert A. Wallner (pro hac vice) |
| Elizabeth T. Castillo (SBN 280502) | Elizabeth McKenna (pro hac vice) |
| James G. Dallal (SBN 277826) | Blake Yagman (pro hac vice) |
| San Francisco Airport Office Center | Michael Acciavatti (pro hac vice) |
| 840 Malcolm Road, Suite 200 | 100 Garden City Plaza, Suite 500 |
| Burlingame, CA 94010 | Garden City, New York 11530 |
| Telephone: (650) 697-6000 | Telephone: 212-594-5300 |
| Facsimile: (650) 697-0577 | Facsimile: 212-868-1229 |
| nnishimura@cpmlegal.com | pwedgworth@milberg.com |
| azapala@cpmlegal.com | rwallner@milberg.com |
| ecastillo@cpmlegal.com | emckenna@milberg.com |
| jdallal@cpmlegal.com | byagman@milberg.com |
|  | macciavatti@milberg.com |

*Counsel for the Proposed Class*

## ATTESTATION

Pursuant to Civil Local Rule 5(h)(1)(3), I attest that each of the above signatories has concurred in the filing of the document.

*/s/ James G. Dallal*

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing was served on August 3, 2022 upon all counsel of record via the Court's electronic notification system.

*/s/ James G. Dallal*