| | |
|---|---|
| Paul J. Riehle (SBN 115199) <br> paul.riehle@faegredrinker.com <br> **FAEGRE DRINKER BIDDLE & REATH LLP** <br> Four Embarcadero Center, 27th Floor <br> San Francisco, CA 94111 <br> Telephone: (415) 591-7500 <br><br> Christine A. Varney (*pro hac vice*) <br> cvarney@cravath.com <br> **CRAVATH, SWAINE & MOORE LLP** <br> 825 Eighth Avenue <br> New York, New York 10019 <br> Telephone: (212) 474-1000 <br><br> *Counsel for Plaintiff Epic Games, Inc.* <br><br> [Additional Counsel Appear on Signature Page] | Douglas J. Dixon (SBN 275389) <br> ddixon@hueston.com <br> **HUESTON HENNIGAN LLP** <br> 620 Newport Center Drive, Suite 1300 <br> Newport Beach, CA 92660 <br> Telephone: (949) 229-8640 <br><br> *Counsel for Plaintiffs Match Group, LLC, et al.* |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION** <br><br> THIS DOCUMENT RELATES TO: <br><br> *Epic Games Inc. v. Google LLC et al.*, Case No. 3:20-cv-05671-JD <br><br> *Match Group, LLC et al. v. Google LLC et al.*, Case No. 3:22-cv-02746-JD | Case No. 3:21-md-02981-JD <br><br> **EPIC'S AND MATCH'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED** <br><br> Date: November 17, 2022 at 10:00 a.m. <br> Courtroom: 11, 19th Floor <br> Judge: Hon. James Donato |

Pursuant to Civil Local Rules 7-11 and 79-5, Plaintiff Epic Games, Inc. ("Epic") and Plaintiffs Match Group, LLC, Humor Rainbow, Inc., Plenty of Fish Media ULC, and People Media, Inc. (collectively, "Match") hereby move the Court to issue an administrative order on the filing under seal of certain portions of Epic's and Match's Notice of Motion and Motion to Amend Complaints (the "Motion to Amend"), the Declaration of Michael J. Zaken ("Zaken Declaration") along with its accompanying exhibits ("Exhibits"). A public redacted version of the Motion to Amend and the associated exhibits have been filed in accordance with this Court's Local Rules.

Subsection (f) of Civil Local Rule 79-5 sets forth procedures that apply when a party seeks to file information designated as confidential by the opposing party. Under subsection (f)(1), the Filing Party's Administrative Motion to Consider Whether Another Party's Material Should Be Sealed "must identify each document or portions thereof for which sealing is sought". Pursuant to subsection (f)(3) of Local Rule 79-5, the Designating Party then has 7 days to file a declaration establishing that all of the designated material is "sealable" according to the standards set out in subsection (c)(1), after which any party may respond within 4 days, pursuant to subsection (f)(4). Civil Local Rule 79-5 provides that documents, or portions thereof, may be sealed if a party makes "a specific statement of the applicable legal standard <u>and</u> the reasons for keeping a document under seal, including an explanation of (i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient". Civ. L.R. 79-5(c)(1) (emphasis in original). "[A] strong presumption of access to judicial records applies fully to dispositive pleadings" and "'compelling reasons' must be shown to seal judicial records attached to a dispositive motion". *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (citations omitted). "[A] request to seal all or part of a complaint must clearly meet the 'compelling reasons' standard and not the 'good cause' standard" for sealing. *In re NVIDIA Corp. v. Actifio, Inc.*, 2014 WL 4145520, at *1 & n.2 (N.D. Cal. Aug. 20, 2014) (applying "compelling reasons" standard in evaluating request to seal portions of amended complaint). Compelling reasons justifying the sealing of court records generally exist

"when such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets". *Kamakana*, 447 F.3d at 1179 (internal quotation marks omitted).  However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records". *Id.*  Moreover, "[t]he fact that the parties may have designated a document as confidential under a stipulated protective order is also not enough to justify sealing." *In re Google Play Store Antitrust Litig.*, 2021 WL 4190165 (N.D. Cal. Aug. 25, 2021) (Donato, J.).

      The Motion to Amend, the Zaken Declaration and its Exhibits contain information that is sourced from documents that Defendants Google LLC, Google Ireland Limited, Google Commerce Limited, Google Asia Pacific Pte. Limited, and Google Payment Corp. (collectively, "Google") and non-party Activision Blizzard, Inc., have designated as "CONFIDENTIAL", "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "NON-PARTY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" pursuant to the operative Protective Orders entered by the Court, ECF Nos. 247, 248, and 249.  Those portions are identified in the Declaration of Lauren A. Moskowitz submitted herewith and highlighted in the under seal version of the Motion to Amend, the Zaken Declaration and its Exhibits.

Dated:  October 7, 2022

Respectfully submitted,


By:   /s/ *Lauren A. Moskowitz*
       Lauren A. Moskowitz

**FAEGRE DRINKER BIDDLE & REATH LLP**

Paul J. Riehle (SBN 115199)
paul.riehle@faegredrinker.com

Four Embarcadero Center
San Francisco, California 94111
Telephone:  (415) 591-7500
Facsimile:  (415) 591-7510

**CRAVATH, SWAINE & MOORE LLP**

Christine A. Varney (*pro hac vice*)
cvarney@cravath.com
Katherine B. Forrest (*pro hac vice*)
kforrest@cravath.com
Gary A. Bornstein (*pro hac vice*)
gbornstein@cravath.com
Timothy G. Cameron (*pro hac vice*)
tcameron@cravath.com
Yonatan Even (*pro hac vice*)
yeven@cravath.com
Lauren A. Moskowitz (*pro hac vice*)
lmoskowitz@cravath.com
Justin C. Clarke (*pro hac vice*)
jcclarke@cravath.com
Michael J. Zaken (*pro hac vice*)
mzaken@cravath.com
M. Brent Byars (*pro hac vice*)
mbyars@cravath.com


825 Eighth Avenue
New York, New York 10019
Telephone:  (212) 474-1000
Facsimile:  (212) 474-3700

1
2      **HUESTON HENNIGAN LLP**
3      Douglas J. Dixon
       Joseph A. Reiter
4      Christine Woodin
5
6      Respectfully submitted,
7
8      By:   */s/ Douglas J. Dixon*
             Douglas J. Dixon
9
             *Counsel for Plaintiffs Match Group LLC et al.*
10
11
12
...
28

## E-FILING ATTESTATION

I, Lauren A. Moskowitz, am the ECF User whose ID and password are being used to file this document.  In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that each of the signatories identified above has concurred in this filing.

*/s/ Lauren A. Moskowitz*
Lauren A. Moskowitz