Brian C. Rocca, Bar No. 221576
brian.rocca@morganlewis.com
Sujal J. Shah, Bar No. 215230
sujal.shah@morganlewis.com
Michelle Park Chiu, Bar No. 248421
michelle.chiu@morganlewis.com
Minna Lo Naranjo, Bar No. 259005
minna.naranjo@morganlewis.com
Rishi P. Satia, Bar No. 301958
rishi.satia@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Telephone:  (415) 442-1000

Richard S. Taffet, *pro hac vice*
richard.taffet@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
101 Park Avenue
New York, NY  10178-0060
Telephone: (212) 309-6000

*Counsel for Defendants*

Glenn D. Pomerantz, Bar No. 112503
glenn.pomerantz@mto.com
Kuruvilla Olasa, Bar No. 281509
kuruvilla.olasa@mto.com
**MUNGER, TOLLES & OLSON LLP**
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071
Telephone: (213) 683-9100

Kyle W. Mach, Bar No. 282090
kyle.mach@mto.com
Justin P. Raphael, Bar No. 292380
justin.raphael@mto.com
Emily C. Curran-Huberty, Bar No. 293065
emily.curran-huberty@mto.com
**MUNGER, TOLLES & OLSON LLP**
560 Mission Street, Twenty Seventh Fl.
San Francisco, California 94105
Telephone: (415) 512-4000

Jonathan I. Kravis, *pro hac vice*
jonathan.kravis@mto.com
**MUNGER, TOLLES & OLSON LLP**
601 Massachusetts Ave. NW, Ste 500E
Washington, D.C. 20001
Telephone: (202) 220-1100

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION**<br><br>THIS DOCUMENT RELATES TO:<br><br>*Epic Games Inc. v. Google LLC et al.,* Case No. 3:20-cv-05671-JD<br><br>*Match Group, LLC et al. v. Google LLC et al.,* Case No. 3:22-cv-02746-JD | Case No. 3:21-md-02981-JD<br><br>**GOOGLE'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Judge:  Hon. James Donato |

1

**INTRODUCTION**

2      Pursuant to Civil Local Rules 7-11 and 79-5, and Paragraphs 25-30 of this Court's

3   Standing Order for Civil Cases, Google Defendants ("Google") respectfully move the Court to

4   seal portions of Epic's and Match's Notice of Motion and Motion to Amend Complaints, Epic's

5   Second Amended Complaint, Match's First Amended Complaint, and supporting documents.

6   The Epic and Match Plaintiffs filed a motion to amend their complaints on October 7, 2022

7   (MDL Dkt. Nos. 343 and 344) and an Administrative Motion to Consider Whether Another

8   Party's Material Should be Sealed on October 8, 2022 (MDL Dkt. No. 345).  This

9   Administrative Motion to File Under Seal is supported by the Declaration of Christian Cramer

10  ("Cramer Decl.") and the Proposed Order submitted herewith.

11

**LEGAL STANDARD**

12      The Ninth Circuit holds that sealing is appropriate where the "party seeking to seal a

13  judicial record" demonstrates "compelling reasons" that outweigh the "general history of access

14  and the public policies favoring disclosure."  *Kamakana v. City & Cty. of Honolulu*, 447 F.3d

15  1172, 1178-79 (9th Cir. 2006) (quotation marks omitted).  Compelling reasons may exist where,

16  by way of example, the material to be disclosed includes "trade secrets,"[1] "confidential

17  contracts,"[2] "contract negotiations,"[3] "long-term financial projections,"[4] discussions of business

18  strategy,"[5] "business information that might harm a litigant's competitive standing,"[6] or

19  personally identifiable information.[7]  Moreover, public release of "detailed financial

20  information" can implicate a "significant interest" of a party because it could lead to competitive

21  harm, such as ceding "an advantage in contract negotiations."  *See Apple Inc. v. Samsung Elecs.*

22

23

24  [1] *Kamakana*, 447 F.3d at 1179.
    [2] *Fed. Trade Comm'n v. Qualcomm Inc.*, No. 17-CV-00220-LHK, 2019 WL 95922, at *3 (N.D. Cal. Jan. 3, 2019).

