Paul J. Riehle (SBN 115199)
paul.riehle@faegredrinker.com
**FAEGRE DRINKER BIDDLE & REATH**
**LLP**
Four Embarcadero Center, 27th Floor
San Francisco, CA 94111
Telephone: (415) 591-7500

Christine A. Varney (*pro hac vice*)
cvarney@cravath.com
**CRAVATH, SWAINE & MOORE LLP**
825 Eighth Avenue
New York, New York 10019
Telephone: (212) 474-1000

*Counsel for Plaintiff Epic Games, Inc.*

[Additional Counsel Appear on Signature Page]

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION**<br><br>THIS DOCUMENT RELATES TO:<br><br>*Epic Games, Inc. v. Google LLC et al.*, Case No. 3:20-cv-05671-JD | Case No. 3:21-md-02981-JD<br><br>**EPIC GAMES, INC.'S RESPONSE IN OPPOSITION TO DECLARATION OF OMER SALIK** |

Plaintiff Epic Games, Inc. ("Epic") submits this Response in Opposition to the Declaration of Omer Salik in Support of Epic's and Match's Administrative Motion to Consider Whether Another Party's Material Should Be Sealed ("Salik Decl."), filed on behalf of Activision Blizzard, Inc. ("ABK") (ECF No. 350),[1] which seeks to seal certain information contained in Epic's and Match's Notice of Motion and Motion to Amend Complaints (ECF No. 343), as well as supporting declarations and exhibits.

ABK has failed to meet the high burden needed to overcome the strong presumption in favor of access to court records.  It concedes that it bears the burden of establishing "compelling reasons" to seal information found in a motion to amend a complaint and related filings.  (Salik Decl. ¶¶ 5-6.)  But its declaration—which seeks to seal every portion of Epic's filings that references ABK's purported confidential information—falls far short of that high bar.  Most of ABK's requests concern information that is already public—in some cases because ABK made it public through filings in this matter.  ABK's remaining requests are overly broad and devoid of factual and legal support.  The information at issue is critical to the public's understanding of these lawsuits, and particularly the claims that Epic added to its second amended complaint.  Epic accordingly requests that the Court reject ABK's effort to seal these details from the public.

## DISCUSSION

As this Court has recognized, "[a] hallmark of our federal judiciary is the 'strong presumption in favor of access to court records'".  (Order re Sealing of Complaints 1 (ECF No. 163).)  Acknowledging this strong presumption, ABK concedes that where a party or non-party seeks to seal information found in a motion to amend a complaint or related filings, it bears the heavy burden of showing "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure".  *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (citation and quotation marks omitted); *see* Salik Decl. ¶¶ 5-6.  A party's exposure to "embarrassment, incrimination, or . . . further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1197.  Where a complaint alleges "violations of the antitrust laws . . . the public interest is particularly strong" and favors disclosure.

---

[1] All citations are to the MDL docket unless otherwise indicated.

(Order re Sealing of Complaints 2 (ECF No. 163).)  Moreover, any request to seal must be "narrowly tailored" or else should be denied.  *See* N.D. Cal. Civ. L.R. 79-5; *Romero v. Cnty. of Santa Clara*, 2014 WL 12641990, at *2 (N.D. Cal. June 17, 2014).

ABK seeks to seal *every instance* where its purportedly confidential information is referenced in Plaintiffs' amended complaint filings.  (*See* ECF No. 350.)  Its request is not "narrowly tailored"— or tailored at all.  That alone is enough to deny its request.  *See* N.D. Cal. Civ. L.R. 79-5; *Romero*, 2014 WL 12641990, at *2-3 (denying motion to seal where request was not "narrowly tailored to seek sealing only of sealable material").  Moreover, as detailed below, ABK has not offered compelling reasons for sealing the information in Epic's filings.

References to a deposed ABK executive.[2]  Of the 19 references to ABK material that ABK seeks to seal, 14 are references to the fact that Plaintiffs took the deposition of a specific ABK executive.  (ECF No. 350 at 5-8.)  The identity of this executive is not deserving of confidential treatment.  *First*, most of the facts surrounding the deposed executive are already in the public record. It is a matter of public record that the Court ordered an ABK executive to sit for a deposition in these matters.  (ECF No. 321.)  The Court's order identified the executive by name (*id.*), as did the Joint Discovery Letter Brief submitted by Plaintiffs *and ABK itself* (ECF No. 259).  And the public portions of the Joint Discovery Letter Brief, including the portions drafted by ABK, make clear that Epic sought to depose this executive to probe ABK's deal with Google.  (ECF No. 259 at 8 (ABK admitting that it "understands that Plaintiffs primarily seek to use [the executive's] deposition to probe Activision's deal with Google" and admitting that the executive was familiar with this deal when negotiated).)

*Second,* the reasons ABK asserts for sealing are insufficient.  ABK seeks to seal references to the ABK executive's name on the ground that the executive "may be subject to undue harassment if his identity is disclosed, particularly in light of Epic's public allegations relating to the Activision Blizzard-Google deal and Plaintiffs' false misrepresentation of the executive's testimony".  (ECF No. 350 at 5-8.)  These are not "compelling reasons" for sealing, or even accurate statements.  ABK cites no facts suggesting that the executive could be "harassed" if the occurrence of his deposition were

---

[2] Salik Decl. at 5-8, chart rows 1-5, 7, 10-11, 13, 15-19.

made public.  Nor is there legal support for that proposition.  The only authority ABK cites are cases where revealing a non-party's name would connect him to a "high-profile" criminal investigation, *Sentynl Therapeutics, Inc. v. U.S. Specialty Ins. Co.*, 2021 WL 794271, at *3 (S.D. Cal. Mar. 1, 2021), or would reveal "sensitive" medical information, *Romero*, 2014 WL 12641990, at *2.  Here, Epic alleges only that the ABK executive was deposed, and that the executive was involved in the negotiation of ABK's agreement with Google.  ABK has failed to show compelling reasons to seal this information, virtually all of which is already public.[3]

ABK's agreement not to compete with Google.[4]  The remaining passages that ABK seeks to seal are what ABK describes as "competitively sensitive strategic business information" relating to "the consideration and rationale for a confidential, non-public business deal".  (ECF No. 350 at 5-8.)

