Brian C. Rocca, Bar No. 221576
brian.rocca@morganlewis.com
Sujal J. Shah, Bar No. 215230
sujal.shah@morganlewis.com
Michelle Park Chiu, Bar No. 248421
michelle.chiu@morganlewis.com
Minna Lo Naranjo, Bar No. 259005
minna.naranjo@morganlewis.com
Rishi P. Satia, Bar No. 301958
rishi.satia@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Telephone:  (415) 442-1000
Facsimile:   (415) 442-1001

Richard S. Taffet, *pro hac vice*
richard.taffet@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
101 Park Avenue
New York, NY  10178-0060
Telephone: (212) 309-6000
Facsimile: (212) 309-6001

Glenn D. Pomerantz, Bar No. 112503
glenn.pomerantz@mto.com
Kuruvilla Olasa, Bar No. 281509
kuruvilla.olasa@mto.com
**MUNGER, TOLLES & OLSON LLP**
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071
Telephone: (213) 683-9100

Kyle W. Mach, Bar No. 282090
kyle.mach@mto.com
Justin P. Raphael, Bar No. 292380
justin.raphael@mto.com
Emily C. Curran-Huberty, Bar No. 293065
emily.curran-huberty@mto.com
**MUNGER, TOLLES & OLSON LLP**
560 Mission Street, Twenty Seventh Fl.
San Francisco, California 94105
Telephone: (415) 512-4000

Jonathan I. Kravis, pro hac vice
jonathan.kravis@mto.com
**MUNGER, TOLLES & OLSON LLP**
601 Massachusetts Ave. NW, Ste 500E
Washington, D.C. 20001
Telephone: (202) 220-1100

*Counsel for Defendants*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION**<br><br>THIS DOCUMENT RELATES TO:<br><br>*Epic Games Inc. v. Google LLC et al.,* Case No. 3:20-cv-05671-JD<br><br>*Match Group, LLC et al. v. Google LLC et al.,* Case No. 3:22-cv-02746-JD | Case No. 3:21-md-02981-JD<br><br>**GOOGLE'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Judge:  Hon. James Donato |

## INTRODUCTION

Pursuant to Civil Local Rules 7-11 and 79-5, and Paragraphs 25-30 of this Court's Standing Order for Civil Cases, Google Defendants ("Google") respectfully move the Court to seal portions of Defendants' Opposition to Epic's and Match's Motion to Amend Complaints, and the Declaration of Glenn D. Pomerantz ("Pomerantz Decl."), along with accompanying exhibits ("Exhibits"). Public redacted versions of the Opposition, the Pomerantz Decl. and its Exhibits have been filed in accordance with this Court's local rules. Defendants file This Administrative Motion to File Under Seal is supported by the Declaration of Christian Cramer ("Cramer Decl.") and the Proposed Order submitted herewith.

## LEGAL STANDARD

The Ninth Circuit holds that sealing is appropriate where the "party seeking to seal a judicial record" demonstrates "compelling reasons" that outweigh the "general history of access and the public policies favoring disclosure." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (quotation marks omitted). Compelling reasons may exist where, by way of example, the material to be disclosed includes "trade secrets,"[1] "confidential contracts,"[2] "contract negotiations,"[3] "long-term financial projections,"[4] discussions of business strategy,"[5] "business information that might harm a litigant's competitive standing,"[6] or personally identifiable information.[7] Moreover, public release of "detailed financial information" can implicate a "significant interest" of a party because it could lead to competitive harm, such as ceding "an advantage in contract negotiations." *See Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1225 (Fed. Cir. 2013) (there are "compelling reasons" to seal if disclosure would create an "advantage in contract negotiations").

---

[1] *Kamakana*, 447 F.3d at 1179.
[2] *Fed. Trade Comm'n v. Qualcomm Inc.*, No. 17-CV-00220-LHK, 2019 WL 95922, at *3 (N.D. Cal. Jan. 3, 2019).
[3] *Id.*
[4] *Krieger v. Atheros Commc'ns, Inc.*, No. 11-CV-00640-LHK, 2011 WL 2550831, at *1 (N.D. Cal. June 25, 2011).
[5] *Id.*
[6] *Ctr. For Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598-99 (1978)).
[7] Fed. R. Civ. P. 5.2; *Snapkeys, Ltd. v. Google LLC*, No. 19-CV-02658-LHK, 2021 WL 1951250, at *3 (N.D. Cal. May 14, 2021); *Sameer v. Khera*, No. 117CV01748DADEPG, 2018 WL 4772035, at *1 (E.D. Cal. Oct. 1, 2018).

