# EXHIBIT 1

Brendan Glackin (SBN 199643)
bglackin@agutah.gov
Fred Norton (SBN 224725)
fnorton@agutah.gov
David N. Sonnenreich (*pro hac vice*)
dsonnenreich@agutah.gov
Scott R. Ryther (*pro hac vice*)
sryther@agutah.gov
**UTAH OFFICE OF THE
ATTORNEY GENERAL**
160 East 300 South, Fifth Floor
P.O. Box 140874
Salt Lake City, UT 84114
Telephone: (801) 366-0375

Bryan L. Bloom (*pro hac vice*)
Bryan.Bloom@ag.ny.gov
**NEW YORK STATE OFFICE OF THE
ATTORNEY GENERAL**
28 Liberty Street
New York, NY 10005
Telephone: (212) 416-8262

Sarah G. Boyce (*pro hac vice*)
sboyce@ncdoj.gov
Jonathan Marx (*pro hac vice*)
jmarx@ncdoj.gov
Jessica V. Sutton (*pro hac vice*)
jsutton2@ncdoj.gov
**NORTH CAROLINA DEPARTMENT
OF JUSTICE**
P.O. Box 628
Raleigh, NC 27602
Telephone: (919) 716-6000

S. Ethan Bowers (*pro hac vice*)
Ethan.Bowers@ag.tn.gov
**TENNESSEE OFFICE OF THE
ATTORNEY GENERAL**
P.O. Box 20207
Nashville, TN 37202
Telephone: (615) 741-8722

*Attorneys for the Plaintiff States*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION** | Case No. 3:21-md-02981 |
| THIS DOCUMENT RELATES TO: | **PLAINTIFF STATES' RESPONSES AND OBJECTIONS TO DEFENDANTS' PRESERVATION INTERROGATORIES** |
| *State of Utah et al. v. Google LLC et al.*, Case No. 3:21-cv-05227-JD | |

Pursuant to Rule 33 of the Federal Rules of Civil Procedure and Rule 33 of the Civil Local Rules of the United States District Court for the Northern District of California, the States, Commonwealths, and Districts of Utah, New York, North Carolina, Tennessee, Arizona, Colorado, Iowa, Nebraska, Alaska, Arkansas, California, Connecticut, Delaware, District of Columbia, Florida, Idaho, Indiana, Kentucky, Louisiana, Maryland, Massachusetts, Minnesota, Mississippi, Missouri, Montana, Nevada, New Hampshire, New Jersey, New Mexico, North Dakota, Oklahoma, Oregon, Rhode Island, South Dakota, Texas, Virginia, Vermont, Washington, and West Virginia (the "Plaintiff States"), by and through their respective Attorneys General, submit these responses and objections to Defendants' Preservation Interrogatories to Plaintiff States, dated December 22, 2021 (the "Interrogatories").

## PRELIMINARY STATEMENT

1.      These responses and objections are based on information presently available to Plaintiff States and are made without prejudice to, and are not a waiver of, Plaintiff States' right to rely on other facts or documents at trial.

2.      This action was brought by Plaintiff States pursuant to their authority to enforce state and federal antitrust and consumer-protection laws. This action was not brought by any other public officials, state agencies, or governmental entities; such persons, agencies, and entities are not parties to this litigation. Plaintiff States are not seeking relief on behalf of other entities in their proprietary capacities. Plaintiff States thus have no obligation to, and do not intend to, collect and review information from any other state agencies or entities to respond to these Interrogatories, but rather will respond to the extent that responsive information is in their possession, custody, or control.

3.      Any response or objection by Plaintiff States to an Interrogatory is not an acknowledgement or concession that the information sought is relevant to the claims in this action or is in Plaintiff States' possession, custody, or control.

4.      By making the accompanying responses and objections to the Interrogatories, Plaintiff States do not waive, and hereby expressly reserve, their right to assert any and all

objections as to the admissibility of such responses into evidence in this Action, or in any other proceedings, on any grounds, including, but not limited to, competency, relevancy, materiality, and privilege.

5.     Plaintiff States reserve the right to supplement, clarify, revise, or correct their responses and objections to the Interrogatories. Plaintiff States further reserve the right to assert additional privileges. Where privileged information is protected by applicable state laws or rules, the fact that Plaintiff States' response does not specifically delineate a state law or rule shall not be deemed to be a waiver of that privilege.

## GENERAL OBJECTIONS

1.     Plaintiff States object to the Interrogatories, including the Definitions and Instructions, as being overbroad, unduly burdensome, premature and wholly without merit. While the Court suggested that Defendants could issue document preservation interrogatories to address any preservation issues that had arisen, Defendants have raised no basis whatsoever for propounding such discovery upon the Plaintiff States. Joint Status Conf. Tr., Dec. 16, 2021, 7:17-18:8. These interrogatories are especially premature and burdensome, given that Defendants have only recently issued document requests upon Plaintiff States, and given that document production by Plaintiff States is far from complete.

2.     Plaintiff States object to the Interrogatories, including the Definitions and Instructions, to the extent that they seek information that is not in Plaintiff States' possession, custody, or control. Plaintiff States will only respond to the extent that responsive information is in the possession, custody, or control of the units, departments, or subdivisions within the Offices of the Attorney General of each respective Plaintiff State that are responsible for enforcing the laws and claims asserted in this litigation. Plaintiff States will not search for, inquire about, or respond with respect to information in the possession, custody, or control of any state agency other than the units, departments, or subdivisions within the Offices of the Attorney General of each respective Plaintiff State that are responsible for enforcing the laws and claims asserted in this litigation. For those Interrogatories that seek information concerning

an App intended for consumer use that was developed by an Office of the Attorney General, Plaintiff States will respond to the extent that responsive information is in the possession, custody, or control of the unit, department, or subdivision within the Office of the Attorney General that is responsible for developing or directly overseeing the development or implementation of the Apps identified in Plaintiff States' response to Google's Interrogatory No. 3 to Plaintiff States.

3.      Plaintiff States object to the Interrogatories, including the Definitions and Instructions, to the extent that they attempt to impose any obligation on Plaintiff States that is greater than or different from those imposed or authorized by the Federal Rules of Civil Procedure, the Local Civil Rules of the United States District Court for the Northern District of California, or any applicable order of the Court.

4.      Plaintiff States object to the Interrogatories, including the Definitions and Instructions, to the extent that they seek information that is not relevant to this litigation nor proportional to the needs of the case. The Attorneys General of each Plaintiff State are the chief law enforcement officers of their respective States and bring this *parens patriae* action on behalf of the consumers who were harmed, directly and indirectly, by Defendants' conduct. Other agencies and municipalities located within each particular Plaintiff State are not parties to this action and are not represented in Plaintiff States' claims.[1] In light of Plaintiff States' unique position, Interrogatories that attempt to treat Plaintiff States in the same manner as private litigants are inappropriate.

5.      Plaintiff States object to the Interrogatories, including the Definitions and Instructions, as overly broad and unduly burdensome to the extent that they purport to require answers to be based on "all knowledge or information." To the extent that Plaintiff States provide responses to the Interrogatories, Plaintiff States have conducted a reasonable inquiry of

---

[1]      The Acting Attorney General of New Jersey ("Acting Attorney General") is charged with the responsibility of enforcing the New Jersey Consumer Fraud Act ("CFA"), N.J.S.A. 56:8-1 to -226. The Director of the New Jersey Division of Consumer Affairs ("Director") is charged with the responsibility of administering the CFA on behalf of the Acting Attorney General. As such, this action was initiated on behalf of the Director in addition to the Acting Attorney General.

those persons likely to possess information responsive hereto and have conducted a reasonable search for responsive, non-privileged information within their possession, custody, and control.

6.      Plaintiff States object to the Interrogatories, including the Definitions and Instructions, to the extent that they seek information that is protected from disclosure by any statute governing the confidentiality of information or by the attorney-client privilege, the deliberative-process privilege, the official information privilege, the common-interest or joint-prosecution privilege, the work-product doctrine, and/or any other applicable privilege. The inadvertent disclosure of information subject to any privilege or protection is not intended to relinquish, and shall not be deemed a waiver of, any applicable privilege or protection. In the event that protected information is inadvertently produced, Plaintiff States reserve the right to demand the return of any such information and all copies pursuant to Fed. R. Civ. P. 26(b)(5)(B).

7.      Plaintiff States object to the Interrogatories, including the Definitions and Instructions, to the extent that they request personally identifiable information or information protected by any state or federal privacy provisions. Plaintiff States may redact or withhold any personally identifiable information or information protected by any state or federal privacy provisions.

