| | |
|---|---|
| Brian C. Rocca, S.B #221576<br>brian.rocca@morganlewis.com<br>Sujal J. Shah, S.B #215230<br>sujal.shah@morganlewis.com<br>Michelle Park Chiu, S.B #248421<br>michelle.chiu@morganlewis.com<br>Minna Lo Naranjo, S.B #259005<br>minna.naranjo@morganlewis.com<br>Rishi P. Satia, S.B #301958<br>rishi.satia@morganlewis.com<br>**MORGAN, LEWIS & BOCKIUS LLP**<br>One Market, Spear Street Tower<br>San Francisco, CA 94105<br>Telephone: (415) 442-1000<br>Facsimile: (415) 422-1001<br><br>Richard S. Taffet, *pro hac vice*<br>richard.taffet@morganlewis.com<br>**MORGAN, LEWIS & BOCKIUS LLP**<br>101 Park Avenue<br>New York, NY 10178<br>Telephone: (212) 309-6000<br>Facsimile: (212) 309-6001<br>Attorneys for Defendants Google LLC, et al.<br><br>*Counsel for Defendants* | Glenn D. Pomerantz, Bar No. 112503<br>glenn.pomerantz@mto.com<br>Kuruvilla Olasa, Bar No. 281509<br>kuruvilla.olasa@mto.com<br>Nicholas R. Sidney<br>nick.sidney@mto.com<br>**MUNGER, TOLLES & OLSON LLP**<br>350 South Grand Avenue, Fiftieth Floor<br>Los Angeles, California 90071<br>Telephone: (213) 683-9100<br><br>Kyle W. Mach, Bar No. 282090<br>kyle.mach@mto.com<br>Justin P. Raphael, Bar No. 292380<br>justin.raphael@mto.com<br>Emily C. Curran-Huberty, Bar No. 293065<br>emily.curran-huberty@mto.com<br>Dane P. Shikman, Bar No. 313656<br>dane.shikman@mto.com<br>**MUNGER, TOLLES & OLSON LLP**<br>560 Mission Street, Twenty Seventh Fl.<br>San Francisco, California 94105<br>Telephone: (415) 512-4000<br><br>Jonathan I. Kravis, *pro hac vice*<br>jonathan.kravis@mto.com<br>**MUNGER, TOLLES & OLSON LLP**<br>601 Massachusetts Ave. NW, Ste 500E<br>Washington, D.C. 20001<br>Telephone: (202) 220-1100 |

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION**,<br><br>THIS DOCUMENT RELATES TO:<br><br>*Epic Games, Inc. v. Google LLC et al.*,<br>Case No. 3:20-cv-05671-JD<br><br>*Match Group, LLC et al. v. Google LLC et al.*,<br>Case No. 3:22-cv-02746-JD | Case No. 3:21-md-02981-JD<br><br>**DECLARATION OF CHRISTIAN CRAMER IN SUPPORT OF GOOGLE'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Judge:   Hon. James Donato |

I, Christian Cramer, declare as follows

A. I am currently a Finance Director for Non-Party Google LLC (along with Google-affiliated entities, "Google"). I have been employed by Google since September 2007 and have held my current position since March 2017. Over the course of my employment at Google, I have acquired personal knowledge of Google's practices and procedures concerning the maintenance of the confidentiality of its strategic, business, and marketing information.

B. I submit this declaration in support of the Administrative Motion to File Under Seal filed on November 4, 2022 in *In re Google Play Store Antitrust Litigation*, Case No. 3:21-md-02981-JD, *Epic Games, Inc. v. Google LLC et al.*, Case No. 3:20-cv-05671-JD, and *Match Group, LLC et al. v. Google LLC et al.*, Case No. 3:22-cv-02746-JD.

C. The facts set forth in this declaration are true and correct to the best of my knowledge, information, and belief, and are based on my personal knowledge of Google's policies and practices as they relate to the treatment of confidential information, the materials that were provided to me and reviewed by me, and/or conversations with other knowledgeable employees of Google. If called upon as a witness in this action, I could and would testify from my personal knowledge and knowledge acquired from sources with factual foundation.

