Paul J. Riehle (SBN 115199)
paul.riehle@faegredrinker.com
**FAEGRE DRINKER BIDDLE & REATH LLP**
Four Embarcadero Center, 27th Floor
San Francisco, CA 94111
Telephone: (415) 591-7500

Christine A. Varney (*pro hac vice*)
cvarney@cravath.com
**CRAVATH, SWAINE & MOORE LLP**
825 Eighth Avenue
New York, New York 10019
Telephone: (212) 474-1000

*Counsel for Plaintiff Epic Games, Inc.*

[Additional Counsel Appear on Signature Page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION**<br><br>THIS DOCUMENT RELATES TO:<br><br>*Epic Games, Inc. v. Google LLC et al.*, Case No. 3:20-cv-05671-JD | Case No. 3:21-md-02981-JD<br><br>**EPIC GAMES, INC.'S RESPONSE IN OPPOSITION TO GOOGLE'S ADMINISTRATIVE MOTION TO SEAL** |

Plaintiff Epic Games, Inc. ("Epic") submits this Response in Opposition to Google's Administrative Motion to File Under Seal ("Google Mot.") (ECF No. 369) and the Declaration of Christian Cramer in Support thereof ("Cramer Decl.") (ECF No. 369-1), filed on behalf of Defendants Google LLC et al. (collectively, "Google").[1] Google seeks to seal portions of Epic's and Match's Reply in Support of Motion to Amend Complaints (ECF No. 362), and supporting declarations and exhibits (together, "Reply").

Google previously filed a similar motion (ECF No. 352), seeking to seal portions of Epic's and Match's Notice of Motion and Motion to Amend Complaints (ECF No. 343), as well as supporting declarations and exhibits (together, "Motion to Amend"). Epic opposed Google's previous sealing efforts to the extent that Google failed to show compelling reasons for preventing the public from understanding the facts and allegations that form the basis of Epic's claims. (ECF No. 354.) Here, Google asks to seal substantially similar information. Its request should be denied for the same reasons previously set forth, and the reasons that follow.

## DISCUSSION

Google bears the burden of establishing "compelling reasons supported by specific factual findings, that outweigh the general history of access and the public policies favoring disclosure". *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006); (Google Mot. 1). It has not met that burden here. It asks to seal what it describes as "confidential, non-public information regarding Google's contractual agreements with non-party developers". But this information is not the type of confidential business information such as "trade secrets" or "pricing terms" that courts have held may be subject to sealing. *See Tevra Brands LLC v. Bayer HealthCare LLC*, No. 19-cv-04312 BLF, 2020 WL 1245352, at *2 (N.D. Cal. Mar. 16, 2020). It is instead core evidence of Google's effort to foreclose competition for app distribution on Android, including (i) Google's representation regarding the number of developers it enlisted in Project Hug, (ii) the counterparties to its Project Hug agreements and (iii) high-level testimony from Google witnesses explaining how the program worked. "Where, as here, the material to be sealed goes to the very heart of the suit" and

---

[1] All citations are to the MDL docket unless otherwise indicated.

includes "the allegedly anticompetitive practices [the plaintiff] challenges", "the public interest in access is especially great". *Id.*

*First*, Google seeks to seal a reference to the number of Project Hug developers as of a specific date.[2] This number is already public, because *Google itself disclosed the number* in its Opposition to Epic's and Match's Motion to Amend. (ECF No. 355 at 2 ("that question will need to be answered at least two dozen times, as Plaintiffs allege unlawful agreements between Google and 'at least' that many app developers").) Moreover, Epic's fully public First Amended Complaint stated Google targeted "over 20 top developers" with deals. (ECF No. 82 ¶ 128.) Google cannot claim confidentiality over information that is already in the public record. *See, e.g.*, *FTC v. AMG Servs., Inc.*, No. 2:12-cv-536-GMN-VCF, 2012 WL 3562027, at *2-3 (D. Nev. Aug. 15, 2012).

