Brian C. Rocca, S.B. #221576
brian.rocca@morganlewis.com
Sujal J. Shah, S.B. #215230
sujal.shah@morganlewis.com
Michelle Park Chiu, S.B. #248421
michelle.chiu@morganlewis.com
Minna Lo Naranjo, S.B. #259005
minna.naranjo@morganlewis.com
Rishi P. Satia, S.B. #301958
rishi.satia@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
One Market, Spear Street Tower
San Francisco, CA 94105
Telephone: (415) 442-1000
Facsimile: (415) 422-1001

Richard S. Taffet, *pro hac vice*
richard.taffet@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
101 Park Avenue
New York, NY 10178
Telephone: (212) 309-6000
Facsimile: (212) 309-6001

*Counsel for Defendants*

Glenn D. Pomerantz, S.B. #112503
glenn.pomerantz@mto.com
Kuruvilla Olasa, S.B. #281509
kuruvilla.olasa@mto.com
**MUNGER, TOLLES & OLSON LLP**
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071
Telephone: (213) 683-9100

Kyle W. Mach, S.B. #282090
kyle.mach@mto.com
Justin P. Raphael, S.B. #292380
justin.raphael@mto.com
Emily C. Curran-Huberty, S.B. #293065
emily.curran-huberty@mto.com
Dane P. Shikman, S.B. #313656
dane.shikman@mto.com
**MUNGER, TOLLES & OLSON LLP**
560 Mission Street, Twenty Seventh Fl.
San Francisco, California 94105
Telephone: (415) 512-4000

Jonathan I. Kravis, *pro hac vice*
jonathan.kravis@mto.com **MUNGER,
TOLLES & OLSON LLP** 601
Massachusetts Ave. NW, Ste 500E
Washington, D.C. 20001
Telephone: (202) 220-1100

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION**<br><br>THIS DOCUMENT RELATES TO:<br><br>*Epic Games, Inc. v. Google LLC et al.*, Case No. 3:20-cv-05671-JD<br><br>*In re Google Play Consumer Antitrust Litigation*, Case No. 3:20-cv-05761-JD<br><br>*State of Utah et al. v. Google LLC et al.*, Case No. 3:21-cv-05227-JD<br><br>*Match Group, LLC et al. v. Google LLC et al.*, Case No. 3:22-cv-02746-JD | Case No. 3:21-md-02981-JD<br><br>**DECLARATION OF CHRISTIAN CRAMER IN SUPPORT OF JOINT OMNIBUS ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Judge:  Hon. James Donato |

I, Christian Cramer, declare as follows

A.      I am currently a Finance Director for Non-Party Google LLC (along with Google-affiliated entities, "Google").  I have been employed by Google since September 2007 and have held my current position since March 2017.  Over the course of my employment at Google, I have acquired personal knowledge of Google's practices and procedures concerning the maintenance of the confidentiality of its strategic, business, and marketing information.

B.      I submit this declaration in support of the Parties' Joint Omnibus Administrative Motion to File Under Seal filed on December 1, 2022 in *In re Google Play Store Antitrust Litigation,* Case No. 3:21-md-02981-JD, *Epic Games, Inc. v. Google LLC et al.*, Case No. 3:20-cv-05671-JD, *In re Google Play Consumer Antitrust Litigation*, Case No. 3:20-cv-05761-JD, *State of Utah et al. v. Google LLC et al.*, Case No. 3:21-cv-05227-JD, and *Match Group, LLC et al. v. Google LLC et al.*, Case No. 3:22-cv-02746-JD.

C.      The facts set forth in this declaration are true and correct to the best of my knowledge, information, and belief, and are based on my personal knowledge of Google's policies and practices as they relate to the treatment of confidential information, the materials that were provided to me and reviewed by me, and/or conversations with other knowledgeable employees of Google.  If called upon as a witness in this action, I could and would testify from my personal knowledge and knowledge acquired from sources with factual foundation.

D.      As a matter of routine practice and internal policy, Google and its employees strictly treat as confidential, *inter alia*, (i) internal, non-public financial information; (ii) non-public commercial proposals to third parties; (iii) non-public agreements with third parties; (iv) internal surveys and analyses of customer preferences, spending, revenue, market conditions, business strategy, competitive dynamics, and commercial opportunities; (v) non-public financial forecasts and business plans; (vi) trade secrets; (vii) personally identifying and sensitive personnel information pertaining to Google employees or shared by third parties in the course of

confidential negotiations; and (viii) other sensitive material that, if publicly disclosed, could

potentially enable Google's competitors to undermine Google's competitive position in the

marketplace, allow current or prospective business partners or counterparties to take unfair

advantage of Google in negotiations or other business affairs, violate Google's confidentiality

obligations to third parties, or otherwise prejudice Google's business interests.  In my experience

and to the best of my knowledge, Google does not disclose internal documents, data, or

information of this nature outside of the company, except to authorized third parties when so

required or permitted by law or contract.  To that end and in order to prevent inadvertent

revelation of this information to the public, Google has several policies in place like prohibiting

employees from accessing information beyond what is reasonably necessary to perform their

duties, limiting access to certain internal systems, permitting access to document databases on a

need-to-know basis, and requiring the use of an encrypted email system.  I am also aware that,

generally, Google employees are required to sign a confidentiality agreement requiring each

employee to keep information confidential, and shared only within the company.

E.      Third parties—including Google's customers, suppliers, business partners, and

others who interact or transact with Google in an array of contexts—entrust highly sensitive,

non-public, and confidential information to Google every day.  These third parties have an

expectation that Google can and will protect the confidentiality of that information.  In many

cases, Google is contractually bound to keep that information confidential.  In my experience and

to the best of my knowledge, Google does not disclose internal documents, data, or information

reflecting third parties' confidential information outside of the company, unless and only to the

extent it has been authorized (or is lawfully permitted or required) to do so.  Rather, as noted

above, Google policies and protocols are designed to ensure the confidentiality of third-party

material is strictly maintained.

DECLARATION OF CHRISTIAN CRAMER IN SUPPORT OF PARTIES' JOINT
OMNIBUS ADMINISTRATIVE MOTION TO FILE UNDER SEAL

F.       I understand that, in the Joint Omnibus Administrative Motion to File Under Seal, Google requests that the Court maintain the specific information identified below under seal. For the reasons stated below, this information is confidential and highly sensitive, and if publicly disclosed, could significantly prejudice Google's competitive position by harming Google's relationship with business partners, putting Google at unfair disadvantage in future business negotiations, and permitting Google's competitors to gain unfair advantage in competition with Google.

## Specific Information to Be Sealed

**Joint Proffer [Dkt. No. 257-01]**

**(Exhibit A)**

1.       **Page 5:13-16 (between "Platforms & Ecosystems) that" and "Exs. 13-25").** This text contains non-public and confidential information regarding an internal assessment of Google Play's business model and its impact on other parts of the business. This information reflects sensitive, highly confidential characterizations by Google's internal business teams that, if revealed, could be used by Google's competitors against it competitively.

**Joint Proffer – Exhibit 6 [Dkt. No. 257-07]**

**(Exhibit A1)**

2.       **Ex. 6 (Rosenberg Dep. Tr.), Page 126, Lines 12-16 (between "on June 7th about" and "and the Play Store").**  This text includes confidential and non-public information about Google's business partners and implicates non-parties' confidentiality interests, by revealing the identities of Google's business partners with respect to the Play Store. Those business partners are not parties to this litigation and have a reasonable expectation that Google will maintain the confidentiality of their dealings with it.

3.       **Ex. 6 (Rosenberg Dep. Tr.), Page 128, lines 8-10 (between "Play Store that" and "rev share on the Play Store"), and lines 20-21 (between "chat yesterday that" and "on**

**the Play Store").**  This text includes confidential and non-public information about Google's business partners and terms of their business dealings and negotiations with Google. This information thus implicates non-parties' confidentiality interests, by revealing the identities of Google's business partners with respect to the Play Store. Those business partners are not parties to this litigation and have a reasonable expectation that Google will maintain the confidentiality of their dealings and business term communications.

4. **Ex. 6 (Rosenberg Dep. Tr.), Page 129, lines 17-23 (between "says that" and end of sentence; between "that means that" and "in return for"; and between "in return for" and "is that what that means?").**  This text includes confidential and non-public information about Google's business partners and terms of their business dealings and negotiations with Google. This information thus implicates non-parties' confidentiality interests, by revealing the identities of Google's business partners with respect to the Play Store. Those business partners are not parties to this litigation and have a reasonable expectation that Google will maintain the confidentiality of their dealings and business term communications.

**Joint Proffer – Exhibit 8 [Dkt. No. 257-09]**

**(Exhibit A2)**

5. **Ex. 8 (Kolotouros Dep. Tr.), Page 396 (between "Do you know who" and "is"; between "is?" and "is an executive at"; between "is an executive at" and "in their mobile division."; between "messaged over Google Chats with" and "A. Yes."; and between "believe it is in a conversation you had with" and "and in this message it says").**  This text includes confidential and non-public information about Google's business partners and implicates non-parties' confidentiality interests, by revealing the identities of Google's business partners. Those business partners are not parties to this litigation and have a reasonable expectation that Google will maintain the confidentiality of their dealings with it.

**Joint Proffer – Exhibit 9 [Dkt. No. 257-10]**

**(Exhibit A3)**

6.      **Ex. 9 (Pimplapure Dep. Tr), Page 369, Line 7 (between "discussing your relationship and discussions with" and "correct?").**  This text includes confidential and non-public information about Google's business partners and terms of their business dealings with Google.  This information thus implicates non-parties' confidentiality interests, by revealing the identities of Google's business partners with respect to particular agreements.  Those business partners are not parties to this litigation and have a reasonable expectation that Google will maintain the confidentiality of their dealings and contractual arrangements.

**Joint Proffer – Exhibit 11 [Dkt. No. 257-12]**

**(Exhibit A4)**

7.      **Ex. 11 (GOOG-PLAY-005601967), Page 1 (between "Liderman ["and"]"; and between "Kleidermacher ["and"]").**  This text contains email addresses of individual Google employees. This personally identifying information is sensitive and not relevant to this Motion or this litigation.

8.      **Ex. 11 (GOOG-PLAY-005601967), Page 1 (between "been considered" and "Eugene Liderman, 2020-09-29 08:04:23"; between "08:08:07" and "should we continue"; between "off-play risk has" and "Dave Kleidermacher, 2020-09-29 08:09:35"; and between "with an MTD represent" and "of all AE devices").**  This text contains non-public and confidential information regarding Google Play's internal assessment of its strategic priorities and of app security. This information reflects sensitive, highly confidential characterizations by Google's internal business teams that, if revealed, could be referenced by potential counterparties in negotiations with Google to gain an unfair advantage against Google. The information also reflects non-public and confidential information about the share of Android devices with

malware. Disclosure of this information could be used by Google's competitors to inform their business strategies in a way that causes competitive harm to Google.

9.     **Ex. 11 (GOOG-PLAY-005601967), Page 2 (between "malware rates" and "could help sway"; and between "going to say that" and "Eugene Liderman").**  This text contains non-public and confidential information regarding Google Play's internal assessment of its strategic priorities and of app security. This information reflects sensitive, highly confidential characterizations by Google's internal business teams that, if revealed, could be referenced by potential counterparties in negotiations with Google to gain an unfair advantage against Google. The information also reflects non-public and confidential information about the share of Android devices with malware. Disclosure of this information could be used by Google's competitors to inform their business strategies in a way that causes competitive harm to Google.

