Karma M. Giulianelli (SBN 184175)
karma.giulianelli@bartlitbeck.com
**BARTLIT BECK LLP**
1801 Wewetta St., Suite 1200
Denver, Colorado 80202
Telephone: (303) 592-3100

Hae Sung Nam (*pro hac vice*)
hnam@kaplanfox.com
**KAPLAN FOX & KILSHEIMER LLP**
850 Third Avenue
New York, NY 10022
Telephone: (212) 687-1980

*Co-Lead Counsel for the Proposed Class in In re Google Play Consumer Antitrust Litigation*

Paul J. Riehle (SBN 115199)
paul.riehle@faegredrinker.com
**FAEGRE DRINKER BIDDLE & REATH LLP**
Four Embarcadero Center, 27th Floor
San Francisco, CA 94111
Telephone: (415) 591-7500

Christine A. Varney (*pro hac vice*)
cvarney@cravath.com
**CRAVATH, SWAINE & MOORE LLP**
825 Eighth Avenue
New York, New York 10019
Telephone: (212) 474-1000

*Counsel for Plaintiff Epic Games, Inc. in Epic Games, Inc. v. Google LLC et al.*

Brendan P. Glackin (SBN 199643)
Lauren M. Weinstein (*pro hac vice*)
bglackin@agutah.gov
lweinstein@agutah.gov
**OFFICE OF THE UTAH ATTORNEY GENERAL**
160 E 300 S, 5th Floor
PO Box 140872
Salt Lake City, UT 84114-0872
Telephone: (801) 366-0260

*Counsel for the Plaintiff States*

Douglas J. Dixon (SBN 275389)
ddixon@hueston.com
**HUESTON HENNIGAN LLP**
620 Newport Center Drive, Suite 1300
Newport Beach, CA 92660
Telephone: (949) 229-8640

*Counsel for Match Group, LLC, et al.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

**IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION**

THIS DOCUMENT RELATES TO:

*Epic Games Inc. v. Google LLC et al.*, Case No. 3:20-cv-05671-JD

*In re Google Play Consumer Antitrust Litigation*, Case No. 3:20-cv-05761-JD

*State of Utah et al. v. Google LLC et al.*, Case No. 3:21-cv-05227-JD

*Match Group, LLC et al. v. Google LLC et al.,* Case No. 3:22-cv-02746-JD

Case No. 3:21-md-02981-JD

**PLAINTIFFS' NOTICE OF OBJECTION RELATED TO RULE 37 SANCTIONS HEARING**

Judge: Hon. James Donato

Plaintiff Epic Games, Inc., Consumer Plaintiffs, State Plaintiffs and Plaintiffs Match Group, LLC et al., (collectively, "Plaintiffs") write to apprise the Court of an evidentiary issue that could arise during the January 12, 2023 evidentiary hearing. Specifically, Plaintiffs have repeatedly asked Google to produce the litigation hold notice it issued in this litigation and to disclose its preservation efforts, but Google has steadfastly refused, claiming privilege. Google has also instructed witnesses not to answer questions about the instructions they were given to preserve relevant documents. Now, on the eve of an evidentiary hearing concerning its spoliation of evidence, Google notified Plaintiffs in its pre-hearing disclosures that it intends to introduce testimony on the *same subject matter* that it has steadfastly refused to disclose: Google's standard practices relating to litigation holds.[1] *See* ALS Decl. at Ex. A, 2023/1/9 Letter from B. Rocca. This is a classic case of using privilege as both a sword and a shield. Plaintiffs respectfully request that the Court preclude Google from introducing any such evidence.

## BACKGROUND

On December 20, 2021, Plaintiffs issued a document preservation interrogatory concerning the "specific actions" the recipients of its litigation hold were instructed to take. *See* Dkt. No. 349-1 at Ex. 2 (Google's Responses and Objections to Interrogatory No. 1). On January 14, 2022, Google responded, refusing to answer the interrogatory on privilege grounds and demanding that "all parties . . . exchange specified legal hold instructions" subject to a non-waiver agreement. *Id*. Plaintiffs refused Google's demand because Plaintiffs' litigation holds were not at issue; no threshold showing of spoliation had been made as to any party to this litigation except for Google. *City of Colton v. Am. Promotional Events, Inc.*, 2011 WL 13223880, at *5-6 (C.D. Cal. Nov. 22, 2011).

During depositions, Plaintiffs sought to investigate the extent of Google's spoliation of evidence and any efforts Google made to preserve evidence. Plaintiffs specifically asked yes or no questions about Google's litigation hold, including as to potential instructions to the witnesses to turn their Google Chat history on. But Google repeatedly instructed its witnesses not to answer

[1] Plaintiffs met and conferred with Google on January 11, 2023 and Google stated that it intended to raise this issue during the hearing.

such questions, claiming privilege. *See, e.g.*, Dkt. No. 258 at Ex. 10 (Wang Tr. at 194:16-196:10); *id*. at Ex. 8 (Kolotorous Tr. at 483:2-16).

