# EXHIBIT C

MUNGER, TOLLES & OLSON LLP

RONALD L. OLSON
ROBERT E. DENHAM
JEFFREY I. WEINBERGER
CARY B. LERMAN
GREGORY P. STONE
BRAD D. BRIAN
GEORGE M. GARVEY
WILLIAM D. TEMKO
JOHN W. SPIEGEL
DONALD B. VERRILLI, JR. P.C.*
TERRY E. SANCHEZ
STEVEN M. PERRY
JOSEPH D. LEE
MICHAEL R. DOYEN
MICHAEL E. SOLOFF
KATHLEEN M. M°DOWELL
GLENN D. POMERANTZ
THOMAS B. WALPER
HENRY WEISSMANN
KEVIN S. ALLRED
JEFFREY A. HEINTZ
JUDITH T. KITANO
TED DANE
STUART N. SENATOR
MARTIN D. BERN
ROBERT L. DELL ANGELO
JONATHAN E. ALTMAN
KELLY M. KLAUS
DAVID B. GOLDMAN
DAVID H. FRY
LISA J. DEMSKY
MALCOLM A. HEINICKE
JAMES C. RUTTEN
RICHARD ST. JOHN
ROHIT K. SINGLA
CAROLYN HOECKER LUEDTKE
C. DAVID LEE
BRETT J. RODDA P.C. *
KATHERINE M. FORSTER
BLANCA FROMM YOUNG
SETH GOLDMAN
GRANT A. DAVIS-DENNY
JONATHAN H. BLAVIN
DANIEL B. LEVIN
MIRIAM KIM
HAILYN J. CHEN
BETHANY W. KRISTOVICH
JACOB S. KREILKAMP
JEFFREY Y. WU
LAURA D. SMOLOWE
KYLE W. MACH
HEATHER E. TAKAHASHI

ERIN J. COX
BENJAMIN J. HORWICH
BRYAN H. HECKENLIVELY
ELAINE J. GOLDENBERG P.C.*
GINGER D. ANDERS P.C.*
MARGARET G. MARASCHINO
JOHN M. GILDERSLEEVE
ADAM B. WEISS
KELLY L. C. KREBS
JEREMY A. LAWRENCE
LAURA K. LIN
ACHYUT J. PHADKE
ZACHARY M. BRIERS
JENNIFER M. BRODER
KURUVILLA J. OLASA
JUSTIN P. RAPHAEL
ROSE LEDA EHLER
JOHN W. BERRY
ROBYN K. BACON
JORDAN D. SEGALL
JONATHAN KRAVIS*
JOHN L. SCHWAB
EMILY C. CURRAN-HUBERTY
MATTHEW S. SCHONHOLZ
L. ASHLEY AULL
WESLEY T.L. BURRELL
CRAIG JENNINGS LAVOIE
JENNIFER L. BRYANT
NICHOLAS D. FRAM
TYLER HILTON
VINCENT LING
LAUREN BELL
VICTORIA A. DEGTYAREVA
JULIANA M. YEE
JEREMY K. BEECHER
MATTHEW K. DONOHUE
JOHN B. MAJOR
LAUREN C. BARNETT
NICK R. SIDNEY
SKYLAR B. GROVE
LAURA M. LOPEZ
COLIN A. DEVINE
DANE P. SHIKMAN
MAGGIE THOMPSON
ALLISON M. DAY
GIOVANNI S. SAARMAN GONZÁLEZ
STEPHANIE G. HERRERA
SARA A. MCDERMOTT
J. MAX ROSEN
RACHEL G. MILLER-ZIEGLER*
ANNE K. CONLEY

