# EXHIBIT 14

# Morgan Lewis

**Brian C. Rocca**
Partner
+1.415.442.1432
brian.rocca@morganlewis.com

<span style="color:red">**HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY**</span>

October 18, 2021

**VIA E-MAIL**

Hae Sung Nam
Kaplan Fox & Kilsheimer LLP
850 Third Avenue, 14th Floor
New York, NY 10022


Re:     *In re Google Play Store Antitrust Litig.*, No. 3:21-md-02981-JD (N.D. Cal.);
        *Epic Games, Inc. v. Google LLC*, No. 3:20-cv-05671-JD (N.D. Cal.);
        *In re Google Play Consumer Antitrust Litig.*, No. 3:20-cv-05761-JD (N.D. Cal.);
        *In re Google Play Developer Antitrust Litig.*, No. 3:20-cv-05792-JD (N.D. Cal.);
        *State of Utah, et al. v. Google LLC et al.*, No. 3:21-cv-05227-JD (N.D. Cal.)

Dear Hae Sung:

We write in response to your letter of October 6 regarding outstanding discovery issues.

**House Judiciary Committee ("HJC") Productions**

Google will be producing the remaining 31 documents from the HJC production that were tied up in the NDA notice process in its next document productions.  Consistent with our prior commitments, we will also inform Plaintiffs when the HJC productions are complete.

**Native PowerPoint Files**

As discussed on our October 12 meet and confer, Google continues to work diligently to reimage PowerPoint files as color JPEGs and anticipates reproducing these files by November 1.  Given system processing limitations, Google had prioritized the processing and reproduction of its MDL productions to the State Attorneys General and its CID productions to the non-State Plaintiffs last week.  With both of those processes and productions now complete, we have instructed our vendor to complete the reprocessing and production of color JPEGs as soon as possible.

To the extent Plaintiffs determine that any of the PowerPoint files reproduced as color JPEGs are still are not legible, Google agrees to Plaintiffs' protocol set forth in your letter of October 6, with reasonable and practical modifications:

1.  Google will designate a Senior Manager at Conduent, our eDiscovery vendor for these cases, as Plaintiffs point of contact for reasonable requests for copies of native PowerPoint

Hae Sung Nam
October 18, 2021
Page 2

<span style="color:red">**HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY**</span>

files for documents that Plaintiffs determine are not sufficiently legible as color JPEGs.

2.  If Plaintiffs request a native PowerPoint for a document that Google produced with redactions, the Senior Manager at Conduent will share a copy of that native file with a designated Google Legal Ops contact, who manages e-discovery issues and is not involved in the substantive defense of this litigation.  The Google Legal Ops contact will perform a quality assurance check to confirm that the native file accurately reflects all necessary redactions in order to preserve privilege and will not identify the documents requested by Plaintiffs to the litigation team members involved in the substantive defense of these cases.

3.  Plaintiffs may only submit one consolidated request for native PowerPoint files per week and must limit their request to a reasonable number of documents.  Plaintiffs must also simultaneously notify Google's external counsel with the number of native PowerPoint files it is requesting.

## Hyperlinks

Based on our understanding that Plaintiffs' reason for requesting that Google identify the hyperlinked documents that are being produced for the first time is to determine whether there are deficiencies in search terms or custodians, we do not agree to Plaintiffs' request.  An identification of the hyperlinked documents that are being produced for the "first time" will not identify any purported deficiencies in agreed-upon search terms or custodians.  As Plaintiffs are aware, Google is still performing NDA notice and QC privilege analysis and has recently agreed to Plaintiffs' requests to implement new search terms and add custodians.  Due to the size of the database and the ongoing NDA notice process, privilege QC review, and the collection of more documents based on Plaintiffs' new requests for custodians and additional search terms, there is no easy way for us to track the population of documents Plaintiffs are seeking.  To attempt to do so, would require a many-step process and will be unduly burdensome.

## Text Messages

Google's efforts to identify and collect any responsive text messages from its agreed-upon custodians is ongoing.  There are only a handful of originally-agreed upon custodians who are still subject to further analysis for this issue.  Moreover, to the extent Google previously collected text messages from its agreed-upon custodians for purposes other than this specific litigation, Google is evaluating and determining if any of those previously collected text messages are responsive to this litigation.  If they are, Google will produce them (and in some cases, has already produced them).  We are not aware of what you are referring to by "non-custodial databases where relevant texts or instant messages may have been maintained."

We decline to provide information regarding which custodians possessed responsive text messages or not; such an inquiry is "discovery about discovery" and is not warranted here.  Plaintiffs will receive custodian information for any text messages that are produced.

Hae Sung Nam
October 18, 2021
Page 3

HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY

## Instant Messages

In addition to investigating whether custodians used text messages, Google also evaluated whether they used third-party communication software, such as WhatsApp, Slack and other platforms.  If any custodians did use such platforms as part of their Google responsibilities, that information will be evaluated and if responsive, non-privileged communications exist from such software platforms, Google will produce them.

