# EXHIBIT B

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

*In Re Google Play Store Antitrust Litigation,* Case Nos. 3:21-md-02981-JD, 3:20-cv-5761-JD, and 3:21-cv-05227-JD

## NOTICE OF PENDENCY OF CERTIFIED CLASS ACTON AND STATE ATTORNEY GENERAL ACTION

# If you made payments through the Google Play Store on or after August 16, 2016, a Class Action and an Attorney General *Parens Patriae* Consumer Action may affect your legal rights.

*A federal court directed this Notice.*
*This is not a solicitation from a lawyer. You are not being sued.*

- Private counsel acting on behalf of class of consumers who made payments through the Google Play Store in 17 States and/or territories (the "Class") as well as Attorneys General of 39 States (along with the Class, "Plaintiffs") brought antitrust lawsuits against Google LLC ("Google"). Although the Complaints are not identical, in general, the Plaintiffs allege that the prices that consumers paid to Google for Apps and in-App digital content were inflated because Google unlawfully acquired and maintained a monopoly in the Android app distribution market through anticompetitive practices in the Google Play Store. The Plaintiffs claim that Google's conduct caused consumers to pay more for their Apps or in-App purchases than they would have paid without that conduct.

- Google denies any wrongdoing.

- This Notice describes two pending actions filed on behalf of consumers who paid for an App through the Google Play Store or paid for in-App content through Google Play Billing (a "Qualifying Purchase") with a Google payments profile address, at the time of purchase, located in one or more of the states, territories, districts or jurisdictions listed below:

    **The Certified Class Action**:  On November 28, 2022, the Court certified the following Class:

    All persons in the following U.S. states and territories:

    Alabama, Georgia, Hawaii, Illinois, Kansas, Maine, Michigan, Ohio, Pennsylvania, South Carolina, Wisconsin, Wyoming, American Samoa, Guam, Northern Mariana Islands, Puerto Rico, and the U.S. Virgin Islands

    who paid for an App through the Google Play Store or paid for in-App digital content (including subscriptions or ad-free versions of Apps) through Google Play Billing on or after August 16, 2016, to the present.

    The Court also appointed as Class counsel, Hae Sung Nam of Kaplan Fox & Kilsheimer LLP, and Karma M. Giulianelli of Bartlit Beck LLP.

    **The Attorney General *Parens Patriae* Action**:  Also pending before the Court is a *parens patriae* action filed by State Attorneys General on behalf of consumers who made a Qualifying Purchase on or after August 16, 2016 with a Google payments profile address, at the time of purchase, located in one or more of the following 39 states or districts

    Alaska, Arizona, Arkansas, California, Colorado, Connecticut, Delaware, Florida, Idaho, Indiana, Iowa, Kentucky, Maine, Maryland, Massachusetts, Minnesota,

Mississippi, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Jersey, New Mexico, New York, North Carolina, North Dakota, Oklahoma, Oregon, Rhode Island, South Dakota, Tennessee, Texas, Virginia, Vermont, Utah, Washington, West Virginia, and the District of Columbia.

"*Parens Patriae*" means that an Attorney General of a State or District may bring a civil action in the name of such State or District on behalf of natural persons residing in that State or District.  Title 15 U.S.C. § 15c.

- The Court has not decided whether Google did anything wrong. There are no benefits or money available now, and no guarantee that there will be. However, your legal rights are affected if you are a member of one or more of the Actions, and you have a choice to make now.

- The Plaintiffs must prove the claims against Google at trial.

- If money or benefits are obtained  by the Plaintiffs, either through a settlement or after a trial, you will be notified about how to request a share.

