# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION**<br><br>THIS DOCUMENT RELATES TO:<br><br>*In re Google Play Consumer Antitrust Litigation*, Case No. 3:20-cv-05761-JD<br><br>*State of Utah et al. v. Google LLC et al.*, Case No. 3:21-cv-05227-JD | Case No. 3:21-md-02981-JD<br><br>**DECLARATION OF ELIZABETH C. PRITZKER IN SUPPORT OF PARTIES' JOINT STATEMENT RE: PROPOSED PLAN TO PROVIDE NOTICE OF PENDENCY AND OPPORTUNITY TO OPT-OUT**<br><br>[PURSUANT TO COURT ORDER, DKT. NOS. 330 AND 354]<br><br>Judge: Hon. James Donato |

Case No. 3:21-md-02981-JD

DECL. OF E. PRITZKER ISO PARTIES' JOINT STATEMENT RE: PROPOSED PLAN TO PROVIDE NOTICE OF PENDENCY AND OPPORTUNITY TO OPT OUT

I, Elizabeth C. Pritzker, declare and state as follows:

1. I am an attorney duly licensed to practice before all of state and federal courts in the State of California. I am a partner in the law firm of Pritzker Levine, LLP. On December 16, 2020, the Court appointed me to serve as Liaison Counsel for the Consumer Plaintiffs in this litigation. (Dkt. No. 128). I am submitting this declaration in support of the Parties' Joint Statement Re: Proposed Plan to Provide Notice of Pendency and an Opportunity to Opt Out ("Joint Statement"). I have personal knowledge of the matters stated herein and, if called upon, I could and would competently testify thereto.

2. On November 28, 2022, the Court certified a multi-state consumer class pursuant to Fed. R. Civ. P. 23(b)(3), and ordered: "[t]he parties are directed to jointly file by January 20, 2023, a proposed plan to give notice to the certified class and an opportunity to opt out." Case No. 3:20-cv-05761, Dkt. No. 330. On January 19, 2023, the Court extended that filing deadline to January 27, 2023. (Dkt. No. 354).

3. In accordance with the Court's November 28 order, at the direction of Class Counsel and joined by counsel from Class Counsel's office, I participated in a December 13, 2022 meet and confer with counsel for Google to help determine what information Google had in its records database to facilitate dissemination of electronic notice to the approximately 21 million members of the certified class. Following that initial conference, Google's counsel sent an email on December 17, 2022, inviting the State Attorneys' General ("State Plaintiffs") to participate in the Parties' notice discussions. On December 29, 2022, the Consumers Plaintiffs, attorney representatives for the State Plaintiffs, and Google's counsel collectively conferred on issues concerning dissemination of notice, including a potential notice program that would provide notice, on a nationwide basis, to consumers in the class states as well as those in the jurisdictions represented by the State Plaintiffs.

4. On January 9, 2023, the Consumer Plaintiffs and State Plaintiffs provided to Google for review and comment a set of proposed Summary Notice and Long-Form Notice forms. These were proposed to provide single, nationwide forms of notice of pendency to consumers in the certified class states as well as to those encompassed by the *parens patriae* actions.

5. Counsel for Consumer Plaintiffs, State Plaintiffs and counsel for Google continued to confer on notice language during the month of January 2023. While Google does not agree, and in fact opposes, the dissemination of the nationwide forms of notice that Consumer Plaintiffs and State Plaintiffs propose, the language reflected in the forms of notice attached as **Exhibits A** and **B** to the Joint Statement has been generally agreed to by all Parties, with the exception that Google has proposed additional language regarding the Consumer Plaintiffs' and State Plaintiffs' Joint Prosecution Agreement—language that the Consumer Plaintiffs and State Plaintiffs oppose.

6. Also during the month of January 2023, counsel from Class Counsel's office and I conducted preliminary interviews with potential third-party notice providers and obtained preliminary, non-binding notice proposals and preliminary cost estimates regarding same. The proposals assume dissemination of notice to affected consumers using the following means: direct notice by email, and publication notice by *PR Newswire Online* and via a dedicated notice website. For direct notice, it was assumed that a notice provider would use data provided by Google, which includes names, anonymized unique Google account IDs, state or territory information based on their Google Play payment profiles at the time of purchase, and email addresses.

7. Based on the above assumptions, the preliminary costs associated with such notice, per the non-binding proposals and preliminary estimates received, are: (a) for dissemination of notice to the approximately 21 million members of the multi-state certified class – between $75,000 and $100,000; and (b) for dissemination of notice on a nationwide basis to approximately 100 million consumers (inclusive of the approximately 21 multi-state certified class members) – between $142,500 and $186,000. These notice providers have advised that issuing notice in two separate notices, one for the certified class states and a separate one for the *parens patriae* states, may potentially increase the overall cost of notice in this multi-district litigation by approximately $70,000 to $100,000. The additional expenses associated with two, separate notice programs is primarily related to the need to separately administer two plans, separately set up and maintain two dedicated notice websites, and separately respond and follow up on undelivered emails or to queries from class members and affected consumers.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 27th day of January, 2023, at Emeryville, California.

ELIZABETH C. PRITZKER

**E-FILING ATTESTATION**

I, Karma Giulianelli, am the ECF User whose ID and password are being used to file this document. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that the signatory identified above has concurred in this filing.

                        /s/ *Karma Giulianelli*
                          Karma Giulianelli