# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

## Civil Minutes

Date: January 31, 2023            Judge: Hon. James Donato

Time: 3 Hours & 24 Minutes

Case No.      **3:21-md-02981-JD In re Google Play Store Antitrust Litigation**
                 **3:20-cv-05671-JD Epic Games, Inc. v. Google LLC et al**
                 **3:20-cv-05761-JD In re Google Play Consumer Antitrust Litigation**
                 **3:21-cv-05227-JD State of Utah et al v. Google LLC et al**
                 **3:22-cv-02746-JD Match Group, LLC et al v. Google LLC et al**

Attorney(s) for Plaintiff(s):     Glen Summers/Karma Giulianelli/John Byars/Gary Bornstein/
                                      Hae Sung Nam/Lauren Moskowitz/Elizabeth Pritzker/
                                      Nancy Nishimura/Aaron Schwartz/Lauren Weinstein/
                                      Paul Riehle/Brendan Glackin/Doug Dixon/Lee Mason
Attorney(s) for Defendant(s):   Glen Pomerantz/Brian Rocca/Michelle Park Chiu/
                                      Justin Raphael

Court Reporter: Ana Dub

Deputy Clerk: Lisa Clark

## PROCEEDINGS

Evidentiary Hearing -- Held

## NOTES AND ORDERS

The Court takes further argument on plaintiffs' motion for sanctions. MDL Dkt. No. 349. For the Tian Lim deposition transcript and exhibits that were lodged in chambers, the parties will resubmit a copy that has the relevant portions highlighted (or file a version that collates only the relevant excerpts and exhibits).

The parties are directed to take these steps before the Court issues its ruling on the motion:

- Google will produce to plaintiffs within 14 days the chats that were preserved for Custodians 22 through 383 listed in Exhibit A to the Declaration of Duy Ho, Dkt. No. 429-2. The parties will meet and confer on whether Google will conduct a responsiveness review prior to production of these chats.

- Google will produce to plaintiffs the "system-wide backend log" referenced in the Declaration of Devin Chen, Dkt. No. 429-4. Plaintiffs may depose Devin Chen and/or other Google employees as reasonably needed for an understanding of the log and its data.

- The parties will meet and confer about which of the relevant custodians still have their history setting turned to "off" for any of their chats, and whether Google should now change those default history settings to "on" for the core set of relevant custodians as the parties agree.

- The parties will formulate a plan to execute the above steps, and submit by February 6, 2023, a joint statement confirming they have done so.

The proposed case schedule, Dkt. No. 434 at 2-3, is approved. A jury trial is set for November 6, 2023. The four plaintiffs' groups will confer on coordinating their experts so that the plaintiffs as a group will present one expert for each common issue. Individual issues may be addressed by separate experts. Plaintiffs will provide Google with their revised list of experts so Google may consider which, if any, of the experts Google will attempt to exclude from trial.

The parties will report back to the Court after this has been done, and the Court will then take up the issue of how many, and when, any concurrent expert proceedings will be held in connection with any anticipated *Daubert* motions.