Karma M. Giulianelli (SBN 184175)
**BARTLIT BECK LLP**
1801 Wewatta Street, Suite 1200
Denver, CO 80202
Telephone: (303) 592-3100
Facsimile: (303) 592-3140
karma.giulianelli@bartlitbeck.com

Hae Sung Nam (*pro hac vice*)
**KAPLAN FOX & KILSHEIMER LLP**
850 Third Avenue
New York, NY 10022
Telephone: (212) 687-1980
Facsimile: (212) 687-7715
hnam@kaplanfox.com

*Co-Lead Counsel for the Proposed Classes*

[Additional Counsel on Signature Page]

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE GOOGLE PLAY CONSUMER ANTITRUST LITIGATION**<br><br>RELATED ACTIONS:<br><br>*Epic Games Inc. v. Google LLC et al.*, Case No. 3:20-cv-05671-JD<br><br>*In re Google Play Developer Antitrust Litigation*, Case No. 3:20-cv-05792-JD<br><br>*State of Utah, et al., v. Google LLC, et al.*, Case No. 3:21-cv-05227-JD<br><br>*Match Group, LLC, et al. v. Google LLC, et al.*, Case No. 3:22-cv-02746-JD | No. 3:20-CV-05761-JD<br><br>**DECLARATION OF CO-LEAD CLASS COUNSEL IN SUPPORT OF CONSUMERS' STATEMENT OF ATTORNEYS' FEES AND COSTS PURSUANT TO CHAT SANCTION ORDER**<br><br>Hearing Date: TBD<br>Hearing Time: TBD<br>Courtroom: Courtroom 11, 19th Floor<br>Judge: The Honorable James Donato |

We, Karma M. Giulianelli and Hae Sung Nam, declare as follows:

1. We are partners in the law firms of Bartlit Beck LLP, and Kaplan Fox & Kilsheimer LLP, respectively, and are Co-Lead Class Counsel for the Consumer Class in this action.

2. We submit this declaration in support of Consumers' Statement of Attorneys' Fees and Costs Pursuant to Chat Sanction Order. The facts set forth in this declaration are based on our personal knowledge. If called as witnesses, we could and would testify competently thereto.

3. On December 16, 2020, this Court appointed us as Co-Lead Interim Class Counsel. On November 28, 2022, the Court certified the Consumer Class and confirmed our appointment as Co-Lead Class Counsel. Pursuant to these orders, we have overseen and directed all legal work on behalf of the Consumer Class since December 16, 2020.

**CLASS COUNSEL'S WORK IN CONNECTION WITH THE RULE 37 MOTION**

4. The work performed by Class Counsel in connection with the Rule 37 motion was significant, spanning over two years of hard-fought investigation and litigation.

5. Class Counsel and counsel for other Plaintiffs in this litigation began investigating the absence of Chats from Google's document production in early 2021. This entailed months of raising the issue with Google in written correspondence and telephonic meet-and-confers, followed by investigation of Google's various responses. Class Counsel were then forced to raise the issue with the Court beginning in late 2021, which entailed continued discussions with Google, drafting a Joint Statement for a December 2021 status conference, gathering the evidence to date, and preparing an argument regarding the dispute to present to the Court at the December 16, 2021 status conference.[1]

6. After that status conference, Class Counsel took a significant role in drafting written interrogatories and worked to obtain responsive answers and explanations from Google,

---

[1] Class Counsel performed significant work from early 2021 through December 2021 attempting to investigate the true facts regarding Google's preservation and production of Chats. However, Class Counsel seeks fees beginning only in December 2021, when Class Counsel began work to raise the Chat preservation issue with the Court.

1  followed by drafting a lengthy Joint Statement.  Class Counsel then took a significant role in
2  drafting the Rule 37 motion and preparing for the evidentiary hearing, all of which required
3  close coordination with the other Plaintiffs and collaboration on joint filings.  Because Google
4  maintained before the evidentiary hearing that it lacked the technical ability to change the de-
5  fault preservation setting from "history off" to "history on," that work included significant effort
6  preparing to offer expert testimony on the features of Google Chat and Google's ability to
7  change such settings (which was made unnecessary by Google's admission at the hearing that it
8  had such an ability).

9        7.      After the presentation of evidence, Class Counsel had to prepare and deliver clos-
10 ing argument to the Court.  After that, Class Counsel and counsel for the other Plaintiffs had to
11 negotiate with Google for the production of additional Chats and Chat data, and Class Counsel
12 worked in concert with the other Plaintiffs to prepare a supplemental report to the Court on the
13 information learned from that supplemental data.

14       **FEES OF CLASS COUSEL**

15       8.      As Co-Lead Class Counsel, we have personally overseen and directed all legal
16 work performed by Class Counsel in connection with the Rule 37 motion.  As part of that over-
17 sight, we have endeavored to ensure that all legal work on behalf of the Consumer Class was
18 performed as capably and efficiently as possible, by attorneys with appropriate experience and
19 skills for each task, with as little duplication of effort as possible.

20       9.      At our direction, each firm representing the Consumer Class has maintained con-
21 temporaneous records of the work performed in this matter, including the time, rates and narra-
22 tive descriptions of the work performed by each professional.  Those records were provided to
23 us, and were reviewed by us.

24       10.     Attached hereto as Exhibits A, B, C and D are declarations from members of each
25 of the firms representing the Consumer Class that are seeking fees related to the Rule 37 mo-
26 tion, specifically: Exhibit A, Bartlit Beck LLP; Exhibit B, Kaplan Fox & Kilsheimer LLP; Ex-
27 hibit C, Cotchett, Pitre & McCarthy, LLP; and Exhibit D, Korein Tillery LLC..  Attached as

Annex 1 to each such declaration are summaries of the of the work performed in connection with the Rule 37 motion by attorneys and other billable professionals from that firm. These summaries were prepared in accordance with Footnote 5 to the Court's March 28, 2023 Findings of Fact and Conclusions of Law Re Chat Preservation based on each firm's more detailed contemporaneous billing records, and identify the total amount of time devoted to each category of tasks by each billable professional using codes that are consistent with those that have been used in recent class fee submissions in this Court and other federal courts within the Ninth Circuit. The summaries identify each professional's name, title, hourly rate, and a calculation of the resulting fees. Detailed time entries are also available for inspection by the Court upon request.

11. To the best of our knowledge and belief, all of the work reflected in the summaries provided in Exhibits A, B, C and D was actually performed, and was reasonably necessary to the prosecution of the Rule 37 motion. In our judgment, the requested fees are reasonable and appropriate under the circumstances.

## COSTS INCURRED BY CLASS COUNSEL

12. Class Counsel incurred out-of-pocket expenses in connection with the Rule 37 motion. The most significant of those expenses were paid from a Litigation Fund administered by Kaplan Fox to which each of the leading firms representing the Consumer Class have contributed.

13. Those expenses include the fees of a technical expert from Berkeley Research Group retained by the Consumer Class and co-retained by the States, Match, and Epic. Plaintiffs planned to have Mr. Schnell testify at the evidentiary hearing until Google witness Genaro Lopez admitted that it could change the default history settings. The Litigation Fund expenses also include the fees of graphics vendor (Chicago Winter Co.) retained by the Consumer Class to prepare demonstratives for the hearing, and a trial presentation vendor (Trial Graphix) co-retained by all Plaintiffs to provide courtroom technical assistance during the hearing. The costs paid from Class Counsel's Litigation Fund are detailed in Annex 3 to Exhibit B.

14. In addition, some of the firms incurred additional expenses that were paid by the firm and not from the Litigation Fund. Such expenses include costs of travel to the hearings, photocopying, and certain other miscellaneous expenses. Those costs are detailed in Annex 2 to Exhibits A and B..

15. To the best of our knowledge and belief, all of the out-of-pocket costs reflected in the attachments to Exhibits A, B, C and D were actually incurred, and were reasonably necessary to the prosecution of the Rule 37 motion. In our judgment, the costs incurred were reasonable and appropriate under the circumstances.

*       *       *

16. We declare under penalty of perjury that the foregoing is true and correct. Executed on April 21, 2023.

/s/ Karma M. Giulianelli
Karma M. Giulianelli


/s/ Hae Sung Nam
Hae Sung Nam