HUESTON HENNIGAN LLP
John C. Hueston, State Bar No. 164921
jhueston@hueston.com
Douglas J. Dixon, State Bar No. 275389
ddixon@hueston.com
620 Newport Center Drive, Suite 1300
Newport Beach, CA 92660
Telephone:     (949) 229-8640

HUESTON HENNIGAN LLP
Joseph A. Reiter, State Bar No. 294976
jreiter@hueston.com
Christine Woodin, State Bar No. 295023
cwoodin@hueston.com
523 West 6th Street, Suite 400
Los Angeles, CA 90014
Telephone:     (213) 788-4340

Attorneys for Plaintiffs Match Group, LLC;
Humor Rainbow, Inc.; PlentyofFish Media ULC;
and People Media, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION**<br><br>THIS DOCUMENT IS RELATED TO:<br><br>*In re Google Play Consumer Antitrust Litigation*, Case No. 3:20-cv-05761-JD<br><br>*State of Utah et al. v. Google LLC et al.*, Case No. 3:21-cv-05227-JD<br><br>*Match Group, LLC, et al., v. Google LLC, et al.,* Case No. 3:22-cv-02746-JD | Case No. 3:21-md-02981-JD<br><br>**DECLARATION OF DOUGLAS J. DIXON IN SUPPORT OF JOINT STATEMENT BY CONSUMER PLAINTIFFS, STATES AND MATCH PLAINTIFFS OF ATTORNEYS' FEES AND COSTS AWARDED PURSUANT TO CHAT SANCTION ORDER**<br><br>Judge: Hon. James Donato<br><br>**[PROVISIONALLY FILED UNDER SEAL]** |

**DECLARATION OF DOUGLAS J. DIXON**

I, Douglas J. Dixon, declare:

1.      I am a partner with the law firm of Hueston Hennigan LLP ("Hueston Hennigan"),
counsel of record for Plaintiffs Match Group, LLC; Humor Rainbow, Inc.; PlentyofFish Media
ULC; and People Media, Inc. (the "Match Plaintiffs") in this action.  I am an attorney duly licensed
to practice law in the State of California and before this Court.  I submit this Declaration in support
of the Joint Statement by Consumer Plaintiffs, States, and the Match Plaintiffs of Attorneys' Fees
and Costs Awarded Pursuant to Chat Sanction Order, concurrently filed in this matter, *In re Google
Play Store Antitrust Litigation*, 3:21-md-02981-JD (the "MDL"), pursuant to the Court's Findings
of Fact and Conclusions of Law Re Chat Preservation, ECF 469, concerning the plaintiffs' Rule 37
Motion (the "Rule 37 Motion").  I have personal knowledge of the facts set forth in this Declaration
except as stated otherwise, and if called as a witness, I could and would testify competently to such
facts under oath.

2.      Hueston Hennigan's offices are in Los Angeles and Newport Beach, California, and
New York, New York.  Hueston Hennigan regularly handles critical, high-stakes litigation for well-
known companies, including the Match Plaintiffs.

3.      Industry publications including *Chambers*, *Law360*, and the *National Law Review*
have recognized Hueston Hennigan as a leading trial firm. Among other things, Hueston Hennigan
has been recognized as: (1) a Top 20 Law Firm, Top 10 Boutique, California Trial Firm of the
Year, and Los Angeles Firm of the Year by *Benchmark Litigation*; (2) one of the 5 Go-To Boutique
Trial Firms in the United States and a Trial Group of the Year for 2021 and 2022 by *Law360*; (3) a
National Elite Boutique Trailblazer by *National Law Journal*; (4) one of the Most Feared Law
Firms in Litigation by *BTI Consulting*; and (5) an Elite in Litigation: General Commercial by
*Chambers.*

4.      The Hueston Hennigan team that worked on issues relating to the Rule 37 Motion in
the MDL include three attorneys and one professional staff member.

5.      **Table A** below details the three attorneys on the Hueston Hennigan team who
worked on the Rule 37 Motion and their standard billing rates.  In addition to their professional

***REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED***

accomplishments, I believe that each attorney's experience with complex litigation qualifies him or her to represent the Match Plaintiffs in this matter.

| TABLE A | | | | | |
|---------|---|---|---|---|---|
| **Name** | **Title** | **Legal Experience** | **Standard Billing Rate** | **Legal Education** | **Profile Page** |
| Douglas J. Dixon | Partner | 18 Years | $1,340 | Georgetown University Law Center | Exhibit 3 |
| Julia Haines | Associate | 6 Years | $920 | The University of Chicago Law School | Exhibit 4 |
| Tate Harshbarger | Associate | 4 Years | $795 | UCLA School of Law | Exhibit 5 |

6.      I am lead counsel and the lead partner on this matter for the Match Plaintiffs. I am a founding partner of Hueston Hennigan and have won numerous awards for my professional achievements, including being named a Leading Commercial Litigator (*Daily Journal*), a Litigation Star (*Benchmark Litigation*), and a Recommended Lawyer for General Commercial Disputes (*Legal 500*). I have also been consistently recognized in *The Best Lawyers in America*.

7.      The professional staff who billed on work relating to the Rule 37 Motion includes Benjamin Matsalla, a paralegal at Hueston Hennigan who has three years of litigation support experience.  His billing rate was $280.

8.      ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

9.      I am generally familiar with the market for legal services and the rates charged in California through my work as a partner at Hueston Hennigan and my experience in the legal industry. Based on my personal knowledge, the standard hourly rates charged by Hueston Hennigan are comparable to the prevailing market rates charged by similar leading firms.  I have also reviewed the Giulianelli Declaration, attached herewith to the Joint Statement. Based on my review of paragraphs 12-20 and 22-23 of the Giulianelli Declaration, and based on my experience

- 3 -

6397946

1   in the litigation market, Hueston Hennigan is a comparable firm and within the same competitive

2   market as Bartlit Beck and the firms listed therein. The rates billed to the Match Plaintiffs are

3   especially reasonable ███████████ and considering the complexity of this MDL, the multiple

4   rounds of briefing, two separate hearings that required air travel, the considerable document

5   productions, and the multiple parties involved.

6          10.    Hueston Hennigan billed the Match Plaintiffs for work in connection with the Rule

7   37 Motion between May 2022, when Match Plaintiffs joined the MDL, and March 2023. A

8   summary of those fees according to billing categories is included in **Exhibit 1** and a breakdown of

9   those costs into categories is included in **Exhibit 2**.  Match Plaintiffs have either paid, or agreed to

10  pay, the fees and costs in these exhibits.

11         11.    The Match Plaintiffs request recovery of $165,931.60 in fees and $21,115.48 in

12  costs.

13

14         I declare under penalty of perjury under the laws of the State of California that the

15  foregoing is true and correct.

16         Executed this 21st day of April, 2023, at Portland, Oregon.

17

18                                              /s/ *Douglas J. Dixon*
                                                DOUGLAS J. DIXON
19

20

21

22

23

24

25

26

27

28

- 4 -

6397946

***REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED***

# EXHIBIT 1
# FILED UNDER SEAL

In Re Google Play Store Antitrust Litigation
3:21-md-02981-JD
Summary of Fees Re: Rule 37 Motion

**Categories:**
| (1) Investigation / Factual or Legal Research | (7) Discovery (Draft/Respond/Meet & Confer) | (13) Trial Preparation |
|---|---|---|
| (2) Lead Counsel Calls/Meetings | (8) Discovery (Document Review) | (14) Trial |
| (3) Attorney Communications | (9) Discovery (Depositions) | (15) Appeals |
| (4) Client Communications | (10) Court Appearances & Preparation | |
| (5) Case Management & Litigation Strategy | (11) Experts/Consultants | |
| (6) Pleadings/Briefs/Pretrial Motions | (12) Settlement/Mediation | |

Time period: Month of May 2022-March 2023.

| Biller | Biller Title | Category | Hours | 2022 Rate | 2022-2023 Rate | Total |
|---|---|---|---|---|---|---|
| Douglas J. Dixon | Partner | 3 | | | | $12,435.20 |
| Douglas J. Dixon | Partner | 5 | | | | $2,358.40 |
| Douglas J. Dixon | Partner | 6 | | | | $2,653.20 |
| Douglas J. Dixon | Partner | 6 | | | | $7,611.20 |
| Douglas J. Dixon | Partner | 10 | | | | $17,473.60 |
| Julia Haines | Associate | 3 | | | | $23,331.20 |
| Julia Haines | Associate | 5 | | | | $2,796.80 |
| Julia Haines | Associate | 6 | | | | $662.40 |
| Julia Haines | Associate | 6 | | | | $41,068.80 |
| Julia Haines | Associate | 8 | | | | $8,979.20 |
| Julia Haines | Associate | 9 | | | | $2,944.00 |
| Julia Haines | Associate | 10 | | | | $22,889.60 |
| Julia Haines | Associate | 11 | | | | $1,840.00 |
| Tate Harshbarger | Associate | 3 | | | | $2,607.60 |
| Tate Harshbarger | Associate | 6 | | | | $8,077.20 |
| Tate Harshbarger | Associate | 8 | | | | $3,498.00 |
| Tate Harshbarger | Associate | 9 | | | | $318.00 |
| Tate Harshbarger | Associate | 10 | | | | $2,035.20 |
| Benjamin Matsalla | Paralegal | 3 | | | | $67.20 |
| Benjamin Matsalla | Paralegal | 6 | | | | $985.60 |
| Benjamin Matsalla | Paralegal | 8 | | | | $492.80 |
| Benjamin Matsalla | Paralegal | 10 | | | | $806.40 |
| | | | Total: | | | Total: $165,931.60 |

Highly Confidential - Attorneys' Eyes Only

# EXHIBIT 2

*In Re Google Play Store Antitrust Litigation*, 3:21-md-02981-JD
Summary of the Match Plaintiffs' Costs Re: Rule 37 Motion

| Category | Costs |
|---|---|
| Expert Witness | $10,000.01 |
| Court Reporting Services | $1,417.00 |
| Hearing Travel-Related Costs | $5,551.67 |
| Trial Graphics and Hot Seat Vendor | $4,146.80 |
| Total | $21,115.48 |

# EXHIBIT 3

# HUESTON HENNIGAN



## Douglas J. Dixon
Partner

949.226.6741

ddixon@hueston.com

**Education**

Georgetown University Law Center (J.D., 2005) magna cum laude; Order of the Coif

University of Tennessee at Chattanooga (B.S., 1998, Political Science) magna cum laude

**Clerkships**

Hon. Edward Rafeedie, U.S. District Court for the Central District of California

**Admissions**

California

New York

United States Supreme Court

Described by clients to *Chambers* as "an exceptional attorney" who "has unbelievable credibility with judges and juries," Doug Dixon navigates complex technological, regulatory, and business matters across multiple areas of the law.

Mr. Dixon's practice spans a wide range of litigation in federal and state courts at the trial and appellate levels and before arbitral tribunals. He focuses on complex business litigation, intellectual property litigation, securities litigation, antitrust litigation, international arbitration, and other high-stakes commercial disputes.

Mr. Dixon has represented clients across a broad spectrum of industries, including Western Digital, Match Group, T-Mobile, Southern California Edison, ClearOne, Amgen, Allergan, Waste Management, and Masimo.

Mr. Dixon has been recognized as a national "Litigation Star" by *Benchmark Litigation*. Since 2018, Mr. Dixon has been consistently recognized in *The Best Lawyers in America* in the practice area of commercial litigation, a distinction extended to the top 5 percent of private practice lawyers nationwide as determined by their peers.

Before starting Hueston Hennigan, Mr. Dixon was an associate at Cravath, Swaine & Moore and Irell & Manella. During law school, he served as an editor for *The Georgetown Law Journal*.

In addition to his practice, Mr. Dixon serves on the boards of the Federal Bar Association of Orange County, the J. Reuben Clark Law

Society – Orange County, and the Public Law Center, a pro bono organization that provides legal services to low-income and vulnerable residents of Orange County. He is also active in providing service in his community.

## Testimonials

"He lives and breathes [his cases] ... really good strategic instincts." —*Chambers*

"Doug's hallmark qualities are his unfailingly appropriate tone and ability to read the room, and his unerring command of the facts and law." —*Chambers*

"A spectacular lawyer" who shines on "tough cases." —*Benchmark Litigation*

"[He] strongly believes litigating cases with the client from the very beginning is a key to success ... creating a memorable story that resonates with the jury and even the court." —*Daily Journal*

"Doug is embedded with us for the long haul ... he takes the time to understand everything from our perspective." —*Chambers*

## Experience

Secured complete defense verdict of no infringement and invalidity representing **ClearOne Inc.** as lead trial counsel in the District of Delaware in a case involving design patent for beamforming microphone arrays against Shure Incorporated. (See "Jury Says Microphone Co. Shure's Patent Invalid After Trial," *Law360*; "ClearOne Beats Rival Microphone Maker's Design Patent Claims," ***Bloomberg***).

Won a $25 million trial victory for **Acorn Semi, LLC** in a patent infringement case against Samsung relating to its semiconductor technology. (See "Samsung Hit With $25M Semiconductor IP Verdict In EDTX," *Law360*).

Obtained summary judgment of non-infringement in favor of **Amazon.com, Inc.** against claims for patent infringement brought by serial patent litigant MasterObjects, Inc. (See "Amazon Beats Patent Claims After Alsup 'Misstated' Its Motion," *Law360*).

Representing **Match Group** against Google over its illegal monopolization and other anticompetitive behavior in the distribution of mobile apps and processing of in-app purchases. (See "Match Accuses Google Of 'Extortionate' Fees In Antitrust Suit," *Law360*).

Representing **Southern California Edison** and **Edison International** in litigation arising out of the 2017 Thomas Fire, the 2018 Montecito mudslides, and the 2018 Woolsey Fire.

Secured a declination from the California Department of Justice for **Southern California Edison** in connection with the 2018 Woolsey Fire that burned in Los Angeles and Ventura Counties.

Defending **PacifiCorp** against numerous lawsuits in multiple jurisdictions across Oregon and California arising out of the 2020 Labor Day Fires. The fires burned over 500,000 acres across at least five counties in Oregon and California and allegedly destroyed over 2,000 structures. Our roles include defense of all civil litigation and consultation and engagement with regulatory and investigatory agencies.

Defending **NV Energy** in lawsuits arising out of the Pinehaven Fire in Reno, Nevada.

Representing a **leading social media** company with respect to antitrust issues in the app ecosystem.

Defended **Masimo Corp.,** a leading global medical technology company, in cases in the U.S. and China against claims of monopolization of the pulse oximeter monitor market, conspiracy to monopolize, tying, and related antitrust issues.

Secured a victory for **BlackBerry Corp.** and **BlackBerry Ltd.** in civil extortion and unfair competition claims leveled against it by MobileIron, forcing it to pay Blackberry's legal fees and drop its lawsuit.

Obtained favorable settlement for a **leading fitness technology company**– including admissions of patent validity, intentional copying and an agreement to immediately cease using its patented leaderboard technology – after prevailing on an *Alice* challenge and virtually

every other motion. (*See* "Peloton, Flywheel Settle Legal Disputes Over Fitness Bike Tech," ***Wall Street Journal***; "Peloton, Flywheel Agree To End Patent Fight Over Bike Tech," ***Law360***).

Represented **Western Digital** and its **SanDisk** subsidiaries in their widely publicized dispute with Toshiba over anti-transfer provisions in joint venture agreements governing the manufacture and development of NAND flash memory. The dispute encompassed multiple ICC arbitrations and litigation in the California trial and appellate courts, where SanDisk secured injunctive relief in aid of the arbitrations.

Represented **Amgen** in nationwide securities fraud class action and shareholder derivative matters alleging misrepresentations or omissions regarding the safety and marketing of several of Amgen's most important drugs. The class action settled on favorable terms, and Mr. Dixon obtained the dismissal with prejudice of multiple shareholder derivative actions asserting that Allergan's board members failed to prevent alleged off-label marketing violations.

Won a motion for preliminary injunction for **ClearOne Inc.** in a patent infringement suit, enjoining a large, multinational competitor's manufacture, marketing, and sale of a competing, infringing product.

Represented **T-Mobile** in a series of patent infringement lawsuits asserting patents relating to various cellular communication standards in Texas federal court. All lawsuits settled on terms very favorable to T-Mobile.

Represented **Sumner M. Redstone,** chairman emeritus of Viacom and CBS, in shareholder derivative and class action matters in the Delaware Court of Chancery arising out of changes to Viacom's board of directors and bylaws.

Served as trial counsel for **Sumner M. Redstone** in a successful defense against a high-profile challenge to Mr. Redstone's mental competency.

Represented **Sumner M. Redstone** in connection with challenges to his decisions to reconstitute Viacom's board of directors and amend Viacom's bylaws.

Served as trial counsel for a **patentee** in a successful jury trial against LG Electronics in the U.S. District Court for the Eastern District of Texas involving user interface patents.

Represented **T-Mobile** in a patent infringement lawsuit involving near-field communications technology in mobile devices in New York federal court.

Represented **Juniper Networks** in a lawsuit brought by Implicit Networks Inc. alleging infringement of patents relating to a method for processing data in a computer network. Mr. Dixon helped secure a double summary judgment ruling that all asserted patent claims against Juniper were both invalid and not infringed.

Represented **Hitachi Global Storage Technologies** and **Western Digital** in a lawsuit accusing them of infringing patents relating to a method for developing diamond-like carbon films. Mr. Dixon was heavily involved in every aspect of the case, including the development of key arguments refuting the plaintiffs' infringement and damages contentions. The case settled favorably before trial.

Defended a **major medical device company** against claims of inequitable conduct in Delaware federal court.

Obtained dismissal of all felony charges against a subsidiary of **Waste Management** after a four-year-long investigation and litigation involving allegations of conspiracy, false statements, and Clean Water Act violations.

Defended a **banker** in a lengthy insider trading investigation by the U.S. Securities and Exchange Commission. The investigation was terminated without action.

Served as trial counsel for a **Fortune 500 company** in a breach of contract lawsuit that culminated in a multiweek trial before an arbitrator involving complex property valuation methods.

Obtained a dismissal of putative consumer class action against **Waste Management** and others seeking hundreds of millions of dollars in damages relating to garbage collection operations in Los Angeles, California.

## Recognitions

Top Intellectual Property Lawyers, Daily Journal (2022)
Leading Commercial Litigators, Daily Journal (2023)
Litigation Star, Benchmark Litigation (2021-present)
Recommended Lawyer for General Commercial Disputes, Legal 500
Future Star, Benchmark Litigation (2019, 2020)

The Best Lawyers in America (2018-present)
Named to the Southern California Rising Stars list (2014-2016, 2020, 2021)

## Activities

Board of Directors, Public Law Center (2016-present)

Board of Directors, Federal Bar Association of Orange County (2016-present)

Board of Directors, Constitutional Rights Foundation (2015-2017)

# EXHIBIT 4

# HUESTON HENNIGAN



## Julia Haines
Associate

213.788.4324

jhaines@hueston.com

**Education**

University of Chicago Law School (J.D., 2017) High Honors; Order of the Coif

Grove City College (B.S., 2014, Biochemistry) summa cum laude

**Clerkships**

Hon. Thomas B. Griffith, U.S. Court of Appeals for the District of Columbia Circuit

**Admissions**

California

District of Columbia

United States Patent and Trademark Office

Julia Haines practices complex commercial litigation, managing all aspects of a case for a wide variety of clients.

Before joining Hueston Hennigan, Ms. Haines was an associate at Kellogg, Hansen, Todd, Figel & Frederick, P.L.L.C. where she practiced both appellate and trial litigation. She also committed time to several pro bono matters, including successfully defending the award to an injured worker under the Longshore and Harbor Workers' Compensation Act and serving on the Federal Communications Bar Association moot court committee.

During law school, Ms. Haines served on the board of *The University of Chicago Law Review* as the business and communications editor and worked as a research assistant to Professor Richard A. Epstein and a teaching assistant for Professor Gerald N. Rosenberg. She was also named a Rubenstein Scholar and Kirkland & Ellis Scholar.

As part of Ms. Haines' undergraduate studies in biochemistry, she was a research assistant for Dr. Charles E. Kriley and she chaired the department's Chemistry Show.

## Experience

Won a "record-setting" $293M verdict for **Monster Energy Company** against rival beverage company Vital Pharmaceuticals, Inc. in a false advertising, tortious interference, and trade secret case after a monthlong trial. The jury found Vital Pharmaceuticals Inc. and its CEO falsely advertised the "super creatine" ingredient of its billion-dollar Bang energy drink. The verdict is believed to be one of the largest, if not the largest, Lanham Act awards ever. (See "Monster Energy wins $293 mln false-advertising verdict against rival Bang," **_Reuters_**; "Monster Wins $293M Verdict Against VPX In False Ad Trial," **_Law360_**; "Monster Energy Wins $293 Million False Ad Award Over Bang," **_Bloomberg Law_**).

Won "the largest-ever U.S. trademark awards" (**_Reuters_**) for **Monster Energy Company** against rival beverage company Vital Pharmaceuticals, Inc. Following a two-week trial, the arbitrator held that VPX's Bang Energy does not contain advertised muscle-building creatine and infringed on "Bang" trademark. In the significant ruling, the arbitrator awarded Monster and Orange Bang $175 million in damages, nearly $10 million in attorney's fees and costs, and a 5% royalty on all future sales of Bang Energy (with over $1.5 billion in annual sales). (See "Monster asks court to enforce $175 mln award against Bang Energy maker," **_Reuters_**; "Monster, Orange Bang Win $175M Against Rival In Arbitration," **_Law360_**).

Obtained summary judgment of non-infringement in favor of **Amazon.com, Inc.** against claims for patent infringement brought by serial patent litigant MasterObjects, Inc. (See "Amazon Beats Patent Claims After Alsup 'Misstated' Its Motion," **_Law360_**).

Won a $25 million trial victory for **Acorn Semi, LLC** in a patent infringement case against Samsung relating to its semiconductor technology. (See "Samsung Hit With $25M Semiconductor IP Verdict In EDTX," **_Law360_**).

Representing **Match Group** against Google over its illegal monopolization and other anticompetitive behavior in the distribution of mobile apps and processing of in-app purchases. (See "Match Accuses Google Of 'Extortionate' Fees In Antitrust Suit," **_Law360_**).

Represented a **U.S.-headquartered fiber-optic technology company** in a successful Section 337 proceeding before the International Trade Commission, resulting in a general exclusion order against the respondents.

Represented **two individuals** in a challenge to the authority of the Securities and Exchange Commission to seek disgorgement for a violation of the Securities Act of 1933 before the Supreme Court of the United States.

Represented a **company with a broad international presence** in a contractual dispute in a private arbitration.

Obtained a three-year domestic violence restraining order and damages payment for a pro bono client who was pursuing nursing school and had a daughter with special needs.

---

## Activities

Co-chair, Federal Communications Bar Association, Southern California Chapter
Co-chair, Federal Communications Bar Association, National Telecommunications and Technology Moot Court Competition

---

# EXHIBIT 5

# HUESTON HENNIGAN



## Tate Harshbarger
Associate

213.788.4752

tharshbarger@hueston.com

Education

UCLA School of Law (J.D., 2019)

Durham University (M.Sc., 2017, Public Economics) with distinction

Yale University (B.A., 2014, Economics)

Admissions

California

Tate Harshbarger practices complex commercial litigation with an emphasis on intellectual property litigation.

While pursuing his M.Sc. in Public Economics at Durham University in the United Kingdom, Mr. Harshbarger received the award for Best Academic Performance in his program and was honored with distinction for his dissertation on labor income elasticity.

During law school, Mr. Harshbarger served as an extern for the Hon. Frances Rothschild of the California Court of Appeal for the Second District and was an extern for the Federal Trade Commission. He also served as editor-in-chief of the *UCLA Law Review*.

## Experience

Representing **Match Group** against Google over its illegal monopolization and other anticompetitive behavior in the distribution of mobile apps and processing of in-app purchases. (See "Match Accuses Google Of 'Extortionate' Fees In Antitrust Suit," ***Law360***).

Represented a **trademark owner** in complex litigation against Under Armour.

Represented a **prominent casino** in litigation brought by a director alleging claims relating to corporate governance, breaches of

fiduciary duty, and audits.

Represented **Johnson & Johnson** and related entities in several patent litigation matters involving medical device technologies.