# EXHIBIT 4
# PUBLIC REDACTED VERSION

HIGHLY CONFIDENTIAL

Page 1

```
 1              UNITED STATES DISTRICT COURT
 2          FOR THE NORTHERN DISTRICT OF CALIFORNIA
 3                  SAN FRANCISCO DIVISION
 4    --------------------------------------------------x
 5    IN RE GOOGLE PLAY STORE          Case No.
      ANTITRUST LITIGATION             3:21-md-02981-JD
 6
 7    THIS DOCUMENT RELATES TO:
 8    Epic Games Inc. v. Google LLC et al.,
      Case No. 3:20-cv-05671-JD
 9
      In re Google Play Consumer Antitrust
10    Litigation, Case No. 3:20-cv-05761-JD
11
      In re Google Play Developer Antitrust
12    Litigation, Case No. 3:20-cv-05792-JD
13
      State of Utah et al. v. Google LLC et al.,
14    Case No. 3:21-cv-05227-JD
15
      Match Group, LLC et al. v. Google LLC et al.,
16    Case No. 3:22-cv-02746-JD
      --------------------------------------------------x
17
18     ** HIGHLY CONFIDENTIAL - UNDER PROTECTIVE ORDER ***
19
20            REMOTE VIDEOTAPED DEPOSITION OF
21                   KIRSTEN RASANEN
22              Wednesday, August 17, 2022
23
24    REPORTED BY:
25    RENEE HARRIS, CA CSR 14168, NJ CCR, RPR
```

HIGHLY CONFIDENTIAL

Page 2

```
 1              UNITED STATES DISTRICT COURT
 2          FOR THE NORTHERN DISTRICT OF CALIFORNIA
 3                  SAN FRANCISCO DIVISION
 4    -------------------------------------------------x
 5    IN RE GOOGLE PLAY STORE          Case No.
      ANTITRUST LITIGATION             3:21-md-02981-JD
 6
 7    THIS DOCUMENT RELATES TO:
 8    Epic Games Inc. v. Google LLC et al.,
      Case No. 3:20-cv-05671-JD
 9
      In re Google Play Consumer Antitrust
10    Litigation, Case No. 3:20-cv-05761-JD
11
      In re Google Play Developer Antitrust
12    Litigation, Case No. 3:20-cv-05792-JD
13
      State of Utah et al. v. Google LLC et al.,
14    Case No. 3:21-cv-05227-JD
15
      Match Group, LLC et al. v. Google LLC et al.,
16    Case No. 3:22-cv-02746-JD
      -------------------------------------------------x
17
      ** HIGHLY CONFIDENTIAL - UNDER PROTECTIVE ORDER **
18
19           Remote Videotaped Deposition of KIRSTEN
20    RASANEN, appearing from San Francisco, California,
21    at 9:05 a.m. PDT, on Wednesday, August 17, 2022,
22    before Renee Harris, California Certified
23    Shorthand Reporter No. 14168, New Jersey Certified
24    Court Reporter No. 30XI00241200, and Registered
25    Professional Reporter.
```

HIGHLY CONFIDENTIAL

Page 3

```
 1   APPEARANCES OF COUNSEL:

 2

 3   Counsel for the Proposed Class In re: Google

 4   Play Consumer Antitrust Litigation:

 5           KOREIN TILLERY LAW OFFICE

 6               BY: DAVID WALCHAK, ESQ.

 7               205 North Michigan Avenue, Suite 1950

 8               Chicago, Illinois 60601

 9               dwalchak@koreintillery.com

10

11   On Behalf of Plaintiff Epic Games, Inc. in:

12   Epic Games, Inc. v. Google LLC, et al:

13           WIGGIN & DANA LLP

14               BY:  BEN DIESSEL, ESQ.

15                   ZEYNEP E. AYDOGAN, ESQ.

16               265 Church Street One, Century Tower

17               New Haven, Connecticut 06510

18               bdiessel@wiggin.com

19               zaydogan@wiggin.com

20

21

22

23

24

25
```

HIGHLY CONFIDENTIAL

Page 4

```
1    APPEARANCES OF COUNSEL:   (CONTINUED)
2    Counsel for Plaintiffs Match Group, LLC; Humor
3    Rainbow, Inc.; PlentyofFish Media ULC; and People
4    Media:
5                 HUESTON HENNIGAN
6                 BY:  JOSEPH REITER, ESQ.
7                 620 Newport Center Drive, Suite 1300
8                 Newport Beach, California 92660
9                 jreiter@hueston.com
10
11   Counsel for Google LLC, et al:
12                 MUNGER TOLLES & OLSON LLP
13                 BY: JONATHAN KRAVIS, ESQ.
14                 601 Massachusetts Avenue NW Suite 500E
15                 Washington, D.C 20001
16                 jonathan.kravis@mto.com
17      -and-
18                 JAMIE LUGURI, ESQ.
19                 350 S. Grand Avenue, 50th Floor
20                 Los Angeles, California 90071
21                 jamie.luguri@mto.com
22
23
24
25
```

HIGHLY CONFIDENTIAL

```
                                              Page 5
 1   APPEARANCES OF COUNSEL:    (CONTINUED)
 2   Counsel for State of Utah:
 3            OFFICE OF THE ATTORNEY GENERAL
 4            STATE OF UTAH
 5            BY: BAHADUR KHAN, ESQ.
 6            1594 West North Temple, Suite 300
 7            Salt Lake City, Utah 84116
 8            bkhan@agutah.gov
 9
10   Also Present:
11            Sean Grant, Videographer
12            Chinyere Woods, Technician
13            Brian Smith, ESQ., Apple
14
15
16
17
18
19
20
21
22
23
24
25
```

HIGHLY CONFIDENTIAL

                                                    Page 11

1              Wednesday, August 17, 2022

2                    9:05 a.m.

3    _____

4              THE VIDEOGRAPHER:  Good morning.  We are

5         on the record.  The time is 9:05 a.m. and the

6         date is August 17th, 2022.

7              Please note that this deposition is being

8         conducted virtually.  Quality of recording

9         depends on the quality of camera and Internet

10        connection.

11             What is seen for the witness and what is

12        heard on screen is what will be recorded.

13        Audio and video recording will take place

14        unless all parties agree to go off the

15        record.

16             This begins Volume I, Media Unit 1 of the

17        video-recorded deposition of Kirsten Rasanen.

18        This deposition is being taken by counsel for

19        Plaintiffs in the matter in re:  Google Play

20        Store Anti-Trust Litigation filed in United

21        States District Court, Northern District of

22        California, San Francisco Division, Case No.

23        3:21-md-02981-JD and is being conducted

24        remotely using virtual technology.

25             My name is Sean Grant representing

1          Veritext; I am the videographer, and the

2          court reporter is Renée Harris also from

3          Veritext.

4              I am not related to any party in this

5          action, nor am I financially interested in

6          the outcome.

7              If there are any objections to

8          proceeding, please state them at the time of

9          your appearance.

10             Counsel and all present including

11         remotely will now state their appearance and

12         affiliations for the record beginning with

13         the noticing attorney, Mr. Walchak.

14             MR. WALCHAK:  My name is David Walchak,

15         I'm with the law firm Korein Tillery, and I'm

16         representing Consumer Plaintiffs today.

17             THE VIDEOGRAPHER:  Mr. Reiter?

18             MR. REITER:  Good morning.  This is

19         Joseph Reiter for the Match Plaintiffs.

20             THE VIDEOGRAPHER:  Mr. Diessel?

21             MR. DIESSEL:  Ben Diessel on behalf of

22         Epic and with me is my colleague, Zeynep

23         Aydogan.

24             THE VIDEOGRAPHER:  Mr. Khan?

25             MR. KHAN:  My name is Bahadur Khan,

1        counsel for the State of Utah here today on

2        behalf of 39 Attorney Generals.

3            THE VIDEOGRAPHER:  Mr. Kravis?

4            MR. KRAVIS:  Good morning, Jonathan

5        Kravis from Munger Tolles & Olson for Google

6        and the witness, and with me is Jamie Luguri,

7        also from MTO, and Brian Smith from Google.

8            THE VIDEOGRAPHER:  Thank you.  Will the

9        Certified Court Reporter please swear in the

10       witness.

11

12                    KIRSTEN RASANEN,

13    called as a witness and having been first duly

14    sworn by the Certified Shorthand Reporter, was

15    examined and testified as follows:

16

17                    EXAMINATION

18

19     BY MR. WALCHAK:

20        Q.  Ms. Rasanen, you just heard just a moment

21    ago but my name is David Walchak.  I'm with the

22    Consumer Plaintiffs.  I am representing Consumer

23    Plaintiffs today with the law firm Korein Tillery,

24    and I'm going to begin asking you questions before

25    the other Plaintiffs' group take turns after me.

HIGHLY CONFIDENTIAL

Page 244

1    of them.  We talked about advantages of Google

2    Play Billing, the features of Google Play Billing,

3    the -- the rationale for us wanting them to use

4    Google Play Billing.  We discussed what they would

5    like to see added to Google Play Billing.  There

6    were a lot of varying conversations across the --

7    the apps themselves.

8         Q.  What was the rationale for Google wanting

9    those Match Plaintiffs to use Google Play Billing?

10        A.  We wanted to ensure that all developers

11   were in compliance with our policies, and in our

12   view, the Match apps, the ones that were not using

13   Google Play Billing were not in compliance with

14   our policies, and so it was important to us to

15   make sure that, you know, all apps complied with

16   policy so we were pushing -- we were asking them

17   to please comply.

18        Q.  And which apps in particular are you

19   referring to that were not in compliance with

20   Google's policy?

21   ███  █████████     ██████████████████

██  █████████   ████████████████████████

██  ████████████████████████████████

██  █████████████████████

25        Q.  And when you had those discussions, did

1        Were you involved in considering whether
2   Google would change that exception or remove it
3   from the payments policy?
4        A.  Yes, I was involved in conversations
5   about that.
6        Q.  Okay.  And what is your understanding as
7   to why Google had that exception in its payment
8   policy at that time?
9        A.  My understanding at the time, and today,
10  based on looking at the words there, is that
11  this -- this was implemented specifically sort of
12  in the early days of -- of apps, and specifically
13  designed to allow apps to sell content that could
14  be used in different applications.  Again, songs
15  downloaded as is mentioned there.
16        And -- and so that was the use case that
17  was intended when it was written.  That's my
18  understanding and recollection.
19        Q.  Why would Google not require use of
20  Google Play Billing for the purchase of content
21  that could be used in different applications?
22        MR. KRAVIS:  Object to form.
23        THE WITNESS:  You know, I don't remember
24     the specific rationale as to -- as to why.
25     It's not coming back to me, I'm sorry.

HIGHLY CONFIDENTIAL

Page 258

```
1    BY MR. REITER:
2        Q.   What did you mean when you said
3    "different applications"?
4        A.   Like an MP3 that could be downloaded
5    from, you know, a music service, and then played
6    in another music player.  That kind of thing.  Or
7    an e-book that could be purchased and downloaded
8    from one provider and used in another reader
9    application.
10       Q.   And what about content that could be
11   downloaded in-app and used on a website?
12            MR. KRAVIS:  Object to form.
13            THE WITNESS:  I don't know if that was
14       contemplated at the time that the policy was
15       written.  My understanding is this was
16       cross-app or content ownership-based
17       exception.
18   BY MR. REITER:
19       Q.   Well, websites existed at the time that
20   this policy was crafted; right?
21       A.   Yeah, so, sorry, let me -- "downloaded"
22   was -- was the word that I was anchoring on there,
23   not the -- what platform.
24       Q.   Ad I appreciate that you used the word
25   "downloaded."
```

1            But when you actually look at the

2    payments policy language, which is PX 1436, it

3    doesn't include the word "downloaded" with respect

4    to digital content, does it?

5         A.   It does not.

6         Q.   So is that -- the exception would apply

7    to digital content that may be consumed outside

8    the app itself; right?

9         A.   That's what the words say, yes.

10        Q.   And would you agree with me that a

11   website is a platform through which digital

12   content may be consumed?

13            MR. KRAVIS:  Object to form.

14            THE WITNESS:  Yes.

15    BY MR. REITER:

16        Q.   And so would you agree with me that the

17   exception in Google's payment policy at this time

18   would apply to digital content that could be

19   consumed on a website?

20        A.   Sorry, as we're digging in on this and

21   discussing it, my interpretation is that when this

22   was written, it was meant -- outside the app

23   itself was meant to mean outside of the service

24   that it was purchased on.

25            So yes, use on a website would be

Page 260

1  considered outside the app itself.  I'm not sure

2  that that fully encompasses the intent of this

3  clause.

4       Q.  But you would agree with me that the

5  clause as written, would be -- should -- you would

6  agree with me that the clause as written could be

7  interpreted to mean that use of Google Play

8  Billing is not required for digital content that

9  may be consumed on a website; right?

10          MR. KRAVIS:  Object to form.

11          THE WITNESS:  Can you -- can you repeat

12       the question?

13   BY MR. REITER:

14       Q.  Yeah, so just setting aside what you

15  understand to be the intent of the payments policy

16  language, would you agree with me that as written,

17  it means that Google Play Billing is not required

18  for the purchase of digital content that could be

19  consumed on a website?

20          MR. KRAVIS:  Object to form.

21          THE WITNESS:  ███████████████████████

███  ███████████████████████████████████████████████

███  ██████████

24   BY MR. REITER:

25       Q.  Is that how you interpreted it?

HIGHLY CONFIDENTIAL

Page 261

```
 1              MR. KRAVIS:  Object to form.
 2              THE WITNESS:  No.
 3     BY MR. REITER:
 4         Q.  Why not?
 5         A.  In my role at Google Play, I -- I talked
 6     to -- to team members and people who are familiar
 7     with this, and I was -- I was told what the intent
 8     of this was, and so I understood the intent to be
 9     outside the app itself.
10              I anchored a little bit on downloaded but
11     I know what you're saying.  So I didn't interpret
12     it that way.  ████████████████████████████████
       ██ ████████████████████████████████
14         Q.  How many developers interpreted the
15     language in the payments policy to not require use
16     of Google Play Billing for digital content that
17     could be consumed on a website?
18              MR. KRAVIS:  Object to form.
19              THE WITNESS:  I don't -- I don't know an
20         exact number.
21     BY MR. REITER:
22         Q.  Could you give me an estimate?
23         A.  Again, there are millions of apps on --
24     on Play.  I don't know how -- how many of them
25     have interpreted this one way or the other.
```

HIGHLY CONFIDENTIAL

Page 355

1    portfolio.

2         Q.   ██████████████████████████████

██████████████████████████████████████████

██████████████████████████████████

██████████████████████████████████████

████████████

7              MR. REITER:  Object to form.

8              THE WITNESS:  Yes.

9     BY MR. KRAVIS:

10        Q.   █████████████████████████████

█████████████████████████████████████████

█████████████████████████████████████████

█████████████████████████████████

14             MR. REITER:  Object --

15             MR. DIESSEL:  Objection to form.

16             THE WITNESS:  Yes.

17    BY MR. KRAVIS:

18        Q.  And was that -- was that the view that

19    Google consistently represented to Match during

20    the time that you were part of the team

21    responsible for Match partner management?

22             MR. REITER:  Object to form.

23             MR. DIESSEL:  Object form.

24             THE WITNESS:  Yes.

25     ///

HIGHLY CONFIDENTIAL

Page 364

```
 1    STATE OF CALIFORNIA      )

 2                             )      ss.

 3    COUNTY OF LOS ANGELES    )

 4          I, RENEE HARRIS, do hereby certify that I

 5    am a licensed Certified Shorthand Reporter, duly

 6    qualified and certified as such by the State of

 7    California;

 8       That prior to being examined, the witness named

 9    in the foregoing deposition was by me duly sworn

10    to testify to tell the truth, the whole truth, and

11    nothing but the truth;

12       That the said deposition was by me recorded

13    stenographically;

14       And the foregoing pages constitute a full,

15    true, complete and correct record of the testimony

16    given by the said witness;

17          That I am a disinterested person, not

18    being in any way interested in the outcome of said

19    action, or connected with, nor related to any of

20    the parties in said action, or to their respective

21    counsel, in any manner whatsoever.

22    DATED: August 18, 2022

23

24                      Renee Harris, CSR, CCR, RPR

                        CA CSR No. 14168,

25                      NJ CRR No. 30XI00241200
```

# MUNGER, TOLLES & OLSON LLP

RONALD L. OLSON
ROBERT E. DENHAM
JEFFREY I. WEINBERGER
CARY B. LERMAN
GREGORY P. STONE
BRAD D. BRIAN
GEORGE M. GARVEY
WILLIAM D. TEMKO
JOHN W. SPIEGEL
DONALD B. VERRILLI, JR. P.C.*
TERRY E. SANCHEZ
STEVEN M. PERRY
JOSEPH D. LEE
MICHAEL R. DOYEN
MICHAEL E. SOLOFF
KATHLEEN M. M²DOWELL
GLENN D. POMERANTZ
THOMAS B. WALPER
HENRY WEISSMANN
KEVIN S. ALLRED
JEFFREY A. HEINTZ
JUDITH T. KITANO
TED DANE
STUART N. SENATOR
MARTIN D. BERN
ROBERT L. DELL ANGELO
JONATHAN E. ALTMAN
KELLY M. KLAUS
DAVID B. GOLDMAN
DAVID H. FRY
LISA J. DEMSKY
MALCOLM A. HEINICKE
JAMES C. RUTTEN
RICHARD ST. JOHN
ROHIT K. SINGLA
CAROLYN HOECKER LUEDTKE
C. DAVID LEE
BRETT J. RODDA P.C. *
KATHERINE M. FORSTER
BLANCA FROMM YOUNG
SETH GOLDMAN
GRANT A. DAVIS-DENNY
JONATHAN H. BLAVIN
DANIEL B. LEVIN
MIRIAM KIM
MISTY M. SANFORD
HAILYN J. CHEN
BETHANY W. KRISTOVICH
JACOB S. KREILKAMP
JEFFREY Y. WU
LAURA D. SMOLOWE
KYLE W. MACH

HEATHER E. TAKAHASHI
ERIN J. COX
BENJAMIN J. HORWICH
E. MARTIN ESTRADA
BRYAN H. HECKENLIVELY
ELAINE J. GOLDENBERG P.C.*
GINGER D. ANDERS P.C.*
MARGARET G. MARASCHINO
JOHN M. GILDERSLEEVE
ADAM B. WEISS
KELLY L.C. KRIEBS
JEREMY A. LAWRENCE
LAURA K. LIN
ACHYUT J. PHADKE
ZACHARY M. BRIERS
JENNIFER M. BRODER
KURUVILLA J. OLASA
JUSTIN P. RAPHAEL
ROSE LEDA EHLER
JOHN W. BERRY
ROBYN K. BACON
JORDAN D. SEGALL
JONATHAN KRAVIS*
KAREN A. LORANG
JOHN L. SCHWAB
EMILY C. CURRAN-HUBERTY
MATTHEW S. SCHONHOLZ
AIMEE M. CONTRERAS-CAMUA
L. ASHLEY AULL
WESLEY T.L. BURRELL
CRAIG JENNINGS LAVOIE
JENNIFER L. BRYAN
NICHOLAS D. FRAM
TYLER HILTON
VINCENT LING
LAUREN BELL
VICTORIA A. DEGTYAREVA
JULIANA M. YEE
JEREMY K. BEECHER
MATTHEW K. DONOHUE
JOHN B. MAJOR
LAUREN C. BARNETT
NICK R. SIDNEY
SKYLAR B. GROVE
LAURA M. LOPEZ
COLIN A. DEVINE
DANE P. SHIKMAN
MAGGIE THOMPSON
ALLISON M. DAY
GIOVANNI S. SAARMAN GONZÁLEZ
STEPHANIE G. HERRERA

TERESA REED DIPPO
DANIEL BENYAMIN
SARA A. MCDERMOTT
J. MAX ROSEN
RACHEL G. MILLER-ZIEGLER*
ANNE K. CONLEY
DAVID W. MORESHEAD
ANDRE W. BREWSTER III
ROWLEY J. RICE
DAHLIA MIGNOUNA*
BRANDON R. TEACHOUT
USHA CHILUKURI VANCE
ALEXANDER S. GORIN
ZARA BARI
BRENDAN B. GANTS*
LAUREN E. ROSS*
BENJAMIN G. BAROKH
ABE DYK
MICHELE C. NIELSEN
APRIL YOUPEE-ROLL
COBUS VAN DER VEN*
MEGAN MCCREADIE
STEPHEN HYLAS
ARIEL TESHUVA
SHANNON GALVIN AMINIRAD
XIAONAN APRIL HU*
NATALIE KARL
BRANDON MARTINEZ
ERINMA E. MAN
CARRIE C. LITTEN
RUBY J. GARRETT*
JAMES R. SALZMANN
SAMIR HALANI
ROBIN S. GRAY
MICA L. MOORE
JOSEPH MOSES
MICHAEL I. SELVIN
HUNTER V. ARMOUR
NATHANIEL F. SUSSMAN
PAUL E. MARTIN
REBECCA L. SCIARRINO
CORY M. BATZA
BRIAN R. BOESSENECKER
AVI REJWAN OVED
ROBERT E. BOWEN
RICHARD T. JOHNSON
GRACE DAVIS FISHER
LAUREN N. BECK
CALEB W. PEIFFER
ANDRÉS CANTERO, JR.
GREGORY T. S. BISCHOPING*

JAMIE B. LUGURI
STEVEN B. R. LEVICK
SEAN H. WORTH
NATALIE G. MOYCE
WILLIAM M. ORR
GABRIEL M. BRONSHTEYN
JING JIN
ALEX C. WERNER
ROSIO FLORES
JESSICA O. LAIRD
ERICA C. TOOCH
EVELYN DANFORTH-SCOTT
EVAN MANN
ANDREW T. NGUYEN
RACHEL M. SCHIFF
MIRANDA E. REHAUT
TIANA S. BAHERI
STEPHANY REAVES*
LAUREN E. KUHN

OF COUNSEL

ROBERT K. JOHNSON
PATRICK J. CAFFERTY, JR.
PETER A. DETRE
PETER E. GRATZINGER
JENNY H. HONG
KIMBERLY A. CHI
ADAM R. LAWTON
MICHAEL E. GREANEY
SARAH J. COLE
FAYE PAUL TELLER
BOBBY MALHOTRA

E. LEROY TOLLES
(1922-2008)

*ADMITTED IN DC.
ALL OTHERS ADMITTED IN CA

601 MASSACHUSETTS AVENUE NW
SUITE 500E
WASHINGTON, D.C. 20001-5369
TELEPHONE (202) 220-1100
FACSIMILE (202) 220-2300

———

350 SOUTH GRAND AVENUE
FIFTIETH FLOOR
LOS ANGELES, CALIFORNIA 90071-3426
TELEPHONE (213) 683-9100
FACSIMILE (213) 683-3702

———

560 MISSION STREET
TWENTY-SEVENTH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-3089
TELEPHONE (415) 512-4000
FACSIMILE (415) 512-4077

October 7, 2022

Writer's Direct Contact
(202)220-1130
(202)220-1130 FAX
Jonathan.Kravis@mto.com

**Via Electronic Mail**

Re: *In re Google Play Store Antitrust Litigation*, No. 3:21-md-02981-JD (N.D. Cal.)
*Epic Games, Inc. v. Google LLC et al.*, No. 3:20-cv-05671-JD (N.D. Cal.)
*In re Google Play Consumer Antitrust Litigation*, No. 3:20-cv-05761-JD (N.D. Cal.)
*In re Google Play Developer Antitrust Litigation*, No. 3:20-cv-05792-JD (N.D. Cal.)
*State of Utah et al. v. Google LLC et al.*, No. 3:21-cv-05227-JD (N.D. Cal.)
*Match Group, LLC et al. v. Google LLC*, No. 3:22-cv-02746-JD (N.D. Cal.)

Counsel,

Enclosed please find the signed errata sheet for the transcript of Kirsten Rasanen's deposition, which took place on August 17, 2022.

Sincerely,

Jonathan I. Kravis

MUNGER, TOLLES & OLSON LLP

October 7, 2022
Page 2


cc:     epic-mobileapps@cravath.com
        StatesGooglePlayLeads@agutah.gov
        matchgoogle@hueston.com
        GoogleConsumersExternal@bartlitbeck.com
        DevelopersvGoogle@hausfeld.com

Errata Sheet - Deposition of Kirsten Rasanen

**Case**:   *In re Google Play Store Antitrust Litigation*, Case No. 3:21-md-02981-JD
   *In re Google Play Consumer Antitrust Litigation*, Case No. 3:20-cv-05761-JD
   *In re Google Play Developer Litigation*, Case No. 3:20-cv-05792-JD
   *Epic Games Inc. v. Google LLC*, Case No. 3:20-cv-05671-JD
   *State of Utah v. Google LLC*, Case No. 3:21-cv-05227-JD
   *Match Group, LLC v. Google LLC*, Case No. 3:22-cv-02746-JD

**Date of Deposition**:  August 17, 2022

| Page # | Line # | Currently Reads | Correction | Reason for Correction |
|---|---|---|---|---|
| 20 | 16 | Karen Kelleher | Caren Kelleher | Transcription error |
| 20 | 19 | Karen | Caren | Transcription error |
| 24 | 1 | Wayne Thornton | Wayne Thorsen | Transcription error |
| 27 | 13 | Barely. | Rarely. | Transcription error |
| 27 | 13 | At ad hoc, I would say. | Kind of ad hoc, I would say. | Transcription error |
| 30 | 20 | customer | custom | Transcription error |
| 129 | 9 | Badhu | Badoo | Transcription error |
| 131 | 23 | Sue Igo | Sue Igoe | Transcription error |
| 199 | 8 | like PAL | like Paul | Transcription error |
| 229 | 7 | place or | Play | Transcription error |
| 231 | 10 | by directionally. | bidirectionally. | Transcription error |
| 283 | 11 | business back | business – back | Transcription error |
| 317 | 24 | Tianlim was a project | Tian Lim was a product | Transcription error |
| 325 | 5 | botching | boxing | Transcription error |
| 329 | 10 | Tianlim | Tian Lim | Transcription error |
| 334 | 5 | lots | loss | Transcription error |
| 358 | 16 | ne | be | Transcription error |
| 363 | 9 | Kristen | Kirsten | Transcription error |

I, the undersigned, declare under penalty of perjury, that I have read the above-referenced deposition transcript and have made corrections, additions, or deletions that I desired to make; and that the transcript contains my true and correct testimony.

EXECUTED this 5th day of October, 2022 at San Francisco, California.


DocuSigned by:

*Kirsten Rasanen*

01DBF69647854D7...

                        Kirsten Rasanen