# EXHIBIT 9
# PUBLIC REDACTED VERSION

```
                                                              Page 1

 1         IN THE UNITED STATES DISTRICT COURT

 2        FOR THE NORTHERN DISTRICT OF CALIFORNIA

 3  ------------------------------------------------------x

 4  MATCH GROUP, LLC, a Delaware

    corporation; HUMOR RAINBOW, INC.,

 5  a New York Corporation; PLENTYOFFISH

    MEDIA ULC, a Canadian corporation; and

 6  PEOPLE MEDIA, INC., a Delaware corporation,

 7                Plaintiffs,

 8  vs.                          Case No. 3:22-cv-02746-JD

 9  GOOGLE LLC; GOOGLE IRELAND LIMITED;

    GOOGLE COMMERCE LIMITED; GOOGLE

10  ASIA PACIFIC PTE, LIMITED; and

    GOOGLE PAYMENT CORP.,

11

                  Defendants.

12  ------------------------------------------------------x

13

14            ** HIGHLY CONFIDENTIAL **

15    REMOTE VIDEOTAPED DEPOSITION BY VIRTUAL ZOOM OF

16                  BRANDON BARRAS

17             Tuesday, September 13, 2022

18

19

20

21

22

23

24  Reported By: Lynne Ledanois, CSR 6811

25
```

```
 1            IN THE UNITED STATES DISTRICT COURT
 2          FOR THE NORTHERN DISTRICT OF CALIFORNIA
 3    -------------------------------------------------x
 4    MATCH GROUP, LLC, a Delaware
      corporation; HUMOR RAINBOW, INC.,
 5    a New York Corporation; PLENTYOFFISH
      MEDIA ULC, a Canadian corporation; and
 6    PEOPLE MEDIA, INC., a Delaware corporation,
 7                 Plaintiffs,
 8    vs.                        Case No. 3:22-cv-02746-JD
 9    GOOGLE LLC; GOOGLE IRELAND LIMITED;
      GOOGLE COMMERCE LIMITED; GOOGLE
10    ASIA PACIFIC PTE, LIMITED; and
      GOOGLE PAYMENT CORP.,
11
                   Defendants.
12    -------------------------------------------------x
13
14
15          Videotaped deposition of BRANDON BARRAS,
16    taken in Los Angeles, California, commencing at
17    9:01 a.m., on Tuesday, September 13, 2022 before
18    Lynne Ledanois, Certified Shorthand Reporter No.
19    6811
20
21
22
23
24
25    ///
```

1  REMOTE APPEARANCES
2
3  Counsel for Plaintiff Epic Games, Inc. in:
4  Epic Games, Inc. v Google LLC, et al:
5      CRAVATH, SWAINE & MOORE LLP
6      BY: COLLEEN KOZIKOWSKI
7      Attorney at Law
8      825 Eighth Avenue
9      New York, New York 10019
10     ckozikowski@cravath.com
11
12 Counsel for Google LLC, et al:
13     MORGAN LEWIS & BOCKIUS LLP
14     BY: MINNA LO NARANJO
15     WOGAI MOHAMAND
16     Attorneys at Law
17     1 Market Plaza
18     One Market Street
19     San Francisco, California 94105
20     minna.naranjo@morganlewis.com
21
22
23
24
25 ///

1   REMOTE APPEARANCES
2
3   Counsel for Plaintiffs Match Group, LLC; Humor
4   Rainbow, Inc.; PlentyofFish Media ULC; and People
5   Media:
6           HUESTON HENNIGAN
7           BY: DOUGLAS J. DIXON
8               WILL LARSEN
9           Attorneys at Law
10          523 West 6th Street
11          Suite 400
12          Los Angeles, California 90014
13          ddixon@hueston.com
14
15  Counsel for Plaintiff States:
16          OFFICE OF THE ATTORNEY GENERAL
17          STATE OF UTAH
18          BY:  MICHAEL ALTEBRANDO
19          Attorney at Law
20          111 S. Main Street
21          Suite 1800
22          Salt Lake City, Utah 84111
23          maltebrando@agutah.gov
24
25  ///

```
 1              REMOTE APPEARANCES
 2
 3   Counsel for the Interim Steering Committee Members
 4   for Plaintiffs and the Proposed Class in re:
 5   Google Play Consumer Antitrust Litigation:
 6            KOREIN TILLERY LLC
 7            BY: DAVID WALCHAK
 8            Attorney at Law
 9            205 North Michigan
10            Suite 1950
11            Chicago, Illinois 60601
12            dwalchak@koreintillery.com
13
14
15   ALSO PRESENT:
16   Jeanette Teckman, In-House Counsel Match Group
17   Stephen Myers, In-House Counsel Match Group
18   Jeffree Anderson, Videographer
19   Jake Franks, Veritext Concierge
20
21
22
23
24
25
```

HIGHLY CONFIDENTIAL

Page 6

```
 1            I N D E X   O F   E X A M I N A T I O N
 2
 3     Examination by:                                    Page
 4         Mr. Dixon                                       11
 5
 ...
25     ///
```

Page 11

1        Tuesday, September 13, 2022
2                  9:01 a.m.
3   ----------------------------------------------------
4           THE VIDEOGRAPHER:  Good morning.  We're
5   going on the record at 9:01 a.m. on September 13th,
6   2022.  Audio and video recording will continue to
7   take place unless all parties agree to go off the
8   record.
9           This is Media Unit 1 of the video-recorded
10  deposition of Brandon Barras taken by counsel for
11  the plaintiff In Re Google Play Store Antitrust
12  Litigation filed in the United States District Court
13  for the Northern District of California,
14  San Francisco Division.  Case number is
15  3:21-md-02981-JD.
16          This deposition is being conducted
17  remotely using virtual technology.  My name is
18  Jeffrey Anderson representing Veritext and I'm the
19  videographer.  The court reporter is Lynne Ledanois
20  from the firm Veritext.
21          All appearances are noted on the record
22  and the witness can be sworn in.
23                BRANDON BARRAS,
24     having been duly sworn, testified as follows:
25                  EXAMINATION

1    Q    So Google was concerned that developers
2    like ███████████████████████████████████████
     ███████████ might inform the public about Google's
4    requirements and thereby cause problems?
5    A    Our feeling was we would much prefer to work
6    closely with these developers to understand where
7    those gaps or needs were versus just blatantly
8    enforcing the policy and removing it from the store
9    and letting them then go to the public and not
10   necessarily be happy, which is what you often see with
11   other platforms such as Apple when apps are removed
12   that are not compliant.
13   Q    Was Google afraid of a public debate over
14   this issue?
15   A    I cannot speak for Google in that sense.  I
16   can say that, as I mentioned before, the preferred
17   path was to partner and lean in versus a hard hand of
18   enforcement and possible agitation.
19   Q    Google wanted to keep this issue out of
20   the public discourse; correct?
21        MS. NARANJO:  Object to form.
22        THE WITNESS:  I think, again, as I
23   mentioned before, our preference -- I can't speak
24   for Google -- for Play was to partner with these
25   partners versus blanket enforcement.

HIGHLY CONFIDENTIAL

Page 244

```
1        Q    He asks for the extension but he also
2   tells you, ███████████████████████████████████████
    ███████████████████████████████████████
               ███████████████ Correct?
5        A    That's what it says, yes.
6        Q    He was very clear in terms of whether
7   ███████████████████████████████████████████████
    ███████████████████████████████
9             MS. NARANJO:  Object to form.
10            THE WITNESS:  ██████████████████████
    ████████████████████████████████████████
    ██████████    ██████████████████████████████
    ███████████████████████████████████████████████
    ██████████████████████████████
15  BY MR. DIXON:
16       Q    Respectfully, sir, that's not my question.
17            I asked you whether Mr. Foster pointed out
18  to you in this email that ████████████████████
    ████████████████████████████████████████
    ██████████
21       A    That is what this email says, yes.
22       Q    You did not ask him what he meant by that,
23  did you?
24       A    No, because they had the form to fill out
25  where they had to also include an explanation of why
```

Page 249

1      Is that one of the questions?
2   A  Yes.
3   Q  And the answer here is "Yes"; correct?
4   A  Yes.
5   Q  Then the last question is "Please explain
6  why you need additional time to comply with Google
7  Play's Payments policy." Right?
8   A  Correct.
9   Q  To your knowledge and consistent with what
10 Peter said in his email to you, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
   ▮▮▮▮▮▮▮▮; right?
13  A  I actually never saw this form or the
14 response, so I was unaware that's what that included.
15  Q  So you never even looked into whether
16 Peter provided a different reason than the one given
17 in his email?
18  A  The form was meant as an extension, as you
19 see by the questions, for apps who need more time to
20 integrate, not for a justification of why they weren't
21 utilizing that system.
22 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
   ▮▮▮▮▮▮▮▮   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Page 250

1  ████████████████████████████████████████
2           We were made aware that they had submitted
3  the form for the extension and that's what I was
4  operating based off of.
5       Q   So the only information you knew with
6  respect to why Match was applying for the extension
7  was what Peter told you in Exhibit 1603; right?
8       A   I don't know if that was necessarily the
9  reason, but yes, he denoted that ███████████████
10 ████████████████████████████████████████
11 ███████████
12      Q   Just to round this out, in Exhibit 1604
13 the reason given for this particular app, Ablo, was
14 ████████████████████████████████████████
15 ██████████   ██████████████████████████
16 ████████████████████████████████████████
17 ████████████████████████████████████████
18 ████████████████████████████████████████
19 ███████████████████████████████
20          Do you see that, sir?
21      A   I do.
22      Q   And do you have any reason to question the
23 sincerity of that explanation?
24      A   I don't have enough context of all those of
25 businesses to know what their specific feedback was

1      I, LYNNE M. LEDANOIS, a Certified
2  Shorthand Reporter of the State of California, do
3  hereby certify:
4      That the foregoing proceedings were taken
5  before me at the time and place herein set forth;
6  that a record of the proceedings was made by me
7  using machine shorthand which was thereafter
8  transcribed under my direction; that the foregoing
9  transcript is a true record of the testimony given.
10     Further, that if the foregoing pertains to
11 the original transcript of a deposition in a Federal
12 Case, before completion of the proceedings, review
13 of the transcript [ ] was [x] wasn't requested.
14     I further certify I am neither financially
15 interested in the action nor a relative or employee
16 of any attorney or party to this action.
17     IN WITNESS WHEREOF, I have this date
18 subscribed my name.
19 Dated: September 14, 2022

*Lynne Marie Ledanois*

LYNNE MARIE LEDANOIS

CSR No. 6811

Errata Sheet - Deposition of Brandon Barras

**Case**:  *In re Google Play Store Antitrust Litigation*, Case No. 3:21-md-02981-JD
*In re Google Play Consumer Antitrust Litigation*, Case No. 3:20-cv-05761-JD
*In re Google Play Developer Litigation*, Case No. 3:20-cv-05792-JD
*Epic Games Inc. v. Google LLC*, Case No. 3:20-cv-05671-JD
*State of Utah v. Google LLC*, Case No. 3:21-cv-05227-JD

**Date of Deposition**: September 13, 2022

| **Page #** | **Line #** | **Currently Reads** | **Correction** | **Reason for Correction** |
|---|---|---|---|---|
| 22 | 5 | that correct would | that would | Transcription error |
| 24 | 4 | more akin | more working | Transcription error |
| 28 | 23 | I – the rest | the rest | Clarification |
| 34 | 25 | traveling local | travel and local | Transcription error |
| 35 | 18 | Kojima | Evan Kojima | Clarification |
| 25 | 20 | David Ponce | David Pons | Clarification |
| 35 | 22 | Soler^ | Soler | Transcription error |
| 37 | 07 | up to | to | Transcription error |
| 38 | 01 | products | product | Transcription error |
| 39 | 23 | brainless | very nice | Transcription error |
| 49 | 23 | spam issuing | spam feeling | Transcription error |
| 51 | 24 | wait | await | Clarification |
| 57 | 01 | One would | When we would | Transcription error |
| 70 | 18 | may exchange update | mix, change, update | Transcription error |
| 90 | 13 | issues for gaps | issues or gaps | Transcription error |
| 95 | 07 | full contacts | full context | Transcription error |
| 113 | 10 | references to | is in reference to | Transcription error |
| 118 | 8 | leverage or | leverage our | Transcription error |
| 122 | 20 | written they | written that they | Transcription error |

| 128 | 17 | opted into | opted-in to | Clarification |
|---|---|---|---|---|
| 140 | 22 | SVP of global business operations | President Global Partnerships and Corporate Development | Clarification |
| 141 | 24 | derive | drive | Transcription error |
| 143 | 13 | Sorry, extent - can you rephrase a little | Sorry - extent - you froze a little | Transcription error |
| 182 | 05 | given it | give them a day and | Transcription Error/Clarification |
| 203 | 03 | from the meeting | the meeting | Transcription error |
| 207 | 23 | was was | was | Transcription error |
| 222 | 12 | did continue | did include | Transcription error |
| 256 | 22 | Technically it was spilled milk | Technically it was still available | Transcription error |
| 289 | 07 | levels | levers | Transcription error |
| 295 | 14 | nature | natural | Transcription error |
| 295 | 16 | earlies | earlier | Transcription error |

I, the undersigned, declare under penalty of perjury, that I have read the above-referenced deposition transcript and have made corrections, additions, or deletions that I desired to make; and that the transcript contains my true and correct testimony.

EXECUTED this 19th day of October, 2022 at __Santa Monica__, California.

_____
Brandon Barras

DocuSigned by: Brandon Barras
93756535AC604B7...