***REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED***

**From:** Daniel Ottaunick
**Sent:** Thursday, May 18, 2023 11:57 AM
**To:** Pomerantz, Glenn
**Cc:** Brendan Glackin ; Lauren Weinstein ; Karma Giulianelli ; Xternal User - Hae Sung Nam ; Gary Bornstein ; Yonatan Even ; Lauren Moskowitz ; Douglas J. Dixon ; Epic Mobile Apps EXTERNAL ; Brian C. Rocca ; Shah, Sujal J. ; Chiu, Michelle Park ; Naranjo, Minna Lo ; Olasa, Kuruvilla ; Kravis, Jonathan
**Subject:** RE: Play Litigation

Counsel,

Please see the attached correspondence on behalf of Plaintiffs.

Daniel L. Ottaunick
Cravath, Swaine & Moore LLP
825 Eighth Avenue | New York, NY 10019

**From:** Daniel Ottaunick
**Sent:** Friday, May 12, 2023 8:57 AM
**To:** Pomerantz, Glenn
**Cc:** Brendan Glackin ; Lauren Weinstein ; Karma Giulianelli ; Xternal User - Hae Sung Nam ; Gary Bornstein ; Yonatan Even ; Lauren Moskowitz ; Douglas J. Dixon ; Epic Mobile Apps EXTERNAL ; Brian C. Rocca ; Shah, Sujal J. ; Chiu, Michelle Park ; Naranjo, Minna Lo ; Olasa, Kuruvilla ; Kravis, Jonathan
**Subject:** Re: Play Litigation

Plaintiffs are available at 2 pm PT on Monday. We will circulate a dial in.

Daniel L. Ottaunick
Cravath, Swaine & Moore LLP
825 Eighth Avenue | New York, NY 10019

On May 11, 2023, at 5:01 PM, Pomerantz, Glenn ▓▓▓▓▓▓▓▓▓▓▓▓▓▓ wrote:

> External ▓▓▓▓▓▓▓▓▓▓▓▓

Report This Email   FAQ

Can we talk on Monday?  I am available from 1pm to 4pm PT on Monday.  Let me know if that time works for Plaintiffs.

**From:** Daniel Ottaunick ▓▓▓▓▓▓▓▓▓▓▓▓
**Sent:** Wednesday, May 10, 2023 3:25 PM
**To:** Pomerantz, Glenn ▓▓▓▓▓▓▓▓▓▓
**Cc:** Brendan Glackin ▓▓▓▓▓▓▓▓▓▓▓▓; Lauren Weinstein ▓▓▓▓▓▓▓▓▓▓; Karma Giulianelli ▓▓▓▓▓▓▓▓▓▓; Xternal User - Hae Sung Nam ▓▓▓▓▓▓▓▓▓▓; Gary Bornstein ▓▓▓▓▓▓▓▓▓▓; Yonatan Even ▓▓▓▓▓▓▓▓▓▓; Lauren Moskowitz ▓▓▓▓▓▓▓▓▓▓; Douglas J. Dixon ▓▓▓▓▓▓▓▓▓▓; Epic Mobile Apps EXTERNAL ▓▓▓▓▓▓▓▓▓▓; Brian C. Rocca ▓▓▓▓▓▓▓▓▓▓; Shah, Sujal J. ▓▓▓▓▓▓▓▓▓▓; Chiu, Michelle Park ▓▓▓▓▓▓▓▓▓▓; Naranjo, Minna Lo ▓▓▓▓▓▓▓▓▓▓; Olasa, Kuruvilla ▓▓▓▓▓▓▓▓▓▓; Kravis, Jonathan ▓▓▓▓▓▓▓▓▓▓
**Subject:** RE: Play Litigation

Counsel,

A letter from Plaintiffs regarding these issues is attached.  As noted therein, Plaintiffs request a prompt meet and confer.  Please provide Google's availability for a call this week.

Regards,

Daniel L. Ottaunick
Cravath, Swaine & Moore LLP
825 Eighth Avenue | New York, NY 10019
▓▓▓▓▓▓▓▓▓▓

**From:** Pomerantz, Glenn ▓▓▓▓▓▓▓▓▓▓
**Sent:** Tuesday, May 9, 2023 3:38 PM
**To:** Brendan Glackin ▓▓▓▓▓▓▓▓▓▓; Lauren Weinstein ▓▓▓▓▓▓▓▓▓▓; Karma Giulianelli ▓▓▓▓▓▓▓▓▓▓; Xternal User - Hae Sung Nam ▓▓▓▓▓▓▓▓▓▓; Gary Bornstein ▓▓▓▓▓▓▓▓▓▓; Yonatan Even ▓▓▓▓▓▓▓▓▓▓; Lauren Moskowitz ▓▓▓▓▓▓▓▓▓▓; J. Dixon Douglas ▓▓▓▓▓▓▓▓▓▓
**Cc:** Brian C. Rocca ▓▓▓▓▓▓▓▓▓▓; Shah, Sujal J. ▓▓▓▓▓▓▓▓▓▓; Chiu, Michelle Park ▓▓▓▓▓▓▓▓▓▓; Naranjo, Minna Lo ▓▓▓▓▓▓▓▓▓▓; Olasa, Kuruvilla ▓▓▓▓▓▓▓▓▓▓; Kravis, Jonathan ▓▓▓▓▓▓▓▓▓▓
**Subject:** Play Litigation

Counsel:

I write to inform you that Google will be producing additional documents in the coming weeks because certain custodial documents were not collected in connection with these matters due to errors. We recently learned of these issues and are in the process of collecting and reviewing the additional materials for production as quickly as possible. In particular, Google's prior collections did not include certain documents in Google Drive, including Microsoft Office and PDF files, as well as certain files located in shared/team drive folders. The collection and review process is underway.

We will advise once we have more information about the timing and size of future rolling productions. We also will undertake best efforts to identify which documents are near duplicates of documents previously produced. We understand the timing is unfortunate, and we will keep you updated on the status.

---

This e-mail is confidential and may be privileged. Use or disclosure of it by anyone other than a designated addressee is unauthorized. If you are not an intended recipient, please delete this e-mail from the computer on which you received it.

▮▮▮▮▮▮

May 18, 2023

> *In re: Google Play Store Antitrust Litigation*, No. 3:21-md-02981-JD (N.D. Cal.);
> *Epic Games, Inc. v. Google LLC*, No. 3:20-cv-05671-JD (N.D. Cal.);
> *In re Google Play Consumer Antitrust Litigation*, No. 3:20-cv-05761-JD (N.D. Cal.);
> *State of Utah, et al. v. Google LLC et al.*, No. 3:21-cv-05227-JD (N.D. Cal.);
> *Match Group, LLC et al. v. Google LLC et al.*, No. 3:22-cv-02746-JD (N.D. Cal.)

Dear Glenn:

I write on behalf of Plaintiffs in the above-captioned matters regarding Google's failure to collect and produce certain categories of responsive documents, which Google first identified in its May 9, 2023 email, and to follow up on our May 15, 2023 meet and confer.

Plaintiffs appreciate the additional information Google provided during the parties' meet and confer. To memorialize that discussion, Plaintiffs outline their understanding of the facts, as presented by Google, as follows:

- During the week of April 24, 2023, Google learned of two separate issues regarding the sufficiency of its document collection and production in the Google Search antitrust case pending in Washington, DC. That same week, Google discovered that at least one and possibly both of those issues also impacted Google's document collection and production in this case. In addition, and independent of the issues with its document collection in this case, Google acknowledges that any shortcomings in the Search case production necessarily affect this matter, because the parties have stipulated that to the extent they hit on Plaintiffs' search terms, documents Google produced in response to the Utah and Nebraska CIDs issued in connection with the Search case must be produced to Plaintiffs in this case.

- The first issue is that Google did not collect or produce documents from the hard drives of any custodians in the Google Search case or of the more than 40 Google custodians in this litigation, but instead collected only the "G Suite documents" associated with those individuals (the "Hard Drive Issue"). We understand Google's reference to "G Suite" to refer to what is now known as Google Workspace, which includes tools such as Google Docs, Google Sheets and Google Slides. Google began collecting the hard drive documents from the custodians in this litigation during the week of April 24, 2023. It estimates that approximately 160,000 of the documents that were available on the hard drives at the time of collection hit on Plaintiffs' search terms. Google also believes at this time that a substantial number of these documents are PDF and Microsoft Word files.

- The second issue is that Google did not collect or produce documents from certain shared drives (the "Shared Drive Issue"). Google has determined that this issue impacts the Search litigation, where apparently no shared drive documents were collected or produced, but it does not yet know whether the issue affects this litigation, except to the extent the shared drive documents are responsive to the Utah and Nebraska CIDs, since those documents must also be produced in this litigation if they include Plaintiffs' search terms. Google is not yet certain how many documents are affected by this issue or which shared drives it failed to collect.

- Google plans to review the 160,000+ documents it has thus far identified as documents it should have previously reviewed, as well as any documents it subsequently identifies (for example, from the Shared Drive Issue), for both responsiveness and privilege. Google expects to make an initial production of responsive, nonprivileged documents by the end of this week, and will make rolling productions thereafter. Google represented that it cannot currently determine when it will complete its production.

- Google cannot represent that documents in the locations from which it did not collect were properly preserved. Specifically, Google cannot say whether, during the nearly three years that this litigation has been pending, the custodians who maintained these documents on their hard drives or had access to them in shared drives modified them in any way, such that the document that currently exists is identical to the version that existed when this litigation began in August 2020 or when Google subsequently issued a litigation hold for this matter.

If our understanding of these facts is incorrect, Plaintiffs ask that Google promptly provide additional clarity. In addition, to the extent that Google has not disclosed additional information that is material to these issues, please provide that information.

Moreover, Plaintiffs have several follow-up questions and requests based on the information Google has provided to date:

- During our call, Google was unable to explain how these issues were discovered in the Search litigation. Plaintiffs asked Google to follow up on that question and would appreciate a thorough and narrative explanation.

- During our call, Plaintiffs asked Google to inform them whether the Shared Drive Issue affects Google's productions in this litigation, beyond the deficiencies related to the incompleteness of Google's production in response to the Utah and Nebraska CIDs. As soon as possible, please advise (i) whether the Shared Drive Issue affects Google's productions in this litigation, (ii) which specific shared drives relating to this matter and the Search matter were not collected and produced, (iii) how many documents in the shared drives related to both the Search case and this case hit on Plaintiffs' search terms, and (iv) which custodians are impacted by the Shared Drive Issue (*i.e.*, whether the issues affected all custodians, or whether only a subset of custodians had access to the relevant shared drives).

- The parties agreed to different collection periods for each custodian in this litigation. For most custodians, the cut-off date for Google's productions was August 13, 2020. In light of Google's delay in producing the documents affected by the collection issues, Plaintiffs are concerned that Google will not have the ability to accurately apply that cut-off date to its forthcoming productions. In particular, documents that were modified or

saved after August 13, 2020, even if created before that date, could display a later date in their metadata. To address this issue, Google should not apply an end date cut-off to the documents in its forthcoming productions.

- Can Google represent that each custodian in this MDL did not delete any responsive documents from their hard drives or the relevant shared drives after this litigation began?

- Since the time this litigation commenced in August 2020, several custodians have left Google, including Paul Bankhead, Eric Chu, Lawrence Koh and Tian Lim. Plaintiffs understand that when Google employees leave the company, they return their Google-issued hardware to Google. (Koh Tr. 111:5-11 (testifying that upon his departure in December 2020, he "returned a Google-issued phone").) Any discoverable information that was located on the hard drives of these custodians would be subject to the litigation hold in this case, and potentially in the Search case. Did Google retain the information located on the hard drives of the custodians who left the company after these lawsuits were filed? If so, please confirm that Google will be collecting, searching and producing documents from those hard drives.

- During our call, you could not confirm that Google is running the search terms it agreed to in response to the Match Plaintiffs' discovery requests against the unproduced documents. Please provide that confirmation.

As you are aware, time is off the essence because the trial date and other significant case deadlines are fast approaching. As such, please respond to these questions no later than Monday, May 22, 2023. Plaintiffs also request that by the same date, Google provide an update regarding the status of its collection, review and production of the documents at issue, including an estimate of when Google will complete its productions and how many total documents it will produce.

Plaintiffs reserve all rights.

Sincerely,

*/s/ Gary A. Bornstein*
Gary A. Bornstein

Glenn Pomerantz
Munger, Tolles & Olson LLP
350 South Grand Avenue, Fiftieth Floor
Los Angeles, CA 90071

Cc: Counsel of Record (via email)