DAVID C. DINIELLI (CA Bar No. 177904)
Tech Accountability & Competition Project,
   a division of the MFIA Clinic
Yale Law School
127 Wall Street
New Haven, CT 06511
David.Dinielli@yale.edu
*Counsel for Economists Supporting Dr. Rysman's*
   *Variety Model as* Amici Curiae

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*State of Utah et al. v. Google LLC et al.*, Case No. 3:21-cv-05227-JD<br><br>*In re Google Play Store Antitrust Litig.*, Case No. 3:21-md-02981-JD<br><br>*In re Google Play Consumer Antitrust Litig.*, Case No. 3:20-cv-05761-JD | Case No. 3:21-md-02981-JD<br><br>**MOTION FOR LEAVE TO FILE BRIEF OF ECONOMISTS AS *AMICI CURIAE* IN SUPPORT THE PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO EXCLUDE MERITS OPINIONS OF DR. MARC RYSMAN**<br><br>Judge: Hon. James Donato |

### A. Introduction

The proposed *amici* respectfully request and move for leave to appear as *amici curiae* and file the proposed *amicus curiae* brief, attached hereto as Exhibit A, in support of Plaintiffs' opposition to the Defendants' motion to exclude the merits opinions of economist Dr. Marc Rysman. The State Plaintiffs and the Consumer Plaintiffs consent to this Motion; Google LLC opposes the motion. The Plaintiffs consent to this motion; the Defendants oppose. A proposed order is attached as Exhibit B.

### B. Standard for Motion for Leave To Appear as Amici Curiae

District courts have discretion to consider amicus briefs from non-parties who will "advise or…make suggestions to the court." *County of Marin v. Martha Co.*, No. C 06-0200 SBA, 2007 WL 987310 at *1 (N.D. Cal. Apr. 2, 2007) (citing *Miller-Wohl Co. v. Comm'r. of Labor and Indus. of Mont.*, 694 F.2d 203, 204 (9th Cir. 1982)); *see also In re Dynamic Random Access Memory Antitrust Litig.*, No. M-02-1486-PJH, 2007 WL 2022026, at *1 (N.D. Cal. July 9, 2007) (District Courts may grant leave for *amici* to file briefs where their "participation is useful to or otherwise desirable to the court."). Courts look to Federal Rule of Appellate Procedure 29 to decide whether not to grant leave to file an amicus brief because such briefs are not addressed in the Federal Rules of Civil Procedure. *See, e.g., Cmty. Health Ctr. All. for Patient Justice v. Lightbourne*, 2:20-cv-02171-DAD-KJN (E.D. Cal. Feb 13, 2023); Fed. R. App. Proc. 29 (amicus briefs must state "the movant's interest" and "the reason why an amicus brief is desirable and why the matters asserted are relevant to the disposition of the case."). As such, amicus briefs are "frequently welcome" in District Court when the proposed brief "concern[s . . .] issues that have potential ramifications beyond the parties directly involved." *California v. U.S. Dep't of Labor*, No. 2:13-cv-02069-KJM-DAD, 2014 WL 12691095, at *1 (E.D. Cal. Jan. 14, 2014) (internal quotations omitted).

Amicus briefs are also welcome when "the *amic[i]* ha[ve] unique information or perspective[s] that can help the court beyond the help that the lawyers for the parties are unable to provide."

*California v. U.S. Dep't of Labor*, 2014 WL 12691095, at *1. Here, the proposed *amici* opine on the wide-ranging implications for antitrust enforcement posed by the arguments put forth by Google in its quest to exclude the expert opinion of Dr. Marc Rysman. As experienced and respected economists who have spent their careers developing successful economic models for use in antitrust litigation, the proposed *amici* have a keen interest in and a unique perspective on these issues.

B. **Interest and Identity Of Proposed Amici**

The proposed *amici curiae* are renowned economists who have contributed immensely to developing the economic tools that are used to understand and measure competitive harm, which includes models of the type used by Dr. Rysman in his report. A core criticism of Dr. Rysman's analysis—that his "variety" model should be excluded because it is an "abstraction"—strikes at a key component of sound economic analysis in antitrust cases, which these economists have spent their careers researching, developing, and improving.

With a range of experience in government service, litigation, and academia, the proposed *amici* have a unique ability to contribute to this Court's understanding of the issues.

- Steven Berry is the David Swensen Professor of Economics and Jeffrey Talpins Faculty Director of the Tobin Center for Economic Policy at Yale University. He specializes in the empirical analysis of markets in equilibrium and the dynamic analysis of industries, is a winner of the Frisch Medal of the Econometric Society, and is an elected member of the American Academy of Arts and Sciences.
- Ariél Pakes is the Thomas Professor of Economics at Harvard University. He has developed wide ranging tools and models used by government agencies and others to explain how dynamic systems respond to environmental and input changes, and has won the Nemmers Prize in Economics for his "fundamental contributions" to the empirical study of market power, prices, mergers, and productivity.

- Katja Seim is the Sharon Oster Professor of Economics and Management at Yale University with joint appointments in the School of Management and the Department of Economics. She studies firms' responses to competition policy and the interplay between market power and the outcomes of government auctions, was chief economist at the Federal Communications Commission, and is co-editor of the American Economic Review.  These economists have an interest in ensuring that this Court's decision regarding the expert analysis of Dr. Marc Rysman is consistent with sound economics and enables courts to continue using the best economic models available.

### C. Amici's relevance and usefulness to the Court.

The proposed *amici curiae* are economists who can aid this Court in assessing Google's core critiques of Dr. Rysman's analysis and explain the danger Google's arguments pose to the use of sound antitrust economics in this case and others.  Counsel for the State and Consumer Plaintiffs understandably focus on Google's arguments about the admissibility of Dr. Rysman's models in the instant case. The proposed *amici* are able to take a wider lens to this issue and instruct the Court about: (1) the greater context of Dr. Rysman's model, and how it is an example of exactly the kind of modeling these economists have developed and used in antitrust cases; and (2) the broad implications to antitrust economics and law if Google's arguments are accepted.

First, as these *amici* explain, by design and necessity, models present abstractions of real-life, dynamic systems and provide a simplified abstraction of how a real system behaves while at the same time providing useful predictions. Google repeatedly condemns Mr. Rysman's opinions as being "abstractions" as if this were a reason to exclude them—but that is not the case, as *amici* explain. The use of models in antitrust to determine injury and damages is well established, and the economic literature (by these *amici* and other economists) has for decades confirmed that the tools and methods economists use to build models for antitrust cases produce reliable results. Excluding economic models

because they are "abstractions" would upend well-settled and routinely practiced and accepted methods of economic analysis in antitrust cases.

Further, the proposed opinion of these *amici* can help educate the Court about the wider implications of accepting Google's arguments to exclude Dr. Ryman's opinion. Unlike counsel for the parties, who are understandably focused on the admissibility of Dr. Rysman's opinions in this case, the *amici* present to the Court the perspective that accepting Google's arguments could have broad and negative implications for the use of economic models in future cases, as well as erode the ability of courts to consider innovation harms in antitrust cases, which would cause enduring harm to consumers.

These *amici* offer their considerable experience and perspective on the subject matter and also their unusual passion. Proposed *amici* have no interest in who prevails in this litigation, of course, but they do have deep concerns about the motion targeting Dr. Rysman. Google aims its sights at Dr. Rysman this time, but any of the *amici* could have been the target.

## CONCLUSION

For the foregoing reasons, proposed *amici* respectfully seek this Court's leave to appear as *amici curiae* and further respectfully as that the proposed brief of *amici* be deemed filed.

Dated:  May 26, 2023

Respectfully submitted,

By: [signature]

DAVID C. DINIELLI (CA Bar No. 177904
Tech Accountability and Competition Project

*Counsel for Economists Supporting Dr. Rysman's "Variety" Model as [Proposed]* Amici Curiae

**E-FILING ATTESTATION**

I, David C. Dinielli, am the ECF User whose ID and password are being used to file this document.  In compliance with Civil Local Rule 5-1(h)(3), I hereby attest that each of the signatories identified above has concurred in this filing.

Dated:  May 26, 2023         By:

DAVID C. DINIELLI (CA Bar No. 177904
Tech Accountability and Competition Project

*Counsel for Economists Supporting Dr. Rysman's "Variety" Model as [Proposed]*Amici Curiae