Joshua P. Davis (SBN 193254)
Kathleen Bradish (*pro hac vice* pending)
The American Antitrust Institute
1025 Connecticut Avenue NW
Washington, D.C. 20036
(202) 304-0195
Counsel for Proposed Amicus Curiae
The American Antitrust Institute

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*State of Utah et al. v. Google LLC et al.*, Case No. 3:21-cv-05227-JD | Case No. 3:21-md-02981-JD<br><br>**NOTICE OF MOTION AND MOTION OF THE AMERICAN ANTITRUST INSTITUTE FOR LEAVE TO FILE AN AMICUS CURIAE BRIEF**<br><br>Judge: Hon. James Donato |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that the American Antitrust Institute ("Proposed Amicus AAI") hereby moves this Court to file an amicus curiae brief in support of the Plaintiffs' Opposition to Defendants' Motion to Exclude Merits Opinions of Dr. Marc Rysman.

This motion seeks leave for Proposed Amicus AAI to file the amicus brief that is attached as Exhibit 1 to this motion. The States and Consumer Plaintiffs consent to the filing of the amicus brief. The Defendant indicated that it opposes the filing but did not give any explanation for its position.

Proposed Amicus AAI's filing is timely because this Court has no established deadline for amicus briefs. The proposed brief is submitted within 8 days of when Plaintiffs' Opposition was filed and almost two weeks before the Defendant's reply is due. This schedule gives the Defendants more than sufficient time to review and respond, if necessary, to AAI's brief, which is less than eight pages long.

Courts have broad discretion to permit amicus briefs, and they have exercised "great liberality" in permitting such briefs. *See California ex re. Becerra v. United States Dep't of the Interior,* 381 F. Supp. 3d 1153, 1164 (N.D.Cal. 2019) (quotation marks omitted). Courts generally welcome third party amicus briefs, where, as here, those briefs concern "legal issues that have potential ramifications beyond the parties directly involved" and "the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *NGV Gaming, Ltd. V. Upstream Point Molate, LLC,* 355 F. Supp. 2d 1061, 1067 (N.D. Cal. 2005) (quotation marks omitted).

Proposed Amicus AAI is an independent, nonprofit organization devoted to promoting competition that protects consumers, businesses, and society. It engages in research, education, and advocacy on the benefits of competition and educates on the use of antitrust enforcement as a vital component of competition policy. AAI also receives the input of an Advisory Board that consists of over 130 prominent antitrust lawyers, law professors, economists, and business leaders on matters regarding competition policy.[1] AAI has filed numerous amicus briefs on the role of private actions in effective antitrust enforcement. It tracks and reports on class action developments on a routine basis,

---

[1] For more information about AAI's activities, publications, and personnel, *see* http://www.antitrustinstitute.org. Individual views of members of the Advisory Board or Board of Directors may differ from AAI's positions.

and it regularly organizes conferences where expert discuss matters relevant to private antitrust enforcement.[2]  As a result, Proposed Amicus AAI offers this Court a unique perspective, that is broader than the parties can provide, on the significance of Defendant Google's requested ruling on antitrust enforcement efforts.

AAI has a strong interest in the resolution of the Defendant's Motion to Exclude because it raises issues about the scope of private antitrust enforcement, a key tool in advancing the antitrust laws. Preserving the ability of private action to address the full range of antitrust harms is vital to AAI's mission of promoting competition.

As explained in greater detail in the proposed amicus brief, there are wide-ranging implications to Google's claim that the harm Dr. Rysman's report quantifies is not harm to "property" under Section 4 of the Clayton Act. In effect, Google's motion asks this Court to make the sweeping conclusion that damages actions are available only for inflated prices. As a result, this Court's decision has a potential effect that goes well beyond the parties—namely, the public interest in ensuring that private antitrust enforcement is available for all harms under the antitrust laws.  The proposed amicus brief explains that variety, innovation, and consumer choice are fundamental interests that the antitrust laws are designed to protect.  It offers AAI's perspective that it is both incorrect and dangerous to read Section 4 to exclude private antitrust enforcers from addressing such harms.  Moreover, the brief points out that the danger is especially acute in cases like this because innovation is the primary means of competition in digital markets.  To prevent private antitrust plainitffs from seeking redress for harms that limit customer choice and innovation is to handicap antitrust enforcement in a way that is particularly harmful in a modern digital economy.

For all these reasons, the Court should GRANT the Proposed Amicus AAI's motion.

---

[2] *See* https://www.antitrustinstitute.org/issues/private-enforcement/ for examples of AAI's work on these topics.

Dated:  May 26, 2023          Respectfully submitted,

By: /s/ Joshua P. Davis

Joshua P. Davis (SBN 193254)
Kathleen Bradish* (*pro hac vice* pending)
kbradish@antitrustinstitute.org
American Antitrust Institute
1025 Connecticut Avenue, NW
Washington, D.C. 20036
*Counsel for Proposed Amicus Curiae*
*The American Antitrust Institute*
*Not admitted in the Northern District of California