| | |
|---|---|
| Brian C. Rocca, Bar No. 221576<br>brian.rocca@morganlewis.com<br>Sujal J. Shah, Bar No. 215230<br>sujal.shah@morganlewis.com<br>Michelle Park Chiu, Bar No. 248421<br>michelle.chiu@morganlewis.com<br>Minna Lo Naranjo, Bar No. 259005<br>minna.naranjo@morganlewis.com<br>Rishi P. Satia, Bar No. 301958<br>rishi.satia@morganlewis.com<br>**MORGAN, LEWIS & BOCKIUS LLP**<br>One Market, Spear Street Tower<br>San Francisco, CA 94105-1596<br>Telephone: (415) 442-1000<br><br>Richard S. Taffet, *pro hac vice*<br>richard.taffet@morganlewis.com<br>**MORGAN, LEWIS & BOCKIUS LLP**<br>101 Park Avenue<br>New York, NY 10178-0060<br>Telephone: (212) 309-6000<br><br>*Counsel for Defendants* | Glenn D. Pomerantz, Bar No. 112503<br>glenn.pomerantz@mto.com<br>Kuruvilla Olasa, Bar No. 281509<br>kuruvilla.olasa@mto.com<br>**MUNGER, TOLLES & OLSON LLP**<br>350 South Grand Avenue, Fiftieth Floor<br>Los Angeles, California 90071<br>Telephone: (213) 683-9100<br><br>Kyle W. Mach, Bar No. 282090<br>kyle.mach@mto.com<br>Justin P. Raphael, Bar No. 292380<br>justin.raphael@mto.com<br>Emily C. Curran-Huberty, Bar No. 293065<br>emily.curran-huberty@mto.com<br>**MUNGER, TOLLES & OLSON LLP**<br>560 Mission Street, Twenty Seventh Fl.<br>San Francisco, California 94105<br>Telephone: (415) 512-4000<br><br>Jonathan I. Kravis, *pro hac vice*<br>jonathan.kravis@mto.com<br>**MUNGER, TOLLES & OLSON LLP**<br>601 Massachusetts Ave. NW, Ste 500E<br>Washington, D.C. 20001<br>Telephone: (202) 220-1100 |

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION**<br><br>THIS DOCUMENT RELATES TO:<br><br>*In re Google Play Consumer Antitrust Litig.*, Case No. 3:20-cv-05761-JD<br><br>*States et al. v. Google LLC et al.*, Case No. 3:21-cv-05227-JD | Case No. 3:21-md-02981-JD<br><br>**GOOGLE'S OPPOSITION TO AMERICAN ANTITRUST INSTITUTE AND ECONOMIST MOTIONS FOR LEAVE TO FILE AMICI CURAE BRIEFS**<br><br>Judge:          Hon. James Donato |

Morgan, Lewis &
Bockius LLP
Attorneys At Law
San Francisco

OPPOSITION TO MOTIONS FOR LEAVE TO FILE AMICI CURAE BRIEFS
Case Nos. 3:21-md-02981-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD

**INTRODUCTION**

Google opposes American Antitrust Institute's ("AAI") and the Economists' (collectively "amici") Motions for Leave[1] to File *Amici Curiae* in support of Plaintiff States and Consumer Plaintiffs' Opposition to Google's Motion to Exclude Merits Opinions of Dr. Marc Rysman.[2] Proposed amici's briefs are untethered to Google's arguments about what the antitrust laws require, bereft of relevant legal authority, and simply repeat arguments already made by Plaintiffs in an effort to rescue Dr. Rysman's fatally flawed opinions. Accordingly, the proposed amici do not meet the standard for *amici curiae* because their briefs attempt to simply bolster the arguments of Plaintiffs' counsel and the opinions of Dr. Rysman. This Court need not and should not entertain the duplicative arguments set forth in the briefing by AAI and the Economists.

Dr. Rysman's variety model calculated injury and damages to consumers by estimating how much happier consumers would have been if they had made the same purchases at the same prices, but from a wider set of choices. Google moved to exclude Dr. Rysman's variety model under Rule 702 because (1) it does not calculate injury to consumers' "property" and therefore purports to estimate damages that are not available as a matter of law and (2) the model is based on abstract assumptions that Dr. Rysman repeatedly conceded are not true in the real world. No proposed amicus adds anything to the flawed arguments that Plaintiffs put forward in opposing Google's motion to exclude Dr. Rysman's variety model. No proposed amicus explains how a reduction in consumers' happiness is a loss of "property" within the meaning of the Clayton Act or cites any case in which a court has awarded antitrust damages for consumers' loss of happiness. The Economists even concede that they "are not experts in what the Clayton Act requires as proof of injury and damage." Economist Br. at 4. Further, no proposed amicus cites

---

[1] The Economists' Motion ("Economist Mot.") and Proposed Brief ("Economist Br.") are filed at MDL Dkt. Nos. 520 and 520-1 respectively. AAI's Motion ("AAI Mot.") and Proposed Brief ("AAI Br.") are filed at MDL Dkt. Nos. 521 and 521-1 respectively.

[2] Google's Motion to Exclude Merits Opinions of Dr. Marc Rysman ("Google Mot.") and Reply Brief in Support of its Motion to Exclude Merits Opinions of Dr. Marc Rysman ("Google Reply") are filed at MDL Dkt. Nos. 484 and 526 respectively. State and Consumer Plaintiffs' Opposition to Google's Motion to Exclude Merits Opinions of Dr. Marc Rysman ("Plaintiffs' Opp.") is filed at MDL Dkt. No. 512.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1
OPPOSITION TO MOTIONS FOR LEAVE TO FILE AMICI CURAE BRIEFS
Case Nos. 3:21-md-02981-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD

any case in which a court permitted an expert to testify based on a damages model that makes assumptions that the expert admits are not true.

Instead, proposed amici reprise two strawmen that Plaintiffs make in their opposition to Google's motion. Proposed amici add nothing to the Court's consideration of Google's motion and, like Plaintiffs, mischaracterize Google's arguments. *First*, proposed amici argue that the Court should not hold that innovation and quality harms cannot be actionable as a matter of law. Google is not asking the Court to reach that conclusion and the Court can and should grant Google's *Daubert* motion without doing so. Google is not arguing that the antitrust laws do not protect product innovation or quality or that harms from lost innovation or quality could never support an antitrust claim or remedy. Rather, Google's position is that the antitrust laws do not authorize damages for harm to happiness, which is not injury to property. Like Plaintiffs, proposed amici do not and cannot cite cases authorizing such damages.

*Second*, proposed amici claim that Google's position is that economic models can never be reliable because they must approximate the real world or the but-for world. Again, not so. Google's position is that the law does not permit an expert to choose whatever assumptions the expert likes, especially when the expert admits those assumptions are not true, as Dr. Rysman did here. Proposed amici, like Plaintiffs, cite no case in which any court has permitted an expert to testify in those circumstances.

Accordingly, the Court should deny amici's motions.

## **LEGAL STANDARD**

A district court has broad discretion to grant or refuse a request to file an amicus brief. *See Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995). "Courts permit the submission of an amicus brief 'when a party is not represented competently or is not represented at all, . . . or when the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide.'" *Merritt v. McKenney*, No. C 13-01391 JSW, 2013 WL 4552672, at *4 (N.D. Cal. Aug. 27, 2013) (quoting *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1063 (7th Cir. 1997)). Because "[a]micus curiae briefs can be a real burden on the court ... [and can]

Morgan, Lewis & Bockius LLP
Attorneys at Law
San Francisco

2
OPPOSITION TO MOTIONS FOR LEAVE TO FILE AMICI CURAE BRIEFS
Case Nos. 3:21-md-02981-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD

impose[ ] a burden of study and ... response on the parties", "it is of the utmost importance that the amicus brief be timely, useful, or otherwise necessary to the administration of justice." *Karuk Tribe of California v. United States Forest Serv.*, No. C 04-4275 SBA, 2005 WL 8177401, at *2 (N.D. Cal. July 1, 2005) (quoting *United States v. Michigan*, 940 F.2d 143, 165 (6th Cir. 1991)).

In deciding whether to grant leave to file an amicus brief, courts should consider whether the briefing "supplement[s] the efforts of counsel, and draw[s] the court's attention to law that escaped consideration." *Miller-Wohl Co., Inc. v. Comm'r of Labor & Indus., Mont.*, 694 F.2d 203, 204 (9th Cir. 1982). "An amicus brief is meant to assist the court and not merely extend the length of the litigant's brief." *Gabriel Technologies Corp. v. Qualcomm Inc.*, 2012 WL 849167, at *4 (S.D. Cal. Mar. 13, 2012). Leave to file an amicus brief should be denied when it "duplicate[s] the arguments made in the litigants' briefs, in effect merely extending the length of the litigant's brief." *Ryan*, 125 F.3d at 1063.

## ARGUMENT

**I. AAI AND THE ECONOMISTS FAIL TO SATISFY THE STANDARDS FOR AMICI**

To obtain leave to file briefs as amici, both AAI and the Economists must provide "'unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide'" or show that "a party is not represented competently or not represented at all[.]" *Merritt*, 2013 WL 4552672, at *4 (quoting *Ryan*, 125 F.3d at 1063); *see also Iacangelo v. Georgetown Univ.*, 2009 WL 10693231, at *2 (D.D.C. June 11, 2009) (denying motion for leave to file amicus brief in part because there was "no reason to believe" amicus was "better able to present . . . [relevant] principles and authorities . . . than counsel for the parties"). No proposed amicus meets that standard and thus their motions should be denied.

*First*, no proposed amicus argues that Plaintiff States and Consumer Plaintiffs are not competently represented by States Attorneys' General from 38 states and the District of Columbia and the outside counsel they hired or by class counsel from major law firms. Nor does either proposed amicus identify any other case in which they are involved that presents the issues involved in Google's motion. *See Ryan*, 125 F.3d at 1063 (noting that a proposed amicus may

also show "an interest in some other case that may be affected by the decision in the present case"). And for good reason: no court has permitted an expert to opine on antitrust damages based on consumers' happiness or an expert to testify based on assumptions that the expert admits are not true. The Economists claim they "could have been the target" of a similar motion. Economist Mot. at 4. But mere speculation is not a sufficient "interest" to support filing an amicus brief.

*Second*, neither proposed amicus identifies any "unique information or perspective" they offer that would assist the Court. They simply restate the very same arguments Plaintiffs have already made in their opposition to Google's motion, often citing the very same sources. *See Kinnard v. Rogers Trucking*, 176 F. App'x 829, 830 (9th Cir. 2006) (denying motion for leave to file amicus brief "because the proposed briefs raise the same points already raised" in plaintiff's briefs); *JZ v. Catalina Foothills Sch. Dist.*, No. CV-20-00490-TUC-RCC, 2021 WL 5396089, at *1 (D. Ariz. Nov. 18, 2021) (denying motion for leave to file amicus brief where proposed brief duplicates party assertions and "does not raise legal arguments of which the [c]ourt is not already aware based on the parties' briefs and applicable law").

For example, in their opposition, Plaintiffs cite the Horizontal Merger Guidelines for the proposition that the exercise of market power can reduce product quality, variety and innovation. Plaintiffs' Opp. at 12. AAI's proposed amicus brief argues that "antitrust enforcement must protect consumer choice and innovation," similarly citing the same Guidelines. AAI Br. at 3. In their opposition, Plaintiffs cite a law review article that had nothing to do with estimating damages to argue that it is appropriate to model an "average 'variety-adjusted price.'" Plaintiffs' Opp. at 14 & n.81. In its proposed amicus brief, AAI cites the very same law review article to make arguments about "price/variety combinations." AAI Br. at 7 & n.40.

The Economists do not offer the Court *any* additional authority on how "innovation [is] a dimension of competition." Economist Br. at 4. They simply refer back to Plaintiffs' Opposition. *Id*. at 4 n.6. And the Economists' professed "unusual passion," Economist Mot. at 4, is irrelevant; they acknowledge that they "are not experts in what the Clayton Act requires as proof of injury and damage," *id*., and therefore admittedly cannot offer anything unique on whether reduced consumer happiness due to less variety is an injury to property as a matter of law. *See* Google

Mot. at 7-9. What the Economists do try to add to Plaintiffs' Opposition is improper. They try to interpret Dr. Rysman's testimony for the Court by "putting to the side … how [Dr. Rysman] may have described [his model] in his deposition." Economist Br. at 4. They instead attempt to say what they would like Dr. Rysman to have meant, arguing that "[i]n context, it is clear Dr. Rysman agreed that his model predicts happiness in the broad sense, a sense that includes outcomes like financial well-being and the functionality and attributes of physical possessions." *Id.* at 5. Tellingly, the Economists cite nothing in support of this interpretation. Moreover, Dr. Rysman is perfectly capable of speaking for himself and did so under oath at his deposition.

## II. AAI AND THE ECONOMISTS SIMPLY REPEAT PLAINTIFFS' MISCHARACTERIZATIONS OF GOOGLE'S ARGUMENTS

Like Plaintiffs in their opposition, AAI and the Economists mischaracterize Google's arguments for excluding Dr. Rysman's variety model under Rule 702 and *Daubert*. This, necessarily, will not help the Court evaluate whether to grant Google's motion to exclude Dr. Rysman's model. Where submissions from an amicus are unhelpful and tend to confuse, "amici status may be denied[.]" *Motiv Grp., Inc. v. Con'l Cas. Co.*, No. 220CV09368ODWEX, 2021 WL 1240779, at *4 (C.D. Cal. Apr. 1, 2021) (holding that amicus status may be denied where amicus does not "help the court beyond the help that the lawyers for the parties are able to provide").

The proposed briefs by AAI and the Economists seek to address arguments Google has never made. AAI and the Economists claim that Google argues that the antitrust laws are not concerned with reduced choice or innovation. *See e.g.,* Economist Mot. at 4 and AAI Mot. at 2. The Economists make the additional claim that Google is arguing that all economic models should be excluded under the *Daubert* and Rule 702 because they are "abstractions." *See, e.g.*, Economist Mot. at 2. Google makes neither argument.

As Google explained in its motion, its position is that Dr. Rysman's variety model should be excluded as a matter of law because it calculates damages that are categorically not available under the antitrust laws. Under the Clayton Act, Plaintiffs can *only* recover damages for injury to "property." 15 U.S.C. §§ 15(a), 15c. But Dr. Rysman's model does not calculate injury to property; he instead attempts to quantify how much happier consumers would have felt about

their real-world purchases of apps, subscriptions and in-app content if they bought them in a world with more app variety. Google's argument is simple. Damages for injuries that are not injuries to property are not available under the antitrust laws. Google does not argue that antitrust damages are **never** available for reduced choice or innovation if those effects resulted in injury to property as AAI and the Economists suggest. AAI's discussion of the DOJ's case against Microsoft proves this point. AAI points to the DOJ's "successful monopolization case against Microsoft" and notes that it was "based on detrimental effects on innovation and choice." AAI Br. at 5 (citing *United States v. Microsoft Corp.*, 253 F.3d 34 (D.C. Cir. 2001)). But as Google points out in its reply, in *Kloth v. Microsoft*, 444 F.3d 312 (4th Cir. 2006), the Fourth Circuit rejected a claim for damages for reduced innovation in a follow-on case. Google Reply at 6. *Kloth* concerned a class action that was brought "[i]n the aftermath of the United States' suit against Microsoft, in which Microsoft was found to have maintained an illegal monopoly in the worldwide market for licensing Intel-compatible PC operating systems." *Id.* at 317 (citing *Microsoft*, 253 F.3d 34). The Fourth Circuit rejected a damages claim based on the loss of new technology because it was too "diffuse" and thus the plaintiffs could not claim they were "specifically injured in their business or property by the alleged antitrust violation, as required by § 4 [of the Clayton Act]." *Kloth*, 444 F.3d at 324.[3]

      The Economists also improperly attempt to vouch for Dr. Rysman's opinions by arguing, like Plaintiffs do in their opposition, that all models are abstractions. Economists Br. at 6-7; *see also* Plaintiffs' Opp. at 8. Google never argues that all economic models should be excluded under *Daubert* and Rule 702 simply because they are abstractions. Rather, Google critiques Dr. Rysman's model because it is based upon assumptions that Dr. Rysman conceded (multiple times) do not reflect the real world. *See* Google Mot. at 4, 12. The Economists' reference to academic literature about economic models does not address this point. Moreover, Plaintiffs

---

[3] The AAI's reference to the recent decision in *United States v. Am. Airlines Grp. Inc.*, No. CV 21-11558-LTS, 2023 WL 3560430, at *1 (D. Mass. May 19, 2023) is similarly irrelevant to the issue of whether damages are available for an injury to consumers' happiness under the Clayton Act. The DOJ's action was not one for damages and the decision never mentions the availability of damages.

Morgan, Lewis & Bockius LLP
Attorneys at Law
San Francisco

6
OPPOSITION TO MOTIONS FOR LEAVE TO FILE AMICI CURAE BRIEFS
Case Nos. 3:21-md-02981-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD

1  submitted hundreds of pages of reports from Dr. Rysman and he sat for a seven-hour deposition.
2  Dr. Rysman therefore had ample opportunity to cite economic literature that he believed supports
3  his opinions. The Economists cannot cite additional literature and simply vouch, in a vacuum
4  without access to the underlying facts and evidence, that "the variety model is reasonable and
5  reliable." Economist Br. at 8. That question is for the Court to decide based on the facts and
6  evidence before it.

7  Contrary to the Economists' suggestion, Google does not dispute that modeling is an
8  accepted part of economic analysis in antitrust cases. But as set out in Google's reply brief, the
9  law imposes limits. Google Reply at 7-9. Specifically, "models must be tethered to theories of
10 liability, fit the case, have a reliable basis, and avoid guesswork." *Maldonado v. Apple*, No. 3:16-
11 CV-04067-WHO, 2021 WL 1947512, at *22 (N.D. Cal. May 14, 2021). And that is precisely
12 what Google argues: Dr. Rysman's variety model—as he concedes—does not "fit" the facts and
13 evidence of the case. Therefore, the model is inappropriate and should be excluded. Google Mot.
14 at 11-13; Google Reply at 7-10. The Economists do not address that argument. Instead, they
15 attack the strawman that Google's challenge to Dr. Rysman's model would undo well-settled and
16 accepted methods of economic analysis in antitrust cases. To the contrary, accepting Google's
17 argument would reaffirm the fundamental principle that experts cannot make up assumptions to
18 estimate injury and damages. Rather, to estimate real-world damages, experts must use
19 assumptions that have some basis in the real world. Dr. Rysman concedes that his assumptions do
20 not. The Economists do not argue the contrary.

21 Thus, amici do not address, let alone refute, Google's argument why Dr. Rysman's
22 variety model must be excluded.

## **CONCLUSION**

For the foregoing reasons, the Court should deny the motions for leave to file amicus briefs filed by the AAI and the Economists.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7
OPPOSITION TO MOTIONS FOR LEAVE TO FILE AMICI CURAE BRIEFS
Case Nos. 3:21-md-02981-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD

Dated: June 9, 2023

Respectfully submitted,

By:   */s/ Sujal J. Shah*
      Sujal J. Shah

Brian C. Rocca, Bar No. 221576
brian.rocca@morganlewis.com
Sujal J. Shah, Bar No. 215230
sujal.shah@morganlewis.com
Michelle Park Chiu, Bar No. 248421
michelle.chiu@morganlewis.com
Minna Lo Naranjo, Bar No. 259005
minna.naranjo@morganlewis.com
Rishi P. Satia, Bar No. 301958
rishi.satia@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Telephone: (415) 442-1000

Richard S. Taffet, *pro hac vice*
richard.taffet@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
101 Park Avenue
New York, NY 10178-0060
Telephone: (212) 309-6000

Glenn D. Pomerantz, Bar No. 112503
glenn.pomerantz@mto.com
Kuruvilla Olasa, Bar No. 281509
kuruvilla.olasa@mto.com
**MUNGER, TOLLES & OLSON LLP**
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071
Telephone: (213) 683-9100

Kyle W. Mach, Bar No. 282090
kyle.mach@mto.com
Justin P. Raphael, Bar No. 292380
justin.raphael@mto.com
Emily C. Curran-Huberty, Bar No. 293065
emily.curran-huberty@mto.com
**MUNGER, TOLLES & OLSON LLP**
560 Mission Street, Twenty Seventh Fl.
San Francisco, California 94105
Telephone: (415) 512-4000

Jonathan I. Kravis, *pro hac vice*
jonathan.kravis@mto.com
**MUNGER, TOLLES & OLSON LLP**
601 Massachusetts Ave. NW, Ste 500E
Washington, D.C. 20001
Telephone: (202) 220-1100

*Counsel for Defendants*

8
OPPOSITION TO MOTIONS FOR LEAVE TO FILE AMICI CURAE BRIEFS
Case Nos. 3:21-md-02981-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO