Jeffrey L. Kessler (*pro hac vice*)
JKessler@winston.com
Sofia Arguello (*pro hac vice*)
SArguello@winston.com
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166-4193
Telephone: (212) 294-6700
Facsimile: (212) 294-4700

Jeanifer E. Parsigian (SBN: 289001)
JParsigian@winston.com
WINSTON & STRAWN LLP
101 California Street, 34th Floor
San Francisco, CA 94111
Telephone: (415) 591-1000
Facsimile: (415) 591-1400

*Attorneys for Non-Party*
ACTIVISION BLIZZARD, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION**<br><br>THIS DOCUMENT RELATES TO:<br><br>*Epic Games, Inc. v. Google LLC et al.,*<br>Case No. 3:20-cv-05671-JD<br><br>*In re Google Play Consumer Antitrust Litig.,*<br>Case No. 3:20-cv-05761-JD<br><br>*State of Utah et al. v. Google LLC et al.,*<br>Case No. 3:21-cv-05227-JD<br><br>*Match Group, LLC et al. v. Google LLC et al.,*<br>Case No. 3:22-cv-02746-JD | Case No. 3:21-md-02981-JD<br><br>**NON-PARTY ACTIVISION BLIZZARD, INC.'S OPPOSITION TO PORTIONS OF PARTIES' OMNIBUS MOTION TO SEAL MATERIALS SUBMITTED IN CONNECTION WITH THE SUMMARY JUDGMENT AND *DAUBERT* BRIEFING**<br><br>The Honorable James Donato |

## INTRODUCTION

Pursuant to Northern District of California Civil Local Rule 7-11(b), non-party Activision Blizzard, Inc. ("Activision Blizzard" or the "Company") submits this Opposition to Portions of the Omnibus Motion to Seal Materials Submitted in Connection with the Summary Judgment and *Daubert* Briefing ("Opposition") that was filed by Consumer Plaintiffs, State Plaintiffs, Plaintiff Epic Games, Inc., Match Plaintiffs (collectively, "Plaintiffs"), and Google Defendants ("Google," and together with Plaintiffs, the "Parties"). *See* Omnibus Motion to Seal Materials Submitted in Connection with the Summary Judgment and *Daubert* Briefing, MDL ECF Nos. 535–36 ("Sealing Motion").[1]

At the request of counsel for Plaintiff Epic Games, Inc. ("Epic"), on June 8, 2023, Activision Blizzard notified the Parties of the materials in Plaintiffs' Opposition to Google's Motion for Summary Judgment ("Plaintiffs' Summary Judgment Opposition," MDL ECF No. 509) that it preliminarily intended to seek to seal. Subsequently—and at the request of all Parties—on July 6, 2023, Activision Blizzard sent to the Parties a declaration in support of the Parties' not-yet filed Sealing Motion, which encompassed Activision Blizzard's sealing requests tethered to Plaintiffs' Summary Judgment Opposition, as well as the other filings that are the subject of the Sealing Motion. Epic counsel did not notify Activision Blizzard until the afternoon of July 13, 2023—the *day the Sealing Motion was due*—that it intended to oppose nearly all of Activision Blizzard's sealing requests.

Epic's attempt to have the final word on Activision Blizzard's sealing requests is highly prejudicial. As explained in greater detail herein—and contrary to Epic's representations in the Sealing Motion—many of Activision Blizzard's requests contested by Epic *clearly* pertain to matters other than purportedly public representations involving the Activision Blizzard-Google deal. Activision Blizzard's requests seek to protect confidential financial information, as well as *details*

---

[1] Pursuant to Northern District of California Civil Local Rule 6-2, Activision Blizzard and the Parties stipulated to a deadline of July 25, 2023 for this Opposition. *See* MDL ECF No. 538.

1

NON-PARTY ACTIVISION BLIZZARD, INC.'S OPPOSITION TO PORTIONS OF PARTIES' OMNIBUS SEALING MOTION
CASE NOS. 3:21-md-02981-JD, 3:20-cv-05671-JD; 3:20-cv-05761-JD, 3:21-cv-05227-JD, 3:22-cv-02746-JD

about Activision Blizzard's pursuit of an alternative app store and *specifics* about the confidential terms and negotiations of the Activision Blizzard-Google deal. This information—the disclosure of which threatens to undermine Activision Blizzard's competitive standing—is sealable under the governing "compelling reasons" standard. This is particularly true where, as here, these details, as opposed to general statements that are already part of the public record, are "not dispositive in any sense to the litigation, and [] third part[y] [Activision Blizzard] did not voluntarily put it at issue in this litigation." *See United States v. Bazaarvoice, Inc.*, No. 13-cv-00133-WHO, 2014 WL 11297188, at *1 (N.D. Cal. Jan. 21, 2014).

Epic's effort to paint Activision Blizzard's sealing requests in broad strokes is thus nothing more than a distortion of the record that threatens to reveal highly confidential and competitively sensitive information of a non-party. In ruling on the Sealing Motion, Activision Blizzard respectfully requests that the Court consider the points raised herein to ultimately keep the Company's confidential information under seal.

## ARGUMENT

I.  **Activision Blizzard's Requests to Seal Confidential Financial Information Are Sealable**

Epic opposes, with *no justification*, Activision Blizzard's requests to seal the Company's confidential financial and pricing information. This is not surprising, as there is no legitimate justification for Epic's position. The document at issue contains granular information about Activision Blizzard's recent per-game pricing and monthly consumer spend. *See* Decl. of P. Robinson at 5 (requests pertaining to Ex. 2 to Defendants' Notice of Motion and Motion to Exclude Merits Opinions of Dr. Hal J. Singer; Memorandum and Points of Authorities in Support Thereof (MDL ECF No. 487), Ex. 3c, rows 11, 24, and 30 of the table). It is well-established that disclosure of this type of information could result in serious competitive harm, and therefore there are "compelling reasons" for sealing it. *See, e.g.*, *Open Text S.A. v. Box, Inc.*, No. 13-cv-04910-JD, 2014 WL 7368594, at *3 (N.D.

2

Non-Party Activision Blizzard, Inc.'s Opposition to Portions of Parties' Omnibus Sealing Motion
Case Nos. 3:21-md-02981-JD, 3:20-cv-05671-JD; 3:20-cv-05761-JD, 3:21-cv-05227-JD, 3:22-cv-02746-JD

Cal. Dec. 26, 2014) (sealing information "refer[ring] to [] confidential financial and revenue information, disclosure of which is likely to cause harm to [business] if known by competitors" under "compelling reasons" standard); *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569–70 (9th Cir. 2008) (directing district court to grant sealing of, in part, "pricing terms" under "compelling reasons" standard). Epic's conclusory sealing objection is therefore untenable and without merit.

**II.   Details Regarding Activision's Consideration of an Alternative App Store and the Specific Terms and Negotiated Points of the Activision Blizzard-Google Deal Are Sealable**

Epic insists that "many of Activision [Blizzard's] sealing requests should be rejected" "precisely" because "Activision concedes that 'the existence of [its] underlying partnership with Google already has been made public during the course of this litigation.'" Sealing Mot. at 14 (quoting P. Robinson Decl.). This simply is not true. Activision Blizzard acknowledges that the *underlying partnership* has been made public. But details about (i) its consideration of a possible alternative app store (the abandonment of which Epic and Match Plaintiffs erroneously allege was consideration for the Activision Blizzard-Google deal); (ii) the specific terms of the Activision Blizzard-Google partnership; and (iii) the negotiations leading up to that partnership have *not* been made public, nor should they.

Where information could be used to a company's competitive disadvantage, such information is sealable under the "compelling reasons" standard. *See Adobe Sys. v. Coffee Cup Partners Inc.*, No. No. 11-cv-02243-JST, 2014 U.S. Dist. LEXIS 161008, at *7 (N.D. Cal. Nov. 16, 2014) (citing *Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1226, 1228 (Fed. Cir. 2013)). This rule has been applied to seal "information regarding [companies'] confidential, proprietary processes and internal business strategies" (*In re ConAgra Foods, Inc.*, No. 11-cv-05379-MMM, 2014 WL 12577133, at * 9 (C.D. Cal. Dec. 29, 2014)); "highly sensitive non-public information concerning business transactions" (*Droplets, Inc. v. Yahoo! Inc.*, No. 12-cv-03733-JST, 2019 WL 9443777, at *2–3 (N.D. Cal. June 18,

3

NON-PARTY ACTIVISION BLIZZARD, INC.'S OPPOSITION TO PORTIONS OF PARTIES' OMNIBUS SEALING MOTION
CASE NOS. 3:21-md-02981-JD, 3:20-cv-05671-JD; 3:20-cv-05761-JD, 3:21-cv-05227-JD, 3:22-cv-02746-JD

2019)); and "details of confidential [business] negotiations" (*DeMartini v. Microsoft Corp.*, No. 22-cv-08991-JSC, 2023 WL 4205770, at *2 (N.D. Cal. June 26, 2023)).

This type of information is squarely at issue here. Activision Blizzard seeks to seal information relating to its confidential business strategy associated with whether to pursue the development of an alternative app store and the timing of any such development; not solely, as Epic implies, the mere fact that it explored creating an alternative app store. *See* Decl. of P. Robinson at 7–8 (requests pertaining to Ex. 12 to the Zaken Declaration (MDL ECF No. 509-13), at 103:7–25, 199:2–25; Ex. 13 to the Zaken Declaration (MDL ECF No. 509-14).[2] Activision Blizzard also seeks to seal information relating to confidential *details* of the negotiations with Google that go far beyond the mere fact that such negotiations resulted in a deal. *See* Decl. of P. Robinson at 7–8 (requests pertaining to Ex. 5 to the Zaken Declaration (MDL ECF No. 509-6) at 271:14–272:9, 272:21–273:25, 283:2–284:9); Ex. 12 to the Zaken Declaration (MDL ECF No. 509-13), at 188:4–190:10; Ex. 15 to the Zaken Declaration (MDL ECF No. 509-16)). And Activision Blizzard's requests seek to preserve the confidentiality of the *specific* terms of the Activision Blizzard-Google deal. *See* Decl. of P. Robinson at 6–8 (requests pertaining to Ex. 1 to Defendants' Notice of Motion and Motion to Exclude Merits Opinions of Dr. Hal J. Singer; Memorandum and Points of Authorities in Support Thereof (MDL ECF No. 487), p. 82, ¶ 167; Ex. 6 to the Zaken Declaration (MDL ECF No. 509-7); Ex. 12 to the Zaken Declaration (MDL ECF No. 509-13), at 191:6–192:25; Ex. 48 to the Zaken Declaration (MDL ECF No. 509-49)).[3]

None of this information is public. Rather, it is highly confidential and all of it "could unfairly enable [Activision Blizzard's] competitors to gain insight into [Activision Blizzard]'s strategic

---

[2] In this Opposition, Activision Blizzard describes with more particularity some of the sealing requests incorporated in its sealing declaration to identify, and call the Court's attention to, the most sensitive information at issue.

[3] It is worth underscoring that Epic does not oppose Activision Blizzard's request regarding MDL ECF No. 509-49, which indisputably merits sealing. *See* Sealing Mot. at 14 n.15.

4

NON-PARTY ACTIVISION BLIZZARD, INC.'S OPPOSITION TO PORTIONS OF PARTIES' OMNIBUS SEALING MOTION
CASE NOS. 3:21-md-02981-JD, 3:20-cv-05671-JD; 3:20-cv-05761-JD, 3:21-cv-05227-JD, 3:22-cv-02746-JD

thinking and business strategy"; it "would be immensely valuable to competitors in developing their own strategy against [Activision Blizzard], and to prospective and current business partners in negotiating with [Activision Blizzard]." *See DeMartini*, 2023 WL 4205770, at *4 (internal quotation marks omitted) (finding "compelling reasons" to seal non-party Sony's materials). Indeed, Activision Blizzard is a global developer and publisher that develops, publishes, and distributes high-quality interactive entertainment content and services and delivers engaging entertainment experiences to users worldwide. In doing so, the Company competes against, and sits across the table from, myriad businesses in the entertainment industry, including Epic itself. The *details* that Epic seeks to disclose would be of enormous value to Epic and other Activision Blizzard competitors and counterparties, giving them unwarranted access to information that they can use to inform their own benchmarking processes and business strategies. On the other hand, sealing this information will properly protect *non-party* Activision Blizzard's confidential and competitively sensitive information. *See Bazaarvoice, Inc.*, 2014 WL 11297188, at *1.

## CONCLUSION

In assessing the Sealing Motion, Activision Blizzard respectfully asks that the Court consider the points raised herein and grant the Company's sealing requests.

Dated: July 25, 2023

Respectfully submitted,

WINSTON & STRAWN LLP

By: */s/ Jeanifer E. Parsigian*
Jeanifer E. Parsigian (SBN: 289001)
JParsigian@winston.com
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA 94111
Telephone: (415) 591-1000
Facsimile: (415) 591-1400

Jeffrey L. Kessler (*pro hac vice*)
Sofia Arguello (*pro hac vice*)
200 Park Avenue
New York, NY 10166-4193

5

NON-PARTY ACTIVISION BLIZZARD, INC.'S OPPOSITION TO PORTIONS OF PARTIES' OMNIBUS SEALING MOTION
CASE NOS. 3:21-md-02981-JD, 3:20-cv-05671-JD; 3:20-cv-05761-JD, 3:21-cv-05227-JD, 3:22-cv-02746-JD

Telephone: (212) 294-6700
Facsimile: (212) 294-4700
JKessler@winston.com
SArguello@winston.com