| | |
|---|---|
| Brian C. Rocca, Bar No. 221576<br>brian.rocca@morganlewis.com<br>Sujal J. Shah, Bar No. 215230<br>sujal.shah@morganlewis.com<br>Michelle Park Chiu, Bar No. 248421<br>michelle.chiu@morganlewis.com<br>Minna Lo Naranjo, Bar No. 259005<br>minna.naranjo@morganlewis.com<br>Rishi P. Satia, Bar No. 301958<br>rishi.satia@morganlewis.com<br>**MORGAN, LEWIS & BOCKIUS LLP**<br>One Market, Spear Street Tower<br>San Francisco, CA 94105-1596<br>Telephone: (415) 442-1000<br>Facsimile:  (415) 442-1001<br><br>Richard S. Taffet, *pro hac vice*<br>richard.taffet@morganlewis.com<br>**MORGAN, LEWIS & BOCKIUS LLP**<br>101 Park Avenue<br>New York, NY  10178-0060<br>Telephone: (212) 309-6000<br>Facsimile: (212) 309-6001<br><br>*Counsel for Defendants* | Glenn D. Pomerantz, Bar No. 112503<br>glenn.pomerantz@mto.com<br>Kuruvilla Olasa, Bar No. 281509<br>kuruvilla.olasa@mto.com<br>**MUNGER, TOLLES & OLSON LLP**<br>350 South Grand Avenue, Fiftieth Floor<br>Los Angeles, California 90071<br>Telephone: (213) 683-9100<br><br>Kyle W. Mach, Bar No. 282090<br>kyle.mach@mto.com<br>Justin P. Raphael, Bar No. 292380<br>justin.raphael@mto.com<br>Emily C. Curran-Huberty, Bar No. 293065<br>emily.curran-huberty@mto.com<br>**MUNGER, TOLLES & OLSON LLP**<br>560 Mission Street, Twenty Seventh Fl.<br>San Francisco, California 94105<br>Telephone: (415) 512-4000<br><br>Jonathan I. Kravis, pro hac vice<br>jonathan.kravis@mto.com<br>**MUNGER, TOLLES & OLSON LLP**<br>601 Massachusetts Ave. NW, Ste 500E<br>Washington, D.C. 20001<br>Telephone: (202) 220-1100 |

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*In re Google Play Consumer Antitrust Litigation*, Case No. 3:20-cv-05761-JD<br><br>*State of Utah et al. v. Google LLC et al.*, Case No. 3:21-cv-05227-JD | Case No. 3:21-md-02981-JD<br><br>**DEFENDANTS' MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO EXCLUDE MERITS OPINIONS OF DR. HAL J. SINGER**<br><br>Judge: Hon. James Donato |

## I. INTRODUCTION

Google requests permission under Civil Local Rule 7-11 to file a short supplemental brief in support of its *Daubert* motion to exclude Dr. Singer's opinions to respond to opinions contained in supplemental expert reports Plaintiffs served after Google filed its *Daubert* motion and without leave of this Court. In those reports, Dr. Singer, for the first time, calculated overcharge damages allegedly suffered by individual consumer plaintiffs. Dr. Singer's calculations include absurd results and predictions that by his own admission contradict economic principles underlying his logit model, which confirms that his pass-through injury and damages model is unreliable and inadmissible.

*First*, Dr. Singer's model predicted overcharges to consumers on numerous transactions that were higher than the service fees actually paid by developers in the real world. *Second*, when Dr. Singer revised his model to try to address that issue, he predicted that developers' prices would be higher when their service fees were lower, which Dr. Singer admitted "would not be consistent with the Logit model" or "the teachings of economics." And Dr. Singer himself showed that the only way to correct this problem is to change the real-world data, confirming that Dr. Singer's failure to account for that data leads to economically unreliable results.

Google should be provided an opportunity to address these calculations disclosed after Google filed its motion. Google's proposed supplemental brief is attached hereto as **Exhibit 1**, in support of Defendants' Motion to Exclude the Merits Opinions of Dr. Hal Singer (MDL Dkt. No. 487).

## II. BACKGROUND

In his opening merits report, served on October 3, 2022, Dr. Singer calculated the damages allegedly suffered by consumers in the aggregate. He did not at that time calculate the damages suffered by any individual consumer. On April 20, 2023, Google moved to exclude Dr. Singer's opinions on injury and damages as unreliable. *See* MDL Dkt. No. 487.

On April 27, 2023, after Google filed its motion to exclude Dr. Singer's opinions, lead trial counsel for all member cases held an in-person trial "summit" to discuss a plan and

sequencing of the cases in this MDL for trial. At that trial summit, Google asked counsel for Consumer Plaintiffs how Plaintiffs intended to prove damages for any individual plaintiffs at trial. Google reiterated that inquiry by email on May 5, 2023, asking "how Plaintiffs intended to prove damages for individual plaintiffs if they are going to be part of the trial." *See* Ex. B to Declaration of Justin P. Raphael in Support of Motion for Leave ("Raphael Declaration"). Consumer Plaintiffs' counsel responded on May 6, 2023, informing Google's counsel that Plaintiffs "will be supplementing the reports to provide the calculation of damages for the individual plaintiffs under all of the models previously disclosed by Dr. Singer." *Id.*

On May 12, 2023, Consumer Plaintiffs served on Google a Supplemental Expert Report of Dr. Hal Singer. Ex. C to Raphael Declaration. Plaintiffs did not seek leave of Court before serving the Supplemental Report. The Supplemental Report included calculations of alleged damages for all individually named Plaintiffs, including both class representatives and non-class representatives, which purportedly used the methods Dr. Singer had used to calculate aggregate damages in his prior reports. Specifically, Dr. Singer calculated damages for each individual plaintiff using average overcharge percentages for each app category that he calculated based on all transactions within that category. *Id.* ¶ 4. Those calculations predicted that developers would have reduced prices in the but-for world by more than the total amount of service fees they paid to Google in the actual world. On May 18, 2023, Plaintiffs filed their opposition to Google's Motion to Exclude with no mention of the Supplemental Report. MDL Dkt. No. 508. On June 8, 2023, Google filed its reply brief in support of its Motion to Exclude. MDL Dkt. No. 524.

On June 16, 2023, Dr. Leonard submitted a Supplemental Expert Rebuttal Report responding to Dr. Singer's Supplemental Expert Report. Ex. D to Raphael Declaration. In his report, Dr. Leonard described the anomalous results generated by Dr. Singer's category average methodology for individual plaintiff damages, including that Dr. Singer's calculations using his "pass-through" logit model predicted that developers would have reduced prices in the but-for world by more than the total amount of service fees they paid to Google in the actual world.

More than three weeks after the close of briefing on Google's Motion to Exclude, on June

30, 2023, Dr. Singer submitted a Supplemental Expert Reply Report along with certain backup work papers. Exs. E and F to Raphael Declaration. Dr. Singer's Supplemental Reply calculated individual plaintiffs' alleged damages under his "pass-through" theory using a different methodology, which resulted in different damages estimates. *Id*. Specifically, whereas Dr. Singer's first Supplemental Report used an average "overcharge rate" for each transaction in a particular app category, his Supplemental Reply calculated the alleged overcharge for each individual transaction. None of Dr. Singer's prior reports had disclosed this methodology. Dr. Singer's Supplemental Reply predicted that a developer would have charged a higher price when it would have been subject to a lower service fee for the same transaction.

Google deposed Dr. Singer regarding his supplemental reports on July 18, 2023. At that deposition, Dr. Singer admitted that a developer charging a higher price at a lower service fee "would not be consistent" with "the Logit model of demand" that he has used to calculate overcharge damages in this case. Ex. G to Raphael Declaration, ¶ 16:23-17:3.

### III. ARGUMENT

Dr. Singer's supplemental reports contain calculations that confirm that his pass-through methodology is not reliable. Google respectfully requests permission to file a supplemental brief to explain how Dr. Singer's supplemental reports support Google's *Daubert* motion. There is good cause for that request. Dr. Singer's supplemental reports were served after Google filed its motion. Prior to those reports, Dr. Singer had never calculated alleged damages suffered by individual plaintiffs. And Dr. Singer's Supplemental Reply uses a methodology that had never been disclosed in any of his reports served before Google filed its motion. In short, Consumer Plaintiffs have introduced new evidence relating to Dr. Singer's opinions regarding injury and damages that was not available to Google when it moved to exclude those opinions of Dr. Singer.

Google respectfully requests the Court's permission to file a brief addressing that new evidence. Granting Google leave to do so would obviate the need for a possible second round of motions to exclude.

3
DEFENDANTS' MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF
IN SUPPORT OF MOTION TO EXCLUDE MERITS OPINIONS OF DR. HAL J. SINGER
Case Nos. 3:21-md-02981-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD

## IV. CONCLUSION

Google respectfully requests and moves for permission to file the proposed supplemental brief in support of Google's Motion to Exclude the Merits Opinions of Dr. Singer to address new opinions disclosed after Google filed that Motion and new evidence which confirms that the Motion should be granted.

Respectfully submitted,

Dated: July 26, 2023

By: /s/ *Sujal J. Shah*
Sujal J. Shah

Brian C. Rocca, Bar No. 221576
brian.rocca@morganlewis.com
Sujal J. Shah, Bar No. 215230
sujal.shah@morganlewis.com
Michelle Park Chiu, Bar No. 248421
michelle.chiu@morganlewis.com
Minna Lo Naranjo, Bar No. 259005
minna.naranjo@morganlewis.com
Rishi P. Satia, Bar No. 301958
rishi.satia@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
One Market, Spear Street Tower
San Francisco, CA 94105
Telephone: (415) 442-1000

Richard S. Taffet, *pro hac vice*
richard.taffet@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
101 Park Avenue
New York, NY 10178
Telephone: (212) 309-6000

Glenn D. Pomerantz, Bar No. 112503
glenn.pomerantz@mto.com
Kuruvilla Olasa, Bar No. 281509
kuruvilla.olasa@mto.com
**MUNGER, TOLLES & OLSON LLP**
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071
Telephone: (213) 683-9100

Kyle W. Mach, Bar No. 282090
kyle.mach@mto.com
Justin P. Raphael, Bar No. 292380
justin.raphael@mto.com

| | |
|---|---|
| 1 | Emily C. Curran-Huberty, Bar No. 293065 |
| 2 | emily.curran-huberty@mto.com<br>**MUNGER, TOLLES & OLSON LLP** |
| 3 | 560 Mission Street, Twenty Seventh Floor<br>San Francisco, California 94105 |
| 4 | Telephone: (415) 512-4000 |
| 5 | Jonathan I. Kravis, *pro hac vice*<br>jonathan.kravis@mto.com |
| 6 | **MUNGER, TOLLES & OLSON LLP**<br>601 Massachusetts Avenue NW, Suite 500E |
| 7 | Washington, D.C. 20001<br>Telephone: (202) 220-1100 |
| 8 | *Counsel for Defendants* |