1

2

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

3

4

**SAN FRANCISCO DIVISION**

5

6

7

8

9

| | |
|---|---|
| IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION | **Case No. 3:21-cv-05227-JD** |
| THIS DOCUMENT RELATES TO: | **DECLARATION OF JESSICA V. SUTTON IN SUPPORT OF STATES' NOTICE OF MOTION AND MOTION FOR APPROVAL OF NOTICE FOR *PARENS PATRIAE* CLAIMS** |
| *State of Utah et al. v. Google LLC et al.*, Case No. 3:21-cv-05227-JD | |

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF JESSICA V. SUTTON IN SUPPORT OF STATES' NOTICE OF MOTION AND
MOTION FOR APPROVAL OF NOTICE FOR *PARENS PATRIAE* CLAIMS

Case No. 3:21-cv-05227-JD

I, Jessica V. Sutton, declare as follows:

1.      I am an attorney duly admitted to practice in the State of North Carolina and before this Court *pro hac vice*. I am a Special Deputy Attorney General in the Technology, Healthcare, and Antitrust Section of the Consumer Protection Division of the North Carolina Department of Justice. I submit this declaration in support of the States' Notice of Motion and Motion for Approval of Notice for *Parens Patriae* Claims. The contents of this declaration are based on my personal knowledge, including my personal knowledge of the documents cited herein. The facts set forth herein are within my personal knowledge and if called as a witness, I could and would competently testify to them.

2.      Attached hereto as **Exhibit A** is a true and correct copy of the long-form notice for the States' *parens* claims.

3.      Attached hereto as **Exhibit B** is a true and correct copy of the summary notice for the States' *parens* claims.


I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 27th day of July 2023 in Holly Springs, North Carolina.


                                                                    */s/      Jessica V. Sutton*
                                                                           Jessica V. Sutton

DECLARATION OF JESSICA V. SUTTON IN SUPPORT OF STATES' NOTICE OF MOTION AND
MOTION FOR APPROVAL OF NOTICE FOR *PARENS PATRIAE* CLAIMS Case No. 3:21-cv-05227-JD

1

# Exhibit A

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA
*State of Utah et al. v Google LLC et al.,* Case Nos. 3:21-md-02981-JD and 3:21-cv-05227-JD

## NOTICE OF STATE ATTORNEY GENERAL LAWSUIT

# If you made payments through the Google Play Store on or after August 16, 2016, a State Attorney General Lawsuit may affect your legal rights.

*A federal court directed this Notice.*
*This is not a solicitation from a lawyer. You are not being sued.*

- Attorneys General of 38 States and the District of Columbia (the "State Attorneys General") have brought a consumer protection and antitrust lawsuit against Google (the "Action"). The State Attorneys General allege that consumers paid too much to Google for apps and for purchases made in apps downloaded from the Google Play Store because Google monopolized app distribution on certain Android devices and in-app billing services using the Google Play Store. The State Attorneys General also claim that by monopolizing app distribution, Google reduced consumers' choices in apps. The State Attorneys General also allege that Google made misrepresentations to the public concerning the risks of getting apps from sources other than the Google Play Store and Google's billing policies for apps.

- Google denies any wrongdoing.

- This is a "*parens patriae*" action. That is a legal term for a case where state attorneys general bring claims on behalf of people living in their states at the time they were impacted by the allegedly unlawful conduct. This includes you, **if** you paid for an app through the Google Play Store or paid for in-app content through Google Play Billing on or after August 16, 2016 **and** when you made the purchase you had a Google payments profile address in any of the jurisdictions listed below:

    Alaska, Arizona, Arkansas, California, Colorado, Connecticut, Delaware, Florida, Idaho, Indiana, Iowa, Kentucky, Maine, Maryland, Massachusetts, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Jersey, New Mexico, New York, North Carolina, North Dakota, Oklahoma, Oregon, Rhode Island, South Dakota, Tennessee, Texas, Virginia, Vermont, Utah, Washington, West Virginia, and the District of Columbia.

- The Court has not decided whether Google did anything wrong. There are no benefits or money available now, and no guarantee that there will ever be. However, your legal rights are affected if you are a member of the Action, and you have a choice to make now.

- The State Attorneys General must prove the claims against Google at trial.

- If money or benefits are obtained by the State Attorneys General, either through a settlement or after a trial, you will be notified about how to request a share.

    Your options—and the deadlines to exercise them—are explained in this Notice.

| LEGAL RIGHTS AND OPTIONS | |
|---|---|
| **Do Nothing** | **Stay in the Action. Await the outcome. Give up certain rights.**<br><br>By doing nothing, you keep the possibility of getting money or benefits that may come from a trial or a settlement. But you will give up any rights to sue, or continue to sue, Google separately over the claims at issue in these actions. |
| **Exclude Yourself** | **Get out of the Action. Get no benefits from the Action. Keep your right to sue Google. If you believe that you are a member of the Action and wish to be excluded, you must act before _____, 2023.**<br><br>If you ask to be excluded, any money or benefits are later awarded to consumers in the states represented by the State Attorneys General, you will not share in those. But you keep any rights to sue Google separately over the claims at issue in this lawsuit. |

**Your rights and options are explained in more detail in this Notice.**
**Please read this Notice carefully and completely.**

## BASIC INFORMATION

| 1. | Why did I get this Notice? |
|---|---|

You received this Notice because Google's records show you may have paid for an app through the Google Play Store or paid for in-app content (including purchases in gaming apps, subscriptions, and ad-free versions of apps) through Google Play Billing since August 16, 2016 (a "Qualifying Purchase") when, at the time of purchase, your Google payments profile address was located in one of the jurisdictions described below:

> Alaska, Arizona, Arkansas, California, Colorado, Connecticut, Delaware, Florida, Idaho, Indiana, Iowa, Kentucky, Maine, Maryland, Massachusetts, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Jersey, New Mexico, New York, North Carolina, North Dakota, Oklahoma, Oregon, Rhode Island, South Dakota, Tennessee, Texas, Virginia, Vermont, Utah, Washington, West Virginia, and the District of Columbia.

A Qualifying Purchase includes, for example, paying to download a game or making a purchase in an app downloaded from the Google Play Store.

If the "legal address" listed in your Google payments profile at the time you made a Qualifying Purchase is in one of the states listed above, you are a member of this Action. This Notice explains that you have legal rights and options that you may exercise before the Court holds a trial. The trial is to decide whether the State Attorneys General have proven their claims against Google.

United States District Court Judge James Donato of the United States District Court for the Northern District of California is overseeing the Action. The Action is titled *State of Utah et al. v Google LLC et al.*, Case Nos. 3:21-md-02981-JD and 3:21-cv-05227-JD.

| 2. | What is this Action about? |
|---|---|

This Action was brought by State Attorneys General as "*parens patriae*"* for consumers in 39 states and districts against Google.

The State Attorneys General allege that consumers paid too much to Google for apps and for purchases made in apps downloaded from the Google Play Store because Google monopolized app distribution on certain Android devices and in-app billing services using the Google Play Store. The State Attorneys General also claim that by monopolizing app distribution, Google reduced consumers' choices in apps. The State Attorneys General allege that this conduct violated federal and state antitrust and consumer protection laws.

* "*Parens patriae*" is a legal term for a case where State Attorneys General bring claims on behalf of people living in their states at the time they were impacted by the allegedly unlawful conduct.

This is not a class action. However, the law permitting "*parens patriae*" actions authorizes the Court to give notice to the people on whose behalf this action is being brought, and to allow any persons to exclude themselves from the action who wish to do so.

Google denies any wrongdoing and denies the allegations in the Complaint.

A copy of the Complaint and Google's answer to the Complaint is also available for review at www.XXXXXXXX.com.

The Court has not decided who is right or whether Google did anything wrong.

By issuing this Notice, the Court is not suggesting that the State Attorneys General will win or lose their case.  The State Attorneys General must prove their claims in this litigation, including at trial.

## 3.   What relief is the Action asking for?

The State Attorneys General ask the Court to award money damages equal to the amounts consumers in their jurisdictions at the time the Qualifying Purchase was made overpaid to Google for apps and in-app digital content, and also representing the loss in app variety, as a result of Google's monopolization of Android app distribution and in-app billing services. The State Attorneys General also seek other relief those consumers may be entitled to, including attorneys' fees, reimbursement of litigation expenses, and other remedies.

The State Attorneys General also seek civil penalties and injunctive relief. These claims are separate from the money damages claims on behalf of consumers.

## 4.   Your Counsel

The Attorney General's Office of each jurisdiction is acting as counsel for its own constituents. That means if you gave Google a legal address in one of the states listed under Question 1, and made a Qualifying Purchase, the Attorney General for that state is prosecuting your claims for purchases you made while that was the address listed in your Google payments profile.

## YOUR RIGHTS AND OPTIONS

**If you believe that you are a part of the Action, you have to decide now whether to remain a member or ask to be excluded.**

## 5.   What happens if I do nothing at all?

If you want to continue to be represented by the State Attorneys General **you do not have to do anything.** If you do nothing, and are part of the Action, you will remain a part of that Action. You will not be able to sue, or continue to sue, Google separately—as part of any other lawsuit—over the claims at issue in this Action. You will also be legally bound by all of the orders and judgments that the Court issues in this Action.

If you remain in the Action, and there is an award of money or benefits resolving your claims, either as a result of a trial or settlement, you will be notified about how to apply for a share of the benefits.

## 6.   Why would I ask to be excluded?

If you want to hire a lawyer and bring your own case against Google, then you should exclude yourself from the Action—which is sometimes called "opting-out".  You will not get any money or benefits obtained for consumers as a result of a trial or settlement in this case. You also will not

be legally bound by the Court's judgments and orders in this Action.  You therefore may be able to sue or continue to sue Google on your own for the claims that are the subject of this lawsuit.

If you bring your own lawsuit against Google after you exclude yourself, you will have to hire and pay your own lawyer for that lawsuit, and you will have to prove your claims. If you do exclude yourself so you can start or continue your own lawsuit against Google, you should talk to your own lawyer soon.

## 7.  How do I exclude myself from the Action?

To exclude yourself from the Action, you must complete an opt-out form online or send a letter saying that you want to be excluded. You may only exclude yourself: you cannot submit an exclusion request for or on behalf of any other person or group of persons.

You may obtain and submit an exclusion request form at www.XXXXXXX.com. If you want to exclude yourself through the website you **must** do so **by _____, 2023**.

If you want to exclude yourself by sending a letter, the letter **must** include the following information: (1) the name of the lawsuit (*State of Utah et al. v Google LLC et al.*, Case Nos. 3:21-md-02981-JD  and 21-cv-05227-JD); (2) your full name, email address, and mailing address; (3) a clear statement of your intention to exclude yourself (such as "I wish to be excluded from the Action"); and (4) your signature. Your letter **must be postmarked by _____, 2023,** and sent to:

[Notice Administrator]
ATTN: *State of Utah et al. v Google LLC et al.*
[Notice Administrator Address]
[Notice Administrator Address]

You cannot exclude yourself by telephone or by email.

## 8.  How and when will the Court decide who is right?

The trial has been set for November 6, 2023 at 9:00 a.m. in federal court in San Francisco, California.

## 9.  Do I have to come to trial?

You do not need to attend the trial. The State Attorneys General will present the case, and Google will present its defenses. You are welcome to come to the trial at your own expense, if you wish.

## 10.  Will I get money?

No money or benefits are available now because neither a Court nor a jury has decided whether Google did anything wrong, and the two sides have not settled the case. There is no guarantee that money or benefits will ever be obtained. If money or benefits are obtained by the State Attorneys General as a result of the *parens patriae* damages claims, either through a settlement

or after a trial, you will be notified about how to request a share if you are a member of the Action. You will not be entitled to a share of any civil fines or penalties recovered for the States.

## ADDITIONAL INFORMATION

THIS NOTICE IS ONLY A SUMMARY. The Complaint and certain other pleadings and relevant documents are available on the website, at www.XXXXXXX.com.

If you have questions or want more information, you may call (___) _____, or you may contact the Administrator by email at XXXX@XXXXXXXX.com, or by writing to:

*State of Utah et al. v Google LLC et al.*
[Notice Administrator]
[Notice Administrator Address]
[Notice Administrator Address]

**PLEASE DO NOT CALL OR WRITE TO THE COURT OR THE CLERK'S OFFICE FOR INFORMATION.  THE COURT CANNOT ANSWER ANY QUESTIONS.**

DATED: MONTH, XX, 2023

**BY ORDER OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA**

# Exhibit B

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

*State of Utah et al. v Google LLC et al.,* Case Nos. 3:21-md-02981-JD and 3:21-cv-05227-JD

## NOTICE OF STATE ATTORNEY GENERAL LAWSUIT

**ATTENTION:**   CONSUMERS WHO MADE PAYMENTS THROUGH THE GOOGLE PLAY STORE

THIS IS A <u>COURT-APPROVED</u> NOTICE AND NOT A SOLICITATION FROM A LAWYER

**Please read this Notice carefully**. You are receiving this Notice because you may have paid for an app through the Google Play Store or paid for in-app digital content (including purchases in gaming apps, subscriptions, and ad-free versions of apps) through Google Play Billing (a "Qualifying Purchase"). For example, if you paid to download a game or make a purchase in an app downloaded from the Google Play Store, you may have **important rights** concerning the State Attorney General lawsuit described below.

Attorneys General of 38 States and the District of Columbia ("State Attorneys General") have brought a consumer protection and antitrust lawsuit against Google (the "Action"). The State Attorneys General allege that consumers paid too much to Google for apps and for purchases made in apps downloaded from the Google Play Store because Google monopolized app distribution on certain Android devoices and in-app billing services using the Google Play Store. The State Attorneys General also claim that by monopolizing app distribution, Google reduced consumers' choices in apps. The State Attorneys General also allege that Google made misrepresentations to the public concerning the risks of getting apps from sources other than the Google Play Store and Google's billing policies for apps.

The State Attorneys General brought this lawsuit in their *parens patriae*[1]* capacity, on behalf of consumers who made Qualifying Purchases through Google Play Billing on or after August 16, 2016 and who, at the time of the purchase, had a Google payments profile address in any of the jurisdictions listed below:

Alaska, Arizona, Arkansas, California, Colorado, Connecticut, Delaware, Florida, Idaho, Indiana, Iowa, Kentucky, Maine, Maryland, Massachusetts, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Jersey, New Mexico, New York, North Carolina, North Dakota, Oklahoma, Oregon, Rhode Island, South Dakota, Tennessee, Texas, Virginia, Vermont, Utah, Washington, West Virginia, and the District of Columbia.

You are receiving this Notice because Google's internal records show that you may have made a Qualifying Purchase using a Google payments profile billing address located in any of the jurisdictions listed above.

If the "legal address" listed in your Google payments profile at the time you made a Qualifying Purchase is in one of the jurisdictions listed above, you are a member of this Action and your interests are represented by the State Attorney General in the above-listed jurisdiction listed in your Google payments profile when you made your Qualifying Purchase(s). You also have the right to hire your own lawyer instead at your expense.

If you are covered by this Action and do nothing, you will remain a member of this Action and will be bound by all orders, judgments, and decisions of the Court. If there is an award of money to consumers, you will be notified about further steps, if any, that may be needed to apply for your part of it.

If you **do not** want to remain covered by the Action or wish to file your own claim against Google, you **must** submit a request to be excluded on or before _____ _____, 2023. To learn more about or to submit a request for exclusion, go to www.XXXXXXXX.com.

---

[1]* "*Parens Patriae*" is a legal term for a case where state attorneys general bring claims on behalf of people living in their states at the time they were impacted by the allegedly unlawful conduct.

An administrator appointed by the Court is sending this Summary Notice. To view the full Notice approved by the Court, and for more information about the Action, including certain important Court filings, go to www.XXXXXXXX.com or contact the administrator at (800) XXX-XXXX or by email to XXXXX@XXXXXXXXX.

BY ORDER OF THE UNITED STATES COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA