Brendan P. Glackin (SBN 199643)
Lauren M. Weinstein (*pro hac vice*)
bglackin@agutah.gov
lweinstein@agutah.gov
**OFFICE OF THE UTAH**
**ATTORNEY GENERAL**
160 E 300 S, 5th Floor,
PO Box 140872
Salt Lake City, UT 84114-0872
Telephone: (801) 366-0620

*Counsel for the Plaintiff States*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION**<br><br>THIS DOCUMENT RELATES TO:<br><br>*State of Utah et al. v. Google LLC et al.*, Case No. 3:21-cv-05227-JD | Case No. 3:21-md-02981-JD<br><br>**STATES' NOTICE OF MOTION AND MOTION FOR APPROVAL OF NOTICE OF PENDENCY AND OPPORTUNITY TO OPT-OUT FOR *PARENS PATRIAE* CLAIMS**<br><br>Judge: Hon. James Donato<br><br>Date:   August 31, 2023<br>Time:  10:00 a.m.<br>Courtroom:  11 |

# NOTICE OF MOTION

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on August 31, 2023 at 10:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 11, 19th Floor, 450 Golden Gate Avenue, San Francisco, California, 94102, before the Honorable James Donato, the State Attorneys General ("States"), will and hereby do move the Court for an order approving the Notice and Opt-Out procedures for the States' *parens patriae* claims brought under, *inter alia*, Section 15c of the Clayton Act, 15 U.S.C. § 15c.

The States' motion is based on this notice of motion and motion, the memorandum of points and authorities that follows, the concurrently filed Declaration of Jessica V. Sutton in Support of States' Notice of Motion and Motion for Approval of Notice for *Parens Patriae* Claims and exhibits thereto, the concurrently filed Declaration of Eric Schachter in Support of States' Notice of Motion and Motion for Approval of Notice for *Parens Patriae* Claims, the pleadings, papers, and other documents on file in this action, and such other evidence and argument presented to the Court at or prior to any hearing in this matter.

The State Attorneys General ("States") request that the Court approve the Notice and Opt-Out Procedures for the States' *parens patriae* claims brought under, *inter alia*, Section 15c of the Clayton Act, 15 U.S.C. § 15c. Draft proposed forms of the Summary Notice and Long-Form Notice for the *parens* claims are attached as **Exhibits A** and **B** hereto. The States have conferred with Google before filing this motion, but no agreement was reached. Google has expressed that it objects to the forms of notice because they do not reference the Joint Prosecution Agreement ("JPA") the States have entered with the Consumer Plaintiffs. This argument is unsupported and unfounded.

The proposed forms of notice will provide notice to consumers in the 39 jurisdictions on whose behalf the States have brought *parens patriae* actions.[1] This notice would inform all affected consumers in the 39 jurisdictions of the pendency of the litigation and provide an opportunity to learn more about the case and, if they wish, opt out. Notice will be provided directly by email, and by publication via digital ads, *PR Newswire Online*, and a dedicated notice website. For direct email notice, AB Data, an experienced representative actions administration firm, will use data provided by Google, which includes names, unique anonymized Google account IDs, the state or district recorded in Google's transactional data at the time of purchase based on the "legal address" in a consumer's Google payment profile, and email addresses. The States also propose to provide notice to affected consumers on their respective State Attorney General websites. The Court should approve the proposed *parens* notice and opt-out procedures as they meet the requirements of due process.

---

[1] The 39 jurisdictions are: Alaska, Arizona, Arkansas, California, Colorado, Connecticut, Delaware, Florida, Idaho, Indiana, Iowa, Kentucky, Maine, Maryland, Massachusetts, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Jersey, New Mexico, New York, North Carolina, North Dakota, Oklahoma, Oregon, Rhode Island, South Dakota, Tennessee, Texas, Virginia, Vermont, Utah, Washington, West Virginia, and the District of Columbia.

### I. Courts have wide-ranging discretion with respect to notice in *parens patriae* actions.

Consumers potentially affected by the States' *parens patriae* case must be given notice of the representative action and their rights, including the right to exclude their claims from the case. *See* 15 U.S.C. § 15c(b)-(c) (Clayton Act); Cal. Bus. & Prof. Code § 16760(b) (Cartwright Act); *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985) ("The [absent] plaintiff must receive notice plus an opportunity to be heard and participate in the litigation, whether in person or through counsel"). However, neither the Clayton Act nor the Cartwright Act specifies how proposed *parens patriae* notices or settlements should be approved; federal courts in this District have adopted the procedures and standards used in class actions under Federal Rule of Civil Procedure 23. *See, e.g., California v. eBay, Inc.*, No. 5:12-cv-05874-EJD, 2015 U.S. Dist. LEXIS 118060, at *5 (N.D. Cal. Sep. 3, 2015) (granting final approval to a *parens patriae* settlement, including approval of forms of notice, using Rule 23 procedures), *In re TFT-LCD (Flat Panel) Antitrust Litig.*, No. M 07-1827-SI, 2013 U.S. Dist. LEXIS 49885, 2013 WL 1365900, at *4 (N.D. Cal. Apr. 3, 2013) (granting final approval to a combined class and *parens patriae* settlement, including approval of forms of notice, using Rule 23 procedures).

Under Rule 23, the details of the notice process fall within the discretion of the Court, and the notice need only alert consumers to the existence of the case and offer them the opportunity to opt-out. *See Churchill Village, LLC v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004) (a class action settlement notice is adequate as long as it "generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard"); *see also In re Cellphone Fee Termination Cases*, 186 Cal. App. 4th 1380, 1390 (Cal. App. 2010) (finding it well-established that "[t]he trial court has virtually complete discretion as to the manner of giving notice to class members").

### II. The proposed *parens* notice and opt-out procedures meet the requirements of due process, and should be approved.

The States propose Summary Notice and Long-Form Notice in the forms attached as **Exhibits A** and **B**. These notices conform to the mandates of Rule 23 and the requirements of due process. Rule 23 requires "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Rule 23 also provides that notice can be made by "United States mail, electronic means, or other appropriate means." Fed. R. Civ. P. 23(c)(2)(B). And the earlier a consumer can receive notice of a lawsuit, the better, because consumers can have more time to meaningfully consider whether to opt-out and proceed independently.

### A. The content of the proposed notice meets due process requirements.

Here, the proposed Summary Notice and Long-Form Notice include all of the information required under Rule 23(c)(2)(B): the nature of the action, the *parens patriae* claim definition, a summary of the pending claims, that a consumer may enter an appearance through an attorney, that the Court will grant timely exclusion requests, the time and manner for requesting exclusion, and the binding effect of a final judgment. *See* **Exhibits A** and **B**. The proposed Summary Notice provides summary information and a hyperlink to a dedicated notice website, which will contain the long-form notice and other case-related information, such as the States' complaint. *See* **Exhibit B**. Both notices also explain to consumers that membership in the *parens patriae* action may be determined by the address identified in the consumer's payment profile on file with Google at the time of purchase. *See* **Exhibits A** and **B**.

The forms of notice thus include all information necessary for consumers to make informed decisions relating to the actions. Google nonetheless argues that the notice must refer to the JPA and, in particular, the language in that agreement providing that Class Counsel may ask the Court to award attorneys' fees from money obtained for consumers represented by the States.

This argument is baseless and meritless. Notice "should describe the action and the plaintiffs' rights in it" so as to "provide minimal procedural due process protections." *Shutts*, 472 U.S. at 812. Notice is inadequate if it does not satisfy the basic requirements of due process. *See In re Macbook Keyboard Litig.*, No. 5:18-cv-02813-EJD, 2022 U.S. Dist. LEXIS 2220247 (N.D. Cal. Dec. 2, 2022). Due process requires that consumers be informed about the "pendency of the action" and given "an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950). Due process does not demand that consumers be advised as to how attorneys' fees may or may not be requested following resolution of the matter that results in the creation of a common fund. Nor does Rule 23 require disclosure regarding the calculation of attorneys' fees in notices of claims. Indeed, there is a host of additional information about the case that can be learned from the docket that might be of interest to the affected consumer; due process and Rule 23 do not require that *all* of it be packed into the notices. Instead, they only require notice of the case and guidance on how to learn more about it. The proposed Summary Notice and Long-Form Notice include all of the information required under Rule 23(c)(2)(B) and are therefore constitutionally sound.

    B. <u>The notice plan meets due process requirements.</u>

  The States propose a notice plan managed by experienced representative actions administration firm AB Data that will include direct notice by email as well as publication notice via digital advertising, *PR Newswire Online,* and a dedicated notice website. Schachter Decl., ¶¶ 6, 8, 13, 15. The States also propose to provide notice to affected consumers on their respective State Attorney General websites.

  For direct email notice, AB Data will use data provided by Google, which includes names, anonymized unique Google account IDs, state or territory information based on their Google Play payment profiles at the time of purchase and email addresses. Schachter Decl., ¶¶ 6-7. This data suggests there are approximately 80 million consumers in the 39 *parens patriae* jurisdictions.

- 5 - Case No. 3:21-md-02981-JD
STATES' NOTICE OF MOTION AND MOTION FOR APPROVAL OF NOTICE OF PENDENCY AND
OPPORTUNITY TO OPT-OUT FOR *PARENS PATRIAE* CLAIMS

Schachter Decl., ¶ 6. While direct notice is not required in all cases, *see Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121, 1129 (9th Cir. 2017), here it is the best notice practicable because the notice provider will have contact information for nearly every consumer and can send direct notice on a nationwide basis electronically and affordably. Electronic notice by email is routinely used in technology, data privacy, and other representative actions to provide notice to affected members and has been held to satisfy due process and Rule 23. *See, e.g.*, *In re Facebook Internet Tracking Litigation*, No. 5:12-md-02314-EJD, Dkt. No. 241 (N.D. Cal. March 31, 2022); *Taylor v. Shutterfly, Inc.*, No. 5:18-cv-00266, 2021 WL 5810294 at *2 (N.D. Cal. Dec. 7, 2021)*; Cottle v. Plaid, Inc.*, No. 20-cv-3056-DMR, 2021 WL 541525 at *5-6 (N.D. Cal. Nov. 19, 2021); *Norcia v. Samsung Telecommunications America LLC*, No. 14-cv-00582-JD, 2021 WL 3053018 at *2 (N.D. Cal. July 20, 2021); *In Re USC Student Health Center Litigation*, No. 2:18-cv-04258-SVW-GJS, Dkt. No. 148 (C.D. Cal. June 12, 2019); *Cohorst v. BRE Properties, Inc.*, No. 3:10-cv-2666-JM-BGS, 2011 WL 7061923 at *2 (S.D. Cal. Nov. 14, 2011).

For publication notice, AB Data will utilize a paid media campaign that includes digital and social media components and a national press release. Schachter Decl., ¶¶ 8, 13. The media campaign will include mobile web ads, mobile in-app ads, banner ads, newsfeed ads, and text ads through venues such as Google Display Networks, YouTube, Facebook, Instagram, and Google AdWords, and target adults who have an Android smartphone located in *parens* states. Schachter Decl., ¶¶ 9-10. All ads will include an embedded link to the dedicated notice website. Schachter Decl., ¶ 11. In addition to the digital media, AB Data will issue a news release regarding the case via PR Newswire's US1 newswire. Schachter Decl., ¶ 13.

Since Google will provide contact information for affected consumers, AB Data estimates that direct notice will reach the vast majority of consumers in the *parens* states, and publication notice, including the media campaign, is supplemental. Schachter Decl., ¶¶ 6, 12.

### III. Conclusion

The Court should approve the proposed Summary Notice and Long-Form Notice for the States' *parens patriae* claims, and direct the States to implement the notice plan as described above.

Dated: July 27, 2023

OFFICE OF THE UTAH ATTORNEY GENERAL
Brendan P. Glackin
Lauren M. Weinstein

Respectfully submitted,

By:    */s/ Brendan P. Glackin*
      Brendan P. Glackin

*Counsel for the Plaintiff States*

### E-FILING ATTESTATION

I, Jessica Sutton, am the ECF User whose ID and password are being used to file this document. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that the signatory identified above has concurred in this filing.

/s/   *Jessica V. Sutton*
Jessica Sutton