JENNIFER KELLY (CSB No. 193416)
jennifer@tyzlaw.com
RYAN TYZ (CSB No. 234895)
ryan@tyzlaw.com
ERIN JONES (CSB No. 252947)
ejones@tyzlaw.com
CIARA MCHALE (CSB No. 293308)
ciara@tyzlaw.com
SEAN APPLE (CSB No. 305692)
sapple@tyzlaw.com
TYZ LAW GROUP PC
4 Embarcadero Center, 14th Floor
San Francisco, CA 94111
Telephone: 415.849.3578

Attorneys for Defendant
Supercell Oy

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION**<br><br>THIS DOCUMENT RELATES TO:<br><br>*In re Google Play Consumer Antitrust Litigation*, Case No. 3:20-cv-05761-JD<br><br>*State of Utah et al. v. Google LLC et al.*, Case No. 3:21-cv-05227-JD | Case No:   3:21-md-02981-JD<br><br>**NON-PARTY SUPERCELL OY'S STATEMENT IN SUPPORT OF ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED (ECF NO. 542)**<br><br>Judge: Hon. James Donato |

Pursuant to Civil Local Rule 79-5(f)(3) and 79-5(c)(1), Non-Party Supercell Oy ("Supercell") files this Statement in Support of Defendants' Administrative Motion to Consider Whether Another Party's Materials Should Be Sealed Relating to Defendants' Motion for Leave, filed in this matter at ECF No. 542. Specifically, Supercell requests that the following materials be sealed: Page 1 (of PDF document), rows 6-8, of Exhibit F to the Declaration of J. Raphael, filed in *In re Google Play Store Antitrust Litigation,* No. 21-md-02981-JD (N.D. Cal) ("MDL") at ECF No. 541, in *In re Google Play Consumer Antitrust Litigation*, No. 3:20-cv-05761-JD (N.D. Cal) at ECF No. 424, and in *State of Utah, et al. v. Google LLC et al.*, No. 3:21-cv-05227-JD (N.D. Cal.) at ECF No. 415.

As set forth below, Supercell seeks to keep this information under seal because: (i) Supercell has legitimate interests in maintaining the confidentiality of its sensitive business information; (ii) revealing this information publicly would provide an advantage to Supercell's competitors and Defendants' competitors adverse to Supercell, or otherwise harm Supercell's business; and (iii) there is no less restrictive alternative sufficient to protect Supercell's legitimate interests than the sealing proposed by Defendants and seconded by Supercell in this statement. *See* Civ. L.R. 79-5(c)(1). As such, there are both good cause and compelling reasons to keep Supercell's information sealed.

Page 1, rows 6-8, of Exhibit F to the Declaration of J. Raphael contains highly confidential/sensitive business information that Supercell keeps confidential in the ordinary course of its business and under contract with Google, including disclose in-app purchase details, including breakdown of purchase prices both pre- and post-tax, business metrics such as its take rates, and other commercial information. *See* August 2, 2023 Declaration of Hannu Partanen ("Partanen Decl.") ¶ 3.

The Federal Rules contemplate sealing information like the above that reflects confidential business development practices and competitively sensitive information, and courts routinely seal such information. *See, e.g.*, Fed. R. Civ. P. 26(c)(1)(G) (a Court may order that "trade secret or other confidential research, development, or commercial information not be revealed"); *Space Data Corp. v. Alphabet Inc.*, No. 16-CV-03260-BLF, 2019 WL 8012582, at *1 (N.D. Cal. July 17, 2019) (sealing information including confidential business development practices, competitively

sensitive information, and sensitive information pertaining to third party partners, whose disclosure could expose the party to competitive harm). Likewise, this Court has previously held in this matter that sealing is appropriate for "specific deal terms that might be used against [an entity] in other negotiations and deals," exactly the type of Supercell information at issue here. *See In re Google Play Store Antitrust Litigation,* Order re Motion to Stay and Renewed Application to Seal, Case No. 3:21-cv-05227-JD, ECF No. 140 (N.D. Cal. Aug. 25, 2021). Sealing is especially warranted here given that the Supercell information described above is being provided to the Court for its consideration in ruling on a non-dispositive motion, rather than a dispositive motion, and as such only "good cause" needs be shown to justify the sealing. *See* ECF No. 542 at 1 (noting that the information is being submitted in a motion for leave to file supplemental briefing on a motion to exclude expert opinions); *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) ("A "good cause" showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions").

       Supercell's request to seal its information is narrowly tailored because it proposes to seal only the information necessary to protect Supercell's legitimate interests, namely rows 6-8 of page 1 of Exhibit F to the Declaration of J. Raphael, other than the row numbers. *See, e.g.,* ECF No. 542 at 13 (noting portions of chart to be sealed), ECF No. 541, Ex. F (redacting this information). Supercell does not seek sealing of any other information. The disclosure of this material is likely to result in competitive or commercial disadvantage to Supercell by giving confidential information about Supercell's in-app purchase details, pricing, and commercial relationships that its competitors and business partners will use to gain a competitive advantage over Supercell. Partanen Decl. ¶ 3. For these reasons, Supercell requests that the Court grant the Proposed Order filed at ECF No. 543, as it pertains to Exhibit F, page 1 (PDF), lines 6-8.

Dated: August 2, 2023                                  Respectfully submitted,

                                                                   */s/ Ciara McHale*
                                                                   Ciara McHale

                                                                   Attorneys for Non-Party
                                                                   Supercell Oy