1  Karma M. Giulianelli (SBN 184175)
   karma.giulianelli@bartlitbeck.com
2  **BARTLIT BECK LLP**
   1801 Wewatta St., Suite 1200
3  Denver, Colorado 80202
   Telephone: (303) 592-3100
4

5  Hae Sung Nam (*pro hac vice*)
   hnam@kaplanfox.com
6  **KAPLAN FOX & KILSHEIMER LLP**
   850 Third Avenue
7  New York, NY 10022
   Telephone: (212) 687-1980
8

9  *Co-Lead Counsel for Consumer Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION | Case No. 3:21-md-02981-JD |
| THIS DOCUMENT RELATES TO: | **CONSUMER PLAINTIFFS' NOTICE OF MOTION AND MOTION TO AUTHORIZE NOTICE OF PENDENCY TO THE CONSUMER PLAINTIFF CLASS** |
| *In re Google Play Consumer Antitrust Litigation*, Case No. 3:20-cv-05761-JD | Judge: Hon. James Donato |
| | Date: September 14, 2023<br>Time: 10:00 a.m.<br>Courtroom: 11 |

# NOTICE OF MOTION

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on September 14, 2023, at 10:00 a.m., or on September 7, 2023 at 10:00 a.m. should the Court grant the concurrently filed Stipulated [Proposed] Order Shortening Time To Be Heard,[1] or as soon thereafter as the matter may be heard, in Courtroom 11, 19th Floor, 450 Golden Gate Avenue, San Francisco, California 94102, before the Honorable James Donato, Consumer Plaintiffs will and hereby do move the Court for an order approving Consumer Plaintiffs' proposal for distribution of notice to the Consumer Class certified in this Court's November 28, 2022 Order granting Consumer Plaintiffs' motion for class certification. ECF No. 383.

Consumer Plaintiffs' motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Karma Giulianelli in support of Consumer Plaintiffs' Motion to Authorize Notice of Pendency to the Consumer Plaintiff Class, the Declaration of Eric Schachter, the Court's files and records in this matter, oral argument of counsel, and such other and further matters as the Court may consider.

---

[1] Consumer Plaintiffs have provisionally set the hearing on this motion for September 14, 2023, for the sole purpose of complying with Civil Local Rule 7-2(a). Consumer Plaintiffs meanwhile respectfully request the Court's accommodation in setting this matter for hearing on shortened time so it may be heard concurrently with the States' Notice of Motion and Motion for Approval of Notice of Pendency and Opportunity to Opt-Out for *Parens Patriae* Claims, ECF No. 546; Plaintiffs' Notice of Motion and Motion to Bifurcate Defendants' Counterclaims Against Epic and Match, ECF No. 548; and the pretrial status conference set in the Court's August 4, 2023 Civil Minutes entry, ECF No. 571. For this purpose, Consumer Plaintiffs have filed a Stipulated [Proposed] Order Shortening Time To Be Heard pursuant to Civil Local Rule 6-2.

## INTRODUCTION

Consumer Plaintiffs respectfully request an order authorizing Class Counsel to direct notice of pendency to the members of the certified Rule 23(b)(3) class. Class Plaintiffs have on two previous occasions requested permission to issue notice, but each time Google has opposed. In parallel, Google successfully expedited the Rule 23(f) appeal in the Ninth Circuit on the grounds that the appeal should be heard prior to the trial set for November 6, 2023. Argument in the Ninth Circuit is thus set for September 11. Class Counsel seeks to proceed with notice now so that the class claims can go to trial promptly upon a ruling by the Ninth Circuit. If the Court of Appeals affirms this Court's class certification decision prior to November 6, proceeding with notice now will ensure that the Class claims can be tried alongside the other claims on November 6, avoiding the potential for multiple trials or delay.[2] Accordingly, Class Plaintiffs renew their request to issue notice, either in the form of a joint notice with the Plaintiff States, or alternatively in separate notice documents issued simultaneously with the Plaintiff States' notice. The proposed long and short forms of notice are attached hereto at Exhibits A through D.

## PROCEDURAL HISTORY & BACKGROUND

Consumer Plaintiffs moved for class certification on May 26, 2022. ECF 250-1. The Court held a hearing on August 4, 2022, and issued its Order granting the motion on November 28, 2022. ECF Nos. 317, 383.[3] Google filed a Rule 23(f) petition in the Ninth Circuit on December 9, 2022, seeking permission to appeal the Court's class certification order. No. 22-80140, ECF No. 1. On January 18, 2023, the Court set a jury trial for November 6, 2023. ECF No. 421. The Court of Appeals granted Google's Rule 23(f) petition on February 27, 2023. No. 22-80410, ECF No. 10.

Consumer Plaintiffs, the Plaintiff States, and Google filed a Joint Statement regarding class notice, laying out their areas of agreement and disputes related to the notice plan, on January 27,

---

[2] To be clear, unless and until the Ninth Circuit rules on the pending 23(f) appeal, Class Counsel intends to proceed solely with the individual plaintiff claims at the November 6 trial. But even if the Ninth Circuit affirms after the scheduled trial date, notifying the class now will ensure that the Class's claims can go forward expeditiously without further delay upon such decision by the Ninth Circuit.

[3] References to "ECF No. __" are to the MDL docket, Case No. 3:21-md-02981-JD, unless otherwise indicated.

2023. ECF No. 430. Among other things, Google sought postponement of class notice until after the resolution of the then-pending Rule 23(f) petition, while Consumer Plaintiffs and the States included proposed notice forms and requested authorization to proceed immediately, making clear their position that "notice of pendency and consumers' opt out period must be completed ahead of the November 6, 2023 trial date." *Id.* at 11.

On March 16, 2023, after the Court of Appeals granted Google's Rule 23(f) petition, Google submitted a motion to defer or stay trial, which reiterated its request that this Court stay class notice. ECF No. 467. Consumers Plaintiffs filed an opposition to Google's motion on March 30, 2023. ECF No. 472. In that filing, Consumer Plaintiffs again sought authorization to issue notice of pendency to the Class, noting that "courts that have thoughtfully considered this issue have found that class notices can easily address pending Rule 23(f) appeals and that any slight additional complexity does not warrant a stay." *Id.* at 14. Consumer Plaintiffs supported their request with updated proposed forms of notice including minor revisions to inform Class Members of the pending appeal. *Id.* at 15 n.14, Ex. A. In reply, Google pledged to move to expedite the appeal and "ensur[e] that the parties can go to trial as soon as the class certification issues are resolved," but continued to oppose class notice. ECF No. 475 at 8 & n.7.

The Court held a hearing on Google's motion on April 20, 2023. ECF No. 522. At that hearing, the Court directed the parties to discuss proceeding with the named individuals in November. 4/20/23 Tr. 12:14-15:10. The Court subsequently terminated Google's motion to stay trial and directed the parties to hold an in-person "trial summit" by May 5, 2023, and to submit a joint trial proposal by May 12, 2023. ECF No. 499. The parties once again did not reach agreement, and therefore on the May 12 deadline filed a Joint Submission Regarding Trial Proposal. ECF No. 505. In that filing, Plaintiffs took the view that the November 6 trial should proceed on the claims of Epic, Match, the States, and individual Consumer Plaintiffs (but not the Class), while Google argued that the Court should hold a trial only on Epic's and Match's claims. *Id.* at 5-12.

After this Court denied Google's motion to stay the trial, Google moved to expedite the Ninth Circuit appeal, arguing that trial prior to the resolution of the appeal would "risk extraordinary inefficiency." No. 23-15285, ECF No. 14 at 4 (May 3, 2023). The Court of Appeals

1  granted Google's motion to expedite in part and set oral argument for September 11, 2023. No. 23-
2  15285, ECF Nos. 17 (June 2, 2023), 71 (July 2, 2023).
3        On July 27, 2023, the States filed a motion for approval of notice of pendency and
4  opportunity to opt out pertaining to their *parens patriae* claims. ECF No. 546. Following the
5  summary judgment hearing on August 3, 2023, the Court took up several aspects of trial scheduling
6  and planning, making clear its strong preference for a single liability trial. ECF Nos. 569, 571.

7  **ARGUMENT**

8        This Court should order joint notice to Class members, as well as consumers covered by the
9  States' *parens patriae* claims, as soon as practicable. Doing so will ensure that the class claims can
10 be included in the November 6 trial if the Ninth Circuit affirms this Court's class certification order
11 prior to that date. Plaintiffs' proposed joint notice with the States Attorneys General satisfies due
12 process and would maximize efficiencies as this case approaches trial.

13 **I.    This Court Has Broad Discretion to Direct the Manner, Timing and Details of Notice**
14       The Court has broad discretion to determine appropriate procedures for issuing notice of
15 pendency to absent Class members. *See Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575
16 (9th Cir. 2004) (a class action settlement notice is adequate as long as it "generally describes the
17 terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and
18 to come forward and be heard" (citation omitted)); *see also Low v. Trump Univ., LLC*, 246 F. Supp.
19 3d 1295, 1311 (S.D. Cal. 2017) ("Rule 23 'accords a wide discretion to the District Court as to the
20 form and content of the notice.'" (quoting *Mendoza v. Tucson Sch. Dist. No. 1*, 623 F.2d 1338,
21 1350-51 (9th Cir. 1980))).

22 **II.   Notice to the Class Will Facilitate Conducting a Single Trial**
23       During the discussion following the summary judgment hearing on August 3, the Court
24 made clear its desire to hold a single liability trial on November 6, 2023. ECF No. 569; 8/3/23 Tr.
25 44:7-8 ("[T]he goal is to have all the jury trials done at once, damages and liability all at the same
26 time . . . ."). Issuing class notice now will ensure that the trial can go forward with the Class claims
27 if the Ninth Circuit affirms the Court's class certification ruling before November 6.
28       Issuing notice promptly will give the Class members notice of this litigation and an

opportunity to opt out before judgment. The Ninth Circuit has held that "[t]he language of Rule 23(c)(2) supports the view that notice must be sent *before* a judgment has been granted." *Schwarzschild v. Tse*, 69 F.3d 293, 296 (9th Cir. 1995). The pendency of the Rule 23(f) appeal should not counsel against the dissemination of notice.[4] Ample precedent exists for issuing notice during the pendency of a Rule 23(f) appeal of class certification. ECF No. 388 at 14-15; *In re JUUL Labs, Inc.*, No. 19-md-02913-WHO (N.D. Cal. Jan. 30, 2023), ECF No. 3779 (approving notice, ECF Nos. 3777 and 3777-3 at 8, 14, that informed class members of a pending Rule 23(f) appeal); *Andrews v. Plains All Am. Pipeline, L.P.*, No. 15-cv-4113 PSG (JEMx), 2018 WL 4191409, at *4-5 (C.D. Cal. Aug. 28, 2018) (denying stay pending 23(f) appeal and approving dissemination of class notice where case had been pending for "over three years"); *Amaro v. Gerawan Farming, Inc.*, No. 1:14-cv-00147-DAD-SAB, 2016 WL 10679467, at *4 (E.D. Cal. Nov. 14, 2016) (denying stay and ordering dissemination of class notice during pendency of Rule 23(f) appeal). Particularly given the interests of the other plaintiffs in having their cases heard as soon as possible, and the notice which will be disseminated in connection with the States' parallel *parens patriae* claims, the best path forward is to proceed with notice now.

### III.   The Proposed Notice and Opt-Out Procedures Satisfy Due Process and Rule 23(c)(2)(B)

Where, as here, a class is certified under Rule 23(b)(3), courts should "direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B); *see also Phillips Petrol. Co. v. Shutts*, 472 U.S. 797, 812 (1985). Notice of the pendency of the class action may be made by "United States mail, electronic means, or other appropriate means." Fed. R. Civ. P. 23(c)(2)(B).

---

[4] If the Ninth Circuit affirms before the November trial, then the class members who have not opted out would be bound by the results of the November trial. If the Ninth Circuit reverses, then the notice will become moot. If a class is re-certified on different grounds or after additional analysis and examination at a later date, then a new notice would be sent.

4
MOTION TO AUTHORIZE NOTICE OF PENDENCY TO THE CONSUMER PLAINTIFF CLASS
Case Nos. 3:21-md-02981-JD, 3:20-cv-05761-JD

### A. Forms of Notice

Twice earlier this year, Consumer Plaintiffs submitted proposed forms of joint notice with the States to be disseminated nationwide to all potential claimants and Class members. ECF Nos. 430, 472. The latter of these proposed forms of joint notice was updated to inform consumers of Google's pending Rule 23(f) appeal. ECF No. 472-1. The Consumer Plaintiffs' proposed forms of notice, which are nearly identical to the latter-submitted forms, are attached to the concurrently filed Declaration of Karma Giulianelli as Exhibits A and B. Alternative notice forms, which are individual notices not including the State claims, are attached as Exhibits C and D.

### B. The Consumer Plaintiffs' Proposed Notice Plan Satisfies Due Process

Consumer Plaintiffs' proposed notice plan satisfies the fairness standards set forth in Rule 23, and presents all required information in plain English. *See Officers for Just. v. Civ. Serv. Comm'n of S.F.*, 688 F.2d 615, 624 (9th Cir. 1982); Fed. R. Civ. P. 23(c)(2)(B). The proposed short- and long-form notices include all information required by Rule 23(c)(2)(B), including the nature of the action, the class definition, a description of the claims at issue, that each class member has the right to appear in the action through an attorney, that the Court will honor requests for exclusion, the time and manner for requesting exclusion, and the binding class-wide effect of any class judgment. Each proposed form of notice includes the URL for the dedicated notice website. The short-form notice, which Consumer Plaintiffs intend to have delivered to each Class Member's email address (specifically the Gmail address associated with the Class Member's Google account) will include a link to this website. The website will host the long-form notice and additional case information, including the Consumer Plaintiffs' operative Complaint, major briefing, and other information about the lawsuit, including status updates on the pending appeal. These extensive disclosures will provide Class Members sufficient information to decide whether to remain in the Class or to opt out. *See Shutts*, 472 U.S. at 812 (notice "should describe the action and the plaintiffs' rights in it" and provide "an absent plaintiff . . . an opportunity to remove himself from the class by executing and returning an 'opt out'" form).[5]

---

[5] Consumer Plaintiffs concur with the States' position that there is no need to mention the JPA.

Consumer Plaintiffs have engaged the services of A.B. Data, a skilled and experienced class notice and claims administrator, and the same notice administrator chosen by the States. *See* Declaration of Eric Schachter at ¶¶ 1-4. Class Counsel recommends that the Court appoint A.B. Data as the notice administrator. A.B. Data will provide notice to Class members by email, making use of Google's readily available and reliable repositories of contact information. Schachter Decl., ¶¶ 5-7. Google's contact information for Class members includes names, anonymized unique Google account IDs, state or territory information based on Google Play payment profiles at the time of purchase, and email addresses. The certified Class includes more than 21 million Class Members. ECF No. 383 at 12. Email will therefore be the most reliable and cost-efficient means of delivering notice and will have the advantage of achieving direct notice to the vast majority of Class Members. As the States have correctly observed, "Electronic notice by email is routinely used in technology, data privacy, and other representative actions to provide notice to affected members and has been held to satisfy due process and Rule 23." ECF No. 546 at 6 (collecting cases).

A.B. Data will supplement direct notice via email with a program of publication notice that includes digital and social media components and a national press release. Schachter Decl., ¶¶ 8-13. The digital and social media campaign will include mobile web ads, mobile in-app ads, banner ads, newsfeed ads, and text ads through venues such as Google Display Networks, YouTube, Facebook, Instagram, and Google AdWords, and will target adults who have an Android smartphone located in the 17 states and territories covered by the Class definition. *Id.* ¶¶ 8-12. All ads will include an embedded link to the dedicated notice website. *Id.* ¶ 11. The national press release will be distributed via PR Newswire's US1 newswire. *Id.* ¶ 13.

**IV.    Issuance of Notice to Class Members in Conjunction with the States' Notice Will Maximize Efficiency and Streamline Case Administration**

Consumer Plaintiffs and the States previously proposed a plan to provide joint notice of the pendency of the litigation on a nationwide basis. ECF No. 430 at 2. Consumer Plaintiffs continue to believe in the efficiencies of a joint notice. As Consumer Plaintiffs and the States previously noted, a nationwide proposed notice plan would provide clarity and certainty with a joint form of notice to

1  Class members in the certified states and to residents of the states and jurisdictions from which the
2  State Plaintiffs' *parens patriae* actions are being prosecuted, informing them of the pendency of the
3  litigation and providing them an opportunity to opt out. The Plaintiffs' objectives are in harmony;
4  indeed, as the Court has noted, in this consolidated proceeding "the government and private actors
5  are marching arm-in-arm toward a common victory over Google. Their claims are just about the
6  same, the evidence will be the same, and all indications in the record are that their interests are
7  well-aligned." ECF No. 383 at 25. Joint notice is routine in situations where related private class
8  and government enforcer antitrust actions are settled and require court approval.[6]

9       A single notice would also create cost efficiencies that would preserve up to tens of
10 thousands of dollars for distribution to affected consumers. *See* Decl. of Elizabeth Pritzker, ECF
11 No. 430-3 at ¶ 7 ("The additional expenses associated with two, separate notice programs is
12 primarily related to the need to separately administer two plans, separately set up and maintain two
13 dedicated notice websites, and separately respond and follow up on undelivered emails or to
14 queries from class members and affected consumers.").

15      Even if the Court were to disallow the use of a joint notice, the lion's share of the
16 advantages of joint notice would be realized through simultaneous delivery of separate notices to
17 the Class members and consumers covered by the States' *parens patriae* actions. Alternate long
18 and short forms of a Class only notice are attached as Exhibits C and D to the concurrently filed
19 Giulianelli Declaration. Consumer Plaintiffs therefore respectfully submit that even without a joint
20 notice, there is every reason for the Court to authorize notice to the Class members now.

---

[6] *See, e.g.*, *In re TFT-LCD (Flat Panel) Antitrust Litig.*, No. 07-md-01827-SI (N.D. Cal.), ECF No. 4688 (Jan. 26, 2012), ECF No. 6141 (July 12, 2012), and ECF No. 6311 (July 31, 2012) (preliminarily approving consumer plaintiff and related government *parens patriae* antitrust settlements, and approving joint Summary and Long-Form Notices of Settlements); *In re Electronic Books Antitrust Litig.*, No. 11-md-02293-DLC (S.D.N.Y), ECF No. 597 (Apr. 2, 2014) (order approving joint notice plan for consumer class and plaintiff states); *In re Disposable Contact Lens Antitrust Litig.*, No. 94-md-1030-HES (M.D. Fla.), ECF No. 918 (Sept. 20, 2000) (same).

# CONCLUSION

For the foregoing reasons, Consumer Plaintiffs respectfully request authorization to proceed with their proposed plan of notice.

DATED: August 10, 2023         BARTLIT BECK LLP


By:  */s/ Karma M. Giulianelli*
     Karma M. Giulianelli
     *Co-Lead Counsel for Consumer Plaintiffs*


KAPLAN FOX & KILSHEIMER LLP


By:  */s/ Hae Sung Nam*
     Hae Sung Nam
     *Co-Lead Counsel for Consumer Plaintiffs*

**E-FILING ATTESTATION**

I, Karma M. Giulianelli, am the ECF User whose ID and password are being used to file this document. In compliance with Civil Local Rule 5-1(h)(3), I hereby attest that each of the signatories identified above has concurred in this filing.

*/s/ Karma M. Giulianelli*
Karma M. Giulianelli