Brendan P. Glackin (SBN 199643)
Lauren M. Weinstein (*pro hac vice*)
bglackin@agutah.gov
lweinstein@agutah.gov
**OFFICE OF THE UTAH ATTORNEY GENERAL**
160 E 300 S, 5th Floor,
PO Box 140872
Salt Lake City, UT 84114-0872
Telephone: (801) 366-0620

*Counsel for the Plaintiff States*

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| **IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION**<br><br>THIS DOCUMENT RELATES TO:<br><br>*State of Utah et al. v. Google LLC et al.*, Case No. 3:21-cv-05227-JD | Case No. 3:21-md-02981-JD<br><br>**STATES' REPLY IN SUPPORT OF MOTION FOR APPROVAL OF NOTICE OF PENDENCY AND OPPORTUNITY TO OPT-OUT FOR *PARENS PATRIAE* CLAIMS** |

The State Attorneys General ("States") have proposed Summary Notice and Long-Form Notice drafts for their *parens patriae* claims that fully comport with the requirements of due process. But Google seeks to impose an *additional* requirement—that the notice must include information about the term in the Joint Prosecution Agreement ("JPA") the States have signed with the Consumer Plaintiffs that acknowledges the possibility that Class Counsel may seek a fee from any hypothetical common fund generated in part by their efforts. This request lacks any legal support and should be denied.

The States' proposed notices serve the due process function of notifying consumers of the existence of this lawsuit, the effect it may have on them, and their right to opt-out. *See* Mot. at 4-5. The notices cannot and should not attempt to summarize every detail of this complex litigation; and even if they were to include any additional detail, there are items of far greater interest than a single term of the JPA. Furthermore, informing consumers about this one term in the JPA in isolation would be misleading, as the JPA includes several other companion terms that are necessary to understand the single term Google proposes to include in the notices. The Court should approve the States' notices as previously submitted.

## ARGUMENT

Google does not dispute that courts in this District have adopted the procedures and standards in Federal Rule of Civil Procedure 23 to approve proposed *parens patriae* notices. Opp. at 1; *see also* Mot. at 3. The notice process is subject to the Court's discretion and must only inform consumers about the case and the opportunity to opt-out. *See* Mot. at 3.

Google does not challenge the States' proposed notice plan or contest any language in the proposed Summary and Long-Form Notices. Google's *only* objection is that the proposed notices do not reference *one sentence* in the four-page, single-spaced, multi-part JPA providing that Class Counsel may ask the Court to award attorneys' fees from money obtained for consumers represented by the States.

Google admits that it has "not identified precedent" that would *require* a *parens* notice to include information about the JPA. Opp. at 3. And Google has not identified a single case in which a court has found a notice of pendency to be deficient because it did not reference attorneys' fees. Instead, Google cites cases where courts have approved notices that satisfy Rule 23.[1] *See, e.g.*, *Ayala v. Coach, Inc.*, 2016 U.S. Dist. LEXIS 144303, *7-8 (N.D. Cal. Oct. 17, 2016) (Donato, J.) (finding that notice was "clear and concise, with language that is plain and easy to understand" and therefore complied with Rule 23 and due process requirements); *Ruch v. Am Retail Grp., Inc.*, 2016 U.S. Dist. LEXIS 39629, *40 (N.D. Cal. Mar. 24, 2016) (finding that notice complied with Rule 23 and exceeded those requirements by also disclosing information regarding attorneys' fees); *Campbell v. Best Buy Stores, L.P.*, 2014 U.S. Dist. LEXIS 195093, *16-18 (C.D. Cal. Apr. 18, 2014) (same).

All but one of the notices cited by Google concerned settlements. *See Ayala v. Coach*, 2016 U.S. Dist. LEXIS 144303 at *7-8; *Ruch v. Am Retail Grp.*, 2016 U.S. Dist. LEXIS 39629 at *40; Olasa Decl., Ex. 1, *California v. eBay, Inc.*, No. 5:12-cv-05874-EJD, Dkt. Nos. 55-6, 85 (N.D. Cal. Sep. 3, 2015); Olasa Decl., Ex. 2, *In re TFT-LCD (Flat Panel) Antitrust Litig.*, No. M 07-1827-SI, Dkt. Nos. 7158-2, 7697 (N.D. Cal. Apr. 3, 2013); Olasa Decl., Ex. 3, *In re Macbook Keyboard Litig.*, No. 5:18-cv-02813-EJD, Dkt. Nos. 420-3, 426 (N.D. Cal. Dec. 2, 2022); Olasa Decl., Ex. 4, *In re Facebook Internet Tracking Litig.*, No. 5:12-md-02314-EJD, Dkt. Nos. 233-1, 241 (N.D. Cal. Mar. 31, 2022); Olasa Decl. Ex. 5, *Cottle v. Plaid, Inc.*, No. 20-cv-3056-DMR, Dkt. Nos. 138-1, 153 (N.D. Cal. Nov. 19, 2021); Olasa Decl., Ex. 6, *Taylor v. Shutterfly, Inc.*, No. 5:18-cv-00266, Dkt. Nos. 101-1, 106 (N.D. Cal. Dec. 7, 2021); Olasa Decl., Ex. 7, *Briseno v. ConAgra Foods, Inc.*,

---

[1] Google also references a Federal Judicial Center guide that advises: "Notices should carry all of the information required by Rule 23 and should be written in clear, concise, easily understood language." Federal Judicial Center, Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide at 1. *available at* https://www.fjc.gov/sites/default/files/2012/NotCheck.pdf.

11-cv-05379-CJC-AGR, Dkt. Nos. 652-1, 655 (C.D. Cal. Apr. 4, 2019); Olasa Decl., Ex. 8, *In re USC Student Health Center Litig.*, No. 2:18-cv-04258-SVW-GJS, Dkt. Nos. 139-2, 148 (C.D. Cal. June 12, 2019). In each of those cases, the consumer faced a decision of whether to stay in the class and participate in the fund, which might be diminished by a fee award. One of the notices cited by Google came *after* a fee request had already been made, in which case Rule 23(h)(1) mandated the disclosure of this request. *See* Olasa Decl., Ex. 2, *In re TFT-LCD (Flat Panel) Antitrust Litig.*, No. M 07-1827-SI, Dkt. Nos. 7158-2, 7697; *see also* Fed. R. Civ. P. 23(h)(1) advisory committee's note to 2003 amendment ("When a settlement is proposed for Rule 23(e) approval, either after certification or with a request for certification, notice to class members about class counsel's fee motion would ordinarily accompany the notice to the class about the settlement proposal itself."). Here, there is no settlement; thus, no fund exists, and no fund may *ever* exist. The mere possibility that if a fund someday exists Class Counsel *might* seek a fee from it is therefore one of the least interesting facts about this case.

Google attempts to justify its failure to cite any on-point authority by suggesting that the *States* must justify the language at issue. *See* Opp. at 3. But this argument is nothing more than a red herring. The term highlighted by Google merely states the law—a lawyer whose work results in the creation of a common fund may seek a fee from it. *See, e.g.*, *Rodriguez v. Disner*, 688 F.3d 645, 653 (9th Cir. 2012). Lawyers routinely do seek fees from common funds. In addition, state attorneys general routinely enter into agreements with private counsel in the course of litigation. *See, e.g.*, Cal. Gov. Code § 11045, *Sheriff v. Gillie*, 578 U.S. 317 (2016). In this matter, the States and Class Counsel signed the JPA to allow the parties to litigate effectively and to maximize total, nationwide consumer recovery. Any consumer wanting to dive into its details may do so, just as with any case

developments: the JPA is a publicly available document that has been on the docket for well over a year.[2]  *See* No. 3:21-md-02981, Dkt. No. 251-2.

The JPA is also a lengthy, complex document; to call out one sentence in that agreement, as Google requests, would be confusing (at best) and misleading (at worst) for consumers. By way of example, the JPA expressly provides that any fee request will be governed by Ninth Circuit jurisprudence applicable to class actions; that the States and Class Counsel will meet and confer about any fee request by Class Counsel; and that any fee requests by States and Class Counsel will be coordinated such that consumers in the *parens* states "will not pay more in fees than they would have pursuant to a single common fund application under Ninth Circuit law." JPA at 4, No. 3:21-md-02981, Dkt. No. 251-2. Furthermore, the incorporation of Ninth Circuit class jurisprudence into the fee request means that a host of background procedural protections apply even though the JPA does not explicitly reference them.

The States' proposed notices could contain a detailed, multi-page breakdown of the JPA provisions and of Ninth Circuit class action jurisprudence. But that would impede the very purpose of the notice—to give consumers a readable, accessible document that brings to their attention *the fundamental point* that this lawsuit exists and that if they do not exclude themselves their claims against Google will be adjudicated. Adding superfluous language about the JPA would make it less likely—not more likely—that consumers would understand and protect their rights. More is not necessarily more when it comes to notice. *See, e.g.*, Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide at 5. ("When excess information is included, reader burnout results, the information is not communicated at all, and claims are largely deterred.").

---

[2] The States are also willing to prominently display the JPA on the dedicated notice website contemplated in their notice plan. *See, e.g.*, *Krzesniak v. Cendant Corp.*, 2007 U.S. Dist. LEXIS 95145, *6 (N.D. Cal. Dec. 17, 2007) (finding that a notice website is "an effective way to make substantial information available").

The Court may wonder why Google professes to have views about the States' proposed notices.³ Google cannot explain how including this *one* term is necessary to protect due process of law, such that without it consumers would not be bound by this litigation. Google cites no case for this proposition. *See* Opp. at 1. And Google has not, and indeed cannot, demonstrate or even suggest that the JPA improperly allocates attorneys' fees or otherwise compromises in any way the rights of consumers. The JPA incorporates Ninth Circuit class action jurisprudence and preserves for the Court and the States a well-defined and familiar role in any fee request ultimately advanced by Class Counsel.

## CONCLUSION

For the foregoing reasons, the States respectfully request that the Court approve the proposed Summary Notice and Long-Form notice for the States' *parens patriae* claims and direct the States to implement the notice plan as set forth in the motion.

Dated: August 17, 2023

OFFICE OF THE UTAH ATTORNEY GENERAL
Brendan P. Glackin
Lauren M. Weinstein

Respectfully submitted,

By:   */s/ Brendan P. Glackin*
         Brendan P. Glackin

*Counsel for the Plaintiff States*

---

³ As expressed by Judge Peckham of this District and Judge Wood of the Seventh Circuit:

> [I]t is often the defendant, preferring not to be successfully sued by anyone, who supposedly undertakes to assist the court in determining whether a putative class should be certified. When it comes, for instance, to determining whether the 'representative parties will fairly and adequately protect the interests of the class,' . . . it is a bit like permitting a fox, although with a pious countenance, to take charge of the chicken house.

*In re Diasonics Sec. Litig.*, 599 F. Supp. 447, 451 (N.D. Cal. 1984) (quoting *Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130*, 657 F.2d 890, 895 (7th Cir. 1981)).

**E-FILING ATTESTATION**

I, Jessica Sutton, am the ECF User whose ID and password are being used to file this document. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that the signatory identified above has concurred in this filing.

                                                                                       /s/      *Jessica V. Sutton*
                                                                                           Jessica Sutton