Brian C. Rocca, Bar No. 221576
brian.rocca@morganlewis.com
Sujal J. Shah, Bar No. 215230
sujal.shah@morganlewis.com
Michelle Park Chiu, Bar No. 248421
michelle.chiu@morganlewis.com
Minna Lo Naranjo, Bar No. 259005
minna.naranjo@morganlewis.com
Rishi P. Satia, Bar No. 301958
rishi.satia@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Telephone: (415) 442-1000

Richard S. Taffet, *pro hac vice*
richard.taffet@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
101 Park Avenue
New York, NY  10178-0060
Telephone: (212) 309-6000

*Counsel for Defendants*

Glenn D. Pomerantz, Bar No. 112503
glenn.pomerantz@mto.com
Kuruvilla Olasa, Bar No. 281509
kuruvilla.olasa@mto.com
Nicholas R. Sidney, Bar No. 308080
nick.sidney@mto.com
**MUNGER, TOLLES & OLSON LLP**
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071
Telephone: (213) 683-9100

Kyle W. Mach, Bar No. 282090
kyle.mach@mto.com
Justin P. Raphael, Bar No. 292380
justin.raphael@mto.com
Emily C. Curran-Huberty, Bar No. 293065
emily.curran-huberty@mto.com
Dane P. Shikman, Bar No. 313656
dane.shikman@mto.com
Rebecca L. Sciarrino, Bar No. 336729
rebecca.sciarrino@mto.com
**MUNGER, TOLLES & OLSON LLP**
560 Mission Street, Twenty Seventh Fl.
San Francisco, California 94105
Telephone: (415) 512-4000

Jonathan I. Kravis, *pro hac vice*
jonathan.kravis@mto.com
**MUNGER, TOLLES & OLSON LLP**
601 Massachusetts Ave. NW, Ste 500E
Washington, D.C. 20001
Telephone: (202) 220-1100

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION**<br><br>THIS DOCUMENT RELATES TO:<br><br>*In re Google Play Consumer Antitrust Litigation*, Case No. 3:20-cv-05761-JD | Case No. 3:21-md-02981-JD<br><br>**DEFENDANTS' OPPOSITION TO CONSUMER PLAINTIFFS' MOTION TO AUTHORIZE NOTICE OF PENDENCY TO THE CONSUMER PLAINTIFF CLASS** |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## INTRODUCTION

Consumer Plaintiffs concede that the Consumer Class should not go to trial on November 6 unless the Ninth Circuit affirms this Court's class certification decision before that date.[1]  But to keep open the possibility that the Consumer Class could participate in the November 6 trial, they urge the Court to order a confusing notice plan that provides class members notice before the Ninth Circuit has ruled.  While this was always ill-advised, it is particularly ill-conceived at this juncture, so close to the November 6 trial and after the Ninth Circuit will have heard Google's appeal, because the Ninth Circuit could decertify the class on which Consumer Plaintiffs are proposing to serve notice.

The Court should not issue notice before the Ninth Circuit has ruled.  Trial for the Consumer Class should not proceed on November 6 and the parties should plan for another date in the event the Ninth Circuit affirms.  As Google has previously urged, the most promising way to preserve the possibility of a single trial is for the Court to defer the November 6 trial for all parties until after the Ninth Circuit has ruled.  *See* Dkt. No. 467.  Alternatively, and at a minimum, in light of the overlap of issues and evidence and the existence of the Joint Prosecution Agreement between Consumers and States, a trial of the claims by all plaintiffs purporting to represent consumers—States, the Consumer Class and any individual Consumers—should proceed together at a later date after the Ninth Circuit has ruled and after any required notice can be disseminated, while Epic and Match proceed on November 6.  *See* Dkt. No. 505 at 5.  This approach would also moot States' and Consumers' complaints (Dkt. No. 549)—which lack any basis, *see* Dkt. No. 573—that Google's evidence and claims regarding Epic and Match would prejudice them.

Finally, even if the Court is inclined to issue notice now to the Consumer Class, Consumer Plaintiffs' joint notice proposal should be rejected because their proposal may confuse

---

[1] *See* Dkt. No. 575 (Mot.) at 1 & n.2 ("If the Court of Appeals affirms this Court's class certification decision prior to November 6, proceeding with notice now will ensure that the Class claims can be tried alongside the other claims on November 6…. To be clear, unless and until the Ninth Circuit rules on the pending 23(f) appeal, Class Counsel intends to proceed solely with the individual plaintiff claims at the November 6 trial.").  All docket references are to the MDL docket, Case No. 3:21-md-02981-JD, unless otherwise indicated.

DEFENDANTS' OPPOSITION TO CONSUMER PLAINTIFFS' MOTION TO AUTHORIZE NOTICE
OF PENDENCY TO THE CONSUMER PLAINTIFF CLASS
Case Nos. 3:21-md-02981-JD; 3:20-cv-05761-JD

class members about whether they are represented by the lawyers for the Consumer Class or whether they are represented by a State Attorney General.

## ARGUMENT

### I.   THE COURT SHOULD REJECT CLASS PLAINTIFFS' NOTICE PLAN

#### A.   The Court Should Stay Class Notice During the Pendency of Google's 23(f) Appeal

##### 1.   Staying Class Notice Will Avoid Unnecessary Confusion and Expense

Before the class can proceed to trial, notice must be disseminated to class members and they must be provided with an opportunity to opt out.  But the Court should not disseminate class notice until the Ninth Circuit has rendered its decision.  As the Manual for Complex Litigation notes, in the context of a Rule 23(f) appeal, "the district court should ordinarily stay the dissemination of class notice to avoid the confusion and the substantial expense of renotification that may result from appellate reversal or modification after notice dissemination."  Manual for Complex Litigation (Fourth) § 21.28 (2004).  In these circumstances, the "public interest consideration counsels in favor of staying class notice." *In re Rail Freight Fuel Surcharge Antitrust Litig.*, 286 F.R.D. 88, 94 (D.D.C. 2012); *Powell v. Tosh*, 2012 WL 1202289, at *5 (W.D. Ky. Apr. 10, 2012); *Jenkins v. Hyundai Motor Fin. Co.*, 2008 WL 2268319, at *4 (S.D. Ohio June 2, 2008) (finding "compelling the potential confusion that could result for members of the class if the Court of Appeals were to vacate or modify the class certification order after notice has already been disseminated").

In *Brown*, for example, the district court held that issuing class notice while a Rule 23(f) *petition* was pending risked "generating confusion among class members." *Brown v. Wal-Mart Stores, Inc.*, 2012 WL 5818300, at *4 (N.D. Cal. Nov. 15, 2012).  Here, the Rule 23(f) *appeal* is pending and the argument is just four days after the hearing on this motion, which makes the risk of proceeding with notice greater since the Ninth Circuit has already accepted—and expedited— Google's appeal and will examine whether class treatment is appropriate in this case.

The potential for confusion is heightened here given the form of Consumer Plaintiffs' proposed notices.  While Consumer Plaintiffs' proposed notices state that the class certification

2

order is currently on appeal, they do not inform consumers that the class's participation in a November 6 trial is contingent on a Ninth Circuit ruling in their favor or that their claims will be affected by an order by the Ninth Circuit reversing the class certification order. *See* Declaration of Karma Giulianelli ("Giulianelli Decl.") (Dkt. No. 575-1), Exs. A–D.

Consumer Plaintiffs' proposed notices inform class members that trial is set for November 6, but the notices do not tell class members that their claims will not be tried in the November 6 trial if the Ninth Circuit has not affirmed the class certification order before the start of trial. If there is no appellate affirmance before November 6, many class members may incorrectly believe their claims were resolved in a November trial—especially since the trial will likely generate considerable press. Thus, class members may not realize they still have unresolved claims, especially if the Ninth Circuit subsequently reverses the class certification order, or if there is a different result at a later trial after a post-November 6 affirmance.

Even if the Ninth Circuit rules before the start of trial, that ruling will likely come out *while notice is being issued*. If the Ninth Circuit reverses the class certification order, class members may be receiving or just reading notice that they are part of a class, even though the Ninth Circuit has held differently. Class members who do not opt out may think they are being represented by the class, even though they are not (which may restart the statute of limitations). Conversely, consumers who opt out from a class that has been decertified may then potentially be included in a new putative class that Consumer Plaintiffs try to certify following remand.

A joint notice would only heighten any confusion. As discussed in more detail below, individuals receiving joint notice may be confused about whether they are represented by the State Plaintiffs or the Consumer Plaintiffs. Class members are likely to be even more confused by a joint notice because they may, incorrectly, believe their claims are being represented by the States and thus their claims are going forward in a November 6 trial, even though they are not.

Moreover, Consumer Plaintiffs' notice plan only proposes that the administrator provide a website and phone number for class members to receive status updates on the appeal. *See* Mot. at 5; Giulianelli Decl., Exs. A and C. They provide no plan to notify class members if the Ninth

Circuit decertifies the class.  But even if they did, a new notice if the class is decertified is insufficient to cure any confusion.  In *Brown*, the court noted that given the size of the class in *Brown*—22,000 individuals—"a curative notice would not be sufficient to stem the confusion that would arise in the event of a change to the class definition or decertification of the class altogether."  2012 WL 5818300 at \*4.  Here, with a class that is nearly 1000 times larger than the class in *Brown*, curative notice would be even less effective in stemming potential confusion.  A complicated renotification procedure is certain to engender confusion, unlikely to provide clear notice, and therefore not in the public interest.  *In re Rail Freight*, 286 F.R.D. at 94.  Moreover, given the compressed schedule, there will be no time for curative notice before the November 6 trial.

The cases Plaintiffs cite that allowed notice, *see* Mot. at 4, are all distinguishable. *Andrews v. Plains All American Pipeline, L.P.* concerned *just 500 class members*, which the court noted was much smaller than the 22,000 class members in *Brown*—and is many orders of magnitude smaller than the 21 million members of the Consumer Class in this case.  2018 WL 4191409, at \*3 (C.D. Cal. Aug. 28, 2018).  In *Amaro v. Gerawan Farming, Inc.*, unlike in this case, the Ninth Circuit had not granted the defendants' Rule 23(f) petition, let alone expedited the appeal and set a date for argument.  2016 WL 10679467, at \*1 (E.D. Cal. Nov. 14, 2016).  And the class in *Amaro* involved a class of "migrant and seasonal farmworkers" with concerns not present here that "additional delay may hamper [plaintiffs'] ability to effectively distribute notice to class members before the end of the season."  *Id.* at \*4 n.2.  *In re JUUL Labs* involved a notice of a *class settlement* with one defendant (JUUL) that also apprised the class that the litigation would continue with a remaining defendant (Altria).  *In re JUUL Labs, Inc.*, No. 19-md-02913-WHO (N.D. Cal. Jan. 30, 2023), Dkt. No. 3779 ("The Court finds that there are sufficient grounds for the Court to direct notice of the Settlement to be disseminated to the proposed Settlement Class….").  And in that case, Altria did not object to the dissemination of notice.  *Id.*, Dkt. No. 3777 ("Altria has no remaining objections to the forms or manner of notice.").

Consumer Plaintiffs identify only one potential harm from waiting until the Ninth Circuit

has ruled before disseminating notice—the fact that the class will not be able to participate in a November trial *if* the Ninth Circuit has ruled by then and *if* it has affirmed.  Mot. at 1.  But the Consumer Plaintiffs represented to the Court back in May of 2023 that they "agree that the claims of the Consumer Plaintiff class should not be tried at the trial scheduled for November 6 in light of Google's pending appeal of the Court's order certifying the class." Dkt. No. 505 at 5.[2]  And Consumer Plaintiffs cannot claim any true harm from proceeding with a later trial since they are willing to have a separate trial if the Ninth Circuit has not ruled by November 6.  Mot. at n.2.  However, if the Consumer Plaintiffs desire to participate in a single trial with the other plaintiffs, Google submits that the most efficient way to have one trial is to defer the trial date for all cases by a modest period.  This will allow the Ninth Circuit—which has expedited Google's Rule 23(f) appeal and will hear argument on September 11—to resolve Google's appeal.  Once the Ninth Circuit has weighed in, the Court and the parties can plan for a single trial that includes all remaining parties.

Nobody benefits—not the class, not the public, and not Google—from injecting unnecessary complexity into an already complex notice procedure for 21 million class members. The Court should defer notice until the Ninth Circuit has ruled on the 23(f) appeal.

### 2. Consumer Plaintiffs' Proposal Is Infeasible Under the Current Timeline

The Court will hold a hearing on Consumer Plaintiffs' trial proposal and notice plan on September 7, a mere 60 days before the currently scheduled trial date.  From a practical perspective—factoring in all the steps that need to occur between the hearing and the time notice goes out—Consumers Plaintiffs' proposal would only provide a notice and opt-out period for the class that would, at best, be around 30 days.  That is plainly insufficient.  For a typical case, 30 days would push the outer limit for a notice and opt-out period. For a case of this complexity and magnitude—with over 21 million class members and a pending 23(f) appeal—a rushed notice and shortened opt-out period is particularly ill-advised.

---

[2] Consumer Plaintiffs cannot point to the Ninth Circuit setting a September 11 hearing date for their change in strategy because they have known that the Ninth Circuit expedited the appeal since early June and that the hearing was set for September 11 since early July.  *See* Mot at 2-3.

A.B. Data, the Consumer Plaintiffs' and State Plaintiffs' proposed administrator, will need to process over 100 million data records then send email notices out to over 100 million consumers.[3]  Those consumers will then need enough time to read and understand their rights, get any questions answered, and make an informed opt-out decision.  Even if Google is able to produce data expeditiously after the Court rules on Consumer Plaintiffs' motion, it is unclear how long A.B. Data, the proposed administrator, will need to send out notice.  Mr. Schachter's declaration provides no information regarding how long it will take A.B. Data to process over 100 million data records or how the administrator plans to deal with any issues regarding the emails it sends out, such as bounce-backs.

Moreover, the facts here are particularly complex, which cautions in favor of a longer, not shorter, opt-out period.  As described above, that complexity includes the pending Rule 23(f) appeal, potential joint notice, and the Consumer Plaintiffs' position that its participation in a November trial is contingent on when and how the Ninth Circuit rules on Google's appeal.

Additionally, Consumer Plaintiffs' proposal to participate in the November trial, but only if the Ninth Circuit rules, creates significant uncertainty before trial.  The parties are working diligently to prepare for trial.  Google deserves to know now who they will be facing at trial, so it can prepare.  It makes no sense for Google to prepare for Consumer Plaintiffs' participation even though their participation will not be known until the eve of trial.

### B.    The Court Should Reject Consumer Plaintiffs' Joint Notice Proposal

Consumer Plaintiffs' joint notice proposal will lead to more confusion, not less.  This confusion is entirely of Consumer Plaintiffs' and the State Plaintiffs' own making.  Although Consumer Plaintiffs filed a complaint seeking to represent a nationwide class, they later entered into a Joint Prosecution Agreement ("JPA") with State Plaintiffs and sought to certify a narrower class of 17 states and territories.  Under the proposed joint notice, Consumer Plaintiffs and State

---

[3] Consumer Plaintiffs' notice plan will add notice to 21 million consumers on top of the proposed notice by the State Plaintiffs to the approximately 80 million consumers they purport to represent. Google is already working on collecting data records for the 100 million consumers represented by Consumer and State Plaintiffs and will apprise the Court of any issues related to the collection and production of data at the September 7 hearing.

Plaintiffs propose to divide who they represent based on the address recorded in Google's database at the time an app or IAP was purchased. *See* Giulianelli Decl., Ex. A at 4. This raises a series of potential problems that a joint notice would exacerbate.

For example, if Consumer A made some purchases in 2018 when her "legal address" in her Google payment profile was in Georgia, then she is part of the certified class as to those purchases, even if she later moved to, and currently resides in, Utah. Conversely, if Consumer B made purchases in 2018 when his "legal address" in his Google payment profile was in Utah, then State Plaintiffs claim to represent him, even if he later moved to Georgia.

While Google takes no position on whether the division proposed by Consumer Plaintiffs and State Plaintiffs is the correct way to divide consumers between the two cases, separate notices alleviate any potential confusion by taking out any guesswork regarding which action governs a consumer's claim. If separate notices were provided, then Consumer A in the example above would get a notice advising her that she is part of the Consumer Class. She would not get a notice about any claims by the States and therefore would not need to determine that the Utah Attorney General does not claim to represent her even though she now resides in Utah, a plaintiff State. Similarly, Consumer B in the above example would get a notice advising him that he is represented by the Utah Attorney General. He would not get a notice about any claims by the Consumer Class and would not need to determine that he is not part of that class even though he now resides in Georgia, which is covered by the class. And to the extent a consumer is covered by both actions based on how Consumer Plaintiffs and State Plaintiffs have now divided the claims—Google preliminarily estimates that this overlap is a tiny fraction (i.e., less than 1%)—they would get two notices and thus understand they are covered by both actions for different purchases.

Plaintiffs' joint notice plan would be far more complicated. Under a joint notice plan, consumers would need to determine whether they are represented by Consumer Plaintiffs or State Plaintiffs to decide whether to opt out. A joint notice would force consumers to make this determination even though Google already has data regarding the state associated with that

1   consumer's purchase and the notice administrator could send only notices according to the

2   division that the State Plaintiffs and Consumer Plaintiffs have made.

3       Consumer Plaintiffs do not cite any precedent for joint notice prior to settlement.

4   Consumer Plaintiffs simply ignore the confusion that arises from a joint notice and potential

5   fallout if an individual incorrectly determines which case she belongs to, given the possibility that

6   the State Plaintiffs' case may go forward while the Consumer Plaintiffs may await a ruling by the

7   Ninth Circuit on Google's Rule 23(f) appeal.  Any current alignment between Consumer

8   Plaintiffs and State Plaintiffs does not resolve the issue.  While Consumer Plaintiffs and State

9   Plaintiffs may be currently aligned, the case is ongoing, and the parties may diverge in their

10  litigation or settlement strategy.  Among other things, Consumer Plaintiffs and State Plaintiffs

11  may prefer or benefit differently from different damages theories.  A joint notice now only

12  heightens the risk of complications if those strategies diverge at a later stage.

13      Consumer Plaintiffs' three cases (Mot. at n.6) where Courts approved joint notice in the

14  settlement context are distinguishable because there was no indication that class members and

15  individuals represented by the States were in different positions vis-a-vis the settlement, so there

16  was less risk of any fallout from an individual being confused as to who represented her.  *See,*

17  *e.g.*, *In re TFT-LCD (Flat Panel) Antitrust Litig.*, No. M 07-1827-SI (N.D. Cal.), Dkt. No. 4688

18  (Jan. 26, 2012) at Ex. A (approving joint notice where there was complete overlap between

19  consumers represented by the States and the certified class, and thus no opportunity for

20  confusion, and "[a]ny timely request for exclusion received from an IPP class member shall be

21  deemed also to be an election of exclusion from such state's *parens patriae* claims (if applicable),

22  and vice-versa").

23                              **CONCLUSION**

24      The Court should deny Consumer Plaintiffs' request to provide class notice during the

25  pendency of Google's Rule 23(f) appeal and should stay any notice until after the Ninth Circuit

26  has ruled on Google's appeal.

27

28

Dated: August 24, 2023

By: */s/ Sujal J. Shah*
Sujal J. Shah

Sujal J. Shah, Bar No. 215230
sujal.shah@morganlewis.com
Brian C. Rocca, Bar No. 221576
brian.rocca@morganlewis.com
Michelle Park Chiu, Bar No. 248421
michelle.chiu@morganlewis.com
Minna Lo Naranjo, Bar No. 259005
minna.naranjo@morganlewis.com
Rishi P. Satia, Bar No. 301958
rishi.satia@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
One Market, Spear Street Tower
San Francisco, CA 94105
Telephone: (415) 442-1000

Richard S. Taffet, *pro hac vice*
richard.taffet@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
101 Park Avenue
New York, NY 10178
Telephone: (212) 309-6000

Glenn D. Pomerantz, Bar No. 112503
glenn.pomerantz@mto.com
Kuruvilla Olasa, Bar No. 281509
kuruvilla.olasa@mto.com
**MUNGER, TOLLES & OLSON LLP**
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071
Telephone: (213) 683-9100

Kyle W. Mach, Bar No. 282090
kyle.mach@mto.com
Justin P. Raphael, Bar No. 292380
justin.raphael@mto.com
Emily C. Curran-Huberty, Bar No. 293065
emily.curran-huberty@mto.com
Dane P. Shikman, Bar No. 313656
dane.shikman@mto.com
Rebecca L. Sciarrino, Bar No. 336729
rebecca.sciarrino@mto.com
**MUNGER, TOLLES & OLSON LLP**
560 Mission Street, Twenty Seventh Floor
San Francisco, California 94105
Telephone: (415) 512-4000

Jonathan I. Kravis, *pro hac vice*
jonathan.kravis@mto.com
**MUNGER, TOLLES & OLSON LLP**
601 Massachusetts Avenue NW, Suite 500E
Washington, D.C. 20001
Telephone: (202) 220-1100

9
DEFENDANTS' OPPOSITION TO CONSUMER PLAINTIFFS' MOTION TO AUTHORIZE NOTICE
OF PENDENCY TO THE CONSUMER PLAINTIFF CLASS
Case Nos. 3:21-md-02981-JD; 3:20-cv-05761-JD

*Counsel for Defendants*

DEFENDANTS' OPPOSITION TO CONSUMER PLAINTIFFS' MOTION TO AUTHORIZE NOTICE
OF PENDENCY TO THE CONSUMER PLAINTIFF CLASS
Case Nos. 3:21-md-02981-JD; 3:20-cv-05761-JD