QUINN EMANUEL URQUHART & SULLIVAN, LLP
Victoria F. Maroulis (Bar No. 202603)
  victoriamaroulis@quinnemanuel.com
Kyle Batter (Bar No. 301803)
  kylebatter@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

*Attorneys for Non-Party*
*Samsung Electronics Co., Ltd.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION | Cases Nos. 3:22-cv-02746-JD 3:21-md-02981-JD |
| | **DECLARATION OF KYU SUNG LEE PURSUANT TO N.D. CAL. LOCAL RULE 79-5(f)(3) AND IN RESPONSE TO PARTY STIPULATED SEALING ORDER** |
| | Judge: Hon. James Donato |

## DECLARATION OF KYU SUNG LEE

I, Kyu Sung Lee, declare as follows:

1.      I am an Executive Vice President at Samsung Electronics Co., Ltd. ("SEC") with responsibility for Global Legal Affairs.  I have been employed at SEC since 2001, and in the course of my employment have become familiar with SEC's treatment of its trade secrets and other proprietary business information, such as those discussed in this declaration.

2.      I understand that on April 17, 2023, the parties to the above captioned cases filed stipulations "for a modification to the sealing procedures applicable to any dispositive and *Daubert* motions filed in these matters and subsequent briefing on any such motions."  (Case No. 3:22-cv-02746-JD, ECF No. 154; Case No. 3:21-md-02981-JD, ECF No. 477.)  I further understand that on April 21, 2023, the Court granted the parties' stipulations, allowing non-parties to file declarations in support of maintaining the sealing of non-party confidential information that the parties had filed in support of their dispositive motions and *Daubert* motions.  (Case No. 3:22-cv-02746-JD, ECF No. 160; Case No. 3:21-md-02981-JD, ECF No. 496 ("Stipulated Sealing Order").)

3.      I make this declaration on behalf of SEC pursuant to Northern District of California Civil Local Rule 79-5(f)(3) in response to the Stipulated Sealing Order to maintain the provisional sealing of SEC confidential information that the parties filed in support of their dispositive motions and *Daubert* motions.  I know the facts stated herein based on my own personal knowledge and, if called as a witness, I could and would testify competently thereto.

4.      **Exhibit 14 to the Expert Report of Dr. Gregory K. Leonard, ECF No. 487-3**[1]**:** This exhibit contains sensitive, confidential information of SEC that should remain under seal. Specifically, the material in question discloses the "share of consumer spend from the Samsung Galaxy Store of total consumer spend from Google Play and Samsung Galaxy Store on Samsung devices in the U.S." for a three-year period on a month-by-month comparative basis.  It is SEC's practice to maintain changes and trends in consumer spending on the Galaxy Store as confidential. SEC's sealing request is narrowly tailored to just a single page.

---

[1]  ECF Nos. correspond to Case No. 3:21-md-02981-JD.

5.      **Exhibits 41 and 55 to the Expert Report of Marc Rysman, ECF No. 484-3:** These exhibits contain sensitive, confidential information of SEC that should remain under seal. Specifically, the material in question discloses information regarding rates of installation and consumer use of the Galaxy Store, as well as associated revenue. It is SEC's practice to maintain as highly confidential competitive information concerning consumer use of the Galaxy Store. SEC's sealing request is narrowly tailored to just four numbers on two pages.

6.      **Exhibits 5 to the Rebuttal Expert Report of Marc Rysman, ECF No. 484-5:** This exhibit contains sensitive, confidential information of SEC that should remain under seal. Specifically, the material in question discloses the confidential terms of SEC's agreements with developers, including SEC's commission rates and revenue sharing rates over a three-year period. It is SEC's practice to maintain as highly confidential and competitively sensitive its commission rates and revenue sharing rates . SEC's sealing request is narrowly tailored to just a single page.

7.      **Exhibit 2 to Plaintiffs' Opposition to Google's Motion for Summary Judgment, ECF No. 509:** This exhibit contains sensitive, confidential information of SEC that should remain under seal. Specifically, the material in question discloses information regarding rates of installation and consumer use of the Google Play Store on Samsung devices for a five-year period, and for countries around the globe. It is SEC's practice to maintain as highly confidential competitive information concerning consumer use of Samsung devices. SEC's sealing request is narrowly tailored to just two pages.

8.      **Exhibit 41 to Plaintiffs' Opposition to Google's Motion for Summary Judgment, ECF No. 509:** This exhibit contains sensitive, confidential information of SEC that should remain under seal. Specifically, the material in question discloses information regarding consumer use and capacity of the Galaxy Store. It is SEC's practice to maintain as highly confidential competitive information concerning consumer use of the Galaxy Store. SEC's sealing request is narrowly tailored to just two percentages listed on page 286, lines 9 and 10 of Exhibit 41.

9.      **Exhibit 1 to Defendants' Motion to Exclude Opinions of Hal J. Singer, ECF No. 487:** The following pages and lines contain sensitive, confidential information of SEC that should remain under seal:

1       Page 43, ¶ 78, n. 178 (starting after "Google specifies that" through the end of the sentence).

2       Page 67, ¶ 130 (starting after "downloads through the" through the end of the sentence).

3       Page 84, ¶ 170 (starting after "Aftermarket is" through the end of the sentence).

4       Page 85, Figure 12 (entire figure).

5       Page 94, ¶ 193, n. 451 (citation to revenue sharing agreement).

6       Page 94, ¶ 194, n. 452 (citation to contract).

7       Page 98, ¶ 203 (starting after "Samsung reassured Google" through "us in this area").

8       Page 98, ¶ 203, n. 478 (starting after "a store with" through "Apps").

9       Page 98, ¶ 203, n. 480 (starting after "parking place for" through the end of the sentence).

10       Page 99, ¶ 204 (starting after "Specifically," through the end of the sentence).

11       Page 99, ¶ 204, n. 485 (starting after "meant that" through "percent share").

12       Page 105, ¶ 221 (starting after "exchange for" through the end of the sentence).

13       Page 105, ¶ 222, n. 537 (starting after "indicating that" through "percent of the Play Store").

14       Page 106, ¶ 223 (starting after "major game release" through "percent").

15       10.     Specifically, the material in question discloses the confidential terms of agreements between SEC and Google, the revenue from and success of the Galaxy Store, and Samsung's strategy for the Galaxy Store. It is SEC's practice to maintain this information as highly confidential. SEC's sealing request is narrowly tailored to select words and select sentences in filings that are hundreds of pages long.

20       11.    **Exhibit 2 to Defendants' Motion to Exclude Opinions of Hal J. Singer, ECF No. 487:** The following page contains sensitive, confidential information of SEC that should remain under seal: Page 77, ¶ 95 (redact percentage). The material in question discloses non-public information regarding the success of the Galaxy Store. It is SEC's practice to maintain this information as highly confidential. SEC's sealing request is narrowly tailored to a single percentage in filings that are hundreds of pages long.

26       12.    **Exhibit 6 to Defendants' Motion to Exclude Opinions of Hal J. Singer, ECF No. 487:** The following pages and lines contain sensitive, confidential information of SEC that should remain under seal:

1          Page 57, ¶ 152 (starting after "accounts for only" through "as seen below").

2          Page 57, ¶ 152, n. 331 (the dollar figure after "annual spend of").

3          Page 117, ¶ 259, n. 591 (starting after "suggests that" through the end of the sentence).

4          13.    Specifically, the material in question discloses the confidential terms of agreements

5   between SEC and third parties, the revenue from and success of the Galaxy Store, and Samsung's

6   strategy for the Galaxy Store.  It is SEC's practice to maintain this information as highly

7   confidential.  SEC's sealing request is narrowly tailored to select words and select sentences in

8   filings that are hundreds of pages long.

9          14.    **Exhibit 2 to Defendants' Motion to Exclude Opinions of Marc Rysman, ECF**

10   **No. 484:** The following pages and lines contain sensitive, confidential information of SEC that

11   should remain under seal:

12          Page 40, ¶ 48 n. 72 (starting after "now has" through "in the US").

13          Page 40, ¶ 49 (starting after "Galaxy Store had" through the end of the sentence).

14          Page 40, ¶ 49 (starting after "March 2019" through the end of the sentence).

15          Page 91, ¶ 110 (starting after "revenue share of" through the end of the sentence).

16          Page 196, ¶ 304 (redacting the percentages).

17          Page 196, ¶ 305 (redacting the percentages).

18          Page 196-97, ¶ 305 (redacting the percentage).

19          Page 199, ¶ 308 (redacting the percentages).

20          15.    Specifically, the material in question discloses the confidential terms of agreements

21   between SEC and Google, the revenue from and success of the Galaxy Store, and Samsung's

22   strategy for the Galaxy Store.  It is SEC's practice to maintain this information as highly

23   confidential.  SEC's sealing request is narrowly tailored to select words and select sentences in

24   filings that are hundreds of pages long.

25          16.    **Exhibit 4 to Defendants' Motion to Exclude Opinions of Marc Rysman, ECF**

26   **No. 484:** The following pages and lines contain sensitive, confidential information of SEC that

27   should remain under seal:

28          Page 87-88, ¶ 153 (starting after "Galaxy Store have" through the end of the sentence).

1         Page 131, ¶ 240 (redacting the percentages).

2         Page 148, ¶ 271 (redacting the percentages).

3         Page 148, ¶ 271 (starting after "Google's published rates" through the end of the sentence).

4         17.    Specifically, the material in question discloses the confidential terms of agreements

5 between SEC and third parties, the revenue from and success of the Galaxy Store, and Samsung's

6 strategy for the Galaxy Store.  It is SEC's practice to maintain this information as highly

7 confidential.  SEC's sealing request is narrowly tailored to select words and select sentences in

8 filings that are hundreds of pages long.

9         **18.**    **Appendix D to the Expert Report of Marc Rysman, ECF No. 484-3:** The column

10 titled "Pre-Install & Placement Requirements" in the table on pages 72-82 of Appendix D contains

11 confidential information of SEC that should remain under seal.  Specifically, the material in question

12 quotes the confidential terms of a contract between SEC and Google.  It is SEC's practice to maintain

13 as highly confidential all of its contracts with its partners.  SEC's sealing request is narrowly tailored

14 to just select portions of a table on select pages of Appendix D.

15

16         I declare under penalty of perjury of the laws of the United States of America that the

17 foregoing is true and correct. This declaration was executed this 30th day of August 2023, in

18 Suwon, Republic of Korea.

19

20

21

22         Kyu Sang Lee