| | |
|---|---|
| Karma M. Giulianelli (SBN 184175) | Brendan P. Glackin (SBN 199643) |
| karma.giulianelli@bartlitbeck.com | bglackin@agutah.gov |
| **BARTLIT BECK LLP** | **OFFICE OF THE UTAH ATTORNEY GENERAL** |
| 1801 Wewatta St., Suite 1200 | |
| Denver, CO 80202 | 160 E 300 S, 5th Floor |
| Telephone: (303) 592-3100 | P.O. Box 140872 |
| | Salt Lake City, UT 84114-0872 |
| Hae Sung Nam (*pro hac vice*) | Telephone: (801) 366-0260 |
| hnam@kaplanfox.com | |
| **KAPLAN FOX & KILSHEIMER LLP** | *Counsel for the Plaintiff States* |
| 850 Third Avenue | |
| New York, NY 10022 | Douglas J. Dixon (SBN 275389) |
| Telephone: (212) 687-1980 | ddixon@hueston.com |
| | **HUESTON HENNIGAN LLP** |
| *Co-Lead Counsel for Consumer Plaintiffs in In re Google Play Consumer Antitrust Litigation* | 620 Newport Center Drive, Suite 1300 |
| | Newport Beach, CA 92660 |
| | Telephone: (949) 229-8640 |
| Paul J. Riehle (SBN 115199) | |
| paul.riehle@faegredrinker.com | *Counsel for Plaintiffs Match Group, LLC, et al.* |
| **FAEGRE DRINKER BIDDLE & REATH LLP** | |
| Four Embarcadero Center, 27th Floor | |
| San Francisco, CA 94111 | |
| Telephone: (415) 591-7500 | |
| | |
| Christine A. Varney (*pro hac vice*) | |
| cvarney@cravath.com | |
| **CRAVATH, SWAINE & MOORE LLP** | |
| 825 Eighth Avenue | |
| New York, NY 10019 | |
| Telephone: (212) 474-1000 | |
| | |
| *Counsel for Plaintiff Epic Games, Inc. in Epic Games, Inc. v. Google LLC et al.* | |

[Additional counsel appear on signature page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION**<br><br>THIS DOCUMENT RELATES TO:<br><br>*Epic Games, Inc. v. Google LLC et al.*, Case No. 3:20-cv-05671-JD<br><br>*In re Google Play Consumer Antitrust Litigation*, Case No. 3:20-cv-05761-JD<br><br>*State of Utah et al. v. Google LLC et al.*, Case No. 3:21-cv-05227-JD<br><br>*Match Group, LLC et al. v. Google LLC et al.*, Case No. 3:22-cv-02746-JD | Case No. 3:21-md-02981-JD<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION PURSUANT TO RULE 37(c)(1) TO EXCLUDE TRIAL TESTIMONY BY CARSON OLIVER, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Judge: Hon. James Donato |

# NOTICE OF MOTION TO ALL PARTIES HEREIN

# AND THEIR ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE** that after conclusion of all briefing and on October 12, 2023 at 10:00 a.m., in Courtroom 11 of the above-entitled Court, located on the 19th floor of 450 Golden Gate Avenue, San Francisco, California 94102, before the Honorable James Donato, Plaintiffs will move to exclude trial testimony by Carson Oliver. This motion is based upon this Notice of Motion, the Memorandum of Points and Authorities filed herewith, the Proposed Order Granting Plaintiffs' Motion to Exclude Trial Testimony by Carson Oliver, the Declaration of Lauren A. Moskowitz (the "Moskowitz Decl."), all matters with respect to which this Court may take judicial notice, and such oral and documentary evidence as properly may be presented to the Court.

# RELIEF SOUGHT

Plaintiffs request that the Court exclude Carson Oliver from offering trial testimony pursuant to Rule 37(c)(1) of the Federal Rules of Civil Procedure and Paragraph 24 of this Court's Standing Order for Civil Cases.

On September 12, 2023, in its third and final exchange of expected trial witnesses, Google, *for the first time in this litigation*, disclosed that it may call Carson Oliver, an Apple employee, as a witness at trial.  Google never included Mr. Oliver in any of its eight iterations of required Rule 26(a)(1) disclosures.  Google never included Mr. Oliver—or indicated that it might call any Apple witness—in either of the first two witness lists it served.  Accordingly, Plaintiffs had no notice that Google would attempt to call *any* Apple witness at trial, much less Mr. Oliver specifically, before September 12, 2023, eight weeks before trial.  Rule 37(c)(1) prevents this type of gamesmanship and trial by ambush.  *Ollier v. Sweetwater*, 768 F.3d 843, 862 (9th Cir. 2014) ("The theory of disclosure under the Federal Rules of Civil Procedure is to encourage parties to try cases on the merits, not by surprise, and not by ambush.").  When the parties met and conferred, Google offered no excuse whatsoever for its late disclosure other than the assertion that the Parties have known all along that issues about Apple were relevant.  Indeed, Google would not even tell Plaintiffs anything about the areas of testimony Google intends Mr. Oliver to provide.  Google's only justification was a half-hearted attempt to equate its conduct with Plaintiffs' disclosures, which were in fact far more prompt and informative than Google's.  Rule 37(c)(1) mandates the automatic exclusion of Google's belatedly disclosed witness.  *See* Fed. R. Civ. P. 37 advisory committee's note to 1993 amendment (exclusion is an "automatic sanction").

I.  **Statement of Facts**

Google first served its Rule 26(a)(1) disclosures on November 9, 2020 and has amended its disclosures seven times since then.  (Moskowitz Decl. ¶ 4.)  Mr. Oliver, an Apple employee, has not appeared on any iteration of those disclosures; only Apple the entity was listed.  (*Id.*)  During discovery, Google sought Apple documents, which were produced.  (*Id.* ¶ 5.)  The parties have deposed more than 110 fact witnesses, but no Apple employee has been deposed, including Mr. Oliver.  (*Id.* ¶ 6.)  While the Parties agreed that a non-deposed witness might appear on a *timely* trial witness

list (*see* MDL Dkt. 171, ¶ 22) ("any individual identified by any opposing Party as a trial witness who has not already been deposed shall be made available for Deposition by the opposing Party reasonably in advance of trial"), that did not relieve the Parties of the obligation to make timely disclosures. Indeed, even if Plaintiffs had deposed every individual listed by Google on its Rule 26(a)(1) disclosures, still they would not have deposed Mr. Oliver, because he was never disclosed by Google.

On July 27, August 24 and September 12, 2023, the Parties exchanged trial witness lists. (Moskowitz Decl. ¶ 7.) The Parties agreed to three rounds of witness disclosures so that each Party could respond to the previously exchanged disclosures by the other side as part of pre-trial exchanges. (*Id.*) Only in the final exchange—less than two months before trial—did Google for the first time identify Mr. Oliver as a witness that it may call at trial. (*Id.* ¶ 8.) This was textbook sandbagging; Google has not even attempted to defend its belated disclosure of Mr. Oliver as being in response to any witness or exhibit in Plaintiffs' prior two rounds of disclosures. (*Id.* ¶ 10.)

## II.   Legal Standard

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e) . . . the party ***is not allowed*** to use that . . . witness to supply evidence . . . at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1) (emphasis added). The sanction against testimony by witnesses who were not properly disclosed is ***automatic***; it is Google, not Plaintiffs, that "bears the burden of proving that its failure to disclose the required information was substantially justified or is harmless." *Fed. Trade Comm'n v. Meta Platforms Inc.*, 2022 WL 17553006, at *1 (N.D. Cal. Dec. 9, 2022); *see also* Fed. R. Civ. P. 37 advisory committee's note to 1993 amendment (Rule 37(c) "provides a self-executing sanction for failure to make a disclosure required by Rule 26(a), ***without need for a motion***" (emphasis added)).

"In determining whether to preclude the introduction of evidence pursuant to Rule 37, courts consider: (1) the surprise to the party against whom the evidence would be offered; (2) the ability of

that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence, and (5) the nondisclosing party's explanation for [the] failure to disclose the evidence." *Pinterest, Inc. v. Pintrips, Inc.*, 2015 WL 2268498, at *7 (N.D. Cal. May 14, 2015) (alteration in original). Applying these standards, courts "generally" tend to exclude testimony by witnesses who are not included on a party's Rule 26(a)(1) disclosures. *E.g.*, *Mendoza v. Intuitive Surgical, Inc.*, 2021 WL 1910886, at *3 (N.D. Cal. May 12, 2021) (collecting cases and noting that "the Court has generally excluded undisclosed witnesses").

### III.  Mr. Oliver Must Be Excluded from Testifying at Trial

All of the factors weigh overwhelmingly in Plaintiffs' favor.

*First*, failing to include Mr. Oliver on Google's Rule 26(a)(1) disclosures and its first two witness lists constitutes "surprise" by definition. *E.g.*, *Meta Platforms, Inc.*, 2022 WL 17553006, at *2 (failure to include witness on Rule 26(a)(1) disclosures satisfies "surprise" factor). The fact that the entity Apple was listed on Google's Rule 26(a)(1) disclosures—a company with tens of thousands of employees—and that Google sought documents from Apple does not change the fact that Mr. Oliver's last-minute inclusion on Google's third and final trial witness list was a complete surprise. No Apple employee was identified on any version of Google's Rule 26(a)(1) disclosures and, prior to September 12, the very last opportunity Google had to add *responsive* witnesses to its witness list, no Apple witness had appeared on any of the Parties' witness lists, nor even any Apple placeholder. (Moskowitz Decl. ¶¶ 4, 7-8.)

*Second*, this surprise disclosure cannot be cured. Fact discovery ended many months ago. (*See* MDL Dkt. 191.) Trial will commence in less than six weeks. (*See* MDL Dkt. 447.) Had Google disclosed Mr. Oliver in a timely manner, Plaintiffs could have conducted further discovery into Apple, and Mr. Oliver in particular, and may have been able to identify their own witness(es), from Apple or elsewhere, to rebut Mr. Oliver's testimony. Those opportunities are foreclosed by Google's last-

minute disclosure.

*Third*, and relatedly, any effort by Plaintiffs to cure this surprise would come at the expense of interrupting pretrial proceedings, further warranting Mr. Oliver's exclusion. *See Ollier*, 768 F.3d at 863 (affirming order excluding testimony by witnesses who were disclosed **10 months** before trial, and noting "[t]he late disclosure of witnesses throws a wrench into the machinery of trial. A party might be able to scramble to make up for the delay, but last-minute discovery may disrupt other plans."); *Pinterest*, 2015 WL 2268498, at *7 (excluding testimony and noting that "neither party could 'cure' the surprise of these new witnesses (which would entail deposing the belatedly identified witnesses and amending pretrial submissions in light of the new information) without significantly disrupting the trial proceedings"). The Plaintiffs are finalizing their pretrial materials due to the Court on October 5, 2023 and preparing for trial; there is no way to obtain discovery from Mr. Oliver without significantly interfering with these efforts.

*Fourth*, Google has not shown that Mr. Oliver has important testimony to offer. Indeed, Google has refused to give *any* explanation as to the expected scope of Mr. Oliver's testimony or its relevance to the case. (Moskowitz Decl. ¶ 10.)

*Fifth*, Google has offered no justification whatsoever for its belated disclosure of Mr. Oliver. Nothing in Plaintiffs' preliminary witness lists or other pretrial exchanges triggered his sudden inclusion, and Google has never indicated that Mr. Oliver's inclusion was in response to any disclosure made by Plaintiffs. (*Id.*) Indeed, Google refused to explain its eleventh-hour disclosure, nor could it, as it is not plausible that Google has only recently identified Mr. Oliver—an Apple employee of over a decade—as an important witness in this case. *See Meta Platforms, Inc.*, 2022 WL 17553006, at *2 (noting that "certainty is not the standard for disclosure", and "allowing litigants to evade their initial and supplemental disclosure obligations simply by claiming they had not yet made up their minds would eviscerate the meaning of Rule 26 disclosures").

### IV. Google's Goose/Gander Arguments Are a Red Herring

The only justification Google has offered for its conduct is that Plaintiffs had identified for trial two witnesses who had not appeared by name on Plaintiffs' Rule 26(a)(1) disclosures: Ben Simon, founder and CEO of Yoga Buddhi Co., developer of the app *Down Dog*; and Christian Owens, CEO and founder of Paddle, Inc., a third-party in-app payment solution provider. (*Id.* ¶¶ 11-12.) Contrary to Google's implication, the situations are nothing alike.

*First*, Yoga Buddhi and Paddle are not Apple; they are small companies each with a single line of business. Moreover, Messrs. Simon and Owens are well-known to Google; Yoga Buddhi and Paddle have appeared on Plaintiffs' Rule 26(a)(1) disclosures since December 2021, and Messrs. Simon and Owens, representing those two companies, respectively, offered testimony in recent litigation involving Epic: Mr. Simon testified publicly at trial in Epic's lawsuit against Apple, and Mr. Owens has provided witness statements in Epic's parallel litigation against Google in Australia and the United Kingdom. Accordingly, when the two founder CEOs were disclosed as their company representatives to testify at trial, Google never claimed any surprise.

*Second*, that disclosure was not made at the eleventh hour. Plaintiffs disclosed Messrs. Simon and Owens on their *first* witness list on July 27. The Parties then promptly proceeded to schedule their deposition. Mr. Simon has now been deposed by Google and Mr. Owens is scheduled to be deposed on October 10, 2023. (*Id.* ¶ 12.) Rather than sandbagging, that process is exactly what the agreements between the parties contemplated.

\*   \*   \*

Accordingly, the Court should exclude Mr. Oliver from offering testimony at trial; anything short of exclusion would interfere with the Parties' trial preparations and reward Google for its failure to comply with its disclosure obligations.

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO EXCLUDE TESTIMONY
Case Nos. 3:21-md-02981-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD; 3:22-cv-02746-JD
5

| | |
|---|---|
| Dated:  September 27, 2023 | CRAVATH, SWAINE & MOORE LLP<br>    Christine Varney *(pro hac vice)*<br>    Gary A. Bornstein *(pro hac vice)*<br>    Yonatan Even *(pro hac vice)*<br>    Lauren A. Moskowitz *(pro hac vice)*<br>    Justin C. Clarke *(pro hac vice)*<br>    Michael J. Zaken *(pro hac vice)*<br>    M. Brent Byars *(pro hac vice)*<br><br>FAEGRE DRINKER BIDDLE & REATH LLP<br>    Paul J. Riehle (SBN 115199)<br><br>Respectfully submitted,<br><br>By: */s/ Lauren A. Moskowitz*<br>    Lauren A. Moskowitz<br><br>*Counsel for Plaintiff Epic Games, Inc.* |
| Dated:  September 27, 2023 | BARTLIT BECK LLP<br>    Karma M. Giulianelli<br><br>KAPLAN FOX & KILSHEIMER LLP<br>    Hae Sung Nam<br><br>Respectfully submitted,<br><br>By: */s/ Karma M. Giulianelli*<br>    Karma M. Giulianelli<br><br>*Co-Lead Counsel for Consumer Plaintiffs in In re Google Play Consumer Antitrust Litigation* |
| Dated:  September 27, 2023 | PRITZKER LEVINE LLP<br>    Elizabeth C. Pritzker<br><br>Respectfully submitted,<br><br>By: */s/ Elizabeth C. Pritzker*<br>    Elizabeth C. Pritzker<br><br>*Liaison Counsel for Consumer Plaintiffs in In re Google Play Consumer Antitrust Litigation* |

| | | |
|---|---|---|
| Dated: September 27, 2023 | | OFFICE OF THE UTAH ATTORNEY GENERAL<br>Brendan P. Glackin<br>Lauren M. Weinstein |

Respectfully submitted,

By: /s/ Lauren M. Weinstein
Lauren M. Weinstein

*Counsel for the Plaintiff States*

Dated: September 27, 2023     HUESTON HENNIGAN LLP
Douglas J. Dixon
Christine Woodin
Joseph A. Reiter

Respectfully submitted,

By: /s/ Douglas J. Dixon
Douglas J. Dixon

*Counsel for Plaintiffs Match Group, LLC et al.*

**E-FILING ATTESTATION**

I, Lauren A. Moskowitz, am the ECF User whose ID and password are being used to file this document. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that each of the signatories identified above has concurred in this filing.

*/s/ Lauren A. Moskowitz*
Lauren A. Moskowitz