Karma M. Giulianelli (SBN 184175)
karma.giulianelli@bartlitbeck.com
**BARTLIT BECK LLP**
1801 Wewatta St., Suite 1200
Denver, CO 80202
Telephone: (303) 592-3100

Hae Sung Nam (*pro hac vice*)
hnam@kaplanfox.com
**KAPLAN FOX & KILSHEIMER LLP**
850 Third Avenue
New York, NY 10022
Telephone: (212) 687-1980

*Co-Lead Counsel for Consumer Plaintiffs in In re Google Play Consumer Antitrust Litigation*

Paul J. Riehle (SBN 115199)
paul.riehle@faegredrinker.com
**FAEGRE DRINKER BIDDLE & REATH LLP**
Four Embarcadero Center, 27th Floor
San Francisco, CA 94111
Telephone: (415) 591-7500

Christine A. Varney (*pro hac vice*)
cvarney@cravath.com
**CRAVATH, SWAINE & MOORE LLP**
825 Eighth Avenue
New York, NY 10019
Telephone: (212) 474-1000

*Counsel for Plaintiff Epic Games, Inc.*

Brendan P. Glackin (SBN 199643)
bglackin@agutah.gov
**OFFICE OF THE UTAH ATTORNEY GENERAL**
160 E 300 S, 5th Floor
P.O. Box 140872
Salt Lake City, UT 84114-0872
Telephone: (801) 366-0260

*Counsel for the Plaintiff States*

Douglas J. Dixon (SBN 275389)
ddixon@hueston.com
**HUESTON HENNIGAN LLP**
620 Newport Center Drive, Suite 1300
Newport Beach, CA 92660
Telephone: (949) 229-8640

*Counsel for Plaintiffs Match Group, LLC, et al.*

[Additional counsel appear on signature page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION**<br><br>THIS DOCUMENT RELATES TO:<br><br>*Epic Games, Inc. v. Google LLC et al.*, Case No. 3:20-cv-05671-JD<br><br>*In re Google Play Consumer Antitrust Litigation*, Case No. 3:20-cv-05761-JD<br><br>*State of Utah et al. v. Google LLC et al.*, Case No. 3:21-cv-05227-JD<br><br>*Match Group, LLC et al. v. Google LLC et al.*, Case No. 3:22-cv-02746-JD | Case No. 3:21-md-02981-JD<br><br>**DECLARATION OF LAUREN A. MOSKOWITZ IN SUPPORT OF PLAINTIFFS' MOTION PURSUANT TO RULE 37(c)(1) TO EXCLUDE TRIAL TESTIMONY BY CARSON OLIVER**<br><br>Judge: Hon. James Donato |

I, Lauren A. Moskowitz, declare as follows:

1. I am a Partner at Cravath, Swaine & Moore LLP, counsel to Epic Games, Inc. ("Epic") in the above-captioned actions.

2. I am admitted to appear before this Court *pro hac vice*. I submit this Declaration in support of Plaintiffs' Motion Pursuant to Rule 37(c)(1) to Exclude Trial Testimony by Carson Oliver.

3. I have personal knowledge of the facts set forth in this Declaration except as stated otherwise. If called as a witness, I could and would competently testify to these facts under oath.

4. Google first served its Rule 26(a)(1) disclosures on November 9, 2020 and has amended its disclosures seven times since then, most recently on August 25, 2023. Mr. Oliver is not identified by name on any version of these Rule 26(a)(1) initial disclosures. Apple as an entity was listed, but not a single Apple employee was named.

5. While fact discovery was still open, Google served a document subpoena on Apple, pursuant to which Apple produced documents.

6. 113 fact witnesses have been deposed in this case. No Apple employee has been deposed in this MDL, including Mr. Oliver.

7. The Parties exchanged trial witness lists on July 27, August 24 and September 12, 2023. I have been told by counsel who participated in discussions concerning these exchanges that the Parties agreed to three rounds of witness disclosures so that each Party could respond to the previously exchanged disclosures by the other side as part of pre-trial exchanges.

8. Mr. Oliver was not listed on Google's first witness list that was served on July 27, 2023. Nor was Mr. Oliver listed on Google's second witness list it served on August 24, 2023, four weeks after receiving Plaintiffs' first witness list. Mr. Oliver was not named as a witness until Google listed him as a witness Google "may call" in Google's third witness list, served on September 12, 2023. Prior to September 12, 2023, no Apple witness had appeared on any of the Parties' witness lists.

9. Following Google's disclosure of Mr. Oliver on its September 12, 2023 witness list, Plaintiffs promptly objected to his inclusion and requested that he be removed from the witness list because Rule 37(c)(1) bars his testimony. Specifically, on September 14, 2023, Plaintiffs requested that Mr. Oliver be dropped from Google's witness lists both via email and during a meet and confer.

10. The Parties also met and conferred regarding Mr. Oliver's testimony (among other issues) on September 19, 2023. During that meet and confer, Google's counsel refused to give any explanation as to the expected scope of Mr. Oliver's testimony. Google's counsel also did not identify any witness, exhibit or other material included in Plaintiffs' prior pre-trial exchanges to which Mr. Oliver's testimony would be responsive.

11. When asked for a justification for including Mr. Oliver on the September 12, 2023 witness list, Google's counsel cited Plaintiffs' inclusion on their initial July 27, 2023 witness list of individuals who had not been included by name on the Plaintiffs' Rule 26(a)(1) initial disclosures. Google had not previously raised any issue with the inclusion of these individuals on Plaintiffs' witness list other than to seek their deposition.

12. Ben Simon, founder and CEO of Yoga Buddhi Co., developer of the app *Down Dog*, was deposed by Google on September 19, 2023. Christian Owens, CEO and founder of Paddle, Inc., a third-party in-app payment solution provider, is currently scheduled to be deposed on October 10, 2023.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 27th day of September, 2023, in New York, New York.

*/s/ Lauren A. Moskowitz*
Lauren A. Moskowitz