JENNIFER KELLY (CSB No. 193416)
jennifer@tyzlaw.com
RYAN TYZ (CSB No. 234895)
ryan@tyzlaw.com
ERIN JONES (CSB No. 252947)
ejones@tyzlaw.com
CIARA MCHALE (CSB No. 293308)
ciara@tyzlaw.com
SEAN APPLE (CSB No. 305692)
sapple@tyzlaw.com
TYZ LAW GROUP PC
4 Embarcadero Center, 14th Floor
San Francisco, CA 94111
Telephone: 415.849.3578

Attorneys for Defendant
Supercell Oy

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION**<br><br>THIS DOCUMENT RELATES TO:<br><br>*Epic Games, Inc. v. Google LLC et al.,* Case No. 3:20-cv-05671-JD<br><br>*In re Google Play Consumer Antitrust Litigation*, Case No. 3:20-cv-05761-JD<br><br>*State of Utah et al. v. Google LLC et al.*, Case No. 3:21-cv-05227-JD<br><br>*Match Group, LLC, et al, v. Google LLC, et al.*, Case No. 3:22-cv-02746-JD | Case No:  3:21-md-02981-JD<br><br>**NON-PARTY SUPERCELL OY'S STATEMENT IN SUPPORT OF ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED (ECF NO. 609)**<br><br>Judge: Hon. James Donato |

Pursuant to Civil Local Rule 79-5(f)(3) and 79-5(c)(1), Non-Party Supercell Oy ("Supercell") files this Statement in Support of Plaintiffs' Administrative Motion to Consider Whether Another Party's Materials Should Be Sealed Relating to Plaintiffs' Proposed Remedy Re Google's Destruction of Chat Evidence, filed in this matter at ECF No. 609. Specifically, Supercell requests that the following materials be sealed: Page 10, rows 21–25, of Plaintiffs' Proposed Remedy Re Google's Destruction of Chat Evidence ("Plaintiffs' Brief") and pages 178–179 (deposition transcript pages) of Exhibit 27 to the Declaration of Lauren A. Moskowitz ("Moskowitz Declaration"), filed in *In re Google Play Store Antitrust Litigation,* No. 21-md-02981-JD (N.D. Cal) ("MDL") at ECF No. 608; in *In re Google Play Consumer Antitrust Litigation*, No. 3:20-cv-05761-JD (N.D. Cal) at ECF No. 459, in *State of Utah, et al. v. Google LLC et al.*, No. 3:21-cv-05227-JD (N.D. Cal.) at ECF No. 448, in *Match Group, LLC et al. v. Google LLC et al.*, No. 3:22-cv-02746-JD (N.D. Cal.) at ECF No. 195; and in *Epic Games, Inc. v. Google LLC et al.*, No. 3:20-cv-05671-JD (N.D. Cal.) at ECF No. 440.

As set forth below, Supercell seeks to keep this information under seal because: (i) Supercell has legitimate interests in maintaining the confidentiality of its sensitive business information; (ii) revealing this information publicly would provide an advantage to Supercell's competitors and Defendants' competitors adverse to Supercell, or otherwise harm Supercell's business; and (iii) there is no less restrictive alternative sufficient to protect Supercell's legitimate interests than the sealing proposed by Defendants and seconded by Supercell in this statement. *See* Civ. L.R. 79-5(c)(1). As such, there are both good cause and compelling reasons to keep Supercell's information sealed.

Page 10, rows 21–25, of Plaintiffs' Brief and pages 178–179 (deposition transcript pages) of Exhibit 27 to the Moskowitz Declaration both contain similar highly confidential/sensitive business information, including information relating to Supercell's business relationship with Google and highly confidential and commercially sensitive financial information, that Supercell keeps confidential in the ordinary course of its business. *See* September 28, 2023 Declaration of Markku Ignatius ("Ignatius Decl.") ¶ 3.

The Federal Rules contemplate sealing information like the above that reflects confidential business and competitively sensitive information, and courts routinely seal such information, including highly confidential and commercially sensitive financial information. *See, e.g.*, Fed. R. Civ. P. 26(c)(1)(G) (a Court may order that "trade secret or other confidential research, development, or commercial information not be revealed"); *Hunt v. Cont'l Cas. Co.*, No. 13-CV-05966-HSG, 2015 WL 5355398, at *2 (N.D. Cal. Sept. 14, 2015) (granting motion to seal sensitive financial information); *Transperfect Global, Inc. v. MotionPoint Corp.*, No. 10–cv–02590–CW, 2014 WL 4950082, at *1 (N.D.Cal. Sept. 25, 2014) (same); *City of Birmingham Relief & Ret. Sys. v. Hastings*, No. 18-CV-02107-BLF, 2019 WL 3815720, at *1 (N.D. Cal. Mar. 4, 2019) (sealing streaming revenues due to potential competitive and business harm); *Space Data Corp. v. Alphabet Inc.*, No. 16-CV-03260-BLF, 2019 WL 8012582, at *1 (N.D. Cal. July 17, 2019) (sealing information including confidential business development practices, competitively sensitive information, and sensitive information pertaining to third party partners, whose disclosure could expose the party to competitive harm); *See In re Google Play Store Antitrust Litigation,* Order re Motion to Stay and Renewed Application to Seal, Case No. 3:21-cv-05227-JD, ECF No. 140 (N.D. Cal. Aug. 25, 2021) (permitting sealing of "specific deal terms that might be used against [an entity] in other negotiations and deals"). Sealing is especially warranted here given that the Supercell information described above is being provided to the Court for its consideration in ruling on a non-dispositive motion, rather than a dispositive motion, and as such only "good cause" needs be shown to justify the sealing. *See* ECF No. 609 at 1 (noting that the information is being submitted in Plaintiffs' Proposed Remedy re Google's Destruction of Chat Evidence); *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) ("A "good cause" showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions").

Supercell's request to seal its information is narrowly tailored because it proposes to seal only the information necessary to protect Supercell's legitimate interests, namely Page 10, rows 21–25, of Plaintiffs' Brief and pages 178–179 (deposition transcript pages) of Exhibit 27 to the Moskowitz Declaration. Supercell does not seek sealing of any other information. The disclosure of this material is likely to result in competitive or commercial disadvantage to Supercell by giving confidential information about Supercell's commercial relationships that its competitors and

business partners will use to gain a competitive advantage over Supercell. Ignatius Decl. ¶ 3. For these reasons, Supercell requests that the Court grant the Plaintiffs' motion to seal filed at ECF No. 609, as it pertains to Supercell's information at Page 10, rows 21–25, of Plaintiffs' Brief and pages 178–179 (deposition transcript pages) of Exhibit 27 to the Moskowitz Declaration.

Dated: September 28, 2023

Respectfully submitted,

*/s/ Ciara McHale*
Ciara McHale

Attorneys for Non-Party
Supercell Oy