```
1    JENNIFER KELLY (CSB No. 193416)
     jennifer@tyzlaw.com
2    RYAN TYZ (CSB No. 234895)
     ryan@tyzlaw.com
3    ERIN JONES (CSB No. 252947)
     ejones@tyzlaw.com
4    CIARA MCHALE (CSB No. 293308)
     ciara@tyzlaw.com
5    SEAN APPLE (CSB No. 305692)
     sapple@tyzlaw.com
6    TYZ LAW GROUP PC
     4 Embarcadero Center, 14th Floor
7    San Francisco, CA 94111
     Telephone: 415.849.3578
8
     Attorneys for Defendant
9    Supercell Oy
```

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION**<br><br>THIS DOCUMENT RELATES TO:<br><br>*Epic Games, Inc. v. Google LLC et al.*, Case No. 3:20-cv-05671-JD<br><br>*In re Google Play Consumer Antitrust Litigation*, Case No. 3:20-cv-05761-JD<br><br>*State of Utah et al. v. Google LLC et al.*, Case No. 3:21-cv-05227-JD<br><br>*Match Group, LLC, et al, v. Google LLC, et al.*, Case No. 3:22-cv-02746-JD | Case No:   3:21-md-02981-JD<br><br>**DECLARATION OF MARKKU IGNATIUS RE SUPERCELL OY'S STATEMENT IN SUPPORT OF ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED (ECF NO. 609)**<br><br>Judge: Hon. James Donato |

I, Markku Ignatius, hereby declare as follows:

1.  I have been employed by Supercell Oy ("Supercell") since 2013. My current title is General Counsel & Public Affairs. Among other responsibilities, I lead Supercell's legal team. I have personal knowledge of matters set forth in this declaration and, if called to testify as a witness, would be competent to testify as follows.

2.  I have been informed that Supercell Oy information has been submitted for filing in this matter on Page 10, rows 21–25, of Plaintiffs' Proposed Remedy Re Google's Destruction of Chat Evidence and pages 178–179 (deposition transcript pages) of Exhibit 27 to the Declaration of Lauren A. Moskowitz, filed in *In re Google Play Store Antitrust Litigation,* No. 21-md-02981-JD (N.D. Cal) ("MDL") at ECF No. 608; in *In re Google Play Consumer Antitrust Litigation*, No. 3:20-cv-05761-JD (N.D. Cal) at ECF No. 459, in *State of Utah, et al. v. Google LLC et al.*, No. 3:21-cv-05227-JD (N.D. Cal.) at ECF No. 448, in *Match Group, LLC et al. v. Google LLC et al.*, No. 3:22-cv-02746-JD (N.D. Cal.) at ECF No. 195; and in *Epic Games, Inc. v. Google LLC et al.*, No. 3:20-cv-05671-JD (N.D. Cal.) at ECF No. 440.

3.  I have reviewed Page 10, rows 21–25, of the two-page excerpt of Plaintiffs' Proposed Remedy Re Google's Destruction of Chat Evidence ("Plaintiffs' Brief") and the three-page excerpt of Exhibit 27 to the Declaration of Lauren A. Moskowitz ("Moskowitz Declaration"), which I understand were filed in this matter as described above at ECF No. 608. The two-page excerpt of Plaintiffs brief that was provided to me and that I reviewed included text highlighted on Page 10, rows 21–25, with certain other portions redacted. The three-page excerpt of Exhibit 27 to the Moskowitz Declaration included a cover page titled "Exhibit 27" followed by two pages, pages 178 and 179, from a deposition transcript. I understand that the information in these excerpts is information that Plaintiffs in this action are seeking to file under seal. These rows of the brief and deposition pages contain Supercell's confidential information, including information that reflects highly confidential/sensitive business information relating to Supercell's business relationship with Google and highly sensitive financial information, that Supercell keeps confidential in the ordinary course of its business. Supercell views this information as confidential and sensitive business and financial information, has not made it public (nor is it

public, to Supercell's knowledge), and the disclosure of this information is likely to result in competitive or commercial disadvantage to Supercell. If these portions of the brief and deposition transcript were to be made public, Defendants' competitors (for example, platforms operated by third parties competitive with Defendants where Supercell offers its games) could glean information about Supercell's business relationship with Defendants and use this information in negotiations with Supercell to gain a competitive advantage at Supercell's expense. Disclosure of this information would also likely harm Supercell by harming its bargaining position with third party platforms, and could give its competitors the ability to undercut Supercell and unfairly win additional business.

      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

      Executed on September 28, 2023.

                                                  */s/Markku Ignatius*
                                                  Markku Ignatius

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)**

I, Ciara McHale, attest that concurrence in the filing of this document has been obtained from the other signatory. I declare under penalty of perjury that the foregoing is true and correct. Executed on September 28, 2023.

                                         */s/ Ciara McHale*
                                         Ciara McHale