MUNGER, TOLLES & OLSON LLP
LISA J. DEMSKY (SB#186006)
Lisa.demsky@mto.com
350 South Grand Avenue, 50th Floor
Los Angeles, California 90071-3426
Tel: (213) 683-9100
Facsimile: (213) 683-3702

Attorneys for Non-Party Riot Games, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION | Case No. 21-md-02981-JD<br><br>**DECLARATION OF DAN NABEL IN SUPPORT OF SEALING THIRD-PARTY RIOT GAMES' CONFIDENTIAL INFORMATION AND DOCUMENTS REFERENCED IN DOCKET NO. 609 AND CONTAINED IN DOCKET NO. 608** |

I, Dan Nabel, declare as follows:

1.      I am the Associate General Counsel for non-party Riot Games, Inc. ("Riot").  I have been employed by Riot in the Legal Department since 2015.  Based on my responsibilities and experience at Riot I am familiar with Riot's treatment and protection of confidential information, including highly sensitive financial information and deal terms.  I am over the age of 18 and competent to testify to the matters in this Declaration. I make this Declaration on the basis of my personal knowledge.

2.      In response to a subpoena, non-party Riot games produced certain documents in this litigation, including internal presentations regarding the use and exchange of services provided by Google and Riot's business strategy related to certain agreements with Google. Pursuant to the Protective Order entered in this case, Riot designated the documents as "Non-Party Highly Confidential - Outside Counsel Eyes Only."

3.      On September 26, 2023, counsel for Google in the above-captioned MDL proceeding informed Riot that a filing that had been made by Epic Games the prior week, on September 21, 2023, contained Riot's confidential information, currently under seal, designated as "Non-Party Highly Confidential - Outside Counsel Eyes Only" in accordance with the operative protective order.  On September 27, 2023, following an inquiry from counsel for Riot, counsel for Epic Games provided Riot with Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should Be Sealed Under Local Rule 79-5(f), Docket No. 609, the Declaration of Lauren A. Moskowitz in Support of Plaintiffs' Proposed Remedy Re Google's Destruction of Chat Evidence, Docket No. 608-1, and a redacted version of Plaintiffs' Proposed Remedy Re Google's Destruction of Chat Evidence, Docket No. 608.

4.   Riot files this Declaration in support of maintaining the sealing and confidentiality of the following items filed under seal in connection with Epic's filing in Docket No. 608, Plaintiffs' Proposed Remedy Re Google's Destruction of Chat Evidence.  The items are listed below with a generalized description to maintain their confidentiality, given that this Declaration will be filed publicly:

a.  Dkt. No. 608, Exhibit 6: contains confidential internal business and financial analysis of deal by non-party Riot and financial and other terms of agreement.

b.  Dkt. No. 608, Exhibit 7: contains confidential business and financial information relating to non-party Riot and financial and other terms of agreement.

c.  Dkt. No. 608, Exhibit 11: contains confidential terms of agreement.

d.  Dkt. No. 608, Exhibit 15: contains confidential terms of agreement.

e.  Dkt. No. 608, Exhibit 17: contains confidential terms of agreement.

f.  Dkt. No. 608, Plaintiffs' Proposed Remedy Re Google's Destruction of Chat Evidence: Page 10, lines 18-20:  contains descriptions of contents of Exhibit 6 and Exhibit 17, including financial terms of agreement and confidential internal business and financial analysis.

g.  Dkt. No. 608, Plaintiffs' Proposed Remedy Re Google's Destruction of Chat Evidence: Page 10, lines 15-18:  contains description of contents of Exhibit 7, including financial terms of agreement.

5.      Riot's statement of the applicable legal standard is as follows: Although the public enjoys a general right to inspect and copy public records, including judicial records, "access to judicial records is not absolute." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).  The presumption in favor of access to judicial records may be overcome by "compelling reasons" that justify sealing them, such as the need to prevent court filings from serving as "sources of business information that might harm a [company's] competitive standing." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (*quoting Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598-99 (1978)).  Specifically, if revealing "confidential business material, marketing strategies, [and] product development plans could result in improper use by business competitors seeking to replicate [the company's] business practices and circumvent the time and resources necessary in developing their own practices and strategies," a court may seal the materials in question.  *Roley v. Google LLC*, No. 18-cv-07537-BLF, 2020 WL 13517498, at *1 (N.D. Cal. Apr. 28, 2020) (*quoting Algarin v. Maybelline, LLC*, No. 12CV3000 AJB DHB, 2014 WL 690410, at *3 (S.D. Cal. Feb. 21, 2014)).

6.      The information containing non-party Riot's internal confidential business and financial analysis of terms and benefits to Riot from agreements with Google, as well as the terms of those agreements themselves, is highly confidential and proprietary information that should be maintained under seal.  Riot does not disclose this information in the ordinary course of business, nor is this information generally available to employees of Riot.  Riot takes steps to limit the disclosure of the information to those employees whose job responsibilities require it and shield the information from public disclosure.  In addition, this highly confidential and proprietary information, if publicly disclosed, could be utilized by Riot's competitors to Riot's commercial detriment in negotiations and future business transactions.  This is especially true because the descriptions of some of the financial terms in the above-referenced documents may be inaccurate and/or misleading without further context, which context also is highly confidential and non-public.

7.      The sealing of Riot's confidential business information is necessary to prevent these competitive harms to non-party Riot.  There is no less restrictive alternative that would be

sufficient to prevent competitive harm to Riot from the disclosure of Riot's confidential information.  The details of Riot's agreements with vendors and its business strategies relating to those agreements are unique, and the redaction of some terms or elements of strategy and the disclosure of others would erode Riot's competitive standing.   Moreover, the sealing request is narrowly tailored to the confidential business information of Riot.  Additionally, no party to this action has expressed an intent to oppose Riot's request to keep this information under seal.

I CERTIFY UNDER PENALTY OF PERJURY that the foregoing is true and correct.

EXECUTED at Los Angeles, California this 27th day of September, 2023

Dan Nabel

DECLARATION ISO OF SEALING THIRD-PARTY RIOT GAMES' CONFIDENTIAL DOCUMENTS