| | |
|---|---|
| Karma M. Giulianelli (SBN 184175)<br>karma.giulianelli@bartlitbeck.com<br>**BARTLIT BECK LLP**<br>1801 Wewetta St., Suite 1200<br>Denver, Colorado 80202<br>Telephone: (303) 592-3100<br><br>Hae Sung Nam (*pro hac vice*)<br>hnam@kaplanfox.com<br>**KAPLAN FOX & KILSHEIMER LLP**<br>850 Third Avenue<br>New York, NY 10022<br>Tel.: (212) 687-1980<br><br>*Co-Lead Counsel for the Proposed Class in In re Google Play Consumer Antitrust Litigation*<br><br>Paul J. Riehle (SBN 115199)<br>paul.riehle@faegredrinker.com<br>**FAEGRE DRINKER BIDDLE & REATH LLP**<br>Four Embarcadero Center, 27th Floor<br>San Francisco, CA 94111<br>Telephone: (415) 591-7500<br><br>Christine A. Varney (*pro hac vice*)<br>cvarney@cravath.com<br>**CRAVATH, SWAINE & MOORE LLP**<br>825 Eighth Avenue<br>New York, New York 10019<br>Telephone: (212) 474-1000<br><br>*Counsel for Plaintiff Epic Games, Inc. in Epic Games, Inc. v. Google LLC et al.* | Brendan P. Glackin (SBN 199643)<br>bglackin@agutah.gov<br>**OFFICE OF THE UTAH ATTORNEY GENERAL**<br>160 E 300 S, 5th Floor<br>PO Box 140872<br>Salt Lake City, UT 84114-0872<br>Telephone: (801) 366-0260<br><br>*Counsel for the Plaintiff States*<br><br>Douglas J. Dixon (SBN 275389)<br>ddixon@hueston.com<br>**HUESTON HENNIGAN LLP**<br>620 Newport Center Drive, Suite 1300<br>Newport Beach, CA 92660<br>Telephone: (949) 229-8640<br><br>*Counsel for Plaintiffs Match Group, LLC, et al.*<br><br>Glenn D. Pomerantz (SBN 112503)<br>glenn.pomerantz@mto.com<br>**MUNGER, TOLLES & OLSON LLP**<br>350 South Grand Avenue, Fiftieth Floor<br>Los Angeles, California 90071<br>Telephone: (213) 683-9100<br><br>Brian C. Rocca (SBN 221576)<br>brian.rocca@morganlewis.com<br>**MORGAN, LEWIS & BOCKIUS LLP**<br>One Market, Spear Street Tower<br>San Francisco, CA 94105-1596<br>Telephone: (415) 442-1000<br><br>*Counsel for Defendants Google LLC et al* |

[Additional counsel appear on signature page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION**<br><br>This Document Relates To:<br><br>*Epic Games, Inc. v. Google LLC et al.*, Case No. 3:20-cv-05671-JD<br><br>*In re Google Play Consumer Antitrust Litigation*, Case No. 3:20-cv-05761-JD<br><br>*State of Utah et al. v. Google LLC et al.*, Case No. 3:21-cv-05227-JD<br><br>*Match Group, LLC et al. v. Google LLC et al.*, Case No. 3:22-cv-02746-JD | Case No. 3:21-md-02981-JD<br><br>**JOINT PROPOSED JURY QUESTIONNAIRE**<br><br>Judge:  Hon. James Donato |

Subject to limited objections identified below, the Parties jointly propose the following case-specific questions to be added to the Court's standard online, pre-service questionnaire for prospective jurors.

**I.      JOINT PROPOSED QUESTIONNAIRE**

1.  What are the specific duties and responsibilities of your job?

2.  Do you have either strong positive or negative feelings about any of the following companies?

    a.   Epic Games: ☐ Yes (Strong Positive) ☐ Yes (Strong Negative) ☐ No

    b.   Match Group (Match, Tinder, OkCupid, PlentyofFish, and OurTime) : ☐ Yes (Strong Positive) ☐ Yes (Strong Negative) ☐ No

    c.   Google: ☐ Yes (Strong Positive) ☐ Yes (Strong Negative) ☐ No

    If you answered Yes for any of the above, please explain:

3.  Do you own, or have you owned, a phone or other mobile device that uses the following operating systems. Check all that apply.

    ```
    Apple Phone          Current___  Past____
    Android Phone        Current___  Past____
    Other                Current___  Past____
    None – I haven't owned a phone or other mobile device____
    ```

    If you checked any of the above, please list the devices (e.g., iPhone 12, Samsung Galaxy S23, Motorola Moto G, Google Pixel 6, etc.):

    If you have downloaded apps onto your phone, from where have you downloaded those apps. Check all that apply.

    ```
    Apple App Store      ☐
    Google Play Store    ☐
    Other_____          ☐
    ```

    If you checked other, please list where you have downloaded apps: _____

    If you checked Google Play Store, please describe your use now or in the past and describe whether you have had an especially good or bad experience:

4.  Have you ever spent money on the following:

    ```
    Online Gaming                                                Yes___ No____
    Online Dating                                                Yes___ No____
    Subscriptions to online content                              Yes___ No____
    Other online digital content (E.g., e-books, songs, etc.)    Yes___ No____
    ```

    If you answered Yes for any of the above, how often do you spend money on online gaming, online dating, subscriptions to online content or other online digital content?

-3-

JOINT PROPOSED JURY QUESTIONNAIRE
Case Nos. 3:21-md-02981-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD; 3:22-cv-02746-JD

☐ Not at all ☐ Not very often ☐ Sometimes ☐ Often ☐ Very Often

5. Have you ever used an online dating app on your phone or other mobile devices?

    Yes ☐

    No ☐

If yes, please explain which app(s) you have used, for how long, and your overall experience (positive / negative, etc.):

If you have ever spent money on online dating, did you make the purchase in the app, on a website, or both?:

6. Have you, or someone you closely know, ever developed an application ("app") for a smartphone or other mobile device? ☐ Yes ☐ No

If yes, please describe:

7. As part of your employment, have you ever worked for or with a company that develops applications ("apps") for smartphones or other mobile devices? ☐ Yes ☐ No

If yes, please describe:

8. Do you have any education, or have you received any training, in antitrust laws, whether at work or at school? ☐ Yes ☐ No

If yes, please describe:

9. Have you or anyone close to you ever been involved in any way with an antitrust matter or dispute? ☐ Yes ☐ No

If yes, please describe:

10. Please list your social, political, non-profit, professional, trade, civic, or religious organizations, clubs, groups, or other affiliations, any offices or leadership positions you have held.

11. Have you, a family member, or someone close to you ever had any education, training, work, or other experience involving the following? Circle all that apply.

    a. Tech Industry: Yes, self / Yes, family / Yes, someone close

    b. Law / legal field: Yes, self / Yes, family / Yes, someone close

    c. Contracts: Yes, self / Yes, family / Yes, someone close

    d. Data management or analysis: Yes, self / Yes, family / Yes, someone close

    e. Data security: Yes, self / Yes, family / Yes, someone close

    f. Computer science, programming, or engineering: Yes, self / Yes, family / Yes, someone close

    g. Online games / dating services / mobile applications: Yes, self / Yes, family / Yes, someone close

-4-

JOINT PROPOSED JURY QUESTIONNAIRE
Case Nos. 3:21-md-02981-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD; 3:22-cv-02746-JD

      h.      Information technology: Yes, self / Yes, family / Yes, someone close

      i.      Statistics: Yes, self / Yes, family / Yes, someone close

If you checked any of the above, please identify the person and describe the training or experience:

12.    Where do you get most of your news? (circle all that apply)

      a.      Newspaper (which ones?):

      b.      TV(channels?):

      c.      Social Media (which platforms – e.g., Facebook, Twitter, Instagram?):

      d.      Radio or Podcasts (what programs?):

      e.      Magazines (which ones?):

      f.      Other Sources?:

## II. **GOOGLE'S OBJECTIONS**

**Question 3:** Google objects to the following subparts to Question 3:

- "If you have downloaded apps onto your phone, from where have you downloaded those apps. Check all that apply. "

- "If you checked other, please list where you have downloaded apps."

- "If you checked Google Play Store, please describe your use now or in the past and describe whether you have had an especially good or bad experience."

Google submits that these subparts are inappropriate for a questionnaire and are prejudicial to Google. First, the questions are unnecessary and impose a burden on prospective jurors to complete potentially lengthy narrative answers. Prospective jurors will have already identified the operating system of their current and former mobile devices, making additional questions about where jurors download apps partially redundant (Apple iPhones can only download apps from Apple's App Store). For prospective jurors who check "Other," Plaintiffs' proposed question would require them to list out every place, including websites, from where they ever downloaded an app. Similarly, the questions ask prospective jurors to describe their use and experience of the Google Play store in narrative form, which is unnecessarily burdensome for prospective jurors.

Second, the subparts are prejudicial to Google because they imply that the Google Play store is the only Android app store, notwithstanding the fact that a substantial majority of Android phones sold in the United States are preloaded with more than one app store (such as the Samsung Galaxy Store).  The last subpart unfairly seeks prospective jurors' "especially good or bad experience[s]" with the Google Play store, but not any other sources of Android apps, such as the Galaxy Store or Plaintiff Epic's "Epic Games App."  Any potentially relevant information that could be gleaned from this question related to bias for or against Google is already covered in question 2, which asks in a more balanced fashion about prospective jurors' opinions about all of the parties in the case.

**Question 5:** Google objects to the portion of Question 5 that states, "If you have ever spent money on online dating, did you make the purchase in the app, on a website, or both?"  This question is unnecessary because Question 4 already will elicit information about which prospective jurors spent money on online dating.

### III.   PLAINTIFFS' RESPONSES

**Question 3**: The subparts to this question seek additional clarifying information about a prospective juror's familiarity with various app stores and the process for downloading applications.  These subparts do not impose an undue burden on prospective jurors and are comparable to other questions, to which Google has not objected, that ask prospective jurors to give an explanation for a "yes" answer.  (*See* Questions 6-9.)  The Parties have an interest in understanding a prospective juror's experience with app stores and the downloading of applications, and their general technological capabilities, which are important topics in this case.

There is no prejudice to Google from listing the Google Play Store and asking prospective jurors about their experiences with it.  The Google Play Store is obviously central to this litigation, making prospective jurors' interactions and familiarity with it relevant information for the Parties in jury selection.

**Question 5:**   The subpart to this question seeks information that is distinct from Question 4, namely whether prospective jurors who have spent money on online dating made those

purchases on an app, on a website, or both. Question 4, on the other hand, asks only whether and how often prospective jurors have spent money on online dating. Because this subpart seeks unique information, it is not unnecessary.

Dated: October 2, 2023

CRAVATH, SWAINE & MOORE LLP
  Christine Varney (pro hac vice)
  Gary A. Bornstein (pro hac vice)
  Timothy G. Cameron (pro hac vice)
  Yonatan Even (pro hac vice)
  Lauren A. Moskowitz (pro hac vice)
  Justin C. Clarke (pro hac vice)
  Michael J. Zaken (pro hac vice)
  M. Brent Byars (pro hac vice)

FAEGRE DRINKER BIDDLE & REATH LLP
  Paul J. Riehle (SBN 115199)

Respectfully submitted,

By:   /s/   *Gary A. Bornstein*
         Gary A. Bornstein

         *Counsel for Plaintiff Epic Games, Inc.*

Dated: October 2, 2023

BARTLIT BECK LLP
  Karma M. Giulianelli

KAPLAN FOX & KILSHEIMER LLP
  Hae Sung Nam

Respectfully submitted,

By:   /s/   *Karma M. Giulianelli*
         Karma M. Giulianelli

         *Co-Lead Counsel for the Class in In re Google Play Consumer Antitrust Litigation*

| | |
|---|---|
| Dated: October 2, 2023 | OFFICE OF THE UTAH ATTORNEY GENERAL<br><br>Brendan P. Glackin<br>Lauren Weinstein<br><br>Respectfully submitted,<br><br>By:  /s/ *Lauren Weinstein*<br>        Lauren Weinstein<br><br>*Counsel for Plaintiff States* |
| Dated: October 2, 2023 | HUESTON HENNIGAN LLP<br>    Douglas J. Dixon<br>    Christine Woodin<br>    Joseph A. Reiter<br><br>Respectfully submitted,<br><br>By:  /s/ *Douglas J. Dixon*<br>        Douglas J. Dixon<br><br>*Counsel for Plaintiffs Match Group, LLC et al.* |
| Dated: October 2, 2023 | MORGAN, LEWIS & BOCKIUS LLP<br>    Brian C. Rocca<br>    Sujal J. Shah<br>    Minna L. Naranjo<br>    Rishi P. Satia<br>    Michelle Park Chiu<br><br>Respectfully submitted,<br><br>By:  /s/ *Brian C. Rocca*<br>        Brian C. Rocca<br><br>*Counsel for Defendants Google LLC et al.* |

-8-

JOINT PROPOSED JURY QUESTIONNAIRE
Case Nos. 3:21-md-02981-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD; 3:22-cv-02746-JD

Dated:  October 2, 2023

MUNGER, TOLLES & OLSON LLP
Glenn D. Pomerantz
Kyle W. Mach
Kuruvilla Olasa
Justin P. Raphael
Emily C. Curran-Huberty
Jonathan I. Kravis (*pro hac vice*)
Lauren Bell (*pro hac vice*)

Respectfully submitted,

By:  /s/ *Lauren Bell*
    Lauren Bell

*Counsel for Defendants Google LLC et al.*

**E-FILING ATTESTATION**

I, Lauren Bell, am the ECF User whose ID and password are being used to file this document. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that each of the signatories identified above has concurred in this filing.

                                                    */s/  Lauren Bell*
                                                    Lauren Bell