Karma M. Giulianelli (SBN 184175)
karma.giulianelli@bartlitbeck.com
**BARTLIT BECK LLP**
1801 Wewetta St., Suite 1200
Denver, Colorado 80202
Telephone: (303) 592-3100

Hae Sung Nam (*pro hac vice*)
hnam@kaplanfox.com
**KAPLAN FOX & KILSHEIMER LLP**
850 Third Avenue
New York, NY 10022
Tel.: (212) 687-1980

*Co-Lead Counsel for the Proposed Class in In re Google Play Consumer Antitrust Litigation*

Paul J. Riehle (SBN 115199)
paul.riehle@faegredrinker.com
**FAEGRE DRINKER BIDDLE & REATH LLP**
Four Embarcadero Center, 27th Floor
San Francisco, CA 94111
Telephone: (415) 591-7500

Christine A. Varney (*pro hac vice*)
cvarney@cravath.com
**CRAVATH, SWAINE & MOORE LLP**
825 Eighth Avenue
New York, New York 10019
Telephone: (212) 474-1000

*Counsel for Plaintiff Epic Games, Inc. in Epic Games, Inc. v. Google LLC et al.*

Brendan P. Glackin (SBN 199643)
bglackin@agutah.gov
**OFFICE OF THE UTAH ATTORNEY GENERAL**
160 E 300 S, 5th Floor
PO Box 140872
Salt Lake City, UT 84114-0872
Telephone: (801) 366-0260

*Counsel for the Plaintiff States*

Douglas J. Dixon (SBN 275389)
ddixon@hueston.com
**HUESTON HENNIGAN LLP**
620 Newport Center Drive, Suite 1300
Newport Beach, CA 92660
Telephone: (949) 229-8640

*Counsel for Plaintiffs Match Group, LLC, et al.*

Glenn D. Pomerantz (SBN 112503)
glenn.pomerantz@mto.com
**MUNGER, TOLLES & OLSON LLP**
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071
Telephone: (213) 683-9100

Brian C. Rocca (SBN 221576)
brian.rocca@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Telephone: (415) 442-1000

*Counsel for Defendants Google LLC et al*

[Additional counsel appear on signature page]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION** | Case No. 3:21-md-02981-JD |
| This Document Relates To: | |
| *Epic Games, Inc. v. Google LLC et al.*, Case No. 3:20-cv-05671-JD | **JOINT PROPOSED VOIR DIRE** |
| *In re Google Play Consumer Antitrust Litigation*, Case No. 3:20-cv-05761-JD | Judge:  Hon. James Donato |
| *State of Utah et al. v. Google LLC et al.*, Case No. 3:21-cv-05227-JD | |
| *Match Group, LLC et al. v. Google LLC et al.*, Case No. 3:22-cv-02746-JD | |

# I.     <u>JOINT PROPOSED VOIR DIRE</u>

The parties jointly propose the following questions for the Court's voir dire. The parties also respectfully request that the Court consider including in the voir dire any unused questions from the joint proposed questionnaire. The parties note that they have proposed certain voir dire questions below that were also proposed for the written jury questionnaire. For clarity, the parties do not propose to have any such question presented to prospective jurors twice. If a question is included in the written questionnaire, then the parties would propose to delete it from the voir dire. *See* MDL ECF No. 628.

1.     Counsel for the plaintiffs will introduce themselves and their clients.

    a.     Do you know any of the attorneys?

    b.     Are you personally acquainted with an officer, director, or employee of Epic Games?

    c.     Are you personally acquainted with an officer, director, or employee of Match Group?

    d.     Have you or anyone close to you had any financial dealings with any of those companies, including stock ownership?

    e.     Have you or anyone close to you ever used any of the following apps operated by Match Plaintiffs: Tinder, Match, OkCupid, OurTime, or PlentyofFish?

    f.     Do you have any strong positive or negative feelings towards Match Group or any of the apps operated by Match Plaintiffs: Tinder, Match, OkCupid, OurTime, or PlentyofFish?

    g.     Have you or anyone close to you ever played an online video game created by Epic Games such as Fortnite, Rocket League, Fall Guys?

    h.     Do you have strong positive or negative feelings towards Epic Games or any of its games or products, such as Fortnite, Rocket League, Fall Guys, or Unreal Engine?

2.     Counsel for the defendants will introduce themselves and their clients.

    a.     Do you know any of the attorneys?

    b.     Are you personally acquainted with an officer, director, or employee of Google?

    c.     Have you or anyone close to you had any financial dealings with Google, including stock ownership?

    d.     Do you have any strong positive or negative feelings towards Google?

-3-

3.    Do you have any difficulty understanding English, or reading documents in English?

4.    Here is a list of potential witnesses who may testify at trial. Do you know any of these people?

5.    Have you or anyone close to you ever worked in the technology, video games, or online dating industries?

6.    Have you ever downloaded gaming apps on your mobile phone and/or tablet?

  a.    If yes, how often do you use these gaming apps?

  b.    Do you know if any of these games were developed by Epic Games?

7.    Have you ever downloaded dating apps on your mobile phone and/or tablet?

  a.    If yes, how often do you use these dating apps?

  b.    Do you know if any of those apps were Tinder, Match, OkCupid, OurTime, or PlentyOf Fish?

8.    How often do you make purchases within the apps you have downloaded?

9.    Do you follow business or technology news?

10.    There have been recent news articles and media reports about lawsuits that accuse large technology companies of being monopolies and preventing competition in the technology industry. Have you followed any of these news articles or media reports? If so:

  a.    Do you have strong feelings about what you have seen or read?

11.    Do you or anyone close to you have any education, training or experience involving the development or distribution of online games, video games, dating services or applications, or other mobile applications, app stores, mobile phones, websites, or payment processors?

12.    Do you have any education, training or experience in online data security?

13.    Have you or anyone close to you ever created or developed an app?

14.    Have you ever purchased an iPhone and then switched to purchasing an Android phone or vice versa?

15.    Are you or anyone close to you a regular user of Google Play, an online store with apps, games, movies, TV shows and books?

16.    Do you hold strong feelings, positive or negative, about people who spend money on online dating?

17.    Do you hold strong feelings, positive or negative, about people who spend money on online video gaming?

18. Do you use any mobile apps where you can make purchases for products or services (including one-time purchases and subscriptions) while inside of the app ("in-app purchases")?

19. Do you have strong feelings, positive or negative, about games, or other apps, that allow in-app purchases?

20. As part of your employment, do you have experience creating, negotiating or enforcing contracts?

21. Have you or anyone close to you ever been involved in a contract dispute?

22. Have you or anyone close to you had experience with setting or negotiating the price of products or services?

23. Have you or anyone close to you ever worked for or ever had any interaction with the attorney general, or the office of the attorney general, of any state?

24. Do you have any strong positive or negative opinions about antitrust law?

25. Have you read or heard anything about this case other than what you've heard here today?

    a. As a result of what you have heard or read, have you formed any opinion whatsoever regarding the claims alleged in this lawsuit—without telling us what the opinion is?

    b. Would what you have heard or read make it difficult for you to render a fair and impartial decision based solely upon the evidence presented at trial?

26. Is there anything I have not asked you about that you believe could affect your ability to be a fair and impartial juror?

## II.  PLAINTIFFS' ADDITIONAL PROPOSED QUESTIONS

1. Do you have strong feelings about the current level of competition in the technology industry?

2. Do you have strong feelings, positive or negative, about big tech companies?

3. Do you hold strong feelings, positive or negative, about companies that make dating applications or provide dating services?

4. Do you hold strong feelings, positive or negative, about companies that make online video games?

5. Do you have children currently living in your home? If so, do any of your children play online video games?

6. Do you have strong feelings, positive or negative, about online video game use among children and teens?

7. Do you have strong feelings, positive or negative, about how tech companies use your personal data?

8.    Do you have strong feelings, positive or negative, about the current level of regulatory oversight over the tech industry?

9.    Are you uncomfortable with technology or do you have any concerns about your ability to understand the evidence in a case involving technology?

10.   Do you have a strong preference for the Android operating system?

11.   Have you or anyone close to you ever had a negative experience involving an in-app purchase?

12.   Have you had the experience of being required to purchase a product or service you did not want?

13.   Do you hold the opinion that large corporations are unfairly targeted in lawsuits?

14.   Do you hold the opinion that large corporations are unnecessarily burdened by government regulations?

15.   Do you hold the opinion that lawsuits against big tech companies have harmed consumers?

16.   Have you ever owned your own business and leased space for that business?

## III.    GOOGLE'S OBJECTIONS TO PLAINTIFFS' ADDITIONAL PROPOSED QUESTIONS

**Questions 2-4:** These questions are vague and overbroad in seeking jurors' "feelings" about entire industries.  The tech, dating, and gaming industries are not on trial.  Potential biases about the actual parties are already addressed in joint questions 1 and 2.  Moreover, the use of the term "big tech" is prejudicial to Google because the term is often used in a pejorative manner, for example in political discourse, and positions this trial as "big" vs. "small" when Match Plaintiffs (with a market cap over $10 billion) and Epic (with a valuation over $32 billion) are not "small."

**Questions 5-7 and 16:** These questions are not relevant to this trial, which has nothing to do with children's and teens' use of video games, how "tech companies use [] personal data," owning a business, or "leas[ing] space" for a business.

**Questions 1, 8 and 13-15:** These questions are designed to unfairly identify jurors with political views that may be adverse to Plaintiffs' efforts to impose changes to Google's business practices.  Moreover, Questions 1, 8 and 14 improperly frame this private antitrust action as one about government regulation or enforcement against Google.  Google also again objects to the use of the term "big tech" in Question 15.

-6-

JOINT PROPOSED VOIR DIRE
Case Nos. 3:21-md-02981-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD; 3:22-cv-02746-JD

**Question 9:** This question is unnecessary because it is not directed at identifying potential biases.  Plaintiffs' claims are directed at Google's business model, not its technology.  Juries regularly hear cases about far more complicated technical and scientific issues, and their "comfort" with technology is not relevant to potential bias or their ability to decide the issues.

**Questions 10 and 11:** These questions are unfairly one-sided because they ignore prospective jurors who hold strong preferences for other operating systems (such as Apple's iOS) or who have had positive experiences with in-app purchases.  These questions are also not necessary because the proposed questions in the jury questionnaire ask jurors to identify their current and past mobile devices and their experiences with in-app purchases.

**Question 12:** This question is unfairly prejudicial in that it is designed to elicit negative experiences with bundled purchases without also eliciting positive experiences (such as the efficiencies that such purchases can provide).  Moreover, Plaintiffs' proposed phrasing unfairly previews one of Plaintiffs' tying arguments to the jury and improperly suggests that this case is about consumers being required to purchase products they did not want.

## IV.   PLAINTIFFS' SUPPORT FOR PLAINTIFFS' ADDITIONAL PROPOSED QUESTIONS

**Questions 1-2 and 7-8**: These questions seek information on prospective jurors' views of the current state of the technology industry and any potential bias a prospective juror may have regarding the technology industry. These questions are neutrally framed to determine if prospective jurors' existing opinions and knowledge may affect their evaluation of the evidence in this case. Plaintiffs believe the term "big tech" used in Question 2 is simply descriptive and the jury can make up its own mind as to the relative size of Google, Match and Epic.

**Questions 3-4**: These questions ask about biases toward companies in the same industries as Plaintiffs Epic and Match. These questions seek to identify any potential bias a prospective juror may have against Plaintiffs given their involvement in these industries.

**Questions 5-6**: These questions seek to identify the level of familiarity a prospective juror may have with online video games and any potential bias a prospective juror may have against online video game makers.

-7-

JOINT PROPOSED VOIR DIRE
Case Nos. 3:21-md-02981-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD; 3:22-cv-02746-JD

1     **Question 9**: This question seeks information about a prospective juror's ability and

2     willingness to grasp technological concepts that will be present throughout the trial. Any juror

3     who is uncomfortable with technology or doubts their ability to understand evidence as it relates to

4     technology may not be able to properly consider the issues or evidence presented in this case.

5     **Question 10**: This question will allow Plaintiffs to evaluate whether a prospective juror

6     may be biased in favor of Google based on their personal use of the Android operating system

7     rather than based on the evidence presented at trial.  There is no other question included that

8     would provide Plaintiffs with this information.

9     **Question 11**: In-app payments and payment solutions are core components of this case.

10    This question is intended to identify any prospective jurors who may be unduly influenced by their

11    negative past experiences.

12    **Questions 12 and 16**: These questions seek information on the prior experiences of

13    prospective jurors. This background information is relevant to the evidence that will be presented

14    and understanding it will allow counsel and the Court to assess potential bias and ensure potential

15    jurors will be fair and impartial to both Plaintiffs and Defendants.

16    **Questions 13-15**: These questions seek to identify any potential juror who may be

17    predisposed to question the legitimacy of legal proceedings or government regulation. Any juror

18    with this predisposition may be unlikely to be fair and impartial to either Plaintiffs or Defendants.

19    Plaintiffs again assert that "big tech" is merely descriptive and the jury can make up its own mind

20    as to the relative size of Google, Match and Epic.

21

22

23

24

25

26

27

28

Dated:  October 5, 2023

CRAVATH, SWAINE & MOORE LLP
Christine Varney (pro hac vice)
Gary A. Bornstein (pro hac vice)
Timothy G. Cameron (pro hac vice)
Yonatan Even (pro hac vice)
Lauren A. Moskowitz (pro hac vice)
Justin C. Clarke (pro hac vice)
Michael J. Zaken (pro hac vice)
M. Brent Byars (pro hac vice)

FAEGRE DRINKER BIDDLE & REATH LLP
Paul J. Riehle (SBN 115199)

Respectfully submitted,
By:   /s/  *Gary A. Bornstein*
Gary A. Bornstein

*Counsel for Plaintiff Epic Games, Inc.*

Dated:  October 5, 2023

BARTLIT BECK LLP
Karma M. Giulianelli

KAPLAN FOX & KILSHEIMER LLP
Hae Sung Nam

Respectfully submitted,

By:   /s/  *Karma M. Giulianelli*
Karma M. Giulianelli

*Co-Lead Counsel for the Class in In re
Google Play Consumer Antitrust Litigation*

Dated:  October 5, 2023

OFFICE OF THE UTAH ATTORNEY
GENERAL

Brendan P. Glackin
Lauren Weinstein

Respectfully submitted,

By:   /s/  *Lauren Weinstein*

-9-

1                         Lauren Weinstein

2                         *Counsel for Plaintiff States*

3   Dated:  October 5, 2023         HUESTON HENNIGAN LLP
                                     Douglas J. Dixon

4                         Christine Woodin
                         Joseph A. Reiter

6                         Respectfully submitted,

7                         By:   /s/  *Douglas J. Dixon*
8                             Douglas J. Dixon

9                         *Counsel for Plaintiffs Match Group, LLC*
                         *et al.*

11  Dated:  October 5, 2023         MORGAN, LEWIS & BOCKIUS LLP
                                       Brian C. Rocca

12                       Sujal J. Shah
                       Minna L. Naranjo

13                       Rishi P. Satia
                       Michelle Park Chiu

15                       Respectfully submitted,

16                     By:   /s/  *Brian C. Rocca*
17                        Brian C. Rocca

18                   *Counsel for Defendants Google LLC et al.*

20  Dated:  October 5, 2023         MUNGER, TOLLES & OLSON LLP
                                     Glenn D. Pomerantz

21                       Kyle W. Mach
                       Kuruvilla Olasa

22                       Justin P. Raphael
                       Emily C. Curran-Huberty

23                       Jonathan I. Kravis
                       Lauren Bell

25                       Respectfully submitted,

26                   By:   /s/ *Lauren Bell*
27                        Lauren Bell

28                   *Counsel for Defendants Google LLC et al.*

-10-

JOINT PROPOSED VOIR DIRE
Case Nos. 3:21-md-02981-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD; 3:22-cv-02746-JD

## E-FILING ATTESTATION

I, Lauren Bell, am the ECF User whose ID and password are being used to file this document.  In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that each of the signatories identified above has concurred in this filing.

*/s/  Lauren Bell*
Lauren Bell

JOINT PROPOSED VOIR DIRE
Case Nos. 3:21-md-02981-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD; 3:22-cv-02746-JD