DocuSign Envelope ID: CE8BA6E6-93BE-4D7E-8DFA-1DB3916BBFB7

Brian C. Rocca, Bar No. 221576
brian.rocca@morganlewis.com
Sujal J. Shah, Bar No. 215230
sujal.shah@morganlewis.com
Michelle Park Chiu, Bar No. 248421
michelle.chiu@morganlewis.com
Minna Lo Naranjo, Bar No. 259005
minna.naranjo@morganlewis.com
Rishi P. Satia, Bar No. 301958
rishi.satia@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Telephone: (415) 442-1000

Richard S. Taffet, *pro hac vice*
richard.taffet@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
101 Park Avenue
New York, NY 10178-0060
Telephone: (212) 309-6000

*Counsel for Defendants*

Glenn D. Pomerantz, Bar No. 112503
glenn.pomerantz@mto.com
Kuruvilla Olasa, Bar No. 281509
kuruvilla.olasa@mto.com
**MUNGER, TOLLES & OLSON LLP**
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071
Telephone: (213) 683-9100

Kyle W. Mach, Bar No. 282090
kyle.mach@mto.com
Justin P. Raphael, Bar No. 292380
justin.raphael@mto.com
Emily C. Curran-Huberty, Bar No. 293065
emily.curran-huberty@mto.com
**MUNGER, TOLLES & OLSON LLP**
560 Mission Street, Twenty Seventh Fl.
San Francisco, California 94105
Telephone: (415) 512-4000

Jonathan I. Kravis, *pro hac vice*
jonathan.kravis@mto.com
**MUNGER, TOLLES & OLSON LLP**
601 Massachusetts Ave. NW, Ste 500E
Washington, D.C. 20001
Telephone: (202) 220-1100

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*Epic Games Inc. v. Google LLC et al.,*<br>Case No. 3:20-cv-05671-JD<br><br>*In re Google Play Consumer Antitrust Litig.,*<br>Case No. 3:20-cv-05761-JD<br><br>*State of Utah et al. v. Google LLC et al.,*<br>Case No. 3:21-cv-05227-JD<br><br>*Match Group, LLC et al. v. Google LLC et al.,*<br>Case No. 3:22-cv-02746-JD | Case No. 3:21-md-02981-JD<br><br>**DECLARATION OF CHRISTIAN CRAMER IN SUPPORT OF ADMINISTRATIVE MOTION TO SEAL MATERIALS SUBMITTED IN CONNECTION WITH OMNIBUS MOTIONS IN LIMINE**<br><br>Judge: Hon. James Donato |

I, Christian Cramer, declare as follows:

1.       I am currently a Finance Director for Defendant Google LLC (along with Google-affiliated entities, "Google").  I have been employed by Google since September 2007 and have held my current position since March 2017.  Over the course of my employment at Google, I have acquired personal knowledge of Google's practices and procedures concerning the maintenance of the confidentiality of its strategic, business, and marketing information.

2.       I submit this declaration in support of the Administrative Motion to Seal Materials Submitted in Connection With Parties' Omnibus Motions in Limine ("Motion"), filed on October 5, 2023 in *In re Google Play Store Antitrust Litigation* (No. 21-md-02981-JD) (N.D. Cal) ("MDL"); s*ee also In re Google Play Consumer Antitrust Litigation* (No. 3:20-cv-05761-JD) (N.D. Cal); *State of Utah, et al. v. Google LLC et al.*, No. 3:21-cv-05227-JD (N.D. Cal.); *Match Group, LLC et al. v. Google LLC et al.*, No. 3:22-cv-02746-JD (N.D. Cal.); *Epic Games, Inc. v. Google LLC et al.*, No. 3:20-cv-05671-JD (N.D. Cal.).

3.       The facts set forth in this declaration are true and correct to the best of my knowledge, information, and belief, and are based on my personal knowledge of Google's policies and practices as they relate to the treatment of confidential information, the materials that were provided to me and reviewed by me, and/or conversations with other knowledgeable employees of Google.  If called upon as a witness in this action, I could and would testify from my personal knowledge and knowledge acquired from sources with factual foundation.

**The Material to Be Sealed Is Highly Confidential Because It Reflects Non-Public Commercial Agreements and Contract Proposals, and Because It Reveals Google's Competitive Decision-Making and Business Strategy**

4.       As demonstrated with factual particularity below, all the material for which Google requests sealing is maintained as highly confidential.  To the best of my knowledge, none of this material has been publicly disclosed.

5.       As a matter of routine practice and internal policy, Google and its employees strictly treat as confidential, inter alia, (i) internal, non-public financial information; (ii) non-public commercial proposals to third parties; (iii) non-public agreements with third parties; (iv)

1

DECLARATION OF CHRISTIAN CRAMER IN SUPPORT OF ADMINISTRATIVE MOTION TO SEAL MATERIALS
SUBMITTED IN CONNECTION WITH OMNIBUS MOTIONS IN LIMINE
Case Nos. 3:21-md-02981-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD; 3:22-cv-02746-JD

internal surveys and analyses of customer preferences, spending, revenue, market conditions, business strategy, competitive dynamics, and commercial opportunities; (v) non-public financial forecasts and business plans; (vi) trade secrets; and (vii) other sensitive material that, if publicly disclosed, could potentially enable Google's competitors to undermine Google's competitive position in the marketplace, allow current or prospective business partners or counterparties to take unfair advantage of Google in negotiations or other business affairs, violate Google's confidentiality obligations to third parties, or otherwise prejudice Google's business interests.  In my experience and to the best of my knowledge, Google does not disclose internal documents, data, or information of this nature outside of the company, except to authorized third parties when so required or permitted by law or contract.  To that end and in order to prevent inadvertent revelation of this information to the public, Google has several policies in place like prohibiting employees from accessing information beyond what is reasonably necessary to perform their duties, limiting access to certain internal systems, permitting access to document databases on a need-to-know basis, and requiring the use of an encrypted email system.  I am also aware that, generally, Google employees are required to sign a confidentiality agreement requiring each employee to keep information confidential and shared only within the company.

6.      Third parties—including Google's customers, suppliers, business partners, and others who interact or transact with Google in an array of contexts—entrust highly sensitive, non-public, and confidential information to Google every day.  These third parties have an expectation that Google can and will protect the confidentiality of that information.  In many cases, Google is contractually bound to keep that information confidential.  In my experience and to the best of my knowledge, Google does not disclose internal documents, data, or information reflecting third parties' confidential information outside of the company, unless and only to the extent it has been authorized (or is lawfully permitted or required) to do so.  Rather, as noted above, Google policies and protocols are designed to ensure the confidentiality of third-party material is strictly maintained.

**There is Good Cause and Compelling Reasons to Seal Google's Highly Confidential Material**

7.     As demonstrated with factual particularity below, there is "good cause" to seal Google's confidential materials.  But even if Google were required to demonstrate "compelling reasons" for sealing, the materials for which Google requests sealing would still satisfy that standard.  The public disclosure of Google's internal, confidential material (including material that reflects third parties' confidential information) could, among other things, harm Google's business and customer relationships, undermine Google's ability to retain and attract customers and business partners who entrust Google with their confidential information, jeopardize Google's ability to conduct business with current and prospective business partners, enable Google's competitors to undermine Google's competitive position in the marketplace, allow current or prospective business partners or counterparties to take unfair advantage of Google in negotiations or other business affairs, or otherwise prejudice Google's and/or third parties' business interests.  These materials therefore derive economic value from not being generally known to Google's competitors, counterparties, or the public.  The release of this information to the public will cause tangible commercial injury to Google and to those who provided their confidential information to Google with the expectation that confidences would be maintained.

8.     I understand that this Motion requests that the Court maintain the specific information identified below under seal. For the reasons stated below, this information is confidential and highly sensitive, and if publicly disclosed, could significantly prejudice Google's competitive position by harming Google's relationship with business partners, putting Google at unfair disadvantage in future business negotiations, and permitting Google's competitors to gain unfair advantage in competition with Google.

### Specific Information to Be Sealed

**Plaintiffs' Omnibus Opposition to Defendants' Omnibus Motions in Limine No. 5**

9.     **Plaintiffs' Opposition to Google's Motion *in Limine* No. 5, Page 15, line 4-5 (between "noting that the Google Play Store contributed" and "Alphabet H1'2020 operating profit").**  This information reflects and is calculated from internal, non-public Google financial data. Google spends significant resources compiling and maintaining this valuable data,

DECLARATION OF CHRISTIAN CRAMER IN SUPPORT OF ADMINISTRATIVE MOTION TO SEAL MATERIALS
SUBMITTED IN CONNECTION WITH OMNIBUS MOTIONS IN LIMINE
Case Nos. 3:21-md-02981-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD; 3:22-cv-02746-JD

which is non-public, and if revealed to competitors and potential business counterparties, could be used to disadvantage and cause Google competitive harm by giving competitors insight into confidential Google financial information.

10. **Plaintiffs' Opposition to Google's Motion *in Limine* No. 5, Page 15, line 6-9 (between "stating that he holds" and "unvested Google shares").** This text contains the specific dollar-value of Google shares that an individual Google employee owns. Disclosure of this personally identifying and highly sensitive personal financial information would violate that individual's reasonable expectation of privacy in their personal information shared privately with Google. Google does not seek to redact the *fact* that the employee holds Google stock, which is relevant to the Motion. But Google does seek to redact exact stock amount: No public interest is served by the public disclosure of the sensitive, personal information that that specific amount represents.

**Plaintiffs' Omnibus Oppositions to Defendants' Omnibus Motions in Limine – Exhibit 2**
**(GOOG-PLAY5-000500320)**

11. **Exhibit 2 (Names of chat participants, except for first initials).** This text contains the identities of current Google employees. Disclosure of these names and email addresses is of limited value to the public—as their identities are not relevant to the disposition of this case. The public is still able to view the substantive portions of the document, while individuals' reputations and identities are protected. Thus, even with narrow redactions of non-party individuals' names, the public can readily understand the import of Ex. 14 and its interest in disclosure of Ex. 14 in its entirety is limited and outweighed by the compelling reasons for sealing.

12. **Exhibit 2, Bates -332 (between "Play originally wanted" and "but then settled"; between "the teams agreed on" and end of sentence; between "really burdensome to" and end of sentence; between "mad at" and "and 2) also mad"; between "Google Ads can only" and end of sentence).** This information reveals Google's confidential, non-public strategic considerations. This information has never been disclosed publicly and the Google Play

4

DECLARATION OF CHRISTIAN CRAMER IN SUPPORT OF ADMINISTRATIVE MOTION TO SEAL MATERIALS
SUBMITTED IN CONNECTION WITH OMNIBUS MOTIONS IN LIMINE
Case Nos. 3:21-md-02981-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD; 3:22-cv-02746-JD

product team treats it as strictly confidential. If publicly revealed, this information could influence the competitive decision-making and business strategies employed by Google's app store competitors, for example by influencing how those app stores market themselves to U.S. developers and how they distinguish themselves from Google Play in the eyes of U.S. developers.

**Plaintiffs' Omnibus Oppositions to Defendants' Omnibus Motions in Limine – Exhibit 3 (GOOG-PLAY5-000500584)**

13.    **Exhibit 3, Page -631 (Names of chat participants, except for first initials).** This text contains the identities of current Google employees.  Disclosure of these names and email addresses is of limited value to the public—as their identities are not relevant to the disposition of this case.   The public is still able to view the substantive portions of the document, while individuals' reputations and identities are protected.  Thus, even with narrow redactions of non-party individuals' names, the public can readily understand the import of Exhibit 3 and its interest in disclosure of Exhibit 3 in its entirety is limited and outweighed by the compelling reasons for sealing.

**Plaintiffs' Omnibus Oppositions to Defendants' Omnibus Motions in Limine – Exhibit 4 (GOOG-PLAY-001265881)**

14.    **Exhibit 4, Page -883 (between "For Samsung:" and "expected new profit/year in 2022"; between "vs. Samsung's" and "annual profit)."; between "Today: Galaxy store" and "time spent vs. Play store").**  This text includes Google's estimates for Samsung's revenue, monthly active users, time spent, and profit for the Samsung Galaxy Store. This text contains confidential, non-public information regarding a non-party OEM, and implicates the non-parties' confidentiality interests by purporting to reveal the nonparties' confidential statements made during negotiations. Further, disclosure of this non-public information is likely to result in competitive harm to Google, as it reveals strategic decision-making, which, for example, could give a competitor or potential business partner unfair leverage in competing against or negotiating with Google. Moreover, Google's competitors

5

DECLARATION OF CHRISTIAN CRAMER IN SUPPORT OF ADMINISTRATIVE MOTION TO SEAL MATERIALS
SUBMITTED IN CONNECTION WITH OMNIBUS MOTIONS IN LIMINE
Case Nos. 3:21-md-02981-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD; 3:22-cv-02746-JD

could use this non-party information to unfairly target Google's partners. Further, this information reveals Google's internal non-public profit, revenue, and financial calculations. These data sets are not otherwise publicly reported by the company and their disclosure is likely to cause Google competitive harm and give its competitors an unfair advantage. Google's competitors could improperly utilize this internal, non-public data to modify or augment their business operations in an effort to compete unfairly against Google. Moreover, visibility into Google interpretation of the data gives Google's competitors improper insight into the financial health and future outlook of the Play business, which also arguably gives Google's competitors an unfair advantage. Further, the disclosure of an OEM's highly confidential information would significantly affect the OEM's business. For example, OEM competitors could leverage this information to reap an unearned competitive advantage. They could exploit this information— that they otherwise would not have access to—to inform their own business strategies. To prevent these competitive harms from coming to fruition, OEMs proactively maintain the confidentiality of its strategic information, only disclosing it to a select group of individuals on an as-needed basis.

15.   **Exhibit 4, Page -883 (between "For Play:" and "most likely margin at risk for 2022"; between "For developers" and "average net rev uplift"; between "Play: Max revenue risk is" and "; Max margin"; between "Max margin impact" and end of sentence).** This text indicates Google's estimates for Google Play margins at risk in 2022 related to its non-public internal assessment of expected performance of the Samsung Galaxy Store, as well as Google's estimates of the impact on its developer customers from the Galaxy Store in 2022. Those estimates include as inputs Google's estimates for Samsung's revenue, monthly active users, time spent, and profit for the Samsung Galaxy Store. This text contains confidential, non-public information regarding a non-party OEM, and implicates the non-parties' confidentiality interests by purporting to reveal the nonparties' confidential statements made during negotiations. Further, disclosure of this non-public information is likely to result in competitive harm to Google, as it reveals strategic decision-making, which, for example, could give a

competitor or potential business partner unfair leverage in competing against or negotiating with Google. Moreover, Google's competitors could use this non-party information to unfairly target Google's partners. Further, this information reveals Google's internal non-public profit, revenue, and financial calculations. These data sets are not otherwise publicly reported by the company and their disclosure is likely to cause Google competitive harm and give its competitors an unfair advantage. Google's competitors could improperly utilize this internal, non-public data to modify or augment their business operations in an effort to compete unfairly against Google. Moreover, visibility into Google interpretation of the data gives Google's competitors improper insight into the financial health and future outlook of the Play business, which also arguably gives Google's competitors an unfair advantage. Further, the disclosure of an OEM's highly confidential information would significantly affect the OEM's business. For example, OEM competitors could leverage this information to reap an unearned competitive advantage. They could exploit this information—that they otherwise would not have access to—to inform their own business strategies. To prevent these competitive harms from coming to fruition, OEMs proactively maintain the confidentiality of its strategic information, only disclosing it to a select group of individuals on an as-needed basis.  Finally, this information reveals Google's internal non-public profit, revenue, and financial calculations. These data sets are not otherwise publicly reported by the company and their disclosure is likely to cause Google competitive harm and give its competitors an unfair advantage. Google's competitors could improperly utilize this internal, non-public data to modify or augment their business operations in an effort to compete unfairly against Google.

16. **Exhibit 4, Page -885 (text above arrow graphic; between "+ Assumes" and "market share in KR"; between "150 HC," and "rev share"; between "data," and "from Ads").**  This text reflects Google's non-public internal estimates and analyses of likely net profits for the Galaxy Store in 2019 and 2022, as well as related risk to Google Play profits in 2022.  It also reflects Google's estimates for key inputs into those projections:  Samsung's revenue, monthly active users, time spent, and profit for the Samsung Galaxy Store. This text

7

DECLARATION OF CHRISTIAN CRAMER IN SUPPORT OF ADMINISTRATIVE MOTION TO SEAL MATERIALS
SUBMITTED IN CONNECTION WITH OMNIBUS MOTIONS IN LIMINE
Case Nos. 3:21-md-02981-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD; 3:22-cv-02746-JD

contains confidential, non-public information regarding a non-party OEM, and implicates the non-parties' confidentiality interests by purporting to reveal the nonparties' confidential statements made during negotiations. Further, disclosure of this non-public information is likely to result in competitive harm to Google, as it reveals strategic decision-making, which, for example, could give a competitor or potential business partner unfair leverage in competing against or negotiating with Google. Moreover, Google's competitors could use this non-party information to unfairly target Google's partners. Further, this information reveals Google's internal non-public profit, revenue, and financial calculations. These data sets are not otherwise publicly reported by the company and their disclosure is likely to cause Google competitive harm and give its competitors an unfair advantage. Google's competitors could improperly utilize this internal, non-public data to modify or augment their business operations in an effort to compete unfairly against Google. Moreover, visibility into Google interpretation of the data gives Google's competitors improper insight into the financial health and future outlook of the Play business, which also arguably gives Google's competitors an unfair advantage. Further, the disclosure of an OEM's highly confidential information would significantly affect the OEM's business. For example, OEM competitors could leverage this information to reap an unearned competitive advantage. They could exploit this information—that they otherwise would not have access to—to inform their own business strategies. To prevent these competitive harms from coming to fruition, OEMs proactively maintain the confidentiality of its strategic information, only disclosing it to a select group of individuals on an as-needed basis.  Finally, this information reveals Google's internal non-public profit, revenue, and financial calculations. These data sets are not otherwise publicly reported by the company and their disclosure is likely to cause Google competitive harm and give its competitors an unfair advantage. Google's competitors could improperly utilize this internal, non-public data to modify or augment their business operations in an effort to compete unfairly against Google.

17.      **Exhibit 4, Page -897 (between "2-10x" and "/year)"; between "estimate roughly" and "potential revenue"; between "Galaxy Store Home screen ads" and end of**

8

DECLARATION OF CHRISTIAN CRAMER IN SUPPORT OF ADMINISTRATIVE MOTION TO SEAL MATERIALS
SUBMITTED IN CONNECTION WITH OMNIBUS MOTIONS IN LIMINE
Case Nos. 3:21-md-02981-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD; 3:22-cv-02746-JD

**line; between "Game launcher ads" and end of line; between ""N-1 screen" and "potential revenue"; between "CPM" and end of line; between "Monthly impressions" and end of line).** This text includes Google's non-public analysis and estimations of Samsung's revenue, monthly active users, time spent, and profit for the Samsung Galaxy Store. This text contains confidential, non-public information regarding a non-party OEM, and implicates the non-parties' confidentiality interests by purporting to reveal the nonparties' confidential statements made during negotiations. Further, disclosure of this non-public information is likely to result in competitive harm to Google, as it reveals strategic decision-making, which, for example, could give a competitor or potential business partner unfair leverage in competing against or negotiating with Google. Moreover, Google's competitors could use this non-party information to unfairly target Google's partners. Further, this information reveals Google's internal non-public profit, revenue, and financial calculations. These data sets are not otherwise publicly reported by the company and their disclosure is likely to cause Google competitive harm and give its competitors an unfair advantage. Google's competitors could improperly utilize this internal, non-public data to modify or augment their business operations in an effort to compete unfairly against Google. Moreover, visibility into Google interpretation of the data gives Google's competitors improper insight into the financial health and future outlook of the Play business, which also arguably gives Google's competitors an unfair advantage. Further, the disclosure of an OEM's highly confidential information would significantly affect the OEM's business. For example, OEM competitors could leverage this information to reap an unearned competitive advantage. They could exploit this information—that they otherwise would not have access to—to inform their own business strategies. To prevent these competitive harms from coming to fruition, OEMs proactively maintain the confidentiality of its strategic information, only disclosing it to a select group of individuals on an as-needed basis.

18. **Exhibit 4, Page -904 (between "Top titles co-list (" and "of Play revenue"; contents of table).** This text projects Samsung's net profits and related risk to Google Play profits in 2022 based on internal Google projections for Samsung's investments into its Galaxy

1   Store.  This text includes Google's estimates for Samsung's revenue, monthly active users, time

2   spent, and profit for the Samsung Galaxy Store.  This text contains confidential, non-public

3   information regarding a non-party OEM, and implicates the non-parties' confidentiality interests

4   by purporting to reveal the nonparties' confidential statements made during negotiations.

5   Further, disclosure of this non-public information is likely to result in competitive harm to

6   Google, as it reveals strategic decision-making, which, for example, could give a competitor or

7   potential business partner unfair leverage in competing against or negotiating with Google.

8   Moreover, Google's competitors could use this non-party information to unfairly target Google's

9   partners. Further, this information reveals Google's internal non-public profit, revenue, and

10  financial calculations. These data sets are not otherwise publicly reported by the company and

11  their disclosure is likely to cause Google competitive harm and give its competitors an unfair

12  advantage. Google's competitors could improperly utilize this internal, non-public data to modify

13  or augment their business operations in an effort to compete unfairly against Google. Moreover,

14  visibility into Google interpretation of the data gives Google's competitors improper insight into

15  the financial health and future outlook of the Play business, which also arguably gives Google's

16  competitors an unfair advantage. Further, the disclosure of an OEM's highly confidential

17  information would significantly affect the OEM's business. For example, OEM competitors

18  could leverage this information to reap an unearned competitive advantage. They could exploit

19  this information—that they otherwise would not have access to—to inform their own business

20  strategies. To prevent these competitive harms from coming to fruition, OEMs proactively

21  maintain the confidentiality of its strategic information, only disclosing it to a select group of

22  individuals on an as-needed basis. Finally, this information reveals Google's internal non-public

23  profit, revenue, and financial calculations. These data sets are not otherwise publicly reported by

24  the company and their disclosure is likely to cause Google competitive harm and give its

25  competitors an unfair advantage. Google's competitors could improperly utilize this internal,

26  non-public data to modify or augment their business operations in an effort to compete unfairly

27  against Google.

28

DECLARATION OF CHRISTIAN CRAMER IN SUPPORT OF ADMINISTRATIVE MOTION TO SEAL MATERIALS
SUBMITTED IN CONNECTION WITH OMNIBUS MOTIONS IN LIMINE
Case Nos. 3:21-md-02981-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD; 3:22-cv-02746-JD

19. **Exhibit 4, Page -915 (between "TAC Payment" and end of sentence; between "Ads Spend:" and "(includes non-mobile division").)**  This text contains confidential, non-public information regarding non-party business partners, and implicates the non-parties' confidentiality interests by purporting to reveal the nonparties' confidential statements made during negotiations. Further, disclosure of this non-public information is likely to result in competitive harm to Google, as it reveals strategic decision-making, which, for example, could give a competitor or potential business partner unfair leverage in competing against or negotiating with Google. Moreover, Google's competitors could use this non-party information to unfairly target Google's partners. Further, this information reveals Google's internal non-public profit, revenue, and financial calculations. These data sets are not otherwise publicly reported by the company and their disclosure is likely to cause Google competitive harm and give its competitors an unfair advantage. Google's competitors could improperly utilize this internal, non-public data to modify or augment their business operations in an effort to compete unfairly against Google. Moreover, visibility into the trends in the data (i.e., figures across multiple years) gives Google's competitors improper insight into the financial health and future outlook of the Play business, which also arguably gives Google's competitors an unfair advantage. Further, the disclosure of mobile carrier and OEM's highly confidential information would significantly harm mobile carriers' and OEMs' business. For example, mobile carrier and OEM competitors could leverage this information to reap an unearned competitive advantage. They could exploit this information—that they otherwise would not have access to—to inform their own business strategies. To prevent these competitive harms from coming to fruition, mobile carrier and OEMs proactively maintains the confidentiality of its strategic information, only disclosing it to a select group of individuals on an as-needed basis.

**Plaintiffs' Omnibus Oppositions to Defendants' Omnibus Motions in Limine – Exhibit 5**

**(GOOG-PLAY-004488106)**

20. **Exhibit 5, page -107.R (between "Ask: Spend" and "in 2023"; between "Offer up to" and "Play rev"; between "to OEMs" and "to smaller OEMs"; between**

11

DECLARATION OF CHRISTIAN CRAMER IN SUPPORT OF ADMINISTRATIVE MOTION TO SEAL MATERIALS
SUBMITTED IN CONNECTION WITH OMNIBUS MOTIONS IN LIMINE
Case Nos. 3:21-md-02981-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD; 3:22-cv-02746-JD

**"spending est" and "in 2020"; between "up to" and "(steady state)"; between "total of" and "for Xiaomi"; between "Xiaomi and" and "for carriers").**  This text contains confidential, non-public information regarding non-party developers, and implicates the non-parties' confidentiality interests by purporting to reveal the nonparties' confidential statements made during negotiations. Further, disclosure of this non-public information is likely to result in competitive harm to Google, as it reveals strategic decision-making, which, for example, could give a competitor or potential business partner unfair leverage in competing against or negotiating with Google. Moreover, Google's competitors could use this non-party information to unfairly target Google's partners. Further, this information reveals Google's internal non-public profit, revenue, and financial calculations. These data sets are not otherwise publicly reported by the company and their disclosure is likely to cause Google competitive harm and give its competitors an unfair advantage. Google's competitors could improperly utilize this internal, non-public data to modify or augment their business operations in an effort to compete unfairly against Google. Moreover, visibility into the trends in the data (i.e., figures across multiple years) gives Google's competitors improper insight into the financial health and future outlook of the Play business, which also arguably gives Google's competitors an unfair advantage. Further, the disclosure of mobile carrier and OEM's highly confidential information would significantly harm mobile carriers' and OEMs' business. For example, mobile carrier and OEM competitors could leverage this information to reap an unearned competitive advantage. They could exploit this information—that they otherwise would not have access to—to inform their own business strategies. To prevent these competitive harms from coming to fruition, mobile carrier and OEMs proactively maintains the confidentiality of its strategic information, only disclosing it to a select group of individuals on an as-needed basis.

21.     **Exhibit 5, page -108.R (both charts and all text below the heading that begins with "Scope").**  This information reveals Google's internal non-public profit, revenue, and financial calculations. These data sets are not otherwise publicly reported by the company and their disclosure is likely to cause Google competitive harm and give its competitors an unfair

advantage. Google's competitors could improperly utilize this internal, non-public data to modify or augment their business operations in an effort to compete unfairly against Google. Moreover, visibility into the trends in the data (i.e., figures across multiple years) gives Google's competitors improper insight into the financial health and future outlook of the Play business, which also arguably gives Google's competitors an unfair advantage.

22.     **Exhibit 5, page -109.R (the figures in the columns with the headings beginning with "2017A" and "2018A").**  This text contains confidential, non-public information regarding Google's agreements with non-party developers. Disclosure of this non-public information is likely to result in competitive harm to Google, as it reveals strategic decision-making which, for example, could give a competitor or potential business partner unfair leverage in competing against or negotiating with Google. Moreover, Google's competitors could use this non-party information to unfairly target Google's developer partners and offer specific deal terms designed to undercut those offered by Google. This information reflects and is calculated from internal, non-public Google financial data. Google spends significant resources compiling and maintaining this valuable data, which is non-public, and if revealed to competitors and potential business counterparties, could be used to disadvantage and cause Google competitive harm by giving competitors insight into confidential Google financial information. Further, this information reflects sensitive, highly confidential characterizations by Google's internal business teams that, if revealed, could be referenced by potential counterparties in negotiations with Google to gain an unfair advantage against Google. Further, the disclosure of OEMs' highly confidential information would significantly harm OEMs' business. For example, OEMs' competitors could leverage this information to reap an unearned competitive advantage. They could exploit this information—that they otherwise would not have access to—to inform their own business strategies. To prevent these competitive harms from coming to fruition, OEMs proactively maintain the confidentiality of their strategic information, only disclosing it to a select group of individuals on an as-needed basis.

DECLARATION OF CHRISTIAN CRAMER IN SUPPORT OF ADMINISTRATIVE MOTION TO SEAL MATERIALS
SUBMITTED IN CONNECTION WITH OMNIBUS MOTIONS IN LIMINE
Case Nos. 3:21-md-02981-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD; 3:22-cv-02746-JD

23.     **Exhibit 5, page -111.R (between "higher 2023 spend" and "only due to";
between start of sentence and "incremental revenue share"; "share in 2023" and "for
Google forward"; between "devices +" and "for devices with").**  This text contains
confidential, non-public information regarding non-party developers, and implicates the non-
parties' confidentiality interests by purporting to reveal the nonparties' confidential statements
made during negotiations. Further, disclosure of this non-public information is likely to result in
competitive harm to Google, as it reveals strategic decision-making, which, for example, could
give a competitor or potential business partner unfair leverage in competing against or
negotiating with Google. Moreover, Google's competitors could use this non-party information
to unfairly target Google's partners. Further, this information reveals Google's internal non-
public profit, revenue, and financial calculations. These data sets are not otherwise publicly
reported by the company and their disclosure is likely to cause Google competitive harm and
give its competitors an unfair advantage. Google's competitors could improperly utilize this
internal, non-public data to modify or augment their business operations in an effort to compete
unfairly against Google. Moreover, visibility into the trends in the data (i.e., figures across
multiple years) gives Google's competitors improper insight into the financial health and future
outlook of the Play business, which also arguably gives Google's competitors an unfair
advantage.

24.     **Exhibit 5, page -112.R (between start of sentence and "Browser search
revenue"; between "GSA Widget" and "overall Search rev"; between start of sentence and
"Search revenue share (as TODAY"; between start of sentence and "Search (as TODAY
bonus"; between "bonus)" and "Play revenue share"; between "Play revenue share" and
"of spend)"; between "Xiaomi" and "for selected smaller").**  This text contains confidential,
non-public information regarding Google's agreements with non-party OEMs. Disclosure of this
non-public information is likely to result in competitive harm to Google, as it reveals strategic
decision-making which, for example, could give a competitor or potential business partner unfair
leverage in competing against or negotiating with Google. Moreover, Google's competitors

14

DECLARATION OF CHRISTIAN CRAMER IN SUPPORT OF ADMINISTRATIVE MOTION TO SEAL MATERIALS
SUBMITTED IN CONNECTION WITH OMNIBUS MOTIONS IN LIMINE
Case Nos. 3:21-md-02981-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD; 3:22-cv-02746-JD

DocuSign Envelope ID: CE8BA6E6-93BE-4D75-8D5A-1DB3916BDEB7

could use this non-party information to unfairly target Google's partners and offer specific deal terms designed to undercut those offered by Google.

25.     **Exhibit 5, page -113.R (between start of sentence and "GROSS Search rev share"; between start of sentence and "GROSS Search rev share (as TODAY"; between start of sentence and "GROSS Search rev share (no Play"; between "carriers to spend" and "(ramp)"; between "Spend" and "of the incremental").** This text contains confidential, non-public information regarding Google's agreements with non-party carriers. Disclosure of this non-public information is likely to result in competitive harm to Google, as it reveals strategic decision-making which, for example, could give a competitor or potential business partner unfair leverage in competing against or negotiating with Google. Moreover, Google's competitors could use this non-party information to unfairly target Google's partners and offer specific deal terms designed to undercut those offered by Google.

26.     **Exhibit 5, page -115.R (between "spending the" and "in 2023"; between "Risk Hedging" and "search +"; between "search +" and "Play"; between "forward devices" and "search +"; between "search +" and "Play"; between "Search & assistant" and end of sentence; between "Transsion" and end of sentence; between "Hedge:" and "non covered"; between "revenue" and "of browser"; between "browser and" and "in Europe revenue;" between "on incremental" and "devices"; between "Hedge" and "non-covered Play"; between "actives)" and "in Search +"; between "in Search +" and "in Play in Lieu"; between "actives)" and "in Search +"; between "in Search +" and "in Play"; between "actives)" and "in Search to get"; between "up to spend" and "in co-marketing").** This information reveals Google's internal non-public profit, revenue, and financial calculations. These data sets are not otherwise publicly reported by the company and their disclosure is likely to cause Google competitive harm and give its competitors an unfair advantage. Google's competitors could improperly utilize this internal, non-public data to modify or augment their business operations in an effort to compete unfairly against Google. Moreover, visibility into the trends in the data (i.e., figures across multiple years) gives Google's competitors improper insight

into the financial health and future outlook of the Play business, which also arguably gives Google's competitors an unfair advantage. Further, the disclosure of OEMs' highly confidential information would significantly harm OEMs' business. For example, OEMs' competitors could leverage this information to reap an unearned competitive advantage. They could exploit this information—that they otherwise would not have access to—to inform their own business strategies. To prevent these competitive harms from coming to fruition, OEMs proactively maintain the confidentiality of their strategic information, only disclosing it to a select group of individuals on an as-needed basis.

27. **Exhibit 5, page -116.R (between "investing" and "per device", between "on Android" and "in 2023"; all text below "Theoretical Break-even" and above "Pay-out", "Revenue uplift potential" and "App bounty savings opportunity"; all text in chart under "Pay-out"; between "Revenue uplift potential" and "Assuming 50% of"; between "varies by OEM" and end of sentence; "between "+$2" and "Total")"; between "Carrier devices only!" and "in marketing"; between "of which" and "to be spent specifically"; between "1P services e.g." and "revenue from 1P"; between "generated" and "revenue"; between "GFD is" and "more expensive"; between "LG" and "savings"; between "Other non CN OEMs" and "savings per device"; the dollar amount preceding "in marketing").** This text contains confidential, non-public information regarding Google's agreements with non-parties. Disclosure of this non-public information is likely to result in competitive harm to Google, as it reveals strategic decision-making which, for example, could give a competitor or potential business partner unfair leverage in competing against or negotiating with Google. Moreover, Google's competitors could use this non-party information to unfairly target Google's partners and offer specific deal terms designed to undercut those offered by Google. Further, this information reflects and is calculated from internal, non-public Google financial data. Google spends significant resources compiling and maintaining this valuable data, which is non-public, and if revealed to competitors and potential business counterparties, could be used to disadvantage and cause Google competitive harm by giving competitors insight into confidential Google financial

16

DECLARATION OF CHRISTIAN CRAMER IN SUPPORT OF ADMINISTRATIVE MOTION TO SEAL MATERIALS
SUBMITTED IN CONNECTION WITH OMNIBUS MOTIONS IN LIMINE
Case Nos. 3:21-md-02981-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD; 3:22-cv-02746-JD

1    information. Further, this information reflects sensitive, highly confidential characterizations by

2    Google's internal business teams that, if revealed, could be referenced by potential counterparties

3    in negotiations with Google to gain an unfair advantage against Google. Further, the disclosure

4    of OEMs' highly confidential information would significantly harm OEMs' business. For

5    example, OEMs' competitors could leverage this information to reap an unearned competitive

6    advantage. They could exploit this information—that they otherwise would not have access to—

7    to inform their own business strategies. To prevent these competitive harms from coming to

8    fruition, OEMs proactively maintain the confidentiality of their strategic information, only

9    disclosing it to a select group of individuals on an as-needed basis.

10        28.    **Exhibit 5, page -117.R (between "Google incremental" and "in 2023"; the**

11   **bar chart underneath the heading "GDAF TAC Payments by Tier"; the dollar amounts in**

12   **the columns with the headings "2018", "2019", "2020", "2021", "2022", and "2023"; the**

13   **dollar amounts to the right of the table at the bottom of the slide before "Search Revshare"**

14   **and "Incr above").**  This information reflects and is calculated from internal, non-public Google

15   financial data. Google spends significant resources compiling and maintaining this valuable data,

16   which is non-public, and if revealed to competitors and potential business counterparties, could

17   be used to disadvantage and cause Google competitive harm by giving competitors insight into

18   confidential Google financial information. Further, this information reflects sensitive, highly

19   confidential characterizations by Google's internal business teams that, if revealed, could be

20   referenced by potential counterparties in negotiations with Google to gain an unfair advantage

21   against Google.

22        29.    **Exhibit 5, page -118.R (between "will reach" and "in 2023"; between "in**

23   **2023" and "from Play"; between "from Play" and "Search"; all figures in the columns with**

24   **the headings "2018A"; "2019E"; "2020F"; "2021F"; "2022F"; 2023F" and "Two Year**

25   **Term"; and between "reinvestment is" and "in each year").**  This information reflects and is

26   calculated from internal, non-public Google financial data. Google spends significant resources

27   compiling and maintaining this valuable data, which is non-public, and if revealed to competitors

28

17

DECLARATION OF CHRISTIAN CRAMER IN SUPPORT OF ADMINISTRATIVE MOTION TO SEAL MATERIALS
SUBMITTED IN CONNECTION WITH OMNIBUS MOTIONS IN LIMINE
Case Nos. 3:21-md-02981-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD; 3:22-cv-02746-JD

and potential business counterparties, could be used to disadvantage and cause Google competitive harm by giving competitors insight into confidential Google financial information. Further, this information reflects sensitive, highly confidential characterizations by Google's internal business teams that, if revealed, could be referenced by potential counterparties in negotiations with Google to gain an unfair advantage against Google.

30. **Exhibit 5, page -121.R (between "will reach" and "in 2023"; dollar amounts in the columns with the headings "2018A", "2019E", "2020F", "2021F", "2022F", and "2023F"; between "be between" and "GFWD"; between "enrollment of" and the end of the sentence; between "bonus rates" and "for most"; between "OEMs and" and "for Carriers").** This information reflects and is calculated from internal, non-public Google financial data. Google spends significant resources compiling and maintaining this valuable data, which is non-public, and if revealed to competitors and potential business counterparties, could be used to disadvantage and cause Google competitive harm by giving competitors insight into confidential Google financial information. Further, this information reflects sensitive, highly confidential characterizations by Google's internal business teams that, if revealed, could be referenced by potential counterparties in negotiations with Google to gain an unfair advantage against Google. Further, the disclosure of OEMs' highly confidential information would significantly harm OEMs' business. For example, OEMs' competitors could leverage this information to reap an unearned competitive advantage. They could exploit this information— that they otherwise would not have access to—to inform their own business strategies. To prevent these competitive harms from coming to fruition, OEMs proactively maintain the confidentiality of their strategic information, only disclosing it to a select group of individuals on an as-needed basis.

31. **Exhibit 5, page -122.R (between "to spend" and "to cover"; between "to cover" and "in key"; between "deals as-is" and "unsc'rd"; between "unsc'rd" and "Revshare" under heading "Case 1"; all three green and yellow columns; text before "Revshare" in both blue text boxes"; between "GDAF proposal" and "unsc'rd"; between**

18

DECLARATION OF CHRISTIAN CRAMER IN SUPPORT OF ADMINISTRATIVE MOTION TO SEAL MATERIALS
SUBMITTED IN CONNECTION WITH OMNIBUS MOTIONS IN LIMINE
Case Nos. 3:21-md-02981-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD; 3:22-cv-02746-JD

"unsc'rd" and "Revshare" under heading "Case 2"; between "RSAs expire" and "unsc'rd"; between "unsc'rd" and "Revshare" under heading "Case 3"). This text contains confidential, non-public information regarding Google's agreements with non-party carriers. Disclosure of this non-public information is likely to result in competitive harm to Google, as it reveals strategic decision-making which, for example, could give a competitor or potential business partner unfair leverage in competing against or negotiating with Google. Moreover, Google's competitors could use this non-party information to unfairly target Google's carrier partners and offer specific deal terms designed to undercut those offered by Google. This information reflects and is calculated from internal, non-public Google financial data. Google spends significant resources compiling and maintaining this valuable data, which is non-public, and if revealed to competitors and potential business counterparties, could be used to disadvantage and cause Google competitive harm by giving competitors insight into confidential Google financial information. Further, this information reflects sensitive, highly confidential characterizations by Google's internal business teams that, if revealed, could be referenced by potential counterparties in negotiations with Google to gain an unfair advantage against Google. Further, the disclosure of OEMs' highly confidential information would significantly harm OEMs' business. For example, OEMs' competitors could leverage this information to reap an unearned competitive advantage. They could exploit this information—that they otherwise would not have access to—to inform their own business strategies. To prevent these competitive harms from coming to fruition, OEMs proactively maintain the confidentiality of their strategic information, only disclosing it to a select group of individuals on an as-needed basis.

32.     **Exhibit 5, page -123.R (the dollar amounts in the columns with the headings "2018A", "2019E", "2020F", "2021F", "2022F" and "2023F").** This information reveals Google's internal non-public profit, revenue, and financial calculations. These data sets are not otherwise publicly reported by the company and their disclosure is likely to cause Google competitive harm and give its competitors an unfair advantage. Google's competitors could improperly utilize this internal, non-public data to modify or augment their business operations

19

DECLARATION OF CHRISTIAN CRAMER IN SUPPORT OF ADMINISTRATIVE MOTION TO SEAL MATERIALS
SUBMITTED IN CONNECTION WITH OMNIBUS MOTIONS IN LIMINE
Case Nos. 3:21-md-02981-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD; 3:22-cv-02746-JD

DocuSign Envelope ID: CE8BA6E6-93BE-4D75-8D5A-1DB3916BDEB7

in an effort to compete unfairly against Google. Moreover, visibility into the trends in the data (i.e., figures across multiple years) gives Google's competitors improper insight into the financial health and future outlook of the Play business, which also arguably gives Google's competitors an unfair advantage.

**Plaintiffs' Omnibus Oppositions to Defendants' Omnibus Motions in Limine – Exhibit 7**

**(GOOG-PLAY-000338400.R)**

33.     **Exhibit 7, Page -401 (between "on track to deliver" and "in revenue\*"; between "revenue\*" and "and approximately"; between "and approximately" and "of Alphabet H1'2020 operating profit"; between "momentum revenue forecast" and "by 2025)"; between "grow beyond momentum to" and "by 2025.  3 key"; between "3 key areas of opportunity:" and end of bullet-point list; and between "a path to grow" and "above the momentum forecast 5 years out.").**  This information reveals Google's internal non-public profit, revenue, and financial calculations for 2020 and as projected forward through 2025, and Google's internal strategic priorities for the same period. These data sets are not otherwise publicly reported by the company and their disclosure is likely to cause Google competitive harm and give its competitors an unfair advantage. Google's competitors could improperly utilize this internal, non-public data to modify or augment their business operations in an effort to compete unfairly against Google.  Moreover, visibility into the trends in the data (i.e., figures across multiple years) gives Google's competitors improper insight into the financial health and future outlook of the Play business, which also arguably gives Google's competitors an unfair advantage.  Finally, this text reflects confidential and recent business strategy considerations by Google, including considered Google's internal strategic priorities for Google through 2025. If publicly revealed, this information could cause Google competitive harm by giving other parties insight into Google's strategic considerations and plans, and thus a competitive advantage over Google in ongoing or future business negotiations and commercial strategy.

**Plaintiffs' Omnibus Oppositions to Defendants' Omnibus Motions in Limine – Exhibit 8**

**(Excerpt of Rosenberg Tr.)**

34.     **Exhibit 8, Pages -387-89 (between "It had been" and ".  There was –";** between "in January where it went up I think" and ", but I don't remember the exact number"; between "And when you say" and "you mean in the range"; between "into the range of between" and "A.  Correct."; between "I'm doing some math.  I think – I think it would be" and "shares?  A.  Correct."; between "What is the approximate time frame over which those shares will vest?  A.  I think it would be" and "I believe."; between "Q.  So if Google closed today at $2,772 and you have" and "am I doing the math right"; between "to understand that that's" and "worth of Google stock?";  between "Approximately how many vested shares do you hold?" and "Q.  Great." ; between "put on file with the SEC?" and "Q.  I don't know actually."; between "Q.  I don't know actually." and end of page).** This text  contains a discussion of the specific numbers, dollar values, and schedules associated with an individual Google employee's salary and stock holdings.  Disclosure of this personally identifying and highly sensitive personal financial information would violate that individual's reasonable expectation of privacy in their personal information shared privately with Google.  Google does not seek to redact the *fact* that the employee receives a salary or holds Google stock, which is relevant to the Motion.  But Google does seek to redact exact vesting schedule information, amount, and dollar value of the employee's salary and stock holdings.  No public interest is served by the public disclosure of that sensitive, personal information.

**Plaintiffs' Omnibus Oppositions to Defendants' Omnibus Motions in Limine – Exhibit 9**

**(GOOG-PLAY-007819062)**

35.     **Exhibit 9, Page -077 (green column under "BYOB").** This information contains non-public information regarding Google's confidential non-public internal strategic considerations related to creating value for and attracting developers to the Play Store. This information has never been disclosed publicly. Disclosure of this information would adversely impact Google's current competitive position by enabling Google's competitors to mimic its confidential strategies in an effort to attract developers away from Google.

21

DECLARATION OF CHRISTIAN CRAMER IN SUPPORT OF ADMINISTRATIVE MOTION TO SEAL MATERIALS
SUBMITTED IN CONNECTION WITH OMNIBUS MOTIONS IN LIMINE
Case Nos. 3:21-md-02981-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD; 3:22-cv-02746-JD

36.     **Exhibit 9, Page -078 (between "Costs range from" and end of line; all figures above the three blue columns).** This information contains non-public information regarding Google's confidential non-public internal strategic considerations related to creating value for and attracting developers to the Play Store. This information has never been disclosed publicly. Disclosure of this information would adversely impact Google's current competitive position by enabling Google's competitors to mimic its confidential strategies in an effort to attract developers away from Google.

37.     **Exhibit 9, Page -081 (all text to the right of "Est. Margin Cost"; between "Cost at" and "-assuming some behavior"; between "changes in games" and "apps"; between "apps;" and "games) Content Creator"; between "apps such as" and "who have a large creator platform"; between "usually published rates)" and "India program"; between "Content creator:" and "margin against existing").** This information reveals Google's internal non-public profit and financial calculations. These data sets are not otherwise publicly reported by the company and their disclosure is likely to cause Google competitive harm and give its competitors an unfair advantage. Google's competitors could improperly utilize this internal, non-public data to modify or augment their business operations in an effort to compete unfairly against Google. Moreover, this text contains confidential, non-public information regarding non-party developers, and implicates the non-party's confidentiality interests, by revealing the identity of Google business partners who are not party to this litigation, and who have a reasonable expectation that Google will maintain the confidentiality of contractual terms and its own confidential statements made during negotiations.

38.     **Exhibit 9, Page -083 (between "change would be" and "for apps"; between "for apps" and "for games"; all figures in the table below subheaders; between "devs shift just" and "of IAP spend"; between "Cost by" and "for apps"; between "for apps" and "for games)"; between "smaller tiers does not" and "this is because"; between "also means the" and "for" between "for" and "for games for the smallest"; between "subs give will be" and "for apps"; between "notional give" and "the size"; between "the size" and "for apps vs";**

22

DECLARATION OF CHRISTIAN CRAMER IN SUPPORT OF ADMINISTRATIVE MOTION TO SEAL MATERIALS
SUBMITTED IN CONNECTION WITH OMNIBUS MOTIONS IN LIMINE
Case Nos. 3:21-md-02981-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD; 3:22-cv-02746-JD

1    between "for apps vs" and "for games), but"; between "with subs is" and "compared to";

2    between "compared to" and "for games"; between "tiers are actually" and "and"; between

3    "and" and "as we see the"; and between "richness for upper tiers" and "I have a

4    hypothesis"). This information reflects and is calculated from internal, non-public Google

5    financial data regarding the financial impact of the service fee for subscriptions on developers.

6    Google spends significant resources compiling and maintaining this valuable data, which is non-

7    public, and if revealed to competitors and potential business counterparties, could be used to

8    disadvantage and cause Google competitive harm by giving competitors insight into confidential

9    Google financial information. Further, this information reflects sensitive, highly confidential

10   characterizations by Google's internal business teams that, if revealed, could be referenced by

11   potential counterparties in negotiations with Google to gain an unfair advantage against Google.

12        39.    Exhibit 9, Page -084 (between "smaller tiers does not" and "this is because";

13   between "also means the" and "for"; between "for" and "for games for the smallest";

14   between "subs give will be" and "for apps"; between "notional give" and "the size";

15   between "the size" and "for apps vs"; between "for apps vs" and "for games), but";

16   between "with subs is" and "compared to"; between "compared to" and "for games";

17   between "tiers are actually" and "and"; between "and" and "as we see the"; and between

18   "richness for upper tiers" and "I have a hypothesis"). This information reflects and is

19   calculated from internal, non-public Google financial data regarding the financial impact of the

20   service fee for subscriptions on developers. Google spends significant resources compiling and

21   maintaining this valuable data, which is non-public, and if revealed to competitors and potential

22   business counterparties, could be used to disadvantage and cause Google competitive harm by

23   giving competitors insight into confidential Google financial information. Further, this

24   information reflects sensitive, highly confidential characterizations by Google's internal business

25   teams that, if revealed, could be referenced by potential counterparties in negotiations with

26   Google to gain an unfair advantage against Google.

27

28

40. **Exhibit 9, Page -085 (all text in row to the right of "not published").** This information contains non-public information regarding Google's confidential non-public internal strategic considerations related to creating value for and attracting developers to the Play Store. Further, this text contains confidential, non-public information regarding non-party developers, and implicates the non-party's confidentiality interests, by revealing the identity of Google business partners who are not party to this litigation, and who have a reasonable expectation that Google will maintain the confidentiality of contractual terms and its own confidential statements made during negotiations. Further, disclosure of this non-public information is likely to result in competitive harm to Google, as it reveals strategic decision-making, which, for example, could give a competitor or potential business partner unfair leverage in competing against or negotiating with Google. Moreover, Google's competitors could use this non-party information to unfairly target Google's developer partners.

41. **Exhibit 9, Page -086 (between "Est. Margin Cost" and "- very few of these"; between "Cost at" and "-assuming some behavior"; between "changes in games" and "apps"; between "apps;" and "games) Content Creator"; between "apps such as" and "who have a large creator platform"; between "usually published rates)" and "India program"; between "Content creator:" and "margin against existing").** This information reveals Google's internal non-public profit and financial calculations. These data sets are not otherwise publicly reported by the company and their disclosure is likely to cause Google competitive harm and give its competitors an unfair advantage. Google's competitors could improperly utilize this internal, non-public data to modify or augment their business operations in an effort to compete unfairly against Google. Moreover, this text contains confidential, non-public information regarding non-party developers, and implicates the non-party's confidentiality interests, by revealing the identity of Google business partners who are not party to this litigation, and who have a reasonable expectation that Google will maintain the confidentiality of contractual terms and its own confidential statements made during negotiations.

42.      **Exhibit 9, Page -088 (text below "video").** This information contains non-public information regarding Google's confidential non-public internal strategic considerations related to creating value for and attracting developers to the Play Store. This information has never been disclosed publicly. Disclosure of this information would adversely impact Google's current competitive position by enabling Google's competitors to mimic its confidential strategies in an effort to attract developers away from Google.

43.      **Exhibit 9, Page -112 (between "Effective Fee *" and "-15%").** This information contains non-public information regarding Google's confidential non-public internal strategic considerations related to creating value for and attracting developers to the Play Store. This information has never been disclosed publicly. Disclosure of this information would adversely impact Google's current competitive position by enabling Google's competitors to mimic its confidential strategies in an effort to attract developers away from Google.

44.      **Exhibit 9, Page -120 (between "Est. Margin Cost" and "- very few of these"; between "Cost at" and "-assuming some behavior"; between "changes in games" and "apps"; between "apps;" and "games) Content Creator"; between "apps such as" and "who have a large creator platform"; between "usually published rates)" and "India program"; between "Content creator:" and "margin against existing").** This information reveals Google's internal non-public profit and financial calculations. These data sets are not otherwise publicly reported by the company and their disclosure is likely to cause Google competitive harm and give its competitors an unfair advantage. Google's competitors could improperly utilize this internal, non-public data to modify or augment their business operations in an effort to compete unfairly against Google. Moreover, this text contains confidential, non-public information regarding non-party developers, and implicates the non-party's confidentiality interests, by revealing the identity of Google business partners who are not party to this litigation, and who have a reasonable expectation that Google will maintain the confidentiality of contractual terms and its own confidential statements made during negotiations.

25

DECLARATION OF CHRISTIAN CRAMER IN SUPPORT OF ADMINISTRATIVE MOTION TO SEAL MATERIALS
SUBMITTED IN CONNECTION WITH OMNIBUS MOTIONS IN LIMINE
Case Nos. 3:21-md-02981-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD; 3:22-cv-02746-JD

45.     **Exhibit 9, Page -122 (between "(min." and "Accommodates apps that";
between "payout (min." and "Extend creator").** This information contains non-public
information regarding Google's confidential non-public internal strategic considerations related
to creating value for and attracting developers to the Play Store. This information has never been
disclosed publicly. Disclosure of this information would adversely impact Google's current
competitive position by enabling Google's competitors to mimic its confidential strategies in an
effort to attract developers away from Google.

46.     **Exhibit 9, Page -123 (between "Cost at" and "-assuming some behavior";
between "changes in games" and "apps"; between "apps;" and "games) Content Creator";
between "apps such as" and "who have a large creator platform"; between "usually
published rates)" and "India program"; between "Content creator:" and "margin against
existing").** This information reveals Google's internal non-public profit and financial
calculations. These data sets are not otherwise publicly reported by the company and their
disclosure is likely to cause Google competitive harm and give its competitors an unfair
advantage. Google's competitors could improperly utilize this internal, non-public data to modify
or augment their business operations in an effort to compete unfairly against Google. Moreover,
this text contains confidential, non-public information regarding non-party developers, and
implicates the non-party's confidentiality interests, by revealing the identity of Google business
partners who are not party to this litigation, and who have a reasonable expectation that Google
will maintain the confidentiality of contractual terms and its own confidential statements made
during negotiations.

47.     **Exhibit 9, Page -125 (all developers below "Match" in first column).**  This text
contains confidential, non-public information regarding non-party developers, and implicates the
non-party's confidentiality interests, by revealing the identity of Google business partners who
are not party to this litigation, and who have a reasonable expectation that Google will maintain
the confidentiality of contractual terms and its own confidential statements made during
negotiations. Further, disclosure of this non-public information is likely to result in competitive

harm to Google, as it reveals strategic decision-making, which, for example, could give a competitor or potential business partner unfair leverage in competing against or negotiating with Google. Moreover, Google's competitors could use this non-party information to unfairly target Google's developer partners.

48.     **Exhibit 9, Page -126 (all developers besides "Bandcamp" in first column).** This text contains confidential, non-public information regarding non-party developers, and implicates the non-party's confidentiality interests, by revealing the identity of Google business partners who are not party to this litigation, and who have a reasonable expectation that Google will maintain the confidentiality of contractual terms and its own confidential statements made during negotiations. Further, disclosure of this non-public information is likely to result in competitive harm to Google, as it reveals strategic decision-making, which, for example, could give a competitor or potential business partner unfair leverage in competing against or negotiating with Google. Moreover, Google's competitors could use this non-party information to unfairly target Google's developer partners.

49.     **Exhibit 9, Page -126 (all three figures in the "Tomorrow" column with "(min)" next to the figure).** This information contains non-public information regarding Google's confidential non-public internal strategic considerations related to creating value for and attracting developers to the Play Store. This information has never been disclosed publicly. Disclosure of this information would adversely impact Google's current competitive position by enabling Google's competitors to mimic its confidential strategies in an effort to attract developers away from Google.

50.     **Exhibit 9, Page -127 (all developers in first column).**  This text contains confidential, non-public information regarding non-party developers, and implicates the non-party's confidentiality interests, by revealing the identity of Google business partners who are not party to this litigation, and who have a reasonable expectation that Google will maintain the confidentiality of contractual terms and its own confidential statements made during negotiations. Further, disclosure of this non-public information is likely to result in competitive

27

DECLARATION OF CHRISTIAN CRAMER IN SUPPORT OF ADMINISTRATIVE MOTION TO SEAL MATERIALS
SUBMITTED IN CONNECTION WITH OMNIBUS MOTIONS IN LIMINE
Case Nos. 3:21-md-02981-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD; 3:22-cv-02746-JD

1   harm to Google, as it reveals strategic decision-making, which, for example, could give a

2   competitor or potential business partner unfair leverage in competing against or negotiating with

3   Google. Moreover, Google's competitors could use this non-party information to unfairly target

4   Google's developer partners.

5       51.   **Exhibit 9, Page -127 (all figures in the "Tomorrow" column).** This information

6   contains non-public information regarding Google's confidential non-public internal strategic

7   considerations related to creating value for and attracting developers to the Play Store. This

8   information has never been disclosed publicly. Disclosure of this information would adversely

9   impact Google's current competitive position by enabling Google's competitors to mimic its

10  confidential strategies in an effort to attract developers away from Google.

11      52.   **Exhibit 9, Page -130 (figure below "10%" in last blue column).** This

12  information contains non-public information regarding Google's confidential non-public internal

13  strategic considerations related to creating value for and attracting developers to the Play Store.

14  This information has never been disclosed publicly. Disclosure of this information would

15  adversely impact Google's current competitive position by enabling Google's competitors to

16  mimic its confidential strategies in an effort to attract developers away from Google.

17      53.   **Exhibit 9, Page -131 (between "content payout" and "Accommodates apps**

18  **that").** This information contains non-public information regarding Google's confidential non-

19  public internal strategic considerations related to creating value for and attracting developers to

20  the Play Store. This information has never been disclosed publicly. Disclosure of this

21  information would adversely impact Google's current competitive position by enabling Google's

22  competitors to mimic its confidential strategies in an effort to attract developers away from

23  Google.

24      54.   **Exhibit 9, Page -132 (figure below "10%" in blue column).** This information

25  contains non-public information regarding Google's confidential non-public internal strategic

26  considerations related to creating value for and attracting developers to the Play Store. This

27  information has never been disclosed publicly. Disclosure of this information would adversely

28

28

DECLARATION OF CHRISTIAN CRAMER IN SUPPORT OF ADMINISTRATIVE MOTION TO SEAL MATERIALS
SUBMITTED IN CONNECTION WITH OMNIBUS MOTIONS IN LIMINE
Case Nos. 3:21-md-02981-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD; 3:22-cv-02746-JD

impact Google's current competitive position by enabling Google's competitors to mimic its confidential strategies in an effort to attract developers away from Google.

55. **Exhibit 9, Page -133 (figure below "10%" in blue column).** This information contains non-public information regarding Google's confidential non-public internal strategic considerations related to creating value for and attracting developers to the Play Store. This information has never been disclosed publicly. Disclosure of this information would adversely impact Google's current competitive position by enabling Google's competitors to mimic its confidential strategies in an effort to attract developers away from Google.

56. **Exhibit 9, Page -134 (figure below "15%" in blue column).** This information contains non-public information regarding Google's confidential non-public internal strategic considerations related to creating value for and attracting developers to the Play Store. This information has never been disclosed publicly. Disclosure of this information would adversely impact Google's current competitive position by enabling Google's competitors to mimic its confidential strategies in an effort to attract developers away from Google.

57. **Exhibit 9, Page -135 (figure below "10%" in blue column).** This information contains non-public information regarding Google's confidential non-public internal strategic considerations related to creating value for and attracting developers to the Play Store. This information has never been disclosed publicly. Disclosure of this information would adversely impact Google's current competitive position by enabling Google's competitors to mimic its confidential strategies in an effort to attract developers away from Google.

58. **Exhibit 9, Page -136 (figure below "10%" in blue column).** This information contains non-public information regarding Google's confidential non-public internal strategic considerations related to creating value for and attracting developers to the Play Store. This information has never been disclosed publicly. Disclosure of this information would adversely impact Google's current competitive position by enabling Google's competitors to mimic its confidential strategies in an effort to attract developers away from Google.

**Plaintiffs' Omnibus Oppositions to Defendants' Omnibus Motions in Limine – Exhibit 10**

**(GOOG-PLAY-011450558)**

59.     **Exhibit 10, Page -639 (in the bullet point "Policy", between "and funding)" and the end of the sentence; between "pushed to change" and the end of the sentence).** This information contains non-public and confidential data regarding policies and developer relations on Google Play. This information has never been disclosed publicly and the Google Play product team treats it as strictly confidential. If publicly revealed, this information could influence the competitive decision-making and business strategies employed by Google's app store competitors, for example by influencing how those app stores market themselves to U.S. developers and how they distinguish themselves from Google Play in the eyes of U.S. developers.

60.     **Exhibit 10, Page -639 (underneath heading beginning with "NOTE: GAPP", the text in the first bullet point).** This information contains non-public and confidential data regarding policies and developer relations on Google Play. This information has never been disclosed publicly and the Google Play product team treats it as strictly confidential. If publicly revealed, this information could influence the competitive decision-making and business strategies employed by Google's app store competitors, for example by influencing how those app stores market themselves to U.S. developers and how they distinguish themselves from Google Play in the eyes of U.S. developers.

61.     **Exhibit 10, Page -639 (in the bullet point titled" Content Delivery Fees", between "Talking Point]:" and "one area", between "issue of" and the end of the sentence.)** This information contains non-public and confidential data regarding policies and developer relations on Google Play. This information has never been disclosed publicly and the Google Play product team treats it as strictly confidential. If publicly revealed, this information could influence the competitive decision-making and business strategies employed by Google's app store competitors, for example by influencing how those app stores market themselves to U.S.

30

DECLARATION OF CHRISTIAN CRAMER IN SUPPORT OF ADMINISTRATIVE MOTION TO SEAL MATERIALS
SUBMITTED IN CONNECTION WITH OMNIBUS MOTIONS IN LIMINE
Case Nos. 3:21-md-02981-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD; 3:22-cv-02746-JD

developers and how they distinguish themselves from Google Play in the eyes of U.S. developers.

62.   **Exhibit 10, Page -639 (the text in the three sub-bullet points to the bullet point titled" Content Delivery Fees").** This information contains non-public and confidential data regarding policies and developer relations on Google Play. This information has never been disclosed publicly and the Google Play product team treats it as strictly confidential. If publicly revealed, this information could influence the competitive decision-making and business strategies employed by Google's app store competitors, for example by influencing how those app stores market themselves to U.S. developers and how they distinguish themselves from Google Play in the eyes of U.S. developers.

63.   **Exhibit 10, Page -639 (the text following "Disney Upfront and Brandcast").** This information contains non-public and confidential data regarding policies and developer relations on Google Play. This information has never been disclosed publicly and the Google Play product team treats it as strictly confidential. If publicly revealed, this information could influence the competitive decision-making and business strategies employed by Google's app store competitors, for example by influencing how those app stores market themselves to U.S. developers and how they distinguish themselves from Google Play in the eyes of U.S. developers. This text also contains confidential, non-public information regarding Google's agreements with non-party developers. Disclosure of this non-public information is likely to result in competitive harm to Google, as it reveals strategic decision-making which, for example, could give a competitor or potential business partner unfair leverage in competing against or negotiating with Google. Moreover, Google's competitors could use this non-party information to unfairly target Google's developer partners and offer specific deal terms designed to undercut those offered by Google.

64.   **Exhibit 10, Page -639 (the text following "Platforms and Ecosystems").** This information contains non-public and confidential data regarding policies and developer relations on Google Play. This information has never been disclosed publicly and the Google Play product

team treats it as strictly confidential. If publicly revealed, this information could influence the competitive decision-making and business strategies employed by Google's app store competitors, for example by influencing how those app stores market themselves to U.S. developers and how they distinguish themselves from Google Play in the eyes of U.S. developers. This text also contains confidential, non-public information regarding Google's agreements with non-party developers. Disclosure of this non-public information is likely to result in competitive harm to Google, as it reveals strategic decision-making which, for example, could give a competitor or potential business partner unfair leverage in competing against or negotiating with Google. Moreover, Google's competitors could use this non-party information to unfairly target Google's developer partners and offer specific deal terms designed to undercut those offered by Google.

**Plaintiffs' Omnibus Oppositions to Defendants' Omnibus Motions in Limine – Exhibit 12**

**(GOOG-PLAY-011675561)**

65.     **Exhibit 12, Page -629 (between "target of" and "incremental"; between "is now" and the end of the sentence").** This information reveals Google's internal non-public profit, revenue, and financial calculations. These data sets are not otherwise publicly reported by the company and their disclosure is likely to cause Google competitive harm and give its competitors an unfair advantage. Google's competitors could improperly utilize this internal, non-public data to modify or augment their business operations in an effort to compete unfairly against Google. Moreover, visibility into the trends in the data (i.e., figures across multiple years) gives Google's competitors improper insight into the financial health and future outlook of the Play business, which also arguably gives Google's competitors an unfair advantage.

66.     **Exhibit 12, Page -631 (the dollar figures in the subheadings, "1. FOP Launches", "2. "eWallet Activation", "3. Global Pay", and "4. Live Commerce"; the chart under subheading "1. FOP Launches"; the figures under the subheading "2. eWallet Activation"; the text in the notes underneath the heading "The 4 launches this year are:")** This information reflects and is calculated from internal, non-public Google financial data.

32

DECLARATION OF CHRISTIAN CRAMER IN SUPPORT OF ADMINISTRATIVE MOTION TO SEAL MATERIALS
SUBMITTED IN CONNECTION WITH OMNIBUS MOTIONS IN LIMINE
Case Nos. 3:21-md-02981-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD; 3:22-cv-02746-JD

Google spends significant resources compiling and maintaining this valuable data, which is non-public, and if revealed to competitors and potential business counterparties, could be used to disadvantage and cause Google competitive harm by giving competitors insight into confidential Google financial information. Further, this information reflects sensitive, highly confidential characterizations by Google's internal business teams that, if revealed, could be referenced by potential counterparties in negotiations with Google to gain an unfair advantage against Google. Further, this text contains confidential, non-public information regarding Google's agreements with non-party developers. Disclosure of this non-public information is likely to result in competitive harm to Google, as it reveals strategic decision-making which, for example, could give a competitor or potential business partner unfair leverage in competing against or negotiating with Google. Moreover, Google's competitors could use this non-party information to unfairly target Google's developer partners and offer specific deal terms designed to undercut those offered by Google.

67.    **Exhibit 12, Page -634 (in the notes below the slide, between "Purchasers by" and "and Transactions"; between "Transactions by" and "this year"; between "year with" and "of ShopeePay")** This information contains non-public and confidential data regarding commerce programs on Google Play. This information has never been disclosed publicly and the Google Play product team treats it as strictly confidential. If publicly revealed, this information could influence the competitive decision-making and business strategies employed by Google's app store competitors, for example by influencing how those app stores market themselves to U.S. developers and how they distinguish themselves from Google Play in the eyes of U.S. developers. This text contains confidential, non-public information regarding Google's agreements with non-party developers. Disclosure of this non-public information is likely to result in competitive harm to Google, as it reveals strategic decision-making which, for example, could give a competitor or potential business partner unfair leverage in competing against or negotiating with Google. Moreover, Google's competitors could use this non-party information

to unfairly target Google's developer partners and offer specific deal terms designed to undercut those offered by Google.

68.     **Exhibit 12, Page -635 (the data underneath the subheading "Campaign Results"; between "total of" and "during the"; between "campaign period" and "achievement"; the percentage figures between "it drove" and the end of the sentence")** This information contains non-public and confidential data regarding commerce programs on Google Play. This information has never been disclosed publicly and the Google Play product team treats it as strictly confidential. If publicly revealed, this information could influence the competitive decision-making and business strategies employed by Google's app store competitors, for example by influencing how those app stores market themselves to U.S. developers and how they distinguish themselves from Google Play in the eyes of U.S. developers. This text contains confidential, non-public information regarding Google's agreements with non-party developers. Disclosure of this non-public information is likely to result in competitive harm to Google, as it reveals strategic decision-making which, for example, could give a competitor or potential business partner unfair leverage in competing against or negotiating with Google. Moreover, Google's competitors could use this non-party information to unfairly target Google's developer partners and offer specific deal terms designed to undercut those offered by Google.

69.     **Exhibit 12, Page -636 (the text and figures below the images on the slide; between "volume by" and "YoY;" between "on Play by" and "YoY"; between start of sentence and "for spend;" between "for spend" and "for NPUs" and between "NPUs and and for RPUs")** This information contains non-public and confidential data regarding commerce programs on Google Play. This information has never been disclosed publicly and the Google Play product team treats it as strictly confidential. If publicly revealed, this information could influence the competitive decision-making and business strategies employed by Google's app store competitors, for example by influencing how those app stores market themselves to U.S. developers and how they distinguish themselves from Google Play in the eyes of U.S.

developers. This text contains confidential, non-public information regarding Google's agreements with non-party developers. Disclosure of this non-public information is likely to result in competitive harm to Google, as it reveals strategic decision-making which, for example, could give a competitor or potential business partner unfair leverage in competing against or negotiating with Google. Moreover, Google's competitors could use this non-party information to unfairly target Google's developer partners and offer specific deal terms designed to undercut those offered by Google. The disclosure of developer's highly confidential information would significantly harm to the developer's business. For example, developer's competitors could leverage this information to reap an unearned competitive advantage. They could exploit this information—that they otherwise would not have access to—to inform their own business strategies. To prevent these competitive harms from coming to fruition, the developer proactively maintains the confidentiality of its strategic information, only disclosing it to a select group of individuals on an as-needed basis.

70.     **Exhibit 12, Page -638 (in the notes below the slide, from the beginning of the sentence to "page views"; from "highest is" to the end of the sentence; between "uniques is" and "(Disney/Naver)"; between "(Disney/Naver" and the end of the sentence.)** This information contains non-public and confidential data regarding commerce programs on Google Play. This information has never been disclosed publicly and the Google Play product team treats it as strictly confidential. If publicly revealed, this information could influence the competitive decision-making and business strategies employed by Google's app store competitors, for example by influencing how those app stores market themselves to U.S. developers and how they distinguish themselves from Google Play in the eyes of U.S. developers. This text contains confidential, non-public information regarding Google's agreements with non-party developers. Disclosure of this non-public information is likely to result in competitive harm to Google, as it reveals strategic decision-making which, for example, could give a competitor or potential business partner unfair leverage in competing against or negotiating with Google. Moreover, Google's competitors could use this non-party information

to unfairly target Google's developer partners and offer specific deal terms designed to undercut those offered by Google.

71.    **Exhibit 12, Page -640 (all figures in the columns "Est for H1 Activities", "EOY Outlook", and "Original Target"; in the row "eWallet Activations", from "revenue estimates" to the end of the sentence; in the row "PayPal Activations, between "for H2 w/" and "in partner"; in the row "Total", between "target was" and "to be")** This information contains non-public and confidential data regarding commerce programs on Google Play. This information has never been disclosed publicly and the Google Play product team treats it as strictly confidential. If publicly revealed, this information could influence the competitive decision-making and business strategies employed by Google's app store competitors, for example by influencing how those app stores market themselves to U.S. developers and how they distinguish themselves from Google Play in the eyes of U.S. developers. This text contains confidential, non-public information regarding Google's agreements with non-party developers. Disclosure of this non-public information is likely to result in competitive harm to Google, as it reveals strategic decision-making which, for example, could give a competitor or potential business partner unfair leverage in competing against or negotiating with Google. Moreover, Google's competitors could use this non-party information to unfairly target Google's developer partners and offer specific deal terms designed to undercut those offered by Google.

**Plaintiffs' Omnibus Oppositions to Defendants' Omnibus Motions in Limine– Exhibit 13 (GOOG-PLAY-007868187)**

72.    **Exhibit 13, Page -214 (the chart on the left side of the slide).** This information contains non-public and confidential data regarding app growth and performance on Google Play. This information has never been disclosed publicly and the Google Play product team treats it as strictly confidential. If publicly revealed, this information could influence the competitive decision-making and business strategies employed by Google's app store competitors, for example by influencing how those app stores market themselves to U.S.

36

DECLARATION OF CHRISTIAN CRAMER IN SUPPORT OF ADMINISTRATIVE MOTION TO SEAL MATERIALS
SUBMITTED IN CONNECTION WITH OMNIBUS MOTIONS IN LIMINE
Case Nos. 3:21-md-02981-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD; 3:22-cv-02746-JD

1   developers and how they distinguish themselves from Google Play in the eyes of U.S.

2   developers.

3         73.    **Exhibit 13, Page -215 (the innermost circle of the graphic).** This information

4   contains non-public and confidential data regarding app growth and performance on Google

5   Play. This information has never been disclosed publicly and the Google Play product team

6   treats it as strictly confidential. If publicly revealed, this information could influence the

7   competitive decision-making and business strategies employed by Google's app store

8   competitors, for example by influencing how those app stores market themselves to U.S.

9   developers and how they distinguish themselves from Google Play in the eyes of U.S.

10   developers. Further, this information reveals Google's internal non-public profit, revenue, and

11   financial calculations. These data sets are not otherwise publicly reported by the company and

12   their disclosure is likely to cause Google competitive harm and give its competitors an unfair

13   advantage. Google's competitors could improperly utilize this internal, non-public data to modify

14   or augment their business operations in an effort to compete unfairly against Google. Moreover,

15   visibility into the trends in the data (i.e., figures across multiple years) gives Google's

16   competitors improper insight into the financial health and future outlook of the Play business,

17   which also arguably gives Google's competitors an unfair advantage.

18         74.    **Exhibit 13, Page -219 (in the notes, between "cost of" and "in first year").**

19   This information contains non-public and confidential data regarding app growth and

20   performance on Google Play. This information has never been disclosed publicly and the Google

21   Play product team treats it as strictly confidential. If publicly revealed, this information could

22   influence the competitive decision-making and business strategies employed by Google's app

23   store competitors, for example by influencing how those app stores market themselves to U.S.

24   developers and how they distinguish themselves from Google Play in the eyes of U.S.

25   developers. Further, this information reveals Google's internal non-public profit, revenue, and

26   financial calculations. These data sets are not otherwise publicly reported by the company and

27   their disclosure is likely to cause Google competitive harm and give its competitors an unfair

28

DECLARATION OF CHRISTIAN CRAMER IN SUPPORT OF ADMINISTRATIVE MOTION TO SEAL MATERIALS
SUBMITTED IN CONNECTION WITH OMNIBUS MOTIONS IN LIMINE
Case Nos. 3:21-md-02981-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD; 3:22-cv-02746-JD

advantage. Google's competitors could improperly utilize this internal, non-public data to modify or augment their business operations in an effort to compete unfairly against Google. Moreover, visibility into the trends in the data (i.e., figures across multiple years) gives Google's competitors improper insight into the financial health and future outlook of the Play business, which also arguably gives Google's competitors an unfair advantage.

75.     **Exhibit 13, Page -225 (all content in slide under the heading "Level 3 - Tiered RevShare - 4 dimensions").** This information contains non-public information regarding Google's confidential non-public internal strategic considerations related to creating value for and attracting developers to the Play Store. This information has never been disclosed publicly. Disclosure of this information would adversely impact Google's current competitive position by enabling Google's competitors to mimic its confidential strategies in an effort to attract developers away from Google. This information also contains non-public and confidential data regarding internal considerations of features regarding billing on Google Play. This information has never been disclosed publicly and the Google Play product team treats it as strictly confidential. If publicly revealed, this information could influence the competitive decision-making and business strategies employed by Google's app store competitors, for example by influencing how those app stores market themselves to U.S. developers and how they distinguish themselves from Google Play in the eyes of U.S. developers.

76.     **Exhibit 13, Page -228 (the figure underneath the heading "Segmented Hybrid All-Inclusive + Billing Optionality").** This information contains non-public information regarding Google's confidential non-public internal strategic considerations related to creating value for and attracting developers to the Play Store. This information has never been disclosed publicly. Disclosure of this information would adversely impact Google's current competitive position by enabling Google's competitors to mimic its confidential strategies in an effort to attract developers away from Google. This information also contains non-public and confidential data regarding internal considerations of features regarding billing on Google Play. This information has never been disclosed publicly and the Google Play product team treats it as

38

DECLARATION OF CHRISTIAN CRAMER IN SUPPORT OF ADMINISTRATIVE MOTION TO SEAL MATERIALS
SUBMITTED IN CONNECTION WITH OMNIBUS MOTIONS IN LIMINE
Case Nos. 3:21-md-02981-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD; 3:22-cv-02746-JD

strictly confidential. If publicly revealed, this information could influence the competitive

decision-making and business strategies employed by Google's app store competitors, for

example by influencing how those app stores market themselves to U.S. developers and how

they distinguish themselves from Google Play in the eyes of U.S. developers.

77. **Exhibit 13, Page -229 (the figure underneath the heading "Segmented Hybrid**

**All-Inclusive + Billing Optionality").** This information contains non-public information

regarding Google's confidential non-public internal strategic considerations related to creating

value for and attracting developers to the Play Store. This information has never been disclosed

publicly. Disclosure of this information would adversely impact Google's current competitive

position by enabling Google's competitors to mimic its confidential strategies in an effort to

attract developers away from Google. This information also contains non-public and confidential

data regarding internal considerations of features regarding billing on Google Play. This

information has never been disclosed publicly and the Google Play product team treats it as

strictly confidential. If publicly revealed, this information could influence the competitive

decision-making and business strategies employed by Google's app store competitors, for

example by influencing how those app stores market themselves to U.S. developers and how

they distinguish themselves from Google Play in the eyes of U.S. developers.

78. **Exhibit 13, Page -230 (the figure and content to the right of the Amazon**

**logo).** This information contains non-public information regarding Google's confidential non-

public internal strategic considerations related to creating value for and attracting developers to

the Play Store. This information has never been disclosed publicly. Disclosure of this

information would adversely impact Google's current competitive position by enabling Google's

competitors to mimic its confidential strategies in an effort to attract developers away from

Google. This information also contains non-public and confidential data regarding internal

considerations of features regarding billing on Google Play. This information has never been

disclosed publicly and the Google Play product team treats it as strictly confidential. If publicly

revealed, this information could influence the competitive decision-making and business

1    strategies employed by Google's app store competitors, for example by influencing how those

2    app stores market themselves to U.S. developers and how they distinguish themselves from

3    Google Play in the eyes of U.S. developers.

4         79.    **Exhibit 13, Page -232 (the text and figures below the headings "General**

5    **Layout" and "Based on Subscription model").** This information contains non-public

6    information regarding Google's confidential non-public internal strategic considerations related

7    to creating value for and attracting developers to the Play Store. This information has never been

8    disclosed publicly. Disclosure of this information would adversely impact Google's current

9    competitive position by enabling Google's competitors to mimic its confidential strategies in an

10   effort to attract developers away from Google. This information also contains non-public and

11   confidential data regarding internal considerations of features regarding billing on Google Play.

12   This information has never been disclosed publicly and the Google Play product team treats it as

13   strictly confidential. If publicly revealed, this information could influence the competitive

14   decision-making and business strategies employed by Google's app store competitors, for

15   example by influencing how those app stores market themselves to U.S. developers and how

16   they distinguish themselves from Google Play in the eyes of U.S. developers.

17        80.    **Exhibit 13, Page -233 (the figures and content below the heading "Tenured**

18   **Buyer Incentive Layout: Sensitivities (Backup)").** This information contains non-public

19   information regarding Google's confidential non-public internal strategic considerations related

20   to creating value for and attracting developers to the Play Store. This information has never been

21   disclosed publicly. Disclosure of this information would adversely impact Google's current

22   competitive position by enabling Google's competitors to mimic its confidential strategies in an

23   effort to attract developers away from Google. This information also contains non-public and

24   confidential data regarding internal considerations of features regarding billing on Google Play.

25   This information has never been disclosed publicly and the Google Play product team treats it as

26   strictly confidential. If publicly revealed, this information could influence the competitive

27   decision-making and business strategies employed by Google's app store competitors, for

28

1    example by influencing how those app stores market themselves to U.S. developers and how

2    they distinguish themselves from Google Play in the eyes of U.S. developers.

3        81.    **Exhibit 13, Page -234 (the figures and content below the heading "Tenured**

4    **Buyer Incentive Layout: Sensitivities (Backup)").** This information contains non-public

5    information regarding Google's confidential non-public internal strategic considerations related

6    to creating value for and attracting developers to the Play Store. This information has never been

7    disclosed publicly. Disclosure of this information would adversely impact Google's current

8    competitive position by enabling Google's competitors to mimic its confidential strategies in an

9    effort to attract developers away from Google. This information also contains non-public and

10   confidential data regarding internal considerations of features regarding billing on Google Play.

11   This information has never been disclosed publicly and the Google Play product team treats it as

12   strictly confidential. If publicly revealed, this information could influence the competitive

13   decision-making and business strategies employed by Google's app store competitors, for

14   example by influencing how those app stores market themselves to U.S. developers and how

15   they distinguish themselves from Google Play in the eyes of U.S. developers.

16       82.    **Exhibit 13, Page -235 (the figures and content below the heading "Tenured**

17   **buyer incentive…".)** This information contains non-public information regarding Google's

18   confidential non-public internal strategic considerations related to creating value for and

19   attracting developers to the Play Store. This information has never been disclosed publicly.

20   Disclosure of this information would adversely impact Google's current competitive position by

21   enabling Google's competitors to mimic its confidential strategies in an effort to attract

22   developers away from Google. This information also contains non-public and confidential data

23   regarding internal considerations of features regarding billing on Google Play. This information

24   has never been disclosed publicly and the Google Play product team treats it as strictly

25   confidential. If publicly revealed, this information could influence the competitive decision-

26   making and business strategies employed by Google's app store competitors, for example by

27

28

1    influencing how those app stores market themselves to U.S. developers and how they distinguish

2    themselves from Google Play in the eyes of U.S. developers.

3        83.    **Exhibit 13, Page -237 (the figure in the heading "spend uplift from"; the text**

4    **and figures underneath the heading.)** This information contains non-public information

5    regarding Google's confidential non-public internal strategic considerations related to creating

6    value for and attracting developers to the Play Store. This information has never been disclosed

7    publicly. Disclosure of this information would adversely impact Google's current competitive

8    position by enabling Google's competitors to mimic its confidential strategies in an effort to

9    attract developers away from Google. This information also contains non-public and confidential

10   data regarding internal considerations of features regarding billing on Google Play. This

11   information has never been disclosed publicly and the Google Play product team treats it as

12   strictly confidential. If publicly revealed, this information could influence the competitive

13   decision-making and business strategies employed by Google's app store competitors, for

14   example by influencing how those app stores market themselves to U.S. developers and how

15   they distinguish themselves from Google Play in the eyes of U.S. developers.

16       84.    **Exhibit 13, Page -241 (between "processing have" and "spread from"; the**

17   **graph and content below the heading).** This information contains non-public information

18   regarding Google's confidential non-public internal strategic considerations related to creating

19   value for and attracting developers to the Play Store. This information has never been disclosed

20   publicly. Disclosure of this information would adversely impact Google's current competitive

21   position by enabling Google's competitors to mimic its confidential strategies in an effort to

22   attract developers away from Google. This information also contains non-public and confidential

23   data regarding internal considerations of features regarding billing on Google Play. This

24   information has never been disclosed publicly and the Google Play product team treats it as

25   strictly confidential. If publicly revealed, this information could influence the competitive

26   decision-making and business strategies employed by Google's app store competitors, for

27

28

42

DECLARATION OF CHRISTIAN CRAMER IN SUPPORT OF ADMINISTRATIVE MOTION TO SEAL MATERIALS
SUBMITTED IN CONNECTION WITH OMNIBUS MOTIONS IN LIMINE
Case Nos. 3:21-md-02981-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD; 3:22-cv-02746-JD

example by influencing how those app stores market themselves to U.S. developers and how they distinguish themselves from Google Play in the eyes of U.S. developers.

85.     **Exhibit 13, Page -242 (the percentage figures in the right column of the table under the subheader: "Marginal cost transfer from payment processing").** This information contains non-public information regarding Google's confidential non-public internal strategic considerations related to creating value for and attracting developers to the Play Store. This information has never been disclosed publicly. Disclosure of this information would adversely impact Google's current competitive position by enabling Google's competitors to mimic its confidential strategies in an effort to attract developers away from Google. This information also contains non-public and confidential data regarding internal considerations of features regarding billing on Google Play. This information has never been disclosed publicly and the Google Play product team treats it as strictly confidential. If publicly revealed, this information could influence the competitive decision-making and business strategies employed by Google's app store competitors, for example by influencing how those app stores market themselves to U.S. developers and how they distinguish themselves from Google Play in the eyes of U.S. developers.

86.     **Exhibit 13, Page -243 (the figures in the table underneath the headings "on Google Play Billing" and "on Partner Billing"; the text to the right of the table; the percentage in the footnote of the table").** This information contains non-public information regarding Google's confidential non-public internal strategic considerations related to creating value for and attracting developers to the Play Store. This information has never been disclosed publicly. Disclosure of this information would adversely impact Google's current competitive position by enabling Google's competitors to mimic its confidential strategies in an effort to attract developers away from Google. This information also contains non-public and confidential data regarding internal considerations of features regarding billing on Google Play. This information has never been disclosed publicly and the Google Play product team treats it as strictly confidential. If publicly revealed, this information could influence the competitive

1    decision-making and business strategies employed by Google's app store competitors, for

2    example by influencing how those app stores market themselves to U.S. developers and how

3    they distinguish themselves from Google Play in the eyes of U.S. developers.

4        87.    **Exhibit 13, Page -244 (the text and figures in the table underneath the**

5    **heading "$ at risk").** This information contains non-public information regarding Google's

6    confidential non-public internal strategic considerations related to creating value for and

7    attracting developers to the Play Store. This information has never been disclosed publicly.

8    Disclosure of this information would adversely impact Google's current competitive position by

9    enabling Google's competitors to mimic its confidential strategies in an effort to attract

10   developers away from Google. This information also contains non-public and confidential data

11   regarding internal considerations of features regarding billing on Google Play. This information

12   has never been disclosed publicly and the Google Play product team treats it as strictly

13   confidential. If publicly revealed, this information could influence the competitive decision-

14   making and business strategies employed by Google's app store competitors, for example by

15   influencing how those app stores market themselves to U.S. developers and how they distinguish

16   themselves from Google Play in the eyes of U.S. developers.

17       88.    **Exhibit 13, Page -247 (between "To generate" and "to"; between "to" and**

18   **"in paid discovery"; all text and charts below "without cannibalization, need to believe…").**

19   This information contains non-public information regarding Google's confidential non-public

20   internal strategic considerations related to creating value for and attracting developers to the Play

21   Store. This information has never been disclosed publicly. Disclosure of this information would

22   adversely impact Google's current competitive position by enabling Google's competitors to

23   mimic its confidential strategies in an effort to attract developers away from Google. This

24   information also contains non-public and confidential data regarding internal considerations of

25   features regarding billing on Google Play. This information has never been disclosed publicly

26   and the Google Play product team treats it as strictly confidential. If publicly revealed, this

27   information could influence the competitive decision-making and business strategies employed

28

by Google's app store competitors, for example by influencing how those app stores market themselves to U.S. developers and how they distinguish themselves from Google Play in the eyes of U.S. developers.

**Plaintiffs' Omnibus Oppositions to Defendants' Omnibus Motions in Limine – Exhibit 14**

**(GOOG-PLAY-004119228.R)**

89.     **Exhibit 14, Page -229 (between "users with" and "paid out;" the graphic below the heading "Play is operating…"; between "has paid out" and "to developers"; between "growth rate" and "Y/Y growth"; between "with" and "in revenues"; between "Browsers" and "Y/Y growth"; between "businesses" and "and a key").** This information reflects and is calculated from internal, non-public Google financial data. Google spends significant resources compiling and maintaining this valuable data, which is non-public, and if revealed to competitors and potential business counterparties, could be used to disadvantage and cause Google competitive harm by giving competitors insight into confidential Google financial information. Further, this information reflects sensitive, highly confidential characterizations by Google's internal business teams that, if revealed, could be referenced by potential counterparties in negotiations with Google to gain an unfair advantage against Google. This information also contains non-public information regarding Google's confidential non-public internal strategic considerations related to creating value for and attracting developers to the Play Store. This information has never been disclosed publicly. Disclosure of this information would adversely impact Google's current competitive position by enabling Google's competitors to mimic its confidential strategies in an effort to attract developers away from Google.

90.     **Exhibit 14, Page -230 (the chart below the heading "Play continues to improve…"; between "our plan of" and "in revenue"; between "sustaining" and "operating margins"; between "growing" and "y/y"; between "growth to" and "y.y in Q2"; between "was" and "growth").** This information reflects and is calculated from internal, non-public Google financial data. Google spends significant resources compiling and maintaining this valuable data, which is non-public, and if revealed to competitors and potential business

45

DECLARATION OF CHRISTIAN CRAMER IN SUPPORT OF ADMINISTRATIVE MOTION TO SEAL MATERIALS
SUBMITTED IN CONNECTION WITH OMNIBUS MOTIONS IN LIMINE
Case Nos. 3:21-md-02981-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD; 3:22-cv-02746-JD

counterparties, could be used to disadvantage and cause Google competitive harm by giving competitors insight into confidential Google financial information. Further, this information reflects sensitive, highly confidential characterizations by Google's internal business teams that, if revealed, could be referenced by potential counterparties in negotiations with Google to gain an unfair advantage against Google. This information also contains non-public information regarding Google's confidential non-public internal strategic considerations related to creating value for and attracting developers to the Play Store. This information has never been disclosed publicly. Disclosure of this information would adversely impact Google's current competitive position by enabling Google's competitors to mimic its confidential strategies in an effort to attract developers away from Google.

91.     **Exhibit 14, Page -231 (between "Our revenues are" and "over plan in H1"; between "strong Q1" and "Y/Y growth) and"; between "in Q2" and "Y/Y growth) due"; the chart below the heading "Our revenues are…"; between "to roughly" and "of this comes"; between "in place" and the end of the sentence; between "noted as" and "it is mostly;" between "level are" and "in 1H20").** This information reflects and is calculated from internal, non-public Google financial data. Google spends significant resources compiling and maintaining this valuable data, which is non-public, and if revealed to competitors and potential business counterparties, could be used to disadvantage and cause Google competitive harm by giving competitors insight into confidential Google financial information. Further, this information reflects sensitive, highly confidential characterizations by Google's internal business teams that, if revealed, could be referenced by potential counterparties in negotiations with Google to gain an unfair advantage against Google. This information also contains non-public information regarding Google's confidential non-public internal strategic considerations related to creating value for and attracting developers to the Play Store. This information has never been disclosed publicly. Disclosure of this information would adversely impact Google's current competitive position by enabling Google's competitors to mimic its confidential strategies in an effort to attract developers away from Google.

92.     **Exhibit 14, Page -232 (the chart below the heading "Growth Drivers: Emerging markets…"; between "Only" and "of active"; the percentage that begins the sentence"of Play revenue"; between "revenue and" and "of buyers"; between "growing at" and "Y/Y"; between "Y/Y and" and "respectively"; between "tracking at a" and "run rate"; between "YTD spend =" and the end of the sentence; between "and over" and "flowing through").** This information reflects and is calculated from internal, non-public Google financial data. Google spends significant resources compiling and maintaining this valuable data, which is non-public, and if revealed to competitors and potential business counterparties, could be used to disadvantage and cause Google competitive harm by giving competitors insight into confidential Google financial information. Further, this information reflects sensitive, highly confidential characterizations by Google's internal business teams that, if revealed, could be referenced by potential counterparties in negotiations with Google to gain an unfair advantage against Google. This information also contains non-public information regarding Google's confidential non-public internal strategic considerations related to creating value for and attracting developers to the Play Store. This information has never been disclosed publicly. Disclosure of this information would adversely impact Google's current competitive position by enabling Google's competitors to mimic its confidential strategies in an effort to attract developers away from Google.

93.     **Exhibit 14, Page -233 (the percentage figures in the four bullet points on the right side of the slide; between "churn of" and "and a"; between "and a" and "uplift in").** This information reflects and is calculated from internal, non-public Google financial data. Google spends significant resources compiling and maintaining this valuable data, which is non-public, and if revealed to competitors and potential business counterparties, could be used to disadvantage and cause Google competitive harm by giving competitors insight into confidential Google financial information. Further, this information reflects sensitive, highly confidential characterizations by Google's internal business teams that, if revealed, could be referenced by potential counterparties in negotiations with Google to gain an unfair advantage against Google.

DocuSign Envelope ID: CE8BA6E6-93BE-4D75-8D5A-1DB3916BDEB7

1   This information also contains non-public information regarding Google's confidential non-

2   public internal strategic considerations related to creating value for and attracting developers to

3   the Play Store. This information has never been disclosed publicly. Disclosure of this

4   information would adversely impact Google's current competitive position by enabling Google's

5   competitors to mimic its confidential strategies in an effort to attract developers away from

6   Google.

7       94.     **Exhibit 14, Page -234 (from "in the segment" to the end of the sentence;**

8   **between "all HVUs" and "of Play"; the last line of the page after "non-HVUs to**

9   **participate.").** This information reflects and is calculated from internal, non-public Google

10  financial data. Google spends significant resources compiling and maintaining this valuable data,

11  which is non-public, and if revealed to competitors and potential business counterparties, could

12  be used to disadvantage and cause Google competitive harm by giving competitors insight into

13  confidential Google financial information. Further, this information reflects sensitive, highly

14  confidential characterizations by Google's internal business teams that, if revealed, could be

15  referenced by potential counterparties in negotiations with Google to gain an unfair advantage

16  against Google. This information also contains non-public information regarding Google's

17  confidential non-public internal strategic considerations related to creating value for and

18  attracting developers to the Play Store. This information has never been disclosed publicly.

19  Disclosure of this information would adversely impact Google's current competitive position by

20  enabling Google's competitors to mimic its confidential strategies in an effort to attract

21  developers away from Google.

22      95.     **Exhibit 14, Page -237(the text below the graphic titled "Games Velocity**

23  **Program" and above "Cross Google deals"; between "Play takes" and "of the revenue").**

24  This text contains confidential, non-public information regarding Google's agreements with non-

25  party developers. Disclosure of this non-public information is likely to result in competitive harm

26  to Google, as it reveals strategic decision-making which, for example, could give a competitor or

27  potential business partner unfair leverage in competing against or negotiating with Google.

28

Moreover, Google's competitors could use this non-party information to unfairly target Google's developer partners and offer specific deal terms designed to undercut those offered by Google.

96.    **Exhibit 14, Page -237-238 (the final paragraph of the page continuing onto the next page until "CEO").** This text contains confidential, non-public information regarding Google's agreements with non-party developers. Disclosure of this non-public information is likely to result in competitive harm to Google, as it reveals strategic decision-making which, for example, could give a competitor or potential business partner unfair leverage in competing against or negotiating with Google. Moreover, Google's competitors could use this non-party information to unfairly target Google's developer partners and offer specific deal terms designed to undercut those offered by Google. Further, The disclosure of a developer's highly confidential information would significantly harm a developer's business. For example, a developer's competitors could leverage this information to reap an unearned competitive advantage. They could exploit this information—that they otherwise would not have access to—to inform their own business strategies. To prevent these competitive harms from coming to fruition, a developer  proactively maintains the confidentiality of its strategic information, only disclosing it to a select group of individuals on an as-needed basis.

97.    **Exhibit 14, Page -238 (between "incremental" and "in cloud").** This text contains confidential, non-public information regarding Google's agreements with non-party developers. Disclosure of this non-public information is likely to result in competitive harm to Google, as it reveals strategic decision-making which, for example, could give a competitor or potential business partner unfair leverage in competing against or negotiating with Google. Moreover, Google's competitors could use this non-party information to unfairly target Google's developer partners and offer specific deal terms designed to undercut those offered by Google. This information also reflects and is calculated from internal, non-public Google financial data. Google spends significant resources compiling and maintaining this valuable data, which is non-public, and if revealed to competitors and potential business counterparties, could be used to disadvantage and cause Google competitive harm by giving competitors insight into confidential

Google financial information. Further, this information reflects sensitive, highly confidential characterizations by Google's internal business teams that, if revealed, could be referenced by potential counterparties in negotiations with Google to gain an unfair advantage against Google.

98.     **Exhibit 14, Page -242 (the numbers and text below the headings "As of 1H 2020" and "Scaling Plan by EO'21" and below flag icons; between "covering" and "of total"; between "is strong" and "uplift"; between "nearly all" and "of Play"; between "to achieve" and enrolled").** This text contains confidential, non-public information regarding Google's agreements with non-party developers. Disclosure of this non-public information is likely to result in competitive harm to Google, as it reveals strategic decision-making which, for example, could give a competitor or potential business partner unfair leverage in competing against or negotiating with Google. Moreover, Google's competitors could use this non-party information to unfairly target Google's developer partners and offer specific deal terms designed to undercut those offered by Google.  This information also reflects and is calculated from internal, non-public Google financial data. Google spends significant resources compiling and maintaining this valuable data, which is non-public, and if revealed to competitors and potential business counterparties, could be used to disadvantage and cause Google competitive harm by giving competitors insight into confidential Google financial information. Further, this information reflects sensitive, highly confidential characterizations by Google's internal business teams that, if revealed, could be referenced by potential counterparties in negotiations with Google to gain an unfair advantage against Google.

99.     **Exhibit 14, Page -244 (the chart below the heading "Play buyer base has fast forwarded by 6-9 months during COVID").** This information reflects and is calculated from internal, non-public Google financial data. Google spends significant resources compiling and maintaining this valuable data, which is non-public, and if revealed to competitors and potential business counterparties, could be used to disadvantage and cause Google competitive harm by giving competitors insight into confidential Google financial information. Further, this information reflects sensitive, highly confidential characterizations by Google's internal business

1   teams that, if revealed, could be referenced by potential counterparties in negotiations with

2   Google to gain an unfair advantage against Google.

3       100.    **Exhibit 14, Page -245 (the chart below the heading "Order-to-order retention**

4   **rates are similar to normal times").** This information reflects and is calculated from internal,

5   non-public Google financial data. Google spends significant resources compiling and

6   maintaining this valuable data, which is non-public, and if revealed to competitors and potential

7   business counterparties, could be used to disadvantage and cause Google competitive harm by

8   giving competitors insight into confidential Google financial information. Further, this

9   information reflects sensitive, highly confidential characterizations by Google's internal business

10  teams that, if revealed, could be referenced by potential counterparties in negotiations with

11  Google to gain an unfair advantage against Google.

12      I declare under penalty of perjury that the foregoing is true and correct. Executed on the

13  5th day of October 2023, in Mountain View, California.

14

15

16  

17                  Christian Cramer

18

19

20

21

22

23

24

25

26

27

28