JAY P. SRINIVASAN, SBN 181471
jsrinivasan@gibsondunn.com
JACQUELINE L. SESIA, SBN 322362
jsesia@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

ELI M. LAZARUS, SBN 284082
elazarus@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile: 415.393.8306

Attorneys for Non-Party, APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| In re Google Play Store Antitrust Litigation | CASE NO. 21-md-02981-JD |
|---|---|
| | **NON-PARTY APPLE INC.'S NOTICE OF MOTION AND MOTION TO QUASH TRIAL SUBPOENA** |
| | **Hearing:**<br>Date: November 16, 2023<br>Time: 10:00 a.m.<br>Place: Courtroom 11 - 19th Floor<br>**JUDGE:** The Honorable James Donato |

# NOTICE OF MOTION AND MOTION TO QUASH

**TO THE COURT, PARTIES, AND ALL THEIR COUNSEL OF RECORD, PLEASE TAKE NOTICE** that pursuant to Federal Rule of Civil Procedure 45(d), non-party Apple Inc. ("Apple") hereby moves this Court for an order quashing the trial subpoena served on Apple employee Carson Oliver by Defendant Google LLC ("Google"). This motion is noticed for November 16, 2023, in Courtroom 11 of the above-titled Court, located on the 19th floor of 450 Golden Gate Avenue, San Francisco, California 94102, before the Honorable James Donato. A copy of the subpoena is attached as **Exhibit A** to the declaration of Jay Srinivasan, filed concurrently herewith. Counsel for Apple met and conferred with counsel for Google. Apple understands that Google has served the trial subpoena for the purpose of obtaining testimony from Mr. Oliver. Apple has informed Google that it opposes Google's effort to require Mr. Oliver to testify at trial because requiring his testimony would be unduly burdensome to him and unnecessary to the litigation. Google indicated it will persist in seeking Mr. Oliver's testimony. Plaintiffs have filed a separate motion to exclude Mr. Oliver's testimony (ECF No. 613). Google has filed an opposition to Plaintiffs' motion to exclude (ECF No. 632).

This motion is based upon this Notice of Motion and Motion to Quash, the declaration and exhibits filed herewith, further briefing allowed by the Court, all matters with respect to which this Court may take judicial notice, and such oral and documentary evidence as properly may be presented to the Court.

## RELIEF SOUGHT

Apple requests that the Court quash the trial subpoena served on Apple employee Mr. Oliver pursuant to Rule 45 of the Federal Rules of Civil Procedure.

\*   \*   \*

The Court should quash the September 19, 2023 subpoena served by Google for the trial testimony of non-party Carson Oliver, an Apple employee, because it imposes undue burdens on Mr. Oliver while also being unnecessary to the only purpose that Google has disclosed for the testimony, showing competition between the Apple App Store ("App Store") and the Google Play Store

("Google Play").[1] Moreover, in addition to compelled trial testimony, Mr. Oliver might also be subject to a full day of deposition testimony before trial in light of the Stipulated Deposition Protocol (ECF No. 171) entered in this case. Accordingly, Google's trial subpoena imposes on Mr. Oliver the burden of spending multiple days appearing for trial and a potential deposition, along with several additional days preparing for these significant events.

Despite acknowledging this substantial imposition on Mr. Oliver's time and attention, Google has not articulated *any* new ground it seeks to cover through his testimony that is not found in the hundreds of thousands of documents that Apple has produced in this litigation, in Google's own documents, in publicly available materials, or other evidence. Google has identified for use at trial 31 Apple documents that amply demonstrate fierce competition between the App Store and Google Play—six of which are attached as exhibits to Google's Opposition to Plaintiffs' Motion to Exclude ("Opposition") (ECF Nos. 632-2-632-7). Google requested that Apple certify several of the 31 documents as business records, and Apple agreed to do so. Srinivasan Decl., ¶¶ 5, 12. Should Google request that Apple certify additional Apple documents on the parties' trial exhibit list, Apple is amenable to doing so to the extent the documents are appropriate for such treatment. As a result, Google does not need Mr. Oliver (or an Apple records custodian)[2] to appear at trial to authenticate any of the Apple documents it intends to introduce—nor could he for the majority of those documents, as he is neither a custodian nor a recipient. In addition, Mr. Oliver's testimony on the subject of competition between Apple and Google would only be cumulative of the detailed information that is already in these documents, the findings in the *Epic v. Apple* matter, which may be used for estoppel purposes against Epic, presumably Google's own fact and expert witness testimony, and the public record.

---

[1] Although Google has suggested that it seeks Mr. Oliver's testimony solely for his thoughts on competition between the two app stores, it is concerning that Plaintiffs identify Mr. Oliver's topics as "TBD," suggesting their examination will not be equally cabined. ECF No. 646-1; Srinivasan Decl., ¶ 12.

[2] Apple notes that Google has included an Apple Records Custodian on its witness list. ECF No. 646-1. In the event Google serves a belated subpoena for such a witness, the Court should similarly quash it. Not only is it unnecessary as Apple has already agreed to certify a full list of Apple documents as business records and is amenable to certifying more, *id*. at ¶ 11-12, but it is also an unnecessary burden to impose on a non-party to this case. *See Amini Innovation Corp. v. McFerran Home Furnishings, Inc.*, 300 F.R.D 406, 409 (C.D. Cal. 2014).

Ultimately, Google has not demonstrated any need to compel Mr. Oliver's testimony as a trial witness—much less the *substantial* need that it is Google's burden to show. *See* Plaintiffs' Motion to Exclude at 3-4 (ECF No. 613) ("Plaintiffs' Motion to Exclude") ("Mr. Oliver's last-minute inclusion on Google's third and final trial witness list was a complete surprise . . . . Indeed, Google refused to explain its eleventh-hour disclosure, nor could it, as it is not plausible that Google has only recently identified Mr. Oliver—an Apple employee of over a decade—as an important witness in this case."). And since courts do not consider a non-party's opinion on competition sufficient to show a "substantial need" for such testimony in antitrust cases, Google will not be able to carry its burden. *See*, *e.g.*, *In re eBay Seller Antitrust Litig.*, No. C09-0735RAJ, 2009 WL 10677051, at *6 (W.D. Wash. Aug. 17, 2009).

The Court should not allow Google to impose the burdens of live trial testimony on a non-party when there are plainly less burdensome means for Google to achieve its only stated objective. Accordingly, the Court should quash the trial subpoena on Mr. Oliver.

## STATEMENT OF FACTS

Google first approached Apple about a potential trial witness in early June, nearly four months ago, at which point Apple unequivocally stated that it would not voluntarily produce any Apple witness at trial. Srinivasan Decl., ¶ 3. In the several conversations between the parties since then, Google never raised the idea of calling Mr. Oliver, with whom Google is familiar from business dealings but instead presented four other potential names, a little over a month ago. *Id.* Apple has been consistent in its view that no Apple witness testimony was necessary and that it would oppose the undue burden being placed on its witnesses. Google's belated claim that it was forced to identify Mr. Oliver at this late date because it was waiting for a name from Apple is simply not accurate. Instead, Google's delay in identifying Mr. Oliver as a trial witness is entirely Google's own doing.

Apple produced over 200,000 documents and 1,000,000 pages of material in this case (well beyond what a non-party is typically asked to do), and those documents amply showcase the competition between the companies' respective app stores. Srinivasan Decl., ¶ 2. Google has informed Apple that it has selected 31 of Apple's confidential documents that it intends to use at trial, including the six attached to Google's Opposition. Srinivasan Decl., ¶ 8; ECF Nos. 632-2-632-7, 646-1. Mr.

Oliver is not a custodian of or copied on a majority of the Apple-produced documents that Google has identified for use at trial. Srinivasan Decl., ¶ 14. Google requested that Apple certify as business records several Apple documents, and Apple is prepared to do so—and, if requested, to certify additional Apple documents that are appropriate for such treatment.

## ARGUMENT

Federal Rule of Civil Procedure 45 governs non-party discovery. *Natera, Inc. v. CareDx, Inc.*, No. 23-MC-80117-LJC, 2023 WL 3763808, at *2 (N.D. Cal. May 31, 2023). The scope of discovery under Rule 45 is the same as the scope of discovery permitted under Rule 26(b), which permits the discovery of non-privileged matters when relevant to a claim or defense and proportional to the needs of the case. *Id.* (citing Fed. R. Civ. P. 26(b)(1)). And where a non-party is the target of discovery, this scope is construed narrowly to "protect third parties from harassment, inconvenience, or disclosure of confidential [information]." *In re Subpoena to Apple Inc.*, No. 3:13-CV-254, 2014 WL 2798863, at *2 (N.D. Cal. June 19, 2014); *Dart Indus. Co. v. Westwood Chem. Co.*, 649 F.2d 646, 649 (9th Cir. 1980) (citations omitted).

Under Rule 45, a court must quash a subpoena when it subjects a person to an undue burden. Fed. R. Civ. P. 45(d)(3)(A)(iv). In evaluating whether a subpoena must be quashed as unduly burdensome, courts weigh factors such as relevance, the need of the party for the documents or testimony, and the burden imposed. *Natera*, 2023 WL 3763808 at *4; *see Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 637 (C.D. Cal. 2005) (citations omitted); *Geller v. Von Hagens*, No. C11-80269 LHK HRL, 2012 WL 1413461, at *4 (N.D. Cal. Apr. 23, 2012). Similarly Rule 45 (d)(3)(B)-(C) states that where, as here, the sought-after discovery implicates confidential information, the Court should quash a subpoena unless the issuing party is able to demonstrate a "substantial need for the testimony." Fed. R. Civ. P. 45(d)(3)(B)-(C). Although Apple bears the burden of persuasion on this motion, it is Google's burden to show that the particular information it seeks is substantially necessary. *Natera*, 2023 WL 3763808 at *5; *see Bogard Constr., Inc. v. Oil Price Info. Serv., LLC*, 604 F. Supp. 3d 895, 898-99 (N.D. Cal. 2022). Here, Apple has shown the undue hardship this subpoena places on Mr. Oliver, whereas Google has not shown in its response to Epic's motion, and will not be able to

show here, a "substantial need" for Mr. Oliver's testimony, especially where Apple is willing to certify as business records documents illustrating competition between the companies' respective app stores.

***Requiring Mr. Oliver to testify would be unduly burdensome.*** After almost three years preparing its case and receiving hundreds of thousands of documents from Apple, Google only now seeks to impose on Mr. Oliver, a non-party, the significant burden of preparing for and appearing at trial and potentially a pretrial deposition. Mr. Oliver holds the position of Senior Director of Business Management of the App Store. This is a cross-functional role working with various other App Store teams such as editorial, marketing, and product to ensure the App Store runs smoothly. Srinivasan Decl., ¶ 13. Google's plan to compel Mr. Oliver's involvement in this litigation would result in at least four full days being taken out of his schedule to prepare for appearances and to testify in a matter that neither he nor his employer have any relationship to and for which they are not substantially necessary.

Mr. Oliver, a non-party, should not be the one to bear the burden of Google's tardiness, which is entirely of Google's own doing, by having to—on virtually no notice and with no schedule flexibility—prepare and sit for deposition followed immediately by preparing for and testifying at trial. Google has known for nearly four months that Apple would not voluntarily produce any Apple witness at trial. Srinivasan Decl., ¶ 13. As courts in this district have recognized, "sitting and preparing for a deposition is always somewhat burdensome" (as is sitting and preparing for trial testimony), and those burdens are undue where the party issuing the subpoena may obtain the same information from other sources. *Audio MPEG, Inc. v. HP Inc.*, No. 16-MC-80271-HRL, 2017 WL 950847, at *6 (N.D. Cal. Mar. 10, 2017); *Amini Innovation Corp. v. McFerran Home Furnishings, Inc.*, 300 F.R.D. 406, 409-10, 412-13 (C.D. Cal. 2014). Whereas the parties in this litigation had months to adjust their schedule to prepare for and attend depositions, Mr. Oliver would be afforded no such right.[3] Further, and despite repeated meet and confer discussions on the topic, Google has not defined the scope of Mr. Oliver's testimony. Srinivasan Decl., ¶ 12; *see also* Plaintiffs' Motion to Exclude at 4 ("Google has refused to give any explanation as to the expected scope of Mr. Oliver's testimony or its relevance to the case.").

---

[3] Moreover, as Google well knows, any argument that any party in this litigation can recycle Mr. Oliver's deposition from *Epic v. Apple*, Case No. 20-cv-5640 (N.D. Cal.), is flatly incorrect. Mr. Oliver's deposition testimony from *Epic v. Apple* is governed by the protective order in that litigation and may not be used for any purpose outside of that litigation. Srinivasan Decl., ¶ 12; *see Epic v. Apple*, Case No. 20-cv-5640 (N.D. Cal. January 21, 2021), ECF No. 274, Ex. B.

Although Google asserts that it intends to use Mr. Oliver's testimony to prove competition between the App Store and Google Play, Google has not given any assurances that his testimony would be limited to that issue, and its refusal to tell Plaintiffs the scope of Mr. Oliver's testimony only raises more suspicion. *Id*. Because Google has not been forthcoming and because Plaintiffs have signaled no limitation on what they might ask Mr. Oliver, Mr. Oliver would need to prepare for questioning on a wide range of topics that the parties may seek to explore in deposition or before the jury in a highly publicized trial.

*Mr. Oliver's testimony is not substantially necessary*. Google has articulated no substantial need for Mr. Oliver's testimony, and to the extent Google wants it for the purpose of showing competition between the App Store and Google Play, his testimony will only be cumulative of what is already in the record and on the parties' exhibit list.

Courts are particularly reluctant to require a non-party to provide discovery or testimony for information that may be obtained from another available source because doing so would unduly burden the non-party. *Amini Innovation*, 300 F.R.D. at 410-11. Here, Google has myriad ways to prove competition between it and Apple. To begin with, Apple produced hundreds of thousands of documents (well beyond what a non-party is typically asked to do), and those documents amply showcase the competition between the companies' respective app stores. Srinivasan Decl., ¶ 2. Google has informed Apple that it intends to use 31 of Apple's confidential documents at trial, including the six attached to Google's Opposition. *Id.* at ¶ 8; ECF Nos. 632-2-632-7, 646-1. Google requested that Apple certify as business records several Apple documents, and Apple is prepared to do so—and, if requested, to certify additional Apple documents that are appropriate for such treatment. Accordingly, Mr. Oliver's live testimony is unnecessary for authenticating Apple business records for use as trial exhibits. He is not even a custodian of or copied on a majority of the Apple-produced documents that Google has identified for use at trial, so he could not speak to them in any event.[4]

And Google of course also has at its disposal a voluminous record of its own documents and materials from public sources showing the degree of competition between the Google Play Store and

---

[4] Apple documents on the parties' exhibit list contain highly confidential Apple information. Srinivasan Decl., ¶ 9. In the event Mr. Oliver is compelled to testify, questioning about these documents will require the Court's careful attention to maintain the confidentiality of these materials.

6

the App Store. That evidence can be put before the jury through Google's own witnesses, its experts or otherwise. Further still, evidence of competition between the App Store and Google Play is not just available from other sources, it is in the public domain and has been a finding in other legal cases involving Plaintiffs that the two companies compete, and that "Apple has always viewed Google Play as a significant competitor." *Epic Games, Inc. v. Apple Inc.*, 559 F. Supp. 3d 898, 968, 977 (N.D. Cal. 2021), *aff'd in part, rev'd in part*, 67 F.4th 946 (9th Cir. 2023). Indeed, Apple established this fact at its own trial against Epic, *Epic v. Apple*, Case No. 20-cv-5640 (N.D. Cal.), without burdening Google with a subpoena for trial testimony. In fact, Google itself took the position in that case that *any* discovery from its executives was unduly burdensome and disproportionate to the needs of the litigation. *See* Srinivasan Decl., ¶ 16; Ex. C. Now that the shoe is on the other foot, and even though Apple cooperated during discovery in this case, Google has completely reversed its position. But instead of needlessly burdening Mr. Oliver, Google could make use of the district court's findings on competition in the *Epic v. Apple* decision affirmed by the Ninth Circuit.

Further, Mr. Oliver's personal opinion on competition is the precise type of subject matter that courts in this Circuit, including in this District, have held in antitrust cases to be insufficient to show the "substantial need" required to compel discovery from a non-party. *See In re Apple iPhone Antitrust Litigation*, Case No. 11-cv-06714 (N.D. Cal.), ECF No. 242 at 10-11 (Oct. 9, 2020) (in rejecting competition-related discovery from a direct competitor, finding no "substantial need" for the competitor's subjective intent in competing with Apple because it would not be "critical" or "crucial" to Apple's case); *ACT, Inc. v. Sylvan Learning Sys., Inc.*, No. CIV. A. 99-63, 1999 WL 305300, at *2 (E.D. Pa. May 14, 1999) (similarly finding no "substantial need" for a non-party's "market assessment information" because this information "should be easily available [to the issuing party]"); *In re eBay Seller Antitrust Litig.*, No. C09-0735RAJ, 2009 WL 10677051, at *5 (W.D. Wash. Aug. 17, 2009) ("Plaintiffs have not articulated a substantial need for [the non-party's] competitively sensitive internal assessments of the [relevant market], and the court therefore declines to force [the non-party] to reveal them.").

In light of all of the facts just discussed, Mr. Oliver's testimony would be of no incremental value to Google in demonstrating competition between Google Play and the App Store. If there is any

other purpose for calling Mr. Oliver, Google should have identified it for Plaintiffs and Apple long ago. As it is, given the lack of demonstrated need for Mr. Oliver's testimony and the significant burden on Mr. Oliver to prepare and appear for trial testimony and possibly a deposition as well, the balance of the interests weighs strongly in favor of quashing this belated subpoena.

## CONCLUSION

For the foregoing reasons, Apple respectfully requests the Court quash the subpoena issued to Mr. Oliver.  In the alternative and in any event, Mr. Oliver should not be subjected to interrogation *both* at trial and in a deposition.

Dated: October 6, 2023

GIBSON, DUNN & CRUTCHER LLP
Jay P. Srinivasan
Eli M. Lazarus
Jacqueline L. Sesia

By: /s/ *Jay P. Srinivasan*

*Attorneys for Non-Party, Apple Inc.*