JAY P. SRINIVASAN, SBN 181471
jsrinivasan@gibsondunn.com
JACQUELINE L. SESIA, SBN 322362
jsesia@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

ELI M. LAZARUS, SBN 284082
elazarus@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile: 415.393.8306

Attorneys for Non-Party, APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re Google Play Store Antitrust Litigation | CASE NO. 21-md-02981-JD<br><br>**DECLARATION OF JAY P. SRINIVASAN IN SUPPORT OF NON-PARTY APPLE INC.'S MOTION TO QUASH TRIAL SUBPOENA**<br><br>The Honorable James Donato |

# DECLARATION OF JAY P. SRINIVASAN

I, Jay P. Srinivasan, declare as follows:

1. I am a partner at the law firm of Gibson, Dunn & Crutcher LLP, a member of the California State Bar, and admitted to this Court. I represent non-party Apple Inc. ("Apple"). I submit this declaration in support of Non-Party Apple's Motion to Quash Trial Subpoena relating to testimony from Apple employee Carson Oliver. I have personal knowledge of the matters set forth herein, except where stated otherwise, and, if called to testify, I could and would competently testify thereto.

2. Over the last two years, Apple has, as a non-party in the above-captioned matter, produced over 200,000 documents consisting of over 1,000,000 pages of material. These documents contain information related to competition between the Apple App Store ("App Store") and the Google Play Store.

3. On June 12, 2023, counsel for Defendant Google LLC ("Google") contacted counsel for Apple to discuss the topic of Apple identifying and producing a witness who would appear at trial in the above-captioned matter. In this conversation, counsel for Apple unequivocally articulated Apple's position that it would not voluntarily identify or produce any Apple witness at trial in this case.

4. Following the June conversation, the parties engaged in approximately a dozen additional conversations on the same topic in which Apple continued to unambiguously state its position. I am informed that in the conversations between in-house counsel for Google and in-house counsel for Apple, Google's in-house counsel provided the names of four Apple employees it was considering subpoenaing, none of which were Mr. Oliver.

5. I am further informed that, on September 1, 2023, in-house counsel for Apple received a request from counsel for Defendant, Google LLC ("Google") that Apple certify 18 Apple-produced documents as business records pursuant Rule 902(11) of the Federal Rules of Evidence.

6. On September 18, 2023, counsel for Apple received notice from counsel for Google that 30 Apple documents were included on the parties' preliminary trial exhibit list.

7. On September 19, 2023, pursuant to Rule 45 of the Federal Rules of Civil Procedure, Google issued a subpoena directed to Carson Oliver, an employee of Apple. Attached hereto as **Exhibit A** is a true and correct copy of that Rule 45 Subpoena issued by Google and directed to Mr. Oliver.

8. On September 20, 2023, counsel for Google informed counsel for Apple that the prior notice regarding the parties' preliminary trial exhibit list was incomplete and that 31 Apple-produced documents are on the parties' preliminary trial exhibit list.

9. These Apple-produced documents on the parties' preliminary trial exhibit list contain Apple's highly confidential information.

10. Google's request to Apple for a business records certification pursuant to Rule 902(11) of the Federal Rules of Evidence includes 18 of the 31 Apple documents on the parties' preliminary exhibits list.

11. An Apple custodian of records is prepared to execute a business records certification pursuant to Rule 902(11) of the Federal Rules of Evidence 902(11) for these requested documents. Further, if requested, an Apple custodian of records is prepared to certify additional Apple documents as business records if appropriate for such treatment.

12. On September 29, 2023, counsel for Apple stated to counsel for Google that Apple would consider certifying the remaining 13 Apple-produced documents on the parties' preliminary exhibits list. On this date and in previous meet-and confer discussions, counsel for Google stated that Google intends to call Mr. Oliver as a trial witness for the purpose of testifying on competition between the Apple App Store and Google Play Store. Google has not stated Mr. Oliver's testimony would be limited to only that topic. Counsel for Apple indicated that Apple would file a motion to quash the subpoena for Mr. Oliver's testimony. In this same conversation, counsel for Apple reminded counsel for Google that the parties in this case may not use Mr. Oliver's testimony from *Epic v. Apple*, Case No. 20-cv-5640 (N.D. Cal.) ("*Epic v. Apple*") considering that that his testimony from *Epic v. Apple* is subject to the protective order entered in that litigation. Moreover, Match Group, a party in this case, was not a party in *Epic v. Apple* and may not access any discovery from *Epic v. Apple*. Attached hereto as **Exhibit B** is a true and correct copy of the *Epic v. Apple* Protective Order. *Epic v. Apple*, ECF No. 274.

13. I understand and state on information and belief that Mr. Oliver holds the position of Senior Director of Business Management of the App Store. I further understand and state on

DECLARATION OF JAY SRINIVASAN
IN SUPPORT OF NON-PARTY APPLE INC.'s
MOTION TO QUASH TRIAL SUBPOENA

CASE NO. 21-md-02981-JD

Gibson, Dunn &
Crutcher LLP

1  information and belief that this is a cross-functional position that works with various other App Store teams, including but not limited to, the editorial team, the marketing team, and the product team.

14. Mr. Oliver is not a custodian of or copied on a majority of the 31 Apple documents on the parties' trial exhibit list.

15. The 31 Apple documents on the parties' preliminary exhibit list contain ample evidence of competition between the App Store and Google Play.

16. In *Epic v. Apple*, Google served on April 15, 2020 a set of responses and objections to a Rule 45 subpoena to produce documents issued by Apple on February 27, 2020. These responses and objections are attached hereto as **Exhibit C**. In these responses and objections, Google objected to Requests 6, 8, 9, 11, 12, and 13 to produce "documents from 'any of [Google's] EXECUTIVES or DIRECTORS'" "as overly broad and unduly burdensome." Further, Google objected to requests regarding competition between the companies (Requests 8, 11, 12, 13, 14) as disproportionate to the needs of the litigation.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on October 6, 2023 in Los Angeles, California.

*/s/ Jay P. Srinivasan*
Jay P. Srinivasan