# EXHIBIT C

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DONALD R. CAMERON, et al. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 4:11-CV-06714-YGR |
| | ) | |
| APPLE, INC. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

| | | |
|---|---|---|
| | ) | |
| IN RE:  APPLE IPHONE ANTITRUST LITIGATION | ) | Civil Action No. 4:19-CV-03074-YGR |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

## NON-PARTY ALPHABET, INC.'S RESPONSES AND OBJECTIONS TO APPLE INC.'S SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

Pursuant to Federal Rules of Civil Procedure 26 and 45, the Local Rules of the United States District Court for the Northern District of California, and any other applicable orders or rules, non-party Alphabet, Inc. ("Google"), by and through its undersigned counsel, hereby responds and objects ("Responses") to the Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action issued by Apple Inc. dated February 27, 2020 (the "Subpoena").  Google is not a party to the above-referenced matter, but is

1

willing to consider producing documents in response to non-objectionable aspects of the Subpoena, so long as the Subpoena seeks discoverable information in Google's possession, custody, or control, and is properly tailored to avoid unreasonable burden on Google.  Google has made significant efforts thus far to meet and confer with counsel for Apple Inc., and remains willing to continue meeting and conferring on the scope and relevance of the Requests set forth in the Subpoena.

## **OBJECTIONS**

Google incorporates by reference each and every Objection set forth below into each and every specific response.  The failure to repeat any Objection in any specific response shall not be interpreted as a waiver of any Objection.

1.      Google objects to the Subpoena as overly broad and unduly burdensome, including, but not limited to, the extent it seeks documents and information beyond the scope of allowable discovery under the Federal Rules of Civil Procedure, the extent it requests "all" documents about several topics, and because it seeks documents from an overly broad time period (2005 to the present).

2.      Google objects to the Subpoena on the ground that compliance would subject Google, a non-party, to unreasonable and undue burden and expense.

3.      Google objects to the Subpoena to the extent it purports to require disclosure of confidential, proprietary, or highly sensitive information to a competitor regarding competitive business practices.

4.      Google objects to the Subpoena to the extent it seeks documents or information in the possession, custody, or control of a party to the underlying action, or equally accessible from

another source (including public sources) that is more convenient, less burdensome, or less expensive than requiring Google to produce such documents or information.  As a non-party, Google should not be subjected to the burden of searching for and producing such documents or information unless and until all reasonable means of obtaining that information directly from such other sources have been exhausted.

5.      Google objects to the Subpoena to the extent it seeks documents or information subject to an obligation of confidentiality to a third party without prior consent of that third party.  Google reserves the right to provide advance notice of production to third parties and, where necessary or advisable, to obtain the consent of such third parties prior to production.

6.      Google objects to the Subpoena to the extent it seeks documents or information protected from disclosure by any right to privacy or any other applicable statute, rule, or regulation. Furthermore, Google objects to the Subpoena to the extent it seeks information about Google's users but fails to allow sufficient time for Google to notify the affected user[s] and for the user[s] to assert rights in response. Google provides its users at least 21 days to object to your request or to inform Google of their intent to file a motion to quash.  If your subpoena sufficiently identifies a Google account, Google intends to forward notice of this matter, including your name and contact information, to the user at the email address provided by the user.

7.      Google objects to the Subpoena to the extent it seeks documents or information covered by the attorney-client privilege, the work product doctrine, common interest privilege, or any other applicable privilege, immunity, or restriction on discovery.  Any inadvertent disclosure of privileged information by Google in response to the Subpoena shall not be deemed a waiver of any such privilege, and Google expressly requests that any party that receives any such

inadvertently produced privileged information produced by Google immediately return and not make use of the inadvertently produced privileged information.

8.      Google objects to the Subpoena to the extent its requests are not set forth with sufficient particularity and/or contain terms that are insufficiently defined, vague, ambiguous, or unlimited in scope.  Google will respond to the Subpoena based on its understanding of the Subpoena.

9.      Google objects to the Subpoena to the extent it seeks documents that are not proportionate to the needs of the case and/or not relevant to any party's claims or defenses.

10.     Google objects to the Subpoena to the extent it seeks documents not within its possession, custody, or control, or that cannot be found through a reasonable search.

11.     Google reserves the right to assert additional objections, or to supplement its objections and responses as appropriate, particularly if any additional information regarding the Subpoena or the underlying claims at issue is provided.

## <u>OBJECTIONS TO THE DEFINITIONS</u>

**DEFINITION  NO.  1: "ADVERTISING  SERVICE"** shall  mean  any  online  advertising platform through which advertisers pay to display advertisements to users of any online service or platform.  For the avoidance of doubt, this term shall include, without limitation, Google AdMob, Google Ads, Google AdWords, Google AdSense, Google Ad Manager, DoubleClick, Google Analytics 360, as well as any service reasonably viewed as an alternative to such services or any combination thereof.

**OBJECTION TO DEFINITION NO. 1:**  Google objects to the Definition of "ADVERTISING SERVICE" as overly  broad,  unduly  burdensome,  vague,  and  ambiguous,  particularly  to  the extent it incorporates the terms "any online advertising platform," and "users of any online service or platform," and "any service reasonably viewed as an alternative."

**DEFINITION  NO.  5: "APP MARKETPLACE"** shall mean any online location where APPS are offered for download and/or purchase.  For the avoidance of doubt, this term shall include, without limitation, Google Play, Android Market, DEFENDANT'S iOS and Mac App Stores,

Amazon Appstore, Amazon Underground, the Microsoft Store, the Samsung Galaxy Store, the Chrome Web Store, Blackberry World, Epic Games, Steam, Aptoide, and GetJar.

**OBJECTION TO DEFINITION NO. 5:** Google objects to the Definition of "APP MARKETPLACE, including references to "YOUR APP MARKETPLACE," "any APP MARKETPLACE," and/or "THIRD-PARTY MARKETPLACE," as overly broad, unduly burdensome, vague, and ambiguous, particularly to the extent it incorporates the terms "any online locations where APPS are offered for download and/or purchase." Google will interpret "YOUR APP MARKETPLACE" to mean only the Google Play Store and Android Market.

**DEFINITION NO. 10: "COMMUNICATION"** shall include, without limitation, any transmission or transfer of information of any kind, whether orally, electronically, in writing, or in any other manner, at any time or place, and under any circumstances whatsoever.

**OBJECTION TO DEFINITION NO. 10:** Google objects to the Definition of "COMMUNICATION" as overly broad, unduly burdensome, vague, and ambiguous, particularly to the extent it incorporates the terms "in any other manner" and "under any circumstances whatsoever."

**DEFINITION NO. 13: "DIRECTOR"** shall mean any natural person who is or has been a member of the Board of Directors of Alphabet Inc. or any of its predecessor or successor companies (including Google Inc.), subsidiaries (including Android Inc. and Google LLC), affiliates or divisions.

**OBJECTION TO DEFINITION NO. 13:** Google objects to the Definition of "DIRECTOR" as overly broad and unduly burdensome, particularly to the extent it relates to distinct corporate entities including any "predecessor or successor companies," "subsidiaries," "affiliates," and "divisions."  Google also objects to this Definition to the extent it purports to seek documents from persons with responsibilities that are not relevant to the claims or defenses at issue in this litigation.

**DEFINITION NO. 14**: **"DOCUMENT"** and **"DOCUMENTS"** shall have the full meaning ascribed to those terms under Rule 34 of the Federal Rules of Civil Procedure and include, without limitation, any and all drafts; COMMUNICATIONS; memoranda; records; reports; books; records, reports and/or summaries of personal conversations or interviews; diaries; presentations; slide decks; graphs; charts; spreadsheets; diagrams; tables; photographs; recordings; tapes; microfilms; minutes; records, reports, and/or summaries of meetings or conferences; press releases; blog posts; stenographic handwritten or any other notes; work papers; checks, front and back; check vouchers; check stubs or receipts; tape data sheets or data processing cards or discs or any other written, recorded, transcribed, punched, taped, filmed or graphic matter, however produced or reproduced; and any paper or writing of whatever description, including information contained in any computer although not yet printed out. Any production of electronically stored information shall include the information needed to understand such information. The term "DOCUMENT" or "DOCUMENTS" further includes all copies where the copy is not identical to the original.

**OBJECTION TO DEFINITION NO. 14**:   Google objects to the Definitions of "DOCUMENT" and "DOCUMENTS" as overly broad and unduly burdensome, particularly to the extent it seeks to impose upon Google obligations in excess of those set forth in the Federal Rules of Civil Procedure.  Google will interpret the terms "DOCUMENT" and "DOCUMENTS" in accordance with the Federal Rules of Civil Procedure.

**DEFINITION NO. 15**: **"EXECUTIVE"** shall mean any natural person with overall responsibility for managing YOUR day-to-day operations or the day-to-day operations of a major aspect of YOUR business, including any person appointed by YOUR Board of Directors, any person with the title "chief executive officer" or "senior vice president," as well as any person reporting directing to YOUR Board of Directors or Chief Executive Officer.

**OBJECTION TO DEFINITION NO. 15**: Google objects to the Definition of "EXECUTIVE" as vague and ambiguous, particularly to the extent it uses the terms "overall responsibility," and "day-to-day operations of a major aspect of YOUR business."  Google also objects to this Definition to the extent it purports to seek documents from employees with responsibilities that are not relevant to the claims or defenses at issue in this litigation.

**DEFINITION NO. 17**: **"HARDWARE PARTNER"** shall mean any third-party manufacturer of electronic devices available for purchase in the United States for which ANDROID serves as the operating system.

6

**OBJECTION TO DEFINITION NO. 17:**  Google objects to the definition of "HARDWARE PARTNER" as overly broad, unduly burdensome, vague, and ambiguous, particularly to the extent it refers to manufacturers of any "electronic devices available for purchase in the United States for which ANDROID serves as the operating system."  Google further objects to this Definition to the extent it purports to require Google to produce information related to manufacturers who use Android's open-source software without any additional support.

**DEFINITION NO. 21:**  **"NAMED CONSUMER PLAINTIFFS"** shall mean the named plaintiffs in *Pepper v. Apple Inc.*, Case No. 4:11-cv-06714-YGR (N.D. Cal.), and *Lawrence v. Apple Inc.*, Case No. 4:19-cv-02852-YGR (N.D. Cal.), INCLUDING:
a.  Edward W. Hayter, of Brooklyn, NY;
b.  Edward Lawrence, of California;
c.  Robert Pepper, of Chicago, IL;
d.  Stephen H. Schwartz, of Ardsley, NY; and
e.  Eric Terrell, of Oakland, CA.

**OBJECTION TO DEFINITION NO. 21:**  Google objects to the Definition of "NAMED CONSUMER PLAINTIFFS" as vague and ambiguous, particularly to the extent it fails to provide sufficient information necessary to identify a Google account or business relationship with the "NAMED CONSUMER PLAINTIFFS." Google is unable to conduct a reasonable search for responsive accounts or accurately identify the correct records based on proper name or presumed location, or similar information. To perform a reasonable search, Google requires sufficient account identifiers, such as Google product account numbers or email addresses associated with the "NAMED CONSUMER PLAINTIFFS."

**DEFINITION NO. 22:**  **"NAMED DEVELOPER PLAINTIFFS"** shall mean the named plaintiffs in *Cameron v. Apple Inc.*, Case No. 4:19-cv-03074-YGR (N.D. Cal.), and *Sermons v. Apple Inc.*, Case No. 4:19-cv-03796-YGR (N.D. Cal.), INCLUDING:
a.  Donald R. Cameron, of California;
b.  Barry Sermons, of Georgia; and
c.  Pure Sweat Basketball, Inc., an Illinois corporation.

**OBJECTION TO DEFINITION NO.22:** Google objects to the Definition of "NAMED DEVELOPER PLAINTIFFS" as vague and ambiguous, particularly to the extent it fails to provide sufficient information necessary to identify a Google account or business relationship with the "NAMED DEVELOPER PLAINTIFFS." Google is unable to conduct a reasonable search for responsive accounts or accurately identify the correct records based on proper name or presumed location, or similar information. To perform a reasonable search, Google requires sufficient account identifiers, such as Google product account numbers or email addresses associated with the "NAMED DEVELOPER PLAINTIFFS."

**DEFINITION NO. 23:** **"NON-HANDHELD DEVICE"** shall mean any electronic device other than a HANDHELD DEVICE, INCLUDING laptop computers, desktop computers, smart televisions, and video game consoles.

**OBJECTION TO DEFINITION NO. 23:** Google objects to the Definition of "NON-HANDHELD DEVICE" as vague and ambiguous. Google also objects to the Definition to the extent its incorporation into the Requests purports to require Google to search for documents and information that is not relevant and disproportionate to the needs of the litigation.

**DEFINITION NO. 24: "PERSON"** shall include, without limitation, natural persons, corporations, partnerships, business trusts, associations, and business or other entities, and any officer, director, employee, partner, corporate parent, subsidiary, affiliate, agent, representative, attorney, or principal thereof.

**OBJECTION TO DEFINITION NO. 24:** Google objects to the Definition of "PERSON" as overly broad, unduly burdensome, vague, and ambiguous, particularly to the extent it includes "corporations, partnerships, business trusts, associations, and business or other entities" and "any officer, director, employee, partner, corporate parent, subsidiary, affiliate, agent representative, attorney, or principal thereof." Google also objects to this Definition to the extent it purports to seek documents from outside Google's possession, custody, or control or requires Google to

produce documents or information that is protected by any privilege, including the attorney-client privilege, work product immunity doctrine, common interest privilege, or any other applicable privilege, immunity, or restriction on discovery.

**DEFINITION NO. 29**:  **"YOU"** or **"YOUR"** shall refer to Alphabet Inc. or any of its predecessor or successor companies (including Google Inc.), subsidiaries (including Android Inc. and Google LLC), officers, directors, employees, representatives, consultants, agents, servants, attorneys, accountants, or any other person or entity acting on its behalf, or any PERSON or entity that served in any such role at any time.

**OBJECTION TO DEFINITION NO. 29**:  Google objects to the Definition of "YOU" and "YOUR" as overly broad, unduly burdensome, vague, and ambiguous, particularly to the extent it purports to incorporate legally distinct entities whose documents would not be within Google's possession, custody, or control.  Google also objects to the Definition of "YOU" to the extent it refers to any entity other than Google LLC.  Google will respond on behalf of Google LLC only and not any subsidiary or affiliate of Google, or any other person or entity.

## OBJECTIONS TO THE INSTRUCTIONS

1.      Google objects to Instruction No. 1 to the extent it purports to require Google to produce (i) privileged information, (ii) confidential, proprietary, or highly sensitive information to a competitor regarding competitive business practices, and/or (iii) information that is protected by privacy laws and generally requires the production of information beyond that required by the Federal Rule of Civil Procedure**.**

2.      Google objects to Instruction No. 2 to the extent it purports to require Google to produce documents outside its possession, custody, or control.  Google also objects to this Instruction as overly broad and unduly burdensome, particularly because Google is a non-party.  Google further objects to this Instruction to the extent it seeks material covered by the attorney-client

privilege, the work product doctrine, or any other applicable privilege or protection.  Google will respond on behalf of Google LLC only, and will produce responsive, non-privileged documents identified through a reasonable search.

3.      Google objects to Instruction Nos. 4, 5, 6, 7, 8, 9, 10, and 12 to the extent they purport to impose upon Google obligations in excess of those required by the Federal Rules of Civil Procedure.  Google further objects to these Instructions as overly broad and unduly burdensome, particularly because Google is a non-party. Google will comply with its obligations as a non-party subpoena recipient under the Federal Rules of Civil Procedure. Furthermore, to the extent Google agrees to produce any documents, it will provide responsive ESI pursuant to the terms of a mutually-agreed upon ESI Agreement.

4.      Google objects to Instruction No. 11 as overly broad and unduly burdensome, particularly to the extent it covers a 15-year time period.  Google also objects to this Instruction to the extent it seeks documents that are not relevant to any claim or defense in this litigation.  Google is willing to meet and confer with Defendant on a reasonable relevant time period.

**RESPONSES TO REQUESTS FOR PRODUCTION**

        Subject to and without waiving the above-listed objections, Google responds to the Subpoena's enumerated requests as follows:

**REQUEST FOR PRODUCTION NO. 1:**  One copy of each of YOUR agreements or contracts with APP DEVELOPERS effective during the period since you acquired ANDROID in 2005, INCLUDING each effective version of the Google Play Developer Distribution Agreement and each effective version of the Android Software Development Kit License Agreement.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**  Google reasserts and incorporates each of the Objections set forth above.  Google objects to this Request as overly broad and unduly burdensome, particularly to the extent it seeks documents from a 15-year time period.

Google also objects to this Request to the extent it seeks documents that are publicly available or equally available from other sources.  Google further objects to this Request as not relevant and disproportionate to the needs of the litigation. Google also objects to this Request to the extent it seeks information not reasonably accessible by Google without undue burden and/or cost.

Subject to and without waiving the foregoing objections, Google is willing to meet and confer on the relevance and scope of this Request.

**REQUEST FOR PRODUCTION NO. 2:**  All DOCUMENTS CONCERNING Section 8.3 of YOUR Google Play Developer Distribution Agreement (effective November 5, 2019), *available at* https://play.google.com/about/developer-distribution-agreement.html, INCLUDING DOCUMENTS sufficient to establish YOUR reason(s) for including the language now appearing in Section 8.3 and any prior effective versions of this provision or a substantially similar contractual provision.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**  Google reasserts and incorporates each of the Objections set forth above.  Google objects to this Request as overly broad and unduly burdensome, particularly to the extent it seeks "All DOCUMENTS" and to the extent it purports to incorporate a 15-year time period.  Google also objects to this Request as not relevant and disproportionate to the needs of the litigation.  Google further objects to this Request to the extent it seeks documents covered by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection.  Google also objects to this Request to the extent it seeks information not reasonably accessible by Google without undue burden and/or cost.  Google further objects to this Request to the extent it purports to require Google to produce highly sensitive, confidential commercial information to a competitor.

Subject to and without waiving the foregoing objections, Google is willing to meet and confer on the relevance and scope of this Request.

**REQUEST FOR PRODUCTION NO. 3:**  One copy of each of YOUR agreements or contracts with APP consumers effective during the period since you acquired ANDROID in 2005, INCLUDING each effective version of the Google Play and Android Market Terms of Service.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**  Google reasserts and incorporates each of the Objections set forth above.  Google objects to this Request as overly broad and unduly burdensome, particularly to the extent it seeks documents from a 15-year time period.  Google also objects to this Request to the extent it seeks documents that are publicly available or otherwise equally accessible through less burdensome means.  Google further objects to this Request as not relevant and disproportionate to the needs of the litigation. Google also objects to this Request to the extent it seeks information not reasonably accessible by Google without undue burden and/or cost.

Subject to and without waiving the foregoing objections, Google is willing to meet and confer on the relevance and scope of this Request.

**REQUEST FOR PRODUCTION NO. 4:**  DOCUMENTS sufficient to show the amount and structure of YOUR COMMISSION at each point in time between 2008 through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**  Google reasserts and incorporates each of the Objections set forth above.  Google objects to this Request as overly broad and unduly burdensome, particularly to the extent it seeks documents from a 12-year time period.  Google also objects to this Request as vague and ambiguous, particularly to the extent it uses the phrase "amount and structure of YOUR COMMISSION."  Google further objects to this Request as not relevant and disproportionate to the needs of the litigation.  Google also objects to this Request to the extent it purports to require Google to produce highly sensitive, confidential commercial information to a competitor.  Google further objects to this Request to the extent it is duplicative of other Requests, including but not limited to Request No. 17.  Google also objects

to this Request to the extent it seeks information not reasonably accessible by Google without undue burden and/or cost.

Subject to and without waiving the foregoing objections, Google is willing to meet and confer on the relevance and scope of this Request.

**REQUEST FOR PRODUCTION NO. 5:** DOCUMENTS sufficient to show any rules or policies CONCERNING the price at which APPS or IN-APP PRODUCTS may be offered for sale in YOUR APP MARKETPLACE(S), INCLUDING any rule(s) requiring prices to end in a specific number such as .49 or .99.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:** Google reasserts and incorporates each of the Objections set forth above. Google objects to this Request as overly broad and unduly burdensome, particularly to the extent it purports to incorporate a 15-year time period. Google also objects to this Request as not relevant and disproportionate to the needs of the litigation. Google further objects to this Request to the extent it purports to require Google to produce highly sensitive, confidential commercial information to a competitor. Google also objects to this Request to the extent it seeks information not reasonably accessible by Google without undue burden and/or cost. Google also objects to this Request as vague and ambiguous, particularly to the extent it uses the phrase "YOUR APP MARKETPLACE(S)," which Google will interpret as referring to the Google Play Store and Android Market.

Subject to and without waiving the foregoing objections, Google is willing to meet and confer on the relevance and scope of this Request.

**REQUEST FOR PRODUCTION NO. 6:** All DOCUMENTS created by or provided to any of YOUR EXECUTIVES or DIRECTORS CONCERNING YOUR decision to reduce YOUR COMMISSION on certain subscriptions offered through Google Play to 15%, effective January 1, 2018.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6**:  Google reasserts and incorporates each of the Objections set forth above.  Google objects to this Request as overly broad and unduly burdensome, particularly to the extent it seeks "all DOCUMENTS" from "any of YOUR EXECUTIVES or DIRECTORS."   Google also objects to this Request as overly broad and unduly burdensome to the extent it purports to incorporate a 15-year time period.  Google further objects to this request as not relevant and disproportionate to the needs of the litigation.  Google also objects to this Request to the extent it seeks documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection.  Google further objects to this Request to the extent it purports to require Google to produce highly sensitive, confidential commercial information to a competitor.

Subject to and without waiving the foregoing objections, Google is willing to meet and confer on the relevance and scope of this Request.

**REQUEST FOR PRODUCTION NO. 7**:  A copy of each guideline, policy and/or procedure for REVIEWING APPS submitted by APP DEVELOPERS for publication in YOUR APP MARKETPLACE(S) since YOU acquired ANDROID in 2005, INCLUDING those published on YOUR Developer Policy Center.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7**:  Google reasserts and incorporates each of the Objections set forth above.  Google objects to this Request as overly broad and unduly burdensome, particularly to the extent it seeks "each guideline policy and/or procedure" from a 15-year time period.  Google also objects to this Request as vague and ambiguous, particularly to the extent it uses the phrase "YOUR APP MARKETPLACE(S)," which Google will interpret as the Google Play Store and Android Market.  Google further objects to this request as not relevant and disproportionate to the needs of the litigation.  Google further objects to this Request to the extent it seeks documents that are publicly available or otherwise equally

accessible from other sources, particularly to the extent it seeks guidelines "published on YOUR Developer Policy Center."  Google also objects to this Request to the extent it purports to require Google to produce highly sensitive, confidential commercial information to a competitor.

Subject to and without waiving the foregoing objections, Google is willing to meet and confer on the relevance and scope of this Request.

**REQUEST FOR PRODUCTION NO. 8**:  DOCUMENTS created by or provided to any of YOUR EXECUTIVES or DIRECTORS prior to YOUR launch of Android Market in 2008 CONCERNING:

> a)   the nature of any APP REVIEW contemplated, discussed, or planned in relation to Android Market; and
> b)   any policy or practice of allowing ANDROID users to download APPS from sources other than Android Market.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8**:  Google reasserts and incorporates each of the Objections set forth above.  Google objects to this Request, including its subparts, as overly broad and unduly burdensome, particularly to the extent it seeks documents from "any of [Google's] EXECUTIVES or DIRECTORS."  Google further objects to this Request as vague and ambiguous, particularly to the extent it seeks documents "prior to Google's launch" without defining a relevant time period.  Google also objects to this Request as not relevant and disproportionate to the needs of the litigation.  Google further objects to this Request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection.  Google also objects to this Request to the extent it purports to require Google to produce highly sensitive, confidential commercial information to a competitor.  Google further objects to this Request to the extent it seeks information not reasonably accessible by Google without undue burden and/or cost.

Subject to and without waiving the foregoing objections, Google is willing to meet and confer on the relevance and scope of this Request.

**REQUEST FOR PRODUCTION NO. 9:**  DOCUMENTS created by or provided to any of YOUR EXECUTIVES or DIRECTORS CONCERNING:

> a)   YOUR decision to introduce Google Bouncer in February 2012, as described in a February 2, 2012 entry on the Google Mobile Blog, *available at* http://googlemobile.blogspot.com/2012/02/android-and-security.html;
>
> b)   YOUR decision, announced in April 2014, to have Verify Apps run "ongoing security scans for applications and other threats," as described on page 5 of YOUR "Android Security 2014 Year in Review," *available at* https://source.android.com/security/reports/Google_Android_Security_2014_Report_Final.pdf;
>
> c)   YOUR decision to introduce an "age-based rating system for apps and games on Google Play," as described in a March 17, 2015 entry on the Android Developers Blog, *available at* https://android-developers.googleblog.com/2015/03/creating-better-user-experiences-on.html;
>
> d)   YOUR decision to begin "reviewing apps before they are published on Google Play," as described in a March 17, 2015 entry on the Android Developers Blog, *available at* https://android-developers.googleblog.com/2015/03/creating-better-user-experiences-on.html;
>
> e)   YOUR decision to build a "granular permissions structure" into Android 6.0, allowing users "to only grant permissions that they want to the app," as described on page 27 of YOUR "Android Security 2015 Year in Review," *available at* https://source.android.com/security/reports/Google_Android_Security_2015_Report_Final.pdf;
>
> f)   YOUR decision to provide "additional enhancements to protect the integrity of [Google Play]," announced in an October 31, 2016 entry on the Android Developers Blog, *available at* https://android-developers.googleblog.com/2016/10/keeping-the-play-store-trusted-fighting-fraud-and-spam-installs.html;
>
> g)   YOUR introduction of Google Play Protect, announced in a May 17, 2017 blog entry, *available at* https://www.blog.google/products/android/google-play-protect/;
>
> h)   YOUR introduction of "Peer Group Analysis" as described in a July 12, 2017 entry on the Android Developers Blog, *available at*

https://android-developers.googleblog.com/2017/07/identifying-intr
usive-mobile-apps-using.html;

i)     YOUR decision to "update[] Google Play Protect to disable
[potentially harmful APPS] without uninstalling them," as described
on pages 10–11 of YOUR "Android Security 2017 Year in Review,"
*available at* https://source.android.com/
security/reports/Google_Android_Security_2017_Report_Final.pdf;

j)     YOUR "Project Strobe," a "root-and-branch review of
third-party developer access to Google account and Android device
data and of [Google's] philosophy around apps' data access," as
described in an October 8, 2018 blog entry, *available at*
https://www.blog.google/technology/safety-security/project-strobe/;

k)    YOUR decision to have Google Play Protect "enabled by
default to secure all new devices, right out of the box," as described
in a February 26, 2019 entry on the Google Security Blog, *available
at* https://security.googleblog.com/2019/02/
google-play-protect-in-2018-new-updates.html; and

l)     YOUR decision to "tak[e] more time . . . to review apps by
developers that don't yet have a track record with us," as announced
in an April 15, 2019 entry on the Android Developers Blog,
*available at* https://android-developers.
googleblog.com/2019/04/improving-update-process-with-your.html.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 9</u>:**  Google reasserts and incorporates

each of the Objections set forth above.   Google objects to this Request, including its twelve

subparts, as overly broad and unduly burdensome, particularly to the extent it seeks documents

from "any of [Google's] EXECUTIVES or DIRECTORS."   Google also objects to this Request

as not relevant and disproportionate to the needs of the litigation.   Google further objects to this

Request to the extent it seeks documents that are publicly available.   Google also objects to this

Request to the extent it seeks documents protected by the attorney-client privilege, work product

doctrine, or any other applicable privilege or protection.   Google further objects to this Request

to the extent it purports to require Google to produce highly sensitive, confidential commercial

information to a competitor.   Google also objects to this Request as vague and ambiguous,

particularly to the extent it fails to define a relevant time period. Google also objects to this

Request to the extent it seeks information not reasonably accessible by Google without undue burden and/or cost.

Subject to and without waiving the foregoing objections, Google is willing to meet and confer on the relevance and scope of this Request.

**REQUEST FOR PRODUCTION NO. 10:**   DOCUMENTS (INCLUDING underlying data) sufficient to show, for each year since 2008:

a) the number and percentage of U.S.-registered ANDROID HANDHELD DEVICES that have installed any APP containing MALWARE;

b) the number and percentage of U.S.-registered ANDROID HANDHELD DEVICES that have both (i) only ever installed APPS from YOUR APP MARKETPLACE and (ii) installed any APP containing MALWARE;

c) the number and percentage of U.S.-registered ANDROID HANDHELD DEVICES that have both (i) installed any APP from any THIRD-PARTY APP MARKETPLACE and (ii) installed any APP containing MALWARE;

d) the number and percentage of APPS installed from YOUR APP MARKETPLACE(S) that contained MALWARE;

e) the number and percentage of APPS installed from any THIRD-PARTY APP MARKETPLACE that contained MALWARE;

f)  the average number of person hours, per APP, that YOU spent REVIEWING APPS

before publishing them in YOUR APP MARKETPLACE(S); and

g) the percentage of APPS that underwent human, as opposed to automated, REVIEW before being published in YOUR APP MARKETPLACE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**   Google reasserts and incorporates each of the Objections set forth above.  Google objects to this Request, including its seven subparts, as not relevant and disproportionate to the needs of the litigation.  Google also objects to this Request as overly broad and unduly burdensome, particularly to the extent it seems documents from a 12-year time period.  Google also objects to this Request as vague and

ambiguous, particularly to the extent it uses the phrase "YOUR APP MARKETPLACE(S)," which Google will interpret as the Google Play Store and Android Market.  Google further objects to this Request to the extent it purports to require Google to produce highly sensitive, confidential commercial information to a competitor.

Subject to and without waiving the foregoing objections, Google is willing to meet and confer on the relevance and scope of this Request.

**REQUEST FOR PRODUCTION NO. 11:**  DOCUMENTS created by or provided to any of YOUR EXECUTIVES or DIRECTORS CONCERNING competition between or among APP MARKETPLACES, INCLUDING any DOCUMENTS describing competition regarding Google Play, YOUR strategy related to actual or potential competitors to Google Play, and YOUR assessment of the market share for Google Play, and also INCLUDING any analysis performed of any actual or potential competitor to Google Play, such as analysis of any actual or potential competitor's market share, APP pricing, COMMISSIONS, product design, product functionality, APP promotion, privacy or security policies, and/or APP REVIEW policies or procedures.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**  Google reasserts and incorporates each of the Objections set forth above.  Google objects to this Request as overly broad and unduly burdensome, particularly to the extent it seeks documents from "any of [Google's] EXECUTIVES or DIRECTORS."  Google further objects to this Request as overly broad and unduly burdensome to the extent it purports to incorporate a 15-year time period.  Google also objects to this Request as vague, ambiguous, not relevant, and disproportionate to the needs of the litigation.  Google further objects to this Request to the extent it seeks documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection.  Google also objects to this Request to the extent it purports to require Google to produce highly sensitive, confidential commercial information, including documents relating to its "strategy related to actual or potential competitors," to a competitor.

Subject to and without waiving the foregoing objections, Google is willing to meet and confer on the relevance and scope of this Request.

**REQUEST FOR PRODUCTION NO. 12:**  DOCUMENTS created by or provided to any of YOUR EXECUTIVES or DIRECTORS CONCERNING any relationship between APP MARKETPLACES and competition between HANDHELD DEVICES or between HANDHELD DEVICE operating systems, INCLUDING DOCUMENTS describing any actual or potential effect that the availability of a given APP MARKETPLACE on a HANDHELD DEVICE or HANDHELD DEVICE operating system has on the attractiveness to consumers of such HANDHELD DEVICE or HANDHELD DEVICE operating system.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**  Google reasserts and incorporates each of the Objections set forth above.  Google objects to this Request as overly broad and unduly burdensome, particularly to the extent it seeks documents from "any of [Google's] EXECUTIVES or DIRECTORS."  Google further objects to this Request as overly broad and unduly burdensome to the extent it purports to incorporate a 15-year time period.  Google also objects to this Request as vague, ambiguous, not relevant, and disproportionate to the needs of the case.  Google further objects to this Request to the extent it seeks documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection.  Google also objects to this Request to the extent it purports to require Google to produce highly sensitive, confidential commercial information to a competitor.

Subject to and without waiving the foregoing objections, Google is willing to meet and confer on the relevance and scope of this Request.

**REQUEST FOR PRODUCTION NO. 13:**  DOCUMENTS created by or provided to any of YOUR EXECUTIVES or DIRECTORS related to competition between or among HANDHELD DEVICE operating system software providers, including competition between ANDROID and DEFENDANT'S iOS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**  Google reasserts and incorporates each of the Objections set forth above.  Google objects to this Request as overly

broad and unduly burdensome, particularly to the extent it seeks documents from "any of [Google's] EXECUTIVES or DIRECTORS."  Google further objects to this Request as overly broad and unduly burdensome to the extent it purports to incorporate a 15-year time period. Google also objects to this Request as vague, ambiguous, not relevant, and disproportionate to the needs of the case.  Google further objects to this Request to the extent it seeks documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection.  Google also objects to this Request to the extent it purports to require Google to produce highly sensitive, confidential commercial information to a competitor.

Subject to and without waiving the foregoing objections, Google is willing to meet and confer on the relevance and scope of this Request.

**REQUEST FOR PRODUCTION NO. 14:**  COMMUNICATIONS between YOU and any HARDWARE PARTNER or U.S. wireless telecommunications provider (INCLUDING Verizon Wireless, AT&T Mobility, T-Mobile U.S., or Sprint Corporation) CONCERNING any of the following subjects:

> a)    the presence or potential presence of APPS that contain MALWARE or ADWARE or that misuse PERSONAL INFORMATION on any APP MARKETPLACE;
> b)    the presence or potential presence on any APP MARKETPLACE of any APPS rejected, removed, or hidden from any APP MARKETPLACE;
> c)    APP DEVELOPERS whom YOU have temporarily or permanently restricted from publishing APPS in any APP MARKETPLACE; and
> d)    competition between or among APP MARKETPLACES, or between or among HANDHELD DEVICE operating systems.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**   Google reasserts and incorporates each of the Objections set forth above.  Google objects to this Request, including its four subparts, as overly broad and unduly burdensome, particularly to the extent it seeks all "COMMUNICATIONS" between Google and a number of third parties.  Google also objects to

this Request as vague and ambiguous, particularly to the extent it uses the phrase "APP MARKETPLACES."   Google further objects to this Request as overly broad and unduly burdensome to the extent it purports to incorporate a 15-year time period.  Google also objects to this Request as not relevant and disproportionate to the needs of the litigation.  Google further objects to this Request to the extent it purports to require Google to produce highly sensitive, confidential commercial information, and/or information subject to a confidentiality agreement with a third-party to a competitor.

Subject to and without waiving the foregoing objections, Google is willing to meet and confer on the relevance and scope of this Request.

**REQUEST FOR PRODUCTION NO. 15:**  DOCUMENTS sufficient to show, for each year since 2008:

> a)    the number and percentage of U.S.-registered ANDROID HANDHELD DEVICES that have downloaded APPS from any THIRD-PARTY APP MARKETPLACE; and
> b)    the number and percentage of U.S.-registered ANDROID HANDHELD DEVICES that have downloaded apps from YOUR APP MARKETPLACE(S).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**   Google reasserts and incorporates each of the Objections stated above.  Google objects to this Request, including its subparts, as overly broad and unduly burdensome, particularly to the extent it seeks documents from a 12-year time period.  Google further objects to this Request as vague and ambiguous, particularly to the extent it uses the phrases "THIRD-PARTY APP MARKETPLACE" and "YOUR APP MARKETPLACE(S)," which Google will interpret as the Google Play Store and Android Market.  Google also objects to this Request as not relevant and disproportionate to the needs of the litigation.  Google further objects to this Request to the extent it purports to require

Google to produce highly sensitive, confidential commercial information to a competitor. Google also objects to this Request to the extent it seeks information not reasonably accessible by Google without undue burden and/or cost.

Subject to and without waiving the foregoing objections, Google is willing to meet and confer on the relevance and scope of this Request.

**REQUEST FOR PRODUCTION NO. 16:**  DOCUMENTS CONCERNING any studies, analyses, reports, or surveys YOU have created, done, or commissioned regarding use of THIRD-PARTY APP MARKETPLACES by ANDROID users, INCLUDING any studies, analyses, reports, or surveys CONCERNING the number or percentage of ANDROID users who install APPS from THIRD-PARTY APP MARKETPLACES; the reasons that ANDROID users install APPS from THIRD-PARTY APP MARKETPLACES; the genre or content of APPS installed from THIRD-PARTY APP MARKETPLACES; the quality, security, or safety of APPS installed from THIRD-PARTY APP MARKETPLACES; and any shared characteristics or features of ANDROID users who install APPS from THIRD-PARTY APP MARKETPLACES.

**RESPONSE TO REQUEST FOR REQUEST FOR PRODUCTION NO. 16:**  Google reasserts and incorporates each of the Objections set forth above.  Google objects to this Request as overly broad and unduly burdensome, particularly to the extent it seeks "any studies, analyses, reports, or surveys" about a number of topics.  Google further objects to this Request as vague and ambiguous, particularly to the extent it uses the phrase "THIRD-PARTY APP MARKETPLACES."  Google also objects to this Request as not relevant and disproportionate to the needs of the litigation.  Google further objects to this Request as overly broad and unduly burdensome to the extent it purports to incorporate a 15-year time period.  Google also objects to this Request to the extent it seeks documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection.  Google further objects to this Request to the extent it  purports to require Google to produce highly sensitive, confidential

commercial information to a competitor and/or confidential information belonging to third-parties that Google has an obligation not to disclose.

Subject to and without waiving the foregoing objections, Google is willing to meet and confer on the relevance and scope of this Request.

**REQUEST FOR PRODUCTION NO. 17:**  DOCUMENTS sufficient to show, for each year since 2008:

> a)   YOUR total revenue from YOUR APP MARKETPLACE(S);
> b)    YOUR total revenue from COMMISSIONS on (i) sales of APPS in YOUR APP MARKETPLACE(S) and (ii) sales of IN-APP PRODUCTS sold through APPS downloaded from YOUR APP MARKETPLACE(S);
> c)    the total number of APP DEVELOPERS registered to publish APPS in YOUR APP MARKETPLACE(S);
> d)   YOUR total revenue from registration fees paid by APP DEVELOPERS in order to develop and publish APPS in YOUR APP MARKETPLACE(S); and
> e)    the total number and percentage of APPS published in YOUR APP MARKETPLACE(S) that use YOUR ADVERTISING SERVICES to display advertisements to the users of such APPS, and YOUR total revenue from such use.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**   Google reasserts and incorporates each of the Objections set forth above.  Google objects to this Request, including its five subparts, as overly broad and unduly burdensome, particularly to the extent it seeks documents from a 12-year period.  Google also objects to this Request as vague and ambiguous, particularly to the extent it uses the phrase "YOUR APP MARKETPLACE(S)," which Google will interpret as the Google Play Store and Android Market.  Google further objects to this Request as not relevant and disproportionate to the needs of the litigation.  Google also objects to this Request to the extent it purports to require Google to produce highly sensitive, confidential commercial information to a competitor.  Google further objects to this Request to the extent it is duplicative of other Requests, including but not limited to Request No. 4.

Subject to and without waiving the foregoing objections, Google is willing to meet and confer on the relevance and scope of this Request.

**REQUEST FOR PRODUCTION NO. 18:**   DOCUMENTS sufficient to show, for each year since 2008:

    a) the total revenue earned by all APP DEVELOPERS from sales of APPS on YOUR APP MARKETPLACE(S);

    b)  the total revenue earned by all APP DEVELOPERS from sales of IN-APP PRODUCTS within APPS installed from YOUR APP MARKETPLACE(S);

    c) the total revenue earned by all APP DEVELOPERS from the display of advertising within APPS distributed through YOUR APP MARKETPLACE(S);

    d)  the total revenue earned by all APP DEVELOPERS from direct payments (INCLUDING direct subscription payments) from users of APPS distributed through YOUR APP MARKETPLACE(S); and

    e) the total revenue earned by APP DEVELOPERS from or through APPS distributed for free (i.e., with no charge to users) through YOUR APP MARKETPLACE(S).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**   Google reasserts and incorporates each of the Objections set forth above.  Google objects to this Request, including its five subparts, as overly broad and unduly burdensome, particularly to the extent it seeks information about "all APP DEVELOPERS."  Google further objects to this Request to the extent it seeks documents from a 12-year time period.  Google also objects to this Request as not relevant and disproportionate to the needs of the case.  Google further objects to this Request to the extent it seeks documents not within its possession, custody, or control.  Google also objects to this Request to the extent it seeks information not maintained in the ordinary course of business.  Google further objects to this Request to the extent it purports to require Google to produce highly sensitive, confidential commercial information to a competitor.  Google also objects to this Request to the extent it seeks information not reasonably accessible by Google without undue burden and/or cost.

Subject to and without waiving the foregoing objections, Google is willing to meet and confer on the relevance and scope of this Request.

**REQUEST FOR PRODUCTION NO. 19:**   DOCUMENTS describing the organizational structure of, and/or listing personnel working within, any division or unit of YOUR organization that is responsible for YOUR APP MARKETPLACE and/or ANDROID, INCLUDING any organizational charts or employee directories pertaining to such business unit(s) or division(s).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**   Google reasserts and incorporates each of the Objections set forth above.  Google objects to this Request to the extent it seeks the creation of organizational charts or other documents not maintained by Google in the ordinary course of business.  Google also objects to this Request as overly broad and unduly burdensome, particularly to the extent it purports to incorporate a 15-year time period and to refer to any personnel "responsible for YOUR APP MARKETPLACE and/or ANDROID." Google further objects to this Request as not relevant and disproportionate to the needs of the case.

Subject to and without waiving the foregoing objections, Google is willing to meet and confer on the relevance and scope of this Request.

**REQUEST FOR PRODUCTION NO. 20:**   DOCUMENTS sufficient to show, for each NAMED CONSUMER PLAINTIFF:
  a) the number of APPS downloaded by the NAMED CONSUMER PLAINTIFF from YOUR APP MARKETPLACE(S);
  b) for each APP downloaded by the NAMED CONSUMER PLAINTIFF from YOUR APP MARKETPLACE(S):
     i.   the identity of the APP;
     ii.  the date of download;
     iii. the price paid for the download;
     iv.  the date that any IN-APP PRODUCT associated with the APP was purchased and the price paid for the IN-APP PRODUCT;
     v.   whether the APP uses an ADVERTISING SERVICE to deliver advertisements to the APP's users;
  c) the number of APPS downloaded by the NAMED CONSUMER PLAINTIFF from a THIRD-PARTY APP MARKETPLACE;

d) for each APP downloaded by the NAMED CONSUMER PLAINTIFF from a THIRD-PARTY APP MARKETPLACE:

    i.      the identity of the APP;

    ii.     the date of download;

    iii.    the identity of the THIRD-PARTY APP MARKETPLACE;

    iv.    the price paid for the download;

    v.     the date that any IN-APP PRODUCT associated with the APP was purchased and the price paid for the IN-APP PRODUCT; and

    vi.    whether the APP uses an ADVERTISING SERVICE to deliver advertisements to the APP's users.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:** Google reasserts and incorporates each of the Objections set forth above. Google objects to this Request, including its subparts, as overly broad and unduly burdensome, particularly to the extent it purports to incorporate a 15-year time period. Google also objects to this Request as vague and ambiguous, particularly to the extent the Subpoena does not provide sufficient information to identify the NAMED CONSUMER PLAINTIFFS and/or any account they maintain with Google. Google further objects to this Request as not relevant and disproportionate to the needs of the litigation. Google also objects to this Request to the extent it seeks information already in the possession of a party to the litigation. Google further objects to this Request to the extent it seeks documents not maintained in the ordinary course of business. Google also objects to this Request to the extent it seeks confidential, highly sensitive information about third-parties, including the identity of any apps downloaded. Google further objects to this Request to the extent it seeks information protected by any right to privacy under state and/or federal laws. Google also objects to this Request to the extent it seeks information not in the possession, custody, or control of Google or not reasonably accessible by Google without undue burden and/or cost.

Subject to and without waiving the foregoing objections, Google is willing to meet and confer on the relevance and scope of this Request.

**REQUEST FOR PRODUCTION NO. 21:**   DOCUMENTS sufficient to show, for each NAMED DEVELOPER PLAINTIFF:

   a)  whether the NAMED DEVELOPER PLAINTIFF has published APPS on YOUR APP MARKETPLACE(S);

   b)  any identification or account number associated with the NAMED DEVELOPER PLAINTIFF;

   c)  for each APP published by the NAMED DEVELOPER PLAINTIFF on YOUR APP MARKETPLACE(S):

     i.  the name of the APP;

     ii.  the date range during which the APP was available for download on YOUR APP MARKETPLACE(S);

     iii.  the number of times the APP has been downloaded from YOUR APP MARKETPLACE(S);

     iv.  the price of the APP and any IN-APP PRODUCT(S) associated with the APP on YOUR APP MARKETPLACE(S), including any changes to such pricing over time;

     v.  the total amount of money remitted by YOU to the NAMED DEVELOPER PLAINTIFF for purchases of such APP or associated IN-APP PRODUCT(S);

     vi.  whether the APP uses an ADVERTISING SERVICE to deliver advertisements to the APP's users;

   d)  whether any ANDROID user has installed an APP developed by the NAMED DEVELOPER PLAINTIFF from any THIRD-PARTY APP MARKETPLACE, and for each APP so installed:

     i.  the identity of the THIRD-PARTY APP MARKETPLACE(S) from which the user downloaded the APP;

     ii.  the date of download;

     iii.  the price paid for the download and for any IN-APP PRODUCT associated with the APP; and

     iv.  the number of times the APP has been installed from any THIRD-PARTY APP MARKETPLACE by any user.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**   Google reasserts and incorporates each of the Objections set forth above.  Google objects to this Request, including its subparts, as overly broad and unduly burdensome, particularly to the extent it purports to incorporate a 15-year time period.  Google also objects to this Request as vague and ambiguous, particularly to the extent the Subpoena does not provide sufficient information to identify the NAMED DEVELOPER PLAINTIFFS and/or any account they maintain with Google.  Google

further objects to this Request as not relevant and disproportionate to the needs of the litigation.

Google also objects to this Request to the extent it seeks information already in the possession of

a party to the litigation.  Google further objects to this Request to the extent it seeks documents

not maintained in the ordinary course of business.  Google also objects to this Request to the

extent it seeks confidential, highly sensitive information about third-parties.  Google further

objects to this Request to the extent it seeks information not in the possession, custody, or control

of Google or not reasonably accessible by Google without undue burden and/or cost.

Subject to and without waiving the foregoing objections, Google is willing to meet and

confer on the relevance and scope of this Request.

**REQUEST FOR PRODUCTION NO. 22**:  All COMMUNICATIONS between YOU and any
NAMED CONSUMER PLAINTIFF.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22**:  Google reasserts and

incorporates each of the Objections set forth above.  Google objects to this Request as overly

broad and unduly burdensome, particularly to the extent it seeks "all COMMUNICATIONS."

Google also objects to this Request to the extent it purports to incorporate a 15-year time period.

Google further objects to this Request to the extent it seeks information already in the possession

of a party to the litigation.  Google also objects to this Request as vague and ambiguous,

particularly to the extent the Subpoena does not provide sufficient information to identify the

NAMED CONSUMER PLAINTIFFS.  Google further objects to this Request as not relevant and

disproportionate to the needs of the litigation.

Subject to and without waiving the foregoing objections, Google is willing to meet and

confer on the relevance and scope of this Request.

**REQUEST FOR PRODUCTION NO. 23**:  All COMMUNICATIONS between YOU and any
NAMED DEVELOPER PLAINTIFF.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:** Google reasserts and incorporates each of the Objections set forth above. Google objects to this Request as overly broad and unduly burdensome, particularly to the extent it seeks "all COMMUNICATIONS." Google also objects to this Request to the extent it purports to incorporate a 15-year time period. Google further objects to this Request to the extent it seeks information already in the possession of a party to the litigation. Google also objects to this Request as vague and ambiguous, particularly to the extent the Subpoena does not provide sufficient information to identify the NAMED DEVELOPER PLAINTIFFS. Google further objects to this Request as not relevant and disproportionate to the needs of the litigation.

Subject to and without waiving the foregoing objections, Google is willing to meet and confer on the relevance and scope of this Request.

Dated:  April 15, 2020                    Respectfully submitted,

                                          _____*/s/ Chul Pak*___
                                          Chul Pak
                                          Wilson Sonsini Goodrich & Rosati
                                          Professional Corporation
                                          1301 Avenue of the Americas
                                          40th Floor
                                          New York, NY   10019-6022
                                          (212) 999-5800 (Telephone)
                                          (212) 999-5801 (Facsimile)
                                          cpak@wsgr.com

                                          Katie Glynn (Cal. Bar No. 300524)
                                          Wilson Sonsini Goodrich & Rosati
                                          Professional Corporation
                                          1700 K Street, NW
                                          Washington, DC   20006-3817
                                          (202) 973-8800 (Telephone)
                                          (202) 973-8899 (Facsimile)
                                          kglynn@wsgr.com

                                          *Attorneys for Non-Party Alphabet, Inc.*

## **CERTIFICATE OF SERVICE**

I, Katie Glynn, hereby certify that on April 15, 2020, I caused a true and correct copy of *Non-Party Alphabet, Inc.'s Responses and Objections to Apple Inc.'s Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action* to be served by electronic mail upon counsel of record.

By: ___*/s/ Katie Glynn*___

Katie Glynn