| | | |
|---|---|---|
| 1 | Brian C. Rocca, S.B. #221576 | Glenn D. Pomerantz, S.B. #112503 |
| | brian.rocca@morganlewis.com | glenn.pomerantz@mto.com |
| 2 | Sujal J. Shah, S.B. #215230 | Kuruvilla Olasa, S.B. #281509 |
| | sujal.shah@morganlewis.com | kuruvilla.olasa@mto.com |
| 3 | Michelle Park Chiu, S.B. #248421 | Nicholas R. Sidney, S.B. #308080 |
| | michelle.chiu@morganlewis.com | nick.sidney@mto.com |
| 4 | Minna Lo Naranjo, S.B. #259005 | **MUNGER, TOLLES & OLSON LLP** |
| | minna.naranjo@morganlewis.com | 350 South Grand Avenue, Fiftieth Floor |
| 5 | Rishi P. Satia, S.B. #301958 | Los Angeles, California 90071 |
| | rishi.satia@morganlewis.com | Telephone: (213) 683-9100 |
| 6 | **MORGAN, LEWIS & BOCKIUS LLP** | |
| | One Market, Spear Street Tower | Kyle W. Mach, S.B. #282090 |
| 7 | San Francisco, CA 94105 | kyle.mach@mto.com |
| | Telephone: (415) 442-1000 | Justin P. Raphael, S.B. #292380 |
| 8 | | justin.raphael@mto.com |
| | Richard S. Taffet, *pro hac vice* | Emily C. Curran-Huberty, S.B. #293065 |
| 9 | richard.taffet@morganlewis.com | emily.curran-huberty@mto.com |
| | **MORGAN, LEWIS & BOCKIUS LLP** | Dane P. Shikman, S.B. #313656 |
| 10 | 101 Park Avenue | dane.shikman@mto.com |
| | New York, NY 10178 | Rebecca L. Sciarrino, S.B. # 336729 |
| 11 | Telephone: (212) 309-6000 | rebecca.sciarrino@mto.com |
| | | **MUNGER, TOLLES & OLSON LLP** |
| 12 | *Counsel for Defendants Google LLC, et al.* | 560 Mission Street, Twenty Seventh Floor |
| | | San Francisco, California 94105 |
| 13 | | Telephone: (415) 512-4000 |
| 14 | | Jonathan I. Kravis, *pro hac vice* |
| | | jonathan.kravis@mto.com |
| 15 | | Lauren Bell, *pro hac vice* |
| | | lauren.bell@mto.com |
| 16 | | **MUNGER, TOLLES & OLSON LLP** |
| | | 601 Massachusetts Avenue NW, Suite 500E |
| 17 | | Washington, D.C. 20001 |
| | | Telephone: (202) 220-1100 |
| 18 | | |
| | | Neal Kumar Katyal, *pro hac vice* |
| 19 | | neal.katyal@hoganlovells.com |
| | | Jessica L. Ellsworth, *pro hac vice* |
| 20 | | jessica.ellsworth@hoganlovells.com |
| | | **HOGAN LOVELLS US LLP** |
| 21 | | 555 Thirteenth Street, NW |
| | | Washington, D.C. 20004 |
| 22 | | Telephone: (202) 637-5600 |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION** | Case No. 3:21-md-02981-JD |
| This Document Relates To: | **DEFENDANTS' OPPOSITION TO APPLE'S MOTION TO QUASH  THE TRIAL SUBPOENA TO CARSON OLIVER** |
| *Epic Games Inc. v. Google LLC et al.,* Case No. 3:20-cv-05671-JD | Judge:   Hon. James Donato |
| *In re Google Play Consumer Antitrust Litigation,* Case No. 3:20-cv-05761-JD | Date:     October 12, 2023 at 10:00am |
| *State of Utah et al. v. Google LLC et al.,* Case No. 3:21-cv-05227-JD | |
| *Match Group, LLC et al. v. Google LLC et al.,* Case No. 3:22-cv-02746-JD | |

I.      **<u>INTRODUCTION</u>**

Apple's motion to quash the trial subpoena issued to Carson Oliver should be denied. Apple has the burden to show that the trial subpoena is unduly burdensome.  It has failed to do so. Mr. Oliver works in the District and Google seeks to question him for no longer than 45 minutes on the competition between the Apple App Store and the Google Play Store—an issue that is central to this case, just as it was in Apple's case against Epic.  Apple provides no evidence or relevant case law to support a showing of undue burden, but instead relies on conclusory (and thereby deficient) statements. Apple also improperly tries to reverse the burden and force Google to show that Google has a substantial need, because Apple knows the subpoena is not unduly burdensome, just as it was not unduly burdensome when the DOJ served a trial subpoena compelling the testimony of several Apple witnesses across the country in the District of Columbia.  *United States v. Google LLC*, 1:20-cv-3010-APM, ECF No. 683 (denying Apple's motion to quash).

Google's only burden on this motion is to show that Mr. Oliver's testimony is relevant, which Apple does not and cannot dispute.  Apple in fact concedes that Mr. Oliver's documents "amply demonstrate fierce competition between the [Apple] App Store and Google Play."  Mot. at 2.  And, contrary to what Apple argues in its motion, Google is not required to show that Mr. Oliver's testimony is substantially necessary.  That standard applies only to a subpoena seeking trade secret or confidential information, and as Apple admits in its motion, the topic of Mr. Oliver's testimony—competition between the Apple App Store and the Google Play store—is in the public domain.  In any event, Google can easily demonstrate a substantial necessity for Mr. Oliver's testimony because competition between the two stores is a central issue in this case.  It does not matter that documents demonstrate competition between the Google Play store and the Apple App Store.  Live testimony from an Apple employee who works on the App Store will enable the factfinder to evaluate Plaintiffs' theory that the Apple App Store does not compete with the Google Play store.

Finally, Apple cannot manufacture undue burden by objecting to the timing of the subpoena on Mr. Oliver.  Google did not delay serving a subpoena on Mr. Oliver.  Apple concedes

1   that conversations between Google's and Apple's outside counsel about identification of a witness

2   who would testify voluntarily at trial occurred in June, July, and August 2023.  As set forth in the

3   attached supplemental declaration, at the suggestion of Apple's outside counsel, this issue was

4   then further discussed by in-house counsel for the two companies on August 25, September 1, and

5   September 11.  Supplemental Declaration of Dane P. Shikman ("Supp. Shikman Decl.") ¶¶ 6-8.

6   On September 11, Apple's in-house counsel ultimately told Google's in-house counsel that Apple

7   would not agree to identify a witness.  Google added Mr. Oliver to its witness list the next day,

8   September 12, and served him with a trial subpoena shortly thereafter.

9   **II.**   **ARGUMENT**

10        Federal Rule of Civil Procedure 45(d)(3)(A)(iv) requires a court to quash or modify a

11   subpoena that "subjects a person to undue burden."  On a Rule 45 motion to quash, "the moving

12   party has the burden of persuasion," and the party issuing the subpoena must show only "that the

13   discovery sought is *relevant*."  *Romero v. Cnty. of Santa Clara*, No. 11–cv–04812–WHO, 2014

14   WL 4978473, at *4 (N.D. Cal. Oct. 5, 2014) (emphasis added, citation omitted).  As Apple's own

15   authority explains, Apple, "as the party opposing the subpoena, bears the burden of showing that it

16   is unduly burdensome."  *In re eBay Seller Antitrust Litig*., No. C09-0735RAJ, 2009 WL

17   10677051, at *1 (W.D. Wash. Aug. 17, 2009); *see also Goodman v. United States*, 369 F.2d 166,

18   169 (9th Cir. 1966) ("The burden of showing that a subpoena is unreasonable and oppressive is

19   upon the party to whom it is directed.").

20        **A.**   **Apple Has Not Met Its Burden of Showing That the Subpoena Is Unduly**
             **Burdensome.**

21

22        Apple has failed to show, as it must, that the subpoena is unduly burdensome.  Apple does

23   not dispute that Mr. Oliver resides and works in the jurisdiction of the Court.  Google expects to

     question Mr. Oliver for no longer than 45 minutes at trial.  *See* Joint Witness List, MDL ECF No.

24   646-1 at 23.  Apple has not submitted any declaration from Mr. Oliver explaining any facts about

25   the burden here, which militates in favor of denying the motion.  *See, e.g.*, *Aristocrat Leisure Ltd.*

26   *v. Deutsche Bank Tr. Co. Americas*, 262 F.R.D. 293, 300 (S.D.N.Y. 2009) (citing authorities

27   denying motions to quash trial subpoenas in the absence of such declarations).  Instead, Apple

28

-2-

DEFENDANTS' OPPOSITION TO APPLE'S MOTION TO QUASH TRIAL SUBPOENA
Case Nos. 3:21-md-02981-JD, 3:20-cv-05761-JD, 3:20-cv-05671-JD, 3:21-cv-05227-JD, 3:22-cv-01746-JD

1    offers the conclusory assertion that testifying in this case would take time away from Mr. Oliver's

2    work at Apple.  Mot. at 5.  But Apple has not offered any evidence to suggest that a few days

3    spent preparing and testifying would cause any undue burden to Mr. Oliver or to Apple itself.

4            The courts have rejected the argument that missed work for a short appearance alone

5    constitutes an undue burden.  *E.g.*, *Equal Emp. Opportunity Comm'n v. Bok Fin. Corp.*, No. CIV

6    11-1132 RB/LAM, 2014 WL 11829320, at *2 (D.N.M. Feb. 4, 2014) ("loss of productivity" not

7    sufficient); *United States ex rel. Hockaday v. Athens Orthopedic Clinic, P.A.*, No. 3:15-CV-122

8    (CDL), 2022 WL 15092294, at *2 (M.D. Ga. Oct. 26, 2022) ("some inconvenience" not

9    sufficient).  For good reason—virtually every fact witness who testifies at trial incurs such a

10   burden.  Unsurprisingly, Apple's motion does not cite a single case quashing a trial subpoena

11   based solely on missed work.

12           Indeed, Apple recently lost another motion to quash trial subpoenas requiring testimony of

13   senior executives in a different antitrust case against Google on very similar grounds.  *See United*

14   *States v. Google LLC*, 1:20-cv-3010-APM, ECF Nos. 643, 683.  In that case, the United States

15   District Court for the District of Columbia rejected Apple's argument that it would be unduly

16   burdensome for several senior Apple executives to fly across the country to testify at trial.  *See id.*,

17   ECF No. 683.  Apple's undue burden argument here is even weaker where the witness is in the

18   jurisdiction.

19           Finally, there are good reasons to believe that testifying in this case would be *less*

20   *burdensome* to Mr. Oliver than in the usual case.  Mr. Oliver was already deposed in the *Epic v.*

21   *Apple* case, which will make it easier for him to prepare.  And Google explained to Apple's

22   counsel months ago that Google's examination of Mr. Oliver would be limited to competition

23   between the Google Play store and the Apple App Store.  Supp. Shikman Decl. ¶ 5.  Mr. Oliver's

24   prior testimony and Apple's firm grasp on the intense competition between the Apple App Store

25   and the Play store will enable any preparation of Mr. Oliver to be targeted and efficient.

26

27

28

**B.**   <u>Google Is Not Required to Demonstrate a Substantial Need for Mr. Oliver's Testimony, and Google Meets That Standard In Any Event</u>

Apple does not dispute that testimony from a Senior Director at the Apple App Store regarding competition with the Google Play store is relevant to this case.  Instead, Apple argues that Google is required to demonstrate a substantial need for Mr. Oliver's testimony.  That argument is without merit.  As Apple's own motion explains, that standard applies only where a subpoena seeks "confidential information."  Mot. at 4; *see also* Fed. R. Civ. P. 45(d)(B), (C) (requiring showing of "substantial need for the testimony or material that cannot be otherwise met without undue hardship" where a subpoena requires "disclosing a trade secret or other confidential research, development, or commercial information").  Here, Google is not required to demonstrate substantial need because, as *Apple itself argues in its motion*, the fact that the Apple App Store competes with the Google Play store—which is the subject of Mr. Oliver's testimony—is already "in the public domain."  Mot. at 7.  For example, in the *Epic v. Apple* case, Apple publicly filed proposed findings of fact stating that "Apple has always viewed Google Play as a significant competitor," FOF ¶ 380, No. 4:20-cv-05640-YGR, ECF No. 778-3 (May 28, 2021) ("FOF"), and quoting trial testimony by an Apple executive that "We [Apple] compete with Google Play and the other many Android marketplaces," FOF ¶ 229.  And Apple notes that the Court in *Epic v. Apple* made a public finding that "Apple has always viewed Google Play as significant competitor." *Epic Games, Inc. v. Apple, Inc.*, 559 F. Supp. 3d 898, 977 (N.D. Cal. 2021).

In any event, Google meets the substantial necessity standard.  Competition between the Apple App Store and the Google Play store is a central issue in this case.  Google will argue at trial that app stores are critical to the competition between Android phones and iPhones because apps are central to the experience that a smartphone platform provides to users.  To compete with Apple and the iPhone, Google operates an app store that competes with Apple's App Store for both users and app developers.  On this issue, Google has a substantial need for Mr. Oliver's testimony.  Plaintiffs will argue at trial that the Apple App Store and the Google Play store exist in separate markets and that neither company's app store constrains the other company from raising prices or reducing quality.  Testimony from Mr. Oliver, a Senior Director at the Apple App Store,

goes directly to that artificial construct.  Mr. Oliver is well positioned to describe the effect of the Google Play store on Apple's operation of the App Store and the public steps that Apple has taken to compete with the Google Play store, such as creating ad campaigns around the app store, adding features, and lowering prices.  Documents produced by Apple in this litigation show that Mr. Oliver has firsthand knowledge on these topics.

Apple's contention that Google does not have a substantial need for Mr. Oliver's testimony because Google can use Apple documents to show competition between the Apple App Store and the Google Play store without the testimony of an Apple employee is without merit.  While Google agrees that documents produced by Google and Apple show competition between the two stores, the law does not require a party to show that it lacks documents on a relevant issue to subpoena live testimony from a non-party witness on that issue.  Apple does not cite a single case quashing a trial subpoena on the ground that documentary evidence alone was sufficient.  Indeed, documents are not a substitute for live testimony.  A live witness can provide context for documentary evidence and describe firsthand experiences and observations that illuminate an issue.  This is why fact witness testimony is so important at trial.  In fact, courts often deny motions to quash in order to ensure the factfinder can evaluate live testimony, even when the witness was previously deposed.  *See, e.g.*, *Aristocrat Leisure*, 262 F.R.D. at 300; *cf. Sound View Innovations, LLC v. Hulu, LLC*, No. LA CV17-04146 JAK (PLAx), 2019 WL 9047211, at *8 (C.D. Cal. Nov. 18, 2019) ("[L]ive testimony can provide a better basis for a juror to assess the weight and the credibility of the witness.").

The cases that Apple does cite do not support its position because they involved far less relevant and far more burdensome testimony.  In *Amini Innovation Corp. v. McFerran Home Furnishings, Inc.*, 300 F.R.D. 406 (C.D. Cal. 2014), the court quashed a subpoena to a witness who "may not even be in the country" whose testimony was "marginal to the issues in th[e] action."  *Id.* at 412.  And in *Audio MPEG, Inc. v. HP Inc.*, No. 16-MC-80271-HRL, 2017 WL 950847 (N.D. Cal. Mar. 10, 2017), the Court quashed a subpoena to an Apple employee served by Dell because "Dell ha[d] not shown that Apple's motivations and state of mind in the alleged antitrust conspiracy are relevant to Dell's claims in the underlying lawsuit."  *Id.* at *6.  Here, by

contrast, Apple does not dispute that testimony regarding competition between the Apple App Store and the Google Play store is relevant and important.

Apple's other cases involved court decisions quashing pre-trial *document* subpoenas for detailed and highly confidential materials, not subpoenas for trial testimony on a subject that is largely in the public domain.  In *In re eBay Seller Antitrust Litig.*, 2009 WL 10677051, the defendant served Amazon, a third party, with nearly two dozen document requests seeking "a broad and likely voluminous collection of documents stored across Amazon's many physical and electronic facilities," most of which were "competitively sensitive, to say the least."  *Id.* at *4. Similarly, in *Act, Inc. v. Sylvan Learning Sys., Inc.*, No. CIV. A. 99-63, 1999 WL 305300, at *2 (E.D. Pa. May 14, 1999), the Court denied a motion to compel production of "all documents reflecting [a third-party competitor's] history in the delivery of" its competing product.  *Id.* at *2. And in *In re Apple iPhone Antitrust Litigation*, Case No. 11-cv-06714 (N.D. Cal.), the Court quashed portions of Apple's broad subpoena to Samsung seeking competitively sensitive information.  The subpoena for testimony at issue here is nothing like those invasive document requests and instead narrowly focused on testimony that Apple concedes is relevant and for which the witness is familiar and has previously provided deposition testimony in another case.  Apple asserts in its motion that the subject of Mr. Oliver's testimony is "in the public domain," Mot. at 7, and it has already produced approximately 200,000 documents.[1]

### C.   Google Did Not Unreasonably Delay in Serving the Trial Subpoena

Google did not unreasonably delay in serving Mr. Oliver with a trial subpoena.  As the declaration Apple submitted in support of its motion avers, outside counsel for Google and Apple discussed Google's request that Apple identify a witness who would testify voluntarily at trial in

---

[1] Google has not "reversed its position" about third-party discovery from the *Epic v. Apple* case. Like the third parties in the cases that Apple cites, Google objected to Apple's broad subpoena for documents in *Epic v. Apple*.  But Apple never served a trial subpoena for testimony by a Google employee in that case.  It is true that Apple established that "Apple has always viewed Google Play as a significant competitor" with testimony from Apple employees, not a Google witness. Mot. at 7.  But that is precisely why Google should be able to take testimony from an Apple employee like Mr. Oliver.  Only an Apple employee, not a Google employee, can explain at trial that "Apple has always viewed Google Play as a significant competitor."  *Id.*

June, July, and August 2023.  In those conversations, Apple's outside counsel consistently said that Apple would be hesitant to provide a witness voluntarily, and the conversations continued throughout the summer on that question.  Supp. Shikman Decl. ¶ 3.  Nevertheless, Apple's outside counsel informed Google's outside counsel that he would have to confer further with his client before providing a final answer.  *Id.*

On August 10, 2023, Apple's outside counsel suggested that in-house counsel at the two companies discuss the matter further, and provided contact information for two in-house counsel at Apple.  Supp. Shikman Decl. ¶ 5.  On August 25 and September 1, in-house counsel for the two companies discussed Google's request that Apple identify a witness who would appear voluntarily at trial.  *Id.* ¶ 6.  On September 1, Google's in-house counsel provided the names of Apple employees that Google had identified, at that time, as possible trial witnesses based on Apple's document production.  *Id.* ¶ 7.  On September 11, 2023, Apple's in-house counsel told Google's in-house counsel that Apple had made the decision not to identify a witness who would appear voluntarily at trial.  *Id.* ¶ 8.  Google added Mr. Oliver to its witness list the next day and served Mr. Oliver with a trial subpoena shortly thereafter.  *Id.* ¶ 9.

## III.   <u>CONCLUSION</u>

The Court should deny Apple's motion to quash the trial subpoena to Carson Oliver.

1    DATED:  October 11, 2023              Respectfully submitted,

2

3
                                           By:    _____/s/ Glenn D. Pomerantz_____
4                                                 Glenn D. Pomerantz

5                                                 *Glenn D. Pomerantz, S.B. #112503*
                                                  glenn.pomerantz@mto.com
6                                                 Kuruvilla Olasa, S.B. #281509
                                                  kuruvilla.olasa@mto.com
7                                                 **MUNGER, TOLLES & OLSON LLP**
                                                  350 South Grand Avenue, Fiftieth Floor
8                                                 Los Angeles, California 90071
                                                  Telephone: (213) 683-9100
9                                                 *Counsel for Defendants Google LLC, et al.*

10                                                Kyle W. Mach, S.B. #282090
                                                  kyle.mach@mto.com
11                                                Justin P. Raphael, S.B. #292380
                                                  justin.raphael@mto.com
12                                                Emily C. Curran-Huberty, S.B. #293065
                                                  emily.curran-huberty@mto.com
13                                                **MUNGER, TOLLES & OLSON LLP**
                                                  560 Mission Street, Twenty Seventh Floor
14                                                San Francisco, California 94105
                                                  Telephone: (415) 512-4000
15
                                                  Jonathan I. Kravis, *pro hac vice*
16                                                jonathan.kravis@mto.com
                                                  **MUNGER, TOLLES & OLSON LLP**
17                                                601 Massachusetts Avenue NW, Suite 500E
                                                  Washington, D.C. 20001
18                                                Telephone: (202) 220-1100

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' OPPOSITION TO APPLE'S MOTION TO QUASH TRIAL SUBPOENA
Case Nos. 3:21-md-02981-JD, 3:20-cv-05761-JD, 3:20-cv-05671-JD, 3:21-cv-05227-JD, 3:22-cv-01746-JD

Brian C. Rocca, S.B #221576
brian.rocca@morganlewis.com
Sujal J. Shah, S.B #215230
sujal.shah@morganlewis.com
Michelle Park Chiu, S.B #248421
michelle.chiu@morganlewis.com
Minna Lo Naranjo, S.B #259005
minna.naranjo@morganlewis.com
Rishi P. Satia, S.B #301958
rishi.satia@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
One Market, Spear Street Tower
San Francisco, CA 94105
Telephone: (415) 442-1000
Facsimile: (415) 422-1001

Richard S. Taffet, *pro hac vice*
richard.taffet@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
101 Park Avenue
New York, NY 10178
Telephone: (212) 309-6000
Facsimile: (212) 309-6001

Neal Kumar Katyal, *pro hac vice*
neal.katyal@hoganlovells.com
Jessica L. Ellsworth, *pro hac vice*
jessica.ellsworth@hoganlovells.com
**HOGAN LOVELLS US LLP**
555 Thirteenth Street, NW
Washington, D.C. 20004
Telephone: (202) 637-5600
Facsimile: (202) 637-5910

*Counsel for Defendants Google LLC, et al.*

## E-FILING ATTESTATION

I, Dane P. Shikman, am the ECF User whose ID and password are being used to file this document. In compliance with Civil Local Rule 5-1(h)(3), I hereby attest that each of the signatories identified above has concurred in this filing.


 /s/ Dane P. Shikman
Dane P. Shikman

DEFENDANTS' OPPOSITION TO APPLE'S MOTION TO QUASH TRIAL SUBPOENA
Case Nos. 3:21-md-02981-JD, 3:20-cv-05761-JD, 3:20-cv-05671-JD, 3:21-cv-05227-JD, 3:22-cv-01746-JD