JAY P. SRINIVASAN, SBN 181471
jsrinivasan@gibsondunn.com
JACQUELINE L. SESIA, SBN 322362
jsesia@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

ELI M. LAZARUS, SBN 284082
elazarus@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile: 415.393.8306

Attorneys for Non-Party, APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re Google Play Store Antitrust Litigation | CASE NO. 21-md-02981-JD<br><br>**DECLARATION OF JAY P. SRINIVASAN IN SUPPORT OF DEFENDANT'S MOTION TO SEAL, DKT. 631**<br><br>The Honorable James Donato |

Pursuant to Civil Local Rule 79-5, I, Jay P. Srinivasan, hereby declare as follows:

1. I am an attorney licensed to practice in the State of California, and a member of the Bar of this Court. I am a partner at the law firm Gibson, Dunn & Crutcher LLP, counsel of record for non-party Apple Inc. ("Apple") in this case. I am familiar with Apple's treatment of highly proprietary and confidential information, based on my personal experience representing Apple.[1] I have personal knowledge of the facts stated below and, if called as a witness, I could and would testify competently thereto.

**Attached Documents**

2. Attached hereto and filed under seal are the following exhibits in which Apple has, where appropriate, highlighted portions for which it requests sealing:

3. **Exhibit A** is a true and correct copy of the Declaration of Dane P. Shikman in Support of Defendant's Opposition to Plaintiffs' Motion Pursuant to Rule 37(c)(1) to Exclude Trial Testimony by Carson Oliver ("Shikman Declaration"). Dkt. 631-3.

4. **Exhibit B** is a true and correct copy of Exhibit 1 to the Shikman Declaration. Dkt. 631-4.

5. **Exhibit C** is a true and correct copy of Exhibit 2 to the Shikman Declaration. Dkt. 631-5.

6. **Exhibit D** is a true and correct copy of Exhibit 3 to the Shikman Declaration. Dkt. 631-6.

7. **Exhibit E** is a true and correct copy of Exhibit 4 to the Shikman Declaration. Dkt. 631-7.

---

[1] Courts in this District, including this Court, routinely grant motions to seal on the basis of declarations of counsel submitted pursuant to Local Rule 79-5. *See*, *e.g.*, *DZ Reserve v. Meta Platforms, Inc.*, No. 18-cv-04978, Dkt. 350 (N.D. Cal. Dec. 3, 2021); *Epic Games Inc. v. Apple Inc.*, No. 20-cv-05640, Dkt. 609 (N.D. Cal. May 7, 2021) ("*Epic v. Apple*"); *Epic v. Apple*, Dkt. 613 (N.D. Cal. May 9, 2021); *Epic v. Apple*, Dkt. 614 (N.D. Cal. May 9, 2021); *Epic v. Apple*, Dkt. 643 (N.D. Cal. May 12, 2021); *Epic v. Apple*, Dkt. 715 (N.D. Cal. May 20, 2021); *Epic v. Apple*, Dkt. 794 (N.D. Cal. June 9, 2021); *Avago Techs. U.S. Inc., et al. v. Iptronics Inc., et al.*, No. 10-cv-02863, Dkt. 545 (N.D. Cal. Apr. 3, 2015); *Cisco Sys., Inc., et al. v. Opentv Inc., et al.*, No. 13-cv-00282, Dkts. 81-83 (N.D. Cal. Oct. 8, 2018). I am personally familiar with Apple's safeguarding of proprietary information, but if the Court deems this declaration insufficient, Apple respectfully requests that it be permitted to file a further declaration supporting filing under seal.

8.  **Exhibit F** is a true and correct copy of Exhibit 5 to the Shikman Declaration. Dkt. 631-8.

9.  **Exhibit G** is a true and correct copy of Exhibit 1 to the Shikman Declaration. Dkt. 631-9.

**Apple Confidential Information**

10. I submit this declaration in response to Defendant's Administrative Motion to Consider Whether Another Party's Materials Should Be Sealed Relating to Defendant's Opposition to Plaintiffs' Motion to Exclude Trial Testimony of Carson Oliver ("Defendant's Motion to Seal"), Dkt. 631, and attached exhibits (Dkts. 631-2-631-9). After reviewing the underlying materials (Dkts. 631-2, 631-3, 631-4, 631-5, 631-6, 631-7, 631-8, and 631-9), Apple proposes sealing only certain information identified in Defendant's Motion to Seal.

11. Apple operates in an intensely competitive marketplace. It occupies a unique position as a leader with respect to a number of highly dynamic technologies. Apple has serious and legitimate concerns that competitors will exploit any release of Apple's highly sensitive, proprietary information in order to gain competitive advantage. As such, Apple takes extensive measures to protect the confidentiality of its proprietary information.

12. In determining whether to permit documents to be filed under seal, courts in the Ninth Circuit apply two separate standards: (1) the "compelling reason" test for sealing information in connection with motions for a determination on the merits of a claim or defense; and (2) the less-restrictive "good cause" test for sealing information in connection with non-dispositive filings. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-80 (9th Cir. 2006); *Center for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1095-96 (9th Cir. 2016) *cert. denied sub nom. FCA U.S. LLC v. Ctr. for Auto Safety*, 137 S. Ct. 38 (2016). Here, the less-restrictive good cause test applies because the underlying dispute is non-dispositive. The Court has "broad latitude" "to prevent disclosure of materials for many types of information, including, *but not limited to*, trade secrets or other confidential research, development, or commercial information." *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (emphasis in original).

13. Apple seeks to seal non-public and competitively sensitive business information and personal identifying information, including contact information, of individuals affiliated with Apple.[2] The specific information that Apple seeks to seal relates to the Apple App Store. Apple has narrowly tailored its proposed redactions to only specific confidential information. A less restrictive alternative would reveal information that Apple has undertaken to maintain as confidential.

14. The public disclosure of this non-public information would cause Apple economic harm and put it at competitive disadvantage. *See Ctr. for Auto Safety*, 809 F.3d at 1097 (finding that "'sources of business information that might harm a litigant's competitive standing'" constitute a compelling reason for sealing) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). It would give Apple's competition confidential information about Apple's business model and strategy. *See Apple Inc. v. Samsung Electronics Co., Ltd.*, 727 F.3d 1214, 1228 (Fed. Cir. 2013) (concluding the district court abused its discretion in denying a motion to seal market research reports).

15. As the Supreme Court has recognized, sealing is appropriate to prevent judicial documents from being used "as sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). Accordingly, courts routinely seal information where disclosure could harm a litigant's competitive standing. *See*, *e.g.*, *Philips v. Ford Motor Co.*, No. 14-CV-02989, 2016 WL 7374214, at *4 (N.D. Cal. Dec. 20, 2016) (concluding that "the need to avoid competitive disadvantage in contract negotiations and undercutting by competitors is a compelling reason that justifies sealing"); *Vigdor v. Super Lucky Casino, Inc.*, No. 16-CV-05326, 2018 WL 4510734, at *2 (N.D. Cal. Sept. 18, 2018) (sealing business information "relating to the operations of Defendants"); *Lathrop v. Uber Techs., Inc.*, No. 14-cv-05678-JST, 2016 WL 9185002, at *2 (N.D. Cal. Jun. 17, 2016) ("[U]nder Ninth Circuit law . . . internal reports are appropriately sealable under the 'compelling reasons' standard where that information could be used

---

[2] Courts in this district, including this Court, routinely grant motions to seal on the basis of protecting individuals' privacy. *See*, *e.g.*, *CCSAC, Inc. v. Pacific Banking Corp.,* No. 20-cv-02102, Dkt. 201 (N.D. Cal. July 18, 2023); *FirstFace Co. Ltd., v. Apple Inc*., No. 18-cv-02245, Dkt. 192 (N.D. Cal. Nov. 2, 2022) (granting sealing of information that "directly or indirectly" identifies employees who are not witnesses in the case).

1 to the company's competitive disadvantage.") (quoting *Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214 1228 (Fed. Cir. 2013)).

16. The information Apple seeks to protect is critical to its business. Public disclosure of this information would risk competitors gaining an unfair business advantage by benefiting from business information that Apple intended to keep confidential. Apple takes many steps, and undertakes substantial efforts, to safeguard information—including its trade secrets—and keeping those efforts confidential is important to their effectiveness. Apple has narrowly tailored its sealing request so as to maximize the public's access to court proceedings without jeopardizing Apple's competitively sensitive confidential business information.

17. After reviewing Defendant's Motion to Seal and accompanying exhibits, Apple has specified in the chart below the information that need not be sealed.

| **Sealed Document Over Which Apple Does Not Assert Confidentiality** |
|---|
| Defendant's Opposition to Plaintiffs' Motion Pursuant to Rule 37 (c)(1) to Exclude Trial Testimony by Carson Oliver, Dkt. 631-2 |

Apple seeks to seal confidential information in the Shikman Declaration and attached exhibits, Dkts. 631-3-631-9, and incorporates by reference the above authorities supporting sealing of the information Apple seeks to seal because it is entitled to protection under the law. Subject to Local Rule 79-5(c)(1) below is a chart detailing the specific items of Apple's information that are sealable for the reasons explained herein:

| Document | Description or Pages & Lines | Reason for Redaction |
|---|---|---|
| Shikman Declaration, Dkt. 631-3 (Srinivasan Decl. Ex. A) | • Pages 3-4, Paragraph 14;<br>• Page 4, Paragraph 15<br>as highlighted (Srinivasan Decl. Ex. A) | Apple sealing request: This document should be partially sealed because it contains Apple's competitively sensitive information which if revealed would put Apple at a competitive disadvantage in the marketplace. |
| Exhibit 1 to Shikman Declaration, Dkt. 631-4 (Srinivasan Decl. Ex. B) | • Entire document (Srinivasan Decl. Ex. B) | Apple sealing request: This document should be sealed because it contains personal identifying information of individuals affiliated with Apple and Apple's competitively sensitive information which if revealed would put Apple at a competitive disadvantage in the marketplace. |

| Document | Description or Pages & Lines | Reason for Redaction |
|---|---|---|
| Exhibit 2 to Shikman Declaration, Dkt. 631-5 (Srinivasan Decl. Ex. C) | • Page 1, email from Alastair Morse at 2/5/2019 at 12:06:51 AM PST;<br>• All contact information as highlighted (Srinivasan Decl. Ex. C) | Apple sealing request: This document should be partially sealed because it contains personal identifying information of individuals affiliated with Apple and Apple's competitively sensitive information which if revealed would put Apple at a competitive disadvantage in the marketplace. |
| Exhibit 3 to Shikman Declaration, Dkt. 631-6 (Srinivasan Decl. Ex. D) | • All contact information as highlighted (Srinivasan Decl. Ex. D) | Apple sealing request: This document should be partially sealed because it contains personal identifying information of individuals affiliated with Apple. |
| Exhibit 4 to Shikman Declaration, Dkt. 631-7 (Srinivasan Decl. Ex. E) | • Page 1, email from Steve McGuigan dated 8/30/2018 at 3:26 PM;<br>• Page 1, email from Matt Fischer dated 9/30/2018 at 10:34:26 PM;<br>• All contact information as highlighted (Srinivasan Decl. Ex. E) | Apple sealing request: This document should be partially sealed because it contains personal identifying information of individuals affiliated with Apple and Apple's competitively sensitive information which if revealed would put Apple at a competitive disadvantage in the marketplace. |
| Exhibit 5 to Shikman Declaration, Dkt. 631-8 (Srinivasan Decl. Ex. F) | • Page 1, email from Ryan Olson dated 5/30/2019 at 3:59:44 PM GMT;<br>• Page 1, email from James Goodrum dated 5/30/2019 at 7:08 AM;<br>• All contact information as highlighted (Srinivasan Decl. Ex. F) | Apple sealing request: This document should be partially sealed because it contains personal identifying information of individuals affiliated with Apple and Apple's competitively sensitive information which if revealed would put Apple at a competitive disadvantage in the marketplace. |
| Exhibit 6 to Shikman Declaration, Dkt. 631-9 (Srinivasan Decl. Ex. G) | • Entire document (Srinivasan Decl. Ex. G) | Apple sealing request: This document should be sealed because it contains personal identifying information of individuals affiliated with Apple and Apple's competitively sensitive information which if revealed would put Apple at a competitive disadvantage in the marketplace. |

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this Declaration was executed on October 11, 2023 in San Francisco, California.

*/s/ Jay P. Srinivasan*
Jay P. Srinivasan