JAY P. SRINIVASAN, SBN 181471
jsrinivasan@gibsondunn.com
JACQUELINE L. SESIA, SBN 322362
jsesia@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520


ELI M. LAZARUS, SBN 284082
elazarus@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile: 415.393.8306

Attorneys for Non-Party, APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re Google Play Store Antitrust Litigation | CASE NO. 21-md-02981-JD<br><br>**[PROPOSED] ORDER**<br><br>The Honorable James Donato |

1  Pursuant to Civil Local Rule 79-5 and this Court's Standing Order, counsel for non-party Apple Inc. ("Apple") has filed a declaration in support of Defendant's Administrative Motion to Consider Whether Another Party's Materials Should Be Sealed Relating to Defendant's Opposition to Plaintiffs' Motion to Exclude Trial Testimony of Carson Oliver, Dkt. 631 ("Srinivasan Declaration"). The Court having considered the Srinivasan Declaration, all associated motions, declarations, exhibits, and any argument of counsel, and for good cause appearing:

**IT IS HEREBY ORDERED** that the motion, as supported by the Srinivasan Declaration, is **GRANTED**. Accordingly,

(1) The unredacted versions of the documents sought to be sealed by the Srinivasan Declaration are entitled to protection under the law and shall remain under seal; and

(2) The public shall only have access to the versions of the documents sought to be sealed by the Srinivasan Declaration in which the following portions have been redacted:

| Document | Portion To be Sealed | Basis for Sealing | Order |
|---|---|---|---|
| Defendant's Opposition Declaration, Dkt. 631-3 | • Pages 3-4, Paragraph 14;<br>• Page 4, Paragraph 15 | This document should be partially sealed because it contains Apple's competitively sensitive information which if revealed would put Apple at a competitive disadvantage in the marketplace. Srinivasan Declaration at 4. This information meets the "good cause" standard under *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-80 (9th Cir. 2006). *See Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (courts have broad latitude to prevent disclosure of materials, including confidential or commercial information); *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (finding that "'sources of business information that might harm a litigant's competitive standing'" constitute a compelling reason for sealing) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598-99 (1978)). As such, this document is entitled to protection under the law. | |
| Exhibit 1 to Defendant's Opposition | • Entire document | This document should be sealed because it contains personal identifying information of Apple employees and Apple's competitively sensitive information which if revealed would put | |

| | | | |
|---|---|---|---|
| Declaration, Dkt. 631-4 | | Apple at a competitive disadvantage in the marketplace.  Srinivasan Declaration at 4.  This information meets the "good cause" standard under *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-80 (9th Cir. 2006).  *See Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (courts have broad latitude to prevent disclosure of materials, including confidential or commercial information); *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (finding that "'sources of business information that might harm a litigant's competitive standing'" constitute a compelling reason for sealing) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598-99 (1978)); *CCSAC, Inc. v. Pacific Banking Corp.*, No. 20-cv-02102, Dkt. 201 (N.D. Cal. July 18, 2023) (granting sealing of information implicating individuals' privacy).  As such, this document is entitled to protection under the law. | |
| Exhibit 2 to Defendant's Declaration, Dkt. 631-5 | • Page 1, email from Alastair Morse at 2/5/2019 at 12:06:51 AM PST;<br>• All contact information | This document should be partially sealed because it contains personal identifying information of Apple employees and Apple's competitively sensitive information which if revealed would put Apple at a competitive disadvantage in the marketplace.  Srinivasan Declaration at 5.  This information meets the "good cause" standard under *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-80 (9th Cir. 2006).  *See Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (courts have broad latitude to prevent disclosure of materials, including confidential or commercial information); *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (finding that "'sources of business information that might harm a litigant's competitive standing'" constitute a compelling reason for sealing) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598-99 (1978)); *CCSAC, Inc. v. Pacific Banking Corp.*, No. 20-cv-02102, Dkt. 201 (N.D. Cal. July 18, 2023) (granting sealing of information implicating individuals' privacy).  As such, this document is entitled to protection under the law. | |
| Exhibit 3 to Defendant's Opposition | • All contact information | This document should be partially sealed because it contains personal identifying information of Apple employees.  Srinivasan Declaration at 5. This information meets the "good cause" standard | |

| | | | |
|---|---|---|---|
| Declaration, Dkt. 631-6 | | under *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-80 (9th Cir. 2006).  See *CCSAC, Inc. v. Pacific Banking Corp.*, No. 20-cv-02102, Dkt. 201 (N.D. Cal. July 18, 2023) (granting sealing of information implicating individuals' privacy).  As such, this document is entitled to protection under the law. | |
| Exhibit 4 to Defendant's Opposition Declaration, Dkt. 631-7 | • Page 1, email from Steve McGuigan dated 8/30/2018 at 3:26 PM; <br> • Page 1, email from Matt Fischer dated 9/30/2018 at 10:34:26 PM; <br> • All contact information | This document should be partially sealed because it contains personal identifying information of Apple employees and Apple's competitively sensitive information which if revealed would put Apple at a competitive disadvantage in the marketplace.  Srinivasan Declaration at 5.  This information meets the "good cause" standard under *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-80 (9th Cir. 2006).  See *Phillips v. Gen. Motors Corp*., 307 F.3d 1206, 1211 (9th Cir. 2002) (courts have broad latitude to prevent disclosure of materials, including confidential or commercial information); *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (finding that "'sources of business information that might harm a litigant's competitive standing'" constitute a compelling reason for sealing) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598-99 (1978)); *CCSAC, Inc. v. Pacific Banking Corp.*, No. 20-cv-02102, Dkt. 201 (N.D. Cal. July 18, 2023) (granting sealing of information implicating individuals' privacy).  As such, this document is entitled to protection under the law. | |
| Exhibit 5 to Defendant's Opposition Declaration, Dkt. 631-8 | • Page 1, email from Ryan Olson dated 5/30/2019 at 3:59:44 PM GMT; <br> • Page 1, email from James Goodrum dated 5/30/2019 at 7:08 AM; <br> • All contact information | This document should be partially sealed because it contains personal identifying information of Apple employees and Apple's competitively sensitive information which if revealed would put Apple at a competitive disadvantage in the marketplace.  Srinivasan Declaration at 5.  This information meets the "good cause" standard under *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-80 (9th Cir. 2006).  See *Phillips v. Gen. Motors Corp*., 307 F.3d 1206, 1211 (9th Cir. 2002) (courts have broad latitude to prevent disclosure of materials, including confidential or commercial information); *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (finding that "'sources of business information that might harm a litigant's competitive standing'" constitute a | |

| | | | |
|---|---|---|---|
| | | compelling reason for sealing) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598-99 (1978)); *CCSAC, Inc. v. Pacific Banking Corp.*, No. 20-cv-02102, Dkt. 201 (N.D. Cal. July 18, 2023) (granting sealing of information implicating individuals' privacy).  As such, this document is entitled to protection under the law. | |
| Exhibit 6 to Defendant's Opposition Declaration, Dkt. 631-9 | • Entire document | This document should be sealed because it contains personal identifying information of Apple employees and Apple's competitively sensitive information which if revealed would put Apple at a competitive disadvantage in the marketplace.  Srinivasan Declaration at 5.  This information meets the "good cause" standard under *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-80 (9th Cir. 2006).  *See Phillips v. Gen. Motors Corp*., 307 F.3d 1206, 1211 (9th Cir. 2002) (courts have broad latitude to prevent disclosure of materials, including confidential or commercial information); *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (finding that "'sources of business information that might harm a litigant's competitive standing'" constitute a compelling reason for sealing) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598-99 (1978)); *CCSAC, Inc. v. Pacific Banking Corp.*, No. 20-cv-02102, Dkt. 201 (N.D. Cal. July 18, 2023) (granting sealing of information implicating individuals' privacy).  As such, this document is entitled to protection under the law. | |

**IT IS SO ORDERED**.

DATED: _____, 2023

_____
HONORABLE JAMES DONATO
UNITED STATES DISTRICT COURT JUDGE