Brian C. Rocca, Bar No. 221576
brian.rocca@morganlewis.com
Sujal J. Shah, Bar No. 215230
sujal.shah@morganlewis.com
Michelle Park Chiu, Bar No. 248421
michelle.chiu@morganlewis.com
Minna Lo Naranjo, Bar No. 259005
minna.naranjo@morganlewis.com
Rishi P. Satia, Bar No. 301958
rishi.satia@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Telephone: (415) 442-1000

Richard S. Taffet, *pro hac vice*
richard.taffet@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
101 Park Avenue
New York, NY 10178-0060
Telephone: (212) 309-6000

*Counsel for Defendants*

Glenn D. Pomerantz, Bar No. 112503
glenn.pomerantz@mto.com
Kuruvilla Olasa, Bar No. 281509
kuruvilla.olasa@mto.com
**MUNGER, TOLLES & OLSON LLP**
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071
Telephone: (213) 683-9100

Kyle W. Mach, Bar No. 282090
kyle.mach@mto.com
Justin P. Raphael, Bar No. 292380
justin.raphael@mto.com
Emily C. Curran-Huberty, Bar No. 293065
emily.curran-huberty@mto.com
Dane P. Shikman, S.B. #313656
dane.shikman@mto.com
Rebecca L. Sciarrino, S.B. # 336729
rebecca.sciarrino@mto.com
**MUNGER, TOLLES & OLSON LLP**
560 Mission Street, Twenty Seventh Fl.
San Francisco, California 94105
Telephone: (415) 512-4000

Jonathan I. Kravis, *pro hac vice*
jonathan.kravis@mto.com
**MUNGER, TOLLES & OLSON LLP**
601 Massachusetts Ave. NW, Ste 500E
Washington, D.C. 20001
Telephone: (202) 220-1100

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION**<br><br>THIS DOCUMENT RELATES TO:<br><br>*Epic Games Inc. v. Google LLC et al.,* Case No. 3:20-cv-05671-JD<br><br>*Match Group, LLC et al. v. Google LLC et al.,* Case No. 3:22-cv-02746-JD | Case No. 3:21-md-02981-JD<br><br>**DECLARATION OF CHRISTIAN CRAMER IN SUPPORT OF ADMINISTRATIVE MOTION TO FILE UNDER SEAL MATERIALS SUBMITTED IN CONNECTION WITH PLAINTIFFS' REPLY ISO PLAINTIFFS' PROPOSED SANCTION RE CHATS**<br><br>Judge: Hon. James Donato |

I, Christian Cramer, declare as follows:

1. I am currently a Finance Director for Defendant Google LLC (along with Google-affiliated entities, "Google"). I have been employed by Google since September 2007 and have held my current position since March 2017. Over the course of my employment at Google, I have acquired personal knowledge of Google's practices and procedures concerning the maintenance of the confidentiality of its strategic, business, and marketing information.

2. I submit this declaration in support of the Administrative Motion to Seal Materials Submitted in Connection With Plaintiffs' Reply In Support of Plaintiffs' Proposed Sanction Re Chats ("Motion"), filed on October 12, 2023 in *In re Google Play Store Antitrust Litigation* (No. 21-md-02981-JD) (N.D. Cal) ("MDL"); s*ee also Match Group, LLC et al. v. Google LLC et al.*, No. 3:22-cv-02746-JD (N.D. Cal.); *Epic Games, Inc. v. Google LLC et al.*, No. 3:20-cv-05671-JD (N.D. Cal.).

3. The facts set forth in this declaration are true and correct to the best of my knowledge, information, and belief, and are based on my personal knowledge of Google's policies and practices as they relate to the treatment of confidential information, the materials that were provided to me and reviewed by me, and/or conversations with other knowledgeable employees of Google. If called upon as a witness in this action, I could and would testify from my personal knowledge and knowledge acquired from sources with factual foundation.

**The Material to Be Sealed Is Highly Confidential Because It Reflects Confidential Terms of Non-Public Commercial Agreements**

4. As demonstrated with factual particularity below, all the material for which Google requests sealing is maintained as highly confidential. To the best of my knowledge, none of this material has been publicly disclosed.

5. As a matter of routine practice and internal policy, Google and its employees strictly treat as confidential, inter alia, (i) internal, non-public financial information; (ii) non-public commercial proposals to third parties; (iii) non-public agreements with third parties; (iv) internal surveys and analyses of customer preferences, spending, revenue, market conditions, business strategy, competitive dynamics, and commercial opportunities; (v) non-public financial

DocuSign Envelope ID: B8749686-E151-4513-93D5-B626C230D227

1  forecasts and business plans; (vi) trade secrets; and (vii) other sensitive material that, if publicly
2  disclosed, could potentially enable Google's competitors to undermine Google's competitive
3  position in the marketplace, allow current or prospective business partners or counterparties to
4  take unfair advantage of Google in negotiations or other business affairs, violate Google's
5  confidentiality obligations to third parties, or otherwise prejudice Google's business interests.  In
6  my experience and to the best of my knowledge, Google does not disclose internal documents,
7  data, or information of this nature outside of the company, except to authorized third parties
8  when so required or permitted by law or contract.  To that end and in order to prevent inadvertent
9  revelation of this information to the public, Google has several policies in place like prohibiting
10 employees from accessing information beyond what is reasonably necessary to perform their
11 duties, limiting access to certain internal systems, permitting access to document databases on a
12 need-to-know basis, and requiring the use of an encrypted email system.  I am also aware that,
13 generally, Google employees are required to sign a confidentiality agreement requiring each
14 employee to keep information confidential and shared only within the company.

15    6.    Third parties—including Google's customers, suppliers, business partners, and
16 others who interact or transact with Google in an array of contexts—entrust highly sensitive,
17 non-public, and confidential information to Google every day.  These third parties have an
18 expectation that Google can and will protect the confidentiality of that information.  In many
19 cases, Google is contractually bound to keep that information confidential.  In my experience and
20 to the best of my knowledge, Google does not disclose internal documents, data, or information
21 reflecting third parties' confidential information outside of the company, unless and only to the
22 extent it has been authorized (or is lawfully permitted or required) to do so.  Rather, as noted
23 above, Google policies and protocols are designed to ensure the confidentiality of third-party
24 material is strictly maintained.

**There is Good Cause and Compelling Reasons to Seal Google's Highly Confidential Material**

26    7.    As demonstrated with factual particularity below, there is "good cause" to seal
27 Google's confidential materials.  But even if Google were required to demonstrate "compelling

2

DECLARATION OF CHRISTIAN CRAMER IN SUPPORT OF GOOGLE'S ADMIN. MOT. TO FILE UNDER SEAL MATERIALS SUBMITTED
IN CONNECTION WITH PLAINTIFFS' REPLY ISO PLAINTIFFS' PROPOSED SANCTION RE CHATS
Case Nos. 3:21-md-02981-JD; 3:20-cv-05671-JD; 3:22-cv-02746-JD

1  reasons" for sealing, the materials for which Google requests sealing would still satisfy that

2  standard.  The public disclosure of Google's internal, confidential material (including material

3  that reflects third parties' confidential information) could, among other things, harm Google's

4  business and customer relationships, undermine Google's ability to retain and attract customers

5  and business partners who entrust Google with their confidential information, jeopardize

6  Google's ability to conduct business with current and prospective business partners, enable

7  Google's competitors to undermine Google's competitive position in the marketplace, allow

8  current or prospective business partners or counterparties to take unfair advantage of Google in

9  negotiations or other business affairs, or otherwise prejudice Google's and/or third parties'

10 business interests.  These materials therefore derive economic value from not being generally

11 known to Google's competitors, counterparties, or the public.  The release of this information to

12 the public will cause tangible commercial injury to Google and to those who provided their

13 confidential information to Google with the expectation that confidences would be maintained.

14         8.      I understand that this Motion requests that the Court maintain the specific

15 information identified below under seal. For the reasons stated below, this information is

16 confidential and highly sensitive, and if publicly disclosed, could significantly prejudice

17 Google's competitive position by harming Google's relationship with business partners, putting

18 Google at unfair disadvantage in future business negotiations, and permitting Google's

19 competitors to gain unfair advantage in competition with Google.

**Specific Information to Be Sealed**

**Plaintiffs' Reply ISO Plaintiffs' Proposed Sanction re Chats [Dkt. 673-1]
(Exhibit A1)**

23         9.      **Page 10, Line 27 (between "at least" and "(Zaken Decl.,").** This text contains

24 the confidential, non-public expiration date of an ongoing commercial agreement between

25 Google and a non-party OEM, and implicates the OEM's confidentiality interest by revealing the

26 confidential term of an agreement with a Google business partner who is not party to this

27 litigation, and who has a reasonable expectation that Google will maintain the confidentiality of

28

1  contractual terms. Disclosure of this non-public information is likely to result in competitive and
2  economic harm to Google, as it reveals the length of an existing commercial agreement that
3  Google's competitors may use to gain an unfair business advantage in negotiations by having
4  access to the non-public terms of Google's confidential agreements.

**Plaintiffs' Reply ISO Plaintiffs' Proposed Sanction re Chats – Exhibit 1**
**[Dkt. 673-2]**
**(Exhibit A2)**

10. **Exhibit 1, Page -795-796 (between "effective as of" and "("Execution", all text of Section 1, excluding title and all text of Section 2, excluding title).** This text reflects highly confidential, non-public terms of a current negotiated agreement between Google and a non-party OEM. Disclosure of this non-public information is likely to result in competitive and economic harm to Google, as it reveals the terms of a highly-negotiated existing commercial agreement and Google's competitors may use this information to gain an unfair business advantage in negotiations by having access to the non-public terms of Google's confidential agreements. This text also implicates the OEM's confidentiality interest by revealing the confidential terms of an agreement with a Google business partner who is not party to this litigation, and who has a reasonable expectation that Google will maintain the confidentiality of contractual terms.

I declare under penalty of perjury that the foregoing is true and correct. Executed on the 19th day of October, 2023, in Mountain View, California.



Christian Cramer