UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Civil Minutes

Date:  November 2, 2023 　　　　　　　　　　　　　　　　　　Judge:  Hon. James Donato

Time:  3 Hours 15 Minutes

| | |
|---|---|
| Cases and Nos.: | 3:21-md-02981-JD  In re Google Play Store Antitrust Litigation<br>3:20-cv-05671-JD  Epic Games, Inc. v. Google LLC et al. |
| Attorney(s) for Plaintiff(s): | Lauren Moskowitz, Yonatan Even, Gary Bornstein, Brent Byars |
| Attorney(s) for Defendant(s): | Lauren Bell, Jonathan Kravis, Michelle Chiu, Brian Rocca, Kuru Olasa, Kyle Mach, Justin Raphael, Jonathan Wiktor, Glenn Pomerantz |

Deputy Clerk:  Lisa R. Clark

Court Reporter:  Kelly Shainline

PROCEEDINGS

Jury Selection -- Held

NOTES AND ORDERS

## I.   Single Jury Trial on All Claims

Google's request to hold a jury trial on its counterclaims only, to be followed by a bench trial on Epic's antitrust claims, Dkt. No. 730, is denied.

From the start of this MDL case, the Court has urged the parties to try their claims to a jury. *See*, *e.g.*, Dkt. No. 67.  Google fully embraced a jury trial on several occasions in the years leading up to the trial starting on November 6, 2023.  Among other affirmations of a jury trial in this case, Google demanded a jury trial on its counterclaims against Epic, which entail demands for monetary damages.  *See* Dkt. Nos. 111, 386.  This demand is particularly significant because Google expressly represented to the Court that the facts underlying plaintiffs' antitrust claims and Google's counterclaims overlap in substantial measure, and that Google "will present much of the same evidence in defending against plaintiffs' claims that it will present on its counterclaims."  Dkt. No. 573 at 5.  Google called for a single jury trial on plaintiffs' antitrust claims, including Epic's, and Google's counterclaims for this reason.  *Id*.  The Court agreed with Google's position and denied plaintiffs' bifurcation motion.  Dkt. No. 603.  Google also affirmed on another occasion that "[t]he parties agree that all claims by all Plaintiffs are triable to a jury,

1

with the exception of" plaintiffs' claims under California's Unfair Competition Law and other state law claims. Dkt. No. 505 at 3. On the basis of these and other representations manifesting Google's embrace of a jury trial on all claims in the case, the Court issued a number of case management and scheduling orders contemplating a jury trial on Epic's claims, which Google never objected to. Most recently, Epic's claims were expressly included in the parties' joint proposed jury instructions and verdict forms. *See* Dkt. Nos. 678, 679.

Overall, this case has long been organized on the understanding of a single jury trial of plaintiffs' antitrust claims and Google's counterclaims. The Court has proceeded for over a year on this understanding, and Epic has reasonably relied on it and expended substantial time and resources preparing for a jury trial. As the record demonstrates, Google expressly consented to a jury trial of all claims, and by its conduct impliedly consented as well. *See Alcatel USA, Inc. v. DGI Techs., Inc.*, 166 F.3d 772, 795-96 (5th Cir. 1999) (litigants may consent to nonadvisory juries "either expressly or implicitly"); Fed. R. Civ. P. 39(c)(2).

The only reason a jury trial issue has come up now is that Google abruptly stated in a filing on November 1, 2023, just one day before jury selection and two court days before the start of trial, that it wanted to "withdraw" its consent to a jury trial of Epic's claims. Dkt. No. 730 at 7. In light of the record discussed above, the request is entirely too late. To permit a withdrawal at this late stage would be gravely prejudicial to Epic. *See Bereda v. Pickering Creek Indus. Park, Inc.*, 865 F.2d 49, 53 (3d Cir. 1989) ("Any good trial lawyer will testify that there are significant tactical differences in presenting and arguing a case to a jury as opposed to a judge. To convert a trial from a jury trial to a bench trial (or vice versa) in the middle of the proceedings is to interfere with counsel's presentation of their case and, quite possibly, to prejudice one side or the other.") (quoting *Hildebrand v. Board of Trustees*, 607 F.2d 705, 710 (6th Cir. 1979)); *Thompson v. Parkes*, 963 F.2d 885, 889 (6th Cir. 1992) ("Defendant's argument, if sustained, would deprive the pretrial orders in this case of the force given them under the Rules. Defendant twice stipulated to a jury trial in pretrial orders entered in this case. Federal Rule of Civil Procedure 16(e) provides that a pretrial order 'shall control the subsequent course of the action unless modified by a subsequent order.' No such subsequent order was ever entered, verbally or otherwise, altering the jury trial stipulation."); *Onyx Pharms., Inc. v. Bayer Corp.*, No. C-09-2145 EMC, 2011 WL 4527402, at *2 (N.D. Cal. Sept. 21, 2011) ("bifurcation at this late hour would prejudice Onyx, which has prepared its evidence and witnesses for a single trial by jury."). Google's request is also fundamentally inconsistent with its representations to and conduct before the Court with respect to a jury trial, and would undermine the considerable case management work the Court undertook in anticipation of a jury trial.

Consequently, there will be a single jury trial of Epic's antitrust claims against Google and Google's counterclaims against Epic.

## II. Trial Logistics and Details

Trial will be held on Monday, December 4, 2023. The Court will consider trial on Friday, November 17, 2023, and/or December 1, 2023, as warranted.

Each side will have 40 hours of trial time, excluding openings and closings.

Google will make witness Genaro Lopez available on Monday, November 6, 2023, unless the parties agree otherwise.

### III.  Jury Selection

66 prospective jurors are sworn, and the Court conducts voir dire.

10 jurors are seated and sworn.  The jurors are admonished not to research or discuss the case in any way, and to return to court for the beginning of trial on Monday, November 6, 2023, at 9:00 a.m.