Brian C. Rocca, Bar No. 221576
brian.rocca@morganlewis.com
Sujal J. Shah, Bar No. 215230
sujal.shah@morganlewis.com
Michelle Park Chiu, Bar No. 248421
michelle.chiu@morganlewis.com
Minna Lo Naranjo, Bar No. 259005
minna.naranjo@morganlewis.com
Rishi P. Satia, Bar No. 301958
rishi.satia@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Telephone: (415) 442-1000

Richard S. Taffet, *pro hac vice*
richard.taffet@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
101 Park Avenue
New York, NY 10178-0060
Telephone: (212) 309-6000

*Counsel for Defendants*

Glenn D. Pomerantz, Bar No. 112503
glenn.pomerantz@mto.com
Kuruvilla Olasa, Bar No. 281509
kuruvilla.olasa@mto.com
**MUNGER, TOLLES & OLSON LLP**
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071
Telephone: (213) 683-9100

Kyle W. Mach, Bar No. 282090
kyle.mach@mto.com
Justin P. Raphael, Bar No. 292380
justin.raphael@mto.com
Emily C. Curran-Huberty, Bar No. 293065
emily.curran-huberty@mto.com
Dane P. Shikman, Bar No. 313656
dane.shikman@mto.com
Rebecca L. Sciarrino, Bar No. 336729
rebecca.sciarrino@mto.com
**MUNGER, TOLLES & OLSON LLP**
560 Mission Street, Twenty Seventh Fl.
San Francisco, California 94105
Telephone: (415) 512-4000

Jonathan I. Kravis, *pro hac vice*
jonathan.kravis@mto.com
**MUNGER, TOLLES & OLSON LLP**
601 Massachusetts Ave. NW, Ste 500E
Washington, D.C. 20001
Telephone: (202) 220-1100

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*Epic Games Inc. v. Google LLC et al.,* Case No. 3:20-cv-05671-JD | Case No. 3:21-md-02981-JD<br><br>**DEFENDANT GOOGLE'S MOTION FOR A PROTECTIVE ORDER**<br><br>Judge: Hon. James Donato |

## GOOGLE'S MOTION FOR PROTECTIVE ORDER

Defendant Google, pursuant to Federal Rules of Civil Procedure 5.2(e) and 26(c), moves this Court for an entry of a narrow protective order to govern the disclosure of personally identifiable information ("PII") at trial for parties and non-parties. This narrow protective order would protect the reasonable privacy interests of current and former party employees—both at Google and at Epic—as well as non-parties. Specifically, Google only asks for the preliminary redaction of employee and former employee email addresses and telephone numbers that would be displayed publicly to the courtroom during trial or later filed with the Court pursuant to the Local Rules. Where redacting an email address would also redact the identity of the sender or recipient of a communication, the parties are to annotate the document with the first and last name of the sender or recipient to make it clear to the Court and the public who the participants of the communication are. Google has attempted to stipulate with Plaintiff to reach an agreement to protect the privacy interest of employees and former employees of both parties and non-parties, but Epic has rebuffed these efforts.[1]

Entry of this narrow protective order would relieve the Court from having to address daily sealing motions during trial to address PII that appears in each exhibit used on each trial day. It would be more efficient for the parties and the Court to address this issue broadly by protective order than seriatim motions to seal.

Consistent with Ninth Circuit precedent, in a previous order in this action, this Court redacted the emails of certain Google employees without a sealing motion by either party. *See* MDL ECF No. 469 at 1 n.1, 12-14 ("This order will be filed in unredacted form on the public docket, except for certain employee names which are redacted below."). Courts in the Ninth Circuit routinely seal email addresses and other personal identifying information under the compelling reasons standard due to the potential privacy harm to the individual whose contact information may be exposed. *See, e.g.*, *In re Pac. Fertility Ctr. Litig.*, No. 18-cv-01586, 2021 WL 1082843, at *2 (N.D. Cal. Mar. 12, 2021) (sealing email addresses under compelling reasons

---

[1] Notably Epic redacted employee email addresses in trial exhibits used in *Epic Games, Inc. v. Apple, Inc.*, 4:20-cv-05640-YGR (N.D. Cal.).

standard); *see also Kumandan v. Google LLC*, 2022 WL 17971633, No. 19-cv-04286, at *1 (N.D. Cal. Nov. 17, 2022) (listing cases sealing email addresses and other PII under compelling reasons standard); *Snapkeys, Ltd. v. Google LLC,* No. 19-CV-02658-LHK, 2021 WL 1951250, at *3 (N.D. Cal. May 14, 2021) (granting Google's motion to file under seal personally identifiable information of its current and former employees, including their email addresses and telephone numbers); *Sameer v. Khera,* No. 17-cv-01748-DAD-EPG, 2018 WL 4772035, at *1 (E.D. Cal. Oct. 1, 2018); *Foltz v. State Farm Mut. Auto. Ins. Co.,* 331 F.3d 1122, 1137 (9th Cir. 2003); *U.S. ex rel. Lockyer v. Hawaii Pac. Health,* No. CIV. 04-00596 ACK-LE, 2007 WL 128853, at *1 (D. Haw. Jan. 10, 2007).

This case has attracted and will continue to attract media attention. Google simply seeks to protect the reasonable privacy interests of all party employees and former employees from potential harassment that could result from the broad release of their non-public contact information. Entry of the proposed protective order would offer Google employees some protection against such risks, and this same protection should be extended to plaintiff's employees and non-parties as well.

Google respectfully requests entry of the proposed protective order to govern disclosure of PII during trial proceedings.

DATED: November 5, 2023           Respectfully submitted,

By: ___/s/ Rishi P. Satia___
      Rishi P. Satia

**MORGAN, LEWIS & BOCKIUS LLP**
Minna Lo Naranjo
Brian C. Rocca
Sujal J. Shah
Michelle Park Chiu
Rishi P. Satia

**MUNGER TOLLES & OLSON LLP**
Glenn D. Pomerantz
Kuruvilla Olasa
Emily C. Curran-Huberty
Jonathan I. Kravis
Justin P. Raphael
Kyle W. Mach
Dane Shikman
Rebecca L. Sciarrino
Lauren Beck

*Counsel for Defendants*