Sarah A. Hemmendinger (SBN 298659)
shemmendinger@sidley.com
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, CA 94104
Telephone: +1 (415) 772-1200
Facsimile: +1 (415) 772-7400

*Attorneys for Non-Party Amazon.com LLC*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO

| | |
|---|---|
| **IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION**<br><br>THIS DOCUMENT RELATES TO:<br><br>*Epic Games, Inc. v. Google LLC et al.,*<br>Case No. 3:20-cv-05671-JD | Case No. 3:21-md-02981-JD<br><br>**NON-PARTY AMAZON.COM LLC'S REQUEST TO SEAL HIGHLY CONFIDENTIAL INFORMATION**<br><br>Honorable James Donato |

Non-party Amazon.com LLC ("Amazon") respectfully moves under Local Rule 79-5 and the Court Order, Dkt. 727, to seal the courtroom for limited portions of the deposition testimony of Amazon and to seal trial exhibits that were produced by Amazon. Amazon previously filed an urgent request to seal, based upon Epic's earlier notice over the weekend. No. 3:21-md-02981-JD, Dkt. 737. Since this time, Amazon has had the opportunity to further review the documents with the relevant business leaders and now requests that only a smaller subset of documents and testimony be sealed.[1]

Amazon recognizes the strong public interest in access to trial proceedings and judicial records. Nonetheless, sealing of judicial records is appropriate when "compelling reasons" overcome that presumption. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006); *Fed. Trade Comm'n v.Qualcomm Inc.*, No. 17-CV-00220-LHK, 2019 WL 95922, at *3 (N.D. Cal. Jan. 3, 2019) (confidential contracts, contract negotiations, and discussions of business strategy were compelling reasons); *Krieger v. Atheros Commc'ns, Inc.*, No. 11-CV-00640-LHK, 2011 WL 2550831, at *1 (N.D. Cal. June 25, 2011) (long-term financial projections were compelling reasons). Non-party interests in confidential information are particularly strong. *See In re Adobe Systems, Inc. Sec. Litigation*, 141 F.R.D. 155, 161-62 (N.D. Cal. 1992). Amazon outlines the concrete harm that it will suffer from the disclosure of certain information, which is sufficient to meet the "compelling reasons" standard. *In re Electronic Arts*, 298 Fed. Appx. 568, 569 (9th Cir. 2008*); Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1226 (Fed. Cir. 2013); *Powertech Tech., Inc. v. Tessera, Inc.*, 2012 U.S. Dist. LEXIS 75831, at *4 (N.D. Cal. May 31, 2012).

Most notably, the deposition and exhibits include testimony about specific and detailed

---

[1] Amazon notes that the Plaintiff failed to provide reasonable notice of the intended use of Amazon material that was produced as Highly Confidential/Attorneys Eyes Only Non Party Information. The Protective Order requires at least four business days notice of the intent to use this material, but Epic provided notice of the intended exhibits on November 4 and of the intended videotaped deposition designations on November 1, less than the required four business days notice. When Amazon pointed out the failure to meet the notice provisions in the Protective Order and sought the required time to analyze the material for potential sealing, Plaintiff agreed not to display this material in court until November 7. Therefore Amazon did not file this motion on November 5 by 5:00 PM. Then, at 8:30 pacific time on Sunday November 5, Epic changed course and asserted that it *may* display the Amazon deposition the following day and actually added two new exhibits to the possible disclosure.

contract terms that Amazon has with the top 30 largest app developers. These terms are confidential and only known to Amazon and the specific developer. If app developers learn about the terms that other app developers have with Amazon, they can use that in negotiations to harm Amazon. Similarly if other app store providers learn of the terms that Amazon uses, they could use that information to gain an unfair advantage over Amazon.

| Deposition Exhibit Number (Bates Number) | Document description | Portion sought to be sealed | Reason(s) for sealing request |
|---|---|---|---|
| Exhibit 1362 (AMZ-GP_00001492) | Amazon App Developer Key Terms Chart | Seal entirety | Discloses contractual terms between Amazon and 30 largest app developers; if developers had this information, they could use it to harm Amazon in negotiations with Amazon; if competitors had this information, they could use it to disadvantage Amazon. |
| Exhibit 1369 (AMZ-GP_00002484) | 2020 Q2 QPR Appstore and Cross Screen Tech | Seal entirety | Detailed business planning document that contains forward looking sales projections, strategic plans for future initiatives, and future target business partners. If Amazon's competitors or the target business partners listed in the document had access to this information, they could use it to obtain a business advantage in negotiations or in their competing businesses. |
| Exhibit 1364 (AMZ-GP_00005729) | Appstore data pulled for purposes of litigation | Seal entirety | Detailed financial information that on Summary_3 shows Amazon's contractual revenue share with developers. This information could be used by developers to harm Amazon in negotiations and by competitors. Summary_4 similarly shows effective developer revenue broken down by category and could be used against Amazon in negotiations. |
| Exhibit 1406 (AMZ-GP_00001672) | 2021 Appstore Experience Final Review | Redact all portions marked "Response" | Contains Amazon's confidential analysis of its app store and other app stores. If disclosed, Amazon's competitors could use this information to disadvantage Amazon in contract negotiations, in their own business strategy, or in advertising or marketing about Amazon. |
| Exhibit 1366 (AMZ-GP_00003257) | Spelljammer | Redact portion | Redact only pages 13 & 14, which contain forward looking financial projections; if a competitor had access to these financial projections, it could cause competitive harm to Amazon. |

Amazon also seeks to seal the following limited portions of the deposition of Amazon's witness, that the parties intend to play at trial:

| Line Number | Document Description | Reason(s) for sealing request |
|---|---|---|
| 71:11 – 71:16<br>73:20 – 73:24<br>74:3 – 74:5<br>74:12 – 74:15 | Custom Appstore terms | Discloses contractual terms between Amazon and app developers; if developers had this information, they could use it to harm Amazon in negotiations with Amazon; if competitors had this information, they could use it to disadvantage Amazon on their own negotiations with developers. |
| 87:15 – 87:20<br>87:24 – 87:25 | Average Appstore commissions rates | Discloses an average of Appstore commission rate across Amazon's contracts with developers; disclosure of this information to developers would harm Amazon in its negotiations with developers; disclosing it to competitors would allow competitors to disadvantage Amazon in their negotiations with developers. |
| 95:1-19 | Appstore transactions and revenue information | Contains Amazon's confidential financial information about the number of transactions by device type; information is not available outside of Amazon; if disclosed it could be used to harm Amazon's competitive position. |
| 100:5 – 100:8<br>100:11 – 100:12<br>101:20 - 102:3 | Expense and profitability information | Contains Amazon's confidential financial information about its expenses and profitability; if disclosed to competitors or business partners, it could be used to harm Amazon's competitive position. |

Amazon respectfully requests that the above portions of the deposition of Amazon and the above documents be displayed only in a sealed courtroom.

Dated: November 6, 2023                         SIDLEY AUSTIN LLP

                                        By:    /s/ Sarah A. Hemmendinger

                                        Sarah A. Hemmendinger (SBN 298659)
                                        shemmendinger@sidley.com
                                        SIDLEY AUSTIN LLP
                                        555 California Street, Suite 2000
                                        San Francisco, CA 94104
                                        Telephone: +1 (415) 772-1200
                                        Facsimile: +1 (415) 772-7400

                                        *Attorney for Non-Party Amazon.com LLC*

3
NON-PARTY AMAZON.COM LLC'S REQUEST TO SEAL HIGHLY CONFIDENTIAL INFORMATION d
3:21-md-02981-JD, 3:20-cv-05671-JD