JENNIFER KELLY (CSB No. 193416)
jennifer@tyzlaw.com
RYAN TYZ (CSB No. 234895)
ryan@tyzlaw.com
ERIN JONES (CSB No. 252947)
ejones@tyzlaw.com
CIARA MCHALE (CSB No. 293308)
ciara@tyzlaw.com
SEAN APPLE (CSB No. 305692)
sapple@tyzlaw.com
TYZ LAW GROUP PC
4 Embarcadero Center, 14th Floor
San Francisco, CA 94111
Telephone: 415.849.3578

Attorneys for Defendant
Supercell Oy

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION**<br><br>THIS DOCUMENT RELATES TO:<br><br>*Epic Games, Inc. v. Google LLC et al.,* Case No. 3:20-cv-05671-JD | Case No:   3:21-md-02981-JD<br><br>**NON-PARTY SUPERCELL OY'S REQUEST TO SEAL COURTROOM AND PORTIONS OF EXHIBIT 1525**<br><br>Judge: Hon. James Donato |

Pursuant to Civil Local Rule 79-5 and the Court's Order, Dkt. No. 727, Non-Party Supercell Oy ("Supercell") respectfully requests that the Court treat as sealed the non-public, highly confidential information in certain portions of Trial Exhibit 1525 identified below and provided to counsel for Google by email, either by sealing the courtroom during the introduction of, and testimony about, the information or at minimum by (1) publishing such information to the jury and Court alone and not to the courtroom gallery or general public, and (2) preventing statement of the information during the course of trial. Supercell also requests that, to the extent Trial Exhibit 1525 is filed in this action, that the portions identified below be filed under seal.

As an initial matter, Supercell was not given reasonable notice of the intended use of Trial Exhibit 1525. The Protective Order in this case requires at least four business days' notice of the intent to use such material. But Supercell personnel first learned that Trial Exhibit 1525 may be used on November 8 in open court only on the morning of Tuesday, November 7, Helsinki Time—where its relevant employees work. Notice was *not* provided to Supercell's outside legal counsel in the U.S. who have handled repeated subpoenas to Supercell and filed numerous statements supporting motions to seal Supercell documents and information in this case. Supercell was thus not provided proper notice of, or opportunity to respond to, potential disclosure of its highly confidential information.[1] Supercell has filed this request to comply with the Court-ordered deadline for such requests and plans to supplement the submission with a forthcoming client declaration that it was unable to submit at this time, given the lack of notice and significant time zone differences described above.

In all events, compelling reasons exist to seal Supercell's highly confidential and proprietary business information in Trial Exhibit 1525. Specifically: (i) Supercell has legitimate interests in maintaining the confidentiality of its sensitive business information; (ii) revealing this information publicly would provide an advantage to Supercell's competitors and Defendants'

---

[1] Supercell received similar last-minute notice to the same general email address regarding potential use at trial of Trial Exhibits 151, 360, and 384. Supercell requested that the parties publish those materials only to the jury and courtroom, not to the general public, and objected to any public filing of Supercell's highly confidential information in those documents.

competitors adverse to Supercell, or otherwise harm Supercell's business; and (iii) there is no less restrictive alternative sufficient to protect Supercell's legitimate interests than the sealing proposed by Supercell in this request. *See* Civ. L.R. 79-5(c)(1). Moreover, Supercell has filed two other statements and declarations in this matter seeking sealing of its highly confidential and proprietary business information. Dkt. Nos. 562, 617. Supercell maintains that those materials and other Supercell highly confidential materials used at trial should remain sealed and not disclosed to the public, even if the tight trial turnaround schedule and the parties' late notifications prevent Supercell from submitting declarations to support non-disclosure and sealing by the Court's deadlines.

A review of Trial Exhibit 1525 shows that both the portions of the document highlighted by counsel for Google, and additional portions of the document contain Supercell's highly confidential information (identified below and provided to Google by email, which Supercell can also provide to the Court under seal if useful). This includes information that reflects highly confidential/sensitive business information relating to Supercell's business relationship and contracts with Google, and assessments and reflections by Supercell on its products, business, business plans, and business trajectory, and highly sensitive financial information, that Supercell keeps confidential in the ordinary course of its business and under contract with Google. *See* Dkt. Nos. 562-1, 617-1. Supercell views this information as confidential and sensitive business and financial information, has not made it public (nor is it public, to Supercell's knowledge), and the disclosure of this information is likely to result in substantial competitive or commercial disadvantage to Supercell. If these portions of the Trial Exhibit were to be made public, Defendants' competitors (for example, platforms operated by third parties competitive with Defendants where Supercell offers its games) could glean information about Supercell's business relationship with Defendants and use this information in negotiations with Supercell to gain a competitive advantage at Supercell's expense. Disclosure of this information would also likely harm Supercell by harming its bargaining position with third party platforms, and could give its competitors the ability to undercut Supercell and unfairly win additional business. The chart below summarizes the basis for Supercell's sealing request as to each portion of Trial Exhibit

1525 (GOOG-PLAY-009201648) (Email chain "Re: Privileged – Supercell":

| Portion to be sealed | Reason(s) for sealing request |
| --- | --- |
| Page Exhibit 1525-001, highlighted portion of sentence beginning "Regarding localized" | Contains competitively sensitive information regarding Supercell's relationship and negotiation of business terms with Google, and Supercell business strategy. |
| Pages Exhibit 1525-001 to 002, from highlighted bullet "Emerging markets" on 001 to "explore separately" on 002, and highlighted portions in last paragraph on 002 | Contains competitively sensitive information regarding Supercell's relationship and negotiation of business terms with Google, and Supercell business strategy and strategic planning. |
| Page Exhibit 1525- 003, highlighted portions, paragraph beginning "Please see below" and bullet points from "GVP insights" to bottom of page. | Contains competitively sensitive information regarding Supercell's relationship and negotiation of business terms with Google, and Supercell business strategy and strategic planning. |
| Page Exhibit 1525-004, in its entirety | Contains competitively sensitive information regarding Supercell's relationship and negotiation of business terms with Google, and Supercell business strategy, product strategy, product assessment, and strategic planning. |
| Page Exhibit 1525-005, first bullet, paragraphs beginning "Supercell indicated", "Thank you for the update," "Qq," and "A quick update on the Supercell call." | Contains competitively sensitive information regarding Supercell's relationship and negotiation of business terms with Google, and Supercell business strategy, product assessment and planning, and strategic planning. |
| Page Exhibit 1525-008, highlights in the paragraph beginning "I sent a quick note", the entire paragraph beginning "As a heads up," "Thanks for the update on Supercell's," and the final paragraph and bullet on the page. | Contains competitively sensitive information regarding Supercell's relationship and negotiation of business terms with Google, and Supercell business strategy, product planning and strategic planning. |
| Page Exhibit 1525-009, first two bullets on the page, fourth and fifth bullets on the page (beginning "opportunity" and "Play"), last two paragraphs on the page | Contains competitively sensitive information regarding Supercell's relationship and negotiation of business terms with Google, and Supercell business strategy and strategic planning. |
| Page Exhibit 1525-010, first three paragraphs on the page | Contains competitively sensitive information regarding Supercell's relationship and negotiation of business terms with Google, and Supercell business strategy, product assessment and plans, and strategic planning. |

The Federal Rules contemplate sealing information like the above that reflects confidential business development practices and competitively sensitive information, and courts routinely seal

such information. *See, e.g.*, Fed. R. Civ. P. 26(c)(1)(G) (a Court may order that "trade secret or other confidential research, development, or commercial information not be revealed"); *Space Data Corp. v. Alphabet Inc.*, No. 16-CV-03260-BLF, 2019 WL 8012582, at *1 (N.D. Cal. July 17, 2019) (sealing information including confidential business development practices, competitively sensitive information, and sensitive information pertaining to third party partners, whose disclosure could expose the party to competitive harm). As a non-party to this litigation, Supercell's interests in safeguarding its highly confidential information are particularly strong. *See In re Adobe Systems, Inc. Sec. Litigation*, 141 F.R.D. 155, 161-62 (N.D. Cal. 1992). Likewise, this Court has previously held in this matter that sealing is appropriate for "specific deal terms that might be used against [an entity] in other negotiations and deals," exactly the type of Supercell information at issue here. *See In re Google Play Store Antitrust Litigation,* Order re Motion to Stay and Renewed Application to Seal, Case No. 3:21-cv-05227-JD, ECF No. 140 (N.D. Cal. Aug. 25, 2021). Supercell's request to seal its information is narrowly tailored because it proposes to seal only the information necessary to protect Supercell's legitimate interests, namely that identified above.

For these reasons, Supercell respectfully requests that the Court grant Supercell's request that the above-identified portions of Trial Exhibit 1525 be treated as sealed, either by sealing the courtroom for their introduction or by displaying them only to the Court and jury and preventing statements of the information during trial.

Dated: November 7, 2023                              Respectfully submitted,

                                                      */s/ Ciara McHale*
                                                      Ciara McHale

                                                      Attorneys for Non-Party
                                                      Supercell Oy