Renata B. Hesse (SBN 148425)
(hesser@sullcrom.com)
SULLIVAN & CROMWELL LLP
550 Hamilton Avenue
Palo Alto, California  94301
Telephone:     (650) 461-5600
Facsimile:      (650) 461-5700

Shane M. Palmer (SBN 308033)
(palmersh@sullcrom.com)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004
Telephone:     (212) 558-4000
Facsimile:      (212) 558-3588

*Attorneys for Non-Party Spotify USA Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*Epic Games, Inc.* v. *Google LLC*, No. 3:20-cv-05671-JD | Case No. 3:21-md-02981-JD<br><br>**NON-PARTY SPOTIFY'S ADMINISTRATIVE MOTION TO SEAL PORTIONS OF DEPOSITION OF SANDRA ALZETTA AND EXHIBITS THERETO**<br><br>Judge:  Hon. James Donato |

Pursuant to Local Civil Rules 7-11 and 79-5 and this Court's Minute Order dated October 31, 2023 (ECF No. 727), Non-Party Spotify USA Inc. ("Spotify") respectfully moves the Court to seal the courtroom for limited portions of the deposition testimony of Spotify's witness Sandra Alzetta ("Alzetta Deposition"), and to seal the courtroom when counsel or witnesses introduce and discuss certain exhibits that were marked during the Alzetta Deposition ("Alzetta Exhibits").[1] Alternatively, Spotify requests that the Court order counsel to publish the Alzetta Exhibits to the jury alone, and not display them to the gallery, and to ask witnesses to direct the jury's attention to information in the Alzetta Exhibits rather than stating this information in testimony. Spotify also requests that the specific information Spotify is hereby moving to seal be redacted from any transcript of the Alzetta Deposition and any versions of the Alzetta Exhibits that are made available in the public record during or after trial. In support of its Motion, Spotify is submitting the accompanying Declaration of Ms. Alzetta identifying the portions of the Alzetta Deposition and Exhibits that are sealable and the reasons for sealing them, the Declaration of Spotify's counsel Shane Palmer describing Spotify's efforts to obtain its requested relief through agreement with the parties,[2] and a Proposed Order.

Although there is a presumptive right of public access to court records on common law and First Amendment grounds, such "access . . . is not absolute," *Kamakana* v. *City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006), and may be denied by the Court to protect confidential information. *See Phillips ex rel. Estates of Byrd* v. *General Motors Corp.*, 307 F.3d 1206, 1212 (9th Cir. 2002). Trial records may be sealed if a party or non-party "articulate[s]

---

[1] This Motion addresses only the portions of the Alzetta Deposition and exhibits thereto for which the parties have notified Spotify that they may be played or introduced at the trial in this action. To the extent that the parties later seek to introduce additional testimony from the Alzetta Deposition or other exhibits that contain Spotify's confidential information, Spotify may seek additional relief through additional sealing motions.

[2] The accompanying Declaration of Shane Palmer describes Spotify's attempt to reach agreement with the parties concerning the use of its confidential information at trial, as directed by the Court at trial on the morning of November 7, 2023. As of the time of filing, the parties were not able to reach agreement on Spotify's proposal to protect its trade secrets and other sealable information, necessitating the instant Motion. To the extent the parties are able to reach agreement, Spotify will update the Court.

compelling reasons . . . that outweigh the general history of access and the public policies favoring disclosure." *Kamakana*, 447 F.3d at 1178–79. "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to . . . release trade secrets." *Id.* at 1179 (quoting *Nixon* v. *Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). Moreover, Spotify is not a party to this action and did not voluntarily invoke the Court's jurisdiction; it only produced the information it seeks to seal because the parties demanded it by invoking the Court's subpoena power. As a result, Spotify's confidentiality interests should be entitled to special consideration. *See, e.g.*, *Hunt* v. *Cont'l Cas. Co.*, 2015 WL 5355398, at *2 (N.D. Cal. Sept. 14, 2015) (sealing information "implicat[ing] important privacy concerns of nonparties . . . that outweigh the public's interest in disclosure of these judicial records").

The "compelling reasons" standard is met here because the materials at issue reveal Spotify's highly confidential business information, the public disclosure of which would harm its competitive standing. Many of those materials reflect the terms of Spotify's carefully negotiated agreement with Google regarding User Choice Billing and the Google Play Store, or Spotify's contingency planning during the course of negotiations in the event an agreement was not reached. (*See* Alzetta Decl. ¶¶ 6–9.) Spotify's agreement with Google was the product of years of discussions between the parties, and it was the first of its kind relating to the Google Play Store, as Spotify was Google's first User Choice Billing partner. If Spotify's other payments and app distribution partners learn the terms of the User Choice Billing agreement or Spotify's negotiating strategies, this would give those partners an unfair advantage in their own contract negotiations with Spotify. *See Philips* v. *Ford Motor Co.*, 2016 WL 7374214, at *4 (N.D. Cal. Dec. 20, 2016) ("the need to avoid competitive disadvantage in contract negotiations . . . is a compelling reason that justifies sealing"); *Icon-IP Pty Ltd.* v. *Specialized Bicycle Components, Inc.*, 2015 WL 12976921, at *3 (N.D. Cal. Mar. 31, 2015) (sealing "detailed information about [a party's] licensing agreement" because it "could damage [the party's] position in future negotiations").

Given that Spotify's User Choice Billing agreement with Google is the result of years of effort and discussions with Google, hundreds of hours of Spotify personnel's time, and

Sullivan & Cromwell LLP

-2-

Non-Party Spotify's Admin. Mot. to Seal Portions of Dep. of Sandra Alzetta & Exs. Thereto
Case No. 3:21-md-02981-JD

significant research and development investments, that agreement gives Spotify (and Google) a significant advantage and unquestionably constitutes a trade secret that is appropriately sealed. The Ninth Circuit has previously granted mandamus relief from a district court order refusing to seal similar confidential terms in a licensing agreement, holding that "pricing terms" and "guaranteed minimum payment terms" "plainly fall within the definition of 'trade secrets'" because they provide the parties "an opportunity to obtain an advantage over competitors." *In re Electronic Arts, Inc.*, 298 Fed. App'x 568, 569 (9th Cir. 2008) (quoting Restatement of Torts § 757, cmt. b). Numerous courts in this District have reached the same conclusion, and have sealed the information contained in confidential agreements and documents discussing the terms of those agreements in order to protect the commercial interests of the affected parties. *See, e.g.*, *Asetek Holdings, Inc.* v. *CMI USA, Inc.*, 2014 WL 12644231, at *2 (N.D. Cal. Sept. 23, 2014) (sealing in full "confidential agreements setting forth [a party's] sales relationships and business dealings with [counterparties]" and redacting "portions of other documents that reference the agreements"); *Powertech Tech. Inc.* v. *Tessera, Inc.*, 2012 WL 1969039, at *1–2 (N.D. Cal. May 31, 2012).

Spotify also seeks to partially seal deposition testimony referencing Spotify's proprietary, internal data and analysis concerning the total usage of Spotify's audio streaming app that occurs on mobile devices. (Alzetta Decl. ¶¶ 10–12.) The public disclosure of such information would competitively harm Spotify by giving its competitors insight into Spotify's business operations and its users' behavior, which they could use to inform their own business strategies. And finally, Spotify seeks to partially seal a document referencing the average payment processing fees Spotify paid to its U.S. payment processing partners, which reflect calculations of the amounts owed under its confidential agreements with those partners. (*Id.* ¶ 13.) These categories of information are also entitled to protection because they contain trade secrets. *Powertech Tech. Inc.*, 2012 WL 1969039, at *2 (granting motion to seal "correspondence between the parties that include confidential and proprietary information, including discussions related to the amount, calculation and payment of royalties to [defendant] and the parties' business relationship").

For the reasons explained above, Spotify respectfully requests that the Court grant this Motion and enter the Proposed Order submitted herewith.

Dated: November 7, 2023

/s/ Shane M. Palmer
Shane M. Palmer (SBN 308033)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004
Telephone:   (212) 558-4000
Facsimile:    (212) 558-3588
Email:   palmersh@sullcrom.com

Renata B. Hesse (SBN 148425)
SULLIVAN & CROMWELL LLP
550 Hamilton Avenue
Palo Alto, California  94301
Telephone:   (650) 461-5600
Facsimile:    (650) 461-5700
Email:   hesser@sullcrom.com

*Attorneys for Non-Party Spotify USA Inc.*