Renata B. Hesse (SBN 148425)
(hesser@sullcrom.com)
SULLIVAN & CROMWELL LLP
550 Hamilton Avenue
Palo Alto, California  94301
Telephone:   (650) 461-5600
Facsimile:    (650) 461-5700

Shane M. Palmer (SBN 308033)
(palmersh@sullcrom.com)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004
Telephone:   (212) 558-4000
Facsimile:    (212) 558-3588

*Attorneys for Non-Party Spotify USA Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION**<br><br>THIS DOCUMENT RELATES TO:<br><br>*Epic Games, Inc.* v. *Google LLC*, No. 3:20-cv-05671-JD | Case No. 3:21-md-02981-JD<br><br>**DECLARATION OF SHANE M. PALMER IN SUPPORT OF NON-PARTY SPOTIFY'S ADMINISTRATIVE MOTION TO SEAL PORTIONS OF THE DEPOSITION OF SANDRA ALZETTA AND EXHIBITS THERETO**<br><br>Judge:  Hon. James Donato |

I, Shane M. Palmer, declare as follows:

1. I am an attorney at the law firm of Sullivan & Cromwell LLP, and counsel to Non-Party Spotify USA Inc. ("Spotify"). I am a member in good standing of the Bars of the States of New York and California and a member of the Bar of this Court. I submit this declaration pursuant to Local Civil Rule 79-5(c)(2) in support of Spotify's Administrative Motion to Seal Portions of the Deposition of Sandra Alzetta and Exhibits Thereto in *In re Google Play Store Antitrust Litigation*, No. 3:21-md-02981-JD (the "Action"). I have personal knowledge of the facts set forth in this declaration and can testify competently to those facts.

2. On September 29, 2022, Spotify employee Sandra Alzetta was deposed in this Action (the "Alzetta Deposition").

3. On November 6, 2023, counsel for Epic Games, Inc. ("Epic") sent me an email stating that it was "possible that Ms. Alzetta's testimony will be played on November 9, 2023," attaching the "full set of deposition testimony that has been designated by the parties," and noting that "[n]ot all of this testimony will necessarily be played."

4. At 8:46 p.m. PT that same day, counsel for Google LLC ("Google") sent me an email attaching Google's designations from the Alzetta Deposition and "providing notice that Exhibit 2062 (SPOT-GOOGLE-00000014) . . . is encompassed by Google's designations and will thus be displayed in open court when the designations are played." That email also indicated that Google understood that Epic intended to play designations from the Alzetta Deposition at trial on November 8, 2023.

5. After receiving Google counsel's email, I spoke with counsel for Epic by telephone, and Epic confirmed that testimony from the Alzetta Deposition may be played on November 8, 2023. At 9:45 p.m. PT on November 6, 2023, counsel for Epic sent me an email containing the "narrowed designations for both parties" and indicating that the parties intended to introduce "Exhibit 1532" and "Exhibit 2062" into evidence.

6. At 1:13 p.m. PT on November 7, 2023, pursuant to an oral instruction by the Court on the morning of November 7 that third parties should work with Epic and Google (collectively, the "Parties") regarding the use of their confidential information at trial, I sent an

email to counsel for the Parties explaining that Spotify believes certain information contained in the Parties' designations from the Alzetta Deposition, and within Exhibits 1532 and PX 2062 (collectively, the "Exhibits"), reflects trade secrets that are properly sealable. In an effort to avoid the need to file a motion to seal the courtroom during presentation to the jury of these portions of the Alzetta Deposition and discussion of the Exhibits, I requested that the Parties (i) agree to withdraw their designations of certain passages from the Alzetta Deposition that contain Spotify's confidential information; and (ii) agree, to the extent the Parties seek to introduce the Exhibits into evidence, that counsel will publish those exhibits to the jury alone, and not display them to the gallery, and that counsel and witnesses will direct the jury's attention to information in these exhibits rather than stating any information contained in these exhibits in their questioning or testimony.

7. At 3:30 p.m. PT on November 7, 2023, I attended a call with counsel for Google to discuss Spotify's request concerning treatment of its confidential materials at trial. On the call, counsel for Google stated that Google does not oppose Spotify's request concerning the treatment of the Exhibits, but that Google could not agree to withdraw all of its designations from the Alzetta Deposition within the scope of Spotify's request at that time, and that it would need additional time to consider the request.

8. At approximately 4:00 p.m. PT on November 7, 2023, I attended a joint call with counsel for the Parties to discuss Spotify's request. Counsel for Epic informed me that Epic would need additional time to consider Spotify's request, and that Epic would endeavor to provide a response as soon as possible. Counsel for Epic also informed me that the testimony from the Alzetta deposition would not be played on November 8, but that Exhibit 1532 would be introduced on November 8 in connection with the testimony of another witness. I informed the parties that Spotify was going to file its Motion by the 5:00 p.m. PT filing deadline in an abundance of caution, but agreed to continue to discuss Spotify's request regarding the treatment of the Alzetta Deposition and PX 2062 to the extent that those materials are not used at trial on November 8.

9. As of the time of filing, I did not receive any further communications from counsel for the Parties.

1        I declare under penalty of perjury under the laws of the United States of America
2  that the foregoing is true and correct.  Executed this November 7, 2023 in Brooklyn, New York.

4        /s/ Shane M. Palmer
      Shane M. Palmer