1
2
3
4
5
6
7
8
9
10
11
12
13

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION | Case No. 3:21-md-02981-JD |
| THIS DOCUMENT RELATES TO: | DECLARATION OF JOSHUA WALKER IN SUPPORT OF OMNIBUS MOTION TO FILE UNDER SEAL |
| *Epic Games, Inc. v. Google LLC*, Case No. 3:20-cv-05671-JD | Judge James Donato |
| *In re Google Play Consumer Antitrust*, Case No. 3:20-cv-05761-JD | |
| *Utah v. Google LLC*, Case No. 3:21- cv-05227-JD | |
| *Match Group, LLC. et al. v. Google LLC et al.*, Case No. 3:22-cv-02746-JD | |

I, Joshua Walker, declare as follows:

1. I am Chief Financial and Strategy Officer, Streaming, for Warner Bros. Discovery, Inc. ("WBD"). I joined WBD and its subsidiaries in October 2010.

2. I submit this declaration pursuant to Civil Local Rule 79-5. The contents of this declaration are based on my personal knowledge, and if called as a witness in this matter, I could and would testify thereto.

3. In my current role at WBD, I oversee strategy and financial operations for WBD's streaming applications ("apps") made available to consumers via the Google Play store, as well as direct-to-consumer operations globally. Based on my work experience, I am familiar with the way confidential financial information is handled by WBD pertaining to its consumer-facing offerings. WBD keeps such information confidential to protect itself from potential competitive and commercial harm.

4. I understand that the Defendants have filed, among other things, a Motion to Exclude the Merits Opinions of Dr. Hal J. Singer ("Singer Motion"), which cites an Expert Report written by Dr. Singer and dated October 19, 2022 ("Singer Report"), which contains information that purportedly derives from Google's internal transactional data and documents regarding WBD's sensitive and highly confidential financial information concerning its apps made available to consumers via the Google Play store. I also understand that the Consumer Plaintiffs and the State Plaintiffs have filed an Opposition to the Singer Motion, which cites a slide deck produced by Google in this litigation ("Google Slide Deck"). Google's counsel has provided WBD with redacted excerpts of the Singer Report and a redacted version of the Google Slide Deck, which contain WBD's confidential, highly proprietary, and competitively sensitive business information. Furthermore, I understand that the Parties will file a joint omnibus motion

to seal addressing the confidentiality of information included in the Singer Motion, the Singer Report, and other recent filings.

5. WBD's financial information referred to in the Singer Report and the Google Slide Deck is sensitive and highly confidential information that could cause competitive and commercial harm to WBD if publicly released.

6. As an initial matter, in filing this Declaration, WBD does not confirm the accuracy and/or completeness of WBD's financial information referred to in the Singer Report and the Google Slide Deck. As it has been explained to me, although this sensitive and highly confidential financial information concerns WBD, it purportedly is derived from Google's internal transactional data and documents. WBD lacks sufficient background information and context to verify it.

7. WBD is a leading global media and entertainment company that creates and distributes its portfolio of content and brands across television, film, streaming, and gaming. Maintaining the confidentiality of its financial information is as important to WBD as it is to any comparable business. As a publicly traded company, WBD is extremely mindful of the financial and business information it publicly discloses, and WBD makes such disclosures in accordance with the rules and regulations of the United States Securities and Exchange Commission. Thus, WBD has an interest in preserving the confidentiality of its information that it has not elected to publicly disclose.

8. The information that is redacted in the Singer Report and the Google Slide Deck includes sensitive and highly confidential financial information of WBD, which could result in competitive harm to WBD if publicly disclosed. It is my understanding that this information relates to: (i) the subject matter of a distribution agreement between WBD and Google regarding the Google Play store; (ii) WBD's position relative to other companies and developers with

respect to the amount of money spent by consumers on WBD apps that are available in the Google Play store; and (iii) the difference in the amount of money spent by consumers on WBD apps that are available in the Google Play store as compared to WBD apps that are available in another app store. These references contain highly confidential information relating to WBD's business dealings and financial position within the market. Furthermore, WBD does not otherwise publicly disclose this information.

9. The disclosure of this highly confidential financial information could harm WBD's business. For example, the public disclosure of the subject matter of WBD's distribution agreements with Google regarding the Google Play store would undermine WBD's ability to negotiate distribution agreements with other app distribution platforms. In addition, the disclosure of WBD's position relative to other companies and developers would put WBD at a competitive disadvantage both with consumers and with other distribution partners, as the performance of WBD's apps in the Google Play store is not publicly known. Finally, the public disclosure of the difference in the amount of money spent by consumers on WBD apps that are available in the Google Play store as compared to WBD apps that are available in another app store would allow for insight into what percentage of WBD's direct-to-consumer business Google represents as compared to other app distribution platforms and thus would create difficulties in negotiations with those platforms.

10. Preventing these competitive and commercial harms requires the sealing of the redacted information in the Singer Report and the Google Slide deck. There is no less restrictive alternative. Sealing is the only means of preserving WBD's highly confidential, non-public, and competitively sensitive information.

11. For all of the reasons set forth above, the excerpts from the Singer Report and the Google Slide Deck that WBD hereby seeks to seal are as follows:

    a. Singer Report, Singer Motion Exhibit 1, Page 81, para. 165, fn. 383.

    b. Google Slide Deck, Opposition to the Singer Motion Exhibit 13.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed on July 5, 2023 in New York City, New York.

Respectfully submitted,

Dated: July 5, 2023        By: *Joshua W. Walker*
                                    Joshua W. Walker (Jul 5, 2023 12:09 EDT)

# In re Google Play Store Antitrust Litig. - Walker Declaration 2023-07

Final Audit Report                                                    2023-07-05

| | |
|---|---|
| Created: | 2023-07-05 |
| By: | Fallon Brink (fallon.brink@warnermedia.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAjIBiVmf8cxUMZoRka_ZuNS3stDlIRcFY |

## "In re Google Play Store Antitrust Litig. - Walker Declaration 2023-07" History

- Document created by Fallon Brink (fallon.brink@warnermedia.com)
  2023-07-05 - 2:49:36 PM GMT- IP address: 157.166.255.254

- Document emailed to joshua.walker@warnermedia.com for signature
  2023-07-05 - 2:50:21 PM GMT

- Email viewed by joshua.walker@warnermedia.com
  2023-07-05 - 3:59:59 PM GMT- IP address: 198.147.10.10

- Signer joshua.walker@warnermedia.com entered name at signing as Joshua W. Walker
  2023-07-05 - 4:09:18 PM GMT- IP address: 198.147.10.10

- Document e-signed by Joshua W. Walker (joshua.walker@warnermedia.com)
  Signature Date: 2023-07-05 - 4:09:20 PM GMT - Time Source: server- IP address: 198.147.10.10

- Agreement completed.
  2023-07-05 - 4:09:20 PM GMT



WARNER BROS. DISCOVERY | Powered by Adobe Acrobat Sign