| | |
|---|---|
| 1 | VENABLE LLP |
| 2 | Philip T. Sheng (SBN 278422)<br>101 California Street, Suite 3800 |
| 3 | San Francisco, CA 94111<br>Telephone: 415-653-3750 |
| 4 | Facsimile: 415-653-3755<br>Email: ptsheng@venable.com |
| 5 | |
| 6 | David E. Fink (SBN 169212)<br>2049 Century Park East, Suite 2300 |
| 7 | Los Angeles, CA 90067<br>Telephone: 310-229-9900 |
| 8 | Facsimile: 310-229-9901<br>Email: defink@venable.com |
| 9 | *Attorneys for Non-Party Warner Bros. Discovery, Inc.* |

VENABLE LLP
101 CALIFORNIA STREET, SUITE 3800
SAN FRANCISCO, CA 94111
415.653.3750

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION**<br><br>THIS DOCUMENT RELATES TO:<br><br>*Epic Games, Inc. v. Google LLC et al.,*<br>Case No. 3:20-cv-05671-JD | Case No. 3:21-md-02981-JD<br><br>**NON-PARTY WARNER BROS. DISCOVERY, INC.'S REQUEST TO SEAL HIGHLY CONFIDENTIAL INFORMATION**<br><br>Honorable James Donato |

1    Non-party Warner Bros. Discovery, Inc. ("WBD") respectfully moves under Civil Local Rule 79-5 and the Court's Order, D.I. 727, to seal a small number of trial exhibits that contain WBD confidential information and to seal the courtroom for limited portions of testimony related to such WBD confidential information.

On November 7, 2023, Google LLC ("Google") provided notice to WBD that certain documents that may contain WBD confidential information had been identified as trial exhibits to be used in open court the next day, November 8, 2023. These documents comprise information that has been designated by one or more of the parties as NON-PARTY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY under the Protective Order. D.I. 248. The Protective Order generally requires at least four business days' notice of the intent to use such material at trial; WBD was provided just one day's notice. Moreover, Google did not provide WBD copies of the trial exhibits until 1:22 p.m. PST on November 7, 2023, less than four hours before WBD's deadline to submit this motion to seal. *See* D.I. 727.

If Google or any other party to the litigation is permitted to proceed with using the trial exhibits and testimony concerning them, WBD respectfully requests that the Court seal the trial exhibits and temporarily seal the courtroom during testimony concerning the trial exhibits. WBD recognizes the strong public interest in access to trial proceedings and judicial records. Nonetheless, sealing of judicial records is appropriate when "compelling reasons" overcome that presumption. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006). Non-party interests in confidential information are particularly strong. *See In re Adobe Systems, Inc. Sec. Litigation*, 141 F.R.D. 155, 161-62 (N.D. Cal. 1992).

The trial exhibits and testimony concerning them will reveal highly confidential financial and business information, including WBD revenue data and subscriber information. Throughout this litigation, WBD as a non-party has consistently and proactively taken steps to protect its confidential information. For example, in connection with prior motions to seal concerning similar confidential information, WBD submitted declarations from its Chief Executive Officer and President of Global Streaming and Games, Jean-Briac Perrette, as well as its Chief Financial and Strategy Officer for Streaming, Joshua Walker, explaining the sensitivity of such information and

**VENABLE LLP**
101 CALIFORNIA STREET, SUITE 3800
SAN FRANCISCO, CA 94111
415.653.3750

the harm it would cause WBD if such information were disclosed to competitors or to the public. These declarations are attached hereto in support of this motion.[1] *See* August 16, 2022 Perrette Declaration ¶¶ 4-10; July 5, 2023 Walker Declaration ¶¶ 4-10; August 1, 2023 Walker Declaration (D.I. 563) ¶¶ 4-10.  These declarations outline the concrete harm that WBD will suffer from the disclosure of such confidential information, which is sufficient to meet the "compelling reasons" standard.  *In re Electronic Arts*, 298 Fed. Appx. 568, 569 (9th Cir. 2008); *Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1226 (Fed. Cir. 2013); *Powertech Tech., Inc. v. Tessera, Inc.*, 2012 U.S. Dist. LEXIS 75831, at *4 (N.D. Cal. May 31, 2012).

Thus, WBD respectfully requests that the following trial exhibits be sealed and for the courtroom to be temporarily sealed during testimony concerning the trial exhibits.

| Exhibit (Bates Number) | Portion sought to be sealed | Reasons for sealing request |
|---|---|---|
| Exhibit 1704-014 (GOOG-PLAY-004683882.R) | Seal entirety | Includes confidential developer feedback reflecting business strategy from WBD regarding the Google Play store; if competitors had this information, they could use it to unfairly improve their products and to disadvantage WBD products. |
| Exhibit 1704-016 (GOOG-PLAY-004683884.R) | Seal entirety | Includes confidential developer feedback reflecting business strategy from WBD regarding the Google Play store; if competitors had this information, they could use it to unfairly improve their products and to disadvantage WBD products. |
| Exhibit 1704-019 (GOOG-PLAY-004683887.R) | Seal entirety | Contains WBD's confidential information about the number of subscribers for a WBD app; this information is not available outside of WBD; if disclosed it could be used to harm WBD's competitive |

---

[1] Because WBD was not given sufficient notice of any party's intent to use WBD confidential information at trial and because WBD was not timely provided with copies of the trial exhibits or sufficiently detailed descriptions of them, WBD relies on these prior declarations in support of this motion.

| | | |
|---|---|---|
| | | position and provide competitors an unfair advantage in the marketplace. |
| Exhibit 2698-052 (GOOG-PLAY-011073577) | Seal entirety | Contains WBD's confidential financial information about revenue for WBD's non-game applications; this information is not available outside of WBD; if disclosed it could be used to harm WBD's competitive position and provide competitors an unfair advantage in the marketplace. |

Dated:  November 8, 2023

Respectfully submitted,

VENABLE LLP

By: */s/ Philip T. Sheng*
Philip T. Sheng (SBN 278422)
David E. Fink

*Attorneys for Non-Party Warner Bros. Discovery, Inc.*