1  Sarah L. Cronin (SBN 252624)
    *SLCronin@Venable.com*
2  **VENABLE LLP**
3  2049 Century Park East, Suite 2300
    Los Angeles, California 90067
4  Telephone: (310) 229-9900
    Facsimile:  (310) 229-9901
5
6  *Attorneys for Warner Bros. Discovery, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION | Case No. 3:21-md-02981-JD |
| THIS DOCUMENT RELATES TO: | **DECLARATION OF JOSHUA WALKER IN SUPPORT OF OMNIBUS MOTION TO FILE UNDER SEAL** |
| In re Google Play Consumer Antitrust Litigation, Case No. 3:20-cv-05761-JD | Judge James Donato |
| State of Utah et al. v. Google LLC et al., Case No. 3:21- cv-05227-JD | |

DECL. OF JOSHUA WALKER ISO OMNIBUS MOT.TO FILE UNDER SEAL
MDL Case No. 3:21-md-02981-JD

## DECLARATION OF JOSHUA WALKER

I, Joshua Walker, declare as follows:

1. I am Chief Financial and Strategy Officer, Streaming, for Warner Bros. Discovery, Inc. ("WBD"). I joined WBD and its subsidiaries in October 2010.

2. I submit this declaration pursuant to Civil Local Rule 79-5. The contents of this declaration are based on my personal knowledge, and if called as a witness in this matter, I could and would testify thereto.

3. In my current role at WBD, I oversee strategy for WBD Games, which includes game applications ("apps") made available to consumers via the Google Play store, as well as gaming operations globally. Based on my work experience, I am familiar with the way confidential financial information is handled by WBD pertaining to its consumer-facing offerings. WBD keeps such information confidential to protect itself from potential competitive and commercial harm.

4. I understand that the Defendants have filed, among other things, a Motion for Leave to File a Supplemental Brief in Support of Defendants' Motion to Exclude the Merits Opinions of Dr. Hal J. Singer ("Defendants' Supplemental Motion"), which cites certain working papers ("Singer Working Papers") discussed in a supplemental Expert Report written by Dr. Singer and dated June 30, 2023. I further understand that the Singer Working Papers contain information that purportedly derives from Google's internal transactional data and documents regarding WBD's sensitive and highly confidential financial information concerning its apps made available to consumers via the Google Play store. Google's counsel has provided WBD with redacted excerpts of the Singer Working Papers, which contain WBD's confidential, highly proprietary, and competitively sensitive business information. Furthermore, I understand that the Parties will file a joint omnibus motion to seal addressing the confidentiality of information

included in the Defendants' Supplemental Motion, the Singer Working Papers, and other recent filings.

5.   WBD's financial information referred to in the Singer Working Papers is sensitive and highly confidential information that could cause competitive and commercial harm to WBD if publicly released.

6.   As an initial matter, in filing this Declaration, WBD does not confirm the accuracy and/or completeness of WBD's financial information referred to in the Singer Working Papers. As it has been explained to me, although this sensitive and highly confidential financial information concerns WBD, it purportedly is derived from Google's internal transactional data and documents. WBD lacks sufficient background information and context to verify it.

7.   WBD is a leading global media and entertainment company that creates and distributes its portfolio of content and brands across television, film, streaming, and gaming. Maintaining the confidentiality of its financial information is as important to WBD as it is to any comparable business. As a publicly traded company, WBD is extremely mindful of the financial and business information it publicly discloses, and WBD makes such disclosures in accordance with the rules and regulations of the United States Securities and Exchange Commission. Thus, WBD has an interest in preserving the confidentiality of its information that it has not elected to publicly disclose.

8.   The information that is redacted in the Singer Working Papers includes sensitive and highly confidential financial information of WBD, which could result in competitive harm to WBD if publicly disclosed. It is my understanding that this information relates to the service fees charged by Google for certain WBD apps that are available in the Google Play store on particular dates. These references contain highly confidential information relating to WBD's business

dealings within the market. Furthermore, WBD does not otherwise publicly disclose this information.

9. The disclosure of this highly confidential financial information could harm WBD's business. For example, the disclosure of the service fees charged by Google for certain WBD apps that are available in the Google Play store on particular dates would allow for insight into critical terms of WBD's distribution agreements with Google and thus would create difficulties in negotiations with other app distribution platforms.

10. Preventing these competitive and commercial harms requires the sealing of the redacted information in the Singer Working Papers. There is no less restrictive alternative. Sealing is the only means of preserving WBD's highly confidential, non-public, and competitively sensitive information.

11. For all of the reasons set forth above, the excerpts from the Singer Working Papers that WBD hereby seeks to seal are as follows:

    a. Singer Working Papers, J. Raphael Declaration in Support of the Defendants' Supplemental Motion, Exhibit F, first table, rows 3-5 and 20-23.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed on August 1, 2023 in New York City, New York.

Respectfully submitted,

Dated: August 1, 2023      By: _Joshua W. Walker (Aug 1, 2023 13:57 EDT)_