| | |
|---|---|
| 1 | KEKER, VAN NEST & PETERS LLP |
| 2 | CODY S. HARRIS - # 255302 |
|   | charris@keker.com |
| 3 | 633 Battery Street |
|   | San Francisco, CA 94111-1809 |
| 4 | Telephone:     415 391 5400 |
|   | Facsimile:     415 397 7188 |

Attorneys for Non-Parties
THE WALT DISNEY COMPANY and HULU

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION | Case No. 3:21-md-02981-JD |
| THIS DOCUMENT RELATES TO: | **NON-PARTIES THE WALT DISNEY COMPANY AND HULU'S MOTION TO SEAL PORTIONS OF TRIAL EXHIBITS 520 AND 523** |
| *Epic Games, Inc. v. Google LLC, et al.* Case No. 3:20-cv-05671-JD | Judge:     Hon. James Donato |

## I. INTRODUCTION

Pursuant to Civil Local Rule 79-5 and the Court's Order, Dkt. No. 727, Non-Party The Walt Disney Company ("TWDC"), and its subsidiary Hulu, respectfully move the Court to treat as sealed the non-public, highly confidential information reflected in Trial Exhibits 520 and 523, identified below and in the accompany declaration of Matthew Accornero.

Like some of the other non-parties in this action, TWDC was not given reasonable notice of the intended use of Trial Exhibits 520 and 523. And as other non-parties have pointed out, the Protective Order in this case requires at least four business days' notice of the intent to use such material. TWDC was at a particular disadvantage because it was not involved in this litigation during discovery at all, received no subpoenas, and had no counsel representing it in this action. An in-house attorney at TWDC first learned that TWDC information might be introduced at trial close to midnight on November 6, 2023—too late to stop its introduction and use at trial the next day. TWDC then received notice that Trial Exhibits 520 and 523 may be used on November 9 in open court only on the evening of November 7. TWDC now moves to seal pursuant to the Court ordered deadline for such requests.

## II. ARGUMENT

The information that TWDC seeks to seal is the type that the Ninth Circuit has held to properly be kept under seal. While courts apply a "strong presumption in favor of access" to court records, "[i]n general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to ... release trade secrets." *Kamakana v. City and Cty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (*quoting Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). Sealing may be justified to prevent judicial documents from being used as business information that might harm a litigant's competitive standing. *In re High-Tech Employee Antitrust Litig.*, No. 11–CV–02509–LHK, 2013 WL 163779, at *1 (N.D. Cal. Jan. 15, 2013).

Courts in this district have found compelling reasons to seal "particular information about the party's contractual agreements," *Rainbow Bus. Solutions v. Merch. Servs.*, 2013 WL

1
NON-PARTIES THE WALT DISNEY COMPANY AND HULU'S MOTION TO SEAL PORTIONS OF TRIAL EXHIBITS 520 AND 523
Case No. 3:21-md-02981-JD

2402561

12308205, at *2 (N.D. Cal. May 10, 2013), as well as other confidential business information that, if disclosed, could harm the party, *see Sun Microsystems Inc. v. Network Appliance*, No. C–08–01641–EDL, 2009 WL 5125817, at *9 (N.D. Cal Dec. 21, 2009); *see also Space Data Corp. v. Alphabet Inc.*, No. 16-CV-03260-BLF, 2019 WL 8012582, at *1 (N.D. Cal. July 17, 2019) (sealing information including confidential business development practices, competitively sensitive information, and sensitive information pertaining to third party partners, whose disclosure could expose the party to competitive harm). And indeed, this Court has previously held that sealing is appropriate for "specific deal terms that might be used against [an entity] in other negotiations and deals," which is the type of TWDC and Hulu information at issue here. *See In re Google Play Store Antitrust Litigation,* Order re Motion to Stay and Renewed Application to Seal, Case No. 3:21-cv-05227-JD, ECF No. 140 (N.D. Cal. Aug. 25, 2021).

As described in the Declaration of Matthew Accornero—TWDC's in-house counsel—the information in Trial Exhibits 520 and 523 contain highly sensitive and confidential business information that, if disclosed, would harm TWDC and Hulu. This is information that has been designated "Highly Confidential – Outside Counsel's Eyes Only" in this action, and for good reason. It is competitively sensitive information that would provide a competitor a window into TWDC's and Hulu's business strategy, relationship with Google, finances, pricing strategy, and billing practices:

| Exhibit Number (Trial Exhibit No.) | Document Description | Portion to be sealed | Reason(s) for sealing request |
|---|---|---|---|
| Exhibit 520 (GOOG-PLAY 000571104) | PowerPoint Slide re Hulu | Page Exhibit 520-029, entire slide | Contains competitively sensitive information regarding Hulu's business relationship with Google, and Hulu's internal business strategy and discussions. |
| Exhibit 523 (GOOG-PLAY 007328856) | PowerPoint Slide re Disney | Pages Exhibit 523, Page 019, entire slide | Contains competitively sensitive information |

| Exhibit Number (Trial Exhibit No.) | Document Description | Portion to be sealed | Reason(s) for sealing request |
|---|---|---|---|
| | | | regarding TWDC's business relationship with Google, its contractual negotiations with Google, and TWDC's internal business strategy and discussions. |

As explained and in the accompanying declaration of Matthew Accornero, compelling reasons exist to seal the above-mentioned information. Specifically: (a) TWDC and Hulu have legitimate interests in maintaining the confidentiality of their sensitive business information; (b) this is the sort of information that TWDC and Hulu keep confidential and not and would not disclose publicly; (c) revealing this information publicly would provide an advantage to TWDC's and Hulu's competitors or otherwise harm TWDC's and Hulu's business; and (d) there is no less restrictive alternative sufficient to protect TWDC's and Hulu's legitimate interests than the sealing proposed. *See* Civ. L.R. 79-5(c)(1).

Accordingly, TWDC and Hulu respectfully move the Court either to seal the courtroom during the introduction of, and testimony about, the information or (1) publish such information to the jury and Court alone and not to the gallery or general public, and (2) instruct counsel and witnesses not to directly quote the information during trial. TWDC further requests that, to the extent Trial Exhibits 520 or 523 are filed in this action, they be filed under seal.

Respectfully Submitted,

Dated: November 8, 2023

KEKER, VAN NEST & PETERS LLP

By: /s/ *Cody S. Harris*
     CODY S. HARRIS

Attorneys for Non-Parties
THE WALT DISNEY COMPANY AND HULU