| | |
|---|---|
| Brian C. Rocca, Bar No. 221576 | Glenn D. Pomerantz, Bar No. 112503 |
| brian.rocca@morganlewis.com | glenn.pomerantz@mto.com |
| Sujal J. Shah, Bar No. 215230 | Kuruvilla Olasa, Bar No. 281509 |
| sujal.shah@morganlewis.com | kuruvilla.olasa@mto.com |
| Michelle Park Chiu, Bar No. 248421 | **MUNGER, TOLLES & OLSON LLP** |
| michelle.chiu@morganlewis.com | 350 South Grand Avenue, Fiftieth Floor |
| Minna Lo Naranjo, Bar No. 259005 | Los Angeles, California 90071 |
| minna.naranjo@morganlewis.com | Telephone: (213) 683-9100 |
| Rishi P. Satia, Bar No. 301958 | |
| rishi.satia@morganlewis.com | Kyle W. Mach, Bar No. 282090 |
| **MORGAN, LEWIS & BOCKIUS LLP** | kyle.mach@mto.com |
| One Market, Spear Street Tower | Justin P. Raphael, Bar No. 292380 |
| San Francisco, CA 94105-1596 | justin.raphael@mto.com |
| Telephone: (415) 442-1000 | Emily C. Curran-Huberty, Bar No. 293065 |
| | emily.curran-huberty@mto.com |
| Richard S. Taffet, *pro hac vice* | Dane P. Shikman, Bar No. 313656 |
| richard.taffet@morganlewis.com | dane.shikman@mto.com |
| **MORGAN, LEWIS & BOCKIUS LLP** | Rebecca L. Sciarrino, Bar No. 336729 |
| 101 Park Avenue | rebecca.sciarrino@mto.com |
| New York, NY 10178-0060 | **MUNGER, TOLLES & OLSON LLP** |
| Telephone: (212) 309-6000 | 560 Mission Street, Twenty Seventh Fl. |
| | San Francisco, California 94105 |
| *Counsel for Defendants* | Telephone: (415) 512-4000 |
| | |
| | Jonathan I. Kravis, *pro hac vice* |
| | jonathan.kravis@mto.com |
| | **MUNGER, TOLLES & OLSON LLP** |
| | 601 Massachusetts Ave. NW, Ste 500E |
| | Washington, D.C. 20001 |
| | Telephone: (202) 220-1100 |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION** | Case No. 3:21-md-02981-JD |
| THIS DOCUMENT RELATES TO: | **GOOGLE'S REQUEST FOR A JURY INSTRUCTION THAT IT HAS NO DUTY TO DEAL** |
| *Epic Games Inc. v. Google LLC et al.,* Case No. 3:20-cv-05671-JD | Judge: Hon. James Donato |

Because Google has no duty to distribute app stores through the Google Play store, this Court granted Google's motion for summary judgment on "plaintiffs' claim that Google unlawfully prohibits the distribution of other app stores on Google Play." MDL ECF No. 700 at 1. The Court further held that Epic "may not *argue or suggest* that § 4.5" of Google's Developer Distribution Agreement—the policy that prohibits developers from distributing app stores through the Google Play store—"is unlawful either on its own or in combination with other alleged practices." *Id.* (emphasis added).

Despite that instruction, during trial on November 8, Epic's counsel *twice* asked a Google witness whether Google "*refuses* to distribute third party app stores on Google play." Trial Transcript, 743:16-22 (Nov. 8, 2023) (emphasis added). When the witness explained that the policy was motivated by Google's desire to keep users safe, Epic's counsel responded that he would get to this "*so-called* safety reason," and continued: "In fact, it's one of the requirements that a developer cannot distribute an alternative app store through Google Play, correct?" *Id.* 744:1-3 (emphasis added). The questioning was argumentative and suggested to the jury that Google's refusal to deal was unlawful.

But the law is clear. Google has no duty to deal. *Verizon Communications v. Trinko*, 540 U.S. 398 (2004); *FTC v. Qualcomm Inc.*, 969 F.3d 974, 993 (9th Cir. 2020). Because Epic has now suggested to the jury that Google has a duty to distribute rival app stores, a jury instruction is necessary. Accordingly, Google requests that the Court instruct the jury as follows:

> **Duty to Deal**
>
> You have heard evidence that Google's Developer Distribution Agreement prohibits the distribution of other app stores through the Google Play store. I instruct you that it is not unlawful for Google to prohibit the distribution of other app stores through the Google Play store, and you should not infer or conclude that doing so is unlawful in any way.

| | | |
|---|---|---|
| DATED: November 9, 2023 | | Respectfully submitted, |
| | By: | */s/ Glenn D. Pomerantz* |
| | | Glenn D. Pomerantz |

         **MUNGER TOLLES & OLSON LLP**
         Glenn D. Pomerantz
         Kuruvilla Olasa
         Emily C. Curran-Huberty
         Jonathan I. Kravis
         Justin P. Raphael
         Kyle W. Mach
         Dane Shikman
         Rebecca L. Sciarrino
         Jamie B. Luguri
         Lauren N. Beck

         **MORGAN, LEWIS & BOCKIUS LLP**
         Minna Lo Naranjo
         Brian C. Rocca
         Sujal J. Shah
         Michelle Park Chiu
         Rishi P. Satia

         *Counsel for Defendants*