1  Paul J. Riehle (SBN 115199)
   paul.riehle@faegredrinker.com
2  **FAEGRE DRINKER BIDDLE & REATH LLP**
   Four Embarcadero Center
3  San Francisco, California 94111
   Telephone: (415) 591-7500
4  Facsimile: (415) 591-7510

5  Christine A. Varney (*pro hac vice*)
   cvarney@cravath.com
6  Gary A. Bornstein (*pro hac vice*)
   gbornstein@cravath.com
7  Timothy G. Cameron (*pro hac vice*)
   tcameron@cravath.com
8  Yonatan Even (*pro hac vice*)
   yeven@cravath.com
9  Lauren A. Moskowitz (*pro hac vice*)
   lmoskowitz@cravath.com
10 Justin C. Clarke (*pro hac vice*)
   jcclarke@cravath.com
11 Michael J. Zaken (*pro hac vice*)
   mzaken@cravath.com
12 M. Brent Byars (*pro hac vice*)
   mbvars@cravath.com
13 **CRAVATH, SWAINE & MOORE LLP**
   825 Eighth Avenue
14 New York, New York 10019
   Telephone: (212) 474-1000
15 Facsimile: (212) 474-3700

16 *Attorneys for Plaintiff Epic Games, Inc.*

17
18                   **UNITED STATES DISTRICT COURT**
19                  **NORTHERN DISTRICT OF CALIFORNIA**
                        **SAN FRANCISCO DIVISION**

20 | | |
   |---|---|
21 | EPIC GAMES, INC., | Case No. 3:20-cv-05671-JD |
   | | Case No. 3:21-md-02981-JD |
22 | Plaintiff, | |
   | | **EPIC GAMES, INC'S** |
23 | v. | **ADMINISTRATIVE MOTION TO** |
   | | **CONSIDER WHETHER ANOTHER** |
24 | GOOGLE LLC et al., | **PARTY'S MATERIAL SHOULD BE** |
   | | **SEALED** |
25 | Defendants. | |

26
27
28

Pursuant to Civil Local Rules 7-11 and 79-5, Plaintiff Epic Games, Inc. ("Epic") hereby moves the Court to issue an administrative order on the filing under seal of certain portions of Epic's Opposition to Google's and Spotify's Administrative Motions to Seal Trial Exhibits and Portions of Deposition of Sandra Alzetta ("Epic's Opposition"). A public redacted version of Epic's Opposition has been filed in accordance with this Court's Local Rules.

Subsection (f) of Civil Local Rule 79-5 sets forth procedures that apply when a party seeks to file information designated as confidential by the opposing party. Under subsection (f)(1), the Filing Party's Administrative Motion to Consider Whether Another Party's Material Should Be Sealed "must identify each document or portions thereof for which sealing is sought". Pursuant to subsection (f)(3) of Local Rule 79-5, the Designating Party then has 7 days to file a declaration establishing that all of the designated material is "sealable" according to the standards set out in subsection (c)(1), after which any party may respond within 4 days, pursuant to subsection (f)(4). Civil Local Rule 79-5 provides that documents, or portions thereof, may be sealed if a party makes "a specific statement of the applicable legal standard *and* the reasons for keeping a document under seal, including an explanation of (i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient". Civ. L.R. 79-5(c)(1) (emphasis in original).

There is a "strong presumption of access" to judicial records and "'compelling reasons' must be shown to seal judicial records". *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citations omitted). Moreover, where "the material to be sealed goes to the very heart of the suit, the public interest in access is especially great". *Tevra Brands LLC v. Bayer Healthcare LLC*, No. 19-cv-4312, 2020 WL 1245352, at *2 (N.D. Cal. Mar. 16, 2020). Compelling reasons justifying the sealing of court records generally exist "when such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets". *Kamakana*, 447 F.3d at 1179 (internal quotation marks omitted). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment,

incrimination, or exposure to further litigation will not, without more, compel the court to seal its records". *Id.*  Moreover, "[t]he fact that the parties may have designated a document as confidential under a stipulated protective order is also not enough to justify sealing." (MDL Dkt. No. 89 at 2.)

Epic's Opposition contains information that is sourced from documents that Defendants Google LLC, Google Ireland Limited, Google Commerce Limited, Google Asia Pacific Pte. Limited, and Google Payment Corp. (collectively, "Google") and non-party Spotify USA Inc., have designated as "CONFIDENTIAL", "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "NON-PARTY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" pursuant to the operative Protective Orders entered by the Court, MDL Dkt. Nos. 238 and 249.  Those portions are identified in the Declaration of Michael J. Zaken submitted herewith and highlighted in the under seal version of Epic's Opposition.

Epic opposes the sealing of any portions of these documents but seeks leave to provisionally file the documents under seal because they discuss materials that Google and Spotify have designated confidential or highly confidential under the protective order in this case. *See* Local Rule 79-5(f).  Plaintiffs reserve the right to oppose, under Rule 79-5(f)(4), any submission Google makes to support sealing under Rule 79-5(f)(3).

Dated: November 10, 2023

CRAVATH, SWAINE & MOORE LLP

Christine Varney *(pro hac vice)*
Gary A. Bornstein *(pro hac vice)*
Timothy G. Cameron *(pro hac vice)*
Yonatan Even *(pro hac vice)*
Lauren A. Moskowitz *(pro hac vice)*
Justin C. Clarke *(pro hac vice)*
Michael Zaken *(pro hac vice)*
M. Brent Byars *(pro hac vice)*

Respectfully submitted,

By:   */s/ Michael J. Zaken*
         Michael J. Zaken

*Attorneys for Plaintiff Epic Games, Inc.*