1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

VENABLE LLP
Philip T. Sheng (SBN 278422)
101 California Street, Suite 3800
San Francisco, CA 94111
Telephone: 415-653-3750
Facsimile: 415-653-3755
Email: ptsheng@venable.com

David E. Fink (SBN 169212)
2049 Century Park East, Suite 2300
Los Angeles, CA 90067
Telephone: 310-229-9900
Facsimile: 310-229-9901
Email: defink@venable.com

*Attorneys for Non-Party Warner Bros. Discovery, Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION**<br><br>THIS DOCUMENT RELATES TO:<br><br>*Epic Games, Inc. v. Google LLC et al.,*<br>Case No. 3:20-cv-05671-JD | Case No. 3:21-md-02981-JD<br><br>**NON-PARTY WARNER BROS. DISCOVERY, INC.'S REQUEST TO SEAL HIGHLY CONFIDENTIAL INFORMATION**<br><br>Honorable James Donato |

**VENABLE LLP**
101 CALIFORNIA STREET, SUITE 3800
SAN FRANCISCO, CA 94111
415.653.3750

Non-party Warner Bros. Discovery, Inc. ("WBD") respectfully moves under Civil Local Rule 79-5 and the Court's Order, D.I. 727, to seal a trial exhibit that contains WBD confidential information and to seal the courtroom for limited portions of testimony related to such WBD confidential information.

On Saturday November 11, 2023, at 12:06 a.m. PST, during the Veterans Day holiday, Google LLC ("Google") provided email notice to WBD that it intends to use a trial exhibit in open court on Monday, November 13, 2023, that has been designated as NON-PARTY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY under the Protective Order.  D.I. 248. The Protective Order generally requires at least *four business days' notice* of the intent to use such material at trial.  Google has provided WBD *zero business days' notice*.  This morning, WBD was informed by Google that "[p]ursuant to the Court's instructions," WBD has even less than a full day to file this motion.

If Google or any other party to the litigation is permitted to proceed with using the trial exhibit and testimony concerning it, WBD respectfully requests that the Court seal the trial exhibit and temporarily seal the courtroom during testimony concerning the trial exhibit.  WBD recognizes the strong public interest in access to trial proceedings and judicial records.  Nonetheless, sealing of judicial records is appropriate when "compelling reasons" overcome that presumption.  *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006).  Non-party interests in confidential information are particularly strong.  *See In re Adobe Systems, Inc. Sec. Litigation*, 141 F.R.D. 155, 161-62 (N.D. Cal. 1992).

The trial exhibit and testimony concerning it will reveal highly confidential business information, including WBD subscriber information.  Throughout this litigation, WBD as a non-party has consistently and proactively taken steps to protect its confidential information.  For example, in connection with prior motions to seal concerning similar confidential information, WBD submitted declarations from its Chief Executive Officer and President of Global Streaming and Games, Jean-Briac Perrette, as well as its Chief Financial and Strategy Officer for Streaming, Joshua Walker, explaining the sensitivity of such information and the harm it would cause WBD if such information were disclosed to competitors or to the public.  These declarations are attached

**VENABLE LLP**
101 CALIFORNIA STREET, SUITE 3800
SAN FRANCISCO, CA 94111
415.653.3750

1  hereto in support of this motion.[1]  *See August 16, 2022 Perrette Declaration ¶¶ 4-10; July 5, 2023

2  Walker Declaration ¶¶ 4-10; August 1, 2023 Walker Declaration (D.I. 563) ¶¶ 4-10.  These

3  declarations outline the very real, concrete harm that WBD will suffer from the disclosure of such

4  confidential information, which is sufficient to meet the "compelling reasons" standard.  *In re*

5  *Electronic Arts*, 298 Fed. Appx. 568, 569 (9th Cir. 2008); *Apple Inc. v. Samsung Elecs. Co*., 727

6  F.3d 1214, 1226 (Fed. Cir. 2013); *Powertech Tech., Inc. v. Tessera, Inc.*, 2012 U.S. Dist. LEXIS

7  75831, at *4 (N.D. Cal. May 31, 2012).

8  Based on the foregoing, WBD respectfully requests that the following trial exhibit be

9  sealed and for the courtroom to be temporarily sealed during testimony concerning the trial exhibit.

| Exhibit (Bates Number) | Portion sought to be sealed | Reasons for sealing request |
|---|---|---|
| Exhibit 5674-016 (GOOG-PLAY-000437834.R) | Seal entirety | Includes confidential subscriber information belong to WBD regarding the Google Play store on the Android platform; this information is not available outside of WBD; if disclosed it could be used to harm WBD's competitive position and provide competitors an unfair advantage in the marketplace. |

Dated:  November 11, 2023                          Respectfully submitted,

VENABLE LLP

*/s/ Philip T. Sheng*

By:   Philip T. Sheng (SBN 278422)
      David E. Fink

*Attorneys for Non-Party Warner Bros. Discovery, Inc.*

---

[1]  Because WBD was not given sufficient notice of Google's intent to use WBD confidential information at trial, WBD relies on these prior declarations in support of this motion.

2