JENNIFER KELLY (CSB No. 193416)
jennifer@tyzlaw.com
RYAN TYZ (CSB No. 234895)
ryan@tyzlaw.com
ERIN JONES (CSB No. 252947)
ejones@tyzlaw.com
CIARA MCHALE (CSB No. 293308)
ciara@tyzlaw.com
SEAN APPLE (CSB No. 305692)
sapple@tyzlaw.com
TYZ LAW GROUP PC
4 Embarcadero Center, 14th Floor
San Francisco, CA 94111
Telephone: 415.849.3578

Attorneys for Defendant
Supercell Oy

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION**<br><br>THIS DOCUMENT RELATES TO:<br><br>*Epic Games, Inc. v. Google LLC et al.,* Case No. 3:20-cv-05671-JD | Case No:   3:21-md-02981-JD<br><br>**NON-PARTY SUPERCELL OY'S REQUEST TO SEAL COURTROOM AND PORTION OF EXHIBIT 5674, P. 17**<br><br>Judge: Hon. James Donato |

Pursuant to Civil Local Rule 79-5 and the Court's Order, Dkt. No. 727, Non-Party Supercell Oy ("Supercell") respectfully requests that the Court treat as sealed Supercell's non-public, highly confidential information on a portion of page 17 of Trial Exhibit 5674,[1] either by sealing the courtroom during the introduction of, and testimony about, the information or at minimum by (1) publishing such information to the jury and Court alone and not to the courtroom gallery or general public, and (2) preventing statement of the highly confidential information during the course of trial. Supercell also requests that, to the extent Trial Exhibit 5674 is filed in this action, that the portion of page 17 identified be filed under seal.

As an initial matter, Supercell was again not given reasonable notice of the intended use of Trial Exhibit 5674, as it was not regarding Exhibit 1525 earlier this week. *See* Dkt. Nos. 743, 757 ¶ 3. Supercell was provided notice by email that Trial Exhibit 5674 may be used on November 13 in open court only well after close of business on Friday November 10 (and in the early morning hours of Saturday, November 11 in Helsinki, where Supercell's relevant employees work). McHale Decl. ¶ 4. This left Supercell's counsel less than 24 hours over a weekend to try to confer with Supercell to review and respond to the potential disclosure of its highly confidential information, depriving Supercell and its counsel of any meaningful ability to meet and confer with the parties to avoid having to file this request, and burdening the Court in turn. *Id.* Supercell objects to these ongoing last-minute disclosures, which impose extreme undue burden on Supercell, a non-party to this case, particularly given that Supercell expects the parties have known the universe of potential trial exhibits—including those that contain Supercell highly confidential information—for some time.

In all events, compelling reasons exist to seal Supercell's highly confidential and proprietary business information on page 17 of Trial Exhibit 5674. Specifically: (i) Supercell has legitimate interests in maintaining the confidentiality of its sensitive business information; (ii)

---

[1] Supercell was provided only an excerpt of page 17 of Trial Exhibit 5674 and has relied on representations of counsel for the parties that the excerpt constitutes the full extent of Supercell's highly confidential information in Exhibit 5674. To the extent Supercell's highly confidential information is also located in other portions of Exhibit 5674, Supercell reserves all rights with respect to that information and likewise asks that it remain sealed consistent with this request.

revealing this information publicly would provide an advantage to Supercell's competitors and Defendants' competitors adverse to Supercell, or otherwise harm Supercell's business; and (iii) there is no less restrictive alternative sufficient to protect Supercell's legitimate interests than the sealing proposed by Supercell in this request. *See* Civ. L.R. 79-5(c)(1). Moreover, Supercell has filed three other statements and declarations in this matter seeking sealing of its similar and analogous highly confidential and proprietary business information. Dkt. Nos. 562, 617, 743. Supercell maintains that those materials and other Supercell highly confidential materials used at trial should remain sealed and not disclosed to the public, even if the tight trial turnaround schedule and the parties' unreasonably late notifications severely inhibit Supercell's ability to submit sealing requests by the Court's deadlines. It would be unjust to subject Supercell, a non-party to this action, to the severe prejudice and competitive injury of having its highly confidential information revealed in these circumstances. Supercell maintains that the parties should have adopted a procedure to account for the trial schedule and provided Supercell (and other non-parties) sufficient notice to protect highly confidential information—information it seems the parties surely knew would be at issue in the trial before it commenced. *See, e.g.*, Dkt. No. 248 at Sec. 2.2, 4.6 (requiring parties to notify non-parties two business days after the exchange of trial exhibit lists of any potential use at trial of non-party confidential information).

     A review of the excerpted portion of page 17 of Trial Exhibit 5674 that Supercell received shows that it contains and reflects Supercell's highly confidential and commercially sensitive information relating to Supercell's business and customer game play and purchase data and analytics, that Supercell keeps confidential in the ordinary course of its business and under contract with Google. *See* Dkt. Nos. 757 ¶ 4, 562-1, 617-1.[2] Supercell views this information as highly confidential and commercially sensitive business information, has not made it public (nor is it public, to Supercell's knowledge), and the disclosure of this information is likely to result in substantial competitive or commercial disadvantage to Supercell. If these portions of the Trial

---

[2] Supercell submits this request to preserve its ability to protect its highly confidential information in compliance with the Court's deadline. Should the Court require further support for this request, Supercell is prepared to promptly submit a further client declaration.

Exhibit were to be made public, Defendants' competitors (for example, platforms operated by third parties competitive with Defendants where Supercell offers its games) could glean information about Supercell's customers and its business relationship with Defendants and use this information in negotiations with Supercell to gain a competitive advantage at Supercell's expense.  Disclosure of this information would also likely harm Supercell by harming its bargaining position with third party platforms, and could give its competitors the ability to undercut Supercell and unfairly win additional business.

The Federal Rules contemplate sealing information like the above that reflects confidential business development practices and competitively sensitive information, and courts routinely seal such information. *See, e.g.*, Fed. R. Civ. P. 26(c)(1)(G) (a court may order that "trade secret or other confidential research, development, or commercial information not be revealed"); *Space Data Corp. v. Alphabet Inc.*, No. 16-CV-03260-BLF, 2019 WL 8012582, at *1 (N.D. Cal. July 17, 2019) (sealing information including confidential business development practices, competitively sensitive information, and sensitive information pertaining to third party partners, whose disclosure could expose the party to competitive harm).  As a non-party to this litigation, Supercell's interests in safeguarding its highly confidential information are particularly strong. *See In re Adobe Systems, Inc. Sec. Litigation*, 141 F.R.D. 155, 161-62 (N.D. Cal. 1992). Supercell's request to seal its information is narrowly tailored because it proposes to seal only the information necessary to protect Supercell's legitimate interests, namely that identified above.

For these reasons, Supercell respectfully requests that the Court grant Supercell's request that the portion of page 17 of Trial Exhibit 5674 containing Supercell's highly confidential information designated "Non-Party Highly Confidential – Outside Counsel Eyes Only" be treated as sealed, either by sealing the courtroom for their introduction or by displaying them only to the Court and jury and preventing statements of the information during trial.

| | | |
|---|---|---|
| 1 | Dated: November 11, 2023 | Respectfully submitted, |
| 2 | | */s/ Ciara McHale* |
| | | Ciara McHale |
| 3 | | |
| 4 | | Attorneys for Non-Party Supercell Oy |