| | |
|---|---|
| 1 | JENNIFER KELLY (CSB No. 193416) |
| | jennifer@tyzlaw.com |
| 2 | RYAN TYZ (CSB No. 234895) |
| | ryan@tyzlaw.com |
| 3 | ERIN JONES (CSB No. 252947) |
| | ejones@tyzlaw.com |
| 4 | CIARA MCHALE (CSB No. 293308) |
| | ciara@tyzlaw.com |
| 5 | SEAN APPLE (CSB No. 305692) |
| | sapple@tyzlaw.com |
| 6 | TYZ LAW GROUP PC |
| | 4 Embarcadero Center, 14th Floor |
| 7 | San Francisco, CA 94111 |
| | Telephone: 415.849.3578 |
| 8 | |
| | Attorneys for Defendant |
| 9 | Supercell Oy |

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION** | Case No:    3:21-md-02981-JD |
| THIS DOCUMENT RELATES TO: | **DECLARATION OF CIARA McHALE RE SUPERCELL OY'S REQUEST TO SEAL PORTION OF TRIAL EXHIBIT 5674, P. 17** |
| *Epic Games, Inc. v. Google LLC et al.,* Case No. 3:20-cv-05671-JD | |
| | Judge: Hon. James Donato |

I, Ciara McHale, hereby declare as follows:

1. I am an attorney at law licensed to practice in the State of California and the Northern District of California. I am an attorney at the law firm of Tyz Law Group PC, attorneys for Non-Party Supercell Oy in this action. I have personal knowledge of the matters set forth in this and, if called to testify as a witness, would be competent to testify as follows.

2. I submit this declaration in support of Supercell's Request seeking to seal the non-public, highly confidential information designated "Non-Party Highly Confidential – Outside Counsel Eyes Only" on page 17 of Trial Exhibit 5674 identified below, and seeking to prevent its presentation in open court by either closing the courtroom, or by (1) publishing such information to the jury, parties and court only, and not to the general public, and (2) not stating the information during the course of trial. As detailed in the accompanying request, there are "compelling reasons" to seal these highly confidential materials of Supercell.

3. My client is located in Helsinki, Finland. Supercell has repeatedly been given last-minute notice of potential disclosure of its highly confidential information in open court with no meaningful opportunity to review the notice and document in question, let alone to meaningfully respond to the notice, to confer with opposing counsel regarding treatment of the document, or to otherwise avoid burdening the Court with sealing requests to protect its highly confidential information.

4. In this instance, I received an email from counsel for Google on Friday, November 10, at 10:30 pm local time in Chicago, Illinois (where I live) providing notice that a portion of Trial Exhibit 5674 (page 17) containing Supercell's highly confidential information designated "Non-Party Highly Confidential – Outside Information Only" might be used in open court on Monday, November 13, and requiring my client to submit any request to seal that information no later than 5 pm Pacific Saturday. At that time, it was already early morning Saturday, November 11 in Helsinki. I did not see the email until the very early morning in Chicago, at which time I endeavored immediately to notify my client. However, given the weekend and the time zone differences, and as I explained to counsel for the parties, I have not had access to my client to discuss the document or its disclosure. I therefore asked that counsel for the parties agree to treat

the material as sealed if used in court on November 13, in a manner consistent with this request. Counsel for Google indicated it would not use the identified portion of the document in court. Counsel for Epic did not agree to treat it as highly confidential as requested, requiring submission of the instant request.

      I declare under penalty of perjury that the foregoing is true and correct. Executed on November 11, 2023.

                                         /s/Ciara McHale
                                         Ciara McHale