1   Renata B. Hesse (SBN 148425)
    (hesser@sullcrom.com)
2   SULLIVAN & CROMWELL LLP
    550 Hamilton Avenue
3   Palo Alto, California  94301
    Telephone:     (650) 461-5600
4   Facsimile:     (650) 461-5700

5   Shane M. Palmer (SBN 308033)
    (palmersh@sullcrom.com)
6   SULLIVAN & CROMWELL LLP
    125 Broad Street
7   New York, New York  10004
    Telephone:     (212) 558-4000
8   Facsimile:     (212) 558-3588

9   *Attorneys for Non-Party Spotify USA Inc.*

10

## UNITED STATES DISTRICT COURT

11

## NORTHERN DISTRICT OF CALIFORNIA

12

13   **IN RE GOOGLE PLAY STORE**          )        Case No. 3:21-md-02981-JD
     **ANTITRUST LITIGATION**             )
                                          )        **NON-PARTY SPOTIFY'S**
14   THIS DOCUMENT RELATES TO:            )        **ADMINISTRATIVE MOTION TO**
                                          )        **SEAL PORTIONS OF EXHIBIT 1496**
15   *Epic Games, Inc.* v. *Google LLC*, No. 3:20-cv- )
16   05671-JD                             )        Judge:  Hon. James Donato
                                          )
17

18

19

20

21

22

23

24

25

26

27

28

SULLIVAN
&
CROMWELL LLP

Pursuant to Local Civil Rules 7-11 and 79-5 and this Court's Minute Order dated October 31, 2023 (ECF No. 727), Non-Party Spotify USA Inc. ("Spotify") respectfully moves the Court to seal limited portions of Exhibit 1496, which Spotify understands will be used in Court on November 15 during the testimony of Don Harrison.  Exhibit 1496 contains non-public information relating to Spotify's confidential negotiations with Google leading to the execution of Spotify's User Choice Billing agreement with Google.  That agreement and the related negotiations—which lasted for several years and took up hundreds of hours of Spotify personnel time—are highly confidential and commercially sensitive, and Spotify would be competitively harmed in its business by the disclosure of information relating to those negotiations through any public filing.

Although there is a presumptive right of public access to court records on common law and First Amendment grounds, such "access . . . is not absolute," *Kamakana* v. *City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006), and may be denied by the Court to protect confidential information.  *See Phillips ex rel. Estates of Byrd* v. *General Motors Corp.*, 307 F.3d 1206, 1212 (9th Cir. 2002).  Trial records may be sealed if a party or non-party "articulate[s] compelling reasons . . . that outweigh the general history of access and the public policies favoring disclosure." *Kamakana*, 447 F.3d at 1178–79.  "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to . . . release trade secrets." *Id.* at 1179 (quoting *Nixon* v. *Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).  Moreover, Spotify is not a party to this action and did not voluntarily invoke the Court's jurisdiction; it only produced the information it seeks to seal because the parties demanded it by invoking the Court's subpoena power.  As a result, Spotify's confidentiality interests should be entitled to special consideration.  *See, e.g.*, *Hunt* v. *Cont'l Cas. Co.*, 2015 WL 5355398, at *2 (N.D. Cal. Sept. 14, 2015) (sealing information "implicat[ing] important privacy concerns of nonparties . . . that outweigh the public's interest in disclosure of these judicial records").

The "compelling reasons" standard is met here because Exhibit 1496 reveals specific commercial terms proposed by Spotify in connection with confidential negotiations

SULLIVAN
&
CROMWELL LLP

regarding Spotify's use of Google Play Billing.  The competitive harm that Spotify would suffer if information relating to its negotiation of the User Choice Billing agreement becomes public is described in the Declaration of Sandra Alzetta, filed in this action on November 7, 2023 (MDL Dkt. No. 749-1).  Because Exhibit 1496 reveals the exact same type of commercially sensitive information relating to the same negotiations between Spotify and Google, Exhibit 1496 should be sealed for the same reasons laid out in Ms. Alzetta's November 7 Declaration and Spotify's accompanying Motion to Seal Portions of Deposition of Sandra Alzetta and Exhibits Thereto (MDL Dkt. No. 749).

For these reasons, Spotify respectfully requests that the Court grant this Motion and enter the Proposed Order submitted herewith.

Dated:  November 13, 2023

/s/ Shane M. Palmer

Shane M. Palmer (SBN 308033)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004
Telephone:   (212) 558-4000
Facsimile:   (212) 558-3588
Email:   palmersh@sullcrom.com

Renata B. Hesse (SBN 148425)
SULLIVAN & CROMWELL LLP
550 Hamilton Avenue
Palo Alto, California  94301
Telephone:   (650) 461-5600
Facsimile:   (650) 461-5700
Email:   hesser@sullcrom.com

*Attorneys for Non-Party Spotify USA Inc.*