Brian C. Rocca, Bar No. 221576
brian.rocca@morganlewis.com
Sujal J. Shah, Bar No. 215230
sujal.shah@morganlewis.com
Michelle Park Chiu, Bar No. 248421
michelle.chiu@morganlewis.com
Minna Lo Naranjo, Bar No. 259005
minna.naranjo@morganlewis.com
Rishi P. Satia, Bar No. 301958
rishi.satia@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Telephone:  (415) 442-1000

Richard S. Taffet, *pro hac vice*
richard.taffet@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
101 Park Avenue
New York, NY  10178-0060
Telephone: (212) 309-6000

*Counsel for Defendants*

Glenn D. Pomerantz, Bar No. 112503
glenn.pomerantz@mto.com
Kuruvilla Olasa, Bar No. 281509
kuruvilla.olasa@mto.com
**MUNGER, TOLLES & OLSON LLP**
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071
Telephone: (213) 683-9100

Kyle W. Mach, Bar No. 282090
kyle.mach@mto.com
Justin P. Raphael, Bar No. 292380
justin.raphael@mto.com
Emily C. Curran-Huberty, Bar No. 293065
emily.curran-huberty@mto.com
**MUNGER, TOLLES & OLSON LLP**
560 Mission Street, Twenty Seventh Fl.
San Francisco, California 94105
Telephone: (415) 512-4000

Jonathan I. Kravis, *pro hac vice*
jonathan.kravis@mto.com
**MUNGER, TOLLES & OLSON LLP**
601 Massachusetts Ave. NW, Ste 500E
Washington, D.C. 20001
Telephone: (202) 220-1100

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION**<br><br>THIS DOCUMENT RELATES TO:<br><br>*Epic Games Inc. v. Google LLC et al.,* Case No. 3:20-cv-05671-JD | Case No. 3:21-md-02981-JD<br><br>**GOOGLE'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL TRIAL EXHIBITS**<br><br>Judge:  Hon. James Donato |

Google respectfully moves the Court to seal portions of four of Plaintiff's Proposed Trial Exhibits ("Exhibits") concerning Google's Search-related agreements and business strategy with Non-Party Apple, Inc. ("Apple"), as well as an Exhibit related to Google's negotiations with Non-Party Spotify, Inc. ("Spotify), which we understand are scheduled to be used in Court on November 16 during the testimony of Google executive, Don Harrison. The Search-related information is subject to a sealing procedure in the *Search* trial pending before Judge Mehta in the U.S. District Court for the District of Columbia.

*Apple:* This case is about Google Play. Epic has not challenged Google's Search-related agreements with Apple. Yet, Epic now seeks to introduce heavily negotiated, non-public Search-related agreements and deal terms, reflecting an operative contract with Apple, as well as a confidential internal strategy document relating to Google's efforts to distribute its apps (*not* Google Play) on Apple devices. These Search-related agreements are irrelevant to Google Play and have never been publicly accessible. Even if Epic seeks to use these documents for the narrow purpose of trying to characterize the business relationship between Google and Apple, Epic could do so without publicly disclosing the specific, heavily-negotiated terms of these agreements, the disclosure of which will result in competitive harm to both Google and Apple.[1]

Recognizing the harm that public disclosure of these agreements would cause Google and Apple, a federal court presiding over a trial where the Search agreement with Apple is squarely at issue has agreed to close the courtroom to the public and redact portions of trial transcripts containing testimony regarding terms of Google's operative Search agreement with Apple:

> Google has asked that specific deal terms be kept under seal. And what I mean by "specific deal terms," I mean the actual terms of the [Apple] deal, that is, the deals that are not only of recent history but those that are going forward. **I have agreed to do that for present purposes...because...if disclosed could create a public disadvantage, competitive disadvantage for Google and any future negotiations with potential partners.** (emphasis added).

---

[1] Google directs the Court to its pending sealing motions at Dkt. Nos. 621 and 693, which seek to seal portions of documents and testimony relating to Google's current and operative Search-related agreement with Apple (2021 ISA). The terms Google seeks to seal in the instant motion are substantially similar to the terms of the 2021 ISA.

*US et al. v. Google LLC*, 1:20-cv-03010-APM (D.D.C. Oct. 4, 2023), Trial Tr. at 4368:4-13; *see also id.*, Trial Tr. at 2177:10-2178:10 (Sept. 21, 2023) (ordering the court sealed for certain testimony regarding the terms of these agreements and related issues). The Search case has involved public testimony about Google's relationship with Apple and the agreements at issue in this motion without any need to further unredact the exhibits. There is no basis for doing so in this case, where the agreements are not relevant, or a central component of the plaintiff's claims.

Exhibits 1489 and 1492 are Search-related agreements with Apple; they have nothing to do with the conduct challenged in this case. Exhibit 6190 is an internal Google email that reveals internal considerations and impressions from a discussion with Apple relating to these agreements. To the extent that the Court permits testimony about these agreements and/or this email in open court, Google requests that the bespoke, non-public terms of these agreements remain sealed due to the competitive harm to Google that would result from disclosure.[2] *In re Elec. Arts, Inc.*, 298 Fed. Appx. 568, 569 (9th Cir. 2008) ("the common-law right of inspection has bowed before the power of a court to ensure that its records are not used…as sources of business information that might harm a litigant's competitive standing") (citation omitted).

Disclosure of the portions of Exhibits 1489, 1492, and 6190 subject to this motion would harm Google's competitive standing because they contain, for example, (1) bespoke definitions of terms that are individually negotiated among Google's various Search partners, (2) commercially sensitive provisions relating to Apple's treatment of Search queries, and (3) the financial terms of Google's Search agreement with Apple, including the manner of calculating the revenue shared with Apple pursuant to the agreement. Disclosure of the confidential terms of Google's current agreement with Apple would unjustifiably impact Google's individualized negotiations with other Search partners, including browser developers such as Mozilla and wireless carriers such as Verizon. Furthermore, allowing competitors such as Microsoft access to the particular provisions that Google and Apple have negotiated in a confidential commercial

---

[2] Google has a pending motion to seal portions of Exhibits 1489 and 1492 in *US et al. v. Google LLC*, 1:20-cv-03010-APM (D.D.C. 2023), at ECF No. 769 (referenced therein as JX0024 and JX0033, respectively).

agreement would give those competitors a one-sided advantage in renegotiating their own confidential search agreements with Apple and preparing their own proposals to provide the services that Google currently offers under its Search-related agreements with Apple.

Similarly, the portions of Exhibit 1493 that Google seeks to seal contain highly confidential financial information and non-public deal terms relating to other non-Play products, including Ads and Cloud. The disclosure of these specific financial figures and terms would not further the public's understanding of the issues in this case, and should remain sealed. *See Apple, Inc., v. Samsung Elec. Co., Ltd.*, 727 F.3d 1214, 1226 (Fed. Cir. 2013) (sealing information that "is not necessary to the public's understanding of the case," and where "the public therefore has minimal interest in [the] information").

**Spotify:** Google previously moved this court to seal the terms of Google's User Choice Billing (UCB) deal with Spotify (MDL ECF No. 750). Google now moves to seal Exhibit 1496, which is an internal slide deck containing highly-sensitive details about the specific terms and conditions offered by each side to the UCB negotiation as well as Google's evaluation of their financial and strategic impact on the business. As reflected in the Declaration of Christian Cramer, attached herewith, Google's internal consideration of these terms and rates is highly confidential, in part, because they reflect an active, ongoing agreement with Spotify. Moreover, disclosure of these terms and rates would also provide prospective and/or existing developer-customers negotiating participation in UCB unfair insight into Google's strategy and negotiating positions. Google's mobile app store competitors could also use this information to unfairly inform their own business model and unfairly compete to win the business of the prospective developer-customers considering UCB

Google requests that the confidential information identified below not be displayed to the gallery, and that counsel and witnesses be directed not to state this information during examinations. Instead, this information should be published to the jury only and the witness should be asked to direct the jury's attention to the information in the document.

Dated: November 13, 2023

Respectfully submitted,

By: *Rishi P. Satia*

**MORGAN, LEWIS & BOCKIUS LLP**
Rishi P. Satia

*Counsel for Defendants*

## E-FILING ATTESTATION

I, Rishi P. Satia, am the ECF User whose ID and password are being used to file this document. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that each of the signatories identified above has concurred in this filing.

*/s/ Rishi P. Satia*
Rishi P. Satia