Tiffany L. Lee (Bar No. 303007)
tiffanylee@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101
Telephone: (206) 359-3304
Facsimile: (206) 359-4404

*Attorney for Non-Party
Nintendo of America, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION**<br><br>THIS DOCUMENT RELATES TO:<br><br>*Epic Games Inc. v. Google LLC et al.*, Case No. 3:20-cv-05671-JD | MDL No. 3:21-md-02981-JD<br><br>**NON-PARTY NINTENDO OF AMERICA INC.'S MOTION TO SEAL TRIAL EXHIBIT 5286** |

1  Non-party Nintendo of America Inc. ("NOA") requests that Exhibit 5286 be sealed when filed with the Court after trial has concluded. This motion is accompanied by the Declaration of Kristopher Kiel ("Kiel Decl.").

A party seeking to seal documents at trial must "articulate compelling reasons supported by specific factual findings." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). As described below, NOA's sealing request meets this standard. NOA understands that Google produced Exhibit 5286 during discovery. Google labeled the document "NON-PARTY HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" because it includes information that is confidential to non-party NOA. Exhibit 5286 is competitively sensitive and non-public information relating to confidential contractual arrangements that Nintendo has entered with Google, including the specific terms of the arrangements. (Kiel Decl. ¶¶ 5–6.) The contractual arrangements between Nintendo and Google reflect sensitive information concerning, for example, Nintendo's negotiation strategies in its dealings with Google. (*Id.* ¶ 6.) Nintendo could suffer significant competitive harm if that information were to become public, including losing any edge over competitors with respect to negotiations with Google. (*Id.*) And information about Nintendo's relationship with Google, if disclosed to the public, would also undermine Nintendo's market position by allowing competitors to emulate the unique combination of contractual arrangements between Nintendo and Google, which has taken many years to develop. (*Id.* ¶ 7.)

The risk of competitive harm to Nintendo merits sealing Exhibit 5286 and outweighs concerns about access to judicial records. *E.g.*, *Century Aluminum Co. v. AGCS Marine Ins. Co.*, No. 11-CV-02514-YGR, 2012 WL 13042825, at *2 (N.D. Cal. Aug. 10, 2012) (sealing confidential information because "competitive harm may result" from public disclosure that would "reveal confidential business information and strategies"); *Koninklijke Philips N.V. v. Elec-Tech Int'l Co.*, No. 14-CV-02737-BLF, 2015 WL 581574, at *2–3 (N.D. Cal. Feb. 10, 2015) (sealing confidential business information that could be used by competitors); *Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1228 (Fed. Cir. 2013) (finding disclosure of information that "competitors could not obtain anywhere else" might result in competitive harm and should be

sealed); *XIFIN, Inc. v. Firefly Diagnostics, Inc.,* No. 317CV00742BENKSC, 2018 WL 1244781, at *2 (S.D. Cal. Mar. 9, 2018) (sealing "commercially sensitive business information" reflected in a contract, including "proprietary protocols and processes"). The risk of competitive harm is more than theoretical. The cases here involve a direct competitor to Nintendo—Epic Games. And given the high profile of the cases, NOA expects that trial and any resulting press coverage will be monitored by employees and representatives of many other Nintendo direct competitors in the gaming industry. NOA's interest in protecting its competitively sensitive information is the kind of "good cause" recognized in the Northern District of California as sufficient to justify protections, such as sealing the courtroom. *Finjan, Inc. v. Blue Coat Sys., Inc.*, No. 13-cv-03999-BLF, Dkt. 400 at 1 (N.D. Cal. July 22, 2015) (granting motion to seal the courtroom).

NOA's sealing request is particularly strong because of the circumstances here. Non-party NOA was drawn into this litigation by the parties, not through any actions of its own. In addition, Nintendo has no control over the trial proceedings or whether and when the parties might seek to use its highly confidential information. In this scenario, it would be markedly unfair to publicly disclose Exhibit 5286 and subject Nintendo to competitive harm.

For the reasons explained above, NOA seeks an order that Exhibit 1524 be sealed when filed with the Court after trial.

DATED:  November 13, 2023        */s/Tiffany L. Lee*
                                 Tiffany L. Lee (CA Bar No. 303007)
                                 tiffanylee@perkinscoie.com
                                 Perkins Coie LLP
                                 1201 Third Avenue, Suite 4900
                                 Seattle, WA 98101
                                 Telephone: (206) 359-3304
                                 Facsimile: (206) 359-4404

                                 *Attorney for Non-Party
                                 Nintendo of America Inc.*

**CERTIFICATE OF SERVICE**

☒  I hereby certify that on November 13, 2023, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants in this case.

*/s/ Tiffany L. Lee*
Attorney