1  MEET AJAY P. SRINIVASAN, SBN 181471
2  jsrinivasan@gibsondunn.com
3  JASON C. LO, SBN 219030
   jlo@gibsondunn.com
4  JACQUELINE L. SESIA, SBN 322362
   jsesia@gibsondunn.com
5  GIBSON, DUNN & CRUTCHER LLP
   333 South Grand Avenue
6  Los Angeles, CA 90071-3197
7  Telephone: 213.229.7000
   Facsimile: 213.229.7520
8
9  ELI M. LAZARUS, SBN 284082
   elazarus@gibsondunn.com
10 GIBSON, DUNN & CRUTCHER LLP
   555 Mission Street, Suite 3000
11 San Francisco, CA 94105-0921
   Telephone: 415.393.8200
12 Facsimile: 415.393.8306

13 Attorneys for Non-Party, APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| *In re Google Play Store Antitrust Litigation* | CASE NO. 21-md-02981-JD |
|---|---|
| This document relates to: *Epic Games, Inc. v. Google LLC, et al.*, Case No. 3:20-cv-05671-JD | **NON-PARTY APPLE INC.'S MOTION TO SEAL PORTIONS OF TRIAL EXHIBITS 1489, 1492, 1493, AND 6190** |

## I. INTRODUCTION

Pursuant to Civil Local Rule 79-5 and this Court's Order, MDL Dkt No. 727, non-party Apple Inc. ("Apple") hereby moves this Court to seal the non-public, highly confidential information reflected in Trial Exhibits 1489, 1492, 1493, and 6190, with proposed redactions to exhibits 1489 and 1492 identified in the accompanying declaration of Jason Lo ("Lo Declaration"). These exhibits, all produced as "Non-Party Highly Confidential—Outside Counsel Eyes Only," are competitively sensitive. Exhibits 1489 and 1492 are currently operative business agreements concerning internet search (not relating to app stores) that Apple has entered into after exacting negotiations. Exhibit 1489 is an executed copy of the 2014 Joint Cooperation Agreement between Apple and Defendant Google LLC ("Google") (the "2014 JCA"). Exhibit 1492 is an executed copy of the 2016 Amendment to the Information Services Agreement between Apple and Google (the "2016 ISA"). Apple understands that Exhibits 1493 and 6190 are internal Google documents discussing confidential agreements with Apple, also bearing no relevance to app stores. Lo Declaration ¶¶ 4-5. Recognizing the importance of a public trial, Apple seeks narrowly tailored redactions to maintain confidentiality of highly sensitive, operative business terms, the disclosure of which would harm Apple's competitive standing in ongoing business relations as well as future contract negotiations. These redactions are further warranted given that the agreements and the discussion of the substance of these agreements are not directly at issue in this trial.

Counsel for Apple learned on the morning of November 13, 2023 that the Court may hear the same day the issue of sealing highly confidential business agreements between Apple and Google, including these four exhibits, providing Apple with only a few short hours to file this motion. Lo Declaration ¶ 8. The only prior notice Apple received was through communications from Google's counsel beginning on November 12, 2023 at approximately 1:30 p.m. and concluding at approximately 6 p.m. that Epic Games, Inc. ("Epic") intended to introduce Apple-confidential information on November 15, 2023. Lo Declaration ¶ 3. This is not reasonable time for notice. Following this Court's direction, Apple and Google requested a meet and confer with Epic, to which Epic provided no response as of the time of this filing. Lo Declaration ¶ 12. Apple understands that Google is moving to seal portions of Exhibits 1489, 1492, 1493, and 6190. *Id.* at ¶ 11. Apple supports Google's motion to seal these four exhibits to the extent that the information implicates Apple-confidential information.

1  Despite the lack of reasonably practicable notice, Apple moves to seal pursuant to the Court-ordered
2  deadline for such requests.

3  **II.     ARGUMENT**

4  A party seeking to seal documents at trial must "articulate compelling reasons supported by
5  specific factual findings." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir.
6  2006). Under this standard, courts in this circuit and elsewhere have routinely sealed confidential
7  business information and strategies. *Center for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092,
8  1097 (9th Cir. 2016) (describing "compelling reasons" standard as allowing sealing of "business
9  information that might harm a litigant's competitive standing"); *Century Aluminum Co. v. AGCS
10 Marine Ins. Co.*, No. 11-CV-02514-YGR, 2012 WL 13042825, at *2 (N.D. Cal. Aug. 10, 2012)
11 (applying "compelling reasons" standard to seal "confidential business information and strategies"
12 because "competitive harm may result"); *Koninklijke Philips N.V. v. Elec-Tech Int'l Co.*, No. 14-CV-
13 02737-BLF, 2015 WL 581574, at *2-3 (N.D. Cal. Feb. 10, 2015) (applying "compelling reasons"
14 standard to seal "confidential business information" that could "provide . . . competitors with
15 confidential information regarding . . . commercial relationships"); *Apple Inc. v. Samsung Elecs. Co.*,
16 727 F.3d 1214, 1228 (Fed. Cir. 2013) (applying "compelling reasons" standard to seal "information
17 that Apple's competitors could not obtain anywhere else"). This Court has also recognized in this case
18 the sensitivity of ongoing business negotiations and relationships. Trial Tr. at 336:6-14, *In re Google
19 Play Store Antitrust Litigation*, Case No. 21-md-02981 (N.D. Cal. Nov. 7, 2023) ("Trial Transcript").

20 The narrowly tailored information that Apple seeks to seal is the type that the Ninth Circuit has
21 held to properly meet the "compelling reasons" standard for sealing. The 2014 JCA and 2016 ISA are
22 currently operative and highly confidential agreements that non-party Apple entered into only after
23 hard-fought negotiations. They include confidential provisions—which have never been made
24 public—related to permissible use of Google's services on Apple devices, negotiations over future
25 implementation of certain terms, and references to other competitively sensitive business arrangements.
26 Disclosing this sensitive information would competitively disadvantage Apple in its ongoing business
27 relations and future contract negotiations. In particular, Apple's other business partners could unfairly
28 leverage the precise wording of Apple's and Google's current obligations under the JCA and ISA in

future negotiations, to Apple's competitive disadvantage.  For example, Apple has search agreements with various search engine-partners and these agreements are regularly subject to renegotiation.  Disclosure of Apple-confidential material would competitively disadvantage Apple in these types of future negotiations and ongoing relationships.  Apple understands that Exhibits 1493 and 6190 similarly contain Apple's competitively sensitive information (not relating to app stores) that would place Apple at a disadvantage in the market if disclosed.  Lo Declaration ¶¶ 6-7.

Apple has also sought to maintain confidentiality of precisely the same portions of the JCA and ISA in a currently pending motion in *United States v. Google LLC*, 20-cv-03010 (D.D.C) ("*U.S. v. Google*"), another case in which Apple is a non-party.  Exhibit 6190 was also sealed and redacted pursuant to court order in *U.S. v. Google* as UPX0617.  Fairness favors consistent rulings for the same non-party in these two cases.  Moreover, unlike in *U.S. v. Google*, neither these agreements nor the subject of search are at issue at this trial.  Rather, plaintiff simply wants to use the existence of the agreements to argue motivation.  As a result, the specific terms of these competitively sensitive agreements are not necessary to disclose to the jury or the public at large.  The narrow redactions that Apple seeks will allow the jury and public to appreciate the core issues addressed in the agreements.  Consequently, this trial creates no need for public disclosure of these specific, competitively sensitive contract provisions, whereas public disclosure would impose great risk of competitive harm to Apple.

For the foregoing reasons, Apple respectfully requests an order to seal the courtroom whenever Apple-confidential information is discussed during trial.  Alternatively, if the Court is disinclined to seal the courtroom during trial, Apple requests that the Court order that counsel and witnesses (i) may publish Apple-confidential information only to the jury and courtroom, not to the general public, and (ii) are prohibited from stating Apple-confidential information in open court.  This proposal is similar to the practice employed by this Court with regard to exhibits related to deposition testimony of Spotify witness Sandra Alzetta, allowing Spotify-confidential information to be published only to the parties and the jury.  Trial Tr. 689:06-09, 691:4-6; *see also Finjan, Inc. v. Sophos, Inc.*, No. 14-cv-01197-WHO, 2016 WL 7911365, at *2 (N.D. Cal. Aug. 30, 2016).  Further, Apple seeks an order that versions of Exhibits 1489, 1492, 1493, and 6190 made available in the public record be redacted to remove all Apple-confidential information.

Dated: November 13, 2023

GIBSON, DUNN & CRUTCHER LLP

 Jay P. Srinivasan
 Jason C. Lo
 Eli M. Lazarus
 Jacqueline L. Sesia

By: /s/ Jason C. Lo

*Attorneys for Non-Party, Apple Inc.*