JAY P. SRINIVASAN, SBN 181471
jsrinivasan@gibsondunn.com
JASON C. LO, SBN 219030
jlo@gibsondunn.com
JACQUELINE L. SESIA, SBN 322362
jsesia@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

ELI M. LAZARUS, SBN 284082
elazarus@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile: 415.393.8306

Attorneys for Non-Party, APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| *In re Google Play Store Antitrust Litigation*<br><br>This document relates to:<br><br>*Epic Games, Inc. v. Google LLC, et al.*,<br>Case No. 3:20-cv-05671-JD | CASE NO. 21-md-02981-JD<br><br>**DECLARATION OF JASON LO IN SUPPORT OF NON-PARTY APPLE INC.'S MOTION TO SEAL PORTIONS OF TRIAL EXHIBITS 1489, 1492, 1493, AND 6190** |

Pursuant to Civil Local Rule 79-5, I, Jason C. Lo, hereby declare as follows:

1. I am an attorney licensed to practice in the State of California, and a member of the Bar of this Court. I am a partner at the law firm Gibson, Dunn & Crutcher LLP, counsel of record for non-party Apple Inc. ("Apple") in this case. I am familiar with Apple's treatment of highly proprietary and confidential information, based on my personal experience representing Apple. I have personal knowledge of the facts stated below and, if called as a witness, I could and would testify competently thereto.[1]

2. Apple operates in an intensely competitive marketplace. It occupies a unique position as a leader with respect to a number of highly dynamic technologies. Apple has serious and legitimate concerns that competitors will exploit any release of Apple's highly sensitive, confidential information in order to gain competitive advantage. As such, in the regular course of conducting its business, Apple takes extensive measures to protect the confidentiality of its sensitive business information.

**Attached Documents**

3. Listed below are documents which I understand Epic Games, Inc. ("Epic") intends to introduce as trial exhibits in this matter. I understand that these documents were identified to attorney associates with my law firm in communications from Google's counsel beginning at approximately 1:30 p.m. and concluding at approximately 6 p.m. on November 12, 2023.

4. Attached hereto and filed under seal as **Exhibit A** is a true and correct copy of Trial Exhibit 1489. Apple has highlighted portions of this document for which it requests sealing.

5. Attached hereto and filed under seal as **Exhibit B** is a true and correct copy of Trial Exhibit 1492. Apple has highlighted portions of this document for which it requests sealing.

---

[1] Courts in this District routinely grant motions to seal on the basis of declarations of counsel submitted pursuant to Local Rule 79-5. *See, e.g., DZ Reserve v. Meta Platforms, Inc*., No. 18-cv-04978, Dkt. 350 (N.D. Cal. Dec. 3, 2021); *Epic Games Inc. v. Apple Inc.*, No. 20-cv-05640, Dkt. 609 (N.D. Cal. May 7, 2021) *("Epic v. Apple")*; *Epic v. Apple*, Dkt. 613 (N.D. Cal. May 9, 2021); *Epic v. Apple*, Dkt. 614 (N.D. Cal. May 9, 2021); *Epic v. Apple*, Dkt. 643 (N.D. Cal. May 12, 2021); *Epic v. Apple*, Dkt. 715 (N.D. Cal. May 20, 2021); *Epic v. Apple*, Dkt. 794 (N.D. Cal. June 9, 2021); *Avago Techs. U.S. Inc., et al. v. Iptronics Inc., et al*., No. 10-cv-02863, Dkt. 545 (N.D. Cal. Apr. 3, 2015); *Cisco Sys., Inc., et al. v. Opentv Inc., et al*., No. 13-cv-00282, Dkts. 81-83 (N.D. Cal. Oct. 8, 2018). I am personally familiar with Apple's safeguarding of confidential information, but if the Court deems this declaration insufficient, Apple respectfully requests that it be permitted to file a further declaration in support of sealing.

6. On information and belief, I understand that Exhibit 1493 describes competitively sensitive business negotiations and business terms between Apple and defendant Google LLC ("Google") on topics unrelated to app stores.

7. On information and belief, I understand that Exhibit 6190 describes competitively sensitive business terms between Apple and Google on topics unrelated to app stores.

8. On the morning of November 13, 2023 in Los Angeles, California, I learned that the Court may hear the same day the issue of sealing highly confidential business agreements between Apple and Google, including these exhibits. This is the first time I learned that Apple-confidential information could be implicated on November 13, 2023.

9. Upon learning of the information in the preceding paragraph, I promptly arranged to travel to the Northern District of California to be in the Court by 12 p.m. on November 13, 2023.

**Apple Confidential Information**

10. Apple seeks to seal confidential information in Exhibits A through B.

11. On information and belief, I understand that Google is moving to seal trial exhibits 1489, 1492, 1493, and 6190.

12. On November 12, 2023, counsel for Google requested a meet and confer with counsel for Apple and counsel for Epic for the morning of November 13, 2023. That same day, counsel for Apple provided its availability for a meet and confer. With no response from counsel for Epic, counsel for Google sent a follow-up email on November 13, 2023 at 10:00 am. Counsel for Epic had not responded as of the time of this filing.

13. Subject to Local Rule 79-5(c)(1), below is a chart detailing the specific items of Apple's information that are sealable for the reasons explained herein:

| Exhibit Number (Trial Exhibit No.) | Description or Pages & Lines | Reason for Redaction |
|---|---|---|
| Trial Exhibit 1489 (GOOG-PLAY2-000474736, Ex. A to this declaration) | May 15, 2014 Joint Cooperation Agreement between Apple and Defendant Google<br>• GOOG-PLAY2-000474736 information under "Terms & Termination"; | Apple sealing request: This document should be partially sealed because it contains Apple's competitively sensitive information which if revealed would put Apple at a competitive disadvantage in the marketplace. |

| Exhibit Number (Trial Exhibit No.) | Description or Pages & Lines | Reason for Redaction |
|---|---|---|
| | • GOOG-PLAY2-000474736 revenue share percentage, dates of option to select a different default search engine in China, South Korea, and Russia;<br>• GOOG-PLAY2-000474736 search revenue share point 4;<br>• GOOG-PLAY2-000474736-GOOG-PLAY2-000474737 information under "Default Bookmark";<br>• GOOG-PLAY2-000474737-GOOG-PLAY2-000474738 information under "(2) Litigation Notice and Escalation" down to but not including the heading "(4) Miscellaneous";<br>• GOOG-PLAY2-000474738-GOOG-PLAY2-000474739 information under "(4) Miscellaneous";<br>• GOOG-PLAY2-000474739 signatures as highlighted (Lo Decl. Ex. A). | |
| Trial Exhibit 1492 (GOOG-PLAY2-000455423, Ex. B to this declaration) | 2016 Amendment to the Information Services Agreement between Apple and Google<br>• GOOG-PLAY2-000455423 description of permissible uses under "(a) Safari (Web Browser Software)";<br>• GOOG-PLAY2-000455423 definition of term following "Default";<br>• GOOG-PLAY2-000455424 information under "(b) Spotlight";<br>• GOOG-PLAY2-000455424-GOOG-PLAY2-000455425 information under "(c) Siri";<br>• GOOG-PLAY2-000455425 information | Apple sealing request: This document should be partially sealed because it contains Apple's competitively sensitive information which if revealed would put Apple at a competitive disadvantage in the marketplace. |

| Exhibit Number (Trial Exhibit No.) | Description or Pages & Lines | Reason for Redaction |
|---|---|---|
| | under "(d) Provision of Query Set"; <br> • GOOG-PLAY2-000455425-GOOG-PLAY2-000455426 information under "(e) Reporting"; <br> • GOOG-PLAY2-000455426-GOOG-PLAY2-000455427 information under "2. Advertising and Monetization" including the following section 3; <br> • GOOG-PLAY2-000455427-GOOG-PLAY2-000455429 information on "4. Ad Revenue Share"; <br> • GOOG-PLAY2-000455429 information in the second paragraph following "Annual CEO-Check-In"; <br> • GOOG-PLAY2-000455429-GOOG-PLAY2-000455430 information under "6. Limitation of Liability"; <br> • GOOG-PLAY2-000455430 information under "7. Term & Termination"; <br> • GOOG-PLAY2-000455430 information under "8. Branding, Presentation and Usage"; <br> • GOOG-PLAY2-000455431 information in second through fourth paragraphs under "9. Regulatory and Government Actions"; <br> • GOOG-PLAY2-000455431-GOOG-PLAY2-000455432 information under "10. Audit"; <br> • GOOG-PLAY2-000455432 information under "11. Assignment"; <br> • GOOG-PLAY2-000455432-GOOG- | |

| Exhibit Number (Trial Exhibit No.) | Description or Pages & Lines | Reason for Redaction |
|---|---|---|
| | PLAY2-000455433 information under "12. Parties and Affiliates"; <br>• GOOG-PLAY2-000455433 information under "13. Amendment"; <br>• GOOG-PLAY2-000455433 information under "14. Tax"; <br>• GOOG-PLAY2-000455434 signature; <br>• GOOG-PLAY2-000455435 signature; <br>• GOOG-PLAY2-000455436 signature; <br>• GOOG-PLAY2-000455437 signature; <br>• GOOG-PLAY2-000455438 signature; <br>• GOOG-PLAY2-000455439 signature; <br>• GOOG-PLAY2-000455440-GOOG-PLAY2-000455442 information under Exhibit A <br>as highlighted (Lo Decl. Ex. B). | |

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this Declaration was executed on November 13, 2023 in San Francisco, California.

*/s/ Jason C. Lo*
Jason C. Lo