JAY P. SRINIVASAN, SBN 181471
jsrinivasan@gibsondunn.com
JASON C. LO, SBN 219030
jlo@gibsondunn.com
JACQUELINE L. SESIA, SBN 322362
jsesia@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

ELI M. LAZARUS, SBN 284082
elazarus@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile: 415.393.8306

Attorneys for Non-Party, APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| *In re Google Play Store Antitrust Litigation* | CASE NO. 21-md-02981-JD |
| This document relates to: | **[PROPOSED] ORDER** |
| *Epic Games, Inc. v. Google LLC, et al.*, Case No. 3:20-cv-05671-JD | The Honorable James Donato |

1   Pursuant to Civil Local Rule 79-5 and this Court's Standing Order, counsel for non-party Apple Inc. ("Apple") has filed a Motion to Seal Portions of Trial Exhibits 1489, 1492, 1493, and 6190 (the "Motion"), an accompanying declaration of Jason C. Lo in support of the Motion ("Lo Declaration") and attached exhibits. The Court having considered the Motion, Lo Declaration, all associated papers, and any argument of counsel, and for good cause appearing:

**IT IS HEREBY ORDERED** that the Motion, as supported by the Lo Declaration, is **GRANTED**. Accordingly,

(1) The unredacted versions of the documents sought to be sealed by the Lo Declaration and exhibits 1493 and 6190 are entitled to protection under the law and shall remain under seal;

(2) The courtroom will be sealed for any discussion of the unredacted documents sought to be sealed by the Lo Declaration and Exhibits 1493 and 6190 [[in the alternative] counsel and witnesses may publish Apple-confidential information in Exhibits 1489, 1492, 1493, and 6190 only to the jury and sealed courtroom and are prohibited from discussing Apple-confidential information in open court]; and

(2) The public shall have access to only the versions of the documents sought to be sealed by the Lo Declaration and in which the following portions in the below chart have been redacted and any Apple-confidential information in Exhibits 1493 and 6190:

| Document | Portion To be Sealed | Basis for Sealing | Order |
|---|---|---|---|
| Trial Exhibit 1489 (GOOG-PLAY2-000474736) | May 15, 2014 Joint Cooperation Agreement between Apple and Defendant Google<br>• GOOG-PLAY2-000474736 information under "Terms & Termination";<br>• GOOG-PLAY2-000474736 revenue share percentage, dates of option to select a different default search engine in China, South Korea, and Russia; | This document should be partially sealed because it contains Apple's competitively sensitive information which if revealed would put Apple at a competitive disadvantage in the marketplace. Lo Declaration at 2-3. This information meets the "good cause" standard under *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-80 (9th Cir. 2006). *See Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (courts have broad latitude to prevent disclosure of materials, including confidential or commercial information); *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) | |

1

[PROPOSED] ORDER                                                                                           CASE NO. 21-md-02981-JD

| | | | | |
|---|---|---|---|---|
| | | • GOOG-PLAY2-000474736 search revenue share point 4;<br>• GOOG-PLAY2-000474736-GOOG-PLAY2-000474737 information under "Default Bookmark";<br>• GOOG-PLAY2-000474737-GOOG-PLAY2-000474738 information under "(2) Litigation Notice and Escalation" down to but not including the heading "(4) Miscellaneous";<br>• GOOG-PLAY2-000474738-GOOG-PLAY2-000474739 information under "(4) Miscellaneous"; and<br>• GOOG-PLAY2-000474739 signatures. | (finding that "'sources of business information that might harm a litigant's competitive standing'" constitute a compelling reason for sealing) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598-99 (1978)).  As such, this document is entitled to protection under the law. | |
| | Trial Exhibit 1492 (GOOG-PLAY2-000455423) | • 2016 Amendment to the Information Services Agreement between Apple and Google<br>• GOOG-PLAY2-000455423 description of permissible uses under "(a) Safari (Web Browser Software)";<br>• GOOG-PLAY2-000455423 definition of term following "Default";<br>• GOOG-PLAY2-000455424 information under "(b) Spotlight";<br>• GOOG-PLAY2-000455424-GOOG-PLAY2-000455425 information under "(c) Siri"; | This document should be partially sealed because it contains Apple's competitively sensitive information which if revealed would put Apple at a competitive disadvantage in the marketplace.  Lo Declaration at 3.  This information meets the "good cause" standard under *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-80 (9th Cir. 2006). *See Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (courts have broad latitude to prevent disclosure of materials, including confidential or commercial information); *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (finding that "'sources of business information that might harm a litigant's competitive standing'" constitute a compelling reason for sealing) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598- | |

| | | | |
|---|---|---|---|
| | <ul><li>GOOG-PLAY2-000455425 information under "(d) Provision of Query Set";</li><li>GOOG-PLAY2-000455425-GOOG-PLAY2-000455426 information under "(e) Reporting";</li><li>GOOG-PLAY2-000455426-GOOG-PLAY2-000455427 information under "2. Advertising and Monetization" including the following section 3;</li><li>GOOG-PLAY2-000455427-GOOG-PLAY2-000455429 information on "4. Ad Revenue Share";</li><li>GOOG-PLAY2-000455429 information in the second paragraph following "Annual CEO-Check-In";</li><li>GOOG-PLAY2-000455429-GOOG-PLAY2-000455430 information under "6. Limitation of Liability";</li><li>GOOG-PLAY2-000455430 information under "7. Term & Termination";</li><li>GOOG-PLAY2-000455430 information under "8. Branding, Presentation and Usage";</li><li>GOOG-PLAY2-000455431 information in second through fourth</li></ul> | 99 (1978)).  As such, this document is entitled to protection under the law. | |

| | | | | |
|---|---|---|---|---|
| | | paragraphs under "9. Regulatory and Government Actions";<br>• GOOG-PLAY2-000455431-GOOG-PLAY2-000455432 information under "10. Audit";<br>• GOOG-PLAY2-000455432 information under "11. Assignment";<br>• GOOG-PLAY2-000455432-GOOG-PLAY2-000455433 information under "12. Parties and Affiliates";<br>• GOOG-PLAY2-000455433 information under "13. Amendment";<br>• GOOG-PLAY2-000455433 information under "14. Tax";<br>• GOOG-PLAY2-000455434 signature;<br>• GOOG-PLAY2-000455435 signature;<br>• GOOG-PLAY2-000455436 signature;<br>• GOOG-PLAY2-000455437 signature;<br>• GOOG-PLAY2-000455438 signature;<br>• GOOG-PLAY2-000455439 signature; and<br>• GOOG-PLAY2-000455440-GOOG-PLAY2-000455442 information under Exhibit A. | | |

**IT IS SO ORDERED**.

DATED: _____, 2023

_____
HONORABLE JAMES DONATO
UNITED STATES DISTRICT COURT JUDGE