Brian C. Rocca, Bar No. 221576
brian.rocca@morganlewis.com
Sujal J. Shah, Bar No. 215230
sujal.shah@morganlewis.com
Michelle Park Chiu, Bar No. 248421
michelle.chiu@morganlewis.com
Minna Lo Naranjo, Bar No. 259005
minna.naranjo@morganlewis.com
Rishi P. Satia, Bar No. 301958
rishi.satia@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Telephone: (415) 442-1000

Richard S. Taffet, *pro hac vice*
richard.taffet@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
101 Park Avenue
New York, NY 10178-0060
Telephone: (212) 309-6000

*Counsel for Defendants*

Glenn D. Pomerantz, Bar No. 112503
glenn.pomerantz@mto.com
Kuruvilla Olasa, Bar No. 281509
kuruvilla.olasa@mto.com
**MUNGER, TOLLES & OLSON LLP**
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071
Telephone: (213) 683-9100

Kyle W. Mach, Bar No. 282090
kyle.mach@mto.com
Justin P. Raphael, Bar No. 292380
justin.raphael@mto.com
Emily C. Curran-Huberty, Bar No. 293065
emily.curran-huberty@mto.com
**MUNGER, TOLLES & OLSON LLP**
560 Mission Street, Twenty Seventh Fl.
San Francisco, California 94105
Telephone: (415) 512-4000

Jonathan I. Kravis, *pro hac vice*
jonathan.kravis@mto.com
**MUNGER, TOLLES & OLSON LLP**
601 Massachusetts Ave. NW, Ste 500E
Washington, D.C. 20001
Telephone: (202) 220-1100

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION**<br><br>THIS DOCUMENT RELATES TO:<br><br>*Epic Games Inc. v. Google LLC et al.,*<br>Case No. 3:20-cv-05671-JD | Case No. 3:21-md-02981-JD<br><br>**GOOGLE'S AMENDED ADMINISTRATIVE MOTION TO FILE UNDER SEAL TRIAL EXHIBITS**<br><br>Judge: Hon. James Donato |

As conveyed at the end of today's trial proceedings, Google and Epic are continuing to meet and confer in an effort to resolve Google's sealing request as to Exhibits 1489 and 1492, which we raised with the Court on November 13 at MDL ECF No. 786.[1] We understand that these two exhibits may be used in Court on November 16. In the event that the parties are unable to resolve this sealing issue through the meet and confer process, Google submits this Amended Administrative Motion to File Under Seal Trial Exhibits.

This filing addresses two of Plaintiffs' Proposed Trial Exhibits ("Exhibits") concerning Google's Search-related agreements with Non-Party Apple, Inc. ("Apple"). Google previously moved to seal these documents (MDL ECF No. 786), and submits this amended motion to address the narrowing of its sealing requests for Exhibit 1489 and provide further information regarding its request to seal Exhibits 1489 and 1492. As noted, Google and Epic continue to negotiate Epic's use of Exhibits 1489 and 1492 in open court on November 16 to address Google's sealing concerns.

As counsel for Google stated during trial proceedings on November 14, Google's Search-related agreements[2] with Apple are central to the Search case pending before Judge Mehta in the U.S. District Court for the District of Columbia and the specific terms of these agreements are unrelated to the challenged conduct in this case. To that end, Google draws the Court's attention to the rulings on the confidential treatment of these agreements and discussion about their underlying terms in the Search case yesterday, November 14, 2023, regarding the sealing of Exhibits 1489 and 1492. Specifically, in the Search case, Judge Mehta ruled on pending requests to seal certain terms of the JCA (Exhibit 1489) and the ISA (Exhibit 1492), both of which are subject to the same limited sealing requests in Google's Original Motion. Consistent with his prior treatment of these agreements, Judge Mehta permitted the sealing of certain non-public and

---

[1] On November 13, 2023, Google filed an Administrative Motion to File Under Seal Trial Exhibits (MDL ECF No. 786) ("Original Motion"). The Original Motion is still the operative motion with respect to Exhibits 1493, 6190, and 1496.

[2] Google's and Apple's Joint Cooperation Agreement (JCA) dated May 15, 2014 (Exhibit 1489) and Information Services Agreement (ISA) dated September 30, 2016 (Exhibit 1492).

highly commercially sensitive terms in both agreements, which Google has revised its Original Motion to reflect, as follows:

*Exhibit 1489 (JX0024 in* **Search***).* On November 14, 2023, Judge Mehta ordered that the portions of Section 1.4 relating to the percentage decline and the year term remain under seal. Trial Tr. at 10215:1-24. Judge Mehta denied Google's request to seal certain portions of Sections 1.3 and 1.4 and Google thus withdraws its requests to seal those same portions of Sections 1.3 and 1.4 in Exhibit 1489, as reflected in the updated, highlighted copy lodged with the Court with this filing. The remainder of the highlighted terms and conditions in Exhibit 1489 were not in dispute and remain under seal in Search, and Google respectfully requests the same treatment of this agreement here for the reasons set forth in the Declaration of Elizabeth Daly filed on November 13, 2013 (MDL ECF No. 786-1) ("Daly Declaration").

*Exhibit 1492 (JX0033 in* **Search***).* On November 14, 2023, Judge Mehta also ruled that the second and fourth paragraphs of Section 4 of the ISA should remain under seal. Trial Tr. at 10217:14-10219:1. Specifically, Judge Mehta reasoned that the information in the second paragraph of Section 4 had not been disclosed publicly, that revealing the provision would potentially prejudice Google and Apple, and that it did not have "great probative value." Trial Tr. at 10217:17-10218:8. Judge Mehta reached the same conclusion regarding the definition in the fourth paragraph of Section 4, reasoning that the definition was not public and the prejudice of revealing the "actual precise terms" warranted confidential treatment. Trial Tr. at 10218:11-10219:1. The remainder of the highlighted terms and conditions in Exhibit 1492 were not in dispute and remain under seal in Search, and Google respectfully requests the same treatment of this agreement here for the reasons set forth in the Daly Declaration.

Google remains committed to conferring with Epic regarding the use of these two exhibits in open court on November 16 and hopes to reach an agreement that would obviate the need for a sealing decision regarding these exhibits. The parties are otherwise at an impasse with respect to the Exhibits 1493, 1496, and 6190 addressed in the Original Motion.

1  Dated: November 15, 2023

Respectfully submitted,

By: *Rishi P. Satia*

**MORGAN, LEWIS & BOCKIUS LLP**
Rishi P. Satia

*Counsel for Defendants*