UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION | Civil Action No. 3:21-MD-02981-JD<br><br>**[PROPOSED] ORDER RE NON-PARTY MOTOROLA MOBILITY LLC'S MOTION TO SEAL** |

Having considered Non-Party Motorola Mobility, LLC's ("Motorola") Motion to Seal, pursuant to Local Rule 7-11 and 79-5,

**IT IS HEREBY ORDERED:**

The following documents must be filed under seal and will be shown either (1) during a closed session of trial, or (2) during an open session of trial but not displayed on the public monitor nor specifically referenced by counsel or witnesses during the testimony or argument.

| Deposition Testimony/Document | Portion to be Sealed | Reason for Sealing | Ruling |
|---|---|---|---|
| Deposition Testimony of Eric Christensen dated July 18, 2022 | 71:14-72:7 | This Court applies the "compelling reasons" standard in determining whether sealing is appropriate at trial. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) ("[T]he resolution of a dispute on the merits, whether by trial or summary judgment, is at the heart of the interest in ensuring the 'public's understanding of the judicial process and of significant public events.' … Thus, 'compelling reasons' must be shown[.]").<br><br>"Compelling reasons" exist to permit the Court to seal the limited information that Motorola seeks to seal as it would reveal financial terms of a current contract. *FTC v. Qualcomm Inc.*, No. 17-CV-220-LHK, 2019 WL 95922, at *3 (N.D. Cal. Jan. 3, | |

2019) ("Thus, to the extent that the instant motion seeks to seal information that, if published, may harm Qualcomm's or third parties' competitive standing and divulges terms of confidential contracts, contract negotiations, or trade secrets, the Court agrees with the parties that compelling reasons exist to seal this information"); *Am. Auto. Ass'n of N. California, Nevada & Utah v. Gen. Motors LLC*, No. 17-CV-03874-LHK, 2019 WL 1206748, at *2 (N.D. Cal. Mar. 14, 2019) ("The Court agrees that compelling reasons exist to seal" information regarding "contracts between either AAA or GM and third parties, and information provided by third parties[.]").

Although the initial MIA expired on January 31, 2021, the parties have renewed the agreement and thus it is a current contract. Plaintiff seeks to introduce the financial terms of the MIA into evidence, including the payment amount Motorola negotiated with

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

| | | | |
|---|---|---|---|
| | | Google. That payment amount is heavily negotiated and would be highly valuable information to Motorola's competitors, which include other non-parties to this litigation. | |
| | Motorola's Mobile Incentive Agreement with Google LLC ("MIA"), initially dated February 1, 2020, which has been renewed and is currently still in effect | The confidential, proprietary financial terms of the MIA with Google, which appears at lines 71:14 and 72:7 of Mr. Christensen's deposition | This Court applies the "compelling reasons" standard in determining whether sealing is appropriate at trial. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) ("[T]he resolution of a dispute on the merits, whether by trial or summary judgment, is at the heart of the interest in ensuring the 'public's understanding of the judicial process and of significant public events.' … Thus, 'compelling reasons' must be shown[.]"). <br><br>"Compelling reasons" exist to permit the Court to seal the limited information that Motorola seeks to seal as it would reveal financial terms of a current contract. *FTC v. Qualcomm Inc.*, No. 17-CV-220-LHK, 2019 WL 95922, at *3 (N.D. Cal. Jan. 3, 2019) ("Thus, to the | |

| | | |
|---|---|---|
| | | extent that the instant motion seeks to seal information that, if published, may harm Qualcomm's or third parties' competitive standing and divulges terms of confidential contracts, contract negotiations, or trade secrets, the Court agrees with the parties that compelling reasons exist to seal this information"); *Am. Auto. Ass'n of N. California, Nevada & Utah v. Gen. Motors LLC*, No. 17-CV-03874-LHK, 2019 WL 1206748, at *2 (N.D. Cal. Mar. 14, 2019) ("The Court agrees that compelling reasons exist to seal" information regarding "contracts between either AAA or GM and third parties, and information provided by third parties[.]").<br><br>Although the initial MIA expired on January 31, 2021, the parties have renewed the agreement and thus it is a current contract. Plaintiff seeks to introduce the financial terms of the MIA into evidence, including the payment amount Motorola negotiated with Google. That payment |

| | | amount is heavily negotiated and would be highly valuable information to Motorola's competitors, which include other non-parties to this litigation. | |
|---|---|---|---|

Dated:_____

                                             Hon. James Donato
                                             United States District Court for the Northern District of California