LISA J. DEMSKY (State Bar No. 186006)
Lisa.Demsky@mto.com
JESSICA O. LAIRD (State Bar No. 331713)
Jessica.Laird@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, California 90071-3426
Telephone:     (213) 683-9100
Facsimile:     (213) 687-3702

*Attorneys for Non-Party Riot Games, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION | Case No. 21-md-02981-JD |
|---|---|
| | **DECLARATION OF DAN NABEL IN SUPPORT OF NON-PARTY RIOT GAMES' ADMINISTRATIVE MOTION TO SEAL HIGHLY CONFIDENTIAL INFORMATION** |
| | Judge: Hon. James Donato |

I, Dan Nabel, declare as follows:

1. I am the Associate General Counsel for non-party Riot Games, Inc. ("Riot"). I have been employed by Riot in the Legal Department since 2015. Based on my responsibilities and experience at Riot I am familiar with Riot's treatment and protection of confidential information, including highly sensitive information regarding strategy in negotiating deals and strategy in relation to competitors in the industry. I am over the age of 18 and competent to testify to the matters in this Declaration. I make this Declaration on the basis of my personal knowledge.

2. I understand that the parties in *In re Google Play Store Antitrust Litigation*, No. 3:21-md-02981-JD (N.D. Cal) and *Epic Games, Inc. v. Google LLC et al.*, No. 3:20-cv-05671-JD (N.D. Cal.) intend to introduce at trial portions of testimony from the deposition of Mark Sottosanti on October 27, 2023, some of which contain Riot's confidential information. The

below chart lists the portions of the Sottosanti Deposition that the parties intend to introduce and that are sealable for the reasons stated in Paragraph 4 of this declaration.

| Page & Line Numbers | Description of Testimony |
| --- | --- |
| 34:2 – 35:16; 35:18; 35:20 – 37:7 38:2 – 39:10; 39:12-13; 39:18 – 40:12, 40:14 – 17; 145:1 – 2; 145:4 – 15; 146:11 – 12; 146:17 – 25; 147:2 – 4;  148:7 – 10; 148:17 – 149:8; 149:11; 149:19 – 25; 150:2; 150:4 – 13; 150:16 – 17; 150:19 – 20; 150:22 – 24; 151:2 – 6; 151:22 – 152:11; 152:22 – 153:7; 153:9; 153:11 – 12; 153:14; 153:16 – 22; 153:23 – 24; 154:1 – 3; 154:5 – 13; 154:15 – 21; 165:17 – 22; 166:11 – 12; 166:21 – 22; 166:24;  167:2 – 7; 167:9; 167:11 – 16; 167:22 – 24; 168:1 – 8; 168:10 – 14; 168:21 – 25; 169:6 – 8; 169:11 – 15; 170:24 – 171:18; 171:20 – 172:2 172:11 – 16; 172:18; 172:20 – 21; 172:23; 172:25 – 173:8; 174:5 – 10; 174:14 – 19; 174:21; 175:8 – 11; 175:16 – 20; 175:22; 178:1 – 2; 179:21 – 180:10; 180:12; 180:14 – 15; 180:17 – 18; 180:20 – 23; 191:9 – 11; 191:13 | Exhibit 1221 is an internal Riot presentation following a meeting with Google describing negotiation strategy and considerations.  This testimony describes that presentation document and explains that the document contains internal "thoughts and recommendations" (34:10 – 11) regarding content delivery and market strategy. |
| 58:11 – 60:16; 61:5 – 62:15; 62:22 – 25; 63:2 – 5; 63:14 – 18; 63:20; 63:22 – 23: 63:25; 64:2 – 8; 64:10 – 23; 65:1 – 7; 181:25 – 182:6; 182:14 – 23; 182:25 – 183:1; 183:6 – 10; 183:12; 183:14 – 184:1 | Exhibit 1226 is an internal Riot document following a meeting with Google describing negotiation strategy and considerations.  This testimony describes that document and explains that the document contains "subtext" from the meeting rather than the express |

| | |
|---|---|
| | discussion (59:17 – 21). It reveals negotiation strategy not disclosed to persons outside the Riot negotiating team. |
| 69:5 – 14; 69:16; 72:21 – 73:23; 73:25 – 74:11 | Exhibit 1227 is an internal Riot presentation summarizing negotiation strategy and considerations for a particular agreement addendum. This testimony describes that document and explains that it refers to negotiation considerations and Riot's expectations regarding terms of an agreement with Google. |
| 104:25 – 105:2; 104:13 – 15: 104:17 – 23; 131:9 – 13; 137:5 – 8; 137:10; 137:12 – 18; 137:20 – 22; 142:3 – 6; 142:8 – 9; 142:11 – 14; 142:16 – 18; 142:20 – 23; 142:25 – 143:3; 143:5 – 16; 144:22 – 24 | This testimony reflects or refers to the terms of Riot's carefully negotiated agreement with Google regarding content delivery and Riot's internal negotiation strategy and considerations. |
| 155:13 – 156:22; 157:25 – 158:6; 158:8 – 11; 158:22 – 24; 163:7 – 8; 163:10 – 15; 163: 20 – 22; 163:24 – 25; 164: 2 – 4; 164:8 – 165:10; 165:12; 165:14 – 16 | Exhibit 1222 is an internal Riot document summarizing confidential technical and engineering capabilities and content delivery considerations. This testimony describes that document and explains that the document contains "educational" information from internal "technical people to business people" at Riot (158:9 – 10) regarding content delivery considerations and strategy. |
| 80:23 – 81:1; 81:6 – 82:14; 82:16 – 83:36; 83:8; 83:10 – 15 | Exhibit 1229 is an internal Riot email communication summarizing an agreement |

|  | with Google regarding content delivery and Riot's internal negotiation strategy and considerations. |
|---|---|

In addition, the below chart lists the exhibits marked during the Sottosanti Deposition that the parties intend to introduce at trial and that are sealable for the reasons stated in Paragraph 4 of this declaration:

| Deposition Exhibit Number (Bates Number) | Document Description | Portion Sought to Be Sealed |
|---|---|---|
| Exhibit 1221 (GOOG-RIOT-0000333) | An internal Riot presentation following a meeting with Google describing negotiation strategy and considerations | Entire Document |
| Exhibit 1222 (GOOG-RIOT-0000347) | An internal Riot document summarizing technical capabilities and content delivery considerations | Entire Document |
| Exhibit 1226 (GOOG-RIOT-0000105) | An internal Riot document following a meeting with Google describing negotiation strategy and considerations | Entire Document |
| Exhibit 1227 (GOOG-RIOT-0000034) | An internal Riot presentation summarizing agreement addendum | Entire Document |

| | negotiation strategy and considerations | |
|---|---|---|
| Exhibit 1229 (GOOG-RIOT-0000046) | An internal Riot email communication summarizing agreement addendum negotiation strategy and considerations | Entire Document |

Exhibits 1221, 1222, 1226, 1227, 1229, and the testimony listed above contain Riot's confidential information that was previously produced by Riot and designated "Highly Confidential - Outside Counsel Eyes Only" pursuant to the operative protective orders (*see, e.g.*, Case No. 3:21-md-02981-JD, ECF 248).

3. I file this Declaration in support of Riot's Administrative Motion to Seal. I have reviewed the Exhibits and testimony listed in the chart provided to Riot by counsel for Google. The Exhibits and testimony I reviewed are non-public information relating to Riot that is sensitive and highly confidential.

4. Specifically, the portions of the Sottosanti Deposition and Exhibits thereto, as indicated in the above charts, reflect or reference highly confidential negotiating strategy and internal discussions relating to an agreement with Google, as well as internal discussions of Riot's confidential engineering and technical strategy and capabilities that should be maintained under seal. Riot keeps this information confidential, even within Riot, and limits its disclosure to those employees whose job responsibilities require it. In addition, Riot does not disclose this information publicly and takes steps to shield it from public disclosure. Riot has ongoing and future negotiations and business dealings with both Google and Epic, as well as other competitors who are not parties to this litigation. If this highly confidential information is publicly disclosed, it could be utilized by Riot's competitors to Riot's commercial detriment in negotiations and future business transactions. This is especially true because the descriptions of some of the

considerations, strategies, and terms in the above-referenced documents may be inaccurate and/or misleading without further context, which context also is highly confidential and non-public. Competitors seeking to make inroads with Google could also copy Riot's negotiating strategy and terms which would obviate certain competitive advantages Riot obtained through its negotiations with Google.

5. The sealing request is narrowly tailored to the confidential business information of Riot. Additionally, to my knowledge, no party to this action has expressed an intent to oppose Riot's request to keep this information under seal.

I CERTIFY UNDER PENALTY OF PERJURY that the foregoing is true and correct.

EXECUTED at Los Angeles, California this 27th day of November, 2023

*[signature]*
Dan Nabel

**ATTESTATION**

I, Lisa J. Demsky, am the ECF User whose ID and password are being used to file this document with the Clerk of the Court using CM/ECF, which will send electronic notification of such filing to all registered counsel. In compliance with Local Rule 5-1(i)(3), I hereby attest that all signatories concur with this filing.

Dated: November 27, 2023                    */s/ Lisa J. Demsky*
                                            Lisa J. Demsky