Paul J. Riehle (SBN 115199)
paul.riehle@faegredrinker.com
**FAEGRE DRINKER BIDDLE & REATH LLP**
Four Embarcadero Center, 27th Floor
San Francisco, CA 94111
Telephone: (415) 591-7500

Christine Varney *(pro hac vice)*
cvarney@cravath.com
Gary A. Bornstein *(pro hac vice)*
gbornstein@cravath.com
Timothy G. Cameron *(pro hac vice)*
tcameron@cravath.com
Yonatan Even *(pro hac vice)*
yeven@cravath.com
Lauren A. Moskowitz *(pro hac vice)*
lmoskowitz@cravath.com
Justin C. Clarke *(pro hac vice)*
jcclarke@cravath.com
Michael J. Zaken *(pro hac vice)*
mzaken@cravath.com
M. Brent Byars *(pro hac vice)*
mbyars@cravath.com
**CRAVATH, SWAINE & MOORE LLP**
825 Eighth Avenue
New York, NY 10019
Telephone: (212) 474-1000

*Counsel for Plaintiff Epic Games, Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION**<br><br>THIS DOCUMENT RELATES TO:<br><br>*Epic Games, Inc. v. Google LLC et al.*,<br>Case No. 3:20-cv-05671-JD | Case No. 3:21-md-02981-JD<br><br>**EPIC GAMES, INC.'S RESPONSE TO VERDICT FORM QUESTION**<br><br>Judge:  Hon. James Donato<br>Trial Date:  November 6, 2023<br>Time:  9:00 am<br>Place:  Courtroom 11, 19th Floor |

Google proposes that Epic's unreasonable restraint of trade claim challenging the payment-related terms of the Developer Distribution Agreement ("DDA") and Developer Program Policies (Count 7 of Epic's Second Amended Complaint (Dkt. 378)) be dropped from the Verdict Form and treated as coterminous with Epic's tying claim (Count 8), citing the supposed "risk of an inconsistent verdict and juror confusion". (Dkt. 853 at 3-4.) There is no such risk, and Google's request is improper. Epic's unreasonable restraint of trade and tying claims are legally and factually separate, and the Court's proposed Verdict Form appropriately allows the jury to make an independent decision regarding each claim. Google's request should be rejected for what it is—a transparent effort to strike one of Epic's claims through the guise of a technical change to the Verdict Form.

*First*, as a threshold matter, Google is wrong as a matter of law to suggest that the same conduct cannot be challenged under two legal theories. It is well established, for example, that "[t]he same acts may constitute both an unreasonable restraint of trade and monopolization." *Pac. Coast Agr. Export Ass'n v. Sunkist Growers, Inc.*, 526 F.2d 1196, 1205 n.11 (9th Cir. 1975). Google has not cited any authority or advanced any argument that this principle should not hold for tying and unreasonable restraint of trade claims.

*Epic Games, Inc. v. Apple Inc.*, which Google cited in its position statement on its proposed verdict form, is in accord. After resolving Epic's unreasonable restraint of trade claims under the rule of reason, the Ninth Circuit separately analyzed Epic's tying claim. *See Epic Games, Inc. v. Apple, Inc.*, 67 F.4th 946, 994 (9th Cir. 2023). Google simply mischaracterizes the opinion when it claims the Ninth Circuit "declin[ed] to consider [an] alleged tie under both a generic Section 1 theory and a tying theory". (Dkt. 832 at 16.) Instead, the Ninth Circuit considered both claims separately and rejected them based on the same factual findings. It laid out the legal standard for tying, *id.* at 995; held that "the district court erred as a matter of law when it concluded that IAP [Apple's in-app payment solution] was not separate from app distribution", *id.* at 996; analyzed whether the tying arrangement was lawful under the rule of reason, *id.* at 996-98; and concluded that "Epic failed to carry its burden of proving that Apple's structure of the iOS ecosystem is unreasonable", *id.* at 998.

*Second*, tying and unreasonable restraint of trade are different causes of action with different elements. Tying requires proof that a defendant "with market power in one product market [has]

1   extend[ed] its market power to a distinct product market" by "condition[ing] the sale of one product
2   (the tying product) on the buyer's purchase of a second product (the tied product)." *Cascade Health*
3   *Sols. v. Peacehealth*, 515 F.3d 883, 912 (9th Cir. 2008).  Specifically, for tying to be unlawful, (i) "the
4   arrangement must, of course, involve two (or more) separate products", and (ii) "the seller must also
5   *force* the buyer into the purchase of a tied product that the buyer either did not want at all, or might
6   have preferred to purchase elsewhere on different terms."  *Epic*, 67 F.4th at 995 (quotation marks and
7   citation omitted).  Neither of those elements is a component of a claim for unreasonable restraint of
8   trade, which asks instead (i) "whether there is a contract, combination, or conspiracy", and
9   (ii) "whether it is unreasonable".  *Id.* at 981.  Google's request that "the DDA should only be put to the
10  jury once—as a tying claim—and the verdict form should ask the jury about the elements of tying
11  claim" (Dkt. 853 at 3-4), would improperly hold Epic's unreasonable restraint of trade claim to the
12  wrong legal standard.  It would be legal error, for example, to require that the jury find that the Google
13  Play Store and Google Play Billing are separate products for it to conclude that Google's anti-steering
14  provisions (in combination with the other DDA provisions) unreasonably restrain trade.

15          Because the unreasonable restraint of trade and tying claims are different, a jury could make
16  different determinations with regard to each claim.  Epic's unreasonable restraint of trade claim asks
17  whether Google's DDA is an agreement, and whether the challenged terms unreasonably restrain trade.
18  Epic's tying claim, by contrast, asks whether Google uses its market power over Android app
19  distribution to force developers to use Google Play Billing.  A jury could, for example, find that
20  Google's contract terms unreasonably restrain trade in violation of Section 1 without also finding that
21  the Google Play Store and Google Play Billing are separate products for the purpose of the tying claim.

22          *Third*, Google is incorrect that the Court's proposed Verdict Form would mean that "the same
23  conduct [would be] submitted to the jury twice." (Dkt. 853 at 3.)  The tying claim focuses only on
24  Google's tie of Google Play Billing to the Google Play Store.  The unreasonable restraint of trade
25  claim, by contrast, focuses on a broader set of conduct:  the DDA's requirement that developers
26  comply with the Google Play Store's payments policy.  While that policy includes the requirement that
27  developers use Google Play Billing, it also includes Google's anti-steering restraints, which prohibit
28  developers from using their apps to inform users of payment options available outside the app.  (*See,*

1   *e.g.*, Trial Tr. (Simon) 295:12-20; Trial Tr. (Tadelis) 2557:21-2558:18.)  The anti-steering restraints do not turn on the legality of Google's tie.  The jury could find that no tie exists, but that Google unreasonably restrained trade by prohibiting developers from using alternative payment solutions *and* steering their users to payment options outside their apps.  But if Google's proposed revision were implemented, the jury would no longer be able to make that finding.

*Finally*, there is no merit to Google's assertion that "because there are no predicate market definition questions (unlike Questions 2 and 6) or market power questions for the tying claim, there is a risk that the jury will find tying without finding the DDA to be an unreasonable restraint of trade." (Dkt. 853 at 3.)  Google does not explain why a reasonable jury could not make this finding given the different elements of both claims.  But, in any event, the structure of the verdict form presents no such risk.  The Court's tying question asks whether Epic proved "***in accordance with the instructions given to you***, that Google ***unlawfully*** tied the use of the Google Play Store to the use of Google Play Billing" (Question No. 8). [1]  (Dkt. 851 at 6.)  The word "unlawfully" ensures that the jury cannot find a tie without applying the tying standard set forth in the jury instructions, a concept explained in Instruction No. 32.  (Dkt. 850 at 42 ("Not all tying arrangements are unlawful.  The essential characteristic of an invalid tying arrangement is a seller's exploitation of its market power over the tying product (app distribution services) to force a buyer to purchase the tied product (in-app billing services) that the buyer might have preferred to purchase elsewhere.  I will now instruct you regarding how to determine whether, if there was a tying arrangement, that alleged tying arrangement is unlawful.").  The instructions that follow Instruction No. 32 repeat that point several times.  (*See* Dkt. 850 at 43 (Instruction No. 33) ("Epic must prove . . . Google has sufficient market power with respect to the Android app distribution services to enable it to restrain competition as to an alleged market for Android in-app billing services"*.*); *id.* at 46 (Instruction No. 36) (similar)); *id.* at 47 (Instruction No. 37) (similar).)  Google's suggestion that the elements of market definition and market power must be repeated in the Verdict Form for the tying questions would create unnecessary redundancy.

The Court should reject Google's request to modify the Verdict Form (Dkt. 853 at 3-4).

---

[1] Epic notes that, while Google's tie is bi-lateral, the alleged tie is of the use of Google Play Billing to the use of the Google Play Store.  Epic respectfully proposes revising Question No. 8 accordingly.

| | | |
|---|---|---|
| 1 | DATED:  December 8, 2023 | CRAVATH, SWAINE & MOORE LLP |

                                                        Christine Varney *(pro hac vice)*
                                                        cvarney@cravath.com
                                                        Gary A. Bornstein *(pro hac vice)*
                                                        gbornstein@cravath.com
                                                        Timothy G. Cameron *(pro hac vice)*
                                                        tcameron@cravath.com
                                                        Yonatan Even *(pro hac vice)*
                                                         yeven@cravath.com
                                                         Lauren A. Moskowitz *(pro hac vice)*
                                                        lmoskowitz@cravath.com
                                                        Justin C. Clarke *(pro hac vice)*
                                                        jcclarke@cravath.com
                                                        Michael J. Zaken *(pro hac vice)*
                                                        mzaken@cravath.com
                                                        M. Brent Byars *(pro hac vice)*
                                                        mbyars@cravath.com

FAEGRE DRINKER BIDDLE & REATH LLP
    Paul J. Riehle (SBN 115199)

Respectfully submitted,

By: */s/ Gary A. Bornstein*
       Gary A. Bornstein