# EXHIBIT A

Brian C. Rocca, Bar No. 221576
brian.rocca@morganlewis.com
Sujal J. Shah, Bar No. 215230
sujal.shah@morganlewis.com
Michelle Park Chiu, Bar No. 248421
michelle.chiu@morganlewis.com
Minna Lo Naranjo, Bar No. 259005
minna.naranjo@morganlewis.com
Rishi P. Satia, Bar No. 301958
rishi.satia@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Telephone: (415) 442-1000

Richard S. Taffet, *pro hac vice*
richard.taffet@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178-0060
Telephone: (212) 309-6000

*Counsel for Defendants*

Glenn D. Pomerantz, Bar No. 112503
glenn.pomerantz@mto.com
Kuruvilla Olasa, Bar No. 281509
kuruvilla.olasa@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071
Telephone: (213) 683-9100

Kyle W. Mach, Bar No. 282090
kyle.mach@mto.com
Justin P. Raphael, Bar No. 292380
justin.raphael@mto.com
Emily C. Curran-Huberty, Bar No. 293065
emily.curran-huberty@mto.com
Dane P. Shikman, Bar No. 313656
dane.shikman@mto.com
Rebecca L. Sciarrino, Bar No. 336729
rebecca.sciarrino@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street, Twenty Seventh Fl.
San Francisco, California 94105
Telephone: (415) 512-4000

Jonathan I. Kravis, *pro hac vice*
jonathan.kravis@mto.com
Lauren Bell, *pro hac vice*
lauren.bell@mto.com
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Ave. NW, Ste 500E
Washington, D.C. 20001
Telephone: (202) 220-1100

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*Epic Games Inc. v. Google LLC et al.*, Case No. 3:20-cv-05671-JD | Case No. 3:21-md-02981-JD<br><br>**GOOGLE'S RESPONSE TO EPIC'S OBJECTIONS TO PROPOSED VERDICT FORM**<br><br>Judge:   Hon. James Donato |

In its objections to the Court's proposed verdict form, Epic invites error by asking the Court to broaden its Section 1 questions to encompass *lawful* conduct.  The Court should decline to do so.

Specifically, Epic contends that the Games Velocity Program ("GVP") agreements prevented the developers who were parties to those agreements from offering exclusive deals elsewhere.  Epic does not cite a single case supporting this theory of anticompetitive conduct, nor has Epic presented a theory of how this theory could have injured Epic.  That is because Epic's theory—that it should be able to argue to the jury that Project Hug violated Section 1 by "depriving" other app stores of exclusive games—is legally deficient.  Epic does not and cannot suggest that Google itself obtained any exclusives from any developer.  Rather, its complaint is essentially that Google *competed* to obtain these titles for its own stores (non-exclusively) and, as a result, other stores lost an opportunity to get a competitive advantage through an exclusive deal.  But the antitrust laws do not require Google to idly stand by while other app stores obtain exclusive deals, and Google offering customers a better deal to win a competition is not conduct "the antitrust laws were designed to prevent."  *See Cargill, Inc. v. Monfort of Colo., Inc.*, 479 U.S. 104, 111, 115-16 (1986); *cf. W. Parcel Exp. v. United Parcel Serv. of Am., Inc.*, 190 F.3d 974, 976 (9th Cir. 1999) (non-exclusive volume-based discount contracts "are legal under antitrust law").

A competitor may lawfully offer incentives like rebates and above-cost competitive pricing.[1]  *See, e.g., Pac. Bell Tel. Co. v. linkline Commc'ns, Inc.*, 555 U.S. 438, 452 (2009); *Weyerhaeuser Co. v. Ross-Simmons Hardwood Lumber Co.*, 549 U.S. 312, 318-19 (2007); *Brooke Grp. Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 223 (1993); *Cascade Health Sols. v. PeaceHealth*, 515 F.3d 883, 910 (9th Cir. 2008); *see NicSand v. 3M*, 507 F.3d 442, 451-52 (6th Cir. 2007) (holding that above-cost upfront "cash payments" to "obtain … business" could not cause an antitrust injury because "[r]ather than upsetting the competition-enhancing goals of the

---

[1] Indeed, [e]ven a monopolist is permitted to compete in the battle for trade."  I*n re IBM Peripheral EDP Devices Antitrust Litig.*, 481 F. Supp. 965, 991 (N.D. Cal. 1979), *aff'd sub nom. Transamerica Computer Co. v. Int'l Bus. Machs. Corp.*, 698 F.2d 1377 (9th Cir. 1983).

1  antitrust laws, the payments furthered them"). That is the essence of competition; and that is what
2  happened with GVP deals.
3        Accordingly, the Court should overrule Epic's objection to the proposed verdict form.

5  DATED:  December 8, 2023      Respectfully submitted,

By:  /s/ Glenn D. Pomerantz
     Glenn D. Pomerantz

MUNGER TOLLES & OLSON LLP
   Glenn D. Pomerantz
   Kuruvilla Olasa
   Emily C. Curran-Huberty
   Jonathan I. Kravis
   Lauren Bell
   Justin P. Raphael
   Kyle W. Mach
   Dane Shikman
   Rebecca L. Sciarrino
   Jamie B. Luguri
   Lauren N. Beck

MORGAN, LEWIS & BOCKIUS LLP
   Minna Lo Naranjo
   Brian C. Rocca
   Sujal J. Shah
   Michelle Park Chiu
   Rishi P. Satia

*Counsel for Defendants*