1  RUSSELL P. COHEN (SBN 213105)
   Russ.Cohen@dechert.com
2  DECHERT LLP
   1 Bush Street, Suite 1600
3  San Francisco, CA 94104
   Telephone:    +1 415 262 4500
4
   *Attorney for Non-Party TikTok Inc.*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO

| | |
|---|---|
| **IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION**<br><br>THIS DOCUMENT RELATES TO:<br><br>*Epic Games, Inc. v. Google LLC et al.,*<br>Case No. 3:20-cv-05671-JD | Case No. 3:21-md-02981-JD<br><br>**NON-PARTY TIKTOK INC.'S MOTION TO SEAL HIGHLY CONFIDENTIAL INFORMATION**<br><br>Honorable James Donato |

Non-Party TikTok Inc. ("TikTok") respectfully moves under Local Rule 79-5 and the Court's Order, Dkt. 727, to redact from the public record portions of Exhibit 2698 at -052 related to TikTok's revenue derived from the Google Play Store.  On November 7, 2023, TikTok filed a motion to seal portions of Exhibit 2698 after receiving notice from Google's counsel that Google intended to disclose certain non-public information related to TikTok entities' revenue derived from the Google Play Store in open court on November 8, 2023 (Dkt. 748).  Based on an agreement reached with Epic and Google's counsel that the parties would not refer in open court to the portion of Exhibit 2698 that TikTok originally identified, TikTok withdrew its motion to seal on November 8, 2023, and reserved its right to seek to seal the limited portion of Exhibit 2698 once the exhibit was admitted into evidence and before being made public (Dkt. 759).  Exhibit 2698 was admitted into evidence on November 8, 2023 (Dkt. 783-1 at 2).  On December 5, 2023, TikTok contacted counsel for Epic and Google to reach an agreement regarding its motion to seal.  To date, neither counsel has responded to TikTok's request.  TikTok, therefore, renews its motion to seal portions of Exhibit 2698 at -052 to protect its highly sensitive financial data from being made public.

TikTok has narrowly tailored this request to redact just one page of Exhibit 2698 at -052 that contains highly sensitive non-public information that would expose TikTok to competitive harm.  TikTok relies on the previously filed Solow Declaration (Dkt. 748-1) and the declaration of Russell P. Cohen ("Cohen Declaration") filed herewith in support of its Motion to Seal.  For the reasons stated below, TikTok requests that the Court grant this motion.

### I.  LEGAL STANDARD

While there is a strong public interest in access to trial proceedings and judicial records, sealing of judicial records is appropriate when "compelling reasons" overcome that interest.  *See Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006).  Courts routinely seal documents that contain confidential business and financial information.  *See, e.g.*, *Beluca Ventures LLC v. Einride Aktiebolag*, No. 21-CV-06992-WHO, 2023 WL 3149253, at *2 (N.D. Cal. Feb. 7, 2023) (explaining that defendant's "valuation . . . is commercially and competitively sensitive" and that "[c]ourts routinely seal such sensitive financial information."); *Day v. GEICO Cas. Co.*, No. 21-cv-02103-BLF, 2022 WL 6584451, at *2 (N.D. Cal. Sept. 28, 2022) (finding

compelling reasons to seal non-public and confidential financial information about the defendant); *Monk v. N. Coast Brewing Co. Inc.*, No. 17-CV-05015-HSG, 2018 WL 6069942 (N.D. Cal. Nov. 20, 2018) (finding compelling reasons to seal financial information of non-party). While not dispositive, courts "also consider a more lenient approach when sealing non-party information." *DeMartini v. Microsoft Corp.*, No. 22-CV-08991-JSC, 2023 WL 4205770, at *2 (N.D. Cal. June 26, 2023).

## II.   MATERIALS THAT NON-PARTY TIKTOK REQUESTS TO SEAL

TikTok requests that the Court redact a very limited portion of a trial exhibit 2698 that discloses the revenue TikTok derives from the Google Play Store. TikTok is not a party to these proceedings, and as described in the accompanying Solow Declaration, compelling reasons exist to seal this information. Specifically, this information includes TikTok's highly confidential revenue information, and disclosure of this information would expose TikTok to competitive harm in multiple ways. First, revenue information would reveal sensitive information that relates directly to the valuation of TikTok. TikTok is a private company and valuation information is not publicly disclosed in this form in any other context. Further, this information could allow a comparison of TikTok's revenue derived from the Google Play Store to similar revenue derived by TikTok's competitors. For these reasons, TikTok requests that the following trial exhibit page be redacted from any versions of Exhibit 2698 made available to the public.

| Exhibit Number (Bates) | Document description | Portion sought to be sealed | Reason(s) for sealing request |
|---|---|---|---|
| Exhibit 2698 (GOOG-PLAY-011073577) | TikTok Revenues Derived from the Google Play Store | Redact Entirety of Page 052 to Exhibit 2698 | Discloses specific Google Play revenue derived by TikTok and directly relates to the valuation of TikTok, which is a non-public company. This information could be used by competitors and cause competitive harm to TikTok. |

The information in Exhibit 2698 at -052 is non-public, competitively sensitive, and cannot be protected from public disclosure through any less restrictive means. Courts have agreed that compelling reasons exist to seal the type of information TikTok is seeking to protect. *See e.g., Beluca Ventures*, 2023 WL 3149253 at *2 ("Courts routinely seal such sensitive financial

1  information."); *Monk*, 2018 WL 6069942 at *2 (sealing financial information of non-party). There
2  is also little if any countervailing public interest in their disclosure. *Kamakana,* 447 F. 3d at 1179
3  ("[T]he Court must conscientiously balance the competing interests of the public policies favoring
4  disclosure such as the public interest in understanding the judicial process." (quotation marks and
5  original alterations omitted)).
6      For the foregoing reasons, TikTok respectfully requests that the material identified above
7  be redacted from any versions of Exhibit 2698 made available to the public.

8  Dated: December 12, 2023            Respectfully submitted,

9                                  */s/ Russell Cohen*

10                                 Russell P. Cohen (SBN 213105)
                                DECHERT LLP
11                                 1 Bush Street, Suite 1600
                                San Francisco, CA 94104
12                                 Telephone:   +1 415 262 4500
                                Russ.Cohen@dechert.com

13                                 *Attorneys for Non-Party TikTok Inc.*

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28