JAY P. SRINIVASAN, SBN 181471
jsrinivasan@gibsondunn.com
JASON C. LO, SBN 219030
jlo@gibsondunn.com
JACQUELINE L. SESIA, SBN 322362
jsesia@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

ELI M. LAZARUS, SBN 284082
elazarus@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center, Suite 2600
San Francisco, CA 94111-3715
Telephone: 415.393.8200
Facsimile: 415.393.8306

Attorneys for Non-Party, APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| *In re Google Play Store Antitrust Litigation* <br><br> This document relates to: <br><br> *Epic Games, Inc. v. Google LLC, et al.*, Case No. 3:20-cv-05671-JD | CASE NO. 21-md-02981-JD <br><br> **NON-PARTY APPLE INC.'S POST-TRIAL MOTION TO SEAL PORTIONS OF TRIAL EXHIBITS 1492, 1493, AND 6190** |

## I. INTRODUCTION

Pursuant to Civil Local Rule 79-5 and this Court's Order, MDL Dkt No. 727, following the trial in this action, non-party Apple Inc. ("Apple") hereby moves this Court to seal the non-public, highly confidential Apple information reflected in Trial Exhibits 1492, 1493, and 6190, with proposed redactions to these exhibits identified in the accompanying declaration of Jason Lo ("Lo Declaration"). These exhibits, all produced as "Non-Party Highly Confidential—Outside Counsel Eyes Only," are competitively sensitive and Apple previously moved for these documents to be sealed on November 13, 2023. MDL Dkt. No. 788. Exhibit 1492 is an executed copy of the 2016 Amendment to the Information Services Agreement between Apple and Google (the "2016 ISA"), a currently operative business agreement concerning internet search services (not relating to app stores) that Apple has entered into after exacting negotiations. Lo Declaration ¶ 4. Exhibits 1493 and 6190 are internal Google documents discussing confidential agreements, negotiations, and discussions with Apple, also bearing no relevance to app stores. Lo Declaration ¶¶ 5-7.

Recognizing the importance of a public trial, Apple seeks narrowly tailored redactions to maintain the confidentiality of highly sensitive, operative business terms, the disclosure of which would harm Apple's competitive standing in ongoing business relations as well as future contract negotiations. At the same time, Apple's sealing requests did not and would not interfere with the public function of a trial, because none of the information that Apple seeks to seal is related to the App Store, nor was it the subject of any trial testimony.

## II. ARGUMENT

A party seeking to seal documents at trial must "articulate compelling reasons supported by specific factual findings." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). Under this standard, courts in this circuit and elsewhere have routinely sealed confidential business information and strategies. *Center for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (describing "compelling reasons" standard as allowing sealing of "business information that might harm a litigant's competitive standing"); *Century Aluminum Co. v. AGCS Marine Ins. Co.*, No. 11-CV-02514-YGR, 2012 WL 13042825, at *2 (N.D. Cal. Aug. 10, 2012) (applying "compelling reasons" standard to seal "confidential business information and strategies"

because "competitive harm may result"); *Koninklijke Philips N.V. v. Elec-Tech Int'l Co.*, No. 14-CV-02737-BLF, 2015 WL 581574, at *2-3 (N.D. Cal. Feb. 10, 2015) (applying "compelling reasons" standard to seal "confidential business information" that could "provide . . . competitors with confidential information regarding . . . commercial relationships"); *Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1228 (Fed. Cir. 2013) (applying "compelling reasons" standard to seal "information that Apple's competitors could not obtain anywhere else"). This Court has also recognized in this case the sensitivity of ongoing business negotiations and relationships. Nov. 7, 2023 Trial Tr. at 336:6-14, *In re Google Play Store Antitrust Litigation*, Case No. 21-md-02981.

The narrowly tailored information that Apple seeks to seal is the type that the Ninth Circuit has held to properly meet the "compelling reasons" standard for sealing. The 2016 ISA is a currently operative and highly confidential agreement that non-party Apple entered into only after hard-fought negotiations. The portions of the ISA that Apple now seeks to seal are confidential provisions—which have never been made public—related to permissible use of Google's services on Apple devices, negotiations over future implementation of certain terms, and references to other competitively sensitive business arrangements.

These details were not the subject of any trial testimony, and disclosing this sensitive information now after the trial has concluded would competitively disadvantage Apple in its ongoing business relations and future contract negotiations. Lo Declaration ¶ 12. More specifically, the information includes monetary and nonmonetary terms that have particular strategic value to Apple such that Apple's other business partners could, in future negotiations, unfairly leverage the precise wording of Apple's and Google's current obligations under the ISA, as well as other cooperation that Apple and Google have contemplated in negotiations, to Apple's competitive disadvantage. For example, Apple has search agreements with various search engine-partners and these agreements are regularly subject to renegotiation. Disclosure of Apple-confidential material would competitively disadvantage Apple in these types of future negotiations and ongoing relationships. Exhibits 1493 and 6190 similarly contain Apple's competitively sensitive information that would place Apple at a disadvantage in the market if disclosed. Lo Declaration ¶ 12.

Moreover, these exhibits contain Apple's competitively sensitive information on topics wholly unrelated to its App Store business or subject matters raised at trial. Apple moves for narrow redactions consistent with what was disclosed during the trial, which will allow the public to appreciate the core issues addressed during trial. With regard to Exhibit 1492, Apple moves for narrow redactions consistent with an agreement reached with the parties as well as prior oral instructions from this Court on December 11, 2023. Lo Declaration ¶ 10; *see* Dec. 11, 2023 Trial Tr. at 3299:13-3300:20. Consequently, there is no need for public disclosure of Apple's specific, competitively sensitive information that is irrelevant to the above-captioned litigation, especially when public disclosure would impose great risk of competitive harm to Apple.

For the foregoing reasons, Apple seeks an order that versions of Exhibits 1492, 1493, and 6190 made available in the public record be redacted to remove Apple-confidential information.

Dated: December 21, 2023

GIBSON, DUNN & CRUTCHER LLP

Jay P. Srinivasan
Jason C. Lo
Eli M. Lazarus
Jacqueline L. Sesia

By: /s/ Jason C. Lo

*Attorneys for Non-Party, Apple Inc.*