Sarah A. Hemmendinger (SBN 298659)
shemmendinger@sidley.com
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, CA 94104
Telephone: +1 (415) 772-1200
Facsimile: +1 (415) 772-7400

*Attorneys for Non-Party Amazon.com LLC*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO

| | |
|---|---|
| **IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION**<br><br>THIS DOCUMENT RELATES TO:<br><br>*Epic Games, Inc. v. Google LLC et al.,*<br>Case No. 3:20-cv-05671-JD | Case No. 3:21-md-02981-JD<br><br>**NON-PARTY AMAZON.COM LLC'S MOTION TO SEAL HIGHLY CONFIDENTIAL INFORMATION**<br><br>Honorable James Donato |

Non-party Amazon.com LLC ("Amazon") respectfully moves under Local Rule 79-5 and the Court Order, Dkt. 727, to seal a small number of trial exhibits that were produced by Amazon.

Amazon recognizes the strong public interest in access to trial proceedings. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). During the trial, Amazon initially sought to seal a limited number of trial exhibits that the parties indicated may be used in open Court. Based on instruction from the bench, Amazon and the parties worked together to minimize the disclosure of highly confidential Amazon information, while still maintaining the open courtroom during the trial. The efforts of Amazon and the parties to reach an agreement were successful, and therefore, the deposition of the Amazon witness was shown in open Court without interruption and the parties displayed limited portions of documents in the courtroom as well, without objection.

Amazon now seeks to seal from the public record limited portions of the documents that were used with the Amazon witness, and largely seeks to seal portions of the documents that were not displayed in the courtroom or used with any witness. Plaintiff Epic introduced these documents during trial and does not oppose this motion. Sealing these records is consistent with the compromise reached by the parties to ensure that the full testimony and documents could be use in Court without objection. For the reasons explained below and in the attached declaration of Amazon employee Donn Morrill, Amazon moves the Court to have the documents listed below be sealed or redacted before being placed on the Court's website.

The sealing of judicial records is appropriate in limited circumstances when "compelling reasons" overcome the presumption against sealing. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006). Confidential business information, including forward-looking planning documents and heavily negotiated contractual terms, may serve as the basis for sealing. *See Fed. Trade Comm'n v. Qualcomm Inc.*, No. 17-CV-00220-LHK, 2019 WL 95922, at *3 (N.D. Cal. Jan. 3, 2019) (confidential contracts, contract negotiations, and discussions of business strategy were compelling reasons); *Krieger v. Atheros Commc'ns, Inc.*, No. 11-CV-00640-LHK, 2011 WL 2550831, at *1 (N.D. Cal. June 25, 2011) (long-term financial projections were compelling reasons). Further, courts have shown greater leniency to non-parties seeking to

seal. *DeMartini v. Microsoft Corp.*, No. 22-CV-08991-JSC, 2023 WL 4205770, at *2 (N.D. Cal. June 26, 2023); *Hunt v. Cont'l Cas. Co.*, 2015 WL 5355398, at *2 (N.D. Cal. Sept. 14, 2015).

In this motion and in the accompanying declaration from Donn Morrill, Amazon outlines the concrete harm that it will suffer from the disclosure of certain information, which is sufficient to meet the "compelling reasons" standard. *In re Electronic Arts*, 298 Fed. Appx. 568, 569 (9th Cir. 2008); *Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1226 (Fed. Cir. 2013); *Powertech Tech., Inc. v. Tessera, Inc.*, 2012 U.S. Dist. LEXIS 75831, at *4 (N.D. Cal. May 31, 2012). Most notably, the exhibits include information about specific and detailed contract terms that Amazon has with its top thirty largest application developers. These terms are the product of highly confidential commercial negotiations. If application developers learn about the terms that other app developers have with Amazon, they can use that in negotiations to harm Amazon. Similarly, if other app store providers learn of the terms that Amazon uses, they could use that information to gain an unfair advantage over Amazon.

Amazon's reasons for sealing are outlined in further detail in the attached declaration, and briefly summarized below:

| Trial Exhibit Number (Bates Number) | Document description | Portion sought to be sealed | Reason(s) for sealing request |
|---|---|---|---|
| Exhibit 1362 (AMZ-GP_00001492) | Amazon App Developer Key Terms Chart | Redact Portion | Redact the entirety of document other than: the Header, Column 3; row 4, Column C; row 14, and Column D; row 21. Discloses five of the most sensitive and confidential contract terms for Amazon's top 30 largest app developers, including royalty share, financial incentives, payment processing requirements, content exclusivity, and technical support. If developers had access to this information, they could use it to harm Amazon in negotiations with Amazon; if competitors had this information, they could use it to disadvantage Amazon. |
| Exhibit 1363 (AMZ-GP_00002471) | Appstore data pulled for purposes of litigation | Redact portion | Redact only Tabs 1-3 that were not shown in Court. Detailed financial information which discloses Amazon's contractual revenue share with developers, and specifically how much of Amazon's revenue comes from |

| Trial Exhibit Number (Bates Number) | Document description | Portion sought to be sealed | Reason(s) for sealing request |
|---|---|---|---|
| | | | contracts with developers in certain revenue share bands (*i.e.*, >70% revenue share, 71-75% revenue share, *etc*.). If developers had access to this information, they could use it to harm Amazon in negotiations with Amazon; if competitors had this information, they could use it to disadvantage Amazon. |
| Exhibit 1366 (AMZ-GP_00003257) | Draft press release for "Project Spelljammer" | Redact portion | Redact only the portions of the document not displayed in Court: entirety of pages 3-15, 17-18, and all of page 2 other than paragraph 3. These pages contain highly confidential business information, including forward looking financial projections for the Amazon Appstore. If a competitor had access to these financial projections, it could cause competitive harm to Amazon. |
| Exhibit 11406 (AMZ-GP_00001672) | 2021 Appstore Experience Final Review | Redact portion | Redact only the section of the document not displayed in Court, namely pages 3-7. This document contains Amazon's confidential analysis of its app store and other app stores. If disclosed, Amazon's competitors could use this information to disadvantage Amazon in contract negotiations, in their own business strategy, or in advertising or marketing about Amazon. |

Dated: December 21, 2023

SIDLEY AUSTIN LLP

By: /s/ *Sarah A. Hemmendinger*

Sarah A. Hemmendinger (SBN 298659)
shemmendinger@sidley.com
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, CA 94104
Telephone: +1 (415) 772-1200
Facsimile: +1 (415) 772-7400

*Attorney for Non-Party Amazon.com LLC*