JAY P. SRINIVASAN, SBN 181471
jsrinivasan@gibsondunn.com
JASON C. LO, SBN 219030
jlo@gibsondunn.com
JACQUELINE L. SESIA, SBN 322362
jsesia@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

ELI M. LAZARUS, SBN 284082
elazarus@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center, Suite 2600
San Francisco, CA 94111-3715
Telephone: 415.393.8200
Facsimile: 415.393.8306

Attorneys for Non-Party, APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| *In re Google Play Store Antitrust Litigation*<br><br>This document relates to:<br><br>*Epic Games, Inc. v. Google LLC, et al.*,<br>Case No. 3:20-cv-05671-JD | CASE NO. 21-md-02981-JD<br><br>**DECLARATION OF JASON C. LO IN SUPPORT OF PARTIES' JOINT MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED** |

Pursuant to Civil Local Rule 79-5, I, Jason C. Lo, hereby declare as follows:

1. I am an attorney licensed to practice in the State of California, and a member of the Bar of this Court. I am a partner at the law firm Gibson, Dunn & Crutcher LLP, counsel of record for non-party Apple Inc. ("Apple") in this case. I am familiar with Apple's treatment of proprietary and highly confidential information, based on my personal experience representing Apple. I have personal knowledge of the facts stated below, and if called as a witness, I could and would testify competently thereto.[1]

2. Apple is submitting this declaration in support of the Parties' Joint Administrative Motion to Consider Whether Another Party's Material Should Be Sealed Pursuant to Civil Local Rule 79-5 ("Joint Motion"). *See* Dkt. 889.[2] The Joint Motion concerns, in part, redaction of Trial Exhibits 1492 and 1493 and was filed after the Court previously granted the same redactions of those exhibits on Apple's Administrative Motion to Seal Portions of Trial Exhibits 1492, 1493, and 6190 ("Apple's Motion"). *See* Dkt. 882 (Apple's Motion); Dkt. 884 (Order granting Apple's Motion). Accordingly, the Joint Motion as it relates to Apple's confidential information is moot. Nevertheless, Apple submits this declaration for the record in support of the Joint Motion.

3. Apple operates in an intensely competitive marketplace. It occupies a unique position as a leader with respect to a number of highly dynamic technologies. Apple has serious and legitimate concerns that competitors will exploit any release of Apple's highly sensitive, confidential information in order to gain competitive advantage. As such, in the regular course of conducting its business, Apple takes extensive measures to protect the confidentiality of its sensitive business information.

---

[1] Courts in this District routinely grant motions to seal on the basis of declarations of counsel submitted pursuant to Local Rule 79-5. *See, e.g.*, *DZ Reserve v. Meta Platforms, Inc.*, No. 18-cv-04978, Dkt. 350 (N.D. Cal. Dec. 3, 2021); *Epic Games, Inc. v. Apple Inc.*, No. 20-cv-05640, Dkt. 609 (N.D. Cal. May 7, 2021) ("*Epic v. Apple*"); *Epic v. Apple*, Dkt. 613 (N.D. Cal. May 9, 2021); *Epic v. Apple*, Dkt. 614 (N.D. Cal. May 9, 2021); *Epic v. Apple*, Dkt. 643 (N.D. Cal. May 12, 2021); *Epic v. Apple*, Dkt. 715 (N.D. Cal. May 20, 2021); *Epic v. Apple*, Dkt. 794 (N.D. Cal. June 9, 2021); *Avago Techs. U.S. Inc., et al. v. Iptronics Inc., et al.*, No. 10-cv-02863, Dkt. 545 (N.D. Cal. Apr. 3, 2015); *Cisco Sys., Inc., et al. v. Opentv Inc., et al.*, No. 13-cv-00282, Dkts. 81-83 (N.D. Cal. Oct. 8, 2018). I am personally familiar with Apple's safeguarding of confidential information, but if the Court deems this declaration insufficient, Apple respectfully requests that it be permitted to file a further declaration in support of sealing.

[2] All "Dkt." citations herein refer to the docket in *In re: Google Play Store Antitrust Litigation*, Case No. 3:21-md-02981-JD.

**Apple Confidential Information**

4. Apple's Motion was filed December 21, 2023, requesting sealing of portions of Trial Exhibits 1492 and 1493. Dkt. 882. On the same day, the Court granted Apple's Motion "to the extent the portions requested for sealing were not shown in open court." Dkt. 884.

5. Following the Court's granting of Apple's Motion, Plaintiff Epic Games, Inc. ("Epic") and Defendants Google LLC et al. ("Google") filed the Parties' Joint Administrative Motion to Consider Whether Another Party's Material Should Be Sealed Pursuant to Civil Local Rule 79-5 (the "Joint Motion"), which concerns the sealing of various trial exhibits, including Exhibits 1492 and 1493. Dkt. 889. Because Apple's Motion was already granted by the Court with respect to those exhibits, the subsequent Joint Motion as it relates to Exhibits 1492 and 1493 is moot.

6. In accordance with the Court's Order (Dkt. 884), the redactions found in Trial Exhibits 1492 and 1493 as filed publicly by the Parties on December 21, 2023 (Dkt. 887-1, Dkt. 887-2) should be maintained as described in the following table:

| Exhibit Number (Trial Exhibit No.) | Description or Pages & Lines | Reason for Redaction |
|---|---|---|
| Trial Exhibit 1492 (GOOG-PLAY2-000455423, Dkt. 887-1) | 2016 Amendment to the Information Services Agreement between Apple and Google<br>• GOOG-PLAY2-000455423 description of permissible uses under "(a) Safari (Web Browser Software)";<br>• GOOG-PLAY2-000455423 definition of term following "Default";<br>• -GOOG-PLAY2-000455429 information in the paragraph continued from previous (not excerpted) page;<br>• GOOG-PLAY2-000455429 title of and information in the paragraph following "Annual CEO-Check-In";<br>• GOOG-PLAY2-000455429-GOOG-PLAY2-000455430 information under "6. Limitation of Liability";<br>as redacted (Dkt. 887-1). | Apple sealing request: This document should be partially sealed because it contains Apple's competitively sensitive information which if revealed would put Apple at a competitive disadvantage in the marketplace and could be unfairly leveraged in future negotiations by Apple's business partners other than Google. None of this information is relevant to this action, nor was any of it discussed in trial testimony. |
| Trial Exhibit 1493 (GOOG-PLAY-007036302, Dkt. 887-2) | Internal Briefing re: Apple Partnership Strategy<br>• GOOG-PLAY-007036304 information in the sub-bullet under "GCP Commitment; | Apple sealing request: This document should be partially sealed because it contains Apple's competitively sensitive information |

| Exhibit Number (Trial Exhibit No.) | Description or Pages & Lines | Reason for Redaction |
|---|---|---|
|  | • GOOG-PLAY-007036305 information in row 1 of the Relationship Map related to "Ads (GCAS)"; <br> • GOOG-PLAY-007036305 information in row 2 of the Relationship Map related to "Ads (GMP)" <br> • GOOG-PLAY-007036305 information in row 5 of the Relationship Map related to "Corp Eng"; <br> • GOOG-PLAY-007036305 information in row 6 of the Relationship Map related to "Cloud"; <br> as highlighted (Dkt. 887-2) | which if revealed would put Apple at a competitive disadvantage in the marketplace and could be unfairly leveraged in future negotiations by Apple's business partners other than Google. None of this information is relevant to this action, nor was any of it discussed in trial testimony. |

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this Declaration was executed on December 22, 2023 in Los Angeles, California.

/s/ Jason C. Lo
Jason C. Lo