LISA J. DEMSKY (State Bar No. 186006)
Lisa.Demsky@mto.com
JESSICA O. LAIRD (State Bar No. 331713)
Jessica.Laird@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, California 90071-3426
Telephone:     (213) 683-9100
Facsimile:     (213) 687-3702

*Attorneys for Non-Party Riot Games, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*In re Google Play Store Antitrust Litigation*, No. 3:21-md-02981-JD<br><br>*Epic Games, Inc. v. Google LLC et al.*, No. 3:20-cv-05671-JD | Case No. 21-md-02981-JD<br><br>**DECLARATION OF LISA J. DEMSKY IN SUPPORT OF SEALING NON-PARTY RIOT GAMES, INC'S CONFIDENTIAL EXHIBITS**<br><br><br>Judge: Hon. James Donato |

I, Lisa J. Demsky, declare as follows:

1.  I am a member of the law firm of Munger, Tolles & Olson LLP, counsel for non-party Riot Games, Inc. ("Riot"). I am licensed to practice law in the State of California and I am admitted to the Northern District of California. I make this declaration in support of Riot's Administrative Motion to Seal Portions of the Trial Record. I am over the age of 18 and

1. competent to testify to the matters in this Declaration. I make this Declaration on the basis of my personal knowledge.

2. On November 27, 2023, Riot filed an Administrative Motion to Seal Third-Party Riot Games' Confidential Documents, including five internal Riot documents, and accompanying portions of the deposition of Mark Sottosanti taken on October 27, 2023 ("Sottosanti Deposition"). Neither Google nor Epic informed Riot that it objected to this motion.[1]

3. On the evening of November 27, 2023, Riot received notice that Riot's administrative motion to seal Riot's confidential documents would be raised on Tuesday, November 28, 2023 in Court. As Riot's primary counsel are located in Los Angeles, Riot arranged for counsel to appear in Court in San Francisco the following day, November 28, 2023. Riot's counsel, Shannon Aminirad, was present in Court and was heard on Riot's administrative motion to seal.

4. Attached hereto as **Exhibit A** is a true and accurate copy of those portions of the transcript of the trial proceedings on November 28, 2023 that contain this Court's oral ruling on Riot's administrative motion to seal at 2762:20-2763:2. That oral ruling directed Riot to look at the Spotify Order for guidance.

5. Following that oral ruling, Riot obtained the portions of the transcript of the proceedings on November 20, 2023 in which the Court orally granted Spotify's administrative motion. Attached hereto as **Exhibit B** is a true and accurate copy of those portions of the transcript of proceedings on November 20, 2023 that were provided to Riot as containing the Court's Order regarding Spotify USA Inc.'s Administrative Motion to File Under Seal Trial Exhibits.

---

[1] Google's counsel at Morgan Lewis informed Riot it "took no position" on the motion.

6. On the evening of November 28, 2023, after reviewing the Spotify ruling for guidance, Riot identified for the parties' counsel those Exhibits to the Sottosanti Deposition that it had identified as falling under the Spotify paradigm.

7. On November 29, 2023, during the morning session, over Riot's objections and before Riot had an attorney present in Court, Riot's counsel was informed that the Exhibits from the Sottosanti Deposition that Riot had sought to maintain under seal pursuant to the motion to seal that had been the subject of the Court's oral ruling on November 28, 2023 had been displayed in open court during the trial proceedings.

8. On December 8, 2023, Riot filed an Administrative Motion to Seal Portions of the Trial Record in which the Exhibits were displayed in open court and the portions of the Sottosanti Deposition in which the witness or counsel was reading from or describing the Exhibits was played in open court.

I CERTIFY UNDER PENALTY OF PERJURY that the foregoing is true and correct.

EXECUTED at Los Angeles, California this 27th day of December, 2023

                                        */s/ Lisa J. Demsky*
                                        Lisa J. Demsky

# EXHIBIT A

|   |   |
|---|---|
| 1 | **THE CLERK:** It's on page 4, Section 5. |
| 2 | **THE COURT:** Page 4 of Docket 700? |
| 3 | **THE CLERK:** Docket 491. |
| 4 | **THE COURT:** Okay. There it is. Up to one hour for |
| 5 | closing. |
| 6 | Yeah, okay. That should be more than enough. |
| 7 | All right. So you're going to finish with this witness in |
| 8 | the morning? |
| 9 | **MR. BORNSTEIN:** Correct. |
| 10 | **THE COURT:** Okay. |
| 11 | **MR. BORNSTEIN:** And then we'll hand it over to Google. |
| 12 | **THE COURT:** You're going to finish with this witness |
| 13 | in the morning, and then you're going to do your thing. Okay. |
| 14 | Good. |
| 15 | All right. |
| 16 | **MS. CHIU:** Your Honor, just very quickly, if we may, |
| 17 | we have a third party whose deposition Google intends to play |
| 18 | tomorrow, and they have a sealing request. Google has no |
| 19 | position on it, but I understand their counsel is here to |
| 20 | address Your Honor on it. |
| 21 | **THE COURT:** Google has no position on it. Okay. |
| 22 | Oh, is this -- who is this? |
| 23 | **MS. CHIU:** This is Riot Games, Your Honor. |
| 24 | **THE COURT:** Okay. All right. Yes. |
| 25 | **MR. BORNSTEIN:** Just for the record, Your Honor, Epic |

1  has no position on this either.
2       **THE COURT:**  Great.  Okay.
3       **THE CLERK:**  Counsel please state your name.
4       **MS. AMINIRAD:**  Shannon Aminirad.
5       **THE COURT:**  I have a 4:00 conference call so we're
6  going to have to be quick.
7     Okay.  Go ahead.
8       **MS. AMINIRAD:**  Shannon Aminirad, counsel for
9  Riot Games.
10    Your Honor, Riot Games filed an application to seal --
11      **THE COURT:**  Can you hand it to me?
12      **MS. AMINIRAD:**  Yes.  I have copies.  May I approach?
13      **THE COURT:**  Yes.
14    All right.  Let's just get to the punchline.  Which
15 document is it?
16      **MS. AMINIRAD:**  There are five exhibits.  They're all
17 internal documents, and they specifically discuss Riot's
18 negotiating strategy, and Riot is in the middle of negotiations
19 with the platform right now.
20      **THE COURT:**  I'm going to make life easy.  I'm going to
21 do the same thing I did for Spotify.  All right?  You have that
22 order.  It's on the transcript.
23    Any internal, purely internal, no.  Anything else, yes, it
24 will come in.  Okay?  So fees, whatever, that comes in.
25 Anything purely internal to Riot, you know, will not come in.

1   Look at the Spotify order.  That will give you the
2   paradigm.  That should do it; right?
3         **MS. AMINIRAD:**  Yes.  Thank you, Your Honor.
4         **THE COURT:**  Okay.  Thanks very much.  I'll see you in
5   the morning.
6         **THE CLERK:**  All rise.  Court is in recess.
7              (Proceedings adjourned at 3:51 p.m.)
8                          ---oOo---
9
10                   **CERTIFICATE OF REPORTER**
11       I certify that the foregoing is a correct transcript
12   from the record of proceedings in the above-entitled matter.
13
14   DATE:   Tuesday, November 28, 2023
15
16
17
18   _____
19        Kelly Shainline, CSR No. 13476, RPR, CRR
              U.S. Court Reporter
20
21
22
23
24
25

# EXHIBIT B

1  know, we need to do that.
2      There is one other issue that we wanted to --
3          **THE COURT:**  You don't need to hand this to the jury.
4  Just show the -- just show whatever you want.  Just put it on
5  the screen and show it, but don't --
6          **MR. EVEN:**  I'm happy to do that.
7          **THE COURT:**  It's going to look disproportionately
8  significant if one document out of the hundreds we've seen gets
9  handed to the jury.  Okay?
10         **MR. EVEN:**  I'm happy to do that.
11         **THE COURT:**  So don't hand it to the jury.
12     Now, whether this gets sealed or not, we'll work it out
13 later.
14         **MR. POMERANTZ:**  Okay.  Thank you, Your Honor.
15         **THE COURT:**  Okay.  What's happening with Spotify?  Is
16 that today?
17         **MR. ZAKEN:**  Good morning, Your Honor.  Michael Zaken
18 on behalf of Epic Games.
19     Spotify and Google have sought to seal --
20         **THE COURT:**  No, no, I know.  Are you playing that tape
21 today?
22         **MR. ZAKEN:**  Yes, we were planning to play that today.
23         **THE COURT:**  Okay.  Here is the disposition.  I've
24 gotten all the briefing.
25     With respect to Spotify's request to seal portions of

1  deposition testimony of its witness Sandra Alzetta and
2  Exhibits -- let me make sure I got this right -- Exhibits 1532,
3  PX2058, PX2062, and 1496; is that right?
4          **MR. ZAKEN:**  That's right, except I think 2062 is no
5  longer going to be discussed.
6          **THE COURT:**  Oh, okay.  All right.  So take that off
7  the list.
8      But with respect to that testimony and 2062, all the other
9  exhibits are correct according to counsel.  The baseline are
10 the standards that I've already discussed at length in my prior
11 sealing order in this case at 556 F.Supp. 3d 1106 and
12 specifically with respect to the standards that are stated on
13 page 1107 of that decision, all of which I'm going to
14 incorporate here.  We've heard a lot about them.  I'm not going
15 to repeat them.
16     In pertinent part, Spotify had the burden of attempting to
17 overcome the strong public policy and commitment to open court
18 proceedings by, quote, "articulating compelling reasons
19 supported by specific factual findings that outweigh the
20 general history of access and the public policies favoring
21 disclosure," close quote.  It's on page 107 of my order.
22     Conclusory statements by a party about potential harm from
23 public disclosures or guesses, hypotheses or conjecture will
24 not establish a compelling reason to overcome the public's
25 right to access to all of the proceedings in this public forum.

1    So with that background, here is the disposition:

2    One, evidence of Spotify's internal rationales for
3    proposals made to Google leading to the execution of the User
4    Choice Billing Agreement, Spotify's internal negotiation
5    strategy, and Spotify's contingency planning during the
6    negotiations in the event of an agreement was not reached will
7    be sealed.

8    Spotify has adequately demonstrated with specific facts
9    that disclosure of this information, quote, "could be used
10   unfairly to unfairly disadvantage Spotify in contract
11   negotiations with its other payment partners and distribution
12   partners," close quote, including OEMs, such as mobile TV,
13   gaming, and auto partners.

14   So that is granted.  You can't get into that.  That's
15   sealed.  Okay?

16   Number two, evidence of Spotify's internal data and
17   analysis regarding the total usage of Spotify's audio streaming
18   app that occurs on mobile devices will also be sealed.

19   Spotify again has adequately demonstrated with specific
20   facts that this information could be used against Spotify by
21   competitors, such as Apple, as well as by distribution partners
22   and advertisers.

23   Number three, evidence of the terms of Spotify's agreement
24   with Google regarding user choice billing and the Google Play
25   Store, as well as negotiations between Google and Spotify about

1   the use of Google Play Billing, including specific rates and
2   terms that were proposed by each party to the negotiations,
3   will not be sealed.  This will be presented in open court.
4       For this category of evidence Spotify has offered only
5   purely conclusory assertions along the lines of the terms are,
6   quote, "commercially sensitive," close quote, and, quote, "it
7   would be harmed in its business if those terms were disclosed
8   to the public," close quote.  That's in Docket Number 749-1 at
9   paragraphs 6 and 7.  These are bromides and platitudes, not
10  specific facts.
11      In addition to that, the agreement between Google and
12  Spotify is not a licensing agreement, far from it; and trial
13  testimony has established that the agreement was a custom,
14  one-of-a-kind type of agreement tailored to these two parties
15  and neither Spotify nor Google has adequately demonstrated with
16  specific facts how a disclosure might harm the companies in
17  their dealings with others.
18      And, number four -- you're not going to use Exhibit 2062?
19          **MR. ZAKEN:**  We're not going to use that.
20          **THE COURT:**  Are you sure?
21          **MR. ZAKEN:**  Yes.
22          **THE COURT:**  All right.  Are you going to make any
23  references to average payment processing fees?
24          **MR. ZAKEN:**  There may be some references to average
25  payment processing fees.

| | |
|---|---|
| 1 | **THE COURT:** Well, I'm just going to say this: |
| 2 | Number four, references to the average payment processing |
| 3 | fees Spotify paid to each of the payment processers it uses for |
| 4 | payments by customers in the United States for subscriptions to |
| 5 | Spotify's audio streaming app for each year from 2017 through |
| 6 | 2021 -- mid-2021, will not be sealed. |
| 7 | Spotify, again, for this category offered only purely |
| 8 | conclusory assertions and no demonstration of specific facts |
| 9 | that might establish a reasonable likelihood of competitive |
| 10 | injury or other injury. |
| 11 | So there you have it.  Okay?  Are you going to be able to |
| 12 | trim that deposition a little bit? |
| 13 | **MR. BORNSTEIN:** Your Honor, I do have one question on |
| 14 | the sealing ruling here. |
| 15 | We do have some of the categories of information that |
| 16 | Your Honor has ruled should be sealed we still would like to be |
| 17 | able to present to the jury.  So what we can do is slice and |
| 18 | dice the deposition to make sure we play as much as possible |
| 19 | consistent with the Court's ruling in open court, and then |
| 20 | however Your Honor would like to proceed with respect to the |
| 21 | portions that the Court is sealing we can present to the jury |
| 22 | separately. |
| 23 | **THE COURT:** Is this going to be coming up in a depo, |
| 24 | though?  I mean, in a videotape? |
| 25 | **MR. BORNSTEIN:** Correct, Your Honor.  Yeah, so we can |

1   just slice and dice the depo.
2           **THE COURT:** All right.  Well, I suppose we can just do
3   what we did last time.  You can just hand it to them.
4           **MR. BORNSTEIN:** However Your Honor would like to
5   proceed is fine.
6           **THE COURT:** Okay.  Who do we have next?
7           **MR. HOGBERG:** Your Honor, may I be heard on behalf of
8   Spotify USA on the order?
9           **THE COURT:** The order is done.  You've had plenty of
10  opportunity in the papers.  Okay?
11          **MR. HOGBERG:** Thank you.
12          **THE COURT:** All right.  Who's next?
13          **MR. POMERANTZ:** Your Honor, there's a couple --
14  there's just a couple very short things.
15          **THE COURT:** Oh, yes.
16          **MR. POMERANTZ:** Number one, is I guess we would renew
17  our request that you consider having trial on December 1 and
18  letting the jury know so that they can plan accordingly since
19  we lost Thursday.  That's next Friday, a week from this Friday.
20          **THE COURT:** That's a week from this coming Friday?
21          **MR. POMERANTZ:** This Friday, yeah.  So it will just
22  give them a chance.
23          **THE COURT:** I'll tell them tomorrow.
24          **MR. POMERANTZ:** Okay.  That's fine.
25          And the second thing is last week we were debating the