Tiffany L. Lee (Bar No. 303007)
tiffanylee@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101
Telephone: (206) 359-3304
Facsimile: (206) 359-4404

*Attorney for Non-Party*
*Nintendo of America, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION**<br><br>THIS DOCUMENT RELATES TO:<br><br>*Epic Games Inc. v. Google LLC et al.*, Case No. 3:20-cv-05671-JD | MDL No. 3:21-md-02981-JD<br><br>**NON-PARTY NINTENDO OF AMERICA INC.'S STATEMENT PURSUANT TO LOCAL RULE 79-5(f)(3) IN SUPPORT OF ADMINISTRATIVE MOTION TO SEAL** |

Pursuant to Civil Local Rule 79–5(f)(3), non-party Nintendo of America Inc. ("NOA") submits this Statement to support the parties' Joint Administrative Motion to Consider Whether Another Party's Material Should Be Sealed ("Administrative Motion to Seal").  Specifically, NOA seeks to seal portions of Trial Exhibits 384 and 1524 referring to Nintendo[1] ("Nintendo Confidential Information").  NOA requests that those portions of Trial Exhibits 384 and 1524 be redacted from any versions made available in the public record.  This Statement is accompanied by the Declaration of Kristopher Kiel ("Kiel Decl."), which describes the Nintendo Confidential Information in greater detail.

The presumptive right of public access to court records "is not absolute," *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006), and may be denied by the Court to protect confidential information.  *See Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1212 (9th Cir. 2002).  Trial records may be sealed if a party or non-party "articulate[s] compelling reasons . . . that outweigh the general history of access and the public policies favoring disclosure." *Kamakana*, 447 F.3d at 1178–79.  As described below, NOA's request meets this standard.

NOA has taken steps to protect this information throughout the course of these cases. First, NOA understands that Google produced the documents designated as Trial Exhibits 384 and 1524 during discovery.  Google labeled the documents "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" in part because it includes information that is confidential to non-party NOA.  In addition, during trial, NOA filed motions to seal portions of Trial Exhibits 384 and 1524.  *Epic Games Inc. v. Google LLC*, No. 3:20-cv-05671-JD, Dkt. 507, 511 (N.D. Cal.); *In Re Google Play Store Antitrust Litigation*, No. 3:21-md-02981-JD, Dkt. 739, 744 (N.D. Cal.). NOA later withdrew those motions after Epic explained that it would not refer in open court to the document portions that NOA now seeks to seal.  *Epic Games Inc. v. Google LLC*, No. 3:20-

---

[1] NOA is a subsidiary of Nintendo Co., Ltd. ("NCL"), a Japanese corporation. (Kiel Decl. ¶ 1.) NCL has many other subsidiaries. (*Id.*) For purposes of this motion only, "Nintendo" refers to NCL and its subsidiaries, including NOA, even though NCL and its subsidiaries are separate and distinct entities.

cv-05671-JD, Dkt. 521, 526 (N.D. Cal.); *In Re Google Play Store Antitrust Litigation*, No. 3:21-md-02981-JD, Dkt. 758, 764 (N.D. Cal.).

The Nintendo Confidential Information in Trial Exhibits 384 and 1524 is competitively sensitive and non-public information relating to: confidential contractual arrangements that Nintendo has entered with Google, including the specific terms of the arrangements; financial data regarding the relationship and contractual arrangements between Nintendo and Google; and Nintendo's negotiation strategy relating to Google.  (Kiel Decl. ¶¶ 6, 8, 10.)  The contractual arrangements between Nintendo and Google reflect sensitive information concerning, for example, Nintendo's negotiation strategies in its dealings with Google.  (*Id.* ¶¶ 7, 11.)  Nintendo could suffer significant competitive harm if that information were to become public, including losing any edge over competitors with respect to negotiations with Google.  (*Id.* ¶ 7.)  Public disclosure of detailed financial information has the potential to cause severe harm to Nintendo because competitors could use the information to glean insights into Nintendo's business strategies, both generally and with respect to Google, and take steps to undercut Nintendo's execution of those strategies.  (*Id.* ¶¶ 8, 9.)  And information about Nintendo's relationship with Google, if disclosed to the public, would also undermine Nintendo's market position by allowing competitors to emulate the unique combination of contractual arrangements between Nintendo and Google, which has taken many years to develop.  (*Id.* ¶ 11.)

The risk of competitive harm to Nintendo merits sealing the Nintendo Confidential Information and outweighs concerns about access to judicial records.  *E.g.*, *Century Aluminum Co. v. AGCS Marine Ins. Co.*, No. 11-CV-02514-YGR, 2012 WL 13042825, at *2 (N.D. Cal. Aug. 10, 2012) (sealing confidential information because "competitive harm may result" from public disclosure that would "reveal confidential business information and strategies"); *Koninklijke Philips N.V. v. Elec-Tech Int'l Co.*, No. 14-CV-02737-BLF, 2015 WL 581574, at *2–3 (N.D. Cal. Feb. 10, 2015) (sealing confidential business information that could be used by competitors); *Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1228 (Fed. Cir. 2013) (finding disclosure of information that "competitors could not obtain anywhere else" might result in competitive harm and should be sealed); *XIFIN, Inc. v. Firefly Diagnostics, Inc.,* No.

1   317CV00742BENKSC, 2018 WL 1244781, at *2 (S.D. Cal. Mar. 9, 2018) (sealing

2   "commercially sensitive business information" reflected in a contract, including "proprietary

3   protocols and processes").  The risk of competitive harm is more than theoretical.  The cases here

4   involve a direct competitor to Nintendo—Epic Games. And given the high profile of the cases,

5   NOA expects that the cases and public dockets will be monitored by employees and

6   representatives of many other Nintendo direct competitors in the gaming industry.  NOA's

7   interest in protecting its competitively sensitive information is the kind of "compelling reason"

8   recognized in the Northern District of California as sufficient to justify protections.  *Jam Cellars,*

9   *Inc. v. Wine Grp. LLC*, No. 19-CV-01878-HSG, 2020 WL 5576346 at *1 (N.D. Cal. Sept. 17,

10   2020) ("Courts have found that confidential business information in the form of license

11   agreements, financial terms, details of confidential licensing negotiations, and business strategies

12   satisfies the compelling reasons standard") (internal citations omitted); *Skillz Platform Inc., v.*

13   *AviaGames Inc.*, No. 21-cv-02436, 2023 WL 8720685 at *3 (N.D. Cal. Dec. 18, 2023)

14   ("Compelling reasons exist to seal trade secrets, which includes . . . confidential business

15   information that, if published, may harm a party's competitive standing"); *Fed. Trade Comm'n v.*

16   *Qualcomm Inc.*, No. 17-CV-00220-LHK, 2019 WL 95922 at *3 (N.D. Cal. Jan. 3, 2019) (finding

17   compelling reasons existed to "seal information that, if published, may harm . . . third parties'

18   competitive standing and divulges terms of confidential contracts, contract negotiations, or trade

19   secrets").

20           Nintendo requests that the Court grant the administrative motion and seal the Nintendo

21   Confidential Information from Trial Exhibits 384 and 1524 so that such information will be

22   redacted from the versions of Trial Exhibits 384 and 1524 made available in the public case

23   record.  NOA's request is particularly strong because of the circumstances here.  Non-party

24   Nintendo was drawn into this litigation by the parties, not through any actions of its own.  In

25   addition, Nintendo had no control over the trial proceedings or whether the parties would seek to

26   use its highly confidential information.  In this scenario, it would be markedly unfair to publicly

27   disclose Nintendo Confidential Information and subject Nintendo to competitive harm.

28

1

2     DATED:  December 28, 2023                    /s/Tiffany L. Lee
                                                   Tiffany L. Lee (CA Bar No. 303007)
3                                                   tiffanylee@perkinscoie.com
                                                   PERKINS COIE LLP
4                                                  1201 Third Avenue, Suite 4900
                                                   Seattle, WA 98101
5                                                  Telephone: (206) 359-3304
                                                   Facsimile: (206) 359-4404

6                                                  *Attorney for Non-Party*
                                                   *Nintendo of America Inc.*
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

☒      I hereby certify that on December 28, 2023, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants in this case.

*/s/ Tiffany L. Lee*
Attorney

STATEMENT IN SUPPORT OF ADMINISTRATIVE MOTION TO SEAL