John F. Cove, Jr. (SBN 212213)
john.cove@shearman.com
Patrick T. Hein (SBN 254431)
patrick.hein@shearman.com
SHEARMAN & STERLING LLP
535 Mission Street, 25th Floor
San Francisco, CA 94105-2997
Telephone: 415.616.1100
Fax: 415.616.1199

*Attorneys for Non-Party Sony Electronics Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION**<br><br>THIS DOCUMENT RELATES TO:<br><br>*Epic Games, Inc. v. Google LLC et al.,*<br>Case No. 3:20-cv-05671-JD | Case No. 3:21-md-02981-JD<br><br>**NON-PARTY SONY ELECTRONICS INC.'S MOTION TO SEAL HIGHLY CONFIDENTIAL INFORMATION**<br><br>Honorable James Donato |

1     Non-Party Sony Electronics Inc. ("Sony") respectfully moves under Civil Local Rule 79-

2  5 and Court Order, Dkt. 727, to seal portions of Trial Exhibits 7089 and 7090 to prevent

3  disclosure of Sony's confidential information.

4     During the course of the recent trial, the Parties provided notice to Sony that one of the

5  Parties intended to introduce two trial exhibits, Trial Exhibits 7089 and 7090, that contained

6  Sony-confidential information.  After meeting and conferring, Sony and the Parties agreed that

7  the specific data in these two exhibits that relate to Sony was not essential to the presentation of

8  either side's case and would not be shown or disclosed in open court.  Sony understands that

9  these Trial Exhibits were admitted but that the Sony data remains under seal pending the Court's

10  resolution of the Parties' Joint Administrative Motion to Consider Whether Another Party's

11  Material Should Be Sealed Pursuant To Civil Local Rule 79-5 (ECF 889) (the "Parties'

12  Motion").  Sony submits this motion and the accompanying Declaration of David Jacobs in

13  support of the Parties' Motion as it relates to Sony' confidential information because public

14  disclosure of this information would cause serious competitive harm to Sony.

15     Sony seeks to seal one row of data in each of Trial Exhibits 7089 and 7090, as described

16  in the Parties' Motion on page 3.  These two rows purport to show the following confidential

17  business information: (1) the number of active Sony devices that are covered by certain contract

18  terms that Sony has negotiated with Google; (2) the number of active Sony devices not covered

19  by these contract terms; (3) the total number of active devices; and (4) the percentage of devices

20  covered by these contract terms. Exhibit 7089 purports to show this data on a world-wide basis

21  (excluding China).  Exhibit 7090 purports to show this data for the United States.  Further, these

22  documents compromise information that has been designated as "HIGHLY CONFIDENTIAL –

23  ATTORNEYS' EYES ONLY" under Protective Order, Dkt. 248.

24     While Sony recognizes the strong public interest in access to trial exhibits and judicial

25  records, the sealing of judicial records is appropriate when "compelling reasons" overcome that

26  presumption.  *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir.

27  2006).  Courts routinely seal documents that contain confidential business and financial

28

1    information.  *See, e.g.*, *Day v. GEICO Cas. Co.*, No. 21-cv-02103-BLF, 2022 WL 6584451, at *2

2    (N.D. Cal. Sept. 28, 2022) (finding compelling reasons to seal non-public and confidential

3    financial information about the defendant); *Monk v. N. Coast Brewing Co. Inc.*, No. 17-CV-

4    05015-HSG, 2018 WL 6069942 (N.D. Cal. Nov. 20, 2018) (finding compelling reasons to seal

5    financial information of non-party).  Further, the interests of Non-Parties in confidential

6    information remaining confidential are particularly strong.  *See In re Adobe Systems, Inc. Sec.*

7    *Litigation,* 141 F.R.D. 155, 161-162 (N.D. Cal. 1992).  And while not dispositive, courts "also

8    consider a more lenient approach when sealing non-party information." *DeMartini v. Microsoft*

9    *Corp.*, No. 22-CV-08991-JSC, 2023 WL 4205770, at *2 (N.D. Cal. June 26, 2023).

10           Sony therefore requests that the Court seal one row each in Trial Exhibits 7089 and 7090

11   to prevent disclosure of Sony's confidential information.  Sony is not a party to these

12   proceedings, and as described in the accompanying declaration of David Jacobs ("Jacobs

13   Declaration"), compelling reasons exist to seal this information.  Specifically, these Trial

14   Exhibits disclose Sony's competitively sensitive and non-public information relating to the

15   number of active devices that are subject to the negotiated contract terms, the number of those

16   that are not, the total number of active users, and the percentages covered by certain contract

17   terms.  (Jacobs Declaration ¶ 4).  Sony keeps this kind of information highly confidential and

18   does not disclose it publicly.  (*Id*. ¶ 5).  Sony would suffer significant competitive harm if

19   information were to become public and thus disclosed to its competitors and to other firms that

20   contract with Sony.  (*Id*.).  Public disclosure of information in this exhibit has the potential to

21   cause severe harm to Sony because competitors could use the information to glean insights into

22   Sony's business.  (*Id*.).  Disclosure of this information could also cause Sony competitive harm

23   in its dealings with potential contracting partners, such as app developers, who could use it to

24   Sony's detriment in contract negotiations.  (*Id*.).  This is of particular concern to Sony in that its

25   market position in the sale of mobile phones in the United States is much smaller than certain of

26   its major competitors, and thus disclosure of confidential information poses a greater risk of

27   competitive harm.  (*Id*.).  As a result of its size, disclosure of its commercially sensitive

28

1   information puts Sony at much a greater risk of competitive harm than its larger competitors.

2   (*Id.*).

3       The specific information Sony seeks to seal is below:

| Exhibit | Information Sought to Be Sealed | Explanation |
|---|---|---|
| Exhibit 7089 | Row containing data on numbers of active devices subject to certain contract terms and related metrics | Disclosure to competitors and contracting partners would harm Sony's competitive position |
| Exhibit 7090 | Row containing data on numbers of active devices subject to certain contract terms and related metrics | Disclosure to competitors and contracting partners would harm Sony's competitive position |

10       Here, the risk of competitive harm to Sony merits the sealing of Sony's confidential

11  information and outweighs any concerns about access to judicial records.  *E.g.*, *Century*

12  *Aluminum Co. v. AGCS Marine Ins. Co.*, No. 11-CV-02514-YGR, 2012 WL 13042825, at *2

13  (N.D. Cal. Aug. 10, 2012) (sealing confidential information because "competitive harm may

14  result" from public disclosure that would "reveal confidential business information and

15  strategies"); *Koninklijke Philips N.V. v. Elec-Tech Int'l Co.*, No. 14-CV-02737-BLF, 2015 WL

16  581574, at *2–3 (N.D. Cal. Feb. 10, 2015) (sealing confidential business information that could

17  be used by competitors); *Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1228 (Fed. Cir. 2013)

18  (finding disclosure of information that "competitors could not obtain anywhere else" might result

19  in competitive harm and should be sealed); *XIFIN, Inc. v. Firefly Diagnostics, Inc.,* No.

20  317CV00742BENKSC, 2018 WL 1244781, at *2 (S.D. Cal. Mar. 9, 2018) (sealing

21  "commercially sensitive business information" reflected in a contract, including "proprietary

22  protocols and processes").  The potential of harm to Sony's business is more than just

23  theoretical.  Given the high profile of this matter and its related cases, Sony expects that the trial

24  exhibits will be monitored by employees and representatives of many other Sony competitors in

25  the mobile phone industry.

26       We respectfully request that the Court seal the above-described portions of Trial Exhibits

27  7089 and 7090 in order to prevent any harm to Sony's business in the mobile phone industry.

28

1

2   Dated December 28, 2023

/s/ John F. Cove, Jr.
John F. Cove, Jr. (SBN 212213)
john.cove@shearman.com
Patrick T. Hein (SBN 254431)
patrick.hein@shearman.com
SHEARMAN & STERLING LLP
535 Mission Street, 25th Floor
San Francisco, CA 94105-2997
Telephone: 415.616.1100
Fax: 415.616.1199

*Attorneys for Non-Party Sony Electronics Inc.*

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28