JOHN F. COVE, JR. (SBN 212213)
 john.cove@shearman.com
PATRICK HEIN (SBN 254431)
 patrick.hein@shearman.com
SHEARMAN & STERLING LLP
535 Mission Street, 25th Floor
San Francisco, CA 94105-2997
Telephone: 415.616.1100
Facsimile: 415.616.1199

*Attorneys for Sony Corporation of America*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION**<br><br>THIS DOCUMENT RELATES TO:<br><br>*Epic Games, Inc. v. Google LLC et al.,*<br>Case No. 3:20-cv-05671-JD | Case No. 3:21-MD-02981-JD<br><br>**DECLARATION OF DAVID JACOBS OF SONY IN SUPPORT OF SEALING CERTAIN CONFIDENTIAL INFORMATION PURSUANT TO LOCAL RULE 79-5** |

I, David Jacobs, hereby declare as follows:

1. I am currently Vice President, Global Alliances & Strategy at Sony Corporation of America. Sony Corporation of America is one of the Sony family of companies that are subsidiaries of Sony Group Corporation. I will refer to Sony Group Corporation along with its subsidiaries collectively as "Sony" in this declaration. One of my responsibilities is to serve as a liaison for Sony with regard to various contracts and relationships that Sony has with Google. Based on my experience, I am familiar with the trade secrets, contracts, and other Sony confidential and proprietary information that I discuss below, and I am making this declaration in support of sealing this material as described below. I make this declaration based on personal knowledge and, if called as a witness, I could and would testify competently to these matters.

2. I make this declaration on behalf of Sony in support of Sony's Motion to Seal Highly Confidential Information and the Parties' Joint Administrative Motion to Consider Whether Another Party's Material Should Be Sealed Pursuant To Civil Local Rule 79-5 (ECF 889) (the "Parties' Motion") to the extent it relates to the Sony-confidential information contained in Trial Exhibits 7089 and 7090.

3. I was informed that two exhibits, Trial Exhibits 7089 and 7090, containing Sony-confidential information were admitted at trial but that the Sony-confidential information in those exhibits remains under seal pending the Court's ruling on the Parties' Motion. I further understand that Trial Exhibits 7089 and 7090 have been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to the terms of the Stipulated Protective Order. (see Case No. 3:21-md-02981-JD, ECF 248). Counsel has provided me with these two Trial Exhibits, which I have reviewed.

4. Both Trial Exhibits 7089 and 7090 contain confidential non-public information regarding the number of active devices that are subject to certain contractual terms that Sony negotiated with Google, the number of active devices not covered by these terms, the total number of active devices, and the percentage of its active devices covered by these contract terms. Exhibit 7089 purports to show this data on a world-wide basis (excluding China). Exhibit 7090 purports to show this data for the United States.

5. Sony considers this kind of specific information about the units covered by different contract terms, as well as the total number of units considered as active, as highly confidential and does not disclose it outside of Sony, except as necessary to fulfill contractual obligations with firms with a need to know and who have agreed to keep it confidential. If the information relating to Sony contained in Trial Exhibit 7089 and 7090 were publicly disclosed, it would permit our competitors in the mobile handset business, several of whom are much larger than Sony, insight into Sony's business that they could use in competing against us and would result in serious competitive harm to Sony. Disclosure of this information could also cause Sony competitive harm in its dealings with potential contracting partners, such as app developers, who could use it to Sony's detriment in contract negotiations. These issues are of particular concern to Sony in that its market position in the sale of mobile phones in the United States is much smaller than certain of its major competitors, and thus disclosure of confidential information poses a greater risk of competitive harm.

6. For all of the reasons set forth above, Sony seeks to keep under seal each of the rows containing Sony's confidential information from Trial Exhibits 7089 and 7090.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed on this 27 day of December, 2023.

DAVID JACOBS