1

2

3

4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6

7

IN RE GOOGLE PLAY DEVELOPER
ANTITRUST LITIGATION

Case No.  20-cv-05792-JD

8

9

10

11

**ORDER RE FINAL APPROVAL,
ATTORNEYS' FEES AND COSTS, AND
INCENTIVE AWARDS**

12

      This antitrust action brought against Google by app developers is a member case in the

13

multidistrict litigation, *In re Google Play Store Antitrust Litigation*, Case No. 21-md-02981-JD.

14

The developer plaintiffs reached a proposed class settlement with the Google defendants (Google),

15

which the Court has preliminarily approved.  Dkt. No. 233.[1]  Following a final approval hearing,

16

Dkt. No. 263, this order now resolves the developer plaintiffs' motion for final settlement

17

approval, Dkt. No. 252, and their motion for attorneys' fees, reimbursement of expenses, and

18

service awards, Dkt. No. 240.[2]

19

**DISCUSSION**

20

**I.**      **FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

21

      The Court confirms the certification of this class for settlement purposes only, pursuant to

22

Rule 23 of the Federal Rules of Civil Procedure:

23

24

25

> All former or current U.S. Developers that meet each of the following
> criteria: (a) sold an application or in-app product (including
> subscriptions) for a non-zero price between August 17, 2016 and
> December 31, 2021; (b) paid Google a service fee greater than 15%

26

---

27

[1] Docket number references are to the ECF docket for Case No. 20-cv-05792-JD.

28

[2] Capitalized terms in this order that are not separately defined will have the meanings set out in
the Amended Settlement Agreement and Release (Settlement Agreement), Dkt. No. 229-1, Ex. B.

United States District Court
Northern District of California

on at least one such transaction between August 17, 2016 and December 31, 2021; and (c) earned Proceeds between U.S. $0 and U.S. $2,000,000.00 through Google Play in every calendar year between and inclusive of 2016 and 2021.  Solely for Settlement Class definition purposes, the 2016 calendar year shall consist of August 17, 2016 through December 31, 2016.  Additionally and notwithstanding the foregoing, excluded from the Settlement Class are (a) directors, officers, and employees of Google or its subsidiaries and affiliated companies, as well as Google's legal representatives, heirs, successors, or assigns; (b) the Court, the Court staff, as well as any appellate court to which this matter is ever assigned and its staff; (c) Defense Counsel, as well as their immediate family members, legal representatives, heirs, successors, or assigns; (d) any Developers who validly request exclusion ("opt out") from the Settlement Class; and (e) any other individuals or entities whose claims already have been adjudicated to a final judgment.

Consistent with the preliminary approval order, Pure Sweat Basketball, Inc., LittleHoots, LLC, Peekya App Services, Inc., and Scalisco LLC, are confirmed as the class representatives for the settlement class.

The certified class, which will be referred to as the Settlement Class, meets the prerequisites to a class action under Federal Rule of Civil Procedure 23(a) in that:  (1) there are at least tens of thousands of geographically dispersed Settlement Class members, making joinder of all members impracticable; (2) there are questions of law and fact common to the Settlement Class; (3) the claims or defenses of the class representatives are typical of the claims or defenses of the Settlement Class; and (4) the class representatives will fairly and adequately protect the interests of the Settlement Class.  In addition, the Settlement Class meets the requirements of Federal Rule of Civil Procedure 23(b)(3) because questions of law and fact common to members of the Settlement Class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

The Court also confirms, pursuant to Federal Rule of Civil Procedure 23(g), that Hagens Berman Sobol Shapiro LLP, Sperling & Slater, LLC, and Hausfeld LLP are appointed as Class Counsel.

Under Rule 23(e) of the Federal Rules of Civil Procedure, the claims of a settlement class may be settled only with the Court's approval.  The Court finds that approval is appropriate here.

2

United States District Court
Northern District of California

1   Best practicable notice was given to all class members who would be bound by the

2   settlement. A declaration by a project manager at Angeion Group, LLC (the Settlement

3   Administrator) states that the notice plan was carried out through a variety of means, including a

4   settlement website, toll-free hotline, direct email and mail, press releases, internet advertising, and

5   social media notice. *See* Dkt. No. 252-1 (Platt Decl.). Class members were also provided notice

6   directly by Google through a "console" that developers access to manage their Google Play apps.

7   *Id*. ¶ 40; Dkt. No. 252 at 5. Class Counsel represent that a console message was sent to 40,420

8   potential Settlement Class Members (out of the more than 47,000 total members), and that

9   Angeion has "delivered direct notice (by email, mail, or both) to approximately 99% of the

10  Settlement Class." Dkt. No. 252 at 1, 5.

11  Final approval is warranted under the Rule 23(e)(2) factors and other factors discussed in

12  the case law, *see*, *e.g.*, *In re Bluetooth Headset Products Liability Litig.*, 654 F.3d 935, 946 (9th

13  Cir. 2011). The record indicates that the class representatives and Class Counsel are adequate as

14  contemplated by Rule 23, and the settlement was negotiated at arm's length. The settlement

15  provides for a $90 million non-reversionary cash fund, which will be distributed to class members

16  on a pro rata basis without the use of claim forms. Google has agreed to maintain a 15% reduced

17  service fee program on the first $1 million of developer earnings each year through at least May

18  25, 2025. Google will make changes to the Play Store to improve app discoverability; allow apps

19  downloaded from other Android app stores to automatically update for at least three years; revise

20  its Developer Distribution Agreement so that developers can use contact information obtained in-

21  app to communicate with users out-of-app for a period of at least three years; and for at least the

22  next three years, Google will publish an annual "transparency report" that "(at a minimum) will

23  convey meaningful statistics such as apps removed from Google Play, account terminations, and

24  objective information regarding how users interact with Google Play." Dkt. No. 229 at 6-8.

25  Class Counsel estimate that the $90 million cash fund represents 36-38 percent of what the

26  Settlement Class's single damages would have been had they fully prevailed at trial. Dkt. No. 252

27  at 1, Dkt. No. 240 at 8. Counsel note that a victory at trial was not assured, would have required

28  considerable additional time and work to obtain, and even if obtained, would likely have been

3

United States District Court
Northern District of California

1  subject to additional time and risk of reversal at the appellate level.  Settlement Class members

2  will receive, without claim forms, payments ranging from $250 to amounts exceeding $200,000.

3  Dkt. No. 252 at 1.  Overall, the relief provided to Settlement Class members pursuant to this

4  settlement is adequate, and warrants final approval.

5      On the relative treatment of class members, the settlement funds will be distributed "on a

6  *pro rata* basis to Settlement Class Members, based on the dollar value of service fees they paid to

7  Google above the 15-percent level during the Settlement Class Period, with a minimum payment

8  of $250."  Dkt. No. 229 at 8.  Aside from the so-called "service awards" discussed below, the

9  proposed distribution treats class members equally and fairly, and is consistent with the developer

10 plaintiffs' theory of liability and damages in this case.

11     The reaction of the class to this proposed settlement has been positive.  There are no

12 objections, and eight opt-out requests.[3]  The eight opt-outs will be ordered excluded from the

13 settlement.

14 **II.     ATTORNEYS' FEES**

15     For Class Counsel's fee request, the Court makes the following findings of fact and

16 conclusions of law under Rules 23(h)(3) and 52(a).

17     Class Counsel have requested an attorneys' fee award of $26 million.  Dkt. No. 240 at 1.

18 Counsel state that this request is equal to 24.1% of the "Settlement's $112 million quantifiable

19 common fund"; if considering the $90 million cash fund alone, Counsel's fee request would

20 amount to 28.8%.  *Id.* at 1, 7.  The Court finds it appropriate to put a dollar value on a portion of

21 the structural reforms to be provided by the Settlement, as Counsel request.  Counsel state that not

22 all of the reforms are quantifiable, but "[o]ne exception is Google's commitment to maintain a

23 lower 15 percent service fee on developers' first $1 million in annual revenues" at least through

24 May 25, 2025.  *Id.* at 7.  Google has acknowledged that "this litigation was a factor in its adoption

25 of the 15 percent program," and the program will "save the Settlement Class $109.8 million in

---

27 [3] Developer Grace Tang filed an "objection to the settlement."  Dkt. No. 253.  She requested, and

28 was granted, permission to speak at the final approval hearing, Dkt. Nos. 245, 248.  At the final
approval hearing, Ms. Tang agreed to opt out of the settlement.  Dkt. No. 263.  Her objection is
consequently deemed withdrawn and is terminated as moot.

1    fees." *Id.*  Class Counsel state that they "conservatively assume[d] that this litigation was at least

2    20 percent responsible for the $109.8 million in savings," and have consequently added $22

3    million to the $90 million cash fund to arrive at a $112 million quantifiable common fund.  *Id.*

4    This is not unreasonable, and Class Counsel's 24.1% fee request from the common fund is within

5    the non-binding and informal guideline that a fee award of up to 25% may be reasonable.  The

6    common fund here is not so large that the 25% benchmark should not be applied.  *See In re*

7    *Facebook Biometric Information Privacy Litig.*, 522 F. Supp. 3d 617, 631 (N.D. Cal. 2021), *aff'd*,

8    No. 21-15553, 2022 WL 822923 (9th Cir. Mar. 17, 2022).

9            A lodestar cross-check confirms the reasonableness of the request.  Class Counsel have a

10   combined lodestar of $18,469,866.75 in this matter, with Hagens Berman's lodestar totaling

11   $5,260,068.50, Sperling & Slater, LLC's $5,160,438.25, Hausfeld LLP's $7,688,910.00, and The

12   Lewis Law Firm's $360,450.00.[4]  Dkt. No. 240-1, Ex. 4.  These fees have been documented by

13   timekeeper, category of work, and number of hours; and the rates used are reasonable.  *See* Dkt.

14   Nos. 240-1, 240-2, 240-3, 240-4.  The Court may adjust the lodestar figure "upward or downward

15   by an appropriate positive or negative multiplier reflecting a host of 'reasonableness' factors,

16   'including the quality of representation, the benefit obtained for the class, the complexity and

17   novelty of the issues presented, and the risk of nonpayment.'"  *In re Bluetooth*, 654 F.3d at 941.

18   "Foremost among these considerations . . . is the benefit obtained for the class."  *Id.*  Class

19   Counsel obtained monetary relief and structural reforms for the Settlement Class, as to which the

20   class members had no objections, and fewer than ten would-be class members have opted out.  In

21   the circumstances of this litigation, the Court approves a relatively modest 1.41 multiplier to arrive

22   at the $26 million award.

23

24

25   _____

26   [4] The Lewis Law Firm was not appointed interim class counsel, *see* Dkt. No. 79, or named as class
     counsel in the preliminary approval order, Dkt. No. 233, or this order.  Class Counsel have offered
27   that firm's lodestar as part of the calculation in light of the circumstances of this case.  The Court
     expects that Class Counsel will allocate the amounts awarded in fees and expenses among
     themselves, and with any firms that assisted in this matter, in a fair and equitable manner.  *See*
28   Dkt. No. 240-10.

United States District Court
Northern District of California

Twenty-five percent of the fees award will be held back pending further order, to be issued after counsel have filed the post-distribution accounting required by the District's Procedural Guidance on Class Action Settlements.  Consequently, $19,500,000 is authorized for disbursement from the common fund upon entry of this order.[5]

## III.   COSTS

Class Counsel have requested reimbursement of expenses in the amount of $4,422,740.98. Dkt. No. 240 at 14.  These amounts have also been documented for reasonable expenses incurred in the normal course of this litigation.  *See* Dkt. Nos. 240-1, 240-2, 240-3, 240-4.  The requested reimbursement is granted.

## IV.   INCENTIVE AWARDS

Class Counsel have also requested $10,000 service awards for each of the named plaintiffs: Pure Sweat Basketball, Inc., LittleHoots, LLC, Peekya App Services, Inc., and Scalisco LLC. Dkt. No. 240 at 14-16.  The principals of these plaintiff entities have each submitted declarations detailing their time spent on this case and the challenges they faced in serving as class representatives.  *See* Dkt. Nos. 240-5, 240-6, 240-7, 240-8.

The Court has written extensively on these awards, and generally finds that the amounts paid to named plaintiffs are disproportionate to other class members for little good cause, and so are inconsistent with Rule 23(e)(2)(D).  The record here does not support an award of $10,000 to each named plaintiff.  Consequently, in light of the modest additional work they provided, each named plaintiff is awarded $5,000.

The remaining settlement funds are to be distributed pro rata among the Settlement Class members, consistent with the Settlement Agreement, and as expeditiously as possible.  The parties will comply with all other provisions of the Settlement Agreement, as well as the District's Procedural Guidance for Class Action Settlements.  Judgment will be entered and the case closed,

---

[5] Class Counsel's request for "a proportional share of interest earned" on this fee award, Dkt. No. 240-10, is denied.  All interest earned on the Settlement Fund will be disbursed to class members.

United States District Court
Northern District of California

but counsel can and should file the post-distribution accounting document on the ECF docket when the time comes.

**IT IS SO ORDERED.**

Dated:  January 11, 2024

_____
JAMES DONATO
United States District Judge