UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE GOOGLE PLAY ANTITRUST LITIGATION**<br><br>THIS DOCUMENT RELATES TO:<br><br>*Epic Games Inc. v. Google LLC et al.,* Case, No. 3:20-cv-05671-JD | Case No. 3:21-md-02981-JD<br><br>**[PROPOSED] ORDER GRANTING GOOGLE'S MOTION FOR JUDGMENT AS A MATTER OF LAW UNDER RULE 50(B) OR FOR A NEW TRIAL UNDER RULE 59**<br><br>Judge:      Hon. James Donato<br>Courtroom: 11, 19th Floor |

Before the Court is Defendants' Motion for Judgment as a Matter of Law or for a New Trial.

Having considered all papers submitted in connection with the Motion, supporting documents, the arguments of counsel, the pleadings on file in this action, and all testimony and evidence admitted at trial, and good cause appearing therefore, the Court finds:

*First,* that issue preclusion barred Epic from contesting that Apple and Google compete in the relevant markets;

*Second*, Epic's relevant markets limited to Android devices were flawed as a matter of law and Epic failed to present a legally sufficient basis for any reasonable jury to find that Epic proved any relevant market found by the jury;

*Third*, the jury was improperly instructed on Step 1 of the Rule of Reason analysis because it was not instructed that it had to consider whether each category of challenged conduct had substantial anticompetitive effects;

*Fourth*, the jury was improperly instructed on Step 2 of the Rule of Reason analysis because it was not instructed to consider procompetitive benefits in related product markets beyond the relevant product markets;

*Fifth*, the jury was improperly invited to balance competitive effects as part of the Rule of Reason analysis;

*Sixth*, Epic did not present a legally sufficient basis for any reasonable jury to find that Epic satisfied its burden to establish:

1. product markets limited to Android devices;
2. a product market for in-app payments or a nearly global geographic market;
3. that Google's conduct was anticompetitive as a matter of law;
4. its tying claim;
5. substantially less restrictive alternatives for the challenged conduct;

*Seventh*, Google is entitled to a new trial based on erroneous evidentiary rulings:

1. relating to Google employees' use of attorney-client privilege;
2. precluding Google from referencing the outcome of *Epic v. Apple*;

3. relating to the adverse inference instruction.

[Accordingly, Defendants' Motion is GRANTED and it is hereby ORDERED that judgment as a matter of law is entered in Defendants' favor.] [OR: Defendants' Motion for a new trial under Rule 59 is GRANTED and it is hereby ORDERED that Defendants are entitled to a new trial on all issues. The new trial will be tried as a bench trial. [The Court deems the jury verdict advisory and will issue written findings based on the record introduced at trial.]]

**IT IS SO ORDERED**

DATED:

HON. JAMES DONATO
United States District Judge