# EXHIBIT 4

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

Page 1

1               UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF CALIFORNIA
2                  SAN FRANCISCO DIVISION
3     ----------------------------------------------------x
4     IN RE GOOGLE PLAY STORE              Case No.
      ANTITRUST LITIGATION                 3:21-md-02981-JD
5
      THIS DOCUMENT RELATES TO:            MDL No. 2891
6
7     In re Google Play Consumer
      Antitrust Litigation,
8     Case No. 3:20-cv-05761-JD
9
      Epic Games Inc. v. Google LLC,
10    et al.,
      Case No. 3:20-cv-05671-JD
11    ----------------------------------------------------x
12
13        *HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY*
14
15      REMOTE VIDEOTAPED DEPOSITION BY VIRTUAL ZOOM OF
16                     JAMES MICKENS
17              Wednesday, March 22, 2023
18
19
20
21
22
23
24    Reported By: Lynne Ledanois, CSR 6811
25

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

Page 2

1           UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF CALIFORNIA
2               SAN FRANCISCO DIVISION
3   -----------------------------------------------------x
4   IN RE GOOGLE PLAY STORE            Case No.
    ANTITRUST LITIGATION               3:21-md-02981-JD
5
    THIS DOCUMENT RELATES TO:          MDL No. 2891
6
7   In re Google Play Consumer
    Antitrust Litigation,
8   Case No. 3:20-cv-05761-JD
9
    Epic Games Inc. v. Google LLC,
10  et al.,
    Case No. 3:20-cv-05671-JD
11  -----------------------------------------------------x
12
13
14          Remote videotaped deposition of JAMES
15  MICKENS, taken in Boston, Massachusetts, commencing
16  at 10:05 a.m. Eastern, on Wednesday, March 22, 2023
17  before Lynne Ledanois, Certified Shorthand Reporter
18  No. 6811
19
20
21
22
23
24
25  ///

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

```
                                              Page 3
 1                    REMOTE  APPEARANCES

 2

 3   Counsel for Plaintiff Epic Games, Inc. in:

 4   Epic Games, Inc. v Google LLC, et al:

 5               CRAVATH, SWAINE & MOORE LLP

 6               BY: JUSTIN CLARKE

 7                   MIRIAM ROSENBAUM

 8                   MEHER BABBAR

 9               Attorneys at Law

10               825 Eighth Avenue

11               New York, New York 10019

12               jclark@cravath.com

13               mrosenbaum@cravath.com

14               mbabber@cravath.com

15

16   Counsel for the Proposed Class In re: Google

17   Play Consumer Antitrust Litigation:

18               BARTLIT BECK

19               BY:  JOHN BYARS

20               Attorney at Law

21               1801 Wewetta Street

22               Suite 1200

23               Denver, Colorado 80202

24               john.byars@bartlitbeck.com

25   ///
```

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

Page 4

```
 1              REMOTE APPEARANCES
 2   Counsel for Plaintiff States:
 3            OFFICE OF THE ATTORNEY GENERAL
 4            STATE OF NEW YORK
 5            BY: BENJAMIN J. COLE
 6            Attorney at Law
 7            28 Liberty Street
 8            18th Floor
 9            New York, New York 10005-1495
10            benjamin.cole@ag.ny.gov
11
12   Counsel for Google LLC, et al:
13            MUNGER TOLLES & OLSON LLP
14            BY: KURUVILLA OLASA
15                TED KANG
16            Attorneys at Law
17            350 South Grand Avenue
18            Los Angeles, California 90071
19            kuruvilla.olasa.@mto.com
20            ted.kang@mto.com
21
22
23
24
25   ///
```

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

Page 5

1                   REMOTE APPEARANCES

2

3   Counsel for Plaintiffs Match Group, LLC; Humor

4   Rainbow, Inc.; PlentyofFish Media ULC; and People

5   Media:

6              HUESTON HENNIGAN

7              BY: CHRISTINE WOODIN

8                 JULIA HAINES

9              Attorneys at Law

10             523 West 6th Street

11             Suite 400

12             Los Angeles, California 90014

13             cwoodin@hueston.com

14             jhaines@hueston.com

15

16   ALSO PRESENT:

17   Arzu Mammadova, Keystone Strategy

18   Stephen Myers, Match Group

19   Jeanette Teckman, Match Group

20   Jeffree Anderson, Videographer

21   Rikki Williams, Veritext Tech

22

23

24

25

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

Page 162

1   browser provides a similar warning?

2       A    I do not know.

3       Q    Do you know if the Microsoft Edge browser

4   provides a similar warning?

5       A    I do not know.

6       Q    Do you think it is reasonable for browser

7   vendors to provide the warning we see in step 2?

8           MR. CLARKE:  Object to form.

9           THE WITNESS:  By reasonable, what do you

10  mean?

11  BY MR. OLASA:

12      Q    Do you think it was a good design decision

13  for browser vendors to include the warning we see in

14  step 2?

15      A    It's reasonable to the extent that the

16  downloading of an APK file is sort of different in

17  terms of ramifications than the downloading of a

18  picture, let's say.

19      Q    So you do think it was a good design

20  decision for browser vendors to include this

21  warning; right?

22          MR. CLARKE:  Object to form.

23          THE WITNESS:  Well, I think that in this

24  case, there is a decision that browser makers are

25  making here with respect to the potential risk of an

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

Page 163

```
1   action.  So that's why I was bringing up the analogy
2   with downloading a picture.
3            So to the extent that this warning is
4   actually commensurate with risk, it's a good idea.
5   BY MR. OLASA:
6        Q    When the browser -- is this warning
7   commensurate with risk?
8        A    Well, I think that it is -- that there is a
9   higher risk of harm from downloading an APK versus
10   downloading a picture, for instance.
11       Q    So is this warning in step 2 commensurate
12   with that risk?
13            MR. CLARKE:  Object to form.
14            THE WITNESS:  It's commensurate in the
15   sense that it's presenting more friction for a
16   potentially more dangerous operation.
17   BY MR. OLASA:
18       Q    And is it proportional -- is this warning
19   proportional to the danger from a potentially more
20   dangerous operation?
21            MR. CLARKE:  Object to form.
22            THE WITNESS:  I think that this warning
23   captures the higher likelihood of risk from
24   downloading an APK versus downloading an image.
25
```

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

Page 164

1    BY MR. OLASA:

2         Q    In providing this warning, the browser has

3    not made a determination as to whether that

4    particular APK is or is not harmful; correct?

5         A    So that is true.  But that is true because

6    it is required to be true because Android does not

7    support anything like the notarization counterfactuals

8    that I describe.

9              So this is another example where sort of

10   the current affordances of what the browsers can

11   provide with respect to these types of warnings are

12   affected by the design choices that Google has made

13   for how the Android operates.

14        Q    There are commercially available virus or

15   malware scanning tools for Android; correct?

16        A    Correct.

17        Q    A browser vendor could choose to run an

18   APK file through those tools and provide the results

19   of that analysis to the user; correct?

20             MR. CLARKE:  Object to form.

21             THE WITNESS:  That may not be trivial to

22   do for architectural reasons.  But in theory, for

23   example, a browser vendor could decide to directly

24   incorporate an antivirus tool into its own source

25   code.

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

Page 166

1   browser the implementation mechanism for Play

2   Store 2.0 and therefore they sort of elided the

3   spirit of the counterfactual proposal by pushing all

4   the friction there.

5        Q    I follow that.  I guess my question is a

6   little different.

7             Your proposal for centralized and

8   decentralized notarization does not propose

9   eliminating browser warnings; right?

10            MR. CLARKE:  Object to form.

11            THE WITNESS:  Well, it doesn't -- my

12  assignment was to look at Android, the core

13  platform.  And it wasn't to look into the friction

14  specifically imposed by things like browsers.

15  BY MR. OLASA:

16       Q    Okay.  And so as a result of that, you

17  don't have a proposal one way or the other as to

18  whether browser warnings should be eliminated;

19  correct?

20            MR. CLARKE:  Object to form.

21            THE WITNESS:  The counterfactuals I

22  propose don't address that either which way.

23  BY MR. OLASA:

24       Q    All right.  So then the user in the

25  workflow here on Figure 22 clicks "download anyway"

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

Page 337

1   GOOGLE PLAY STORE ANTITRUST LITIGATION

2   3/22/2023 - JAMES MICKENS

3            ACKNOWLEDGEMENT OF DEPONENT

4      I, JAMES MICKENS, do hereby declare that I

5   have read the foregoing transcript, I have made

6   any corrections, additions, or changes I deemed

7   necessary as noted on the Errata to be appended

8   hereto, and that the same is a true, correct and

9   complete transcript of the testimony given by me.

10

11  _____  _____

12  JAMES MICKENS                     Date

13  *If notary is required

14           SUBSCRIBED AND SWORN TO BEFORE ME THIS

15           _____ DAY OF _____, 20___.

16

17

18                    _____

19                    NOTARY PUBLIC

20

21

22

23

24

25