GIBSON, DUNN & CRUTCHER LLP
RACHEL S. BRASS, SBN 219301
   rbrass@gibsondunn.com
One Embarcadero Center
Suite 2600
San Francisco, California 94111-3715
Telephone:   415.393.8200
Facsimile:    415.393.8306

*Attorneys for Non-Party
T-Mobile US, Inc.*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION**<br><br>THIS DOCUMENT RELATES TO:<br><br>*Epic Games Inc. v. Google LLC et al.,*<br>Case No. 3:20-cv-05671-JD | CASE NO. 3:21-md-02981-JD<br><br>**STATEMENT IN SUPPORT OF GOOGLE'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Judge: Hon. James Donato |

Non-party T-Mobile US, Inc. ("T-Mobile") files this Statement and the accompanying Declaration of Jeff Giard ("Giard Decl."), pursuant to Civil Local Rule 79-5(f)(3), seeking to maintain under seal: (1) the second sentence of footnote 32 on page 10 of the Statement of Dr. Gregory K. Leonard; and (2) the current Google Play Carrier Billing Agreement between T-Mobile and Google (filed conditionally under seal as Exh. 21 to the Declaration of Dane Shikman filed in support of Google's Objections to Epic's Proposed Injunction) or, in the alternative, the specific financial information contained within Exhibit B to that document. This request is narrowly-tailored and the relief is necessary to protect T-Mobile from significant competitive harm, as discussed below.

While the public is generally entitled to access to Court files, the right of access is not absolute. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598-99 (1978). Sealing is appropriate where a party shows "compelling reasons" that outweigh the "general history of access and the public policies favoring disclosure." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006); *see also Fed. Trade Comm'n v. Qualcomm Inc.*, No. 17-cv-00220-LHK, 2019 WL 95922, at *3 (N.D. Cal. Jan. 3, 2019).

There are compelling reasons to seal portions of a document that contain "business information that might harm a litigant's competitive standing." *Ctr. For Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. at 589, 598-99). Here, the disclosure of confidential financial terms from the current Google/T-Mobile agreement would specifically harm T-Mobile's competitive standing in at least two respects. *See* Giard Decl., ¶¶ 4 – 5.

First, T-Mobile operates in a highly competitive industry, competing against other very large wireless carriers that also do business with Google. The contractual terms at issue are highly confidential and were specifically negotiated between Google and T-Mobile. This agreement, signed in 2017, has been extended and is currently in effect. If T-Mobile's competitors were to learn these specific financial terms, they might use that information to leverage the same (or more favorable) terms in their agreements with Google (or with other app stores). Moreover, this information would allow T-Mobile's competitors to estimate the revenues and or profitability of this portion of T-Mobile's business operations, providing insight into its financial situation and its ability to compete.

This would provide T-Mobile's competitors in the wireless telecommunications industry an unfair advantage because the competitors' information has not been made public. In such circumstances:

> [C]ourts have found that "confidential business information" in the form of "license agreements, financial terms, details of confidential licensing negotiations, and business strategies" satisfies the "compelling reasons" standard. *See In re Qualcomm Litig.*, No. 3:17-cv-0108-GPC-MDD, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017) (observing that sealing such information "prevent[ed] competitors from gaining insight into the parties' business model and strategy"); *Finisar Corp. v. Nistica, Inc.*, No. 13-cv-03345-BLF (JSC), 2015 WL 3988132, at *5 (N.D. Cal. June 30, 2015).

*Baird v. BlackRock Institutional Tr. Co.*, 403 F. Supp. 3d 765, 792 (N.D. Cal. 2019)

Moreover, because T-Mobile also negotiates contracts with other app store operators (including Apple), disclosure of the specific financial terms in its Google agreement would create an unfair advantage for its opposite party in those negotiations. *See Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1225 (Fed. Cir. 2013) (there are "compelling reasons" to seal if disclosure would create an unfair "advantage in contract negotiations"); *Qualcomm*, 2019 WL 95922, at *3 (N.D. Cal. Jan. 3, 2019). Thus, disclosure of these terms would inform another app store of T-Mobile's negotiating strategy and, specifically, the price T-Mobile was willing to accept in its contract with Google, which would detrimentally affect T-Mobile's ability to negotiate higher terms with other app stores.

Finally, while T-Mobile has herein established "compelling reasons" to support the narrow redactions requested, in this circumstance the appropriate standard for sealing is lower. Records attached to motions that are only "tangentially related to the merits of a case" are not subject to the strong presumption of access. *Ctr. for Auto Safety*, 809 F.3d at 1101. Accordingly, parties moving to seal such records need only meet the lower "good cause" standard of Rule 26(c). *Id.* at 1097. The "good cause" standard requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002).

The limited contractual provisions at issue involve specific financial terms in a contract with a non-party that are referenced once, for illustrative purposes, in an obscure footnote in an expert's

1  statement following a decision on the merits. The "good cause" standard for sealing should apply to
2  this request; the narrow redactions sought by T-Mobile easily meet this standard.

4  DATED: May 9, 2024                    Respectfully submitted,

5                                        GIBSON, DUNN & CRUTCHER LLP

7                                        By: */s/ Rachel S. Brass*
                                             Rachel S. Brass

8                                        *Attorneys for Non-Party T-Mobile US, Inc.*