GIBSON, DUNN & CRUTCHER LLP
RACHEL S. BRASS, SBN 219301
   rbrass@gibsondunn.com
One Embarcadero Center
Suite 2600
San Francisco, California 94111-3715
Telephone:   415.393.8200
Facsimile:   415.393.8306

*Attorneys for Non-Party
T-Mobile US, Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION**<br><br>THIS DOCUMENT RELATES TO:<br><br>*Epic Games Inc. v. Google LLC et al.,*<br>Case No. 3:20-cv-05671-JD | Case Number: 3:21-md-02981-JD<br><br>**DECLARATION OF JEFF GIARD IN SUPPORT OF GOOGLE'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Judge: Hon. James Donato |

1

I, JEFF GIARD, declare as follows:

1. I am employed by T-Mobile US, Inc. as Vice President of Partnerships and Business Development in its Marketing, Strategy, and Products Group. I was involved in the negotiation of the 2017 Google Play Carrier Billing Agreement ("Agreement") on behalf of T-Mobile. I have personal knowledge of the following information and if called upon to do so, could and would testify competently thereto.

2. The 2017 Google Play Carrier Billing Agreement has been extended and it is currently the operative agreement between Google and T-Mobile as to Carrier Billing today. T-Mobile considers this Agreement to be highly confidential. T-Mobile does not disclose or discuss the terms of such contracts outside of the company, except to authorized persons such as our outside counsel.

3. The financial terms of this Agreement, contained in Exhibit B to the Agreement (and set out in the second sentence of footnote 32 on page 10 of the Statement of Dr Gregory K. Leonard), are the most sensitive information in the Agreement. Disclosure of the specific financial terms in this Agreement would cause significant competitive harm to T-Mobile in several respects.

4. Disclosure of the current financial terms between Google and T-Mobile would provide T-Mobile's competitors with an unfair advantage. Disclosure would give T-Mobile's competitors competitive information that they could leverage to get equal (or better) terms in their negotiations with Google. Disclosure would also give them insight into T-Mobile's financial situation and its ability to compete. This would be particularly unfair to T-Mobile because, as I understand it, the equivalent terms from the contracts of other wireless carriers are not in the public record in this case.

5. Disclosure of the specific terms of the Agreement would also harm T-Mobile in its future negotiations with other app stores. These terms reveal T-Mobile's negotiation strategy and the level of compensation it has been willing to accept. Disclosure would therefore give T-Mobile's contracting partners an unfair advantage in future negotiations.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that this declaration was executed on the date noted below.

_____
Jeff Giard
05/09/2024
VP, Business Development