1 | HUESTON HENNIGAN LLP
John C. Hueston, State Bar No. 164921
2 | jhueston@hueston.com
Douglas J. Dixon, State Bar No. 275389
3 | ddixon@hueston.com
620 Newport Center Drive, Suite 1300
4 | Newport Beach, CA 92660
Telephone:     (949) 229-8640
5 |
HUESTON HENNIGAN LLP
6 | Joseph A. Reiter, State Bar No. 294976
jreiter@hueston.com
7 | Christine Woodin, State Bar No. 295023
cwoodin@hueston.com
8 | 523 West 6th Street, Suite 400
Los Angeles, CA 90014
9 | Telephone:     (213) 788-4340

10 | Attorneys for Non-Parties Match Group, LLC;
Humor Rainbow, Inc.; PlentyofFish Media ULC;
11 | and People Media, Inc.

12 | UNITED STATES DISTRICT COURT

13 | NORTHERN DISTRICT OF CALIFORNIA

14 |

15 | IN RE GOOGLE PLAY STORE | Case No. 3:21-md-02981-JD
ANTITRUST LITIGATION
16 | | **NON-PARTIES MATCH GROUP, LLC;**
THIS DOCUMENT IS RELATED TO: | **HUMOR RAINBOW, INC.;**
17 | | **PLENTYOFFISHMEDIA ULC; AND**
*Epic Games Inc. v. Google LLC et al.,* | **PEOPLE MEDIA, INC.'S STATEMENT IN**
18 | Case No. 3:20-cv-05671-JD | **SUPPORT OF SEALING CONFIDENTIAL**
| **INFORMATION IN CONNECTION WITH**
19 | | **GOOGLE'S OBJECTIONS TO EPIC'S**
| **PROPOSED INJUNCTION**
20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

Pursuant to Civil Local Rules 7-11 and 79-5, Match Group, LLC; Humor Rainbow, Inc.; PlentyofFish Media ULC; and People Media, Inc. (collectively, the "Match Non-Parties") respectfully move the Court to seal the entirety of Exhibit 19 to the Shikman Declaration and portions of the Statement of Dr. Gregory Leonard filed in Case Nos. 3:21-md-02981-JD and 3:20-cv-05671-JD. This Statement in Support of Sealing Confidential Information is supported by the Declaration of Ian Purves ("Purves Declaration"), and the Proposed Order submitted herewith, and is submitted pursuant to Civil Local Rule 79-5(c) and (f).

<u>**ARGUMENT**</u>

Civil Local Rule 79-5(b) allows sealing any document that is "privileged, protectable as a trade secret or otherwise entitled to protection under the law." "[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action." *Kamakana v. City and County. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). The Ninth Circuit and Supreme Court have long recognized that competitively sensitive information "that might harm a litigant's competitive standing" satisfy the compelling reasons standard. *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (unpublished) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) ("[C]ourts have refused to permit their files to serve as . . . sources of business information that might harm a litigant's competitive standing")). "Examples include when a court record might be used to as sources of business information that might harm a litigant's competitive standing." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016).

The information Match Non-Parties seek to seal would allow Match Non-Parties' competitors and counterparties to understand granular details and datapoints about, among other things, revenue, fees, and customer purchases over time in relation to Match Non-Parties' online dating services, and would accordingly potentially harm Match Non-Parties' competitive standing. The Match Non-Parties have "narrowly tailored" their request to "only redact the portions of filings and the precise exhibits" that implicate "confidential business information," and this information is "not available to the public." *In re Qualcomm Litig.*, 2017 WL 5176922, at *2 (S.D. Cal. 2017). The Match Non-

6660631

1 Parties accordingly ask that these materials be maintained under seal and provide the Declaration of

2 Ian Purves in support of this Statement in Support of Sealing.

3         Specifically, the Match Non-Parties seek to exclude the entirety of Exhibit 19 to the Shikman

4 Declaration and portions of the Statement of Dr. Gregory Leonard identified below:

| Document and Location of Designated Information | Match Non-Parties' Bases for Sealing |
|---|---|
| Exhibit 19 to Declaration of Dane Shikman in Support of Google's Objections to Epic's Proposed Injunction [Dkt. 960-1]; Exhibit in Entirety | This exhibit contains non-public and highly confidential financial information related to consumer purchases on Tinder, Match, OkCupid, OurTime, and PlentyofFish on Android, iOS, and web. Disclosure would severely and adversely impact Match Non-Parties' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Non-Parties in marketing and in negotiations. Moreover, if revealed to competitors and potential business counterparties, this non-public and confidential information could give competitors insight into Match Non-Parties' businesses with respect to purchasing trends of Match Non-Parties' customers, which could cause competitive harm. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Non-Parties in negotiations by pointing to this financial information. In addition, material, non-public, sensitive financial information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this financial data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business. This information, moreover, is not relevant to the Objections. |
| Statement of Dr. Gregory Leonard in Support of Google's Objections to Epic's Proposed Injunction [Dkt. 960-4]; Paragraph 32 (between "ranged between" and "over the period"); Footnote 43 (between "processing cost of" and "from 2015-2021") | The selected portions of this Statement contain non-public information regarding payment processing costs for Match Non-Parties and reveal confidential business terms between Match Non-Parties and third parties. Disclosure would severely and adversely impact Match Non-Parties' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Non-Parties in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Non-Parties in negotiations by pointing to this financial information. In addition, material, non-public, sensitive financial information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this financial data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business. This information, moreover, is not relevant to the Objections. |

6660631

1

## <u>CONCLUSION</u>

For the foregoing reasons, Match Non-Parties respectfully request that the Court seal the entirety of Exhibit 19 to the Shikman Declaration and the portions of the Statement of Dr. Gregory Leonard identified above.

Dated: May 9, 2024                    HUESTON HENNIGAN LLP

By: _____
Douglas J. Dixon
Christine Woodin
Joseph A. Reiter

*Counsel for Non-Parties Match Group, LLC et al.*

- 4 -

MATCH NON-PARTIES' STATEMENT IN SUPPORT OF SEALING CONFIDENTIAL INFORMATION
Case Nos. 3:21-md-02981-JD; 3:20-cv-05671-JD

6660631