HUESTON HENNIGAN LLP
John C. Hueston, State Bar No. 164921
jhueston@hueston.com
Douglas J. Dixon, State Bar No. 275389
ddixon@hueston.com
620 Newport Center Drive, Suite 1300
Newport Beach, CA 92660
Telephone:  (949) 229-8640

HUESTON HENNIGAN LLP
Joseph A. Reiter, State Bar No. 294976
jreiter@hueston.com
Christine Woodin, State Bar No. 295023
cwoodin@hueston.com
523 West 6th Street, Suite 400
Los Angeles, CA 90014
Telephone:  (213) 788-4340

Attorneys for Non-Parties Match Group, LLC; Humor Rainbow, Inc.; PlentyofFish Media ULC; and People Media, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION<br><br>THIS DOCUMENT IS RELATED TO:<br><br>*Epic Games Inc. v. Google LLC et al.*, Case No. 3:20-cv-05671-JD | Case No. 3:21-md-02981-JD<br><br>**DECLARATION OF IAN PURVES IN SUPPORT OF NON-PARTIES MATCH GROUP, LLC; HUMOR RAINBOW, INC.; PLENTYOFFISHMEDIA ULC; AND PEOPLE MEDIA, INC.'S STATEMENT IN SUPPORT OF SEALING CONFIDENTIAL INFORMATION IN CONNECTION WITH GOOGLE'S OBJECTIONS TO EPIC'S PROPOSED INJUNCTION** |

## DECLARATION OF IAN PURVES

I, Ian Purves, declare:

1.  I am Director of Program Management, Distribution Channels and Payments for Non-Party Match LLC.

2.  Through the course of my employment with Match LLC, I am familiar with how Match LLC and companies within the Match Group, Inc. portfolio, including Match Group, LLC, Humor Rainbow, Inc., PlentyofFish Media ULC, and People Media, Inc. (collectively, the "Match Non-Parties"), handle their respective proprietary business information, including such information as it pertains to their respective brands, Tinder, Match, OkCupid, PlentyofFish, and OurTime, as well as how other Match Group, Inc. portfolio brands, which are not operated by Match Non-Parties, handle confidential and proprietary business information. I make this declaration in connection with Non-Parties Match Group, LLC; Humor Rainbow, Inc.; PlentyofFish Media ULC; and People Media, Inc.'s Statement in Support of Sealing Confidential Information pursuant to Civil Local Rule 79-5(f) on behalf of Match Group, LLC; Humor Rainbow, Inc.; PlentyofFish Media ULC; and People Media, Inc. I know the facts stated herein based on my own personal knowledge and, if called as a witness, I could and would testify competently thereto.

3.  The Match Non-Parties operate online dating brands within the highly competitive online dating category. Companies in these industries, including Match Non-Parties, undertake extensive measures to protect their confidential information from competitors to ensure that they maintain their competitive advantages. Match Non-Parties are key innovators and constantly seek to gain—and maintain—an edge in this always evolving industry. Match Non-Parties compete vigorously with both new and established companies that are eager to imitate ideas or garner strategic insights from others in the industry like Match Non-Parties. There is no doubt that competitors would be very eager to acquire and study Match Non-Parties' non-public, confidential and proprietary business information and exploit it to gain competitive advantage.

4.  I understand that Google has filed Objections to Epic's Proposed Injunction ("Objections") at Case No. 3:21-md-02981-JD. I have reviewed the portions relevant to Match Non-Parties of the unredacted materials identified below. Specified portions of those materials

1  should remain under seal for the reasons stated in this declaration.[1]

2      5.    Specifically, disclosing this information to third parties could be used against Match Non-Parties in their future business negotiations with third parties. Information that may seem insignificant on its own can (individually or with other documents) give an expert reader or industry competitor meaningful insight. This insight can be derived even if the information is several years old.  Companies in our industry do not and would not release this type of information publicly.

    6.    Match Non-Parties request to seal the following materials listed below.

| Document Name | Location of Designated Information | Match Non-Parties' Bases for Sealing |
|---|---|---|
| Exhibit 19 to Declaration of Dane Shikman in Support of Google's Objections to Epic's Proposed Injunction [Dkt. 960-1] | Exhibit in Entirety | This exhibit contains non-public and highly confidential financial information related to consumer purchases on Tinder, Match, OkCupid, OurTime, and PlentyofFish on Android, iOS, and web. Disclosure would severely and adversely impact Match Non-Parties' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Non-Parties in marketing and in negotiations. Moreover, if revealed to competitors and potential business counterparties, this non-public and confidential information could give competitors insight into Match Non-Parties' businesses with respect to purchasing trends of Match Non-Parties' customers, which could cause competitive harm. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Non-Parties in negotiations by pointing to this financial information. In addition, material, non-public, sensitive financial information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this financial data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business. This information, moreover, is not relevant to the Objections. |

---

[1] In addition to having been filed in the MDL docket, Case No. 3:21-md-02981-JD, I understand that these documents have also been filed on the individual docket at *Epic Games, Inc. v. Google LLC et al.*, No. 3:20-cv-05671-JD (N.D. Cal) ("Epic Action"). All references herein refer to the same documents on the Epic Action docket.

| Document Name | Location of Designated Information | Match Non-Parties' Bases for Sealing |
|---|---|---|
| Statement of Dr. Gregory Leonard in Support of Google's Objections to Epic's Proposed Injunction [Dkt. 960-4] | Paragraph 32 (between "ranged between" and "over the period"); Footnote 43 (between "processing cost of" and "from 2015-2021") | The selected portions of this Statement contain non-public information regarding payment processing costs for Match Non-Parties and reveal confidential business terms between Match Non-Parties and third parties. Disclosure would severely and adversely impact Match Non-Parties' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Non-Parties in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Non-Parties in negotiations by pointing to this financial information. In addition, material, non-public, sensitive financial information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this financial data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business. This information, moreover, is not relevant to the Objections. |

7. I understand from counsel that Civil Local Rule 79-5(b) allows sealing any document that is "privileged, protectable as a trade secret or otherwise entitled to protection under the law." "[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action." *Kamakana v. City and Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). I further understand that the Ninth Circuit and Supreme Court have long recognized that trade secrets and other information "that might harm a litigant's competitive standing" satisfy the compelling reasons standard. *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (unpublished) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) ("[C]ourts have refused to permit their files to serve as . . . sources of business information that might harm a litigant's competitive standing")). "Examples include when a court record might be used to as sources of business information that might harm a litigant's competitive standing." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016).

8. The information Match Non-Parties seek to seal would allow Match Non-Parties' competitors and counterparties to understand granular details and datapoints about, among other things, revenue, fees, and customer purchases over time in relation to Match Non-Parties' dating services, and would accordingly potentially harm Match Non-Parties' competitive standing.

9. Match Non-Parties have "narrowly tailored" their request to "only redact the portions of filings and the precise exhibits" that implicate "confidential business information," and this information is "not available to the public." *In re Qualcomm Litig.*, 2017 WL 5176922, at *2 (S.D. Cal. 2017). Match Non-Parties accordingly ask that these materials be maintained under seal.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this ninth day of May, 2024, at Carrollton, Texas.

*/s/ Ian Purves*
Ian Purves