Brian C. Rocca, Bar No. 221576
brian.rocca@morganlewis.com
Sujal J. Shah, Bar No. 215230
sujal.shah@morganlewis.com
Michelle Park Chiu, Bar No. 248421
michelle.chiu@morganlewis.com
Minna Lo Naranjo, Bar No. 259005
minna.naranjo@morganlewis.com
Rishi P. Satia, Bar No. 301958
rishi.satia@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Telephone: (415) 442-1000

Richard S. Taffet, *pro hac vice*
richard.taffet@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
101 Park Avenue
New York, NY 10178-0060
Telephone: (212) 309-6000

*Counsel for Defendants*

Glenn D. Pomerantz, Bar No. 112503
glenn.pomerantz@mto.com
Kuruvilla Olasa, Bar No. 281509
kuruvilla.olasa@mto.com
**MUNGER, TOLLES & OLSON LLP**
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071
Telephone: (213) 683-9100

Justin P. Raphael, Bar No. 292380
justin.raphael@mto.com
Dane P. Shikman, S.B. #313656
dane.shikman@mto.com
Rebecca L. Sciarrino, S.B. # 336729
rebecca.sciarrino@mto.com
**MUNGER, TOLLES & OLSON LLP**
560 Mission Street, Twenty Seventh Fl.
San Francisco, California 94105
Telephone: (415) 512-4000

Jonathan I. Kravis, *pro hac vice*
jonathan.kravis@mto.com
**MUNGER, TOLLES & OLSON LLP**
601 Massachusetts Ave. NW, Ste 500E
Washington, D.C. 20001
Telephone: (202) 220-1100

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION**<br><br>THIS DOCUMENT RELATES TO:<br><br>*Epic Games Inc. v. Google LLC et al.,*<br>Case No. 3:20-cv-05671-JD | Case No. 3:21-md-02981-JD<br><br>**GOOGLE'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL MATERIALS IN CONNECTION WITH GOOGLE'S PROFFER REGARDING EPIC'S PROPOSED INJUNCTION**<br><br>Judge:  Hon. James Donato |

## INTRODUCTION

Pursuant to Civil Local Rules 7-11 and 79-5, and Paragraphs 25-30 of this Court's Standing Order for Civil Cases, Google Defendants ("Google") respectfully move the Court to seal portions of supporting documents to Google's Proffer Regarding Epic's Proposed Injunction (MDL Dkt No. 981). This Administrative Motion to File Under Seal is supported by the Declaration of Christian Cramer ("Cramer Decl.") and the Proposed Order submitted herewith and is submitted pursuant to Civil Local Rule 79-5(c).

## LEGAL STANDARD

The Ninth Circuit holds that sealing is appropriate where the "party seeking to seal a judicial record" demonstrates "compelling reasons" that outweigh the "general history of access and the public policies favoring disclosure." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006); *see also Fed. Trade Comm'n v. Qualcomm Inc.*, No. 17-CV-00220-LHK, 2019 WL 95922, at *3 (N.D. Cal. Jan. 3, 2019). Compelling reasons may exist where the material to be disclosed includes "business information that might harm a litigant's competitive standing." *Ctr. For Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598-99 (1978)). Moreover, public release of "detailed financial information" can implicate a "significant interest" of a party because it could lead to competitive harm. *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1225 (Fed. Cir. 2013). As the Ninth Circuit has stated, "[s]ecrecy is a one-way street: Once information is published, it cannot be made secret again." *In re Copley Press, Inc.*, 518 F.3d 1022, 1025 (9th Cir. 2008).

## ARGUMENT

Recognizing that there is a presumption in favor of access to court papers, Google focuses this narrow sealing request on (1) highly confidential, sensitive compensation data for the employee roles that would be involved in the implementation of Epic's proposed remedies, and (2) highly confidential, non-public costs of Google Play's app review efforts, including granular cost and organizational structure detail.

1
GOOGLE'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL MATERIALS IN CONNECTION WITH
GOOGLE'S PROFFER REGARDING EPIC'S PROPOSED INJUNCTION
Case Nos. 3:21-md-02981-JD; 3:20-cv-05671-JD

1 First, the information Google seeks to seal reflects highly confidential and sensitive compensation data for specific positions within Google. If publicly disclosed, competitors could use that highly confidential information to gain a competitive advantage over Google in hiring. For example, third-parties that compete with Google for talent would gain insights into confidential and sensitive aspects of Google's compensation data, allowing these third-parties to potentially gain an unfair advantage in competing against Google for labor. Courts have found this type of information to meet the "compelling reasons" standard. *See In re High-Tech Antitrust Empl. Litig.*, No. 11–CV–02509–LHK, 2013 WL 163779, at *9 (N.D. Cal. Jan. 15, 2013) (granting request to maintain confidentiality of compensation data "given the potential harm that may come from public disclosure"); *Southcentral Found. v. Alaska Native Tribal Health Consortium*, Case No. 3:17-cv-00018-TMB, 2018 WL 11352150, at *7 (D. Ala. Sept. 17, 2018) (in concluding that materials should remain under seal, agreed that "non-executive employee compensation is not public" and that competitors could use compensation policies to "undercut [defendant's] compensation terms").

Second, Google's competitors could improperly utilize this highly confidential cost estimate information to compete unfairly against Google more generally, including, for example, to benchmark against Google's operational costs and attempt to mirror and/or beat those costs. *See Apple*, 727 F.3d at 1225 (Fed. Cir. 2013) (there are "compelling reasons" to seal whether disclosure would lead to a "competitive disadvantage" compared to the party's "current position"); *Sun Microsystems Inc. v. Network Appliance*, No. C–08–01641–EDL, 2009 WL 5125817, at *9 (N.D. Cal Dec. 21, 2009) (sealing confidential business information, which if disclosed could cause harm to the parties).

Specifically, competing app stores and platforms could compare Google's non-public and highly confidential app review cost and resource data to their own to gauge their company's operational efficiency and labor needs, and adjust their strategies based on that information to more effectively compete against Google. In particular, Google's confidential costs for reviewing apps on Google Play, both in total and broken down by team type and description,

reflect strategic and business priorities for the organization. Google's competitors would obtain an unfair advantage if given detailed financial insight into Google's allocation and depth of investments that enhance its platform, brand, and reputation to app developers and users, which further reflect Google's operational and strategic priorities. Again, courts have routinely found this type of information to meet the "compelling reasons" standard and warrant sealing. *See IntegrityMessageBoards.com v. Facebook, Inc.*, Case No. 18-cv-05286-PJH, 2020 WL 6544411, at *12 (N.D. Cal. Nov. 6, 2020) (agreeing to seal "subject numbers" that "provide some glimpse into defendant's mental impressions about how to dedicate its organizational efforts"); *Apple*, 727 F.3d at 1226 (finding the parties had a "significant" interest in preventing the release of their detailed financial information, including cost data).

For the reasons explained above, Google respectfully requests that the Court grant this Motion and enter the Proposed Order submitted herewith.

Dated: June 24, 2024

Respectfully submitted,

By:  /s/ *Dane P. Shikman*
Dane P. Shikman

**MUNGER TOLLES & OLSON LLP**
Glenn D. Pomerantz
Kuruvilla Olasa
Dane Shikman
Rebecca Sciarrino
Jonathan I. Kravis
Justin P. Raphael

**MORGAN, LEWIS & BOCKIUS LLP**
Minna Lo Naranjo
Brian C. Rocca
Sujal J. Shah
Michelle Park Chiu
Rishi P. Satia

*Counsel for Defendants*

**E-FILING ATTESTATION**

I, Glenn P. Pomerantz, am the ECF User whose ID and password are being used to file this document.  In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that each of the signatories identified above has concurred in this filing.

                          */s/ Glenn P. Pomerantz*
                          Glenn P. Pomerantz