Paul J. Riehle (SBN 115199)
paul.riehle@faegredrinker.com
**FAEGRE DRINKER BIDDLE & REATH LLP**
Four Embarcadero Center
San Francisco, California 94111
Telephone: (415) 591-7500
Facsimile: (415) 591-7510

Gary A. Bornstein (*pro hac vice*)
gbornstein@cravath.com
Timothy G. Cameron (*pro hac vice*)
tcameron@cravath.com
Yonatan Even (*pro hac vice*)
yeven@cravath.com
Lauren A. Moskowitz (*pro hac vice*)
lmoskowitz@cravath.com
Justin C. Clarke (*pro hac vice*)
jcclarke@cravath.com
Michael J. Zaken (*pro hac vice*)
mzaken@cravath.com
M. Brent Byars (*pro hac vice*)
mbyars@cravath.com
**CRAVATH, SWAINE & MOORE LLP**
375 Ninth Avenue
New York, New York 10001
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

*Attorneys for Plaintiff Epic Games, Inc.*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION**<br><br>THIS DOCUMENT RELATES TO:<br><br>*Epic Games, Inc. v. Google LLC et al.*, Case No. 3:20-cv-05671-JD | Case No. 3:21-md-02981-JD<br><br>**EPIC GAMES, INC.'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED**<br><br>Judge: Hon. James Donato |

Pursuant to Civil Local Rules 7-11 and 79-5, Plaintiff Epic Games, Inc. ("Epic") hereby moves the Court to issue an administrative order on the filing under seal of certain portions of Epic's Response to Google's Proffer Regarding Epic's Proposed Injunction ("Epic's Response"), its accompanying exhibits ("Exhibits"), Dr. Michael D. Ernst's Declaration in Support of Epic's Response ("Ernst Declaration"), and Dr. James Mickens' Declaration in Support of Epic's Response ("Mickens Declaration"). Public, redacted versions of these materials have been filed in accordance with this Court's Local Rules.

Subsection (f) of Civil Local Rule 79-5 sets forth procedures that apply when a party seeks to file information designated as confidential by the opposing party. Under subsection (f)(1), the Filing Party's Administrative Motion to Consider Whether Another Party's Material Should Be Sealed "must identify each document or portions thereof for which sealing is sought". Pursuant to subsection (f)(3) of Local Rule 79-5, the Designating Party then has 7 days to file a declaration establishing that all of the designated material is "sealable" according to the standards set out in subsection (c)(1), after which any party may respond within 4 days, pursuant to subsection (f)(4).

Civil Local Rule 79-5 provides that documents, or portions thereof, may be sealed if a party makes "a specific statement of the applicable legal standard and the reasons for keeping a document under seal, including an explanation of (i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient". Civ. L.R. 79-5(c)(1) (emphasis in original). The party seeking to seal documents must demonstrate compelling reasons that outweigh the policies favoring disclosure. (*See* Google's Administrative Motion to File Under Seal Material In Connection with Google's Proffer, Dkt. 982 at 2); *see also Ctr. for Auto Safety v. Chrysler Grp.*, LLC, 809 F.3d 1092, 1101 (9th Cir. 2016) (defining dispositive motions subject to the compelling reasons standard as those that "more than tangentially related to the merits of the case".). Generally, compelling reasons that justify the sealing of court records exist "when such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade

secrets". *Kamakana v. City & Cnty. of Honolulu,*, 447 F.3d 1172, 1179 (9th Cir. 2006) (internal quotation marks omitted). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records". *Id.* Moreover, "[t]he fact that the parties may have designated a document as confidential under a stipulated protective order is also not enough to justify sealing." *In re Google Play Store Antitrust Litig.*, 2021 WL 4190165 (N.D. Cal. Aug. 25, 2021).

Epic's Response, the Exhibits, the Ernst Declaration and the Mickens Declaration contain information that is sourced from documents that Defendants Google LLC, Google Ireland Limited, Google Commerce Limited, Google Asia Pacific Pte. Limited, and Google Payment Corp. (collectively, "Google") have designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to the operative Protective Orders entered by the Court, ECF Nos. 123, 154 and 170. Those portions are identified in the Declaration of Yonatan Even submitted herewith and highlighted in the under seal version of Epic's Response, the Exhibits, the Ernst Declaration and the Mickens Declaration.

| Document | Portion Containing Designated Information | Designating Party |
|---|---|---|
| Epic's Response | Page 2, Line 11 | Google |
| Epic's Response | Page 4, Line 14 | Google |
| Epic's Response | Page 5, Lines 17-18 | Google |
| Epic's Response | Page 5, n.1 | Google |
| Epic's Response | Page 6, Line 8 | Google |
| Epic's Response | Page 6, Lines 11-14 | Google |
| Epic's Response | Page 8, Lines 22-26 | Google |
| Epic's Response | Page 9, Line 2 | Google |
| Epic's Response | Page 9, Lines 25-26 | Google |
| Epic's Response | Page 10, Line 2 | Google |

| Document | Portion Containing Designated Information | Designating Party |
|---|---|---|
| Epic's Response | Page 10, Lines 20-23 | Google |
| Epic's Response | Page 11, Lines 12-14 | Google |
| Epic's Response | Page 11, Line 18 | Google |
| Epic's Response | Page 11, Lines 20-22 | Google |
| Epic's Response | Pages 11, Lines 24-25 | Google |
| Epic's Response | Page 11, n.2 | Google |
| Epic's Response | Page 12, Lines 2-4 | Google |
| Epic's Response | Page 12, Lines 6-9 | Google |
| Epic's Response | Page 12, Line 19 | Google |
| Epic's Response | Page 13, Lines 24-25 | Google |
| Epic's Response | Page 15, Line 17 | Google |
| Epic's Response | Page 16, Lines 13-14 | Google |
| Epic's Response | Page 16, n.5 | Google |
| Epic's Response | Page 17, Line 1 | Google |
| Epic's Response | Page 17, Line 8 | Google |
| Epic's Response | Page 17, Lines 15-16 | Google |
| Epic's Response | Page 18, Line 15 | Google |
| Epic's Response | Page 19, Line 10 | Google |
| Epic's Response | Page 19, Lines 18-23 | Google |
| Epic's Response | Page 20, Lines 17-19 | Google |
| Epic's Response | Page 21, Lines 1-2 | Google |
| Epic's Response | Page 21, Line 4 | Google |

| Document | Portion Containing Designated Information | Designating Party |
|---|---|---|
| Epic's Response | Page 21, Lines 12-14 | Google |
| Epic's Response | Page 21, Lines 23-24 | Google |
| Epic's Response | Page 21, n.7 | Google |
| Epic's Response | Page 23, Lines 11-12 | Google |
| Epic's Response | Page 24, Lines 22-23 | Google |
| Epic's Response | Page 24, Line 26 | Google |
| Epic's Response | Page 25, Line 1 | Google |
| Epic's Response | Page 25, Lines 2-5 | Google |
| Epic's Response | Page 25, Lines 8-9 | Google |
| Epic's Response | Page 25, Line 11 | Google |
| Epic's Response | Page 25, Lines 15-18 | Google |
| Epic's Response | Page 25, Line 19 | Google |
| Excerpts of Deposition Transcript of David Kleidermacher (Exhibit 1) | Redacted in Full | Google |
| Excerpts of Deposition Transcript of Vitor Baccetti (Exhibit 2) | Redacted in Full | Google |
| Excerpts of Deposition Transcript of Edward Cunningham (Exhibit 3) | Redacted in Full | Google |
| Excerpts of Deposition Transcript of | Redacted in Full | Google |

| Document | Portion Containing Designated Information | Designating Party |
|---|---|---|
| Christian Cramer (Exhibit 4) | | |
| Ernst Declaration | Page 2, Lines 5-7 | Google |
| Ernst Declaration | Page 2, Line 9 | Google |
| Ernst Declaration | Page 4, Line 10 | Google |
| Ernst Declaration | Page 5, Line 1 | Google |
| Ernst Declaration | Page 5, Line 15 | Google |
| Ernst Declaration | Page 5, Line 16 | Google |
| Ernst Declaration | Page 5, Line 17 | Google |
| Ernst Declaration | Page 5, Line 18 | Google |
| Ernst Declaration | Page 6, Lines 12-13 | Google |
| Ernst Declaration | Page 10, Lines 16-17 | Google |
| Ernst Declaration | Page 12, Line 10 | Google |
| Ernst Declaration | Page 12, Line 11 | Google |
| Ernst Declaration | Page 15, Lines 14-18 | Google |
| Ernst Declaration | Page 16, Line 2 | Google |
| Ernst Declaration | Page 16, Lines 3-5 | Google |
| Ernst Declaration | Page 21, Line 21 | Google |
| Ernst Declaration | Page 22, Lines 1-3 | Google |
| Ernst Declaration | Page 23, Lines 1-2 | Google |
| Ernst Declaration | Page 24, Lines 1-3 | Google |
| Ernst Declaration | Page 24, Lines 8-9 | Google |
| Ernst Declaration | Page 27, Line 6 | Google |

| Document | Portion Containing Designated Information | Designating Party |
|---|---|---|
| Ernst Declaration | Page 27, Lines 18-19 | Google |
| Ernst Declaration | Page 27, Lines 22-23 | Google |
| Ernst Declaration | Page 28, Line 1 | Google |
| Ernst Declaration | Page 29, Lines 3-6 | Google |
| Ernst Declaration | Page 29, Lines 7-9 | Google |
| Ernst Declaration | Page 31, Lines 21-22 | Google |
| Ernst Declaration | Page 33, Line 17 | Google |
| Mickens Declaration | Page 9, Line 21 | Google |
| Mickens Declaration | Page 10, Lines 1-2 | Google |

Epic opposes the sealing of any portions of these documents but seeks leave to provisionally file the documents under seal as materials were designated confidential or highly confidential by another party. *See* Local Rule 79-5(f). Epic reserves the right to oppose, under Rule 79-5(f)(4), any submission Google makes to support sealing under Rule 79-5(f)(3).

Epic also hereby provides notice of lodging to all parties and their counsel pursuant to Civil Local Rule 79-5(f).

Dated: July 24, 2024                   CRAVATH, SWAINE & MOORE LLP

                                                    Gary A. Bornstein
                                                    Timothy G. Cameron
                                                    Yonatan Even
                                                    Lauren A. Moskowitz
                                                    Justin C. Clarke
                                                    Michael Zaken
                                                    M. Brent Byars

Respectfully submitted,

By:   */s/ Yonatan Even*
       Yonatan Even

*Attorneys for Plaintiff Epic Games, Inc.*