Brian C. Rocca, Bar No. 221576
brian.rocca@morganlewis.com
Sujal J. Shah, Bar No. 215230
sujal.shah@morganlewis.com
Michelle Park Chiu, Bar No. 248421
michelle.chiu@morganlewis.com
Minna Lo Naranjo, Bar No. 259005
minna.naranjo@morganlewis.com
Rishi P. Satia, Bar No. 301958
rishi.satia@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Telephone: (415) 442-1000

Richard S. Taffet, *pro hac vice*
richard.taffet@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
101 Park Avenue
New York, NY 10178-0060
Telephone: (212) 309-6000

*Counsel for Defendants*

Glenn D. Pomerantz, Bar No. 112503
glenn.pomerantz@mto.com
Kuruvilla Olasa, Bar No. 281509
kuruvilla.olasa@mto.com
**MUNGER, TOLLES & OLSON LLP**
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071
Telephone: (213) 683-9100

Justin P. Raphael, Bar No. 292380
justin.raphael@mto.com
Dane P. Shikman, S.B. #313656
dane.shikman@mto.com
Rebecca L. Sciarrino, S.B. # 336729
rebecca.sciarrino@mto.com
**MUNGER, TOLLES & OLSON LLP**
560 Mission Street, Twenty Seventh Fl.
San Francisco, California 94105
Telephone: (415) 512-4000

Jonathan I. Kravis, *pro hac vice*
jonathan.kravis@mto.com
**MUNGER, TOLLES & OLSON LLP**
601 Massachusetts Ave. NW, Ste 500E
Washington, D.C. 20001
Telephone: (202) 220-1100

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION**<br><br>THIS DOCUMENT RELATES TO:<br><br>*Epic Games Inc. v. Google LLC et al.,*<br>Case No. 3:20-cv-05671-JD | Case No. 3:21-md-02981-JD<br><br>**GOOGLE'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL MATERIALS IN CONNECTION WITH EPIC'S PROFFER RESPONSE REGARDING EPIC'S PROPOSED INJUNCTION**<br><br>Judge: Hon. James Donato |

## INTRODUCTION

Pursuant to Civil Local Rules 7-11 and 79-5, and Paragraphs 25-30 of this Court's Standing Order for Civil Cases, Google Defendants ("Google") respectfully move the Court to seal portions of supporting documents to Epic's Proffer Response Regarding Epic's Proposed Injunction (MDL Dkt No. 985). This Administrative Motion to File Under Seal is supported by the Declaration of Christian Cramer ("Cramer Decl.") and the Proposed Order submitted herewith and is submitted pursuant to Civil Local Rule 79-5(c).

## LEGAL STANDARD

The Ninth Circuit holds that sealing is appropriate where the "party seeking to seal a judicial record" demonstrates "compelling reasons" that outweigh the "general history of access and the public policies favoring disclosure." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006); *see also Fed. Trade Comm'n v. Qualcomm Inc.*, No. 17-CV-00220-LHK, 2019 WL 95922, at *3 (N.D. Cal. Jan. 3, 2019). Compelling reasons may exist where the material to be disclosed includes "business information that might harm a litigant's competitive standing." *Ctr. For Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598-99 (1978)). Moreover, public release of "detailed financial information" can implicate a "significant interest" of a party because it could lead to competitive harm. *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1225 (Fed. Cir. 2013). Compelling reasons may also exist where the information to be disclosed reflects discussions of business strategy. *Krieger v. Atheros Commc'ns, Inc.*, No. 11-CV-00640-LHK, 2011 WL 2550831, at *1 (N.D. Cal. June 25, 2011). As the Ninth Circuit has stated, "[s]ecrecy is a one-way street: Once information is published, it cannot be made secret again." *In re Copley Press, Inc.*, 518 F.3d 1022, 1025 (9th Cir. 2008).

## ARGUMENT

Recognizing that there is a presumption in favor of access to court papers, Google focuses this narrow sealing request on the same categories of information it sought to seal in Google's Proffer Response Regarding Epic's Proposed Injunction, MDL Dkt. 982: (1) highly

confidential, sensitive compensation data for the employee roles that would be involved in the implementation of Epic's proposed remedies, and (2) highly confidential, non-public costs of Google Play's app review efforts, including granular cost and organizational structure detail. Google additionally seeks to protect a brief discussion of current, confidential internal strategy related to Android vetting processes, which is non-public and unrelated to any technical remedies proposed by Epic, and the personal address information of a Google employee, which is private, personally identifiable information and not relevant to this litigation.

The first category of information Google seeks to seal reflects highly confidential and sensitive compensation data for specific positions within Google. If publicly disclosed, competitors could use that highly confidential information to gain a competitive advantage over Google in hiring. For example, third-parties that compete with Google for talent would gain insights into confidential and sensitive aspects of Google's compensation data, allowing these third-parties to potentially gain an unfair advantage in competing against Google for labor. Courts have found this type of information to meet the "compelling reasons" standard. *See In re High-Tech Antitrust Empl. Litig.*, No. 11–CV–02509–LHK, 2013 WL 163779, at *9 (N.D. Cal. Jan. 15, 2013) (granting request to maintain confidentiality of compensation data "given the potential harm that may come from public disclosure"); *Southcentral Found. v. Alaska Native Tribal Health Consortium*, Case No. 3:17-cv-00018-TMB, 2018 WL 11352150, at *7 (D. Ala. Sept. 17, 2018) (in concluding that materials should remain under seal, agreed that "non-executive employee compensation is not public" and that competitors could use compensation policies to "undercut [defendant's] compensation terms").

Second, with respect to app review cost estimates, Google's competitors could improperly utilize this highly confidential cost estimate information to compete unfairly against Google more generally, including, for example, to benchmark against Google's operational costs and attempt to mirror and/or beat those costs. *See Apple*, 727 F.3d at 1225 (Fed. Cir. 2013) (there are "compelling reasons" to seal whether disclosure would lead to a "competitive disadvantage" compared to the party's "current position"); *Sun Microsystems Inc. v. Network*

1  *Appliance*, No. C–08–01641–EDL, 2009 WL 5125817, at *9 (N.D. Cal Dec. 21, 2009) (sealing
2  confidential business information, which if disclosed could cause harm to the parties).
3  Specifically, competing app stores and platforms could compare Google's non-public and highly
4  confidential app review cost and resource data to their own to gauge their company's operational
5  efficiency and labor needs, and adjust their strategies based on that information to more
6  effectively compete against Google.  In particular, Google's confidential costs for reviewing
7  apps on Google Play, both in total and broken down by team type and description, reflect
8  strategic and business priorities for the organization.  Google's competitors would obtain an
9  unfair advantage if given detailed financial insight into Google's allocation and depth of
10 investments that enhance its platform, brand, and reputation to app developers and users, which
11 further reflect Google's operational and strategic priorities.  Again, courts have routinely found
12 this type of information to meet the "compelling reasons" standard and warrant sealing. *See*
13 *IntegrityMessageBoards.com v. Facebook, Inc.*, Case No. 18-cv-05286-PJH, 2020 WL 6544411,
14 at *12 (N.D. Cal. Nov. 6, 2020) (agreeing to seal "subject numbers" that "provide some glimpse
15 into defendant's mental impressions about how to dedicate its organizational efforts"); *Apple*,
16 727 F.3d at 1226 (finding the parties had a "significant" interest in preventing the release of their
17 detailed financial information, including cost data).
18       Third, public disclosure of information reflecting current, confidential internal strategy
19 discussions within Google related to its Android security and safety efforts would likely lead to
20 significant competitive harm to Google.  In particular, this sensitive strategic information could
21 be unfairly used competing app stores and platforms, for example, by enabling those competitors
22 to adjust their own efforts in an attempt to better compete with Google. Competing platforms
23 could mimic Google's plans, or attempt to beat Google to market in implementing similar plans,
24 in an attempt to enhance their own brand and reputation on trust and safety, potentially to the
25 detriment of Google.  Courts have found this type of strategic business information, including
26 regarding future product changes, to meet the "compelling reasons" standard.  *See Exeltis USA*
27 *Inc. v. First Databank, Inc.*, No. 17-CV-04810-HSG, 2020 WL 2838812, at *1 (N.D. Cal. June
28

1, 2020) (noting that courts have found "confidential business information" in the form of "business strategies" sealable under the compelling reasons standard.); *VLSI Tech. LLC v. Intel Corp.*, Case No. 17-cv-05671-BLF, 2023 WL 9187550, at *2 (N.D. Cal. Dec. 14, 2023) (finding compelling reasons to seal portions of document related to future product development and business dealings).

Lastly, Google focuses its last, narrowly tailored request on the personal address of a Google employee. This is private, personally identifiable information that bears no relevance on the issues in this litigation or Epic's proposed remedies and must be protected by the Court. *See* 7 Fed. R. Civ. P. 5.2; *Snapkeys, Ltd. v. Google LLC*, No. 19-CV-02658-LHK, 2021 WL 1951250, at *3 (N.D. Cal. May 14, 2021); *Sameer v. Khera*, No. 117CV01748DADEPG, 2018 WL 4772035, at *1 (E.D. Cal. Oct. 1, 2018).

For the reasons explained above, Google respectfully requests that the Court grant this Motion and enter the Proposed Order submitted herewith.

Dated: July 31, 2024

Respectfully submitted,

By: /s/ *Leigha M. Beckman*
Leigha M. Beckman

**MORGAN, LEWIS & BOCKIUS LLP**
Minna Lo Naranjo
Brian C. Rocca
Sujal J. Shah
Michelle Park Chiu
Rishi P. Satia

**MUNGER TOLLES & OLSON LLP**
Glenn D. Pomerantz
Kuruvilla Olasa
Dane Shikman
Rebecca Sciarrino
Jonathan I. Kravis
Justin P. Raphael

*Counsel for Defendants*

## E-FILING ATTESTATION

I, Leigha M. Beckman, am the ECF User whose ID and password are being used to file this document.  In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that each of the signatories identified above has concurred in this filing.

*/s/ Leigha M. Beckman*
Leigha M. Beckman