Paul J. Riehle (SBN 115199)
paul.riehle@faegredrinker.com
**FAEGRE DRINKER BIDDLE & REATH LLP**
Four Embarcadero Center
San Francisco, California 94111
Telephone: (415) 591-7500

Gary A. Bornstein (*pro hac vice*)
gbornstein@cravath.com
**CRAVATH, SWAINE & MOORE LLP**
375 Ninth Avenue
New York, New York 10001
Telephone: (212) 474-1000

*Counsel for Plaintiff Epic Games, Inc.*

*Additional counsel appear on signature page*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*Epic Games, Inc. v. Google LLC et al.*, Case No. 3:20-cv-05671-JD | Case No. 3:21-md-02981-JD<br><br>**STATEMENT RE EPIC'S ILLEGALITY DEFENSE** |

1       WHEREAS, Epic Games, Inc. ("Epic") brought this action alleging, among other things, that the provisions of Google's Developer Distribution Agreement ("DDA"), including the Developer Program Policies integrated into the DDA, requiring that apps distributed on the Google Play Store use Google Play Billing as the payment solution for handling any in-app purchases violate Sections 1 and 2 of the Sherman Act, California's Cartwright Act and California's Unfair Competition Law;

WHEREAS, Google brought a counterclaim against Epic alleging breach of the challenged provisions of the DDA;

WHEREAS, Epic acknowledged that it had not complied with the challenged provisions of the DDA but denied Google's claim of breach because of the unlawfulness of those provisions;

WHEREAS, the parties agreed that, as a result of Epic's non-compliance with the challenged provisions of the DDA, Epic did not pay Google $398,931.23 in fees that Google would otherwise have received (*see* Dkt. 850 at 5);

WHEREAS, following trial, a jury found the challenged provisions of the DDA to be unlawful;

WHEREAS, Epic contends that the unlawfulness of the challenged provisions of the DDA is a complete defense to Google's claim of breach, such that Epic is not required to pay Google anything on that claim (*see* Dkt. 393 at 17-18; Dkt. 641 at 10);

WHEREAS, at a hearing on August 14, 2024, the Court inquired whether Epic wished to have the Court adjudicate Epic's illegality defense (*see* Dkt. 1000 at 150:20-151:23); and

WHEREAS, Epic recognizes that adjudication of the illegality defense would delay the entry of a final judgment in this matter and, therefore, delay the implementation of remedies for Google's multiple violations of law;

Epic states that, to expedite the implementation of remedies for the benefit of all market participants, and without prejudice to the validity of its illegality defense, Epic will forgo adjudication of that defense and voluntarily pay Google the sum of $398,931.23, within ten days of

- 2 -

1  entry of final judgment in this matter, on the understanding that such payment will fully resolve all
2  counterclaims brought by Google against Epic.

| | |
|---|---|
| Dated:  August 19, 2024 | FAEGRE DRINKER BIDDLE & REATH LLP<br>Paul J. Riehle (SBN 115199)<br><br>CRAVATH, SWAINE & MOORE LLP<br>Gary A. Bornstein *(pro hac vice)*<br>Timothy G. Cameron *(pro hac vice)*<br>Yonatan Even *(pro hac vice)*<br>Lauren A. Moskowitz *(pro hac vice)*<br>Justin C. Clarke *(pro hac vice)*<br>Michael J. Zaken *(pro hac vice)*<br>M. Brent Byars *(pro hac vice)*<br><br>Respectfully submitted,<br><br>By: /s/ *Gary A. Bornstein*<br>Gary A. Bornstein<br><br>*Counsel for Plaintiff Epic Games, Inc.* |