Brian C. Rocca, Bar No. 221576
brian.rocca@morganlewis.com
Sujal J. Shah, Bar No. 215230
sujal.shah@morganlewis.com
Michelle Park Chiu, Bar No. 248421
michelle.chiu@morganlewis.com
Leigha Beckman, Bar No. 334611
leigha.beckman@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Telephone: (415) 442-1000

Neal Kumar Katyal, *pro hac vice*
neal.katyal@hoganlovells.com
Jessica L. Ellsworth, *pro hac vice*
jessica.ellsworth@hoganlovells.com
Reedy C. Swanson, *pro hac vice*
reedy.swanson@hoganlovells.com
**HOGAN LOVELLS US LLP**
555 13th St. NW
Washington, D.C. 20004
Telephone: (202) 637-5600

Glenn D. Pomerantz, Bar No. 112503
glenn.pomerantz@mto.com
Kuruvilla Olasa, Bar No. 281509
kuruvilla.olasa@mto.com
**MUNGER, TOLLES & OLSON LLP**
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071
Telephone: (213) 683-9100

Justin P. Raphael, Bar No. 292380
justin.raphael@mto.com
Dane P. Shikman, Bar No. 313656
dane.shikman@mto.com
**MUNGER, TOLLES & OLSON LLP**
560 Mission Street, Twenty Seventh Fl.
San Francisco, California 94105
Telephone: (415) 512-4000

Jonathan I. Kravis, *pro hac vice*
jonathan.kravis@mto.com
**MUNGER, TOLLES & OLSON LLP**
601 Massachusetts Ave. NW, Ste 500E
Washington, D.C. 20001
Telephone: (202) 220-1100

*Counsel for Defendants*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION**<br><br>THIS DOCUMENT RELATES TO:<br><br>*Epic Games Inc. v. Google LLC et al.*, Case No. 3:20-cv-05671-JD | Case No. 3:21-md-02981-JD<br><br>**GOOGLE'S EMERGENCY ADMINISTRATIVE MOTION FOR IMMEDIATE PARTIAL ADMINISTRATIVE STAY OF PERMANENT INJUNCTION; EXPEDITED BRIEFING ON ITS MOTION FOR PARTIAL STAY PENDING APPEAL; AND TO FILE AN OVERLENGTH MOTION FOR PARTIAL STAY PENDING APPEAL**<br><br>Judge: Hon. James Donato |

1    On October 7, 2024, this Court issued a permanent injunction with a number of provisions
2 that have an effective date of November 1, 2024 (Dkt. 1017[1]). Concurrently with this emergency
3 administrative motion, Defendants Google LLC, *et al.*, are filing with this Court a motion for a
4 partial stay of the permanent injunction pending appeal to the Ninth Circuit. Given the shortness
5 of time between issuance of the injunction and the effective date for many of the provisions—just
6 25 days—Google respectfully requests certain administrative relief so that this Court and, if
7 necessary, the Ninth Circuit, may consider and resolve Google's motion for a partial stay of the
8 permanent injunction pending appeal prior to any provision taking effect. A hearing is
9 unnecessary on this request for administrative relief given the Court's familiarity with the issues
10 presented by the injunction and their impact on Google.

11    Specifically, pursuant to Local Rules 6-3 and 7-11, Google requests:

12    (1) an immediate administrative stay of all the provisions of this Court's October 7, 2024
13 permanent injunction (Dkt. 1017) except ¶ 8[2] until 30 days after this Court rules on Google's
14 motion for a stay of the injunction pending appeal, which is being filed contemporaneously with
15 this motion. Granting a partial administrative stay of this limited duration will ensure that the
16 parties can brief, and this Court and the Ninth Circuit can consider, Google's request for a partial
17 stay of the injunction pending appeal. It will also ensure Google can develop the new policies and
18 guidelines and make the platform changes that are necessary to come into compliance.

19    **Google respectfully requests that the Court rule on this requested relief for an**
20 **immediate partial administrative stay of the November 1 effectiveness date by no later than**
21 **noon, Pacific time, on Wednesday, October 16, 2024**. Given the time exigencies imposed by
22 the November 1 effective date, if the Court has not granted Google's requested administrative stay

---

[1]    All references to the docket refer to docket entries in Case Number 3:21-md-02981-JD, unless otherwise noted.
[2]    Google agreed to the relief set out in ¶ 8 when it agreed to the State Settlement. Dkt. 522-2, Case No. 3:21-cv-05227-JD, at 21-22, 27-28.

by noon on October 16, Google will treat the lack of a ruling as an effective denial of the request and seek immediate relief in the Ninth Circuit.

As the Court is aware, the November 1 deadline requires that Google come into compliance with large swaths of the Court's injunction within three weeks. At the closing arguments, however, Google repeatedly indicated that at least 90 days would be necessary to comply with the proposed injunction given the technical and contractual scope of the possible remedies. August 14, 2024 Hr'g Tr., at 150:1-8. Notably, Epic did not object to that timeline. *Id.* In fact, its original proposed injunction contemplated at least a 90-day delay in the effective date to allow for compliance officers to simply notify Google executives of the order, let alone come into compliance more generally with its mandates. Dkt. 952, at 12:24-27.

Google notes, for reference, that Apple received 90 days from entry of the permanent injunction to comply with its limited mandates or seek a stay. *Epic Games, Inc. v. Apple, Inc.*, No. 4:20-cv-05640-YGR, Dkt. 813, at 1. The scope of the injunction in that case was a small fraction of the scope of the injunction this Court has imposed on Google; the entire *Apple* injunction roughly equates to just ¶ 9 of this Court's injunction. As Google's contemporaneously filed stay motion and the accompanying declarations explain, Google is required to do far more under this court's injunction (¶¶ 4-10) in about a quarter of the time period, even excluding the work that must begin immediately to implement the catalog access and third-party app store distribution provisions that have a later effectiveness date. The requested administrative stay will permit this Court and the Ninth Circuit adequate time to rule on the stay motion and also give Google time to come into compliance with the injunction's requirements should a stay be denied.

Google seeks this administrative stay in an effort to comply with Fed. R. App. P. 8(a), which requires a party to seek a stay pending appeal in the district court before filing a stay motion in the court of appeals except where "moving first in the district court would be impracticable." The November 1 compliance deadline makes it impossible to fully brief a stay motion in this Court and the Ninth Circuit before the injunction is scheduled to take effect. In the *Apple* litigation, for comparison, it took 30 days to get from the district court's order denying a stay to

-2-
GOOGLE'S EMERGENCY ADMINISTRATIVE MOTION FOR IMMEDIATE PARTIAL ADMINISTRATIVE STAY OF PERMANENT INJUNCTION; EXPEDITED BRIEFING ON ITS MOTION FOR PARTIAL STAY PENDING APPEAL; AND TO FILE AN OVERLENGTH MOTION FOR PARTIAL STAY PENDING APPEAL
Case Nos. 3:21-md-02981-JD, 3:20-cv-05671-JD

| | |
|---|---|
| 1 | the Ninth Circuit's order resolving (and granting) Apple's stay motion.  As of today, the |
| 2 | injunction's first compliance deadline is just 21 days away, and briefing has just begun in this |

the Ninth Circuit's order resolving (and granting) Apple's stay motion.  As of today, the injunction's first compliance deadline is just 21 days away, and briefing has just begun in this Court.  There is no practical way to fully brief a stay motion in such a complex case in both this Court and the Ninth Circuit within that window.  Thus, if the Court has not granted Google's request for an immediate administrative stay by **Wednesday, October 16, at noon Pacific time**, Google will treat the Court's inaction as equivalent to an order denying its motion for a stay pending appeal and will proceed to seek relief from the Ninth Circuit.

(2)  To the extent the Court grants the administrative stay requested in (1) and would like to receive a response and reply to Google's contemporaneously-filed motion for a stay of the injunction pending appeal, Google respectfully requests an expedited schedule for the motion to stay pending appeal.  Google requests that the court set October 18, 2024, as the deadline for Epic's response and October 23, 2024, as the deadline for Google's reply.  This schedule will ensure that no parties are unduly prejudiced by the time required to brief the stay motion.  Google requests a ruling based on the written briefing, unless the Court prefers to hold a hearing.

(3) Due to the scope of the Court's injunction and the extensive history of this complex case, Google respectfully requests permission to file an overlength motion for a partial stay that exceeds the limit for non-dispositive motions set by this Court's standing order in civil cases by 8 pages, to 23 pages total.  This page extension ensures that Google can explain the irreparable harm it faces, as well as address its likelihood of success on appeal, the balance of the equities, and the public interest.

The parties tried to reach a stipulation but were only partially able to do so.  Epic (a) objects to Google's request to stay the effectiveness date of the injunction, (b) agrees with Google's proposed briefing schedule, (c) takes no position on Google's request for additional pages (with the understanding that Epic will receive parity on the page limits for its opposition should the Court call for one), and (d) takes no position on Google's request that the Court rule on the administrative motion by October 16 at 12pm Pacific.  *See* Declaration of Jonathan Kravis, attached hereto.

GOOGLE'S EMERGENCY ADMINISTRATIVE MOTION FOR IMMEDIATE PARTIAL ADMINISTRATIVE STAY OF PERMANENT INJUNCTION; EXPEDITED BRIEFING ON ITS MOTION FOR PARTIAL STAY PENDING APPEAL; AND TO FILE AN OVERLENGTH MOTION FOR PARTIAL STAY PENDING APPEAL
Case Nos. 3:21-md-02981-JD, 3:20-cv-05671-JD

the Ninth Circuit's order resolving (and granting) Apple's stay motion.  As of today, the injunction's first compliance deadline is just 21 days away, and briefing has just begun in this Court.  There is no practical way to fully brief a stay motion in such a complex case in both this Court and the Ninth Circuit within that window.  Thus, if the Court has not granted Google's request for an immediate administrative stay by **Wednesday, October 16, at noon Pacific time**, Google will treat the Court's inaction as equivalent to an order denying its motion for a stay pending appeal and will proceed to seek relief from the Ninth Circuit.

(2)  To the extent the Court grants the administrative stay requested in (1) and would like to receive a response and reply to Google's contemporaneously-filed motion for a stay of the injunction pending appeal, Google respectfully requests an expedited schedule for the motion to stay pending appeal.  Google requests that the court set October 18, 2024, as the deadline for Epic's response and October 23, 2024, as the deadline for Google's reply.  This schedule will ensure that no parties are unduly prejudiced by the time required to brief the stay motion.  Google requests a ruling based on the written briefing, unless the Court prefers to hold a hearing.

(3) Due to the scope of the Court's injunction and the extensive history of this complex case, Google respectfully requests permission to file an overlength motion for a partial stay that exceeds the limit for non-dispositive motions set by this Court's standing order in civil cases by 8 pages, to 23 pages total.  This page extension ensures that Google can explain the irreparable harm it faces, as well as address its likelihood of success on appeal, the balance of the equities, and the public interest.

The parties tried to reach a stipulation but were only partially able to do so.  Epic (a) objects to Google's request to stay the effectiveness date of the injunction, (b) agrees with Google's proposed briefing schedule, (c) takes no position on Google's request for additional pages (with the understanding that Epic will receive parity on the page limits for its opposition should the Court call for one), and (d) takes no position on Google's request that the Court rule on the administrative motion by October 16 at 12pm Pacific.  *See* Declaration of Jonathan Kravis, attached hereto.

DATED: October 11, 2024

Respectfully submitted,

By:    */s/ Neal Kumar Katyal*
       Neal Kumar Katyal

**HOGAN LOVELLS US LLP**
Neal Kumar Katyal
Jessica L. Ellsworth
Reedy C. Swanson

**MUNGER TOLLES & OLSON LLP**
Glenn D. Pomerantz
Kuruvilla Olasa
Justin P. Raphael
Dane Shikman
Jonathan I. Kravis

**MORGAN, LEWIS & BOCKIUS LLP**
Brian C. Rocca
Sujal J. Shah
Michelle Park Chiu
Leigha Beckman

*Counsel for Defendants*

## DECLARATION OF JONATHAN KRAVIS

1. The facts and opinions are within my personal knowledge and if called as a witness, I could and would competently testify to them.

2. I, along with Brian Rocca and Jessica Ellsworth, participated in a meet and confer related to the requested relief with Epic's counsel Yonatan Even on Thursday morning, October 10, 2024.

3. Google explained that it is requesting an administrative stay of the November 1 effectiveness date in order to have time to brief its motion for a stay of the injunction pending appeal in this Court and, if necessary, in the Ninth Circuit. Google proposed an expedited timeline for briefing its motion for a stay of the permanent injunction pending appeal and agreed to have the motion ruled on without argument in order to further expedite this Court's consideration. Google also explained that it was seeking to stay the effectiveness date for 30 days beyond this Court's ruling in order to seek relief if necessary in the Ninth Circuit.

4. Epic's counsel responded at the end of the day, advising that Epic (a) objects to Google's request to stay the effectiveness date of the injunction, (b) agrees with Google's proposed briefing schedule, (c) takes no position on Google's request for additional pages (with the understanding that Epic will receive parity on the page limits for its opposition should the Court call for one), and (d) takes no position on Google's request that the Court rule on the administrative motion by October 16 at 12pm Pacific.

5. Google would face substantial harm if the Court does not change the timeline. The injunction requires most changes to be in effect three weeks from today, risking potentially widespread product glitches and providing next to no time to analyze what the injunction permits and does not permit—much less educate Google personnel, developers, and users on the upcoming changes.

6. The nature of the underlying dispute is whether there should be a stay of the permanent injunction pending appeal. Google's contemporaneously-filed motion for a stay of the injunction pending appeal raises substantial questions that go to the liability ruling and the scope and timing of the injunction. Epic disagrees with Google's position.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 11th day of October 2024 in Silver Spring, Maryland.

_____
Jonathan Kravis