# Exhibit A

Nos. 24-6256, 24-6274

IN THE

# United States Court of Appeals
# for the Ninth Circuit

---

EPIC GAMES, INC.,

*Plaintiff-Appellee*,

v.

GOOGLE LLC, *et al.*,

*Defendants-Appellants*.

---

On Appeal from the United States District Court
for the Northern District of California
Nos. 3:20-cv-05671-JD, 3:21-md-02981-JD
Hon. James Donato

---

**EMERGENCY MOTION UNDER CIRCUIT RULE 27-3 FOR
ADMINISTRATIVE STAY OR IN THE ALTERNATIVE FOR EXPEDITED
BRIEFING ON GOOGLE'S EMERGENCY MOTION FOR PARTIAL
STAY OF PERMANENT INJUNCTION PENDING APPEAL
[RELIEF NEEDED BY OCTOBER 21, 2024]**

---

Katherine B. Wellington
HOGAN LOVELLS US LLP
125 High Street, Suite 2010
Boston, MA 02110
Telephone: (617) 371-1000

Neal Kumar Katyal
Jessica L. Ellsworth
Reedy C. Swanson
HOGAN LOVELLS US LLP
555 Thirteenth Street NW
Washington, DC 20004
Telephone: (202) 637-5600
Facsimile: (202) 637-5910
neal.katyal@hoganlovells.com

October 16, 2024

*Counsel for Defendants-Appellants*

*(Additional Counsel Listed on Signature Page)*

I.    **Google Seeks An Administrative Stay of the District Court's Permanent Injunction To Allow Time To Fully Brief A Motion For A Stay Pending Appeal.**

The District Court entered a permanent injunction in this antitrust case on October 7, 2024, requiring sweeping nationwide changes to Google's app store, the Google Play store.  The court set the effective date for most of the injunction's prohibitions on November 1, 2024—*just over three weeks later.*  This does not even provide time to fully brief a motion to stay pending appeal, and is a fraction of the time required for new, compliant policies and a secure rollout of the changes mandated by the injunction.[1]

Within four days, Google asked the District Court to administratively stay the November 1 effective date so that Google could brief a motion to stay the injunction pending appeal in the District Court and, if necessary, this Court, consistent with Federal Rule of Appellate Procedure 8(a).  *See* Dkt. 1021, Case 3:21-md-02981-JD. Google simultaneously filed its motion for a stay of the injunction pending appeal and supporting declarations.  *See* Dkt. 1020, 1020-1–3, Case 3:21-md-02981-JD.

---

[1]    For reference, in Epic's parallel action against Apple, the district court entered a limited injunction that required a tiny fraction of the overhaul to the Play store ordered here and gave Apple 90 days to come into compliance and seek a stay of the injunction pending appeal.  *Epic Games, Inc. v. Apple, Inc.*, No. 4:20-cv-05640-YGR, Dkt. 813, at 1.

1

In its administrative stay request to the District Court, Google explained that the November 1 effective date for the injunction would make it impossible to fully brief a stay of the injunction pending appeal in that court and, if necessary, this Court before the effective date, and that granting an administrative stay would allow for briefing on a stay pending appeal to proceed in an orderly fashion in both courts.

Google expressly requested that the District Court grant the administrative stay by today, Wednesday, October 16, 2024 at noon Pacific time, and explained that if the District Court did not do so, it would be impracticable for Google to continue seeking relief from the District Court leaving time to seek relief from the Ninth Circuit before the compliance deadline if the District Court denied relief.  As of today, there are only 16 days until the majority of the provisions of the injunction take effect.  Google thus explained that it would proceed to seek a stay pending appeal from the Ninth Circuit absent an administrative stay by noon Pacific time today.  Epic took no position on Google's request for a ruling on the administrative stay on this timeline.

The District Court did not rule on Google's request for an administrative stay of the November 1 effective date.  It instead has set an in-person hearing on the motion for Friday, October 18—two days after when Google had stated it would need to seek relief in this Court absent a ruling, in order to ensure this Court had time to consider the request.

As it indicated it would, Google is filing this motion for an administrative stay (or, alternatively, expedited briefing, *see infra*) with this Court so that there will be sufficient time for the parties to brief and for this Court to address Google's motion for a stay pending appeal before the injunction takes effect. Should the District Court grant Google's requested administrative stay at the hearing it has ordered on Friday, October 18, Google will inform this Court immediately. Google is requesting that this Court act on Google's motion for an administrative stay or, alternatively, expedited briefing by Monday, October 21, 2024.

For these reasons, in light of the upcoming November 1 deadline for compliance with most of the injunction's provisions, and to give this Court sufficient time to consider these issues, Google respectfully requests that the Court issue an administrative stay "to preserve the status quo until the substantive motion for a stay pending appeal can be considered." *Doe #1 v. Trump*, 944 F.3d 1222, 1223 (9th Cir. 2019).

## II. Alternatively, Google Requests Expedited Briefing on Its Motion for a Stay Pending Appeal.

Alternatively, Google moves pursuant to Rule 27-12 of the Federal Rules of Appellate Procedure for the Ninth Circuit for expedited briefing on its emergency stay motion. Good cause exists for expedited briefing in this matter. Under these circumstances, expedited briefing is the only way for this Court to rule on the emergency stay motion before the November 1 effective date. *See* Fed. R. App. P.

3

27(a)(3)-(4) (requiring at least 17 days to fully brief a motion under the ordinary timeline).

Google respectfully requests the following briefing schedule to allow for a decision on Google's emergency stay motion b**y October 31, 2024**:

Response to Motion to Stay:      Wednesday, October 23, 2024

Reply to Motion to Stay:      Monday, October 28, 2024

The transcripts in this matter have already been prepared and any documents that are necessary to decide the merits of Google's motion for partial stay have been attached as exhibits thereto.

## EPIC'S POSITION

Counsel for Epic stated Epic's position as follows:  "Epic does not consent to an administrative stay of the effectiveness of the injunction.  Epic would consent to Google's alternative request for expedited briefing, except Epic believes that Google's reply papers should be due on Friday, October 25."

## CONCLUSION

Google respectfully requests an administrative stay pending this Court's decision on Google's contemporaneously filed emergency motion for a partial stay of the District Court's permanent injunction pending appeal.  In the alternative, Google respectfully requests expedited briefing on the stay motion according to the proposed schedule that Google set out above.

Google respectfully requests a ruling on this motion no later than **Monday, October 21, 2024 at 5 p.m.** to ensure that the parties have adequate notice regarding the briefing schedule that will apply to Google's stay motion.

Dated: October 16, 2024

Respectfully submitted,

/s/ *Neal Kumar Katyal*

Katherine B. Wellington
HOGAN LOVELLS US LLP
125 High Street, Suite 2010
Boston, MA 02110
Telephone: (617) 371-1000

Brian C. Rocca
Sujal J. Shah
Michelle Park Chiu
Leigha Beckman
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Telephone: (415) 442-1000

Jonathan I. Kravis
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Ave. NW,
Suite 500E
Washington, D.C. 20001
Telephone: (202) 220-1100

Neal Kumar Katyal
Jessica L. Ellsworth
Reedy C. Swanson
HOGAN LOVELLS US LLP
555 Thirteenth Street, N.W.
Washington, D.C. 20004
Telephone: (202) 637-5600
Facsimile: (202) 637-5910
neal.katyal@hoganlovells.com

Glenn D. Pomerantz
Kuruvilla Olasa
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071
Telephone: (213) 683-9100

Justin P. Raphael
Dane P. Shikman
MUNGER, TOLLES & OLSON LLP
560 Mission Street, Twenty Seventh Fl.
San Francisco, California 94105
Telephone: (415) 512-4000

*Counsel for Defendants-Appellants*

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limitations of Federal Rule of Appellate Procedure 27(d)(2)(A) and 9th Circuit Rule 27-1 because it contains 974 words, excluding the parts of the motion exempted by Federal Rule of Appellate Procedure 27(a)(2)(B).

This motion complies with the typeface and typestyle requirements of Federal Rule of Appellate Procedure 27(d)(1)(E) because it has been prepared in a proportionally spaced typeface using Microsoft Word for Office 365 in Times New Roman 14-point font.

*/s/ Neal Kumar Katyal*
Neal Kumar Katyal

## CERTIFICATE OF SERVICE

I certify that on October 16, 2024, the foregoing was electronically filed through this Court's ACMS system, which will send a notice of filing to all registered users.

/s/ *Neal Kumar Katyal*
Neal Kumar Katyal