| | |
|---|---|
| 1 | ROBERT J. GRALEWSKI, JR. (CA Bar No. 196410) |
| 2 | **KIRBY McINERNEY LLP**<br>1420 Kettner Boulevard, Suite 100 |
| 3 | San Diego, CA 92101<br>Telephone: 858-834-2044 |
| 4 | BGralewski@kmllp.com |
| 5 | DAVID E. KOVEL (*pro hac vice* forthcoming) |
| 6 | LAUREN WANDS (*pro hac vice* forthcoming)<br>**KIRBY McINERNEY LLP** |
| 7 | 250 Park Avenue, Suite 820<br>New York, New York 10177 |
| 8 | Telephone: (212) 371-6600<br>DKovel@kmllp.com |
| 9 | LWands@kmllp.com |
| 10 | *Counsel for Plaintiff and the Proposed Class* |
| 11 | [Additional Counsel Listed on Signature Page] |

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION** | Case No. 3:21-md-02981-JD |
| THIS DOCUMENT RELATES TO<br><br>*Hurley v. Google LLC, et al.*,<br>Case No. 5:25-cv-00883 | **ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED** |

Pursuant to Civil Loval Rule 3-12, Plaintiff Connor Hurley respectfully moves this Court to consider whether his recently filed case, *Hurley v. Google LLC et al.*, No. 5:25-cv-00883 (filed Jan. 27, 2025) ("*Hurley*"), should be deemed related to each of the following cases (collectively the "Google Play Store Actions"), all of which have been transferred into *In Re Google Play Store Antitrust Litigation*, 3:21-md-2981 ("MDL No. 2981"):

| Case Name | Case No. |
| --- | --- |
| *Epic Games, Inc. v. Google LLC, et al.* | C.A. No. 3:20-05671 |
| *In re Google Play Consumer Antitrust Litigation* | C.A. No. 3:20-05671 |
| *In re Google Play Developer Antitrust Litigation* | C.A. No. 3:20-05792 |
| *Peekya Services, Inc. v. Google LLC, et al.* | C.A. No. 3:20-06772 |
| *Bentley, et al. v. Google LLC, et al.* | C.A. No. 3:20-07079 |
| *McNamara v. Google LLC, et al.* | C.A. No. 3:20-07361 |
| *Herrera v. Google LLC* | C.A. No. 3:20-07365 |
| *Carroll v. Google LLC* | C.A. No. 3:20-07379 |
| *Paige v. Google LLC, et al.* | C.A. No. 1:20-03158 |

## I.    RELEVANT BACKGROUND

*Hurley* is an action on behalf of Canadian consumers for, *inter alia*, violations of Sections 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1, 2, violations of California's Cartwright Act, Cal. Bus. & Prof. Code §§ 16700 *et seq.*, and violations of California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.*

## II.    LEGAL STANDARD FOR RELATING CASES

"Whenever a party knows or learns that an action, filed in or removed to this district is (or the party believes that the action may be) related to an action which is or was pending in this District as defined in Civil L.R. 3-12(a), the party must promptly file in the lowest-numbered case an Administrative Motion to Consider Whether Cases Should be Related, pursuant to Civil L.R. 7-11." Civil L.R. 3-12(b). Under Civil Local Rule 3-12(a), "[a]n action is related to another when: (1) [t]he actions concern substantially the same parties, property, transaction, or event; and (2) [i]t appears

likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." Civil L.R. 3-12(a).

### III. THE ACTIONS SHOULD BE RELATED

Regarding the criteria set forth in Civil L.R. 3-12(a), *Hurley* involves common defendants with the Google Play Store Actions, namely, Google LLC, Google Payment Corp., and Alphabet Inc.

Despite involving the effects of Google's conduct on Canadian consumers, *Hurley* will nevertheless present issues that are common to the other Google Play Store Actions, such that duplication of labor and potentially conflicting results may be avoided by assigning *Hurley* to the Honorable James Donato who presides over MDL No. 2981. By way of example only, *Hurley* and each of the Google Play Store Actions present the following common issues:

- Google's worldwide practices with respect to the distribution of apps on mobile devices, such as smartphones, that are compatible with the Android mobile operating system;
- The effect on competition by Google's anti-competitive practices, including Google's alleged imposition of anti-competitive contractual terms on mobile device manufacturers, mobile network operators, and app developers;
- Google's alleged tying of its in-app payment processing service, Google Play Billing, to the use of Google's app distribution platform, the Google Play Store; and
- The anticompetitive friction imposed by Google on users who download apps from the web or from third-party stores and the pretextual claims that such friction is necessary to address security concerns.

### IV. STATEMENT REGARDING STIPULATION

Pursuant to N.D. Cal. L.R. 7-11, counsel for Plaintiff Connor Hurley has conferred with counsel for Google LLC (and its affiliates that are defendants) (collectively, "Google"), and Google has stated that it will not oppose this motion. A Proposed Order has been submitted concurrently with this motion.

## V. CONCLUSION

Based on the foregoing, Plaintiff Connor Hurley respectfully requests that this Court enter an order relating Case No. 5:25-cv-00883 to the Google Play Store Actions in MDL No. 2981.

Dated: February 4, 2025

Respectfully submitted,

/s/ *Robert J. Gralewski, Jr.*
ROBERT J. GRALEWSKI, JR. (CA Bar No. 196410)
**KIRBY McINERNEY LLP**
1420 Kettner Boulevard, Suite 100
San Diego, CA 92101
Telephone: 858-834-2044
BGralewski@kmllp.com

DAVID E. KOVEL (*pro hac vice* forthcoming)
LAUREN WANDS (*pro hac vice* forthcoming)
**KIRBY McINERNEY LLP**
250 Park Avenue, Suite 820
New York, New York 10177
Telephone: (212) 371-6600
DKovel@kmllp.com
LWands@kmllp.com

MARK C. RIFKIN (*pro hac vice* forthcoming)
THOMAS H. BURT (*pro hac vice* forthcoming)
**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**
270 Madison Avenue
New York, New York 10016
Telephone: (212) 545-4600
Rifkin@whafh.com
Burt@whafh.com

*Counsel for Plaintiff and the Proposed Class*