Paul J. Riehle (SBN 115199)
paul.riehle@faegredrinker.com
**FAEGRE DRINKER BIDDLE & REATH LLP**
Four Embarcadero Center
San Francisco, California 94111
Telephone: (415) 591-7500

Gary A. Bornstein (*pro hac vice*)
gbornstein@cravath.com
Yonatan Even (*pro hac vice*)
yeven@cravath.com
Lauren A. Moskowitz (*pro hac vice*)
lmoskowitz@cravath.com
Michael J. Zaken (*pro hac vice*)
mzaken@cravath.com
M. Brent Byars (*pro hac vice*)
mbyars@cravath.com
**CRAVATH, SWAINE & MOORE LLP**
Two Manhattan West
375 Ninth Ave
New York, New York 10001
Telephone: (212) 474-1000

*Attorneys for Plaintiff Epic Games, Inc.*

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*Epic Games, Inc. v. Google LLC et al.*, Case No. 3:20-cv-05671-JD | Case No. 3:21-MD-02981-JD<br><br>**STIPULATION AND [PROPOSED] ORDER PURSUANT TO FEDERAL RULE OF EVIDENCE 502(d)** |

1  Plaintiff Epic Games, Inc. ("Epic"), and Defendants Google LLC, Google Ireland Limited,
2  Google Commerce Limited, Google Asia Pacific Pte. Limited and Google Payment Corp.
3  (collectively, "Google"), by and through their respective counsel, hereby stipulate as follows:
4  WHEREAS, pursuant to the Stipulation and Order Regarding Briefing Schedule for
5  Attorneys' Fees and Costs, the parties currently are briefing their dispute regarding the "cost of suit,
6  including a reasonable attorney's fee" that Epic may be entitled to pursuant to 15 U.S.C. § 26 (the
7  "attorneys' fees dispute");
8  WHEREAS, the parties agree that the resolution of the attorneys' fees dispute requires the
9  production of certain documents reflecting work done by attorneys and that could contain privileged
10 or protected information;
11 WHEREAS, the parties agree that the resolution of the attorneys' fees dispute could be
12 made more efficient through an agreement whereby the production of documents or the disclosure
13 of information made in furtherance of such resolution would not constitute a waiver of any privilege
14 or protection, or otherwise allow the use of the documents, in any other proceeding;
15 WHEREAS, the parties otherwise reserve all rights.
16 NOW THEREFORE, the parties jointly stipulate and agree that pursuant to Fed. R. Evid.
17 502(d):
18 1. The production of documents made in furtherance of the resolution of the attorneys'
19 fees dispute shall not constitute a waiver of any privilege or protection (including attorney-client,
20 work product, or any other applicable privilege) for purposes of any other proceeding.
21 2. The use by any party of any documents produced in furtherance of the resolution of the
22 attorneys' fees dispute, which is made in furtherance of said dispute, shall not be deemed a waiver
23 of any privilege or protection (including attorney-client, work product, or any other applicable
24 privilege) for purposes of any other proceeding.

DATED: September 24, 2025

CRAVATH, SWAINE & MOORE LLP
Gary A. Bornstein *(pro hac vice)*
gbornstein@cravath.com
Yonatan Even *(pro hac vice)*
yeven@cravath.com
Lauren A. Moskowitz *(pro hac vice)*
lmoskowitz@cravath.com
Michael J. Zaken *(pro hac vice)*
mzaken@cravath.com
M. Brent Byars *(pro hac vice)*
mbyars@cravath.com

FAEGRE DRINKER BIDDLE & REATH LLP
Paul J. Riehle (SBN 115199)

Respectfully submitted,

By:   */s/ Gary A. Bornstein*
       Gary A. Bornstein

| | | |
|---|---|---|
| 1 | DATED: September 24, 2025 | MUNGER, TOLLES & OLSON LLP |
| 2 | | Glenn D. Pomerantz |
| | | Kuruvilla Olasa |
| 3 | | |
| | | MORGAN, LEWIS & BOCKIUS LLP |
| 4 | | Brian C. Rocca |
| | | Sujal J. Shah |
| 5 | | Michelle Park Chiu |
| 6 | | |
| | | HOGAN LOVELLS US LLP |
| 7 | | Jessica L. Ellsworth |
| 8 | | Respectfully submitted, |
| 9 | | By:  /s/ Michelle Park Chiu |
| | | Michelle Park Chiu |

**[PROPOSED] ORDER**

Having considered the parties' Stipulation Pursuant to Federal Rule of Evidence 502(d):

**IT IS HEREBY ORDERED THAT:**

1. The production of documents made in furtherance of the resolution of the attorneys' fees dispute shall not constitute a waiver of any privilege or protection (including attorney-client, work product, or any other applicable privilege) for purposes of any other proceeding.

2. The use by any party of any documents produced in furtherance of the resolution of the attorneys' fees dispute, which is made in furtherance of said dispute, shall not be deemed a waiver of any privilege or protection (including attorney-client, work product, or any other applicable privilege) for purposes of any other proceeding.

**IT IS SO ORDERED.**

**DATED:** _____

HON. JAMES DONATO
United States District Judge