UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION** | Case No. 3:21- cv-05227-JD |
| THIS DOCUMENT RELATES TO:<br><br>*State of Utah et al. v. Google LLC et al.*, Case No. 3:21-cv-05227-JD | **ORDER RE NOTICE OF *PARENS PATRIAE* SETTLEMENT** |

This order is based on a proposed order lodged by the parties and modified by the Court according to its practices and conclusions. It should be read in its entirety for changes.

1. The States, including all 50 of the United States as well as the District of Columbia, Puerto Rico, and the Virgin Islands, counsel for the formerly certified Consumer Class ("Consumer Counsel"), and the Google defendants ("Google") entered into a *parens patriae* Settlement Agreement dated October 11-12, 2023 ("Settlement"). This Settlement was presented to the Court for approval of dissemination of notice pursuant to its authority under Section 15c of the Clayton Act, 15 U.S.C. § 15c.

2. The Court has jurisdiction over this action and each of the Parties.

3. For purposes of this Order, the definitions in the Settlement are incorporated.

4. For purposes of this Order, the attorney general of each of the States is deemed the representative of natural persons in that respective State with authority to settle and release the Released Claims of the Eligible Consumers in that State.

5. The record indicates that the Settlement resulted from arms-length negotiations by experienced counsel after investigation and discovery. It appears to fall within the range of settlements subject to approval. Pending a final approval hearing, the Settlement appears to be fair, reasonable, and adequate.

6. The proposed Notice process to notify Eligible Consumers of the Settlement (*see* Declaration of Eric Schachter in Support of the States' Motion and Exhibits A and B; Declaration of Eric Schachter Regarding Updates to Proposed *Parens Patriae* Consumer Notice and Exhibits A-D

(Schachter Declarations)), is approved. *See* 15 U.S.C. § 15c. Direct email notice to Eligible Consumers qualifies as the best notice practicable under the circumstances, in combination with supplemental publication notice.

7. The States will start the Notice process substantially in the form as described in the Schachter Declarations by December 2, 2025, and complete it by January 20, 2026.

8. The States may finalize and make non-substantive changes to the form notices without re-submitting them to the Court.

9. The Court appoints A.B. Data, Ltd. to serve as Notice Administrator and to assist the States in disseminating the Notice.

10. All requests for exclusion and all objections must be received by February 19, 2026.

11. Eligible Consumers who submit valid and timely requests for exclusion from the Settlement as provided for by the proposed Notice process and who comply with the instructions contained in the Notice will not have any rights under the Settlement and will not be bound by the Settlement or the final judgment as it relates to the Settlement.

12. All Eligible Consumers who do not submit valid and timely requests for exclusion from the Settlement, as provided for by the proposed Notice process and complying with the instructions contained in the Notice, will be bound by the Settlement and by the final judgment in the event the Settlement is finally approved by the Court.

13. The proposed distribution plan to provide payment to Eligible Consumers (*see* Declaration of Lana Cooper in Support of the States' Motion) is approved. *See* 15 U.S.C. § 15c. The plan of distribution treats consumers equitably.

14. The Court appoints Verita Global to serve as Settlement Administrator and to assist the States in maintaining and disbursing the Settlement Fund, subject to final approval.

15. No information received by the Notice Administrator or the Settlement Administrator in connection with the Settlement that pertains to an Eligible Consumer, other than information contained in either a request for exclusion or an objection, may be disclosed to any person or entity other than as directed by the Court.

16. A hearing on final approval (the "Fairness Hearing") is set for April 30, 2026, at 10:00 a.m. in Courtroom 11, San Francisco, California.

17. Eligible Consumers who (a) wish to object with respect to the Settlement Agreement and/or (b) wish to appear in person at the Fairness Hearing, must do so as provided for by the Notice and must comply with the instructions contained in the Notice.

18. To be valid, an objection must be postmarked by February 19, 2026. Except as set forth herein, each objector will be entitled to contest the terms of the Proposed Settlement. All Eligible Consumers who fail to file an objection shall be deemed to have waived any such objections by appeal, collateral attack, or otherwise and will not be heard at the Fairness Hearing.

19. Any request for fees by Consumer Counsel may be filed by December 2, 2025.

20. All briefs and materials in support of final approval of the Settlement shall be filed with the Court by March 23, 2026.

21. Subject to final approval, the Settlement fully and finally compromises, settles, and resolves Released Claims subject to the terms and conditions set forth in the Settlement.

22. If the Settlement is terminated or otherwise does not become effective in accordance with the provisions of the Settlement, the Settlement and all proceedings held in connection therewith will be null and void, except insofar as expressly provided to the contrary in the Settlement and without prejudice to the *status quo ante* rights of the States, Consumer Counsel, and Google.

**IT IS SO ORDERED.**

Dated: November 20, 2025

_____
JAMES DONATO
United States District Judge