# Exhibit 2

BartlitBeck LLP

Karma Giulianelli
Karma.Giulianelli@BartlitBeck.com

1801 Wewatta Street Place
Suite 1200
Denver, CO 80202
main: (303) 592-3100
direct: (303) 592-3165

BartlitBeck.com

July 6, 2021

**Via Electronic Mail**

Brian C. Rocca
Morgan, Lewis & Bockius LLP
One Market
Spear Street Tower
San Francisco, CA 94105
brian.rocca@morganlewis.com

Re: *In re Google Play Store Antitrust Litigation*, No. 3:21-md-02981-JD (N.D. Cal.); *In re Google Play Consumer Antitrust Litigation,* Case No. 3:20-cv-05761-JD (N.D. Cal.); *In re Google Play Consumer Antitrust Litigation*, No. 3:20-cv-05761-JD (N.D. Cal); *In re Google Play Developer Antitrust Litigation*, No. 3:20-cv-05792 (N.D. Cal)

Dear Brian:

I write on behalf of Plaintiffs in the above-referenced matters to address several discovery items related to Plaintiffs' requests for production.

**Organizational Charts**: In your letter dated December 10, 2020, you informed Plaintiffs that "Google does not keep traditional organization charts in its regular course of business." Yet, our review of the documents suggests that Google does in fact keep certain organizational "maps" and "subteam structure[s]" of its business which are squarely within our initial requests. GOOG-PLAY-004100651 at 4100661; *see also* GOOG-PLAY-003577695. Plaintiffs therefore renew their request to Google to immediately produce the organizational information which it keeps in the ordinary course of business in certain centralized repositories. To be clear, Plaintiffs' request herein includes, but is not limited to, the information contained in GOOG-PLAY-004100651.

**Glossaries and Code Names**: In Plaintiffs' letter dated February 22, 2021, we requested Google provide information responsive to RFP 14 concerning "acronym definitions, glossaries, definitions OR other DOCUMENTS defining OR Explaining acronyms, abbreviations, OR specialized OR other terms YOU use OR that otherwise RELATE TO GOOGLE PLAY, OTHER APP MARKETPLACES, ANDROID DEVELOPERS, DIGITAL PRODUCTS,

3:21-md-02981-JD
PX-206

GOOGLE PLAY BILLING, OR IN-APP PURCHASES." On March 4, 2021, you responded to that letter, informing Plaintiffs that you were "unaware of any official centralized files containing the information requested in RFP 14 but continue to investigate . . . and [will] produce responsive documents identifying 'code names,' to the extent they exist in centralized files."

Several weeks later, on April 7, 2021, Plaintiffs expressed appreciation that Google continued to "search for a repository of code names, but wanted to make clear that Google is also obligated to explain any code names or other Google-specific terminology whose meaning may remain unclear outside of the Google organization that appear in Google's production." You responded on April 19, 2021, that "Google will produce any responsive documents that identify code names or explain acronyms, abbreviations, or other specialized terms."

Plaintiffs have subsequently identified GOOG-PLAY-004100651, which refers to a document that concerns Google's "jargon." Plaintiffs request that Google (i) immediately produce this document and (ii) continue to search non-custodial databases for other "jargon" that falls within the scope of RFP 14. In addition, please produce all documents that are hyperlinked to GOOG-PLAY-004100651.

Finally, Google asserted in its May 25, 2021 letter that it is "evaluating Search Query No. 95 as proposed and will follow-up as soon as possible". Google has not followed up, despite Plaintiffs raising this issue again in their June 21, 2021 letter that requested a response no later than June 23, 2021. The deadline for substantial completion has now passed, and these documents are responsive to Plaintiffs' RFPs. Please promptly run String No. 95, as modified below with the addition of the code names "Honeycrisp" and "GDAF", and produce all responsive documents.

- Cupcake OR Detox OR "Gabby" OR "Ivan" OR "Magical Bridge" OR Nikkei OR Paragon OR Purell OR Ringo OR Runway OR Soren OR "Project Soy" OR "Sun-Mool" OR "Sun Mool" OR "Project Switch" OR "Project Dynasty" OR "Emu" OR "Free Willy" OR Lowball OR "Project Mission" OR "Project Napa" OR Nikkei OR "Project Plaid" OR "RePlay" OR "Project Starburst" OR Tomcat OR "Zeus" OR "Off- Play Installs" or "Orphaned Apps" or "Honeycrisp" and"GDAF."

**PowerPoint Presentations**: Plaintiffs have identified a recurring quality issue in Google's production of PowerPoint presentations wherein many presentations were produced in a low-resolution black-and-white format that renders slides unreadable and, in some cases, unsearchable. As Google knows, "[t]he parties agree not to degrade the searchability of documents as part of the document production process." Dkt. 57 ("ESI Order") ¶ 6. The low quality of these documents has interfered with Plaintiffs' ability to meaningfully review them. To efficiently resolve this pervasive issue, Plaintiffs request Google reproduce the native versions of all .pptx

files pursuant to ¶ 6 of the ESI order. Plaintiffs also request that Google produce the native files for all .pptx files in any forthcoming productions.

**Non-Aggression Pact with Microsoft**: Plaintiffs' RFPs explicitly seek the production of agreements that Google has entered with OEMs, developers, or other third-parties that have had an impact on the market for Android, Android apps, or Android app stores. *See e.g.*, RFPs 1, 23, 32, 35, 37, 57, 58, 86, 87. On June 29, 2021, it was reported that Google and Microsoft's respective CEOs had entered a written non-aggression pact in 2016 that "enabled Microsoft to partner more effectively [with Google]." *See* D. Bass & N. Grant, *Google and Microsoft End Their Five-Year Cease-Fire*, BLOOMBERG (June 29, 2021) *available at*: https://www.bloomberg.com/news/articles/2021-06-30/google-microsoft-truce-crumbles-amid-feud-over-cloud-ad-tech. That agreement then expired in April 2021.

The non-aggression pact appears to have had an impact on the market for Android, Android apps, and/or Android app stores as "Microsoft avoiding lodging public complaints about Google even as it put Apple's App Store on blast. In May 2020, when Smith said European and U.S. regulators should examine app stores in a public appearance in Washington, Microsoft spokespeople took pains to note to Bloomberg later that Smith was referring to Apple only." Moreover, while the agreement was still in force, Microsoft began to sell "a phone called Duo that uses Google Android as its operating system," and began to release "Office apps for rival operating systems, which included Google's Android."

Plaintiffs therefore request that Google promptly produce the 2016 non-aggression pact and any communications (with Microsoft or internally) related thereto.

**Instant Messages**: In Plaintiffs' letter dated May 22, 2021, Plaintiffs noted that Google has yet to produce any Instant Messages (including Slack, Jabber, Google Chat, SMS or iMessage) and text messages. The substantial completion deadline has now passed, and to Plaintiffs' knowledge, Google has not yet produced these Instant Messages and text messages. Please promptly produce them.

**Revenue Share Agreements**: In Google's letter dated June 18, 2021, Google stated it would produce non-OEM, non-wireless carrier revenue share agreements to the extent they appear in Google's custodial files. Plaintiffs maintain that Google is required to conduct a search of its central repositories for such contracts in response to Plaintiffs' RFP No. 1. Please confirm that Google will conduct this search, and indicate when Google will produce these agreements.

* * *

We are available to meet and confer concerning these requests, if necessary.

Sincerely,

Karma Giulianelli

Cc: epic-mobileapps@cravath.com
Jamie L. Boyer (jboyer@koreintillery.com)
Stephen M. Tillery (stillery@koreintillery.com)
Glen E. Summers (glen.summers@bartlitbeck.com)
Jameson R. Jones (Jameson.jones@bartlitbeck.com)
Steve W. Berman (steve@hbsslaw.com)
Rob F. Lopez (robl@hbsslaw.com)
Ben J. Siegel (bens@hbsslaw.com)
Bonny E. Sweeney (bsweeney@hausfeld.com)
Melinda R. Coolidge (mcoolidge@hausfeld.com)
Katie R. Beran (kberan@hausfeld.com)
DevelopersvGoogle@hausfeld.com
Peggy J. Wedgworth (pwedgworth@milberg.com)
Elizabeth C. Pritzker (ecp@pritzkerlevine.com)
Jonathan K. Levine (jkl@pritzkerlevine.com)
Hae Sung Nam (hnam@kaplanfox.com)
Laurence D. King (lking@kaplanfox.com)
Mario M. Choi (mchoi@kaplanfox.com)
Hae Sung Nam (hnam@kaplanfox.com)
Mark C. Molumphy (mmolumphy@cpmlegal.com)
Adam J. Zapala (azapala@cpmlegal.com)
Noorjahan Rahman (nrahman@cpmlegal.com)
Eric H. Gibbs (ehg@classlawgroup.com)
Andre M. Mura (amm@classlawgroup.com)