# Exhibit 4

Karma M. Giulianelli (SBN 184175)
karma.giulianelli@bartlitbeck.com
**BARTLIT BECK LLP**
1801 Wewetta St., Suite 1200
Denver, Colorado 80202
Telephone: (303) 592-3100

Hae Sung Nam (*pro hac vice*)
hnam@kaplanfox.com
**KAPLAN FOX & KILSHEIMER LLP**
850 Third Avenue
New York, NY 10022
Tel.: (212) 687-1980

*Co-Lead Counsel for the Proposed Class in In re Google Play Consumer Antitrust Litigation*

Steve W. Berman (*pro hac vice*)
steve@hbsslaw.com
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1301 Second Ave., Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292

*Co-Lead Counsel for the Proposed Class in In re Google Play Developer Antitrust Litigation and Attorneys for Pure Sweat Basketball, Inc.*

Bonny E. Sweeney (SBN 176174)
bsweeney@hausfeld.com
**HAUSFELD LLP**
600 Montgomery Street, Suite 3200
San Francisco, CA 94104
Telephone: (415) 633-1908

*Co-Lead Counsel for the Proposed Class in In re Google Play Developer Antitrust Litigation and Attorneys for Peekya App Services, Inc.*

[Additional counsel appear on signature page]

Brendan P. Glackin (SBN 199643)
bglackin@agutah.gov
**OFFICE OF THE UTAH ATTORNEY GENERAL**
160 E 300 S, 5th Floor
Salt Lake City, UT 84114-0872
Telephone: 801-366-0260

*Counsel for Utah and the Plaintiff States*

Paul J. Riehle (SBN 115199)
paul.riehle@faegredrinker.com
**FAEGRE DRINKER BIDDLE & REATH LLP**
Four Embarcadero Center, 27th Floor
San Francisco, CA 94111
Telephone: (415) 591-7500

Christine A. Varney (*pro hac vice*)
cvarney@cravath.com
**CRAVATH, SWAINE & MOORE LLP**
825 Eighth Avenue
New York, New York 10019
Telephone: (212) 474-1000

*Counsel for Plaintiff Epic Games, Inc. in Epic Games, Inc. v. Google LLC et al.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

**IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION**

THIS DOCUMENT RELATES TO:

*Epic Games Inc. v. Google LLC et al.*, Case No. 3:20-cv-05671-JD

*In re Google Play Consumer Antitrust Litigation*, Case No. 3:20-cv-05761-JD

*In re Google Play Developer Antitrust Litigation*, Case No. 3:20-cv-05792-JD

*Utah v. Google LLC*, Case No. 3:21-cv-05227-JD

No. 3:21-md-02981-JD

**PLAINTIFFS' DOCUMENT PRESERVATION INTERROGATORIES TO DEFENDANTS GOOGLE LLC, GOOGLE IRELAND LIMITED, GOOGLE COMMERCE LTD., GOOGLE ASIA PACIFIC PTE. LTD., GOOGLE PAYMENT CORP., AND ALPHABET INC.**

Judge: Hon. James Donato

Pursuant to Federal Rules of Civil Procedure 26 and 33, the Civil Local Rules of the United States District Court for the Northern District of California, and the Court's instruction at the December 16, 2021 Case Management Conference, Plaintiffs serve these Document Preservation Interrogatories on Defendants Google LLC, Google Ireland Limited, Google Commerce Ltd., Google Asia Pacific Pte. LTD, Google Payment Corp., and Alphabet Inc. (collectively, "Google"), to be answered in writing, in full and under oath.

## **Definitions**

The following definitions shall apply to the Interrogatories contained herein:

1. The terms "and", "or", and "and/or" shall be construed in the conjunctive or the disjunctive, whichever makes the Interrogatories more inclusive.

2. The term "any" shall include the word "all", and vice versa.

3. The term "Case" means this multidistrict litigation, Case No. 3:21-md-02981-JD, and all constituent cases, including *Epic Games Inc. v. Google LLC et al.*, Case No. 3:20-cv-05671-JD, *In re Google Play Consumer Antitrust Litigation*, Case No. 3:20-cv-05761-JD, *In re Google Play Developer Antitrust Litigation*, Case No. 3:20-cv-05792-JD, and *Utah v. Google LLC*, Case No. 3:21-cv-05227-JD.

4. The term "Custodial Period" means, for each Custodian, the agreed timeframe for which Google has agreed to collect, search for, and produce documents for that Custodian.

5. The term "Custodian" means an individual for whom Google has agreed to collect, search, and produce documents from in this Case.

6. The Term "Data Source" means any source of information where Google stores or otherwise has data, including but not limited to any database, server, system, or backup system, and to those data sources identified in § 4(a) of the ESI Protocol entered in this Case. See Dkt. 14.

7. The terms "Includes" or "Including" mean including, but not limited to.

8. The terms "Google", "You", and/or "Your" means Google LLC, Google Ireland Limited, Google Commerce Ltd., Google Asia Pacific Pte. Limited, Google Payment Corp., and

Alphabet Inc., each of their predecessors, successors, subsidiaries, divisions, parents, and/or affiliates thereof, past or present.

9. The term "Google Chat" means the Google Chat messaging service used by Google employees, including any predecessor services such as Hangouts, and any other type of online chat or instant messaging service that allows for real-time communication over the internet which is in Google's possession, custody, or control and that is used by Google's employees.

10. The term "Chat Room" means any Google Chat of the type exemplified by the "Play PM Chat" referenced by Tian Lim in his deposition (Lim Dep. Tr. 458:2-19) and includes but is not limited to any such chats set up for specific topics, trainings, or events.

11. The term "Text Message" means an electronic text communication that is sent from one mobile device to another, whether through SMS, MMS, or another application, not including email and not including Google Chat.

## Instructions

1. If You object to any part of the Interrogatories, please state with specificity the grounds for such objection. Any part of the Interrogatories to which an objection is made should be responded to insofar as it is not deemed objectionable.

2. If You are unable to answer the Interrogatories in full, please answer to the extent possible and specify the reasons for Your inability to answer in full, and state whatever information is available regarding the unanswered portion.

3. If, in responding to the Interrogatories, You claim any ambiguity in the Interrogatories, or in a Definition or Instruction applicable thereto, You should not use such claim as a basis for refusing to respond. Instead, You should set forth as part of Your response the language deemed to be ambiguous and the interpretation used in responding to the Interrogatories.

4. If the Interrogatories are answered by reference to a document, produce the document containing the requested information and identify the document by Bates number.

**Interrogatories**

**INTERROGATORY NO. 1:**

Identify when and to whom Google issued a litigation hold notice in connection with this Case, and, for each such recipient of a litigation hold notice, state the categories of information and data the recipient was instructed to preserve and collect, and the specific actions the recipient was instructed to take to that end.

**INTERROGATORY NO. 2:**

Identify when and to whom Google issued a litigation hold notice or document preservation notice in connection with the Civil Investigative Demands served on Google by the United States beginning on January 1, 2019 (e.g., Civil Investigative Demand Nos. 30092, 30120, and 30121); Nebraska on January 17, 2020; and Utah on July 31, 2020, this Case, and, for each such recipient of a litigation hold notice or document preservation notice, state the categories of information and data the recipient was instructed to preserve and collect, and the specific actions the recipient was instructed to take to that end.

**INTERROGATORY NO. 3:**

For each Custodian, state whether the Custodian used Google Chat for business purposes during the Custodial Period applicable to the Custodian and Your basis for making that determination.

**INTERROGATORY NO. 4:**

For each Custodian, state the start and end date, if applicable, of each litigation hold applicable to the Custodian during the Custodial Period for that Custodian.

**INTERROGATORY NO. 5:**

For each Custodian, state whether during the time periods for the Custodian identified in response to Interrogatory No. 4 the Custodian preserved any Google Chats by enabling a history function or turning off an auto-delete function.

**INTERROGATORY NO. 6:**

For each Custodian, state (a) whether the Custodian preserved any Google Chats in any manner during the Custodial Period for that Custodian, (b) whether the Custodian provided such Google Chats to counsel, (c) whether the Custodian provided such Google Chats to in-house counsel or to outside counsel, and (d) the Bates number of any produced Google Chat files.

**INTERROGATORY NO. 7:**

For each Custodian, state whether any of the Custodian's Google Chat files were destroyed or otherwise deleted (a) on or after August 13, 2020; or (b) while the Custodian was subject to a litigation hold (or any other form of document preservation hold) during the Custodial Period for that Custodian; and if the answer to either (a) or (b) is "yes", whether all the Custodian's Google Chat files were destroyed or otherwise deleted.

**INTERROGATORY NO. 8:**

Identify all Chat Rooms in which at least one Custodian sent or received business-related chats during the applicable Custodial Period and for each identified Chat Room, state whether any contents of the Chat Room have been destroyed or otherwise deleted while the relevant Custodian was subject to a litigation hold during the Custodial Period.

**INTERROGATORY NO. 9:**

State whether Google has any Data Source within its possession, custody or control that may provide a mechanism to recover or access destroyed or otherwise deleted Google Chat files and Chat Room contents.

**INTERROGATORY NO. 10:**

State Google's Text Message retention policy and any other related policies You had in place during the date ranges identified in response to Interrogatory No. 4.

**INTERROGATORY NO. 11:**

Identify all Custodians who used text messages for business purposes during the Custodial Period for each such Custodian.

**INTERROGATORY NO. 12:**

For each Custodian, explain how You determined whether or not the Custodian used Text Messages for business purposes during the Custodial Period for each such Custodian.

**INTERROGATORY NO. 13:**

State whether Google has any Data Source within its possession, custody or control that may provide a mechanism to access any Text Messages for the Custodians identified in response to Interrogatory No. 11, or to recover any such Text Messages that have been destroyed or otherwise deleted.

Dated: December 20, 2021

Respectfully submitted,

By <u>*/s/ Karma M. Giulianelli*</u>
Karma M. Giulianelli

Karma M. Giulianelli (SBN 184175)
Karma.giulianelli@bartlitbeck.com
**BARTLIT BECK LLP**
1801 Wewetta St., Suite 1200
Denver, Colorado 80202
Telephone: (303) 592-3100

Hae Sung Nam (*pro hac vice*)
**KAPLAN FOX & KILSHEIMER LLP**
850 Third Avenue
New York, NY 10022
Tel: (212) 687-1980

*Co-Lead Counsel for the Proposed Class in In re Google Play Consumer Antitrust Litigation*

## CERTIFICATE OF SERVICE

I hereby certify that on December 20, 2021, the foregoing has been served via email to the following:

Brian C. Rocca
Sujal J. Shah
Michelle P. Chui
Minna Naranjo
Rishi Satia
**MORGAN, LEWIS & BOCKIUS LLP**
brian.rocca@morganlewis.com
sujal.shah@morganlewis.com
michelle.chiu@morganlewis.com
minna.naranjo@morganlewis.com
rishi.satia@morganlewis.com

Daniel M. Petrocelli
Ian Simmons
Benjamin G. Bradshaw
E. Clay Marquez
Stephen J. McIntyre
**O'MELVENY & MYERS LLP**
dpetrocelli@omm.com
isimmons@omm.com
bbradshaw@omm.com
emarquez@omm.com
smcintyre@omm.com

Glenn Pomeratnz
Kuruvilla Olasa
Emily Curran-Huberty
Kyle Mach
Justin Raphael
**MUNGER, TOLLES & OLSON LLP**
glenn.pomerantz@mto.com
kuruvilla.olasa@mto.com
emily.curran-huberty@mto.com
kyle.mach@mto.com
justin.raphael@mto.com

*Counsel for Defendants Google LLC et al.*

Bonny E. Sweeney
Melinda R. Coolidge
Katie R. Beran
Scott A. Martin
Irving Scher
**HAUSFELD LLP**
bsweeney@hausfeld.com
mcoolidge@hausfeld.com
kberan@hausfeld.com
smartin@hausfeld.com
ischer@hausfeld.com

*Co-Lead Interim Class Counsel for the Developer Class and Attorneys for Plaintiff Peekya App Services, Inc.*

Steve W. Berman
Robert F. Lopez
Benjamin J. Siegel
**HAGENS BERMAN SOBOL SHAPIRO LLP**
steve@hbsslaw.com
robl@hbsslaw.com
bens@hbsslaw.com

Joseph M. Vanek
Eamon P. Kelly
Alberto Rodriguez
**SPERLING & SLATER PC**
jvanek@sperling-law.com
ekelly@sperling-law.com
arodriguez@sperling-law.com

*Co-Lead Interim Class Counsel for the Developer Class and Attorneys for Plaintiff Pure Sweat Basketball*

Sarah G. Boyce
Jonathan Marx
Jessica V. Sutton
**NORTH CAROLINA DEPARTMENT OF JUSTICE**
sboyce@ncdoj.gov
jmarx@ncdoj.gov
jsutton2@ncdoj.gov

*Attorney for Plaintiff State of N. Carolina*

Brian Wang
Paula Blizzard
**OFFICE OF THE ATTORNEY GENERAL CALIFORNIA DEPARTMENT OF JUSTICE**
Brian.Wang@doj.ca.gov
paula.blizzard@doj.ca.gov

*Attorneys for Plaintiff State of California*

Brendan Glackin
Scott Ryther
Brendan Benedict
Michael Altebrando
**UTAH OFFICE OF THE ATTORNEY GENERAL**
bglackin@agutah.gov
sryther@agutah.gov
bbenedict@agutah.gov
maltebrando@agutah.gov

*Attorneys for Plaintiff State of Utah*

Bryan L. Bloom
**NEW YORK STATE OFFICE OF THE ATTORNEY GENERAL**
Bryan.Bloom@ag.ny.gov

*Attorney for Plaintiff State of New York*

/s/ *Lee Mason*
Lee Mason