# Exhibit 5

BartlitBeck LLP

Glen E. Summers
Glen.Summers@BartlitBeck.com

1801 Wewatta Street
Suite 1200
Denver, CO 80202
main: (303) 592-3100
direct: (303) 592-3115

BartlitBeck.com

BY EMAIL

May 31, 2023

Glenn D. Pomerantz
Munger, Tolles & Olson LLP
350 South Grand Avenue, 50th Floor
Los Angeles, CA 90071-3426
Glenn.pomerantz@mto.com

Re: *In re: Google Play Store Antitrust Litigation*, No. 3:21-md-02981-JD

Dear Glenn,

I write on behalf of Plaintiffs to raise two interrelated and troubling issues that have arisen by virtue of certain Chats Google produced pursuant to the Court's orders in connection with the Rule 37 motion. As explained below, certain Chats produced by Google suggest that Google employees copy inhouse counsel on otherwise nonprivileged business communications to, in the words of the lawyers themselves, create "fake privilege." Other Chats indicate that Google employees deliberately altered relevant documents during the pendency of the litigation to prevent sensitive information from being produced, even though they understood that they were subject to litigation holds.

**Fake Privilege**

Regarding the privilege issue, Google has produced Chats between Google in-house counsel Emily Garber and Tristan Ostrowski in which they acknowledge that Google employees add Google in-house counsel to their internal communications to create "fake privilege." In a Chat dated January 26, 2021, Ms. Garber referred to an email string in which Play personnel expressed a desire to prevent developers from redirecting users to 3P app stores through ads. In her Chat, Ms. Garber wrote: "So all I have is an email thread where they looped me in for fake privilege." (GOOG-PLAY5-000500320 at -332.) Similarly, in a Chat dated March 21, 2022, Ms. Garber and Mr. Ostrowski discuss ARRIS (which Plaintiffs believe refers to Alphabet Regulatory Response, Investigations & Strategy) taking work off their plates. In that discussion, Ms. Garber stated "Yeah like the fake privilege!" (GOOG-PLAY5-000500584 at -631.)

**Intentional Spoliation**

We have also identified Chats suggesting that Google employees have altered documents to hide sensitive information during the pendency of this litigation. In a Chat dated January 8, 2021, [redacted]

In view of these revelations, we have significant concerns about privilege assertions in this case and the prospect that Google employees spoliated additional evidence – concerns that are magnified by the recent revelations that non-G-suite documents were not timely collected or produced, and that Google failed to collect and produce documents from relevant shared drives. To assess these concerns, Plaintiffs request that Google:

- Collect and produce all documents from all custodians plus Mr. Ostrowski, Ms. Graber and all members of ARRIS, using the following search string:
  - (fake or pretend or bogus or appear* or look* or create or make) w/2 privilege*
- Meet and confer with Plaintiffs to determine how Google can provide credible assurances that it is not withholding documents on the basis of fake privilege;
- Produce the email string that Ms. Garber refers to in GOOG-PLAY5-000500320;
- Identify the revisions or deletions to any responsive information that Ms. Schumacher, Ms. Burke, and Mr. Divento refer to in GOOG-PLAY5-000088223 and GOOG-PLAY5-000457173, including by identifying all versions of the affected documents that Google has produced and by producing any versions of the affected documents that Google has withheld; and
- Explain the “annual resets/deletion” that Mr. Bachman referred to in GOOG-PLAY5-

000088223.

Please let us know your availability next week to meet and confer regarding these issues.

Sincerely,

Glen E. Summers