# Exhibit 6

BartlitBeck LLP

Glen E. Summers
Glen.Summers@BartlitBeck.com

1801 Wewatta Street
Suite 1200
Denver, CO 80202
main: (303) 592-3100
direct: (303) 592-3115

BartlitBeck.com

BY EMAIL

July 14, 2023

Glenn D. Pomerantz
Munger, Tolles & Olson LLP
350 South Grand Avenue, 50th Floor
Los Angeles, CA 90071-3426
Glenn.Pomerantz@mto.com

Jonathan Kravis
Munger, Tolles & Olson LLP
601 Massachusetts Avenue NW, Suite 500E
Washington, DC 20001-5369
Jonathan.Kravis@mto.com

Re: *In re: Google Play Store Antitrust Litigation*, No. 3:21-md-02981-JD

Dear Glenn and Jonathan,

I am writing to respond to your letter dated June 22, 2023 regarding the "fake privilege" issue.

Contrary to the position taken in your letter, the "fake privilege" issue that has arisen by virtue of the Chats between Tristan Ostrowski and Emily Garber has not "long been resolved." These Chats suggest that Google executives and in-house counsel schemed to conceal business documents from discovery by creating false indicia of privilege. Any relevant documents withheld as a result of their efforts must be produced to ensure that Google does not benefit from false claims of privilege.

While it is true that Plaintiffs negotiated a re-review of certain "silent attorney" documents Google initially withheld from production, those negotiations were based on the limited information that was made available by Google in its privilege logs. At the time, Google had not disclosed that the "silent attorney" documents were part of an attempt to conceal business documents by creating fake indicia of privilege. To the contrary, in negotiating the limits of that re-review, Google consistently maintained that it was acting in "good faith" and assured Plaintiffs that their concerns regarding the "Communicate with Care" program were "baseless." *See* May 27, 2022 Letter from M. Chiu.

BartlitBeck LLP



Perhaps more importantly, Google insisted that any re-review of the "silent attorney" documents would be warranted only on the basis of a "particularized and compelling" showing calling into doubt the claim of privilege, and insisted that Plaintiffs had "fail[ed] to provide an adequate reason for why *entries with attorneys included* are not likely to be privileged." *See* July 29, 2022 Letter from M. Chiu, and August 11, 2022 Letter from M. Chiu. The discovery of the Chats between Mr. Ostrowski and Ms. Garber now call into question the validity of any claim of privilege based on the fact that an attorney was included in the distribution of a document, regardless of how many people were included in the distribution and other factors that were previously considered relevant in determining which "silent attorney" documents should be re-reviewed. Accordingly, we believe it is now necessary for Google to re-review all "silent attorney" documents not previously re-evaluated. In addition, we would like an explanation of how prior re-reviews were designed to ensure that documents bearing false indicia of privilege were not incorrectly identified as privileged by the reviewers, and would like to discuss third party review of at least a sample of those re-reviewed documents.

We believe discovery regarding "fake privilege" claims is appropriate. As discussed in my letter of May 31, 2023, we continue to believe that Google should collect and produce all documents, including all preserved chats, from all custodians plus Mr. Ostrowski, Ms. Garber and all members of ARRIS, using the following search string: (fake or pretend or bogus or appear* or look* or create or make) w/2 privilege*. We also believe it is necessary to conduct short depositions of Mr. Ostrowski and Ms. Garber regarding these issues.

Finally, your description of the May 19, 2022 Chat between Anthony DiVento and Caitlin Burke (see GOOG-PLAY5-000088223) is not accurate. The Chat does not solely concern [redacted] While your letter states that Mr. DiVento and Ms. Burke did not delete or revise documents "based on this conversation," you have not confirmed that Google otherwise did not delete or revise documents concerning Match. Please do so.

Please let us know your availability early next week to meet and confer regarding these issues.

Sincerely,

Glen E. Summers