DAVID C. DINIELLI (CA Bar No. 177904)
Tech Accountability & Competition Project,
a division of the Media Freedom
and Information Access (MFIA) Clinic
Yale Law School
127 Wall Street
New Haven, CT 06511
David.Dinielli@yale.edu
Counsel for Economists as Amici Curiae

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION | Case No. 3:21-md-02981-JD |
| THIS DOCUMENT RELATES TO: | |
| *State of Utah et al. v. Google LLC et al.*, Case No. 3:21-cv-05227-JD | **MOTION FOR LEAVE TO FILE BRIEF OF ECONOMISTS AS *AMICI CURIAE* REGARDING THE PARTIES' JOINTLY-FILED MOTION TO MODIFY THE PERMANENT INJUNCTION** |
| *In re Google Play Store Antitrust Litig.*, Case No. 3:21-md-02981-JD | |
| *In re Google Play Consumer Antitrust Litig.*, Case No. 3:20-cv-05761-JD | Judge: Hon. James Donato |

# INTRODUCTION

The proposed *amici* respectfully request and move for leave to appear as *amici curiae* and file the proposed *amicus curiae* brief, attached hereto as Exhibit A, regarding the parties' jointly-filed motion to modify the permanent injunction, in accordance with this Court's invitation to interested parties to file briefs of *amici curiae* prior to the evidentiary hearing scheduled for January 22, 2026. Minute Order, Case No. 3:21-md-02981-JD, Nov. 6, 2025, Dkt. No. 1124 at 2; Dkt. No. 1131. The Appendix to this brief sets forth each of their qualifications. In their brief, the proposed *amici* address this Court's three stated concerns about: (1) "whether the proposed modifications are consistent with the public interest and free and unfettered competition, which the antitrust laws are designed to protect"; (2) "whether the injunction as modified by the parties adequately redress the network effects of Google's anticompetitive conduct"; and (3) "whether material circumstances have changed to warrant a modification." Dkt. No. 1124 at 1. Both Epic and Google consent to this Motion. A proposed order is attached as Exhibit B.

## I. STANDARD FOR MOTION TO LEAVE TO APPEAR AS *AMICI CURIAE*

On November 6, 2025, this Court stated: "This Court invites interested parties to file proposed amicus briefs." Dkt. No. 1124 at 2. District courts have discretion to consider amicus briefs from non-parties who will "advise or…make suggestions to the court." *County of Marin v. Martha Co.*, No. C 06-0200 SBA, 2007 WL 987310 at *1 (N.D. Cal. Apr. 2, 2007) (citing *Miller-Wohl Co. v. Comm'r. of Labor and Indus. of Mont.*, 694 F.2d 203, 204 (9th Cir. 1982)); *see also In re Dynamic Random Access Memory Antitrust Litig.*, No. M-02-1486-PJH, 2007 WL 2022026, at *1 (N.D. Cal. July 9, 2007) (District Courts may grant leave for *amici* to file briefs where their "participation is useful to or otherwise desirable to the court."). Courts look to Federal Rule of Appellate Procedure 29 to decide whether to grant leave to file an amicus brief because such briefs are not addressed in the Federal Rules of Civil Procedure. *See, e.g., Cmty. Health Ctr. All. for Patient Justice v. Lightbourne*, 2:20-cv-02171-DAD-KJN, Dkt. No. 86 at *1-2 (E.D. Cal. Feb 13, 2023); Fed. R. App. P. 29 (amicus briefs must state "the movant's interest" and "the reason why an amicus brief is desirable and why the matters asserted are relevant to the disposition of the case."). As such, amicus

briefs are "frequently welcome" in District Court when the proposed brief "concern[s . . .] issues that have potential ramifications beyond the parties directly involved." *California v. U.S. Dep't of Labor*, No. 2:13-cv-02069-KJM-DAD, 2014 WL 12691095, at *1 (E.D. Cal. Jan. 14, 2014) (internal quotations omitted).

As this Court has recognized through its order inviting such briefing (Dkt. No. 1124), amicus briefs are welcome when "the *amic[i]* ha[ve] unique information or perspective[s] that can help the court beyond the help that the lawyers for the parties are unable to provide." *California v. U.S. Dep't of Labor*, 2014 WL 12691095, at *1. Here, the proposed *amici* opine on the wide-ranging implications for antitrust enforcement posed by the proposed modifications to the permanent injunction. As experienced and respected economists and legal scholars who have spent their careers demonstrating a deep commitment to understanding competition and to the ongoing project of ensuring that remedies for anticompetitive behavior are effective, the proposed *amici* have a keen interest in and a unique perspective on these issues.

**II. IDENTITY, INTERESTS, AND RELEVANCE OF PROPOSED *AMICI CURIAE***

The proposed *amici curiae* are renowned economists and legal scholars who, through their scholarship, teaching, and government service, have contributed immensely to the literature surrounding the very issues central to this Court's consideration of the parties' motion to modify the permanent injunction in this case and its likely effect on competition. *Amici* have contributed to this research on a broad level, but also regarding the specific characteristics of the market for app stores. This research, and the research that builds on it, regularly influences rulings and outcomes in antitrust cases. With a range of experience in government service, litigation, and academia, the proposed *amici* have a unique ability to contribute to this Court's understanding of how the parties' proposed modifications will affect competition and the public interest.

- **Paul Heidhues,** Professor of Behavioral and Competition Economics, Düsseldorf Institute for Competition Economics (DICE), Heinrich-Heine University of Düsseldorf. Professor Heidhues has published extensively in the fields of competition economics, behavioral economics, and consumer protection regulation.

- **Gene Kimmelman**, Senior Policy Fellow, Tobin Center for Economic Policy at Yale University and Research Fellow, Mossavar-Rahmani Center for Business & Government at the John F. Kennedy School of Government at Harvard University. Gene Kimmelman has spent over thirty years working with consumer advocacy nonprofits and has served as Chief Counsel Senate Antitrust Subcommittee, Chief Counsel for Competition Policy, and Deputy Associate Attorney General for the U.S. Department of Justice.
- **Giorgio Monti**, Professor of Competition Law at Tilburg Law School, Tilburg Law and Economics Center, and Research Fellow, Centre on Regulation in Europe. Professor Monti's principal field of research is EU competition law and he has published extensively about competition law and policy.
- **Fiona Scott Morton** is the Theodore Nierenberg Professor of Economics at the Yale University School of Management. Professor Scott Morton is a former Deputy Assistant Attorney General for Economic Analysis (Chief Economist) at the Antitrust Division of the U.S. Department of Justice and founder and director of the Thurman Arnold Project at Yale University. Professor Scott Morton has published extensively on competition law, economics, and policy, as well as the digital economy.
- **Rupprecht Podszun**, Chair of Civil Law, German and European Competition Law at Heinrich Heine University of Düsseldorf, Director of the Institute of Antitrust. Professor Podszun has published extensively in the field of antitrust and competition law, with a focus on the media and internet.
- **Monika Schnitzer**, Professor of Economics, Ludwig-Maximilians-University Munich. Professor Schnitzer has published extensively in the fields of comparative economics, innovation, competition, and multinational corporations.

The proposed *amici curiae* are economists and legal scholars who can aid this Court in assessing the effect of the parties' jointly-filed motion to modify the permanent injunction on the

market for third party app stores and consumers, addressing each of this Court's concerns regarding the parties' proposed modifications. As these *amici* explain, the parties' proposed modifications contain key provisions that would weaken this Court's proposed remedy, and which should be rejected based on sound competition economics. The opinion of these *amici* can help educate this Court about the wider implications of accepting the terms of the parties' proposed modifications because certain terms would cause enduring harm to consumers. These *amici* offer their considerable experience and perspective on the subject matter.

I. **CONCLUSION**

For the foregoing reasons, proposed *amici* respectfully seek this Court's leave to appear as *amici curiae* and further respectfully as that the proposed brief be deemed filed.

Respectfully submitted,

By: _____

DAVID C. DINIELLI (CA Bar No. 177904)
*Tech Accountability & Competition Project,
a division of the Media Freedom
and Information Access (MFIA) Clinic*
Yale Law School
Counsel for [Proposed] *Amici Curiae*

**E-FILING ATTESTATION**

I, David C. Dinielli, am the ECF User whose ID and password are being used to file this document. In compliance with Civil Local Rule 5-1(h)(3), I hereby attest that each of the signatories identified above has concurred in this filing.

Dated: Jan. 14, 2026

By: *[signature]*

DAVID C. DINIELLI (CA Bar No. 177904)
*Tech Accountability & Competition Project,*
*a division of the Media Freedom*
*and Information Access (MFIA) Clinic*
Yale Law School
Counsel for [Proposed] *Amici Curiae*

---

MOTION FOR LEAVE TO FILE BRIEF OF ECONOMISTS AS *AMICI CURIAE*
Case No. 3:21-md-02981-JD