Daniel Guarnera, D.C. Bar No. 1034844
dguarnera@ftc.gov
Clarke T. Edwards, D.C. Bar No. 1011154
cedwards@ftc.gov
Kelse Moen, D.C. Bar No. 1035164
kmoen@ftc.gov
Marc S. Lanoue, N.Y. Bar No. 4332482
mlanoue@ftc.gov
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Washington, D.C. 20580
(202) 326-2222

Kelly Ortiz, CA Bar No. 212846
Federal Trade Commission
90 7th Street Suite 14-300
San Francisco, CA 94103
(415) 848-5177
kortiz@ftc.gov

*Attorneys for Amicus Curiae Federal Trade Commission*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION**<br><br>THIS DOCUMENT RELATES TO:<br><br>*Epic Games Inc. v. Google LLC et al.*, Case No. 3:20-cv-05671-JD | Case No. 3:21-md-02981-JD<br><br>**NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE BRIEF OF *AMICUS CURIAE* FEDERAL TRADE COMMISSION**<br><br>**Judge:**     **Honorable James Donato** |

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that the Federal Trade Commission ("FTC") hereby moves the Court for leave to file a brief as *amicus curiae*. A proposed order granting the FTC's motion is attached as Attachment A, and the proposed amicus brief is attached as Attachment B.

**MEMORANDUM OF POINTS AND AUTHORITIES**

The Federal Trade Commission respectfully moves for leave to file an *amicus curiae* brief in the above caption matter in connection with the motion to modify the permanent injunction, MDL Dkt. No. 1119, and at the request of the Court, MDL Dkt. No. 1124.

Following a jury trial, the Court issued a permanent injunction, MDL Dkt. No. 1017, later upheld on appeal. *See In re Google Play Store Antitrust Litig.*, 147 F.4th 917 (9th Cir. 2025). The parties now seek to modify the permanent injunction.

The FTC seeks leave to submit a brief as *amicus curiae* to discuss whether the application of the permanent injunction is no longer equitable and whether the proposed modifications are narrowly tailored to address the changed circumstances.

The FTC is charged by Congress with protecting the interests of consumers by enforcing competition and consumer protection laws. 15 U.S.C. §§ 41-58. As a federal agency empowered by Congress to enforce federal antitrust laws, *see* 15 U.S.C. § 45, the FTC has expertise in ordering remedies in proven antitrust violations and vindicating the public interest. *FTC v. Nat'l Lead Co.*, 352 U.S. 419, 428-29 (recognizing the FTC is an expert body with wide latitude to design remedies); *Jacob Siegel Co. v. FTC*, 327 U.S. 608, 613 (1946) (same).

The agency routinely analyzes injunctions to address competitive harms in its investigations and enforcement actions across a wide range of industries. The FTC's unique perspective as a government agency that fashions effective antitrust injunctions may aid the Court in its analysis of the proposed injunction modifications at issue in this case.

**I.    District Courts Have Broad Discretion to Appoint an *Amicus Curiae***

As is the case here, District courts in this Circuit "frequently welcome *amicus* briefs from non-parties concerning legal issues that have potential ramifications beyond the parties directly

involved or if the *amicus* has 'unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide.'" *NGV Gaming, Ltd. v. Upstream Point Molate, LLC,* 355 F. Supp. 2d 1061, 1067 (N.D. Cal. 2005) (quoting *Cobell v. Norton*, 246 F. Supp. 2d 59, 62 (D.D.C. 2003)); *Sonoma Falls Developers, LLC v. Nevada Gold & Casinos, Inc.*, 272 F. Supp. 2d 919, 925 (N.D. Cal. 2003) (quoting *Cobell*, 246 F. Supp. 2d at 62). "Even when a party is very well represented, an *amicus* may provide important assistance to the court." *Jamul Action Comm. v. Stevens*, No. 2:13–cv–01920–KJM–KJN, 2014 WL 3853148, at *6 (E.D. Cal. Aug. 5, 2014) (quoting *Neonatology Associates, P.A. v. C.I.R.*, 293 F.3d 128, 132 (3d Cir. 2002) (Alito, J.)). "The touchstone is whether the *amicus* is 'helpful,' and there is no requirement 'that *amici* must be totally disinterested.'" *California*, 2014 WL 12691095, at *1 (quoting *Hoptowit*, 682 F.2d at 1260); *see also Funbus Sys., Inc. v. State of Cal. Pub. Utils. Comm'n*, 801 F.2d 1120, 1125 (9th Cir. 1986) (noting that there is no requirement for amici to "be totally disinterested").

## II.     This Court Should Exercise Its Discretion to Accept the FTC's *Amicus* Brief

This Court should exercise its discretion to accept the FTC's amicus brief because the FTC's extensive experience analyzing injunctions to address competitive harms gives it a unique perspective that can help the Court beyond that of the parties' counsel. In fact, the Court already encouraged the FTC to file an amicus brief on this issue. MDL Dkt. No. 1124.

As a government agency charged by Congress with enforcing competition laws on behalf of the public, the FTC has a special interest in the interpretation and application of the legal principles governing injunctions for established antitrust violations. The FTC's interest, and the interest of consumers in general, may not be adequately represented by the private parties to this litigation because each of the parties is charged with representing its own interests. Unlike the parties, whose interests are focused on the outcome of this particular case, the FTC has broader interests in the application of antitrust law and the consideration of appropriate injunctive relief due to the potential ramifications related to the public interest.

Finally, while the FTC is interested in the development of the law in this area, it takes no position on the parties' specific injunction modifications or the evidence cited by the parties in

2

support or opposing them. The FTC's *amicus* brief is based entirely on its views of the relevant legal principles and practical considerations in choosing any modification to the permanent injunction. While the FTC is "partial" in the sense of its clearly expressed interest in protecting competition and consumers, it is not partial in the sense of expressing a view on whether the court should grant the relief sought be the parties.

## Conclusion

The FTC respectfully requests that the Court grant the FTC leave to file an *amicus curiae* brief.

Dated: January 21, 2026                    Respectfully submitted,

DANIEL GUARNERA
*Director, Bureau of Competition*

CLARKE T. EDWARDS
*Acting Director, Office of Policy & Planning*

KELSE MOEN
*Deputy Director, Bureau of Competition*

MARC S. LANOUE
*Special Counsel for Competition Policy*
*Bureau of Competition*

KELLY ORTIZ
*Attorney, Bureau of Competition*


/s/
_____
Kelly Ortiz
*Bureau of Competition*

*Attorneys for Amicus Curiae Federal Trade Commission*

**CERTIFICATE OF SERVICE**

On this 21st day of January, 2026, I hereby certify that I caused the foregoing document entitled Notice of Motion and Motion for Leave to File Brief of *Amicus Curiae* Federal Trade Commission to be filed via the court's CM/ECF system, which shall send notice to counsel of record for the parties.

Dated: January 21, 2026

Respectfully submitted,
*/s/ Kelly Ortiz*
KELLY ORTIZ
Bureau of Competition

*Attorney for Amicus Curiae Federal Trade Commission*