Brian C. Rocca, S.B. #221576
brian.rocca@morganlewis.com
Sujal J. Shah, S.B. #215230
sujal.shah@morganlewis.com
Michelle Park Chiu, S.B. #248421
michelle.chiu@morganlewis.com
Leigha M. Beckman, S.B. #334611
leigha.beckman@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
600 Montgomery Street, Suite 2300
San Francisco, CA 94111-2725
Tel:    +1.415.442.1000
Fax:    +1.415.442.1001

*Counsel for Defendants*

Glenn D. Pomerantz, S.B. #112503
glenn.pomerantz@mto.com
Kuruvilla Olasa, S.B. #281509
kuruvilla.olasa@mto.com
Lauren N. Beck, S.B. #343375
lauren.beck@mto.com
**MUNGER, TOLLES & OLSON LLP**
350 South Grand Avenue, Fiftieth Floor
Los Angeles, CA 90071
Telephone: (213) 683-9100

Justin P. Raphael, S.B. #292380
justin.raphael@mto.com
Dane P. Shikman, S.B. #313656
dane.shikman@mto.com
**MUNGER, TOLLES & OLSON LLP**
560 Mission Street, Twenty Seventh Floor
San Francisco, CA 94105
Telephone: (415) 512-4000

*Counsel for Defendants*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION**<br><br>THIS DOCUMENT RELATES TO:<br><br>*Epic Games Inc. v. Google LLC et al.*, Case No. 3:20-cv-05671-JD | Case No. 3:21-md-02981-JD<br><br>**GOOGLE'S ADMINISTRATIVE MOTION FOR LEAVE TO INTRODUCE LIMITED SUPPLEMENTAL EVIDENCE REGARDING PROPOSED INJUNCTION MODIFICATIONS**<br><br>Judge:    Hon. James Donato |

As stated in the concurrently filed Joint Statement Re July 16 Hearing, Dkt. 1225,[1] Dr. Greg Leonard will testify at the July 16 hearing to respond to the questions posed by the Court in its April 21, 2026 Order re Second Evidentiary Hearing re Proposed Injunction Modifications ("Order").  Dkt. 1212.  Dr. Leonard's answers to the Court's questions are summarized in Dkt. 1225-1, Ex. A ("Leonard Statement").

The Court's Order provides that the "testimony and evidence should hew closely to the evidence admitted at the jury trial, and the jury verdict," but "[t]o the extent new evidence is warranted, the parties may propose to introduce it."  Dkt. 1212.  The Leonard Statement cites a small set of materials that were not introduced at trial or during proceedings regarding Epic's proposed injunction, and are therefore not in the trial record or injunction proceeding record. These materials are relevant to the Court's inquiries regarding the links to download an app outside the Google Play Store and the fees Google intends to charge for such links. These types of links were not discussed at trial and Epic did not request that the Court require such links in its Proposed Injunction.  Dkt. 952.  Additionally, in order to comply with the Court's injunction regarding links to app downloads, Google has announced a fixed fee will apply to such links, which post-dates the Court's Injunction.

Pursuant to the Court's Order and Civil Local Rule 7-11, Google therefore respectfully requests leave to introduce the below supplementary materials as evidence for the limited purpose of assisting the Court in its injunction-modification inquiry regarding links to app downloads, as described below and in the concurrently filed Shah Declaration:

- **Ex. A to Shah Declaration:  Brief of Center for Cybersecurity Policy and Law as *Amici Curiae* In Support of Defendants-Appellants, Epic Games, Inc. v. Google LLC, No. 24-6256 & 24-6274 (9th Cir. 2024) ("CPL Amicus Brief").**  The CPL Amicus Brief submitted to the Ninth Circuit in support of Defendants-Appellants Google LLC's appeal addresses, in relevant part, the

---

[1] All references to Dkt. No. are to the MDL docket, *In re Google Play Store Antitrust Litig.*, No. 3:21-md-02981-JD, unless otherwise noted.

security risks of permitting apps distributed by Google Play to offer external linkouts to download apps.  The CPL Amicus Brief's contents are relevant to the Court's fourth and fifth questions regarding modification of the injunction provision requiring download linkouts.  Order at 2; Dkt. 1017, ¶ 10.  Neither the trial record nor remedies hearings addressed download linkouts.  *See* Leonard Statement, ¶ 32. At the time of trial, and during the remedies phase leading up to issuance of the Court's permanent injunction, download linkout functionality did not exist on Google Play, nor was it a specific remedy sought by Epic.  *See* Epic's Proposed Permanent Injunction, Dkt. 952.  In order for Dr. Leonard to respond in full to the Court's questions regarding the justification of removing the provision that Google cannot prohibit such links, Dr. Leonard considers this submission from industry experts to be useful for the Court's consideration in whether to permit such modification of the current injunction. The CPL Amicus Brief describes, in particular, security dangers to users that are unique to download linkouts from Play-downloaded apps, separate from security risks of sideloading, which were addressed extensively at trial.

- **Ex. B to Shah Declaration: Brief of Computer Security Experts John Mitchell, Serge Egelman, Nikita Borisov, Kevin Butler, Amit Elazari, Guofei Gu, and Sharad Mehrotra as *Amici Curiae* In Support of Defendants-Appellants, Epic Games, Inc. v. Google LLC, No. 24-6256 & 24-6274 (9th Cir. 2024) ("Computer Security Experts Amicus Brief").**  For the same reasons as described above with respect to the CPL Amicus Brief, Google respectfully requests introduction of the Computer Security Experts Amicus Brief for the limited purpose of aiding the Court in its injunction modification inquiry.  As with the CPL Amicus Brief, the Computer Security Experts Officials Amicus Brief discusses the security risks of links to download apps from Google Play.  This evidence should be considered in addition to any trial record evidence on the risks of sideloading, which is related, but distinct to

-2-

the injunction modification proposed here.

- **Ex. C to Shah Declaration: Brief of Former National Security Officials and Scholars as Amici Curiae In Support of Defendants-Appellants, *Epic Games, Inc. v. Google LLC*, No. 24-6256 & 24-6274 (9th Cir. 2024) ("Former National Security Officials Amicus Brief").** For the same reasons as described above with respect to the CPL and Computer Security Experts Amicus Briefs, Google respectfully requests introduction of the Former National Security Officials Amicus Brief for the limited purpose of aiding the Court in its injunction modification inquiry. This Brief provides specific examples and statistics relating to security risks faced by users who click malicious links. This evidence should be considered in addition to any trial record evidence on the risks of sideloading, which is related, but distinct to the injunction modification proposed here.

- **Ex. D to Shah Declaration: Play Console Help, Enrolling in the external content links program for users in the US - Play Console Help, at** https://support.google.com/googleplay/android-developer/answer/16470497 **(last accessed June 16, 2026).** Google's public support page regarding the fees that will apply to links to download post-dates the Court's injunction and is relevant to Dr. Leonard's analysis of those proposed fees.

- **Leonard Declaration, ¶¶ 45-47: Expert Analysis of Download Linkout Fee.** The Court's fifth question in its Order inquires about the fee Google will charge for download linkouts. Dr. Leonard performed an analysis to assess the effect of Google's proposed fees for download linkouts. Google requests that Dr. Leonard's conclusions based on this analysis be introduced to assist the Court in assessing the proposed injunction modification regarding link to download apps. Pursuant to the Court's Order re Court-Appointment of Expert Witness, Dkt. 1131 ("Expert Witness Order"), Google is prepared to disclose the confidential Google data underlying this analysis, as well as Dr. Leonard's

-3-

methodology, to Dr. Nancy Rose if requested. The Court's Expert Witness Order provides in relevant part: "At the Court's direction, the parties will promptly provide to Professor Rose all docket materials she requests in any electronic or hardcopy format she specifies. The parties will do the same for all materials obtained during discovery, including deposition transcripts, and any materials referred to in expert witness reports, as Professor Rose requests."

-4-

Dated: June 16, 2026                    MORGAN, LEWIS & BOCKIUS LLP


By   */s/ Brian C. Rocca*
    Brian C. Rocca
    Sujal J. Shah
    Michelle Park Chiu
    Leigha M. Beckman

    *Counsel for Defendants*


Dated: June 16, 2026                    MUNGER, TOLLES & OLSON LLP


By   */s/ Kuruvilla Olasa*
    Glenn D. Pomerantz
    Kuruvilla Olasa
    Lauren N. Beck
    Justin P. Raphael
    Dane P. Shikman

    *Counsel for Defendants*

**CIVIL L.R. 5-1(i)(3) ATTESTATION**

Pursuant to Civil L.R. 5-1(i)(3), the filer of this document attests that concurrence in the filing of the document has been obtained from each of the other signatories.


By   */s/ Brian C. Rocca*
Brian C. Rocca

GOOGLE'S ADMIN. MOT. FOR LEAVE TO INTRODUCE LIMITED
SUPPLEMENTAL EVIDENCE  REGARDING PROPOSED INJUNCTION MODIFICATIONS
CASE NOS. 3:21-md-02981-JD, 3:20-cv-05671-JD