Brian C. Rocca, Bar No. 221576
brian.rocca@morganlewis.com
Sujal J. Shah, Bar No. 215230
sujal.shah@morganlewis.com
Leigha M. Beckman, Bar No. 334611
leigha.beckman@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
600 Montgomery Street, Suite 2300
San Francisco, CA 94111-2725
Telephone: (415) 442-1000

*Counsel for Defendants Google LLC et al*

Glenn D. Pomerantz, Bar No. 112503
glenn.pomerantz@mto.com
Kuruvilla Olasa, Bar No. 281509
kuruvilla.olasa@mto.com
Lauren N. Beck, Bar No. 343375
lauren.beck@mto.com
**MUNGER, TOLLES & OLSON LLP**
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071
Telephone: (213) 683-9100

Jonathan I. Kravis, *pro hac vice*
jonathan.kravis@mto.com
**LIU SHUR KRAVIS LLP**
607 Fourteenth Street, N.W., Suite 625
Washington, D.C. 20005
Telephone: (202) 240-7100

*Counsel for Defendants Google LLC et al*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

**IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION**

THIS DOCUMENT RELATES TO:

*Epic Games Inc. v. Google LLC et al.*, Case No. 3:20-cv-05671-JD

Case No. 3:21-md-02981-JD

**GOOGLE'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF MONTHLY REPORT REGARDING INJUNCTION COMPLIANCE**

Judge: Hon. James Donato

## INTRODUCTION

Google Defendants ("Google") respectfully move the Court to seal narrow portions of the monthly report regarding injunction compliance. Order Re Status and Reports Re Injunction Compliance, and FRE 706 Experts ("Order"), Dkt. 1236.[1] This Administrative Motion to File Under Seal is supported by Google's Declaration of Christian Cramer in Support of the Administrative Motion to File Under Seal ("Cramer Decl."), Declaration of Sujal J. Shah in Support of the Administrative Motion to Seal ("Shah Decl."), and the Proposed Order submitted herewith. Google understands that Epic Games, Inc. ("Epic") takes no position on this request. Shah Decl. ¶ 3.

## ARGUMENT

In connection with the monthly compliance report covering information for the October 2026 reporting period and cumulative data through that time, Google narrowly seeks to seal: (1) current and confidential financial data related to Google's Third-party App Store on Play and Catalog Access programs; (2) current and confidential financial data related to changes in Google Play Billing revenue; (3) one datapoint reflecting Google Play's non-public, highly sensitive user metric information, and (4) current and confidential financial data related to Google Play's external content links program.[2]

***First***, Google requests to seal current, confidential financial data: the most recent monthly and cumulative revenue from its Third-party App Store on Play and Catalog Access programs. Public disclosure of this near-real time confidential revenue information from the Third-party App Store on Play and Catalog Access programs threatens both Google's competitive standing in the marketplace and Google's current competitive decisionmaking. Cramer Decl. ¶¶ 9-10. ***Second***, Google seeks to seal the most recent monthly change and cumulative change in Google Play Billing revenue. Disclosure of this sensitive, confidential, and near-real time financial

[1] All references to Dkt. No. are to the MDL docket, *In re Google Play Store Antitrust Litig.*, No. 3:21-md-02981-JD, unless otherwise noted.

[2] As additional data becomes available and is reported on a monthly basis in future submissions, Google will assess whether to request that any additional categories data be sealed and will make any such request at the appropriate time.

information implicates the competitive incentives of both Google and other marketplace participants. *Id.* ¶¶ 14-17. ***Third***, Google seeks to seal the number of times users clicked in-app linkouts for apps enrolled in the external content links program on Google Play in the month of September 2026 and cumulatively since July 2026. Public disclosure of these internal metrics about user behavior during the most recent month on Google Play would cause Google significant competitive harm as competitors would be able to use it to their advantage. *Id.* ¶ 18. ***Lastly***, Google requests to seal the monthly service fee revenue earned from linked-out transactions on Google Play. The disclosure of this highly granular and competitively sensitive financial data would impair Google's competitive decisionmaking and enable market participants to use this information to their competitive advantage.

## I. The Data is Non-Public, Competitively Sensitive, Current, and Would Harm Google's Competitive Decision-Making if Disclosed

***Third-party App Store on Play and Catalog Access revenues.*** Google's request to seal its current, confidential financial data related to these programs meets the "compelling reasons" standard for sealing. Compelling reasons for sealing exist when confidential business information would harm a party's competitive standing if publicly disclosed. *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1097 (9th Cir. 2016); *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (disclosure of information that "might harm a litigant's competitive standing" generally meets the compelling reasons standard for sealing).

Here, disclosure of the revenue earned from these programs in the most recent month, broken out on a per-app store basis, would imply and reveal the confidential financial and business performance of those third-party app stores. Cramer Decl. ¶ 9. This knowledge would enable competitors to adjust their strategies in an effort to more effectively target certain users and/or developers based on that information, to Google's disadvantage. *Apple, Inc. v. Samsung Elecs. Co. Ltd.*, 727 F.3d 1214, 1225 (Fed. Cir. 2013) (sealing information that would put the parties "at a competitive disadvantage compared to their current position"); *Google LLC v. Point Financial LLC*, Case No. 25-cv-04033-BLF, 2026 WL 531443, at *3 (N.D. Cal. Feb. 25, 2026) (compelling reasons exist where "confidential business information" would "harm a party's

competitive standing if publicly disclosed”). Knowledge of the relative performance of individual stores on Google Play Store could also be used in ways that undermine those stores’ commercial efforts and overall participation in these programs. Cramer Decl. ¶ 9. Further, disclosure would severely impair Google’s ongoing competitive decisionmaking related to pricing and other aspects of these programs, as any impact to program revenues would be known to the marketplace on a near-real time basis. *See In re Xyrem (Sodium Oxybate) Antitrust Litig.*, No. 20-MD-02966-LHK, 2021 WL 3604670, at *3 (N.D. Cal. Aug. 13, 2021) (sealing financial information where disclosure would harm the party’s competitive position relative to others in the marketplace).

***Monthly and cumulative change in Google Play Billing revenue.*** Similarly, there are compelling reasons to seal the dollar and percent change in Google Play Billing revenue from August to September 2026 and cumulatively from July 2026 to September 2026. This highly sensitive and current financial information would cause Google significant competitive harm if disclosed, as anticipation of near-real time marketplace reactions would impair Google’s competitive decisionmaking related to its Google Play Billing pricing and billing-related programs. *See Nixon v. Warner Commc’ns, Inc.*, 435 U.S. 589, 597 (1978) (“[S]ources of business information that might harm a litigant’s competitive strategy” may also give rise to a compelling reason to seal.). This type of granular, non-public financial information could be used to the company’s “competitive disadvantage,” and thus warrants sealing. *See Apple, Inc.*, 727 F.3d at 1225.

***External content links usage data.*** Sensitive usage data, such as internal operational data Google, also meets the compelling reasons standard. *See Jam Cellars, Inc. v. Wine Grp. LLC*, No. 19-cv-01878, 2020 WL 5576346, at *2 (N.D. Cal. Sept. 17, 2020) (finding compelling reasons for sealing “confidential business and proprietary information” relating to the parties’ operations). As detailed in the accompanying Cramer Declaration, public disclosure of the number of monthly in-app linkout clicks would give competitors an unfair line of sight into Google Play’s business and the behavior of users on its platform. Cramer Decl. ¶ 18. Disclosure would put Google at a disadvantage because competitors (including alternative ecosystems and

platforms) would have a meaningful gauge of user demand for external content links on a near real-time basis under the current pricing and other program elements, and could use that information to their competitive advantage. This risk supports sealing. *Fed. Trade Comm'n v. Qualcomm Inc.*, No. 17-cv-00220, 2019 WL 95922, at *3 (N.D. Cal. Jan. 3, 2019) (finding compelling reasons for sealing "information that, if published, may harm…competitive standing"); *Apple, Inc.*, 727 F.3d at 1225 (sealing information that would put the parties "at a competitive disadvantage compared to their current position"). Further, disclosure will likely impair competitive decisionmaking by Google on a real-time and ongoing basis, as marketplace participants may react to this sensitive information while Google's new product offerings and pricing are still being tested in the marketplace. Cramer Decl. ¶ 18. This confidential and current usage data is also highly relevant to ongoing business decisions, which further supports sealing. *See, e.g.*, *Baker v. SeaWorld Ent., Inc.*, Case No. 14cv2129-MMA (AGS), 2017 WL 5029612, at *5 (S.D. Cal. Nov. 3, 2017) (finding compelling reasons to seal documents relating to strategies for partnerships and long-term plans which were "not stale").

***Transaction linkout service fee revenue.*** Lastly, there are compelling reasons to seal the monthly service fee revenue earned by Google on transactions completed via link-out from apps enrolled in the external content links program on Google Play. Disclosure of this granular financial revenue would provide marketplace participants and competitors with real-time insight into the external content links program's commercial adoption and financial performance, including in response to program changes, which they could use to their advantage. Cramer Decl. ¶¶ 20-21. Courts have found compelling reasons to seal "confidential business information" to "prevent competitors from gaining insight into the part[y]'s business model and strategy," which is what disclosure would lead to here. *See In re Qualcomm Litig.*, No. 3:17-cv-0108-GPC-MDD, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017); *see also Tevra Brands LLC v. Bayer Health LLC*, Case No. 19-cv-04312-BLF, 2021 WL 4710695 (N.D. Cal. Oct. 7, 2021) (finding compelling reasons to seal confidential internal financial and business information).

**II. Google's Request is Narrowly Tailored**

Google's request also meets the requirement that redactions be "narrowly tailored to seal only the sealable material." Civil L.R. 79-5(c)(3); *see also Kamakana*, 447 F.3d at 1183 (9th Cir. 2006) (highlighting the "limited and clear" nature and specificity of the redactions). Google seeks only to seal limited instances (as clearly detailed herein) of sensitive, current metrics that present a significant risk of harm to its business if disclosed.

**CONCLUSION**

Google respectfully requests this Court grant its sealing request to seal the limited information identified herein.

Dated: November 18, 2026

Respectfully submitted,

**MORGAN, LEWIS & BOCKIUS LLP**

By: */s/ Brian C. Rocca*
Brian C. Rocca
Sujal J. Shah
Leigha M. Beckman

**MUNGER, TOLLES & OLSON LLP**

By: */s/ Kuruvilla Olasa*
Kuruvilla Olasa
Glenn D. Pomerantz
Kuruvilla Olasa
Lauren N. Beck

*Counsel for Defendants*

**E-FILING ATTESTATION**

I, Brian C. Rocca, am the ECF User whose ID and password are being used to file this document. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that each of the signatories identified above has concurred in this filing.

*/s/ Brian C. Rocca*
Brian C. Rocca