25  [3] *Id.*
    [4] *Krieger v. Atheros Commc'ns, Inc.*, No. 11-CV-00640-LHK, 2011 WL 2550831, at *1 (N.D. Cal. June 25, 2011).

26  [5] *Id.*
    [6] *Ctr. For Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598-99 (1978)).

27  [7] Fed. R. Civ. P. 5.2; *Snapkeys, Ltd. v. Google LLC*, No. 19-CV-02658-LHK, 2021 WL 1951250, at *3 (N.D. Cal. May 14, 2021); *Sameer v. Khera*, No. 117CV01748DADEPG, 2018 WL 4772035, at *1 (E.D. Cal. Oct. 1, 2018).

28

1   *Co., Ltd.*, 727 F.3d 1214, 1225 (Fed. Cir. 2013) (there are "compelling reasons" to seal if

2   disclosure would create an "advantage in contract negotiations").

3   **ARGUMENT**

4        As the Ninth Circuit has stated, "[s]ecrecy is a one-way street: Once information is

5   published, it cannot be made secret again." *In re Copley Press, Inc.*, 518 F.3d 1022, 1025 (9th

6   Cir. 2008). Recognizing that there is a presumption in favor of access to court papers, Google

7   focuses this narrow sealing request on four specific, highly sensitive areas categories of non-

8   public information. These categories of confidential materials include: (a) specific deal terms

9   (price and nonprice) of contracts with non-parties, (b) non-public financial information, (c)

10   details of negotiations and negotiation strategies with non-parties, and (d) personally identifiable

11   information ("PII"). Ninth Circuit courts have consistently held that these categories of

12   confidential, non-public information may be sealed, pursuant to the "compelling reasons"

13   standard. *See, e.g., Baird v. BlackRock Institutional Tr. Co.*, 403 F. Supp. 3d 765, 792 (N.D. Cal.

14   2019) ("Courts have found that 'confidential business information' in the form of 'license

15   agreements, financial terms, details of confidential licensing negotiations, and business

16   strategies' satisfies the 'compelling reasons' standard.") (citation omitted); *In re Electronic Arts,*

17   *Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (protecting competitive terms of a license agreement

18   "which plainly falls within the definition of 'trade secrets'" because it provides "an opportunity

19   to obtain an advantage over competitors who do not know or use it"); *Milliner v. Bock Evans*

20   *Fin. Counsel, Ltd.*, No. 15-cv-01763-JD, 2020 WL 1492692, at *2 (N.D. Cal. Mar. 27, 2020)

21   (permitting sealing of "highly negotiated agreement" that would "expose [litigant] to competitive

22   harm" if publicly disclosed); *Johnstech Int'l Corp. v. JF Microtechnology SDN BHD*, No. 14-cv-

23   02864-JD, 2016 WL 4091388, at *2–5 (N.D. Cal. Aug. 2, 2016) (finding "compelling reasons"

24   to seal, *inter alia*, "product-specific customer data," "detailed sales information for customers

25   that could be used to the company's competitive disadvantage," "competitive intelligence," and

26   "customer-specific sales data"); *Ovonic Battery Co., Inc. v. Sanyo Elec. Co., Ltd.*, No. 14-cv-

27   01637-JD, 2014 WL 2758756, at *2 (N.D. Cal. June 17, 2014) ("Our circuit allows parties to

28

2

1   seal pricing terms, royalty rates, and guaranteed minimum payment terms found in a licensing

2   agreement even under the 'compelling reasons' standard because that business information could

3   'harm a litigant's competitive standing.'") (quoting *Electronic Arts*, 298 F. App'x at 569).

4   Courts in the Ninth Circuit have also consistently held that personally identifiable information,

5   such as home addresses, birth dates, telephone numbers, and email addresses, should shielded

6   from public disclosure. *See, e.g.,* Fed. R. Civ. P. 5.2; *Snapkeys*, 2021 WL 1951250, at *3

7   (granting Google's motion to file under seal personally identifiable information of its current and

8   former employees, including their email addresses and telephone numbers); *Sameer*, 2018 WL

9   4772035, at *1 (holding that Plaintiff had improperly failed to properly redact home addresses

10  and birthdays from the second amended complaint).

11         As discussed in detail in the declaration herewith, public disclosure of this information

12  will cause severe and irreparable harm to not only Google's business relationships and its

13  competitive position, but also that of Google's business partners – who are not parties to this

14  lawsuit.  Similarly, the PII of non-parties and Google's employees is highly sensitive

15  information, outweighing any public interest in disclosure.  The following examples are

16  illustrative.

17  •   **Specific Deal Terms of Contracts with Non-Parties**.  As described in the Cramer Decl.

18      (*see, e.g.*, Paragraph 28), filed herewith, Epic's Proposed Second Amended Complaint

19      and Match's Proposed First Amended Complaint include information that reflect specific

20      non-public details and deal terms offered by Google to certain of its partners as part of

21      Google's Project Hug program.  Public disclosure of these specific programs and deal

22      terms could give Google's competitors and developer partners an unfair advantage over

23      Google in negotiations.  Moreover, the text reveals Google's internal strategic financial

24      considerations underlying these non-public deals and deal terms.  Public disclosure of

25      this information is likely to result in competitive harm to Google.

26  •   **Details of Negotiations and Negotiation Strategies with Non-Parties**.  As described in

27      the Cramer Decl. (*see, e.g.*, Paragraph 29), Epic's and Match's Motion to Amend

28

Complaints includes information that reflects Google's non-public, competitively sensitive, and current internal information, including strategic analysis about dealings with certain counterparties.  If disclosed, this information could cause Google harm by giving competitors key insights into Google's business strategy with respect to certain counterparties, and competitors could adjust their own business strategies or adopt similar practices as a consequence.

- **Personally Identifiable Information**.  As described in the Cramer Decl. (*see, e.g..* Paragraph 14), Exhibits C, E – F, and G of the Zaken Declaration contain personally identifiable information of current or former Google employees as well as current or former employees for non-parties.  These employees have a reasonable expectation of privacy that would be infringed upon if this information were to be made public.

## CONCLUSION

For the foregoing reasons, Google respectfully requests that the Court seal the material identified in the accompanying Declaration of Christian Cramer.

GOOGLE'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL
Case Nos. 3:21-md-02981-JD; 3:20-cv-05671-JD; 3:22-cv-02746-JD

1

2
Dated:  October 17, 2022

3

4

5

6

7

8

9

10

11
Dated:  October 17, 2022

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**MORGAN, LEWIS & BOCKIUS LLP**
Brian C. Rocca
Sujal J. Shah
Michelle Park Chiu
Minna Lo Naranjo
Rishi P. Satia

Respectfully submitted,


By:    /s/ *Brian C. Rocca*
         Brian C. Rocca

*Counsel for Defendants*


**MUNGER TOLLES & OLSON LLP**
Glenn D. Pomerantz
Kuruvilla Olasa
Emily C. Curran-Huberty
Jonathan I. Kravis
Justin P. Raphael
Kyle W. Mach

Respectfully submitted,

By:    /s/ *Kuruvilla Olasa*
         Kuruvilla Olasa

*Counsel for Defendants*

GOOGLE'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL
Case Nos. 3:21-md-02981-JD; 3:20-cv-05671-JD; 3:22-cv-02746-JD

1

## **E-FILING ATTESTATION**

2      I, Brian C. Rocca, am the ECF User whose ID and password are being used to file this

3   document.  In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that each of the

4   signatories identified above has concurred in this filing.

5                                                                */s/ Brian C. Rocca*
                                                                   Brian C. Rocca
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

GOOGLE'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL
Case Nos. 3:21-md-02981-JD; 3:20-cv-05671-JD; 3:22-cv-02746-JD