Contrary to ABK's assertion, most of this information is already public.  Google and ABK issued a press release announcing the agreement at issue,[5] and the Joint Discovery Letter Brief submitted by Plaintiffs *and ABK* references the agreement publicly (ECF No. 259).  Moreover, Epic's First Amendment Complaint, all of which is public, specifically alleges that ABK and Google entered into this agreement under Google's Project Hug program, which was Google's plan "to spend hundreds of millions of dollars on secret deals with over 20 top developers that were 'most at risk . . . of attrition from Play', in order to prevent these developers from competing with Google Play".  (ECF No. 82 ¶¶ 33, 128.)  ABK also seeks to seal facts relating to "Activision Blizzard's exploration of an alternative proprietary game distribution platform" (Salik Decl. ¶ 8; *id.* at 6, chart row 9), but anyone with an internet connection could learn the information ABK asks to seal.

As to the remaining information, ABK claims that it seeks to seal the "terms and incentives" of its Project Hug agreement with Google, as well as "services and benefits" to ABK as a result of the

---

[3] ABK's assertions that Epic's allegations are a "false misrepresentation of the executive's testimony" are unsupported and unexplained.  In any event, the accuracy of the allegations will be addressed at trial; ABK's bare denials do not constitute a reason to seal the allegations from the public.

[4] Salik Decl. at 5-8, chart rows 6, 9, 19.

[5] Google, *Activision Blizzard And Google Enter Into Multi-Year Strategic Relationship To Power New Player Experiences* (Jan. 24, 2020), https://www.prnewswire.com/news-releases/activision-blizzard-and-google-enter-into-multi-year-strategic-relationship-to-power-new-player-experiences-300993016.html.

1   agreement and the "role" ABK played in forming the deal.  (ECF No. 350 ¶ 9.)  Those

2   characterizations of the information sought to be sealed are not accurate.  Epic describes the Project

3   Hug agreement at a high level, and the only facts that are not already public are details about ABK's

4   plans to develop its own game distribution platform, how those plans changed as a result of its

5   agreement with Google, and the amount of money that Google paid ABK in connection with the

6   agreement.  While Epic does not oppose sealing the dollar amount of the deal, these facts about ABK's

7   plans are central to Epic's newly-added claims.  ABK's plans to create an alternative game distribution

8   platform, and its changes to those plans as a result of its agreement with Google, are critical to the

9   public's understanding of how and why Google's payments not to compete were unlawful, and how

10  Google has been able to monopolize the markets at issue in these cases.

11         ABK baldly asserts that its sealing is justified because "competitors" might use the information

12  about its agreement with Google to "inform" their business strategies, or as a "bargaining chip" in

13  negotiations with Google or others.  (ECF No. 350 ¶¶ 9, 12.)  Once again, the existence of the

14  agreement and its key details are already public.  What ABK asks to seal are allegations explaining

15  why the agreement is anticompetitive.  While ABK may wish to keep this information hidden, that is

16  not a valid basis for a sealing request.  "The mere fact that the production of records may lead to a

17  litigant's embarrassment, incrimination, or exposure to further litigation will not, without more,

18  compel the court to seal its records".  *Kamakana*, 447 F.3d at 1178-79.

19         Finally, ABK seeks to seal the entirety of a ten-page exhibit to the motion to amend.  (*See* ECF

20  No. 345-25.)  ABK made no effort to narrowly tailor this request or identify which portions of the

21  exhibit should be sealed, and the request should be denied on that basis alone.  *See* N.D. Cal. Civ.

22  L.R. 79-5; *Romero*, 2014 WL 12641990, at *2-3.  In any event, ABK's request should be denied

23  because, for the same reasons as above, ABK has not demonstrated that this information meets the

24  "compelling reasons" standard.

25                                    **CONCLUSION**

26         For the foregoing reasons, Epic submits that ABK's request to seal information contained in the

27  amended complaint filings should be denied.

28

Dated:  October 18, 2022

Respectfully submitted,

By:   _/s/ *Lauren A. Moskowitz*_
    Lauren A. Moskowitz

**FAEGRE DRINKER BIDDLE & REATH LLP**

Paul J. Riehle (SBN 115199)
paul.riehle@faegredrinker.com

Four Embarcadero Center
San Francisco, California 94111
Telephone:  (415) 591-7500
Facsimile:  (415) 591-7510

**CRAVATH, SWAINE & MOORE LLP**

Christine A. Varney (*pro hac vice*)
cvarney@cravath.com
Katherine B. Forrest (*pro hac vice*)
kforrest@cravath.com
Gary A. Bornstein (*pro hac vice*)
gbornstein@cravath.com
Timothy G. Cameron (*pro hac vice*)
tcameron@cravath.com
Yonatan Even (*pro hac vice*)
yeven@cravath.com
Lauren A. Moskowitz (*pro hac vice*)
lmoskowitz@cravath.com
Justin C. Clarke (*pro hac vice*)
jcclarke@cravath.com
M. Brent Byars (*pro hac vice*)
mbyars@cravath.com
Michael J. Zaken (*pro hac vice*)
mzaken@cravath.com

825 Eighth Avenue
New York, New York 10019
Telephone:  (212) 474-1000
Facsimile:  (212) 474-3700

*Counsel for Plaintiff Epic Games, Inc.*