## ARGUMENT

As the Ninth Circuit has stated, "[s]ecrecy is a one-way street: Once information is published, it cannot be made secret again." *In re Copley Press, Inc.*, 518 F.3d 1022, 1025 (9th Cir. 2008). Recognizing that there is a presumption in favor of access to court papers, Google focuses this narrow sealing request on four specific, highly sensitive areas categories of non-public information. These categories of confidential materials include: (a) specific deal terms (price and nonprice) of contracts with non-parties, (b) non-public financial information, (c) details of negotiations and negotiation strategies with non-parties, and (d) personally identifiable information ("PII"). Ninth Circuit courts have consistently held that these categories of confidential, non-public information may be sealed, pursuant to the "compelling reasons" standard. *See, e.g., Baird v. BlackRock Institutional Tr. Co.*, 403 F. Supp. 3d 765, 792 (N.D. Cal. 2019) ("Courts have found that 'confidential business information' in the form of 'license agreements, financial terms, details of confidential licensing negotiations, and business strategies' satisfies the 'compelling reasons' standard.") (citation omitted); *In re Electronic Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (protecting competitive terms of a license agreement "which plainly falls within the definition of 'trade secrets'" because it provides "an opportunity to obtain an advantage over competitors who do not know or use it"); *Milliner v. Bock Evans Fin. Counsel, Ltd.*, No. 15-cv-01763-JD, 2020 WL 1492692, at *2 (N.D. Cal. Mar. 27, 2020) (permitting sealing of "highly negotiated agreement" that would "expose [litigant] to competitive harm" if publicly disclosed); *Johnstech Int'l Corp. v. JF Microtechnology SDN BHD*, No. 14-cv-02864-JD, 2016 WL 4091388, at *2–5 (N.D. Cal. Aug. 2, 2016) (finding "compelling reasons" to seal, *inter alia*, "product-specific customer data," "detailed sales information for customers that could be used to the company's competitive disadvantage," "competitive intelligence," and "customer-specific sales data"); *Ovonic Battery Co., Inc. v. Sanyo Elec. Co., Ltd.*, No. 14-cv-01637-JD, 2014 WL 2758756, at *2 (N.D. Cal. June 17, 2014) ("Our circuit allows parties to seal pricing terms, royalty rates, and guaranteed minimum payment terms found in a licensing agreement even under the 'compelling reasons' standard because that business information could

1  'harm a litigant's competitive standing.'") (quoting *Electronic Arts*, 298 F. App'x at 569). Courts in the Ninth Circuit have also consistently held that personally identifiable information, such as home addresses, birth dates, telephone numbers, and email addresses, should shielded from public disclosure. *See, e.g.,* Fed. R. Civ. P. 5.2; *Snapkeys*, 2021 WL 1951250, at *3 (granting Google's motion to file under seal personally identifiable information of its current and former employees, including their email addresses and telephone numbers); *Sameer*, 2018 WL 4772035, at *1 (holding that Plaintiff had improperly failed to properly redact home addresses and birthdays from the second amended complaint).

As discussed in detail in the declaration herewith, public disclosure of this information will cause severe and irreparable harm to not only Google's business relationships and its competitive position in the marketplace, but also that of Google's business partners – who are not parties to this lawsuit. Similarly, the PII of non-parties and Google's employees is highly sensitive, outweighing any public interest in disclosure. The following examples are illustrative.

- **Specific Deal Terms of Contracts with Non-Parties**. As described in Paragraphs 1, 2, 8, 9, 10, and 11 of the Cramer Decl., filed herewith, Defendants' Opposition includes information that reflects specific non-public details and deal terms offered by Google to certain of its partners as part of Google's Project Hug. Public disclosure of these specific programs and deal terms could give Google's competitors and developer partners an unfair advantage over Google in negotiations. Moreover, the text reveals Google's internal strategic financial considerations underlying these non-public deals and deal terms. Public disclosure of this information is likely to result in competitive harm to Google.

- **Details of Negotiations and Negotiation Strategies with Non-Parties**. As described in Paragraphs 1, 3, 4, 5, 6, 7, 9, 10, and 11 of the Cramer Decl., Defendants' Opposition includes information that reflects Google's non-public, competitively sensitive, and current internal information, including strategic analysis about dealings with a counterparty. If disclosed, this information could cause competitive harm by giving

competitors key insights into Google's business strategy with respect to a counterparty, and competitors could adjust their own business strategies or adopt similar actions as a consequence.

## CONCLUSION

For the foregoing reasons, Google respectfully requests that the Court seal the material identified in the accompanying Declaration of Christian Cramer.

Dated: October 21, 2022              **MUNGER TOLLES & OLSON LLP**
                                     Glenn D. Pomerantz
                                     Kuruvilla Olasa
                                     Emily C. Curran-Huberty
                                     Jonathan I. Kravis
                                     Justin P. Raphael
                                     Kyle W. Mach

                                         Respectfully submitted,

                                     By:  */s/ Dane P. Shikman*
                                          Dane P. Shikman

                                          *Counsel for Defendants*

**E-FILING ATTESTATION**

I, Dane P. Shikman, am the ECF User whose ID and password are being used to file this document.  In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that each of the signatories identified above has concurred in this filing.

                                                */s/ Dane P. Shikman*
                                                   Dane P. Shikman