8.      Plaintiff States object to the Interrogatories, including the Definitions and Instructions, to the extent that they seek information that is already in Defendants' or their counsel's possession or that is otherwise equally available to Defendants or their counsel.

9.      Plaintiff States object to the Interrogatories to the extent that they are duplicative of one another.

10.     Plaintiff States expressly incorporate these general objections into each response below. A response may repeat any of the general objections for emphasis or otherwise. The failure to repeat any of the general objections in a particular response does not waive any of these objections.

11.     Plaintiff States are willing to meet and confer about any of the general and specific objections made to any Interrogatory.

### OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.     Plaintiff States object to the definition of "Chats" as vague, ambiguous, overbroad, and unduly burdensome because the definition, as stated, purports to reach each and every "digital technology" that is used in real-time conversations including those well beyond the scope of this litigation.

2.     Plaintiff States object to the definition of "Potential Document Custodian" as vague, ambiguous, overbroad, and unduly burdensome to the extent it applies to persons outside of units, departments, or subdivisions within the Offices of the Attorney General of each respective Plaintiff State that are responsible for enforcing the laws and claims asserted in this litigation, and to the extent it is premature for Plaintiff States to identify any custodians when the parties are continuing to engage in meet-and-confer negotiations as to the appropriate identification of Plaintiff States' document production custodians.

3.     Plaintiff States object to the definition of "Relating To" as overbroad and unduly burdensome. The definition, as stated, purports to call for information that is not relevant to any claim or defense in this matter and is not proportional to the needs of the case, given the significant burden that searching for and inquiring about responsive information would impose on Plaintiff States and the minimal utility that responsive information, if any, would offer Defendants. Plaintiff States define "relating to" to mean "directly concerning."

4.     Plaintiff States object to the definition of "You" and "Your" as vague, ambiguous, overbroad, and unduly burdensome. This action was brought by Plaintiff States pursuant to their authority to enforce state and federal antitrust and consumer-protection laws.[2]

---

[2]     The Acting Attorney General of New Jersey ("Acting Attorney General") is charged with the responsibility of enforcing the New Jersey Consumer Fraud Act ("CFA"), N.J.S.A. 56:8-1 to -226. The Director of the New Jersey Division of Consumer Affairs ("Director") is charged with the responsibility of administering the CFA on behalf of the Acting Attorney General. As such, this action was initiated on behalf of the Director in addition to the Acting Attorney General. The Acting Attorney General and the Acting Director are represented by the New Jersey Division of Law in this action pursuant to N.J.S.A. 52:17A-4.

This action was not brought by or on behalf of any other public officials, state agencies, or governmental entities; such persons, agencies, and entities are not parties to this litigation. Plaintiff States are not seeking relief on behalf of any other entities in their proprietary capacities. It would be unduly burdensome and unreasonable for Plaintiff States to search for, inquire about, or respond with respect to information from any other state agencies or entities. Plaintiff States will construe those terms to refer to the units, departments, or subdivisions within the Offices of the Attorney General of each respective Plaintiff State that are responsible for enforcing the laws and claims asserted in this litigation.

5.      Plaintiff States specifically object to Instruction 15 to the extent it seeks information from expert witnesses.

6.      Plaintiff States specifically object to Instruction 16 to the extent that it prohibits any reference to any other related Interrogatory.  Defendants have no basis for forbidding Plaintiff States from responding to these Interrogatories in the most efficient and least burdensome manner.

7.      Plaintiff States specifically object to Instruction 21 to the extent that it purports to require Plaintiff States to "identify each Document or source from which more complete information can be obtained" whenever a complete answer to a particular interrogatory is not possible. Such a requirement is overbroad, unduly burdensome and not proportional to the needs of this case, and it exceeds Plaintiff States' obligations under the Federal Rules of Civil Procedure—most notably, Fed. R. Civ. P. 26(b)(1).

8.      Plaintiff States specifically object to the "relevant time period" set forth in Instruction 22 (January 1, 2015 to the present). This time period is overbroad, unduly burdensome, and seeks information that is not relevant to any party's claim or defense in this litigation and not proportional to the needs of this case. Unless otherwise stated, any responses made pursuant to the Interrogatories will be limited to the time period of January 17, 2020 to July 7, 2021.

9.      Plaintiff States specifically object to Instruction 23. Defendants have no

authority to demand a separate response from each Plaintiff State. Unless expressly stated, these

are the collective responses and objections to the Interrogatories for all Plaintiff States.

**SPECIFIC RESPONSES & OBJECTIONS TO INTERROGATORIES**

**INTERROGATORY NO. 1:**

1.      Identify when and to whom Your Litigation Hold Notices in this case were issued, the

categories of information and data that the recipients were instructed to preserve and collect,

and the specific measures they were instructed to take to that end.

**RESPONSE:**

Plaintiff States object to this Interrogatory to the extent that it calls for information

protected by the attorney-client privilege, the deliberative process privilege, the official

information privilege, the common interest privilege, and/or the attorney work product doctrine,

including information contained within internal communications and memoranda whose

disclosure would reveal attorneys' thought processes and pre-decisional documents reflecting

deliberative process. Plaintiff States will not respond with respect to information that is

protected by any of the above privileges.

Plaintiff States object to this Interrogatory to the extent that it calls for information that

is not proportional to the needs of this case.

Plaintiff States object to this Interrogatory as premature, unduly burdensome and

overbroad, given that Defendants have not yet begun to evaluate Plaintiff States' production for

completeness, and given that Defendants have not articulated any specific concern with Plaintiff

States' document-preservation efforts.

Notwithstanding the above objections, Plaintiff States state as follows:

Defendants served their First Set of Requests to State Plaintiffs for Production of

Documents on November 5, 2021.  In accordance with the Federal Rules of Civil Procedure,

Plaintiff States served their responses and objections to those Requests on December 6, 2021,

and Plaintiff States are now in the process of producing responsive documents.

Defendants have not identified any reason whatsoever to believe that Plaintiff States' productions will be incomplete or that Plaintiff States have failed to preserve all relevant and responsive materials.  Absent any such basis, serving an Interrogatory of this kind is improper, particularly where Defendants have yet to fully evaluate Plaintiff States' productions.  Plaintiff States do not understand the Court's statements at the December 16, 2021, status conference to indicate otherwise.  If, in the future, after Defendants have actually evaluated Plaintiff States' productions, Defendants are able to raise and substantiate legitimate document-preservation concerns, Plaintiff States will supplement this response.

**INTERROGATORY NO. 2:**

2.     For each Potential Document Custodian, state whether they used Text Message or Chats for substantive business purposes related to the claims or allegations at issue in this litigation and Your basis for making that determination.

**RESPONSE:**

Plaintiff States object to this Interrogatory to the extent that it calls for information protected by the attorney-client privilege, the deliberative process privilege, the official information privilege, the common interest privilege, and/or the attorney work product doctrine, including information contained within internal communications and memoranda whose disclosure would reveal attorneys' thought processes and pre-decisional documents reflecting deliberative process. Plaintiff States will not respond with respect to information that is protected by any of the above privileges.

Plaintiff States object to this Interrogatory to the extent that it calls for information that is not proportional to the needs of this case.

Plaintiff States object to this Interrogatory as premature, unduly burdensome and overbroad, given that Defendants have not yet begun to evaluate Plaintiff States' production for completeness, and given that Defendants have not articulated any specific concern with Plaintiff States' document-preservation efforts.

Plaintiff States object to the definition of "Potential Document Custodian" as vague, ambiguous, overbroad, and unduly burdensome to the extent it applies to persons outside of units, departments, or subdivisions within the Offices of the Attorney General of each respective Plaintiff State that are responsible for enforcing the laws and claims asserted in this litigation, and to the extent it is premature for Plaintiff States to identify any custodians when the parties are continuing to engage in meet-and-confer negotiations as to the appropriate identification of Plaintiff States' document production custodians.

Notwithstanding the above objections, Plaintiff States state as follows:

Defendants served their First Set of Requests to State Plaintiffs for Production of Documents on November 5, 2021.  In accordance with the Federal Rules of Civil Procedure, Plaintiff States served their responses and objections to those Requests on December 6, 2021, and Plaintiff States are now in the process of producing responsive documents. Defendants have not identified any reason whatsoever to believe that Plaintiff States' productions will be incomplete or that Plaintiff States have failed to preserve all relevant and responsive materials.  Absent any such basis, serving an Interrogatory of this kind is improper, particularly where Defendants have yet to fully evaluate Plaintiff States' productions.  Plaintiff States do not understand the Court's statements at the December 16, 2021, status conference to indicate otherwise.  If, in the future, after Defendants have actually evaluated Plaintiff States' productions, Defendants are able to raise and substantiate legitimate document-preservation concerns, Plaintiff States will supplement this response.

**INTERROGATORY NO. 3:**

3.      Identify the date that each Litigation Hold Notice in this case was issued, including any reminder notices, and the means or methods by which such Notices were provided.

**RESPONSE:**

Plaintiff States object to this Interrogatory to the extent that it calls for information protected by the attorney-client privilege, the deliberative process privilege, the official information privilege, the common interest privilege, and/or the attorney work product doctrine,

including information contained within internal communications and memoranda whose disclosure would reveal attorneys' thought processes and pre-decisional documents reflecting deliberative process. Plaintiff States will not respond with respect to information that is protected by any of the above privileges.

Plaintiff States object to this Interrogatory to the extent that it calls for information that is not proportional to the needs of this case.

Plaintiff States object to this Interrogatory as premature, unduly burdensome and overbroad, given that Defendants have not yet begun to evaluate Plaintiff States' production for completeness, and given that Defendants have not articulated any specific concern with Plaintiff States' document-preservation efforts.

Notwithstanding the above objections, Plaintiff States state as follows:

Defendants served their First Set of Requests to State Plaintiffs for Production of Documents on November 5, 2021.  In accordance with the Federal Rules of Civil Procedure, Plaintiff States served their responses and objections to those Requests on December 6, 2021, and Plaintiff States are now in the process of producing responsive documents. Defendants have not identified any reason whatsoever to believe that Plaintiff States' productions will be incomplete or that Plaintiff States have failed to preserve all relevant and responsive materials.  Absent any such basis, serving an Interrogatory of this kind is improper, particularly where Defendants have yet to fully evaluate Plaintiff States' productions.  Plaintiff States do not understand the Court's statements at the December 16, 2021, status conference to indicate otherwise.  If, in the future, after Defendants have actually evaluated Plaintiff States' productions, Defendants are able to raise and substantiate legitimate document-preservation concerns, Plaintiff States will supplement this response.

## INTERROGATORY NO. 4:

4.      For each Potential Document Custodian, state the start and end date, if applicable, of each litigation hold applicable to the Potential Document Custodian.

**RESPONSE:**

PLAINTIFF STATES' RESP. & OBJECT. TO
DEFS.' PRESERVATION INTERROGATORIES          11          Case No. 3:21-cv-05227-JD

Plaintiff States object to this Interrogatory to the extent that it calls for information protected by the attorney-client privilege, the deliberative process privilege, the official information privilege, the common interest privilege, and/or the attorney work product doctrine, including information contained within internal communications and memoranda whose disclosure would reveal attorneys' thought processes and pre-decisional documents reflecting deliberative process. Plaintiff States will not respond with respect to information that is protected by any of the above privileges.

Plaintiff States object to this Interrogatory to the extent that it calls for information that is not proportional to the needs of this case.

Plaintiff States object to this Interrogatory as premature, unduly burdensome and overbroad, given that Defendants have not yet begun to evaluate Plaintiff States' production for completeness, and given that Defendants have not articulated any specific concern with Plaintiff States' document-preservation efforts.

Plaintiff States object to the definition of "Potential Document Custodian" as vague, ambiguous, overbroad, and unduly burdensome to the extent it applies to persons outside of units, departments, or subdivisions within the Offices of the Attorney General of each respective Plaintiff State that are responsible for enforcing the laws and claims asserted in this litigation, and to the extent it is premature for Plaintiff States to identify any custodians when the parties are continuing to engage in meet-and-confer negotiations as to the appropriate identification of Plaintiff States' document production custodians.

Notwithstanding the above objections, Plaintiff States state as follows:

Defendants served their First Set of Requests to State Plaintiffs for Production of Documents on November 5, 2021.  In accordance with the Federal Rules of Civil Procedure, Plaintiff States served their responses and objections to those Requests on December 6, 2021, and Plaintiff States are now in the process of producing responsive documents. Defendants have not identified any reason whatsoever to believe that Plaintiff States' productions will be incomplete or that Plaintiff States have failed to preserve all relevant and

responsive materials.  Absent any such basis, serving an Interrogatory of this kind is improper,

particularly where Defendants have yet to fully evaluate Plaintiff States' productions.  Plaintiff

States do not understand the Court's statements at the December 16, 2021, status conference to

indicate otherwise.  If, in the future, after Defendants have actually evaluated Plaintiff States'

productions, Defendants are able to raise and substantiate legitimate document-preservation

concerns, Plaintiff States will supplement this response.

**INTERROGATORY NO. 5:**

5.      Describe with specificity all steps, measures, or actions You took to preserve or retain

all relevant or potentially relevant Documents for this litigation, including any Text Message or

Chats.

      **RESPONSE:**

      Plaintiff States object to this Interrogatory to the extent that it calls for information

protected by the attorney-client privilege, the deliberative process privilege, the official

information privilege, the common interest privilege, and/or the attorney work product doctrine,

including information contained within internal communications and memoranda whose

disclosure would reveal attorneys' thought processes and pre-decisional documents reflecting

deliberative process. Plaintiff States will not respond with respect to information that is

protected by any of the above privileges.

      Plaintiff States object to this Interrogatory to the extent that it calls for information that

is not proportional to the needs of this case.

      Plaintiff States object to this Interrogatory as premature, unduly burdensome and

overbroad, given that Defendants have not yet begun to evaluate Plaintiff States' production for

completeness, and given that Defendants have not articulated any specific concern with Plaintiff

States' document-preservation efforts.

      Notwithstanding the above objections, Plaintiff States state as follows:

      Defendants served their First Set of Requests to State Plaintiffs for Production of

Documents on November 5, 2021.  In accordance with the Federal Rules of Civil Procedure,

Plaintiff States served their responses and objections to those Requests on December 6, 2021, and Plaintiff States are now in the process of producing responsive documents.

Defendants have not identified any reason whatsoever to believe that Plaintiff States' productions will be incomplete or that Plaintiff States have failed to preserve all relevant and responsive materials.  Absent any such basis, serving an Interrogatory of this kind is improper, particularly where Defendants have yet to fully evaluate Plaintiff States' productions.  Plaintiff States do not understand the Court's statements at the December 16, 2021, status conference to indicate otherwise.  If, in the future, after Defendants have actually evaluated Plaintiff States' productions, Defendants are able to raise and substantiate legitimate document-preservation concerns, Plaintiff States will supplement this response.

**INTERROGATORY NO. 6:**

6.      For each Potential Document Custodian, state whether any Text Message or Chats were preserved during the relevant period governing the Litigation Hold Notices for this litigation and the manner in which those Text Message or Chats were preserved, including through enabling features that would preserve the history of those Text Message or Chats or by turning off an auto-delete function.

**RESPONSE:**

Plaintiff States object to this Interrogatory to the extent that it calls for information protected by the attorney-client privilege, the deliberative process privilege, the official information privilege, the common interest privilege, and/or the attorney work product doctrine, including information contained within internal communications and memoranda whose disclosure would reveal attorneys' thought processes and pre-decisional documents reflecting deliberative process. Plaintiff States will not respond with respect to information that is protected by any of the above privileges.

Plaintiff States object to this Interrogatory to the extent that it calls for information that is not proportional to the needs of this case.

Plaintiff States object to this Interrogatory as premature, unduly burdensome and overbroad, given that Defendants have not yet begun to evaluate Plaintiff States' production for completeness, and given that Defendants have not articulated any specific concern with Plaintiff States' document-preservation efforts.

Plaintiff States object to the definition of "Potential Document Custodian" as vague, ambiguous, overbroad, and unduly burdensome to the extent it applies to persons outside of units, departments, or subdivisions within the Offices of the Attorney General of each respective Plaintiff State that are responsible for enforcing the laws and claims asserted in this litigation, and to the extent it is premature for Plaintiff States to identify any custodians when the parties are continuing to engage in meet-and-confer negotiations as to the appropriate identification of Plaintiff States' document production custodians.

Notwithstanding the above objections, Plaintiff States state as follows:

Defendants served their First Set of Requests to State Plaintiffs for Production of Documents on November 5, 2021. In accordance with the Federal Rules of Civil Procedure, Plaintiff States served their responses and objections to those Requests on December 6, 2021, and Plaintiff States are now in the process of producing responsive documents.

Defendants have not identified any reason whatsoever to believe that Plaintiff States' productions will be incomplete or that Plaintiff States have failed to preserve all relevant and responsive materials. Absent any such basis, serving an Interrogatory of this kind is improper, particularly where Defendants have yet to fully evaluate Plaintiff States' productions. Plaintiff States do not understand the Court's statements at the December 16, 2021, status conference to indicate otherwise. If, in the future, after Defendants have actually evaluated Plaintiff States' productions, Defendants are able to raise and substantiate legitimate document-preservation concerns, Plaintiff States will supplement this response.

**INTERROGATORY NO. 7:**

7.   For each Potential Document Custodian, state whether any of the his or her Text Message or Chat files were destroyed or otherwise automatically deleted (a) on or after the date

on which You first anticipated litigation with Google identified in response to Interrogatory No. 8 or (b) during the pendency of the Litigation Hold Notices, and if so, whether all the Potential Document Custodian's Text Message or Chat files were destroyed or otherwise deleted during the pendency of the Litigation Hold Notices.

**RESPONSE:**

Plaintiff States object to this Interrogatory to the extent that it calls for information protected by the attorney-client privilege, the deliberative process privilege, the official information privilege, the common interest privilege, and/or the attorney work product doctrine, including information contained within internal communications and memoranda whose disclosure would reveal attorneys' thought processes and pre-decisional documents reflecting deliberative process. Plaintiff States will not respond with respect to information that is protected by any of the above privileges.

Plaintiff States object to this Interrogatory to the extent that it calls for information that is not proportional to the needs of this case.

Plaintiff States object to this Interrogatory as premature, unduly burdensome and overbroad, given that Defendants have not yet begun to evaluate Plaintiff States' production for completeness, and given that Defendants have not articulated any specific concern with Plaintiff States' document-preservation efforts.

Plaintiff States object to the definition of "Potential Document Custodian" as vague, ambiguous, overbroad, and unduly burdensome to the extent it applies to persons outside of units, departments, or subdivisions within the Offices of the Attorney General of each respective Plaintiff State that are responsible for enforcing the laws and claims asserted in this litigation, and to the extent it is premature for Plaintiff States to identify any custodians when the parties are continuing to engage in meet-and-confer negotiations as to the appropriate identification of Plaintiff States' document production custodians.

Notwithstanding the above objections, Plaintiff States state as follows:

Defendants served their First Set of Requests to State Plaintiffs for Production of Documents on November 5, 2021.  In accordance with the Federal Rules of Civil Procedure, Plaintiff States served their responses and objections to those Requests on December 6, 2021, and Plaintiff States are now in the process of producing responsive documents.

Defendants have not identified any reason whatsoever to believe that Plaintiff States' productions will be incomplete or that Plaintiff States have failed to preserve all relevant and responsive materials.  Absent any such basis, serving an Interrogatory of this kind is improper, particularly where Defendants have yet to fully evaluate Plaintiff States' productions.  Plaintiff States do not understand the Court's statements at the December 16, 2021, status conference to indicate otherwise.  If, in the future, after Defendants have actually evaluated Plaintiff States' productions, Defendants are able to raise and substantiate legitimate document-preservation concerns, Plaintiff States will supplement this response.

**INTERROGATORY NO. 8:**

8.      Identify the date and describe with specificity the circumstances in which You first anticipated litigation with Google.

**RESPONSE:**

Plaintiff States object to this Interrogatory to the extent that it calls for information protected by the attorney-client privilege, the deliberative process privilege, the official information privilege, the common interest privilege, and/or the attorney work product doctrine, including information contained within internal communications and memoranda whose disclosure would reveal attorneys' thought processes and pre-decisional documents reflecting deliberative process. Plaintiff States will not respond with respect to information that is protected by any of the above privileges.

Plaintiff States object to this Interrogatory to the extent that it calls for information that is not proportional to the needs of this case.

Plaintiff States object to this Interrogatory as premature, unduly burdensome and overbroad, given that Defendants have not yet begun to evaluate Plaintiff States' production for

completeness, and given that Defendants have not articulated any specific concern with Plaintiff States' document-preservation efforts.

Notwithstanding the above objections, Plaintiff States state as follows:

Defendants served their First Set of Requests to State Plaintiffs for Production of Documents on November 5, 2021. In accordance with the Federal Rules of Civil Procedure, Plaintiff States served their responses and objections to those Requests on December 6, 2021, and Plaintiff States are now in the process of producing responsive documents.

Defendants have not identified any reason whatsoever to believe that Plaintiff States' productions will be incomplete or that Plaintiff States have failed to preserve all relevant and responsive materials. Absent any such basis, serving an Interrogatory of this kind is improper, particularly where Defendants have yet to fully evaluate Plaintiff States' productions. Plaintiff States do not understand the Court's statements at the December 16, 2021, status conference to indicate otherwise. If, in the future, after Defendants have actually evaluated Plaintiff States' productions, Defendants are able to raise and substantiate legitimate document-preservation concerns, Plaintiff States will supplement this response.

**<u>INTERROGATORY NO. 9:</u>**

9.      Describe with specificity the employees, custodians, systems, and other locations of documents for which You ceased, paused, or altered Your Document Retention policies, schedules, practices, or procedures in anticipation or as a result of litigation with Google and specify the date on which such suspension occurred for each.

**RESPONSE:**

Plaintiff States object to this Interrogatory to the extent that it calls for information protected by the attorney-client privilege, the deliberative process privilege, the official information privilege, the common interest privilege, and/or the attorney work product doctrine, including information contained within internal communications and memoranda whose disclosure would reveal attorneys' thought processes and pre-decisional documents reflecting

deliberative process. Plaintiff States will not respond with respect to information that is protected by any of the above privileges.

Plaintiff States object to this Interrogatory to the extent that it calls for information that is not proportional to the needs of this case.

Plaintiff States object to this Interrogatory as premature, unduly burdensome and overbroad, given that Defendants have not yet begun to evaluate Plaintiff States' production for completeness, and given that Defendants have not articulated any specific concern with Plaintiff States' document-preservation efforts.

Notwithstanding the above objections, Plaintiff States state as follows:

Defendants served their First Set of Requests to State Plaintiffs for Production of Documents on November 5, 2021. In accordance with the Federal Rules of Civil Procedure, Plaintiff States served their responses and objections to those Requests on December 6, 2021, and Plaintiff States are now in the process of producing responsive documents.

Defendants have not identified any reason whatsoever to believe that Plaintiff States' productions will be incomplete or that Plaintiff States have failed to preserve all relevant and responsive materials. Absent any such basis, serving an Interrogatory of this kind is improper, particularly where Defendants have yet to fully evaluate Plaintiff States' productions. Plaintiff States do not understand the Court's statements at the December 16, 2021, status conference to indicate otherwise. If, in the future, after Defendants have actually evaluated Plaintiff States' productions, Defendants are able to raise and substantiate legitimate document-preservation concerns, Plaintiff States will supplement this response.

**INTERROGATORY NO. 10:**

10.    Describe with specificity the measures You took to comply with Your policies, schedules, practices or procedures, for Document Retention and Litigation Hold Notices, if any, that were implemented by You (or on behalf of You) once You anticipated this lawsuit. The response should identify the date(s) that each Litigation Hold Notice or Document Retention measure was implemented.

**RESPONSE:**

Plaintiff States object to this Interrogatory to the extent that it calls for information protected by the attorney-client privilege, the deliberative process privilege, the official information privilege, the common interest privilege, and/or the attorney work product doctrine, including information contained within internal communications and memoranda whose disclosure would reveal attorneys' thought processes and pre-decisional documents reflecting deliberative process. Plaintiff States will not respond with respect to information that is protected by any of the above privileges.

Plaintiff States object to this Interrogatory to the extent that it calls for information that is not proportional to the needs of this case.

Plaintiff States object to this Interrogatory as premature, unduly burdensome and overbroad, given that Defendants have not yet begun to evaluate Plaintiff States' production for completeness, and given that Defendants have not articulated any specific concern with Plaintiff States' document-preservation efforts.

Notwithstanding the above objections, Plaintiff States state as follows:

Defendants served their First Set of Requests to State Plaintiffs for Production of Documents on November 5, 2021.  In accordance with the Federal Rules of Civil Procedure, Plaintiff States served their responses and objections to those Requests on December 6, 2021, and Plaintiff States are now in the process of producing responsive documents.

Defendants have not identified any reason whatsoever to believe that Plaintiff States' productions will be incomplete or that Plaintiff States have failed to preserve all relevant and responsive materials.  Absent any such basis, serving an Interrogatory of this kind is improper, particularly where Defendants have yet to fully evaluate Plaintiff States' productions.  Plaintiff States do not understand the Court's statements at the December 16, 2021, status conference to indicate otherwise.  If, in the future, after Defendants have actually evaluated Plaintiff States' productions, Defendants are able to raise and substantiate legitimate document-preservation concerns, Plaintiff States will supplement this response.

**INTERROGATORY NO. 11:**

11.    Describe with specificity the steps You took to determine the sources, including which Potential Document Custodians, that might possess Documents, including Text Message and Chats, relevant to this litigation, what Documents would be relevant, and any efforts to suspend or amend Document Retention policies, schedules, practices, or procedures with respect to those Documents.

**RESPONSE:**

Plaintiff States object to this Interrogatory to the extent that it calls for information protected by the attorney-client privilege, the deliberative process privilege, the official information privilege, the common interest privilege, and/or the attorney work product doctrine, including information contained within internal communications and memoranda whose disclosure would reveal attorneys' thought processes and pre-decisional documents reflecting deliberative process. Plaintiff States will not respond with respect to information that is protected by any of the above privileges.

Plaintiff States object to this Interrogatory to the extent that it calls for information that is not proportional to the needs of this case.

Plaintiff States object to this Interrogatory as premature, unduly burdensome and overbroad, given that Defendants have not yet begun to evaluate Plaintiff States' production for completeness, and given that Defendants have not articulated any specific concern with Plaintiff States' document-preservation efforts.

Plaintiff States object to the definition of "Potential Document Custodian" as vague, ambiguous, overbroad, and unduly burdensome to the extent it applies to persons outside of units, departments, or subdivisions within the Offices of the Attorney General of each respective Plaintiff State that are responsible for enforcing the laws and claims asserted in this litigation, and to the extent it is premature for Plaintiff States to identify any custodians when the parties are continuing to engage in meet-and-confer negotiations as to the appropriate identification of Plaintiff States' document production custodians.

1    Notwithstanding the above objections, Plaintiff States state as follows:

2    Defendants served their First Set of Requests to State Plaintiffs for Production of

3   Documents on November 5, 2021.  In accordance with the Federal Rules of Civil Procedure,

4   Plaintiff States served their responses and objections to those Requests on December 6, 2021,

5   and Plaintiff States are now in the process of producing responsive documents.

6    Defendants have not identified any reason whatsoever to believe that Plaintiff States'

7   productions will be incomplete or that Plaintiff States have failed to preserve all relevant and

8   responsive materials.  Defendants have not identified any reason whatsoever to believe that

9   Plaintiff States' productions will be incomplete or that Plaintiff States have failed to preserve all

10  relevant and responsive materials.  Absent any such basis, serving an Interrogatory of this kind

11  is improper, particularly where Defendants have yet to fully evaluate Plaintiff States'

12  productions.  Plaintiff States do not understand the Court's statements at the December 16,

13  2021, status conference to indicate otherwise.  If, in the future, after Defendants have actually

14  evaluated Plaintiff States' productions, Defendants are able to raise and substantiate legitimate

15  document-preservation concerns, Plaintiff States will supplement this response.

16  **INTERROGATORY NO. 12:**

17  12.    Describe with specificity Your Document Retention policies, schedules, practices or

18  procedures, in effects from 2015 to the present.

19     **RESPONSE:**

20    Plaintiff States object to this Interrogatory to the extent that it calls for information

21  protected by the attorney-client privilege, the deliberative process privilege, the official

22  information privilege, the common interest privilege, and/or the attorney work product doctrine,

23  including information contained within internal communications and memoranda whose

24  disclosure would reveal attorneys' thought processes and pre-decisional documents reflecting

25  deliberative process. Plaintiff States will not respond with respect to information that is

26  protected by any of the above privileges.

27

28  PLAINTIFF STATES' RESP. & OBJECT. TO
    DEFS.' PRESERVATION INTERROGATORIES          22          Case No. 3:21-cv-05227-JD

Plaintiff States object to this Interrogatory to the extent that it calls for information that is not proportional to the needs of this case.

Plaintiff States object to this Interrogatory as duplicative of Defendants' Request for Production No. 66.

Plaintiff States object to this Interrogatory as premature, unduly burdensome and overbroad, given that Defendants have not yet begun to evaluate Plaintiff States' production for completeness, and given that Defendants have not articulated any specific concern with Plaintiff States' document-preservation efforts.

Notwithstanding the above objections, Plaintiff States state as follows:

Defendants served their First Set of Requests to State Plaintiffs for Production of Documents on November 5, 2021.  In accordance with the Federal Rules of Civil Procedure, Plaintiff States served their responses and objections to those Requests on December 6, 2021, and Plaintiff States are now in the process of producing responsive documents.  In particular, as relevant here, Plaintiff States are currently engaged in meet-and-confer negotiations over Requests that may be responsive to this Interrogatory (*e.g.,* RFP No. 66).

Defendants have not identified any reason whatsoever to believe that Plaintiff States' productions will be incomplete or that Plaintiff States have failed to preserve all relevant and responsive materials.  Absent any such basis, serving an Interrogatory of this kind is improper, particularly where Defendants have yet to fully evaluate Plaintiff States' productions.  Plaintiff States do not understand the Court's statements at the December 16, 2021, status conference to indicate otherwise.  If, in the future, after Defendants have actually evaluated Plaintiff States' productions, Defendants are able to raise and substantiate legitimate document-preservation concerns, Plaintiff States will supplement this response.

**<u>INTERROGATORY NO. 13:</u>**

13.    State Your Text Message and Chat retention policy and any other related policies You had in place during the date range identified in response to Interrogatory No. 4.

**RESPONSE:**

1    Plaintiff States object to this Interrogatory to the extent that it calls for information
2    protected by the attorney-client privilege, the deliberative process privilege, the official
3    information privilege, the common interest privilege, and/or the attorney work product doctrine,
4    including information contained within internal communications and memoranda whose
5    disclosure would reveal attorneys' thought processes and pre-decisional documents reflecting
6    deliberative process. Plaintiff States will not respond with respect to information that is
7    protected by any of the above privileges.

8        Plaintiff States object to this Interrogatory to the extent that it calls for information that
9    is not proportional to the needs of this case.

10       Plaintiff States object to this Interrogatory as duplicative of Defendants' Request for
11   Production No. 66.

12       Plaintiff States object to this Interrogatory as premature, unduly burdensome and
13   overbroad, given that Defendants have not yet begun to evaluate Plaintiff States' production for
14   completeness, and given that Defendants have not articulated any specific concern with Plaintiff
15   States' document-preservation efforts.

16       Notwithstanding the above objections, Plaintiff States state as follows:

17       Defendants served their First Set of Requests to State Plaintiffs for Production of
18   Documents on November 5, 2021.  In accordance with the Federal Rules of Civil Procedure,
19   Plaintiff States served their responses and objections to those Requests on December 6, 2021,
20   and Plaintiff States are now in the process of producing responsive documents.  In particular, as
21   relevant here, Plaintiff States are currently engaged in meet-and-confer negotiations over
22   Requests that may be responsive to this Interrogatory (*e.g.,* RFP No. 66).

23       Defendants have not identified any reason whatsoever to believe that Plaintiff States'
24   productions will be incomplete or that Plaintiff States have failed to preserve all relevant and
25   responsive materials.  Absent any such basis, serving an Interrogatory of this kind is improper,
26   particularly where Defendants have yet to fully evaluate Plaintiff States' productions.  Plaintiff
27   States do not understand the Court's statements at the December 16, 2021, status conference to

28   PLAINTIFF STATES' RESP. & OBJECT. TO
     DEFS.' PRESERVATION INTERROGATORIES          24          Case No. 3:21-cv-05227-JD

1    indicate otherwise.  If, in the future, after Defendants have actually evaluated Plaintiff States'

2    productions, Defendants are able to raise and substantiate legitimate document-preservation

3    concerns, Plaintiff States will supplement this response.

4

5    January 14, 2022                            Respectfully submitted,

6                                             By:      */s/ Sarah G. Boyce*

7

8    Brendan Glackin (SBN 199643)
bglackin@agutah.gov                           Sarah G. Boyce (*pro hac vice*)

9    David N. Sonnenreich (*pro hac vice*)        sboyce@ncdoj.gov
dsonnenreich@agutah.gov                 Jonathan Marx (*pro hac vice*)
Scott R. Ryther (*pro hac vice*)            jmarx@ncdoj.gov

10   sryther@agutah.gov                       Jessica V. Sutton (*pro hac vice*)
**UTAH OFFICE OF THE**              jsutton2@ncdoj.gov

11   **ATTORNEY GENERAL**              **NORTH CAROLINA DEPARTMENT**
160 East 300 South, Fifth Floor         **OF JUSTICE**

12   P.O. Box 140874                      P.O. Box 628
Salt Lake City, UT 84114             Raleigh, NC 27602

13   Telephone: (801) 366-0375           Telephone: (919) 716-6000

14

     Bryan L. Bloom (*pro hac vice*)

15   Bryan.Bloom@ag.ny.gov              S. Ethan Bowers (*pro hac vice*)
**NEW YORK STATE OFFICE OF THE**     Ethan.Bowers@ag.tn.gov

16   **ATTORNEY GENERAL**              **TENNESSEE OFFICE OF THE**
28 Liberty Street                    **ATTORNEY GENERAL**

17   New York, NY 10005                 P.O. Box 20207
Telephone: (212) 416-8262           Nashville, TN 37202

18                                             Telephone: (615) 741-8722

19   *Attorneys for the Plaintiff States*

20

21

22

23

24

25

26

27

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **DECLARATION AND VERIFICATION**

I am an attorney for the Plaintiff State of Utah, by and through its Attorney General, in the above-entitled action. I have read the Plaintiff States' Responses and Objections to Defendants' Preservation Interrogatories to Plaintiff States. I hereby verify and declare under penalty of perjury that the foregoing responses are true and correct according to the best of my knowledge, information, and belief.

Executed under penalty of perjury this 14th day of January 2022.


___s/Scott R. Ryther_____
Scott R. Ryther
Assistant Attorney General

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **DECLARATION AND VERIFICATION**

I am an attorney for the Plaintiff State of New York, by and through its Attorney General, in the above-entitled action. I have read the Plaintiff States' Responses and Objections to Defendants' Preservation Interrogatories to Plaintiff States. I hereby verify and declare under penalty of perjury that the foregoing responses are true and correct according to the best of my knowledge, information, and belief.

Executed under penalty of perjury this 10th day of January 2022.

                            ___/s/___ Bryan Bloom___
                            Bryan L. Bloom
                            Assistant Attorney General

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DECLARATION AND VERIFICATION

I am an attorney for the Plaintiff State of North Carolina, by and through its Attorney General, in the above-entitled action. I have read the Plaintiff States' Responses and Objections to Defendants' Preservation Interrogatories to Plaintiff States. I hereby verify and declare under penalty of perjury that the foregoing responses are true and correct according to the best of my knowledge, information, and belief.

Executed under penalty of perjury this 10th day of January 2022.


/s/  *Jessica V. Sutton*
Jessica V. Sutton
Special Deputy Attorney General

## <u>DECLARATION AND VERIFICATION</u>

I am an attorney for the Plaintiff State of Tennessee, by and through its Attorney General and Reporter, in the above-entitled action. I have read the Plaintiff States' Responses and Objections to Defendants' Preservation Interrogatories to Plaintiff States. I hereby verify and declare under penalty of perjury that the foregoing responses are true and correct according to the best of my knowledge, information, and belief.

Executed under penalty of perjury this 13th day of January 2022.


/s S. Ethan Bowers

_____

S. Ethan Bowers
Assistant Attorney General

## DECLARATION AND VERIFICATION

I am an attorney for the Plaintiff State of Arizona, by and through its Attorney General, in the above-entitled action. I have read the Plaintiff States' Responses and Objections to Defendants' Preservation Interrogatories to Plaintiff States. I hereby verify and declare under penalty of perjury that the foregoing responses are true and correct according to the best of my knowledge, information, and belief.

Executed under penalty of perjury this ___ day of January 2022.


/s/ Christopher Sloot_____
Christopher M. Sloot
Assistant Attorney General

## **DECLARATION AND VERIFICATION**

I am an attorney for the Plaintiff State of Colorado, by and through its Attorney General, in the above-entitled action. I have read the Plaintiff States' Responses and Objections to Defendants' Preservation Interrogatories to Plaintiff States. I hereby verify and declare under penalty of perjury that the foregoing responses are true and correct according to the best of my knowledge, information, and belief.

Executed under penalty of perjury this 11th day of January 2022.


*/s/ Diane R. Hazel*
Diane R. Hazel
First Assistant Attorney General

1

## **DECLARATION AND VERIFICATION**

2       I am an attorney for the Plaintiff State of Iowa, by and through its Attorney General, in

3   the above-entitled action. I have read the Plaintiff States' Responses and Objections to

4   Defendants' Preservation Interrogatories to Plaintiff States. I hereby verify and declare under

5   penalty of perjury that the foregoing responses are true and correct according to the best of my

6   knowledge, information, and belief.

7       Executed under penalty of perjury this 12th day of January 2022.

8

9

10                              /s/ Max M. Miller
                                Max M. Miller
11                              Assistant Attorney General

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **DECLARATION AND VERIFICATION**

I am an attorney for the Plaintiff State of Nebraska, by and through its Attorney General, in the above-entitled action. I have read the Plaintiff States' Responses and Objections to Defendants' Preservation Interrogatories to Plaintiff States. I hereby verify and declare under penalty of perjury that the foregoing responses are true and correct according to the best of my knowledge, information, and belief.

Executed under penalty of perjury this  12  day of January 2022.


     */s/ Joseph M. Conrad*
Joseph M. Conrad
Assistant Attorney General

## **DECLARATION AND VERIFICATION**

I am an attorney for the Plaintiff State of Alaska, by and through its Attorney General, in the above-entitled action. I have read the Plaintiff States' Responses and Objections to Defendants' Preservation Interrogatories to Plaintiff States. I hereby verify and declare under penalty of perjury that the foregoing responses are true and correct according to the best of my knowledge, information, and belief.

Executed under penalty of perjury this 13th day of January 2022.


*/s/ Jeff Pickett*
Jeff Pickett
Senior Assistant Attorney General

1

## **DECLARATION AND VERIFICATION**

2          I am an attorney for the Plaintiff State of Arkansas, by and through its Attorney General,

3    in the above-entitled action. I have read the Plaintiff States' Responses and Objections to

4    Defendants' Preservation Interrogatories to Plaintiff States. I hereby verify and declare under

5    penalty of perjury that the foregoing responses are true and correct according to the best of my

6    knowledge, information, and belief.

7          Executed under penalty of perjury this 12th day of January 2022.

8

9                                              /s/ Johnathan R. Carter

10                                             Johnathan R. Carter
                                               Assistant Attorney General

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**<u>DECLARATION AND VERIFICATION</u>**

I am an attorney for the Plaintiff State of California, by and through its Attorney General, in the above-entitled action. I have read the Plaintiff States' Responses and Objections to Defendants' Preservation Interrogatories to Plaintiff States. I hereby verify and declare under penalty of perjury that the foregoing responses are true and correct according to the best of my knowledge, information, and belief.

Executed under penalty of perjury this 12th day of January 2022.


                                        _____*/s/ Adam Miller*_____
                                        Adam Miller
                                        Deputy Attorney General

1

## DECLARATION AND VERIFICATION

2      I am an attorney for the Plaintiff State of Connecticut, by and through its Attorney

3  General, in the above-entitled action. I have read the Plaintiff States' Responses and Objections

4  to Defendants' Preservation Interrogatories to Plaintiff States. I hereby verify and declare under

5  penalty of perjury that the foregoing responses are true and correct according to the best of my

6  knowledge, information, and belief.

7      Executed under penalty of perjury this <u>7th</u> day of January 2022.

8

9

10  _____

Jeremy Pearlman

11  Deputy Associate Attorney General

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## DECLARATION AND VERIFICATION

2

I am an attorney for the Plaintiff State of Delaware, by and through its Attorney General,

3 in the above-entitled action. I have read the Plaintiff States' Responses and Objections to

4 Defendants' Preservation Interrogatories to Plaintiff States. I hereby verify and declare under

5 penalty of perjury that the foregoing responses are true and correct according to the best of my

6 knowledge, information, and belief.

7

Executed under penalty of perjury this 11th day of January 2022.

8

9

10

/s/ Michael A. Undorf

Michael A. Undorf

11 Deputy Attorney General

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## __DECLARATION AND VERIFICATION__

I am an attorney for the Plaintiff District of Columbia, by and through its Attorney General, in the above-entitled action. I have read the Plaintiff States' Responses and Objections to Defendants' Preservation Interrogatories to Plaintiff States. I hereby verify and declare under penalty of perjury that the foregoing responses are true and correct according to the best of my knowledge, information, and belief.

Executed under penalty of perjury this 12th day of January 2022.


*/s/ Kathleen Konopka*
Kathleen Konopka
Deputy Attorney General

## DECLARATION AND VERIFICATION

I am an attorney for the Plaintiff State of Florida, by and through its Attorney General, in the above-entitled action. I have read the Plaintiff States' Responses and Objections to Defendants' Preservation Interrogatories to Plaintiff States. I hereby verify and declare under penalty of perjury that the foregoing responses are true and correct according to the best of my knowledge, information, and belief.

Executed under penalty of perjury this 6th day of January 2022.


/s Lee Istrail
Lee Istrail
Assistant Attorney General, Antitrust Division

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DECLARATION AND VERIFICATION

I am an attorney for the Plaintiff State of Idaho, by and through its Attorney General, in the above-entitled action. I have read the Plaintiff States' Responses and Objections to Defendants' Preservation Interrogatories to Plaintiff States. I hereby verify and declare under penalty of perjury that the foregoing responses are true and correct according to the best of my knowledge, information, and belief.

Executed under penalty of perjury this 7th day of January 2022.


Stephanie N. Guyon
Deputy Attorney General

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DECLARATION AND VERIFICATION

I am an attorney for the Plaintiff State of Indiana, by and through its Attorney General, in the above-entitled action. I have read the Plaintiff States' Responses and Objections to Defendants' Preservation Interrogatories to Plaintiff States. I hereby verify and declare under penalty of perjury that the foregoing responses are true and correct according to the best of my knowledge, information, and belief.

Executed under penalty of perjury this 12th day of January 2022.


/s/ Matthew Michaloski
Matthew Michaloski
Deputy Attorney General
Consumer Protection Division

1

## DECLARATION AND VERIFICATION

2    I am an attorney for the Plaintiff Commonwealth of Kentucky, by and through its

3    Attorney General, in the above-entitled action. I have read the Plaintiff States' Responses and

4    Objections to Defendants' Preservation Interrogatories to Plaintiff States. I hereby verify and

5    declare under penalty of perjury that the foregoing responses are true and correct according to

6    the best of my knowledge, information, and belief.

7    Executed under penalty of perjury this 12th day of January 2022.

8

9

10                                          */s/ Philip R. Heleringer*
                                            Philip R. Heleringer
11                                          Deputy Executive Director of Consumer Protection

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DECLARATION AND VERIFICATION

I am an attorney for the Plaintiff State of Louisiana, by and through its Attorney General, in the above-entitled action. I have read the Plaintiff States' Responses and Objections to Defendants' Preservation Interrogatories to Plaintiff States. I hereby verify and declare under penalty of perjury that the foregoing responses are true and correct according to the best of my knowledge, information, and belief.

Executed under penalty of perjury this   13   day of January 2022.


s/Patrick Voelker
Patrick Voelker
Assistant Attorney General
Public Protection Division

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## <u>DECLARATION AND VERIFICATION</u>

I am an attorney for the Plaintiff State of Maryland, by and through its Attorney General, in the above-entitled action. I have read the Plaintiff States' Responses and Objections to Defendants' Preservation Interrogatories to Plaintiff States. I hereby verify and declare under penalty of perjury that the foregoing responses are true and correct according to the best of my knowledge, information, and belief.

Executed under penalty of perjury this $\underline{7^{th}}$ day of January 2022.


      /s/ Schonette J. Walker
Schonette J. Walker
Assistant Attorney General
Chief, Antitrust Division

1

## <u>DECLARATION AND VERIFICATION</u>

2       I am an attorney for the Plaintiff Commonwealth of Massachusetts, by and through its

3   Attorney General, in the above-entitled action. I have read the Plaintiff States' Responses and

4   Objections to Defendants' Preservation Interrogatories to Plaintiff States. I hereby verify and

5   declare under penalty of perjury that the foregoing responses are true and correct according to

6   the best of my knowledge, information, and belief.

7       Executed under penalty of perjury this 12th day of January 2022.

8

9

10                                        /s/ William T. Matlack
                                          William T. Matlack
11                                        Assistant Attorney General
                                          Chief, Antitrust Division
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## **DECLARATION AND VERIFICATION**

2    I am an attorney for the Plaintiff State of Minnesota, by and through its Attorney General,

3    in the above-entitled action. I have read the Plaintiff States' Responses and Objections to

4    Defendants' Preservation Interrogatories to Plaintiff States. I hereby verify and declare under

5    penalty of perjury that the foregoing responses are true and correct according to the best of my

6    knowledge, information, and belief.

7    Executed under penalty of perjury this 13 day of January 2022.

8

9

10    /s/ Justin Moor
      Justin Moor

11    Assistant Attorney General

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## **DECLARATION AND VERIFICATION**

2

I am an attorney for the Plaintiff State of Mississippi, by and through its Attorney

3

General, in the above-entitled action. I have read the Plaintiff States' Responses and Objections

4

to Defendants' Preservation Interrogatories to Plaintiff States. I hereby verify and declare under

5

penalty of perjury that the foregoing responses are true and correct according to the best of my

6

knowledge, information, and belief.

7

Executed under penalty of perjury this ___ day of January 2022.

8

9

10

    /s/ Hart Martin

Hart Martin

11

Assistant Attorney General

Consumer Protection Division

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **DECLARATION AND VERIFICATION**

I am an attorney for the Plaintiff State of Missouri, by and through its Attorney General, in the above-entitled action. I have read the Plaintiff States' Responses and Objections to Defendants' Preservation Interrogatories to Plaintiff States. I hereby verify and declare under penalty of perjury that the foregoing responses are true and correct according to the best of my knowledge, information, and belief.

Executed under penalty of perjury this 12th day of January 2022.


_____
Stephen Hoeplinger
Assistant Attorney General

1

## DECLARATION AND VERIFICATION

2    I am an attorney for the Plaintiff State of Montana, by and through its Attorney General,

3  in the above-entitled action. I have read the Plaintiff States' Responses and Objections to

4  Defendants' Preservation Interrogatories to Plaintiff States. I hereby verify and declare under

5  penalty of perjury that the foregoing responses are true and correct according to the best of my

6  knowledge, information, and belief.

7    Executed under penalty of perjury this 11th day of January 2022.

8

9

10    _/s/ Rebekah J. French_

      Rebekah J. French
11    Assistant Attorney General
      Office of Consumer Protection
12    Montana Department of Justice

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## **DECLARATION AND VERIFICATION**

2   I am an attorney for the Plaintiff State of Nevada, by and through its Attorney General, in

3 the above-entitled action. I have read the Plaintiff States' Responses and Objections to

4 Defendants' Preservation Interrogatories to Plaintiff States. I hereby verify and declare under

5 penalty of perjury that the foregoing responses are true and correct according to the best of my

6 knowledge, information, and belief.

7   Executed under penalty of perjury this 12th day of January 2022.

8

9

10        /s/ Michelle C. Newman

         Michelle C. Newman

11        Senior Deputy Attorney General

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **DECLARATION AND VERIFICATION**

I am an attorney for the Plaintiff State of New Hampshire, by and through its Attorney General, in the above-entitled action. I have read the Plaintiff States' Responses and Objections to Defendants' Preservation Interrogatories to Plaintiff States. I hereby verify and declare under penalty of perjury that the foregoing responses are true and correct according to the best of my knowledge, information, and belief.

Executed under penalty of perjury this 12th day of January 2022.


        /s/ Alexandra C. Sosnowski
        Alexandra C. Sosnowski
        Attorney
        Consumer Protection and Antitrust Bureau

1

## **<u>DECLARATION AND VERIFICATION</u>**

2

I am an attorney for the Plaintiff State of New Jersey, by and through its Attorney

3 General, in the above-entitled action. I have read the Plaintiff States' Responses and Objections

4 to Defendants' Preservation Interrogatories to Plaintiff States. I hereby verify and declare under

5 penalty of perjury that the foregoing responses are true and correct according to the best of my

6 knowledge, information, and belief.

7

Executed under penalty of perjury this 12th day of January 2022.

8

9

10

<u>/s/ Yale A. Leber</u>
Yale A. Leber
Deputy Attorney General

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## **DECLARATION AND VERIFICATION**

2

3      I am an attorney for the Plaintiff State of New Mexico, by and through its Attorney

4   General, in the above-entitled action. I have read the Plaintiff States' Responses and Objections

5   to Defendants' Preservation Interrogatories to Plaintiff States. I hereby verify and declare under

6   penalty of perjury that the foregoing responses are true and correct according to the best of my

7   knowledge, information, and belief.

8      Executed under penalty of perjury this 13th day of January 2022.

9

10

11                                   /s/Judith E. Paquin
                                     Judith E. Paquin
12                                   Assistant Attorney General

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## **DECLARATION AND VERIFICATION**

2

I am an attorney for the Plaintiff State of North Dakota, by and through its Attorney

3
General, in the above-entitled action. I have read the Plaintiff States' Responses and Objections

4
to Defendants' Preservation Interrogatories to Plaintiff States. I hereby verify and declare under

5
penalty of perjury that the foregoing responses are true and correct according to the best of my

6
knowledge, information, and belief.

7
Executed under penalty of perjury this 11th day of January 2022.

8

9

10
  /s/ Elin S. Alm
Elin S. Alm

11
Assistant Attorney General
Consumer Protection and Antitrust Division

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## DECLARATION AND VERIFICATION

2          I am an attorney for the Plaintiff State of Oklahoma, by and through its Attorney General,

3 in the above-entitled action. I have read the Plaintiff States' Responses and Objections to

4 Defendants' Preservation Interrogatories to Plaintiff States. I hereby verify and declare under

5 penalty of perjury that the foregoing responses are true and correct according to the best of my

6 knowledge, information, and belief.

7          Executed under penalty of perjury this 13 day of January 2022.

8

9

10                                                Caleb J. Smith

11                                                Assistant Attorney General
                                                  Consumer Protection Unit
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DECLARATION AND VERIFICATION**

I am an attorney for the Plaintiff State of Oregon, by and through its Attorney General, in the above-entitled action. I have read the Plaintiff States' Responses and Objections to Defendants' Preservation Interrogatories to Plaintiff States. I hereby verify and declare under penalty of perjury that the foregoing responses are true and correct according to the best of my knowledge, information, and belief.

Executed under penalty of perjury this 12th day of January 2022.


*s/ Timothy D. Smith*

———————————————
Timothy D. Smith
Senior Assistant Attorney General

## **DECLARATION AND VERIFICATION**

I am an attorney for the Plaintiff State of Rhode Island, by and through its Attorney General, in the above-entitled action. I have read the Plaintiff States' Responses and Objections to Defendants' Preservation Interrogatories to Plaintiff States. I hereby verify and declare under penalty of perjury that the foregoing responses are true and correct according to the best of my knowledge, information, and belief.

Executed under penalty of perjury this 11th day of January 2022.


/s/ Stephen N. Provazza
Stephen N. Provazza
Special Assistant Attorney General

1

## **<u>DECLARATION AND VERIFICATION</u>**

2      I am an attorney for the Plaintiff State of South Dakota, by and through its Attorney

3  General, in the above-entitled action. I have read the Plaintiff States' Responses and Objections

4  to Defendants' Preservation Interrogatories to Plaintiff States. I hereby verify and declare under

5  penalty of perjury that the foregoing responses are true and correct according to the best of my

6  knowledge, information, and belief.

7      Executed under penalty of perjury this 12th day of January 2022.

8

9

10                    /s/ Yvette K. Lafrentz
                    Yvette K. Lafrentz
11                    Assistant Attorney General
                    Consumer Protection Division
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## **DECLARATION AND VERIFICATION**

2

3       I am an attorney for the Plaintiff State of Texas, by and through its Attorney General, in

4   the above-entitled action. I have read the Plaintiff States' Responses and Objections to

5   Defendants' Preservation Interrogatories to Plaintiff States. I hereby verify and declare under

6   penalty of perjury that the foregoing responses are true and correct according to the best of my

7   knowledge, information, and belief.

8       Executed under penalty of perjury this 12th day of January 2022.

9

10

11                                           James Lloyd
                                         Chief, Antitrust Division

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **DECLARATION AND VERIFICATION**

I am an attorney for the Plaintiff State of Vermont, by and through its Attorney General, in the above-entitled action. I have read the Plaintiff States' Responses and Objections to Defendants' Preservation Interrogatories to Plaintiff States. I hereby verify and declare under penalty of perjury that the foregoing responses are true and correct according to the best of my knowledge, information, and belief.

Executed under penalty of perjury this 13th day of January 2022.


*/s/ Ryan Kriger*
Ryan Kriger
Assistant Attorney General

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **DECLARATION AND VERIFICATION**

I am an attorney for the Plaintiff Commonwealth of Virginia, by and through its Attorney General, in the above-entitled action. I have read the Plaintiff States' Responses and Objections to Defendants' Preservation Interrogatories to Plaintiff States. I hereby verify and declare under penalty of perjury that the foregoing responses are true and correct according to the best of my knowledge, information, and belief.

Executed under penalty of perjury this 11 day of January 2022.


    /s/ Tyler T. Henry
Tyler T. Henry
Assistant Attorney General

1

## DECLARATION AND VERIFICATION

2    I am an attorney for the Plaintiff State of Washington, by and through its Attorney

3  General, in the above-entitled action. I have read the Plaintiff States' Responses and Objections

4  to Defendants' Preservation Interrogatories to Plaintiff States. I hereby verify and declare under

5  penalty of perjury that the foregoing responses are true and correct according to the best of my

6  knowledge, information, and belief.

7    Executed under penalty of perjury this _11th__ day of January 2022.

8

9

10                                    /s/ Nathaniel M. Hopkin
                                      Nathaniel M. Hopkin
11                                    Assistant Attorney General
                                      Antitrust Division
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **DECLARATION AND VERIFICATION**

I am an attorney for the Plaintiff State of West Virginia, by and through its Attorney General, in the above-entitled action. I have read the Plaintiff States' Responses and Objections to Defendants' Preservation Interrogatories to Plaintiff States. I hereby verify and declare under penalty of perjury that the foregoing responses are true and correct according to the best of my knowledge, information, and belief.

Executed under penalty of perjury this 11th day of January 2022.


_____
Douglas L. Davis
Senior Assistant Attorney General

PLAINTIFF STATES' RESP. & OBJECT. TO
DEFS.' PRESERVATION INTERROGATORIES          64          Case No. 3:21-cv-05227-JD

1

## CERTIFICATE OF SERVICE

2    The undersigned certifies that on January 14, 2022, a true and correct copy of the

3  foregoing Plaintiff States' Responses and Objections to Defendants' Preservation Interrogatories

4  was served via email to the following:

5
Karma M. Giulianelli (SBN 184175)
6  karma.giulianelli@bartlitbeck.com
**BARTLIT BECK LLP**
7  1801 Wewetta St., Suite 1200
Denver, Colorado 80202
8  Telephone: (303) 592-3100

9  Hae Sung Nam (*pro hac vice*)
hnam@kaplanfox.com
10 **KAPLAN FOX & KILSHEIMER LLP**
850 Third Avenue
11 New York, NY 10022
Tel.: (212) 687-1980

12
*Co-Lead Counsel for the Proposed Class in*
13 *In re Google Play Consumer Antitrust*
*Litigation*
14
Steve W. Berman (*pro hac vice*)
15 steve@hbsslaw.com
**HAGENS BERMAN SOBOL SHAPIRO**
16 **LLP**
1301 Second Ave., Suite 2000
17 Seattle, WA 98101
Telephone: (206) 623-7292
18
Eamon P. Kelly (*pro hac vice*)
19 ekelly@sperling-law.com
**SPERLING & SLATER P.C.**
20 55 W. Monroe, Suite 3200
Chicago, IL 60603
21 Telephone: 312-641-3200

22
*Co-Lead Counsel for the Proposed Class in*
*In re Google Play Developer Antitrust*
23 *Litigation and Attorneys for Pure Sweat*
*Basketball, Inc.*
24

Bonny E. Sweeney (SBN 176174)
bsweeney@hausfeld.com
**HAUSFELD LLP**
600 Montgomery Street, Suite 3200
San Francisco, CA 94104
Telephone: (415) 633-1908

*Co-Lead* Counsel *for the Proposed Class in*
*In re Google Play Developer Antitrust*
*Litigation and Attorneys for Peekya App*
*Services, Inc.*

Paul J. Riehle (SBN 115199)
paul.riehle@faegredrinker.com
**FAEGRE DRINKER BIDDLE & REATH**
**LLP**
Four Embarcadero Center, 27th Floor
San Francisco, CA 94111
Telephone: (415) 591-7500

Christine A. Varney (*pro hac vice*)
cvarney@cravath.com
**CRAVATH, SWAINE & MOORE LLP**
825 Eighth Avenue
New York, New York 10019
Telephone: (212) 474-1000

*Counsel for Plaintiff Epic Games, Inc. in*
*Epic Games, Inc. v. Google LLC et al.*

Brian C. Rocca (SBN 221576)
brian.rocca@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Telephone: (415) 442-1000

25

26

27

28

Daniel M. Petrocelli (SBN 97802)
dpetrocelli@omm.com
**O'MELVENY & MYERS LLP**
1999 Avenue of the Stars, 7th Fl.
Los Angeles, CA 90067-6035
Telephone:  (310) 553-6700

Glenn D. Pomerantz (SBN 97802)
glenn.pomerantz@mto.com
**MUNGER, TOLLES & OLSON LLP**
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071-3426
Telephone:      (213) 683-9100

*Counsel for Defendants Google LLC et al*

I certify under penalty of perjury that the foregoing is true and correct.

/s/ Sarah G. Boyce
Sarah G. Boyce