D. As a matter of routine practice and internal policy, Google and its employees strictly treat as confidential, *inter alia*, (i) internal, non-public financial information; (ii) non-public commercial proposals to third parties; (iii) non-public agreements with third parties; (iv) internal surveys and analyses of customer preferences, spending, revenue, market conditions, business strategy, competitive dynamics, and commercial opportunities; (v) non-public financial forecasts and business plans; (vi) trade secrets; and (vii) other sensitive material that, if publicly disclosed, could potentially enable Google's competitors to undermine Google's competitive position in the marketplace, allow current or prospective business partners or counterparties to take unfair advantage of Google in negotiations or other business affairs, violate Google's confidentiality obligations to third parties, or otherwise prejudice Google's business interests. In my experience and to the best of my knowledge, Google does not disclose internal documents, data, or information of this nature outside of the company, except to authorized third parties when

so required or permitted by law or contract. To that end and in order to prevent inadvertent revelation of this information to the public, Google has several policies in place like prohibiting employees from accessing information beyond what is reasonably necessary to perform their duties, limiting access to certain internal systems, permitting access to document databases on a need-to-know basis, and requiring the use of an encrypted email system. I am also aware that, generally, Google employees are required to sign a confidentiality agreement requiring each employee to keep information confidential, and shared only within the company.

E. Third parties—including Google's customers, suppliers, business partners, and others who interact or transact with Google in an array of contexts—entrust highly sensitive, non-public, and confidential information to Google every day. These third parties have an expectation that Google can and will protect the confidentiality of that information. In many cases, Google is contractually bound to keep that information confidential. In my experience and to the best of my knowledge, Google does not disclose internal documents, data, or information reflecting third parties' confidential information outside of the company, unless and only to the extent it has been authorized (or is lawfully permitted or required) to do so. Rather, as noted above, Google policies and protocols are designed to ensure the confidentiality of third-party material is strictly maintained.

F. I understand that the Administrative Motion to File Under Seal requests that the Court maintain the specific information identified below under seal. For the reasons stated below, this information is confidential and highly sensitive, and if publicly disclosed, could significantly prejudice Google's competitive position by harming Google's relationship with business partners, putting Google at unfair disadvantage in future business negotiations, and permitting Google's competitors to gain unfair advantage in competition with Google.

**Specific Information to Be Sealed**

**Epic's and Match's Reply in Support of Motion to Amend Complaints**

**[Dkt. No. 365]**

1. **Page 3, lines 27-28 (between "least" and "Project Hug")**. This text contains confidential, non-public information regarding Google's agreements with non-party developers.

1 Disclosure of this non-public information is likely to result in competitive harm to Google, as it reveals strategic decision-making which, for example, could give a competitor or potential business partner unfair leverage in competing against or negotiating with Google.  Moreover, Google's competitors could use this non-party information to unfairly target Google's developer partners and offer specific deal terms designed to undercut those offered by Google.

2. **Page 4, lines 4-7 (between "with developer" and "was made"; between "in order" and "(ECF No. 344-04)"; between "that developer" and "told Google"; and between "told Google that" and "(ECF No. 344-03).")**.  This text contains confidential, non-public information regarding non-party developers, and implicates the non-party's confidentiality interests, by revealing the identity of Google business partners who are not party to this litigation, and who has a reasonable expectation that Google will maintain the confidentiality of contractual terms and its own confidential statements made during negotiations.  Further, disclosure of this non-public information is likely to result in competitive harm to Google, as it reveals strategic decision-making, which, for example, could give a competitor or potential business partner unfair leverage in competing against or negotiating with Google.  Moreover, Google's competitors could use this non-party information to unfairly target Google's developer partners.

3. **Page 4, line 21 to Page 5, line 5 (between "Ex. D," and "Tr."; between "counsel asking whether" and "), 236"; and between "counsel asking if" and "; see also")**.  This text contains confidential, non-public information regarding a non-party developer, and implicates the non-party's confidentiality interests, by revealing the identity of a Google business partner who is not party to this litigation, and who has a reasonable expectation that Google will maintain the confidentiality of contractual terms and its own confidential statements made during negotiations.  Further, disclosure of this non-public information is likely to result in competitive harm to Google, as it reveals strategic decision-making, which, for example, could give a competitor or potential business partner unfair leverage in competing against or negotiating with Google.  Moreover, Google's competitors could use this non-party information to unfairly target Google's developer partners.

4. **Page 7, line 28 to page 8, line 1 (between "communications showing that" and "and that Google chose to pay")**. This text contains confidential, non-public information regarding non-party developers, and implicates the non-parties' confidentiality interests by purporting to reveal the nonparties' confidential statements made during negotiations. Further, disclosure of this non-public information is likely to result in competitive harm to Google, as it reveals strategic decision-making, which, for example, could give a competitor or potential business partner unfair leverage in competing against or negotiating with Google. Moreover, Google's competitors could use this non-party information to unfairly target Google's developer partners.

**Declaration of Michael J. Zaken iso Epic and Match's**

**Reply iso Motion to Amend Complaints**

**[Dkt. No. 365-06]**

5. **Page 1, line 14 (from "transcript of" to end of sentence)**. This text implicates a non-party's confidentiality interests by revealing the identity of that developer, and the identity of a specific employee of that developer, when that developer has a reasonable expectation that Google will maintain the confidentiality of its negotiations and related contractual agreements. Further, disclosure of this non-public information is likely to result in competitive harm to Google, as it reveals the company's internal strategic decision-making, which, for example, could give a competitor or potential business partner unfair leverage in competing against or negotiating with Google. Additionally, Google's competitors could use this non-party information to unfairly target Google's developer partners.

6. **Ex. A to Zaken Declaration (September 23, 2022 letter from Brian Rocca to Yonatan Even), pages 1-2 (entire table after first row listing "Program" and "Developer")**. This text reflects the identity of non-party developers and the substance of confidential commercial agreements with those developers. Public disclosure of this information could cause competitive harm to both those non-parties and to Google. For example, Google's competitors could use this information in their own commercial negotiations to obtain a competitive advantage

against Google with respect to deal terms.  With respect to the non-parties, disclosure of their non-public, confidential agreements with Google could negatively affect their relationship with Google and future business dealings.

7. **Ex. B to Zaken Declaration (L. Koh Dep. Tr.), page 188, lines 5-11 (from "at the end of the day," to end of sentence)**.  This text contains confidential, non-public information regarding Google's strategic decision-making regarding its partnerships.  Disclosure of this non-public information is likely to result in competitive harm to Google.  Google's competitors could use this information to unfairly target Google's developer partners.  Additionally, disclosure of this non-public information could give other developers an unfair advantage over Google in negotiations.

8. **Ex. B to Zaken Declaration (L. Koh Dep. Tr.), page 188, line 24 to page 189, line 2 (from "THE WITNESS," to end of sentence)**.  This text contains confidential, non-public information regarding Google's strategic decision-making regarding its partnerships.  Disclosure of this non-public information is likely to result in competitive harm to Google.  Google's competitors could use this information to unfairly target Google's developer partners.  Additionally, disclosure of this non-public information could give other developers an unfair advantage over Google in negotiations.

9. **Ex. C to Zaken Declaration (P. Kochikar Dep. Tr.), page 127, lines 11-12 (between "targeted to" and "developers")**.  This text contains confidential, non-public information regarding Google's contractual agreements with non-party developers.  Public disclosure of this information is likely to result in competitive harm to Google, as it reveals Google's strategic decision-making, which, for example, could give a competitor or potential business partner unfair leverage in competing against or negotiating with Google.  Moreover, Google's competitors could use this non-party information to unfairly target Google's developer partners.

10. **Ex. C to Zaken Declaration (P. Kochikar Dep. Tr.), page 127, lines 14-18 (from "the idea that Google had was" to end of sentence)**.  This text contains confidential, non-public information regarding Google's contractual agreements and negotiations with non-party

1  developers.  Public disclosure of this information is likely to result in competitive harm to Google,
2  as it reveals Google's strategic decision-making, which, for example, could give a competitor or
3  potential business partner unfair leverage in competing against or negotiating with Google.
4  Moreover, Google's competitors could use this non-party information to unfairly target Google's
5  developer partners.

6        11.  **Ex. C to Zaken Declaration (P. Kochikar Dep. Tr.), page 127, line 24, to page
7  128, line 2 (from "Hug arrangement" to end of sentence)**.  This text contains confidential, non-
8  public information regarding Google's contractual agreements and negotiations with non-party
9  developers.  Public disclosure of this information is likely to result in competitive harm to Google,
10  as it reveals Google's strategic decision-making, which, for example, could give a competitor or
11  potential business partner unfair leverage in competing against or negotiating with Google.
12  Moreover, Google's competitors could use this non-party information to unfairly target Google's
13  developer partners.

14        12.  **Ex. C to Zaken Declaration (P. Kochikar Dep. Tr.), page 128, lines 4-13 (from
15  "Q" to end of sentence ending at line 13)**.  This text contains confidential, non-public
16  information regarding Google's contractual agreements and negotiations with non-party
17  developers.  Public disclosure of this information is likely to result in competitive harm to Google,
18  as it reveals Google's strategic decision-making, which, for example, could give a competitor or
19  potential business partner unfair leverage in competing against or negotiating with Google.
20  Moreover, Google's competitors could use this non-party information to unfairly target Google's
21  developer partners.

22        13.  **Ex. C to Zaken Declaration (P. Kochikar Dep. Tr.), page 128, lines 14-18 (from
23  "Q And" to end of sentence ending at line 18)**.  This text contains confidential, non-public
24  information regarding non-party developers and implicates the non-parties' confidentiality
25  interests by suggesting details of negotiations between the developers and Google, when the non-
26  party developers have a reasonable expectation of confidentiality.  Further, disclosure of this non-
27  public information is likely to result in competitive harm to Google, as it describes Google's
28  strategic decision-making regarding its partnerships.  Additionally, Google's competitors could

use this non-party information to unfairly target Google's developer partners and relationships. Further, this information could give other developers an unfair advantage over Google in negotiations.

14.     **Ex. C to Zaken Declaration (P. Kochikar Dep. Tr.), page 128, lines 19-24 (from "Q" to end of sentence ending at line 24)**.  This text reflects the identity of a non-party developer, the substance of commercially sensitive discussions relating to that developer's business strategy, discussion of a confidential commercial agreement with that developer, and specific deal terms and financial considerations associated with the agreement.  Public disclosure of this information could cause competitive harm to both this non-party and to Google.  For example, Google's competitors could use this information in their own commercial negotiations to obtain a competitive advantage against Google with respect to deal terms.  With respect to the non-party, disclosure of their non-public, confidential discussions with Google could negatively affect their relationship with Google and future business dealings.

15.     **Ex. C to Zaken Declaration (P. Kochikar Dep. Tr.), page 128, line 25 to page 129, line 1 (from "Q" to end of sentence ending at line 1)**.   This text reflects the identity of a non-party developer, the substance of commercially sensitive discussions relating to that developer's business strategy, discussion of a confidential commercial agreement with that developer, and specific deal terms and financial considerations associated with the agreement.  Public disclosure of this information could cause competitive harm to both this non-party and to Google.  For example, Google's competitors could use this information in their own commercial negotiations to obtain a competitive advantage against Google with respect to deal terms.  With respect to the non-party, disclosure of their non-public, confidential discussions with Google could negatively affect their relationship with Google and future business dealings.

16.     **Ex. C to Zaken Declaration (P. Kochikar Dep. Tr.), page 129, lines 2-12 (from "Q" to end of sentence ending at line 12)**.  This text reflects the identity of a non-party developer, the substance of commercially sensitive discussions relating to that developer's business strategy, discussion of a confidential commercial agreement with that developer, and specific deal terms and financial considerations associated with those discussions.  Public

1  disclosure of this information could cause competitive harm to both this non-party and to Google.
2  For example, Google's competitors could use this information in their own commercial
3  negotiations to obtain a competitive advantage against Google with respect to deal terms. With
4  respect to the non-party, disclosure of their non-public, confidential discussions with Google could
5  negatively affect their relationship with Google and future business dealings.

6        17.    **Ex. C to Zaken Declaration (P. Kochikar Dep. Tr.), page 129, lines 13-25 (from**
7  **"Q" to end of sentence ending at line 25)**.  This text reflects the identity of non-party developers,
8  the substance of commercially sensitive discussions relating to those developers' business
9  strategies, discussion of a confidential commercial agreement with a non-party developer, and
10 specific deal terms and financial considerations associated with those discussions.  Public
11 disclosure of this information could cause competitive harm to both this non-party and to Google.
12 For example, Google's competitors could use this information in their own commercial
13 negotiations to obtain a competitive advantage against Google with respect to deal terms.  With
14 respect to the non-parties, disclosure of their non-public, confidential discussions with Google
15 could negatively affect their relationship with Google and future business dealings.

16       18.    **Ex. C to Zaken Declaration (P. Kochikar Dep. Tr.), page 130, lines 1-3**
17 **(between "more in" and "that I can recall.")**.  This text reflects the identity of non-party
18 developers and implicates non-parties' confidentiality interests by revealing the identity of those
19 developers and suggesting the developers' confidential information, when the non-party
20 developers have a reasonable expectation of confidentiality.  Public disclosure of this information
21 could cause competitive harm to both these non-parties and to Google.  For example, Google's
22 competitors could use this information in their own commercial negotiations to obtain a
23 competitive advantage against Google with respect to deal terms.  With respect to the non-parties,
24 disclosure of their non-public, confidential discussions with Google could negatively affect their
25 relationships with Google and future business dealings.

26       19.    **Ex. C to Zaken Declaration (P. Kochikar Dep. Tr.), page 130, lines 6-8**
27 **(between "other than" and "are there any"; and between "of the" and "Hug negotiations")**.
28 This text reflects the identity of non-party developers and implicates non-parties' confidentiality

1  interests by revealing the identity of those developers and suggesting the developers' confidential
2  information, when the non-party developers have a reasonable expectation of confidentiality.
3  Public disclosure of this information could cause competitive harm to both these non-parties and
4  to Google. For example, Google's competitors could use this information in their own
5  commercial negotiations to obtain a competitive advantage against Google with respect to deal
6  terms. With respect to the non-parties, disclosure of their non-public, confidential discussions
7  with Google could negatively affect their relationships with Google and future business dealings.

8   20.   **Ex. C to Zaken Declaration (P. Kochikar Dep. Tr.), page 130, lines 12-19**
9  **(between "I guess" and "Hug developers, did"; between "the other" and "Hug developers**
10 **were"; and from "thinking about" to end of sentence)**. This text contains confidential, non-
11 public information regarding Google's contractual agreements and negotiations with non-party
12 developers. Public disclosure of this information is likely to result in competitive harm to Google,
13 as it reveals Google's strategic decision-making, which, for example, could give a competitor or
14 potential business partner unfair leverage in competing against or negotiating with Google.
15 Moreover, Google's competitors could use this non-party information to unfairly target Google's
16 developer partners.

17  21.   **Ex. C to Zaken Declaration (P. Kochikar Dep. Tr.), page 130, line 20 to page**
18 **131, line 3 (between "A" and end of sentence on line 3)**. This text contains confidential, non-
19 public information regarding Google's contractual agreements and negotiations with non-party
20 developers. Public disclosure of this information is likely to result in competitive harm to Google,
21 as it reveals Google's strategic decision-making, which, for example, could give a competitor or
22 potential business partner unfair leverage in competing against or negotiating with Google.
23 Moreover, Google's competitors could use this non-party information to unfairly target Google's
24 developer partners.

25  22.   **Ex. C to Zaken Declaration (P. Kochikar Dep. Tr.), page 131, lines 4-13 (from**
26 **"A" to end of sentence on line 13)**. This text contains confidential, non-public information
27 regarding Google's contractual agreements and negotiations with non-party developers. Public
28 disclosure of this information is likely to result in competitive harm to Google, as it reveals

1  Google's strategic decision-making, which, for example, could give a competitor or potential
2  business partner unfair leverage in competing against or negotiating with Google.  Moreover,
3  Google's competitors could use this non-party information to unfairly target Google's developer
4  partners.

5       23.    **Ex. C to Zaken Declaration (P. Kochikar Dep. Tr.), page 131, lines 14-18 (from**
6  **"A" to end of sentence on line 18)**.  This text contains confidential, non-public information
7  regarding Google's contractual agreements and negotiations with non-party developers.  Public
8  disclosure of this information is likely to result in competitive harm to Google, as it reveals
9  Google's strategic decision-making, which, for example, could give a competitor or potential
10  business partner unfair leverage in competing against or negotiating with Google.  Moreover,
11  Google's competitors could use this non-party information to unfairly target Google's developer
12  partners.

13       24.    **Ex. C to Zaken Declaration (P. Kochikar Dep. Tr.), page 131, line 23 to line**
14  **132, line 3 (from "A" to end of sentence on line 3)**.  This text contains confidential, non-public
15  information regarding Google's contractual agreements and negotiations with non-party
16  developers.  Public disclosure of this information is likely to result in competitive harm to Google,
17  as it reveals Google's strategic decision-making, which, for example, could give a competitor or
18  potential business partner unfair leverage in competing against or negotiating with Google.
19  Moreover, Google's competitors could use this non-party information to unfairly target Google's
20  developer partners.

21       25.    **Ex. C to Zaken Declaration (P. Kochikar Dep. Tr.), page 132, lines 8-10 (from**
22  **"THE WITNESS:" to end of sentence on line 10)**.  This text contains confidential, non-public
23  information regarding Google's contractual agreements and negotiations with non-party
24  developers.  Public disclosure of this information is likely to result in competitive harm to Google,
25  as it reveals Google's strategic decision-making, which, for example, could give a competitor or
26  potential business partner unfair leverage in competing against or negotiating with Google.
27  Moreover, Google's competitors could use this non-party information to unfairly target Google's
28  developer partners.

26. **Ex. C to Zaken Declaration (P. Kochikar Dep. Tr.), page 132, lines 18-21 (from "A" to end of sentence on line 21)**. This text contains confidential, non-public information regarding Google's contractual agreements and negotiations with non-party developers. Public disclosure of this information is likely to result in competitive harm to Google, as it reveals Google's strategic decision-making, which, for example, could give a competitor or potential business partner unfair leverage in competing against or negotiating with Google. Moreover, Google's competitors could use this non-party information to unfairly target Google's developer partners.

27. **Ex. C to Zaken Declaration (P. Kochikar Dep. Tr.), page 132, lines 22-25 (from "Q" to end of sentence on line 25)**. This text contains confidential, non-public information regarding Google's contractual agreements and negotiations with non-party developers. Public disclosure of this information is likely to result in competitive harm to Google, as it reveals Google's strategic decision-making, which, for example, could give a competitor or potential business partner unfair leverage in competing against or negotiating with Google. Moreover, Google's competitors could use this non-party information to unfairly target Google's developer partners.

28. **Ex. C to Zaken Declaration (P. Kochikar Dep. Tr.), page 133, lines 1-2 (from "A" to end of sentence on line 2)**. This text contains confidential, non-public information regarding Google's contractual agreements and negotiations with non-party developers. Public disclosure of this information is likely to result in competitive harm to Google, as it reveals Google's strategic decision-making, which, for example, could give a competitor or potential business partner unfair leverage in competing against or negotiating with Google. Moreover, Google's competitors could use this non-party information to unfairly target Google's developer partners.

29. **Ex. C to Zaken Declaration (P. Kochikar Dep. Tr.), page 133, lines 3-8 (from "Q" to end of sentence on line 8)**. This text contains confidential, non-public information regarding Google's contractual agreements and negotiations with non-party developers. Public disclosure of this information is likely to result in competitive harm to Google, as it reveals

1  Google's strategic decision-making, which, for example, could give a competitor or potential
2  business partner unfair leverage in competing against or negotiating with Google.  Moreover,
3  Google's competitors could use this non-party information to unfairly target Google's developer
4  partners.

5     30.    **Ex. C to Zaken Declaration (P. Kochikar Dep. Tr.), page 133, lines 10-13**
6  **(between "communications with" and "--or without")**.  This text reflects the identity of non-
7  party developers and implicates non-parties' confidentiality interests by revealing the identity of
8  those developers and suggesting the developers' confidential information, when the non-party
9  developers have a reasonable expectation of confidentiality.  Public disclosure of this information
10 could cause competitive harm to both these non-parties and to Google.  For example, Google's
11 competitors could use this information in their own commercial negotiations to obtain a
12 competitive advantage against Google with respect to deal terms.  With respect to the non-parties,
13 disclosure of their non-public, confidential discussions with Google could negatively affect their
14 relationships with Google and future business dealings.

15    31.    Because the public disclosure of the confidential material described above would
16 harm Google's competitive position in the marketplace, there is good cause and there are
17 compelling reasons to seal this material.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 4th day of November, 2022 in Wailea, Maui County, Hawaii.

*DocuSigned by:*
*Christian Cramer*
7BAAB145CA82413...

Christian Cramer