*Second*, Google seeks to seal the identities of developers that entered into agreements with Google as part of Project Hug.[3] It argues that the disclosure of this information "could cause competitive harm to both those non-parties and Google", because, for example, "Google's competitors could use this information in their own commercial negotiations to obtain a competitive advantage against Google with respect to deal terms". (ECF No. 369-1 ¶ 6.) This argument is insufficient. The names of Google's counterparties are not "deal terms"; and high-level descriptions of Project Hug agreements are already public, including that the targets of Project Hug were "major mobile app developers, such as Activision Blizzard". (ECF No. 82 ¶ 33.) Moreover, Google does not explain how disclosing the identities of the counterparties to its challenged agreements would harm Google's interests. Google cannot rely on "the unspecified interests of a non-party" as the conclusive basis for showing why Google itself would suffer harm, particularly where Google "do[es] not indicate [it] notified [the non-parties] and do[es] not explain why [most of the non-parties are] not pursuing this motion". *See Aerojet Rocketdyne, Inc. v. Glob. Aerospace, Inc.*, No. 2:17-cv-01515-KJM-AC, 2019 WL 8273956, at *2 (E.D. Cal. July 18, 2019). Because Google does not explain how any "specific interests overc[o]me the presumption of access by outweighing the public interest in

---

[2] Cramer Decl. ¶¶ 1, 9, 13, 19-20.
[3] Cramer Decl. ¶¶ 2-3, 5-6, 14-19, 30.

understanding the judicial process", this request should be denied. *Kamakana*, 447 F.3d at 1181 (citations and quotation marks omitted).

*Third*, Google asks to seal high-level testimony from its employees about how Project Hug worked.[4] As above, much of this information is already public. The basic premise of Project Hug was made public in Epic's First Amended Complaint, which describes Project Hug as Google's plan "to spend hundreds of millions of dollars on secret deals with over 20 top developers that were 'most at risk . . . of attrition from Play', in order to prevent these developers from competing with Google Play". (ECF No. 82 ¶ 128.) Other facts that were made public in Epic's First Amended Complaint include that Project Hug was authorized by top Google executives (*id.* ¶ 128), and that by December 2020, Google had signed deals "with the vast majority of the developers it targeted" (*id.*), thereby "allow[ing] Google to keep its monopolistic behavior publicly unchallenged" (*id.* ¶ 33). Because much of the information Google seeks to seal is described at a high level of generality, is already public and because it relates to Epic's core allegations of anticompetitive harm, Google has failed to show "compelling reasons" to seal. *See Tevra Brands*, 2020 WL 1245352, at *2.

## CONCLUSION

For the foregoing reasons, Epic submits that Google's request to seal portions of Epic's and Match's Reply filings should be denied.

---

[4] Cramer Decl. ¶¶ 4, 7-8, 10-17, 20-29.

Dated: November 8, 2022

Respectfully submitted,

By:    /s/ *Lauren A. Moskowitz*
        Lauren A. Moskowitz

**FAEGRE DRINKER BIDDLE & REATH LLP**

Paul J. Riehle (SBN 115199)
paul.riehle@faegredrinker.com

Four Embarcadero Center
San Francisco, California 94111
Telephone: (415) 591-7500
Facsimile: (415) 591-7510

**CRAVATH, SWAINE & MOORE LLP**

Christine A. Varney (*pro hac vice*)
cvarney@cravath.com
Katherine B. Forrest (*pro hac vice*)
kforrest@cravath.com
Gary A. Bornstein (*pro hac vice*)
gbornstein@cravath.com
Timothy G. Cameron (*pro hac vice*)
tcameron@cravath.com
Yonatan Even (*pro hac vice*)
yeven@cravath.com
Lauren A. Moskowitz (*pro hac vice*)
lmoskowitz@cravath.com
Justin C. Clarke (*pro hac vice*)
jcclarke@cravath.com
M. Brent Byars (*pro hac vice*)
mbyars@cravath.com
Michael J. Zaken (*pro hac vice*)
mzaken@cravath.com

825 Eighth Avenue
New York, New York 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

*Counsel for Plaintiff Epic Games, Inc.*