**Joint Proffer – Exhibit 12 [Dkt. No. 257-13]**

**(Exhibit A5)**

10.     **Ex. 12 (GOOG-PLAY-004455818), Page 1 (between "Wojcicki["and"]"; and between "Lockheimer ["and"]").**  This text contains email addresses of individual Google employees. This personally identifying information is sensitive and not relevant to this Motion or this litigation.

11.     **Ex. 12 (GOOG-PLAY-004455818), Page 1 (between "process was subverted" and "Susan Wojcicki, 2020-06-22 17:48:01"; and between "2020-06-22 17:48:46" and "Susan Wojcicki, 2020-06-22 17:55:52).**  This text contains non-public and confidential information regarding an internal assessment of Google Play's business model and its impact on other parts of the business. This information reflects sensitive, highly confidential characterizations by Google's internal business teams that, if revealed, could be used by Google's competitors against it to gain an unfair competitive advantage as to various Google business units.

DECLARATION OF CHRISTIAN CRAMER IN SUPPORT OF PARTIES' JOINT
OMNIBUS ADMINISTRATIVE MOTION TO FILE UNDER SEAL

12.     **Ex. 12 (GOOG-PLAY-004455818), Page 1 (between "who I did say I would get back to" and "I emailed him saying").** This text refers to a third party's medical information. The third party is not a party to this litigation and has a reasonable expectation that their medical information will not be disclosed. This information accordingly should be redacted to protect that third party's privacy.

13.     **Ex. 12 (GOOG-PLAY-004455818), Page 1 (between "2020-06-22 21:10:32" and end of page).** This text contains non-public and confidential information regarding an internal assessment of Google Play's business model and its impact on other parts of the business. This information reflects sensitive, highly confidential characterizations by Google's internal business teams that, if revealed, could be used by Google's competitors against it to gain an unfair competitive advantage as to various Google business units.

14.     **Ex. 12 (GOOG-PLAY-004455818), Page 2 (between "allowed to take off 2 days" and "Susan Wojcicki, 2020-06-22 21 :11 :37"; and between "when did anyone say Scott can&#39;t" and "Susan Wojcicki, 2020-06-22 21 :11 : 55").** This text refers to a third party's medical information. The third party is not a party to this litigation and has a reasonable expectation that their medical information will not be disclosed. This information accordingly should be redacted to protect that third party's privacy.

15.     **Ex. 12 (GOOG-PLAY-004455818), Page 3 (between "you and I never met and" and "Susan Wojcicki, 2020-06-22 21:14:55," between "what may be lost here" and "Susan Wojcicki, 2020-06-22 21:15:09"; between "do with our HC" and "Susan Wojcicki, 2020-06-22 21:21:11"; between "BTW" and "I&#39;m fully aware of that"; between "keep in mind" and "Anyway, let&#39;s discuss"; and between "I understand if" and "Susan Wojcicki, 2020-06-22 21:24:20").** This text contains non-public and confidential information regarding an internal assessment of Google Play's business model and its impact on other parts of the business. This information reflects sensitive, highly confidential characterizations by

DECLARATION OF CHRISTIAN CRAMER IN SUPPORT OF PARTIES' JOINT
OMNIBUS ADMINISTRATIVE MOTION TO FILE UNDER SEAL

Google's internal business teams that, if revealed, could be used by Google's competitors against it to gain an unfair competitive advantage as to various Google business units.

**Joint Proffer – Exhibit 13 [Dkt. No. 257-14]**

**(Exhibit A6)**

16.     **Ex. 13 (GOOG-PLAY-000087767), Page 1 (between "Borchers["and"]"; and between "Rosenberg ["and"]").**  This text contains email addresses of individual Google employees. This personally identifying information is sensitive and not relevant to this Motion or this litigation.

**Joint Proffer – Exhibit 14 [Dkt. No. 257-15]**

**(Exhibit A7)**

17.     **Ex. 14 (GOOG-PLAY-00035866), Page 1 (between "Lim ["and"]"; and between "Kochikar[" and end of "To:" list).**  This text contains email addresses of individual Google employees. This personally identifying information is sensitive and not relevant to this Motion or this litigation.

18.     **Ex. 14 (GOOG-PLAY-00035866), Page 1 (between "reflect the" and "convo we just had"; between "engage with" and "<br>"; between "to your proposal" and "for reference, I think this"; between "made it unclear if" and "<br>" between "what this means for" and end of sentence; and between "the intent is that" and end of sentence; between "4." and end of sentence).**  This text contains confidential, non-public information regarding a non-party developer, and implicates the non-party's confidentiality interests, by revealing the identity of a Google business partner who is not party to this litigation, and who has a reasonable expectation that Google will maintain the confidentiality of contractual terms and its own confidential statements made during negotiations. Further, disclosure of this non-public information is likely to result in competitive harm to Google, as it reveals Google's internal strategic decision-making, which, for example, could give a competitor or potential business

1   partner unfair leverage in competing against or negotiating with Google. Moreover, Google's

2   competitors could use this non-party information to unfairly target Google's developer partners.

3       19.    **Ex. 14 (GOOG-PLAY-000-353866), Page 1 (between "lgtm. With one caveat"**

4   **and end of following sentence)**.  This text contains confidential, non-public information

5   regarding a non-party developer, and implicates the non-party's confidentiality interests, by

6   revealing the identity of a Google business partner who is not party to this litigation, and who has

7   a reasonable expectation that Google will maintain the confidentiality of contractual terms and

8   its own confidential statements made during negotiations. Further, disclosure of this non-public

9   information is likely to result in competitive harm to Google, as it reveals Google's internal

10   strategic decision-making, which, for example, could give a competitor or potential business

11   partner unfair leverage in competing against or negotiating with Google. Moreover, Google's

12   competitors could use this non-party information to unfairly target Google's developer partners.

13   **Joint Proffer – Exhibit 15 [Dkt. No. 257-16]**

14   **(Exhibit A8)**

15       20.    **Ex. 15 (GOOG-PLAY-000522209), Page 1 (between "Gambhir["and"]"; and**

16   **between "Marchak ["and end of "To:" line).**  This text contains email addresses of individual

17   Google employees. This personally identifying information is sensitive and not relevant to this

18   Motion or this litigation.

19   **Joint Proffer – Exhibit 16 [Dkt. No. 257-17]**

20   **(Exhibit A9)**

21       21.    **Ex. 16 (GOOG-PLAY-001956162), Page 1 (between "Kolotouros["and"]";**

22   **and between "Kan["and end of "To:" line).**  This text contains email addresses of individual

23   Google employees. This personally identifying information is sensitive and not relevant to this

24   Motion or this litigation.

25

**Joint Proffer – Exhibit 17 [Dkt. No. 257-18]**

**(Exhibit A10)**

22.      **Ex. 17 (GOOG-PLAY-007981137), Page 1 (between "Kim ["and"]"; and between "Pimplapure ["and end of "To:" line).**  This text contains email addresses of individual Google employees. This personally identifying information is sensitive and not relevant to this Motion or this litigation.

**Joint Proffer – Exhibit 18 [Dkt. No. 257-19]**

**(Exhibit A11)**

23.      **Ex. 18 (GOOG-PLAY-008706724), Page 1 (between "Herring["and"]"; and between "Porat ["and end of "To:" line).**  This text contains email addresses of individual Google employees. This personally identifying information is sensitive and not relevant to this Motion or this litigation.

24.      **Ex. 18 (GOOG-PLAY-008706724), Page 1 (between 11:06:49 and end of message; between 11:07:50 and "Ruth Porat, 2019-06-20 11:12:49"; and between "materializing" and "Ruth Porat, 2019-06-20 11:15:00").**  This text contains non-public and confidential information regarding Google Play's internal assessment of its strategic priorities and negotiating approach to third-parties. Disclosure of this information could be used by Google's competitors to inform their business strategies in a way that causes competitive harm to Google. Specifically, this information reflects sensitive, highly confidential characterizations by Google's internal business teams that, if revealed, could be referenced by potential counterparties in negotiations with Google to gain an unfair advantage against Google.

**Joint Proffer – Exhibit 19 [Dkt. No. 257-20]**

**(Exhibit A12)**

25.      **Ex. 19 (GOOG-PLAY-009909795), Page 1 (between "From:" and end of line; between "To:" and end of line; and, for each message on page, between bullet point and**

**start of timestamp).** This text contains email addresses of individual Google employees. This personally identifying information is sensitive and not relevant to this Motion or this litigation.

**Joint Proffer – Exhibit 20 [Dkt. No. 257-21]**

**(Exhibit A13)**

26. **Ex. 20 (GOOG-PLAY-009911168), Page 1 (between "From:" and end of line; between "To:" and end of line; and, for each message on page, between bullet point and start of timestamp).** This text contains email addresses of individual Google employees. This personally identifying information is sensitive and not relevant to this Motion or this litigation.

27. **Ex. 20 (GOOG-PLAY-009911168), Page 1 (between "2020-06-18T18:17:14.646Z" and "has reduced their"; between "marketing of the" and "limiting it"; between "if we think" and "would go bigger"; and between "exploring with them if" and "is interested").** This text describes Google's internal, confidential, and current non-public thinking regarding its business strategy and its relationship with business partners. The text also evaluates various strategies and business motives of those partners and Google's internal assessment of the impact on Google and the relationship. The text also reveals those partners' names. If publicly revealed, this information could allow Google's competitors to alter their strategies and business models in order to gain an unfair advantage against it, as well as give business partners information they could unfairly leverage in negotiations with Google.

28. **Ex. 20 (GOOG-PLAY-009911168), Page 2 (between "is mostly about" and "2020-06-18T18:35:54.625Z"; "OK to leave" and "out of the agreement").** This text describes Google's internal, confidential, and current non-public thinking regarding its business strategy and its relationship with business partners. The text also evaluates various strategies and business motives of those partners and Google's internal assessment of the impact on Google and the relationship. The text also reveals those partners' names. If publicly revealed, this information could allow Google's competitors to alter their strategies and business models in

1   order to gain an unfair advantage against it, as well as give business partners information they

2   could unfairly leverage in negotiations with Google.

3       29.    **Ex. 20 (GOOG-PLAY-009911168), Page 2 (between "why is this just an issue**

4   **for" and "2020-06-18T18:55:28.961Z"; between "FWIW" and "is also substantially"; "2020-**

5   **06-18T18:58:08.881Z" and "solution has revenue"; and between "2020-06-**

6   **18T19:15:07.155Z" and "2020-06-18T19:19:27.459Z").**  This text describes Google's internal,

7   confidential, and current non-public thinking regarding its business strategy and its relationship

8   with business partners. The text also evaluates various strategies and business moves of those

9   partners and Google's internal assessment of the impact on Google and the relationship. The text

10  also reveals those partners' names. If publicly revealed, this information could allow Google's

11  competitors to alter their strategies and business models in order to gain an unfair advantage

12  against it, as well as give business partners information they could unfairly leverage in

13  negotiations with Google.

14      30.    **Ex. 20 (GOOG-PLAY-009911168), Page 3 (between "we can partner. Since"**

15  **and "we've floated 3"; between "joint meeting with" and "but we've landed nowhere";**

16  **between "differentiation to" and "is going to be"; between "coming in asking for" and**

17  **"2020-06-18T20:12:57.887Z"; and between "100 people to go to" and "2020-06-**

18  **18T21:48:38.739Z").**  This text describes Google's internal, confidential, and current non-public

19  thinking regarding its business strategy and its relationship with business partners. The text also

20  evaluates various strategies and business moves of those partners and Google's internal

21  assessment of the impact on Google and the relationship. The text also reveals those partners'

22  names. If publicly revealed, this information could allow Google's competitors to alter their

23  strategies and business models in order to gain an unfair advantage against it, as well as give

24  business partners information they could unfairly leverage in negotiations with Google.

25

DECLARATION OF CHRISTIAN CRAMER IN SUPPORT OF PARTIES' JOINT
OMNIBUS ADMINISTRATIVE MOTION TO FILE UNDER SEAL

31.     **Ex. 20 (GOOG-PLAY-009911168), Page 4 (between "how much influence" and "has on the decisionmaking"; between "challenge esp with" and "it is not an equal playing field"; between "support provided by" and "This combined"; and between "leading to a" and "I will ping you").**  This text describes Google's internal, confidential, and current non-public thinking regarding its business strategy and its relationship with business partners. The text also evaluates various strategies and business moves of those partners and Google's internal assessment of the impact on Google and the relationship. The text also reveals those partners' names. If publicly revealed, this information could allow Google's competitors to alter their strategies and business models in order to gain an unfair advantage against it, as well as give business partners information they could unfairly leverage in negotiations with Google.

**Joint Proffer – Exhibit 21 [Dkt. No. 257-22]**

**(Exhibit A14)**

32.     **Ex. 21 (GOOG-PLAY-009919077), Page 1 (between "From:" and end of line; between "To:" and end of line; and, for each message on page, between bullet point and start of timestamp).**  This text contains email addresses of individual Google employees. This personally identifying information is sensitive and not relevant to this Motion or this litigation.

**Joint Proffer – Exhibit 22 [Dkt. No. 257-23]**

**(Exhibit A15)**

33.     **Ex. 22 (GOOG-PLAY-009919155), Page 1 (between "From:" and end of line; between "To:" and end of line; and, for each message on page, between bullet point and start of timestamp).**  This text contains email addresses of individual Google employees. This personally identifying information is sensitive and not relevant to this Motion or this litigation.

**Joint Proffer – Exhibit 23 [Dkt. No. 257-24]**

**(Exhibit A16)**

34.    **Ex. 23 (GOOG-PLAY-003600774), Page 1 (between "Chu ["and"]"; and between "Gupta ["and end of "To:" line).**  This text contains email addresses of individual Google employees. This personally identifying information is sensitive and not relevant to this Motion or this litigation.

35.    **Ex. 23 (GOOG-PLAY-003600774), Page 2 (between "this is all about" and "They could have"; between "same category as" and "They worry"; between "that if they" and "Eric Chu, 2020-05-28 11:57:19"; between "protecting" and Prachi Gupta, 2020-05-28 11:58:18"; between "regarding" and "i don&#39;t see"; and between "world where we" to "Eric Chu, 2020-05-28 12: 05: 22").**  This text contains non-public and confidential information regarding an internal assessment of Google Play's business model and its impact on other parts of the business. This information reflects sensitive, highly confidential characterizations by Google's internal business teams that, if revealed, could be used by Google's competitors against it to gain an unfair competitive advantage as to various Google business units.

**Joint Proffer – Exhibit 24 [Dkt. No. 257-25]**

**(Exhibit A17)**

36.    **Ex. 24 (GOOG-PLAY-000855825), Page 1 (between "Kolotouros ["and"]"; and between "Indonie ["and end of "To:" line).** This text contains email addresses of individual Google employees. This personally identifying information is sensitive and not relevant to this Motion or this litigation.

**Joint Proffer – Exhibit 25 [Dkt. No. 257-26]**

**(Exhibit A18)**

37.    **Ex. 25 (GOOG-PLAY-010077571), Page 1 (between "Lee ["and"]"; and between "To:" and end of "To:" line).**  This text contains email addresses of individual Google

1   employees. This personally identifying information is sensitive and not relevant to this Motion or

2   this litigation.

**Joint Proffer – Exhibit 30 [Dkt. No. 257-30]**

**(Exhibit A19)**

5        38.    **Ex. 30 (B. Rocca Letter to L. Moskowitz), Page 4, fourth section (between**

6   **beginning of bolded header and "Contracts"; between "agreements between" and ",**

7   **because the individuals"; between "responsible for negotiating the" and "are custodians in**

8   **either"; between "relating to" and "agreements that were collected"; and between**

9   **"agreements between" and ". Google also reserves").**  This text contains confidential, non-

10  public information regarding Google's agreements with non-party developers. Disclosure of this

11  non-public information is likely to result in competitive harm to Google, as it reveals strategic

12  decision-making which, for example, could give a competitor or potential business partner unfair

13  leverage in competing against or negotiating with Google. Moreover, Google's competitors

14  could use this non-party information to unfairly target Google's developer partners and offer

15  specific deal terms designed to undercut those offered by Google.

16       39.    **Ex. 30 (B. Rocca Letter to L. Moskowitz), Page 4, heading 5 (from beginning**

17  **of heading to "Agreement").**  This text contains confidential, non-public information regarding

18  a non-party developer, and implicates the non-party's confidentiality interests, by revealing the

19  identity of a Google business partner who is not party to this litigation, and who has a reasonable

20  expectation that Google will maintain the confidentiality of contractual terms and its own

21  confidential statements made during negotiations. Further, disclosure of this non-public

22  information is likely to result in competitive harm to Google, as it reveals strategic decision-

23  making, which, for example, could give a competitor or potential business partner unfair

24  leverage in competing against or negotiating with Google. Moreover, Google's competitors

25  could use this non-party information to unfairly target Google's developer partners.

DECLARATION OF CHRISTIAN CRAMER IN SUPPORT OF PARTIES' JOINT
OMNIBUS ADMINISTRATIVE MOTION TO FILE UNDER SEAL

40.     **Ex. 30 (B. Rocca Letter to L. Moskowitz), Page 5 (from "example of an email referencing a" to "NDA").**   This text contains confidential, non-public information regarding a non-party developer, and implicates the non-party's confidentiality interests, by revealing the identity of a Google business partner who is not party to this litigation, and who has a reasonable expectation that Google will maintain the confidentiality of contractual terms and its own confidential statements made during negotiations. Further, disclosure of this non-public information is likely to result in competitive harm to Google, as it reveals strategic decision-making, which, for example, could give a competitor or potential business partner unfair leverage in competing against or negotiating with Google. Moreover, Google's competitors could use this non-party information to unfairly target Google's developer partners.

41.     **Ex. 30 (B. Rocca Letter to L. Moskowitz), Page 6, para. 4 (between "signing party for" and "agreements is"; between "agreements is" and end of sentence; and between "has been produced for" and end of sentence).**   This text contains confidential, non-public information regarding a non-party developer, and implicates the non-party's confidentiality interests, by revealing the identity of a Google business partner who is not party to this litigation, and who has a reasonable expectation that Google will maintain the confidentiality of contractual terms and its own confidential statements made during negotiations. Further, disclosure of this non-public information is likely to result in competitive harm to Google, as it reveals strategic decision-making, which, for example, could give a competitor or potential business partner unfair leverage in competing against or negotiating with Google. Moreover, Google's competitors could use this non-party information to unfairly target Google's developer partners.

42.     **Ex. 30 (B. Rocca Letter to L. Moskowitz), Page 7, paragraph 1 (between "(1)" and "(GOOG-"; between "(2)" and "(GOOG-"; between "(3)" and "(GOOG-"; and between "(4)" and "(GOOG-").**   This text reflects the identity of non-party developers and the existence of confidential commercial agreements with those developers. Public disclosure of this

information could cause competitive harm to both those non-parties and to Google. For example, Google's competitors could use this information in their own commercial negotiations to obtain a competitive advantage against Google with respect to deal terms. With respect to the non-parties, disclosure of their non-public, confidential agreements with Google could negatively affect their relationship with Google and future business dealings.

43.     **Ex. 30 (B. Rocca Letter to L. Moskowitz), Ex. C, Entire Table.**  This table lists the names of non-party developers and reflects the existence of confidential commercial agreements with those developers. Public disclosure of this information could cause competitive harm to both those non-parties and to Google. For example, Google's competitors could use this information in their own commercial negotiations to obtain a competitive advantage against Google with respect to deal terms. With respect to the non-parties, disclosure of their non-public, confidential agreements with Google could negatively affect their relationship with Google and future business dealings.

44.     **Ex. 30 (B. Rocca Letter to L. Moskowitz), Ex. D, Entire Table.**  This table lists the names of non-party developers and reflects the existence of confidential commercial agreements with those developers. Public disclosure of this information could cause competitive harm to both those non-parties and to Google. For example, Google's competitors could use this information in their own commercial negotiations to obtain a competitive advantage against Google with respect to deal terms. With respect to the non-parties, disclosure of their non-public, confidential agreements with Google could negatively affect their relationship with Google and future business dealings.

**Joint Proffer – Exhibit 31 [Dkt. No. 257-31]**

**(Exhibit A20)**

45.     **Ex. 07 (GOOG-PLAY-005576717), Page 1 (between "Herring ["and"]"; and between "Cramer ["and end of "To:" line).**  This text contains email addresses of

individual Google employees. This personally identifying information is sensitive and not

relevant to this Motion or this litigation.

46.     **Ex. 07 (GOOG-PLAY-005576717), Page 1 (between "in Q2 alone" and "see earnings prep").**  This texts reveals non-public information regarding revenue and revenue

growth figures for Google Play. Google does not publicly break out its revenues or profits for

Google Play as it is revealed in this statement, as such disclosures would reveal important and

confidential information to competitors and counterparties regarding Google Play. This

information has never been disclosed publicly, and disclosure would severely and adversely

impact Google's ability to negotiate agreements in the future. If revealed to competitors and

potential business counterparties, they could use this non-public and confidential information to

disadvantage Google in marketing and in negotiations. For example, if a potential counterparty

were to have visibility into the strength, or weakness, of Google Play, it could use that

information as leverage in negotiations with Google and with Google's competitors. In addition,

material, non-public, sensitive financial information may not be (and need not be) consistent

with generally accepted accounting principles or Google's public financial filings. Therefore,

revealing this revenue and profit data publicly can be misleading for investors and other parties

and lead to inappropriate inferences to the performance of this and other parts of Google's

business.

**Joint Proffer – Exhibit 32 [Dkt. No. 257-32]**

**(Exhibit A21)**

47.     **Ex. 32 (GOOG-PLAY-009910540), Page 1 (between "From:" and end of line; between "To:" and end of line; and, for each message on page, between bullet point and start of timestamp).**  This text contains email addresses of individual Google employees. This

personally identifying information is sensitive and not relevant to this Motion or this litigation.

48.    **Ex. 32 (GOOG-PLAY-009910540), Page 1 (between "is about" and "https:screenshot"; between "we do about" and "disables"; and between "disables and" and "warnings depending).**  This text reflects Google's non-public, competitively sensitive, and current internal information about the number and percentage of warnings versus disables. Disclosure of that information could harm Google competitively by allowing competitors to use this information to alter their business strategies, and allow developers to also alter their business strategies in light of these figures.

**Joint Proffer – Exhibit 33 [Dkt. No. 257-33]**

**(Exhibit A22)**

49.    **Ex. 33 (GOOG-PLAY-010510806) Page 1 (between "From:" and end of line; between "To:" and end of line; and, for each message on page, between bullet point and start of timestamp).**  This text contains email addresses of individual Google employees. This personally identifying information is sensitive and not relevant to this Motion or this litigation.

**Joint Proffer – Exhibit 34 [Dkt. No. 257-34]**

**(Exhibit A23)**

50.    **Ex. 34 (GOOG-PLAY-010510810), Page 1 (between "From:" and end of line; between "To:" and end of line; and, for each message on page, between bullet point and start of timestamp).**  This text contains email addresses of individual Google employees. This personally identifying information is sensitive and not relevant to this Motion or this litigation.

51.    **Ex. 34 (GOOG-PLAY-010510810), Page 1-2 (between "2021-02-01T19:18:14.132-06:00" and "2021-02-01T19:18:23.899-06:00"; between "did you hear that on" and "No I actually use Android,"; and between "10pm on" and "with elon musk.").**  This text includes confidential and non-public information about developers who partner with Google. Specifically, the text reveals details about a developer's requests and strategy around their app and their negotiations with Google around that strategy. This information thus

1   implicates non-parties' confidentiality interests, by revealing the identities of Google's business

2   partners with respect to the Play Store and the details of their business strategies. Those business

3   partners are not parties to this litigation and have a reasonable expectation that Google will

4   maintain the confidentiality of their dealings and business communications.

**Joint Proffer – Exhibit 35 [Dkt. No. 257-35]**

**(Exhibit A24)**

7   52.   **Ex. 35 (GOOG-PLAY-005601967), Page 1 (between "Liderman ["and"]";**
**and between "Kleidermacher ["and end of "To:" line).**  This text contains email addresses of

9   individual Google employees. This personally identifying information is sensitive and not

10  relevant to this Motion or this litigation.

11  53.   **Ex. 35 (GOOG-PLAY-005601967), Page 1 (between "been considered" and**
**"Eugene Liderman, 2020-09-29 08:04:23"; between "08:08:07" and "should we continue";**
**between "off-play risk has" and "Dave Kleidermacher, 2020-09-29 08:09:35"; and between**
**"with an MTD represent" and "of all AE devices").**  This text contains non-public and

15  confidential information regarding Google Play's internal assessment of its strategic priorities

16  and of app security. This information reflects sensitive, highly confidential characterizations by

17  Google's internal business teams that, if revealed, could be referenced by potential counterparties

18  in negotiations with Google to gain an unfair advantage against Google. The information also

19  reflects non-public and confidential information about the share of Android devices with

20  malware. Disclosure of this information could be used by Google's competitors to inform their

21  business strategies in a way that causes competitive harm to Google.

**Joint Proffer – Exhibit 36 [Dkt. No. 257-36]**

**(Exhibit A25)**

24  54.   **Ex. 36 (GOOG-PLAY-003930716), Page 1 (between "Izmit ["and"]"; and**
**between "Bankhead ["and end of "To:" line).**  This text contains email addresses of individual

Google employees. This personally identifying information is sensitive and not relevant to this Motion or this litigation.

## Motion for Sanctions [Dkt. No. 349]

### (Exhibit B)

55. **Page 3, lines 10-11 (between "including" and ", about relevant matters").** This text contains confidential, non-public information regarding Google's agreements with non-party developers. Disclosure of this non-public information is likely to result in competitive harm to Google, as it reveals strategic decision-making which, for example, could give a competitor or potential business partner unfair leverage in competing against or negotiating with Google. Moreover, Google's competitors could use this non-party information to unfairly target Google's developer partners and offer specific deal terms designed to undercut those offered by Google.

56. **Page 9, lines 9-14 (between "popular apps" and ", YouTube)"; between "warns" and "Engineering"; and between "that" and end of sentence).** This text contains non-public information regarding confidential business strategies within Google. This information has never been disclosed publicly, and disclosure would severely and adversely impact Google's ability to negotiate agreements with third parties in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Google in marketing and in negotiations.

## Motion for Sanctions – Exhibit 1 [Dkt. No. 349-2]

### (Exhibit B1)

57. **Ex. 01 (B. Rocca Letter to L. Moskowitz), Page 4, fourth section (between beginning of bolded header and "Contracts"; between "agreements between" and ", because the individuals"; between "responsible for negotiating the" and "are custodians in either"; between "relating to" and "agreements that were collected"; and between "agreements between" and ". Google also reserves").** This text contains confidential, non-

public information regarding Google's agreements with non-party developers. Disclosure of this non-public information is likely to result in competitive harm to Google, as it reveals strategic decision-making which, for example, could give a competitor or potential business partner unfair leverage in competing against or negotiating with Google. Moreover, Google's competitors could use this non-party information to unfairly target Google's developer partners and offer specific deal terms designed to undercut those offered by Google.

58.     **Ex. 01 (B. Rocca Letter to L. Moskowitz), Page 4, heading 5 (from beginning of heading to "Agreement").**  This text contains confidential, non-public information regarding a non-party developer, and implicates the non-party's confidentiality interests, by revealing the identity of a Google business partner who is not party to this litigation, and who has a reasonable expectation that Google will maintain the confidentiality of contractual terms and its own confidential statements made during negotiations. Further, disclosure of this non-public information is likely to result in competitive harm to Google, as it reveals strategic decision-making, which, for example, could give a competitor or potential business partner unfair leverage in competing against or negotiating with Google. Moreover, Google's competitors could use this non-party information to unfairly target Google's developer partners.

59.     **Ex. 01 (B. Rocca Letter to L. Moskowitz), Page 5 (from "example of an email referencing a" to "NDA").**  This text contains confidential, non-public information regarding a non-party developer, and implicates the non-party's confidentiality interests, by revealing the identity of a Google business partner who is not party to this litigation, and who has a reasonable expectation that Google will maintain the confidentiality of contractual terms and its own confidential statements made during negotiations. Further, disclosure of this non-public information is likely to result in competitive harm to Google, as it reveals strategic decision-making, which, for example, could give a competitor or potential business partner unfair

1  leverage in competing against or negotiating with Google. Moreover, Google's competitors

2  could use this non-party information to unfairly target Google's developer partners.

3      60.    **Ex. 01 (B. Rocca Letter to L. Moskowitz), Page 6, para. 4 (between "signing**

4  **party for" and "agreements is"; between "agreements is" and end of sentence; and between**

5  **"has been produced for" and end of sentence).**  This text contains confidential, non-public

6  information regarding a non-party developer, and implicates the non-party's confidentiality

7  interests, by revealing the identity of a Google business partner who is not party to this litigation,

8  and who has a reasonable expectation that Google will maintain the confidentiality of contractual

9  terms and its own confidential statements made during negotiations. Further, disclosure of this

10 non-public information is likely to result in competitive harm to Google, as it reveals strategic

11 decision-making, which, for example, could give a competitor or potential business partner

12 unfair leverage in competing against or negotiating with Google. Moreover, Google's

13 competitors could use this non-party information to unfairly target Google's developer partners.

14     61.    **Ex. 01 (B. Rocca Letter to L. Moskowitz), Page 7, paragraph 1 (between**

15 **"(1)" and "(GOOG-"; between "(2)" and "(GOOG-"; between "(3)" and "(GOOG-"; and**

16 **between "(4)" and "(GOOG-").**  This text reflects the identity of non-party developers and the

17 existence of confidential commercial agreements with those developers. Public disclosure of this

18 information could cause competitive harm to both those non-parties and to Google. For example,

19 Google's competitors could use this information in their own commercial negotiations to obtain

20 a competitive advantage against Google with respect to deal terms. With respect to the non-

21 parties, disclosure of their non-public, confidential agreements with Google could negatively

22 affect their relationship with Google and future business dealings.

23     62.    **Ex. 01-C, Entire Table.**  This table lists the names of non-party developers and

24 reflects the existence of confidential commercial agreements with those developers. Public

25 disclosure of this information could cause competitive harm to both those non-parties and to

DECLARATION OF CHRISTIAN CRAMER IN SUPPORT OF PARTIES' JOINT
OMNIBUS ADMINISTRATIVE MOTION TO FILE UNDER SEAL

1  Google. For example, Google's competitors could use this information in their own commercial

2  negotiations to obtain a competitive advantage against Google with respect to deal terms. With

3  respect to the non-parties, disclosure of their non-public, confidential agreements with Google

4  could negatively affect their relationship with Google and future business dealings.

5  63.  **Ex. 01-D**, **Entire Table.**  This table lists the names of non-party developers and

6  reflects the existence of confidential commercial agreements with those developers. Public

7  disclosure of this information could cause competitive harm to both those non-parties and to

8  Google. For example, Google's competitors could use this information in their own commercial

9  negotiations to obtain a competitive advantage against Google with respect to deal terms. With

10  respect to the non-parties, disclosure of their non-public, confidential agreements with Google

11  could negatively affect their relationship with Google and future business dealings.

12  **Motion for Sanctions – Exhibit 3 [Dkt. No. 349-2]**

13  **(Exhibit B2)**

14  64.  **Ex. 03 (Rosenberg Dep. Tr.), Page 128, lines 8-10 (between "Play Store that"**

15  **and "rev share on the Play Store"), and lines 20-21 (between "chat yesterday that" and "on**

16  **the Play Store").**  This text reflects the identity of a non-party developer, the substance of

17  commercially sensitive discussions relating to that developer's business strategy, discussion of a

18  confidential commercial agreement with that developer, and specific deal terms and financial

19  considerations associated with those negotiations. Public disclosure of this information could

20  cause competitive harm to both this non-party and to Google. For example, Google's competitors

21  could use this information in their own commercial negotiations to obtain a competitive

22  advantage against Google with respect to deal terms. With respect to the non-party, disclosure of

23  their non-public, confidential discussions with Google could negatively affect their relationship

24  with Google and future business dealings.

25

65.     **Ex. 03 (Rosenberg Dep. Tr.), Page 129, lines 17-23 (between "says that" and end of sentence; between "that means that" and "in return for"; and between "in return for" and "is that what that means?").**  This text reflects the identity of a non-party developer, the substance of commercially sensitive discussions relating to that developer's business strategy, discussion of a confidential commercial agreement with that developer, and specific deal terms and financial considerations associated with those negotiations. Public disclosure of this information could cause competitive harm to both this non-party and to Google. For example, Google's competitors could use this information in their own commercial negotiations to obtain a competitive advantage against Google with respect to deal terms. With respect to the non-party, disclosure of their non-public, confidential discussions with Google could negatively affect their relationship with Google and future business dealings.

**Motion for Sanctions – Exhibit 6 [Dkt. No. 349-2]**

**(Exhibit B3)**

66.     **Ex. 06 (Mattson Dep. Tr.), Page 11, lines 12-20 (between "Q" and end of sentence ending at line 20).**  This text identifies the home address of a current Google employee, and no public interest is served by the public disclosure of this sensitive, personal information. This employee has a reasonable expectation of privacy that would be infringed upon if this information were to be made public.

**Motion for Sanctions – Exhibit 7 [Dkt. No. 349-2]**

**(Exhibit B4)**

67.     **Ex. 07 (GOOG-PLAY-005576717), Page 1 (between "Herring ["and"]"; and between "Cramer ["and end of "To:" line).**  This text contains email addresses of individual Google employees. This personally identifying information is sensitive and not relevant to this Motion or this litigation.

68.     **Ex. 07 (GOOG-PLAY-005576717), Page 1 (between "in Q2 alone" and "see earnings prep").**  This texts reveals non-public information regarding revenue and revenue growth figures for Google Play. Google does not publicly break out its revenues or profits for Google Play as it is revealed in this statement, as such disclosures would reveal important and confidential information to competitors and counterparties regarding Google Play. This information has never been disclosed publicly, and disclosure would severely and adversely impact Google's ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Google in marketing and in negotiations. For example, if a potential counterparty were to have visibility into the strength, or weakness, of Google Play, it could use that information as leverage in negotiations with Google and with Google's competitors. In addition, material, non-public, sensitive financial information may not be (and need not be) consistent with generally accepted accounting principles or Google's public financial filings. Therefore, revealing this revenue and profit data publicly can be misleading for investors and other parties and lead to inappropriate inferences to the performance of this and other parts of Google's business.

69.     **Ex. 07 (GOOG-PLAY-005576717), Page 2 (between "in this chart" and end of sentence; and between "but this is the number from BC and" and end of sentence).**  This text reflects specific financial terms considered, and discussed, in relation to a confidential agreement with a third-party developer. Public disclosure of this information could cause competitive harm to both this non-party and to Google. For example, Google's competitors could use this information in their own commercial negotiations to obtain a competitive advantage against Google with respect to deal terms. With respect to the non-party, disclosure of their non-public, confidential discussions with Google could negatively affect their relationship with Google and future business dealings.

**Motion for Sanctions – Exhibit 8 [Dkt. No. 349-2]**

**(Exhibit B5)**

70.   **Ex. 08 (GOOG-PLAY-010510806)**, **Page 1 (between "From:" and end of line; between "To:" and end of line; and, for each message on page, between bullet point and start of timestamp).**  This text contains email addresses of individual Google employees. This personally identifying information is sensitive and not relevant to this Motion or this litigation.

**Motion for Sanctions – Exhibit 9 [Dkt. No. 349-2]**

**(Exhibit B6)**

71.   **Ex. 09 (GOOG-PLAY-003930716), Page 1 (between "Izmit ["and"]"; and between "Bankhead ["and end of "To:" line).**  This text contains email addresses of individual Google employees. This personally identifying information is sensitive and not relevant to this Motion or this litigation.

**Motion for Sanctions – Exhibit 10 [Dkt. No. 349-2]**

**(Exhibit B7)**

72.   **Ex. 10 (GOOG-PLAY-007213451), Page 1 (between "Pimplapure ["and"]"; and between "Song ["and end of "To:" line).**  This text contains email addresses of individual Google employees. This personally identifying information is sensitive and not relevant to this Motion or this litigation.

**Motion for Sanctions – Exhibit 12 [Dkt. No. 349-2]**

**(Exhibit B8)**

73.   **Ex. 12 (GOOG-PLAY-005601967), Page 1 (between "Liderman ["and"]"; and between "Kleidermacher ["and"]").**  This text contains email addresses of individual Google employees. This personally identifying information is sensitive and not relevant to this Motion or this litigation.

74. **Ex. 12 (GOOG-PLAY-005601967), Page 1 (between "been considered" and "Eugene Liderman, 2020-09-29 08:04:23"; between "08:08:07" and "should we continue"; between "off-play risk has" and "Dave Kleidermacher, 2020-09-29 08:09:35"; and between "with an MTD represent" and "of all AE devices").** This text contains non-public and confidential information regarding Google Play's internal assessment of its strategic priorities and of app security. This information reflects sensitive, highly confidential characterizations by Google's internal business teams that, if revealed, could be referenced by potential counterparties in negotiations with Google to gain an unfair advantage against Google. The information also reflects non-public and confidential information about the share of Android devices with malware. Disclosure of this information could be used by Google's competitors to inform their business strategies in a way that causes competitive harm to Google.

**Motion for Sanctions – Exhibit 13 [Dkt. No. 349-2]**

**(Exhibit B9)**

75. **Ex. 13 (GOOG-PLAY-007611604), Page 1 (between "Chu [" and end of "From:" line; between "To:" and end of line).** This text contains email addresses of individual Google employees. This personally identifying information is sensitive and not relevant to this Motion or this litigation.

76. **Ex. 13 (GOOG-PLAY-007611604)**, Page 2 (between "12:24:38" and end of message; between "12:24:49" and end of message; between "13:34:23" and end of message; and between "13:34:40" and end of message). This information contains non-public information regarding Play costs. This information has never been disclosed publicly, and disclosure would severely and adversely impact Google's ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Google in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain

leverage against Google in negotiations by pointing to this Play cost information. In addition, material, non-public, sensitive financial information may not be (and need not be) consistent with generally accepted accounting principles or Google's public financial filings. Therefore, revealing this Play cost data publicly can be misleading for investors and other parties and lead to inappropriate inferences to the performance of this and other parts of Google's business.

**Motion for Sanctions – Exhibit 14 [Dkt. No. 349-2]**

**(Exhibit B10)**

77.     **Ex. 14 (GOOG-PLAY-000-353866), Page 1 (between "Lim [" and end of "From:" line; between "To:" and end of line; and, for each message on page, between bullet point and start of timestamp).**  This text contains email addresses of individual Google employees. This personally identifying information is sensitive and not relevant to this Motion or this litigation.

78.     **Ex. 14 (GOOG-PLAY-000-353866), Page 1 (between "reflect the" and "convo we just had"; between "engage with" and "<br>"; between "to your proposal" and "for reference, I think this"; between "made it unclear if" and "<br>"; between "what this means for" and end of sentence; between "the intent is that" and end of sentence; and between "4." and end of sentence).**  This text contains confidential, non-public information regarding a non-party developer, and implicates the non-party's confidentiality interests, by revealing the identity of a Google business partner who is not party to this litigation, and who has a reasonable expectation that Google will maintain the confidentiality of contractual terms and its own confidential statements made during negotiations. Further, disclosure of this non-public information is likely to result in competitive harm to Google, as it reveals Google's internal strategic decision-making, which, for example, could give a competitor or potential business partner unfair leverage in competing against or negotiating with Google. Moreover, Google's competitors could use this non-party information to unfairly target Google's developer partners.

79.     **Ex. 14 (GOOG-PLAY-000-353866), Page 1 (between "lgtm. With one caveat" and end of following sentence).**  This text contains confidential, non-public information regarding a non-party developer, and implicates the non-party's confidentiality interests, by revealing the identity of a Google business partner who is not party to this litigation, and who has a reasonable expectation that Google will maintain the confidentiality of contractual terms and its own confidential statements made during negotiations. Further, disclosure of this non-public information is likely to result in competitive harm to Google, as it reveals Google's internal strategic decision-making, which, for example, could give a competitor or potential business partner unfair leverage in competing against or negotiating with Google. Moreover, Google's competitors could use this non-party information to unfairly target Google's developer partners.

**Motion for Sanctions – Exhibit 15 [Dkt. No. 349-2]**

**(Exhibit B11)**

80.     **Ex. 15 (GOOG-PLAY-007873896), Page 1 (between "Schaengold [:" and end of line; between "To:" and end of line).**  This text contains email addresses of individual Google employees. This personally identifying information is sensitive and not relevant to this Motion or this litigation.

81.     **Ex. 15 (GOOG-PLAY-007873896), Page 2 (between "directly to reflect the details of" and end of message; between "images of the" and "flow?"; between "we should include" and end of message; between "17:02:00" and "<ahref="; between "Thanks for pointing that out, Christina" and end of message; and between "18:01:03" and end of message).**  This text contains confidential, non-public information regarding a non-party developer, and implicates the non-party's confidentiality interests, by revealing the identity of a Google business partner who is not party to this litigation, and who has a reasonable expectation that Google will maintain the confidentiality of contractual terms and its own confidential statements made during negotiations. Further, disclosure of this non-public information is likely

1   to result in competitive harm to Google, as it reveals Google's internal strategic decision-

2   making, which, for example, could give a competitor or potential business partner unfair

3   leverage in competing against or negotiating with Google. Moreover, Google's competitors

4   could use this non-party information to unfairly target Google's developer partners.

5        82.    **Ex. 15 (GOOG-PLAY-007873896)**, **Page 3 (between "18:03:55" and end of**

6   **message at end of page).**   This text contains confidential, non-public information regarding a

7   non-party developer, and implicates the non-party's confidentiality interests, by revealing the

8   identity of a Google business partner who is not party to this litigation, and who has a reasonable

9   expectation that Google will maintain the confidentiality of contractual terms and its own

10  confidential statements made during negotiations. Further, disclosure of this non-public

11  information is likely to result in competitive harm to Google, as it reveals Google's internal

12  strategic decision-making, which, for example, could give a competitor or potential business

13  partner unfair leverage in competing against or negotiating with Google. Moreover, Google's

14  competitors could use this non-party information to unfairly target Google's developer partners.

15       83.    **Ex. 15 (GOOG-PLAY-007873896), Page 4 (between "18:08:13" and**

16  **Mrinalini Loew, 2021-05-26 18:11:38").**   This text contains confidential, non-public

17  information regarding a non-party developer, and implicates the non-party's confidentiality

18  interests, by revealing the identity of a Google business partner who is not party to this litigation,

19  and who has a reasonable expectation that Google will maintain the confidentiality of contractual

20  terms and its own confidential statements made during negotiations. Further, disclosure of this

21  non-public information is likely to result in competitive harm to Google, as it reveals Google's

22  internal strategic decision-making, which, for example, could give a competitor or potential

23  business partner unfair leverage in competing against or negotiating with Google. Moreover,

24  Google's competitors could use this non-party information to unfairly target Google's developer

25

DECLARATION OF CHRISTIAN CRAMER IN SUPPORT OF PARTIES' JOINT
OMNIBUS ADMINISTRATIVE MOTION TO FILE UNDER SEAL

partners. Finally, this passage includes reference to a Google employee's family that is irrelevant to this Motion and this litigation.

84.     **Ex. 15 (GOOG-PLAY-007873896), Pages 4-5 (between "18:13:03" and "18:23:48").**  This text contains confidential, non-public information regarding a non-party developer, and implicates the non-party's confidentiality interests, by revealing the identity of a Google business partner who is not party to this litigation, and who has a reasonable expectation that Google will maintain the confidentiality of contractual terms and its own confidential statements made during negotiations. Further, disclosure of this non-public information is likely to result in competitive harm to Google, as it reveals Google's internal strategic decision-making, which, for example, could give a competitor or potential business partner unfair leverage in competing against or negotiating with Google. Moreover, Google's competitors could use this non-party information to unfairly target Google's developer partners.

**Motion for Sanctions – Exhibit 16 [Dkt. No. 349-2]**

**(Exhibit B12)**

85.     **Ex. 16 (GOOG-PLAY-003929257), Page 1 (between "Mahbod [:" and end of line; between "To:" and end of line).**  This text contains email addresses of individual Google employees. This personally identifying information is sensitive and not relevant to this Motion or this litigation.

86.     **Ex. 16 (GOOG-PLAY-003929257), Page 1 (between "08:48:37" and end of message beginning "08:48:39").**  This text reveals specific details about Google's ongoing projects and strategy in connection with specific Google commercial programs. Public disclosure could cause harm to Google's competitive standing by giving competitors and others insights into Google's business strategies and allowing them to alter their business tactics accordingly.

**Motion for Sanctions – Exhibit 17 [Dkt. No. 349-2]**

**(Exhibit B13)**

87.     **Ex. 17 (GOOG-PLAY-010510815), Page 1 (between "From:" and end of line; between "To:" and end of line; and, for each message on page, between bullet point and start of timestamp).**  This text contains email addresses of individual Google employees. This personally identifying information is sensitive and not relevant to this Motion or this litigation.

**Motion for Sanctions – Exhibit 19 [Dkt. No. 349-2]**

**(Exhibit B14)**

88.     **Ex. 19 (2021-08-13 Ltr. from B. Rocca to L. Moskowitz), Page 3 (between "Agreement with" and end of heading; between "We understand that the" and end of sentence; and between "do not understand how" and "avoidance of lodging").**  This text contains confidential, non-public information regarding a non-party developer, and implicates the non-party's confidentiality interests, by revealing the identity of a Google business partner who is not party to this litigation, and who has a reasonable expectation that Google will maintain the confidentiality of confidential negotiations. Google's competitors could use this non-party information to unfairly target Google's developer partners.

89.     **Ex. 19 (2021-08-13 Ltr. from B. Rocca to L. Moskowitz), Page 6 (between "As for agreements with" and ", as discussed"; between "meet and confer," and "Plaintiffs previously"; between "does it appear that" and "is a part of any"; between "the issue of" and "agreements, claiming that public news reports"; between "exist relevant agreements with" and "yet Plaintiffs"; and between "relating to advertising" and end of sentence).**  This text contains confidential, non-public information regarding a non-party developer, and implicates the non-party's confidentiality interests, by revealing the identity of a Google business partner who is not party to this litigation, and who has a reasonable expectation that Google will

1  maintain the confidentiality of confidential negotiations. Google's competitors could use this

2  non-party information to unfairly target Google's developer partners.

3       90.   **Ex. 19 (2021-08-13 Ltr. from B. Rocca to L. Moskowitz), Page 6 (between**

4  **"Agreement related to" and end of heading; between "its agreement with" and "is**

5  **irrelevant and simply"; between "working through these issues with" and end of sentence;**

6  **and between "work through the specific with" and "regarding this potential compromise").**

7  This text contains confidential, non-public information regarding a non-party developer, and

8  implicates the non-party's confidentiality interests, by revealing the identity of a Google business

9  partner who is not party to this litigation, and who has a reasonable expectation that Google will

10  maintain the confidentiality of confidential negotiations. Google's competitors could use this

11  non-party information to unfairly target Google's developer partners.

12       91.   **Ex. 19 (2021-08-13 Ltr. from B. Rocca to L. Moskowitz), Page 6 (between**

13  **"relevant communications with Apple," and end of following sentence; and between**

14  **"communications related to" and end of sentence).**  This text contains confidential, non-public

15  information regarding a non-party developer, and implicates the non-party's confidentiality

16  interests, by revealing the identity of a Google business partner who is not party to this litigation,

17  and who has a reasonable expectation that Google will maintain the confidentiality of

18  confidential negotiations. Google's competitors could use this non-party information to unfairly

19  target Google's developer partners.

20      **Motion for Sanctions – Exhibit 20 [Dkt. No. 349-2]**

21      **(Exhibit B15)**

22       92.   **Ex. 20 (GOOG-PLAY-002384214), Page 1 (between "Yang ["and"]"; and**

23  **between "Riphagen [" and end of "To:" list).**  This text contains email addresses of individual

24  Google employees. This personally identifying information is sensitive and not relevant to this

25  Motion or this litigation.

DECLARATION OF CHRISTIAN CRAMER IN SUPPORT OF PARTIES' JOINT
OMNIBUS ADMINISTRATIVE MOTION TO FILE UNDER SEAL

**Motion for Sanctions – Exhibit 21 [Dkt. No. 349-2]**

**(Exhibit B16)**

93.     **Ex. 21 (GOOG-PLAY-003600814), Page 1 (between "Chu ["and"]"; and between "Kim [" and end of "To:" list).**  This text contains email addresses of individual Google employees. This personally identifying information is sensitive and not relevant to this Motion or this litigation.

94.     **Ex. 21 (GOOG-PLAY-003600814, Pages 3-5 (between "has been asked by" and "We told them this is different"; between "asked to present" and "next Friday"; between "will be presenting" and end of sentence; and between "something before next friday" and "etc.").**  This text contains non-public and confidential information regarding Google Play's internal assessment of its strategic priorities and of its potential technical investments. This information reflects sensitive, highly confidential characterizations by Google's internal business teams that, if revealed, could be referenced by potential counterparties in negotiations with Google to gain an unfair advantage against Google. The information also reflects non-public and confidential information about the share of Android devices with malware. Disclosure of this information could be used by Google's competitors to inform their business strategies in a way that causes competitive harm to Google.

**Reply – Exhibit 22 [Dkt. No. 372-3]**

**(Exhibit C)**

95.     **Ex. 22 (GOOG-PLAY-007021362), Page 1 (between "declines" and "what is/is not").**  This text describes the compensation structure for an individual Google employee or employee candidate, whom the text identifies by name. This personally identifying information is both sensitive and irrelevant to this Motion and this litigation.

DECLARATION OF CHRISTIAN CRAMER IN SUPPORT OF PARTIES' JOINT
OMNIBUS ADMINISTRATIVE MOTION TO FILE UNDER SEAL

96.     **Ex. 22 (GOOG-PLAY-007021362), Page 3 (between "comp" and "Jan1").**
This text outlines the compensation structure and amount for an individual Google employee, and is irrelevant to this Motion and this litigation.

97.     **Ex. 22 (GOOG-PLAY-007021362), Page 4 (between "what (any) plan might look like" and "4. other random"; and between "feedback/notes" and "ok, etc?").**  This text contains confidential, non-public information regarding Google's negotiations with non-party developers and strategy for competing with Apple. Disclosure of this non-public information is likely to result in competitive harm to Google, as it reveals strategic decision-making which, for example, could give a competitor or potential business partner unfair leverage in competing against or negotiating with Google. Moreover, Google's competitors could use this non-party information to unfairly target Google's developer partners and offer specific deal terms designed to undercut those offered by Google. This material, moreover, is irrelevant to this Motion.

98.     **Ex. 22 (GOOG-PLAY-007021362), Page 7 (between "pb" and "runway").**
This text contains confidential, non-public information regarding Google's negotiations with non-party developers and strategy for competing with Apple. Disclosure of this non-public information is likely to result in competitive harm to Google, as it reveals strategic decision-making which, for example, could give a competitor or potential business partner unfair leverage in competing against or negotiating with Google. Moreover, Google's competitors could use this non-party information to unfairly target Google's developer partners and offer specific deal terms designed to undercut those offered by Google. This material, moreover, is irrelevant to this Motion.

99.     **Ex. 22 (GOOG-PLAY-007021362), Page 11 (between "billions at risk" and "https://docs.google.com/").**  This text contains a discussion of personnel issues related to individual Google teams and individual Google employees. This material--which discusses individual employee performance and specific issues related to personnel management--is both

personally sensitive and irrelevant to this Motion and this litigation. This material, moreover, is irrelevant to this Motion.

100.   **Ex. 22 (GOOG-PLAY-007021362), Page 7 (between "jamie" and end of page).**  This text contains confidential, non-public information regarding Google's internal strategy and decision-making with regard to its billing policies. Disclosure of this non-public information is likely to result in competitive harm to Google, as it reveals strategic decision-making which, for example, could give a competitor or potential business partner unfair leverage in competing against or negotiating with Google. Moreover, Google's competitors could use this non-party information to unfairly target Google's developer partners and offer specific deal terms designed to undercut those offered by Google. This material, moreover, is irrelevant to this Motion.

101.   **Ex. 22 (GOOG-PLAY-007021362), Page 13 (between "clover" and "store process.").**  This text contains confidential, non-public information regarding Google's negotiations with non-party developers. Disclosure of this non-public information is likely to result in competitive harm to Google, as it reveals strategic decision-making which, for example, could give a competitor or potential business partner unfair leverage in competing against or negotiating with Google. Moreover, Google's competitors could use this non-party information to unfairly target Google's developer partners and offer specific deal terms designed to undercut those offered by Google. This material, moreover, is irrelevant to this Motion.

102.   **Ex. 22 (GOOG-PLAY-007021362), Page 13 (between "step back" and "as a vector").**  This text contains confidential, non-public information regarding Google's negotiations with non-party developers and strategy for competing with Apple. Disclosure of this non-public information is likely to result in competitive harm to Google, as it reveals strategic decision-making which, for example, could give a competitor or potential business partner unfair leverage in competing against or negotiating with Google. Moreover, Google's competitors

DECLARATION OF CHRISTIAN CRAMER IN SUPPORT OF PARTIES' JOINT
OMNIBUS ADMINISTRATIVE MOTION TO FILE UNDER SEAL

could use this non-party information to unfairly target Google's developer partners and offer specific deal terms designed to undercut those offered by Google. This material, moreover, is irrelevant to this Motion.

103.    **Ex. 22 (GOOG-PLAY-007021362), Page 14 (between "team off" and "carousel").**  This text contains confidential, non-public information regarding Google's negotiations with non-party partners. Disclosure of this non-public information is likely to result in competitive harm to Google, as it reveals strategic decision-making which, for example, could give a competitor or potential business partner unfair leverage in competing against or negotiating with Google. Moreover, Google's competitors could use this non-party information to unfairly target Google's partners and offer specific deal terms designed to undercut those offered by Google. This material, moreover, is irrelevant to this Motion.

104.    **Ex. 22 (GOOG-PLAY-007021362), Page 15 (between "and then . . . " and end of page).**  This text contains confidential, non-public information regarding Google's negotiations with non-party partners. Disclosure of this non-public information is likely to result in competitive harm to Google, as it reveals strategic decision-making which, for example, could give a competitor or potential business partner unfair leverage in competing against or negotiating with Google. Moreover, Google's competitors could use this non-party information to unfairly target Google's partners and offer specific deal terms designed to undercut those offered by Google. This material, moreover, is irrelevant to this Motion.

105.    **Ex. 22 (GOOG-PLAY-007021362), Page 16 (between "what to combine" and "sameer").**  This text contains a discussion of personnel issues related to individual Google employees that the text identifies by name. This material--which discusses individual employee performance and specific issues related to personnel management--is both personally sensitive and irrelevant to this Motion and this litigation.

106. **Ex. 22 (GOOG-PLAY-007021362), Page 17-18 (between "2/8" and "2/9").**
This text contains a discussion of personnel issues related to individual Google employees that the text identifies by name. This material--which discusses individual employee performance and specific issues related to personnel management--is both personally sensitive and irrelevant to this Motion.

107. **Ex. 22 (GOOG-PLAY-007021362), Page 20-21 (between "gmscore" and "timeline").** This text contains confidential, non-public information regarding Google's negotiations with non-party developers. Disclosure of this non-public information is likely to result in competitive harm to Google, as it reveals strategic decision-making which, for example, could give a competitor or potential business partner unfair leverage in competing against or negotiating with Google. Moreover, Google's competitors could use this non-party information to unfairly target Google's developer partners and offer specific deal terms designed to undercut those offered by Google. Additionally, this text describes non-public information on Google's security practices and features. Public disclosure could enable malefactors to create or exploit security risks on consumer devices. This material, moreover, is irrelevant to this Motion.

108. **Ex. 22 (GOOG-PLAY-007021362), Page 22 (between top of page and "policy, etc}"; and between "2:40PM" and end of message).** This text contains confidential, non-public information regarding Google's negotiations with non-party developers. Disclosure of this non-public information is likely to result in competitive harm to Google, as it reveals strategic decision-making which, for example, could give a competitor or potential business partner unfair leverage in competing against or negotiating with Google. Moreover, Google's competitors could use this non-party information to unfairly target Google's developer partners and offer specific deal terms designed to undercut those offered by Google. This material, moreover, is irrelevant to this Motion.

DECLARATION OF CHRISTIAN CRAMER IN SUPPORT OF PARTIES' JOINT
OMNIBUS ADMINISTRATIVE MOTION TO FILE UNDER SEAL

109.     **Ex. 22 (GOOG-PLAY-007021362), Page 23-24 (between "2:41 PM," on page 23, and "2:55 PM," on page 25).**  This text contains confidential, non-public information regarding Google's negotiations with non-party developers. Disclosure of this non-public information is likely to result in competitive harm to Google, as it reveals strategic decision-making which, for example, could give a competitor or potential business partner unfair leverage in competing against or negotiating with Google. Moreover, Google's competitors could use this non-party information to unfairly target Google's developer partners and offer specific deal terms designed to undercut those offered by Google. Additionally, this text describes non-public information on Google's security practices and features. Public disclosure could enable malefactors to create or exploit security risks on consumer devices. This material, moreover, is irrelevant to this Motion.

110.     **Ex. 22 (GOOG-PLAY-007021362), Page 27 (between "for october" and "negotiations there"; and between "few things" and end of page).**  This text contains confidential, non-public information regarding Google's negotiations with non-party developers. Disclosure of this non-public information is likely to result in competitive harm to Google, as it reveals strategic decision-making which, for example, could give a competitor or potential business partner unfair leverage in competing against or negotiating with Google. Moreover, Google's competitors could use this non-party information to unfairly target Google's developer partners and offer specific deal terms designed to undercut those offered by Google. Additionally, this text describes non-public information on Google's security practices and features. Public disclosure could enable malefactors to create or exploit security risks on consumer devices. This material, moreover, is irrelevant to this Motion.

111.     **Ex. 22 (GOOG-PLAY-007021362), Page 28 (between "5:32 PM" and "without a hedge").**  This text contains confidential, non-public information regarding Google's negotiations with non-party developers. Disclosure of this non-public information is likely to

result in competitive harm to Google, as it reveals strategic decision-making which, for example, could give a competitor or potential business partner unfair leverage in competing against or negotiating with Google. Moreover, Google's competitors could use this non-party information to unfairly target Google's developer partners and offer specific deal terms designed to undercut those offered by Google. Additionally, this text describes non-public information on Google's security practices and features. Public disclosure could enable malefactors to create or exploit security risks on consumer devices. This material, moreover, is irrelevant to this Motion.

112.   **Ex. 22 (GOOG-PLAY-007021362), Page 29 (between top of page and "abuse").**  This text contains a discussion of personnel issues related to individual Google teams and individual Google employees. This material—which discusses individual employee performance and specific issues related to personnel management—is both personally sensitive and irrelevant to this Motion and this litigation.

113.   **Ex. 22 (GOOG-PLAY-007021362), Page 30 (between "2:23pm" and "our policies").**  This text contains confidential, non-public information regarding Google's internal product strategies, which are relevant to discussions and deals with non-party developers. Disclosure of this non-public information is likely to result in competitive harm to Google, as it reveals strategic decision-making which, for example, could give a competitor or potential business partner unfair leverage in competing against or negotiating with Google. Moreover, Google's competitors could use this non-party information to unfairly target Google's developer partners and offer specific deal terms designed to undercut those offered by Google. This material, moreover, is irrelevant to this Motion.

114.   **Ex. 22 (GOOG-PLAY-007021362), Page 32 (between "up slightly" and "4 min"; and between "April)" and "1 min.").**  This text identifies a particular Google employee by name. That identification is irrelevant to this Motion and this litigation.

1    115.    **Ex. 22 (GOOG-PLAY-007021362), Page 32 (between "achieve the most" and**

2    **end of page).**  This text identifies particular individuals, including employees of third-party

3    developer partners, by name.  That identification is irrelevant to this Motion and this litigation.

4    116.    **Ex. 22 (GOOG-PLAY-007021362), Page 33 (between top of page and "world**

5    **changing").**  This text contains a discussion of personnel issues related to individual Google

6    teams and individual Google employees that the text identifies by name. This material—which

7    discusses individual employee performance and specific issues related to personnel

8    management—is both personally sensitive and irrelevant to this Motion and this litigation.

9    117.    **Ex. 22 (GOOG-PLAY-007021362), Page 33 (between changing course?" and**

10   **"talks to").**  This text contains a discussion of personnel issues related to individual Google

11   teams and individual Google employees that the text identifies by name. This material--which

12   discusses individual employee performance and specific issues related to personnel management-

13   -is both personally sensitive and irrelevant to this Motion and this litigation.

14   118.    **Ex. 22 (GOOG-PLAY-007021362), Page 33 (between "talks to" and "1) get**

15   **clarity").**  This text contains confidential, non-public information related to negotiations with

16   third-party partners. Disclosure of this non-public information is likely to result in competitive

17   harm to Google, as it reveals strategic decision-making which, for example, could give a

18   competitor or potential business partner unfair leverage in competing against or negotiating with

19   Google. This material, moreover, is irrelevant to this Motion.

20   119.    **Ex. 22 (GOOG-PLAY-007021362), Page 33-36 (between "analytics available"**

21   **and end of page 36).**  This text contains a discussion of personnel issues related to individual

22   Google teams and individual Google employees that the text identifies by name. Specifically,

23   these pages record verbatim feedback from individual Google employees about the performance

24   of other individual Google employees--all of whom are identified by name. This material--which

25

DECLARATION OF CHRISTIAN CRAMER IN SUPPORT OF PARTIES' JOINT
OMNIBUS ADMINISTRATIVE MOTION TO FILE UNDER SEAL

1  discusses individual employee performance and specific issues related to personnel management-

2  -is both personally sensitive and irrelevant to this Motion and this litigation.

3      120.  **Ex. 22 (GOOG-PLAY-007021362), Page 37 (between "met w" and "behind**

4  **on").**  This text contains confidential, non-public information regarding Google's negotiations

5  with non-party developers. Disclosure of this non-public information is likely to result in

6  competitive harm to Google, as it reveals strategic decision-making which, for example, could

7  give a competitor or potential business partner unfair leverage in competing against or

8  negotiating with Google. Moreover, Google's competitors could use this non-party information

9  to unfairly target Google's developer partners and offer specific deal terms designed to undercut

10 those offered by Google. This material, moreover, is irrelevant to this Motion.

11     121.  **Ex. 22 (GOOG-PLAY-007021362), Page 37 (between "taking orders" and**

12 **"GKS").**  This text contains confidential, non-public information regarding Google's

13 negotiations with non-party developers. Disclosure of this non-public information is likely to

14 result in competitive harm to Google, as it reveals strategic decision-making which, for example,

15 could give a competitor or potential business partner unfair leverage in competing against or

16 negotiating with Google. Moreover, Google's competitors could use this non-party information

17 to unfairly target Google's developer partners and offer specific deal terms designed to undercut

18 those offered by Google. This material, moreover, is irrelevant to this Motion.

19     122.  **Ex. 22 (GOOG-PLAY-007021362), Page 41 (between "do with the data" and**

20 **"DEI").**  This text contains confidential, non-public information regarding Google's strategy for

21 negotiations with non-party developers. Disclosure of this non-public information is likely to

22 result in competitive harm to Google, as it reveals strategic decision-making which, for example,

23 could give a competitor or potential business partner unfair leverage in competing against or

24 negotiating with Google. Moreover, Google's competitors could use this non-party information

25

DECLARATION OF CHRISTIAN CRAMER IN SUPPORT OF PARTIES' JOINT
OMNIBUS ADMINISTRATIVE MOTION TO FILE UNDER SEAL

1  to unfairly target Google's developer partners and offer specific deal terms designed to undercut

2  those offered by Google. This material, moreover, is irrelevant to this Motion.

3       123.   **Ex. 22 (GOOG-PLAY-007021362), Page 41-42 (between "how this started"**

4  **and "slack, etc.").**  This text contains a discussion of personnel issues related to individual

5  Google teams and individual Google employees that the text identifies by name. Specifically,

6  these pages record feedback on individual Google employees' performance and identify those

7  employees by name. This material is both personally sensitive and irrelevant to this Motion and

8  this litigation.

9       124.   **Ex. 22 (GOOG-PLAY-007021362), Page 42 (between "search" and end of**

10  **page).**  This text contains a discussion of personnel issues related to individual Google teams and

11  individual Google employees that the text identifies by name. Specifically, this page records

12  feedback on individual Google employees' performance and identifies those employees by name.

13  This material is both personally sensitive and irrelevant to this Motion and this litigation.

14       125.   **Ex. 22 (GOOG-PLAY-007021362), Page 43 (between "team leadership" and**

15  **"DEI"; and between "startup" and "qb for").**  This text contains a discussion of personnel

16  issues related to individual Google teams and individual Google employees that the text

17  identifies by name. Specifically, this page records feedback on individual Google employees'

18  performance and identifies those employees by name. This material is both personally sensitive

19  and irrelevant to this Motion and this litigation.

20       126.   **Ex. 22 (GOOG-PLAY-007021362), Page 43 (between "as we converged" and**

21  **"real money"; and between "advisor to" and "lootdrops").**  This text contains a discussion of

22  personnel issues related to individual Google teams and individual Google employees that the

23  text identifies by name. Specifically, it records feedback on individual Google employees'

24  performance and identifies those employees by name. This material is both personally sensitive

25  and irrelevant to this Motion and this litigation.

127.   **Ex. 22 (GOOG-PLAY-007021362), Page 45 (between "return to office" and "subs platform").**  This text contains a discussion of personnel issues related to individual Google teams and individual Google employees that the text identifies by name. Specifically, it records feedback on individual Google employees' performance and identifies those employees by name. This material is both personally sensitive and irrelevant to this Motion and this litigation.

128.   **Ex. 22 (GOOG-PLAY-007021362), Page 46-49 (between "use facing" and "NATIVE").**  This text contains a discussion of personnel issues related to individual Google teams and individual Google employees that the text identifies by name. Specifically, these pages record verbatim feedback collected on individual Google employees' performance, and identifies both those employees and the employees that provided the feedback by name. This material is both personally sensitive and irrelevant to this Motion and this litigation.

129.   **Ex. 22 (GOOG-PLAY-007021362), Page 49-50 (between "NATIVE" and "???").**  This text contains a discussion of personally identifying information related to an individual non-employee that appears to be an interview candidate or potential partner candidate. Disclosure of this personally identifying biographical and resume information would violate that individual's reasonable expectation of privacy in their personal information shared privately with Google employees. This material, moreover, is irrelevant to this Motion.

130.   **Ex. 22 (GOOG-PLAY-007021362), Page 52 (between "economics?" and "role").**  This text contains a discussion of personnel issues related to individual Google teams and individual Google employees that the text identifies by name. Specifically, these pages record verbatim feedback collected on individual Google employees' performance, and identifies both those employees and the employees that provided the feedback by name. This material is both personally sensitive and irrelevant to this Motion and this litigation.

131.   **Ex. 22 (GOOG-PLAY-007021362), Page 53 (between "entertainment" and "rest of app").**  This text appears to record personally identifying background information related to an individual Google employee or potential partner, each of whom would have a reasonable expectation of privacy in their negotiations with Google. This material is both personally sensitive and irrelevant to this Motion and this litigation.

132.   **Ex. 22 (GOOG-PLAY-007021362), Page 54 (between "product objectives" and "misinformation").**  This text contains confidential, non-public information regarding Google's negotiations with a non-party developer. Disclosure of this non-public information is likely to result in competitive harm to Google, as it reveals strategic decision-making which, for example, could give a competitor or potential business partner unfair leverage in competing against or negotiating with Google. Moreover, Google's competitors could use this non-party information to unfairly target Google's developer partners and offer specific deal terms designed to undercut those offered by Google. Finally, disclosure could harm Google's ability to negotiate with third-parties who, like the developer implicated by this material, have a reasonable expectation of confidentiality in their private negotiations with Google. This material, moreover, is irrelevant to this Motion.

133.   **Ex. 22 (GOOG-PLAY-007021362), Page 54 (between "zoom in here?" and "NATIVE").**  This text contains a discussion of personnel issues related to individual Google teams and individual Google employees that the text identifies by name. Specifically, it reflects detailed feedback on identified employees' performance. This material is both personally sensitive and irrelevant to this Motion and this litigation.

134.   **Ex. 22 (GOOG-PLAY-007021362), Page 54-55 (between "NATIVE" and "pps summaries").**  This text contains a discussion of personally identifying information related to an individual non-employee that appears to be an interview candidate or potential partner candidate. Disclosure of this personally identifying biographical and resume information would

1   violate that individual's reasonable expectation of privacy in their personal information shared

2   privately with Google employees. This material, moreover, is irrelevant to this Motion.

3       135.   **Ex. 22 (GOOG-PLAY-007021362), Page 55 (between "free2paid" and "dev**

4   **console").**  This text contains a discussion of confidential, internal product strategy. In particular,

5   it contains a description of Google's specific geographic roll-out plans for a specific product.

6   Disclosure of this private strategic information could cause Google competitive harm by alerting

7   competitors to Google's specific launch plans for specific products. This material, moreover, is

8   irrelevant to this Motion.

9       136.   **Ex. 22 (GOOG-PLAY-007021362), Page 58-59 (between "not on slide" and**

10  **"[HEARING]").**  This text contains a discussion of personnel issues related to individual

11  Google teams and individual Google employees that the text identifies by name. Specifically,

12  these pages record verbatim feedback collected on individual Google employees' performance,

13  and identifies both those employees and the employees that provided the feedback by name. This

14  material is both personally sensitive and irrelevant to this Motion and this litigation.

15      137.   **Ex. 22 (GOOG-PLAY-007021362), Page 62 (between "play cuts" and**

16  **"quarterly").**  This text contains a discussion of personnel issues related to individual Google

17  teams and individual Google employees that the text identifies by name. Specifically, these

18  pages record verbatim feedback collected on individual Google employees' performance, and

19  identifies both those employees and the employees that provided the feedback by name. This

20  material is both personally sensitive and irrelevant to this Motion and this litigation.

21      138.   **Ex. 22 (GOOG-PLAY-007021362), Page 67 (between "23 min" and end of**

22  **message).**  This text contains confidential, non-public information regarding Google's

23  negotiations with non-party developers. Disclosure of this non-public information is likely to

24  result in competitive harm to Google, as it reveals strategic decision-making which, for example,

25  could give a competitor or potential business partner unfair leverage in competing against or

DECLARATION OF CHRISTIAN CRAMER IN SUPPORT OF PARTIES' JOINT
OMNIBUS ADMINISTRATIVE MOTION TO FILE UNDER SEAL

1   negotiating with Google. Moreover, Google's competitors could use this non-party information

2   to unfairly target Google's developer partners and offer specific deal terms designed to undercut

3   those offered by Google. This material, moreover, is irrelevant to this Motion.

4       139.   **Ex. 22 (GOOG-PLAY-007021362), Page 70 (between "hc ask," and**

5   **"transactional").**  This text contains confidential, non-public information regarding Google's

6   negotiations with non-party developers. Disclosure of this non-public information is likely to

7   result in competitive harm to Google, as it reveals strategic decision-making which, for example,

8   could give a competitor or potential business partner unfair leverage in competing against or

9   negotiating with Google. Moreover, Google's competitors could use this non-party information

10  to unfairly target Google's developer partners and offer specific deal terms designed to undercut

11  those offered by Google. This material, moreover, is irrelevant to this Motion.

12      140.   **Ex. 22 (GOOG-PLAY-007021362), Page 70 (between " - sundar -" and**

13  **"unclear plan").**  This text contains confidential, non-public information regarding Google's

14  negotiations with non-party developers. Disclosure of this non-public information is likely to

15  result in competitive harm to Google, as it reveals strategic decision-making which, for example,

16  could give a competitor or potential business partner unfair leverage in competing against or

17  negotiating with Google. Moreover, Google's competitors could use this non-party information

18  to unfairly target Google's developer partners and offer specific deal terms designed to undercut

19  those offered by Google. This material, moreover, is irrelevant to this Motion.

20      141.   **Ex. 22 (GOOG-PLAY-007021362), Page 71 (between "YT" and "r&r").**  This

21  text contains a discussion of personnel issues related to individual Google teams and individual

22  Google employees that the text identifies by name. Specifically, this material records feedback

23  on individual Google employees' performance, and identifies those employees by name. This

24  material is both personally sensitive and irrelevant to this Motion and this litigation.

25

DECLARATION OF CHRISTIAN CRAMER IN SUPPORT OF PARTIES' JOINT
OMNIBUS ADMINISTRATIVE MOTION TO FILE UNDER SEAL

**Reply – Exhibit 24 [Dkt. No. 372-5]**

**(Exhibit C1)**

142.    **Ex. 24 (Porat Dep. Tr.), Page 73, line 1 to Page 74, line 11 (from start of line 1 to end of line 11).**  This text contains non-public and confidential information regarding Google Play's internal assessment of its strategic priorities and negotiating approach to third-parties. Disclosure of this information could be used by Google's competitors to inform their business strategies in a way that causes competitive harm to Google. Specifically, this information reflects sensitive, highly confidential characterizations by Google's internal business teams that, if revealed, could be referenced by potential counterparties in negotiations with Google to gain an unfair advantage against Google.

143.    **Ex. 24 (Porat Dep. Tr.), Page 75, lines 2-5 (from "Q" to end of sentence ending on line 5).**  This text contains non-public and confidential information regarding Google Play's internal assessment of its strategic priorities and negotiating approach to third-parties. Disclosure of this information could be used by Google's competitors to inform their business strategies in a way that causes competitive harm to Google.  Specifically, this information reflects sensitive, highly confidential characterizations by Google's internal business teams that, if revealed, could be referenced by potential counterparties in negotiations with Google to gain an unfair advantage against Google.

144.    **Ex. 24 (Porat Dep. Tr.), Page 75, lines 13-21 (from "Q" to end of sentence ending on line 21).**  This text contains non-public and confidential information regarding Google Play's internal assessment of its strategic priorities and negotiating approach to third-parties. Disclosure of this information could be used by Google's competitors to inform their business strategies in a way that causes competitive harm to Google.  Specifically, this information reflects sensitive, highly confidential characterizations by Google's internal business teams that,

DECLARATION OF CHRISTIAN CRAMER IN SUPPORT OF PARTIES' JOINT
OMNIBUS ADMINISTRATIVE MOTION TO FILE UNDER SEAL

if revealed, could be referenced by potential counterparties in negotiations with Google to gain an unfair advantage against Google.

145.  **Ex. 24 (Porat Dep. Tr.), Page 76, line 11 to Page 77, line 6 (from "A" to end of sentence ending on Page 77, line 6).**  This text contains non-public and confidential information regarding Google Play's internal assessment of its strategic priorities and negotiating approach to third-parties. Disclosure of this information could be used by Google's competitors to inform their business strategies in a way that causes competitive harm to Google.  Specifically, this information reflects sensitive, highly confidential characterizations by Google's internal business teams that, if revealed, could be referenced by potential counterparties in negotiations with Google to gain an unfair advantage against Google.

## Reply – Exhibit 25 [Dkt. No. 372-6]

## (Exhibit C2)

146.  **Ex. 25 (PX1612), Page 1 (between "Herring ["and"]"; and between "Porat ["and end of "To:" line).**  This text contains email addresses of individual Google employees. This personally identifying information is sensitive and not relevant to this Motion or this litigation.

147.  **Ex. 25 (PX1612), Page 1 (between 11:06:49 and end of message; between 11:07:50 and "Ruth Porat, 2019-06-20 11:12:49"; and between "materializing" and "Ruth Porat, 2019-06-20 11:15:00").**  This text contains non-public and confidential information regarding Google Play's internal assessment of its strategic priorities and negotiating approach to third-parties. Disclosure of this information could be used by Google's competitors to inform their business strategies in a way that causes competitive harm to Google. Specifically, this information reflects sensitive, highly confidential characterizations by Google's internal business teams that, if revealed, could be referenced by potential counterparties in negotiations with Google to gain an unfair advantage against Google.

DECLARATION OF CHRISTIAN CRAMER IN SUPPORT OF PARTIES' JOINT OMNIBUS ADMINISTRATIVE MOTION TO FILE UNDER SEAL

**Reply – Exhibit 26 [Dkt. No. 372-7]**

**(Exhibit C3)**

148.　**Ex. 26 (PX 314), Page 1 (between "From:" and end of line; between "To:" and end of line; and between "Subject:" and end of line).**  This text contains email addresses of individual Google employees. This personally identifying information is sensitive and not relevant to this Motion or this litigation.

149.　**Ex. 26 (PX 314), Page 1 (between "you are making headlines" and "The same thing happened with Java").**  This text identifies job-search details of Google employees, and no public interest is served by the public disclosure of this sensitive, personal information. This employee has a reasonable expectation of privacy that would be infringed upon if this information were to be made public.

150.　**Ex. 26 (PX 314), Page 2 (between "me" and "would work, too.").**  This text identifies job-search details of Google employees, and no public interest is served by the public disclosure of this sensitive, personal information. This employee has a reasonable expectation of privacy that would be infringed upon if this information were to be made public.

151.　Because the public disclosure of the confidential material described above would harm Google's competitive position in the marketplace, there is good cause and there are compelling reasons to seal this material.

DECLARATION OF CHRISTIAN CRAMER IN SUPPORT OF PARTIES' JOINT
OMNIBUS ADMINISTRATIVE MOTION TO FILE UNDER SEAL

DocuSign Envelope ID: 705EE2E5-5A4C-4899-9E10-6AE6BC3AD4E0

1     I declare under penalty of perjury that the foregoing is true and correct.  Executed on this

2   3uvday of F gego dgt 2022 in Mountain View, California.

3

4

5   _____

    Christian Cramer

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF CHRISTIAN CRAMER IN SUPPORT OF PARTIES' JOINT
OMNIBUS ADMINISTRATIVE MOTION TO FILE UNDER SEAL