Plaintiffs filed their Notice of Motion and Motion for Sanctions on October 13, 2022. MDL Dkt. No. 349. The Court ordered an evidentiary hearing to occur on January 12, 2023 to hear evidence regarding "the use and operation of the electronic chat system, including storage and deletion policies, guidelines for chat content, and examples of typical chat communications." MDL Dkt. No. 375. To prepare for the hearing, Plaintiffs again asked Google for its litigation hold and preservation instructions, and reserved rights to "move to exclude any testimony from Google witnesses on the steps they took to preserve Google Chats beyond what Google has disclosed in its interrogatory responses or produced documents." *See* ALS Decl. at Ex. B, 2022/11/19 Letter from K. Giulianelli. Google rejected Plaintiffs' request, again demanding Plaintiffs' litigation holds and preservation instructions. *See* ALS Decl. at Ex. C 2022/11/30 Letter from G. Pomerantz.

In preparation for this hearing, the Court ordered Google to provide "a written summary of witness Lopez's anticipated testimony." MDL Dkt. No. 399. In disregard of the Court's order, Google provided only a single paragraph setting forth the general topics of Mr. Lopez's anticipated testimony. Plaintiffs demanded a summary compliant with the Court's order. On the afternoon of January 9 – three days before the hearing – Google disclosed for the first time that Mr. Lopez would be testifying regarding "Google's general approach and standard practice regarding retention of Chat messages *subject to a legal hold*." ALS Decl. at Ex. A, 2023/1/9 Letter from B. Rocca (emphasis added).

**ARGUMENT**

"The privilege which protects attorney-client communications may not be used both as a sword and a shield." *Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1162 (9th Cir. 1992). The same is true of the work product doctrine. *In re Columbia/HCA Healthcare Corp. Billing Pracs. Litig.*, 293 F.3d 289, 307 (6th Cir. 2002). "In practical terms, this means that parties in litigation may not abuse the privilege by asserting claims the opposing party cannot adequately dispute unless it has access to the privileged materials." *Bittaker v. Woodford*, 331 F.3d 715, 719 (9th Cir. 2003); *see, e.g.*, *U.S. ex rel. Baker v. Community Health Systems, Inc.*, 2012 WL 12294414, at *2

(D.N.M. Sept. 26, 2012) (ordering production of litigation hold documents after government submitted declaration regarding adequacy of litigation hold). A contrary rule would defy basic notions of fairness.

Google's conduct here is a textbook case of sword and shield. In discovery, Google refused to produce its litigation hold and instructed witnesses not to answer questions about preservation instructions they received. Now, Google claims it will be attempting to use that assertedly privileged litigation hold and preservation instructions as a sword to justify the purported reasonableness of Google's systematic, automated deletion of Chat messages.

Plaintiffs respectfully request that the Court preclude Google from eliciting testimony or introducing any new evidence concerning its preservation instructions (beyond what Google has already disclosed in its interrogatory responses, deposition testimony, or produced documents).

Dated: January 11, 2023

BARTLIT BECK LLP
Karma M. Giulianelli

KAPLAN FOX & KILSHEIMER LLP
Hae Sung Nam

Respectfully submitted,

By: */s/ Karma M. Giulianelli*
Karma M. Giulianelli

*Co-Lead Counsel for the Proposed Class in In re Google Play Consumer Antitrust Litigation*

PRITZKER LEVINE LLP
Elizabeth C. Pritzker

Respectfully submitted,

By: */s/ Elizabeth C. Pritzker*
Elizabeth C. Pritzker

*Liaison Counsel for the Proposed Class in In re Google Play Consumer Antitrust Litigation*

CRAVATH, SWAINE & MOORE LLP
Christine Varney *(pro hac vice)*
Gary A. Bornstein *(pro hac vice)*
Timothy G. Cameron *(pro hac vice)*
Yonatan Even *(pro hac vice)*
Lauren A. Moskowitz *(pro hac vice)*
Justin C. Clarke *(pro hac vice)*
Michael J. Zaken *(pro hac vice)*
M. Brent Byars *(pro hac vice)*

FAEGRE DRINKER BIDDLE & REATH LLP
Paul J. Riehle (SBN 115199)

Respectfully submitted,

By: *_/s/ Lauren A. Moskowitz_*
Lauren A. Moskowitz

*Counsel for Plaintiff Epic Games, Inc.*

OFFICE OF THE UTAH ATTORNEY GENERAL
Brendan P. Glackin
Lauren M. Weinstein

Respectfully submitted,

By: *_/s/ Lauren M. Weinstein_*
Lauren M. Weinstein

*Counsel for the Plaintiff States*

HUESTON HENNIGAN LLP
Douglas J. Dixon
Christine Woodin
Joseph A. Reiter

Respectfully submitted,

By: *_/s/ Douglas J. Dixon_*
Douglas J. Dixon

*Counsel for Plaintiffs Match Group, LLC et al.*

**E-FILING ATTESTATION**

I, Lee M. Mason, am the ECF User whose ID and password are being used to file this document. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that each of the signatories identified above has concurred in this filing.

*/s/ Lee M. Mason*
Lee M. Mason