DAVID W. MORESHEAD
ANDRE W. BREWSTER III
ROWLEY J. RICE
DAHLIA MIGNOUNA*
BRANDON R. TEACHOUT
USHA CHILUKURI VANCE
ALEXANDER S. GORIN
ZARA BARI
BRENDAN B. GANTS*
LAUREN E. ROSS*
BENJAMIN O. BAROKH
ABE DYK
MICHELE C. NIELSEN
APRIL YOUPEE-ROLL
MEGAN MCCREADIE
STEPHEN HYLAS
ARIEL TESHUVA
SHANNON GALVIN AMINIRAD
XIAONAN APRIL HU*
NATALIE KARL
BRANDON MARTINEZ
ERINMA E. MAN
CARRIE C. LITTEN
RUBY J. GARRETT*
JAMES R. SALZMANN
SAMIR HALANI
ROBIN S. GRAY
MICA L. MOORE
JOSEPH MOSES
MICHAEL I. SELVIN
HUNTER V. ARMOUR
NATHANIEL F. SUSSMAN
OLIVER BROWN
PAUL E. MARTIN
REBECCA L. SCIARRINO
CORY M. BATZA
BRIAN R. BOESSENECKER
AVI REJWAN OVED
ROBERT E. BOWEN
RICHARD T. JOHNSON
GRACE DAVIS FISHER
LAUREN N. BECK
CALEB W. PAETER
GREGORY T. S. BISCHOPING*
JAMIE B. LUGURI
STEVEN B. R. LEVICK
SARA H. WORTH
WILLIAM M. ORR
GABRIEL M. BRONSHTEYN
JINING JIN
ALEX C. WERNER

ROSIO FLORES
JESSICA C. LAIRD
ERICA A. TOOCH
EVELYN DANFORTH-SCOTT
EVAN MANN
ANDREW T. NGUYEN
RACHEL M. SCHIFF
MIRANDA E. REHAUT
TIANA S. BAHERI
STEPHANY REAVES*
LAUREN E. KUHN
MINKEE K. SONN
GARRETT SOLBERG
TED KANG
ADAM W. KWON
JOSEPH N. GLYNN

OF COUNSEL

ROBERT K. JOHNSON
PATRICK J. CAFFERTY, JR.
PETER E. GRATZINGER
JENNY H. HONG
KIMBERLY A. CHI
ADAM R. LAWTON
MICHAEL E. GREANEY
SARAH J. COLE
FAYE PAUL TELLER
BOBBY MALHOTRA

E. LEROY TOLLES
(1922-2008)

*ADMITTED IN DC,
ALL OTHERS ADMITTED IN CA

350 SOUTH GRAND AVENUE
FIFTIETH FLOOR
LOS ANGELES, CALIFORNIA 90071-3426
TELEPHONE (213) 683-9100
FACSIMILE (213) 687-3702

———————

560 MISSION STREET
TWENTY-SEVENTH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-3089
TELEPHONE (415) 512-4000
FACSIMILE (415) 512-4077

———————

601 MASSACHUSETTS AVENUE NW
SUITE 500E
WASHINGTON, D.C. 20001-5369
TELEPHONE (202) 220-1100
FACSIMILE (202) 220-2300

November 30, 2022

Writer's Direct Contact
(213) 683-9132
(213) 683-5132 FAX
Glenn.Pomerantz@mto.com

**VIA ELECTRONIC MAIL**

Karma Giulianelli
1801 Weatta Street Place
Suite 1200
Denver, CO 80202

Re:   *In re Google Play Store Antitrust Litigation*, No. 3:21-md-02981-JD (N.D. Cal.);
*Epic Games, Inc. v. Google LLC et al.*, No. 3:20-cv-05671-JD (N.D. Cal.);
*In re Google Play Consumer Antitrust Litigation*, No. 3:20-cv-05761-JD (N.D. Cal.);
*In re Google Play Developer Antitrust Litigation*, No. 3:20-cv-05792-JD (N.D. Cal.);
*State of Utah, et al. v. Google LLC et al.*, No. 3:21-cv-05227-JD (N.D. Cal.)
*Match Group, LLC, et al. v. Google LLC.*, No. 3:22-cv-02746-JD (N.D. Cal.)

Counsel,

We received your Saturday, November 19 letter regarding Google's chats on the eve of the Thanksgiving holiday.  As a threshold matter, we disagree that the vast majority of the information that Plaintiffs purport to demand is appropriate or warranted.  As Plaintiffs are well aware, the Court did not re-open discovery nor was any new discovery authorized.  In fact, Plaintiffs already conducted extensive discovery regarding chat preservation during the fact discovery period and chose to file their Motion based on the information they already collected.  At no point did Plaintiffs assert that they required additional discovery on this topic, nor did they request additional discovery in their Motion.  Accordingly, we believe Plaintiffs' eleventh hour

MUNGER, TOLLES & OLSON LLP

Karma Giulianelli
November 30, 2022
Page 2

demand for additional discovery on this topic is unwarranted.  Please explain on what basis
Plaintiffs believe they are entitled to additional discovery.

First, Plaintiffs' demand now for the production of Google's litigation hold notice
is particularly inappropriate considering the actual record, which Plaintiffs mischaracterize.  On
multiple occasions prior to the filing of Plaintiffs' Motion (and during the fact discovery period),
Google offered to produce its hold notices to Plaintiffs, so long as Plaintiffs agreed such
production would not be a waiver of privilege and all parties agreed to exchange relevant legal
hold instructions.  As the cases in your letter affirm, hold notices are protected by privilege
without a preliminary showing of spoliation.  In spite of the clear law regarding the privileged
nature of these notices, Plaintiffs refused Google's offer, stating that "[a] non-waiver agreement
concerning sharing information from respective litigation hold notices will not resolve Plaintiffs'
concerns about that destruction."  *See* J. Byar May 10, 2022, 3:08 pm PT email to E. Curran-
Huberty.  Ignoring the prior position that Google's hold notices were irrelevant, now Plaintiffs
assert that Google should produce those notices because there is a "preliminary showing of
spoliation."  We disagree.  Nothing in the Court's order requesting an evidentiary hearing
suggests that there has been a showing of spoliation, nor is the mere fact that some chats were
not retained in any way an admission of spoliation.  Please identify the basis for Plaintiffs'
assertion that there has been any such "preliminary showing."

While Google does not believe that Plaintiffs have established any "preliminary
showing," Google is willing to produce its relevant legal hold instructions (as it was previously),
subject to Plaintiffs' agreement that such production does not waive privilege.  Please confirm
whether Plaintiffs agree.  Google also requests that Plaintiffs agree to do the same: Plaintiffs
should produce their relevant legal hold instructions with the understanding that Google agrees
not to claim that such production constitutes a waiver of any privilege.

Second, Google strongly disagrees that Plaintiffs are entitled to depose additional
witnesses in advance of the hearing.  Again, at no time until this November 19 letter have
Plaintiffs requested additional discovery on this topic, and the Court's order does not authorize it.
Moreover, Plaintiffs had every opportunity to take discovery on the chats preservation issue, and
indeed pursued and received such discovery through documents, interrogatories, and depositions,
and could have sought a 30(b)(6) witness on this topic as well, but did not.  The fact discovery
deadline in this matter has long passed, and Google will not be making any of its witnesses
available for depositions in advance of the hearing.

We understand that based on the Court's order, the parties are to jointly propose a
witness list seven days in advance of the hearing.  While Google disagrees that the Court's order
allows Plaintiffs to unilaterally call Google witnesses, we are willing to meet and confer on the
witness list as ordered by the Court.  Google is prepared to share a proposed witness list on
December 7 at noon PT, and would request that Plaintiffs share its witness list either at the same
time or before then for our consideration.

MUNGER, TOLLES & OLSON LLP

Karma Giulianelli
November 30, 2022
Page 3

Third, without conceding that such information is necessary here, Google will identify the chats that have been produced in this litigation by Bates number.  Google does not have a reliable means of identifying whether a chat originated from a Threaded Room / Space, or another type of chat, e.g., 1:1, Group, or Flat Rooms / Spaces chats, but we are investigating.  If we identify a way to categorize chats as requested, Google will share that information with Plaintiffs.

Finally, to the extent that Google intends to rely on materials at the hearing other than those already produced, we will provide those materials 7 days before the hearing, so long as Plaintiffs will agree to produce any materials they intend to rely on that have not already been produced on that date as well.  It is unreasonable for Plaintiffs to demand that Google disclose such materials any earlier, considering the Court confirmed that the hearing will take place on January 12.

We are available to meet and confer on these issues on December 1 or 2.  Please let us know your availability.

Sincerely,

Sincerely,

_s/ Glenn D. Pomerantz_
Glenn D. Pomerantz

cc:   GoogleEpic@omm.com
        matchgoogle@hueston.com
        epic-mobileapps@cravath.com
        statesgoogleplayleads@agutah.gov
        googleAppConsumerCounsel@bartlitbeck.com
        PlayLitigation@morganlewis.com
        ~Play_MTO@mto.com