With respect to your characterizations of Google's retention policy, we disagree.  As Google has consistently represented, Google issued a hold notice in connection with this litigation that requires custodians to preserve all relevant instant messages.  We have no reason to believe that Google's production of relevant instant messages for all agreed-upon custodians for the agreed-upon time periods is in any way deficient and, thus, this should put an end to this discovery-on-discovery discussion.  As you know, not all custodians are refresh custodians and Plaintiffs fail to articulate any reason for an "instant message refresh production of all custodians in this litigation" for the August 14, 2020 through March 31, 2021 time period.  This request deviates from the parties' agreement relating to search terms and relevant periods.

## Organizational Charts

We are in the process of querying and collecting reporting information from the Teams tool for all agreed upon custodians as of the date of this letter.  We will produce this information and identify responsive documents by Bates number in the near term.

## Apple Contracts & Communications

In your letter, you ask Google to confirm that the MDL and/or the CID custodians include "key Google decision-makers involved in negotiating the Google Search RSA with Apple."  We can so confirm.

As for other Apple agreements, you clarify that Plaintiffs are requesting "any material economic agreement between Google and Apple related to the iPhone or GMS apps."  You note that Plaintiffs are "not requesting that Google search for and produce every agreement that exists between Apple and Google," but that your request is "limited to agreements that are significant to the economic relationship between Apple and Google and that meaningfully impact revenue generation or incentives for these companies to compete against each other at the smartphone OS level."  As we have discussed on multiple calls, Plaintiffs' request is vague and ambiguous, and it is impossible for Google to intuit what Plaintiffs might mean by "material economic agreement," "significant to the economic relationship," or "meaningfully impact revenue generation."  As for your last qualifier—i.e., agreements that "meaningfully impact … the incentives for these companies to compete against each other"—Google fundamentally disagrees with Plaintiffs' premise that Google's agreements with Apple, including the Apple RSA, lessen competition between Google and Apple at the smartphone OS level.

Nor do the documents you cite in your letter support the claim that "Google maintains agreements with Apple beyond the Google Search RSA," "related to the iPhone or GMS apps" that are "material" or "significant to the economic relationship."  Indeed, GOOG-PLAY-004122592 should give comfort to Plaintiffs that there are no other such agreements.  However, in the spirit of

Hae Sung Nam
October 18, 2021
Page 4

HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY

compromise and *only* if it will allow the parties to close this issue out, Google will agree to produce communications that concern any agreement with Apple in its re-review of the MDL documents. Google notes that Plaintiffs will already receive all communications that hit on search terms from the CID production.  We think this is more than fair given Google's position that these agreements are not relevant to Plaintiffs' claims.  Please let us know if we can resolve this issue.

**Microsoft Agreement**

You still have not explained the relevance of this agreement to Plaintiffs' claims, and Google still objects to Plaintiffs' request for Google to produce it in this litigation.  Nevertheless, because Plaintiffs current request is only for the agreement, and to close out this issue, Google is willing to produce the agreement.  But our willingness to do so is not a concession that it is relevant and Google will continue to object to any future discovery requests regarding this issue.

**Individual Contracts with App Developers**

Plaintiffs' letter raises several issues related to the production of Google's individualized agreements with developers, which Google addresses in turn below.

*Play Pass and Play Points Agreements*.  Contrary to Plaintiffs' assertion, Google already produced several exemplar Play Points agreements in Production Vol. 35.  Google also anticipates releasing for production exemplar Play Pass / NBO agreements next week.  Additionally, attached to this letter as Exhibit A is a list of developers in these programs, from which Google will agree to produce a reasonable sample of agreements identified by Plaintiffs.

*Additional Games Velocity Program Agreements*.  During our September 24 meet-and-confer, Google stated that it believed that it had produced all of the Games Velocity Program agreements it had collected, but would follow up to confirm whether there were any that had not yet been produced.  Upon further review, Google has identified additional Games Velocity Program agreements, which it anticipates releasing for production next week.

*Produced and To-be-Produced Agreements*.  Plaintiffs additionally ask that Google provide by October 22, 2021, an update on the status of the production of agreements with developers participating in the (1) Games Velocity Program; (2) Apps Velocity Program, (3) Living Room Accelerator Program, (4) Audio Accelerator Program, and (5) Subscribe with Google, including a list of Bates numbers for all produced agreements, a list of agreements not yet produced, and a date certain for the production of remaining agreements.  As noted above, the outstanding Play Pass exemplar agreements will be released for production this week, and Google will be producing the additional GVP agreements it has identified, as Plaintiffs have requested.  However, Plaintiffs have the information necessary to identify for themselves the developer agreements in Google's production—namely the names of the relevant deal programs.  Google will endeavor to provide an update as to the anticipated date of production for any remaining developer agreements next week.

**NDAs**

Plaintiffs again request that Google search for and produce NDAs.  But Plaintiffs fail to meaningfully respond to Google's prior objections to this demand.  First, Google previously pointed

Hae Sung Nam
October 18, 2021
Page 5

HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY

out that Plaintiffs failed to cite a single discovery request seeking the production of NDAs.  In response, Plaintiffs assert that NDAs "concern[ing] issues related to this litigation" would be responsive to "numerous RFPs" that "explicitly request the production of all relevant 'agreements.'"  It is unclear why Plaintiffs think the 27 RFPs identified call for NDAs.  Many expressly call for agreements that are *not* NDAs.  For example, RFP No. 31 seeks exemplars of agreements that developers must enter into to offer in-app purchases.  In response, Google offered to produce exemplars of Developer Distribution Agreements, Terms of Service, and Android SDK License Agreements.  RFP No. 39 seeks contracts related to licenses for digital products, such as Google Play, Google Maps, Google Search, and Chrome for use on an Android device.  In response, Google agreed to produce agreements governing the use of Android mobile devices with several OEMs.  Other RFPs seek documents and agreements relating to conduct alleged in the complaints completed unrelated to the disclosure of information.  For example, RFP No. 58 seeks documents or agreements that "discourage," "prevent," or "hinders" consumers from using a channel or distribution method other than Google Play to download apps and other digital products.  Plaintiffs make no effort to explain how any of these RFPs directly call for the production of NDAs, or what kinds of NDAs they might call for.

Second, Plaintiffs do not even address Google's main objection, which is that any relevant communications that were made pursuant to any NDAs—whether the NDA itself is directly relevant to the issues in the case or not—would have been produced from custodial files.  For example, the very document Plaintiffs cite as demonstrating the existence of NDAs that "concern issues related to this litigation" (GOOG-PLAY-001785799) is an email concerning app updates that alludes to an NDA with Facebook.  That email was produced because it was identified using agreed upon search terms and tagged as responsive to the issues in the case.  Contrary to Plaintiffs' unsupported claim, nothing in the email suggests that the referenced NDA is directly relevant to the issues in this litigation.  But in any event, the substantive communications made pursuant to that NDA were produced.

## Search Query No. 95

Plaintiffs are yet again requesting to add terms to Search Query No. 95.  Plaintiffs, however, provide no explanation about why these additional terms which significantly expand the scope of the query are justified, particularly when Plaintiffs have consistently acknowledged that the 95 agreed-upon queries are "specifically designed" to capture responsive documents.  *See* 10/8/2021 Letter from L. Moskowitz to B. Rocca.  The requested additional terms—a number of which are common words that are frequently used in non-relevant contexts—generate an unreasonable number of hits and thus are necessarily overbroad and inappropriate.  For example, Plaintiffs' request to add the term "Pacific" generates 1.4 million hits and "Marmot", "Robinson", and "Cake" each generate well over 100,000 hits.  These are unacceptable.  Nevertheless, to finalize these search terms, as a compromise, Google is willing to run the terms that Plaintiffs requested that Google add to Search Query No. 95, except for "Pacific", "Marmot", "Robinson", and "Cake".  Google reserves rights to object to this request to the extent Plaintiffs do not accept this proposal.

## Revenue Share Agreements

As Plaintiffs' letter acknowledges, on July 14, 2021, in an effort to resolve the parties dispute over Plaintiffs' repeated requests for RSAs with non-OEMs and non-wireless carriers, Google agreed to search centralized repositories for revenue share agreements relating to Google Play and Google

Hae Sung Nam
October 18, 2021
Page 6

**<span style="color:red">HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY</span>**

Play Billing.  On September 17, 2021, in response to yet another request concerning RSAs, Google confirmed that it had searched for and is producing, subject to the parties' prior agreements, revenue share agreements relevant to the cases; namely, those with app store or installer preinstallation restrictions.  While Plaintiffs seem to take issue with Google's recounting of the prior correspondence on the issues, which Google believes speaks for itself, Google notes Plaintiffs' acceptance of Google's prior offer.

**Contracts with OEMs**

When Plaintiffs asked for a list of OEMs for whom Google has produced agreements, Google offered to meet and confer with Plaintiffs regarding the need for such a list.  Rather than explain their need, Plaintiffs simply state that their request is straightforward.  Plaintiffs are aware of the types of agreements Google has with OEMs and should be able to identify such agreements within Google's production.  If Plaintiffs believe they are unable to do so, Google remains willing to meet and confer.

**Data Requests**

Google has responded to Plaintiffs' September 14 letter regarding transactional data, which addresses Plaintiffs' request for a JSON schema.  As explained in our October 12 letter, Google's systems have evolved over time, certain concepts have been deprecated, and relevant SMEs are no longer with the team responsible for pulling the data.  Because of these system constraints, a comprehensive schema does not exist.  Our understanding is that Plaintiffs can generate a JSON schema manually.  With respect to a data dictionary, we note that our October 11 letter addresses most of Plaintiffs' field-specific questions, which may obviate the need for such a data dictionary. Regardless, to Google's knowledge, the previously produced proto comments are the most accurate and complete documentation available and closest thing it has to a "data dictionary." Whether it is a JSON schema or data dictionary, Google is not required to create documents not maintained in the normal course of business for purposes of assisting Plaintiffs in this litigation. To the extent the proto documentation is insufficient, we will continue to answer field-specific questions.

**App Store Reports**

Google is investigating the App Store Reports identified in Plaintiffs' letter, including the existence of other reports and the months and years for which the reports were created.

*          *          *

We are available to discuss these issues at the next scheduled meet and confer.

 Sincerely,

Brian C. Rocca

Hae Sung Nam
October 18, 2021
Page 7

**HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY**

cc:     Yonatan Even (YEven@cravath.com)
        Lauren Moskowitz (lmoskowitz@cravath.com)
        Justin C. Clarke (jcclarke@cravath.com)
        Eric Zepp (ezepp@cravath.com)
        Zachary Jarrett (zjarrett@cravath.com)
        Daniel Ottaunick (dottaunick@cravath.com)
        Bonny E. Sweeney (bsweeney@hausfeld.com)
        Melinda R. Coolidge (mcoolidge@hausfeld.com)
        Katie R. Beran (kberan@hausfeld.com)
        Alberto Rodriguez (arodriguez@sperling-law.com)
        Steve W. Berman (steve@hbsslaw.com)
        Rob F. Lopez (robl@hbsslaw.com)
        Ben J. Siegel (bens@hbsslaw.com)
        Karma M. Giulianelli (karma.giulianelli@bartlitbeck.com)
        Jamie L. Boyer (jboyer@koreintillery.com)
        Aaron Schwartz (ASchwartz@kaplanfox.com)
        Brendan Glackin (bglackin@agutah.gov)
        Brian Christensen (bchristensen1@agutah.gov)
        Sarah Boyce (sboyce@ncdoj.gov)

# EXHIBIT A

HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY

| Play Pass Partners | Play Points Partners |
|---|---|
| 100 Pi Labs | 111PERCENT INC. |
| 10tons Oy | 337 Technology Limited |
| 11 bit studios S.A. | 4399 Korea Co., Ltd |
| 1C Wireless | 4399 NET LIMITED |
| 2 Monkeys | Accenture International Limited |
| 22LEARN, LLC | Activision Publishing Inc. |
| 505 Games SpA | AD(x) Inc. |
| 77SPARX Studio, Inc. | AN Games Co. Ltd |
| 7th Gear, LLC | April7 Inc. |
| A-Life Software | Ateam Inc. |
| About Fun s.r.o. | BANDAI NAMCO Entertainment Inc. |
| Abuzz FZE | BANDAI NAMCO Online Inc. |
| Abyte Entertainment Srls | Big Fish Games, Inc. |
| AccuWeather Intl., LLC | BluePotion Games Co., Ltd |
| Aceviral.com Ltd | Camel Games,inc |
| Adriaan de Jongh | ChangYou.com Korea LLC |
| ADVA Soft GmbH | CINAMON GAMES |
| Aeria Canada Studio Inc. | cocone corporation |
| AffinityBlue | Colondee |
| Afterburn Lukasz Spierewka | COLOPL, Inc. |
| AGaming | Com2us Corporation |
| AI Factory Limited | Contract Template Approval |
| ai.type LTD | Craft Egg Inc. |
| Aimbity AS | Cupist Inc. |
| Akupara Games, LLC | D&C of Storm |
| Alawar Entertainment, Inc. | DAERISOFT |
| Alejandro Castagnolo Martínez | Dataverse.co.,limited |
| Alexei Anoshenko | Day 1 Entertainment Co.,Ltd |
| Alexey Shibkov | DeNA Co.,Ltd. |
| Alictus Yazılım A.S. | DeNA HONG KONG LIMITED |
| Alien Shooter limited liability company | Devsisters Corporation |
| Amanita Design s.r.o. | DHGames Limited |
| AMANOTES PTE. LTD. | diandian interactive holding |
| AMT Games Limited | DMM Games LLC |
| Anahoret, Inc. (D.B.A Intellijoy) | DREAM PLUS GAMES LIMITED |
| Andev | Dreamotion Inc. |
| Andrey Shcherbakov | Efun Company Limited |
| androidslide | ekkorr games corporation |
| Animoca Brands Limited | Electronic Arts, Inc. |
| Anna Walis MTOY | Far EasTone Telecommunications Co., Ltd |
| ANTON NIKITIN | Fedeen Games Limited |
| Anton Vazhinsky | FLERO Games Co., LTD |

| | |
|---|---|
| Apex Creative | Flyingbird Technology Limited |
| App Business Ventures LLC | ForwardWorks Corporation |
| App Family AB | Fourdesire Co., Ltd. |
| Appgeneration, Software technologies, Lda | FoxNext Games LLC |
| Appgenix Software UG (haftungsbeschränkt) | Funstage GmbH |
| AppHouze Co | G-Mei Network Technology Co., Ltd. |
| AppQuiz | Gamania Digital Entertainment Co. Ltd. |
| AQUIRIS GAME STUDIO S.A. | GAME4FUN Technology Limited |
| AR LABS di Lear Cabrini | GameBeans Entertainment Co., Limited |
| Arclite Systems Ltd, | GAMELAND(HK)CO. ,LIMITED |
| Arnold Rauers | Gameloft SE |
| ARTE FRANCE | GAMENOW TECHNOLOGY LIMITED |
| Artifex Mundi | GAMESWORD Co., Limited |
| AsgardSoft GmbH | Garena Online Private Limited |
| Asmodee Digital SASU | Glu Mobile Inc. |
| Aspyr Media, Inc. | Grande Games Limited |
| Avelog | Gravity communications Inc. |
| AZAMATIKA | gumi,Inc |
| b-interaktive GmbH | GungHo Online Entertainment Inc. |
| Baby Manager Ltd. | HABBY PTE. LTD. |
| backdrops | Halfbrick Studios Pty Ltd |
| Bad Potion PTY LTD | Happy Elements K.K |
| Bardia Golriz | HEYYO GAME HK LIMITED |
| Barnstorm Games Limited | HK FOREVER9 TECHNOLOGY CO., LIMITED |
| Bart Bonte | Hong Kong Chuang Cool Interactive Entertainment C |
| Baviux Apps & Games S.L. | HONG KONG FOTOABLE TECHNOLOGY LIMITED |
| Bearbit Studios B.V. | HONG KONG LEITING INFORMATION TECHNOLC |
| Bedtime Digital Games ApS | HONG KONG NETEASE INTERACTIVE ENTERTAI |
| Bennett Racing Simulations, LLC | HOTCOOL TECHNOLOGY CO., LTD |
| Berni Mobile SLU | Huuuge Global Limited |
| Big Blue Bubble, Inc. | HYPERCONNECT |
| Big Blue Clip, LLC | IGG SINGAPORE PTE LTD |
| Big Duck Games LLC | International Games System CO., LTD. |
| Bimi Boo Kids - Games for Boys and Girls LLC | IWPLAY World Interactive Entertainment Technology |
| Bini Bambini OU | Jam City, Inc. |
| Bit By Bit Studios, LLC | JOYCITY Corporation |
| Black Shell Media, LLC | Joymax Co., Ltd. |
| Black Shift Studio | JUN HAI NETWORK LIMITED |
| Blindflug Studios AG | Kabam, Inc. |
| Blue Brain Games, s.r.o. | Kakao Games Corp |
| BLUE OX FAMILY GAMES, INC. | King.com Limited |
| Blyts LLC | KingsGroup Holdings |
| Bravolol | KLab Inc. |

| | |
|---|---|
| BRETON FABRICE / COWCAT EIRL | Kolibri Games GmbH |
| Brew Studio Litmited | Kongregate, Inc. |
| Broken Rules Interactive Media GmbH | Krafton Inc. |
| Brownmonster Limited | KRAFTON, Inc. (f/k/a PUBG Corporation) |
| Bruno Piovan | Left Field Labs LLC |
| Budge Studios | LEVEL-5 Inc. |
| Buff Studio Co.,Ltd. | Lezhin Entertainment, Inc. |
| Burak Şendağ | Lilith Technology Hong Kong Limited |
| Burakgon Bilisim Teknoloji Reklam Sanayi Ticaret | LONG CHENG Network Co., Ltd |
| Butterscotch Shenanigans Inc. | LONG E CO., LTD |
| BYCODEC TEKNOLOJI LTD. STI. | Look Look Creative Co Ltd 瞧瞧創意有限公司 |
| Bytestorm Software - Bartlomiej Janusz | Ludia Inc. |
| Cabbiegames | Machine Zone, Inc. |
| Camouflaj, LLC | Mad Head Limited |
| Candy Mobile Inc. | Malang Inc. |
| CARECON GmbH | Memoriki Limited |
| Cartoon Interactive Group, Inc. | miHoYo Ltd. |
| Cateater llc | Miniclip SA |
| CGE digital s.r.o. | Mirrativ, Inc. |
| ChengDu LongYou Tech Ltd | mixi, Inc. |
| Chengdu PinGuo Technology Co., Ltd. | Mobirix corp. ((주)모비릭스) |
| Chess Prince | Mozzet |
| CHORRUS GAMES S.L. | MPLANNERS INC |
| Clapfoot Inc. | N3TWORK LLC |
| Classic Arcade Games | NATRIS Corporation |
| ClockStone Softwareentwicklung GmbH | NC Taiwan Co., LTD. |
| Cloud Macaca, Inc. | NCSOFT Corporation |
| Codebrew Games Inc. | Neocraft Limited |
| Color Switch Phoenix LLC | Neowiz |
| Concrete Software, Inc. | Netmarble Corporation |
| CoolMobileSolution | Netmarble Joybomb Inc. |
| Crescent Moon Games, LLC | Nexon Korea Corporation |
| Cristian Mihailescu | NGELGAMES Co.,Ltd. |
| Crypto Lab | NHN BIGFOOT CORPORATION |
| CYMPL Games | NHN Corp |
| D.S LONG &amp; SOUNDWAVE CONCEPTS PT | NHN Pixelcube Corp |
| Delight Room | NHN Starfish Corp |
| Devolver Digital | Niantic, Inc. |
| Dictionary.com, LLC | Nintendo Co.,Ltd. |
| Digipom Inc. | Noyesrun |
| DIGIT GROVE PRIVATE LIMITED | Npixel Corporation Limited |
| Digit Leaf LLC | NRISE, Inc. |
| Digitalchemy, LLC | Nyou Inc. |

| | |
|---|---|
| Dinosaur Polo Club | OASIS GAMES LIMITED |
| Direlight Oy | ORIGINAL ENTERTAINMENT CO LTD |
| Djinnworks GmbH | PeopleFun, Inc. |
| Dmitry Karymov | Pixelberry Studios |
| Dmitry Skornyakov | Pixonic Games Ltd |
| Dogbyte Games Kft. | Plarium Global LTD |
| Dot to Dot s.r.o. | Playstudios, Inc. |
| DotEmu | PLAYWITH Inc. |
| DoubleMoose Games AB | PLAYWITH Taiwan Co.,Ltd. |
| Douglas Cowley | PLR Worldwide Sales Limited |
| Drilly Apps Ltd | Pocket Gems |
| Dustin Auxier | PONOS Corporation |
| DWP | Product Madness Inc. |
| Easybrain Ltd | PROXIMA BETA PTE. LIMITED |
| EclipSim Bt. | Rayark International Limited |
| EdMobile Labs Private Limited | RED CANDLE GAMES CO., LTD. |
| Edoki Academy | SAMBON ELECTRONICS CO.,LTD |
| Education Mobile | Samfinaco Ltd. (Belka Games TM) |
| EDUJOY ENTERTAINMENT | Samsung Electronics (UK) Ltd |
| EliyanPro Inc | SciPlay Corporation |
| English Checkers | Scopely, Inc |
| Enpass technologies Inc | Sega Corporation |
| Enteriosoft | Seriously Digital Entertainment Ltd. |
| Etrality GmbH | Shogakukan Inc. |
| EXAMOBILE S.A. | SIGONO INC. |
| Exovoid sàrl | Six Waves Inc |
| Eyedeal Vision Center | SMG Studio |
| Farlex | Smilegate Megaport Inc |
| Fatih Odunc | Sony Mobile Communications |
| FDG Entertainment GmbH & Co KG | Special Gamez |
| FifthSource AB | SQUARE ENIX CO., LTD. |
| Filimundus AB | Sticky Hands Inc. |
| Filippo Bottonelli | Sumzap, Inc. |
| Firecracker Software LLC | Sunborn Japan Co., Ltd |
| Float32, Inc. | Super Awesome Inc. |
| FOP Yakovliev I.O. | Super Planet corp. |
| Fourchars | Supercell OY |
| Fox & Sheep GmbH | Tap4fun (Hongkong) Limited |
| FREEHOLD GAMES, LLC | Tap4fun Co.,Ltd. |
| Friendly App Studio LLC | ThumbAge Co., Ltd. |
| Funlab Software | United Daily News Co., LTD |
| FuzeBits Inc. | USERJOY Technology Co., Ltd. |
| G5 Entertainment AB | Verizon Wireless |

HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY

| | |
|---|---|
| GABBLE MOBILE TEKNOLOJİ ANONİM ŞİRKETİ | Vespa Inc. |
| Game Dev Team | VOLTAGE Inc. |
| GAMEBRAIN YAZILIM TEKNOLOJILERI LTD STI | Webzen Inc. |
| GAMEFOX | Wildlife Studios Limited |
| Gameloft | wooga GmBH |
| Games2win India Pvt. Ltd. | X-Legend Entertainment |
| Games4All | X.D. Global Limited |
| Gameverse Paulina Pabis | YOSTAR (HONG KONG) LIMITED |
| Gamma Play Limited | Yostar Inc. |
| Gazeus Games Serviços de Internet S.A. | YOTTA GAMES LIMITED |
| genina.com | YOUZU (SINGAPORE) PTE. LTD |
| GIANT INTERACTIVE (HK) LIMITED | ZILONG GAME LIMITED |
| GOBIT, INC | Zynga Inc. |
| good indie apps | 주식회사 펄어비스 (English name: Pearl Abyss Corp |
| GordonEdwards.net LLC | クローバーラボ株式会社 |
| Greenheart Games Pty. Ltd. | 株式会社Amazia |
| Gro Play Digital AB | 株式会社Cygames (Cygames, Inc.) |
| GST GoodSoftTech s.c. Jacek Nowosielski Daniel | 株式会社講談社 (Kodansha Ltd.) |
| Gunia UG (haftungsbeschränkt) | DGN Games LLC |
| Hamster On Coke Games Michal Pawlowski | Game Focus Network Limited |
| Haze Games | IPSOS LIMITED |
| HeadCode | Long Tech Network Limited |
| Headup GmbH | Rovio Entertainment Corporation |
| Heartbit Interactive Srl | SUNDAYTOZ |
| Heisen Games | |
| Henry Smith | |
| HeroCraft Ltd. | |
| Hexage s.r.o. | |
| HGames-ArtWorks s.r.o. | |
| Highbrow Interactive Private Limited | |
| HinKhoj Infolabs LLP | |
| Hitcents.com, Inc. | |
| Hohng LLC | |
| i273 LLC | |
| IAC SEARCH & MEDIA EUROPE LIMITED | |
| Ian MacLarty | |
| Illusion Labs | |
| IMA TECH INNOVATION | |
| Infinite Dreams sp. z o.o. | |
| inkle Ltd | |
| INOVE, s.r.o. | |
| InstantBits Inc | |
| Intelligems | |

| | |
|---|---|
| Interactive Games Entertainment B.V. | |
| IP Kovalishin Andrey Nikolaevich | |
| IP Li En Chan | |
| IRONHIDE S.A. | |
| J2 Interactive | |
| j4velin development | |
| Jae Ook Jeong | |
| Jakyl Ltd | |
| Jindřich Houska | |
| JL Soft | |
| Joel McDonald | |
| Joshua & Company Inc. | |
| Juan Andrés Bentel | |
| Jundroo, LLC | |
| Just4Fun Mobile Sp. z o.o. | |
| Kairosoft Co., Ltd. | |
| kamibox e. K. | |
| Karim Abou Zeid Software | |
| Karin Bente Cornelia Malmberg | |
| Karta Software Technologies - GPS Navigation | |
| Kaufcom GmbH | |
| Keren Software LLC | |
| KIA ORA GAMES PTY LIMITED | |
| KickBack | |
| KILLHOUSE GAMES SRL | |
| kinkajoo Ltd | |
| KITXOO, UNIPESSOAL LDA | |
| Kiwiwalks | |
| Klinker Apps, Inc | |
| kng team | |
| Kolb Sistemas Eireli - ME | |
| Kooapps Philippines Corp. | |
| Kotobuki Solution Co., Ltd. | |
| Kotov Artem Valerevich IP | |
| KreoSoft Krzysztof Rodzik | |
| Kristanix AS | |
| Kumobius Pty Ltd | |
| Kurechii Sdn. Bhd. | |
| Kuznetsov Nikolay Andreevich | |
| KVADGroup, LLC | |
| Kyrylo Kuzyk | |
| L'Escapadou | |
| Learny Land SI | |

| | |
|---|---|
| Lezigame SAS | |
| LisbonLabs | |
| LiveATC | |
| LLC "Stellio Soft" | |
| Loju Ltd | |
| Łukasz Oktaba | |
| Lyrebird Studio | |
| MADFINGER Games, a.s. | |
| MAGIX Software GmbH | |
| Magma Mobile | |
| MAPFACTOR, s.r.o. | |
| Marc Fortin - Osaris Games (Sole proprietorship registered in France under SIRET: 520 319 260 00060 | |
| Marcin Lewandowski | |
| Mariola Marekwica (self-employed) | |
| Markus Wiederkehr | |
| Marshmallow Games SRL | |
| Mateusz Kaflowski (Sanity Audio Apps) | |
| MATHIS EMMANUEL MARTIN DÉSIRÉ | |
| Maxim Urusov | |
| Maysalward | |
| ME2ZEN Limited | |
| Melchionna Michele | |
| METAJOY LIMITED | |
| Metro Trains Melbourne Pty Ltd | |
| MG soft Inc. | |
| MH RILEY LTD | |
| Michael Diener - Software e.K. | |
| Michal Srb | |
| Michał Stachyra Bizo Mobile-Aplikacje Mobilne | |
| Midjiwan AB | |
| Midnight Adventures LLC | |
| Mighty Kingdom Pty Ltd | |
| MINDBOX SOFTWARE SRL | |
| Mindware Consulting, Inc | |
| Minibuu | |
| Mixvibes | |
| Mobile Tower | |
| MobilityWare, LLC | |
| Mobimi Games LTD | |
| mobirix | |
| Mobobi Limited | |
| MojoTouch-Liron Barzilai | |
| Moon Reader Limited (HK) | |

HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY

| | |
|---|---|
| Moroyna Ltd. | |
| MRs Shantiben Sanjaykumar Modhawadiya | |
| MSIT Mateusz Seifert (Splend Apps) | |
| Mum Not Proud S.A.P.I. de C.V. | |
| Muranov Vladislav Andreevich | |
| Murtha Design Inc. | |
| MushTrip s.r.o. | |
| My Holiday Diary Limited | |
| My Town Games Ltd | |
| myrApps s.r.o. | |
| Nanali Inc. | |
| Nekki Limited | |
| Netigen Kluzowicz Sp. J. | |
| Next Tech Games Studios | |
| Nicolas Lehovetzki | |
| Night School Studio, LLC | |
| NK Aviation Ab | |
| No Signal Productions | |
| Noodlecake Studios Inc | |
| Northway Games Corp | |
| Novvia LLC | |
| NRS Magic LTD | |
| Oceanhouse Media, Inc. | |
| Oddrobo Software AB | |
| OhNoo Studio Łukasz Rutkowski | |
| Omni Calculator Sp. z o.o. | |
| OOO BYRIL | |
| Opala Studios Soluções Tecnológicas Ltda | |
| Orbital Nine Games Inc. | |
| Outbox S.R.L. | |
| Outfit7 Limited | |
| Over the Top Games SL | |
| OWL GAMES LTD | |
| Ozgur Cubuk | |
| pamsys | |
| Pandamonium Software Ltd | |
| Paul Lammertsma | |
| Pavel Dobryakov | |
| Peak Pocket Studios CB | |
| Pepi Play | |
| Pink Pointer - Desenvolvimento de Software LTDA | |
| Pixel Crater Ltd. | |
| Pixelbite AB | |

HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY

| | |
|---|---|
| PIYUSH PATEL | |
| PlayDate Digital | |
| Playdead ApS | |
| Playdigious SAS | |
| PlayHome Software Ltd | |
| Playmous, Inc. | |
| Plug In Digital SAS | |
| PocketLand (Comercial Leo de Sol SW Limitada) | |
| Private entrepreneur USHKEVICH DZMITRY ALEKSEEVICH | |
| Promedia Studio SRL | |
| Psym Mobile Pty Ltd | |
| Pt Inovidea Magna Global | |
| PYOPYO Studio | |
| Qaibo Games | |
| QUARZO APLICACIONES Y JUEGOS SL | |
| Rafael Garcia Moreno | |
| Raw Fury AB | |
| Rayark International Limited | |
| RayTron Lab FZE | |
| Raz Games Pty Ltd | |
| Realbyte Inc. | |
| RED BEAN LTDA - ME | |
| Relaxio s.r.o. | |
| Rendered Ideas Softgame Private Limited | |
| Renown Entertainment Incorporated | |
| Revontulet Soft Inc | |
| Rhythm Software | |
| Rikudo SASU | |
| Robert Ehrhardt | |
| Robot Circus pty ltd | |
| Robot Gentleman sp. z o.o. | |
| Rogue Games, Inc. | |
| RORTOS SRL | |
| Rottz Mobile Games LLC | |
| Rubicon Mobile, Ltd. | |
| RunaR | |
| Sago Mini | |
| Sam Barlow | |
| Sam Ruston | |
| SAMUEL BERGMAN CAVALCANTI SOUZA ME (APPS BERGMAN) | |
| Seabaa | |
| Sean Brakefield LLC | |
| SEEKRTECH CO., LTD. | |

HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY

| | |
|---|---|
| Sega of America, Inc. | |
| Sesame Workshop | |
| Share It Again | |
| SIGONO INC. | |
| SimpleHat Software, LLC | |
| Sinew Software Systems Private Limited | |
| Sirvo LLC | |
| Sixjoy Hong Kong Limited | |
| Slim Cricket | |
| Slothwerks | |
| Smart Study, Co., Ltd. | |
| Smart Tools co. | |
| Smartmob LLC | |
| Smellymoo | |
| SMG Studio | |
| smuttlewerk interactive UG (haftungsbeschränkt) | |
| Sofe Sunrise | |
| Sohomob Limited | |
| SONNORI CORP | |
| Soodex Labs S.A.S. | |
| SoundHound | |
| Sp. z o. o."Ranok-creative" | |
| Springloaded Pte. Ltd | |
| STANGA AD | |
| Stanislav Svistunov | |
| Star Music Studio | |
| Stéphane Marques | |
| StoryToys Limited | |
| Stratos Karafotis | |
| Studio Pango SAS | |
| Swiitt Computing Inc. | |
| Synpet | |
| Syntaxity Inc. | |
| Szép Roland ev. | |
| TabTale | |
| talZz (זלט) | |
| Tasmanic Editions SAS | |
| Tastypill, LLC | |
| TEACH & DRAW LTD | |
| Team17 Digital Ltd | |
| TegTap | |
| Tellmewow Studios | |
| Terrible Toybox | |

HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY

| | |
|---|---|
| test otherparty | |
| test123 | |
| The Angry Kraken S.L. | |
| The Label Limited | |
| The Secret Police Limited | |
| The Usborne Foundation | |
| The Voxel Agents Pty. Ltd. | |
| THINK WORLD | |
| Threye Interactive Pvt Ltd | |
| Thup Games | |
| Timuz | |
| tinyBuild LLC | |
| Tivola Publishing GmbH | |
| TMSOFT | |
| Toca Boca AB | |
| Top Line Solutions PTE. LTD. | |
| TOPRAK NET Bilisim Teknolojileri Limited Sirketi | |
| Tortuga Team Ltd | |
| TOWER OF HANOI SOFTWARE COMPANY LIMITED | |
| Treebit Technologies SL | |
| Triada Studio Games Inc. | |
| True Axis Pty Ltd | |
| Turbo Chilli Pty Ltd | |
| TutoTOONS Ltd. | |
| Udell Enterprises, Inc. | |
| Unified Intents AB | |
| United Soft Media Verlag GmbH | |
| USNaviguide LLC | |
| ustwo games ltd | |
| Vector Unit Inc | |
| Veewo Games Co., Ltd | |
| Venkatramanan Ramasubramanian | |
| Vertigo Gaming Inc. | |
| Ville Mäkynen | |
| Vilya Bt. | |
| Visover Software Technologies Limited | |
| Visual Blasters, LLC | |
| Vitaliy Gorlov | |
| Vito Technology | |
| VKL Apps | |
| Want2B, S.L. | |
| Wave Light Games Inc. | |
| WB Media Ltd | |

HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY

| | |
|---|---|
| We like games | |
| Weather Creative Inc. | |
| WebAvenue Unipessoal Lda | |
| webbfarbror AB | |
| Webelinx d.o.o | |
| Whiture Applications | |
| WiFi Map | |
| Winterlight Enterprises Pty. Ltd. | |
| Winterveil Studios Oy | |
| www.handy-games.com GmbH | |
| X-Flow Ltd | |
| Xiaobo Luo | |
| Yak & Co | |
| Zavasoft S.N.C. di Francesco Colferai e Martina Valenziano | |
| Zen Studios Ltd. | |
| Zeng Zhi Bo | |
| Zepni Ltd. | |
| ZeptoLab UK Limited | |
| 上海影卓信息科技有限公司 | |
| 個人事業主 | |
| 北京乐信圣文科技有限责任公司 | |
| 北京易言科技有限公司 | |
| 宝宝巴士(福建)网络科技有限公司 | |
| 杭州趣维科技有限公司 | |
| 深圳市油桃科技有限公司 | |
| genina.com | |
| Phosphor Studios, LLC | |
| The Irregular Corporation Limited | |