Your options—and the deadlines to exercise them—are explained in this Notice.

| LEGAL RIGHTS AND OPTIONS FOR CLASS MEMBERS | |
|---|---|
| **Do Nothing** | **Stay in the Actions. Await the outcome. Give up certain rights.**<br><br>By doing nothing, you keep the possibility of getting money or benefits that may come from a trial or a settlement. But, you will give up any rights to sue, or continue to sue, Google separately over the claims at issue in these actions. |
| **Exclude Yourself** | **Get out of the Actions.  Get no benefits from the Actions.  Keep your right to sue Google.  If you believe that you are member of either or both the Class Action and/or the Attorney General Acton and wish to be excluded, you must act before _____, 2023.**<br><br>If you ask to be excluded, any money or benefits are later awarded on behalf of the 17-State Certified Class and/or to consumers in the 39 states represented by the Attorneys' General, you will not share in those. But, you keep any rights to sue Google separately over the claims at issue in this lawsuit. |

**Your rights and options are explained in more detail in this Notice.**
**Please read this Notice carefully and completely.**

## BASIC INFORMATION

| 1. Why did I get this Notice? |
| --- |

You are being provided with this Notice because you may have paid for an App through the Google Play Store or paid for in-App content (including subscriptions or ad-free versions of apps) through Google Play Billing since August 16, 2016 ("a Qualifying Purchase")—for example, by paying to download a game or making a purchase inside an App downloaded from Google Play—when, at the time of purchase, your Google payments profile address was located in one of the states, territories, districts or jurisdictions described below:

**The 17-State Certified Class Action**:  Alabama, Georgia, Hawaii, Illinois, Kansas, Maine, Michigan, Ohio, Pennsylvania, South Carolina, Wisconsin, Wyoming, American Samoa, Guam, Northern Mariana Islands, Puerto Rico, and the U.S. Virgin Islands

**The 39-State Attorney General Action:**  Alaska, Arizona, Arkansas, California, Colorado, Connecticut, Delaware, Florida, Idaho, Indiana, Iowa, Kentucky, Maine, Maryland, Massachusetts, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Jersey, New Mexico, New York, North Carolina, North Dakota, Oklahoma, Oregon, Rhode Island, South Dakota, Tennessee, Texas, Virginia, Vermont, Utah, Washington, West Virginia, and the District of Columbia

Depending on the "legal address" listed in your Google payments profile when you made a Qualifying Purchase , you may be a member of one, or both, of these groups (if, for example, you moved and changed your payments profile "legal address" since August 16, 2016).  If so, this Notice explains that you have legal rights and options that you may exercise before the Court holds a trial. The trial is to decide whether Plaintiffs have proven their claims against Google.

The Court in charge of these Actions is the United States District Court for the Northern District of California. The case is titled *In Re Google Play Store Antitrust Litigation*, Case Nos. 3:21-md-02981-JD, 3:20-cv-5761-JD, and 3:21-cv-05227-JD. United States District Court Judge James Donato is overseeing the litigation.

| 2. What are these Actions about? |
| --- |

There are two pending Actions, one brought by private class counsel on behalf of consumers in the 17-State Certified Class Action states and territories, and a separate one brought by State Attorneys General as *parens patriae\** for consumers in 39 other states and districts.  Both cases are filed against Google.

Although the Complaints are not identical, in general, each Complaint alleges that the prices that consumers paid to Google for Apps and in-App digital content were inflated because Google unlawfully acquired and maintained a monopoly in the Android app distribution market through anticompetitive practices in the Google Play Store. The Plaintiffs in the Actions claim that Google's conduct caused consumers to pay more for their App or in-App purchase than they would have paid without that conduct.

.

\* "*Parens Patriae*" means that an Attorney General of a State or District may bring a civil action in the name of such State or District on behalf of natural persons residing in that State or District. Title 15 U.S.C. § 15c.

Google denies any wrongdoing and denies the allegations in each Complaint.

A copy of the Court's order certifying the 17-State Class Action is available for your review on the website, www.XXXXXXX.com. A copy of the various Complaints, and Google's answers to the Complaints, are also available for review at www.XXXXXXX.com.

The Court has not decided who is right or whether Google did anything wrong.

By issuing this Notice, the Court is not suggesting that the Plaintiffs will win or lose their cases. The Plaintiffs must prove their claims in this litigation, including at trial.

## 3.    Why is there a Class Action and an Attorney General Action?

In a class action, one or more persons, called the Class Representatives sue on behalf of others who have similar claims. In this litigation, the Court appointed two persons as Class Representatives to represent Class members in litigation filed by private class counsel on behalf of persons who, on or after August 16, 2006, paid for an App through the Google Play Store or paid for in-App content through Google Play Billing (including subscriptions or ad-free versions of Apps) ("a Qualifying Purchase") with a Google payments profile address, at the time of purchase, located in the following 17 states and territories:  Alabama, Georgia, Hawaii, Illinois, Kansas, Maine, Michigan, Ohio, Pennsylvania, South Carolina, Wisconsin, Wyoming, American Samoa, Guam, Northern Mariana Islands, Puerto Rico, and the U.S. Virgin Islands.  All of these people are called a Class or Class Members.  In a class action, one court resolves the issues for everyone in the Class—except for those people who choose to exclude themselves from the Class.

The Court decided that the 17-State Class Action can proceed as a class action because it meets the requirements of Federal Rule of Civil Procedure 23, which governs class actions in federal courts, and authorizes the court to issue this Notice to advise Class members of their rights and options (discussed in paragraph 8 below). More information about why the Court is allowing this lawsuit to proceed as a class action is in the Court's Class Certification Order, which is available for your review on the website, www.XXXXXXX.com.

Separately, 39 State Attorney Generals have filed litigation against Google under their *parens patriae* authority.  "*Parens Patriae*" means that an Attorney General of a State or District may bring a civil action in the name of such State or District on behalf of natural persons residing in that State or District.  Title 15 U.S.C. § 15c.  The Attorney General Action is on behalf of consumers who made a Qualifying Purchase with a Google payments profile address, at the time of purchase, located in the following states and districts:  Alaska, Arizona, Arkansas, California, Colorado, Connecticut, Delaware, Florida, Idaho, Indiana, Iowa, Kentucky, Maine, Maryland, Massachusetts, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Jersey, New Mexico, New York, North Carolina, North Dakota, Oklahoma, Oregon, Rhode Island, South Dakota, Tennessee, Texas, Virginia, Vermont, Utah, Washington, West Virginia, and the District of Columbia.

There is no legal requirement for Court certification of the Attorney General Action.  However, the law permitting these actions authorizes the Court to give notice to all persons on whose behalf the Attorney General Action is being brought, and to allow any persons who wish to exclude themselves from the Attorney General Action, or any portion of that Action claiming monetary relief for such persons, within the time period specified in paragraph 8 of this Notice. Title 15 U.S.C. § 15c(b)(1)-(3).

Both actions are pending before the same judge in federal court in San Francisco, California, under the same case title, *In Re Google Play Store Antitrust Litigation*, Case Nos. 3:21-md-02981-JD, 21-md-02981-JD, and 21-cv-05227-JD. United States District Court Judge James Donato is overseeing the litigation.

A copy of the various Complaints, and Google's answers to those Complaints, are available for review at www.XXXXXXXX.com.

## 4.    What relief are the Actions asking for?

The Plaintiffs ask the Court to award damages equal to the amounts consumers in their respective states, territories and jurisdictions overpaid to Google for Apps and in-App digital content as a result of Google's unlawfully acquiring and maintaining a monopoly in the Android App distribution market through anticompetitive practices in the Google Play Store. The Plaintiffs also seek any other relief such consumers may be entitled to, including attorneys' fees, reimbursement of litigation expenses, and other remedies. The State Attorneys General in the Attorney General Action are authorized to seek and additionally do seek injunctive relief, civil fines and penalties.

No money or benefits are available now because neither a Court nor a jury has decided whether Google did anything wrong, and the two sides have not settled the case. There is no guarantee that money or benefits will ever be obtained. If money or benefits are obtained by the Plaintiffs, either through a settlement or after a trial, you will be notified about how to request a share if you are a member of either or both Actions.

## 5.    Class Representatives and Class Counsel for the Certified Class Action

Without addressing the merits, the Court ruled that the Class Action filed by private Class Counsel may proceed on behalf of a 17-State Class, defined as -

All persons in the following U.S. states and territories:

Alabama, Georgia, Hawaii, Illinois, Kansas, Maine, Michigan, Ohio, Pennsylvania, South Carolina, Wisconsin, Wyoming, American Samoa, Guam, Northern Mariana Islands, Puerto Rico, and the U.S. Virgin Islands

who paid for an App through the Google Play Store or paid for in-App digital content (including subscriptions or ad-free versions of Apps) through Google Play Billing on or after August 16, 2016, to the present.

For purposes of this definition, class membership is based on the "legal address" listed in a person's Google payments profile at the time of purchase.

The Court designated Matthew Atkinson and Alex Iwamoto as Class Representatives for the Class. Lead Class Counsel who represent the Class are:

| | |
|---|---|
| Hae Sung Nam | Karma M. Giulianelli |
| KAPLAN FOX & KILSHEIMER, LLP | BARTLIT BECK, LLP |
| 850 Third Avenue, 14th Floor | 1801 Wewatta Street, Suite 1200 |
| New York, New York 10022 | Denver, Colorado 80202 |
| (212) 687-1980 | (303) 592-3165 |

If you believe that you are a Class member and choose to remain in the 17-State Class, you do not need to hire your own lawyer because Class Counsel are working on your behalf.  However, if you want to retain a different lawyer, you will be responsible for paying that lawyer.  For example, you can     ask him or her to appear in Court for you if you want someone other than Class Counsel to speak for you.

If Class Counsel obtains money or benefits for the Class, either by settlement or after a trial, they may ask the Court for fees and expenses. You will not have to pay these fees and expenses. If the Court grants Class Counsel's request, the fees and expenses awarded by the Court would be either deducted from any money obtained for the Class or be paid separately by Google.

## 6.  State Attorneys General Representatives and Counsel

Consumers who made a Qualifying Purchase on or after August 16, 2016 when, at the time of purchase, their Google payments profile "legal address" was     in one or more of the 39 states or districts described below.

> Alaska, Arizona, Arkansas, California, Colorado, Connecticut, Delaware, Florida, Idaho, Indiana, Iowa, Kentucky, Maine, Maryland, Massachusetts, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Jersey, New Mexico, New York, North Carolina, North Dakota, Oklahoma, Oregon, Rhode Island, South Dakota, Tennessee, Texas, Virginia, Vermont, Utah, Washington, West Virginia, and the District of Columbia.

The Attorney General's Office of each jurisdiction in the Attorney General Action is acting as counsel for its own constituents.

## WHO IS AFFECTED BY THE CERTIFIED CLASS ACTION
## AND THE ATTORNEY GENERAL ACTION

## 7.   Am I a Class Member or part of any of the Actions?

You are being provided with this Notice because you may have purchased one or more Apps through the Google Play Store or paid for in-App content (including subscriptions or ad-free versions of apps) through Google Play Billing on or after August 16, 2016 ("a Qualifying Purchase")—for example, by paying to download a game or making a purchase inside an App downloaded from Google Play—with a Google payments profile address, at the time of purchase, located in one or more of the states, territories or districts described below:

**The 17-State Certified Class Action**:  Alabama, Georgia, Hawaii, Illinois, Kansas, Maine, Michigan, Ohio, Pennsylvania, South Carolina, Wisconsin, Wyoming, American Samoa, Guam, Northern Mariana Islands, Puerto Rico, and the U.S. Virgin Islands.

**The 39-State Attorney General Action:**    Alaska, Arizona, Arkansas, California, Colorado, Connecticut, Delaware, Florida, Idaho, Indiana, Iowa, Kentucky, Maine, Maryland, Massachusetts, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Jersey, New Mexico, New York, North Carolina, North Dakota, Oklahoma, Oregon, Rhode Island, South Dakota,

Tennessee, Texas, Virginia, Vermont, Utah, Washington, West Virginia, and the District of Columbia.

Depending on the "legal address" listed in your Google payments profile when you made a Qualifying Purchase, you may be a member of one or both groups (if, for example, you moved and changed your payments profile billing address since August 16, 2016).  If so, your interests will be represented by court-appointed Class Counsel and/or the State Attorneys General in the above-listed states, territories or districts where you lived when you made your Qualifying Purchase(s).

## <u>YOUR RIGHTS AND OPTIONS</u>

**If you believe that you member of the Certified Class or part of the Attorney General Action (or both), you have to decide now whether to remain a member or participant, or ask to be excluded.**

### 8.  What happens if I do nothing at all?

You do not have to do anything now. If you do nothing, and you are a member of the 17-State Certified Class, you will remain in the Class.  Likewise, if you do nothing, and are part of the 39-State Attorney General Action, you will remain a part of that Action.

If you stay in the Certified Class or remain in the Attorney General Action, and there is an award of money or benefits to the Plaintiffs, either as a result of a trial or settlement, you will be notified about how to apply for a share of the benefits.

Keep in mind that if you are a member of one or both of these groups, and you do nothing now, regardless of whether the Actions are won or lost at trial, you will not be able to sue, or continue to sue, Google separately—as part of any other lawsuit—over the claims at issue in these Actions. You will also be legally bound by all of the orders and judgments that the Court issues in the Actions.

### 9.  Why would I ask to be excluded?

If you exclude yourself from the Certified Class or the Attorney General Action—which is sometimes called "opting-out"—you won't get any money or benefits obtained for consumers as a result of a trial or settlement (which may or may not be reached) between the Plaintiffs and Google. However, if you opt out, then you may be able to sue or continue to sue Google separately for the claims that are the subject of this lawsuit. If you exclude yourself, you will not be legally bound by the Court's judgments and orders in these Actions.

If you bring your own lawsuit against Google after you exclude yourself, you will have to hire and pay your own lawyer for that lawsuit, and you will have to prove your claims. If you do exclude yourself so you can start or continue your own lawsuit against Google, you should talk to your own lawyer soon, because your claims may be subject to a statute of limitations.

## 10. How do I exclude myself from the Certified Class or the Attorney General Action?

To exclude yourself from the Certified Class or the Attorney General Action, you must complete an opt-out form online or send a letter saying that you want to be excluded. You may only exclude yourself: you cannot submit an exclusion request for or on behalf of any person or group of persons, other than yourself.

You may obtain and submit an exclusion request form at www.XXXXXXX.com. If you want to exclude yourself through the website you **must** do so **by _____, 2023**.

If you want to exclude yourself by sending a letter, the letter **must** include the following information: (1) the name of the lawsuit (*In Re Google Play Store Antitrust Litigation*, Case Nos. 3:21-md-02981-JD, 3:20-cv-5761-JD; and 21-cv-05227-JD); (2) your full name, email address, and mailing address; (3) a clear statement of your intention to exclude yourself (such as "I wish to be excluded from the Certified Class [or] Attorney General Action [or both]"); and (4) your signature. Your letter **must be postmarked by _____, 2023,** and sent to:

[Notice Administrator]
ATTN: *In re Google Play Store Antitrust Litigation*
[Notice Administrator Address]
[Notice Administrator Address]

You cannot exclude yourself by telephone or by email.

## 11. How and when will the Court decide who is right?

As long as the litigation isn't resolved by settlement, the Plaintiffs will have to prove their claims, including at a trial, if necessary. There is no guarantee that the Plaintiffs will win, or that they will secure any money for consumers in the states they represent. The trial is scheduled to start on November 6, 2023 at 9:00 a.m.

## 12. Do I have to come to trial?

You do not need to attend the trial. Class Counsel and the State Attorneys' General will present the case for the Plaintiffs, and Google will present its defenses. You are welcome to come to the trial at your own expense, if you wish.

## 13. Will I get money after the trial?

If you believe you are a Class Member and stay in the Class, or believe you are a part of the Attorney General Action and remain in that action, and there is an award of money or benefits to the Plaintiffs either as a result of a trial or settlement, you will be notified about how to apply for a share of the benefits. We do not know how long this will take.

## ADDITIONAL INFORMATION

THIS NOTICE IS ONLY A SUMMARY.  The Complaints in the lawsuits and certain other pleadings and relevant documents are available on the website, at www.XXXXXXX.com.

If you have questions or want more information, you may call (___) _____, or you may contact the Administrator by email at XXXX@XXXXXXX.com, or by writing to:

*In re Google Play Store Antitrust Litigation*
[Notice Administrator]
[Notice Administrator Address]
[Notice Administrator Address]

**PLEASE DO NOT CALL OR WRITE TO THE COURT OR THE CLERK'S OFFICE FOR INFORMATION.  THE COURT CANNOT ANSWER ANY QUESTIONS.**

**DATED: MONTH, XX, 2023**

**BY ORDER OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA**